| | |
|---|---|
| 1 | Zoya Kovalenko (Cal. SBN 338624) |
| 2 | 13221 Oakland Hills Blvd., Apt. 206<br>Germantown, MD 20874 |
| 3 | 678 559 4682<br>zoyavk@outlook.com |
| 4 | Plaintiff Zoya Kovalenko |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| ZOYA KOVALENKO, | ) | Case No.: 4:22-cv-05990-HSG |
| *Plaintiff*, | ) ) | CERTIFICATE OF SERVICE OF STANDING ORDER FOR CIVIL CASES BEFORE DISTRICT JUDGE HAYWOOD S. GILLIAM, JR. |
| v. | ) ) | |
| KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT, LESLIE M. SCHMIDT, P.C., AND MARK FAHEY, | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| *Defendants*. | ) | |

FILED

Jan 04 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL CASES BEFORE
DISTRICT JUDGE HAYWOOD S. GILLIAM, JR.**

### CONFORMITY TO RULES

1. Parties and counsel shall follow the Federal Rules of Civil Procedure, the Civil Local Rules, and the General Orders of the Northern District of California, except as superseded by this Court's standing orders.

### SERVICE OF STANDING ORDER

2. Plaintiff (or in the case of removed cases, any removing defendant) shall promptly serve copies of this standing order upon all parties to the action, and upon those subsequently joined, in accordance with the provisions of Federal Rules of Civil Procedure 4 and 5. Following service, the responsible party shall file a certificate of service with the Clerk of this Court.

### COMMUNICATION WITH THE COURT

3. Counsel shall not attempt to contact Judge Gilliam or his chambers staff by telephone, email, or any other *ex parte* means, but may contact his Courtroom Deputy, Nikki Riley, at (510) 637-3543 regarding scheduling or other appropriate matters.

### SCHEDULING

4. All hearings and appearances will be held in Courtroom 2 on the 4th Floor of the United States Courthouse, 1301 Clay Street, Oakland, California.

5. Civil case management conferences are generally conducted on Tuesdays at 2:00 p.m.

6. Civil pretrial conferences are generally conducted on Tuesdays at 3:00 p.m.

7. Civil motions are generally heard on Thursdays at 2:00 p.m.

8. Trials are generally conducted from 8:30 a.m. until 1:30 p.m., Monday through

Friday.  Please refer to this Court's Civil Pretrial and Trial Standing Order for information regarding civil trials.

9. Counsel need not reserve motion hearing dates, but should check Judge Gilliam's scheduling notes on the Court's website to determine the next available law and motion calendar date.  Motions may be reset as the Court's calendar requires.  The order of call on each calendar will be determined by the Court.  Scheduling questions should be addressed to Judge Gilliam's Courtroom Deputy.

10. The Court may find a matter suitable for disposition without oral argument and vacate the hearing on the matter.  If, however, any party advises the Court in writing by no later than two days from the date of the order vacating the hearing that the argument for its side will be conducted by a lawyer who has been licensed to practice law for five or fewer years, then the Court will consider rescheduling the hearing in order to provide that opportunity.

### INVITATION TO SELF-IDENTIFY PRONOUNS AND HONORIFICS

11. Litigants and lawyers may indicate their pronouns (*e.g.*, she/her, he/him, they/their) and honorifics (*e.g.*, Mr., Ms., Mx., Dr.) by filing a letter, adding the information in the name block or signature line of the pleadings, or verbally informing the Court when making an appearance.

### CASE MANAGEMENT CONFERENCES

12. The parties must file a joint case management statement addressing those items required by the Standing Order for all Judges of the Northern District of California.  Parties shall file their joint statement not less than seven calendar days prior to the case management conference.  In cases involving pro se litigants, the parties may file separate case management statements.

13. Consistent with Local Rule 16-8(c) and Alternative Dispute Resolution ("ADR") Local Rule 3-5(b), at least seven calendar days prior to the case management conference, the parties shall also file the Stipulation and Proposed Order form, which identifies the ADR process that the parties have selected and a proposed deadline by which the parties will conduct the ADR session.  The court form is available at:

https://www.cand.uscourts.gov/filelibrary/3389/ADR_Stip_fillable.pdf

The default timing for ADR is within 90 days of the initial case management conference. To the extent the parties cannot agree on form or timing, they should explain the dispute in the joint statement and be prepared to discuss it at the initial case management conference.

14. In proposing a case schedule, the parties should agree on a trial date and work backward from that date to ensure adequate time for expert discovery, dispositive and *Daubert* motions, class certification motions, and other events. The Court provides the following additional guidance:

- *Daubert* motions must be filed and heard by the dispositive motion hearing deadline.
- The parties must allow at least twelve weeks between the proposed dispositive and *Daubert* motions hearing deadline and the proposed final pretrial conference.
- The parties must also allow at least two weeks between the proposed final pretrial conference and the first day of the proposed trial.

The Court's expectation is that many cases can and should be able to be tried within twelve months of the case management conference. Counsel requesting longer pretrial periods must be prepared to justify that request at the initial case management conference.

