LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

KATE JUVINALL (STATE BAR NO. 315659)
kjuvinall@orrick.com
PAUL RODRIGUEZ (STATE BAR NO. 307139)
prodriguez@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Suite 2700
Los Angeles, CA 90071
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

Attorneys for Defendant
KIRKLAND & ELLIS LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>Plaintiff,<br><br>v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DE VRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT, LESLIE M. SCHMIDT, P.C., AND MARK FAHEY,<br><br>Defendants. | Case No. 4:22-CV-05990-HSG<br><br>**DEFENDANT KIRKLAND AND ELLIS, LLP'S ADMINISTRATIVE MOTION TO REDACT PLAINTIFF'S COMPLAINT** |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Kirkland & Ellis LLP (the "Firm") hereby moves this Court for an Order redacting allegations in Plaintiff Zoya Kovalenko's ("Plaintiff") Complaint containing attorney-client privileged/attorney work product information and confidential Firm and personnel information, and replacing the current Complaint on the docket with the redacted version submitted by the Firm.

## I.  FACTUAL BACKGROUND

On or about February 11, 2022, Plaintiff, a former associate of the Firm, filed a complaint of discrimination with the California Department of Fair Employment and Housing ("DFEH") against the Firm, Michael De Vries, Michael W. De Vries, P.C., Adam Alper, Adam R. Alper, P.C., Akshay Deoras, Akshay S. Deoras, P.C., Leslie Schmidt, Leslie Schmidt, P.C., and Mark Fahey (collectively "Defendants") and five additional individuals and one additional entity (the "DFEH Charge").  Declaration of Jeffrey S. Powell ISO Motion to Redact Complaint ("Powell Dec.") ¶ 3.  On or about April 9, 2022, the Firm received notice of the DFEH Charge.  *Id*.

On April 21, 2022, the Firm's General Counsel, Jeffrey S. Powell, sent a letter to Plaintiff notifying her that the Firm believed that the DFEH Complaint contained attorney-client privileged/attorney work product information, as well as confidential Firm and personnel information.  Powell Dec. ¶ 4, Ex. A.  The letter noted that public disclosure of such information would violate Plaintiff's ethical duties as a lawyer and her confidentiality obligations under various Firm policies.  *Id*.

The Firm demanded that Plaintiff, consistent with her ethical and confidentiality obligations, refrain from publicly filing or further disclosing any attorney-client privileged or attorney work product information or confidential Firm and personnel information.  *Id.*  To try to avoid disputes about public disclosure of privileged and confidential information, the Firm asked Plaintiff to provide to the Firm a copy of any contemplated public court complaint 30 days before filing, so that the Firm could identify and ask Plaintiff to delete such information from the document before she filed it publicly.  *Id*.

On May 2, 2022, Plaintiff responded to the April 21, 2022 letter.  Declaration of Joe

Liburt ISO Motion to Redact Complaint ("Liburt Dec.") ¶ 3, Ex. A.  In her May 2 letter, Plaintiff disputed that the DFEH Complaint "improperly contains attorney-client privileged, work-product protected, or confidential information" and stated, "I fail to see how providing a copy of any 'contemplated public complaint' to the Firm would serve as an effective means to 'ensure that there are no further disputes about public disclosure' of any allegedly protected information." *Id*. After an additional letter from the Firm's outside counsel on this issue, Plaintiff wrote on June 11, 2022 "I will in good faith take into consideration Mr. Powell's [April 21, 2021] letter when filing a court complaint." *Id*. ¶ 4, Exs. B-C.

On October 12, 2022, Plaintiff filed the Complaint asserting 12 causes of action against the Defendants for discrimination, retaliation and various other claims.  Compl., ECF No. 1.[1] Despite the Firm's demand and Plaintiff's promise to take the Firm's demand into consideration, the Complaint is rife with allegations containing such information, including:[2]

- Paragraphs 11, 76, 78-79, 81, 83-88, 93-98, 103, 149-150, 154-156, 158, 165-169, 171, 190, 210, 250(a), 261 and footnotes 3, 17, 49, which contain attorney-client privileged/work product information and confidential client identifying information, fee information, and billing rate information;
- Paragraphs 69-72, 80, 92-93, 95-99, 123-127, 129-130, 151, 154-156, 158-159 161-162, 165-166, 170-171, 175, 187, 189, 249, 250(b), 293-295 and footnotes 14, 21, 31, 45-46, 51, which identify and discuss the alleged employment history, compensation and performance of other Firm associates;
- Paragraphs 47-50, 56, which contain individual Defendants' home addresses; and
- Footnote 32, which contains false, confidential, irrelevant and scandalous allegations regarding Firm partners.

Powell Dec. ¶¶ 5, 8, 10.

---

[1] The Firm signed the waiver of service of summons form on October 24, 2022.  Liburt Dec. ¶ 5. The Firm's counsel understands that the Complaint was locked and unavailable for public viewing at Plaintiff's request from on or about October 17, 2022 until October 24, 2022.  *Id*.
[2] Filed publicly with this Motion is a proposed redacted version of the Complaint.  Additionally, filed under seal with this Motion is a copy of the Complaint highlighting the allegations the Firm proposes to redact.  Powell Dec., Ex. B.

On November 14, 2022, the Firm's counsel sent a letter to Plaintiff asking her to stipulate to a motion to redact the Complaint allegations containing attorney-client privileged/ attorney work product information and confidential Firm and personnel information. Liburt Dec. ¶ 6, Ex. D. Plaintiff did not respond to the request. *Id*. ¶ 6.

