LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:    +1 650 614 7400
Facsimile:     +1 650 614 7401

KATE JUVINALL (STATE BAR NO. 315659)
kjuvinall@orrick.com
PAUL RODRIGUEZ (STATE BAR NO. 307139)
prodriguez@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Suite 2700
Los Angeles, CA  90071
Telephone:    +1 213 629 2020
Facsimile:     +1 213 612 2499

Attorneys for Defendant
KIRKLAND & ELLIS LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DE VRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT, LESLIE M. SCHMIDT, P.C., AND MARK FAHEY,<br><br>　　　　　Defendants. | Case No. 4:22-CV-05990-HSG<br><br>**DECLARATION OF JOSEPH C. LIBURT IN SUPPORT OF DEFENDANT KIRKLAND & ELLIS LLP'S ADMINISTRATIVE MOTION TO REDACT PLAINTIFF'S COMPLAINT** |

I, Joseph C. Liburt, declare as follows:

1.  I am counsel in this action for Defendant Kirkland & Ellis LLP (the "Firm") and I submit this declaration in support of the Firm's Administrative Motion to Redact Plaintiff Zoya Kovalenko's Complaint.

2.  I am an attorney duly licensed to practice in the State of California and am a Partner of the law firm of Orrick, Herrington & Sutcliffe LLP ("Orrick"), attorneys for the Firm in the above-captioned case. I am fully familiar with the facts and circumstances of this case. I know the facts set forth in this declaration to be true of my own personal knowledge. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

3.  On or about May 2, 2022, as outside counsel for the Firm, I received a letter from Plaintiff responding to an April 21, 2022 letter that the Firm's General Counsel, Jeff Powell, sent to Plaintiff notifying her that the Firm believed that Plaintiff's California Department of Fair Employment and Housing ("DFEH") Complaint contained attorney-client privileged/attorney work product information, as well as confidential Firm and personnel information. Attached hereto as Exhibit A is a true and correct copy of Plaintiff's May 2, 2022 letter.

4.  On May 17, 2022, Orrick sent a letter to Plaintiff regarding the Firm's belief that her DFEH Complaint contained attorney-client privileged/attorney work product information, as well as confidential Firm and personnel information. Attached hereto as Exhibit B is a true and correct copy of the May 17, 2022 letter. On or about June 11, 2022, I received a letter from Plaintiff in response to the May 17, 2022 letter. Attached hereto as Exhibit C is a true and correct copy of Plaintiff's June 11, 2022 letter.

5.  Plaintiff filed the Complaint on October 12, 2022. The Firm signed the waiver of service of summons form on October 24, 2022. It is my understanding that the Complaint was locked and unavailable for public viewing at Plaintiff's request from on or about October 17, 2022 until October 24, 2022.

6.  On November 14, 2022, Orrick sent a letter to Plaintiff asking her to stipulate to a motion to redact the allegations in the Complaint that contain attorney-client privileged/attorney

1

DECLARATION OF JOSEPH C. LIBURT ISO DEFENDANT KIRKLAND & ELLIS, LLP'S ADMINISTRATIVE MOTION TO REDACT PLAINTIFF'S COMPLAINT [4:22-CV-05990-HSG]

work product information and confidential Firm and personnel information.  Attached hereto as Exhibit D is a true and correct copy of that letter.  Plaintiff did not respond to the request; thus, a stipulation could not be obtained from Plaintiff.  Defendants Michael De Vries, Michael W. De Vries, P.C., Adam Alper, Adam R. Alper, P.C., Akshay Deoras, Akshay S. Deoras, P.C., Leslie Schmidt, Leslie Schmidt, P.C., and Mark Fahey, whom Orrick represents, stipulate to the request without waiving any affirmative defenses to the Complaint, including but not limited to lack of personal jurisdiction or improper venue.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed in San Francisco, California on November 23, 2022.

