LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:     +1 650 614 7400
Facsimile:      +1 650 614 7401

KATE JUVINALL (STATE BAR NO. 315659)
kjuvinall@orrick.com
PAUL RODRIGUEZ (STATE BAR NO. 307139)
prodriguez@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Suite 2700
Los Angeles, CA  90071
Telephone:     +1 213 629 2020
Facsimile:      +1 213 612 2499

Attorneys for Defendant
KIRKLAND & ELLIS LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>         Plaintiff,<br><br>    v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DE VRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT, LESLIE M. SCHMIDT, P.C., AND MARK FAHEY,<br><br>         Defendants. | Case No. 4:22-CV-05990-HSG<br><br>**DECLARATION OF JEFFREY S. POWELL IN SUPPORT OF DEFENDANT KIRKLAND & ELLIS LLP'S ADMINISTRATIVE MOTION TO REDACT PLAINTIFF'S COMPLAINT** |

I, Jeffrey S. Powell, declare as follows:

1. I submit this declaration in support of Defendant Kirkland & Ellis LLP's (the "Firm") Administrative Motion to Redact Plaintiff Zoya Kovalenko's Complaint.

2. I am a partner in the Firm and employed as the Firm's General Counsel. I have been employed by the Firm since September 1986 and have held the position of General Counsel since February 2020. I know the facts set forth in this declaration to be true of my own personal knowledge and/or my review of documents maintained and relied upon by the Firm in the regular course of business and to which I have access in the regular course of my job duties. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

3. On or about February 11, 2022, Plaintiff, a former associate of the Firm, filed a complaint of discrimination with the California Department of Fair Employment and Housing ("DFEH") against the Firm, Michael De Vries, Michael W. De Vries, P.C., Adam Alper, Adam R. Alper, P.C., Akshay Deoras, Akshay S. Deoras, P.C., Leslie Schmidt, Leslie Schmidt, P.C., Mark Fahey (collectively "Defendants") and five additional individuals and one additional entity (the "DFEH Charge"). On or about April 9, 2022, the Firm received notice of the DFEH Charge.

4. On April 21, 2022, I sent a letter to Plaintiff notifying her that the Firm believed that the DFEH Complaint contained attorney-client privileged/attorney work product information, as well as confidential Firm and personnel information. Attached hereto as Exhibit A is a copy of that letter.

5. On October 12, 2022, Plaintiff filed the Complaint against the Defendants. I have reviewed the Complaint and it contains attorney-client privileged/work product information and confidential client identifying information, fee information, and billing rate information of the Firm. Specifically, the Firm considers the proposed redactions highlighted in the following paragraphs in the sealed version of the Complaint attached hereto as Exhibit B to contain such information: Paragraphs 11, 76, 78-79, 81, 83-88, 93-98, 103, 149-150, 154-156, 158, 165-169, 171, 190, 210, 250(a), 261 and footnotes 3, 17, 49.

6.      The Firm considers the information in the foregoing paragraphs and footnotes to be protected by the attorney-client/attorney work product privilege because the information refers to and contains communications to and from various Firm clients, and legal analysis and legal advice provided to various Firm clients prepared in anticipation of litigation.  The Firm treats this information as well as the related client identifying, fee information, and billing rate information contained in these paragraphs and footnotes as confidential pursuant to the Firm's policies.  This information is generally not shared with third-parties.

7.      Plaintiff is not the holder of either the attorney-client or attorney work product privileges for any of this information.  The attorney-client and attorney work product privileges for this information has not been waived.  The Firm's client identifying information, fee information, and billing rate information gives the Firm a competitive advantage.  Keeping this information confidential prevents other firms from identifying the Firm's clients and using the Firm's pricing to attempt to win clients away from the Firm.

8.      The Complaint also contains confidential information regarding Firm associates' employment history, compensation and performance and confidential, irrelevant and scandalous allegations regarding Firm partners. Specifically, the Firm considers the proposed redactions highlighted in the following paragraphs in the sealed version of the Complaint attached hereto as Exhibit B to contain this information: Paragraphs 69-72, 80, 92-93, 95-99, 123-127, 129-130, 151, 154-156, 158-159 161-162, 165-166, 170-171, 175, 187, 189, 249, 250(b), 293-295 and footnotes 14, 21, 31-32, 45-46, 51.  Where appropriate, to narrowly tailor its request to redact, the Firm is seeking only to redact the names of the Firm associates mentioned in the Complaint to preserve their anonymity, rather than seeking to redact the factual allegations concerning these associates.

9.      The Firm treats the employment history, compensation and performance of its personnel (including its associates and partners) as confidential and it is the Firm's policy that such information is not to be distributed outside of the Firm.  If this information is permitted to remain public, the information could be used by competitor firms to recruit associates away from the Firm or to dissuade prospective associates from joining the Firm.

10. Finally, Paragraphs 47-50, 56 of the Complaint contain the individual partner Defendants' home addresses. The Firm treats its partners' home addresses as confidential and it is the Firm's policy that such information is not be distributed outside of the Firm. Permitting the Defendant partners' home address information to remain exposed to the public could result in harassment of these partners.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Washington, D.C. on November 22, 2022.

_____
Jeffrey S. Powell

- 3 -

DECLARATION OF JEFFREY POWELL ISO
ADMINISTRATIVE MOTION TO REDACT
PLAINTIFF'S COMPLAINT [3:22-CV-