# EXHIBIT A

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

Jeff Powell, P.C.
To Call Writer Directly:
+1 202 389 5050
jeff.powell@kirkland.com

+1 202 389 5000

Facsimile:
+1 202 389 5200

www.kirkland.com

April 21, 2022

**VIA EMAIL(zoyavk@outlook.com)**
Zoya Kovalenko
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874

Re:     DFEH Matter Number: 202202-16114711

Dear Ms. Kovalenko:

I have reviewed your complaint of discrimination filed with the Department of Fair Employment and Housing ("DFEH") against Kirkland & Ellis LLP (the "Firm") and various other individual and entities (the "Complaint").

Of course you have the right to file a charge with the DFEH. However, you have chosen to include in the Complaint attorney-client privileged/attorney work product information as well as confidential Firm and personnel information obtained during your employment at the Firm. Consistent with your ethical and confidentiality obligations, the Firm must insist that you refrain from publicly filing or further disclosing any such attorney-client privileged/attorney work product information and confidential Firm and personnel information.

To ensure that there are no further disputes about public disclosure of such privileged and confidential information, we ask that you provide a copy of any contemplated public complaint to the Firm 30 days before filing so that we can identify and ask you to delete such information from the document before it is made public. In addition, if you have continued to retain such privileged and confidential information, which appears to be the case given the statements in the Complaint, you must immediately return to the Firm all copies of any documents containing attorney-client privileged/attorney work product information and confidential Firm and personnel information in your possession, custody or control. I address below the basis for our concern and request.

## Attorney-client Privileged/Attorney Work Product Information

As you understand, the attorney-client privilege protects confidential communications made during the course of an attorney-client relationship. Cal. Evid. Code §§ 952, 954; *see also McDermott Will & Emery LLP v. Superior Ct.*, 10 Cal. App. 5th 1083, 1100 (2017). In addition,

# KIRKLAND & ELLIS LLP

Zoya Kovalenko
April 21, 2022
Page 2

the work product doctrine protects from disclosure to third parties writings that contain an attorney's impressions, conclusions, opinions, or legal research or theories.  Cal. Civ. Proc. Code § 2018.030(a).

The California Rules of Professional Conduct make clear that an attorney must keep client confidences. *See* Cal. Rule Prof. Conduct 1.6.  California courts have found attorneys to have violated their ethical duties for using or failing to return privileged materials after being put on notice.  *Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 819 (2007); *Clark v. Superior Ct.*, 196 Cal. App. 4th 37, 54 (2011).[1]

The Firm's Confidential Information policy, which you acknowledged receiving on November 18, 2020, provides that confidential information about the Firm's clients should not be disclosed to any person other than to members of the Firm who (1) are engaged in the representation of such clients or (2) otherwise have a legitimate need to know.  This confidentiality rule is not limited to information protected by the attorney-client privilege, but also applies to any other information concerning the client which is obtained in the course of the Firm's representation of the particular client or any other client.  This policy specifically provides that the duty to preserve the confidentiality of client information continues after a lawyer is no longer associated with the Firm.

Furthermore, the Firm's Retention of Proprietary and Confidential Materials by Departing Employees policy, which you acknowledged when completing your self-assessment for the annual review process in July 2021, provides that absent specific written authorization from a designee of the Administrative Committee, departing persons are not permitted to retain any materials that the Firm considers proprietary or confidential.  In addition, the policy provides that all materials provided to Firm personnel at the expense of the Firm or a client must be returned to the Firm prior to departure, whether or not such materials are proprietary materials.

Your Complaint is rife with allegations containing attorney-client privileged/attorney work product information obtained during your employment with the Firm, including:

- Footnote 16 of the Complaint, which reveals the content of an alleged communication between you and a Firm partner regarding trial strategy;

---

[1] You should also be aware that California courts consistently limit a former employee-attorney's right to proceed with litigation against the attorney's former employer on the grounds that the attorney-client confidences and privileges must be upheld.  *Gen. Dynamics Corp. v. Superior Ct.*, 7 Cal. 4th 1164, 1170 (1994) ("[I]n those instances where the attorney-employee's retaliatory discharge claim is incapable of complete resolution without breaching the attorney-client privilege, the suit may not proceed.").

## KIRKLAND & ELLIS LLP

Zoya Kovalenko
April 21, 2022
Page 3

- Footnote 24 and Paragraph 192, which reveal the content of alleged communications between Firm partners and an associate regarding the merits of a trial objection;

- Paragraphs 112 and 189, which contain allegations revealing Firm partners' impressions of litigation strategies;

- Paragraphs 143 and 252, which contain multiple allegations revealing confidential privileged and work product information relating to work performed by you and others for the Firm's clients;

- Footnote 30, which contains allegations detailing confidential communications from a client to the Firm;

- Paragraph 224, which contains allegations detailing Firm partners' evaluation of the strength of material included in an expert report; and

- Paragraph 263-276, which discuss drafts of documents produced by the Firm for litigation.

