1   Zoya Kovalenko (Cal. SBN 338624)
    13221 Oakland Hills Blvd., Apt. 206
2   Germantown, MD 20874
    678 559 4682
3   zoyavk@outlook.com

4   Plaintiff Zoya Kovalenko

5

6

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          OAKLAND DIVISION

11  ZOYA KOVALENKO,                  ) Case No. 4:22-cv-05990-HSG
                                     )
12          *Plaintiff,*             ) **PLAINTIFF'S OPPOSITION TO**
                                     ) **DEFENDANT KIRKLAND & ELLIS LLP'S**
13          v.                       ) **MOTION TO REDACT (DKT. NO. 16)**
                                     ) **PLAINTIFF'S COMPLAINT (DKT. NO. 1)**
14  KIRKLAND & ELLIS LLP, MICHAEL    )
    DE VRIES, MICHAEL W. DEVRIES,    ) JURY TRIAL DEMANDED
15  P.C., ADAM ALPER, ADAM R. ALPER, )
    P.C., AKSHAY DEORAS, AKSHAY S.   ) Judge:  The Honorable Haywood S. Gilliam, Jr.
16  DEORAS, P.C., LESLIE SCHMIDT,    )
    LESLIE M. SCHMIDT, P.C., AND     )
17  MARK FAHEY,                      )
                                     )
18          *Defendants.*            )
    _____)
19

20

21

22

23

24

25

26

27

28

1    Plaintiff hereby opposes and respectfully requests this Court deny Defendant Kirkland &

2  Ellis LLP ("**Defendant**")'s Motion to Redact (Dkt. No. 16) Plaintiff's Complaint (Dkt. No. 1).

3                              **STATEMENT OF FACTS**

4    Defendant filed its Motion after the close of business on Wednesday, November 23, 2022,

5  around six weeks after Plaintiff filed her Complaint and after Defendant issued statements to the

6  press on October 12, 2022 regarding Plaintiff's Complaint.

7                                  **ARGUMENT**

8    This Court should dismiss Defendant's Motion in its entirety because it is without merit

9  for the reasons detailed below.

10  **I.**   **Defendant Fails to Show Compelling Reasons for Its Requested Redactions**

11    This Court should deny the Motion because Defendant fails to show compelling reasons

12  for its requested redactions. "Under the Ninth Circuit's jurisprudence in *Kamakana [v. City and*

13  *County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)], a request to seal all or part of a complaint

14  must clearly meet the 'compelling reasons' standard and not the 'good cause' standard." *In re*

15  *NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, Dkt. No. 125, at *5 (N.D. Cal. Apr. 22,

16  2008). "[T]he proponent of sealing bears the burden with respect to sealing" and "[a] failure to

17  meet that burden means that the default posture of public access prevails." *Kamakana*, 447 F.3d

18  at 1182. "To seal portions of the complaint[]—the document[] that [is] the heart of this, and

19  every, lawsuit"—Defendant is "required to 'articulate compelling reasons supported by specific

20  factual findings" to outweigh the presumption of public access. *See In re Google Play Store*

21  *Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021) (quotation omitted).

22    Defendant contends based on an inapposite, non-controlling decision that the "good-

23  cause" standard applies to information it contends is attorney-client privileged. Mot. 3.[1] This

24

25  ───────────────

[1] Defendant unpersuasively cites a case applying the good-cause standard in ruling on a motion

26  to seal a declaration with privileged information related to a discovery motion because the
    declaration was "only tangentially related to the merits of the case." *Harrington v. Tackett*, No.

27  18-CV-00028, 2019 WL 2778106, at *5 (D. Nev. July 2, 2019). In contrast, this Court has stated
    a complaint is analogous to a dispositive pleading and a motion to seal a complaint must meet

28  the compelling-reasons standard. *NVIDIA*, No. C 06-06110 SBA, at *4–5 (stating good-cause
    standard "has been typically applied to 'sealed materials attached to a discovery motion unrelated

1
2
3
4
5
6
7
8
9
10

Court should dismiss the Motion as to the redactions Defendant claims are attorney-client privileged because Defendant fails to show compelling reasons warrant redaction. *NVIDIA*, No. C 06-06110 SBA, at *1 (denying motion to seal complaint that applied "good cause" standard because "the applicable standard for sealing all or part of a complaint is the 'compelling reason' standard"); *see also Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test."). Defendant's *ipse dixit* conjecture that privileged information would meet the compelling-reasons standard is insufficient to meet its burden. *See Kamakana*, 447 F.3d at 1182 ("When sealing documents attached to a dispositive pleading, a district court must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" (citation omitted)).

