UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>   Plaintiff,<br><br>   v.<br><br>KIRKLAND & ELLIS LLP, et al.,<br><br>   Defendants. | Case No. 22-cv-05990-HSG<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 16 |

Before the Court is Defendants' administrative motion to redact portions of the complaint. *See* Dkt. No. 16.  Plaintiff opposes the motion.  *See* Dkt. No. 21.

First, the Court will apply the "compelling reasons" standard because the complaint is the pleading on which this action is based.  *See, e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2018 WL 10454862, at *2 (N.D. Cal. Aug. 31, 2018) (finding compelling reasons standard governed motion to seal portions of the complaint); *In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of.").  Under this standard, the party seeking to seal must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotations omitted).

Defendant's motion to seal, as currently presented, does not adequately provide a particularized justification for each proposed redaction.  Under Local Rule 79-5(c)(3) and this Court's standing order, the filing party must "make a specific showing explaining why . . . the

proposed redactions are as narrowly tailored as possible, rather than making blanket statements about the grounds for sealing." The filing party must further include a table that provides justifications for "each item sought to be sealed." For the Court to evaluate Defendant's motion, Defendant needs to submit a detailed chart that sets out *each* proposed redaction paragraph by paragraph, the particularized justifications advanced for sealing each portion, and why those justifications meet the "compelling reasons" standard.[1] If, for example, the justification advanced is attorney-client privilege or the attorney work product doctrine, the motion must explain with factual support why even the genericized information in the complaint (which does not appear to name any clients) reveals any such information.

The Court thus **DENIES** the motion without prejudice. Dkt. No. 16. Defendant may file a new motion to seal within seven days of this order if it wishes. Plaintiff may file a response within seven days of the filing of any renewed motion.

**IT IS SO ORDERED.**

Dated: December 16, 2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court does note that it sees no legitimate purpose for including individuals' home addresses in a public complaint, and almost certainly will grant any renewed motion as to that information at a minimum.