LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
Facsimile:   +1 650 614 7401

KATE JUVINALL (STATE BAR NO. 315659)
kjuvinall@orrick.com
PAUL RODRIGUEZ (STATE BAR NO. 307139)
prodriguez@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Suite 2700
Los Angeles, CA 90071
Telephone:   +1 213 629 2020
Facsimile:   +1 213 612 2499

Attorneys for Defendants
KIRKLAND & ELLIS LLP, MICHAEL DE VRIES,
MICHAEL W. DE VRIES, P.C., ADAM ALPER,
ADAM R. ALPER, P.C., AKSHAY DEORAS,
AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT,
LESLIE M. SCHMIDT, P.C., AND MARK FAHEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>    Plaintiff,<br><br>    v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT, LESLIE M. SCHMIDT, P.C., AND MARK FAHEY,<br><br>    Defendants. | Case No. 4:22-CV-05990-HSG<br><br>**ALL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ALL DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[F.R.E. 201]<br><br>Date:    March 30, 2023<br>Time:    2:00 p.m.<br>Dept:    2<br>Judge:   Hon. Haywood S. Gilliam |

## Table of Authorities

Page(s)

**Federal Cases**

*Branch v. Tunnell*,
 14 F.3d 449, 454 (9th Cir. 1994) ................................................................................................ 1

*Juster v. Workday, Inc.*,
 No. 21-CV-07555-EMC, 2022 WL 3030530 (N.D. Cal. Aug. 1, 2022) .................................... 2

*Knowles v. Pac. Gas & Elec. Co.*,
 No. C 07-2284 CW, 2007 WL 9711965 (N.D. Cal. Nov. 29, 2007) ........................................ 2

*Marder v. Lopez*,
 450 F.3d 445 (9th Cir. 2006) .................................................................................................... 1

*Parrino v. FHP, Inc.*,
 146 F.3d 699 (9th Cir. 1998) .................................................................................................... 1

*Porter v. Nationwide Mut. Ins. Co.*,
 No. 2:16-CV-1933-JAM-AC, 2017 WL 772139 (E.D. Cal. Feb. 28, 2017) ............................. 2

*United States v. Ritchie*,
 342 F.3d 903 (9th Cir. 2003) .................................................................................................... 1

**Rules**

F.R.E. 201 ....................................................................................................................................... 1

F.R.C.P. 12(b)(6) ............................................................................................................................ 1

4157-7568-9282.1

i

ALL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
[4:22-CV-05990-HSG]

Pursuant to Federal Rule of Evidence 201, Defendants Kirkland & Ellis, LLP ("Kirkland"), Michael De Vries, Michael W. De Vries, P.C., Adam Alper, Adam R. Alper, P.C., Akshay Deoras, Akshay S. Deoras, P.C., Leslie Schmidt, Leslie Schmidt, P.C.[1], and Mark Fahey (collectively "Defendants") hereby request that in connection with all Defendants' Motions to Dismiss, the Court take judicial notice of the following documents, which are attached as Exhibits A through D of the Declaration of Wendy Cartland:

- **Exhibit A**: Zoya Kovalenko's ("Plaintiff") 2021 Associate Review ("Performance Evaluation");
- **Exhibit B**: Plaintiff's offer of employment ("Offer Letter") from Kirkland;
- **Exhibit C**: the severance agreement ("Severance Agreement") provided to Plaintiff by Kirkland; and
- **Exhibit D**: Plaintiff's 2020 and 2021 W-2 Wage and Tax Statements and paystubs ("Payroll Documents").

Defendants have redacted certain potentially private information pertaining to Plaintiff or third parties from Exhibits A-D.

On a Rule 12(b)(6) motion, courts may consider documents on which the complaint "necessarily relies" if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the [document]." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss"); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 & n.4 (9th Cir. 1998) (documents which are not mentioned in the complaint, but whose authenticity is not contested, and upon which the plaintiff's complaint necessarily relies, may also be considered on a motion to dismiss without converting it into a motion for summary judgment). The court is permitted to treat such documents as "part of the complaint, and thus may assume that its contents are true for

---

[1] Leslie M. Schmidt and Leslie M. Schmidt, P.C. submit this request for judicial notice without waiving their defense that this Court lacks personal jurisdiction over them.

1  purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908
2  (9th Cir. 2003).

3  Here, Plaintiff directly and indirectly references Exhibits A−D, or the contents included
4  therein, in her Complaint. *See* Compl. ¶¶11, 14, 16-19, 77, 82, 85, 88, 90, 94-95, 98, 107, 115-16,
5  122, 126-27, 132, 138-40, 146-47, 153, 157-58, 164, 166, 169, 171, 173, 190, 192-99 (Performance
6  Evaluation); *id.* ¶¶10, 61, 65-67 (Offer Letter); *id.* ¶¶16-18, 61 (Severance Agreement); *id.* ¶¶16,
7  62 (Payroll Documents). Because Exhibits A-D are alleged throughout the Complaint, their
8  authenticity is not disputed, and Plaintiff's Complaint necessarily relies on them in this action, she
9  has incorporated them by reference in the Complaint, and the Court should take judicial notice of
10 them. *Juster v. Workday, Inc.*, No. 21-CV-07555-EMC, 2022 WL 3030530, at *1 n.1 (N.D. Cal.
11 Aug. 1, 2022) (taking judicial notice of offer letter that was incorporated by reference); *Porter v.
12 Nationwide Mut. Ins. Co.*, No. 2:16-CV-1933-JAM-AC, 2017 WL 772139, at *2 (E.D. Cal. Feb.
13 28, 2017) (taking judicial notice of performance reviews referenced throughout plaintiff's
14 complaint); *Knowles v. Pac. Gas & Elec. Co.*, No. C 07-2284 CW, 2007 WL 9711965, at *3 (N.D.
15 Cal. Nov. 29, 2007) (taking judicial notice of severance agreement submitted by defendant).

16 Dated: December 19, 2022

LYNNE C. HERMLE
JOSEPH C. LIBURT
KATE JUVINALL
PAUL RODRIGUEZ
Orrick, Herrington & Sutcliffe LLP

By: _____
Attorneys for Defendants
KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DE VRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT, LESLIE M. SCHMIDT, P.C., AND MARK FAHEY