1   LYNNE C. HERMLE (STATE BAR NO. 99779)
    lchermle@orrick.com
2   JOSEPH C. LIBURT (STATE BAR NO. 155507)
    jliburt@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
4   Menlo Park, CA  94025-1015
    Telephone:     +1 650 614 7400
5   Facsimile:      +1 650 614 7401

6   KATE JUVINALL (STATE BAR NO. 315659)
    kjuvinall@orrick.com
7   PAUL RODRIGUEZ (STATE BAR NO. 307139)
    prodriguez@orrick.com
8   ORRICK, HERRINGTON & SUTCLIFFE LLP
    355 S. Grand Ave., Suite 2700
9   Los Angeles, CA  90071
    Telephone:     +1 213 629 2020
10  Facsimile:      +1 213 612 2499

11  Attorneys for Defendants
    KIRKLAND & ELLIS LLP, MICHAEL DE VRIES,
12  MICHAEL W. DE VRIES, P.C., ADAM ALPER,
    ADAM R. ALPER, P.C., AKSHAY DEORAS,
13  AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT,
    LESLIE M. SCHMIDT, P.C., AND MARK FAHEY

14
                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16

17  ZOYA KOVALENKO,                    Case No. 4:22-CV-05990-HSG

18              Plaintiff,             **DEFENDANTS MICHAEL DE VRIES
                                       AND MICHAEL W. DE VRIES, PC'S
19         v.                          NOTICE OF MOTION AND MOTION
                                       TO DISMISS; MEMORANDUM OF
20  KIRKLAND & ELLIS LLP, MICHAEL DE   POINTS AND AUTHORITIES IN
    VRIES, MICHAEL W. DEVRIES, P.C.,   SUPPORT THEREOF**
21  ADAM ALPER, ADAM R. ALPER, P.C.,
    AKSHAY DEORAS, AKSHAY S. DEORAS,   Date:       March 30, 2023
22  P.C., LESLIE SCHMIDT, LESLIE M.    Time:       2:00 p.m.
    SCHMIDT, P.C., AND MARK FAHEY,     Dept:       2
23                                     Judge:      Hon. Haywood S. Gilliam
                Defendants.
24

25

26

27

28

1

**TABLE OF CONTENTS**

2
**Page**

3   I.     INTRODUCTION ................................................................................................. 1

4   II.    ISSUES TO BE DECIDED .................................................................................. 2

5   III.   RELEVANT FACTUAL ALLEGATIONS ......................................................... 3

    IV.    THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS ................. 4

6          A.   Plaintiff's Title VII and FEHA Claims Fail ............................................ 5

7               1.   There Is No Individual Liability for These Claims ................................... 5

8               2.   Kirkland and the De Vries Defendants Are Not an Integrated
                     Enterprise or Joint Employers Under Title VII or FEHA .......................... 6

9                    a.   The Integrated Enterprise Theory Is Inapplicable Here ................. 6

10                   b.   Plaintiff Fails to Plausibly Plead Integrated Enterprise ................. 7

11                        (1)   Plaintiff fails to plausibly plead operational
                               interrelation ...................................................................... 8

12                        (2)   Plaintiff fails to plausibly plead common
                               management ...................................................................... 11

13                        (3)   Plaintiff fails to plead centralized labor relations
                               control ............................................................................. 12

14                        (4)   Plaintiff fails to plausibly plead common ownership
                               or financial control .......................................................... 13

15                   c.   The Joint Employer Theory Fails Under Title VII ...................... 14

16                   d.   The Joint Employer Theory Fails Under FEHA .......................... 16

17         B.   Plaintiff's SF Ordinance Claims Fail .................................................... 18

                1.   Plaintiff's SF Ordinance Claims Are Preempted ..................................... 18

18              2.   The SF Ordinance Does Not Apply to the De Vries Defendants ............. 19

19         C.   Plaintiff's Harassment Claim Fails Against the De Vries Defendants ................. 19

           D.   Plaintiff's Intentional Infliction of Emotional Distress Claim Fails Here ........... 20

20         E.   Plaintiff's NIED Claim Fails on Multiple Grounds**Error! Bookmark not defined.**

21         F.   Plaintiff Fails to Allege Defamatory Statements Against These Defendants ....... 21

22              1.   Any Purportedly Defamatory Statements Are Nonactionable
                     Statements of Opinion Under California Law ............................................ 22

23              2.   Any Purportedly Defamatory Statements Are Also Privileged ................. 23

24              3.   Plaintiff Has Not Pled Non-Privileged Publications ................................ 24

           G.   Plaintiff Pleads No Basis for Punitive Damages Against De Vries
25              Defendants ............................................................................................... 25

26   V.    CONCLUSION ................................................................................................. 25

27

28

DE VRIES MOTION TO DISMISS
                                                        [4:22-CV-05990-HSG]

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Agosto v. Altec, Inc.*,
No. 15-cv-2405, 2015 WL 13908080 (C.D. Cal. July 23, 2015)............................................ 5

5

*Alberter v. McDonald's Corp.*,
6 70 F. Supp. 2d 1138 (D. Nev. 1999) ................................................................... 8, 11

7

*Anderson v. Pac. Mar. Ass'n*,
336 F.3d 924 (9th Cir. 2003)..................................................................................... 6

8

*Arculeo v. On-Site Sales & Mktg., LLC*,
9 321 F. Supp. 2d 604 (S.D.N.Y. 2004), *aff'd on other grounds*, 425 F.3d 193
(2d Cir. 2005).................................................................................................. 15

10

*Arculeo v. On-Site Sales & Mktg., LLC*,
11 425 F.3d 193 (2d Cir. 2005)...................................................................................... 15

12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................... *passim*

13

*Barnes-Perrilliat v. S. of Mkt. Health Ctr.*,
14 No. 20-CV-02368-LB, 2020 WL 7428319 (N.D. Cal. Dec. 19, 2020).................................. 21

15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................... *passim*

16

*Bradley v. Harcourt, Brace & Co.*,
17 104 F.3d 267 (9th Cir. 1996).................................................................................... 5

18

*Brooks v. City of San Mateo*,
229 F.3d 917 (9th Cir. 2000)................................................................................... 17

19

*Caldrone v. Circle K Stores, Inc.*,
20 No. CV 21-749-GW-KKX, 2021 WL 6496746  (C.D. Cal. Aug. 2, 2021) ............................. 7

21

*Caplan v. Fellheimer Eichen Braverman & Kaskey*,
882 F. Supp. 1529 (E.D. Pa. 1995) ......................................................................... 5

22

*Cuenca v. Safeway San Francisco Employees Fed. Credit Union*,
23 180 Cal. App. 3d 985 (1986)................................................................................... 24

24

*D.W. v. Radisson Plaza Hotel Rochester*,
958 F. Supp. 1368 (D. Minn. 1997) ........................................................................ 9

25

*DaOro v. Eskaton*,
26 No. 2:11-CV-0960-KJM-JFM, 2013 WL 789120 (E.D. Cal. Mar. 1, 2013) ............ 6, 7, 15, 16

27

*Deaile v. Gen. Tel. Co. of Cal.*,
40 Cal. App. 3d 841 (1974)............................................................................. 23, 24

28

*Delaney v. Superior Fast Freight*,
    14 Cal. App. 4th 590 (1993)............................................................................ 18

*Dipaola v. JPMorgan Chase Bank*,
    No. C 11-2605 SI, 2011 WL 3501756 (N.D. Cal. Aug. 10, 2011) ........................................ 25

*EEOC v. Con-Way, Inc.*,
    No. CV 06-1337-MO, 2007 WL 2610367 (D. Or. Sept. 4, 2007) ....................... 11, 12, 13, 14

*EEOC v. Creative Networks, LLC*,
    No. 05-cv-3032, 2009 WL 777189 (D. Ariz. Mar. 19, 2009)................................................ 7

*Edwards v. U.S. Fid. & Guar. Co.*,
    848 F. Supp. 1460 (N.D. Cal. 1994) ............................................................................. 21

*Eisenberg v. Alameda Newspapers, Inc.*,
    74 Cal. App. 4th 1359 (1999)....................................................................................... 22

*Ferlauto v. Hamsher*,
    74 Cal. App. 4th 1394 (1999)....................................................................................... 23

*Frank v. U.S. W., Inc.*,
    3 F.3d 1357 (10th Cir. 1993)........................................................................................ 11

*Gathenji v. Autozoners, LLC*,
    703 F. Supp. 2d 1017 (E.D. Cal. 2010)......................................................................... 20

*Gould v. Md. Sound Indus., Inc.*,
    31 Cal. App. 4th 1137 (1995)....................................................................................... 23

*Haley v. Cohen & Steers Cap. Mgmt., Inc.*,
    871 F. Supp. 2d 944 (N.D. Cal. 2012) .......................................................................... 23

*Harper v. Robert J. Casey, Jr. & Assocs.*,
    No. 95-CV-7704, 1996 WL 363913 (E.D. Pa. June 28, 1996) .............................................. 5

*Haynal v. Target Stores*,
    No. 1996 WL 806706 (S.D. Cal. Dec. 19, 1996)............................................................. 21

*Herman v. Blockbuster Ent. Grp.*,
    18 F. Supp. 2d 304 (S.D.N.Y. 1998), *aff'd*, 182 F.3d 899 (2d Cir. 1999) ............................ 11

*Hutchinson v. Am. Family Mut. Ins. Co.*,
    No. CV-11-00785-TUC-CKJ, 2013 WL 1340051 (D. Ariz. Apr. 1, 2013) ......... 11, 14, 15, 17

