1   LYNNE C. HERMLE (STATE BAR NO. 99779)
    lchermle@orrick.com
2   JOSEPH C. LIBURT (STATE BAR NO. 155507)
    jliburt@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
4   Menlo Park, CA 94025-1015
    Telephone:   +1 650 614 7400
5   Facsimile:   +1 650 614 7401

6   KATE JUVINALL (STATE BAR NO. 315659)
    kjuvinall@orrick.com
7   PAUL RODRIGUEZ (STATE BAR NO. 307139)
    prodriguez@orrick.com
8   ORRICK, HERRINGTON & SUTCLIFFE LLP
    355 S. Grand Ave., Suite 2700
9   Los Angeles, CA 90071
    Telephone:   +1 213 629 2020
10  Facsimile:   +1 213 612 2499

11  Attorneys for Defendants
    KIRKLAND & ELLIS LLP, MICHAEL DE VRIES,
12  MICHAEL W. DE VRIES, P.C., ADAM ALPER,
    ADAM R. ALPER, P.C., AKSHAY DEORAS,
13  AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT,
    LESLIE M. SCHMIDT, P.C., AND MARK FAHEY
14
                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16

17
    ZOYA KOVALENKO,                          Case No. 4:22-CV-05990-HSG
18
                    Plaintiff,               **DEFENDANT KIRKLAND & ELLIS
19                                            LLP'S NOTICE OF ANTI-SLAPP
              v.                              MOTION AND MOTION;
20                                            MEMORANDUM OF POINTS AND
    KIRKLAND & ELLIS LLP, MICHAEL DE          AUTHORITIES IN SUPPORT
21  VRIES, MICHAEL W. DEVRIES, P.C.,          THEREOF**
    ADAM ALPER, ADAM R. ALPER, P.C.,
22  AKSHAY DEORAS, AKSHAY S. DEORAS,          Date:    April 6, 2023
    P.C., LESLIE SCHMIDT, LESLIE M.           Time:    2:00 p.m.
23  SCHMIDT, P.C., AND MARK FAHEY,            Dept:    2
                                              Judge:   Hon. Haywood S. Gilliam
24                  Defendants.

25

26

27

28
                                             DEFENDANT KIRKLAND & ELLIS LLP'S ANTI-SLAPP
                                             MOTION [CASE NO. 4:22-CV-05990-HSG]

4129-2551-2769.4

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................... 1

II.    PLAINTIFF'S COMPLAINT INCLUDES AND RELIES UPON CONDUCT
       PROTECTED BY THE ANTI-SLAPP STATUTE................................................ 2

       A.     Kirkland's Alleged Response to Plaintiff's Unemployment Claim......................... 3

       B.     Defendants' IPR Filings......................................................................... 4

       C.     Communications with Defendants' Counsel Regarding Plaintiff's Filings............ 4

III.   CALIFORNIA'S ANTI-SLAPP STATUTE BARS PLAINTIFF'S CLAIMS ................. 5

       A.     Plaintiff's Allegations Regarding Administrative and Governmental Filings
              Are SLAPP Allegations ........................................................................ 7

       B.     Plaintiff Cannot Meet Her Burden of Establishing a Probability of Success
              On the Protected Allegations ................................................................. 9

              1.     The Allegations Regarding Filings Before the Unemployment
                     Agency ................................................................................... 9

              2.     Defendants' Edits to Plaintiff's Draft POPR Were Not Retaliatory
                     and Are Privileged................................................................... 10

              3.     Defense Counsel's Communications Regarding Plaintiffs'
                     Administrative Claims are Absolutely Privileged.................................... 11

IV.    THE COURT SHOULD AWARD ATTORNEYS' FEES............................................. 12

V.     CONCLUSION ............................................................................................. 13

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**Federal Cases**

4

*Bradley v. Harcourt, Brace & Co.*,
    104 F.3d 267 (9th Cir. 1996).................................................................................... 3

5

6

*Coghlan v. Am. Seafoods Co.*,
    413 F.3d 1090 (9th Cir. 2005).................................................................................. 3

7

*Delman v. GEP Cencast, LLC*,
    No. CV 09-2721 PSG (CWX), 2010 WL 11515278 (C.D. Cal. Feb. 8, 2010)........................ 8

8

9

*eCash Techs., Inc. v. Guagliardo*,
    210 F. Supp. 2d 1138 (2001).................................................................................. 12

10

*EZ Loader Boat Trailers, Inc. v. Cox Trailers, Inc.*,
    746 F.2d 375 (7th Cir. 1984).................................................................................. 10

11

12

*Sanfilippo v. Brewerton*,
    No. CV 2:17-183-RMG, 2017 WL 5591615 (D.S.C. Nov. 20, 2017).................................... 10

13

*SAS Inst., Inc. v. Iancu*,
    138 S. Ct. 1348 (2018)........................................................................................ 10

14

15

*ScentAir Technologies, Inc. v. Prolitec., Inc.*,
    IPR2013-00179 (JL), Paper 9 (April 16, 2013) ............................................................ 8

