1    LYNNE C. HERMLE (STATE BAR NO. 99779)
     lchermle@orrick.com
2    JOSEPH C. LIBURT (STATE BAR NO. 155507)
     jliburt@orrick.com
3    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
4    Menlo Park, CA  94025-1015
     Telephone:     +1 650 614 7400
5    Facsimile:     +1 650 614 7401

6    KATE JUVINALL (STATE BAR NO. 315659)
     kjuvinall@orrick.com
7    PAUL RODRIGUEZ (STATE BAR NO. 307139)
     prodriguez@orrick.com
8    ORRICK, HERRINGTON & SUTCLIFFE LLP
     355 S. Grand Ave., Suite 2700
9    Los Angeles, CA  90071
     Telephone:     +1 213 629 2020
10   Facsimile:     +1 213 612 2499

11   Attorneys for Defendants
     KIRKLAND & ELLIS LLP, MICHAEL DE VRIES,
12   MICHAEL W. DE VRIES, P.C., ADAM ALPER,
     ADAM R. ALPER, P.C., AKSHAY DEORAS,
13   AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT,
     LESLIE M. SCHMIDT, P.C., AND MARK FAHEY
14
                        UNITED STATES DISTRICT COURT
15
                      NORTHERN DISTRICT OF CALIFORNIA
16
                              OAKLAND DIVISION
17

18
     ZOYA KOVALENKO,                          Case No. 4:22-CV-05990-HSG
19
                    Plaintiff,                **DEFENDANT KIRKLAND AND ELLIS,**
20                                            **LLP'S RENEWED ADMINISTRATIVE**
              v.                              **MOTION TO REDACT PLAINTIFF'S**
21                                            **COMPLAINT AND PLAINTIFF'S**
     KIRKLAND & ELLIS LLP, MICHAEL DE         **OPPOSITION TO DEFENDANT'S**
22   VRIES, MICHAEL W. DE VRIES, P.C.,        **ORIGINAL MOTION TO REDACT**
     ADAM ALPER, ADAM R. ALPER, P.C.,
23   AKSHAY DEORAS, AKSHAY S. DEORAS,
     P.C., LESLIE SCHMIDT, LESLIE M.
24   SCHMIDT, P.C., AND MARK FAHEY,

25                    Defendants.

26

27

28
                                                   DEFENDANT KIRKLAND AND ELLIS
                                                   LLP'S RENEWED ADMINISTRATIVE
                                                   MOTION TO REDACT [4:22-CV-05990-
                                                   HSG]

# TABLE OF CONTENTS

**Page**

I.     FACTUAL BACKGROUND ................................................................................ 1

II.    THE COURT SHOULD GRANT THE FIRM'S RENEWED MOTION TO
       REDACT.......................................................................................................... 2

       A.    LOCAL RULE 79- 5(C)(1)......................................................................... 2

       B.    APPLICABLE LEGAL STANDARD............................................................. 2

       C.    REASONS FOR SEALING........................................................................ 2

       D.    PARAGRAPH-BY-PARAGRAPH CHART ................................................. 6

III.   CONCLUSION ............................................................................................... 25

DEFENDANT KIRKLAND AND ELLIS
LLP'S RENEWED ADMINISTRATIVE
MOTION TO REDACT [4:22-CV-05990-
HSG]

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*In re Anthem, Inc. Data Breach Litig.*,
    No. 15-MD-02617-LHK, 2018 WL 3960068 (N.D. Cal. Aug. 17, 2018) ............................... 3

5

6

*Bell v. Lee*,
    No. 13-CV-05820-SI, 2017 WL 1956828 (N.D. Cal. May 11, 2017) ................................. 3, 4

7

*Doe v. Soc'y of Missionaries of Sacred Heart*,
    No. 11-cv-02518, 2014 WL 1715376 (N.D. Ill. May 1, 2014) ................................................ 6

8

9

*Equicare Health Inc. v. Varian Med. Sys., Inc*,
    No. 21-MC-80183-EJD, 2022 WL 2674204 (N.D. Cal. June 28, 2022) ............................. 4, 5

10

11

*Hanson v. Wells Fargo Home Mortg., Inc.*,
    No. C13-0939JLR, 2013 WL 5674997 (W.D. Wash. Oct. 17, 2013).................................... 2

12

13

*In re Int'l Oil Trading Co.*,
    548 B.R. 825 (Bankr. S.D. Fla. 2016).................................................................................. 6

14

*Kamakana v. City & Cnty. of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006)............................................................................................. 5

15

16

*Louise Trauma Ctr. LLC v. U.S. Dep't of Homeland Sec.*,
    No. 1:20-CV-01128 (TNM), 2022 WL 1081097 (D.D.C. Apr. 11, 2022) ............................. 5

17

18

*Nicolosi Distrib., Inc. v. Finishmaster, Inc.*,
    No. 18-cv-03587-BLF, 2018 WL 10758114 (N.D. Cal. Aug. 28, 2018)............................ 4, 5

19

*Odyssey Wireless, Inc. v. Samsung Elecs. Co.*,
    No. 15-CV-01735, 2016 WL 7665898 (S.D. Cal. Sept. 20, 2016).................................... 6

20

21

*Tien v. Superior Ct.*,
    139 Cal. App. 4th 528 (2006)............................................................................................. 4

22

*Upjohn Co. v. United States*,
    449 U.S. 383 (1981) ........................................................................................................... 2

23

24

*Williams & Cochrane, LLP v. Quechan Tribe of the Fort Yuma Indian Rsrv.*,
    No. 17-CV-01436, 2017 WL 7362744 (S.D. Cal. Nov. 7, 2017) ............................................ 3

25

26

*Williams v. PillPack, LLC*,
    No. 19-5282 RJB, 2021 WL 4972367 (W.D. Wash. Oct. 26, 2021) ........................................ 4

