1  [counsel listed on following page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>        Plaintiff,<br><br>   v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DE VRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT, LESLIE M. SCHMIDT, P.C., AND MARK FAHEY,<br><br>        Defendants. | Case No. 4:22-CV-05990-HSG<br><br>**STIPULATION AND ORDER TO EXTEND DEADLINES TO COMPLY WITH INITIAL DISCOVERY OBLIGATIONS PURSUANT TO GENERAL ORDER NO. 71 AND TO SET BRIEFING SCHEDULE FOR DEFENDANTS' ANTI-SLAPP MOTION**<br><br>[N.D. CAL. CIV. L.R. 6-2] |

1 | LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
2 | JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
3 | ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
4 | Menlo Park, CA  94025-1015
Telephone:    +1 650 614 7400
5 | Facsimile:     +1 650 614 7401

6 | KATE JUVINALL (STATE BAR NO. 315659)
kjuvinall@orrick.com
7 | PAUL RODRIGUEZ (STATE BAR NO. 307139)
prodriguez@orrick.com
8 | ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Suite 2700
9 | Los Angeles, CA  90071
Telephone:    +1 213 629 2020
10 | Facsimile:     +1 213 612 2499

11 | MARK THOMPSON (Admitted *pro hac vice*)
mthompson@orrick.com
12 | ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd St.
13 | New York, NY 10019
Telephone:    +1 212 506 5000
14 | Facsimile:     +1 212 506 5151

Attorneys for Defendants
KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DE VRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT, LESLIE M. SCHMIDT, P.C., AND MARK FAHEY

Zoya Kovalenko
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
zoyavk@outlook.com

Plaintiff Zoya Kovalenko

Plaintiff Zoya Kovalenko and Defendants Kirkland & Ellis LLP, Michael De Vries, Michael W. De Vries, P.C., Adam Alper, Adam R. Alper, P.C., Akshay Deoras, Akshay S. Deoras, P.C., Leslie Schmidt, Leslie Schmidt, P.C., and Mark Fahey, by and through their counsel of record, hereby stipulate as follows:

WHEREAS, on December 27, 2022, Plaintiff filed an administrative motion to reschedule the initial Case Management Conference and related deadlines (the "Motion") (ECF No. 56).

WHEREAS, in the Motion, Plaintiff requested the following relief from the Court based on her statement that she would have inadequate time to prepare for and participate in the Case Management Conference: (1) reschedule the initial Case Management Conference and related deadlines; and (2) extend the Parties' deadlines to comply with their initial discovery obligations per General Order No. 71 from January 16 and January 18, 2023 to 30 days after briefings related to the Complaint (including any oppositions, replies, and, as applicable and afforded by the Court, sur-replies) are submitted to the Court.

WHEREAS, on December 28, 2022, the Court terminated the Motion and rescheduled the initial Case Management Conference to April 6, 2023, thereby automatically extending the deadlines related to the initial Case Management Conference.

WHEREAS, the Court did not expressly rule on Plaintiff's request to extend the Parties' deadlines to comply with their initial discovery obligations per General Order No. 71.

WHEREAS, Defendants do not object to and stipulate to Plaintiff's request to extend the Parties' deadlines to comply with their initial discovery obligations per General Order No. 71 to 30 days after briefings related to the Complaint (including any oppositions, replies, and, as applicable and afforded by the Court, sur-replies) are submitted to the Court.

WHEREAS, in light of the Court's Order continuing the initial Case Management Conference and related deadlines including the Parties' Rule 26(f) conference, the Parties agree that it would serve the interests of efficiency and preserve party resources to also extend the Parties' deadlines to comply with their initial discovery obligations per General Order No. 71 to 30 days after briefings related to the Complaint (including any oppositions, replies, and, as applicable and afforded by the Court, sur-replies) are submitted to the Court.

1  WHEREAS, on December 19, 2022, Defendants filed five Motions to Dismiss (ECF Nos.
2  30-31, 34-36), a Motion to Strike (ECF No. 37), a Request for Judicial Notice (ECF No. 29) and
3  an Anti-SLAPP Motion (ECF No. 38) in response to Plaintiff's Complaint (collectively
4  "Defendants' Motions").
5  WHEREAS, the Parties submitted a stipulation on December 20, 2022 (ECF No. 43)
6  stipulating to a specific briefing schedule for Defendants' Motions pursuant to which Plaintiff's
7  oppositions are due on January 17, 2023 and Defendants' reply is due on January 31, 2023, which
8  the Court ordered on December 21, 2023 (ECF No. 44).
9  WHEREAS, Defendants' Motions are scheduled for hearing on April 6, 2023.
10 WHEREAS, on January 4, 2023, Plaintiff asked Defendants to stipulate to a two-week
11 extension for opposing Defendants' Anti-SLAPP motion to January 31, 2023.
12 WHEREAS, on January 5, 2023, Defendants agreed to Plaintiff's request for an extension
13 to file her opposition to the Anti-SLAPP Motion to January 31, 2023 in return for a one-week
14 extension to reply to Plaintiff's opposition to the Anti-SLAPP Motion to February 21, 2023.
15 WHEREAS, on January 5, 2023, Plaintiff agreed to Defendants' proposal.
16 WHEREAS, due to the number of oppositions and replies that are due on January 17 and
17 January 31, 2023 respectively, the Parties have agreed that additional time to file their opposition
18 and reply to one of the motions—the Defendants' Anti-SLAPP motion—would be beneficial to
19 the Parties.
20 WHEREAS, other than the Motion and the Parties' stipulation to set a specific briefing
21 schedule (ECF No. 43), which was ordered by the Court (ECF No. 44), there have been no other
22 time modifications in the case.
23 WHEREAS, the Parties do not anticipate that extending the Parties' deadlines to comply
24 with their initial discovery obligations per General Order No. 71 or the change in briefing
25 schedule on Defendants' Anti-SLAPP motion will have an effect on the case schedule because a
26 case schedule has not yet been set.
27 IT IS HEREBY STIPULATED by the Parties through their respective counsel of record
28 that: (1) the Parties' deadlines to comply with their initial discovery obligations per General

Order No. 71 are extended to 30 days after briefings related to the Complaint (including any oppositions, replies, and, as applicable and afforded by the Court, sur-replies) are submitted to the Court and (2) Plaintiff's opposition to Defendants' Anti-SLAPP Motion is due on January 31, 2023 and Defendants' reply is due on February 21, 2023.

Respectfully submitted,

Dated: January 9, 2023                              Plaintiff Zoya Kovalenko


By: _____/s/ Zoya Kovalenko_____
    ZOYA KOVALENKO
    Plaintiff Zoya Kovalenko


Dated: January 9, 2023                              MARK R. THOMPSON
                                                    Orrick, Herrington & Sutcliffe LLP


By: _____/s/ Mark R. Thompson_____
    MARK R. THOMPSON
    (admitted *pro hac vice*)
    Attorneys for Defendants


**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:   1/10/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge