1    Zoya Kovalenko (Cal. SBN 338624)
     13221 Oakland Hills Blvd., Apt. 206
2    Germantown, MD 20874
     678 559 4682
3    zoyavk@outlook.com

4    Plaintiff Zoya Kovalenko

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11   ZOYA KOVALENKO,                      Case No. 4:22-cv-05990-HSG

12              *Plaintiff,*              **PLAINTIFF'S OPPOSITION TO [35]
                                          DEFENDANTS AKSHAY DEORAS AND
13        v.                              AKSHAY S. DEORAS, P.C.'S MOTION
                                          TO DISMISS; MEMORANDUM OF
14   KIRKLAND & ELLIS LLP, MICHAEL DE     POINTS AND AUTHORITIES IN
     VRIES, MICHAEL W. DEVRIES, P.C.,     SUPPORT THEREOF**
15   ADAM ALPER, ADAM R. ALPER, P.C.,
     AKSHAY DEORAS, AKSHAY S.             JURY TRIAL DEMANDED
16   DEORAS, P.C., LESLIE SCHMIDT,
     LESLIE M. SCHMIDT, P.C., AND MARK    Date:    April 6, 2023
17   FAHEY,
                                          Time:    2:00 pm
18              *Defendants.*
                                          Judge:   Honorable Haywood S. Gilliam, Jr.
19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                 **Page(s)**

*Accardi v. Super. Ct.*,
  17 Cal. App. 4th 341, 347 (1993) .......................................................................32

*Agnew v. State Bd. of Equalization*,
  21 Cal. 4th 310, 330 (1999) .............................................................................10

*Alioto's Fish Co. v. Human Rights Comm'n of S.F.*,
  120 Cal. App. 3d 594 (1981) ............................................................................12

*Anderson v. Pac. Mac. Ass'n*,
  336 F.3d 924 (9th Cir. 2003) ..............................................................................9

*Arbaugh v. Y H Corp.*,
  546 U.S. 500 (2006)............................................................................................5

*Assoc. of Mexican-Ams. v. Calif.*,
  231 F.3d 572 (9th Cir. 2000) ...........................................................................4, 8

*Ashcroft v. Iabal*,
  556 U.S. 662 (2009)............................................................................................1

*Auld v. Law Offices of Cooper, Beckman, and Tuerk*,
  Civ. No. 92-1356, 1992 WL 372949 (4th Cir. Dec. 18, 1992)..........................4

*Baker v. L.A. Herald Exam'r*,
  42 Cal. 3d 254 (1986) .......................................................................................21

*Balzaga v. Fox News Network, LLC*,
  173 Cal. App. 4th 1325 (2009) .........................................................................20

*Barber v. Cnty. of Ventura*,
  45 F. App'x 725 (9th Cir. 2002) .......................................................................15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................1

*Bluestein v. Cent. Wis. Anesthesiology*,
  769 F.3d 944 (7th Cir. 2014) ..............................................................................3

*Bond v. Wells Fargo Bank, N.A.*,
  No. CV-21-00830-PHX-JJT (D. Ariz. Dec. 9, 2021) (casetext),
  https://casetext.com/case/bond-v-wells-fargo-bank-na .....................................16

*Brooks v. City of San Mateo*,
  229 F.3d 917 (9th Cir. 2000) ..............................................................................5

*Brown v. Superior Court*,
  37 Cal. 3d 477 (Cal. 1984)..................................................................................4

*Burke v. Friedman*,

PLAINTIFF'S OPPOSITION TO DEORAS
DEFENDANTS' MOTION TO DISMISS,
NO. 4:22-CV-05990-HSG

556 F.2d 867 (7th Cir. 1977) .................................................................................4

*Buchanan v. Watkins & Letofsky, LLP*,
30 F.4th 874 (9th Cir. 2022) ............................................................................8, 9

*Burlington Indus. v. Ellerth*,
524 U.S. 742, 118 S. Ct. 2257 (1998) ...............................................................15

*Calero v. Unisys Corp.*,
271 F. Supp. 2d 1172 (N.D. Cal. May 19, 2003) (No. C03-0889 MHP)
(casetext), https://casetext.com/case/calero-v-unisys-corporation...........................30

*Cameron v. Warnick*,
251 Cal. App. 2d 89 (1967) ...............................................................................26

* *Caplan v. Fellheimer Eichen Braverman & Kaskey*,
882 F. Supp. 1529 (E.D. Pa. 1995) .....................................................................3

* *Carranza v. Shelton & Valadez, P.C.*,
No. SA-22-CV-00025-ESC, 2022 WL 2195028 (W.D. Tex. June 17, 2022) .........................3

*Cave Consulting Grp., Inc. v. OptumInsight, Inc.*,
No. 15-cv-03424-JCS (N.D. Cal. Sept. 12, 2016) (casetext),
https://casetext.com/case/cave-consulting-grp-inc-v-optuminsight-inc-1 ...............................2

*Citizens for Uniform Laws v. Cnty. of Contra Costa*,
233 Cal. App. 3d 1468 (1991) ...........................................................................10

*City of Oakland v. BP PLC*,
969 F.3d 895 (9th Cir. 2020) ...............................................................................2

*City of S.F. v. Post*,
S248887 (Cal. July 11, 2018) ............................................................................10

*City of S.F. v. Post*,
22 Cal. App. 5th 121 (2018) .........................................................................10, 11

*Clackamas Gastroenterology Assocs., P.C. v. Wells*,
538 U.S. 440 (2003)..........................................................................................4

*Cleveland v. Ludwig Inst. for Cancer Research*,
No. 19cv2141 JM (JLB) (S.D. Cal. June 17, 2020) (casetext),
https://casetext.com/case/cleveland-v-ludwig-inst-for-cancer-research..........................26, 27

*Croft v. GTT Commc'ns, Inc.*,
No. 21-cv-01083-EMC (N.D. Cal. May 10, 2021) (casetext),
https://casetext.com/case/croft-v-gtt-commcns-inc ...............................................15

* *Delaney v. Superior Fast Freight*,
14 Cal. App. 4th 590 (1993) ...............................................................................9

* *D.W. v. Radisson Plaza Hotel Rochester*,
958 F. Supp. 1368 (D. Minn. 1997)....................................................................16

PLAINTIFF'S OPPOSITION TO DEORAS
DEFENDANTS' MOTION TO DISMISS,
NO. 4:22-CV-05990-HSG

*Ellison v. Brady*,
924 F.2d 872 (9th Cir. 1991) ............................................................................32

\* *Gathenji v. Autozoners, LLC*,
703 F. Supp. 2d 1017 (E.D. Cal. 2010)..............................................................14

*Faragher v. Boca Raton*,
524 U.S. 775 (1998)....................................................................................13, 14

\* *Ferguson v. O'Connor*,
No. C12-1381RAJ, 2013 WL 234588 (W.D. Wash. Jan. 22, 2013).....................3

\* *Fermino v. Fedco, Inc.*,
7 Cal. 4th 701 (1994) ........................................................................................32

*Focal Point Films, LLC v. Sandhu*,
No. 19-cv-92898-JCS. 2019 WL 7020209 (N.D. Cal. Dec. 20, 2019)
(casetext), https://casetext.com/case/focal-point-films-llc-v-sandhu.....................26

*Gallagher v. Connell*,
123 Cal. App. 4th 1260 (2004) ..........................................................................20

*Gallant v. City of Carson*,
128 Cal. App. 4th 705 (2005) ............................................................................26

*Garcha v. Quality Quartz Eng'g, Inc.*,
No. 19-cv-01989-YGR (N.D. Cal. June 13, 2019) (casetext),
https://casetext.com/case/garcha-v-quality-quartz-engg-inc ..............................28

*Gottreich v. S.F. Inc. Corp.*,
552 F.2d 866 (9th Cir. 1977) ............................................................................26

*Grant v. City & Cnty. of S.F.*,
No. 3:17-cv-04869, 2018 US Dist. LEXIS 86893 (N.D. Cal. May 23, 2018).........9

\* *Harper v. Robert J. Casey, Jr. & Assocs.*,
No. 95-CV-7704, 1996 WL 363913 (E.D. Pa. June 28, 1996)..............................3

*Harris v. Forklift Sys., Inc.*,
510 U.S. 17 (1993)..............................................................................13, 17, 18

*Hiraide v. Vast Svs. Tech. Corp.*,
No. C-08-04714 RMW (N.D. Cal., Aug. 3, 2009) (casetext),
https://casetext.com/case/hiraide-v-vast-systems-technology-corporation ............21

*Horn v. CRC Health Grp., Inc.*,
No.17-cv-02192-NC (N.D. Cal. Julv 13, 2018) (casetext),
https://casetext.com/case/horn-v-crc-health-grp-inc....................................32

*Hull v. Rose*,
700 A.2d 996, 1001 (Pa. Super. Ct. 1997)............................................................4

*Jackson v. Birmingham Bd.*,
544 U.S. 167 (2005)............................................................................................2

iv

\* An asterisk indicates a case on which
Defendants rely that is distinguished herein.

*Janopoulos v. Harvey L. Walner Assoc., Ltd.*,
  835 F. Supp. 459 (N.D. Ill. 1993) ...................................................................................4

\* *Jensen v. Hewlett-Packard Co.*,
  14 Cal. App. 4th 958 (1993) ...............................................................20, 23, 24, 25

*Johnson v. Wells Fargo & Co.*,
  No. CV 14-06708 MMM (JCx) (C.D. Cal. Nov. 19, 2014) (casetext),
  https://casetext.com/case/johnson-v-wells-fargo-co-1...................................28, 32

\* *Kelley v. Corrections Corp. of Am.*,
  750 F. Supp. 2d 1132 (E.D. Cal. 2010) .......................................................34

*Kaelin v. Globe Commc'ns Corp.*,
  162 F.3d 1036 (9th Cir. 1998) ...................................................................22, 25

*Kahn v. Bower*,
  232 Cal. App. 3d 1599 (1991) ...................................................................22, 25

*Kang v. U. Lim Am., Inc.*,
  296 F.3d 810 (9th Cir. 2002) ...........................................................................9

*Kasperzyk v. Shetler Sec. Servs., Inc.*,
  No. C-13-3358 EMC (N.D. Cal. May 2, 2014) (casetext),
  https://casetext.com/case/kasperzyk-v-shetler-sec-servs-2...................................5, 6

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ...................................................................34

*Kim v. Yoon*,
  No. 21-cv-04454-SVK (N.D. Cal. Sep. 28, 2021) (casetext),
  https://casetext.com/case/kim-v-yoon-2 ...................................................19, 25

*Kirleis v. Dickie, McCamey Chilcote, P.C.*,
  No. 06cv1495 (W.D. Pa. Oct. 28, 2009) (casetext),
  https://casetext.com/case/kirleis-v-dickie-mccamey-chilcote-4 .........................3, 4

\* *Kortan v. Cal. Youth Auth.*,
  217 F.3d 1104 (9th Cir. 2000) ...................................................................18

*Layton v. Terremark N. Am., LLC*,
  No. 5:13-cv-03093-PSG (N.D. Cal. June 5, 2014) (casetext),
  https://casetext.com/case/layton-v-terremark-n-am...................................25, 27

*MacKinnon v. Logitech Inc.*,
  No. 15-cv-05231-THE (N.D. Cal. May 18, 2016) (casetext),
  https://casetext.com/case/mackinnon-v-logitech-inc-1...................................28–29, 30

