Zoya Kovalenko (Cal. SBN 338624)
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
678 559 4682

zoyavk@outlook.com

Plaintiff Zoya Kovalenko

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO, | Case No. 4:22-cv-05990-HSG |
| *Plaintiff*, | **PLAINTIFF'S OPPOSITION TO [29] ALL DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| v. | |
| KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT, LESLIE M. SCHMIDT, P.C., AND MARK FAHEY, | |
| *Defendants*. | |

**STATEMENT OF FACTS**

Defendants request this Court take judicial notice of the following documents: (i) Plaintiff's 2021 Associate "Review" "**Summary**" (hereinafter "**'Sham and Defamatory Review**'"); (ii) Plaintiff's offer of employment from Defendants; (iii) the severance agreement that Defendants offered Plaintiff after they terminated her unlawfully; and (iv) Plaintiff's 2020 and 2021 W-2 Wage and Tax Statements and paystubs. *See* All Defs.' Req. for Jud. Not. ISO All Defs.' Mots. to Dismiss Pl.'s Compl. ("**RJN**") 1, Dkt. 29.

**ARGUMENT**

The RJN is without merit and should be dismissed in its entirety with prejudice for the reasons below.

**I.    Defendants Apply the Wrong Legal Standard to Request Judicial Notice**

As a threshold matter, the RJN should be denied because Defendants apply the incorrect legal standard for requesting judicial notice, and consequently fail to meet their burden showing the RJN should be granted.[1] Defendants inexplicably substitute the legal standard for the incorporation-by-reference ("**IBR**") doctrine with the legal standard for judicial-notice rule, despite the Ninth Circuit clearly explaining that requests for judicial notice and the IBR doctrine are separate legal frameworks subject to different legal standards. RJN 1–2 (applying IBR standard to support request for the court "take judicial notice" of certain documents); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (clarifying "when it is proper to take judicial notice of facts in documents, or to incorporate by reference documents into a complaint" and applying different legal standards for each framework). Because the RJN applies the wrong legal standard, Defendants' have failed to state or explain a legally cognizable argument supporting their request that this Court take judicial notice of certain documents. Thus, the RJN should be denied. *See, e.g.*, *United States v. Carolina Liquid Chemistries, Corp.*, No.

---

[1] Defendants reference in passing Rule 201 of the Federal Rules of Evidence, which governs RJNs in federal court. RJN 1. The RJN never discusses the applicable legal standard under Rule 201. *Id.* Instead, the RJN restates the general test for the incorporate-by-reference doctrine while misleadingly asking the Court to take "judicial notice" of documents based on the incorporation-by-reference standard. *See* RJN 1–2; Proposed Order RJN, Dkt. 29-6.

13-cv-01497-JST, at *10 (N.D. Cal. July 16, 2019) (denying request for judicial notice because "Equinox offers no explanation or argument as to how this document satisfies the requirements for Rule 201"); *compare* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."), *with* RJN 1 (requesting Court "take judicial notice" of documents, reasoning this is appropriate where: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the [document]." (citations omitted)).

Although the Court should deny the RJN for the above reasons, to avoid waiving any rights or arguments and account for Defendants' counsel's intentional subterfuge, Plaintiff addresses below the obvious impropriety of the RJN under the correct legal standard for requesting judicial notice and the legal standard for incorporating documents by reference.

**I. Defendants' RJN Contravenes Recent Ninth Circuit Precedent and Constitutes a Bad-Faith Attempt to Circumvent Usual Pleading Standards**

**A. Legal Standard**

Pursuant to Federal Rules of Evidence 201(b), a court may take judicial notice of "an adjudicative fact if it is 'not subject to reasonable dispute.'  A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Khoja*, 899 F.3d at 999; Fed. R. Evid. 201(b)(1)-(2). Accordingly, a court may take "judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." *In re Facebook, Inc.*, 367 F. Supp. 3d 1108, 1118 (N.D. Cal. 2019) (quoting *Khoja*, 899 F.3d at 999 (citation and internal quotation marks omitted)).  "A '***high degree of indisputability is the essential prerequisite*** **to taking judicial notice** and 'the tradition [of taking judicial notice] has been one of caution in requiring that the matter be beyond reasonable controversy.'" *Green v. Central Mortgage Co.*, 148 F. Supp. 3d 852, 863 (N.D. Cal. 2015) (quoting Fed. R. Evid. 201(a) & (b)

advisory committee's notes)) (emphasis added). Further, "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999.

