Zoya Kovalenko (STATE BAR NO. 338624)
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
+1 678 559 4682
zoyavk@outlook.com

Plaintiff Zoya Kovalenko

LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:	+1 650 614 7400
Facsimile:	+1 650 614 7401

KATE JUVINALL (STATE BAR NO. 315659)
kjuvinall@orrick.com
PAUL RODRIGUEZ (STATE BAR NO. 307139)
prodriguez@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Suite 2700
Los Angeles, CA  90071
Telephone:	+1 213 629 2020
Facsimile:	+1 213 612 2499

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DE VRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT, LESLIE M. SCHMIDT, P.C., AND MARK FAHEY,<br><br>　　　　　Defendants. | Case No. 4:22-CV-05990-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT**<br><br>Judge:  Hon. Haywood S. Gilliam, Jr. |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16, and the Standing Order for All Judges of the Northern District of California regarding Contents of Case Management Statements, Plaintiff Zoya Kovalenko ("Plaintiff") and Defendants Kirkland & Ellis LLP (the "Firm" or "K&E"), Michael De Vries, Michael W. De Vries, P.C., Adam Alper, Adam R. Alper, P.C., Akshay Deoras, Akshay S. Deoras, P.C., Leslie Schmidt, Leslie Schmidt, P.C., and Mark Fahey (collectively, the "Individual Defendants") (the Firm and the Individual Defendants are collectively referred to herein as the "Defendants") hereby submit this Joint Case Management Statement.

## I. JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over this action pursuant to pursuant to 28 U.S.C. § 1331 as Plaintiff has raised alleged violations of federal law in her Complaint. The Court may exercise supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a). Defendants Leslie Schmidt and Leslie Schmidt, P.C. (the "Schmidt Defendants") have moved to dismiss the claims against them based on lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).[1] The Parties are not aware of any other issues regarding personal jurisdiction or venue. All Parties have been served and have appeared.

## II. FACTS

### a. **Plaintiff's Statement of Facts**

Defendants hired Plaintiff in September 2020. Partners, including Defendants, consistently praised Plaintiff's work on a variety of matters and never told Plaintiff during her employment that her work was deficient or that she was in any jeopardy of being disciplined (let alone fired) for poor performance.[2] Plaintiff complained in good faith on two separate dates to

---

[1] The Schmidt Defendants contend they join in this Joint Case Management and Rule 26(f) Report without waiving their defense that this Court lacks personal jurisdiction over them. Plaintiff disagrees. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, Case No. CV 07-5944-SC, at *7 (N.D. Cal. June 9, 2014), https://casetext.com/case/in-re-cathode-ray-tube-crt-antitrust-litig-6 (citing *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998)) (noting party's litigation conduct may waive earlier-raised personal-jurisdiction defense).

[2] Contrary to Defendants' statement below, Plaintiff never "repeatedly acknowledged her poor work product."

1  Deoras Defendants regarding Defendants' unlawful employment practices, first in April 2021
2  after experiencing and witnessing discriminatory treatment based on sex and a hostile work
3  environment leading up to and at trial, and later in July 2021 after being subjected to continued
4  discrimination, sex-based harassment, and retaliation. Thereafter, Defendants froze Plaintiff out
5  of work without explanation. On September 28, 2021, during what was supposed to be Plaintiff's
6  first review, Plaintiff, to her shock, was told she was being summarily terminated that day and
7  would have a week to sign a severance agreement waiving any claims related to her employment.
8  Deoras Defendants acknowledged that the firing would come as a shock to Plaintiff and refused
9  to provide information regarding the basis for this surprise termination but complimented Plaintiff
10 on her abilities and told her that she would have a successful career in IP litigation. On October 4,
11 2021, Plaintiff refused to sign the severance agreement and notified Defendants of her intent to
12 pursue legal action under federal, state and local law for unlawful employment practices. On
13 October 11, 2021, after the initial deadline to sign the severance agreement had expired, Plaintiff
14 first learned of the defamatory and uncorroborated "evaluations" submitted by Defendants as part
15 of the alleged associate review process, which served as the sole and pretextual basis for
16 Plaintiff's unlawful termination.

