Zoya Kovalenko (Cal. SBN 338624)
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
678 559 4682
zoyavk@outlook.com

Plaintiff

[CAPTION PAGE CONTINUED ON NEXT PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>       *Plaintiff,*<br><br>    v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT, LESLIE M. SCHMIDT, P.C., AND MARK FAHEY,<br><br>       *Defendants*. | Case No. 4:22-cv-05990-HSG<br><br>**JOINT DISCOVERY-DISPUTE LETTER CONCERNING DEFENDANT KIRKLAND & ELLIS LLP'S SUBPOENAS TO PAUL HASTINGS LLP AND FISH & RICHARDSON P.C. FOR PRODUCTION OF DOCUMENTS AND FILES**<br><br>Judge:   Honorable Haywood S. Gilliam, Jr. |

1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  JOSEPH C. LIBURT (STATE BAR NO. 155507)
   jliburt@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA  94025-1015
   Telephone: +1 650 614 7400
5  Facsimile: +1 650 614 7401

6  KATE JUVINALL (STATE BAR NO. 315659)
   kjuvinall@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   355 S. Grand Ave., Suite 2700
8  Los Angeles, CA  90071
   Telephone: +1 213 629 2020
9  Facsimile: +1 213 612 2499

10 MARK THOMPSON (Admitted *pro hac vice*)
   mthompson@orrick.com
11 ORRICK, HERRINGTON & SUTCLIFFE LLP
   51 W 52nd St.
12 New York, NY 10019
   Telephone: +1 212 506 5000
13 Facsimile: +1 212 506 5151

14 Attorneys for Defendants

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to this Court's Standing Order for Civil Cases paragraph 19, Plaintiff Zoya Kovalenko ("Plaintiff") and Defendant Kirkland & Ellis LLP ("K&E") hereby submit this joint letter stating the nature and status of a discovery dispute concerning K&E's subpoenas to Plaintiff's prior employers, Paul Hastings LLP ("Paul Hastings") and Fish & Richardson P.C. ("Fish"),[1] for production of documents, information, or objects.  K&E's five subpoenas refer to an identical attachment listing six requests; a true and correct copy of the six requests are listed in Attachment 1 attached hereto.  The operative subpoenas seek production by email to kjuvinall@orrick.com on July 25, 2023 from Fish and on July 27, 2023 from Paul Hastings.  Fish has objected to the subpoena and indicated it will not produce documents until meeting and conferring with K&E..  Paul Hastings has requested an extension of time to respond to the subpoena until August 4, 2023, to which K&E has agreed.  Paul Hastings served objections and responses to the subpoena on July 21, 2023, in which it stated it "will respond further after the Court's ruling on Plaintiff's motion to quash" in response to each request.

## NATURE AND STATUS OF THE DISCOVERY DISPUTE

## Plaintiff's Statement Regarding Nature of the Dispute

The subpoenas should be quashed for undue burden and warrant a protective order forbidding the discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1)(A); *see* Fed. R. Civ. P. 45(d)(3) & 26(b)-(c).  The subpoenas seek extensive personal, private, sensitive and otherwise protected information not relevant to Plaintiff's claims or hypothetical defenses that have yet to be asserted.[2]  *See* Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv), & (B)(ii), 26(b)(2)(C)(iii) (Court "must limit" discovery "outside the scope permitted by Rule 26(b)(1)."); Fed. R. Civ. P. 26(b)(1) (limiting discovery to nonprivileged matter relevant to claims or defenses and proportional to

---

[1] Neither the Complaint nor any of Plaintiff's filings make any reference to Plaintiff's prior employment because Plaintiff's claims exclusively arise from her employment by Defendants.
[2] Defendants have not yet asserted any defenses because they have not yet filed an answer; accordingly, its assertions of relevance to its purported defenses (e.g., mitigation of damages) are nonstarters.  *See* Fed. R. Civ. P. 26(b)(1) & 26(b)(2)(C)(iii).

