LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:     +1 650 614 7400
Facsimile:     +1 650 614 7401

KATE JUVINALL (STATE BAR NO. 315659)
kjuvinall@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Suite 2700
Los Angeles, CA  90071
Telephone:     +1 213 629 2020
Facsimile:     +1 213 612 2499

MARK THOMPSON (Admitted *pro hac vice*)
mthompson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street
New York, NY 10019
Telephone: +1 212 506 5000
Facsimile: +1 212 506 5151

Attorneys for Defendants
KIRKLAND & ELLIS LLP, MICHAEL DE VRIES,
MICHAEL W. DE VRIES, P.C., ADAM ALPER,
ADAM R. ALPER, P.C., AKSHAY DEORAS,
AKSHAY S. DEORAS, P.C., AND MARK FAHEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>Plaintiff,<br><br>v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY,<br><br>Defendants. | Case No. 4:22-CV-05990-HSG<br><br>**DEFENDANTS MICHAEL DE VRIES, MICHAEL W. DE VRIES, P.C., ADAM ALPER, AND ADAM R. ALPER, P.C.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AS TO PARTS OF THE ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO DISMISS, DENYING MOTIONS TO STRIKE, AND DENYING IN PART AND GRANTING IN PART MOTION TO SEAL (DKT. 92) PER L.R. 7-9** |

4135-7854-1897

MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION OF ORDER DENYING IN PART AND
GRANTING IN PART MOTIONS TO DISMISS (DKT. 92)

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ......................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 2

I.       STATEMENT OF ISSUES ............................................................................................... 2

II.      STATEMENT OF FACTS ................................................................................................ 2

III.     ARGUMENT ..................................................................................................................... 2

         A.       The De Vries Defendants' Motion to Dismiss Plaintiff's Defamation Claim ........ 3

         B.       The Alper Defendants' Motion to Dismiss Plaintiff's IIED Claim ........................ 5

**NOTICE OF MOTION AND MOTION**

**TO THE HONORABLE HAYWARD S. GILLIAM, JR., UNITED STATES DISTRICT COURT JUDGE, AND TO PLAINTIFF ZOYA KOVALENKO:**

**PLEASE TAKE NOTICE** that Defendants Michael De Vries, Michael W. De Vries, P.C. ("De Vries Defendants"), Adam Alper, and Adam R. Alper, P.C. ("Alper Defendants") (collectively, the "Defendants") move this Court for leave to file a Motion for Reconsideration pursuant to Civil Local Rule 7-9(b) with respect to limited portions of the Court's Order Denying in Part and Granting in Part Motions to Dismiss, Denying Motions to Strike, and Denying in Part and Granting in Part Motion to Seal (the "Order"), which was entered on August 23, 2023. Dkt. 92.

The De Vries Defendants and the Alper Defendants bring this Motion under Civil Local Rule 7-9(b)(3): "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court" as to the De Vries Defendants' motion to dismiss Plaintiff's defamation claim from the Complaint (Dkt. 1), and as to the Alper Defendants' motion to dismiss Plaintiff's claim for Intentional Infliction of Emotional Distress ("IIED"). Specifically, in denying the De Vries Defendants' motion to dismiss Plaintiff's defamation claim, the Order attributed the wrong facts to Mr. De Vries and did not address the argument that factual assertions in a performance review (and particularly of the type drafted by Mr. De Vries) cannot support a defamation claim. As to the Alper Defendants, the Court declined to dismiss Plaintiff's IIED claim because Plaintiff alleged that Defendants "deliberately falsified performance reviews." However, as the Court acknowledged in dismissing the defamation claim against the Alper Defendants, Mr. Alper did not submit a performance review for Plaintiff. Therefore, Defendants respectfully request that the Court grant leave to seek reconsideration of the Order on those two specific claims only.

/ / /

/ / /

/ / /

/ / /

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   STATEMENT OF ISSUES

Whether the Court should grant Defendants' motion for leave to file a motion for reconsideration of the portions of the Order: (1) denying the De Vries Defendants' motion to dismiss Plaintiff's defamation claim; and (2) denying the Alper Defendants' motion to dismiss Plaintiff's IIED claim.

