1    Tanvir H. Rahman (admitted *pro hac vice*)
     FILIPPATOS PLLC
2    199 Main Street, Suite 800
     White Plains, NY 10601
3    Tel.: 914 984 1111
     trahman@filippatoslaw.com
4
     Adrian Hernandez (State Bar. No. 325532)
5    HENIG KRAMER RUIZ & SINGH, LLP
     3600 Wilshire Blvd, Suite 1908
6    Los Angeles, CA 90010
     Tel.: +1 213 310 8301
7    adrian@employmentattorneyla.com
8    ATTORNEYS FOR PLAINTIFF
     ZOYA KOVALENKO
9

10

11                   UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                        OAKLAND DIVISION

14   ZOYA KOVALENKO,                    Case No. 4:22-cv-05990-HSG

15              *Plaintiff,*            **PLAINTIFF'S OPPOSITION TO
                                        DEFENDANTS' MOTION TO DISMISS
16          v.                          PLAINTIFF'S AMENDED COMPLAINT,
                                        MEMORANDUM OF POINTS AND
17   KIRKLAND & ELLIS LLP, MICHAEL DE   AUTHORITIES IN SUPPORT THEREOF**
     VRIES, MICHAEL W. DEVRIES, P.C.,
18   ADAM ALPER, ADAM R. ALPER, P.C.,   JURY TRIAL DEMANDED
     AKSHAY DEORAS, AKSHAY S.
19   DEORAS, P.C., AND MARK FAHEY,
                                        Date:    January 11, 2024
20              *Defendants.*
                                        Time:    2:00 pm
21
                                        Judge:   Honorable Haywood S. Gilliam, Jr.
22

23

24

25

26

27

28

1

## **TABLE OF CONTENTS**

TABLE OF CONTENTS......................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................... ii

STATEMENT OF RELEVANT FACTS ................................................................................. 1

STATEMENT OF ISSUES TO BE DECIDED ...................................................................... 1

ARGUMENT ........................................................................................................................... 2

    I.    THE COURT SHOULD REJECT ALL ARGUMENTS THAT COULD HAVE BEEN BUT INEXPLICABLY WERE NOT RAISED UNTIL THIS *SEVENTH* MOTION TO DISMISS ........................................................................................................................ 2

        A.    Defendants Have Waived Their Arguments for Dismissal That Could Have Been but Were Not Presented in Their Six Prior Motions to Dismiss .................................................. 2

            1.    Legal Standard ...................................................................................................... 2

            2.    Argument ............................................................................................................... 3

        B.    Defendants' Arguments Presented for the First Time in Their Seventh Motion to Dismiss Are Meritless.......................................................................................................... 5

            1.    Legal Standard ...................................................................................................... 5

            2.    None of Defendants' Arguments Raised for the First Time Now Warrant Dismissal of Plaintiff's Claims Under Rule 12(b)(6) ........................................................................ 6

                i)    Plaintiff's Defamation and IIED Claims Are Not Time-Barred ............................ 6

                ii)    Defendants Fail to Show Plaintiff's IIED Claims Against De Vries Defendants, Alper Defendants, Deoras Defendants, and Fahey Are Preempted by Workers' Compensation Law. ............................................................................................................ 11

                iii)    Plaintiff's Claims for Retaliation under Title VII and FEHA and for Failure to Prevent Under FEHA Are More Than Plausible ................................................................ 12

                iv)    K&E Fails to Show That Plaintiff's EPA Claims Warrant Dismissal Under Rule 12(b)(6)...................................................................................................................... 17

                    a)    EPA Claim – "Single Establishment"............................................................. 17

                    b)    EPA - Failure to Plead Equal Work .................................................................. 20

    II.    THE COURT SHOULD REJECT ALL OTHER ARGUMENTS IN THIS MOTION BECAUSE THEY AMOUNT TO AN IMPROPER, SANCTIONABLE MOTION FOR RECONSIDERATION MADE WITHOUT LEAVE OF COURT ........................................ 22

        A.    De Vries and Alper Defendants' Motion for Reconsideration of the Order Made Without Leave of Court Is Meritless and Improper. ............................................................. 23

        B.    De Vries and Alper Defendants', Deoras Defendants', and Fahey's Motion for Reconsideration of the Order Denying Their Motions to Dismiss IIED Claims for Purported Failure to Plead "Specific" Facts of Deliberate Falsification of Plaintiff's Review Is Improper and Meritless. ..................................................................................................... 24

        C.    DeVries P.C.'s, Alper P.C.'s, and Deoras P.C.'s Motion for Reconsideration of the Order Denying Their Motions to Dismiss Defamation and IIED Claims Is Meritless......... 24

1

## TABLE OF AUTHORITIES

2

**Cases**                                                                                 **Page(s)**

3

*Adidas Am., Inc. v. Calmese*,

4

2010 WL 1641161, at *5 (D. Or. Apr. 20, 2010) ....................................................... 26

5

*Allia v. Target Corp.*,

6

2010 WL 1050043 (D.N.J. Mar. 17 2010)................................................................ 14

7

*Barot v. Embassy of Republic of Zambia*,

299 F. Supp. 3d 160 (D.D.C. 2018) ........................................................................ 14

8

9

*Batdorf v. Trans Union*,

No. C 00-0501 CRB, 2000 WL 635455, at *4 (N.D. Cal. May 8, 2000) ..................... 6

10

*Bell Atl. Corp. v. Twombly*,

11

550 U.S. 544 (2007).................................................................................................... 5

12

*Belton v. Borg & Idle Imaging P.C.*,

512 F. Supp. 3d 433 (W.D.N.Y. 2021) .................................................................... 17

13

14

*Boisjoly v. Aaron Manor, Inc.*,

2022 WL 17272372, at *4 (D. Conn. Nov. 29, 2022) .............................................. 19

15

*Bolanos v. Ne. Ill. Univ.*,

16

2017 WL 56632 (N.D. Ill. Jan. 4, 2017) .................................................................. 14

17

*Browand v. Ericsson Inc.*,

18

No. 18-CV-02380-EMC, 2018 WL 3646445, at *8 (N.D. Cal. Aug. 1, 2018) .......... 12

19

*Brown v. City of Oakland*,

2009 WL 10695716, at *6 (N.D. Cal. Aug. 6, 2009)................................................. 9

20

21

*Burlington Indus., Inc. v. Ellerth*,

524 U.S. 742, 762–63 (1998)................................................................................... 27

22

*Cervantes v. City of San Diego*,

23

5 F.3d 1273 (9th Cir. 1993) ...................................................................................... 9

24

*City of Oakland v. BP PLC*,

969 F.3d 895, 30 (9th Cir. 2020) .............................................................................. 6

25

26

*Collier v Pasadena*,

142 Cal. App. 3d 917, 924 (1983) ............................................................................. 9

27

28

*Davis v. Inmar, Inc.*,

2022 WL 3722122, at *6 n.2 (N.D. Cal. Aug. 29, 2022)......................................... 19

*Daviton v. Columbia/HCA Healthcare Corp.*,
241 F.3d 1131, 1140 (9th Cir. 2001) ................................................................... 9

*Dental Monitoring SAS v. Align Tech., Inc.*,
2023 U.S. Dist. LEXIS 124324, at *5 (N.D. Cal. Jul. 19, 2023) ............................ 5

*Detholoff v. Buchanan*,
2008 WL 4277643, at *6 (D. Ariz. Sept. 16, 2008) ............................................. 22

*Duke v. City Coll. of S.F.*,
445 F. Supp. 3d 216, 230 (N.D. Cal. 2020) ......................................................... 23

*Edgington v. Cnty. of San Diego*,
118 Cal. App. 3d 39 (1981) ..................................................................................... 8

*EEOC v. Dinuba Med. Clinic*,
222 F.3d 580, 586 (9th Cir. 2000) ....................................................................... 17

*EEOC v. Glob. Horizons, Inc.*,
904 F. Supp. 2d 1074, 1088 (D. Haw. 2012) ....................................................... 14

*EEOC v. Port Authority of N.Y. & N.J.*,
768 F.3d 247 (2d Cir. 2014) ................................................................................. 21

*Eloyan v. United States*,
2020 WL 7382316, at *4 (C.D. Cal. Oct. 21, 2020) .............................................. 8

*Ephrom v. NuCO2*,
2010 WL 11596121, at *2 (C.D. Cal. Nov. 29, 2010) .......................................... 23

*Fanucci v. Allstate Ins. Co.*,
638 F. Supp. 2d 1125, 1137 (N.D. Cal. 2009) ....................................................... 8

*Ferroni v. Teamsters, Chauffers & Warehousemen Loc. No. 222*,
297 F.3d 1146, 1149 (10th Cir. 2002) .................................................................. 22

*Finley v. United Parcel Serv. Inc.*,
2018 WL 6422082 (D. Ariz. Mar. 30, 2018) ....................................................... 14

*Flait v. N. Am. Watch Corp.*,
3 Cal. App. 4th 467 (1992) ................................................................................... 14

*FOX Factory, Inc. v. SRAM, LLC*,
No. 3:16-CV-00506-WHO, 2017 WL 4551486, at *7 (N.D. Cal. Oct. 11, 2017) ...................... 28

*Funai v. Brownlee*,
369 F. Supp. 2d 1222, 1243 (D. Haw. 2004) ....................................................... 17

*Graves v. Pau Hana Grp.,*
*LLC*, 2013 WL 6000986, at *3 (E.D. Cal. Nov. 12, 2013) ........................................................... 16

*Great Am. Ins. Co. v. Chang*,
No. 12-00833-SC, 2013 WL 3965420, at *3 (N.D. Cal. July 31, 2013) ....................................... 25

*Gutierrez v. Kaiser Found. Hosps., Inc.*,
2012 WL 5372607 (N.D. Cal. Oct. 30, 2012) ............................................................................... 14

*Harrell v. City of Gilroy*,
No. 17-CV-05204-LHK, 2019 WL 452039, at *8 (N.D. Cal. Feb. 5, 2019) ................................. 3

*Hernandez v. City of San Jose*,
241 F. Supp. 3d 959, 985 (N.D. Cal. 2017) .................................................................................... 3

*Howey v. United States*,
481 F.2d 1187, 1190–91 (9th Cir. 1973) ........................................................................................ 5

*In re Apple iPhone Antitrust Litigation*,
846 F.3d 313, 318 .......................................................................................................................... 2

*In re Legrand*,
638 B.R. 151, 160 (Bankr. E.D. Cal. 2022) ................................................................................... 6

*In re Packaged Seafood Prods. Antitrust Litig.*,
277 F. Supp. 3d 1167, 1174 (S.D. Cal. 2017) ................................................................................ 5

*Johnson v. Soo Line R.R. Co.*,
2022 WL 540758 (N.D. Ill. Feb. 23, 2022) ................................................................................... 14

*Kasperzyk v. Shetler Sec. Servs., Inc.*,
No. C-13-3358 EMC/TEH, 2015 WL 1348503, at *12 (N.D. Cal. Mar. 25, 2015) ..................... 12

*Kendricks v. Westhab, Inc.*,
163 F. Supp. 2d 263 (S.D.N.Y. 2001) ............................................................................................ 16

*Kennedy v. MUFG Union Bank*,
No. E070775, 2020 WL 218521, at *12 (Cal. Ct. App. Jan. 15, 2020) ......................................... 12

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .......................................................................................................... 26