15. Once the Court has entered a case schedule, the parties may not move the dates except by Court order. If the parties seek to move one of these dates, the parties must file a joint statement of no more than three pages proving particularized good cause for the requested change. A trial date typically will be set at the initial case management conference. Once set, the trial date will not be continued absent compelling good cause.

16. The attorney appearing at a case management conference must have full authority to make decisions about any issue that may come up during the conference.

### TELEPHONIC APPEARANCES

17. Attorneys located outside the Northern District of California may request to participate in case management conferences by telephone. Attorneys located in the Northern District may not appear by telephone absent a showing of good cause. In general, any attorney who wishes to argue at a motion hearing may not appear telephonically. Parties must file any

request to appear by telephone at least three days in advance of the case management conference or hearing.

18. Where feasible, parties shall make telephonic appearances using a landline, rather than a mobile phone.

### DISCOVERY DISPUTES

19. Discovery disputes should be brought to the Court's attention as early as possible. If the parties cannot resolve their discovery dispute after a good faith effort, they shall prepare and file a joint letter of no longer than five pages stating the nature and status of their dispute. As soon as a discovery-related matter arises, the Court may refer the case to a Magistrate Judge to handle all discovery disputes. After a Magistrate Judge has been assigned to a case for discovery, the parties in that case must handle any discovery matters according to the procedures set by that Judge.

20. The parties must allow sufficient time for the assigned Magistrate Judge to resolve discovery disputes before the close of discovery. Absent truly compelling reasons, the Court will not extend case deadlines based on a pending discovery dispute.

### MOTIONS FOR SUMMARY JUDGMENT

21. Parties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court and must show good cause.

22. Joint statements of undisputed facts are not required but are helpful if completely agreed upon. Separate statements of undisputed facts may not be filed.

### EXHIBITS

23. Where each party relies on the same exhibit, the later-filing party should cite to the earlier-filed exhibit and should not file a duplicate exhibit. If possible, the parties should meet and confer prior to filing a motion and submit a joint appendix of evidence.

### CITATIONS

24. If either party cites to an unpublished case, the Court generally prefers Westlaw citations. If the Westlaw citation cannot be provided, the party should include the case number, court name, and exact date of publication in the citation.

**PROPOSED ORDERS**

25. Proposed orders shall be submitted in Word format by email to HSGpo@cand.uscourts.gov on the same day the proposed order is e-filed.

**FILING AND COURTESY COPIES**

26. Each PDF document should be text-searchable whenever practicable. This requirement is waived for litigants proceeding pro se.

27. Paper courtesy copies shall not be submitted unless the Court requests them. The Court may at times order the parties to provide digital courtesy copies of motions filings, including supporting documents, on portable media (*e.g.*, a CD or flash drive).

**MOTIONS TO SEAL**

28. Any party seeking to file a document under seal must carefully review and comply with Civil Local Rule 79-5, except as that Rule is modified here for civil cases before Judge Gilliam.

29. When submitting a motion to seal, the filing party must state whether the compelling reasons or good cause standard applies and explain why. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-82 (9th Cir. 2006).

30. The filing party must make a specific showing explaining why each document that it seeks to seal may justifiably be sealed and why the proposed redactions are as narrowly tailored as possible, rather than making blanket statements about the grounds for sealing. Generic and vague references to "competitive harm" are almost always insufficient justification for sealing.

31. Any proposed order under Civil Local Rule 79-5(c)(3) must include in the table for each item sought to be sealed: (1) the docket numbers of the public and provisionally sealed versions of documents sought to be filed under seal; (2) the name of the document; (3) the specific portion(s) of the document sought to be filed under seal; and (4) the filer's reasons for seeking sealing of the material, along with citations to the relevant declarations and any supporting legal authority.

//

//

32. Parties may use the following format as a guide:

| Docket No. Public/ (Sealed) | Document | Portion(s) Sought to be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|---|---|
| Dkt. No. __ / (Dkt. No. __) | Defendant's Motion for Summary Judgment | p. 7, ll. 19–28 | Smith Declaration at ¶ 2 | |

33. Any declaration by a Designating Party under Civil Local Rule 79-5(f)(3) must include a new proposed order in the tabular format required by Civil Local Rule 79-5(c)(3) that includes the Designating Party's reasons for sealing the material. In addition, any declaration by a Designating Party under Civil Local Rule 79-5(c)(3) that seeks less extensive sealing than its associated administrative motions to seal must be accompanied by revised redacted and unredacted versions of the documents sought to be sealed that comply with the requirements of Civil Local Rule 79-5(d) and (e), including the requirement that the portions sought to be sealed must be clearly marked on the unredacted version.

**IT IS SO ORDERED**.

Dated: January 4, 2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury under the laws of the United States of America that counsel representing Defendants is being served with a copy of the foregoing document via email (Lynne Hermle at lchermle@orrick.com and Joseph Liburt at jliburt@orrick.com) on November 4, 2022.

/s/ *Zoya Kovalenko*
Zoya Kovalenko