## II.     THE COURT SHOULD GRANT THE FIRM'S MOTION TO REDACT

### A.     Local Rule 79- 5(c)(1)

Local Civil Rule 79-5(c)(1) requires the party seeking sealing to provide a specific statement of the applicable legal standard and the reasons for sealing, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient.

### B.     Applicable Legal Standard

The following is a specific statement of the applicable legal standard required by Local Civil Rule 79-5(c)(1):

The public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Unless, as detailed below, a particular court record is one traditionally kept secret, a party seeking to seal a judicial record must meet a "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). That is, a party must show that "compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure." *Id*. (internal quotation marks omitted).

The Ninth Circuit has ruled that attorney-client privileged information is information that is "traditionally … kept secret for important policy reasons" (*Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012)); and thus, such information should not be subject to the "compelling reason" standard and a "good cause" standard should apply instead. (*Harrington v. Tackett*, No. 18-CV-00028, 2019 WL 2778106, at *3 (D. Nev. July 2, 2019)).[3] As to the remainder of information the

---

[3] Even if the "compelling reasons" standard applies, it is satisfied here. *Hanson v. Wells Fargo Home Mortg., Inc.*, No. C13-0939JLR, 2013 WL 5674997, at *3 (W.D. Wash. Oct. 17, 2013) ("Courts generally accept attorney-client privilege and the work-product-doctrine as a 'compelling reason' justifying a motion to seal.").

- 3 -                                    DEFENDANT KIRKLAND AND ELLIS LLP'S ADMINISTRATIVE MOTION TO REDACT PLAINTIFF'S COMPLAINT [4:22-CV-05990-HSG]

Firm seeks to seal under the "compelling reason" standard: "What constitutes a 'compelling reason' is best left to the sound discretion of the trial court. Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quotation marks and citations omitted).

### C. Reasons for Sealing

The following is a specific statement of the reasons for sealing required by Local Civil Rule 79-5(c)(1):

As to Local Civil Rule 79-5(c)(1)(i)'s first requirement, there are legitimate public and private interests that warrant redaction of the Complaint. Attorney-client privileged information is information that is "traditionally … kept secret for important policy reasons" and should be sealed on this basis. *Lambright*, 698 F.3d at 820. There is a similar public interest in keeping attorney work product information secret. "[P]reventing the disclosure of attorney work-product is…a compelling reason to prevent public access to such information. The purpose of the work product doctrine is to protect an attorney's mental processes so that the attorney can analyze and prepare for the client's case without interference from an opponent." *Williams & Cochrane, LLP v. Quechan Tribe of the Fort Yuma Indian Rsrv.*, No. 17-CV-01436, 2017 WL 7362744, at *2 (S.D. Cal. Nov. 7, 2017) (internal quotation marks omitted). There are also legitimate private interests in keeping the Firm's client identifying information, fee information, and billing rate information confidential because this information gives the Firm a competitive advantage. Powell Dec. ¶ 7; *Ctr. for Auto Safety*, 809 F.3d at 1097. There is also a legitimate private interest in redacting the allegations containing confidential personnel information because keeping this information confidential gives the Firm a competitive advantage. Powell Dec. ¶ 9.[4]

Furthermore, the Firm has a legitimate privacy interest in keeping the employees'

---

[4] *See Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, No. 18–cv–03587–BLF, 2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018) ("[C]ompelling reasons exist [to seal documents] because they contain proprietary and confidential business information, including potential trade secrets and business practices….").

sensitive and confidential personnel information out of the public purview. *Equicare Health Inc. v. Varian Med. Sys., Inc*, No. 21-MC-80183-EJD, 2022 WL 2674204, at *2 (N.D. Cal. June 28, 2022) (finding compelling reasons to seal personal employment history)[5]; *Williams v. PillPack, LLC*, No. 19-5282 RJB, 2021 WL 4972367, at *2 (W.D. Wash. Oct. 26, 2021) (sealing address information).

As to Local Civil Rule 79-5(c)(1)(ii)'s second requirement, an injury will result if sealing is denied. Injury resulting from continued disclosure of attorney-client privileged/attorney work product information self-evident—disclosure of such information destroys the purpose of the privileges. Injury would also result if related client identifying information, fee information, and billing rate information is permitted to remain public as the Firm's competitors could use this information to attempt to win clients away from the Firm. Powell Dec. ¶ 7. Finally, injury would result if the personnel information were permitted to remain public because it could be used by competitors to recruit associates away from the Firm and by others to harass. *Id.* ¶¶ 9-10.

As to Local Rule 79-5(c)(1)(iii)'s third requirement, why a less restrictive alternative to sealing is not sufficient: The Firm is not seeking to seal the entire Complaint—it is only seeking narrowly tailored redactions of specific allegations containing attorney-client privileged/attorney work product information and confidential Firm and personnel information. Powell Dec. ¶¶ 5, 8, 10.

### III. CONCLUSION

In light of the foregoing, The Firm requests that the Court grant its Motion to Redact.

---

[5] Considering that Plaintiff has specifically identified by name certain associates while identifying others only by initials in her Complaint (*see e.g.*, Compl. ¶¶ 73, 117), it is likely that Plaintiff has identified certain individual associates by name "to gratify private spite, promote public scandal, or circulate libelous statements." *Equicare*, 2022 WL 2674204, at *2.

Dated: November 23, 2022

LYNNE C. HERMLE
JOSEPH C. LIBURT
KATE JUVINALL
PAUL RODRIGUEZ

Orrick, Herrington & Sutcliffe LLP

By:     /s/ Joseph C. Liburt
JOSEPH C. LIBURT
Attorneys for Defendant
KIRKLAND & ELLIS LLP