                                                   /s/ Joseph C. Liburt
                                                     Joseph C. Liburt

- 2 -

DECLARATION OF JOSEPH C. LIBURT ISO DEFENDANT KIRKLAND & ELLIS, LLP'S ADMINISTRATIVE MOTION TO REDACT PLAINTIFF'S COMPLAINT [4:22-CV-05990-HSG]

# EXHIBIT A

13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
zoyavk@outlook.com

May 2, 2022

**VIA EMAIL (lchermle@orrick.com; jliburt@orrick.com)**

Lynne Hermle
Joseph Liburt
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
lchermle@orrick.com
jliburt@orrick.com

Re:   DFEH Matter No. 202202-16114711

Dear Ms. Hermle and Mr. Liburt:

I write regarding the April 21, 2022 letter sent to me by Jeffrey Powell on behalf of Kirkland & Ellis LLP ("Kirkland" or the "Firm") regarding DFEH Matter No. 202202-16114711.

Per Kirkland's letter, the Firm takes the stance that everything under the sun is allegedly shielded from disclosure by attorney-client privilege, work-product protection, and/or the Firm's catch-all category of confidential information. As such, I fail to see how providing a copy of any "contemplated public complaint" to the Firm would serve as an effective means to "ensure that there are no further disputes about public disclosure" of any allegedly protected information.

To be clear, I dispute the Firm's speculation that I have improperly maintained protected materials or that the DFEH complaint/EEOC charge improperly contains attorney-client privileged, work-product protected, or confidential information. If the Firm endeavors to find an amicable resolution to this dispute, it should reconsider its decision to deploy tactics bordering on unlawful intimidation in an attempt to gain an advantage in this civil dispute and to deter a former employee from engaging in legally-protected conduct. *See, e.g.*, Cal. R. Prof. Conduct 5-100(A) ("A member shall not threaten to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil suit.").

Given the Firm's inability to challenge the truthful allegations contained in my complaint/charge, it is unsurprising that the Firm has already resorted to baseless attacks in an attempt to bury a valid case for which the Firm has no legitimate defenses. The Firm's letter amounts to little more than an attempt to bully and intimidate a former employee from shedding light on the abhorrent conduct of the Firm's most prominent litigation group. I have no legal obligation to provide the Firm with a draft of any intended complaint.

However, I do have a legal obligation to preserve evidence relevant to the claims raised in my DFEH complaint and EEOC charge. *E.g.*, Notice from EEOC to author, entitled "KEEP YOUR DOCUMENTS – BOTH PAPER AND ELECTRONIC" (on file with author) ("You must retain

Lynne Hermle
Joseph Liburt
Orrick, Herrington & Sutcliffe LLP
Page 2 of 2

anything that might be evidence related to your charge."); *see also, e.g.*, *Brewer v. Leprino Foods Co.*, No. CV-1:16-1091-SMM (E.D. Cal. Jan. 29, 2019). In that vein, the Firm also has had an ongoing obligation to preserve any evidence reasonably likely to be relevant to any anticipated litigation involving my claims, which were conveyed on October 4, 2021 during a telephonic conference with Chelsea Zbesko, who was, at that time, a human resources supervisor for Kirkland's Bay Area offices. *E.g.*, *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 888 F. Supp. 2d 976 (N.D. Cal. 2012); Fed. R. Civ. P. 37(e) (discussing preservation of electronically stored information "in the anticipation . . . of litigation"). As you likely know, the Firm has failed to provide assurances that it is and has been complying with its obligations to preserve evidence and to prevent spoliation despite receiving multiple subsequent emails reminding the Firm of its duties. Email from author (zoyavk@gmail.com) to Sarah Herlihy, Assistant General Counsel, Kirkland (Nov. 7, 2021, 20:41 EST) (on file with author); Email from author (zoyavk@gmail.com) to Sarah Herlihy, Assistant General Counsel, Chelsea Zbesko, then-Human Resources Supervisor, Kirkland (Dec. 6, 2021, 13:09 EST) (on file with author).