These are only examples; they are not comprehensive and only scratch the surface of the significant quantity of attorney-client privileged/attorney work product information contained in the Complaint.  Publicly filing a complaint containing this information or further disclosing it in any setting would constitute violations of your ethical obligations and your confidentiality obligations to the Firm and its clients.  The Firm hereby demands that you refrain from publicly filing or further disclosing any such attorney-client privileged/attorney work product information and that you provide a copy of any court complaint to the Firm 30 days before publicly filing to ensure that the complaint contains no such information.

In addition, based on language quoted from certain documents and the specificity of some of the allegations in the Complaint, it appears that you may have failed to return and currently possess documents containing attorney-client privileged/attorney work product information you obtained during your employment with the Firm.  *See e.g.* Complaint at ¶¶ 143, 156, 160, 263-268.  The Firm insists that, consistent with your confidentiality and ethical obligations, you immediately return to the Firm any documents containing attorney-client privileged/attorney work product information you obtained in connection with your employment with the Firm and we can jointly address how to remove any electronic copies you have.

## KIRKLAND & ELLIS LLP

Zoya Kovalenko
April 21, 2022
Page 4

### **Confidential Firm and Personnel Information**

The Firm's Confidential Information policy, referenced above, provides that, in addition to safeguarding client information, Firm lawyers are required to maintain the confidentiality of the Firm's internal information pertaining to the Firm's operations, finances, and administration. The policy specifies that Firm billing rates, fee charges, financial information, income data, work product, precedent files, and policy handbooks, among other data and resources, should be treated as proprietary and kept confidential.  You reviewed and acknowledged this policy when you joined the Firm in late 2020.  Furthermore, confidential personnel information, such as employees' performance information, is protected from unauthorized disclosure by the privacy rights enumerated in California Constitution.  Cal. Const. art. I, § 1; *Tien v. Superior Ct.*, 139 Cal. App. 4th 528, 539 (2006) (holding that the right to privacy in the California Constitution protects against the disclosure of "various private or sensitive information" including, "confidential personnel information").

The Complaint contains multiple allegations improperly disclosing confidential Firm and personnel information, including:

- Paragraphs 76, 148, 154-155, 247, which reveal confidential information regarding the Firm's billing rates and revenue and fee structure and funding for multiple Firm matters;

- Paragraphs 110-124, 182 of the Complaint, which contain allegations regarding the performance of various named Firm associates and a partner; and

- Paragraphs 236-245, which contain confidential information regarding the Firm's performance review policies and procedures.

These examples are but just a few of the allegations in the Complaint containing confidential Firm and personnel information.  Publicly filing a complaint containing this information or further disclosing this information would breach your confidentiality obligations to the Firm and would also violate the privacy rights of non-party individuals.

California cases make clear that it is improper for former employees to engage in "self-help" by taking or failing to return the employer's documents or information.  *Pillsbury, Madison & Sutro v. Schectman*, 55 Cal. App. 4th 1279, 1289 (1997) (holding that employees cannot operate outside parameters of civil discovery or violate other laws in pursuit of their claims against employer; "[W]e will state clearly our agreement with those courts which have refused to permit 'self-help' discovery which is otherwise violative of ownership or privacy interests…Any litigant or potential litigant who converts, interdicts or otherwise purloins documents in the pursuit of litigation outside the legal process does so without the general protections afforded by the laws of discovery and risks being found to have violated protected

## KIRKLAND & ELLIS LLP

Zoya Kovalenko
April 21, 2022
Page 5

rights."). Thus, to the extent that you have failed to return and currently possess any documents belonging to the Firm, including documents containing confidential Firm and personnel information, the Firm demands that you immediately return those documents, and we can jointly address how to remove any electronic copies you have.

### **Future Contact with the Firm**

I note that you have continued to reach out to various members of the Firm to ask about acceptance of service. Please cease all contact with members of the Firm regarding this matter and direct all further inquiries regarding this matter, including acceptance of service, to our outside counsel, Lynne Hermle (lchermle@orrick.com) and Joe Liburt (jliburt@orrick.com) of Orrick, Herrington & Sutcliffe, LLP.

Finally, we plan to write to you again shortly as to other issues in the Complaint, including the impropriety of including individual defendants for your allegations.

We look forward to hearing from you to confirm that you will: (1) provide the Firm with a draft of your intended court complaint so we can address the issues detailed in this letter; and (2) return all Firm documents, including documents containing attorney-client privileged/attorney work product and confidential Firm information, and remove any electronic copies you have with our involvement. If you retain counsel to represent you, please have your counsel contact Orrick. The Firm reserves all rights.

Very truly yours,

Jeff Powell, P.C.
General Counsel

cc:    Lynne Hermle
       Joe Liburt