11
12
13
14
15
16
17
18
19
20

Defendant also fails to meet its burden to demonstrate a compelling reason for restricting the public's right to access the remainder of the information it seeks to redact. Defendant "must make a 'particularized showing'" of compelling reasons with respect to each redaction. *See, e.g.*, *Rieckborn v. Velti PLC*, No. 13-cv-03889-WHO, at *2 (N.D. Cal. Oct. 3, 2014) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)). "'Tepid and general justifications' are not enough to support the showing of 'specific prejudice or harm' required to justify sealing." *Id.* (quotation omitted). Defendant "seeks to seal the remainder of information [alleged attorney-work product, alleged confidential information, and home addresses] under the compelling reason standard," Mot. 3, yet fails to "make a 'particularized showing'" of compelling reasons with respect to the redactions. *See Rieckborn*, No. 13-cv-03889-WHO, at *2; Mot. 4–5.

21
22

## II.   Defendant Fails to Establish Its Proposed Redactions Contain Attorney-Client Privileged and/or Protected Attorney-Work Product Information

23
24
25
26

This Court should deny the Motion because Defendant fails to establish its proposed redactions contain attorney-client privileged and/or protected attorney-work product information. For information that a party moves to seal, the party bears the burden of proving the information it claims is privileged meets all eight elements of the following test: "(1) Where

27
28

to the merits of the case'" (citation omitted)).

legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *See United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010)). Here, Defendant broadly proclaims that all proposed redactions for 34 paragraphs and three footnotes is "protected by the attorney-client privilege/attorney work product privilege because the information refers to and contains communications to and from various Firm clients, and legal analysis and legal advice provided to various Firm clients prepared in anticipation of litigation."[2]  Powell Decl. ¶¶ 5–6.  The Court should deny the Motion because Defendant's generic statement is insufficient and does not satisfy its burden to establish privilege applies.

### III.   Defendant Fails to Demonstrate Legally Sufficient Reasons for Redaction

Defendant fails to satisfy its burden to show information should be redacted based on the standard it has applied under Civil Local Rule 79-5(c).

#### A.   Defendant Fails to Articulate Adequate Reasons Warranting Redaction

Defendant "had an ample opportunity to demonstrate a compelling reason for sealing, and squandered it." *See Google*, 556 F. Supp. 3d at 1107.  At best, Defendant "presented nothing but generic and boilerplate statements for its sealing requests."  *See id.*; Mot. 2, 4–5; *see also* Powell Decl. ¶ 5.  Defendant cites generic principles and relies on conclusory, all-encompassing, and generic allegations, which are inadequate to override the presumption of public accessibility of the Complaint.  Mot. 4–5.

#### B.   Defendant Provides Insufficient Assertions of Harm to Demonstrate Injury

Defendant makes the conclusory assertion that injury resulting from disclosure of purported privileged/protected information is "self evident" and that injury would also accrue if "client identifying information, fee information," "billing rate information," and "confidential personnel information" is not redacted based on a generic assertion of potential competitive harm.

---

[2] Plaintiff categorically disputes that any of the information identified for redaction contains client communications or legal analysis and legal advice provided to Defendant's clients. Defendant proffers nothing to support such claims.  *See generally id.*; Mot.

Mot. 5; Powell Decl. ¶¶ 7, 9, 10.  However, "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning,'" are "insufficient." *Id.* (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)); *accord* Standing Order for Civil Cases Before District Judge Haywood S. Gilliam, Jr. ¶ 30 (N.D. Cal. Jan. 4, 2022) ("Generic and vague references to 'competitive harm' are almost always insufficient justification for sealing."). Defendant's conclusory assertion—based exclusively on the Powell Declaration—that "keeping such information confidential" gives it a "competitive advantage" is analogous to generic assertions of competitive harm that this Court has found to be insufficient to demonstrate injury. *Google*, 556 F. Supp. 3d at 1107–08 (finding insufficient Google's "declaration by a 'Senior Legal Project Manager'" stating disclosure of "'non-public information' could, '[i]f revealed to competitors and potential business counterparties, . . . disadvantage Google in marketing and in negotiations.'"). Here, as in *Google*, Defendant "made no showing whatsoever that might have favored keeping portions of the complaint[] secret, and its 'failure to meet that burden means that the default posture of public access prevails.'" *Id.* at 1108 (citation omitted).  Accordingly, this Court should deny Defendant's Motion.  *See id.*

### C.     The Motion Does Not Address Insufficiency of Less Restrictive Alternatives

Defendant simply states it could but chose not to seek a more restrictive alternative (i.e., sealing the entire Complaint).  Mot. 5.  However, saying it did not take the most restrictive approach does not address whether a less restrictive alternative would be sufficient.