*Jackson v. Mills Corp.*,
    No. C-07-00662 EDL, 2007 WL 2705215 (N.D. Cal. Sept. 14, 2007) ................................. 24

*Jaramillo v. Food 4 Less Madera*,
    No. 10-cv-1283-LJO, 2010 WL 4746170 (E.D. Cal. Nov. 16, 2010) ................................... 23

*Jensen v. Hewlett-Packard Co.*,
    14 Cal. App. 4th 958 (1993).................................................................................... 22, 23

*Jones v. Lodge at Torrey Pines P'ship*,
   42 Cal. 4th 1158 (2008) ........................................................................................ 5

*Kacludis v. GTE Sprint Commc'ns Corp.*,
   806 F. Supp. 866 (N.D. Cal. 1992) ...................................................................... 24

*Kang v. U. Lim Am., Inc.*,
   296 F.3d 810 (9th Cir. 2002).................................................................. 7, 8, 12, 13

*Kelley v. Corr. Corp. of Am.*,
   750 F. Supp. 2d 1132, 1147 (E.D. Cal. 2010) ..................................................... 25

*Kelly v. Gen. Tel. Co.*,
   136 Cal. App. 3d 278 (1982)............................................................................... 23

*Kennedy v. Kings Mosquito Abatement Dist.*,
   No. 12-cv-1458, 2013 WL 1129202 (E.D. Cal. Mar. 18, 2013)........................... 20

*King v. United Parcel Serv., Inc.*,
   152 Cal. App. 4th 426 (2007).............................................................................. 23

*Laird v. Cap. Cities/ABC, Inc.*,
   68 Cal. App. 4th 727 (1998), *overruled on other grounds by Reid v. Google,*
   *Inc.*, 50 Cal. 4th 512 (2010) ............................................................................... 7, 8

*Landucci v. State Farm Ins. Co.*,
   65 F. Supp. 3d 694 (N.D. Cal. 2014) .................................................................. 21

*Lenoble v. Best Temps, Inc.*,
   352 F. Supp. 2d 237 (D. Conn. 2005) ................................................................. 10

*Marsili v. Baker Places*,
   No. 03-cv-4491, 2003 WL 27396373 (N.D. Cal. Nov. 24, 2003) ......................... 18

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
   521 F.3d 1097 (9th Cir. 2008)............................................................................... 4

*Miller v. Maxwell's Int'l Inc.*,
   991 F.2d 583 (9th Cir. 1993)................................................................................ 5

*Opperwall v. State Farm Fire & Cas. Co.*,
   No. 17-CV-07083-YGR, 2018 WL 1243085 (N.D. Cal. Mar. 9, 2018) ................ 25

*Pruitt v. Genentech, Inc.*,
   No. 2:17-CV-00822-JAM-AC, 2017 WL 3641783 (E.D. Cal. Aug. 24, 2017)........ 24, 25

*Reno v. Baird*,
   18 Cal. 4th 640 (1998) ......................................................................................... 5

*Rhodes v. Sutter Health*,
   949 F. Supp. 2d 997 (E.D. Cal. 2013)............................................................. 7, 17

*Robomatic, Inc. v. Vetco Offshore*,
   225 Cal. App. 3d 270 (1990)............................................................................... 24

*Rudwall v. Blackrock, Inc.*,
  No. C06-2992 MHP, 2006 WL 3462792 (N.D. Cal. Nov. 30, 2006), *aff'd*, 289
  F. App'x 240 (9th Cir. 2008) ........................................................................ 22, 23, 24

*S. Home Care Servs., Inc. v. Visiting Nurse Servs., Inc. of S. Conn.*,
  No. 3:13-CV-00792 RNC, 2015 WL 4509425 (D. Conn. July 24, 2015) ............................. 8

*Schaffer v. GTE, Inc.*,
  40 F. App'x 552 (9th Cir. 2002) ................................................................................. 21

*Scott-George v. PVH Corp.*,
  No. 2:13-CV-0441-TLN-AC, 2016 WL 3959999 (E.D. Cal. July 22, 2016)
  ................................................................................................................ 9, 10, 11, 12

*Sheppard v. Freeman*,
  67 Cal. App. 4th 339 (1998) ....................................................................................... 20

*Summit Tech., Inc. v. High-Line Med. Instruments Co.*,
  922 F. Supp. 299 (C.D. Cal. 1996) ................................................................................ 5

*Taus v. Loftus*,
  40 Cal. 4th 683 (2007) ............................................................................................... 22

*Vernon v. State*,
  116 Cal. App. 4th 114 (2004) ...................................................................................... 17

*Walker v. Boeing Corp.*,
  218 F. Supp. 2d 1177 (C.D. Cal. 2002) ........................................................................ 24

*Washington v. Lowe's HIW Inc.*,
  75 F. Supp. 3d 1240 (N.D. Cal. 2014) .......................................................................... 20

*W. Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) ........................................................................................ 5

*Yau v. Santa Margarita Ford, Inc.*,
  229 Cal. App. 4th 144 (2014) ...................................................................................... 20

**Statutes**

42 U.S.C. § 2000e(b) ...................................................................................................... 14

Cal. Civ. Code § 47(c) .................................................................................................... 23

Cal. Civ. Code § 3294(a) ................................................................................................. 25

Cal. Civ. Code § 3294(c) ................................................................................................. 25

Cal. Gov't Code § 12926(d) ............................................................................................ 16

Cal. Gov't Code § 12940(a), (h), (k) ............................................................................... 16

S.F., Cal., Police Code art. 33, § 3301 ........................................................................... 19

**Other Authorities**

Cal. Const. art. XI, § 7 ................................................................................................. 18

Fed. R. Civ. P. 11 ........................................................................................................ 10

Fed. R. Civ. P. 12(b)(6) .......................................................................................... *passim*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE THAT at 2:00 p.m. on March 30, 2023, or as soon thereafter as counsel may be heard, in Courtroom 2 of this Court, 1301 Clay Street, Oakland, California 94612, before the Honorable Haywood S. Gilliam, Defendants Michael De Vries ("De Vries") and Michael W. De Vries, P.C. ("De Vries P.C.," collectively the "De Vries Defendants") will and do move for an Order dismissing all causes of action alleged against them in Plaintiff Zoya Kovalenko's Complaint on the grounds that Plaintiff fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the complete pleadings, and records on file herein, any matters of which the Court may or must take judicial notice, and such other evidence and arguments presented at the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

It is difficult to imagine how Plaintiff could have alleged *fewer* facts suggesting liability on the part of the De Vries Defendants. According to Plaintiff, when she interviewed for a Kirkland and Ellis associate job, De Vries praised her qualifications and stated he was very pleased with her candidacy. After her hire, De Vries, according to Plaintiff, praised her work on some assignments, and thanked her for her efforts. Compl. ¶¶88, 102 ("Mr. De Vries emailed the team thread complimenting Plaintiff's work"), *id.* ¶127 ("Mr. De Vries thanked Plaintiff again for her work"). Plaintiff does not allege harassing conduct by the De Vries Defendants; her Complaint is wholly bare of allegations of jokes, slurs, comments about gender, or any other inappropriate conduct.

Instead, in strained and defective efforts to create some suggestion of liability for her claims of discrimination, retaliation, and failure to take reasonable steps to prevent violations (though none exist), Plaintiff argues that the De Vries defendants are not really the individual partner and tax P.C. (of which he is the only director and agent) she pleads them to be. She admits that Kirkland hired, paid, employed, and terminated her, but claims that partner De Vries and his tax P.C. are also her employers subject to personal liability because they are allegedly "integrated enterprises" with

Kirkland and "joint employers." But Plaintiff fails to even come close to alleging a plausible factual basis for the legal requirements of either theory. And her claims, including those for tortious infliction of emotional distress and defamation, are barred by clear legal holdings rejecting each of these claims in this setting, as well as preemption doctrines and applicable privileges.

The De Vries Defendants vehemently deny Plaintiff's claims—which, with no supporting facts, paint a false picture of De Vries' well recognized integrity and decades-long commitment to mentorship, diversity, inclusion, and the highest standards of ethics, based on no more than a few hours of personal interaction during Plaintiff's short seven-month employment at the firm (while working remotely from the opposite coast). As discussed below, Plaintiff's claims are infused with fundamental and fatal defects, and each is meritless against the De Vries Defendants.

## II.   <u>ISSUES TO BE DECIDED</u>

1.     Should the Court dismiss Plaintiff's Title VII and FEHA claims (Counts 1, 2, 5, 6, 8, 9) because Plaintiff fails to plead plausibly that the De Vries Defendants were her employers?

2.     Should the Court dismiss Plaintiff's claims under the San Francisco Municipal Police Code (Counts 3 and 7) because the claims are preempted by the FEHA and Plaintiff has not alleged that any allegedly wrongful conduct by De Vries occurred in San Francisco (and in fact alleges that it occurred elsewhere)?

3.     Should the Court dismiss Plaintiff's Title VII Sex Harassment claim (Count 8) because her allegations state nonactionable run-of-the-mill personnel management actions that do not constitute harassment as a matter of law, and she has not pled facts showing severe or pervasive actionable conduct?

4.     Should the Court dismiss Plaintiff's Defamation claim (Count 10) because California law does not recognize claims for defamation arising from performance evaluations unless the employee is accused of "reprehensible personal characteristics or behavior" and Plaintiff cannot show publication of the alleged defamation?