16

*Software Rts. Archive, LLC v. Facebook, Inc.*,
    No. 12-CV-03970-RMW, 2014 WL 116366 (N.D. Cal. Jan. 13, 2014)........................... 8, 10

17

18

*Thryv, Inc v. Click-To-Call Techs., LP*,
    140 S. Ct. 1367 (2020)......................................................................................... 8

19

**State Cases**

20

*Action Apartment Assn. v. City of Santa Monica*,
    41 Cal.4th 1232 (2007) ...................................................................................... 11

21

22

*Am. Humane Ass'n v. L.A. Times Commc'ns*,
    92 Cal. App. 4th 1095 (2001)................................................................................ 13

23

*Baral v. Schnitt*,
    1 Cal.5th 376 (2016) ..................................................................................... 1, 6, 9

24

25

*Bergstein v. Stroock & Stroock & Lavan LLP*,
    236 Cal. App. 4th 793 (2015)................................................................................ 12

26

*Briggs v. Eden Council for Hope & Opportunity*,
    19 Cal.4th 1106 (1999) ..................................................................................... 5, 8

27

28

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*Brill Media Co., LLC v. TCW Grp.*,
4
    132 Cal. App. 4th 324 (2005)......................................................................... 6

*Dible v. Haight Ashbury Free Clinics*,
5
    170 Cal. App. 4th 849-50 (2009) ................................................................... 7

6

*Doe v. Luster*,
7
    145 Cal. App. 4th 139 (2006)....................................................................... 13

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*,
8
    47 Cal. App. 4th 777 (1996)......................................................................... 12

9

*DuPont Merck Pharm. Co. v. Superior Ct.*,
10
    78 Cal. App. 4th 562 (2000)........................................................................... 6

*Flatley v. Mauro*,
11
    39 Cal.4th 299 (2006) ................................................................................. 12

12

*Jarrow Formulas Inc. v. LaMarche*,
13
    31 Cal.4th 728 (2003) ................................................................................... 9

*Kashian v. Harriman*,
14
    98 Cal. App. 4th 892 (2002)..................................................................... 5, 11

15

*Ketchum v. Moses*,
16
    24 Cal.4th 1122 (2001) ............................................................................... 12

*Kibler v. N. Inyo Cnty. Loc. Hosp. Dist.*,
17
    39 Cal.4th 192 (2006) ................................................................................... 6

18

*Kurz v. Syrus Sys., LLC*,
19
    221 Cal. App. 4th 748 (2013)......................................................................... 7

*Macias v. Hartwell*,
20
    55 Cal. App. 4th 669 (1997)........................................................................... 5

21

*Maleti v. Wickers*,
22
    82 Cal. App. 5th 181 (2022)........................................................................ 13

*McClatchy Newspapers, Inc. v. Sup. Ct.*,
23
    189 Cal. App. 3d 961 (1987)....................................................................... 11

24

*Rohde v. Wolf*,
25
    154 Cal. App. 4th 28 (2007)........................................................................... 8

*Rusheen v. Cohen*,
26
    37 Cal.4th 1048 (2006) ........................................................................ 5, 6, 11

27

*Salma v. Capon*,
28
    161 Cal. App. 4th 1275 (2008)....................................................................... 6

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Sheley v. Harrop,*
    9 Cal. App. 5th 1147 (2017)................................................................................ 1, 7, 9

4

5

*Silberg v. Anderson,*
    50 Cal.3d 205 (1990) ............................................................................................ 12

6

*Sylmar Air Conditioning v. Pueblo Contracting Servs., Inc.,*
    122 Cal. App. 4th 1049 (2004).............................................................................. 12

7

8

*Traditional Cat Ass'n v. Gilbreath,*
    118 Cal. App. 4th 392 (2004)............................................................................... 6, 9

9

*Vergos v. McNeal,*
    146 Cal. App. 4th 1387 (2007).............................................................................. 6

10

**State Statutes**

11

Civil Code § 47(b)................................................................................................... 11, 12

12

Civil Proc. Code § 425.16 ....................................................................................... 5, 12

13

Civil Proc. Code § 425.16(a) .................................................................................. 5

14

Civil Proc. Code § 425.16(b)(1).............................................................................. 5

15

Civil Proc. Code § 425.16(b)(2).............................................................................. 6, 9

16

Civil Proc. Code § 425.16(c) .................................................................................. 12

17

Civil Proc. Code § 425.16(e)(1)-(2)........................................................................ 5, 7, 8

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT KIRKLAND & ELLIS LLP'S ANTI-
SLAPP MOTION [CASE NO. 4:22-CV-05990-HSG]

4129-2551-2769.4

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE THAT at 2:00 p.m. on April 6, 2023, or as soon thereafter as

4

counsel may be heard, in Courtroom 2 of this Court, at 1301 Clay Street, Oakland, California,

5

before the Honorable Haywood S. Gilliam, Defendant Kirkland & Ellis LLP ("Kirkland") will and

6

hereby does move this Court for an order striking as meritless Plaintiff Zoya Kovalenko's SLAPP

7

allegations regarding: (1) Kirkland's response to an unemployment benefits claim filed with the

8

D.C. Office of Employment Services; (2) allegations that Kirkland's litigation filings constituted

9

discriminatory, retaliatory and/or defamatory conduct; and (3) correspondence from Defendants'

10

counsel concerning the lack of merit to Plaintiff's allegations in her Equal Employment

11

Opportunity Commission ("EEOC") and California Department of Fair Employment and Housing

12

("DFEH") filings. As Code of Civil Procedure Code section 425.16 requires, Kirkland asks that the

13

Court award fees incurred in connection with this motion.