27

28

DEFENDANT KIRKLAND AND ELLIS
LLP'S RENEWED ADMINISTRATIVE
MOTION TO REDACT [4:22-CV-05990-
HSG]

**Other Authorities**

Cal. Const. art. I, § 1 ................................................................................................................ 4

Local Civil Rule 7-11 .............................................................................................................. 1

Local Civil Rule 79-5 .............................................................................................................. 1

Local Civil Rule 79-5(c)(1) ............................................................................................... 2, 5, 6

1    Pursuant to Civil Local Rules 7-11 and 79-5 and the Court's Standing Order for Civil

2    Cases (Paragraphs 28-33), Defendant Kirkland & Ellis LLP (the "Firm") hereby makes this

3    renewed Administrative Motion for an Order Redacting Allegations in Plaintiff Zoya

4    Kovalenko's ("Plaintiff") Complaint and Plaintiff's Opposition to the Firm's original Motion to

5    Redact:

6    **I.      FACTUAL BACKGROUND**

7    On November 23, 2022, the Firm filed an Administrative Motion to Redact allegations in

8    Plaintiff's Complaint containing attorney-client privileged/attorney work product information, as

9    well as confidential Firm and personnel information. *See* ECF No. 16.[1] On December 1, 2022,

10   Plaintiff filed her Opposition to the Firm's Motion to Redact Plaintiff's Complaint (the

11   "Opposition"). *See* Opposition, ECF No. 21. Plaintiff's Opposition quotes portions of the

12   Complaint that the Firm seeks to seal. *Id*. at 4, lines 23-27.[2]

13   On December 16, 2022, the Court entered an order denying the Firm's Administrative

14   Motion to Redact Plaintiff's Complaint without prejudice (the "Order"). *See* Order, ECF No. 23.

15   The Court permitted the Firm to file a renewed motion within seven days of the Court's order. *Id*.

16   at 2. The Court stated "[f]or the Court to evaluate Defendant's motion, Defendant needs to submit

17   a detailed chart that sets out each proposed redaction paragraph by paragraph, the particularized

18   justifications advanced for sealing each portion, and why those justifications meet the

19   'compelling reasons' standard." *Id*. That chart is included in this Motion in Section II(D). Finally,

20   the Court also noted that "[t]he Court does note that it sees no legitimate purpose for including

21   individuals' home addresses in a public complaint, and almost certainly will grant any renewed

---

[1]For a discussion of the communications between Plaintiff and the Firm regarding this issue prior to Plaintiff filing her Complaint please see the Firm's original Motion to Redact Plaintiff's Complaint (ECF No. 16 at 1-2) and the declarations of Jeffrey S. Powell (ECF No. 16-2, 16-3) ¶¶ 3-4, Ex. A ("Powell Dec.") and Joseph C. Liburt (ECF No. 16-1) ¶¶3-4, Exs. A-C ("Liburt Dec.") cited therein and filed in support thereof.

[2] The Firm has publicly filed a proposed redacted version of the Complaint (*See* Exhibit To Administrative Motion To Redact Complaint, ECF No. 16-6) and filed under seal a copy of the Complaint highlighting the allegations the Firm proposes to redact (*See* Powell Dec., Ex. B, ECF No. 16-5). In addition, with this Renewed Motion, the Firm has publicly filed a proposed redacted version of the Opposition and filed under seal a copy of the Opposition highlighting the material the Firm proposes to redact. *See* Declaration of Joe Liburt ISO Renewed Motion to Redact Complaint ¶¶3-4, Ex. A-B.

DEFENDANT KIRKLAND AND ELLIS
LLP'S RENEWED ADMINISTRATIVE
MOTION TO REDACT [4:22-CV-05990-
HSG]

1   motion as to that information at a minimum." *Id*. at 2 n.1.[3]

2   **II.     THE COURT SHOULD GRANT THE FIRM'S RENEWED MOTION TO**
    **REDACT**

3

4          **A.     Local Rule 79-5(c)(1)**

5          Local Civil Rule 79-5(c)(1) requires the party seeking sealing to provide a specific

6   statement of the applicable legal standard and the reasons for sealing, including an explanation of:

7   (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if

8   sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient.

9          **B.     Applicable Legal Standard**

10         In its December 16, 2022 Order, the Court stated that it will apply the "compelling

11  reasons" standard for a renewed Motion to Redact Plaintiff's Complaint. Order at 1.[4]

12         **C.     Reasons for Sealing**

13         As to Local Civil Rule 79-5(c)(1)'s first requirement, as described herein and in the chart

14  below, there are compelling reasons for the Court to redact the Complaint and the Opposition.

15         *First*, there are compelling reasons to redact the Complaint and the Opposition because as

16  detailed in the chart below in Section II(D), they contain the Firm's attorney-client and work

17  product information. Powell Dec. ¶¶5-7. "Attorney-client privilege is a long standing doctrine

18  established to 'encourage full and frank communication between attorneys and their clients.'"

19  *Hanson v. Wells Fargo Home Mortg., Inc*., No. C13-0939JLR, 2013 WL 5674997, at *3 (W.D.

20  Wash. Oct. 17, 2013) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). "Courts

21  generally accept attorney-client privilege and the work-product-doctrine as a 'compelling reason'

22  justifying a motion to seal." *Id*. (citing cases).

23         "[P]reventing the disclosure of attorney work-product is . . . a compelling reason to

24  prevent public access to such information. The purpose of the work product doctrine is to protect

---

25  [3] Defendants Michael De Vries, Michael W. De Vries, P.C., Adam Alper, Adam R. Alper, P.C.,
26  Akshay Deoras, Akshay S. Deoras, P.C., Leslie Schmidt, Leslie Schmidt, P.C., and Mark Fahey
    join in the Firm's request to redact. *See* Liburt Dec. ¶ 6.
27  [4] The Firm assumes for purpose of this Renewed Motion that the "compelling reasons" standard
    also applies to Plaintiff's Opposition since the material the Firm seeks to redact in the Opposition
28  is quoted from the Complaint.