*Mamou v. Trendwest Resorts, Inc.*,
  165 Cal. App. 4th 686, 730 (2008) ...................................................................30

*Manatt v. Bank of Am., N.A.*,
  339 F.3d 792 (9th Cir. 2003) ...................................................................19

*Mayfield v. Aerotek, Inc.*,
    No. 3:20-cv-01947-JAH-JLB (S.D. Cal. July 11, 2022) (casetext),
    https://casetext.com/case/mayfield-v-aerotek-inc .......................................................27, 28, 29

*McKinney v. Cnty. of Santa Clara*,
    110 Cal. App. 3d 787 (1980) ..............................................................................................19

*McNamee v. the Roman Catholic Diocese of Sacramento*,
    No. 2:12-cv-03101-MCE-AC (E.D. Cal. Mar. 27, 2015) (casetext),
    https://casetext.com/case/mcnamee-v-roman-catholic-diocese-sacramento ........................21

*\* Miller v. Maxwell's Int'l, Inc.*,
    991 F.2d 583 (9th Cir. 1993) ................................................................................................2

*Mitchell v. Superior Court*,
    37 Cal. 3d 268, 281 (Cal. 1984) .........................................................................................19

*Nationwide Mut. Ins. Co. v. Darden*,
    503 U.S. 318 (1992) ...............................................................................................................5

*Olivares v. Sears Holding Corp.*,
    No. C 09-1068 SI (N.D. Cal. May 27, 2009) (casetext),
    https://casetext.com/case/olivares-v-sears-holding-corp ......................................................21

*\* Opperwall v. State Farm Fire & Cas. Co.*,
    No. 17-cv-07083-YGR (N.D. Cal. Mar. 9, 2018) (casetext),
    https://casetext.com/case/opperwall-v-state-farm-fire-cas-co ..............................................34

*Passantino v. Johnson & Johnson Consumer Prods., Inc.*,
    212 F.3d 493 (9th Cir. 2000) ...............................................................................................15

*Pringle v. Wheeler*,
    478 F. Supp. 3d 899 (N.D. Cal. 2020) ................................................................................19

*\* Pruitt v. Genentech, Inc.*,
    No. 2:17-cv-00822-JAM-AC, 2017 WL 3641783 (E.D. Cal. Aug. 24, 2017) .......................27

*Raniola v. Bratton*,
    243 F.3d 610 (2d Cir. 2001) ................................................................................................16

*Rees v. PNC Bank, N.A.*,
    308 F.R.D. 266, 273 (N.D. Cal. 2015) ................................................................................33

*Reese v. Barton Healthcare Sys.*,
    693 F. Supp. 2d 1170 (E.D. Cal. 2010) ...............................................................................21

*Reid v. Google Inc.*,
    50 Cal. 4th 512, 532 n.7 (2010) ..........................................................................................26

*\* Reno v. Baird*,
    18 Cal. 4th 640 (1998) .........................................................................................................14

*Rental Housing Ass'n of N. Alameda Cnty. v. City of Oakland*,

PLAINTIFF'S OPPOSITION TO DEORAS
DEFENDANTS' MOTION TO DISMISS,
NO. 4:22-CV-05990-HSG

171 Cal. App. 4th 741 (2009) ....................................................................8, 9, 10

*Richards* v. *CH2M Hill, Inc.*,
   26 Cal. 4th 798 (2001) ...................................................................................32

*Rico v. Jones Lang LaSalle Ams., Inc.*,
   No. CV 14-1322-GHK (JEMx),
   2014 WL 1512190 (C.D. Cal. Apr. 16, 2014) ...............................................15

*Roby v. McKesson Corp.*,
   47 Cal. 4th 686 (2009) ...................................................................................14

*Rotella v. Emeritus Corp.*,
   No. C 10-03202 SI (N.D. Cal. Dec. 13, 2010) (casetext),
   https://casetext.com/case/rotella-v-emeritus-corp .........................................21

*San Jose Country Club Apartments v. Cnty. of Santa Clara*, (1982),
   137 Cal. App. 3d 948 (1982) ............................................................................9

*Sanderson v. Leg Apparel LLC*,
   No. 1:19-cv-08423-GHW (S.D.N.Y. June 11, 2020) (casetext),
   https://casetext.com/case/sanderson-v-leg-apparel-llc-2 ..............................16

*Schifando v. City of L.A.*,
   31 Cal. 4th 1074 (2003) .................................................................................12

*Schneider v. United Airlines. Inc.*,
   208 Cal. App. 3d 71 (1989) ............................................................................21

* *Shaw v. Fanning, Harper & Martinson*,
   No. 3:95-CV-2868-G, 1997 WL 102483 (N.D. Tex. Mar. 3, 1997)................3

*Sherwin-Williams Co. v. City of L.A.*,
   844 P.2d 534, 4 Cal. 4th 893 (1993) .................................................................8

*Sibley Mem'l Hosp. v. Wilson*,
   488 F.2d 1338 (D.C. Cir. 1973) ........................................................................4

*Sidhu v. Bayer Healthcare Pharms. Inc.*,
   No. 22-cv-01603-BLF (Nov. 22, 2022 N.D. Cal.) (casetext),
   https://casetext.com/case/sidhu-v-bayer-healthcare-pharm ..........................33

*Smith v. City of Riverside*,
   34 Cal. App. 3d 529 (1973) ............................................................................12

* *Soares v. California*,
   No. 2:16-cv-00128-WBS-DB (E.D. Cal. June 28, 2016) (ECF No. 20),
   https://www.govinfo.gov/content/pkg/USCOURTS-caed-2_16-cv-00128/
   pdf/USCOURTS-caed-2_16-cv-00128-2.pdf ..........................................17, 18

*Solon v. Kaplan*,
   398 F.3d 629, 634 (7th Cir. 2005) ....................................................................3

*Steiner v. Showboat Operating Co.*,

PLAINTIFF'S OPPOSITION TO DEORAS
DEFENDANTS' MOTION TO DISMISS,
NO. 4:22-CV-05990-HSG

25 F.3d 1459 (9th Cir. 1994) ...................................................................................18

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002) ........................................................................................2

*Taus v. Loftus*,
    40 Cal. 4th 683, 721 (Cal. 2007) ..............................................................28, 30

*Tilkey v. Allstate Ins. Co.*,
    56 Cal. App. 5th 521 (2020) ...............................................................28, 29, 30

*Todd v. Lovecruft*.
    No. 19-cv-01751-DMR (N.D. Cal. Jan. 6, 2020) (casetext),
    https://casetext.com/case/todd-v-lovecruft ...............................................19

*Tradeshift, Inc. v. BuyerQuest, Inc.*,
    2020 U.S. Dist. LEXIS 252305 (N.D. Cal. May 20, 2020) ......................26

*Trauth v. Spearmint Rhino Cos. Worldwide*,
    No. EDCV 09-01316-VAP (DTBx) (C.D. Cal. Feb. 23, 2010) .................6

*Trosper v. Stryker Corp.*,
    No. 5:13-cv-00607, 2014 U.S. Dist. Lexis 56719 (N.D. Cal. Apr. 22, 2014) ......................8, 9

* *Washington v. Lowe's HIW Inc.*,
    75 F. Supp. 3d 1240 (2014) .........................................................................2

*Webber v. Nike USA, Inc.*,
    No. 12-CV-00974 BEN (WVG) (S.D. Cal. Oct. 9, 2012) (casetext),
    https://casetext.com/case/webber-v-nike-usa .....................................31, 32

* *Wilcox v. PRC of N.Y. L.P.*,
    No. 95-CV-1292, 1997 WL 141682 (N.D.N.Y. Mar. 24, 1997) ..............3

* *Yaba v. Cadwalader, Wickersham & Taft*,
    896 F. Supp. 352 (S.D.N.Y. 1995) ............................................................3

*Young v. Buttigieg*,
    No. 19-cv-01411-JCS (N.D. Cal. Mar. 16, 2021) (casetext),
    https://casetext.com/case/young-v-buttigieg...............................15, 18, 19

*Ugorji v. Cnty. of Lake*,
    No. 4:20-cv-01448-YGR (N.D. Cal. July 6, 2020) (casetext),
    https://casetext.com/case/ugorji-v-cnty-of-lake.......................................30

*Union Pac. R.R. Co. v. Hill*,
    No. 21-cv-03216-BLF, 2021 WL 5964595 (N.D. Cal. Dec. 16, 2021)
    (casetext), https://casetext.com/case/union-pac-rr-co-v-hill ..............33, 34

*United States v. LSL Biotechs.*,
    379 F.3d 672 (9th Cir. 2004) .......................................................................2

*Equal Emp't Opportunity Comm'n v. Glob. Horizons, Inc.*,
    915 F.3d 631 (9th Cir. 2019) .......................................................................5

PLAINTIFF'S OPPOSITION TO DEORAS
DEFENDANTS' MOTION TO DISMISS,
NO. 4:22-CV-05990-HSG

*Usher v. City of L.A.*,
    828 F.2d 556 (9th Cir. 1987) ..................................................................................19

*Vacanti v. State Comp. Ins. Fund*,
    24 Cal. 4th 800 (2001) ..........................................................................................32

* *Walker v. Boeing Corp.*,
    218 F. Supp. 2d 1177, 1192-93 (C.D. Cal. 2002) ................................................27

*Webber v. Nike USA, Inc.*,
    No. 12-CV-00974 BEN (WVG), (S.D. Cal. Oct. 9, 2012) (casetext),
    https://casetext.com/case/webber-v-nike-usa ........................................................28

**Statutes and Other Authorities**

42 U.S.C. § 2000e *et seq.* (**"Title VII"**) ................................................................ 1, 13

42 U.S.C. § 2000e ..........................................................................................................4

Fed. R. Civ. P. 8 ..........................................................................................................33

Fed. R. Civ. P. 9 ..........................................................................................................33

Fed. R. Civ. P. 12 .................................................................................................... 9, 11

Cal. Civ. Code § 44 ..................................................................................................... 19

Cal. Civ. Code § 45 ..................................................................................................... 19

Cal. Civ. Code § 45a ................................................................................................... 19

Cal. Civ. Code § 3294 ................................................................................................. 33

Cal. Const. art. XI, § 7 ...................................................................................................8

Cal. Const. art. XI, § 5 ................................................................................................ 11

Cal. Gov't Code § 12926 ...............................................................................................4

Cal. Gov't Code § 12940 *et seq.* (**"FEHA"**) .................................................................1

Cal. Gov't Code § 12993 ...................................................................................... 8, 9, 10

Charter of City and County of S.F. pmbl. (adopted 1995),
    https://codelibrary.amlegal.com/codes/san_francisco/latest/
    sf_charter/0-0-0-15#JD_Preamble ..........................................................................8

S.F., Cal., Police Code art. 33 § 3301 *et seq.*,
    https://codelibrary.amlegal.com/codes/san_francisco/latest/
    sf_police/0-0-0-7102 ................................................................................................1

S.F., Cal., Police Code art. 33 § 3301 (amended 2002) ........................................... 11

PLAINTIFF'S OPPOSITION TO DEORAS
DEFENDANTS' MOTION TO DISMISS,
NO. 4:22-CV-05990-HSG

S.F., Cal., Police Code art. 33 § 3302 (amended 2002) ................................................. 11

S.F., Cal., Police Code art. 33 § 3303 (amended 2002) ........................................... 1, 11, 12

S.F., Cal., Police Code art. 33 § 3305.2 (added 2002) (amended 2015) ............................. 9, 11

S.F., Cal., Police Code art. 33 § 3306 (amended 2015) ................................................. 11

S.F., Cal., Police Code art. 33 § 3307 (amended 2017) ................................................. 11

S.F., Cal., Police Code art. 33 § 3310 (amended 2015) ............................................. 1, 11

PLAINTIFF'S OPPOSITION TO DEORAS
DEFENDANTS' MOTION TO DISMISS,
NO. 4:22-CV-05990-HSG

1
2
3
4

For the reasons set forth below, Plaintiff hereby opposes and respectfully requests this Court deny Defendants Akshay Deoras ("**Mr. Deoras**") and Akshay S. Deoras, P.C. ("**Deoras PC**") (collectively, the "**Deoras Defendants**")'s Motion to Dismiss, Dkt. No. 34 (the "**Motion**" or "**Mot.**"), in its entirety.