### B. The Documents (and Contents Therein) Are Reasonably in Dispute

#### A. The Sham Defamatory Performance Review and Evaluations and the Facts therein are in Reasonable Dispute and cannot be Judicially Noticed

The Sham and Defamatory Review itself (and its contents) are "reasonably in dispute," to say the least. *See Khoja*, 899 F.3d at 999 (A court may only take judicial notice of a fact in a public record if the fact is "not subject to reasonable dispute."); *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (same); Fed. R. Evid. 201(b).  The Complaint includes factual averments specifically explaining the Sham and Defamatory Review was not a legitimate performance evaluation and the false, defamatory and malicious nature of its contents. *E.g.*, Compl. ¶¶ 191–229; *accord id.* ¶¶ 46, 60–61, 81, 85–88, 90, 94, 108–112, 114–16, 123–27, 146–47, 152–53, 157–58, 162–73; *see generally, e.g.*, *id.* ¶¶ 100–67; 191–229. Because the Complaint establishes beyond a reasonable doubt that the contents and purpose of the Sham and Defamatory Review (as well as the surrounding circumstances) are in dispute, the Court must deny the RJN with respect to this document. *E.g.*, *Hollis v. Reisenhoover*, No. 17-00326 BLF (PR), at *9 (N.D. Cal. Jan. 21, 2020) (denying request for judicial notice because party "failed to establish that the documents set forth do not contain material that is 'not subject to reasonable dispute'" (citing Fed. R. Evid. 201(b)); *see Bistiline v. JPMorgan Chase Bank*, No. 17-55467, at *4 (9th Cir. Oct. 18, 2019) (denying request for judicial notice that foreclosure occurred because "the documents do not show beyond a reasonable dispute that a foreclosure occurred").[2]

---

[2] How Defendants and their experienced counsel, in light of the clear and robust allegations in the Complaint, could make a carte blanche request for judicial notice of a factual information that is incontrovertibly in dispute strains credulity and is the definition of a frivolous request. Apparently, Defendants' counsel did not bother to read (or even skim) *U.S. v. Ritchie*—which they cite in support of their RJN—as this case unequivocally says that courts "may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." 342 F.3d at 909. It would appear that Defendants seek to mislead the Court by omitting the relevant legal standard in assessing whether to grant an RJN—namely, that documents subject to reasonable dispute cannot be judicially noticed.  Presumably, Defendants omit the relevant legal standard to hide the frivolity and impropriety of the RJN with respect to the Sham and Defamatory Review.  *See*

  Defendants fail to cite a single case supporting their fallacious request that the Court take judicial notice of the Sham and Defamatory Review. Consistent with Defendants' counsel's penchant for citing inapplicable legal authorities, the RJN cites *Porter v. Nationwide Mutual Insurance Co.*, as purported support for taking judicial notice of "performance reviews referenced through plaintiff's complaint." RJN 2. However, *Porter* is clearly inapplicable because the court took judicial notice of the performance reviews solely because the plaintiff did not contest the authenticity or relevance of the reviews, i.e., the reviews were not reasonably in dispute. *Porter*, No. 2:16-CV-1933-JAM-AC, at 5 (E.D. Cal. Feb. 27, 2017) ("Porter alleges the contents of the documents in her complaint, and she does not contest their authenticity or relevance. The Court therefore takes judicial notice of Exhibits A through D to Everett's declaration."); *cf. Muhammad v. California*, C–10–1449–SBA, 2011 WL 873151, at *4 (N.D. Cal. Mar. 11, 2011) (denying request for judicial notice of address contained on complaint filed in another case because the "underlying facts relevant to Plaintiff's residence are disputed and otherwise do not meet the requirements of Rule 201"). Here, the factual averments in the Complaint establish that the purposes and contents of the Sham and Defamatory Review are incontrovertibly in dispute. *E.g.*, Compl. ¶¶ 191–229; *accord id.* ¶¶ 46, 60–61, 81, 85–88, 90, 94, 108–112, 114–16, 123–27, 146–47, 152–53, 157–58, 162–73; *see generally id.* ¶¶ 100–67.

  Additionally, the RJN must be denied because it is unscrupulously designed to further Defendants' untoward campaign of inserting their own version of the "facts" at the pleading stage to impose a heightened pleading standard on Plaintiff. *See, e.g.*, *Khoja*, 899 F.3d at 999 ("If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief . . . [s]uch undermining is not the purpose of judicial notice or the incorporation-by-reference doctrine.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) & *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*, No. 21-cv-871-JM(JLB), at *5

---

*Kohja,* 899 F. 3d 988 (addressing the overuse and abuse of the judicial notice rule by litigants).

(S.D. Cal. Jan. 7, 2022) (casetext) (denying request to offer documents "to challenge the factual averments in Plaintiff's Complaint," stating that "[j]udicial notice is not an appropriate vehicle 'to resolve competing theories against the complaint' or other factual disputes at the pleading stage" (citing *Khoja*, 899 F.3d at 998)).  Defendants cite to the Sham and Defamatory Review throughout their motions to dismiss to improperly challenge the Complaint's factual averments that the "Review" was not a legitimate business tool used to assess Plaintiff's performance, in an improper attempt to support their incorrect theory that Plaintiff's defamation claims are not actionable because they pertain to statements in a performance review.[3]  As such, taking judicial notice of the existence alone of the Sham and Defamatory Review would improperly allow Defendants to insert their own version of events to directly contradict the Complaint's allegations showing the deficient and pretextual "Review" was rife with departures from practice and not a bona fide performance evaluation subject to *Jensen*.[4]  Defendants also seek to use the RJN to improperly impute truthfulness to the false, defamatory, malicious defamatory statements made by Defendants about Plaintiff's profession.  Plaintiff (as demonstrated by the factual averments in the Complaint) clearly disputes the purpose of the "Review" and the veracity of its contents.