### b. **Defendants' Statement of Facts**

Defendants deny each of Plaintiff's claims and allegations of wrongful conduct. Specifically, Defendants deny that they discriminated or retaliated against Plaintiff in any way in connection with her employment with the Firm or her termination.

The Firm hired Plaintiff as an associate in the IP litigation group in November 2020. The Firm terminated Plaintiff one year later in November 2021 for repeated poor performance—a legitimate nondiscriminatory and non-retaliatory reason.

For her first and only review period, the Firm rated her performance a five (5), the lowest possible rating, which results in immediate termination. Plaintiff's poor performance was observed and documented in evaluations by multiple partners.

Although Plaintiff now describes her work product as consistently outstanding, during her time at the firm Plaintiff repeatedly acknowledged her poor work product and failures to provide

work product in a timely manner, made various excuses for these problems, and stated that she would do better in the future. But these apologies did not resolve her performance issues. These performance issues, and not her gender (which the Firm was aware of when it hired and welcomed Plaintiff in November of 2020), caused her termination.

Plaintiff's claim for retaliation also fails because she did not complain of discrimination or otherwise engage in protected activity prior to the termination decision. Additionally, Defendants deny that they discriminated against Plaintiff with respect to pay, harassed her in any way, failed to prevent discrimination, negligent or intentionally caused Plaintiff emotional distress, defamed her, or otherwise engaged in unlawful conduct.

### III. LEGAL ISSUES

#### a. Plaintiff's Summary of Legal Issues

K&E did not challenge Plaintiff's claims for sex-based discrimination and retaliation under Title VII and FEHA. Based on the presently pending motions, the material legal issues in dispute include:

- Whether Defendants met their burdens to show FEHA preempts Plaintiff's discrimination and retaliation claims under the San Francisco Ordinance. *E.g.*, S.F., Cal., Police Code art. 33 §§ 3303(a), 3305.2; *City of S.F. v. Post*, 22 Cal. App. 5th 121 (2018).
- Whether Plaintiff sufficiently pled K&E's co-Defendants' control over her employment to be "employers" under Title VII and FEHA. *E.g.*, 42 U.S.C. § 2000e(b); Cal Gov't Code § 12926(d); *see, e.g., U.S. Equal Emp't Opportunity Comm'n v. Glob. Horizons, Inc.*, 915 F.3d 631, 637, 638, 641–42 (9th Cir. 2019); *Solon v. Kaplan*, 398 F.3d 629, 634 (7th Cir. 2005); *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 450 (2003).
- Whether Plaintiff sufficiently pled sex-based harassment under Title VII, including whether purported personnel management actions are not actionable as a matter of law. *E.g.*, 42 U.S.C. § 2000e-2(a)(1); *Croft v. GTT Commc'ns, Inc.*, No. 21-cv-01083-EMC, at *8–9 (N.D. Cal. May 10, 2021), https://casetext.com/case/croft-v-gtt-commcns-inc; *Young v. Buttigieg*, No. 19-cv-01411-JCS, at *17–18 (N.D. Cal. Mar. 16, 2021), https://casetext.com/case/young-v-buttigieg.

- Whether Plaintiff sufficiently pled IIED and NIED. *E.g.*, *Horn v. CRC Health Grp., Inc.*, No.17-cv- 02192-NC, at *19 (N.D. Cal. July 13, 2018); *Faragher v. Boca Raton*, 524 U.S. 775, 787–88 (1998).

- Whether Plaintiff adequately pled defamation by Defendants. *E.g.*, Cal. Civ. Code §§ 43, 44, 45, 45a; *Rotella v. Emeritus Corp.*, No. C 10-03202 SI, at *7 (N.D. Cal. Dec. 13, 2010), https://casetext.com/case/rotella-v-emeritus-co; *Kim v. Yoon*, 21-cv-04454-SVK, at *1, *4 (N.D. Cal. Sep. 28, 2021), https://casetext.com/case/kim-v-yoon-2.[3]

- Whether Plaintiff adequately pled punitive damages. *E.g.*, *Union Pac. R.R. Co. v. Hill*, No. 21-cv-03216-BLF, 2021 WL 5964595, at *6 (N.D. Cal. Dec. 16, 2021), https://casetext.com/case/union-pac-rr-co-v-hill; *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 273 (N.D. Cal. 2015).