needs of case).³ The requests' overbreadth underscores the invasive and harassing nature of the subpoenas, which attempt to pry into Plaintiff's private, personal, and protected information as a fishing expedition. *Lyzer v. Caruso Produce, Inc.*, No. 3:17-CV-01335-SB, 2018 WL 11489791, at *3 (D. Or. Oct. 4, 2018) ("[Defendant] also seeks evidence in [plaintiff's] personnel files relating generally to his credibility, but that is the type of fishing expedition discovery that courts consistently deny.").⁴ Moreover, the subpoenas are premature because K&E issued them before stipulating to a protective order and without seeking the discovery from Plaintiff, a more convenient and less burdensome source than subpoenaed non-parties.⁵ *See* Fed. R. Civ. P. 26(b)(2)(C); *cf. Anderson v. Ghaly*, No. 15-cv-05120-HSG, slip op. at 17 (N.D. Cal. June 15, 2020). The Court should forbid the discovery because K&E issued the subpoenas to harass and annoy. *See* Fed. R. Civ. P. 26(c)(1)(A). The subpoenas cast Plaintiff in a negative light to former and potential prospective employers by attempting to embroil in this case non-parties not involved in Defendants' unlawful termination of Plaintiff. K&E's fishing expedition will likely have a chilling effect on Plaintiff's reputation and prospective employment opportunities, which Defendants' unlawful conduct has already substantially curtailed. Moreover, the harassing, oppressive, and bad-faith nature of the subpoenas are further evidenced by K&E's intent to serve

---

³ *Compare, e.g.*, *EEOC v. Serramonte*, 237 F.R.D. 220, 223–25 (N.D. Cal. 2006) (quashing subpoena for employment records as, inter alia, inadmissible character evidence under Fed. R. Evid. 404(a)), *and Hardin v. Mendocino Coast Dist. Hosp.*, No. 17-cv-05554-JST-TSH, 2019 WL 1493354, at *4–6 (N.D. Cal. Apr. 4, 2019) (quashing subpoenas to plaintiff's prior employers on privacy grounds and noting plaintiff's performance for prior employers was not relevant: "[t]he focus of discovery in this termination case should be on the reasons for the termination"), *with* Request Nos. 1–6.

⁴ *See EEOC v. Peters' Bakery*, 301 F.R.D. 482, 486–87 (N.D. Cal. 2014) (asserting emotional distress did not waive psychotherapist-patient privilege); *see also Lewin v. Nackard Bottling Co.*, 2010 WL 4607402, at *1 (D. Ariz. Nov. 4, 2010) (quashing as overbroad subpoenas to plaintiff's prior employers because defendant was "merely trying to engage in a fishing expedition"); *Hardin*, 2019 WL 1493354, at *5–6 (quashing subpoenas to plaintiff's prior employers requesting "medical records" and "benefit records"; rejecting defendants' contention of relevance to emotional distress and may show existence of pre-existing conditions); *cf.* Attach. 1, Request Nos. 2 (seeking "medical records") & 5 (seeking "records of medical treatment"). The discovery sought is also "unreasonably cumulative or duplicative." *See* Fed. R. Civ. P. 26(b)(2)(C)(i); *cf., e.g.*, Request Nos. 2 & 5. K&E improperly tried to shift to Plaintiff its burden of narrowing its overbroad subpoenas. *See* Fed. R. Civ. P. 45(d)(1).

⁵ Neither K&E nor any of its co-Defendants have served a single discovery request on Plaintiff.

the subpoenas on May 16, 2023,[6] while Plaintiff was on a brief vacation, after Plaintiff on May 1, 2023 had requested that K&E refrain from "emailing [Plaintiff] or otherwise doing anything that would require [Plaintiff's] time and attention during this brief vacation."[7]