## II.   STATEMENT OF FACTS

On October 12, 2022, Plaintiff filed a Complaint in the instant action. Dkt. 1. Each Defendant named in the Complaint filed a motion to dismiss certain claims in Plaintiff's Complaint, with each moving to dismiss Plaintiff's defamation and IIED claims against them. Dkt. 24, 30, 31, 34, 35, 36. On August 23, 2023, the Court granted the motions to dismiss in part. Dkt. 92. The Court denied the motions to dismiss the defamation claim except with respect to the Alper Defendants, and denied the motions to dismiss the IIED claim. *Id.* at 23, 27.

## III.   ARGUMENT

Under Local Rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. Civ. L.R. 7-9(b)(1)-(3); *see Mauia v. Petrochem Insulation, Inc.*, No. 18-CV-01815-TSH, 2018 WL 6092726, at *4 (N.D. Cal. Nov. 21, 2018) (granting request for reconsideration when court did not consider dispositive legal argument).

Defendants request leave to seek reconsideration of the Order under Civil Local Rule 7-9(b)(3) on the following grounds:

**A.      The De Vries Defendants' Motion to Dismiss Plaintiff's Defamation Claim**

The Order denied the various motions to dismiss[1] Plaintiff's defamation claim on the ground that the performance evaluations collectively were sufficient to allege a defamation claim because: (1) statements in the evaluations could imply a "provably false assertion of fact,"[2] and (2) the statements could suggest "Plaintiff lacked the inherent competence to do her job." *See* Order, Dkt. 92 at 15-16. The Order appears to address Kirkland's motion to dismiss the defamation claim, but does not distinguish the separate motions of each individual defendant.

*First*, none of the facts supporting the Order's holding that the evaluations contain factual assertions come from *Mr. De Vries'* evaluation. *Id.* at 16-17 (citing Akshay Deoras' comments: Plaintiff "disappeared" for trial, and he met with her to "let her know that her performance was unacceptable"; Leslie Schmidt's comment: Plaintiff "did not contribute at trial"; Mark Fahey's comment: partners "had to entirely rewrite everything she wrote"). **Importantly, while the Order does state that "Defendants Schmidt and De Vries met with [Plaintiff] to 'let her know that her performance was unacceptable,'" that is not correct.** *Id.* at 17. That statement comes from **Mr. Deoras'** review, and it refers to a conversation that Mr. Deoras and Ms. Schmidt (and **not Mr. De Vries**) had with Plaintiff. Dkt. 29-2 at 2-3. Thus, there is no factual support in the Order for the conclusion that Mr. De Vries' evaluation of Plaintiff contained provably false assertions.

Further, even if Mr. De Vries' performance review (copied in full below) did include statements of fact, that is not a ground to deny his motion to dismiss. The Order does not address the De Vries Defendants' argument, citing leading California law and Northern District case law affirmed by the Ninth Circuit, that statements of fact *in performance assessments* cannot support a defamation claim. *See* De Vries Motion to Dismiss, Dkt. 30 at 22. In *Rudwall v. Blackrock, Inc.*, No. C06-2992 MHP, 2006 WL 3462792, at *5 (N.D. Cal. Nov. 30, 2006), *aff'd*, 289 F.App'x 240

---

[1] Each Defendant named in the Complaint sought to dismiss Plaintiff's defamation claims against them, based on their individual reviews (or non-review) of Plaintiff's performance. Dkt. 24, 30, 31, 34, 35, 36.
[2] In denying the De Vries Defendants' motion to dismiss Plaintiff's defamation claim, the Court also held that the common interest privilege did not apply. Order, Dkt. 92 at 17-18. The De Vries Defendants do not seek reconsideration of that issue. However, if the Court finds that Mr. De Vries' performance evaluation of Plaintiff is insufficient to state a defamation claim, then that is dispositive, and the Court need not determine whether the common interest privilege applies.

(9th Cir. 2008), the court recognized that California gives "special treatment" to performance reviews, and because of that special treatment, even "if the performance review statements contain factual assertions . . . the assertions do not rise to the level of defamation." The leading California case that explains this "special treatment" is *Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958 (1993). In *Jensen*, the court held that a statement that the employee "had been the subject of some third party complaints"—a factual assertion—was not actionable. *Id.* at 966. The case cited in the Order for the proposition that factual assertions can support a defamation claim, *GetFugu, Inc. v. Patton Boggs LLP*, 220 Cal. App. 4th 141, 156 (2013), is not an employment case and does not discuss performance evaluations. Order, Dkt. 92 at 16. Thus, it does not consider the "special treatment" that performance evaluations receive under California law.