*Kurisu v. Svenhard's Swedish Bakery Supplemental Key Mgmt. Ret. Plan*,
2022 WL 6733328, at *3 (D. Or. Oct. 11, 2022) ............................................................................ 27

*Lanier v. Bd. of Trs. of Univ. of Ala.*,
2014 WL 657541 (N.D. Ala. Feb. 20, 2014) .................................................................................. 14

1

*Light v. Dep't. of Parks & Recreation*,
14 Cal. App. 5th 75, 101 (Cal. Ct. App. 2017) ............................................... 11

*Little v. Gore*,
188 F. Supp. 3d 1005 (S.D. Cal. Mar. 26, 2016) ............................................ 25

*Local 159,342,343,444 v. Nor-Cal Plumbing*,
185 F.3d 978, 985 (9th Cir. 1999) .................................................................. 28

*Luccesi v Bar-O Boys Ranch*,
353 F3d 691, 694–95 (9th Cir 2003) ................................................................ 9

*M.F. v. Pac. Pearl Hotel Mgmt. LLC*,
16 Cal. App. 5th 693, 699 (2017) .................................................................. 13

*Maddox v. City of Newark*,
50 F. Supp. 3d 606 (D.N.J. 2014) ........................................................... 14, 17

*McMinimee v. Yakima Sch. Dist. No. 7*,
2019 WL 11680199, at *13 (E.D. Wash. Aug. 7, 2019) ................................ 23

*Morales v. City of L.A.*,
214 F.3d 1151, 1153 (9th Cir. 2000) ................................................................ 9

*Morrow v. Fess Sec.*,
2020 WL 4927587, at *4 (D. Nev. Aug. 20, 2020) ...................................... 14

*Nader & Sons, LLC v. Namvar*,
2020 WL 8512297, at *3 (C.D. Cal. Dec. 10, 2020) ...................................... 9

*Navarro v. Block*,
250 F.3d 729, 732 (9th Cir. 2001) .................................................................... 6

*Ojmar US, LLC v. Security People, Inc.*,
No. 16-cv-04948-HSG, 2017 WL 5495912, at *4 (N.D. Cal. Nov. 16, 2017) .............................. 3

*Parsons v. Knipp*,
No. 14-CV-04833-HSG, 2016 WL 11721706 (N.D. Cal. Apr. 25, 2016) ................................... 24

*Peak Health Ctr. v. Dorfman*,
2020 WL 887935, at* 5 (N.D. Cal. Feb. 24, 2020) ........................................ 3

*Perales v. Am. Ret. Corp.*,
2005 WL 2367772, at *5 (W.D. Tex. Sept. 26, 2005) .................................. 19

*Raad v. Fairbanks N. Star Borough Sch. Dist.*,
323 F.3d 1185 (9th Cir. 2003) ...................................................................... 14

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

v

*Renstrom v. Nash Finch Co.*,
787 F. Supp. 2d 961, 965 (D. Minn. 2011) .................................................................. 19

*Rhodeman v. Ocwen Loan Servicing, LLC*,
2020 WL 1698709, at *3 (C.D. Cal. Apr. 3, 2020) ...................................................... 13

*Rosenblum v. Blackstone*,
2020 WL 1049916, at *9 (C.D. Cal. Jan. 22, 2020) ...................................................... 5

*Scheuer v. Rhodes*,
416 U.S. 232, 236 (1974) ............................................................................................... 6

*Scutt v. Carbonaro CPAs n Mgmt. Grp.*, 2
020 WL 5880715, at *11 (D. Haw. Oct. 2, 2020) ...................................................... 24

*Seals v. Marianetti-DesRosiers*,
2022 WL 3153942, at *4 (N.D.N.Y. Aug. 8, 2022) ...................................................... 1

*Shively v. Bozanich*,
31 Cal. 4th 1230, 1237 (2003) ...................................................................................... 7

*Sonora Diamond Corp. v. Superior Court*,
83 Cal. App. 4th 523, 538 (2000) ............................................................................... 27

*Stanley v. Univ. of S. Cal.*,
178 F.3d 1069, 1073–74 (9th Cir. 1999) ..................................................................... 22

*Sumotext Corp. v. Zoove, Inc.*,
2018 WL 1876937, at *7 (N.D. Cal. Apr. 19, 2018) ................................................... 25

*Swierkiewicz v. Sorema N.A.*,
534 U.S. 506, 508 (2002) ............................................................................................... 5

*Thompson v. City of Monrovia*,
186 Cal. App. 4th 860 (2010) ..................................................................................... 14

*Trent v. Valley Elec. Ass'n*,
41 F.3d 524, 526 (9th Cir. 1994) ................................................................................. 14

*Tri-Valley CARES v. U.S. Dep't of Energy*,
671 F.3d 1113, 1131 (9th Cir. 2012) ........................................................................... 25

*Trulsson v. Cnty. of San Joaquin Dist. Atty's Off.*,
49 F. Supp. 3d 685 (E.D. Cal. 2014) ........................................................................... 14

*United States v. Alexander*,
106 F.3d 874, 876 (9th Cir. 1997) ............................................................................... 25

OPP'N TO 7TH MOT. DISMISS,
NO. 4:22-CV-05990-HSG

*United States v. Lummi Indian Tribe*,
235 F.3d 443, 452 (9th Cir. 2000) ............................................................... 25

*Vargas v. Vons Cos. Inc.*,
No. B315167, 2022 WL 17685801, at *14 (Cal. Ct. App. Dec. 15, 2022)................... 12

*Voellger v. Dignity Health*,
2020 WL 13505420, at *3, 6 (N.D. Cal. July 27, 2020)......................................... 12

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
592 F.3d 954, 969 (9th Cir. 2010) ................................................................... 9

*Weaver v. A-Am. Storage Mgmt. Co.*,
2011 WL 97651, at *7 (D. Haw. Jan. 12, 2021) ................................................. 9

*Williams v. Robert Half Int'l Inc.*,
No. 4:20-CV-03989-KAW, 2021 WL 5414307, at *2 (N.D. Cal. Oct. 5, 2021)......... 19

*Yanowitz v. L'Oreal USA, Inc.*,
36 Cal. 4th 1028, 1047 (2005) ..................................................................... 17

*Yartzoff v. Thomas*,
809 F.2d 1371 (9th Cir. 1987) ..................................................................... 14

**Statutes**

California Code of Civil Procedure § 12

California Government Code § 6803

Civil Local Rule 7-9(a)

Civil Local Rule 7-9(b)(3)

Civil Local Rule 7-9(c)

Fed. R. Civ. P ("Rule") 1

Rule 6(1)(1)(A-C)

Rule 11

Rule 12

Rule 12(b)(6)

Rule 12(g)(2)

Rule 12(h)

Opp'n to 7th Mot. Dismiss,
No. 4:22-cv-05990-HSG

1
2
3

Plaintiff Zoya Kovalenko hereby opposes Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Dkt. No. 102. For the reasons stated below, Plaintiff respectfully requests this Court deny with prejudice all relief requested in the Motion.

**STATEMENT OF RELEVANT FACTS**

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Plaintiff commenced this action on October 11, 2022. *See* Docket (stating "Date Filed: 10/11/2022"). In December 2022, Defendants filed a flurry of motions attacking the Complaint, Dkt. No. 1, including, *inter alia*, six motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6), Dkt. Nos. 24, 30–31, 34–36, 69, 71–72, 74–76. Defendants' 234 pages of briefing (equating to 345 ECF-stamped pages) attacked each cause of action in the Complaint and included many of the same arguments repackaged in the instant Motion. On August 23, 2023, this Court issued an order denying in part and granting in part Defendants' six motions to dismiss and granted Plaintiff leave to file an amended complaint. Dkt. No. 92 (the "Order"). On September 20, 2023, Plaintiff timely filed her First Amended Complaint (the "FAC"). Dkt. No. 94. Plaintiff did not add any new substantive allegations to the FAC. On September 28, 2023, Defendants Michael De Vries ("De Vries"), Michael W. DeVries, P.C. ("DeVries P.C.") (De Vries and DeVries P.C. together, "De Vries Defendants"), Adam Alper ("Alper"), and Adam R. Alper, P.C. ("Alper P.C.") (Alper and Alper P.C. together, "Alper Defendants") (the De Vries Defendants and Alper Defendants together, "De Vries and Alper Defendants") filed a motion for leave to file a motion for reconsideration of the Order, Dkt. No. 98 (the "Motion for Leave"), with respect to the Court's rejection of De Vries Defendants' Motion to Dismiss, Dkt. No. 30, defamation claims and Alper Defendants' Motion to Dismiss, Dkt. No. 34, intentional infliction of emotional distress ("IIED") claims. On October 18, 2023, Defendants filed a ***seventh*** motion to dismiss. Dkt. No. 102 (the "Motion" or "Seventh Motion to Dismiss"). The Motion inexplicably raises arguments for the first time that Defendants could have but failed to raise in any of the first six motions to dismiss and repeats arguments made by Defendants in their prior motions for dismissing Plaintiff's IIED and defamation claims, which arguments this Court already addressed and put to bed in its Order.

28

**STATEMENT OF ISSUES TO BE DECIDED**

OPP'N TO 7TH MOT. DISMISS,
NO. 4:22-CV-05990-HSG

Whether the Court should deny with prejudice the Motion because: (1) it includes arguments previously available but omitted from Defendants' prior six motions to dismiss, including Defendants' challenge to Plaintiff's defamation and IIED claims as time-barred; Defendant Kirkland & Ellis LLP ("K&E")'s challenge to Plaintiff's claims for retaliation under Title VII and Fair Employment and Housing Act ("FEHA"), failure to prevent under FEHA, and sex discrimination under the Equal Pay Act ("EPA"); and the De Vries Defendants', Alper Defendants', Deoras Defendants', and Fahey's challenge to Plaintiff's IIED claims as preempted by workers' compensation law; and (2) the remaining arguments seek dismissal of Plaintiff's defamation and IIED claims by repackaging and repeating arguments that the Court considered, addressed and denied in its Order.

## ARGUMENT

### I.   THE COURT SHOULD REJECT ALL ARGUMENTS THAT COULD HAVE BEEN BUT INEXPLICABLY WERE NOT RAISED UNTIL THIS *SEVENTH* MOTION TO DISMISS

#### A.   Defendants Have Waived Their Arguments for Dismissal That Could Have Been but Were Not Presented in Their Six Prior Motions to Dismiss

##### 1.   Legal Standard

The Ninth Circuit has explained that Rule 12(g)(2) "provides that a defendant who fails to assert a failure-to-state-a-claim defense in a pre-answer Rule 12 motion ***cannot assert that defense in a later pre-answer motion*** under Rule 12(b)(6)." *In re Apple iPhone Antitrust Litigation*, 846 F.3d 313, 318 (9th Cir. 2017), *certiorari granted on other grounds* by *Apple Inc. v. Pepper*, 138 S. Ct. 2647 (June 18, 2018).   A district court may, at its discretion, excuse a defendant's failure to assert an argument raised in a successive 12(b)(6) motion that was available in an earlier-filed Rule 12(b)(6) motion if the successive motion does "not appear to have been filed for any strategically abusive purpose" and the delay would cause no harm to the plaintiff. *See In re Apple*, 846 F.3d at 320.   However, "*In re Apple* far from requires a district court to consider a successive Rule 12(b)(6) motion." *Harrell v. City of Gilroy*, No. 17-CV-05204-LHK, 2019 WL 452039, at *8 (N.D. Cal. Feb. 5, 2019).   Accordingly, this Court and others have repeatedly found that a violation of Rule 12(g)(2) bars a defendant's successive motion to dismiss. *See, e.g.*, *Hernandez v. City of San Jose*, 241 F. Supp. 3d 959, 985 (N.D. Cal. 2017)

1    (ruling defendants may not raise defense for first time in second-round motion to dismiss when

2    defense was reasonably available at time of first motion to dismiss); *Ojmar US, LLC v. Security*

3    *People, Inc.*, No. 16-cv-04948-HSG, 2017 WL 5495912, at *4 (N.D. Cal. Nov. 16, 2017) (same);

4    *Peak Health Ctr. v. Dorfman*, 2020 WL 887935, at* 5 (N.D. Cal. Feb. 24, 2020) (refusing to

5    consider defendant's argument in successive 12(b)(6) motion because "Rule 12(g)(2) does not

6    permit [defendant] to raise that argument on his second motion to dismiss").[1]

7    ### 2.    Argument

8            Defendants' attempt to raise for the first time certain arguments challenging Plaintiff's

9    retaliation, failure to prevent, EPA, defamation, and IIED claims available to them at the time they

10   filed their six prior Rule 12(b)(6) motions plainly violates Rule 12(g)(2).  Mot. at 5–8 (§ IV.B–D)

11   & 14–24 (§ IV.I–K).  Thus, the Court should deny such arguments as barred by Rule 12(g)(2) and

12   should not excuse Defendants' strategically abusive and wasteful litigation tactics.