Moreover, the Firm's absolute reliance on California state law is misplaced. I filed a charge with the EEOC, which I understand has been served on the Firm. EEOC Charge No. 550-2022-00827. Since at least October 4, 2021, I have made clear my intent to bring claims for unlawful employment practices violating federal law. As a general matter, the Firm's reliance solely on cherry-picked (and mischaracterized) California state law, including when discussing procedural and evidentiary points, underscores the bad-faith purpose of the Firm's April 21, 2022 letter. The Firm's letter also reinforces my belief that the Firm has no legitimate defenses to my claims and that the Firm's main strategy is to suppress the truth.

Finally, with respect to individual respondents, unless and until the Firm demonstrates, for purposes of this litigation, that it has entered into a joint-defense agreement with or is an authorized agent of the other named respondents, or that you represent such other respondents, it has been and will continue to be proper to communicate with such other respondents because each such individual respondent is individually liable for his/her/its tortious conduct and/or is jointly liable with Kirkland and/or other respondents for their tortious conduct.

Regards,

*/s/ Zoya Kovalenko*
Zoya Kovalenko
13221 Oakland Hills Blvd.
Apt. 206
Germantown, MD 20874
zoyavk@outlook.com
zoyavk@gmail.com
678 559 4682

# EXHIBIT B



**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015

+1 650 614 7400

**orrick.com**

**Lynne C. Hermle**

E  lchermle@orrick.com
D  +1 650 614 7422
F  +1 650 614 7401

May 17, 2022

**VIA EMAIL(zoyavk@gmail.com)**

Zoya Kovalenko
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874

Re:  <u>DFEH Matter Number: 202202-16114711</u>

Dear Ms. Kovalenko:

Thank you for your letter.

You've misunderstood both the reason for the advance notice of the privilege problems with your actions as well as the proper analysis of the privilege here.  The discussion in Jeff Powell's letter has nothing to do with, as you mischaracterize it, "intimidation in an attempt to gain an advantage in this civil dispute".  Rather, it is intended to encourage you to comply with YOUR ethical obligations, including those you agreed to uphold in your written agreement with the Kirkland & Ellis LLP (the "Firm").

As the letter makes clear, and as you likely well know, your decision to include discussions of client strategy in your charge, and willingness to use it for your own means, violates your most basic obligations to preserve the confidences of Firm clients, which you expressly agreed to protect.  As important, you have refused to state whether or not you continue to keep, and use, Firm documents.  And your refusal to engage in the most basic of courtesies to ensure no further disputes on this score by providing a copy of the complaint makes clear that you intend to continue to seek to weaponize that information in your own private interests, contrary to your ethical obligations.  In addition to seeking relief from the court, should you continue on this path, we will assert an unclean hands defense to your claims based on this conduct.

You've stated that the Firm has failed to provide assurances that it is and has been complying with its obligations to preserve evidence and prevent spoliation.  The Firm, as you well know from the training you received, does understand its obligations and has taken the steps to do so.  We demand that you return all Firm documents in your possession, custody, or control, other than those which are contained in your personnel file, or confirm that you no longer have any such documents.  We will not accept attempts to hide behind your obligation to preserve evidence, which does not negate your obligation to return all Firm property.  The Firm agrees to segregate and preserve all documents returned by you for the duration of the litigation.

You also state in your letter that you plan to continue to communicate with the individual respondents.  We represent both the Firm and the individual respondents.  Thus, please cease all contact with the individual respondents regarding this matter and direct all further communications regarding this matter to me.

4151-2626-2072.2



May 17, 2022
Page 2

Finally, you've raised the question of an amicable resolution in your letter.  If you believe a mediation would be helpful to resolving this dispute, please provide me with the names of mediators you respect.  To be clear, once you engage in further publicity of what the Firm knows to be false and meritless allegations, including against individuals you have wrongly named, we will not agree to mediate and will proceed to show how your allegations are sanctionable under the provisions of Federal Rule of Civil Procedure 11.

I look forward to hearing from you.


Very truly yours,

*Lynne C. Hermle*

Lynne C. Hermle

# EXHIBIT C

13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
zoyavk@outlook.com

June 11, 2022

**VIA EMAIL (lchermle@orrick.com)**

Lynne Hermle
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
lchermle@orrick.com

Re:   DFEH Matter No. 202202-16114711

Dear Ms. Hermle:

I write regarding your May 6, 2022 and May 17, 2022 letters (the "Letters").