## IV.     <u>Defendant's Proposed Redactions Are Inconsistent and Unprincipled</u>

Defendant's proposed redactions are inconsistent and unprincipled, demonstrating the arbitrary and specious nature of its proposed redactions.  For example, Defendant proposes redacting basic factual information e.g., "patent assertion analysis," "infringement charting on the target Defendant's products," "[target-defendant] chart" (alteration in original, Complaint ¶ 81), "infringement charting," "to litigate with an alternative-fee arrangement (namely, with litigation funding)."  Powell Decl. Ex. B ¶¶ 81, 83, 85. Conversely, in another paragraph in the Complaint, Defendant only proposes redacting "subsidiary of large client" but does not propose redacting basic factual information almost identical to the aforementioned redactions, e.g., that

1   Plaintiff conducted "pre-suit investigation and analysis for another litigation-funded case,"

2   "analyzed and assessed numerous patents' potential infringement reads across a range of target

3   potential defendants and products . . . and assessed the strength of the patents with the strongest

4   infringement reads," or that Plaintiff "drafted infringement charts." Powell Decl. Ex. B ¶ 150.

5   This is but one of myriad examples of Defendant's unprincipled and haphazard approach to its

6   proposed redactions. The four corners of the Motion and its accompanying exhibits provide no

7   rationale for the contradictory and differential treatment of analogous information throughout

8   with respect to redactions.

9   **V.   <u>Defendant Incorrectly and Improperly Styles Its Motion As Administrative</u>**

10          Moving for administrative relief is improper when the matter is "otherwise governed by

11   a federal statute, Federal Rule, local rule, or standing order of the assigned Judge." Civil L.R. 7-

12   11.   Defendant's Motion falls outside the purview of the Civil Local Rule governing

13   administrative motions given that the request to redact is "otherwise governed by a . . . Federal

14   Rule." *Id.* At least one Federal Rule governs the Motion. Fed. R. Civ. P. 5.2 (governing

15   redactions and allowing court issuance of protective orders requiring same or limitation of "a

16   nonparty's remote electronic access to a document filed with the court"). Additionally, the plain

17   language of Civil Local Rule 7-11 does not cover motions to redact an opposing party's already

18   filed pleading (e.g., a Complaint). *Id.* (listing "motions to file documents under seal" as example

19   of administrative motion). Similarly, Civil Local Rule 79-5 includes only two scenarios in which

20   a motion to seal is properly styled as administrative: (1) "[a] motion to seal a party's own

21   document"; and (2) "[a] motion to seal . . . a document designated as confidential by another

22   party." *Id.* 79-5(c), (f). Neither motion is at issue here. Instead, Defendant moves to redact

23   information in Plaintiff's already-filed Complaint without prior confidentiality designation.[3]

24                                          **<u>CONCLUSION</u>**

25          For the reasons above, this Court should deny Defendant's Motion to redact.

26

27   _____
     [3] Plaintiff timely opposes Defendant's Motion within two weeks of its filing. *See* Civil L.R. 7-
28   3(a).

Respectfully submitted this 1st day of December, 2022.

By:  /s/ *Zoya V. Kovalenko*

Zoya V. Kovalenko (Cal. SBN 338624)
**Plaintiff**
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
678 559 4682
zoyavk@outlook.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury under the laws of the United States of America that: (1) counsel representing Defendant Kirkland & Ellis LLP ("**Kirkland**") is being served with a copy of the foregoing document via ECF; and (2) counsel representing each of Kirkland's co-Defendants is being served with a copy of the foregoing document via email (Lynne Hermle, lchermle@orrick.com; Joseph Liburt, jliburt@orrick.com) on December 1, 2022.

/s/ *Zoya Kovalenko*
Zoya Kovalenko