5.     Should the Court dismiss Plaintiff's Intentional Infliction of Emotional Distress claim ("IIED," Count 11) because she has not pled facts showing "extreme and outrageous" conduct or that she suffered severe emotional distress?

6.      Should the Court dismiss Plaintiff's Negligent Infliction of Emotional Distress claim ("NIED," Count 12) because it is preempted by California's Worker's Compensation statute, is based on non-actionable personnel activity, and Plaintiff cannot show as a matter of law that the De Vries Defendants owed her the requisite duty?

7.      Should the Court dismiss Plaintiff's punitive damages claim because Plaintiff has not sufficiently pled facts supporting oppression, fraud or malice under *Twombly* and *Iqbal*?

### III.    RELEVANT FACTUAL ALLEGATIONS[1]

While Plaintiff names De Vries and De Vries P.C. as defendants to 11 of her 12 claims, her specific factual allegations about De Vries are sparse. And of those, only a small handful are relevant to this Motion. Plaintiff asserts that, in September 2020, she interviewed with De Vries, a partner in the firm's Intellectual Property Litigation group, for a position in the group. Compl. ¶9. De Vries was allegedly complimentary of Plaintiff and told her during the interview that she had "very impressive" credentials, and following the interview stated he was "very pleased with Plaintiff's interview and with her candidacy." *Id.* Later that same month, Kirkland extended Plaintiff an offer in the IP litigation group as an associate, which Plaintiff accepted. *Id.* ¶¶65-67.

Plaintiff acknowledges that she only worked with De Vries directly on one project during her employment: a witness examination outline for a jury trial. *Id.* ¶¶123, 126-27. All other times Plaintiff allegedly worked on De Vries' cases, other Kirkland partners supervised her. *Id.* ¶¶69, 72-73, 78, 89, 108, 111, 149-50, 192 n.58. The performance evaluation that De Vries submitted for Plaintiff (which is incorporated by reference into the Complaint) reflected their limited interactions and discussed only the witness examination outline project:

> I only worked directly with Zoya on one matter: a witness examination at the [client] trial. I generally did not think that Zola's work on that project was very good. We had an initial good discussion about it, but after that, the examination outline she worked on was incomplete and somewhat late. To be fair, I did say it was alright to send me the outline before it was complete; but given the timing and content of the outline she prepared, I had to go back to simply preparing a (separate) outline myself. In addition, it was difficult for me to follow the analysis in the outline. I readily acknowledge that this kind of project is a difficult one for someone who has

---

[1] Defendants treat Plaintiff's factual allegations as true for purposes of this motion to the extent Rule 12(b)(6) so requires, but as noted above, vehemently deny all allegations of wrongdoing.

not done it before, but even with that caveat, I think that Zoya could have done a better job on the work.

*See* Request for Judicial Notice ISO Mot. to Dismiss ("RJN"), Ex. A (client name removed) (ECF No. 29). In her Complaint, Plaintiff complains that De Vries' performance evaluation of her work is too long, false, and incomplete. Compl. ¶¶88, 103 n.24, 115 n.28, 126-28, 196-99, 210. Plaintiff further speculates—without specifics—that her performance evaluation was "published to and considered by at least around 118 individuals," including members of Kirkland's IP Litigation Associate Review Committee (ARC), Firmwide ARC, Associate Compensation Committee, and Firm Committee. *Id.* ¶¶222-23, 226. Plaintiff admits, however, that it was standard practice for members of these internal committees to review associate performance evaluations. *Id.* ¶223.

The only additional conduct Plaintiff attributes to De Vries is as follows: (1) De Vries assigned Plaintiff work and provided informal feedback (*id.* ¶¶86, 88, 102, 124, 127); (2) De Vries did not invite Plaintiff to join him on a chartered flight home after trial, to the West Coast, the opposite direction from which Plaintiff lives (the East Coast), but allegedly did invite a male associate (*id.* ¶129); (3) De Vries was aware of Plaintiff's allegedly heavy workload (*id.* ¶162); (4) De Vries wrote off time Plaintiff billed to Kirkland clients (*id.* ¶217); (5) De Vries purportedly assigned Plaintiff ministerial tasks that he did not assign to male associates (*id.* ¶119 n.31); and (6) De Vries failed to prevent harassment, discrimination, and retaliation (*id.* ¶¶352-54). Plaintiff asserts Kirkland terminated her on September 28, 2021 for poor performance. *Id.* ¶203. She does not allege any specific facts that suggest De Vries made the decision to terminate her.[2]

## IV.   THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face"); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pursuant to *Twombly* and *Iqbal*, the Court first sets aside any "conclusory statements" or "[t]hreadbare recitals of the elements" (*Iqbal*, 556 U.S. at 678

---

[2] Plaintiff's allegations regarding De Vries and De Vries P.C. constituting a joint employer or integrated enterprise with Kirkland are addressed in those Argument sections below.

(citing *Twombly*, 550 U.S. at 555)), as well as "unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *See Summit Tech., Inc. v. High-Line Med. Instruments Co.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (citing *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). The Court then determines if the complaint states a plausible claim. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Where a complaint pleads facts that are "merely consistent with" liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). If plaintiff's allegations do not bring her "claims across the line from conceivable to plausible, [her] complaint must be dismissed." *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### A.    **Plaintiff's Title VII and FEHA Claims Fail**

#### 1.    **There Is No Individual Liability for These Claims**

Individuals cannot be personally liable under Title VII. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).[3] Similarly, individuals cannot be personally liable for discrimination, retaliation or failure to prevent violations under FEHA. *See Reno v. Baird*, 18 Cal. 4th 640, 662-63 (1998) (no individual liability for FEHA discrimination); *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1164 (2008) (no individual liability for FEHA retaliation); *Agosto v. Altec, Inc.*, No. 15-cv-2405, 2015 WL 13908080, at *6 (C.D. Cal. July 23, 2015) (no individual liability for FEHA failure to prevent claim).[4] De Vries and De Vries P.C. must be dismissed from Claims 1, 2, 5, 6, 8 and 9.

---

[3] This general rule applies to law firm partners. *See, e.g.*, *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 882 F. Supp. 1529 (E.D. Pa. 1995) (granting motion to dismiss; law firm managing partner not "employer," thus not liable under Title VII); *Harper v. Robert J. Casey, Jr. & Assocs.*, No. 95-CV-7704, 1996 WL 363913, at *1 (E.D. Pa. June 28, 1996) (granting motion to dismiss; "managing attorney" and "principal" of law firm cannot be individually liable because individual liability inconsistent with Title VII's language and framework).

[4] Plaintiff's discrimination allegations are also implausible given her admission that De Vries was impressed by her credentials and pleased with her candidacy at hire. *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270-71 (9th Cir. 1996) ("where the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive").

**2.**   **Kirkland and the De Vries Defendants Are Not an Integrated Enterprise or Joint Employers Under Title VII or FEHA**

To avoid these fundamental legal principles, Plaintiff alleges that the De Vries Defendants are "employers" subject to Title VII and FEHA liability because: (1) Kirkland and the De Vries Defendants "formed a single integrated enterprise" (Compl. ¶¶254, 297); and (2) Kirkland and the De Vries Defendants were "joint employers of Plaintiff" (*id.* ¶¶249, 297).[5] Both allegations are meritless. As detailed below, the integrated enterprise theory is inapplicable here, and even if it applied, Plaintiff fails to plead plausibly that Kirkland and the De Vries Defendants formed an integrated enterprise. The joint employment theory fails because Plaintiff does not plead plausibly that she was jointly employed by Kirkland and the De Vries Defendants.

**a.**   **The Integrated Enterprise Theory Is Inapplicable Here**

Under Title VII, the integrated enterprise test "does not determine joint *liability* . . . but instead determines whether a defendant *can meet the statutory criteria* of an 'employer' for Title VII applicability." *Anderson v. Pac. Mar. Ass'n*, 336 F.3d 924, 928 (9th Cir. 2003) (emphasis in original). "According to the *Anderson* court, the integrated enterprise test is relevant when a plaintiff alleges that her direct employer has committed discriminatory conduct but the direct employer **cannot be held liable under Title VII because it has fewer than fifteen employees**." *DaOro v. Eskaton*, No. 2:11-CV-0960-KJM-JFM, 2013 WL 789120, at *4 (E.D. Cal. Mar. 1, 2013) (emphasis added) (citing *Anderson*, 336 F.3d at 929). "**But, when there is no dispute that at least one defendant qualifies as an employer under Title VII, the integrated enterprise test is inapplicable**." *Id.* (emphasis added) (internal quotation marks omitted).

Here, Plaintiff alleges that "Kirkland had at least 15 employees . . . on its payroll for each working day in each of 20 or more calendar weeks in 2020, 2021, and 2022" (Compl. ¶249), and Kirkland does not dispute this allegation. Accordingly, "there is no dispute that at least one defendant"—here, Kirkland—"qualifies as employer under Title VII," and "the integrated

---

[5] Plaintiff also alleges in a conclusory fashion that the De Vries Defendants are liable under Title VII pursuant to additional theories including agency, alter ego, joint venture, and joint tortfeasor. Compl. ¶¶248, 289. These naked legal conclusions are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss, and in any event they do not overcome the insufficient number of employees required. *Iqbal*, 556 U.S. at 679.