14

## MEMORANDUM OF POINTS AND AUTHORITIES

15

### I.    INTRODUCTION

16

In another example of the many legal and factual defects that plague her employment-based

17

claims (and are addressed in Defendants' Motions to Dismiss and Strike filed herewith), Plaintiff's

18

Complaint incorporates allegations that fall squarely within the protections of the California Anti-

19

SLAPP statute. Because those protected allegations are mixed with allegations that are not

20

protected by the Anti-SLAPP statute, Plaintiff must establish that she can prevail on the protected

21

SLAPP contentions to avoid the Court granting this motion and striking them. *Baral v. Schnitt*, 1

22

Cal.5th 376, 395 (2016) ("[I]n cases involving allegations of both protected and unprotected

23

activity, the plaintiff is required to establish a probability of prevailing on any claim for relief based

24

on allegations of protected activity. Unless the plaintiff can do so, the claim and its corresponding

25

allegations must be stricken") (emphasis added); *Sheley v. Harrop*, 9 Cal. App. 5th 1147, 1170

26

(2017) (overturning denial of SLAPP motion: where mixed allegations of protected and unprotected

27

conduct purport to support claims, protected allegations must be eliminated "unless they support a

28

DEFENDANT KIRKLAND & ELLIS LLP'S ANTI-SLAPP
MOTION [CASE NO. 4:22-CV-05990-HSG]

4129-2551-2769.4

1    distinct claim <u>on which respondent can show a probability of prevailing</u>") (emphasis added).

2         Here, Plaintiff alleges that she was discriminated and retaliated against during and after her

3    Kirkland employment, including with respect to Defendants' response to her post-termination

4    unemployment claim (*see* Compl. ¶233: "Defendants . . . knowingly lied about Plaintiff's

5    employment in further retaliation" to the government agency); with respect to Kirkland's decisions

6    regarding filings in Patent Office proceedings (*see id.* ¶190, alleging Defendants changed a filing

7    in a patent matter "to cloak their reliance on Plaintiff's work and arguments"); and in Defendants'

8    correspondence regarding the defects in her as-filed DFEH and EEOC administrative charges (*see*

9    *id.* ¶182, alleging that Defendants' counsel sent "a series of legally and factually fallacious

10   communications" regarding her charges "in an attempt to intimidate and dissuade Plaintiff from

11   filing suit"). *See also id.* ¶182 (alleging counsel's correspondence constitutes "efforts to fabricate

12   *ex post facto* evidence as purported support for their false and malicious statements that Plaintiff

13   was dreadfully incompetent at her job as an associate").

14        As discussed below, each of these allegations falls squarely within the anti-SLAPP

15   protections for statements made before an official proceeding authorized by law or in connection

16   with an issue under consideration or review by an official proceeding. And Plaintiff cannot come

17   close to showing that she can prevail on any of these SLAPP allegations, as she is required to do.

18   Accordingly, Kirkland asks the Court to strike these allegations from the Complaint and reimburse

19   the attorneys' fees that this motion required.

20   **II.   <u>PLAINTIFF'S COMPLAINT INCLUDES AND RELIES UPON CONDUCT
21         PROTECTED BY THE ANTI-SLAPP STATUTE</u>**

22        As Plaintiff alleges, Kirkland terminated her employment after only seven months of work

23   following a highly negative assessment of her performance by multiple partners. The criticisms

24   included statements that supervisors were required to rewrite her written work (*see* Compl. ¶¶170

25   n.51, 171, 173); her refusal or inability to comply with instructions (*id.* ¶153); poor time

26   management and inconsistency of work quality (*id.* ¶¶85 n.16, 90 n.21, 171 n.52); as well as

27   significant issues with her judgment and communications (*id.* ¶¶94, 103 n.23, 158, 209).

28

- 2 -

Plaintiff admits that some of these alleged discriminators were also involved in recommending or deciding to hire her, as well as to staff her on cases for which they were responsible. *See*, *e.g.*, *id.* ¶¶24, 240, 250, 260, 271, 273; *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270-71 (9th Cir. 1996) ("where the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive"); *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1096 (9th Cir. 2005) (same actor inference applies to adverse actions other than firing). Nonetheless, Plaintiff attacks the many performance criticisms as motivated by her gender, alleges that male employees were not subject to similar criticisms and work conditions, and argues that work assignments and supervision were contradictory or unnecessary. She asserts claims for gender discrimination, equal pay violations, retaliation, failure to prevent California Fair Employment and Housing Act ("FEHA") violations, intentional and negligent infliction of emotional distress, and defamation.