DEFENDANT KIRKLAND AND ELLIS
LLP'S RENEWED ADMINISTRATIVE
MOTION TO REDACT [4:22-CV-05990-
HSG]

an attorney's mental processes so that the attorney can analyze and prepare for the client's case without interference from an opponent." *Williams & Cochrane, LLP v. Quechan Tribe of the Fort Yuma Indian Rsrv*., No. 17-CV-01436, 2017 WL 7362744, at *2 (S.D. Cal. Nov. 7, 2017) (internal quotation marks omitted); *see also In re Anthem, Inc. Data Breach Litig*., No. 15-MD-02617-LHK, 2018 WL 3960068, at *33 (N.D. Cal. Aug. 17, 2018) (collecting cases: "Multiple courts, including this Court in this case, have accepted attorney-client privilege and the work-product doctrine as sufficient justifications for sealing, even under the higher 'compelling reason' standard.").

In its Order dated December 16, 2022, the Court stated if the justification for sealing advanced "is attorney-client privilege or the attorney work product doctrine, the motion must explain with factual support why even the genericized information in the complaint (which does not appear to name any clients) reveals any such information." Order at 2. As detailed in the chart below (Section II(D)), with respect to two clients, Plaintiff uses information other than their names to identify them. Compl. ¶¶11, 76, 88, 149-150. There is no reason to include such identifying information in the Complaint and this information could be used by competitors and members of the public to uncover the identities of these clients. Powell Dec. ¶¶5-7. Regardless, the attorney-client privilege and the attorney-work product doctrine protect **the content** of the communications or the work product, respectively, and not necessarily the identity of the client. *See In re Anthem*, 2018 WL 3960068, at *34 (granting motion to seal attorney-client privileged and attorney work product information and noting: "the scope of the attorney-client privilege . . . protects from disclosure **the content** of confidential communications between a client and her attorney to obtain legal advice"); *Bell v. Lee*, No. 13-CV-05820-SI, 2017 WL 1956828, at *3 (N.D. Cal. May 11, 2017) (recognizing that the identity of a client is usually not protected from disclosure by the attorney-client privilege and holding that specific descriptions of services

DEFENDANT KIRKLAND AND ELLIS LLP'S RENEWED ADMINISTRATIVE MOTION TO REDACT [4:22-CV-05990-HSG]

1   performed by attorneys are protected).[5] Thus, the attorney-client communication and attorney-

2   work product contained in Plaintiff's Complaint should be redacted whether or not the clients are

3   identified.

4       *Second*, as detailed in the chart below in Section II(D), there are compelling reasons to

5   redact the Complaint because it contains individual Defendants' home addresses. *Williams v.*

6   *PillPack, LLC*, No. 19-5282 RJB, 2021 WL 4972367, at *2 (W.D. Wash. Oct. 26, 2021) (sealing

7   address information). As the Court noted in its Order, there is "no legitimate purpose for

8   including individuals' home addresses in a public complaint." Order at 2 n.1.

9       *Third*, as detailed in the chart below in Section II(D), there are compelling reasons to

10   redact the Complaint because it contains confidential work history, compensation and

11   performance information of non-party Firm associates who are identified by name in the

12   Complaint. Compelling reasons exist for redacting this information because such confidential

13   personnel information is protected from unauthorized disclosure by the privacy rights enumerated

14   in the California Constitution. Cal. Const. art. I, § 1; *Tien v. Superior Ct*., 139 Cal. App. 4th 528,

15   539 (2006) (holding that the right to privacy in the California Constitution protects against the

16   disclosure of "various private or sensitive information" including, "confidential personnel

17   information"). Compelling reasons also exist for keeping this information confidential because it

18   gives the Firm a competitive advantage in associate recruiting and retention (Powell Dec. ¶9).

19   *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, No. 18-cv-03587-BLF, 2018 WL 10758114, at *2

20   (N.D. Cal. Aug. 28, 2018) (finding compelling reasons to seal proprietary and confidential

21   business information: "Public disclosure of this information to Defendant's competitors could

22   harm Defendant."); *Equicare Health Inc. v. Varian Med. Sys., Inc*, No. 21-MC-80183-EJD, 2022

23   WL 2674204, at *2 (N.D. Cal. June 28, 2022) (finding compelling reasons to seal employment

24   history of non-party). Furthermore, considering that Plaintiff has specifically identified by name

---

25   [5] As discussed in the chart below in Section II(D), the material the Firm seeks to redact is covered

26   by the attorney-client privilege and the attorney work product doctrine because it specifically
      describes the work and services performed by Plaintiff and others for Firm clients and the alleged

27   motive of the client in seeking representation from the Firm. *See Bell*, 2017 WL 1956828, at *3
      (documents that "reveal the motive of the client in seeking representation, litigation strategy, or

28   specific nature of the services provided . . . fall within the privilege").

DEFENDANT KIRKLAND AND ELLIS
LLP'S RENEWED ADMINISTRATIVE
MOTION TO REDACT [4:22-CV-05990-
HSG]

1    certain associates while identifying others only by initials in her Complaint (*see, e.g.*, Compl.

2    ¶¶73, 117), it is likely that Plaintiff has identified certain individual associates by name "to gratify

3    private spite, promote public scandal, or circulate libelous statements." *Equicare*, 2022 WL

4    2674204, at *2.

5         *Fourth*, as detailed in the chart below in Section II(D), there are compelling reasons to

6    redact the Complaint and the Opposition because they contain confidential identifying

7    information regarding the Firm clients, fee information and/or billing rate information, which

8    give the Firm a competitive advantage. Powell Dec. ¶7; *see Kamakana v. City & Cnty. of*

9    *Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (holding that compelling reasons to seal exist

10   where court records are used to "release trade secrets."); *Nicolosi*, 2018 WL 10758114, at *2

11   ("[C]ompelling reasons exist [to seal documents] because they contain proprietary and

12   confidential business information ….").