5

## MEMORANDUM OF POINTS AND AUTHORITIES

6

## I.   FACTS

7
8
9

On December 19, 2022, the Deoras Defendants moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).  Mot. 1.  This opposition ("**Opposition**" or "**Opp'n**") is timely per this Court's order granting the stipulated briefing schedule.  Dkt. No. 44.

10

## II.   ISSUES TO BE DECIDED

11
12
13
14
15
16
17
18

Assuming all factual allegations in the Complaint are true and drawing all reasonable factual inferences in Plaintiff's favor, whether this Court should deny the Motion because Deoras Defendants do not meet their burden to show: (1) that the Complaint fails to plausibly plead that Deoras Defendants were Plaintiff's employers; (2) that FEHA preempts Plaintiff's claims under a San Francisco ordinance; that the Complaint fails to plausibly plead (3) Title VII sex-based harassment, (4) defamation, (5) intentional infliction of emotional distress ("**IIED**"), and (6) negligent infliction of emotional distress ("**NIED**"); and (7) that the Complaint fails to sufficiently request punitive damages.

19

## III.   ARGUMENT

20

### A.   The Motion Mischaracterizes Legal Standards Applicable at the Pleading Stage

21
22
23
24
25
26

Deoras Defendants inappropriately seek to "short-circuit" Plaintiff's well-pled Complaint and frustrate usual pleading standards by inserting their own version of the facts to attack the veracity of the factual averments in the Complaint.  *E.g.*, Mot. 2–5; All Defs.' Req. Judicial Not. ISO Mots. Dismiss, Dkt. No. 29 ("**RJN**"); *Khoja v. Orexigen Therapeutics*, Inc., 899 F.3d 988, 998–1000 (9th Cir. 2018) ("[U]ndermining of the usual pleading burdens is not the purpose of judicial notice.").[1]  Deoras Defendants' version of facts is legally irrelevant at this stage because

27
28

_____

[1] There is insufficient space to, nor would judicial economy be served by, Plaintiff calling out the litany of false factual information littered throughout the Motion. Plaintiff fully objects and reserves all rights and remedies with respect to the Motion's improper insertion of any factual

OPPOSITION TO DEORAS
DEFENDANTS' MOTION TO DISMISS

1

No. 4:22-CV-05990-HSG

1    the factual matter of the Complaint is "taken as true" when assessing whether Plaintiff has stated

2    a claim for relief and deciding whether to deny the Motion. *Bell Atl. Corp. v. Twombly*, 550 U.S.

3    544, 556 (2007). *Twombly* instructs that "[f]actual allegations must be enough to raise a right to

4    relief above the speculative level ***on the assumption that all the allegations in the complaint***

5    ***are true*** (even if doubtful in fact)." *Id.* at 555–56 (emphasis added). "[A] well-pleaded complaint

6    may proceed even if it appears 'that a recovery is very remote and unlikely.'" *Id.*

7    ### B.  The Motion Fails to Show Plaintiff's Title VII and FEHA Claims Should Be Dismissed

8
9    #### 1.  Deoras Defendants' Logical Fallacy Claiming Immunity From Liability Because He is a Law Firm Partner is Unavailing and Dishonest

10        Upset at the prospect at being held accountable for their unlawful conduct, Deoras

11   Defendants use a logical fallacy to argue they are immune from liability as law firm partners.[2]

12   The Motion heavily relies on the fallacious conclusion that "law firm partners" are uniformly

13   immune from liability because Title VII and FEHA do not generally impose individual liability.

14   *See* Mot. 1–2, 5–6, 9–10, 12–14.  The Motion cites a handful of irrelevant cases to set up this

15   fallacy. *Id.* at 6.  The cited cases merely conclude that non-employer individuals are not generally

16   liable under Title VII and FEHA (and incidentally involve law firm partners not alleged to be

17   employers). *See id.*  Deoras Defendants appeal to this irrelevant conclusion throughout the

18   Motion to baselessly push the entirely separate conclusion that law firm partners (including those

19   exercising significant and unchecked control over day-to-day employment operations) can never

20   be held liable as employers for purposes of anti-discrimination laws. *See* Mot. 1–2, 5–6, 9–10,

21   12–14.  The Motion cites *Miller v. Maxwell's International, Inc.*, 991 F.2d 583 (9th Cir. 1993),

22   which simply held that individual employees are not generally liable under Title VII[3] —however,

23

24   information. Further, Plaintiff fully opposes and objects to Deoras Defendants' improper attempt
     to obtain judicial notice of any documents or information cited in the Motion and reserves all
25   rights. *See, e.g.*, Mot. 3–4, 13, 16. 22; RJN.
     [2] Plaintiff appropriately seeks relief against all Defendants as her employers, which is legally
26   proper and necessary to ensure availability of redress in the event Kirkland & Ellis LLP ("**K&E**")
     (albeit improperly) seeks to have its cake and eat it too by trying to evade liability based on lack
27   of knowledge or involvement in the unlawful conduct after arguing that its co-Defendants did
     not have control over Plaintiff's employment as employers. This shall not be construed in any
28   way and is not a concession with respect to K&E's role and involvement in the unlawful conduct.
     [3] The Motion cites three cases standing for the same general proposition under FEHA. Mot. 6.

this case provides no support for the proposition that law firm partners who constitute employers are shielded from liability. *Id.* at 587; Mot. 6. The Motion also includes lengthy string cite of irrelevant, non-controlling cases merely holding law firm partners were not liable under Title VII as individuals (i.e., not as employers).[4]  Mot. at 6 n.3.  In all these cases, the plaintiffs did not allege that defendant law firm partners were employers—conversely, here, Plaintiff avers ample facts showing that each Defendant was Plaintiff's employer for purposes of Title VII and FEHA. *E.g.*, Compl. ¶¶ 249, 250, 255–88, 293. The deafening absence of any precedent supporting Deoras Defendants' legal conclusion that law firm partners can never be employers is alone sufficient for this Court to afford no weight to their fallacious argument.  To that end, the weight of precedent concluding that partners of law firms (and of other entities) can be employers indisputably buries Deoras Defendants' lifeless argument, which should be buried as swiftly as it was spawned. *E.g.*, *Bluestein v. Cent. Wis. Anesthesiology*, 769 F.3d 944, 953, 956 (7th Cir. 2014)) (determining professional-corporation shareholder who had substantial control over her day-to-day work and "participated in decisions to hire and fire employees" was employer under Title VII); *Solon v. Kaplan*, 398 F.3d 629, 634 (7th Cir. 2005) (holding law firm partner was employer as a matter of law); *Kirleis v. Dickie, McCamey Chilcote, P.C.*, 06cv1495, at 51 (W.D. Pa. Oct. 28, 2009) (casetext) (holding law firm partner at large firm "is an 'employer' as that

---

[4] None of the cited cases discuss joint-employer or integrated-enterprise doctrines or indicate that law firm partners cannot be considered employers.  *See* Mot. 6 n.3 (citing *Harper v. Robert J. Casey, Jr. & Assocs.*, No. 95-CV-7704, 1996 WL 363913, at *1 (E.D. Pa. June 28, 1996) (holding no individual liability for law partner when complaint "does not refer to . . . [partner] as an 'employer'"); *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 882 F. Supp. 1529 (E.D. Pa. 1995) (dismissing claim against law firm partner where plaintiff merely alleged that the partner "is individually liable as an agent of an employer"), *Yaba v. Cadwalader, Wickersham & Taft*, 896 F. Supp. 352 (S.D.N.Y. 1995) (dismissing claim because it was based on theory partner was liable as individual employee); *Wilcox v. PRC of N.Y. L.P.*, No. 95-CV-1292, 1997 WL 141682, at *9–10 (N.D.N.Y. Mar. 24, 1997) (refusing claim alleging liability as individual employee); *Shaw v. Fanning, Harper & Martinson*, No. 3:95-CV-2868-G, 1997 WL 102483, at *1 (N.D. Tex. Mar. 3, 1997) (determining—after discovery—that law-firm partners were not employers because plaintiff conceded one partner was employee of law firm and complaint and discovery responses included no information that either partner was her employer or had ownership interest in law firm); *Carranza v. Shelton & Valadez, P.C.*, No. SA-22-CV-00025-ESC, 2022 WL 2195028, at *1 (W.D. Tex. June 17, 2022) (dismissing claims against partner because plaintiff "does not . . . provide the court with any argument or facts that suggest [partner] individually is a statutory employer under Title VII" or under other law); *Ferguson v. O'Connor*, No. C12-1381RAJ, 2013 WL 234588, at *3 (W.D. Wash. Jan. 22, 2013) (dismissing attorneys/partners from Title VII claims because plaintiff did not allege individual defendants were his employers).

term has been defined by the courts under the antidiscrimination laws"); *Auld v. Law Offices of Cooper, Beckman, and Tuerk*, Civ. No. 92-1356, 1992 WL 372949, *1 (4th Cir. Dec. 18, 1992) (unpublished) (holding law firm partners are not employees for purposes of Title VII due to financial stake in firm success and bearing of losses); *see Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 450 (2003) (stating an "employer can hire and fire employees[] [and] can assign tasks to employees and supervise their performance").[5]

### 2. Deoras Defendants Are Liable As Employers Under Title VII and FEHA.

An individual who is an employer is subject to liability under Title VII and FEHA for any unlawful employment practice arising thereunder.[6] "A direct employment relationship is not a prerequisite to Title VII liability." *Assoc. of Mexican-Ams. v. Calif.*, 231 F.3d 572, 580 (9th Cir. 2000) ("Congress intended to close any loopholes in Title VII's coverage and to extend the statute's coverage to entities with actual '[c]ontrol over access to the job market,' whether or not they are direct employers," *id.* at 581 (alteration in original) (citation omitted)); *Sibley Mem'l Hosp. v. Wilson*, 488 F.2d 1338, 1341–42 (D.C. Cir. 1973) (holding that indirect-employer hospital could be liable under Title VII for sex discrimination). Deoras Defendants are employers because they exercised significant and unchecked controlled Plaintiff's employment and engaged in industry affecting commerce, as alleged in the Complaint. *See infra* Opp'n 5–11.

### i) Deoras Defendants and Their Co-Defendants Were Plaintiff's Joint Employers

An individual can have multiple employers for purposes of Title VII and FEHA, and each such employer can be held liable for violating Title VII. *U.S. Equal Emp't Opportunity Comm'n v. Glob. Horizons, Inc.*, 915 F.3d 631, 637 (9th Cir. 2019); *see Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) ("Title VII and FEHA operate under the same guiding principles").[7]

---

[5] *See also Burke v. Friedman*, 556 F.2d 867, 869 (7th Cir. 1977) ("[W]e do not see how partners can be regarded as employees rather than as employers who own and manage the operation of the business.").