Thus, the Court cannot take judicial notice of the Sham and Defamatory Review because "Defendants repeatedly do what *Khoja* forbids – ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018); *supra* note 3 and

---

[3] Schmidt Defendants' Motion to Dismiss, Dkt. 31, 1–2 (citing RJN, Ex. A to attack factual allegations in Plaintiff's complaint and support Defendants' false contention that "Plaintiff failed to perform adequately . . . on even the most basic Texas Trial assignments"); De Vries' Defendants Motion to Dismiss, Dkt. 30, 3–4 (citing RJN, Ex. A as improper support for factual allegations regarding interactions with Plaintiff and purported "evaluation" of her work regarding same); Mark Fahey's Motion to Dismiss, Dkt. 36, 3–4 (citing RJN, Ex. A to improperly support Defendant Fahey's own view regarding Plaintiff's work and performance and to attack Complaint's factual allegations regarding defamation, including to support the proposition that "[a]bsent exception circumstances not present here, defamation claims cannot be premised on negative performance reviews"); Deoras Defendants' Motion to Dismiss, Dkt. 35, 1, 22 (citing RJN, Ex. A to improperly attack sufficiency of Complaint's factual allegations regarding defamation, including to contradict factual assertion that Deoras' "evaluation" of Plaintiff was not a legitimate tool to carry out performance review of Plaintiff); *see Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 965 (1993); *Khoja*, 899 F.3d at 998–1001.

[4] *See supra* note 3.

accompanying text; *see Advanced Reimbursement Sols. v. Aetna Life Ins. Co.*, No. CV-19-05395-PHX-DLR, at *6 (D. Ariz. Mar. 25, 2022) (denying request for judicial notice of statistical analysis because it would amount "to offering ARS and ASD's own version or interpretation of the facts, the latter of which is not appropriate at the motion to dismiss stage"); *United States v. Carolina Liquid Chemistries, Corp.*, No. 13-cv-01497-JST, at *10 (N.D. Cal. July 16, 2019) (casetext), https://casetext.com/case/united-states-v-carolina-liquid-chemistries-corp (denying request for judicial notice because defendants did not meet the "high bar" showing the facts defendants sought to establish were "both beyond 'reasonable dispute,' and plainly inconsistent with the allegations" supporting plaintiff's claims (quoting Fed. R. Evid. 201(b)).

     B. <u>Plaintiff's Offer Letter, Severance Agreement and the Payroll Stubs (and the Contents Therein) are Reasonably in Dispute and Not Judicially Noticeable</u>

Defendants improperly ask the Court to take blanket judicial notice of: (i) Plaintiff's offer of employment from Defendants; (ii) the severance agreement offered to Plaintiff after Defendants unlawfully terminated her; and (iii) Plaintiff's 2020 and 2021 W-2 Wage and Tax Statements and paystubs (collectively, "**Personnel Documents**"). RJN 1. The Court must deny the RJN with respect to these documents because Plaintiff disputes the relevance and authenticity of such documents, and Defendants fail to demonstrate that the Personnel Documents are not in reasonable dispute. *E.g.*, *Hollis v. Reisenhoover*, No. 17-00326 BLF (PR), at *9 (N.D. Cal. Jan. 21, 2020) (denying request for judicial notice because party "failed to establish that the documents set forth do not contain material that is 'not subject to reasonable dispute'" (citing Fed. R. Evid. 201(b)).

Moreover, the RJN must be denied because it is intended to improperly advance Defendants' own version of the "facts" at the pleading stage and frustrate typical pleading standards in federal court. *See, e.g.*, *Khoja*, 899 F.3d at 999 ("[U]ndermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) & *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although Defendants attempt to obscure their intent by filing a vague

and conclusory RJN, the purpose of the RJN with respect to the Personnel Documents is unmistakably clear from Defendants' motions to dismiss: to improperly attack the facts averred in the Complaint and prematurely resolve factual disputes about whether Defendants are joint employers and/or constitute an integrated enterprise under Title VII and FEHA.[5]