- Whether Defendants have met their burden to show that Plaintiff's other requests for relief should be struck as redundant, immaterial, impertinent, or scandalous. *E.g.*, Fed. R. Civ. P. 12(f); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974, 976 (9th Cir. 2010); *Thorne v. City of El Segundo*, 802 F.2d 1131, 1137 (9th Cir. 1986); *Law v. City of Berkeley*, No. 15-cv-05343-JSC, (N.D. Cal. Aug. 9, 2016), https://casetext.com/case/law-v-city-of-berkeley.

- Whether Defendants improperly disregarded federal pleading standards by inserting their own versions of facts at the pleading stage through their improper request for judicial notice. *E.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–1000 (9th Cir. 2018).

### b. Defendants' Summary of Legal Issues

Plaintiff's claims are legally defective in multiple respects for the reasons detailed in Defendants' pending Motions to Dismiss and Strike and their Anti-SLAPP Motion. If the current claims survive dismissal, the fundamental legal issues are:

- Whether Plaintiff was discriminated against based on her gender in violation of Title VII (42

---

[3] *See also, e.g.*, *Garcha v. Quality Quartz Eng'g, Inc.*, No. 19-cv-01989-YGR, at *6 (N.D. Cal. June 13, 2019), https://casetext.com/case/garcha-v-quality-quartz-engg-inc; *Layton v. Terremark N. Am., LLC*, No. 5:13-cv-03093-PSG, at *18 (N.D. Cal. June 5, 2014), https://casetext.com/case/layton-v-terremark-n-am; *MacKinnon v. Logitech Inc.*, No. 15-cv-05231-TEH, at *7–8 (N.D. Cal. May 18, 2016), https://casetext.com/case/mackinnon-v-logitech-inc-1.

1  U.S.C. § 2000e-2(a)), the FEHA (Cal. Gov't Code § 12940(a)), the San Francisco Municipal Police Code (S.F. Cal., Police Code art. 33 § 3303(a)), and/or the EPA (29 U.S.C. § 206(d)(1)).
- Whether Plaintiff was retaliated against in violation of Title VII (42 U.S.C. § 2000e-3(a)), the FEHA (Cal. Gov't Code § 12940(h)), and/or the San Francisco Municipal Police Code (S.F. Cal., Police Code art. 33 § 3305.2).
- Whether Plaintiff was harassed based on her gender in violation of Title VII. *Meritor Savings Bank, FSB v. Vinson*, 477 U. S. 57, 66-67 (1986).
- Whether the Firm failed to prevent discrimination in violation of the FEHA (Cal. Gov't Code § 12940(k)).
- Whether Plaintiff suffered intentional or negligent infliction of emotional distress. *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal.3d 148, 155 n.7 (1987); *Cohen v. Chau*, No. 219CV03936RGKASX, 2019 WL 6655392, at *6 (C.D. Cal. July 23, 2019).
- Whether Plaintiff was defamed. *Taus v. Loftus*, 40 Cal.4th 683, 720 (2007).
- Whether Plaintiff, who continues to be pro per, is entitled to an award of attorney's fees (*Konkol v. Oakwood Worldwide Loc., LLC*, No. 2:14-CV-06596-ODW, 2015 WL 46177, at *4 (C.D. Cal. Jan. 2, 2015)) or, given her status as a former employee, injunctive relief (*Guerra v. United Nat. Foods, Inc.*, No. 19-CV-01684-BLF, 2019 WL 13203781, at *14 (N.D. Cal. Nov. 8, 2019)).
- Whether Plaintiff is entitled to the additional relief she requested in the Complaint, including compensatory and punitive damages, equitable relief, costs, and attorneys' fees.