**Plaintiff's Statement Regarding Status of Dispute**

On May 15, 2023, Plaintiff objected to the subpoenas and requested to meet and confer upon her return from her brief vacation. On May 31, 2023, Plaintiff and K&E met and conferred, which largely consisted of Plaintiff explaining the inapplicability of K&E's proffered support and asking K&E to convey its positions, e.g., as to relevance. K&E did not provide meaningful information with respect to its positions and contended that records related to Plaintiff's employment prior to working for Defendants is relevant to defenses that K&E has yet to assert. On the meet and confer, Plaintiff and K&E agreed that Plaintiff would send them additional cases supporting Plaintiff's positions and that it would make sense to have a second meet and confer after K&E reviewed Plaintiff's additional legal support. On June 6, 2023, Plaintiff sent these cases. On June 16, 2023, K&E responded with conclusory disagreement with Plaintiff's cases based on meaningless purported distinctions. K&E stated it refused to engage in further discussion regarding the dispute due to the gulf in positions and reneged on their prior agreement to meet and confer a second time before serving the subpoenas. Plaintiff never received a sensible explanation for K&E's refusal to have a second meet and confer as originally agreed, leading Plaintiff to the conclusion that joint discussions regarding a potential resolution would be unfruitful and of no interest to K&E. K&E stated in its June 16 email: "Nor is Kirkland required to explain to you the reasons it believes [the subpoenaed] documents are relevant to this case." K&E finally agreed to meet and confer only after Plaintiff on July 19, 2023 separately raised moving for a protective order, thereby obligating the parties to meet and confer under Rule 26(c). When meeting and conferring on July 21, 2023, K&E refused to withdraw the subpoenas. Plaintiff and K&E agreed to file this letter. K&E had the same opportunity as Plaintiff, if not

---

[6] K&E's May 5, 2023 Nots. of Subpoena to Paul Hastings and Fish.
[7] The subpoenas should also be quashed due to noncompliance with Rule 45(a)(4).

1  more due to its additional resources, to raise filing a joint letter regarding this dispute but chose
2  to wait until forced to meet and confer regarding Plaintiff's intent to move under Rule 26.
3  Plaintiff intends to move to quash and for a protective order. Plaintiff respectfully requests the
4  Court stay any compliance with the subpoenas.

### K&E's Statement Regarding Nature and Status of the Dispute

6  Plaintiff's objections to the subpoenas are meritless. First, Plaintiff's contention that the
7  subpoenas should be quashed and a protective order be issued because they seek her private
8  information fails because Plaintiff's **reduced** privacy interest[8] is outweighed by K&E's
9  significant need for the subpoenaed documents. *Frazier v. Bed Bath & Beyond, Inc.*, 2011 WL
10 5854601, at *2 (N.D. Cal. Nov. 21, 2011) ("Resolution of a privacy objection requires courts to
11 balance the need for the information sought against the privacy right asserted.").

12 K&E has a significant need for: (1) Plaintiff's personnel documents (Category #1) because
13 they are relevant to her work history, experience, past performance, and terminations (relevant to
14 K&E's defense to most of Plaintiff's claims for relief that K&E terminated her for poor
15 performance, rather than for discriminatory, retaliatory, or distress-causing reasons (*see* Dkt. No.
16 81 at 2-3[9])), her professional standing and reputation (relevant to her defamation claim), and her
17 past earnings and earning potential (relevant to her claims for discrimination in starting pay, lost
18 wages and K&E's mitigation defense), as well as her credibility;[10] (2) documents regarding
19 Plaintiff's leaves of absence, medical restrictions, disabilities, and medical records affecting
20 employment status (Category #2) because they are relevant to Plaintiff's allegations of "severe

---

[8] *See Botta v. PricewaterhouseCoopers LLP*, 2018 WL 6257459, at *2 (N.D. Cal. Nov. 30, 2018) ("Courts have recognized that where a plaintiff initiates an employment lawsuit, his privacy interest in employment records is reduced.").
[9] Plaintiff's contention that K&E cannot argue that the subpoenaed documents are relevant to its defenses because it hasn't answered yet is meritless. *See, e.g.*, *Abadia-Peixoto v. U.S. Dep't of Homeland Sec.*, 2012 WL 5498014, at *3 (N.D. Cal. Nov. 13, 2012) (denying motion for protective order because information was relevant to defendants' "anticipated defenses").
[10] *See, e.g.*, *Smith v. Legacy Partners Inc.*, 2022 WL 1194125, at *4 (W.D. Wash. Apr. 21, 2022) (personnel information sought in subpoenas of plaintiff's prior employers was "clearly relevant" to plaintiff's employment discrimination claims and to defendants' defenses and may also bear on plaintiff's credibility and plaintiff's claims for earnings and earning potential); *Gragossian v. Cardinal Health Inc.*, 2008 WL 11387063, at *4 (S.D. Cal. July 21, 2008) (holding that plaintiff's claim for lost wages "places records reflecting her prior employment experiences…at issue").