**Second**, none of the facts that the Order identifies as suggesting incompetence come from Mr. De Vries' review. *See* Order, Dkt. 92 at 16 (citing Associate Review Committee (ARC) comment: "[t]he evaluation concluded that Plaintiff had 'not contributed to her matters at either the substantive or commitment level that is expected of an associate' and 'should promptly pursue outside employment'"[3]; Ms. Schmidt's comments: "Plaintiff does not produce usable work product" and Ms. Schmidt and Mr. Deoras "decided [Plaintiff] will not attend the hearing in the case because of her poor performance"; Mr. Deoras' comments: Plaintiff was "not up to [] expectations for someone much junior to her year" and her preparation was "extremely poor"; Mr. Fahey's comments: Plaintiff "needed to be supervised with all discussions with third parties" and the partners had to "rewrite everything she wrote"). Nor could anything in Mr. De Vries' evaluation of Plaintiff be construed as suggesting that she lacked the competence to do her job. As argued in the De Vries motion to dismiss, it focused on the shortcomings of Plaintiff's performance on **one** specific project, and is balanced with caveats, as emphasized here:

> I only worked directly with Zoya on one matter: a witness examination at the [] trial. I generally did not think that Zola's work on that project was very good. ***We had an initial good discussion about it, but after that, the examination outline she worked on was incomplete and somewhat late. To be fair, I did say it was alright to send me the outline before it was complete***; but given the timing and

---

[3] Plaintiff does not allege in the Complaint that Mr. De Vries was a member of the ARC. *See generally* Complaint.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> content of the outline she prepared, I had to go back to simply preparing a (separate) outline myself. ***In addition, it was difficult for me to follow the analysis in the outline. I readily acknowledge that this kind of project is a difficult one for someone who has not done it before,*** but even with that caveat, I think that Zoya could have done a better job on the work.

Dkt. 29-2 at 2 (emphasis added);[4] *see also* De Vries Motion to Dismiss, Dkt. 30 at 22-23.

      **Third**, if a defamation claim based on an extremely balanced evaluation such as this is allowed to proceed, then the "special treatment" that California law affords performance evaluations is a dead letter.

## B.    The Alper Defendants' Motion to Dismiss Plaintiff's IIED Claim

      The Order held that Plaintiff could state an IIED claim against the Alper Defendants because: (1) IIED is not preempted by the Workers Compensation Act; and (2) Plaintiff's pleading of "*deliberately falsified* performance reviews" is enough to allege extreme and outrageous conduct. Order, Dkt. 92 at 19-21. The Alper Defendants only seek reconsideration of factor (2). The relevant portion of the Order is as follows:

> Plaintiff alleges more than just "personnel management activity." Instead, she alleges that Defendants *deliberately falsified* performance reviews, going so far as to instruct a fellow reviewer to criticize her, to create a fabricated justification for termination. While Plaintiff may or may not ultimately be able to prove these allegations, they are enough to survive a motion to dismiss.

*Id.* at 21 (emphasis in original).

      However, Mr. Alper **did not write** a performance review for Plaintiff. *See* Order, Dkt. 92 at 15 (dismissing defamation claim against Alper Defendants because "Defendant Alper did not submit an evaluation of Plaintiff, which is the sole basis for her defamation claim"). And as discussed in the Alper Defendants' motion to dismiss, Plaintiff's specific factual allegations against Mr. Alper in the Complaint are sparse (Alper Motion to Dismiss, Dkt. 34 at 3-5), and none assert that Mr. Alper played ***any role*** in instructing other reviewers to criticize Plaintiff (*see generally* Complaint).

      The requested relief is warranted because Defendants have exercised reasonable diligence in bringing this Motion within 36 days after entry of the Court's Order.

---

[4] This is a full recitation of Mr. De Vries' performance evaluation of Plaintiff.

1    For the foregoing reasons, Defendants respectfully request permission from the Court to

2    seek reconsideration of specific portions of the Order as discussed above, and request that the

3    Court set an appropriate briefing and hearing schedule.

4    Dated: September 28, 2023                    Orrick, Herrington & Sutcliffe LLP

5

6                                                By:        /s/ *Lynne C. Hermle*

7                                                         LYNNE C. HERMLE
                                                         Attorneys for Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28