13           In response to the Complaint, Defendants filed six separate motions to dismiss, a Rule

14   12(f) motion to strike, an anti-SLAPP motion, and a request for judicial notice to attack each

15   cause of action in the Complaint.  However, despite Defendants' best efforts to bury and

16   overwhelm Plaintiff with their barrage of duplicative and wasteful motions, this Court

17   resoundingly rejected the lion's share of their arguments and preserved the gestalt of Plaintiff's

18   case in its Order.  Now, while licking their wounds, Defendants have filed a seventh motion to

19   dismiss as a bad faith attempt to perpetuate and extend the pleadings stage by raising new

20   arguments that easily could have been raised in their earlier motions.  Plaintiff did not add new

21   substantive matter to the FAC, and the claims at issue here (as alleged in the FAC) are

22   substantively identical to the claims in the Complaint.  There is no legitimate explanation (and

23   Defendants have not attempted to provide one) as to why Defendants could not have raised these

24   arguments in any of their six initial motions to dismiss or even any related motions.[2]  *Peak*

25   *Health*, 2020 WL 887935, at *5 (refusing to consider defendant's argument in 12(b)(6) motion

---

[1] *Interior Elec. Inc. Nevada v. T.W.C. Constr.*, Inc., 2020 WL 5983882, at *3, n.48 (D. Nev. Nov. 8, 2020) (collecting cases).

[2] For example, while Alper Defendants' earlier motion to dismiss (Dkt. No. 34) challenged Plaintiff's EPA claim, K&E chose not to challenge her EPA claim in its separate motion to dismiss (Dkt. No. 24) but challenges that claim now.

3                          OPP'N TO 7TH MOT. DISMISS,
                           No. 4:22-CV-05990-HSG

"[b]ecause the allegations of the SAC do not differ substantially from those of the FAC, and because the actual malice argument was available to [defendant] during his previous motion to dismiss").

Indulging Defendants' abusive and wasteful Motion would not promote judicial economy and would prejudice Plaintiff by unnecessarily prolonging the pleading stage, causing manifest prejudice to Plaintiff. *See Harrell*, 2019 WL 452039, at *8. Similar to *Harrell*, Plaintiff filed her original complaint "over a year ago" and in response "Defendants filed [multiple] Rule 12 motions, but never once raised" the specific failure-to-state-a-claim arguments that they now allege in their Seventh Motion to Dismiss. *Id.* Because "Defendants' Rule 12(b)(6) motion now might require [Plaintiff] to once again amend her pleading, were the Court to grant . . . Defendants' motion," had they raised these available arguments earlier in their voluminous prior Rule 12 motions, Plaintiff would have been able to "address all of Defendants' concerns in one set of amendments." *See, e.g.*, *id.* Here, to the extent the Court grants any relief requested by Defendants, it would need to afford Plaintiff leave to amend the FAC,[3] which would only serve to perpetuate the cycle of Defendants filing another round of baseless motions to dismiss in furtherance of their abusive litigation tactics. The Court should also reject "Defendants' scattershot approach to attacking" Plaintiff's causes of action, which "impedes speedy resolution of the case." *Harrell*, 2019 WL 452039, at *8; *see In re Packaged Seafood Prods. Antitrust Litig.*, 277 F. Supp. 3d 1167, 1174 (S.D. Cal. 2017) ("[T]o refuse to enforce Rule 12(g)(2)'s clear command . . . would set a dangerous precedent regarding the ability to continually hamstring a plaintiff with wave after wave of motions to dismiss.").[4]

---

[3] It is an abuse of discretion to deny a motion to amend when "there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver of bad faith[.]" *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973).
[4] To that end, unnecessarily prolonging the pleading stage and delaying a swift and meritorious resolution to this case is inconsistent with the discovery already underway, including Defendants' aggressive and questionable affirmative discovery requests to date. *See Rosenblum v. Blackstone*, 2020 WL 1049916, at *9 (C.D. Cal. Jan. 22, 2020) (finding defendants' argument that amended complaint is "insufficient to state plausible claims against them ring hollow and lack merit" and noting that defendants' "previously filed a motion to dismiss which did not contain the present sufficiency challenge" and have also started to engage in discovery). Defendants have already issued two non-party subpoenas seeking extremely broad and irrelevant information from Plaintiff's prior employers and served intentionally abusive and objectionable First Sets of Interrogatories and Requests for Productions ("RFPs"), which includes 202 RFPs.

1    For the above reasons, pursuant to Rule 12(g)(2) and consistent with Ninth Circuit

2    precedent, the Court should deny Defendants' Seventh Motion to Dismiss, which is simply a

3    continuation of their wasteful motions practice and typifies their abusive and scorched-earth

4    litigation tactics.  *See, e.g.*, *Dental Monitoring SAS v. Align Tech., Inc.*, 2023 U.S. Dist. LEXIS

5    124324, at *5 (N.D. Cal. Jul. 19, 2023) ("Rule 12(g) is designed to avoid repetitive motion

6    practice, delay, and ambush tactics. Entertaining this motion would only facilitate repetitive

7    motion practice, delay, and ambush tactics here." (citation omitted)).

### B.    Defendants' Arguments Presented for the First Time in Their Seventh Motion to Dismiss Are Meritless

#### 1.    Legal Standard

A valid complaint requires only a "short and plain statement of the claim." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544 (2007).  Notably, the standard is even more favorable to the plaintiff

in the employment discrimination context, where the case law is clear that a well-pled complaint

"need not include such facts [sufficient to establish a prima facie case]." *Swierkiewicz v. Sorema*

*N.A.*, 534 U.S. 506, 508 (2002). "[A] well-pleaded complaint may proceed even if it appears 'that

a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236

(1974)).  Motions under Rule 12(b)(6) are generally limited to challenging the legal sufficiency

of a claim as alleged.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A Rule 12(b)(6)

motion should neither be used to resolve factual disputes or contests regarding substantive merits

of a claim or applicability of defenses nor be used to address credibility or proof issues in a

complaint.  *City of Oakland v. BP PLC*, 969 F.3d 895 (9th Cir. 2020); *Twombly*, 550 U.S. at 556.

Here, Defendants' purported version of facts is legally irrelevant at this stage because the factual

matter of the FAC is "taken as true" when assessing whether Plaintiff has stated a claim for relief

and deciding whether to deny Defendants' Rule 12(b)(6) Motion.  *Twombly*, 550 U.S. at 556.

*Twombly* and *Iqbal* do not call for an assessment of a defendant's purported version of the facts

or a probabilistic determination of which party's version of the facts is more plausible.

Here, as in the prior six motions to dismiss, Defendants launch improper factual attacks

disputing the allegations in the FAC and misapply case law.  Defendants, in full awareness of the

frivolity and weakness of their arguments, try to elevate purported Rule 12(b)(6) arguments into

arguments properly addressed at later stages of litigation, which is evidenced by the Motion's considerable reliance (over 20 cases) on **summary judgment** case law. *E.g.*, *Batdorf v. Trans Union*, 2000 WL 635455, at *4 (N.D. Cal. May 8, 2000) (finding citation to case "decided at the summary judgment stage" to support argument in motion to dismiss showed defendant's "argument is likewise more appropriate for a summary judgment motion").  The Motion relies on a studied ignorance of facts alleged therein (and also previously alleged in the Complaint) and mischaracterization of allegations in the FAC to contend that Plaintiff's claims are implausible and should be dismissed per *Twombly* and *Iqbal*.  Such an approach is a brazen distortion of federal pleading standards and is emblematic of Defendants' disregard for professional rules of conduct.  *See, e.g.*, *In re Legrand*, 638 B.R. 151, 160 (Bankr. E.D. Cal. 2022) (admonishing law firm because "it materially misstated" law in its area of specialty "by way of selective citations").

### 2. None of Defendants' Arguments Raised for the First Time Now Warrant Dismissal of Plaintiff's Claims Under Rule 12(b)(6)

#### i) Plaintiff's Defamation and IIED Claims Are Not Time-Barred

Defendants incorrectly assert that Plaintiff's defamation and IIED allegations are barred by the statute of limitations.  Mot. at 5–6.  As an initial matter, the allegations in the FAC make clear that Plaintiff did not discover, and had no ability to discover, the defamatory statements contained in her purported "evaluation" and "reviews" until K&E first made the "evaluation" and "reviews" available to her on October 11, 2021.  FAC ¶ 193; *see id.* ¶¶ 14–15, 104, 161, 188, 190–92, 214–15 (explaining Defendants intentionally refused to provide any information why Plaintiff was being fired and that Plaintiff was not read and was unable to learn the contents of the "evaluations" and "reviews" until October 11, 2021 at earliest).[5]  Thus, the discovery rule clearly applies and the first day that Plaintiff's defamation claim accrued was October 11, 2021. *Shively v. Bozanich*, 31 Cal. 4th 1230, 1237 (2003) (explaining discovery rule delays "accrual of the cause of action . . . until the plaintiff knew (or with reasonable diligence should have known) of the factual basis for the claim" and has been applied in defamation actions when the

---

[5] The Motion selectively summarizes the allegations in the FAC to prop up this baseless argument. *See* Mot.at 6 (excluding from quotation facts in FAC clearly explaining why Plaintiff was unable to earlier discover defamatory statements).

OPP'N TO 7TH MOT. DISMISS,
No. 4:22-CV-05990-HSG

1

defamatory statement is undiscoverable).

2

Defendants (conveniently) fail to mention California Code of Civil Procedure § 12 which

3

states that "[t]he time in which any act provided by law is to be done is computed by *excluding*

4

*the first day*, and including the last, unless the last day is a holiday, and then it is also excluded."

5

(emphasis added).[6]  Thus, a purported one-year statute of limitations for Plaintiff's defamation

6

claims (i.e., the one-year deadline to file her defamation claims) is calculated by excluding

7

October 11, 2021, "the first day" on which her claims accrued.  Further, pursuant to California

8

Government Code § 6803, the term "'Year' means a period of 365 days." As such, Plaintiff had

9

365 days from October 12, 2021, to file her defamation claim, which would be October 12, 2022,

10

the date on which the Complaint was, according to ECF records, filed.[7]  As such, Plaintiff

11

unquestionably timely filed her defamation claims within the one-year statute of limitations.