Merits of Claims

It should go without saying that Respondents' own conclusory factual and legal conclusions about my case are not dispositive and carry only as much weight as afforded by the law. The authority to make legal and factual conclusions concerning my claims rests with judges and jurors, not with Respondents. Clearly, Respondents were more than comfortable acting as the judge, jury, and executioner to carry out an unlawful sham assessment of my work performance (which was objectively excellent) to assassinate my character in furtherance of my unlawful termination. However, our judicial system's tenets of fairness and transparency do not comport with Respondents' preferred adjudicatory approach and view that they are above the law.

Perhaps you have had success victim blaming and browbeating other plaintiffs via your ham-handed, bad-faith tactics, but I can assure you that such tactics will prove fruitless here. In addition to fabricating facts, the Letters disregard numerous points of law and ignore a multitude of substantive facts detailed in the DFEH Complaint, Matter No. 202202-1611471 / EEOC Charge No. 550-2022-00754 (singularly and collectively, the "Complaint"),[1] likely because such information refutes beyond a reasonable doubt your naked assertion that my claims are "entirely without merit." In contrast, the EEOC told me that I have a strong case, and the plain letter of the law supports this assessment. It is risible that you think you can dispose of the merits of my case in less than two pages of generalized, concocted, and specious factual and legal statements. Letter from Ms. Hermle, Partner, Orrick, Herrington & Sutcliffe LLP ("Orrick"), to author 2–3 (May 6, 2022). Excepting Ben Yaghoubian's comments,[2] Respondents' abject failure to mention even one of my many successes in the defamatory and pretextual "review" of my performance is alone sufficient to defeat any preliminary motion to dismiss and any eventual motion for summary

---

[1] The breadth of your ignorance and omissions is far too great to attempt to address in a letter.

[2] Respondents directed Mr. Yaghoubian to include negative commentary in my "review."

Lynne Hermle
Orrick, Herrington & Sutcliffe LLP
Page 2 of 7

judgment.[3]  *See, e.g.*, *Rodriguez v. Gen. Motors Corp.*, 904 F.2d 531, 533 (9th Cir. 1990) ("The three reasons [for the discriminatory employment decision] are inconsistent, and their inconsistency requires a judgment of credibility that it was for the trier of fact to make."); *Harrington v. Pompeo*, No. 18-cv-1056 (TSC), at *7–8 (D.D.C. Sept. 30, 2020) ("[O]n a motion to dismiss, a plaintiff need not plead every element of a prima facie case and need not plead specifics about comparators." (citation omitted)).

Your claim that my fabricated poor performance is allegedly "well documented," Letter from Ms. Hermle to author 2 (May 6, 2022), is false and flies in the face of the November 5, 2021 statement by Sarah Herlihy, assistant general counsel of Respondent Kirkland & Ellis LLP ("Kirkland" or the "Firm"), that my claims were nothing more than "he said, she said."  Given Respondents' mendacity and lack of support for their false statements concerning my work performance, I am eager to see Respondents' willingness to restate such falsehoods under oath and under penalty of perjury.  However, my myriad accomplishments during my abbreviated tenure at the Firm are well documented.  Such documentation includes abundant non-protected materials, including but not limited to partners (and others) praising my work and successes, as detailed in the Complaint.

  Bad-Faith Tactics Abusing Law-Firm Stature as Allegedly Affording Immunity from Suit

The Letters are replete with baseless threats and oppressing rhetoric but are devoid of legal and factual substance.  Your threadbare tactic of continually threatening sanctions in less than a month underscores the true intent of the flurry of communications sent by you and the Firm:  intimidation and harassment, masquerading as advocacy.