1    enterprise test is inapplicable." *DaOro*, 2013 WL 789120, at *4 (integrated enterprise test

2    inapplicable because employer met 15-employee threshold for Title VII liability); *see also EEOC*

3    *v. Creative Networks, LLC*, No. 05-cv-3032, 2009 WL 777189, at *7 n.3 (D. Ariz. Mar. 19, 2009)

4    (integrated enterprise test has "no application if there is an otherwise qualified employer subject to

5    suit in the case"; dismissing defendant parent company and its subsidiary:  "there is no indication

6    by any party that Creative Networks does not employ at least fifteen employees. Since Creative

7    Networks is a defendant in the present case, the Court finds that the integrated enterprise test is

8    inapplicable"). It is undisputed that Kirkland was Plaintiff's employer, thus the integrated enterprise

9    theory is inapplicable to the De Vries Defendants.

10            The integrated enterprise theory also fails under FEHA because it is applicable only to

11   parent and subsidiary corporate relationships. *See Rhodes v. Sutter Health*, 949 F. Supp. 2d 997,

12   1006 (E.D. Cal. 2013) (California law limits integrated enterprise test "to determining whether

13   corporations having a parent-subsidy relationship are interrelated"); *Caldrone v. Circle K Stores,*

14   *Inc.*, No. CV 21-749-GW-KKX, 2021 WL 6496746, at *5 (C.D. Cal. Aug. 2, 2021) (California

15   cases "appear to limit the application of integrated enterprise test to determine only whether a

16   corporate parent can be held liable for the acts of its subsidiary"). Plaintiff does not allege a parent

17   and subsidiary corporate relationship between and among Kirkland, De Vries, and De Vries P.C.

18   Accordingly, the theory also does not apply to Plaintiff's FEHA claims.

19                    **b.     Plaintiff Fails to Plausibly Plead Integrated Enterprise**

20            Even if the integrated enterprise theory were applicable here, Plaintiff fails to plead

21   plausibly that Kirkland and the De Vries Defendants formed an integrated enterprise. The Ninth

22   Circuit "applies a four-part test to determine whether two entities are an integrated enterprise for

23   purposes of Title VII coverage. The four factors are: (1) interrelation of operations; (2) common

24   management; (3) centralized control of labor relations; and (4) common ownership or financial

25   control." *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 815 (9th Cir. 2002) (internal citation and

26   quotation marks omitted). The same four-factor integrated enterprise test applies to FEHA. *See*

27   *Laird v. Cap. Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737 (1998), *overruled on other grounds by*

28

1    *Reid v. Google, Inc.*, 50 Cal. 4th 512 (2010).[6] Plaintiff has failed to plausibly plead *any* of these

2    four factors.

3                              **(1)      Plaintiff fails to plausibly plead operational interrelation**

4          Plaintiff has not plausibly pled the first factor—interrelation of operations. The hallmarks

5    of interrelation of operations are the sharing of bank accounts, books, lines of credit, payroll

6    accounts, personnel records, locations and tax returns. *See Kang*, 296 F.3d at 815 (interrelation of

7    operations factor weighed in favor of integrated enterprise because companies shared a single

8    factory and one kept the other's accounts, issued its paychecks, and paid its bills); *see also Alberter*

9    *v. McDonald's Corp.*, 70 F. Supp. 2d 1138, 1143 (D. Nev. 1999) (no integrated enterprise where

10   corporations had separate bank accounts, books, accounting records, lines of credit, payroll

11   accounts, personnel records and separate tax identification numbers).

12         Plaintiff does not focus her allegations on the hallmarks of interrelated operations. Instead,

13   she alleges that the individual defendants performed supervisory duties in that they: (1) "updated

14   and sent Kirkland's official policy manual" (Compl. ¶257); (2) "entered into contracts and filed

15   papers on Kirkland's behalf" (*id.* ¶266); (3) "held . . . spots on several relevant committees" (*id.*

16   ¶267); and (4) "had full authority . . . to hire 10 . . . associates and/or non-share partners" (*id.* ¶268).

17   But these allegations are entirely consistent with conduct not implicating interrelation of operations;

18   they suggest instead that De Vries and other individual defendants were managers and agents of

19   Kirkland and acted with authority consistent with those roles. Because Plaintiff's allegations are

20   perfectly consistent with commonplace conduct of law firm partners acting as such, they cannot

21   satisfy the test's first factor. *See Iqbal*, 556 U.S. at 682 (rejecting discrimination claims as

22   implausible where there was an "obvious alternative explanation" for challenged acts); *Twombly*,

23   550 U.S. at 567-68 (rejecting conspiracy claims as implausible where history and market forces

24   provided "a natural explanation"); *S. Home Care Servs., Inc. v. Visiting Nurse Servs., Inc. of S.*

25   *Conn.*, No. 3:13-CV-00792 RNC, 2015 WL 4509425, at *7 (D. Conn. July 24, 2015) (allegations

26   ─────────────────
     [6] "An employee who seeks to hold a parent corporation liable for the acts or omissions of its
27   subsidiary on the theory that the two corporate entities constitute a single employer has a heavy
     burden to meet under both California and federal law. Corporate entities are presumed to have
28   separate existences, and the corporate form will be disregarded only when the ends of justice require
     this result." *Laird*, 68 Cal. App. 4th at 737.

DE VRIES MOTION TO DISMISS
                                                     [4:22-CV-05990-HSG]

1   "perfectly consistent with innocent conduct cannot survive a 12(b)(6) motion").[7]

2   Plaintiff further alleges that Kirkland and the individual defendants (including the De Vries

3   Defendants) shared services and personnel, contending that the individual defendants shared: (1)

4   Kirkland's Legal Recruiting and Development ("LRD") department in connection with issuing

5   Plaintiff's evaluation (Compl. ¶¶258, 260) and to track bar licensure records (*id.* ¶259); and (2)

6   "personnel, including without limitation Plaintiff, other associates, paralegals, case assistants, and

7   practice assistants" and "managers" to perform work (*id.* ¶¶261-62). These allegations are also

8   wholly insufficient to state a plausible claim of interrelation of operations. *First*, the allegations are

9   consistent with conduct typical of and consistent with partners' duties and responsibilities. *Second*,

10  Plaintiff does not allege with specificity how these services were used on behalf of and <u>for the</u>

11  <u>benefit of the De Vries Defendants</u> rather than on behalf of and for <u>the benefit of Kirkland</u>. *Third*,

12  sharing of administrative services alone is insufficient to establish interrelation of operations as a

13  matter of law. *See Scott-George v. PVH Corp.*, No. 2:13-CV-0441-TLN-AC, 2016 WL 3959999,

14  at *5 (E.D. Cal. July 22, 2016) (sharing of administrative services, such as payroll and human

15  resource services, "does not suffice to show an integrated enterprise").

16  Plaintiff further alleges that Kirkland and the individual defendants, including the De Vries

17  Defendants, shared "use of office space, equipment, and storage." Compl. ¶263. As examples,

18  Plaintiff contends that "Kirkland shared with each of its co-Defendants . . . office space, equipment,

19  and storage in April 2021 at a trial site in Texas, when Plaintiff attended trial with them." *Id.* She

20  contends that Kirkland shared office space with individual defendants when they worked from

21  home and met virtually to interview her and to discuss a case. *Id*. These allegations are also plainly

22  insufficient to establish plausible interrelation of operations. *First*, they are consistent with conduct

23  not implicating interrelation of operations; the use of office space, equipment and storage to

---

[7] Plaintiff's alleged typical supervisory conduct and authority cannot state a plausible integrated enterprise because this would effectively make every manager personally liable, eliminating Title VII's prohibition on supervisor liability. *See D.W. v. Radisson Plaza Hotel Rochester*, 958 F. Supp. 1368, 1375 (D. Minn. 1997) (rejecting individual supervisor liability under Title VII pursuant to integrated enterprise theory).

DE VRIES MOTION TO DISMISS
[4:22-CV-05990-HSG]

conduct law firm business, including trying a case[8] and meeting with associates, is typical of and consistent with responsibilities of a law firm and its partners. *Second*, Plaintiff again does not allege with specificity how the office space, equipment and storage was used on behalf of and for the benefit of the De Vries Defendants, rather than on behalf of and for the benefit of Kirkland alone. *Third*, shared office space, without more, is insufficient to establish interrelation of operations. *Lenoble v. Best Temps, Inc*., 352 F. Supp. 2d 237, 244-45 (D. Conn. 2005) ("Given the preservation of corporate distinctions, the court finds that the sharing of office space, in and of itself, is not a conclusive demonstration of interrelated operations . . . .").

Plaintiff also alleges that all "co-Defendants shared the same accounting firm and, on information and belief, payroll." Compl. ¶256. This does not establish operational connections, but only that each chose to use the same service provider to handle tax issues. *See Scott-George*, 2016 WL 3959999, at *5; *see also Lenoble*, 352 F. Supp. 2d at 244-45 (sharing same accountant insufficient to establish interrelation of operations). And Plaintiff's only specific payroll allegation is that Kirkland's accounting firm uses "Kirkland payroll and billing information, to prepare tax filings" for the individual defendants. Compl. ¶256. Sharing payroll *information*, which the law requires of employers, obviously differs significantly from sharing a payroll *account*. The latter suggests the intermixing and integration of finances, a hallmark of interrelated operations; the former does no such thing.