Many of her claims and contentions, while highly defective as addressed in Defendants' Motions to Dismiss and Strike, are not protected by the Anti-SLAPP statute. However, as discussed below, intermixed with Plaintiff's unprotected allegations are contentions that Kirkland retaliated against Plaintiff in relation to judicial and governmental filings, as well as defamed and mistreated her through communications with Defendants' counsel regarding Plaintiff's administrative filings. These are classic SLAPP allegations as addressed below.

A.   **Kirkland's Alleged Response to Plaintiff's Unemployment Claim**

Under the heading "Kirkland Continued Retaliating Against Plaintiff Long After Her Unlawful Termination," Plaintiff alleges that she applied for unemployment benefits with the D.C. Office of Employment Services that "did not process her claims." Compl. ¶233. She alleges that Kirkland responded to her claim by falsely stating she had never worked at Kirkland. *Id.* She contends that Defendants "knowingly lied about Plaintiff's employment in further retaliation and in an attempt to inappropriately, unlawfully withhold benefits from Plaintiff, thereby increasing the financial pressure on Plaintiff to drop her claims against Defendants" and that "Plaintiff has still

1    not received a very large portion of the benefits to which she is entitled." *Id*. She incorporates that

2    allegation in each claim for relief in her Complaint. *Id*. ¶¶301, 312, 319, 325, 327, 334, 338, 343,

3    351, 357, 362, 368.

4         **B.    Defendants' IPR Filings**

5         To support her allegation that "Defendants engaged in efforts to fabricate ex-post facto

6    evidence as purported support for their false and malicious statements about Plaintiff in their

7    evaluations of her" (*id.* ¶182), Plaintiff alleges that she worked on a patent owner response ("POR")

8    in an Inter Partes Review ("IPR") proceeding (*id.* ¶¶ 187-89). In an IPR proceeding, a third party

9    seeks to invalidate one or more patent claims before the United States Patent Trial and Appeal

10   Board ("PTAB").

11        According to Plaintiff, after she worked on the POR, Defendants edited it to "cloak their

12   reliance on Plaintiff's work and arguments" as a "necessary countermeasure given the outlandish

13   and malicious nature of the lies proffered regarding Plaintiff's performance in their defamatory

14   'evaluations.'" *Id.*  ¶190. She incorporates this allegation in every claim for relief in her Complaint.

15   *See*, *e.g.*, *id.* ¶¶301, 312, 319, 325, 327, 334, 338, 343, 351, 357, 362, 368.

16        **C.    Communications with Defendants' Counsel Regarding Plaintiff's Filings**

17        Seeking to bolster her post-termination retaliation allegations, Plaintiff relies upon

18   communications with counsel for Defendants related to her administrative complaint, alleging:

19        After Defendants were served with the administrative complaint/charge, Kirkland's
          general counsel and the prominent employment defense counsel retained by
20        Defendants sent a series of legally and factually fallacious letters to Plaintiff in an
          attempt to intimidate and dissuade Plaintiff from filing suit. This correspondence
21        repeated that Plaintiff was fired because of poor performance. It was not until
          Defendants' ninth correspondence (following four letters, one telephonic
22        conference, and four emails) that Defendants, through their outside counsel, for the
          first time acknowledged that "of course there may have been things [Plaintiff] did
23        well at the firm" and further claimed for the first time that Plaintiff's good work did
          not outweigh the "many flaws in [Plaintiff's] performance." In addition to this shift
24        in Defendants' position, their counsel further strayed from Defendants' repeated,
          original rationale for firing Plaintiff, newly attributing Plaintiff's termination to a
25        novel and generalized assertion that Plaintiff was "not a good fit."

26   *Id.* ¶19. Plaintiff goes on to allege that "Defendants seek to rewrite history by proffering new

27   rationale for Plaintiff's termination because the original, exclusively performance-based rationale

28

                                                    - 4 -

that was used as pretext to fire Plaintiff is indefensible, demonstrably malicious, and encapsulates Defendants' discriminatory and retaliatory treatment of Plaintiff." *Id*. She later repeats, in connection with her defamation allegations, the contention that "Defendants continued to defame Plaintiff . . . Defendants' outside counsel repeated this bald-faced lie in her May 6, 2022 letter." *Id*. ¶170 n.51; *see also id*. ¶182 ("Because Defendants lacked actual examples showing deficient work performance by Plaintiff, Defendants engaged in efforts to fabricate ex post facto evidence as purported support for their false and malicious statements that Plaintiff was dreadfully incompetent at her job as an associate"). As with the anti-SLAPP allegations above, Plaintiff incorporates these allegations in each of her claims. *See, e.g*., *id*. ¶¶301, 312, 319, 325, 327, 334, 338, 343, 351, 357, 362, 368.

Each of these allegations falls within the protected activity that the Anti-SLAPP statute targets.