13        *Fifth*, as detailed in the chart below in Section II(D), there are compelling reasons to

14   redact the Complaint because it contains false, confidential, irrelevant and scandalous allegations

15   regarding Firm partners. Powell Dec. at ¶¶8-9. This information was clearly included in the

16   complaint to "to gratify private spite, promote public scandal, or circulate libelous statements",

17   which is a compelling reason for redacting it. *Kamakana*, 447 F.3d at 1179 (holding that

18   compelling reasons to seal exist where court records are used to "gratify private spite, promote

19   public scandal, circulate libelous statements").

20        As to Local Civil Rule 79-5(c)(1)'s second requirement, an injury will result if sealing is

21   denied. Injury resulting from continued disclosure of attorney-client privileged/attorney work

22   product information is self-evident—disclosure of such information destroys the purpose of the

23   privileges. *See Louise Trauma Ctr. LLC v. U.S. Dep't of Homeland Sec.*, No. 1:20-CV-01128

24   (TNM), 2022 WL 1081097, at *6 (D.D.C. Apr. 11, 2022) ("[T]he 'context and purpose' of

25   attorney work product makes self-evident the harm from its disclosure."). Injury would also result

26   if related client identifying information, fee information, and billing rate information is permitted

27   to remain public as the Firm's competitors could use this information to attempt to win clients

28

DEFENDANT KIRKLAND AND ELLIS
LLP'S RENEWED ADMINISTRATIVE
MOTION TO REDACT [4:22-CV-05990-
HSG]

away from the Firm. Powell Dec. ¶7. Finally, injury would result if the personnel information were permitted to remain public because the information regarding non-party associates could be used by competitors to recruit associates away from the Firm and Defendant partners' address information could be used by others to harass. *Id.* ¶¶9-10.

As to Local Rule 79-5(c)(1)'s third requirement, why a less restrictive alternative to sealing is not sufficient—as set forth in detail in the chart below in Section II(D), the Firm is not seeking to seal the entire Complaint or the entirety of Plaintiff's Opposition—it is only seeking narrowly tailored redactions of allegations containing attorney-client privileged/attorney work product information and confidential Firm and personnel information. Powell Dec. ¶¶5, 8, 10.

### D.   Paragraph-by-Paragraph Chart

Below is a detailed chart that sets out each proposed redaction in the Complaint and Opposition paragraph by paragraph, the particularized justifications advanced for sealing each portion, and why those justifications meet the "compelling reasons" standard.

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| ¶11, p. 4, lines 15-17, 26-27 (fn. 3) | Compelling reasons exist to redact this material because it: (1) specifically describes attorney-work product produced and services provided by Plaintiff to Firm clients (p. 4, lines 15, 26-27 (fn. 3)); (2) reveals the confidential identity of a Firm client using identifying information (other than its name) in the context of work product Plaintiff produced for the client (p. 4, line 16); (3) specifically describes attorney-client privileged communications discussing attorney work product, which allegedly motivated approval of representation by the Firm (p. 4, lines 16-17)[6]; and (4) describes a fee arrangement between the Firm and a client (p. 4, lines 16-17), which the Firm keeps confidential because it gives the Firm a competitive advantage. Powell Dec. at ¶¶5-7. The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's |

---

[6] Case law makes clear that the Firm's communications with the party detailed in this paragraph are protected by the attorney-client privilege and the attorney work product doctrine. *See, e.g., Odyssey Wireless, Inc. v. Samsung Elecs. Co.*, No. 15-CV-01735, 2016 WL 7665898, at *5 (S.D. Cal. Sept. 20, 2016); *In re Int'l Oil Trading Co.*, 548 B.R. 825, 832 (Bankr. S.D. Fla. 2016); *Doe v. Soc'y of Missionaries of Sacred Heart*, No. 11-cv-02518, 2014 WL 1715376, at *3-4 (N.D. Ill. May 1, 2014).

DEFENDANT KIRKLAND AND ELLIS LLP'S RENEWED ADMINISTRATIVE MOTION TO REDACT [4:22-CV-05990-HSG]

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| | alleged work performance and only include confidential material. |
| ¶47, p. 18, line 3 | Compelling reasons exist to redact this material because it contains an individual partner Defendant's home address, which the Firm keeps confidential; permitting this information to remain exposed to the public could result in harassment of these partners. Powell Dec. at ¶10.<br><br>The proposed redactions are narrowly tailored because they only include the specific home address of the individual Defendant and do not include the state in which he allegedly is domiciled for jurisdictional purposes. |
| ¶48, p. 18, line 10 | Compelling reasons exist to redact this material because it contains an individual partner Defendant's home address, which the Firm keeps confidential; permitting this information to remain exposed to the public could result in harassment of these partners. Powell Dec. at ¶10.<br><br>The proposed redactions are narrowly tailored because they only include the specific home address of the individual Defendant and do not include the state in which he allegedly is domiciled for jurisdictional purposes |
| ¶49, p. 18, line 17 | Compelling reasons exist to redact this material because it contains an individual partner Defendant's home address, which the Firm keeps confidential; permitting this information to remain exposed to the public could result in harassment of these partners. Powell Dec. at ¶10.<br><br>The proposed redactions are narrowly tailored because they only include the specific home address of the individual Defendant and do not include the state in which he allegedly is domiciled for jurisdictional purposes |
| ¶50, p. 18, line 24 | Compelling reasons exist to redact this material because it contains an individual partner Defendant's home address, which the Firm keeps confidential; permitting this information to remain exposed to the public could result in harassment of these partners. Powell Dec. at ¶10.<br><br>The proposed redactions are narrowly tailored because they only include the specific home address of the individual Defendant and do not include the state in which he allegedly is domiciled for jurisdictional purposes |
| ¶56, p. 20, lines 11-12, 15 | Compelling reasons exist to redact this material because it contains an individual partner Defendant's home address, which the Firm keeps confidential; permitting this information to remain exposed to the public could result in harassment of these partners. Powell Dec. at ¶10. |