[6] 42 U.S.C. § 2000e(b) (defining "employer" under Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person"); Cal. Gov't Code § 12926(d) (defining "employer" under FEHA to "include[] any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly").

[7] Deoras Defendants apply the economic reality test to attack joint employment under Title VII. Mot. 15. However, the Ninth Circuit has explicitly rejected application of the economic-reality test for Title VII. *Glob. Horizons*, 915 F.3d at 638.

The common-law agency test is used to assess whether a defendant was an employer.  *Glob.*
*Horizons*, 915 F.3d at 638.  Under the common-law test, "'the principal guidepost' is the element
of control—that is, 'the extent of control that one may exercise over the details of the work of
the other.'"  *Id.* (quoting *Clackamas*, 538 U.S. at 448).  The totality of relevant facts and
circumstances must be considered in determining whether an employment relationship exists.  *Id.*
(citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 324 (1992)).  The Supreme Court "has
provided a non-exhaustive list of factors" to determine whether the requisite control exists:

> the skill required; the source of the instrumentalities and tools; the location of
> the work; the duration of the relationship between the parties; whether the hiring
> party has the right to assign additional projects to the hired party; the extent of the
> hired party's discretion over when and how long to work; the method of payment;
> the hired party's role in hiring and paying assistants; whether the work is part of
> the regular business of the hiring party; whether the hiring party is in business; the
> provision of employee benefits; and the tax treatment of the hired party.

*Id.* (quoting *Darden*, 503 U.S. at 323–24).  Here, Plaintiff avers adequate facts clearly showing
Deoras Defendants exercised the "requisite control" over Plaintiff's day-to-day employment, and
thereby were her employers.[8]  Compl. ¶¶ 131–144, 165–171, 180–81, 191–205, 249–50; *see,*
*e.g.*, *Trauth v. Spearmint Rhino Cos. Worldwide*, No. EDCV 09-01316-VAP (DTBx) (C.D. Cal.
Feb. 23, 2010) (holding allegations showing defendants exercised "some control" over nightclub
where plaintiff worked was sufficient to aver joint employment at pleading stage; stating "the
court cannot hold as a matter of law" under California state law that defendants were not
plaintiff's joint employers); *Kasperzyk v. Shetler Sec. Servs., Inc.*, No. C-13-3358 EMC, at *10–
11 (N.D. Cal. May 2, 2014) (casetext) (determining joint employment plausibly demonstrated
based on allegations director of security of one employer "had a significant degree of" day-to-

---

[8] The Motion falsely states that the Complaint's "allegations do not specifically address any
employees other than [the Plaintiff]" (for Title VII) and that Plaintiff does not provide support
for Defendant jointly employing at least five employees (for FEHA purposes). Mot. 15, 17.
However, Motion dishonestly ignores the allegation in the Complaint stating that Deoras
Defendants "jointly employed at least 15 or more (e.g., associates, paralegals, and practice
assistants) on each working day in each of 20 or more calendar weeks in each of 2020, 2021, and
2022" and **lists as examples over 15 individuals other than Plaintiff who were employed**
**jointly by Deoras Defendants and their co-Defendants**.  Compl. ¶ 249.  The Motion's
arguments regarding aggregating employees are irrelevant because the Complaint alleges that
each of the Deoras Defendants employed more than 15 employees individually.  *E.g.*, *id.* The
employee-numerosity requirement under Title VII is <u>non-jurisdictional</u>. *Arbaugh v. Y H Corp.*,
546 U.S. 500, 516 (2006).

day authority over employment decisions).  For example, the facts alleged here are similar to allegations that the Ninth Circuit has determined sufficient to show joint employment at the pleading stage.  *Compare Glob. Horizons, Inc.*, 915 F.3d at 641–42 (determining allegations that plaintiff complained to one entity of discriminatory work conditions and that entity had control over work conditions and ability to take corrective action supported joint employment), *with* Compl. ¶¶ 131–144, 165–171, 180–81, 191–205, 249–50.  Left without a cognizable legal argument cutting against joint employment, Deoras Defendants turn to the logical fallacy that the Complaint cannot plausibly allege joint employment because its allegations relate to law-firm partner activities and therefore should be disregarded *ipse dixit*.  Mot. 16, 18.  However, as discussed above, this fallacious conclusion is unsupported by the Motion and directly contradicted by case law.  *See supra* Opp'n 2–4; *see also* Mot. 6 n.3.  After appealing to this logical fallacy, Deoras Defendants resort to grossly misrepresenting certain factual allegations in the Complaint to fabricate support for the claim that the Complaint does not plausibly allege joint employment because K&E was purportedly Plaintiff's sole employer. *See* Mot. 16, 18 (claiming Plaintiff's allegations "make crystal clear" that Plaintiff's employment was solely with Kirkland).  As a threshold matter, the Motion ignores context and myriad factual allegations demonstrating that Deoras Defendants were Plaintiff's employers.  *See above*.  The Motion includes four mischaracterizations as support.  First, the Motion deceptively references Plaintiff's employment letter, which it says was only from K&E, but ignores specific facts in the Complaint that contradict this mischaracterization. Mot. 16, 18.[9]  For example, the Complaint alleges facts explaining that the offer letter was offered, revised, and executed by co-defendant Adam Alper but was emailed to Plaintiff by K&E personnel.  *E.g.*, Compl. ¶¶ 11 n.3, 24, 61, 67, 250.a, 250.g & h, 266.  Second, the Motion cites Plaintiff's W-2 forms to improperly dispute facts in the Complaint stating that Deoras Defendants were Plaintiff's employers.  *E.g.*, *id.*  Third, the Motion misrepresents a single statement in the Complaint that K&E fired Plaintiff while ignoring various factual averments specifically stating that Defendants fired Plaintiff.  Mot. 16, 18; *cf.* Compl. ¶¶

---

[9] The Motion offers no authority to support the proposition that the referenced extrinsic materials are relevant to a joint employer analysis.  *See* Mot. 16, 18.

62, 80 (stating "Defendants summarily terminated Plaintiff"), 161, 201–03, 221–23.  Fourth, the Motion deceptively claims the Complaint alleges that "Kirkland was . . . responsible for delaying [Plaintiff's] unemployment benefits," which is false.  Mot. 16.  The Complaint states: "**Defendants**, including Kirkland, **Akshay Deoras, Akshay S. Deoras, P.C.**, knowingly lied about Plaintiff's employment" to create obstacles to her bringing suit.  Compl. ¶ 233 (emphasis added).  The foregoing dispels Deoras Defendants' perversion of the Complaint designed to conceal their absence of valid arguments.

> ii) <u>Deoras Defendants Fail to Show the Complaint Does Not Plausibly Plead Deoras Defendants Formed an Integrated Enterprise with K&E and co-Defendants</u>

In interpreting the 15-employee requirement under Title VII (42 U.S.C. § 2000e(b)), the Ninth Circuit has held that "even when a defendant has fewer than 15 employees, a plaintiff can bring a statutory claim if she can establish that (1) defendant is 'so interconnected with another employer that the two form an integrated enterprise' and (2) the integrated enterprise collectively has at least 15 employees." *Buchanan v. Watkins & Letofsky, LLP*, 30 F.4th 874, 877–78 (9th Cir. 2022) (quoting *Anderson v. Pac. Mac. Ass'n*, 336 F.3d 924, 928–29 (9th Cir. 2003)).  As an initial matter, the Motion asks this Court to perpetuate a misreading of Ninth Circuit precedent based on a careless reading of precedent by two non-controlling cases, which the Motion argues support the conclusion that the integrated enterprise ("**IE**") doctrine never applies where there are multiple defendants, and one defendant has at least 15 employees.  *See* Mot. 7 (citing *Anderson*, 336 F.3d at 928).  In *Anderson*, after dropping their employers as defendants for unknown reasons, plaintiffs improperly tried to argue that a passive entity—PMA—formed an IE with plaintiffs' employers (i.e., the companies "that hired the Plaintiffs and for whom the Plaintiffs worked each day") and therefore was jointly liable for the unlawful employment practices carried out by the employers.  *Id.* 926, 928–29.  Because PMA was the only defendant joined to the lawsuit and employed at least 15 employees, the court stated that the IE test did not come into play.  *Id.*  However, the court did not hold (or suggest) that the IE test never applies in cases where there are multiple defendants and at least one meets the definition of an "employer."  Not only is such an interpretation unsupported by the holding and facts of *Anderson*, it would also gut the objective of extending Title VII to employers "with actual control over access to the

job market." *See Assoc. of Mexican-Ams.*, 231 F.3d at 580.[10] The baselessness of the Motion's argument is punctuated by **this Court's numerous decisions (post-*Anderson*) applying the IE test to multiple defendant-employers without considering whether any employer had at least 15 employees**, even where some <u>indisputably had well over 15 employees</u>. *See, e.g.*, *Trosper v. Stryker Corp.*, No. 5:13-cv-00607, 2014 U.S. Dist. Lexis 56719, slip op. at 5–6 (N.D. Cal. Apr. 22, 2014) (Koh, J.) (denying defendants' motion for summary judgment because dispute of fact as to existence of IE comprised of large, multi-billion dollar companies); *Grant v. City & Cnty. of S.F.*, No. 3:17-cv-04869, 2018 US Dist. LEXIS 86893 (N.D. Cal. May 23, 2018) (holding plaintiff plausibly alleged IE of two large defendant employers (the Fine Arts Museums and the Corporation of Fine Arts Museums), even where a separate defendant (City of San Francisco) was also plaintiff's employer and also had over 15 employees).[11]

Plaintiff plausibly alleges that Deoras Defendants formed an IE with co-Defendants. "In the Title VII context, we consider the following four factors to determine whether two entities are an integrated enterprise: '(1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control.'" *Buchanan*, 30 F.4th at 877–78 (quoting *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 815 (9th Cir. 2002)) (holding plaintiff established dispute of material fact whether two entities formed an IE). This Court previously determined a plaintiff plausibly alleged an IE theory under *Iqbal* when the plaintiff pled facts for each of the four factors. *Grant v. City & Cnty. of S.F.*, No. 3:17-cv-04869, 2018 US Dist. LEXIS 86893, slip op. at 4–5 (N.D. Cal. May 23, 2018) (Dkt. No. 57) (quoting *Iqbal*, 556 U.S. at 678)). Similarly, here the Complaint avers facts for each of the four factors and includes more facts than alleged in *Grant*. Compl. ¶¶ 240–288; *see Grant*, No. 3:17-cv-04869, 2018 US Dist. LEXIS 86893, slip op. at 4–5 (N.D. Cal. May 23, 2018) (Dkt. No. 57). Accordingly, the Complaint plausibly alleges an IE. *See Iqbal*, 556 U.S. at 678; *Grant*.

*iii) Deoras Defendants Fail to Show Complaint Does Not Plausibly*

---

[10] For example, if Deoras Defendants' erroneous interpretation was accepted, employees would have no recourse against employers who directly controlled their work and terminated them unlawfully, provided some affiliated entity with over 15 employees was a party to the suit.