Accordingly, this Court must deny the RJN because "Defendants repeatedly do what *Khoja* forbids – ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint." *Rollins*, 338 F. Supp. 3d at 1031; *see, e.g.*, *Carolina Liquid*, No. 13-cv-01497-JST, at *10 (casetext), https://casetext.com/case/united-states-v-carolina-liquid-chemistries-corp (denying request for judicial notice because defendants did not meet the "high bar" showing "the facts [they] seek to establish . . . [are] both beyond reasonable dispute, and plainly inconsistent with the allegations" supporting plaintiff's claims); *Ludwig Inst.*, No. 21-cv-871-JM(JLB), at *5 (S.D. Cal. Jan. 7, 2022) (denying request to use documents "to challenge the factual averments in Plaintiff's Complaint," stating that "[j]udicial notice is not an appropriate vehicle 'to resolve competing theories against the complaint' or other factual disputes at the pleading stage" (citation omitted) (casetext), https://casetext.com/case/clevland-v-ludwig-inst-for-cancer-research.[6]

---

[5] *See, e.g.*, De Vries Defendants' Motion to Dismiss, Dkt. 30, 3–4 (citing RJN, Exs. B–D to attack factual allegations in Complaint and support Defendants' view that "Kirkland alone exercised control of labor relations in connection with her employment" and that "Plaintiff's employment was [only] with Kirkland"); Alper Defendants' Motion to Dismiss, Dkt. 34, 13–14, 17 (citing RJN, Exs. B–D to support the same factual contentions as Devries Defendants and to improperly support dismissing Plaintiff's claims against Alper Defendants); Schmidt Defendants' Motion to Dismiss, Dkt. 31, 14–15 (citing RJN, Exs. B–D to improperly challenge factual statements in Complaint support contrary proposition that "Plaintiff's employment was with Kirkland and not the Schmidt Defendants" and falsely contend that "Plaintiff's allegations . . . make plain that her employment relationship was only with Kirkland"); Mark Fahey's Motion to Dismiss, Dkt. 36, 3–4 (citing RJN, Exs. B–D to directly dispute facts in Complaint and support contrary proposition that "Kirkland alone exercised control of labor relations in connection with her employment" and that "Plaintiff's joint employment allegations . . . do not state plausible that she was jointly employed"); Deoras Defendants' Motion to Dismiss, Dkt. 35, 13, 16 (citing RJN, Exs. B–D for similar factual contentions).

[6] Of note, Defendants mischaracterize the Complaint's averments to skirt the limitations on requests for judicial notice and mislead this Court into believing Personnel Documents are not being used to "challenge the factual averments in the complaint." *Rollins*, 338 F. Supp. 3d at 1031. Defendants attempt to accomplish this subterfuge by falsely claiming "Plaintiff's allegations" clearly show that, among other things, Kirkland was Plaintiff's sole employer and that Kirkland exercised sole control of labor relations. *See generally* RJN; Motions to Dismiss. This dishonest reframing is not by accident. Rather, it is Defendants' attempt to trick this Court

Finally, as par for the course, Defendants cite entirely inapposite case law to support the RJN with respect to Personnel Documents. Specifically, the RJNs cites two cases—*Juster v. Workday, Inc.* and *Knowles v. Pacific Gas & Electric Company*—to support granting the RJN; however, both cases are clearly inapplicable because they involve only situations where the non-moving party did not oppose or object to taking judicial notice of the proffered personnel documents. Mot 2; *Juster v. Workday, Inc.*, No. 21-CV-07555-EMC, 2022 WL 3030530, at *1 n.1 (N.D. Cal. Aug. 1, 2022) (casetext) ("Mr. Juster does not oppose the RJN . . . [a]ccordingly, the Court has considered the documents"); *Knowles v. Pac. Gas & Elec. Co.*, No. C 07-2284 CW, slip op. at 6–7 (N.D. Cal. Nov. 29, 2007) (taking judicial notice of severance agreement submitted by defendant without noting any objection or opposition thereto). In contrast, Plaintiff disputes Defendants' RJN with respect to the Personnel Documents.

Accordingly, for the above reasons, this Court should dismiss with prejudice Defendants' RJN with respect to the Personnel Documents.

**C. <u>The RJN Is Improper Because the Documents Are Not Public Records</u>**

Further, the RJN must be denied because it asks the Court to take judicial notice of non-public records. *See Lee v. City of Los Angeles*, 250 F. 3d 668, 688 (9th Cir. 2001) ("[A] court may take judicial notice of 'matters of public record'") (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Defendants offer no evidence or legal authority supporting the conclusion that the submitted Personnel Documents or the Sham and Defamatory Performance Review constitute "public records." RJN 1–2.[7] Because all of the submitted documents are non-

---

into believing that the Personnel Documents (and their contents) are not "in reasonable dispute" or being used for an improper purpose because the Complaint has purportedly alleged the same thing as Defendants have asserted in their motions to dismiss. However, Plaintiff disputes, and the plain facts in the Complaint directly contradict, Defendants' false assertion that the Complaint's allegations support their own version of the facts and factual conclusions with respect to the integrated-enterprise and joint-employer theories. Compl. ¶¶ 240–300.