**IV.   MOTIONS**

The Firm filed an Administrative Motion to Redact certain material in the Complaint on November 23, 2022 (the "Motion to Redact"). ECF No. 16. Plaintiff filed her opposition to the Motion to Redact on December 2, 2022. ECF No. 21. On December 16, 2022, the Court entered an order denying the Firm's Administrative Motion to Redact Plaintiff's Complaint without prejudice. ECF No. 23. On December 23, the Firm filed a Renewed Motion to Redact certain material in Plaintiff's Complaint and Plaintiff's Opposition to Defendant's Original Motion to Redact. ECF No. 53. Plaintiff filed her opposition to the Firm's renewed Motion to redact on

1   December 30, 2022. ECF No. 58. The motion is pending before the Court.

2   • The Firm filed a Motion to Dismiss on December 16, 2022 and the remaining Defendants
3     each filed a Motion to Dismiss on December 19, 2022. ECF Nos. 24, 30-31, 34-36.
4     Defendants also filed a joint Request for Judicial Notice and Motion to Strike on December
5     19, 2022, and the Firm filed an Anti-SLAPP Motion on December 19, 2022. ECF Nos. 29,
6     37-38.

7   • Plaintiff filed her opposition to the Firm's Motion to Dismiss on January 9, 2023. ECF No.
8     60. Plaintiff field her oppositions to the other Defendants' Motions to Dismiss and the
9     Defendants' Request for Judicial Notice and Motion to Strike on January 17, 2023. ECF Nos.
10    62-68. Plaintiff filed her opposition to the Firm's Anti-SLAPP Motion on January 31, 2023.
11    ECF No. 77.

12  • The Firm filed its reply in support of its Motion to Dismiss on January 23, 2023 and the other
13    Defendants filed their replies in support of their Motions to Dismiss on January 31, 2023.
14    ECF Nos. 71-72, 74-76. Defendants also filed their replies in support of their Request for
15    Judicial Notice and Motion to Strike on January 31, 2024. ECF No. 70, 73. The Firm filed its
16    reply in support of its Anti-SLAPP Motion on February 21, 2023. ECF No. 78.

17  • Plaintiff filed objections to reply evidence in support of the Firm's Anti-SLAPP motion on
18    February 28, 2023. ECF No. 79. Defendants' Motions to Dismiss, Request for Judicial Notice
19    and Motion to Strike, and the Firm's Anti-SLAPP Motion are currently pending before the
20    Court.

21       Defendants anticipate that they will file Motions for Summary Judgment and/or Partial
22  Summary Judgment. The Parties shall also file discovery motions as necessary.

23  V.   **AMENDMENT OF PLEADINGS**

24       Plaintiff reserves her rights to amend the Complaint as permitted under the Federal Rules
25  of Civil Procedure. Defendants have yet to answer the Complaint. Plaintiff proposes a one-month
26  deadline for amending the Complaint following the Court's ruling on Defendants' pending
27  motion(s). Defendants propose a deadline for amending the pleadings as the later of (a) three (3)
28  months following the Court's ruling on Defendants' pending Motions to Dismiss and Strike and

Anti-SLAPP Motion, or (b) three (3) months after Defendants' Answer to the then-operative complaint.

## VI. EVIDENCE PRESERVATION

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

### a. Defendants' Position

It is Defendants' position is that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding the reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

The Parties discussed preservation issues during their Rule 26(f) meet and confer. During the Rule 26(f) meet and confer, Plaintiff specifically requested the date that a preservation notice was sent by Kirkland. During the meet and confer, Defendants' counsel stated that they would get back to Plaintiff on the issue, which they did. On March 24, 2023, Defendants' counsel emailed Plaintiff stating that the request was improper "discovery on discovery." *Uschold v. Carriage Servs., Inc.*, No. 17CV04424JSWEDL, 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019). Plaintiff has no right to this information.