emotional, psychological, and physical harm and injury" (*see, e.g.*, Compl. ¶ 219) and her intentional and negligent infliction of emotional distress claims (*id*. ¶¶ 362-69);[11] (3) non-privileged complaint and investigatory files and grievance files (Category #3) and non-privileged litigation documents involving Plaintiff as a party (Category #6) because they are relevant to the issue of Plaintiff's habit, or pattern and practice, of making similar claims of discrimination against previous employers;[12] and (4) compensation and benefit documents (Categories # 4 and 5) because they are relevant to Plaintiff's claims of pay discrimination and lost wages.[13] Conversely, Plaintiff's privacy interests are reduced (*Botta*, 2018 WL 6257459, at *2), and may, in any event, be addressed through a stipulated protective order. *Id*. (holding that "privacy concerns can be addressed through the parties' protective order").

Plaintiff's non-privacy objections, including that the subpoenas are unduly burdensome, overbroad and seek irrelevant information, fail because she lacks standing to assert them.[14] *Botta*, 2018 WL 6257459, at *2 ("A party to the litigation…cannot object to a non-party subpoena on the grounds of relevance or burden where the non-party itself has not objected.").[15]

Plaintiff's contentions that the subpoenas are premature because issued before entry of a protective order re confidential information, and without seeking the discovery from Plaintiff, are also meritless. First, K&E has repeatedly sought a stipulated protective order with Plaintiff but has been met with resistance and delay at every turn.[16] Plaintiff cannot use her unjustified

---

[11] *See, e.g.*, *Gragossian*, 2008 WL 11387063, at *4 (denying motion to quash subpoena to plaintiff's former employers in part: "Plaintiff's allegation she sustained emotional distress and mental anguish as a result of her employment with Defendants places her emotional state at issue and opens the door for discovery of information about her emotional and mental condition.").

[12] *Frazier*, 2011 WL 5854601, at *1 (personnel records were discoverable because they might contain evidence of habit of making similar discrimination claims against previous employers); *see also Thomas v. Starz Ent., LLC*, 2017 WL 11628086, at *2 (C.D. Cal. May 26, 2017).

[13] *See Gragossian*, 2008 WL 11387063, at *4.

[14] In any event, K&E denies that the subpoenas are improper in any way, including that they were issued to harass or annoy or issued in bad faith. Contrary to Plaintiff's contentions: (1) the subpoenas do not cast Plaintiff in a "negative light"—they simply seek documents about her former employment; and (2) K&E respected Plaintiff's vacation—K&E served notice of its initial subpoenas on May 5, 2023, five days before the start of her May 10 vacation, giving her several days to review the subpoenas and object, which she did on May 15.

[15] Plaintiff contends the subpoenas should be quashed for noncompliance with FRCP 45(a)(4), but fails to explain the alleged noncompliance. K&E denies any noncompliance.

[16] K&E first sent a draft stipulated protective order (based on this District's model order) to

resistance and delay to bar K&E from discovery.[17]  Second, contrary to Plaintiff's contention, "there is no general rule that [a party] cannot seek nonparty discovery of documents likely to be in [another party's] possession." *Viacom Int'l, Inc. v. YouTube, Inc.*, 2008 WL 3876142, at *3 (N.D. Cal. Aug. 18, 2008).  In any event, it is highly unlikely that Plaintiff possesses most of the documents requested (*e.g.*, personnel files, interview notes, termination documents, investigatory files). Plaintiff has not asserted she possesses all of the requested documents, nor can she non-speculatively do so within the confines of Rule 11.[18]

Respectfully submitted this 24th day of July 2023.