12

Plaintiff's defamation claims are also subject to equitable tolling given that she had to

13

exhaust administrative remedies[8] before filing suit in court, thereby tolling the statute of

14

limitations for her claims, including defamation and IIED.  *E.g.*, *Fanucci v. Allstate Ins. Co.*, 638

15

F. Supp. 2d 1125, 1137 (N.D. Cal. 2009) ("It is clear that, '[w]here exhaustion of an

16

administrative remedy is mandatory prior to filing suit, equitable tolling is automatic."); *Eloyan*

17

18

19

20

21

22

23

24

25

26

27

28

---

[6] *See also* Rule 6(1)(1)(A-C) (when "computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time," "[w]hen the period is stated in days or a longer unit of time: (A) *exclude the day of the event that triggers the period*; (B) count every day ; and (C) include the last day of the period").

[7] Plaintiff notes that, and as the ECF Docket Report in this case states, this case itself was initiated on October 11, 2022.  In other words, Plaintiff sought to file this action on October 11, 2022, but ultimately the Complaint did not make its way onto the ECF system until sometime after midnight the evening of October 11, 2022.  Thus, Plaintiff's claims would not be time-barred even under the incorrect view that the one-year statute of limitation began on October 11, 2021.  Defendants offer no authority for dismissing a claim as time-barred during pleadings where the underlying lawsuit was initiated within the alleged statute of limitations, but the complaint was e-filed a mere hour or so after midnight on the day of the purported filing deadline, due to difficulties with the ECF system, particularly relevant here due to Plaintiff's unfamiliarity with ECF filing.  *Edgington v. Cnty. of San Diego*, 118 Cal. App. 3d 39 (1981), involved a motion for **summary judgment**, and, unlike the facts here, the court deemed the complaint untimely because it was mailed a full day after the "last possible date" to bring the action.  *Tate v. United States*, 437 F.2d 88 (9th Cir. 1971), affirmed dismissal of a complaint filed two days late.  Mot. at 6.  Certainly, Defendants did not suffer any prejudice by the negligible delay in uploading the Complaint.

[8] Plaintiff filed an administrative charge against the United States Equal Employment Opportunity Commission ("EEOC") and an administrative complaint against the Defendants with the California Department of Fair Employment and Housing ("DFEH") on February 11, 2022. FAC ¶ 31.

OPP'N TO 7TH MOT. DISMISS,
NO. 4:22-CV-05990-HSG

1   *v. United States*, 2020 WL 7382316, at *4 (C.D. Cal. Oct. 21, 2020) (same).  The application of

2   equitable tolling is fatal to Defendants' arguments.  Indeed, the Ninth Circuit has held that it is

3   inappropriate to dismiss a claim under Rule 12 "as barred by the statute of limitations," unless

4   "the running of the statute is apparent on the face of complaint."  *Von Saher v. Norton Simon*

5   *Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).  Accordingly, courts repeatedly

6   deny Rule 12 motions seeking to dismiss a claim based on an alleged running of the applicable

7   statute of limitations.  *See, e.g.*, *Weaver v. A-Am. Storage Mgmt. Co.*, 2011 WL 97651, at *7 (D.

8   Haw. Jan. 12, 2021) (denying argument in motion to dismiss that complaint was barred by statute

9   of limitations stating "this is an issue not suitable for decision at this stage of the proceedings");

10  *Nader & Sons, LLC v. Namvar*, 2020 WL 8512297, at *3 (C.D. Cal. Dec. 10, 2020) (rejecting

11  "Defendants' statute of limitations arguments [raised in motions to dismiss] as premature"); *see*

12  *also Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1140 (9th Cir. 2001) ("[O]nly

13  in the rare case [can] the [equitable tolling] inquiry proceed at the pleading stage.").  Here, the

14  FAC includes allegations regarding the prerequisite administrative process; therefore, it cannot

15  be said that "the assertions of the complaint, read with the required liberality, would not permit

16  the plaintiff to prove that the statute was tolled" with respect to her defamation and IIED claims.

17  *Morales v. City of L.A.*, 214 F.3d 1151, 1153 (9th Cir. 2000); *see* FAC ¶¶ 18, 31, 221.  Plaintiff

18  need not "specifically raise 'equitable tolling' in the complaint for the doctrine to apply."  *E.g.*,

19  *Weaver*, 2011 WL 97651, at *10-11 (citing *Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir.

20  1993).  Thus, based on the allegations in the FAC, the Court cannot dismiss Plaintiff's defamation

21  and IIED claims as time-barred.  *E.g.*, *Brown v. City of Oakland*, 2009 WL 10695716, at *6 (N.D.

22  Cal. Aug. 6, 2009) (finding "Plaintiff's invocation of the equitable tolling doctrine is 'plausible

23  on its face'" based on general allegation that plaintiff filed "a similar action in state court" within

24  6-month statute of limitation period).

25          Moreover, although unnecessary at this stage of the proceedings, the allegations in the

26  FAC easily satisfy the three elements to invoke equitable tolling: "(1) timely notice to the

27  defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to

28  defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in

1   filing the second claim." *Luccesi v Bar-O Boys Ranch*, 353 F3d 691, 694–95 (9th Cir 2003)

2   (citing *Collier v Pasadena*, 142 Cal. App. 3d 917, 924 (1983)).   The facts here are analogous to

3   *Smith v. SEIU United Healthcare Workers West*, in which this Court denied a motion to dismiss

4   a defamation claim as time-barred because plaintiff's filing "of his EEOC complaint on

5   November 12, 2003 (i.e., within the limitations period), tolled the running of the statute until the

6   EEOC issued a determination of probable retaliation on April 5, 2005."  *Smith*, No. C 05-2877

7   VRW, 2006 WL 2038209, at *7–9 (N.D. Cal. July 19, 2006).   In *Smith*, this Court held that the

8   plaintiff's complaint satisfied the test to invoke equitable tolling and rejected defendant's

9   argument that they would be prejudiced because the EEOC complaint "did not put them on notice

10  of the need to investigate and defend against a defamation claim."  *Id.* at *7-8.   Of note, the

11  EEOC complaint provided notice of the defamation claim given the retaliation claim therewith

12  was supported by the alleged defamatory statements at issue, thereby making "a showing that

13  [Plaintiff] was not defamed . . . an obvious defense both here and in the EEOC proceedings."  *Id.*

14  at *8.   As such, this Court found the first two elements—timely notice and lack of prejudice to

15  defendant—were satisfied.  *Id.*   Finally, this Court concluded that "none of the allegations

16  indicates that, as a matter of law, [Plaintiff] acted other than reasonably and in good faith in

17  bringing this action," satisfying the third element of the test.  *Id.*

18          Here, like in *Smith*, the FAC easily satisfies the test to invoke equitable tolling.  Plaintiff

19  put Defendants (including K&E) on notice of her intent to bring her defamation claims when she

20  filed and served her administrative charge/complaint and also prior to filing the administrative

21  charge/complaint as she specifically discussed her claims and the defamatory "evaluations" with

22  K&E's chief human resources officer and its general counsel.  *See* FAC ¶¶ 17–18, 31, 217–19.

23  Defendants have no basis to claim they would be prejudiced through application of the equitable

24  tolling doctrine—and indeed, they did not even raise this argument until a year after this case

25  was commenced.   The administrative charge/complaint unquestionably involved claims and

26  allegations of wrongdoing that were "similar" (if not identical) to the defamation claims

27  Defendants now challenge, and therefore Defendants' "investigation of the first claim" (i.e.,

28  through both internal investigation in response to the post-firing discussion and investigation in

response to the administrative charge/complaint) undeniably put them "in a position to fairly defend" the defamation and IIED claims in this case. *See Smith*, 2006 WL 2038209, at *7-8 (stating that, in defending administrative complaint for retaliation involving defamatory letter, defendant necessarily had to collect evidence to rebut defamation claim involving same letter) (citing *Cervantes*, 5 F.3d at 1276). Finally, there is nothing to suggest that Plaintiff failed to act reasonably in good faith by in filing the Complaint and FAC, given how quickly this action was filed after she filed her charges with DFEH and EEOC. *See* FAC ¶ 31.

Further, Defendants fail to show Plaintiff's IIED claims are time-barred as their entire argument is predicated on the incorrect assumption that Plaintiff's defamation claims are also time-barred. *See* Mot. 6-7. As explained above, the defamation claims are not time barred, and thus, the Motion cannot show Plaintiff's IIED claims are time-barred. Moreover, Defendants' argument is based on a faulty and gross distortion of the Court's Order as Defendants contend that the Order "made clear" that Plaintiff's IIED claims are "[entirely] dependent on her defamation claim." S*ee* Mot. at 6. However, the Order did not state and certainly never "made clear" that the IIED claims were "dependent" on the defamation claims. Rather, the Order stated, as an example, that pleading that Defendants "deliberately falsified performance reviews" was sufficient to survive a motion to dismiss, consistent with the holding in *Light v. Dep't. of Parks & Recreation*, 14 Cal. App. 5th 75, 101 (Cal. Ct. App. 2017); *see* Order at 21–22. The Order expressly prefaces this example by more broadly holding that "workplace discrimination and retaliation in violation of FEHA can support an IIED claim." Order at 21. The FAC avers facts well beyond falsification of performance reviews as conduct constituting unlawful discrimination and retaliation in violation of FEHA. *E.g.*, FAC ¶¶ 100–18, 129–68. Thus, the false contention that Plaintiff's IIED claims are "dependent" (or based entirely on) Plaintiff's defamation claims is yet another misleading and unavailing argument peddled by Defendants. Accordingly, for the above reasons, the Court must deny Defendants' frivolous bid to dismiss Plaintiff's defamation and IIED claims based on the new statute of limitations arguments.[9]

---

[9] The cases Defendants cite are inapposite and irrelevant for the same reasons discussed above.

1

2

ii)    Defendants Fail to Show Plaintiff's IIED Claims Against De Vries
Defendants, Alper Defendants, Deoras Defendants, and Fahey Are
Preempted by Workers' Compensation Law.

3        Defendants cannot show Plaintiff's IIED claims are preempted by workers' compensation

4   law.  Mot. at 7–8.  The case law offered by Defendants—half of which involves summary

5   judgment—to try and revive their already rejected arguments[10] is unavailing and does not provide

6   any basis for the Court to reverse its prior Order.[11]  Defendants' majority reliance on summary

7   judgment case law further underscores the wisdom of this Court's Order, which held that this

8   issue "is appropriately resolved at a later stage," e.g., summary judgment.  Order at 21; Mot. at

9   7–8; *see also* Order at 9.  Defendants cite to *Voellger v. Dignity Health*, 2020 WL 13505420, at

10  *3, 6 (N.D. Cal. July 27, 2020), which is easily distinguishable despite it being Defendants'

11  "best" case.  Mot. at 8.  Defendants appear to use this case to undermine the Court's Order by

12  arguing *Voellger* held that Plaintiff "cannot assert an IIED claim against [her supervisor] Kuntz

13  because Kuntz's conduct constitutes 'personnel management,'" and therefore "it is preempted by

14  California's Worker's Compensation."  *Voellger*, 2020 WL 13505420, at *5–6.  However, this

15  Court explicitly held that Plaintiff "alleges more than just 'personnel management activity.'"

16  Order at 21.  Thus, *Voellger* is inapplicable.  Further, this Court has previously found that conduct

17  that Defendants categorize as personnel decisions can show IIED.  *See, e.g.*, *Browand v. Ericsson

18  Inc.*, No. 18-CV-02380-EMC, 2018 WL 3646445, at *8 (N.D. Cal. Aug. 1, 2018) (finding IIED

19  claim survived where plaintiff alleged differential treatment of women, such as refusing to offer

20  additional training, lying about why plaintiff would not receive a raise, and focusing on career

21  opportunities for males not provided to females like plaintiff).