Indeed, in the span of merely two letters, you include at least twelve hollow threats, including at least four direct threats to seek sanctions.  *E.g.*, Letter from Ms. Hermle to author 2 (threatening to seek sanctions if I name as defendants in my forthcoming district-court complaint individual partners and associates and partners' professional corporations); *id.* at 6 (threatening to seek sanctions under Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") for same); *id.* (threatening to seek sanctions under Rule 11 for including purported "scandalous allegations")[4];

---

[3] Willfully ignoring my excellent performance and Respondents' acknowledgement of such and instead responding with red herrings does not miraculously rewrite history.

[4] You make conclusory allegations that paragraphs 193, 270, and 276 of the Complaint "include scandalous assertions that are false, and unsupported" and that are "irrelevant," yet you fail to provide any explanation for these allegations.  Letter from Ms. Hermle to author 6 (May 6, 2022). Unlike your conclusory allegations, the Complaint includes support for and lays out the relevance of the statements in paragraphs 193, 270, and 276.  *E.g.*, Complaint ¶¶ 193–97 (including support for and indicating relevance of statements in ¶ 193); *id* ¶¶ 266–70 (same for ¶ 270); ¶¶ 271–77 (same for ¶ 276).

Moreover, you claim that paragraphs 193, 270, and 276 of the Complaint include allegations that would cause "significant prejudice" to the Firm (and, in the case of paragraph 193, to "the referenced individuals").  Letter from Ms. Hermle to author 6 (May 6, 2022).  However, as

Lynne Hermle
Orrick, Herrington & Sutcliffe LLP
Page 3 of 7

Letter from Ms. Hermle to author 1 (May 17, 2022) (threatening to assert a baseless unclean-hands defense); *id.* at 2 (threatening to seek sanctions under Rule 11).

As a substitute for merit-based arguments, your letters carelessly throw around the threat of sanctions under Rule 11 without any support and despite it being objectively clear that my claims are the furthest thing from frivolous.[5] *E.g.*, *Warren v. City of Carlsbad*, 58 F.3d 439, 444 (9th Cir. 1995) (holding that district court abused its discretion in granting Rule 11 sanctions when "plaintiff made out a prima facie case of disparate treatment and also offered evidence raising a genuine issue of material fact as to pretext" and noting that "[e]ven if the district court had correctly found this evidence to be insufficient for purposes of summary judgment, that does not mean that appellants' claims were factually unfounded for purposes of Rule 11" (citation omitted) (internal quotation marks omitted)); *Guillen v. Nat'l Grange*, 955 F. Supp. 144, 146 (D.D.C. 1997) (denying Rule 11 motion for sanctions and explaining "the Court is not as convinced of the validity of Defendant's arguments as Defendant is"). The feigned legal support for Respondents' already-unsound positions grows weaker and weaker with each subsequent letter, further highlighting the bad-faith intent of the Letters.[6]

You and the Firm continue to exaggerate my ethical obligations (without legal support) in an improper attempt to limit my claims against the Firm and deter me from having my rightful day in court. *E.g.*, Letter from Ms. Hermle to author 1 (May 17, 2022) ("The discussion in Jeff Powell's letter . . . . is intended to encourage you to comply with YOUR ethical obligations."). To be clear, I have always taken and continue to take my ethical obligations to clients seriously. Contrary to Respondents' mischaracterizations of the state of the law, the law clearly recognizes a need to balance the competing interests of an employer and employee when dealing with attorney-employment disputes. *Compare, e.g.*, *Gen. Dynamics Corp. v. Superior Court*, 7 Cal. 4th 1164, 1170, 1191 (Cal. 1994) (balancing plaintiff attorney's interests with former employer's interests and stating that **not allowing a suit to proceed** "**is rarely, if ever, appropriate**," *id.* at 1170 (emphasis added)), *with, e.g.*, Letter from Mr. Powell, General Counsel, Kirkland, to author 2 n.1 (Apr. 21, 2022) ("California courts **consistently limit a former employee-attorney's right to proceed** with litigation against the attorney's former employer on the grounds that the attorney-client confidences and privileges must be upheld." (emphasis added) (citing *Gen. Dynamics Corp.*, 7 Cal. 4th at 1170)).