Finally, Plaintiff alleges "Kirkland and Owner/Officer Defendants[9] operated and continue to operate Kirkland, Owner/Officer Defendants, and PC Partner Defendants[10] as a single unit by conflating and treating interchangeably the Owner/Officer Defendants with PC Partner Defendants in public-facing marketing materials." Compl. ¶265 (*Michael W. DeVries, P.C.*, Kirkland & Ellis LLP, https://www.kirkland.com/lawyers/d/de-vries-michael-w-pc (last visited Sept. 16, 2022) (describing "Michael W. DeVries, P.C." as a "Partner" of Kirkland while stating, among other

---

[8] Plaintiff does not allege (nor could she, consistent with her Rule 11 obligations), that the client had an engagement agreement with the De Vries Defendants.

[9] Plaintiff defines the "Owner/Officer Defendants" as Adam Alper, Michael De Vries, Akshay Deoras, and Leslie Schmidt. Compl. ¶21.

[10] Plaintiff defines the "PC Defendants" as Adam R. Alper, P.C.; Michael W. DeVries, P.C.; Akshay S. Deoras, P.C.; and Leslie M. Schmidt, P.C. Compl. ¶21.

things, "Mike is a member of the Kirkland practices [receiving praise for intellectual property litigation]" and "Mike is a key figure in the Firm's patent practice")). This allegation at most suggests that Kirkland's website used a shortened form of the individual defendants' names, omitting corporation designations; it suggests nothing plausible as to operational interrelations.

For these reasons, Plaintiff has failed to plead plausibly that she has satisfied even the first factor of the integrated enterprise test. *See Alberter*, 70 F. Supp. 2d at 1143; *see also Hutchinson v. Am. Family Mut. Ins. Co.*, No. CV-11-00785-TUC-CKJ, 2013 WL 1340051, at *11 (D. Ariz. Apr. 1, 2013) (no interrelation of operations where no evidence of shared facilities or bank accounts or indication companies paid each other's bills and paychecks).

## (2)   Plaintiff fails to plausibly plead common management

Plaintiff fails to plausibly plead the second factor of the integrated enterprise test: common management. Under this factor, the Court considers "whether the entities have common officers, directors, and managers." *EEOC v. Con-Way, Inc.*, No. CV 06-1337-MO, 2007 WL 2610367, at *5 (D. Or. Sept. 4, 2007). One is insufficient. *Scott-George*, 2016 WL 3959999, at *5 ("One common manager is insufficient to establish a disputed material fact under this prong of the integrated enterprise test.") (quoting *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1364 (10th Cir. 1993)). In examining this prong, "the court is looking for evidence that the common officers or managers 'wore the two companies' hats interchangeably' during their dual service." *Con-Way*, 2007 WL 2610367, at *5 (quoting *Herman v. Blockbuster Ent. Grp.*, 18 F. Supp. 2d 304, 313 (S.D.N.Y. 1998), *aff'd*, 182 F.3d 899 (2d Cir. 1999)).

Here, Plaintiff alleges that each Owner/Officer Defendant "serves as the sole owner, director, and officer" of each Partner Defendant. Compl. ¶21. Thus, at most, there can only be one common manager between and among each P.C. Partner Defendant and Kirkland. For example, because De Vries "serves as the sole owner, director, and officer" of De Vries P.C., the only common manager between Michael W. De Vries, P.C. and Kirkland can be De Vries. Further, because each Owner/Officer Defendant "serves as the sole owner, director, and officer" of each P.C. Partner Defendant (Compl. ¶21) there can be no managerial overlap between and among each P.C. Partner Defendant. For example, because De Vries serves as the sole owner, director, and

officer of Michael W. De Vries, P.C., that corporation cannot have Leslie M. Schmidt, P.C. as a common manager. Because, as pled, there can only be at most one common manager between and among each P.C. Partner Defendant and Kirkland, and between and among each P.C. Partner Defendant, Plaintiff does not plausibly allege common management. *Scott-George*, 2016 WL 3959999, at *5.

In addition, Plaintiff's allegations do not state a plausible claim because they are entirely consistent with conduct not implicating common management. De Vries' management of Plaintiff and performance evaluation (Compl. ¶271) is consistent with law firm partner duties. Thus, it is insufficient to state a plausible claim that the De Vries Defendants "wore . . . two companies' hats interchangeably during their [alleged] dual service." *Con-Way*, 2007 WL 2610367, at *5. Plaintiff fails to plausibly plead the integrated enterprise test's second factor as to these Defendants.

### (3)   Plaintiff fails to plead centralized labor relations control

Plaintiff fails to plausibly plead the third and most critical factor of the integrated enterprise test—centralized control of labor relations. *Kang*, 296 F.3d at 815. Plaintiff alleges that the De Vries Defendants (1) made unspecified employment decisions concerning Plaintiff's termination without any concrete facts tying De Vries to those decisions  (Compl. ¶273); (2) screened Plaintiff and decided to employ her on behalf of Kirkland (*id*.); (3) were members of firm committees that managed its operations, including committees involved in Plaintiff's review (without alleging the De Vries Defendants were actually on such committees, *id*. ¶¶274, 276); (4) were listed as reporting contacts in Kirkland's anti-harassment policy (*id*. ¶275); (5) maintained personnel documents such as Plaintiff's review as part of their duties on firm committees (*id*. ¶277); (6) upon information and belief, caused Plaintiff's W-2 to be sent improperly (*id.*); and (7) used the services of Kirkland's chief Human Resources officer to conduct an investigation after she was terminated (*id*. ¶278).

These allegations are insufficient because they suggest nothing more than that De Vries was an agent of Kirkland and engaged in acts consistent with that. Certainly law firm partners are expected to contribute variously to certain employment decisions regarding termination and hiring, serve on committees and as contacts under firm policies, and maintain and distribute personnel

documents in their roles as managers of their firms.[11] And Plaintiff's allegations make clear that Kirkland alone exercised control of labor relations in connection with her employment, confirming that: (1) she received her offer from Kirkland (Compl. ¶66); (2) Kirkland paid Plaintiff and issued her W-2 tax form (*id*. ¶¶234, 250(b)); (3) "Kirkland fired [her]" (*id*. ¶233); and (4) Kirkland was allegedly responsible for delaying her unemployment benefits (*id*.). *See also* RJN, Exs. A-D.

Plaintiff also alleges "[i]nter-company transfers and promotions of personnel were common," stating "Owner/Officer Defendants had been employed by Kirkland prior to becoming employees (officers) of PC Defendants." Compl. ¶279. But Owner/Officer Defendants having been Kirkland employees before creating personal tax P.C.s says nothing as to whether Kirkland was a parent company that "directly interfered with" Owner/Officer Defendants' "hiring, firing, and other employment practices" during Plaintiff's employment, which is required to establish this element. *See Con-Way*, 2007 WL 2610367, at *6. Plaintiff has failed to plausibly plead the integrated enterprise test's third and most important factor: centralized control of labor relations.

### (4)    Plaintiff fails to plausibly plead common ownership or financial control

Plaintiff also has failed to plausibly plead common ownership or financial control, the fourth factor of the test. Because each Owner/Officer Defendant "serves as the sole owner, director, and officer" of each P.C. Partner Defendant (Compl. ¶21), there can be no ownership overlap between and among each P.C. Partner Defendant. For example, because De Vries is the sole owner of Michael W. De Vries, P.C., that P.C. cannot have Leslie M. Schmidt, P.C. as a common owner. Further, Plaintiff's allegation that "each PC Defendant held partnership interest in Kirkland" (*id*. ¶281) does not establish common ownership between and among Kirkland and the De Vries Defendants because Plaintiff has not claimed (and cannot truthfully allege) that Kirkland, an international firm with hundreds of partners, is wholly (or anything close to wholly) owned by De Vries. *Compare Kang*, 296 F.3d at 816 (fourth factor of integrated enterprise test met where two companies were "owned and controlled by the same person"). In any event, "[c]ommon ownership

---

[11] These allegations are also insufficient to state a plausible claim for centralized control of labor relations because they say nothing about the alleged control of those relations between and among the Individual Defendants. The Complaint contains, for example, no facts suggesting that Leslie M. Schmidt, P.C. made decisions regarding hiring and termination for Michael W. De Vries, P.C.

standing alone is insufficient to establish single employer liability." *Con-Way*, 2007 WL 2610367, at *6.

With respect to financial control, Plaintiff has not alleged, for example, that Kirkland and the De Vries Defendants share bank or payroll accounts, that they rely on each other for financial support, or that they make purchases on behalf of each other. Instead, Plaintiff alleges that the De Vries Defendants are members of certain Kirkland committees, that they purportedly managed Plaintiff, and departed from standard practice and procedure regarding her evaluation. *See* Compl. ¶¶281-82, 284. These allegations are consistent with De Vries simply performing Kirkland partner duties and responsibilities. Committee membership and associate management and evaluation are typical law firm partner tasks, an "obvious alternative" and "natural explanation" for the conduct Plaintiff alleges. *See Iqbal*, 556 U.S. at 682; *Twombly*, 550 U.S. at 567-68.[12]

Plaintiff has failed to plausibly plead *any* of the four factors of the integrated enterprise test. The De Vries Defendants cannot be liable under Title VII or FEHA pursuant to an integrated enterprise theory, and all claims against them under those statutes must be dismissed.