## III.   CALIFORNIA'S ANTI-SLAPP STATUTE BARS PLAINTIFF'S CLAIMS

The California Legislature enacted Civil Procedure Code section 425.16, commonly referred to as the anti-SLAPP statute, as a remedy for disposal of lawsuits that impede the exercise of constitutional rights. *See Macias v. Hartwell*, 55 Cal. App. 4th 669, 672 (1997); *Rusheen v. Cohen*, 37 Cal.4th 1048, 1055-56 (2006). As the statute expressly requires, courts construe section 425.16 broadly to provide expansive protection against SLAPP claims. *See* CCP § 425.16(a); *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1119-20 (1999); *Kashian v. Harriman*, 98 Cal. App. 4th 892, 905 (2002).

An anti-SLAPP motion is analyzed in a two-step process. The defendant shows the challenged claim arises from protected activity by demonstrating that the conduct underlying the claim fits within one of section 425.16's categories of protections. CCP § 425.16(b)(1). Those categories include two at issue here: (1) statements or writings made before an official proceeding authorized by law; and (2) statements or writings made in connection with an issue under consideration or review by an official proceeding authorized by law. CCP § 425.16(e)(1)-(2). The phrase "official proceeding authorized by law" encompasses proceedings that resemble judicial and

1    legislative proceedings, such as transactions of administrative boards and quasi-judicial and quasi-

2    legislative proceedings. *See*, *e.g.*, *Kibler v. N. Inyo Cnty. Loc. Hosp. Dist.*, 39 Cal.4th 192, 201-03

3    (2006) (participation in hospital peer review protected by anti-SLAPP statute); *Vergos v. McNeal*,

4    146 Cal. App. 4th 1387, 1399 (2007) (participation in university grievance investigation of

5    employee protected by anti-SLAPP statute).

6         The Court considers the complaint and defendant's declarations in determining whether the

7    conduct is protected. CCP § 425.16(b)(2); *Salma v. Capon*, 161 Cal. App. 4th 1275, 1286 (2008)

8    ("Capon's contacts with municipal departments were only vaguely described in the cross-

9    complaint, and we therefore refer to Capon's description of such conduct in his declaration to

10   determine whether it was protected or unprotected"); *Brill Media Co., LLC v. TCW Grp.*, 132 Cal.

11   App. 4th 324, 329 (2005).

12        Once a defendant shows that protected conduct underlies the claims, the plaintiff must

13   demonstrate a probability of prevailing by demonstrating that the claims are "both legally sufficient

14   and supported by a sufficient *prima facie* showing of facts to sustain a favorable judgment if the

15   evidence submitted by the plaintiff is credited." *Rusheen*, 37 Cal.4th at 1056. It is not enough that

16   the claims could survive a motion to dismiss; the plaintiff must provide the court with sufficient

17   admissible evidence to permit the court to determine there is a probability the claims will prevail.

18   *See DuPont Merck Pharm. Co. v. Superior Ct.*, 78 Cal. App. 4th 562, 568 (2000). The court

19   considers defendant's evidence to determine whether it defeats the claims. *Traditional Cat Ass'n v.*

20   *Gilbreath*, 118 Cal. App. 4th 392, 398 (2004).

21        If the conduct underlying the claims is a mixture of Anti-SLAPP protected as well as

22   unprotected acts, such as here, the unprotected conduct is ignored at this first stage. *Baral*, 1 Cal.5th

23   at 396 ("When relief is sought based on allegations of both protected and unprotected activity, the

24   unprotected activity is disregarded at this stage"). Plaintiff must then establish that she can prevail

25   on the protected conduct portion of the claim.[1] *See id.* at 395 ("[I]n cases involving allegations of

26

27   ───────────────

     [1] Before the California Supreme Court decided the *Baral* case, courts considered the "primary
     thrust" or "gravamen" of the claim in determining SLAPP coverage. Post-*Baral*, allegations of

28   protected activity give rise to SLAPP protections unless they are merely incidental or collateral

DEFENDANT KIRKLAND & ELLIS LLP'S ANTI-
SLAPP MOTION [CASE NO. 4:22-CV-05990-HSG]

4129-2551-2769.4

both protected and unprotected activity, the plaintiff is required to establish a probability of prevailing on any claim for relief based on allegations of protected activity. Unless the plaintiff can do so, the claim and its corresponding allegations must be stricken."); *Sheley*, 9 Cal. App. 5th at 1165 (reversing denial of anti-SLAPP motion: "allegations of protected activity supporting these claims . . . must also be eliminated unless they support a distinct claim on which respondent can show a probability of prevailing").

### A.   Plaintiff's Allegations Regarding Administrative and Governmental Filings Are SLAPP Allegations

Each of Plaintiff's allegations with respect to Kirkland's alleged response to the D.C. unemployment agency, filings before the PTAB in connection with IPR proceedings, and Plaintiff's communications with Defense counsel regarding defects in Plaintiff's DFEH and EEOC charges fall squarely within the Anti-SLAPP statutory protections.