DEFENDANT KIRKLAND AND ELLIS LLP'S RENEWED ADMINISTRATIVE MOTION TO REDACT [4:22-CV-05990-HSG]

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
|  | The proposed redactions are narrowly tailored because they only include the specific home address of the individual Defendant and do not include other allegations regarding his alleged discriminatory and retaliatory conduct. |
| ¶69, p. 23, lines 19-23, p. 24, lines 1-3, 5-8 | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9.<br><br>The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶70, p. 24, lines 10-13, 15-18. | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9.<br><br>The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶71, p. 24, lines 20-24, 26-28, p. 25, line 1 | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9.<br><br>The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶72, p. 25, lines 3-4, 6-9, 11-14 | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the |

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| | Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9.<br><br>The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶76, p. 26, line 28, p. 27, line 1 | Compelling reasons exist to redact this material because it: (1) specifically describes attorney-work product produced and services provided by Plaintiff to Firm clients (p. 26, line 28)[7]; (2) describes a fee arrangement between the Firm and a client (p. 26, line 28), which the Firm keeps confidential because it gives the Firm a competitive advantage; and (3) reveals the confidential identity of a Firm client using identifying information (other than its name) in the context of work product Plaintiff produced for the client (p. 27, line 1). Powell Dec. at ¶¶5-7.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's alleged work performance and only include confidential material. |
| ¶78, p. 27, lines 20-23, 27, p. 28, lines 1-2 | Compelling reasons exist to redact this material because it: (1) specifically describes attorney-work product produced and services provided by Plaintiff to Firm clients (p. 27, lines 20-23, 27, p. 28, lines 1-2)[8]; and (2) describes a fee arrangement between the Firm and a client (p. 27, lines 20-21, 23), which the Firm keeps confidential because it gives the Firm a competitive advantage. Powell Dec. at ¶¶5-7.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's alleged work performance and only include confidential material. |
| ¶79, p. 28, line 3 | Compelling reasons exist to redact this material because it describes attorney-work product produced and services provided by Plaintiff to Firm clients.[9] Powell Dec. at ¶¶5-7.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's alleged work performance and only include confidential material. |

[7] Although the relevant client's identity is not revealed in this paragraph, it is revealed by the Plaintiff using identifying information (other than its name) in Paragraph 11, p. 4, line 16.
[8] Although the relevant client's identity is not revealed in this paragraph, it is revealed by the Plaintiff using identifying information (other than its name) in Paragraph 11, p. 4, line 16.
[9] Although the relevant client's identity is not revealed in this paragraph, it is revealed by the Plaintiff using identifying information (other than its name) in Paragraph 11, line 16.

DEFENDANT KIRKLAND AND ELLIS LLP'S RENEWED ADMINISTRATIVE MOTION TO REDACT [4:22-CV-05990-HSG]

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| ¶80, p. 28, lines 20-21 | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9.<br><br>The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶81, p. 29, lines 6-7, 10-12 | Compelling reasons exist to redact this material because it: (1) specifically describes attorney-work product produced and services provided by Plaintiff to Firm clients (p. 29, lines 6-7, 10) [10]; and (2) describes a fee arrangement between the Firm and a client (p. 29, lines 11-12), which the Firm keeps confidential because it gives the Firm a competitive advantage. Powell Dec. at ¶¶5-7.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's alleged work performance and only include confidential material. |
| ¶83, p. 29, lines 21-24 | Compelling reasons exist to redact this material because it: (1) specifically describes attorney-work product produced and services provided by another Firm associate (p. 29, lines 21-24) [11]; and (2) describes a fee arrangement between the Firm and a client (p. 29, line 22), which the Firm keeps confidential because it gives the Firm a competitive advantage. Powell Dec. at ¶¶5-7.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding the other associate's alleged work performance and only include confidential material. |
| ¶84, p. 29, line 25, p. 30, lines 1-2 | Compelling reasons exist to redact this material because it specifically describes attorney-work product produced and services provided by Plaintiff to Firm clients.[12] Powell Dec. at ¶¶5-7.<br><br>The proposed redactions are narrowly tailored because they leave |

[10] Although the relevant client's identity is not revealed in this paragraph, it is revealed by the Plaintiff using identifying information (other than its name) in Paragraph 11, p. 4, line 16.
[11] Although the relevant client's identity is not revealed in this paragraph, it is revealed by the Plaintiff using identifying information (other than its name) in Paragraph 11, p. 4, line 16.
[12] Although the relevant client's identity is not revealed in this paragraph, it is revealed by the Plaintiff using identifying information (other than its name) in Paragraph 11, line 16.

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
|  | as much information unredacted as possible regarding Plaintiff's alleged work performance and only include confidential material. |
| ¶85, p. 30, lines 3, 11-12, 14, 22-23 (fn. 14), p. 31, line 2 | Compelling reasons exist to redact this material because it: (1) specifically describes attorney-work product produced and services provided by Plaintiff to Firm clients (p. 30, lines 3, 11-12, 14, p. 31, line 2) [13]; (2) identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons (p. 30, lines 22-23 (fn. 14)); and (3) describes a fee arrangement between the Firm and a client (p. 31, line 2), which the Firm keeps confidential because it gives the Firm a competitive advantage. Powell Dec. at ¶¶5-9. |
|  | The proposed redactions are narrowly tailored because they: (1) leave as much information unredacted as possible regarding Plaintiff's alleged work performance and only include confidential material; and (2) only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶86, p. 31, lines 3-9 | Compelling reasons exist to redact this material because it: (1) specifically describes attorney-work product produced and services provided by Plaintiff to Firm clients (p. 31, lines 3-4) [14]; (2) specifically describes attorney-client privileged communications discussing attorney work product, which allegedly motivated approval of representation by the Firm (p. 31, lines 4-8)[15]; (3) describes fee arrangements between the Firm and its clients (p. 31, lines 4-9), which the Firm keeps confidential because it gives the Firm a competitive advantage. Powell Dec. at ¶¶5-7. |
|  | The proposed redactions are narrowly tailored. The Firm seeks to redact this entire paragraph because it only contains sentences containing protected and confidential information. |
| ¶87, p. 31, lines 10-13, 24-25 (fn. 17) | Compelling reasons exist to redact this material because it: (1) specifically describes attorney-client privileged communications discussing attorney work product, which allegedly motivated approval of representation by the Firm (p. 31, |