[11] The weight of the Motion's case law with respect to IE is generally inapposite because it pertains to situations in which a plaintiff seeks to hold a parent company liable for the actions of its wholly-owned subsidiary. *See Laird*. That is not the case here. *See generally* Compl.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Plead Operational Interrelation*

Contrary to the Motion's misrepresentation, the Complaint avers sufficient facts showing interrelation of operations—e.g., that Deoras Defendants and K&E (and other co-Defendants) shared management services (including maintenance of personnel records), payroll services, an accounting firm for tax and liability purposes, office space, physical and digital equipment and storage, and enterprise systems necessary to carry out the IE.  *See, e.g.*, Compl. ¶¶ 255–68; *Buchanan*, 30 F.4th at 877 (holding plaintiff established genuine issue of material fact whether two legal entities formed an IE when entities had interrelated operations, e.g., shared a website, operational and administrative work, and employees, *id.*, at 878); *see Grant*, No. 3:17-cv-04869, at 4 (determining plaintiff plausibly pled interrelation of operations by alleging that one employer supported another "by performing . . . administrative operations over the museum stores, employees, fundraising, membership, education, and art handling" and sharing office space).[12]

Deoras Defendants dishonestly state that "Plaintiff does not focus her allegations on the hallmarks of interrelated operations" while focusing on only a subset of facts.  Mot. 8 (citing only Compl. ¶¶ 257, 266–67); *cf.* Compl. ¶¶ 255–68.  However, unable to erase the bevvy of other facts supporting interrelated operations, Deoras Defendants resort to logical fallacy that the rest of the Complaint fails to plausibly allege interrelated operations because it includes facts describing law-firm partner duties and responsibilities.  *E.g.*, Mot. 9–10 (dismissing facts under Compl. ¶¶ 257–63, 266–67 based on this argument).[13]  However, as explained above, the Motion proffers no authority for the unsubstantiated conclusion that law firm partners are immune from Title VII and FEHA liability as employers.  *Supra* Opp'n 2–4.  The Motion cites *Scott-George v. PVH Corp.* for the limited proposition that "sharing of administrative services alone is insufficient to establish interrelation of operations."  No. 2:13-CV-0441-TLN-AC, 2016 WL

---

[12] Defendant cites *Alberter v. McDonald's Corp.*, 70 F. Supp. 2d 1138 (D. Nev. 1999), which is legally and factually distinguishable.  *Id.* 1142–52.  First, the McDonald court was ruling at **summary judgment**, as the court allowed discovery into the facts supporting integrated enterprise, which supports dismissing Defendants' Motion at this early stage.  Second, the case dealt with a franchisor-franchisee relationship.  *Id.*  Further, the Complaint includes facts showing interrelated operations, which were not present in *McDonald's* following discovery.  *Id.* at 1143.
[13] The Motion cites *Twombly*, *Iqbal* and *S. Home Care Servs., Inc. v. Visiting Nurse Servs., Inc. of S. Conn.*, as feigned support—however, none of these cases are factually analogous or remotely support the proposition that law firm partners cannot be liable as employers.  Mot. 9.

3959999, at *5 (E.D. Cal. Jul. 22, 2016).  This proposition is irrelevant because Plaintiff has alleged far more than sharing administrative services.  *See, e.g.*, Compl. ¶¶ 255–68.[14]  Deoras Defendants use the same fallacious reasoning for a subsequent case—i.e., that because a single aspect supporting interrelated operations is alone insufficient, it follows that pleading the same aspect with other aspects showing interrelated operations is also insufficient.  *See* Mot. 10 (citing *Lenoble v. Best Temps., Inc.*, 352 F. Supp. 2d 237, 244–45 (D. Conn. 2005), for proposition that sharing office space alone, and separately that sharing an account provider alone, are insufficient individually to show interrelated operations).[15]  Finally, the Motion sweeps under the rug Deoras Defendants' and their co-Defendants' myriad failures to observe corporate formalities by dismissing a single example while conceding "Kirkland's website" chose to omit corporate designations.  *See* Mot. 11; Compl. ¶ 293; *see also, e.g.*, Compl. ¶ 264, 266 (providing examples of failure to observe corporate distinctions in official court filings and other records).  Thus, for the reasons above, the Motion fails to show the Complaint does not plausibly allege interrelated operations.

### iv) *Deoras Defendants Fail to Show Complaint Does Not Plausibly Plead Common Management*

The Complaint avers adequate facts plausibly alleging common management.  Contrary to Deoras Defendants' erroneous reasoning, the Complaint avers facts showing more than one common manager across Defendants.  There is clearly more than one common manager between and among K&E and its co-Defendants.  For example, the Partner Defendants and PC Defendants are common managers of the IE comprised of all Defendants, which the Motion ignores.  *E.g.*, Compl. ¶¶ 269–71 (alleging common officers, directors, managers, and owners); *see Harden v. Darden Restaurants*, (C.D. Cal. July 31, 2019) ("[B]ecause there are several overlapping officers and directors, the [c]ourt cannot conclude that there is no degree of common management.").

### v) *Deoras Defendants Fail to Show Complaint Does Not Plausibly Plead Centralized Labor Relations*

---

[14] Defendants provide no support for imposing a pleading with "specificity" requirement with respect to how administrative services and other shared equipment are used.  *See* Mot. 9–10.  Nevertheless, the Complaint clearly alleges that Defendants (including Deoras Defendants) used and shared administrative services, equipment, etc. in furtherance of an IE.  Compl. ¶¶ 258–68.
[15] Plaintiff has averred significantly more facts showing interrelated operations than the facts discussed **at the summary judgment stage** in *Lenoble*.  *See* Compl. ¶¶ 255–68.

This factor is typically the most important factor in assessing whether an IE exists, which the Motion acknowledges. *Soo Cheol Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 815 (9th Cir. 2002); Mot. 12. Plaintiff avers facts demonstrating centralized labor relations across the IE formed by Defendants. *E.g.*, Compl. ¶¶ 272–79; *see Grant v. City & Cnty. of S.F.*, No. 3:17-cv-04869, 2018 US Dist. LEXIS 86893, slip op. at 4 (N.D. Cal. May 23, 2018) (determining plausibly-pled IE where plaintiff alleged centralized control based on employers sharing HR director and employee processing leave requests for both employers). **Despite acknowledging the import of this factor**, *Deoras Defendants cite <u>no</u> controlling or even minimally persuasive authority* indicating insufficient pleading of centralized labor relations.[16] Grasping at straws, Deoras Defendants revert to the irrelevant-conclusion logical fallacy—*ignorantio elenchi*— asserting that Title VII's and FEHA's general prohibitions against imposing liability on non-employer individuals proves the Complaint cannot show centralized labor relations because its allegations involve law-firm partner activities, and thus must be disregarded *ipse dixit*. *See* Mot. 12–13 (dismissing wholesale Compl. ¶¶ 273–278 based on fallacy); *see supra* Opp'n 2–4. As discussed above, Deoras Defendants misrepresent four factual allegations to fabricate support the Motion. Opp'n 7. Deoras Defendants repeat these exact misrepresentations to falsely claim that "Plaintiff's allegations make clear that K&E alone exercised of labor relations." Mot. 13. Deoras Defendant's flawed logic and misrepresentations are unavailing. The Complaint's facts clearly show centralized labor relations. *See supra* Opp'n 9–11; *see also* Compl. ¶¶ 272–79.

### *vi) Deoras Defendants Fail to Show Complaint Does Not Plausibly Plead Common Ownership or Financial Control*

Plaintiff has plausibly pled common ownership and/or financial control. *E.g.*, Compl. ¶¶ 241–47, 250.g n.69, 281–86; *see id.* ¶ 268; *Grant*, No. 3:17-cv-04869, 2018 US Dist. LEXIS 86893, slip op. at 4 (finding plausibly-pled common ownership or financial where members of corporation also served as trustees of museum). Here, the fact that Defendants have inserted

---

[16] The Motion cites *EEOC v. Con-Way Inc.*, No,. cv 06-1337-MO, 2007 WL 2610367, at *6 (D. Or. Dec. 4, 2007), (casetext), to challenge the contention that there were inter-company transfers of personnel. This case is factually inapposite because it dealt with whether a parent controlled its wholly-owned subsidiary. In any event, the Complaint includes ample facts showing Deoras Defendants directly interfered with Plaintiff's employment at Kirkland. *See generally* Compl.

individual PCs into the integrated organizational structure does not defeat common ownership or financial control because K&E is directly owned by the same PC Defendants and indirectly by the individual defendants (e.g., Mr. Deoras) who collectively own the PCs that own K&E.[17]

### C. Deoras Defendants Fail to Show FEHA Preempts San Francisco Ordinance

Deoras Defendants, as the parties claiming state law preempts a local ordinance, Mot. 9–10, "ha[ve] the burden of demonstrating preemption" and overcoming a "strong presumption that legislative enactments must be upheld unless their unconstitutionality clearly, positively, and unmistakably appears." *See Rental Housing Ass'n of N. Alameda Cnty. v. City of Oakland*, 171 Cal. App. 4th 741, 752 (2009) (citation and internal quotation mark omitted). The Motion does not come close to rebutting this strong presumption. *See* Mot. 9–10. San Francisco "may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." Cal. Const. art. XI, § 7. "A conflict exists if the local legislation duplicates, contradicts, or enters an area ***fully occupied*** by general law, either expressly or by legislative implication." *Sherwin-Williams Co. v. City of L.A.*, 4 Cal. 4th 893, 897 (Cal. 1993). Local legislation "is contradictory to general law when it is inimical thereto." *Id.* at 898. "A local ordinance is preempted by a state statute only to the extent that the two conflict." *Rental Housing*, at 752.[18] The Motion's sole basis supporting dismissal all of Plaintiff's claims under the San Francisco ordinance, S.F., Cal., Police Code art. 33 § 3301 *et seq.* (the "**Ordinance**"), is a single, generalized assertion that Plaintiff's "Causes of Action" are preempted "because the local anti-discrimination ordinance serves the same purposes as FEHA." Mot. 18–19. This generalized assertion and the two outdated and distinguishable cases cited in support do not come close to carrying Deoras Defendants' burden to show preemption is warranted. *See* Mot. 18–19 (citing *Delaney v. Superior Fast Freight*, 14 Cal. App. 4th 590, 596–98 (1993); *Marsili v. Baker Places*, No. 03-cv-4491 (N.D. Cal. Nov. 24, 2003) (relying on *Delaney*)). *Delaney* held that

---

[17] The Motion fails to show the numerosity requirements of Title VII and FEHA are not met by the IE Deoras Defendants formed with co-Defendants. *E.g.*, Compl. ¶ 249.

[18] FEHA in relevant part states: "The provisions of this part shall be ***construed liberally for the accomplishment of the purposes of this part*** . . . (c) . . . it is the intention of the Legislature to occupy the field of regulation of discrimination in employment and housing ***encompassed by the provisions of this part***." Cal. Gov't Code § 12993(a), (c) (emphases added).