[7] Moreover, it is impossible to reconcile a presumption that such documents are public records when taking stock of Kirkland's multiple attempts to seal similar (and less invasive) personnel information for other attorneys on the purported basis of confidentiality. *See* Kirkland's Administrative Mot. to Seal Compl., Dkt. 16; Kirkland's Renewed Administrative Mot. to Seal Compl., Dkt. 23, 56. Perhaps this contradiction is why Defendants do not even bother to contend that Plaintiff's personnel files and related documents are public for purposes of their RJN. *See*

public records, the court must deny the RJN in its entirety. *See Green v. Central Mortgage Co.*, 148 F. Supp. 3d 852, 863 (N.D. Cal. 2015) (stating that "letters are not judicially noticeable because they are not public records; they are private correspondence attached to a declaration which is a public record").

### D. The Incorporate-by-Reference Doctrine Does Not Apply to the RJN Documents

Documents may be incorporated by reference into a complaint when the Plaintiff "relies upon a document or [alleges] the contents of the document[,] . . . the document's **authenticity is not in question**[,] *and* **there are no disputed issues as to the document's relevance.**'" *Porter v. Nationwide Mut. Ins. Co.*, No. 2:16-CV-1933-JAM-AC, 2017 WL 772139, at *2 (E.D. Cal. Feb. 27, 2017) (emphases added) (casetext) (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)). "[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document by reference." *Coto Settlement*, 593 F.3d at 1038 (citing *Ritchie*, 342 F.3d at 908).[8] Unlike judicial notice, a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss." *Id.* at 1003 (citations omitted). However, the doctrine "is ***not a tool for defendants to short-circuit the resolution of a well-pleaded complaint***," and there are only "rare instances when assessing the sufficiency of a claim requires that the document at issue be reviewed, even at the pleading stage."  *Id.* at 1002 (emphasis added). "[W]hat inferences a court may draw from an incorporated document should also be approached with caution," and "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. *Id.* at 1003 ("This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage.") (emphasis added) (citing *In re Tracht Gut, LLC,* 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.")).

---

RJN 1–2.

[8] The rationale for applying the IBR doctrine does not apply here because Plaintiff is not selectively referencing portions of documents to misleadingly bolster her claims. *See Khoja*, 899 F.3d at 1002.

Defendants' RJN incorporate by reference the Sham and Defamatory "Review" and certain payroll/personnel documentation to dispute the facts stated in the well-pled Complaint. Attempting to pull this stunt off directly violates Ninth Circuit precedent and would flout "the prohibition against resolving factual disputes at the pleading stage." *Id.* at 1003, 1014 (The incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage."). Accordingly, the Court cannot incorporate by reference any of the submitted documents based on Defendants' RJN or otherwise. Further, the Court should not incorporate by reference any document because the RJN does not request relief in the form of incorporation by reference, and this Court should not afford relief that experienced counsel has failed to request.

A. <u>The Authenticity of the Documents is in Dispute</u>

Incorporating by reference the Sham and Defamatory Review is prohibited as a matter of law because Plaintiff disputes the authenticity and relevance of this document (including its contents and purpose). *E.g.*, Compl. ¶¶ 191–229; *accord id.* ¶¶ 46, 60–61, 81, 85–88, 90, 94, 108–112, 114–16, 123–27, 146–47, 152–53, 157–58, 162–73; *see generally, e.g., id.* ¶¶ 100–67; 191–229. First, the Sham and Defamatory Review differs in format from the "Associate Review Summary" that was provided in or around November 2021 by Defendants to Plaintiff after she was fired as a part of her personnel file that she requested. For example, the title of the Sham and Defamatory Review is obscured and barely legible. As discussed in the Complaint, the title is relevant to Plaintiff's case. *E.g.*, Compl. ¶¶ 191–229; *accord id.* ¶¶ 46, 60–61, 81, 85–88, 90, 94, 108–112, 114–16, 123–27, 146–47, 152–53, 157–58, 162–73; *see generally, e.g., id.* ¶¶ 100–67; 191–229. Given the dispute regarding the authenticity of the Sham and Defamatory Review and Defendants' failure to explain how the document was created and prepared, this Court should not incorporate by reference this document. *See, e.g., Sintaro v. Barilla Am. Inc.*, No. 22-cv-03460-DMR, at 9–10 (N.D. Cal. Oct. 17, 2022) (declining to incorporate by reference submitted exhibits that consisted of "altered" versions of webpages and where defense counsel failed to explain how the exhibits were created and selected "or otherwise describe the creation of the

exhibits"); *see also* Fed. R. Evid. 901(a) ("[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the items is what the proponent claims it is.").