### b. Plaintiff's Position

Plaintiff disagrees that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding the reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. On the meet and the confer, Plaintiff inquired as to when Defendants put into place litigation holds. Defendants' counsel stated that they did not know but would look into it and get back to Plaintiff regarding the same.[4] Thereafter, Defendants' counsel reverted with the view that Plaintiff's inquiry was improper. Plaintiff informed Defendants that such inquiry was proper in light of the standing order, ESI guidelines and checklist cited therein, and relevant case law. *See, e.g., Standing Order for All Judges of the Northern District of*

---

[4] Plaintiff contends that [i]n contravention of Civil Local Rule 16-3, associates rather than "lead trial counsel" representing Defendants conferred with Plaintiff concerning this initial case management statement and ADR Local Rule 3-5.

- 7 -
JOINT CASE MANAGEMENT
STATEMENT AND RULE 26(F)
REPORT [4:22-CV-05990-HSG]

1    *California: Contents of Case Management Statement* ¶ 6 (eff. Jan. 17, 2023) (citing *Guidelines*
2    *for the Discovery of Electronically Stored Information* ¶¶ 2.01, 2.02 (updated Dec. 1, 2015) &
3    *Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information* (rev'd
4    Dec. 1, 2015));  *Cannata v. Wyndham Worldwide Corp.*, No. 2:10-cv-00068-PMP-LRL, at *4–5
5    (D. Nev. Aug. 10, 2011), https://casetext.com/case/cannata-v-wyndham-worldwide-corporation-5
6    (emphasis added) (citing *In re Ebay Seller Antitrust Litig.*, 2007 WL 2852364, at *2 (N.D. Cal.
7    Oct. 2, 2007))*; see also* Civil L.R. 1-5(n).  Accordingly, Plaintiff's position is that the Defendants
8    have not conferred with Plaintiff regarding reasonable and proportionate steps taken to preserve
9    evidence relevant to the issues reasonably evident in this action.

## VII.   DISCLOSURES

This case is subject to the Initial Discovery Protocols for Employment Cases Alleging Adverse Action detailed in General Order No. 71. Plaintiff plans to produce documents and information described in the Initial Discovery Protocols on March 30, 2023. Defendants plan to produce non-confidential documents and information described in the Initial Discovery Protocols on March 30, 2023 and will produce confidential documents upon the entry of a protective order regarding confidential information. As per General Order No. 71, this exchange supersedes the Parties' obligations to provide initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

## VIII.   DISCOVERY

No discovery has been taken to date.

Plaintiff intends to propound written discovery, including interrogatories, requests for production, and requests for admission.  Plaintiff intends to notice Defendants' depositions and reserves the right to notice any additional depositions.  Plaintiff intends to subpoena testimony and documents, information, or objects from a partner with whom Plaintiff worked closely on Alper, De Vries, Deoras and Schmidt Defendants' cases at K&E and who is referred to as "Non-Share Partner Y" throughout the Complaint, Dkt. No. 1. Plaintiff reserves the right to seek additional discovery from third parties with relevant information, including me-too evidence, as the case proceeds.

Plaintiff anticipates that discovery will be needed on the following subjects.

- Communications and related records concerning Plaintiff's hire, compensation, performance, and termination.
- Communications, records, and other documents concerning K&E and co-Defendants' authority and control over Plaintiff's employment and the interplay between K&E and co-Defendants' operations.
- Communications between or among Plaintiff, male comparators, and other colleagues during her employment.
- Employment perks and benefits provided to male comparators, including with respect to travel and time off.
- Billing statements and records concerning Plaintiff and/or male comparators.
- Communications, discussions, records, and documents, including metadata, concerning preparation, receipt, review, consideration, discussion, approval, and dissemination of and/or ultimate decision to terminate Plaintiff by Defendants and any of their officers, agents, employees, or contractors.
- Publication of the defamatory "evaluations" in the "review" "Summary" to Defendants and any of their officers, agents, employees, contractors, or any third parties.
- Defendants' purported investigation into Plaintiff's legal claims following her termination.
- Defendants' preservation of relevant evidence.

Defendants intend to propound written discovery, including interrogatories, requests for production, and requests for admission. Defendants intend to notice Plaintiff's deposition and reserve the right to notice any additional depositions.