By: /s/ *Zoya Kovalenko*
Zoya Kovalenko (Cal. SBN 338624)
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
678 559 4682
zoyavk@outlook.com
Plaintiff

By: /s/ *Mark R. Thompson*
Mark R. Thompson (Admitted *pro hac vice*)
Orrick, Herrington & Sutcliffe, LLP
51 W 52nd St.
New York, NY 10019

---

Plaintiff on March 24, 2023.  She refused to provide any proposed edits and has delayed for nearly two months providing a response to the most recent version of the draft order.

[17] Because the parties are still negotiating a stipulated protective order, Defendants are willing to keep documents produced by the non-parties confidential until a protective order is ordered by the Court, at which time Plaintiff can designate the documents and Defendants may challenge any such designation as they see fit.

[18] K&E met and conferred with Plaintiff telephonically regarding Plaintiff's objections to the subpoenas on May 31, 2023. Contrary to Plaintiff's contentions, K&E provided substantial information and support for its position on that call.  Thereafter, the parties exchanged emails in which it became apparent to K&E that the parties were at an impasse considering Plaintiff's unjustifiable position that the subpoenas be withdrawn in entirety.  Again, contrary to Plaintiff's contentions, K&E did not refuse to engage in further discussions regarding the dispute, and in fact, held another telephonic meet and confer session with Plaintiff on July 21, 2023.  K&E intends to oppose any motion to quash and for a protective order that Plaintiff files as to the subpoenas. Plaintiff's request to stay any compliance with the subpoenas should be denied because Plaintiff could have sought to file this letter as early as June 16, 2023, when K&E told Plaintiff that it believed that the parties were at an impasse, or as of July 5, 2023 when Plaintiff stated: "I look forward to you repeating your feeble and unavailing arguments before the Court as that now appears inevitable."

Telephone:+1 212 506 5000  
Facsimile: +1 212 506 5151  
Email: mthompson@orrick.com  
Attorneys for Defendants

## **LOCAL RULE 5.3(H)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-3(h)(3), I attest that the other Signatory has concurred in the filing of this document.

By: /s/ *Zoya Kovalenko*  
Zoya Kovalenko  
Plaintiff

## ATTACHMENT 1 TO JOINT DISCOVERY-DISPUTE LETTER CONCERNING

## DEFENDANT KIRKLAND & ELLIS LLP'S SUBPOENAS

1. Personnel documents (including but not limited to all documents in a personnel file, such as employment applications, resumes, communications with **ZOYA KOVALENKO**, interview notes, applicant evaluations, offer letters, acceptance letters, employment contracts and/or agreements, documents relating to termination of employment, documents relating to change of title, duties, or compensation, transfer of work location, notices of commendation, leaves of absence, wage attachment or garnishment notices, performance appraisals and/or reviews, attendance and absence records, promotion and/or demotion recommendations); and

2. Documents regarding **ZOYA KOVALENKO's** leaves of absence, medical restrictions, disabilities (whether physical, mental, or otherwise), and medical records affecting employment status; and

3. Non-privileged complaint and investigatory files (including but not limited to legal proceedings involving **ZOYA KOVALENKO** as well as documents relating to complaints filed by and/or against **ZOYA KOVALENKO** with any government agency), and grievance files (including but not limited to informal and formal complaints/grievances by **ZOYA KOVALENKO** as well as informal and formal complaints/grievances by others about **ZOYA KOVALENKO**); and

4. Compensation documents (including but not limited to documents reflecting **ZOYA KOVALENKO's** salary, wages, commissions, bonuses, overtime, unemployment benefits, and all other types of compensation, pay stubs, and summaries of compensation); and

5. Benefits documents (including a description of all benefits and compensation packages available to **ZOYA KOVALENKO, ZOYA KOVALENKO's** participation in benefits plans, any records of absences from work for any reason, leaves of absence for medical or other reasons, and records of medical treatment); and

6. Non-privileged litigation documents involving Zoya Kovalenko as a party (including but not limited to any documents relating to legal proceedings involving both **ZOYA KOVALENKO** and you as parties, as well as subpoenas to you from third parties relating to **ZOYA KOVALENKO**, but not including work product or privileged communications involving **ZOYA KOVALENKO** undertaken on behalf of your clients).