22        Defendants incorrectly argue that *Light* does not apply because the "Court has already

23  concluded that the complaint does not state a viable FEHA claim against the Individual

24

25  [10] *See* Order at 19–23 (denying all Defendants' 12(b)(6) motions to dismiss Plaintiff's IIED claims and determining Plaintiff's allegations are not preempted by Workers' Compensation Act and "are enough to survive a motion to dismiss," *id.* at 21); *see infra* Section II.A–C.

26  [11] Mot at 7–8 (citing three **summary judgment** cases: *Kasperzyk v. Shetler Sec. Servs., Inc.*, No.

27  C-13-3358 EMC/TEH, 2015 WL 1348503, at *12 (N.D. Cal. Mar. 25, 2015); *Kennedy v. MUFG Union Bank*, No. E070775, 2020 WL 218521, at *12 (Cal. Ct. App. Jan. 15, 2020); and *Vargas v. Vons Cos. Inc.*, No. B315167, 2022 WL 17685801, at *14 (Cal. Ct. App. Dec. 15, 2022)).  In addition, *Kasperzyk* is a pre-*Light* case, and the Court previously said such cases were not

28  persuasive.  Order at 22–23; Mot. at 8 n.6.

Defendants."  Mot. at 7–8 (citing *Voellger* and three summary judgment cases as support). However, the Order does not say Plaintiff is required to maintain a separate FEHA claim against each individual Defendant in order for her IIED claims to be valid against each Defendant, which would be inconsistent with *Light*.  *See* Order at 20–21, 23; *Light*, 14 Cal. App. 5th at 102 (allowing IIED claim to proceed against supervisor when underlying FEHA claim asserted only against co-defendant employer).  *Voellger* does not support Defendants' argument either because the only FEHA claim asserted was a retaliation claim against plaintiff's supervisor, not her employer.  *Voellger*, 2020 WL 13505420, at *3-4 (noting plaintiff conceded sole FEHA claim should be dismissed).  Because the Court in *Voellger* dismissed the sole underlying FEHA claim, it concluded "Light cannot save Voellger's IIED claim from preemption."  *Id.* at *6.  Here, in contrast, the Court acknowledged that Plaintiff has viable FEHA claims (for discrimination and retaliation) against K&E and concluded that Plaintiff stated a viable IIED claim against all Defendants based on her FEHA claims against K&E.[12]  *See* Order at 20–23.[13]

iii)   Plaintiff's Claims for Retaliation under Title VII and FEHA and for Failure to Prevent Under FEHA Are More Than Plausible

K&E's raises factual disputes regarding Plaintiff's complaints of protected activity, which is not proper at the pleading stage. Mot at 14–19.  Saliently, **two thirds** of the cases cited by K&E deal with the **summary judgment stage or later**, and are therefore inapposite.[14] Further, the Court already determined that "the allegations in the Complaint sufficiently plead" FEHA sex discrimination and retaliation claims as to K&E, and the FAC's retaliation allegations mirror the those in the Complaint. Order at 21.  As such, the Court need not wade through K&E's extensive and entirely factual dispute of the details underlying Plaintiff's retaliation claims.

---

[12] Defendants cite *M.F. v. Pac. Pearl Hotel Mgmt. LLC*, 16 Cal. App. 5th 693, 699 (2017) as purported support.  Mot. at 7.  However, this case does not abrogate *Light* and found in favor of Plaintiff, reversing the lower court's sustaining of a demurrer.  *Pacific*, 16 Cal. App. 5th at 699.
[13] To the extent the Court grants Defendants' motion based on this argument, Plaintiff respectfully requests leave to amend to add FEHA harassment claims against De Vries, DeVries P.C., Alper, Alper P.C., Deoras, Deoras P.C., and Fahey.  *See* Order at 11 n.13 (noting "FEHA does, however, allow for individual liability for harassment claims").
[14] Defendants begin this section by dishonestly citing three summary judgment cases to allegedly set forth the legal standard "to state a claim for retaliation."  Mot. at 14 (citing *Yartzoff v. Thomas*, 809 F.2d 1371 (9th Cir. 1987); *Flait v. N. Am. Watch Corp.*, 3 Cal. App. 4th 467 (1992); *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185 (9th Cir. 2003)).

1
2
3
4
5
6
7
8
9
10
11
12
13

K&E argues that the FAC's allegations do not "plausibly bear some relation to discrimination on the basis of a protected characteristic" and only constitute "general complaints about the workplace or unfairness." Mot. at 2–3, 14–17. Neither argument is true. First, it is beyond debate based on the facts in the FAC that Plaintiff's April 29 and July 23, 2021 complaints were about discrimination and a hostile work environment on the basis of sex, and unlawful retaliation. *E.g.*, FAC ¶¶ 100–32, 149–73. Second, courts regularly find that lesser (or similar) allegations sufficient to plead protected activity. *See, e.g.*, *EEOC v. Glob. Horizons, Inc.*, 904 F. Supp. 2d 1074, 1088 (D. Haw. 2012) (complaints about employer's "failure to pay [] wages, poor living conditions, and lack of food and water" combined with allegations of adverse actions resulting from complaints sufficient); *Morrow v. Fess Sec.*, 2020 WL 4927587, at *4 (D. Nev. Aug. 20, 2020) (plaintiff "successfully alleges . . . protected activity" by alleging supervisor was consistently aggressive to him and began "creating a more hostile work environment" after complaint).

14
15
16
17
18
19
20
21
22
23

The cases on which K&E relies are easily distinguishable from the facts here. K&E cites *Finley v. United Parcel Serv. Inc.*, 2018 WL 6422082 (D. Ariz. Mar. 30, 2018), multiple times to contend that the FAC's allegations do not plausibly relate to discrimination and include only general, non-actionable complaints about workplace or unfairness. Mot. at 3, 15 (citing *Finley* at *12). However, *Finley*, like much of K&E's proffered precedent, is an inapposite **summary judgment** case. *E.g.*, *Batdorf*, 2000 WL 635455, at *4 (finding citation to case "decided at the summary judgment stage" to support argument in motion to dismiss demonstrated defendant's argument was more appropriate for summary judgment motion).[15] Regardless, the allegations here are significantly more detailed than the general complaints in *Finley* and are clearly connected to discriminatory, harassing, and retaliatory conduct.[16] *See* FAC ¶¶ 100–32, 140–68.

24
25
26
27
28

[15] K&E's reliance on *Gutierrez v. Kaiser Found. Hosps., Inc.*, 2012 WL 5372607, at *6 (N.D. Cal. Oct. 30, 2012), is similarly misplaced as it addresses retaliation at **summary judgment.** Mot. at 15–17. Further, *Gutierrez* only concerned alleged complaints about violations of a collective bargaining agreement, which "are not protected under FEHA since they do not address workplace discrimination." *Gutierrez*, 2012 WL 5372607, at *16–17.
[16] Indeed, Finley's vague hotline complaints were generally about how "not all employees" were treated like him and did not "mention[] race or suggest[] the complaints plausibly relate to unlawful treatment such that [Defendant] would be aware Finley was engaging in protected activity." *Finley*, 2018 WL 6422082, at *12–13.

OPP'N TO 7TH MOT. DISMISS,
NO. 4:22-CV-05990-HSG

K&E cites another inapposite case, *Albro v. Spencer*, 2019 WL 2641667, at *9 (E.D. Cal. June 27, 2019), to argue that Plaintiff's complaints about "unfair treatment related to her trial experience" and "disproportionate workload at trial" (compared to male associates) are merely complaints about an "unsupportive work environment," which do not constitute protected activity under Title VII. *See* Mot. 15. However, the well-pled facts here do not compare to the barebones allegation in *Albro* that "he worked in an unsupportive work environment." *E.g.*, FAC 119; *see id.* ¶¶ 100–32, 140–68; *Albro*, 2019 WL 2641667, at *9. The FAC's allegations clearly "bear some relation to [] discrimination" as Plaintiff, for example, ties her complaints about disproportionate trial workload and unfair treatment before, during, and after trial to sex-based discrimination, harassment, and retaliation that she experienced by explaining how various male associates received better treatment at trial. *See, e.g.,* FAC ¶¶ 100–29.[17]

In addition, K&E frivolously contends that FAC ¶ 121 constitutes "artful pleading" that "*Iqbal* and *Twombly* are designed to root out," relying exclusively on another summary judgment case to support this baseless argument. Mot. at 15–16 (citing *Johnson v. Soo Line R.R. Co.*, 2022 WL 540758, at *14 (N.D. Ill. Feb. 23, 2022)).[18] This baseless argument is contradicted by the plain allegations in the FAC. *E.g.*, FAC ¶¶ 119–29.[19] K&E similarly contends that Plaintiff's allegations regarding her complaints on the July 23, 2021 call fail to plausibly allege protected activity because Plaintiff did not "specify" what was actually said. *See* Mot. at 17. This argument is meritless and propped up by two clearly inapplicable cases.[20] Further, the plain allegations in

---

[17] *Seals v. Marianetti-DesRosiers*, 2022 WL 3153942, at *4 (N.D.N.Y. Aug. 8, 2022) is not only outside this circuit but is inapposite because the plaintiff alleged bare complaints of "unlawful discrimination" and a "hostile work environment" without any "reference to any nexus to membership in a protected class." Mot. at 15. In that vein, K&E's attempt to cast the FAC's allegation(s) that Plaintiff complained about "Unlawful Employment Practices" (*see* FAC ¶¶ 119, 166) is made in a vacuum and ignores the plain allegations and structure of the FAC. *E.g.*, FAC at 44; *id.* ¶¶ 1–5, 100–18, 142–68.

[18] Adding a mere "see" signal before citing to a summary judgment case as the only support for an argument that Plaintiff's FAC does not satisfy "*Iqbal* and *Twombly*" pleading standards does not remedy this abject attempt to mislead the Court. Mot. at 16; *see also* Mot. at 17.

[19] The statement that Plaintiff "**is only now in the FAC** couching the complaint in terms of gender" is also misleading because it implies that Plaintiff altered the allegation in her original complaint when she filed the FAC. Mot. at 15–16 (emphasis added). However, this is false.