Your most recent letter makes the unsupported statement that the Firm refuses to let me "weaponize" information related to my employment at Kirkland; however, it is Kirkland that is abusing its role as a law firm by weaponizing alleged privilege and work-product protections in a bad-faith attempt to censor the *de jure* assertion of my claims against the Firm. *See, e.g.*, *Chevron*

---

purported legal support you cite an inapt case, which does not address striking "prejudic[ial]" statements from a pleading or have any factual bearing here.

[5] Respondents' threatened motion for Rule 11 sanctions would be the true legal frivolity.

[6] For example, your last letter is devoid of legal or factual support for your positions, which is no surprise given that they are grounded in neither law nor fact. Letter from Ms. Hermle to author (May 17, 2022) (containing zero citations).

Lynne Hermle
Orrick, Herrington & Sutcliffe LLP
Page 4 of 7

*Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield."); *Verdrager v. Mintz*, 474 Mass. 382, 412 (Mass. 2016) ("'[T]he shield of confidentiality' should not be turned 'into a sword' to defeat discrimination claims by employee-attorneys whose proof of discrimination may be found in such privileged and confidential sources." (quoting *Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294, 314 (Cal. Ct. App. 2001))); *In re Sealed Case*, 676 F.2d 793, 807 (D.C. Cir. 1982) (admonishing against using privilege as "tool for manipulation of the truth-seeking process").  In fact, a blog post written by partners at your firm with a target audience of employers acknowledges this exact point. Jill L. Rosenberg et al., Orrick, *Court-Sanctioned Employee Theft? Self-Help Discovery May Be Protected Activity in Discrimination Cases*, EMPLOYMENT LAW & LITIGATION (June 14, 2016), https://blogs.orrick.com/employment/2016/06/14/court-sanctioned-employee-theft-self-help-discovery-may-be-protected-activity-in-discrimination-cases/.

As noted in my May 2, 2022 response to Mr. Powell's April 21, 2022 letter, the Firm's all-encompassing assertions of attorney-client privilege, work-product protection, and confidentiality are unmoored from applicable legal standards and typify the blanket privilege claims that courts abhor.[7]  *E.g.*, *United States v. Legal Servs. for N.Y.C.*, 100 F. Supp. 2d 42, 46 (D.D.C. 2000) ("Because [b]lanket assertions of attorney-client privilege in response to a subpoena duces tecum are strongly disfavored, the respondents' blanket assertion of privilege must be rejected." (alteration in original) (citation omitted) (internal quotation marks omitted)); *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129–30 (9th Cir. 1992) (holding that attorney-billing statements not privileged, rejecting argument that district court erred by requiring line-by-line justification for asserting attorney-client privilege for each redacted item on billing statements, and explaining that "blanket assertions of the privilege are extremely disfavored" (citation omitted) (internal quotation marks omitted)).

Additionally, characterizing my reasonable decision to refuse to give the Firm a copy of any complaint thirty days in advance of filing as a "refusal to engage in the most basic courtesies" strains credulity.  There is no basis to claim such an absurd request adheres to established standards of practice in litigation or that my refusal somehow amounts to bad-faith conduct.  It is also rich that the Firm would expect me to accommodate such an unreasonable request when the Firm refused to provide me with basic courtesies while at the Firm, including summarily firing me without notice and refusing to provide any alleged reasons for my termination until **after the deadline to sign a severance agreement**, which, if signed, would have effectively waived my legal claims against the Firm.[8]

---

[7] Although I disagree with the Firm's positions, I will in good faith take into consideration Mr. Powell's letter when filing a court complaint.  However, this is not and should not be construed as an admission(s) or concession(s).

[8] It is not surprising such basic courtesies and standard practices were eschewed as Respondents knew that I would contest the falsehoods in my "review," consistent with my prior complaints of discriminatory and other unlawful behavior while working for Kirkland.

Lynne Hermle
Orrick, Herrington & Sutcliffe LLP
Page 5 of 7

Moreover, I refute any assertion that I violated the Firm's confidentiality policy. Curiously, the Firm's alleged and purportedly robust interest in confidentiality was all but nonexistent until it was served with the Complaint.