### c.      The Joint Employer Theory Fails Under Title VII

Plaintiff fails to allege plausibly that the De Vries Defendants meet Title VII's 15-employee numerosity requirement under a joint employment theory, and further fails to allege facts that cross the line from "consistent with joint employment" to "plausible."  Title VII defines an "employer" that can commit an "unlawful employment practice" as a "person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. § 2000e(b). But Plaintiff has not pled (and cannot truthfully allege) that De Vries or De Vries P.C. employs the requisite number of employees to satisfy Title VII's 15-employee threshold for employer liability. Instead, she alleges that Kirkland and the De Vries Defendants "jointly employed at least 15 or more individuals (e.g., associates, paralegals, and practice assistants) on each working day in each of 20 or more calendar

---

[12] With respect to financial control, Plaintiff also alleges that Kirkland and the De Vries Defendants used the same accounting firm. Compl. ¶283. This allegation does not come close to establishing that Kirkland and the De Vries Defendants shared common financial control, but instead, only that they chose to use the same third-party service provider.

1    weeks." Compl. ¶249.[13]

2        Plaintiff fails to state a plausible claim that Kirkland and the De Vries Defendants each

3    jointly employed the 14 other employees necessary to meet Title VII's 15-employee threshold. Her

4    allegations do not specifically address any employees other than herself. *Id.* ¶¶249-53; *see*

5    *Hutchinson*, 2013 WL 1340051, at *10 ("[T]he Court will not combine all the employees of both

6    entities, but only supplement Wadlund's employee total by those employees that are jointly

7    employed by both Wadlund and American Family.").

8        Moreover, Plaintiff fails to plead facts that joint employment is plausible. In determining

9    whether a joint employer relationship exists, the Ninth Circuit uses an economic reality test that

10    takes into account all factors relevant to the particular situation, including whether the alleged joint

11    employer: (1) supervised the employee, (2) had the power to hire and fire her, (3) had the power to

12    discipline her, and (4) supervised, monitored and/or controlled the employee and her work site.

13    *DaOro*, 2013 WL 789120, at *4.

14        In support of her theory, Plaintiff alleges that: (1) Defendants had the right to exercise where

15    Plaintiff performed her job and exercised that right (Compl. ¶250(a)); (2) she was supervised by

16    Defendants, worked for them and was paid for the work (*id.* ¶250(b)); (3) she was assigned work

17    by Defendants (*id.* ¶250(c)); (4) Defendants set hours of work and duration of assignments on which

18    Plaintiff worked and of her job (*id.* ¶250(d)); (5) each Defendant was in the business of providing

19    legal services (*id.* ¶250(e)); (6) Defendants provided input into an unfair evaluation, resulting in

20    her termination (*id.* ¶250(f)); (7) De Vries "interviewed and approved Plaintiff" (*id*. ¶250(g)); and

21

22    _____

     [13] The Ninth Circuit has not decided whether a joint employment theory permits aggregation of
23    employees to meet the 15-employee threshold. One District Court within the Ninth Circuit has
     aggregated employees of allegedly joint employers, but **only to the extent that the individual**
24    **employees were jointly employed**. *See Hutchinson*, 2013 WL 1340051, at *10; *see also Arculeo
     v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 199 (2d Cir. 2005) ("A joint undertaking by two
25    entities with respect to employment may furnish justification for adding to the employees of one
     employer those employees of another who are jointly employed by the first, but such joint
26    undertaking *does not furnish logical justification for adding together all the employees of both
     employers, unless the circumstances justify the conclusion that all the employees of one are jointly
27    employed by the other*.") (emphasis added). At least one court has held that employees of alleged
     joint employers cannot be aggregated to meet Title VII's numerosity requirement. *Arculeo v. On-
28    Site Sales & Mktg., LLC*, 321 F. Supp. 2d 604, 612 (S.D.N.Y. 2004), *aff'd on other grounds*, 425
     F.3d 193 (2d Cir. 2005).

                                                              DE VRIES MOTION TO DISMISS
                                                              [4:22-CV-05990-HSG]

1   (8) each Defendant furnished Plaintiff tools, materials, and equipment (*id.* ¶250(j)).[14]

2        These allegations do not state a plausible claim of joint employment because they are wholly

3   consistent with an alternative explanation—that De Vries was simply performing his partner

4   responsibilities (e.g., supervising Plaintiff, assigning work, setting work hours, etc.) for Kirkland

5   and Plaintiff was simply a Kirkland employee.[15] *Cf. DaOro*, 2013 WL 789120, at *6 (no joint

6   employment because plaintiff failed to provide facts showing parent company "was her employer

7   **independently**" from subsidiary company, her direct employer (emphasis added)). This is

8   especially true considering her other allegations, which make crystal clear that Plaintiff's

9   employment was with Kirkland and not the De Vries Defendants, including her allegations that: (1)

10   she received her offer from Kirkland (Compl. ¶66); (2) Kirkland directly paid Plaintiff and issued

11   her W-2 tax form (*id.* ¶¶234, 250(b)); (3) "Kirkland fired Plaintiff" (*id.* ¶233); and (4) Kirkland

12   was responsible for delaying her unemployment benefits (*id.*). *See also* RJN, Exs. A-D.

13           **d.**    **The Joint Employer Theory Fails Under FEHA**

14        Plaintiff fails to plead plausibly that De Vries and De Vries P.C. meet the FEHA's five

15   employee numerosity requirement under a joint employment theory, and further fails to allege facts

16   that cross the line from consistent with joint employment to plausible.

17        The FEHA prohibits "an employer" from engaging in discrimination, retaliation, or failing

18   to take all reasonable steps necessary to prevent discrimination from occurring. Cal. Gov't Code §

19   12940(a), (h), (k). FEHA defines "Employer" to include any person regularly employing five or

20   more persons. *Id.* § 12926(d).

21        Plaintiff alleges that "[e]ach of Defendants Kirkland and each PC Defendant is an employer

22   within the meaning of FEHA, e.g., because each such Defendant is a person within the meaning of

23   FEHA regularly employing five or more persons, or is a person acting as an agent of an employer

---

[14] Plaintiff also alleges she was "paid bimonthly rather than the agreed cost of performing a particular assignment" and "did not hire and pay assistants." Compl. ¶¶250(i), (k). This is irrelevant to joint employment; it relates to her being an employee not a contractor, which is not in dispute. She alleges she "believed that she and each Defendant were creating an employer-employee relationship." *Id.* ¶250(h). But her belief is not relevant to the economic realities test factors.

[15] Plaintiff's allegations, which center on typical supervisor conduct, cannot state a plausible joint employment claim because this would effectively make every supervisor and manager personally liable, eliminating altogether Title VII's prohibition on supervisor liability.

(e.g., another Defendant), directly or indirectly." Compl. ¶298. The only support for this bare bones legal conclusion (which is not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 678), is the allegation that Kirkland and the individual defendants allegedly "jointly employed at least 15 or more individuals." Compl. ¶249. But as discussed above, Plaintiff cannot aggregate all employees of both alleged joint employers; only those employees shown to have been jointly employed can be aggregated. *See Hutchinson*, 2013 WL 1340051, at *11; *Arculeo*, 425 F.3d at 199; *see also Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) ("Title VII and FEHA operate under the same guiding principles"). Plaintiff fails to allege plausibly that she, let alone any other employee, was jointly employed by Kirkland, De Vries, and De Vries P.C. Consequently, she fails to meet FEHA's five-employee numerosity requirement as to De Vries and De Vries P.C.

Plaintiff also fails to plead plausibly the joint employment test. "In determining whether a defendant is a joint employer under the FEHA, courts consider the totality of the circumstances bearing on the nature of the work relationship of the parties, with an emphasis on the extent to which the defendant controls the plaintiff's performance of employment duties." *Rhodes*, 949 F. Supp. 2d at 1003. Factors to be taken into account include:

> [P]ayment of salary or other employment benefits and Social Security taxes, the ownership of the equipment necessary to performance of the job, the location where the work is performed, the obligation of the defendant to train the employee, the authority of the defendant to hire, transfer, promote, discipline or discharge the employee, the authority to establish work schedules and assignments, the defendant's discretion to determine the amount of compensation earned by the employee, the skill required of the work performed and the extent to which it is done under the direction of a supervisor, whether the at work is part of the defendant's regular business operations, the skill required in the particular occupation, the duration of the relationship of the parties, and the duration of the plaintiff's employment.

*Id.* (quoting *Vernon v. State*, 116 Cal. App. 4th 114, 125 (2004)). "Of these factors, the extent of the defendant's right to control the means and manner of the workers' performance is the most important. A finding of the right to control employment requires . . . a comprehensive and immediate level of 'day-to-day' authority over employment decisions." *Id.* (internal quotation marks and citations omitted).

Here, Plaintiff's joint employment allegations, as detailed in Section IV.A.2.c, *supra*, do

not state plausibly that she was jointly employed, because the allegations are entirely consistent with an explanation not implicating joint employment—namely, that De Vries was simply performing responsibilities as a Kirkland partner (e.g., supervising Plaintiff, assigning her work, setting her work hours, etc.) and Plaintiff was simply a Kirkland employee. This, coupled with Plaintiff's allegations that she received her offer from Kirkland (Compl. ¶66), Kirkland directly paid her and issued her a W-2 tax form (*id.* ¶¶234, 250(b)), "Kirkland fired Plaintiff" (*id.* ¶233), and Kirkland was responsible for delaying her unemployment benefits (*id.*) make plain that her employment relationship was only with Kirkland and not the De Vries Defendants.