First, Plaintiff's retaliation allegations regarding Kirkland's alleged filings in response to Plaintiff's unemployment claim arise from (1) statements made in an official proceeding (the unemployment claim pending before the D.C. Office of Employment Services), as well as (2) statements regarding an issue under review in an official proceeding (Plaintiff's claim for unemployment benefits). CCP § 425.16(e)(1)-(2); *Kurz v. Syrus Sys., LLC*, 221 Cal. App. 4th 748, 759 (2013) (a "claim arising from the decision of the Unemployment Insurance Appeals Board of the [Employment Development Department] . . .falls within the 'arising from' prong because it involves the litigation of a claim for unemployment insurance benefits in an official proceeding authorized by law"); *Dible v. Haight Ashbury Free Clinics*, 170 Cal. App. 4th 849-50 (2009) (upholding SLAPP decision: allegations that employer made false statements to unemployment agency "to deny her benefits and to justify its wrongful termination by falsely representing to the Employment Development Department of the State of California that she held a license and/or was responsible for the inmate's death" were unequivocally part of an "official proceeding" and qualify as statements made "before a legislative, executive, or judicial proceeding, or any other official

---

and, unlike these here, are not alleged to "support a claim for recovery." *Sheley*, 9 Cal. App. 5th 1170.

4129-2551-2769.4

proceeding"). Thus, these contentions must be stricken unless Plaintiff can show a probability of prevailing on them (which, as discussed below, she cannot).

Second, Plaintiff's allegations regarding a filing in an IPR proceeding similarly arise from (1) statements (the allegedly altered filing submitted to the PTAB) made in an official proceeding (the IPR), as well as (2) statements (the allegedly altered filing) regarding an issue under review in an official proceeding (the patent matters at issue in the IPR). *See* Compl. ¶¶88 n.18, 187 (a Patent Owner Response ("POR") responds to a petition for inter partes review ("IPR"), which is a proceeding before the PTAB, after PTAB has instituted proceedings);[2] *Thryv, Inc v. Click-To-Call Techs., LP*, 140 S. Ct. 1367, 1368 (2020) ("*Inter partes* review is an administrative process that permits a patent challenger to ask the U.S. Patent and Trademark Office to reconsider the validity of earlier granted patent claims"); *Software Rts. Archive, LLC v. Facebook, Inc.*, No. 12-CV-03970-RMW, 2014 WL 116366, at *2 (N.D. Cal. Jan. 13, 2014) (IPR proceedings are designed to "resemble litigation; discovery, direct and cross-examination of witnesses, and motion practice are all available."); CCP § 425.16(e)(1-2); *Rohde v. Wolf*, 154 Cal. App. 4th 28, 35 (2007) ("statements, writings and pleadings in connection with civil litigation are covered by the anti-SLAPP statute"); *see Briggs*, 19 Cal.4th at 1115 ("[T]he constitutional right to petition . . . includes the basic act of filing litigation or *otherwise seeking administrative action*") (emphasis added) (alteration in original).

Third, Plaintiff's allegations regarding her communications with Defendants' counsel discussing defects in her DFEH and EEOC filings arise from statements (Defendants' correspondence and oral communications) regarding an issue under review by an official proceeding (Plaintiff's allegations pending before the DFEH and EEOC). They similarly come within the SLAPP definition of writings "made in connection with an issue under consideration or review by a legislative, executive, or judicial body." *See* CCP § 425.16(e)(2)); *see also Delman v. GEP Cencast, LLC*, No. CV 09-2721 PSG (CWX), 2010 WL 11515278, at *4 (C.D. Cal. Feb. 8,

---

[2] "The Board considers an IPR to be a "trial, adjudicatory in nature and constituting litigation." *ScentAir Technologies, Inc. v. Prolitec., Inc.*, IPR2013-00179 (JL), Paper 9 (April 16, 2013); 157 Cong. Rec. S1042 (daily ed. Mar. 1, 2011).

DEFENDANT KIRKLAND & ELLIS LLP'S ANTI-SLAPP MOTION [CASE NO. 4:22-CV-05990-HSG]

4129-2551-2769.4

2010) (statements covered by anti-SLAPP statute "have regularly been held to include those made in the course of administrative proceedings").

### B.   Plaintiff Cannot Meet Her Burden of Establishing a Probability of Success On the Protected Allegations

Because Plaintiff pleads conduct protected by the anti-SLAPP statute, she must demonstrate a "probability" of prevailing on these protected portions of her allegations. *Baral*, 1 Cal.5th at 396; *Sheley*, 9 Cal. App. 5th at 1163. In determining whether she has demonstrated the requisite probability, the court must "consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." CCP § 425.16(b)(2). The statute contemplates analysis of the substantive merits of the claims, as well as available defenses, including the statute of limitations and applicable privileges. *See Traditional Cat*, 118 Cal. App. 4th at 398. To meet her burden, Plaintiff must show that the protected allegations are "both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Jarrow Formulas Inc. v. LaMarche*, 31 Cal.4th 728, 738 (2003). As Defendants show below, these allegations are substantively meritless in all respects.