[13] Although the relevant client's identity is not revealed in this paragraph, it is revealed by the Plaintiff using identifying information (other than its name) in Paragraph 11, p. 4, line 16.
[14] Although the relevant client's identity is not revealed in this paragraph, it is revealed by the Plaintiff using identifying information (other than its name) in Paragraph 11, p. 4, line 16.
[15] *See* footnote 6, *supra*.

DEFENDANT KIRKLAND AND ELLIS LLP'S RENEWED ADMINISTRATIVE MOTION TO REDACT [4:22-CV-05990-HSG]

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| | lines 10-11)[16]; and (2) describes Plaintiff's work in connection with a fee arrangement between the Firm and its client, which the Firm keeps confidential because it gives the Firm a competitive advantage (p. 31, lines 10-13, 24-25 (fn. 17)). Powell Dec. at ¶¶5-7.<br><br>The proposed redactions are narrowly tailored. The Firm seeks to redact this entire paragraph because it only contains sentences containing protected and confidential information. |
| ¶88, p. 31, line 16 | Compelling reasons exist to redact this material because it reveals the confidential identity of a Firm client using identifying information (other than its name) in the context of work product Plaintiff produced for the client. Powell Dec. at ¶¶5-7.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's alleged work performance and only include confidential material. |
| ¶90, p. 33, line 26 (fn. 21) | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9.<br><br>The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶92, p. 34, line 3 | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9.<br><br>The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶93, p. 34, lines 6, 10-13 | Compelling reasons exist to redact this material because it: (1) identifies the name of a non-party associate at the Firm in the |

---

[16] *See* footnote 6, *supra*.

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| | context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons (p. 34, lines 6, 10, 12); and (2) specifically describes attorney-work product produced and services provided by Plaintiff and another associate (p. 34, lines 10-13).[17] Powell Dec. at ¶¶5-9.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's and the non-party associate's alleged work performance and only include confidential material. |
| ¶94, p. 34, lines 15-17 | Compelling reasons exist to redact this material because it specifically describes attorney-work product produced and services provided by Plaintiff. Powell Dec. at ¶¶5-7.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's alleged work performance and only include confidential material. |
| ¶95, p. 34, lines 21-23 | Compelling reasons exist to redact this material because it: (1) identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons (p. 34, lines 21, 23); and (2) specifically describes attorney-work product produced and services provided by the associate (p. 34, lines 21-22). Powell Dec. at ¶¶5-9.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding the non-party associate's alleged work performance and only include confidential material. |
| ¶96, p. 34, lines 26-28 | Compelling reasons exist to redact this material because it: (1) identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons (p. 34, lines 26-27); and (2) specifically describes attorney-work product produced and services provided by the associate (p. 34, line 28). |

---

[17] Although the relevant client's identity is not revealed in this paragraph, it is revealed by the Plaintiff using identifying information (other than its name) in Paragraph 149, p. 55, lines 16-17.

DEFENDANT KIRKLAND AND ELLIS LLP'S RENEWED ADMINISTRATIVE MOTION TO REDACT [4:22-CV-05990-HSG]

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| | Powell Dec. at ¶¶5-9.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding the non-party associate's alleged work performance and only include confidential material. |
| ¶97, p. 35, lines 3-10 | Compelling reasons exist to redact this material because it: (1) identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons (p. 35, lines 3, 5, 8-10); and (2) specifically describes attorney-work product produced and services provided by the associate (p. 35, lines 3-9). Powell Dec. at ¶¶5-9.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding the non-party associate's alleged work performance and only include confidential material. |
| ¶98, p. 35, lines 11-13 | Compelling reasons exist to redact this material because it: (1) identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons (p. 35, line 12); and (2) specifically describes attorney-work product produced and services provided by the non-party associate and Plaintiff (p. 35, lines 11-13).[18] Powell Dec. at ¶¶5-9.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's and the non-party associate's alleged work performance and only include confidential material. |
| ¶99, p. 35, line 19 | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell |

---

[18] Although the relevant client's identity is not revealed in this paragraph, it is revealed by the Plaintiff using identifying information (other than its name) in Paragraph 149, p. 55, lines 16-17.

DEFENDANT KIRKLAND AND ELLIS LLP'S RENEWED ADMINISTRATIVE MOTION TO REDACT [4:22-CV-05990-HSG]

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| | Dec. at ¶¶8-9. The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶103, p. 36, lines 19-20 | Compelling reasons exist to redact this material because it specifically describes attorney-work product produced and services provided by Plaintiff. Powell Dec. at ¶¶5-7. The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's alleged work performance and only include confidential material. |
| ¶119, p. 43, lines 23-24 (fn. 31) | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9. The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶120, p. 43, lines 25-28, p. 44, lines 22-24 (fn. 32) | Compelling reasons exist to redact this material because it contains irrelevant and scandalous allegations regarding Firm partners. Powell Dec. at ¶8. The proposed redactions are narrowly tailored. The Firm seeks to redact this entire paragraph's footnote because it only contains sentences containing irrelevant and scandalous allegations. |
| ¶123, p. 45, lines 15, 17-18, 20 | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9. The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶124, p. 45, lines 23-24, p. | Compelling reasons exist to redact this material because it |

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| 46, lines 1-4 | identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9. <br><br> The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶125, p. 46, lines 16, 18, 20 | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9. <br><br> The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶126, p. 47, lines 8, 10-11, 13, 15 | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9. <br><br> The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶127, p. 48, line 1 | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9. |

DEFENDANT KIRKLAND AND ELLIS LLP'S RENEWED ADMINISTRATIVE MOTION TO REDACT [4:22-CV-05990-HSG]

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| | The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶129, p. 48, line 13 | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9.