FEHA preempted a Los Angeles ordinance proscribing discrimination on the basis of sexual orientation. *Delaney*, 14 Cal. App. 4th at 597.[19]  However, the California Court of Appeals significantly narrowed *Delaney*'s holding by subsequently determining that two local ordinances (including the Ordinance) were not preempted by FEHA.  In 2009, the court held that FEHA does not preempt an Oakland ordinance proscribing age discrimination in housing, which "offer[s] special protection from eviction" based on age.  *Rental Housing*, 171 Cal. App. 4th at 761.  The court held that FEHA does not preempt the ordinance because it "does not have the same purpose as FEHA and does not occupy the same field."  *Id.*  The court further stated that the ordinance could be upheld on an alternative ground—namely, that the plain language of the FEHA preemption provisions "limit" FEHA's preemptive reach to discrimination on grounds "explicitly covered" by FEHA.  *Id.* at 762 n.15 ("FEHA preempts only 'the field of regulation of discrimination in employment and housing *encompassed by the provisions of* [that statute].'"  *Id.* at 762 n.15 (quoting Cal. Gov't Code § 12993(c)); *id.* (noting limited construction is "consistent with" decisions predating *Delaney*).[20]  Further, in 2018, the Ordinance was deemed not preempted by FEHA when the it amended to ban discrimination based on a person's "source of income," defined broadly to include government rent subsidies, and FEHA was amended to ban discrimination based on a tenant's "source of income," defined narrowly to "not reach government[-]rent subsidies such as Section 8."  *City of S.F. v. Post*, 22 Cal. App. 5th 121, 124–25 (2018) (affirming lower court's holding of no preemption), *petition for review denied*, S248887 (Cal. July 11, 2018).  The *Post* court reasoned, consistent with *Rental Housing*, that reading FEHA's preemption clause to preempt all local regulation of discrimination in housing and employment would require "the statutory phrase 'encompassed by the provisions of this part'" to be "render[ed] superfluous."  *Id.* at 133; *see Agnew v. State Bd. of Equalization*, 21 Cal.

---

[19] Of note, the ordinance at issue in *Delaney* did not address retaliation.  *Id.*  Thus, Deoras Defendants fail to meet their burden to show that Plaintiff's claims for relief for retaliation arising under the San Francisco Ordinance's anti-retaliation provision, S.F., Cal., Police Code art. 33 § 3305.2, which was added in 2002, post-dating the *Delaney* decision, is "clearly, positively, and unmistakably" preempted by FEHA.  *See Rental Housing*, 171 Cal. App. 4th at 752.

[20] The *Rental Housing* court further stated: "We question the decision in *Delaney* that FEHA preempts local regulation of all forms of employment and housing discrimination . . . This interpretation of the statute deprives the qualification ['***encompassed by the provisions of this part***'] . . .of any meaning."  *Id.*

4th 310, 330 (1999). Similarly here, to the extent the Ordinance's ban on employment discrimination and retaliation is broader than FEHA's, it is not preempted by FEHA because it would not occupy the same field as FEHA. *See id.*[21]   For example, the Ordinance prohibits discrimination and retaliation "wholly or partially" because of sex or for opposing discrimination, S.F., Cal., Police Code art. 33 §§ 3303(a)(1), 3310, 3305.2(b); providing treble general and special damages for violating or aiding in violating the Ordinance, *id.* § 3306; broadening ban of proscribed retaliation to include employers with any number of employees, *id.*  §§ 3305.2(b), 3310; eliminating any administrative exhaustion, *id.* § 3307(c) & (e); and requiring employers to post a non-discrimination notice, *id.* § 3303(d).

### 3.   FEHA Does Not Preempt the Ordinance, Which Regulates Municipal Activity
#### 1.   Activity

San Francisco, a charter city, "may make and enforce all ordinances and regulations in respect to ***municipal affairs***," Cal. Const. art. XI § 5(a) (emphasis added), because its charter was adopted pursuant to the California Constitution.  Charter of City and County of S.F. pmbl. (adopted 1995) ("**Charter**").   Here, the Ordinance is not a matter of statewide concern, but concerns ***municipal affairs***: addressing "the particular problems" of discrimination existing within San Francisco, which problems state and federal restraints on discrimination fail to address.  *See* Charter pmbl. (explaining Charter goals, including combatting discrimination); S.F., Cal., Police Code art. 33 §§ 3301, 3302 (stating municipal goals of Ordinance). The Ordinance expressly operates to further the goals of the Charter, e.g., by further dissuading and making unlawful (beyond the reaches of FEHA) discriminatory and retaliatory conduct on the basis of sex.  *See supra* Opp'n 15–16.  Because the Ordinance regulates municipal activity and is not a matter of statewide concern, it is not preempted by FEHA. *See Smith v. City of Riverside*, 34 Cal. App. 3d 529, 534, 536 (1973).[22]

### D.   Plaintiff Plausibly Pleads Title VII Sex Harassment As To Deoras Defendants

---

[21] Such a holding is also consistent with this Court's prior decision in *Marsili v. Baker Places*, No. 3:03-cv-04491-WHA (N.D. Cal. Nov. 24, 2003).

[22] *See also Alioto's Fish Co. v. Human Rights Comm'n of S.F.*, 120 Cal. App. 3d 594, 603 (1981); *Schifando v. City of L.A.*, 31 Cal. 4th 1074, 1092 (2003).

Sex-based harassment, i.e., a hostile work environment, "must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. Boca Raton*, 524 U.S. 775, 787–88 (1998) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993)).  "[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances," which "may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23.  "[N]o single factor is required" to show a hostile work environment. *Id.*  A hostile work environment "often will detract from employees' job performance . . . ***or keep them from advancing in their careers***." *Id.* at 22 (emphasis added). Per Title VII's text, "[t]he critical issue . . . is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Id.* at 25 (Ginsburg, J., concurring); *accord id.* (Scalia, J., concurring) ("[T]he test is not whether work has been impaired, but whether working conditions have been discriminatorily altered."). A court's "inquiry should center, dominantly, on whether the discriminatory conduct has unreasonably interfered with the plaintiff's work performance." *Id.* (Ginsburg, J., concurring).  It is sufficient "to prove that a reasonable person subjected to the discriminatory conduct would find, as the plaintiff did, that the harassment so altered working conditions as to 'ma[k]e it more difficult to do the job.'" *Id.* (citation omitted).

vii) <u>The Motion Applies Inapplicable Law to Support Dismissing Plaintiff's Harassment Claims</u>

The Motion groundlessly sweeps away substantial facts supporting hostile work environment by erroneously claiming the Complaint states nothing more than nonactionable personnel management. Mot. 19.  The Motion then proceeds to attack the Complaint in a vacuum by focusing on limited facts to speciously conclude Plaintiff fails to plead severe or pervasive conduct.  *Id.*  The Motion merely cites two non-controlling and easily distinguishable cases to support improperly excluding allegations that it deems personnel-management activities. Mot. 19 (citing *Gathenji v. Autozoners, LLC*, 703 F. Supp. 2d 1017, 1033 (E.D. Cal. 2010); *Kennedy v. Kings Mosquito Abatement Dist.*, No. 12-cv-1458, 2013 WL 1129202, at *11 (E.D. Cal. Mar.

18, 2013)).  Saliently, *Gathenji* quotes and exclusively relies on a state court opinion applying state law to a FEHA harassment claim as the sole basis for concluding that Title VII harassment excludes personnel-management activities.  703 F. Supp. 2d 1017, 1033 (E.D. Cal. 2010) (quoting ***Reno v. Baird***, 18 Cal. 4th 640, 647–58 (1998) (discussing FEHA harassment)).  Further, the holding in *Reno*—the case serving as the sole basis for *Gathenji*'s holding—was substantially limited 14 years ago by the California Supreme Court, underscoring the inapplicability and futility of *Gathenji* as even de minimis persuasive authority.[23]  The authoritative value of *Kennedy* is equally flawed and unavailing.  First, *Kennedy* pertains to harassment claims under FEHA, not Title VII.  *See Kennedy,* No. 12-cv-1458, at *1 (E.D. Cal. Mar. 18, 2013).  Second, *Kennedy* relies on the substantially diminished (if not de facto abrogated) *Reno* holding as its basis to ignore personnel-management activities under Title VII.

Indeed, the Ninth Circuit and federal courts have repeatedly determined discriminatory "personnel management actions" may constitute harassment under Title VII.  *Barber v. Cnty. of Ventura*, 45 F. App'x 725, 728 (9th Cir. 2002) (affirming judgment following jury verdict that employer violated Title VII by subjecting employee to hostile work environment when plaintiff had presented that "work assignments were unfairly distributed," including with heavier workload falling to plaintiff); *Young v. Buttigieg*, No. 19-cv-01411-JCS, at *18 (N.D. Cal. Mar. 16, 2021) (casetext) (denying motion to dismiss where plaintiff's allegations included "not permitting [her] to attend meetings or access certain information," despite defendant arguing such actions "are not unusual happenings in a workplace and thus are not sufficiently severe or pervasive to alter the conditions of [plaintiff's] employment and create an abusive working environment"); *see Passantino v. Johnson & Johnson Consumer Prod.*, 212 F.3d 493, 507 (9th Cir. 2000) (quoting *Burlington Indus. v. Ellerth*, 118 S. Ct. 2257, 2270 (1998)) (stating employer's affirmative defense to "disclaim liability for a hostile environment created by a supervisor in contravention of company policy" unavailable "when the supervisor's harassment

---

[23] This Court has acknowledged that *Reno*'s holding with respect to personnel management decisions has been substantially curtailed by *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009). *Croft v. GTT Commc'ns, Inc.*, No. 21-cv-01083-EMC, at *8–9 (N.D. Cal. May 10, 2021).

culminates in a tangible employment action" (e.g., firing, demotion)).[24]   Here, the factual

allegations in the Complaint are more than sufficient to demonstrate that, based on the totality of

circumstances, Deoras Defendants subjected Plaintiff to a hostile work environment that altered

the conditions of her employment.  *See e.g.*, Compl. ¶¶ 79–80, 84–85, 90, 96–98, 112, 123–30,

139–41, 143–44, 146–47, 151–53, 159–62, 165–66, 169–70, 174–81, 203–05.   Further, the

Complaint sufficiently pleads severe or pervasive conduct. *See id*. The sole case cited by the

Deoras Defendants is easily distinguishable.  Mot. 19 (citing *Washington v. Lowe's HIW Inc.*, 75

F. Supp. 3d 1240, 1251 (N.D. Cal. 2014).  For example, the *Lowe*'s plaintiff merely alleged that

another employee took home her work apron and that she was asked to exit using a certain door.

*Id.* at 1251, 1251 n.8.  The diminutive factual allegations in *Lowe's* are not remotely analogous

to the robust facts in the Complaint.

### E.  The Motion Fails to Show Plaintiff's Defamation Claims Should Be Dismissed

At the pleading stage, this Court's task is not to assess the actual veracity of the

defamatory statements and "must presume the plaintiff's allegations are true and draw all

reasonable inferences in the plaintiff's favor."  *See Todd v. Lovecruft*, No. 19-cv-01751-DMR,

at *19 (N.D. Cal. Jan. 6, 2022) (casetext); *Kim v. Yoon*, 21-cv-04454-SVK, at *1 (N.D. Cal. Sep.

28, 2021) (casetext) (citing *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987)).  "Notably,

if the statement as construed under the totality of the circumstances is reasonably susceptible to

defamatory meaning, then dismissal at the pleading stage is inappropriate.*"[25]*

#### 1.  Deoras Defendants' Defamatory, Malicious Statements Are Actionable Statements of Fact and/or Imply an Underlying Factual Basis

The Complaint pleads sufficient facts to maintain defamation claims against the Deoras

Defendants.  *See infra* Opp'n 20–24.  The Motion's selective and isolated analysis of certain

---

[24] *See also Rico v. Jones Lang LaSalle Ams., Inc.*, No. CV 14-1322-GHK (JEMx), 2014 WL 1512190, at *2–3 (C.D. Cal. Apr. 16, 2014) (holding allegations of a negative performance review, criticism, and demeaning comments related to the plaintiff's pregnancy that culminated in her termination "taken together, suggest at least a possibility that [a supervisor] engaged in a pattern of harassing conduct").