Second, Plaintiff further disputes the authenticity of the Sham and Defamatory Review because Defendants fail to proffer support confirming the authenticity, maintenance and/or preservation of the metadata for this document (as well as the metadata for the individual defamatory "evaluations" contained therein). *See* RJN 1–2; Declaration of Wendy Cartland ISO Defendants' RJN ("**Cartland Decl.**"), Dkt. 29-1, ¶ 3 (making no representations regarding metadata); *Dry Bulk Sing. PTE. Ltd. v. Integrity*, 3:19-cv-01671-IM, at *4–5 (D. Or. Sep. 13, 2022) (refusing to accept the truth of "the dates and times of the withdrawal of . . . emails" as the "timing of these emails has been a fundamental dispute in the case from its infancy," and therefore concluding the "metadata is disputed factual information and not generally known"). The metadata is relevant is relevant to Plaintiff's claims, including with respect to showing discriminatory and retaliatory intent by Defendants. *E.g.*, Compl. ¶¶ 191–229; *accord id.* ¶¶ 46, 60–61, 81, 85–88, 90, 94, 108–112, 114–16, 123–27, 146–47, 152–53, 157–58, 162–73; *see generally, e.g., id.* ¶¶ 100–67; 191–229. Finally, Ms. Cartland's Declaration alleges, based on her current position as Senior-Advisor-Human Resources and her historical employment at Kirkland, that the Sham and Defamatory Review is a true and correct copy of Plaintiff's "2021 Associate Review." Cartland Decl. ¶ 3. However, Ms. Cartland, as exclusively human resources ("**HR**") personnel for Kirkland, lacks any reasonable basis for this allegation because, as indicated in the Complaint, HR was entirely absent from the associate "review" process during Plaintiff's employment with Defendants. *E.g.*, Compl. ¶¶ 191–229; *accord id.* ¶¶ 46, 60–61, 81, 85–88, 90, 94, 108–112, 114–16, 123–27, 146–47, 152–53, 157–58, 162–73; *see generally, e.g., id.* ¶¶ 100–67; 191–229. *See Jimison v. Am. Gen. Life Ins. Co.*, No. 15-cv-01620-JAH-NLS, at *5 (S.D. Cal. Sep. 21, 2017) (finding declaration of an individual who "is not a signatory of the document" as insufficient to authenticate document). For example, HR did not provide any operational oversight or checks regarding the veracity of the false statements contained in the

Sham and Defamatory Review, and Ms. Cartland was absent from Plaintiff's firing call during which Deoras refused to discuss the contents of the sham "review" with Plaintiff.[9] *E.g.*, Compl. ¶¶ 191–229; *accord id.* ¶¶ 46, 60–61, 81, 85–88, 90, 94, 108–112, 114–16, 123–27, 146–47, 152–53, 157–58, 162–73; *see generally, e.g.*, *id.* ¶¶ 100–67; 191–229.

Based on the foregoing, Defendants have fallen well short of demonstrating the authenticity of the Sham and Defamatory Review, and therefore such document cannot be incorporated by reference into the Complaint. *See Jimison v. Am. Gen. Life Ins. Co.*, No. 15-cv-01620-JAH-NLS, at *4 (S.D. Cal. Sep. 21, 2017) (casetext), https://casetext.com/case/jimison-v-am-gen-life-ins-co (refusing to incorporate by reference an application for insurance because plaintiff "disputes the authenticity of the application itself . . . [a]s such the application is not proper to be considered pursuant to "incorporation by reference"); *Casa Nido P'ship v. Kwon*, No. 20-cv-07923-EMC, at *3 (N.D. Cal. Nov. 1, 2021) (casetext), https://casetext.com/case/casa-nido-pship-v-kwon ("If Plaintiff disputes the authenticity of the document, the court must accept her representation that there is a dispute for purposes of applying the incorporation by reference doctrine.").

Plaintiff also contests the authenticity and relevance of the Personnel Documents. Plaintiff disputes authenticity because Defendants only proffer a declaration from Ms. Cartland, who was not a signatory to the documents or otherwise responsible for creation such documents, as the sole basis for authentication. *See Jimison*, No. 15-cv-01620-JAH-NLS, at *5 (S.D. Cal. Sep. 21, 2017) (finding declaration of an individual who "is not a signatory of the document" as insufficient to authenticate document). Further, Defendants offer the Personnel Documents as purported evidence that Kirkland was Plaintiff's sole employer for purposes of Title VII and FEHA liability—however, drawing this conclusion from the Personnel Documents is incorrect because it ignores the relevance of the myriad well-pled facts in the Complaint showing, *inter*

---

[9] It is also notable that Ms. Cartland omits from her declaration the fact that she was recently demoted from her prior position as Chief HR Officer for Kirkland, which demotion coincided in timing with Defendants being served with Plaintiff's EEOC charge. *See* Kovalenko Decl. ¶ 4. This omission is not surprising, especially considering the bevy of recent job postings seeking to overhaul Defendants' associate "review" process. *See* Kovalenko Decl. ¶ 4.