Defendants anticipate that discovery will be needed on the following subjects:

- Plaintiff's records of her communications with Defendants regarding her hire, compensation, performance, and termination;
- Plaintiff's alleged protected complaints and alleged retaliation committed by Defendants;
- Plaintiff's efforts to mitigate her damages;
- Plaintiff's communications with others regarding her employment with the Firm,

including her hire, compensation, performance, and termination;

- Plaintiff's claims for emotional distress, including medical or mental health/counseling records;
- Plaintiff's claims of defamation; and
- Plaintiff's prior and any subsequent employment, including her performance with and termination from prior and any subsequent employers.

Plaintiff proposes a discovery cut-off deadline five (5) months following the last of the Court's rulings on Defendants' pending motions to dismiss and strike, ECF Nos. 24, 30, 31, 34, 35, 36, 37.  Plaintiff proposes that discovery cut-off deadline(s) are not tied to any ruling on K&E's pending anti-SLAPP Motion, ECF. No. 38. Defendants propose a deadline for the cut-off for discovery as eight (8) months following the Court's ruling on Defendants' pending Motions to Dismiss and Strike and Anti-SLAPP Motion. The Parties do not propose that discovery be completed in phases. The Parties do not anticipate any proposed limitations or modifications of the discovery rules at this time. The Parties have not identified discovery disputes ripe for submission to the Court at this time.

### a. **Defendants' Position RE: Protective Order**

Defendants have sent a proposed stipulated protective order re confidential information to Plaintiff for her consideration. Defendants are hopeful that the Parties can agree to a stipulated protective order, but Plaintiff has declined to provide edits to Defendants' proposed stipulated protective order and appears resistant to enter into one.

### b. **Plaintiff's Position RE: Protective Order**

After Defendants sent Plaintiff a draft stipulated protective order after the meet and confer, Plaintiff informed Defendants over email of threshold issues with the draft protective order. Plaintiff's position is that Defendants should bear the burden of further facilitating and revising the proposed stipulated protective order, especially after Plaintiff has provided them with clear items to address.

## IX.   CLASS ACTIONS

This is not a class action.

X. **RELATED CASES**

There are no related cases or proceedings pending before another judge of this Court or before another court or administrative body.

XI. **RELIEF**

  a. **Plaintiff's Position**

Plaintiff seeks compensatory and damages from Defendants in amounts to be determined at trial; in addition to additional relief including without limitation equitable relief, including injunctive relief, attorneys' fees, and costs. *See, e.g.*, 42 U.S.C. § 2000e-5; 42 U.S.C. § 1981a; Cal. Gov't Code §§ 12900 *et. seq.* including without limitation § 12965(b); S.F., Cal., Police Code art. 33 §§ 3306, 3307. Although Plaintiff has not yet engaged counsel, Plaintiff has been searching and continues to search for counsel and anticipates retaining counsel soon.

  b. **Defendants' Position**

Defendants deny that Plaintiff's requested relief, or any relief at all, is proper. To the extent that any damages are awarded to Plaintiff, such damages are subject to all caps, offsets (including mitigation) and other limitations available under applicable law. Defendants contend that Plaintiff is not entitled to injunctive relief because she is a former employee and is not entitled to recover attorneys' fees because she is a pro se litigant. Defendants reserve the right to assert counterclaims against Plaintiff . The Firm has filed an anti-SLAPP motion and is seeking mandatory fees in connection with that motion.

XII. **SETTLEMENT AND ADR**

Prior to litigation, the Parties engaged in settlement discussions and discussed the potential for private mediation. The settlement discussions were unsuccessful and the prospects for settlement are not strong. Plaintiff has been and remains open to settling but views Defendants' unwillingness to propose good-faith, reasonable settlement terms as the biggest obstacle. The Parties have complied with ADR L.R. 3-5. The Parties were unable to stipulate to ADR.

  a. **Defendants' Position RE: ADR**

During the parties' meet and confer discussions, Defendants expressed their preference for

a settlement conference with a magistrate judge. Plaintiff stated that she would only consider a settlement conference before Judge Gilliam. Defendants believe it is inadvisable to have the trial judge serve as a settlement judge.