[20] In support of this argument, Defendant begins by citing yet another **summary judgment** case. Mot. at 17 (citing *Johnson*, 2022 WL 540758, at *14). They next reference *Kendricks v. Westhab, Inc.*, 163 F. Supp. 2d 263 (S.D.N.Y. 2001), another off-point case in which the court concluded that plaintiff's vague and "general protests" against the defendant and his simple references to

the FAC directly contradict K&E's unsupported view that Plaintiff's July 23 complaints were "not about gender discrimination at all, but instead about her workload." *E.g.,* FAC ¶¶ 129–68.[21]

And K&E's argument that Plaintiff's failure to "explicitly state" that her complaints were "because of her gender"—which it claims is "fatal to her claim"—is meritless.  Mot. at 16–18.[22] K&E has no support for its made-up "explicitly state" pleading requirement, and California and Ninth Circuit courts routinely reject this as a pleading requirement.  *E.g.*, *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1047 (2005) ("[A]n employee is not required to use legal terms or buzzwords when opposing discrimination. The court will find opposing activity if the employee's comments, when read in their totality, oppose discrimination."); *Glob. Horizon*, 904 F. Supp. 2d at 1088 (rejecting argument that complaints regarding abusive workplace/environment did not constitute protected activity "if the complainant does not explicitly allege discriminatory treatment").[23] All but one of the cases K&E offers to support its newly minted "explicit statement" requirement pertain to **summary judgment**, and the sole case involving a motion to dismiss, *Belton v. Borg & Idle Imaging P.C.*, 512 F. Supp. 3d 433 (W.D.N.Y. 2021), never states or even suggests that an "explicit statement" saying that sex was the reason for a complaint about discriminatory conduct is required to adequately plead protected activity.  In fact, *Belton* contradicts K&E's own argument by finding the plaintiff "never ***suggested***" that her complaint was based on race, making clear that an explicit statement is not in fact required (i.e., reason for complaint can be implicit or inferred).  *Id.* at 445.  *Belton* also failed to link the complained of conduct to unlawful discrimination or her protected status (*see id.*), whereas the FAC clearly links Plaintiff's complained of conduct to discriminatory treatment relative to male colleagues as

---

his "protests" and "outspoken ways" made it impossible, without more, for the court to determine whether such statements constituted protected activity.  *Id.* at 270-71. Here, conversely, the FAC clearly alleges sufficient facts to state a plausible claim.  *E.g.*, FAC ¶¶ 129–68; *Graves v. Pau Hana Grp., LLC*, 2013 WL 6000986, at *3 (E.D. Cal. Nov. 12, 2013 (finding allegations of informal complaints about supervisor's abusive conduct and behavior sufficient to allege protected activity under FEHA, and rejecting defendant's argument that plaintiff has failed to "allege with any specificity the nature of the protected activity in which she was engaged").

[21] *Maddox v. City of Newark*, 50 F. Supp. 3d 606 (D.N.J. 2014), is a **summary judgment** case.

[22] K&E makes no argument that Plaintiff's complaints do not constitute protected activity based on complaints about a hostile work environment or retaliation under Title VII or FEHA.

[23] *Funai v. Brownlee*, 369 F. Supp. 2d 1222, 1243 (D. Haw. 2004) ("Plaintiff's conduct need not have explicitly referred to discrimination or retaliation in order to constitute protected 'opposition activity.'" (citing *EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 586 (9th Cir. 2000)).

well as Plaintiff's good-faith belief that she was subjected to a hostile work environment and retaliation for previously complaining about Defendants' discriminatory and harassing conduct. *E.g.*, FAC ¶¶ 129–68; *Morrow*, 2020 WL 4927587, at *4.[24]

Further, contrary to K&E's assertion, the fact that Plaintiff complained in July 2021 about her treatment relative to both male associates and also a female associate, Victoria Huang, does not confirm or even suggest that this complaint "was not about gender discrimination and thus not protected activity." *See* Mot. at 18. As K&E knows but intentionally omits, the complaints Plaintiff made on July 23, 2021 included complaints for sex-based discrimination and hostile work environment *and* also retaliation due to her prior complaints. This is unmistakably clear from the allegations in the FAC, including those immediately preceding those discussing the July 2021 call, which explain that Plaintiff was subjected to extensive retaliatory treatment after her initial April 2021 reporting about the discriminatory horrors experienced and observed in connection with trial and that she "reasonably, with good faith, believed [such conduct] constituted sex-based discrimination and/or harassment constituting a hostile work environment and/or retaliation for her prior complaint[s]." *E.g.*, FAC ¶¶ 129–32; *see also id.* ¶¶ 100–26, 133–68. The only contrived support K&E offers for this baseless distortion of the FAC are inapplicable **summary judgment** cases, which at this point is simply par for the course in Defendants' frivolous Motion. Mot. at 18 (citing *Bolanos v. Ne. Ill. Univ.*, 2017 WL 56632, at *15 (N.D. Ill. Jan. 4, 2017) & *Barot v. Embassy of Republic of Zam.*, 299 F. Supp. 3d 160, 188 n.22 (D.D.C. 2018)). Thus, for the foregoing reasons, the Court should deny the Motion's baseless bid to dismiss Plaintiff's Title VII and FEHA retaliation claims[25] and FEHA failure to prevent claim against K&E.[26]

---

[24] K&E cites to two more irrelevant summary judgment cases. Mot. at 18 (citing *Lanier v. Bd. of Trs. of Univ. of Ala.*, 2014 WL 657541 (N.D. Ala. Feb. 20, 2014) & *Allia v. Target Corp.*, 2010 WL 1050043 (D.N.J. Mar. 17 2010)).

[25] *See also* Order at 21 ("find[ing] that the allegations in the Complaint sufficiently plead" FEHA sex discrimination and retaliation claims as to K&E at this stage); Order at 27 ("The Title VII and FEHA claims against Defendant Kirkland may proceed."); *see infra* Section II.A–C.

[26] In addition, the only basis K&E offers for dismissing Plaintiff's failure to prevent claim is that it is derivative of her retaliation claims, which K&E contends should be dismissed. Mot. at 19. *But see, e.g.*, FAC ¶ 296. K&E provides only irrelevant, summary judgment cases to support its conclusory assertion that Plaintiff's failure to prevent claims necessarily would fail if a retaliation claim would fail. Mot. at 19. Moreover, for the reasons above, K&E falls woefully short of

16                                          OPP'N TO 7TH MOT. DISMISS,
                                            NO. 4:22-CV-05990-HSG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iv)   K&E Fails to Show That Plaintiff's EPA Claims Warrant Dismissal Under Rule 12(b)(6).

a)   **_EPA Claim – "Single Establishment"_**

K&E falsely contends that Plaintiff's EPA claims should be dismissed because Plaintiff has not: (i) pled a "distinct physical place of business as a single establishment" or the "unusual circumstances" to overcome the general presumption that distinct places of business are separate establishments; and (ii) alleged "that she and her alleged comparators worked in a single distinct physical place of business." Mot. at 22.

First, K&E's arguments are appropriately addressed at summary judgment, and courts regularly reject similar arguments as premature and inappropriate for Rule 12 motions. _E.g._, _Williams v. Robert Half Int'l Inc._, No. 4:20-CV-03989-KAW, 2021 WL 5414307, at *2 (N.D. Cal. Oct. 5, 2021) (denying defendant's motion for judgment on the pleadings regarding EPA claims and rejecting argument that "Plaintiff's failure to explicitly plead that she and her male counterparts worked at 'the same establishment' [was] fatal and noting that whether "admissible evidence supports [single establishment] assertion is more appropriately addressed on summary judgment"); _Boisjoly v. Aaron Manor, Inc._, 2022 WL 17272372, at *4 (D. Conn. Nov. 29, 2022) (collecting cases).[27] Thus, the Court should reject K&E's bid to force a premature assessment of the "single establishment" requirement and "unusual circumstances" exception at the pleadings stage and deny K&E's weak attempt to dismiss Plaintiff's EPA claims on such grounds.[28]

Second, the allegations in the FAC are more than sufficient to plausibly plead and satisfy the "single establishment" aspect of an EPA claim, including plausibly pleading that male

---

meeting its burden to show the FAC does not adequately plead retaliation; accordingly, the Motion's failure to prevent argument is also a loser.
[27] _See Davis v. Inmar, Inc._, 2022 WL 3722122, at *6 n.2 (N.D. Cal. Aug. 29, 2022) (refusing to dismiss EPA claims even though plaintiff "did not respond" to defendant's argument that they failed to adequately allege a single establishment and concluding "the fact that [plaintiff] and her comparator work in different offices/cities does not warrant dismissal of the [EPA] claims").
[28] Of note, K&E relies on two **summary judgment** cases to support their meritless argument that Plaintiff's EPA claims should be dismissed because she has failed to alleged the unusual circumstances required to overcome the general rule that physically distinct places of business are separate establishments. Mot. at 23 (citing _Renstrom v. Nash Finch Co._, 787 F. Supp. 2d 961, 965 (D. Minn. 2011) & _Perales v. Am. Ret. Corp._, 2005 WL 2367772, at *5 (W.D. Tex. Sept. 26, 2005)). Ironically, the fact the K&E resorts to summary judgment cases to support such an argument only serves to prove that its argument is not appropriately suited for a Rule 12 motion.

OPP'N TO 7TH MOT. DISMISS,
NO. 4:22-CV-05990-HSG

comparators worked in a single establishment. Mot. at 21. For example, in *Williams*, this Court held that the plaintiff need not explicitly plead that she and her male counterparts worked at the "same establishment" and concluded that allegations involving instances of working with male counterparts on the same project who were allegedly paid "substantial" or "generous" bonuses, while plaintiff received none, was sufficient to plead a single establishment. *Williams*, 2021 WL 5414307, at *2. Here, the FAC's allegations explaining how and why "Kirkland's offices collectively form one establishment" and the detailed allegations explaining the substantially similar work performed by male comparators who were paid better than Plaintiff, who worked for the same partners on the same matters and were subject to the same firm-wide policies exceed the basic allegations found sufficient to plead a single establishment in *Williams*. *E.g.*, FAC ¶¶ 54, 57–63, 81–88, 112–19, 159, 179–82, 187–89, 249–54, 263–64.[29]

Third, the cases proffered by K&E are easily distinguishable. For instance, in *Goins v. United Parcel Service Inc.*, the Court dismissed EPA claims for a class of plaintiffs, struck class allegations, and allowed an individual plaintiff's EPA claim to proceed without noting whether that plaintiff's comparator was in the same location. Mot. at 23; *Goins*, 2023 WL 3047388, at *13–14 (N.D. Cal. Apr. 20, 2023). Here, in stark contrast to the facts in *Goins*, Plaintiff is neither suing as part of a Rule 23 class action nor alleging that Defendants' violated the EPA by comparing her compensation to "all []male [attorneys] who were employed by [K&E]." *See Goins*, 2023 WL 3047388, at *3, 13–14.[30] Further, unlike *Goins*, the associates relevant to Plaintiff's EPA claims are neither governed by "different collective bargaining agreements" nor overseen by "hundreds of thousands of managers." *See id.* Rather, as the FAC alleges, Plaintiff

---

[29] The allegations here also exceed the basic allegations the court in *Forsberg v. Pacific Northwest Bell Telephone* determined were sufficient to plead a "single establishment" and warranted denial of defendant's motion to dismiss EPA claims. *See Forsberg*, 622 F. Supp. 1150, 1152–53 (D. Or. 1985) (holding plaintiff sufficiently pled various locations of defendant constitute "single establishment" under EPA based on the bare-bones allegations that defendant's conduct affects groups of defendant's employees "on a company-wide basis, without distinguishing among geographically separate locations, special circumstances exist which justify consideration of defendant's entire business operations as a single establishment for the purposes of this case").

[30] *Goins* concluded that the class, which included "all female employees at UPS who were employed by UPS" during certain time periods "did not allege facts showing that thousands of UPS facilities nationwide, where employees are governed by several collective bargaining agreements and supervised by hundreds of thousands of managers," could satisfy the unusual-circumstances exception to limiting EPA claims to a single physical location. *Id.* at *3–4, 13.