Claims against Individuals and Related Entities

As you point out in your May 6, 2022 letter, an individual **can** be liable for unlawful employment practices under Title VII and FEHA if deemed an employer, as defined under the relevant legal frameworks. *E.g.*, Letter from Ms. Hermle to author 6 (May 6, 2022) (quoting *Reno v. Baird,* 18 Cal. 4th 640, 663 (1988) ("[I]ndividuals **who do not themselves qualify as employers** may not be sued under the FEHA for alleged discriminatory acts." (emphasis added))). For example, the Complaint explains why Respondents are "employers" within the meaning of the applicable statutory definitions. As you should know, simply stating that the "Firm . . . alone hired and paid you" is not determinative of whether another Respondent is an "employer" subject to liability under Title VII or FEHA. Letter from Ms. Hermle to author 4 (May 6, 2022).

You rely on a half-page string cite reciting only general propositions, including contradictory case law, and through an act of Houdini-esque magic claim that "crystal clear" legal principles preclude my arguments that certain Respondents are employers subject to liability.[9] Letter from Ms. Hermle to author 4 (May 6, 2022).

As you likely know as a prominent employment defense attorney, the current state of the law does not, in fact, support your claim that "crystal clear" legal principles preclude my arguments regarding liability of Respondents in employer capacities. *E.g.*, *Janopoulos v. Harvey L. Walner Assoc., Ltd.*, 835 F. Supp. 459, 461–62 (N.D. Ill. 1993) (holding that individual partner is an "employer" under Title VII where the individual partner "is really the *alter ego* of [professional corporation providing legal services]"); *Sibley Mem'l Hosp. v. Wilson*, 488 F.2d 1338, 1341–42 (D.C. Cir. 1973) (holding that indirect-employer hospital could be liable under Title VII for sex discrimination because it interfered on invidious grounds with plaintiff's ability to form third-party relationships), *quoted with approval in Assoc. of Mexican-Ams. v. State of Calif.*, 231 F.3d 572, 581 (9th Cir. 2000) ("Congress intended to close any loopholes in Title VII's coverage and to extend the statute's coverage to entities with actual '[c]ontrol over access to the job market,'

---

[9] The Letters are full of similarly confused case citations that do not support your positions. *Compare, e.g.*, Letter from Ms. Hermle to author 4–5, 5 n.2 (May 6, 2022) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 815 (9th Cir. 2002) as alleged support for your contention that "the integrated enterprise theory does not apply to the partners' Professional Corporations"), *with, e.g.*, *Kang*, 296 F.3d 815 ("We hold that Title VII applies because U. Lim America and U. Lim de Mexico were an integrated enterprise which employed a combined total of more than fifteen employees."). As another example, you cite *Hale v. State of Arizona*, as purported support for your claim that Respondents do not qualify as employers under the federal Equal Pay Act. Letter from Ms. Hermle to author 6 (May 6, 2022) (citing *Hale v. State of Ariz.*, 967 F.2d 1356, 1364 (9th Cir. 1992)). Your letter's cursory analysis modifies the relevant legal standard, e.g., by adding "exclusively" to modify the "supervised and controlled" factor of the economic realities test. *Id.* Additionally, *Hale* is factually inapposite because it addressed whether a party was an employee— not an employer—"in the prison context." *Hale,* 967 F.2d at 1364.

Lynne Hermle
Orrick, Herrington & Sutcliffe LLP
Page 6 of 7

whether or not they are direct employers." (alteration in original) (citation omitted) (quoting *Sibley*, 488 F.2d at 1341)); *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1168 n.4 (Cal. 2008) (noting that the opinion did not address "whether an individual who is personally liable for harassment might also be personally liable for retaliating against someone who opposes or reports that same harassment"), *cited with approval in* Letter from Ms. Hermle to author 4 (May 6, 2022).

It is obvious Respondents are bothered by the specter of being held accountable for their unlawful actions under both federal and state employment laws. Unfortunately, Respondents' distaste for my valid arguments do not magically reshape the legal landscape.