In any event, even if Plaintiff's allegations were sufficient to allege plausibly that Kirkland and the De Vries Defendants were **Plaintiff's** joint employer, she fails to allege facts stating plausibly that each jointly employed **four other employees** necessary to meet FEHA's five-employee threshold for employer liability. Plaintiff's allegations simply do not specifically address any employees other than herself. *Id.* ¶¶249-53. She thus fails to plead plausibly that the De Vries Defendants meet FEHA's five-employee numerosity requirement under a joint employment theory. Plaintiff's FEHA claims against the De Vries Defendants must be dismissed.[16]

### B.   **Plaintiff's SF Ordinance Claims Fail**

#### 1.   **Plaintiff's SF Ordinance Claims Are Preempted**

As Kirkland argues in its Motion to Dismiss and the De Vries Defendants incorporate by reference here, FEHA preempts Plaintiff's Third and Seventh Causes of Action under San Francisco's Municipal Police Code ("Code") because the local anti-discrimination ordinance serves the same purpose as FEHA. *See Kirkland Mot. to Dismiss at 9-10, ECF No. 24; Compl. ¶¶319-24, 338-42; Delaney v. Superior Fast Freight*, 14 Cal. App. 4th 590, 596-98 (1993) (local ordinance preempted; it "has the same purpose as the FEHA, to outlaw discrimination"); *Marsili v. Baker Places*, No. 03-cv-4491, 2003 WL 27396373, at *3-4 (N.D. Cal. Nov. 24, 2003) (dismissing Code claim as preempted by FEHA). Thus, Plaintiff's Third and Seventh claims must be dismissed with

---

[16] Plaintiff also conclusorily alleges that the De Vries Defendants are liable under the FEHA pursuant to a host of additional theories including agency, alter ego and joint venture. Compl. ¶297. These naked legal conclusions are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679.

1    prejudice against De Vries and De Vries P.C.

2            **2.      The SF Ordinance Does Not Apply to the De Vries Defendants**

3            The California Constitution prohibits the extraterritorial application of a municipality's

4    police power. *See* Cal. Const. art. XI, § 7 ("A county or city may make and enforce within its limits

5    all local police, sanitary, and other ordinances and regulations not in conflict with general laws.");

6    *see also* S.F., Cal., Police Code art. 33, § 3301 ("It is the policy of the City and County of San

7    Francisco to eliminate discrimination . . . ***within the City and County***.") (emphasis added). Thus,

8    to state a claim under the San Francisco Police Code, a plaintiff must allege that the defendant

9    committed the allegedly wrongful conduct in San Francisco.

10           But Plaintiff fails to plead that *any* of her interactions with De Vries, whether purportedly

11   positive or negative, occurred in San Francisco. Moreover, she admits De Vries was based in Los

12   Angeles, resided and resides in southern California, and De Vries P.C. has its principal place of

13   business in Los Angeles. Compl. ¶¶25, 293; *see also* ¶45 (both "were based during all relevant

14   times" in Los Angeles); ¶48 (De Vries residence); ¶293 ("De Vries was based out of an office in

15   Los Angeles"). She also admits that De Vries "interviewed Plaintiff via Zoom" from that personal

16   residence. *Id.* ¶263. Nor does she allege that she performed any work for De Vries in San Francisco;

17   she describes only Texas trial work with De Vries. *Id.* ¶113 ("[d]uring the two weeks in Texas for

18   trial, which was the only time Plaintiff met any of the Defendants in person"). Thus, the SF Code

19   provisions do not apply to the De Vries Defendants.

20           **C.      Plaintiff's Harassment Claim Fails Against the De Vries Defendants**

21           Plaintiff's harassment claim fails for the reasons argued in Kirkland's Motion to Dismiss,

22   which the De Vries Defendants incorporate by reference. Plaintiff's sparse allegations state nothing

23   more than nonactionable personnel management, specifically De Vries: (1) stated in the interview

24   process he was very pleased with Plaintiff's interview and candidacy (Compl. ¶9); (2) assigned her

25   work and provided feedback, including praise and thanks (*see id.* n.3 and ¶¶86, 88, 102-03, 127);

26   (3) provided her a performance evaluation (*id.* ¶¶88, 103 n.24, 115 n.28, 126-28, 196-99, 210); (4)

27   did not invite Plaintiff on a chartered flight home from trial to a destination on the opposite side of

28   the country from which Plaintiff admittedly lives (*id.* ¶129); (5) was aware of her allegedly heavy

workload (*id.* ¶162); (6) wrote off time she billed to Kirkland clients (*id.* ¶217); and (7) purportedly assigned ministerial tasks (*id.* ¶119 n.31). *See* Kirkland Mot. to Dismiss at 10-12 (citing *Gathenji v. Autozoners, LLC*, 703 F. Supp. 2d 1017, 1033 (E.D. Cal. 2010)).[17]

Moreover, she not only fails to plead harassing conduct by the De Vries Defendants, but also fails to plead conduct that could ever be characterized as severe or pervasive. *Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1251 (N.D. Cal. 2014) (dismissing Title VII/FEHA harassment claims where Plaintiff's allegations involved annoyances and isolated comments). The harassment claim against these Defendants must be dismissed.

### D.      Plaintiff's Intentional Infliction of Emotional Distress Claim Fails Here

Individual supervisors cannot be personally liable for an IIED claim when the alleged underlying conduct, as here, is personnel management. As discussed in Section IV.C *supra*, the *only* actions Plaintiff alleges against the De Vries Defendants are textbook personnel management and this dooms her claim, even if Plaintiff contends De Vries was motivated by discriminatory animus (which De Vries categorically denies, and which Plaintiff fails to support with any facts). *Sheppard v. Freeman*, 67 Cal. App. 4th 339, 349 (1998) ("employees, regardless of their scope of employment or personal motives, cannot be individually liable for their acts or words relating to personnel actions unless such liability arises from statute").

Also, as shown in Kirkland's Motion to Dismiss, which the De Vries Defendants incorporate by reference, Plaintiff's IIED claim fails for two additional reasons: she has neither pled (1) extreme or outrageous conduct, nor (2) severe or extreme emotional distress. *See* Kirkland Mot. to Dismiss at 16-18. The De Vries Defendants' alleged actions are normal workplace interactions that are not extreme or outrageous conduct as a matter of law. *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 161-62 (2014) (sustaining IIED demurrer based on conduct "in the normal course of the employer-employee relationship"). And Plaintiff fails to plead *facts* showing she suffered "severe or extreme distress." *See* Kirkland's Motion to Dismiss at 17-18;

---

[17] *See also Kennedy v. Kings Mosquito Abatement Dist*., No. 12-cv-1458, 2013 WL 1129202, at *11 (E.D. Cal. Mar. 18, 2013) (dismissing FEHA harassment claim based on personnel management, including "subjecting [p]laintiff to different expectations and greater scrutiny than other District employees and selectively writing up or reprimanding [p]laintiff, [and] providing poor performance evaluations").

1   Compl. ¶365; *Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 711-12 (N.D. Cal. 2014)

2   (dismissing IIED claim for failure to plead "severe and extreme distress" when plaintiff alleged

3   only that defendants' actions "caused her mental anguish, anxiety, and distress" and she "felt

4   extremely emotionally distressed and pained, fearing for her job and livelihood").

5                  **E.      Plaintiff's Negligent Infliction of Emotional Distress Claim Fails Here**

6          As discussed in Kirkland's Motion to Dismiss, which the De Vries Defendants incorporate

7   by reference, Plaintiff's NIED claim should be dismissed because it: (1) is preempted by the

8   exclusive remedy of workers' compensation, (2) is based on personnel actions that as a matter of

9   law cannot be the basis of an NIED claim, and (3) Plaintiff cannot plausibly plead a duty of care.

10  *See* Kirkland Mot. to Dismiss at 18-19.

11         First, negligence torts arising in employment are barred by the exclusive provisions of the

12  California Workers Compensation Act. *Schaffer v. GTE, Inc.*, 40 App'x 552, 557-58 (9th Cir. 2002)

13  (NIED claim preempted); *Haynal v. Target Stores*, No. 96-1599-K-RBB, 1996 WL 806706, at *6

14  (S.D. Cal. Dec. 19, 1996) ("A claim for negligent infliction of emotional distress which arises in

15  the context of an employment relationship is absolutely barred by the exclusivity doctrine.").

16         Second, Plaintiff's negligence claim is based on the same intentional employment decisions

17  underlying her IIED claim. Because the conduct is *intentional*, it cannot support a *negligence* claim.

18  *Edwards v. U.S. Fid. & Guar. Co.*, 848 F. Supp. 1460, 1466 (N.D. Cal. 1994) (dismissing NIED

19  claim based on promotions, demotions, and criticism: "where the conduct alleged is intentional, it

20  cannot be used as a basis for a negligent infliction of emotional distress claim").

21         Third, Plaintiff cannot show that the De Vries Defendants owed her a duty of care essential

22  to a negligence claim. The law does not recognize a duty of care by an employer (which Plaintiff

23  alleges the De Vries Defendants are) to refrain from negligently dealing with an employee. *Barnes-*

24  *Perrilliat v. S. of Mkt. Health Ctr.*, No. 20-CV-02368-LB, 2020 WL 7428319, at *3 (N.D. Cal. Dec.

25  19, 2020) ("[u]nder California law, there is no duty to avoid negligently causing emotional

26  distress").

27                 **F.      Plaintiff Fails to Allege Defamatory Statements Against These Defendants**

28         Defamation requires (1) a publication, (2) that is false, (3) defamatory, (4) unprivileged,

and (5) has a natural tendency to injure or causes special damage. *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007). Plaintiff's defamation claim is premised on the evaluation by De Vries. Compl. ¶¶208-18, 357-61. The claim fails because the statements are nonactionable opinions and privileged.