### 1.   The Allegations Regarding Filings Before the Unemployment Agency

Plaintiff cannot succeed on the merits of her contention that Defendants retaliated against her by filing a false response to her unemployment benefits claim because Kirkland did not deny her employment to the agency nor dispute her entitlement to unemployment benefits. As shown by the Declaration of Wendy Cartland filed herewith ("Cartland Decl."), Kirkland received and, consistent with the firm's practice, did not respond to the notice of claim Plaintiff filed with the DOES agency to dispute it. Cartland Decl. ¶ 9. Because Kirkland did not dispute the existence of her former employment, suggest that she was not terminated, or contend that she was terminated for misconduct, her claim for benefits was not disputed and the DOES agency was free to approve it. And that is precisely what the DOES agency did, finding in favor of Plaintiff's claim. *Id.* ¶ 12, Ex. B.

Those facts are demonstrated not only by Cartland's declaration, but also in the benefits

- 9 -

1   award notice for the claim, which confirms that the firm did not respond to it at all (and thus did

2   not dispute Plaintiff's employment or the circumstances of her termination). Cartland Decl., Ex. B

3   ("the employer was contacted to provide separation information and supporting evidence. **The**

4   **employer failed to respond . . . .** Therefore, the claimant is qualified to receive unemployment

5   insurance benefits") (emphasis added). The benefits award notice further confirms that, in March

6   2022, the DOES agency granted the benefits retroactive to Plaintiff's termination, long before

7   Plaintiff filed this lawsuit. *See id.*

8       Accordingly, Plaintiff's allegation that Defendants retaliated against her by lying to the

9   DOES Agency and interfering with her claim for benefits fails on the merits, and it must be stricken.

10          **2.      Defendants' Edits to Plaintiff's Draft POPR Were Not Retaliatory and**
11                    **Are Privileged**

12      Plaintiff's contention that she was retaliated against with respect to the filing of a POR in

13  the IPR process is meritless both because it is false and because it is premised on privileged conduct.

14      As laid out in the Declaration of Akshay Deoras ("Deoras Decl."), the allegation that the

15  filing had anything to do with discrimination, retaliation, defamation, or any wrongdoing with

16  respect to Plaintiff is simply meritless. *See* Deoras Decl. ¶¶ 5, 8-10.

17      Moreover, the filing of the POR before the PTAB is absolutely privileged. As noted above,

18  the IPR process in which it was filed is a quasi-judicial proceeding designed to "resemble litigation;

19  discovery, direct and cross-examination of witnesses, and motion practice are all available."

20  *Software Rts. Archive*, 2014 WL 116366, at *2; *see also* Compl. ¶¶88 n.18, 187 (a POR responds

21  to a petition for inter partes review, which is a proceeding before the PTAB, after PTAB has

22  instituted proceedings); *Sanfilippo v. Brewerton*, No. CV 2:17-183-RMG, 2017 WL 5591615, at

23  *2 (D.S.C. Nov. 20, 2017) ("Proceedings before the PTAB are judicial proceedings") (citing *EZ*

24  *Loader Boat Trailers, Inc. v. Cox Trailers, Inc*., 746 F.2d 375, 378 (7th Cir. 1984)); *SAS Inst., Inc.*

25  *v. Iancu*, 138 S. Ct. 1348, 1350 (2018) ("*Inter partes* review allows private parties to challenge

26  previously issued patent claims in an adversarial process before the Patent Office").

27      And under California law, any "publication" made as part of a "judicial proceeding" cannot

28

- 10 -        DEFENDANT KIRKLAND & ELLIS LLP'S ANTI-
             SLAPP MOTION [CASE NO. 4:22-CV-05990-HSG]

give rise to liability because communications with some relation to judicial proceedings are absolutely protected by the litigation privilege codified in Civil Code section 47(b). *Kashian*, 98 Cal. App. 4th at 913 ("The litigation privilege is not limited to the courtroom, but encompasses actions by administrative bodies and quasi-judicial proceedings"); *Rusheen*, 37 Cal.4th at 1057. The litigation privilege affords parties the "utmost freedom of access" to the litigation process without fear of subsequent harassment by derivative actions. *McClatchy Newspapers, Inc. v. Sup. Ct.*, 189 Cal. App. 3d 961, 970 (1987). It "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto." *Kashian*, 98 Cal. App. 4th at 913; *Action Apartment Assn. v. City of Santa Monica*, 41 Cal.4th 1232, 1241 (2007).

Because Plaintiff's claims based on the PTAB proceedings are factually meritless and premised on privileged conduct, Plaintiff cannot succeed on the merits of the allegation and it must be stricken.

### 3.   Defense   Counsel's   Communications   Regarding   Plaintiffs' Administrative Claims are Absolutely Privileged

As Plaintiff notes, after she filed administrative charges with the EEOC and DFEH, she and counsel for defendants corresponded in writing and spoke regarding her allegations. In that correspondence and discussion, counsel for defendants discussed legal and factual defects in Plaintiff's allegations, asked that she not proceed with contentions that were meritless legally and factually, and suggested mediation of the matter, which Plaintiff refused to consider. *See* Declaration of Lynne Hermle ("Hermle Decl."), Exs. A-C; Compl. ¶19.