The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶130, p. 48, lines 19, 22 | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9.

The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶149, p. 55, lines 16-17 | Compelling reasons exist to redact this material because it reveals the confidential identity of a Firm client using identifying information (other than its name) in the context of work product Plaintiff produced for the client. Powell Dec. at ¶¶5-7.

The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's alleged work performance and only include confidential material. |
| ¶150, p. 55, lines 20, 22-23 | Compelling reasons exist to redact this material because it reveals the confidential identity of a Firm client using identifying information (other than its name) in the context of work product Plaintiff produced for the client. Powell Dec. at ¶¶5-7.

The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's alleged work performance and only include confidential material. |
| ¶151, p. 56, lines 2-4 | Compelling reasons exist to redact this material because it |

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| | identifies the names of non-party associates at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associates' work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9.<br><br>The proposed redactions are narrowly tailored because they only include the names of the non-party associates to preserve the associates' anonymity, rather than seeking to redact the factual allegations concerning the associates. |
| ¶154, p. 57, lines 8-12 | Compelling reasons exist to redact this material because it: (1) identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons (p. 57, lines 8-11); and (2) specifically describes attorney-work product produced and services provided by the associate (p. 57, lines 8, 11-12). Powell Dec. at ¶¶5-9.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding the non-party associate's alleged work performance and only include confidential material. |
| ¶155, p. 57, lines 14-15, 19-22 | Compelling reasons exist to redact this material because it: (1) identifies the names of non-party associates at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associates' work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons (p. 57, lines 14, 19-20, 22); and (2) specifically describes attorney-work product produced and services provided by the associates (p. 57, lines 15, 21-22). Powell Dec. at ¶¶5-9.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding the non-party associate's alleged work performance and only include confidential material. |
| ¶156, p. 57, lines 23-24, 26-28, p. 58, lines 1-4 | Compelling reasons exist to redact this material because it: (1) identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation |

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| | and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons (p. 57, lines 23, 27, p. 58, lines 1-2, 4); and (2) specifically describes attorney-work product produced and services provided by the associate and other members of the Firm (p. 57, lines 24, 26-28, p. 58, lines 2-4). Powell Dec. at ¶¶5-9.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding the non-party associate's alleged work performance and only include confidential material. |
| ¶158, p. 58, lines 27-28, p. 59, lines 1, 3 | Compelling reasons exist to redact this material because it: (1) identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons (p. 58, lines 27-28, p. 58, lines 1, 3); and (2) specifically describes attorney-work product produced and services provided by the associate (p. 58, line 28). Powell Dec. at ¶¶5-9.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding the non-party associate's alleged work performance and only include confidential material. |
| ¶159, p. 59, lines 15, 17, p. 60, 2-3, 5, 17 (fn. 45), 21-23 (fn. 46) | Compelling reasons exist to redact this material because it identifies the names of non-party associates at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associates' work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9.<br><br>The proposed redactions are narrowly tailored because they only include the names of the non-party associates to preserve the associates' anonymity, rather than seeking to redact the factual allegations concerning the associates. |
| ¶161, p. 61, lines 9-10 | Compelling reasons exist to redact this material because it identifies the names of non-party associates at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associates' work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm |

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| | keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9.<br><br>The proposed redactions are narrowly tailored because they only include the names of the non-party associates to preserve the associates' anonymity, rather than seeking to redact the factual allegations concerning the associates. |
| ¶162, p. 61, lines 18, 20-21, 24, p. 62, lines 1, 3-4 | Compelling reasons exist to redact this material because it identifies the names of non-party associates at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associates' work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9.<br><br>The proposed redactions are narrowly tailored because they only include the names of the non-party associates to preserve the associates' anonymity, rather than seeking to redact the factual allegations concerning the associates. |
| ¶165, p. 62, lines 20, 23-25 | Compelling reasons exist to redact this material because it: (1) identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons (p. 62, lines 20, 24); and (2) specifically describes attorney-work product produced and services provided by the associate (p. 62, lines 23-25). Powell Dec. at ¶¶5-9.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding the non-party associate's alleged work performance and only include confidential material. |
| ¶166, p. 63, lines 3-6, 20-21 (fn. 49) | Compelling reasons exist to redact this material because it: (1) identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons (p. 63, line 5); and (2) specifically describes attorney-work product produced and services provided by Plaintiff and the associate (p. 63, lines 3-6, 20-21 (fn. 49)). Powell Dec. at ¶¶5-9.<br><br>The proposed redactions are narrowly tailored because they leave |

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| | as much information unredacted as possible regarding Plaintiff and the non-party associate's alleged work performance and only include confidential material. |
| ¶167, p. 63, lines 11-17 | Compelling reasons exist to redact this material because it specifically describes attorney-work product produced and services provided by Plaintiff and other members of the Firm and associated attorneys. Powell Dec. at ¶¶5-7.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's and others' alleged work performance and only include confidential material. |
| ¶168, p. 64, lines 1-9 | Compelling reasons exist to redact this material because it specifically describes attorney-work product produced and services provided by Plaintiff and other members of the Firm and associated attorneys. Powell Dec. at ¶¶5-7.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's and others' alleged work performance and only include confidential material. |
| ¶169, p. 64, lines 10-11 | Compelling reasons exist to redact this material because it specifically describes attorney-work product produced and services provided by Plaintiff and other members of the Firm. Powell Dec. at ¶¶5-7.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's and others' alleged work performance and only include confidential material. |
| ¶170, p. 64, lines 21, 28 (fn. 51), p. 65, lines 1, 3, 24-25 (fn. 51) | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9.<br><br>The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶171, p. 65, lines 7-8, 11-12 | Compelling reasons exist to redact this material because it: (1) identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation |

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| | and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons (p. 65, line 8); and (2) specifically describes attorney-work product produced and services provided by the associate (p. 65, lines 7, 11-12); and (2) contains confidential billing/work rate information of the Firm.[19] Powell Dec. at ¶¶5-9.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's and the non-party associate's alleged work performance and only include confidential material. |
| ¶175, p. 66, line 21 | Compelling reasons exist to redact this material because it identifies the names of non-party associates at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associates' work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9.<br><br>The proposed redactions are narrowly tailored because they only include the names of the non-party associates to preserve the associates' anonymity, rather than seeking to redact the factual allegations concerning the associates. |
| ¶187, p. 70, lines 7, 9 | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9.<br><br>The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶189, p. 70, lines 20, 24 | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm |

---

[19] Although the relevant client's identity is not revealed in this paragraph, it is revealed by the Plaintiff using identifying information (other than its name) in Paragraph 149, p. 55, lines 16-17.

DEFENDANT KIRKLAND AND ELLIS LLP'S RENEWED ADMINISTRATIVE MOTION TO REDACT [4:22-CV-05990-HSG]

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| | keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶8-9.<br><br>The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶190, p. 71, lines 1-2 | Compelling reasons exist to redact this material because it specifically describes attorney-work product produced and services provided by Plaintiff and other members of the Firm for Firm clients. Powell Dec. at ¶¶5-7.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's and other members of the Firm's alleged work performance and only include confidential material. |
| ¶210, p. 79, lines 7-8 | Compelling reasons exist to redact this material because it specifically describes attorney-work product produced and services provided by Plaintiff for Firm clients. Powell Dec. at ¶¶5-7.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's alleged work performance and only include confidential material. |
| ¶249, p. 93, lines 2-4 | Compelling reasons exist to redact this material because it identifies the names of non-party associates at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associates' work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶ 8-9.<br><br>The proposed redactions are narrowly tailored because they only include the names of the non-party associates to preserve the associates' anonymity, rather than seeking to redact the factual allegations concerning the associates. |
| ¶250(a), p. 94, line 3 | Compelling reasons exist to redact this material because it specifically describes attorney-work product produced and services provided by Plaintiff for Firm clients.[20] Powell Dec. at ¶¶ 5-7.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's alleged work performance and only include confidential material. |

---

[20] Although the relevant client's identity is not revealed in this paragraph, it is revealed by the Plaintiff using identifying information (other than its name) in Paragraph 11, p. 4, line 16.

DEFENDANT KIRKLAND AND ELLIS LLP'S RENEWED ADMINISTRATIVE MOTION TO REDACT [4:22-CV-05990-HSG]

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| ¶250(b), p. 94, line 13 | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶ 8-9.<br><br>The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶261, p. 100, line 14 | Compelling reasons exist to redact this material because it describes a fee arrangement between the Firm and a client, which the Firm keeps confidential because it gives the Firm a competitive advantage. Powell Dec. at ¶¶ 5-7.<br><br>The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding the Plaintiff's alleged work performance and only include confidential material. |
| ¶293, p. 111, line 24 | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶ 8-9.<br><br>The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| ¶294, p. 112, line 4 | Compelling reasons exist to redact this material because it identifies the names of non-party associates at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associates' work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶ 8-9.<br><br>The proposed redactions are narrowly tailored because they only include the name of the non-party associates to preserve the associates' anonymity, rather than seeking to redact the factual |

| Portion(s) of Complaint Sought to be Redacted | Reasons for Redacting |
|---|---|
| | allegations concerning the associates. |
| ¶295, p. 112, line 11 | Compelling reasons exist to redact this material because it identifies the name of a non-party associate at the Firm in the context of discussions in this paragraph and throughout the Complaint regarding the associate's work history, compensation and performance, which are protected from disclosure by the California Constitution's right to privacy and which the Firm keeps confidential for recruiting and retention reasons. Powell Dec. at ¶¶ 8-9.

The proposed redactions are narrowly tailored because they only include the name of the non-party associate to preserve the associate's anonymity, rather than seeking to redact the factual allegations concerning the associate. |
| **Portion(s) of Opposition Sought to be Redacted** | **Reasons for Redacting** |
| p. 4, lines 23-26, 27 | Compelling reasons exist to redact this material because it: (1) specifically describes attorney-work product produced and services provided by Plaintiff other Firm associates (p. 4, lines 23-25)[21]; (2) describes a fee arrangement between the Firm and a client (p. 4, lines 25-26), which the Firm keeps confidential because it gives the Firm a competitive advantage; and (3) reveals the confidential identity of a Firm client using identifying information (other than its name) (line 27). Powell Dec. at ¶¶5-7.

The proposed redactions are narrowly tailored because they leave as much information unredacted as possible regarding Plaintiff's arguments in her Opposition. |

## III.   <u>CONCLUSION</u>

The Firm requests that the Court grant its Renewed Motion to Redact.


Dated: December 23, 2022


By:   _____/s/ Joseph C. Liburt_____
JOSEPH C. LIBURT
Attorneys for Defendant
KIRKLAND & ELLIS LLP

---

[21] Although the relevant client's identity is not revealed in this paragraph, it is revealed by the Plaintiff using identifying information (other than its name) in Paragraph 11, p. 4, line 16.

DEFENDANT KIRKLAND AND ELLIS LLP'S RENEWED ADMINISTRATIVE MOTION TO REDACT [4:22-CV-05990-HSG]