[25] *Hiraide v. Vast Sys. Tech. Corp.*, No. C-08-04714 RMW, at *17 (N.D. Cal., Aug. 3, 2009) (casetext).  Defamation per se is effected by libel "on its face," which is "defamatory of the plaintiff [e.g., has a tendency to injure plaintiff in her occupation] without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact."  Cal. Civ. Code § 45a, 44, 45.  Plaintiff has alleged defamation per se.  *E.g.*, Compl. ¶ 14, 35, 199, 219.

portions of the defamatory statements used to argue that every defamatory statement constitutes a nonactionable statement of opinion is unavailing and emblematic of the lies Deoras Defendants so willingly spewed about Plaintiff, thereby vaporizing her career. *See* Mot. 22 (cherry-picking portions of certain defamatory statements and dishonestly trying to reframe malicious and obvious statements accusing Plaintiff of incompetence as balanced and fair). Deoras Defendants' isolated and doctored analysis cannot be squared with the well-established requirement that a court consider the totality of facts and circumstances in determining whether a statement is defamatory. *E.g.*, *Balzaga v. Fox News Network, LLC*, 173 Cal. App. 4th 1325, 1337–38 (2009). Further, "not every word of an allegedly defamatory publication has to be false and defamatory . . . a single sentence may be the basis for an action in libel even though buried in a much longer text." *Kaelin v. Globe Commc'ns Corp.*, 162 F.3d 1036, 1040 (9th Cir. 1998) (reversing grant of motion for summary judgment because reasonable juror could find headlines were defamatory and defendant acted with actual malice). Thus, the Motion's hackneyed argument fails as a matter of law because it willfully ignores the correct standard, i.e., the totality of circumstances, in assessing whether Deoras Defendants' statements are defamatory or nonactionable opinions. *See* Mot. 22–23; *Todd*, at *29 (casetext) (quoting *Kaelin*, 162 F.3d at 1040).

Assuming arguendo any defamatory statement could be construed as opinion, the Motion's argument still fails because it does not address whether any such statement (i.e., each specific defamatory statement the Motion contends is nonactionable opinion) contains any provably false factual assertion(s). *See Milkovich v. Lorain Journal*, 497 U.S. 1, 19 (1990). For example, the statements that Plaintiff's work "required significant reworking" or that her "performance was unacceptable" even when construed in a vacuum, reasonably imply a provably false factual basis that Plaintiff was incompetent with respect to her profession. *See* Mot. 22; *see, e.g.*, *Hiraide*, at *17 (casetext) (holding statement that plaintiff is "crazy" is actionable defamation because it could imply facts that plaintiff was not trustworthy, was mentally unstable, etc.). Further, the Complaint specifically alleges that the defamatory statements made by Deoras Defendants are facts and/or opinions that imply a provably false factual assertion. *E.g.*, Compl. ¶¶ 219–29, 358, 360; *see infra* Opp'n 24 (citing Compl. regarding malice). Accordingly, the

1  Motion fails to show the defamation claims should be dismissed.  *See, e.g.*, *Olivares v. Sears*
2  *Holding Corp.*, No. C 09-1068 SI, at *5 (N.D. Cal. May 27, 2009) ("[W]hether the allegedly
3  defamatory statement was made as an opinion or as assertion of fact is a factual inquiry that
4  cannot be determined on the pleadings."). When faced with defamatory statements regarding job
5  performance analogous to those averred in the Complaint, this Court concluded such statements
6  "can be proven or disproven[] and are therefore not statements of opinion." *See Rotella v.*
7  *Emeritus Corp.*, No. C 10-03202 SI, at *7 (N.D. Cal. Dec. 13, 2010) (casetext) (applying to
8  statements she "failed to perform other aspects of her job" and "regularly failed to communicate
9  with [team] members"); Compl. ¶¶ 88, 101–05, 139, 146–147, 169–73, 209, 211–13, 216.

10  Further, the Motion incorrectly argues the defamatory statements are nonactionable
11  because they were made in the context of an employer's performance evaluation.  Mot. 23 (citing
12  *Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 965 (1993) (holding employer's
13  performance evaluation is not actionable **unless** it "falsely ***accuses an employee*** of . . .
14  **incompetence**") (emphasis added)).  However, the Motion ignores the factual averments showing
15  the sham "Summary" and "evaluations" did not serve the "legitimate purpose" of an evaluation—
16  i.e., were not "use[d] as a management tool for examining, appraising, judging and documenting
17  [plaintiff's] performance." *Jensen*, 14 Cal. App. 4th at 970; *e.g.*, Compl. ¶¶ 11, 14, 17, 140, 191–
18  218, 221–23, 226–27, 229–32 (describing departures from standard associate-review practice(s),
19  "tending to show the document constituted anything but business-as-usual," *see Jensen* 14 Cal.
20  App. 4th at 970)); *see Reese v. Barton Healthcare Sys.*, 693 F. Supp. 2d 1170, 1190 (E.D. Cal.
21  2010) (declining to apply *Jensen* when defamatory publication was not true "evaluation" because
22  it "was not as a management tool for evaluation and documentation of plaintiff's performance"
23  but "served as the factual basis for plaintiff's termination"); Mot. 21–24.[26]  Further, a court has
24  held *Jensen* inapplicable when a plaintiff was "never presented . . . with the allegedly defamatory
25  documents," undercutting the argument that the "written and oral statements formed part of
26
27  _____
   [26] The Motion includes a false, conclusory and irrelevant statement that Deoras' evaluation of
28  Plaintiff is a balanced and reasoned assessment of Plaintiff's work, which is roundly contradicted
   by the Complaint. Mot 21; *e.g.*, Compl. ¶¶ 191–202.

Plaintiff's performance evaluation." *McNamee v. the Roman Catholic Diocese of Sacramento*, No. 2:12-cv-03101-MCE-AC, at *15 (E.D. Cal. Mar. 27, 2015), (citation omitted) (denying motion for summary judgment because purpose of performance review is to "inform the employee of what [employer] expects" (distinguishing *Jensen*, 14 Cal. App. 4th at 964 (emphasis in original)). Similarly, Plaintiff was "never presented" with the "evaluations" or "Summary" until **after she was fired** and the time to accept severance had expired. *See id;* Compl. ¶¶ 16–18, 201, 204 n.60, 205, 227. Additionally, Deoras Defendants' defamatory statements falsely accuse Plaintiff of abject incompetence. *See Jensen*, 14 Cal. App. 4th at 965. The Complaint alleges with detail that "[t]he four corners of the 'evaluations' conveyed an unequivocal—albeit false—message: that Plaintiff was deplorably deficient in every component of practicing law, failed to contribute at all during her time at the Firm, and was nothing more than a burden and liability due to her utter incompetence." Compl. ¶¶ 90, 94, 103–05, 107, 132, 138–40, 146–47, 152–53, 157–58, 165–173, 196–99, 209–11, 213, 216, 219–32. This Court has refused to dismiss a defamation claim because "[a]t this pleading stage, it cannot be determined whether Defendant's alleged statements are privileged or fall into an exception to the general rule that defamation cannot be based on performance reviews." *Kim*, at *4 (casetext) (denying motion to dismiss when parties' disputed whether statements alleged **incompetence**). The Motion cites cases that are inapposite and involve defamatory statements that pale in comparison to and are not comparable to the statements at issue here. Mot. 23. An accusation or imputation of incompetence is/are provably false. *E.g.*, *Kahn v. Bower*, 232 Cal. App. 3d 1599, 1609 (1991) (concluding letter as a whole "might be reasonably understood to convey" an actionable "imputation of incompetence"); *accord Gallant v. City of Carson*, 128 Cal. App. 4th 705, 709 (2005) (reversing trial court because incompetence "is susceptible of being proved true or false" because it implies plaintiff is generally disqualified for her profession), *overruled in part on other grounds in Reid v. Google Inc.*, 50 Cal. 4th 512, 532 n.7 (2010); *Layton v. Terremark N. Am., LLC*, No. 5:13-cv-03093-PSG, at *2, *15–16 (N.D. Cal. June 5, 2014) (casetext) (determining statements in termination letter that plaintiff "failed to protect tangible and intangible property, failed to handle company funds responsibly, and failed to be honest and forthcoming in a company investigation" were actionable because they

"accuse [plaintiff] of . . . incompetence"); *Cameron v. Warnick*, 251 Cal. App. 2d 89, 893 (1967) ("A person may be ***liable for what he insinuates*** as well as for what he says explicitly." (emphasis added)). Any contention the defamatory statements due not accuse incompetence are meritless.

### 2. Deoras Defendants' Defamatory Statements Are Not Privileged

Deoras Defendants "bear the initial burden of showing that the allegedly defamatory statement was made on a privileged occasion." *Cleveland v. Ludwig Inst. for Cancer Research*, No. 19cv2141 JM (JLB), at *27 (S.D. Cal. June 17, 2020) (casetext) (citation omitted) (denying motion to dismiss defamation claim). Ironically, to support a claim of qualified common-interest privilege, the Motion cites the Complaint's discussion of excessive and gross (i.e., non-privileged) over-publication of the defamatory "evaluations" and "Summary," including to persons without a legitimate business need to see their contents, thus defeating any claim of privilege. *See* Mot. 23–24 (citing Compl. ¶¶ 222–23, 225–26); *cf.* Compl. ¶¶ 192, 222–23, 225–227 (discussing excessive publication). Here, Motion does not articulate how the alleged common-interest furthered through publication to non-committee members or explain how each committee's common-interest was furthered through publication. *See* Mot. 23–24; Compl. ¶¶ 222–23, 225–26. The Motion also presumes, without citing authority, that a standard practice of over-publishing defamatory evaluations necessarily creates a cognizable common interest. *See* Mot. 23–24. At least one court has denied a claim of common-interest privilege because the alleged interest "may not have been advanced" by unnecessarily sharing the statements to advance a mere financial interest. *Ludwig*, at *27 (casetext). For example, the Motion does not (and cannot) explain why re-publication of the entirety of the defamatory "Summary" and "evaluations" was needed to enable persons on "Non-Share Partner and Associate Compensation Committee" to determine bonuses, when bonuses were based solely on associate numerical rating and hours, per official policy. Compl. ¶ 226.[27] The excessive publication defeats any conclusory