*alia*, pursuant to applicable legal standards, that Defendants were Plaintiff's joint employers because they exercised requisite control over Plaintiff's day-to-day work and employment-related activities. *E.g.*, *see* Compl. ¶¶ 240–300; *U.S. Equal Emp't Opportunity Comm'n v. Glob. Horizons, Inc.*, 915 F.3d 631, 637 (9th Cir. 2019).[10]

B. <u>Defendants Misuse the IBR Doctrine to Dispute the Facts Stated in the Well-Pled Complaint</u>

Accepting as true the Sham and Defamatory Review and Personnel Documents would undermine Plaintiff's defamation, discrimination, retaliation, and other claims because override the factual averments in the Complaint explaining that the "Review" was pretextual and that its contents are false, defamatory and malicious. *E.g.*, Compl. ¶¶ 191–229; *accord id.* ¶¶ 46, 60–61, 81, 85–88, 90, 94, 108–112, 114–16, 123–27, 146–47, 152–53, 157–58, 162–73; *see generally, e.g., id.* ¶¶ 100–67; 191–229. Second, as discussed above, accepting as true the Personnel Documents would further the improper purpose of Defendants "insert[ing] their own version of events to defeat . . . cognizable claims" and disputing factual allegations in the well-pled Complaint with respect to integrated-enterprise and joint-employment theories. *See Khoja*, 899 F.3d at 1002. As such, it would be improper to incorporate by reference any of the submitted documents because the documents would be improperly used by Defendants "as tool for defendants to short-circuit the resolution of a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. Further, the sole and undeniable purpose of the RJN is to "dispute facts" stated in the well-pleaded Complaint—e.g., regarding Plaintiff's defamation claims and the integrated-enterprise and joint-employer theories—thereby precluding the Court from assuming the truth of any incorporated document. And refusing to the assume the truth of any incorporated document (although improper in the first place) is necessary to avoid transgressing the inviolate "prohibition against resolving factual disputes at the pleading stage." *Khoja*, 899 F.3d at 1003; *see Sgro v. Danone Waters of*

---

[10] Plaintiff disputes the relevance of the submitted documents as well—e.g., with respect to the legal and factual conclusions that may or may not be inferred based on the existence of the documents and the contents of the same (and similarly disputes the veracity of the contents of the documents). As one example, Plaintiff disputes the relevance of the W-2 forms in determining whether Defendants are joint employers.

1  *N. Am., Inc.*, 532 F.3d 940, 942, n.1 (9th Cir. 2008) (considering disability benefits plan referenced in complaint but declining to accept truth of the plan's contents where the parties disputed whether defendant actually implemented the plan according to its terms).

This Court has previously refused to permit use of the IBR doctrine to frustrate a plaintiff's claims, similar to the circumstances here. *In re ECOtality, Inc. Sec. Litig.*, No. 13-03791-SC, at *9, n.2 (casetext) (N.D. Cal. Sep. 16, 2014), https://casetext.com/case/in-re-ecotality. In *ECOtality*, this Court refused to assume the truth of incorporated documents because it would have effectively imposed a heightened pleading obligation on plaintiff. Id. at *9, n.2. Specifically, this Court declined to assume the truth of incorporated documents where it "would mean assuming the truth of all of Defendants' allegedly false or misleading statements," which would make it "impossible ever to successfully plead a fraud claim." *Id.* Here, for example, like in *ECOtality*, assuming the truth of the defamatory and malicious statements in the Sham and Defamatory Review would make it "impossible" for Plaintiff "ever to successfully plead a [defamation] claim." *See id.*; *Khoja*, 899 F.3d at 1014 ("The incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage."). The reasoning in *ECOtality* applies in equal force to the impropriety of assuming the truth of the contents of the Personnel Documents—because such assumption would essentially make it impossible for Plaintiff to plead that Defendants constitute an integrated enterprise and/or were her joint employers.

Further, assuming the truth of the contents of the RJN documents would improperly and unfairly undermine the Complaint's well-pleaded factual averments regarding various claims that Defendants do not event attempt to challenge in their lengthy motions to dismiss (e.g., discrimination and retaliation under Title VII and FEHA). This is because, for example, the Complaint properly and adequately states that Defendants' defamatory and malicious "evaluations" and their numerous departures from standard practice in carrying out Plaintiff's Sham and Defamatory Review evidences her claims of sex-based discrimination and retaliation, etc. Compl. ¶¶ __. As such, if this Court were to assume as true, the defamatory statements

serving as the pretextual basis for Plaintiff's wrongful termination, it would provide Defendants with an ill-acquired instrument to launch factual attacks against Plaintiff's other causes of action under Title VII and FEHA, including at later stages of litigation (e.g., summary judgment). In essence, incorporating by reference the proffered documents would prejudicially infect most, if not all, of Plaintiff's claims in direct contravention of Ninth Circuit precedent. *See Khoja* 899 F.3d at 1003 (discussing "perverse benefit" of allowing defendants to improperly "disput[e] factual allegations in the complaint," stating "the [IBR] doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.").