### b. Plaintiff's Position RE: ADR

During the parties' ADR meet and confer, Plaintiff stated that she would only consider a settlement conference before Judge Gilliam or another judge. Defense counsel told Plaintiff he did not believe this was allowed. In response, Plaintiff pointed out that her position was explicitly supported by the ADR Handbook due to the circumstances of the case (e.g., Plaintiff is not presently represented by counsel and the import of procedural issues). *Alternative Dispute Resolutions Procedures Handbook* 10–11 (May 2018).

## XIII.  OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV.  NARROWING OF ISSUES

At this time, other than via the motions detailed above, the Parties have identified no issues that can be narrowed by agreement or by motion and have no suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts). At this time, the Parties are not requesting to bifurcate issues, claims, or defenses.

## XV.  EXPEDITED SCHEDULE

The Parties do not believe this case is appropriate for handling on an expedited basis with streamlined procedures.

## XVI.  SCHEDULING

After meeting and conferring, Plaintiff proposes that, except for the deadline to amend pleadings as discussed above, deadlines in the case schedule run from the last of the Court's rulings on Defendants' pending motions to dismiss and strike, ECF Nos. 24, 30, 31, 34, 35, 36, 37, but are not tied to any ruling on K&E's anti-SLAPP Motion, ECF. No. 38.

Defendants propose that all dates in the case schedule run from the date the Court rules on Defendants' pending Motions to Dismiss and Strike and Anti-SLAPP Motion. The Parties

propose the following schedule:

| Event | Plaintiff's Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Designation of Experts | Three (3) months after rulings on pending motions to dismiss and strike, ECF Nos. 24, 30, 31, 34, 35, 36, 37, but not K&E's anti-SLAPP motion, ECF No. 38 (collectively as specified, the "**Relevant Rulings**") | Six (6) months after rulings issued on Defendants' pending Motions to Dismiss and Strike and Anti-SLAPP Motion |
| Designation of Rebuttal Experts | Four (4) months after Relevant Rulings | Seven (7) months after rulings issued on Defendants' pending Motions to Dismiss and Strike and Anti-SLAPP Motion |
| Discovery Cut-Off (Including Experts) | Five (5) months after Relevant Rulings | Eight (8) months after rulings issued on Defendants' pending Motions to Dismiss and Strike and Anti-SLAPP Motion |
| Dispositive and *Daubert* Motion Hearing Deadline | Eight (8) months after Relevant Rulings | Eleven (11) months after rulings issued on Defendants' pending Motions to Dismiss and Strike and Anti-SLAPP Motion |
| Pre-Trial Conference | Eleven (11) months after Relevant Rulings | Fourteen (14) months after rulings issued on Defendants' pending Motions to Dismiss and Strike and Anti-SLAPP Motion |
| Trial | Twelve (12) months after Relevant Rulings | Fifteen (15) months after rulings issued on Defendants' pending Motions to Dismiss and Strike and Anti-SLAPP Motion |

## XVII.   TRIAL

The Parties estimate the trial will take five to seven full-days or 10 to 14 half-days.

## XVIII.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Each Party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. ECF Nos. 5, 18, 42.

Plaintiff represents that other than the named Parties, there are no persons, firms,

partnerships, corporations (including parent corporations), or other entities known by Plaintiff to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendants represent that other than the named Parties, there are no persons, firms, partnerships, corporations (including parent corporations) or other entities known by Defendants to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

## XIX. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: March 30, 2023                    Plaintiff Zoya Kovalenko

By: _____/s/ Zoya Kovalenko_____
ZOYA KOVALENKO
Plaintiff Zoya Kovalenko

Dated: March 30, 2023                    LYNNE C. HERMLE
JOSEPH C. LIBURT
KATE JUVINALL
PAUL RODRIGUEZ

Orrick, Herrington & Sutcliffe LLP

By: _____/s/ Joseph C. Liburt_____
JOSEPH C. LIBURT
Attorneys for Defendant
KIRKLAND & ELLIS LLP