OPP'N TO 7TH MOT. DISMISS, No. 4:22-CV-05990-HSG

and her identified male counterparts were subject to the same associate review and evaluation process, were supervised by the same "IP litigation . . . team (i.e., Mr. De Vries' and Mr. Alper's subset of the IP litigation group)" and performed substantially similar work on the same or similar client matters.  *E.g.*, FAC ¶¶ 58–63, 81–88, 91, 112–19, 159, 187–88, 210, 213, 249–54.

The facts in *EEOC v. Port Authority of N.Y. & N.J.*, 768 F.3d 247 (2d Cir. 2014), are also easily distinguishable from the facts here.  For example, in *Port Authority*, the court upheld the district's courts grant of a motion for judgment on the pleadings for an EPA claim because the "EEOC's failure to allege ***any facts*** concerning the attorney's actual job duties deprives the Court of any basis from which to draw a reasonable inference that the attorneys performed 'equal work,' the touchstone of an EPA claim."  *Id.* at 248.  Conversely, here the FAC includes ample factual allegations regarding the job duties of Plaintiff and her male comparators, and there is absolutely no basis to contend that the FAC does not allege "any facts" concerning the same.  Mot. at 22; FAC ¶¶ 57–63, 81–88, 105, 112–16.1, 139, 142–46, 150–61, 176, 229, 232, 253.[31]  Further, unlike the EEOC in *Port Authority*, here Plaintiff is not maintaining an EPA claim on the theory that all K&E "attorneys' jobs were equal regardless of the[ir] work"—i.e., "an attorney is an attorney is an attorney."  *Port Auth.*, 768 F.3d at 248, 252.  Rather, Plaintiff asserts an EPA claim based on her treatment relative to specific male comparators who performed substantially similar work to that performed by Plaintiff and who worked for the same partners on the same matters, as alleged in the FAC.  *E.g.*, FAC ¶¶ 57–63, 81–88, 105, 112–16.1, 139, 142–46, 150–61, 176, 229, 232, 253.  Plaintiff is not required to plead she had "virtually identical daily job duties" with male comparators or that "all lawyers perform the same or similar function(s)," which the Motion misleadingly intimates is required to plead an EPA claim.  *See* Mot. at 22.   Finally, K&E baselessly argues that Plaintiff must provide a "detailed" set of "specific" allegations explaining "for example, which personnel is shared among which offices, which partners manage which

---

[31] Further, the EEOC also failed to allege "any facts" concerning attorney job duties despite have the opportunity to conduct "a three-year investigation . . . with Port Authority's cooperation," which was a notable factor driving the court to conclude that the EPA claim was "rightly dismissed."  *Port Authority*, 768 F.3d at 247, 250, 256–58.  The court also noted the EEOC's "frankly random" selection of comparators and the "extraordinary difference[s]" between the attorneys offered as comparators.  *Id.* at 251–52.

OPP'N TO 7TH MOT. DISMISS,
NO. 4:22-CV-05990-HSG

offices, or who is on the standing committees and out of what offices they are based." Mot. at

22–23. This, however, is not the standard required to plead an EPA claim, and *McCann* does not

support such an absurd and Herculean pleading requirement.[32] Mot. at 23 n.17.

### b)    *EPA - Failure to Plead Equal Work*

K&E's "Equal Pay" arguments are meritless as it relies entirely on cases involving

summary judgment.[33] K&E, who clearly has no scruples about misleading the Court, goes so far

as to begin this section of the Motion which is titled "Plaintiff's [sic] **Fails to Plead** 'Equal

Work'" by restating the standard for an EPA claim at **summary judgment** while trying to pass

it off as the applicable pleading standard. *See* Mot. at 19 (emphasis added).

Plaintiff identifies numerous male comparators that were paid more than her, even though

Plaintiff was tasked with the same of substantially the same work. *E.g.*, FAC ¶¶ 54–63, 85–96,

100–05, 108, 111–18, 159, 187–88, 210, 213, 249–54. K&E ignores and minimizes these well-

pled facts to dishonestly cast such allegations as "conclusory." *Compare id.*, *with* Mot. at 19–20

(citing only FAC ¶¶ 10, 58–62, 79, 82–86, 112–13, 134, 142, 147). K&E also substitutes its own

incorrect view of the allegations, which type of factual attack is improper for a Rule 12(b)(6)

motion and warrants rejecting K&E's "Equal Pay" arguments. *E.g.*, *McMinimee v. Yakima Sch.*

*Dist. No. 7*, 2019 WL 11680199, at *13 (E.D. Wash. Aug. 7, 2019) (finding allegations supported

---

[32] The conclusory allegations in *McCann* are in no way comparable to the significantly more detailed allegations in Plaintiff's FAC, which, as discussed above, are more than sufficient to plead her EPA claims. The *McCann* court found the allegations in the complaint that "simply state[] that he was paid $9.00 per hour during his probationary employment, for an unidentified set of tasks, and that some unidentified female employees were paid $11.00 per hour while also probationary" did not "even rise to the level of reciting the [EPA] claim's legal elements" and were insufficient to plead such a claim. *McCann*, 2010 WL 4103669, at *2 (D.N.J. Oct. 8, 2010). The Motion also appears to contend, albeit incorrectly, that Plaintiff's EPA claim should be dismissed because she has not alleged a "central administrative unit" at K&E "set wages, and assign the location of employment" for either all K&E employees or for her comparators and has not alleged that employees "frequently interchange work locations." Mot. at 22. However, Defendants provide no case law supporting such a proposition. Id. (citing zero cases in support of these statements). Moreover, as discussed above, the allegations in the FAC are more than sufficient to plead a single establishment, and the FAC includes allegations that she and her male comparators were subject to the same associate review process used to determine compensation and that employment decisions were entrusted to same firm-wide executive committees. E.g., FAC ¶¶ 54, 58–63, 187–88, 209–10, 213, 237, 239, 252–54.

[33] *See* Mot. at 19–20 (citing three **summary judgment** cases: *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1073–74 (9th Cir. 1999); *Detholoff v. Buchanan*, 2008 WL 4277643, at *6 (D. Ariz. Sept. 16, 2008); and *Ferroni v. Teamsters*, 297 F.3d 1146, 1149 (10th Cir. 2002)).

1   "reasonable inference" that plaintiff was paid less than male comparator for "substantially equal
2   work" and noting that "although . . . most of the allegations have nothing to do with whether the
3   two performed similar work—a more exacting review of the merits is better fit for a motion for
4   summary judgment, not a motion to dismiss").  Thus, this Court should reject K&E's "attempts
5   to push *Iqbal* beyond its limits" and to impose unreasonably detailed pleading requirements
6   "before conducting discovery."  *See Ephrom v. NuCO2*, 2010 WL 11596121, at *2 (C.D. Cal.
7   Nov. 29, 2010).

8      Besides generally referencing *Iqbal*, K&E offers **no authority** to support the baseless
9   contention that FAC ¶¶ 58 to 62 are "conclusory" allegations and insufficient to state an EPA
10  claim.  Mot. 19–20.  Further, on-point precedent makes clear that the FAC's allegations in
11  paragraphs 58 to 62—on their own—sufficiently plead the same or substantially similar work for
12  all identified comparators.[34]  *See, e.g.*, *Duke v. City Coll. of S.F.*, 445 F. Supp. 3d 216, 230 (N.D.
13  Cal. 2020) (determining allegations that "Latina counterpart was hired for the same position . . .
14  [and] was the only individual against which plaintiff could compare himself" constituted "facts
15  to demonstrate the two jobs were substantially equal" and generally acknowledging low bar that
16  must be satisfied to plead similar work for purposes of motion to dismiss); *Scutt v. Carbonaro*
17  *CPAs n Mgmt. Grp.*, 2020 WL 5880715, at *11 (D. Haw. Oct. 2, 2020) (holding allegations that
18  plaintiff "was paid less than a person with the same qualifications but with a different sexual
19  orientation or gender identity" sufficiently alleged EPA claim); *see also Ephrom*, 2010 WL
20  11596121, at *1.  As noted above, K&E inserts its own, inaccurate version of facts and
21  mischaracterizes allegations in the FAC to try and argue that Plaintiff did not plausibly plead an
22  EPA claim because she did not allege substantially similar work between her and comparators.
23  *Compare* Mot. at 19–20, *with, e.g.*, FAC ¶¶ 57–63, 81–88, 105, 112–16, 116.1, 139, 142–46,
24  150–61, 176, 229, 232, 253.  The plain allegations in the FAC clearly and sufficiently allege that
25  Blake performed work substantially similar to Plaintiff.  *E.g.*, FAC ¶¶ 59, 112, 114.[35]

---

27  [34] The FAC includes additional allegations detailing the substantial similarity of Plaintiff's work
    with identified male counterparts' work, beyond what is required to plausibly plead an EPA
28  claim.  FAC ¶¶ 57, 63, 81–88, 105, 112–16, 116.1, 139, 142–46, 150–61, 176, 229, 232, 253.
    [35] Allegations that Defendants discriminated against Plaintiff for certain aspects of the
    substantially similar work Plaintiff and Blake performed in no way supports the argument that

1

2

**II.   THE COURT SHOULD REJECT ALL OTHER ARGUMENTS IN THIS MOTION
BECAUSE THEY AMOUNT TO AN IMPROPER, SANCTIONABLE MOTION
FOR RECONSIDERATION MADE WITHOUT LEAVE OF COURT**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

The remaining arguments improperly ask the Court to revisit grounds for dismissal previously raised by Defendants in their first six motions to dismiss and put to bed by the Court in its Order.  Mot. at 8–14 (§ IV.E–H); Order at 15–23 (denying motions to dismiss IIED and defamation claims against movants in Motion).  As a threshold matter, the Court should reject all such arguments for two reasons.  *First*, the arguments constitute impermissible requests for reconsideration without obtaining leave of Court.  *See* Civil L.R. 7-9(a); *Parsons v. Knipp*, No. 14-CV-04833-HSG, 2016 WL 11721706 (N.D. Cal. Apr. 25, 2016) (admonishing petitioner for failing to follow Civil Local Rules before filing motion for reconsideration and stating "[o]n that basis alone, the motion will be denied" (citing *Tri-Valley CARES v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012))).  *Second*, the "Moving Parties simply ignore the Court's prior ruling, repeating arguments that the Court already has rejected."  *Sumotext Corp. v. Zoove, Inc.*, 2018 WL 1876937, at *7 (N.D. Cal. Apr. 19, 2018) (holding "[r]epetition of arguments previously considered and rejected by the Court does not constitute a basis for dismissal under Rule 12(b)(6)"); *Little v. Gore*, 188 F. Supp. 3d 1005 (S.D. Cal. Mar. 26, 2016) (denying motion to dismiss making "the same arguments the Court denied in an earlier Order").  As such, the Court should deny "Defendant[s'] attempts to recast [their] request for reconsideration as an effort to move for dismissal of Plaintiff's claims on an identical basis as the[ir] [earlier] MTD[s]." *See Rhodeman*, 2020 WL 1698709, at *3 (denying defendant's attempt to request reconsideration of arguments through a motion to dismiss "because the Court decided each prior issue 'explicitly or by necessary implication in the previous disposition'").  Similarly, here the Court should deny Defendants' motion for reconsideration dressed as a motion to dismiss.  *See id.*; *e.g.*, Mot. 8–14 (§ IV.E–H).[36]

25

26

27

28

Plaintiff failed to plead substantially similar work to Blake.  *E.g.*, FAC ¶¶ 112 &114 (explaining Plaintiff and Mr. Blake performed "substantially similar assignments for Mr. De Vries at trial" and that "Mr. De Vries asked Plaintiff to provide ministerial assistance on Mr. Blake's similar assignment"); *cf.* Mot. (citing only ¶¶ 108, 113).  K&E incorrectly claims that "Plaintiff does not identify any tasks" she had in common with Calhoun.  *Compare* Mot. at 20; *see, e.g.*, FAC ¶ 159.
[36] Moreover, "even if the Court assumes that Defendant 'request[ed] reconsideration' in the colloquial sense, the law of the case doctrine bars its renewed arguments" because none of the

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' decision to repeat and seek reconsideration of multiple arguments considered and rejected by the Court is a clear violation of this Court's rules and constitutes sanctionable conduct. *See* Civil L.R. 7-9(c) ("Any party who violates this restriction [against repetition of argument] shall be subject to appropriate sanctions."); *see Great Am. Ins. Co. v. Chang*, No. 12-00833-SC, 2013 WL 3965420, at *3 (N.D. Cal. July 31, 2013) (sanctioning party for repeating in motion for reconsideration arguments party had set forth in prior brief).[37]

### A. De Vries and Alper Defendants' Motion for Reconsideration of the Order Made Without Leave of Court Is Meritless and Improper.