### Clarification Regarding Your Representation of Respondents

In addition, in the interest of clarity, please confirm whether you represent **all Respondents** named in the Complaint, or whether you solely represent Kirkland and the individual partners and associates named as respondents but not the other entities named as respondents (namely, the Respondent share partners' professional corporations). The verbiage of your May 6, 2022 letter leaves your statement in your May 17, 2022 letter regarding which Respondents you represent open to interpretation.

### Mediation

As for Respondents raising the question of mediation,[10] given the extreme and unreasonable positions taken by Respondents, it is clear that the gulf between Respondents' positions and the letter of the law is too enormous for any mediation to be fruitful. If I thought Respondents were interested in reaching a resolution on terms other than a sweetheart deal for Respondents, I would reconsider my position. However, based on the fallacious nature of Respondents' correspondence to date, I realize the unlikelihood at this juncture of reaching a resolution.

Regards,
Zoya

Zoya Kovalenko
Complainant, DFEH Matter No. 202202-16114711
Charging Party, EEOC Charge No. 550-2022-00754
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
zoyavk@outlook.com
zoyavk@gmail.com
678 559 4682

---

[10] To be clear, my prior statement in my May 2, 2022 letter mentioning an amicable resolution was simply conveying that the Firm's harassing and incendiary rhetoric is not in the Firm's best interest.

Lynne Hermle
Orrick, Herrington & Sutcliffe LLP
Page 7 of 7

cc:     Joseph Liburt
        jliburt@orrick.com

# EXHIBIT D



Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

+1 650 614 7400

orrick.com

November 14, 2022

Lynne C. Hermle

E  lchermle@orrick.com
D  +1 650 614 7422
F  +1 650 614 7401

**VIA EMAIL (zoyavk@outlook.com)**

Zoya Kovalenko
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874

Re:   <u>Kovalenko v. Kirkland & Ellis LLP, et al. Case No. 3:22-cv-05990</u>

Dear Zoya:

We write regarding your publicly filed complaint in the above-referenced matter (the "Complaint") against Kirkland & Ellis LLP (the "Firm"), Michael De Vries, Michael W. De Vries, P.C., Adam Alper, Adam R. Alper, P.C., Akshay Deoras, Akshay S. Deoras, P.C., Leslie Schmidt, Leslie Schmidt, P.C., and Mark Fahey (collectively "Defendants").

Despite the Firm's previous demand in its letter dated April 21, 2022 that you not include attorney-client privileged/attorney work product information and confidential Firm and personnel information in any publicly filed court complaint, the Complaint includes several allegations containing such information:

- Paragraphs 11, 76, 78-79, 81, 83-88, 93-98, 103, 149-150, 154-156, 158, 165-169, 171, 190, 210, 250(a), 261 and fns. 3 17, 49, which contain attorney-client privileged/work product information and confidential client identifying and fee and rate information;

- Paragraphs 69-72, 80, 92-93, 95-99, 123-127, 129-130, 151, 154-156, 158-159 161-162, 165-166, 170-171, 175, 187, 189, 249, 250(b), 293-295 and fns. 14, 21, 31, 45-46, 51, which identify and discuss the alleged employment history, compensation and performance of other Firm associates;

- Paragraphs 47-50, 56, which contain individual Defendants' home addresses; and

- Footnote 32, which contains confidential, irrelevant and scandalous allegations regarding Firm partners.

As we noted in our previous letters, inclusion of such material is violative of your ethical duties as a lawyer and your confidentiality obligations under various Firm policies.

We have attached to this letter a copy of the Complaint with the allegations highlighted that we believe should be redacted because they contain either attorney-client privileged/attorney work product information or confidential Firm and personnel

4131-8589-9329.2



November 14, 2022
Page 2

information.  Can you please let us know by Wednesday, November 16, 2022 whether you agree to stipulate to a motion to redact these allegations?

Very truly yours,

Lynne C. Hermle

cc: Joe Liburt

4131-8589-9329.2