### 1.   Any Purportedly Defamatory Statements Are Nonactionable Statements of Opinion Under California Law

Absent exceptional circumstances not present here, defamation claims cannot be premised on negative performance evaluations. *Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 964 (1993) (noting court's "strong judicial disfavor for libel suits based on communications in employment performance reviews," reasoning that "evaluations serve the important business purpose of documenting the employer's hiring, promotion, discipline and firing practices"). The *Jensen* court held that unless "an employer's performance evaluation falsely accuses an employee of criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible personal characteristics or behavior, it cannot support a cause of action for libel." *Id.* at 965 (internal citations omitted). This rule applies "even when the employer's perceptions about the employee's efforts, attitude, performance, potential or worth to the enterprise are objectively wrong and cannot be supported by reference to concrete, provable facts." *Id.* This is so even "if the performance review statements contain factual assertions . . . the assertions do not rise to the level of defamation given California's special treatment of employee evaluations." *Rudwall v. Blackrock, Inc.*, No. C06-2992 MHP, 2006 WL 3462792, at *5 (N.D. Cal. Nov. 30, 2006), *aff'd*, 289 F. App'x 240 (9th Cir. 2008) ("except in egregious circumstances . . . the courts are not the proper venue for an employee to challenge [her] employment evaluation"). Whether a communication is nonactionable opinion is a question of law for the court. *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1383 (1999).

De Vries's evaluation of Plaintiff stated that he worked with her on one assignment, "generally did not think that Zoya's work on that project was very good"; her outline "was incomplete and somewhat late" and her analysis difficult for him to follow, and he had to prepare a separate outline. His balanced caveats included that he had an "initial good discussion," that "[t]o be fair, [he] did say it as alright to send . . . the outline before it was complete" and that he "readily

awknowlege[d] that this kind of project is a difficult one for someone who has not done it before" but he thought "that Zoya could have done a better job on the work." *See* RJN, Ex. A.

This balanced and reasoned assessment, focused on shortcomings in the performance of an assignment, is precisely the type of nonactionable opinion lacking accusations of "incompetence" or "criminal conduct, lack of integrity, dishonesty . . . or reprehensible personal characteristics or behavior." *See Jensen*, 14 Cal. App. 4th at 995, 966 (statements that employee "had been the subject of some third party complaints, was not carrying his weight, had a negative attitude in dealing with others, evidenced a lack of direction in his project activities and was unwilling to take responsibility for the projects he oversaw" were nonactionable statements of opinion); *see also Gould v. Md. Sound Indus., Inc.*, 31 Cal. App. 4th 1137, 1153-54 (1995) (statement of "poor performance" in assignment not actionable); *Jaramillo v. Food 4 Less Madera*, No. 10-cv-1283-LJO, 2010 WL 4746170, at 8*, *9 (E.D. Cal. Nov. 16, 2010) (statement plaintiff was "an unreliable employee who did not adhere to Defendant's attendance policy" nonactionable opinion); *Haley v. Cohen & Steers Cap. Mgmt., Inc.*, 871 F. Supp. 2d 944, 961 (N.D. Cal. 2012) (review statements accusing plaintiff of being "lazy," "not qualified," and "not long for the firm," did not support claim; no accusations of criminal conduct or fundamental lack of integrity, dishonesty, or reprehensible characteristics/behavior); *Ferlauto v. Hamsher*, 74 Cal. App. 4th 1394, 1402 (1999) ("Courts should be reluctant to hold comments concerning the abilities of an individual actionable."). Accordingly, Plaintiff has failed to state the fundamental basis of a defamation claim.

## 2.   Any Purportedly Defamatory Statements Are Also Privileged

Communications between an employer and employees concerning the performance or termination reasons of another employee are privileged under the common interest privilege of Civil Code § 47(c). *See, e.g.*, *Deaile v. Gen. Tel. Co. of Cal.*, 40 Cal. App. 3d 841, 846-47 (1974) (communications about termination "reasonably calculated to protect or further a common interest of both the communicator and the recipient"); *Rudwall*, 2006 WL 3462792, at *3 (privilege "applies to communications within a company concerning the job performance" of employee).[18]

---

[18] *See also King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 440 (2007) (internal communications about reasons for employee's termination privileged); *Kelly v. Gen. Tel. Co.*, 136 Cal. App. 3d 278, 285 (1982) (same).

To defeat the privilege, plaintiff must allege specific facts establishing malice. A general allegation will not suffice; plaintiff must allege detailed facts showing each defendant's ill will towards her. *Robomatic, Inc. v. Vetco Offshore*, 225 Cal. App. 3d 270, 276 (1990). Mere allegations that statements are made "with malice" or with "no reason to believe the statements [are] true" are insufficient. *Kacludis v. GTE Sprint Commc'ns Corp.*, 806 F. Supp. 866, 872 (N.D. Cal. 1992) ("Having pled facts giving rise to a presumptive manager's privilege, [plaintiff] bears the burden of defeating that privilege."). Courts thus dismiss defamation claims where plaintiff fails to allege sufficient facts supporting malice, instead relying on generalized and boilerplate allegations. *See, e.g., Jackson v. Mills Corp.*, No. C-07-00662 EDL, 2007 WL 2705215, *3 (N.D. Cal. Sept. 14, 2007) (granting motion to dismiss); *Rudwall*, 2006 WL 3462792, at *3 (judgment on pleadings). Plaintiff does not plead specific facts showing malice by the De Vries Defendants and the review is thus privileged.

### 3. Plaintiff Has Not Pled Non-Privileged Publications

Here, Plaintiff speculates—without specifics—that her evaluation was "published to and considered by at least around 118 individuals," including members of Kirkland committees. *See* Compl. ¶¶222-23, 226. But as Plaintiff acknowledges, it was standard practice for members of these internal committees to review evaluations (*id.* ¶223) and the reasons for that (compensation, understanding of associate performance, etc.) are obvious. *Cuenca v. Safeway S.F. Emps. Fed. Credit Union*, 180 Cal. App. 3d 985, 995-96 (1986) (statements to supervisory committee and board of directors privileged: "Communications made in a commercial setting relating to the conduct of an employee have been held to fall squarely within the qualified privilege for communications to interested persons").

These committee members, logically and consistent with Plaintiff's admissions, had a common interest in the subject matter of the evaluation and are subject to the privilege. *See, e.g., Deaile*, 40 Cal. App. 3d at 846-47; *Rudwall*, 2006 WL 3462792, at *3. And although Plaintiff speculates that the evaluation was republished to "third parties" (Compl. ¶¶223, 225), these speculations lack the required specificity as to who the recipients were, what information they received, or when they received any information. *See Pruitt v. Genentech, Inc.*, No. 2:17-CV-

1   00822-JAM-AC, 2017 WL 3641783, at *4 (E.D. Cal. Aug. 24, 2017) (dismissing for lack of

2   specificity); *Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177, 1192-93 (C.D. Cal. 2002) (dismissing

3   for lack of publication where Plaintiff had only hearsay evidence).

4            Certainly, compliance with what Plaintiff describes as a "standard practice" makes malice

5   implausible. Not surprisingly therefore, Plaintiff offers only conclusory, boilerplate malice

6   allegations, devoid any factual specifics. *See* Compl. ¶358; *see also* ¶¶219-20 (conclusory

7   allegation Defendants falsely and maliciously acted with "hatred or ill will"); *Kacludis*, 806 F.

8   Supp. at 872 (allegations statements made "with malice" or with "no reason to believe the

9   statements were true" insufficient to show "malice").[19] Plaintiff has not met her burden of pleading

10  facts sufficient to overcome the privilege.

11       **G.     Plaintiff Pleads No Basis for Punitive Damages Against De Vries Defendants**

12           A plaintiff may recover punitive damages only if she can show that "the defendant has been

13  guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a); *see also id.* § 3294(c) (defining

14  "oppression," "fraud," and "malice"). Allegations are insufficient when the plaintiff asserts

15  "nothing more than conclusory allegations" of oppression, fraud, or malice. *Kelley v. Corr. Corp.*

16  *of Am.*, 750 F. Supp. 2d 1132, 1147 (E.D. Cal. 2010).[20] As discussed above, the only actions

17  Plaintiff alleges against De Vries and De Vries P.C. are routine personnel management and positive

18  treatment (*see* Sections III and IV.C., *supra*). There is simply no factual basis pled to support

19  oppression, fraud or malice against De Vries or De Vries P.C. and Plaintiff's punitive damages

20  claim must be dismissed.

21  **V.     CONCLUSION**

22           The Court should dismiss with prejudice all claims against the De Vries Defendants.

23  Dated: December 19, 2022                          By:_____/s/ Lynne C. Hermle_____
                                                      LYNNE C. HERMLE (Attorney for Defendants)
24

25  [19] *See also Pruitt*, 2017 WL 3641783, at *4 (dismissing claim with allegation defendant "made this statement maliciously, out of hatred or ill will").

26  [20] *See also Opperwall v. State Farm Fire & Cas. Co.*, No. 17-cv-07083-YGR, 2018 WL 1243085,

27  at *5 (N.D. Cal. Mar. 9, 2018) (following *Kelley* and dismissing punitive damages claim because "plaintiff does no more than offer legal conclusions couched as factual allegations"); *Dipaola v.*

28  *JPMorgan Chase Bank*, No. C 11-2605 SI, 2011 WL 3501756, at *6 (N.D. Cal. Aug. 10, 2011) (following *Kelley* and dismissing punitive damages).