The correspondence and discussions cannot serve as any basis for Plaintiff's allegations of retaliation, defamation, or any type of wrongdoing, including the allegation that it was designed "to intimidate and dissuade Plaintiff from filing suit." Compl. ¶19. Nor can it constitute evidence of Defendants' alleged "efforts to fabricate ex post facto evidence as purported support for their false and malicious statements that Plaintiff was dreadfully incompetent at her job as an associate" (*id.* ¶182) because both the written correspondence and the oral conversation regarding Plaintiff's allegations are also absolutely privileged.

4129-2551-2769.4

"In general, communications in connection with matters related to a lawsuit are privileged under Civil Code section 47, subdivision (b)." *Sylmar Air Conditioning v. Pueblo Contracting Servs., Inc.*, 122 Cal. App. 4th 1049, 1058 (2004). The litigation privilege applies pre-litigation, including "to communications preliminary to a proposed judicial proceeding, such as a demand letter from an attorney to a potential adversary." *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 781 (1996); *eCash Techs., Inc. v. Guagliardo*, 210 F. Supp. 2d 1138, 1154 (2001) (finding that a letter pertaining to litigation "clearly fits within the conduct that is subject to the protections of the 'Anti-SLAPP' law"); *Sylmar Air*, 122 Cal. App. 4th at 1058 (applying the privilege to "prelitigation communications involving the subject matter of the ultimate litigation").

The written correspondence and any oral communications between Plaintiff and Defendants' counsel squarely qualify as litigation privileged material, and because the privilege is absolute, Plaintiff cannot overcome that privilege. She therefore cannot establish a probability of success based on the protected allegations. *See Bergstein v. Stroock & Stroock & Lavan LLP*, 236 Cal. App. 4th 793, 814 (2015) ("A plaintiff cannot establish a probability of prevailing if the litigation privilege precludes the defendant's liability on the claim"); *Flatley v. Mauro*, 39 Cal.4th 299, 325 (2006) (even litigation-related conduct argued to be illegal is absolutely privileged); *Silberg v. Anderson*, 50 Cal.3d 205, 218 (1990) (an otherwise privileged communication need not have been made in the "interest of justice" to qualify for the protection of section 47).

Thus, each of Plaintiff's allegations of SLAPP conduct fails on the merits and must be dismissed.

## IV.   THE COURT SHOULD AWARD ATTORNEYS' FEES

An award of reasonable attorney's fees and costs to a defendant who prevails on a Section 425.16 motion to strike is "mandatory." CCP § 425.16(c); *Ketchum v. Moses*, 24 Cal.4th 1122, 1131 (2001). Here, Kirkland's Motion serves an important practical effect, eliminating highly inflammatory and potentially prejudicial allegations, reducing theories Plaintiff relies upon for her gender discrimination and retaliation claims, and narrowing potential discovery, including on the unemployment benefits and IPR allegations and well as the communications between Plaintiff and

1  counsel for Defendants. *Maleti v. Wickers*, 82 Cal. App. 5th 181, 232 (2022) ("The order striking

2  the abuse of process claim had the practical benefit to Attorneys of narrowing the litigation, thus

3  impacting discovery, motion practice, and trial preparation. And the order eliminated the potential

4  imposition of liability under a tort theory distinct from malicious prosecution").

5       The prevailing party may seek fees with the special motion, by subsequent motion, or by a

6  cost memorandum at the conclusion of the litigation. *Am. Humane Ass'n v. L.A. Times Commc'ns*,

7  92 Cal. App. 4th 1095, 1103 (2001); *Doe v. Luster*, 145 Cal. App. 4th 139, 144 n.4 (2006).

8  Defendants asks the Court to find that it is entitled to reasonable fees and costs for this motion and

9  that they may submit the amount incurred upon the Court's finding and striking the allegations

10  discussed herein.

11  **V.**   **CONCLUSION**

12       The *pro per* status of Plaintiff here is no excuse for pleadings which defy black letter Anti-

13  SLAPP law. According to Plaintiff, she is a highly talented lawyer with six years of practice (who

14  "earned a juris doctor degree, with high honors, from Emory University School of Law, where she

15  served as an articles editor on Emory Law Journal and graduated with a 3.854 GPA and class rank

16  of 9/291, is a member of the Order of the Coif, holds a bachelor of science in applied mathematics

17  with high honors from Georgia Institute of Technology, where she was a member of the honors

18  program"). *See* Compl. ¶9 n.2. She contends that she was consistently an outstanding performer at

19  trial and other litigation projects for what she describes as "one of the most prestigious law firms

20  in the United States." *Id.* ¶¶ 9, 11 n.3. Even cursory research would have confirmed the impropriety

21  of these Anti-SLAPP allegations, as well as their privileged nature, and they must be stricken.

22  Dated:  December 19, 2022          Orrick, Herrington & Sutcliffe LLP

23

24                  By:       /s/Lynne C. Hermle

25                      Lynne C. Hermle
                    Attorneys for Defendants

26                      KIRKLAND & ELLIS LLP

27

28

4129-2551-2769.4