---

[27] The argument that Plaintiff provides "no factual support" for publication to third parties is dishonest—the Complaint provides sufficient factual information. *See, e.g.*, Compl. ¶¶ 222–25, 358; *Mayfield v. Aerotek, Inc.*, 3:20-cv-01947-JAH-JLB, at *9–10 (S.D. Cal. July 11, 2022) (casetext) ("Although Plaintiff does not identify to whom Mr. Nelson spoke to, Plaintiff necessarily alleges that the publication of the statements at issue was not limited to interested parties."). And this argument is irrelevant to Deoras Defendants' burden to show that common-interest privilege applies to and is furthered by such publication(s). The two cases cited in

privilege and shows actual malice. *Johnson v. Wells Fargo & Co.*, No. CV 14-06708 MMM (JCx), at *14–15 (C.D. Cal. Nov. 19, 2014) (casetext) (stating privilege can be "lost if the defendant abuses the privilege by excessive publication or the inclusion of immaterial matter which ha[s] no bearing upon the interest sought to be protected"); *Garcha v. Quality Quartz Eng'g, Inc.*, No. 19-cv-01989-YGR, at *6 (N.D. Cal. June 13, 2019) (casetext) (stating "excessive and unsolicited" publication supports malice). The Motion lies to the Court by claiming that Plaintiff "offers only conclusory and boilerplate malice allegations." Mot. 24 (citing only Compl. ¶¶ 358, 219–20). The Complaint avers ample facts to sufficiently plead actual malice.[28] *E.g.*, Compl. ¶¶ 17, 82–92, 97–99, 100–06, 122, 126–27, 138, 146–47, 157–58, 162–173, 176, 210, 219–32. Unlawful employment practices can show actual malice. *See, e.g.*, *Layton*, at *18 (casetext) (denying motion to dismiss because plaintiff alleged "statements [made] with malice in retaliation for his complaints, thus providing factual support for Defendants' ill will and pleading sufficient facts to overcome the privilege"); *Mayfield*, at *9–10 (casetext). Analogous to the facts here, this Court has repeatedly held that a plaintiff sufficiently pled actual malice for statement(s) imputing incompetence by alleging one or two facts inferring defendant(s) knew or reasonably should have known of plaintiff's prior good work. *MacKinnon v. Logitech Inc.*, No. 15-cv-05231-TEH, at *7–8 (N.D. Cal. May 18, 2016) (casetext) (plaintiff sufficiently pled actual malice by alleging that he "had high sales numbers" and two executives "sent [plaintiff] emails congratulating him on his excellent work"); *Ugorji v. Cnty. of Lake*, No. 4:20-cv-01448-YGR, at *17–18 (N.D. Cal. July 6, 2020) (casetext) (holding plaintiff sufficiently pled actual malice by

---

support are inapposite. First, *Walker v. Boeing Corp.*, dismissed for lack of publication at the summary judgment stage. 218 F. Supp. 2d 1177, 1192-93 (C.D. Cal. 2002). Second, *Pruitt v. Genentech, Inc.*, the defamation claim was based solely on the statement that plaintiff "stole a sandwich," and plaintiff provided no factual basis for the slander. No. 2:17-cv-00822-JAM-AC, 2017 WL 3641783, at *4 (E.D. Cal. Aug. 24, 2017). Further, publication to third parties is not necessary to sustain Plaintiff's defamation action because the Complaint more than sufficiently alleges publication to numerous individuals. The argument that Plaintiff "did not allege publication . . . . is without merit as **publication occurs when a statement is communicated to any person other than the party defamed**." *Kelly v. Gen. Tel. Co.*, 136 Cal. App. 3d 278, 284 (1982) (emphasis added) (collecting cases).

[28] *Taus v. Loftus,* 40 Cal. 4th 683, 721 (Cal. 2007) ("'[A]ctual malice' . . . is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable ground for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights.").

1    alleging "that multiple coworkers and the former District Attorney attested to her
2    professionalism, legal research ability, and skills as a lawyer"). The Complaint avers
3    substantially more facts that the information this Court has held sufficient to demonstrate actual
4    malice for defamation. *E.g.*, Compl. ¶¶ 17, 82–92, 97–99, 100–06, 122, 126–27, 138, 146–47,
5    157–58, 162–173, 176, 210, 219–32. Accordingly, this Court should dismiss the Motion.

6    **F.  The Motion Fails to Show Plaintiff's IIED Claims Should Be Dismissed**

7         The Motion argues that Plaintiff's IIED claim must be denied because the allegations
8    relate to personnel management and "normal workplace interactions." Mot. 20–21. This is
9    erroneous. Actions and conduct relating to personnel management, e.g., termination, may
10   constitute extreme and outrageous conduct sufficient to support an IIED claim. *E.g.*, *Rojo v.*
11   *Kliger*, 52 Cal. 3d 65, 81 (Cal. 1990) ("[A]n employer's discriminatory actions may constitute .
12   . . outrageous conduct redressable under a theory of intentional infliction of emotional distress.");
13   *Webber v. Nike USA, Inc.*, No. 12-CV-00974 BEN (WVG), at *5–6 (S.D. Cal. Oct. 9, 2012)
14   (casetext) ("A supervisor's deceptive conduct in denying a fundamental right or in violation of a
15   fundamental interest of the employee may be sufficient to give rise to an IIED claim." (collecting
16   cases)); *see also Calero v. Unisys Corp.*, No. C03-0889 MHP, at *1 (N.D. Cal. May 19, 2003)
17   (casetext). The Complaint's allegations that, *inter alia*, Deoras Defendants' discriminatorily
18   fabricated false performance issues, maliciously defamed Plaintiff to over 100 individuals, and
19   willfully carried out a baseless assassination of Plaintiff's profession and livelihood, are
20   sufficient to plead IIED. *E.g.*, Compl. ¶¶ 17, 118, 127, 132, 146–47, 170–173, 176, 198–99,
21   203–04, 224, 235–36, 276, 360–61, 364–365; *cf.* Mot. 20 (citing only Compl. ¶ 365).

22   **G.  The Motion Fails to Show Plaintiff's NIED Claims Should Be Dismissed**

23        Deoras Defendants "certainly owed [Plaintiff] a duty as her employer—specifically, not
24   to . . . harass her [because of sex], discriminate against her, or allow a hostile work environment."
25   *See Horn v. CRC Health Grp., Inc.*, Case No.17-cv-02192-NC, at *19 (N.D. Cal. July 13, 2018)
26   (citing *Ellison v. Brady*, 924 F.2d 872, 875–76 (9th Cir. 1991) (finding employer duty of
27   preventing hostile work environment)) (noting that sex harassment or discrimination amounts to
28   breach); Compl. ¶¶ 248–254 (plausibly alleging duty of care). Further, Deoras Defendants fail

to meet their burden showing state workers' compensation law preempts NIED claims.  Simply put, negligently allowing or engaging in malicious defamation, discrimination, and/or retaliation are not "every day actions of employment" for purposes of workers compensation.  *See Webber*, at *7 (casetext) ("Discrimination in employment . . . is not a normal incident of employment and thus is not barred by the exclusivity provision of the Workers' Compensation Act."); *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 13–14 (1994) (acknowledging harassment is not "normal risk of employment"); *Vacanti v. State Comp. Ins. Fund*, 24 Cal.4th 800, 814 (2001) ("[C]ourts have exempted defamation claims from exclusivity because an injury to reputation does not depend on a personal injury.").  The Complaint sufficiently pleads NIED.

### H.  The Complaint Sufficiently Requests Punitive Damages

The Motion's appeal to heightened state-law pleading standards regarding punitive damages is erroneous and underscores Deoras Defendants' willingness to lie and mislead without refrain. Mot. 24 (applying state pleading standard Cal. Civ. Code § 3294).  This Court has explicitly held that "the heightened pleading standard that applies in state court under [Cal. Civ. Code § 3294] does not apply in federal court; rather, under Rules 8 and 9(b) malice, fraud and oppression may be averred generally."  *Focal Point Films, LLC v. Sandhu*, No. 19-cv-92898-JCS, 2019 WL 7020209 (N.D. Cal. Dec. 20, 2019); *Tradeshift, Inc. v. BuyerQuest, Inc.*, No. 20-cv-01294-RS, 2020 U.S. Dist. LEXIS 252305 (N.D. Cal. May 20, 2020) (holding "[p]unitive damages . . . were adequately pled in the complaint" under liberal federal pleading standard).[29]  Under the correct federal pleading standard, "a plaintiff may include a **short and plain prayer for punitive damages** that *relies entirely on unsupported and conclusory averments of malice or fraudulent intent*."  *Union Pac. R.R. Co. v. Hill*, No. 21-cv-03216-BLF, 2021 WL 5964595, at *6 (N.D. Cal. Dec. 16, 2021) (casetext) (emphases added) (quoting *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 273 (N.D. Cal. 2015)), *quoted with approval in Sidhu v. Bayer Healthcare Pharms. Inc.*, No. 22-cv-01603-BLF, 2022 U.S. Dist. LEXIS 211716 (Nov. 22, 2022 N.D. Cal.).  Based on both the

---

[29] *See also Gottreich v. S.F. Inc. Corp.*, 552 F.2d 866, 866–67 (9th Cir. 1977) (finding conclusory allegation that defendants "knew" representations were false was sufficient pleading of fraudulent intent); Fed. R. Civ. P. 9(b).

1    correct and incorrect pleading standards, Plaintiff has sufficiently pled punitive damages.[30]

2    Compl. ¶¶ 82, 88, 90, 98–101, 106, 126–27, 138, 157–58, 173, 192, 198, 210, 219–32, 239.

3    **IV.**    **The Motion Is Procedurally Improper**

4         Deoras Defendants violate procedural rules and precedent by repeatedly attempting to

5    incorporate by reference substantive arguments made in co-Defendant(s)' filings.  Mot. 18–20.

6    As a result, the Motion well exceeds the 25-page limit,[31] thereby requiring this Court to strike

7    excess pages in accordance with precedent and to avoid prejudicing Plaintiff.  *See* Civil L.R. 7-

8    4(b); *see, e.g.*, *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996) (holding "the

9    incorporation of substantive material by reference is not sanctioned by the federal rules" and

10   upholding district court's decision to strike incorporated material in overlength brief); *Williams*

11   *v. Cnty. of Alameda,* 26 F.Supp.3d 925, 947 (N.D. Cal. 2014).[32]

12                                  **CONCLUSION**

13        For the reasons above, this Court should deny K&E's Motion in its entirety.  If the Court

14   grants any part of K&E's requested relief, it "must grant leave to amend" because the

15   Complaint's hypothetical deficiencies would be curable by amendment.  *See Lucas v. Dep't. of*

16   *Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

17   Respectfully submitted this 17th day of January, 2023.

18                          By:   /s/ *Zoya Kovalenko*

19                                Zoya Kovalenko (Cal. SBN 338624)
                                  13221 Oakland Hills Blvd., Apt. 206
20                                Germantown, MD 20874
                                  678 559 4682

21

22   [30] The Motion relies on the holding from a factually distinguishable and non-controlling authority
     to aruge Plaintiff insufficiently requests punitive damages.  Mot. 24 (citing *Kelley v. Corrs. Corp.*
23   *of Am.*, 750 F. Supp. 2d 1132 (E.D. Cal. 2010), *cited with approval in Opperwall v. State Farm*
     *Fire & Cas. Co.*, No. 17-cv-07083-YGR, at *9 (N.D. Cal. Mar. 9, 2018) (dismissing with leave
24   to amend punitive damages claim when complaint included naked and conclusory damages
     request))).  *But see, e.g.*, *Union Pac. R.R.*, at *6.
25   [31] The Motion reaches 31 pages with improperly incorporated substantive material.  Mot. 18–20
     (incorporating by reference **6 additional pages** of substantive arguments from other filing).
26   [32] Plaintiff objects to the Motion to the extent any new argument not contained within the Motion
     is presented in support of the Motion, e.g., in another Motion, in a reply, or at the hearing.  *See*
27   *generally Mot.*  Plaintiff objects to Deoras Defendants' attempts to introduce "evidence" with its
     Motion (e.g., with the RJN), elsewhere, or later, e.g., in a reply or at the hearing.  Plaintiff objects
28   to Deoras Defendants' improper mislabeling of Plaintiff's "causes of action" as "counts."  *See,*
     *e.g.*, Mot. 2.  Plaintiff objects to Deoras Defendants' improper attempts to apply summary-
     judgment standards to challenge sufficiency of the Complaint.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

zoyavk@outlook.com

Plaintiff