C. The Documents have Not been Incorporated by Reference into the Complaint

The documents submitted with the RJN do not form the basis of the complaint. *See Khoja*, 899 F.3d at 1002. Given Defendants are offering the Personnel Documents and the Sham and Defamatory Review "merely [to] create[s] a defense to the well-pled allegations" in the Complaint, such documents do not form the basis of the Complaint and cannot be incorporated by reference. *See supra* notes 3 & 5. Further, the fact that Plaintiff merely mentions the existence a document, "is insufficient to incorporate the contents of a document by reference." *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)). Plaintiff, at most, briefly references (some of) the Personnel Documents in the Complaint (Compl. ¶¶ 10, 61, 65–67 (offer letter); *id.* ¶¶ 16–18, 61 (severance agreement); *id.* ¶¶ 16, 62 (payroll documents)), which negligible references are insufficient to warrant incorporation by reference. [11] *See Rodrigues v. Alliant Credit Union*, 21-cv-01111-DMR, at *7 (N.D. Cal. July 1, 2022) (holding two "short quotations" of contractual language did not warrant incorporation by reference of the entire contract); *Coleman-Anacleto v. Samsung Elecs. Am., Inc.*, No. 16-CV-02941-LHK, at *10–11 (N.D. Cal. Jan. 10, 2017) (finding product instructions were not extensively referenced and did not form the basis of plaintiff's claim where complaint alleged that "[product] instructions

---

[11] The Complaint paragraphs cited by Defendants allegedly showing references to "Payroll Documents" do not include references to any of the documents Defendants seek to judicially notice. RJN 2. It is particularly appalling that Defendants have improperly disclosed Plaintiff's W-2 forms when these documents are not touched upon in the RJN's cited paragraphs for Payroll Documents (and only one of the forms is even negligibly referenced in passing in the Complaint).

included in the wall mount were carefully followed to ensure that the installation was done according to the directions" and that "[t]he instructions included the same television model and weight specifications pictured on the [packaging]"). Further, the RNJ fails to specifically allege that the Personnel Documents were extensively referenced throughout the Complaint, making only the generic allegation that such documents "are alleged through the Complaint." RJN 2. Accordingly, the four corners of the not demonstrate that the Complaint incorporates by reference the Personnel Documents.

Thus, for the above reasons, this Court should not incorporate by reference any documents.

D. <u>Procedural Objections.</u>

Defendants improperly redact information in the RJN and accompanying exhibits without filing an administrative motion to seal such information, thereby violating procedural rules governing the sealing of court filings. *See* Civ. Loc. R. 79-5(b). Defendants have also failed to satisfy their burden of showing that sealing of the redacted information is warranted. As such, Defendants should be required to re-file unredacted versions of any documents submitted with the RJN that include redacted information. Defendants and their experienced counsel were well aware of the procedural rules governing sealing prior to filing this RJN, as counsel filed a motion to seal certain information in the Complaint prior to submitting the RJN. *See* Defendant Kirkland & Ellis LLP's Administrative Motion to Redact Pl.'s Compl., Dkt. No. 16 (filed on November 23, 2022). In light of Defendants' counsel's intentional efforts to circumvent compliance with applicable procedural rules governing sealing, the Court should not permit Defendants to submit a subsequent administrative motion in support of the proposed redactions.

Respectfully submitted this 17th day of January, 2023.

By: /s/ *Zoya Kovalenko*
Zoya Kovalenko (Cal. SBN 338624)
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
678 559 4682
zoyavk@outlook.com
Plaintiff

1  Zoya Kovalenko (Cal. SBN 338624)
   13221 Oakland Hills Blvd., Apt. 206
2  Germantown, MD 20874
   678 559 4682
3  zoyavk@outlook.com

4  Plaintiff Zoya Kovalenko

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| ZOYA KOVALENKO, | Case No. 4:22-cv-05990-HSG |
|---|---|
| *Plaintiff*, | **DECLARATION OF ZOYA KOVALENKO ISO PLAINTIFF'S OPPOSITION TO [37] DEFENDANTS' MOTION TO STRIKE** |
| v. | |
| KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT, LESLIE M. SCHMIDT, P.C., AND MARK FAHEY, | JURY TRIAL DEMANDED |
| | Date:  April 6, 2023 |
| | Time:  2:00 pm |
| | Judge: Honorable Haywood S. Gilliam, Jr. |
| *Defendants*. | |

I, Zoya Kovalenko, declare as follows:

1. I am the plaintiff ("**Plaintiff**") in this action and represent myself. I submit this declaration in support of Plaintiff's Opposition to Defendants' Request for Judicial Notice, Dkt. No. 29 (the "**RJN**," "**Notice**," or "**Not.**").

2. I am an attorney duly licensed to practice in the State of California.

3. I am familiar with the facts and circumstances of this litigation. I know the facts set forth in this declaration to be true of my own personal knowledge. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

4. Ms. Cartland omits from her declaration the fact that she was recently demoted from her prior position as Chief HR Officer for Kirkland, which demotion coincided in timing with Defendants being served with Plaintiff's EEOC charge. This omission is not surprising, especially considering the bevy of recent job postings seeking to overhaul Defendants' associate "review" process.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Germantown, Maryland, on January 17, 2023.

/s/ *Zoya Kovalenko*
Zoya Kovalenko (