De Vries and Alper Defendants now argue,[38] for the third time,[39] that the Court should dismiss Plaintiff's defamation and IIED claims, respectively.[40] Mot. at 10–13.  Defendants concede they never obtained leave of the Court to argue for reconsideration as they do here. Mot. at 2 (arguing for reconsideration of the Order if the "Court does not grant reconsideration of its August 23, 2023 Order"); Civil L.R. 7-9(a).  Both Alper and De Vries Defendants restate verbatim their arguments from their Motion for Leave. Mot. at 10–14; Mot. Leave.  For the same

---

enabling conditions are present here. *Rhodeman*, 2020 WL 1698709, at *3 ("The law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs. . . . Under the doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court[.]" (quoting *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000))); *see* Pl.'s Opp'n, Dkt. No. 101.  "Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (citing *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)).

[37] Due to the "inherent power of federal courts to regulate the activities of abusive litigants," Plaintiff respectfully requests the Court order "Defendant[s] not to make, file, or seek leave to file any additional motions with respect to any of the rulings, opinions, or orders addressed in" the Order and that it "impose sanctions, potentially including the striking of his pleadings and an entry of an order of default against Defendant thereby permitting Plaintiff to conclude this matter in its favor without any opportunity for Defendant to oppose the relief Plaintiff seeks" if they fail to do so. *See Adidas Am., Inc. v. Calmese*, 2010 WL 1641161, at *5 (D. Or. Apr. 20, 2010).

[38] Plaintiff objects to Defendants' reliance on documents outside the pleadings, e.g., Dkt. No. 29-2, Mot. at 9, 11, 12, and specifically objects to any attempt by Defendants to use the Court's Order and ruling on their request for judicial notice to make factual challenges to the FAC.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018). Plaintiff also objects to any attempt by Defendants request the Court convert their motion to dismiss into a motion for summary judgment.

[39] Mot. Leave, Dkt. No. 92; De Vries Defs.' Mot. Dismiss at 1 & 20–25, Dkt. No. 30; De Vries Defs.' Reply at 8–9 & 14–15, Dkt. No. 75; Alper Defs.' Mot. Dismiss at 1 & 23–24, Dkt. No. 34; Alper Defs.' Reply at 8–9 5, Dkt. No. 74.

[40] Should the Court decide to reconsider De Vries and Alper Defendants' previously rejected arguments or any de facto requests for reconsideration, Plaintiff respectfully requests the Court afford Plaintiff the opportunity to file supplemental briefing to address such requests to ensure she is not prejudiced by Defendants' improper requests given time and page limits.

OPP'N TO 7TH MOT. DISMISS,
NO. 4:22-CV-05990-HSG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

reasons stated in Plaintiff's opposition, Dkt. No. 101, De Vries and Alper Defendants' recasting and repackaging of previously rejected arguments is improper and should be rejected.[41]

**B.**      **De Vries and Alper Defendants', Deoras Defendants', and Fahey's Motion for Reconsideration of the Order Denying Their Motions to Dismiss IIED Claims for Purported Failure to Plead "Specific" Facts of Deliberate Falsification of Plaintiff's Review Is Improper and Meritless.**

Defendants also improperly seek to relitigate the Court's prior determination that Plaintiff adequately pled IIED against K&E's co-Defendants.  Mot. at 9-10.  For the same reasons discussed above, the Court should swiftly reject this improper request for reconsideration.  Order at 21 (concluding "[Plaintiff] alleges that Defendants deliberately falsified performance reviews, going so far as to instruct a fellow reviewer to criticize her, to create a fabricated justification for termination").  To be clear, the FAC did not modify the allegations in the Complaint regarding Defendants' falsification of her performance reviews.  The FAC alleges how and why the pretextual performance reviews were false and done so with malicious intent and alleges which Defendant "engaged in the . . . wrongful conduct."  *E.g.*, FAC ¶¶ 104–105, 120, 195–214, 226, 298; *see also* FAC ¶¶ 16, 118, 266, 275, 281, 286, 292, 298, 302, 311.  *But see* Mot. 9–10.  As such, Defendants' attempted reliance on *Kurisu v. Svenhard's Swedish Bakery Supplemental Key Mgmt. Ret. Plan*, 2022 WL 6733328, at *3 (D. Or. Oct. 11, 2022) holds less water than a sieve and provides no basis for the Court to reconsider and reverse its prior ruling.[42]

**C.**      **DeVries P.C.'s, Alper P.C.'s, and Deoras P.C.'s Motion for Reconsideration of the Order Denying Their Motions to Dismiss Defamation and IIED Claims Is Meritless.**

For the same reasons discussed above, *see supra* Section II.A–B, the Court should reject Defendants' attempt to get yet another bite at the apple for the defamation and IIED claims against the professional corporation ("PC") Defendants.  Mot. at 8–9; *see, e.g.*, *Sumotext*, 2018 WL 1876937, at *7 (N.D. Cal. Apr. 19, 2018).  First, Defendants incorrectly contend the FAC

---

[41] Plaintiff incorporates by reference the arguments in her opposition, Dkt. No. 101, to De Vries and Alper Defendants' Motion for Leave, Dkt. No. 98, with respect to De Vries Defendants' defamation and Alper Defendants' IIED arguments.

[42] In a footnote, Defendants appear to argue that there are no "specific" allegations supporting deliberate falsification of performance reviews by "Mr. De Vries, Mr. Fahey, or Mr. Alper" by dishonestly and misleadingly suggesting that Plaintiff alleges her complaints were the only reason for the falsified performance reviews.  Mot. at 10 n.8.  This intimation is egregiously false.  *E.g.*, FAC ¶¶ 10, 76–78, 208.

OPP'N TO 7TH MOT. DISMISS,
                                                                                          NO. 4:22-CV-05990-HSG

1    does not "allege wrongful conduct by the Individual Partner PCs." Mot. at 8.  The only case PC

2    Defendants in support of this already rejected argument, *e.g.*, Dkt. Nos. 30, 34, 35; Order at 15–

3    23, is factually and procedurally inapposite.  Mot. at 8 (citing *Sonora Diamond Corp. v. Superior*

4    *Court*, 83 Cal. App. 4th 523, 538 (2000)).  *Sonora* is inapposite because it dealt with a motion to

5    quash for insufficient service of process on extraterritorial entities rather than a motion to dismiss

6    by in-state Defendants over which the Court has general personal jurisdiction.  *Sonora*, 83 Cal.

7    App. 4th at 532, 555; FAC ¶¶ 37, 40–42.  Further, Defendants' argument ignores basic common

8    law agency principles and tries to leverage the fact that the PCs are legal entities that cannot

9    engage in any conduct except through their agents and employees. *See, e.g.*, *Burlington Indus.,*

10   *Inc. v. Ellerth*, 524 U.S. 742, 762–63 (1998) (discussing agency relation aiding in commission of

11   a tort). *But see* Mot. at 8–9.[43]  Moreover, the FAC alleges that De Vries, Alper, Deoras, Fahey,

12   and Leslie Schmidt were agents of the PCs, DeVries P.C., Alper P.C., Deoras P.C., and Leslie

13   M. Schmidt, P.C., and that the PCs were agents of K&E. *E.g.*, FAC ¶¶ 20–28, 12, 19–28, 38,

14   204, 210, 226, 228, 232, 246–48, 256–57; *see also, e.g.*, Compl. ¶ 274, 279, 281.[44] Such agency

15   relations indisputably aided in commission of the tortious conduct at issue here. *See Burlington*,

16   524 U.S. at 762–63; FAC ¶¶ 21, 24, 26.[45]

17          For all the reasons above, Plaintiff respectfully requests this Court deny with prejudice

18   the Motion in its entirety and grant such other and further relief as the Court deems just and

19   appropriate.  Although all of Defendants' requests for relief are meritless, should the Court grant

20   any of their requested relief, Plaintiff respectfully requests the Court grant Plaintiff leave to

21   amend the FAC.  *See, e.g.*, Order at 9.

22

23   [43] Plaintiff also wholly disputes any false contention, Mot. at 8–9, that allegations regarding the
     PCs' corporate purposes are concessions that the PCs have engaged or can engage only in lawful
24   activity.  *See, e.g.*, *Burlington*, 524 U.S. at 762–63 (discussing liability of corporation under
     agency principles for unlawful sex harassment).
     [44] Further, Plaintiff's removal of joint employer and integrated enterprise allegations in response
25   to the Court's Order should in no way be used to give Defendants another bite at the apple with
     respect to her upheld claims against PC Defendants. *See FOX Factory, Inc. v. SRAM, LLC*, 2017
26   WL 4551486, at *7 (N.D. Cal. Oct. 11, 2017) (denying motion to dismiss amended complaint
     and relying on complaint's allegations not included in FAC in response to Court's prior order).
27   [45] In their prior motions to dismiss, DeVries P.C., Alper P.C., and Deoras P.C. characterized
     Plaintiff's allegations, including of tortious conduct, as consistent with them acting as partners
28   and agents of K&E.  *See, e.g.*, DeVries P.C.'s Mot. Dismiss at 9, 12–14, Dkt. 30; Deoras P.C.'s
     Mot. Dismiss at 9, 12–14, 25, Dkt. 35; Alper P.C.'s Mot. Dismiss at 9, 13, 15, Dkt. 34.

OPP'N TO 7TH MOT. DISMISS,
                                     NO. 4:22-CV-05990-HSG

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  New York, New York
        November 22, 2023

Respectfully submitted,

**HENNING KRAMER RUIZ & SINGH LLP**

> Adrian Hernandez
> 3600 Wilshire Blvd.
> Ste. 1908
> Los Angelese, CA 90010
> Telephone: (213) 310-8301
> adrian@employmentattorneyla.com

**FILIPPATOS PLLC**

By: _____
    Tanvir H. Rahman (*pro hac vice*)
    199 Main Street, Suite 800
    White Plains, New York 10601
    Telephone: (914) 984-1111
    trahman@filippatoslaw.com

    *Attorneys for Plaintiff*

Opp'n to 7th Mot. Dismiss,
No. 4:22-cv-05990-HSG