1   LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
2   JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
4   Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
5   Facsimile:   +1 650 614 7401

6   KATE JUVINALL (STATE BAR NO. 315659)
kjuvinall@orrick.com
7   ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Suite 2700
8   Los Angeles, CA 90071
Telephone:   +1 213 629 2020
9   Facsimile:   +1 213 612 2499

10   MARK THOMPSON (Admitted *pro hac vice*)
mthompson@orrick.com
11   ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street
12   New York, NY 10019
Telephone:   +1 212 506 5000
13   Facsimile:   +1 212 506 5151

14   Attorneys for Defendants
KIRKLAND & ELLIS LLP, MICHAEL DE VRIES,
15   MICHAEL W. DE VRIES, P.C., ADAM ALPER,
ADAM R. ALPER, P.C., AKSHAY DEORAS,
16   AKSHAY S. DEORAS, P.C., AND MARK FAHEY

17             UNITED STATES DISTRICT COURT

18           NORTHERN DISTRICT OF CALIFORNIA

19

20   ZOYA KOVALENKO,          Case No. 4:22-CV-05990-HSG (TSH)

          Plaintiff,       **DEFENDANTS' REPLY**
21                  **MEMORANDUM OF POINTS AND**
      v.               **AUTHORITIES IN SUPPORT OF**
22                  **MOTION TO DISMISS PLAINTIFF'S**
   KIRKLAND & ELLIS LLP, MICHAEL DE   **AMENDED COMPLAINT**
23   VRIES, MICHAEL W. DEVRIES, P.C.,
   ADAM ALPER, ADAM R. ALPER, P.C.,   Date:      January 11, 2024
24   AKSHAY DEORAS, AKSHAY S. DEORAS,   Time:     2:00 p.m.
   P.C., AND MARK FAHEY,        Dept:      2
25                   Judge:    Hon. Haywood S. Gilliam
          Defendants.
26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION/ISSUES TO BE DECIDED ................................................................. 1

II.   THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS ................. 1

    A.    The Court Should Consider All Arguments in the Motion ..................................... 1

    B.    Plaintiff's Defamation and IIED Claims Are Barred by the Statute of
        Limitations ............................................................................................................ 3

    C.    Plaintiff's IIED Claim Against the Individual Defendants Is Preempted .............. 8

    D.    Plaintiff's Claims Against the PC Defendants Fail ................................................ 9

    E.    Plaintiff Fails Plead Facts Supporting Any Reasonable Inference That the
        Individual Defendants "Deliberately Falsified" Her Performance Review ......... 10

    F.    Plaintiff Fails to State a Defamation Claim Against the De Vries
        Defendants ............................................................................................................ 11

    G.    Plaintiff's Retaliation and Failure to Prevent Claims Should Be Dismissed ........ 12

    H.    Plaintiff's EPA Claim Should Be Dismissed ...................................................... 14

III.  CONCLUSION .............................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albro v. Spencer*,
    2019 WL 2641667 (E.D. Cal. June 27, 2019)......................................................... 12, 13

*In re Apple iPhone Antitrust Litig.*,
    846 F.3d 313 (9th Cir. 2017)........................................................................................ 2, 3

*Arnold v. United States*,
    816 F.2d 1306 (9th Cir. 1987)....................................................................................... 5, 6

*Barnes-Perrilliat v. S. of Mkt. Health Ctr.*,
    2020 WL 7428319 (N.D. Cal. Dec. 19, 2020) .................................................................. 6

*Belete v. Oaks Corner*,
    2016 WL 6393510 (N.D. Cal. Oct. 28, 2016)................................................................. 5, 6, 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................................... 9

*Bell v. 0C405 Partners, JV*,
    2023 WL 3152158 (C.D. Cal. Mar. 20, 2023) .................................................................. 6

*Boisjoly v. Aaron Manor, Inc.*,
    2022 WL 17272372 (D. Conn. Nov. 29, 2022) ............................................................... 15

*Boles v. Phillips Coll. of San Jose, Inc.*,
    1995 WL 16808 (N.D. Cal. Jan. 12, 1995) ....................................................................... 6

*Burlington Indus., Inc. v. Ellerth*,
    524 U.S. 742 (1998).......................................................................................................... 10

*Cervantes v. City of San Diego*,
    5 F.3d 1273 (9th Cir. 1993)............................................................................................... 5

*Cloud v. Brennan*,
    436 F. Supp. 3d 1290 (N.D. Cal. 2020) ........................................................................... 12

*Cole v. Fair Oaks Fire Prot. Dist.*,
    43 Cal. 3d 148 (1987) ....................................................................................................... 7

*Cozzi v. County of Marin*,
    2019 WL 13201175 (N.D. Cal. Aug. 16, 2019)................................................................ 15

*Daviton v. Columbia/HCA Healthcare Corp.*,
    241 F.3d 1131 (9th Cir. 2001)............................................................................................ 5

*Duke v. City Coll. of S.F.*,
    445 F. Supp. 3d 216 (N.D. Cal. 2020) ....................................................................... 14

*EEOC v. Port Auth. of N.Y. & N.J.*,
    768 F.3d 247 (2d Cir. 2014) ...................................................................................... 15

*Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*,
    132 F.3d 526 (9th Cir. 1997) ...................................................................................... 2

*Ephrom v. NuC02*,
    2010 WL 11596121 (C.D. Cal. Nov. 29, 2010) ........................................................ 14

*Guilarte v. Monti*,
    2016 WL 4091403 (N.D. Cal. Aug. 2, 2016) ............................................................. 4

*Gutierrez v. Kaiser Found. Hosps., Inc.*,
    2012 WL 5372607 (N.D. Cal. Oct. 30, 2012) .......................................................... 13

*Harrell v. City of Gilroy*,
    2019 WL 452039 (N.D. Cal. Feb. 5, 2019) ............................................................... 3

*Helgeson v. Am. Int'l Grp., Inc.*,
    44 F. Supp. 2d 1091 (S.D. Cal. 1999) ..................................................................... 10

*Hernandez v. City of San Jose*,
    241 F. Supp. 3d 959 (N.D. Cal. 2017) ....................................................................... 3

*Imageline, Inc. v. CafePress.com, Inc.*,
    2011 WL 1322525 (C.D. Cal. Apr. 6, 2011) ............................................................. 9

*Interior Elec. Inc. Nev. v. T.W.C. Constr., Inc.*,
    2020 WL 5983882 (D. Nev. Oct. 8, 2020) ................................................................ 3

*Janken v. GM Hughes Elecs.*,
    46 Cal. App. 4th 55 (1996) ...................................................................................... 10

*Kasperzyk v. Shetler Sec. Servs., Inc.*,
    2015 WL 1348503 (N.D. Cal. Mar. 25, 2015) .......................................................... 8

*Kennedy v. MUFG Union Bank*,
    2020 WL 218521 (Cal. Ct. App. Jan. 15, 2020) ....................................................... 8

*Kurisu v. Svenhard's Swedish Bakery Supplemental Key Mgmt. Ret. Plan*,
    2022 WL 6733328 (D. Or. Oct. 11, 2022) .............................................................. 10

*Light v. Department of Parks & Recreation*,
    14 Cal. App. 5th 75 (2017) ................................................................................... 8, 9

*Majo v. Sony Interactive Ent. LLC*,
    2022 WL 1188871 (N.D. Cal. Apr. 21, 2022) ......................................................... 15

*McAdory v. M.N.S. & Assocs., LLC*,
  2021 WL 2321634 (D. Or. June 7, 2021) .............................................................. 10

*McDonald v. Antelope Valley Cmty. Coll. Dist.*,
  45 Cal. 4th 88 (2008) ............................................................................................ 7

*Morrow v. Fess Security*,
  2020 WL 4927587 (D. Nev. Aug. 20, 2020) ....................................................... 13

*Muldrew v. Joseph McCormick Constr. Co.*,
  2014 WL 3890336 (W.D. Pa. Aug. 8, 2014) ....................................................... 15

*N. Star Int'l v. Ariz. Corp. Comm'n*,
  720 F.2d 578 (9th Cir. 1983) ............................................................................... 14

*Nader & Sons, LLC v. Namvar*,
  2020 WL 8512297 (C.D. Cal. Dec. 10, 2020) ....................................................... 5

*Ojmar US, LLC v. Sec. People, Inc.*,
  2017 WL 5495912 (N.D. Cal. Nov. 16, 2017) ....................................................... 3

*Otto v. Heckler*,
  781 F.2d 754 (9th Cir. 1986) ................................................................................. 6

*Peak Health Ctr. v. Dorfman*,
  2020 WL 887935 (N.D. Cal. Feb. 24, 2020) .......................................................... 3

*Rezvan v. Philips Elecs. N. Am. Corp.*,
  2016 WL 8193160, at *9 (N.D. Cal. Dec. 15, 2016) ........................................... 10

*Salinas Valley Mem'l Healthcare Sys. v. Monterey Peninsula Horticulture, Inc.*,
  2018 WL 6268878 (N.D. Cal. Nov. 29, 2018) ....................................................... 2

*Schneider v. TRW, Inc.*,
  938 F.2d 986 (9th Cir. 1991) ................................................................................. 7

*Scutt v. Carbonaro CPAs n Mngmt Grp*,
  2020 WL 5880715 (D. Haw. Oct. 2, 2020) ......................................................... 14

*Smith v. SEIU United Healthcare Workers West*,
  2006 WL 2038209 (N.D. Cal. July 19, 2006) ....................................................... 6

*Sonora Diamond Corp. v. Super. Ct.*,
  83 Cal. App. 4th 523 (2000) ................................................................................. 9

*Soto v. Int'l Paper Co.*,
  2018 WL 5921350 (C.D. Cal. Nov. 13, 2018) ..................................................... 14

*Spencer v. City of San Diego*,
  2023 WL 5020275 (S.D. Cal. Aug. 4, 2023) ......................................................... 4

*Swanson v. U.S. Forest Serv.*,
    87 F.3d 339 (9th Cir. 1996) .................................................................................. 11

*Symantec Corp. v. Zscaler, Inc.*,
    2018 WL 1456678 (N.D. Cal. Mar. 23, 2018) ........................................................ 2

*United States EEOC v. Global Horizons, Inc.*,
    904 F. Supp. 2d 1074 (D. Haw. 2012) ................................................................. 13

*Vargas v. Vons Cos.*,
    2022 WL 17685801 (Cal. Ct. App. Dec. 15, 2022) ........................................... 8, 9

*Voellger v. Dignity Health*,
    2020 WL 13505420 (N.D. Cal. July 27, 2020) ................................................. 8, 9

*W. Digital Techs., Inc. v. Viasat, Inc.*,
    2023 WL 7739816 (N.D. Cal. Nov. 15, 2023) ........................................................ 2

*Weaver v. A-Am. Storage Mgmt. Co.*,
    2011 WL 97651 (D. Haw. Jan. 12, 2011) .............................................................. 5

*Williams v. Robert Half International Inc.*,
    2021 WL 5414307 (N.D. Cal. Oct. 5, 2021) ....................................................... 15

**Statutes**

Fed. R. Civ. P. 3 ......................................................................................................... 4

**Other Authorities**

29 C.F.R. § 1620.9(b) ............................................................................................... 15

L.R. 5-1(d)(3)-(4) ........................................................................................................ 4

Northern District Guidelines for Professional Conduct, Rule 7 .................................. 1

Restatement (Third) of Agency § 7.03 ...................................................................... 10

State Bar's Guidelines of Civility and Professionalism § 4 ......................................... 1

## I.   INTRODUCTION/ISSUES TO BE DECIDED

As detailed below, Plaintiff's arguments in opposition to Defendants' Motion to Dismiss the First Amended Complaint (the "Motion") are without merit, and primarily ask the Court to hold off on disposing of substantively meritless claims that Plaintiff has asserted against Defendant Kirkland & Ellis, LLP ("K&E" or "Kirkland") and multiple individual defendants. The Court should resist Plaintiff's efforts to prevent the dismissal of her clearly deficient claims such as her retaliation claims, which fail because she has not alleged that she made a protected complaint of gender discrimination or retaliation during her employment with Kirkland, or her defamation and intentional infliction of emotional distress ("IIED") claims, which are obviously barred by the statute of limitations.

## II.   THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS[1]

### A.   The Court Should Consider All Arguments in the Motion

Plaintiff contends that the Court should deny the Motion because the arguments raised therein could have been, but were not presented in Defendants' original motions to dismiss. Opp. at 2-5. The argument is meritless. As the Motion details, several of the arguments are based on the Court's specific language and holdings in its Order dated August 23, 2023 granting in part and denying in part Defendants' original motions to dismiss (*see* Motion at 6-8 (Sections IV(C) (D)), 9-14 (Sections IV(F),(G), (H)), and thus, *ipso facto*, could not have been raised in Defendants' original motions to dismiss.[2]

In any event, the Ninth Circuit has held (and Plaintiff recognizes (*see* Opp. at 2)) that a court may exercise its discretion to consider new arguments in a subsequent 12(b)(6) motion where, as here, doing so would advance judicial economy. *See In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 319 (9th Cir. 2017). As in *In re Apple*, if the Court does not consider the arguments now,

---

[1] Plaintiff's continued attacks on Defendants' and their counsel's integrity, and unfounded allegations of abusive conduct and frivolous arguments (Opp. at 3-6, 10, 14, 16, 23), are unprofessional and contrary to the ethical rules. *See* Northern District Guidelines for Professional Conduct, Rule 7; State Bar's Guidelines of Civility and Professionalism, § 4.

[2] Defendants also did not raise certain other arguments in their initial motions to dismiss because the sheer number of claims and defendants Plaintiff included already strained the page limits, as the Court noted in the Case Management Conference on October 3, 2023.

Defendants will be forced to raise them in a Rule 12(c) motion for judgment on the pleadings,[3] which will only serve to "substantially delay[] resolution of [the issues in question] … for no apparent purpose." 846 F.3d at 320. Nor was this Motion filed "for any strategically abusive purpose" (*id.*)—contrary to Plaintiff's baseless contentions, the Motion is not a "bad faith attempt to perpetuate and extend the pleadings stage" (Opp. at 3), but instead, a legitimate and well-founded attempt to appropriately reduce the number of claims and defendants at the earliest possible stage, which is particularly important given Plaintiff's assertion of meritless claims against multiple individual defendants.[4] Also as in *In re Apple*, consideration of the arguments in the Motion will "materially expedite[] the district court's disposition of the case" because it will resolve which claims and parties are proper in this action, which will have the effect of setting the proper scope of discovery, subsequent dispositive motion practice and trial, "which [is] a benefit to [all] parties." 846 F.3d at 320.[5] Plaintiff decided to include an unusual and unnecessary number of defendants (including a multitude of individual defendants) and claims; Plaintiff cannot justifiably gripe that it takes Defendants a couple of rounds to address her pleading excesses.

Plaintiff's contention that consideration of the Motion is inconsistent with discovery underway is meritless because very little discovery has occurred. Plaintiff has issued no written discovery and no depositions have been taken. Defendants deny Plaintiff's accusations—not properly considered on a motion to dismiss—that the limited discovery they have issued to date is improper in any way. Defendants' document requests are numerous because they largely track Plaintiff's 130 page, 372 paragraph original Complaint. Defendants' subpoenas to two of Plaintiff's former employers are entirely proper and necessary to discover key facts relevant to this case, as

---

[3] The standard for a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion. *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997).

[4] During the October 3 case management conference, the Court stated it was expecting Defendants to file another motion to dismiss. Plaintiff did not object at that time.

[5] *See also W. Digital Techs., Inc. v. Viasat, Inc.*, 2023 WL 7739816, at *2 (N.D. Cal. Nov. 15, 2023) (J. Gilliam) (citing *In Re Apple* and holding "In the interest of judicial economy, the Court will exercise its discretion here and consider Defendant's patent eligibility arguments in this motion instead of requiring Defendants to bring the same argument as a Rule 12(c) motion."); *Salinas Valley Mem'l Healthcare Sys. v. Monterey Peninsula Horticulture, Inc.*, 2018 WL 6268878, at *5 (N.D. Cal. Nov. 29, 2018) (holding Rule 12(g) did not bar court's consideration of argument not raised in first motion to dismiss in light of *In re Apple*); *Symantec Corp. v. Zscaler, Inc.*, 2018 WL 1456678, at *2 (N.D. Cal. Mar. 23, 2018) (same).

1  detailed in the joint letter filed at ECF No. 83.

2       Plaintiff's contention that she would be prejudiced because consideration of Defendants'

3  arguments would "unnecessarily prolong[] the pleading stage" and would require her to amend the

4  complaint are likewise meritless. Opp. at 4. The Court has not yet set a deadline to close the

5  pleadings, and there is no case management order. Further, amending the complaint is not required

6  because it would be futile. Even if leave to amend were granted, correcting deficiencies in the

7  complaint is not prejudicial to Plaintiff[6]—rather, it would give her an opportunity to plead claims

8  properly, if possible to do so, which otherwise would simply be dismissed for failure to state a

9  claim at a later stage.[7]

10      **B.**    **Plaintiff's Defamation and IIED Claims Are Barred by the Statute of Limitations**

11

12       Plaintiff contends her defamation and IIED claims are not barred by the applicable one-year

13  statute of limitations because "Plaintiff had 365 days from October 12, 2021, to file her defamation

14  claim, which would be October 12, 2022, the date on which the Complaint was, according to ECF

15  records, filed." Opp. at 7. Plaintiff is mistaken on the law. She alleges that her claims accrued on

16  October 11, 2021. Opp. at 7. October 11, 2022 is 365 days from October 11, 2021, not including

17  the first day (October 11, 2021) and including the last (October 11, 2022)[8] as CCP Section 12

18  ────────────────

[6] Plaintiff's contention that amending the Complaint is a great burden to her is absurd. Her edits to her original complaint were minimal—she admits she "did not add new substantive matter to the FAC." Opp. at 3. No further leave to amend should be granted, but if it is, Defendants anticipate

19  that again, only limited edits will need to be made. Also, Plaintiff is now represented by at least three lawyers to handle any minimal edits on her behalf.

20  [7] The cases Plaintiff cites are easily distinguishable because they do not discuss *In re Apple*'s relevant holding (*Hernandez v. City of San Jose*, 241 F. Supp. 3d 959, 985 (N.D. Cal. 2017); *Ojmar*

21  *US, LLC v. Sec. People, Inc.*, 2017 WL 5495912, at *4 (N.D. Cal. Nov. 16, 2017); *Peak Health Ctr. v. Dorfman*, 2020 WL 887935, at *5 (N.D. Cal. Feb. 24, 2020)) and/or were based on facts not

22  present here (*Harrell v. City of Gilroy*, 2019 WL 452039, at *8-9 (N.D. Cal. Feb. 5, 2019) (declining to exercise discretion pursuant to *In re Apple*, in part, because "[a]ny subsequent motion to dismiss

23  a Third Amended Complaint might not be heard until after the close of fact discovery in this case"); *Ojmar*, 2017 WL 5495912, at *4 (declining to consider new arguments where court expressly

24  advised defendants they would not be allowed any "do-overs" in attacking claims that survived initial dismissal motion); *Interior Elec. Inc. Nev. v. T.W.C. Constr., Inc.*, 2020 WL 5983882, at *3

25  (D. Nev. Oct. 8, 2020) (declining to consider arguments where complaint was filed two years prior and plaintiff devoted considerable time and energy to twice amending it).

26  [8] Defendants calculate the 365 day period as follows: 20 days (October 12-31, 2021) + 30 days (November 2021) + 31 days (December 2021) + 31 days (January 2022) + 28 days (February 2022)

27  + 31 days (March 2022) + 30 days (April 2022) + 31 days (May 2022) + 30 days (June 2022) + 31 days (July 2022) + 31 days (August 2022) + 30 days (September 2022) + 11 days (October 1-11,

28  2022). Plaintiff's calculation of the statute of limitations is incorrect because she excludes the

DEFENDANTS' REPLY MEMORANDUM ISO TO
DISMISS AMENDED COMPLAINT [4:22-CV-
05990-HSG (TSH)]

1   requires. Thus, Plaintiff had to file her Complaint by October 11, 2022,[9] which she admittedly did

2   not do. Her tort claims are therefore clearly time-barred.[10]

3       Plaintiff also argues her defamation and IIED claims should not be dismissed because they

4   are "subject to equitable tolling given that she had to exhaust administrative remedies before filing

5   suit in court." Opp. at 7. This argument misunderstands the law. Contrary to her contention, there

6   is no exhaustion requirement for tort claims. She was free to file her non-statutory defamation and

7   IIED claims in court without first exhausting any (nonexistent) administrative remedies. Only her

8   FEHA and Title VII statutory claims required administrative exhaustion; equitable tolling does not

9   apply to her non-statutory defamation and IIED claims. *See Spencer v. City of San Diego*, 2023 WL

10  5020275, at *3 (S.D. Cal. Aug. 4, 2023) ("In order to bring a cause of action under the [FEHA] or

11  Title VII, a plaintiff must first exhaust their administrative remedies. However, non-statutory

12  claims do not require exhaustion." (internal citations omitted)).

13      More generally, California's equitable tolling doctrine provides that a "plaintiff's pursuit of

14  a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy these

15  factors: 1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the

16  defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in

17  filing the second claim." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). While

---

18  second day of the limitations period (October 12, 2021) as well as the first (October 11, 2021).

19  [9] *See Guilarte v. Monti*, 2016 WL 4091403, at *3 (N.D. Cal. Aug. 2, 2016) ("[T]he latest date on which the allegedly slanderous statements could have been made is April 5, 2015. Consequently,

20  in order for a slander claim based thereon to have been pleaded within the applicable one-year limitations period, Guilarte needed to file the initial complaint no later than April 5, 2016.").

21  [10] In a footnote, Plaintiff states she "sought to file this action on October 11, 2022, but ultimately the Complaint did not make its way onto the ECF system until sometime after midnight the evening

22  of October 11, 2022." She argues "Defendants offer no authority for dismissing a claim as time-barred during pleadings where the underlying lawsuit was initiated within the alleged statute of

23  limitations, but the complaint was e-filed a mere hour or so after midnight on the day of the purported filing deadline, due to difficulties with the ECF system." Opp. at 7 n.7. Plaintiff has not

24  *pled* that her failure to timely file was the result of "difficulties with the ECF system," or specifically what those difficulties were. But in any event, *initiating* an e-filing is insufficient to

25  satisfy the statute of limitation; *completing* filing a complaint before expiration of the limitations period is required. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with

26  the court."); L.R. 5-1(d)(3)-(4) (providing that all electronic filings of documents must be completed prior to midnight in order to be considered timely filed); *Guilarte*, 2016 WL 4091403,

27  at *3 (dismissing defamation claim under one-year statute of limitations where filer began electronic filing process day before expiration of statute of limitations but filing not completed until

28  after midnight). Plaintiff failed to do so and so her defamation claims are time barred and must be dismissed.

it is true that "'California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation,'… dismissal can nevertheless be warranted on the pleadings where some fact apparent from the face of the complaint demonstrates that equitable tolling does not apply to an otherwise time barred claim." *Belete v. Oaks Corner*, 2016 WL 6393510, at \*4 (N.D. Cal. Oct. 28, 2016) (quoting *Cervantes* 5 F.3d at 1276-77). "One such circumstance … is where a plaintiff's 'federal "discrimination" claim [is] so obviously distinct from her state-law "personal injury" claims' that she cannot meet the three-part test set forth above." *Id*. (quoting *Cervantes*, 5 F.3d at 1276−77 & n.4). "Along the same lines, applying the prejudice portion of the three-part test leads to the conclusion that 'the same wrong [must] serve as the predicate for the earlier and later proceedings to make sure defendant received proper notice.'" *Id*. (quoting *Daviton v. Columbia/HCA Healthcare Corp*., 241 F.3d 1131, 1141 (9th Cir. 2001)).[11]

Here, Plaintiff cannot meet the second (prejudice) element of the test as a matter of law as to her IIED claim because the alleged wrong underlying that claim is distinct from the alleged wrongs underlying her discrimination claims. *Arnold v. United States*, 816 F.2d 1306 (9th Cir. 1987), is directly on point and binding on this Court. In *Arnold*, the plaintiff Joanna Arnold alleged her supervisor at the United States Postal Service sexually assaulted her and made inappropriate advances. 816 F.2d at 1307−08. She filed a discrimination and harassment complaint with an Equal Employment Opportunity officer, within the applicable statute of limitations. *Id*. The EEOC ultimately ruled against her as to aspects of her claim, and Arnold appealed to the district court and added state law tort claims—including an IIED claim—outside the statute of limitations for such claims. *Id*. at 1308, 1312. Arnold asserted equitable tolling, but the Ninth Circuit held that "the wrong underlying Arnold's Title VII claim is distinct from that underlying her state-law tort claims," because "[i]n her state-law claims Arnold seeks to vindicate not her right to be free from

---

[11] The cases Plaintiff cites in support of the statement that "courts repeatedly deny Rule 12 motions seeking to dismiss a claim based on an alleged running of the applicable statute of limitations" are distinguishable. Unlike here, in those cases, resolution of the issue required the court to go beyond the pleadings. *Weaver v. A-Am. Storage Mgmt. Co*., 2011 WL 97651, at \*7 (D. Haw. Jan. 12, 2011) (declining to address equitable tolling issue because issue turned on factual question as to whether plaintiffs "truly were not diligent and had no reasonable basis to wait for the EEOC letter"); *Nader & Sons, LLC v. Namvar*, 2020 WL 8512297, at \*3 (C.D. Cal. Dec. 10, 2020) (resolution "require[d] a factual record…about Plaintiffs' conduct in prior enforcement proceedings").

discrimination in the workplace, but rather her right to be free from 'bodily or emotional injury caused by another person." *Id.* at 1312−13 (quoting *Otto v. Heckler*, 781 F.2d 754, 756 (9th Cir. 1986)). Thus, the Ninth Circuit affirmed the dismissal of those claims. *Id.* at 1313; *Belete*, 2016 WL 6393510, at *7 (dismissing plaintiff's IIED claims based on *Arnold*).

Plaintiff's defamation claim similarly fails based on *Arnold*'s reasoning—"the wrong underlying a defamation claim—injury to reputation—is distinct from '[Plaintiff's] right to be free of discrimination in the workplace.'" *Belete*, 2016 WL 6393510, at *7 (quoting *Arnold* and dismissing defamation claim); *Boles v. Phillips Coll. of San Jose, Inc*., 1995 WL 16808, at *2 (N.D. Cal. Jan. 12, 1995) (dismissing IIED and defamation claims based on *Arnold*).[12]

Plaintiff also cannot meet the third element of the equitable tolling test—good faith and reasonable conduct. Her allegations make clear she did not believe in good faith that the statute of limitations for her IIED and defamation claims were tolled while her EEOC charge was pending. She did not wait to receive a right to sue from the EEOC before filing her claims. FAC ¶ 31 n.7. Instead, Plaintiff apparently attempted (but failed) to file her complaint on the last day of the limitations period for her defamation and IIED claims (while her EEOC charge was still pending), making obvious that she did not believe equitable tolling applied to her tort claims. Her waiting until the last possible moments to start filing these claims was unreasonable. *Compare Belete*, 2016 WL 6393510, at *8 ("Belete may well have believed in good faith that the statute of limitations for that claim was tolled, that Defendants would not be prejudiced by her bringing it together with her Title VII and FEHA claims, and that such a course of action would in fact promote an efficient resolution of her dispute….").

In addition, the Court should not apply "equitable tolling" to Plaintiff's IIED and

---

[12] Plaintiff's citation to *Smith v. SEIU United Healthcare Workers West*, 2006 WL 2038209, at *7 (N.D. Cal. July 19, 2006) can be easily disregarded because it does not address *Arnold*, which is controlling precedent in this Circuit. *See Barnes-Perrilliat v. S. of Mkt. Health Ctr*., 2020 WL 7428319, at *2 (N.D. Cal. Dec. 19, 2020) (dismissing IIED claim: "The plaintiff nonetheless contends that the EEOC proceedings tolled the statute of limitations. It does not. Courts in this district follow *Arnold v. United States*, where the Ninth Circuit held that filing a Title VII complaint with the EEOC did not equitably toll state tort claims."); *Bell v. 0C405 Partners, JV*, 2023 WL 3152158, at *5 (C.D. Cal. Mar. 20, 2023) (dismissing IIED and defamation causes of action with prejudice based on *Arnold*: "Plaintiff also appears to argue that filing her Title VII claim with the Equal Employment Opportunity Commission tolled the statute of limitations. But the Ninth Circuit has expressly rejected this argument." (internal citation omitted)).

1   defamation claims against the Individual Defendants in particular. There is nothing "equitable"

2   about tolling based on Plaintiff's administrative filing under Title VII and/or FEHA where no such

3   claims exist against the Individual Defendants under well-established law. ECF No. 92 ("Order")

4   at 10-12. Moreover, applying equitable tolling against the non-employer Individual Defendants

5   would not serve the policy reasons behind the doctrine. *See McDonald v. Antelope Valley Cmty.*

6   *Coll. Dist.*, 45 Cal. 4th 88, 108 (2008) (holding limitations period should be equitably tolled "while

7   the employee and ***employer*** pursue resolution of any grievance through an internal administrative

8   procedure." (emphasis added)).

9          Finally, Plaintiff argues that the one year statute of limitations should not apply to her IIED

10  claims because "[t]he FAC avers facts well beyond falsification of performance reviews as conduct

11  constituting unlawful discrimination and retaliation in violation of FEHA." Opp. at 10 (citing FAC

12  ¶¶ 100-18, 129-68). But Plaintiff has not identified or cited to anything other than allegations of

13  personnel management activity (FAC ¶¶ 100-18 (discussing allegedly discriminatory work

14  assignments and alleged failure to provide equal flight accommodations to trial), 129-68

15  (discussing allegedly discriminatory and retaliatory workload and assignments),[13] which this Court

16  has already made clear cannot support an IIED claim under the law. Order at 20.

17         **C.**     **Plaintiff's IIED Claim Against the Individual Defendants Is Preempted**

18         Plaintiff's IIED claim against Defendants De Vries, Michael De Vries, P.C., Alper, Adam

19  R. Alper, P.C., Deoras, Akshay Deoras, P.C. and Mark Fahey (collectively the "Individual

20  Defendants") should also be dismissed because it is preempted by workers' compensation because

21  the Complaint does not state a viable FEHA claim against them. Plaintiff's contrary arguments lack

22

23  [13] Plaintiff also cannot rely on her allegation that Leslie Schmidt (who is no longer a defendant in
    the action) stated, "now I'm stuck with this," while she "waved her hands," in an effort to support

24  an IIED claim against Defendants. FAC ¶ 107. For one, even if such allegations were sufficient to
    support an IIED claim against Kirkland (they aren't, as described immediately below), they clearly

25  cannot support claims against the Individual Defendants because there are no allegations that
    Individual Defendants De Vries, Alper, Deoras or Fahey made such statements. Moreover, for the

26  IIED claim against Defendant Kirkland, even if this alleged statement somehow rose to the level
    of an "insult," it is insufficient to support an IIED claim under the law. "Ordinarily mere insulting

27  language, without more, does not constitute outrageous conduct." *Cole v. Fair Oaks Fire Prot.*
    *Dist.*, 43 Cal. 3d 148, 155 n.7 (1987); *see also Schneider v. TRW, Inc.*, 938 F.2d 986, 992-93 (9th

28  Cir. 1991) (holding no basis for IIED claim where plaintiff's evidence showed her supervisor
    screamed, yelled, and made threatening gestures while criticizing her job performance).

DEFENDANTS' REPLY MEMORANDUM ISO TO
DISMISS AMENDED COMPLAINT [4:22-CV-
05990-HSG (TSH)]

merit. Plaintiff contends the IIED claim against the Individual Defendants should not be dismissed because Defendants cite cases that "involve[] summary judgment."[14] Opp. at 11.[15] This is immaterial because these cases did not depend on resolution of any factual dispute, but instead were based on the existence (or not) of a viable FEHA claim against the defendant. *See, e.g.*, *Kennedy*, 2020 WL 218521, at *12 ("Absent a viable claim under the FEHA or for wrongful termination, the exception to the exclusivity provisions of the worker's compensation law does not exist."). In any event, *Voellger v. Dignity Health*, 2020 WL 13505420 (N.D. Cal. July 27, 2020), addressed a motion to dismiss and is directly on point; there, as here, the court dismissed the plaintiff's FEHA claim against her supervisor because there is no individual liability for FEHA retaliation. The exception to workers compensation law preemption therefore did not exist, and her IIED claim was dismissed.

Plaintiff appears to argue she can rely on her FEHA claims *against K&E* as a basis for IIED claims *against the Individual Defendants*. Opp. at 12. But the cases Defendants cited are clear she cannot. *Voellger*, 2020 WL 13505420 at *1, *6 (dismissing IIED claim against supervisor despite remaining FEHA retaliation claim against employer—noting plaintiff asserted all claims, including FEHA retaliation, "against all defendants"); *Vargas*, 2022 WL 17685801, at *14 (dismissing IIED claim against employer despite remaining FEHA claim against employee).[16] It would also be inequitable to base an IIED claim on FEHA claims and allegations against an entirely different defendant.

---

[14] *Kennedy v. MUFG Union Bank*, 2020 WL 218521, at *12 (Cal. Ct. App. Jan. 15, 2020); *Vargas v. Vons Cos.*, 2022 WL 17685801, at *14 (Cal. Ct. App. Dec. 15, 2022); *Kasperzyk v. Shetler Sec. Servs., Inc.*, 2015 WL 1348503, at *12 (N.D. Cal. Mar. 25, 2015). Plaintiff also cites a summary adjudication case, *Light v. Department of Parks & Recreation*, 14 Cal. App. 5th 75, 101 (2017) to support her argument. Opp. at 11-15. This Court cited *Light*, 14 Cal. App. 5th at 101, in its Order on Defendants' original motions to dismiss.

[15] Plaintiff also contends Defendants are "try[ing to] revive their already rejected arguments," (Opp. at 11) but as this Court noted, "Defendants [did] not argue preemption as to the IIED claim" in their original motions to dismiss. *See* Order at 20.

[16] Plaintiff cannot rely on *Light* because the IIED claim there was based on the supervisor's harassing conduct, including verbal and physical attacks on the plaintiff, which is actionable against an individual supervisor, but which are not (and cannot) be alleged against the Individual Defendants here. Moreover, unlike *Voellger* and *Vargas*, the *Light* court did not specifically address whether a plaintiff may maintain an IIED claim against a defendant despite the corresponding FEHA claim against that defendant having been dismissed. Because Plaintiff has not alleged (and cannot allege) harassing conduct by the Individual Defendants, she should not be granted leave to amend a FEHA harassment claim against them.

1

### D.       Plaintiff's Claims Against the PC Defendants Fail

2          Plaintiff's claims against the PC Defendants fail because she fails to allege any specific

3  wrongful conduct by those corporate entities.[17] Motion at 8-9.[18] Plaintiff appears to contend her

4  allegations against the PC Defendants are sufficient because she "alleges that De Vries, Alper,

5  Deoras, Fahey, and Leslie Schmidt were agents of the PCs … and that the PCs were agents of

6  K&E." Opp. at 25. Plaintiff's contention is meritless.

7          "To sufficiently plead an agency relationship, a plaintiff must allege facts demonstrating

8  the principal's control over its agent." *See, e.g.*, *Imageline, Inc. v. CafePress.com, Inc.*, 2011 WL

9  1322525, at *4 (C.D. Cal. Apr. 6, 2011). Plaintiff has alleged no such facts here. The threadbare

10  and kitchen-sink legal theory conclusions in the FAC[19] are plainly insufficient. *Bell Atl. Corp. v.*

11  *Twombly*, 550 U.S. 544, 555 (2007).[20] Even if, however, Plaintiff had sufficiently alleged control,

12  that is not enough to establish vicarious liability. A principal is only vicariously liable to a third-

13  party for its agent's unlawful conduct where the agent acted with authority or the principal ratified

14  the agent's acts. *McAdory v. M.N.S. & Assocs., LLC*, 2021 WL 2321634, at *9 (D. Or. June 7, 2021)

15  (citing Restatement (Third) of Agency § 7.03). Plaintiff has not alleged specific facts showing that

16  any PC ratified the individual partner's alleged conduct, or that they acted with the requisite

17  authority.[21]

18  _____

   [17] Plaintiff's contention that this Court previously rejected this argument is meritless. The portions
19  of the Order Plaintiff cites (Order at 15-23) concern Defendants' arguments other than whether
   Plaintiff has sufficiently alleged specific wrongful conduct by the PC Defendants.
20  [18] Plaintiff argues that *Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 538 (2000) is
   inapposite because "it dealt with a motion to quash for insufficient service of process on
21  extraterritorial entities rather than a motion to dismiss by in-state Defendants over which the Court
   has general personal jurisdiction." Opp. at 25. This argument is meritless. The proposition for which
22  this case is cited ("[A] corporation is regarded as a legal entity, separate and distinct from its
   stockholders, officers and directors, with separate and distinct liabilities and obligations.") is
23  applicable in any context and at any stage of a case.
   [19] *See, e.g.*, FAC ¶ 22 ("Adam Alper acted as an agent and/or authorized representative of and/or
24  formed a partnership, association, joint venture, agency, and/or other instrumentality with Kirkland
   or with Kirkland and any one or more of its co-Defendants.").
25  [20] Plaintiff's contention that in their prior motions to dismiss, "DeVries P.C., Alper P.C., and Deoras
   P.C. characterized Plaintiff's allegations, including of tortious conduct, as consistent with them
26  acting as partners and agents of K&E" is meritless. Opp. at 25 n.45. Defendants explicitly stated
   that Plaintiff's allegations that the PC Defendants were liable under an agency theory were not
27  entitled to the assumption of truth and had to be disregarded. ECF No. 30 at 6 n.5, 18 n.16; ECF
   No. 34 at 6 n.7, 20 n.18; ECF No. 35 at 6 n.4; 18 at n.15.
28  [21] Plaintiff's citation to *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) is inapposite because
   it concerns Title VII claims and no Title VII claims remain against the PC Defendants. Order at 27.

DEFENDANTS' REPLY MEMORANDUM ISO TO
DISMISS AMENDED COMPLAINT [4:22-CV-
05990-HSG (TSH)]

1

**E.**   **Plaintiff Fails to Plead Facts Supporting Any Reasonable Inference That the Individual Defendants "Deliberately Falsified" Her Performance Review**[22]

The Court should also dismiss Plaintiff's IIED claims against the Individual Defendants for the additional reason that Plaintiff has failed to allege any specific facts that plausibly could lead to a reasonable inference that De Vries, Alper, Deoras or Fahey "*deliberately falsified* performance reviews, going so far as to instruct a fellow reviewer to criticize her." Order at 19-21.[23] **In her Opposition, Plaintiff fails to describe a single factual allegation that would support a reasonable inference of "deliberate falsification."** The cursory paragraph citations Plaintiff mentions (Opp. at 24), even if read in a light most favorable to her, at most suggest that De Vries, Deoras and Fahey's performance reviews of Plaintiff were inaccurate. But, as this very Court has held, issuance of an inaccurate performance review is insufficient to state an IIED claim. *Rezvan v. Philips Elecs. N. Am. Corp.*, 2016 WL 8193160, at *9 (N.D. Cal. Dec. 15, 2016) (J. Gilliam) (no IIED claim exists where "the facts 'at worst' showed that the plaintiff's employer … gave him a poor performance review).[24] Further, it is indisputable that Alper did not issue a performance review of Plaintiff and thus, Plaintiff cannot plead that he "deliberately falsified" his nonexistent review.[25]

---

[22] Contrary to Plaintiff's contention, Defendants are not seeking to "relitigate the Court's prior determination that Plaintiff adequately pled IIED against K&E's co-Defendants." Opp. at 24. Instead, Defendants seek to litigate the issue of whether Plaintiff has alleged specific facts supporting a reasonable inference that each Individual Defendant "deliberately falsified" Plaintiff's performance review, an issue that was first made apparent by the Court's Order regarding Defendants' original motions to dismiss. Order at 19-21.

[23] As the Motion details, Plaintiff's allegation that "Male Non-Share Partner Y told Plaintiff that Defendants [*generally*] had directed him (Male Non-Share Partner Y) to criticize Plaintiff in his 'evaluation' of her" (FAC ¶ 202) is not enough. *See Kurisu v. Svenhard's Swedish Bakery Supplemental Key Mgmt. Ret. Plan*, 2022 WL 6733328, at *3 (D. Or. Oct. 11, 2022) (collecting cases) ("Allegations are factually deficient when a complaint lumps defendants together and fails to adequately distinguish claims and alleged wrongs among defendants.").

[24] *See also Helgeson v. Am. Int'l Grp., Inc.*, 44 F. Supp. 2d 1091, 1095 (S.D. Cal. 1999) ("inaccurate performance evaluation" insufficient to state IIED claim).

[25] In her Opposition to Defendants' Motion for Leave for Reconsideration, she contends that "falsified performance reviews is but one of the numerous well-pled facts in the Complaint demonstrating retaliation and discrimination, which includes retaliation and discrimination carried out by Alper Defendants." ECF No. 101 ("Reconsideration Opp.") at 8. But Plaintiff cannot state a claim that Alper retaliated because she has not alleged Alper (or De Vries) were even aware of her alleged protected activity; and in any event, at most, the entirety of the allegations regarding Alper are nothing more than "personnel management activity," which this Court has held insufficient to sustain an IIED claim. Order 20-21 (citing *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996)).

**F.**     **Plaintiff Fails to State a Defamation Claim Against the De Vries Defendants**

The Court should dismiss Plaintiff's defamation claim against the De Vries Defendants because De Vries' review of Plaintiff does not contain provably false assertions or suggest Plaintiff lacked inherent competence to do her job. *See* Order at 15-16. Contrary to Plaintiff's contention, Defendants have properly raised this issue because the Court may view it as a new argument, and thus more appropriately addressed on a motion to dismiss rather than for reconsideration. *See* Motion at 2.

In her opposition to Defendants' motion for leave to seek reconsideration, which Plaintiff improperly incorporates by reference (Opp. at 24 n.41),[26] she points to the conclusion at the bottom of the overall evaluation issued by K&E (not De Vries) that Plaintiff had "not contributed to her matters at either the substantive or commitment level that is expected of an associate" as evidence that De Vries' review contains provably false assertions. Reconsideration Opp. at 3. But Plaintiff does not allege that De Vries authored these comments, approved them, or was even aware of them. In fact, as the evaluation makes clear, these are comments from the Associates Review Committee (ARC), and Plaintiff appropriately does not allege De Vries was a member. ECF No. 29-2; FAC ¶¶ 179, 239 (alleging only that Deoras was an ARC member). Plaintiff also tries to analogize statements in De Vries' review—that he "generally did not think that [Zoya's] work on [a witness examination] project was very good", that the work was "incomplete and somewhat late," and that he had to prepare a separate outline himself (Reconsideration Opp. at 4; ECF No. 29-2)—with statements in the evaluation by other partners that Plaintiff "does not produce useable work product" and her preparation was "extremely poor." The statements are not comparable. First, De Vries' statements concerned a single project, whereas the Court deemed the statement that Plaintiff "does not produce usable work product" a "blanket statement" about her work, generally (Order at 16). Second, De Vries' statement that he didn't think Plaintiff's work was very good on a particular project is nowhere close to the characterization that her work was "extremely poor." Third, De Vries' evaluation, buffered by caveats and other qualifications, does not come close to stating that

---

[26] *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (holding "the incorporation of substantive material by reference is not sanctioned by the federal rules").

DEFENDANTS' REPLY MEMORANDUM ISO TO
DISMISS AMENDED COMPLAINT [4:22-CV-
05990-HSG (TSH)]

1    she lacked inherent competence to do her job.[27]

2        **G.    Plaintiff's Retaliation and Failure to Prevent Claims Should Be Dismissed**

3        Plaintiff's remaining Title VII and FEHA retaliation claims (against Kirkland) should be

4    dismissed because she has failed to plausibly allege protected activity. Plaintiff's arguments to the

5    contrary are unavailing. Plaintiff first argues that several cases Defendants cited deal with the

6    summary judgment or later and thus are inapposite. Plaintiff's argument is meritless because the

7    principle for which the cases are cited (*i.e.*, general complaints about the workplace or unfairness

8    are not protected activity) is applicable at every stage of the case, including at the motion to dismiss

9    stage. *See, e.g.*, *Albro v. Spencer*, 2019 WL 2641667, at *9 (E.D. Cal. June 27, 2019) (granting

10   defendant's motion to dismiss retaliation claim in part because Plaintiff's allegation that he

11   complained to HR and management that "he worked in an unsupportive work environment" was

12   insufficient to constitute protected activity).[28]

13       Plaintiff also contends "it is beyond debate based on the facts in the FAC that Plaintiff's

14   April 29 and July 23, 2021 complaints were about discrimination and a hostile work environment

15   on the basis of sex, and unlawful retaliation." Opp. at 13. Plaintiff's contention is meritless. The

16   paragraphs Plaintiff cites (FAC ¶¶ 100-32, 149-73) do not state that Plaintiff complained about

17   gender discrimination or unlawful retaliation—in fact, most of these paragraphs do not discuss

18   Plaintiff's internal complaints to Kirkland, and the ones that do reveal that Plaintiff allegedly

19   complained about general unfair treatment and her workload (FAC ¶¶ 121, 125, 168), which is not

20   protected activity as a matter of law. *Albro*, 2019 WL 2641667, at * 9.[29]

---

21   [27] ECF No. 29-2 ("I only worked directly with Zoya on one matter…. I *generally* did not think that
22   Zola's work on that project was very good. We had an initial good discussion about it … the
     examination outline she worked on was incomplete and *somewhat* late. To be fair, I did say it was
23   alright to send me the outline before it was complete… I readily acknowledge that this kind of
     project is a difficult one for someone who has not done it before…." (emphasis added)).
     [28] When a plaintiff does not plead a *prima facie* case of retaliation, courts still look to the elements
24   of the *prima facie* case (including the element of protected activity) to decide, in light of judicial
     experience and common sense, whether the challenged complaint contains sufficient factual matter,
25   accepted as true, to state a claim for relief that is plausible on its face. *Cloud v. Brennan*, 436 F.
     Supp. 3d 1290, 1300-01 (N.D. Cal. 2020).
26   [29] Plaintiff contends that "courts regularly find that lesser (or similar) allegations sufficient to plead
     protected activity." But these out of district cases are easily disposed of. In *United States EEOC v.*
27   *Global Horizons, Inc*., 904 F. Supp. 2d 1074, 1088-89 (D. Haw. 2012), the court rejected
     defendant's argument that complaints are not protected activity if the complainant does not
28   explicitly allege discriminatory treatment. Here, Defendants do not contend that Plaintiff is required

DEFENDANTS' REPLY MEMORANDUM ISO TO
DISMISS AMENDED COMPLAINT [4:22-CV-
05990-HSG (TSH)]

1    Plaintiff also argues that "[t]he FAC's allegations clearly 'bear some relation to []

2    discrimination' as Plaintiff, for example, ties her complaints about disproportionate trial workload

3    and unfair treatment before, during, and after trial to sex-based discrimination, harassment, and

4    retaliation that she experienced by explaining [in the FAC] how various male associates received

5    better treatment at trial." Opp. at 14. That Plaintiff in the FAC *now* (years after her alleged protected

6    activity) attempts to tie her complaints about her workload and purportedly unfair treatment to sex

7    discrimination, harassment, and retaliation is irrelevant. Plaintiff was required to tie her workload

8    and unfair treatment complaints to sex discrimination, harassment and retaliation *at the time* she

9    allegedly engaged in protected activity in meetings with Schmitt and Deoras on April 29, 2021 and

10    July 23, 2021, so as to "alert[] [her] employer to [her] belief that discrimination, not merely unfair

11    personnel treatment, had occurred." *Gutierrez*, 2012 WL 5372607, at *6. She does not.[30]

12    Plaintiff also contends it is "unmistakably clear" that her July 23, 2021 complaints included

13    complaints for sex discrimination, hostile work environment and retaliation, because she has

14    alleged that she was "subjected to extensive retaliatory treatment after her initial April 2021

15    reporting" and that she "reasonably, with good faith, believed [such conduct] constituted sex-based

16    discrimination and/or harassment constituting a hostile work environment and/or retaliation for her

17    prior complaint[s]." Opp. at 16. But that Plaintiff was allegedly "subjected" to retaliation, and that

18    she "believed" conduct she allegedly experienced was discriminatory or retaliatory, say nothing

19    about what she actually complained about to Deoras and Schmidt on April 29, 2021 and July 23,

20    2021. The allegations which discuss what she actually complained about reveal only that she

21    complained about general unfair treatment and her workload, which are not protected activity as a

---

to plead that she explicitly complained of "discriminatory treatment" to plausibly plead protected activity. Instead, Defendants argue that Plaintiff is required to plausibly plead that she "alerted [her] employer to [her] belief that [gender] discrimination, not merely unfair personnel treatment, had occurred." *Gutierrez v. Kaiser Found. Hosps., Inc*., 2012 WL 5372607, at *6 (N.D. Cal. Oct. 30, 2012). This she did not do. And in *Morrow v. Fess Security*, 2020 WL 4927587, at *4 (D. Nev. Aug. 20, 2020), the Court's analysis was focused on the separate requirement of whether plaintiff had a reasonable belief he was opposing an employment practice made unlawful by Title VII, rather than on whether plaintiff's complaint <u>alerted</u> her employer to that belief; thus, the case is not relevant.

[30] Plaintiff contends she was not required to explicitly state that her complaints to Schmidt and Deoras were based on gender or retaliation, and that the reason for the complaint can be implicit or inferred. Opp. at 15. But Plaintiff fails to explain how complaints regarding general unfair treatment and her workload imply or infer gender discrimination, sex harassment or retaliation.

1    matter of law. Because her retaliation claim fails, so does her derivative failure to prevent claim.[31]

2        **H.    Plaintiff's EPA Claim Should Be Dismissed**

3        Plaintiff contends her EPA claim should not be dismissed because cases Defendants cite

4    were decided on summary judgment. Again, this is meritless. "The purpose of a motion to dismiss

5    under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp.*

6    *Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Here, as the Motion explains, Plaintiff has failed to

7    plead facts which would plausibly show that she and her alleged comparators performed "equal

8    work" or the EPA's "single establishment" requirement. Motion at 19-23. Thus, a motion to dismiss

9    is a proper vehicle to dismiss Plaintiff's claim.

10       As to the "equal work" requirement, Plaintiff cites to paragraphs that either say nothing as

11   to a common core of tasks between Plaintiff's job and her specific alleged comparators jobs;[32] or

12   are conclusory recitals of the elements of her claim,[33] which, contrary to Plaintiff's contentions[34],

13   are insufficient to survive a motion to dismiss.[35] The other paragraphs she cites are insufficient to

---

14   [31] Plaintiff argues in a footnote that her failure to prevent retaliation claim should not be dismissed
15   because the cases Defendants cite were decided on summary judgment. But courts also dismiss
     derivative failure to prevent claims at the motion to dismiss stage. *See, e.g.*, *Soto v. Int'l Paper Co.*,
16   2018 WL 5921350, at *4 (C.D. Cal. Nov. 13, 2018) (granting motion to dismiss FEHA failure to
     prevent claim because it was derivative of dismissed discrimination claim).
17   [32] *See* FAC ¶¶ 54-56 (discussing Plaintiff's job offer), 87, 89-96, 105 (describing alleged praise for
     Plaintiff's work), 88 (alleging current employment status of comparator); 100-104 (describing
18   Plaintiff's trial work without any comparison to comparators), 108, 111, 114-18 (alleging
     <u>differences</u> in tasks, workload, support and perks provided to Plaintiff and named and unnamed
19   comparators), 159 (conclusorily alleging that alleged comparator Calhoun worked on "expert
     reports" without discussing what his specific work was on the reports in comparison to Plaintiff's
20   work), 187-88, 210, 213 (allegations discussing K&E's associate performance review process).
     [33] FAC ¶¶ 57, 63, 249-54.
21   [34] The cases Plaintiff cites in support of her argument that such conclusory allegations are sufficient
     are easily distinguishable on their facts (*see Duke v. City Coll. of S.F.*, 445 F. Supp. 3d 216, 230
22   (N.D. Cal. 2020) (noting plaintiff alleged his counterpart was the "only other associate vice
     chancellor of student affairs making her the only individual against which plaintiff could compare
23   himself" and thus, it was "reasonable to conclude that two associate vice chancellors overseeing
     the same area of responsibility (i.e., student affairs) would have the same job responsibilities"), or
24   did not discuss whether the plaintiff's allegations were sufficiently detailed to survive an
     *Iqbal/Twombly* challenge (*see Scutt v. Carbonaro CPAs n Mngmt Grp*, 2020 WL 5880715, at *11
25   (D. Haw. Oct. 2, 2020) (focusing on whether EPA protects discrimination based on sexual
     orientation or gender identity), or are contrary to the weight of authority on this issue (*Ephrom v.*
26   *NuC02*, 2010 WL 11596121, at *2 (C.D. Cal. Nov. 29, 2010)).
     [35] *See, e.g.*, *Majo v. Sony Interactive Ent. LLC*, 2022 WL 1188871, at *5 (N.D. Cal. Apr. 21, 2022)
27   (granting motion to dismiss EPA claim because plaintiff did not describe "how her work was
     substantially equal to the work of any male allegedly paid more than she was paid"); *Cozzi v.*
28   *County of Marin*, 2019 WL 13201175, at *3 (N.D. Cal. Aug. 16, 2019) (granting motion to dismiss
     EPA claim: "At the pleading stage ... a plausible EPA claim must include 'sufficient factual matter,

DEFENDANTS' REPLY MEMORANDUM ISO TO
DISMISS AMENDED COMPLAINT [4:22-CV-
05990-HSG (TSH)]

1    establish equal work for the reasons discussed in the Motion.

2            Plaintiff also argues that the following allegations are sufficient to plead a "single

3    establishment" (1) "allegations explaining how and why 'Kirkland's offices collectively form one

4    establishment'"; and (2) "allegations explaining the substantially similar work performed by male

5    comparators who were paid better than Plaintiff, who worked for the same partners on the same

6    matters and were subject to the same firm-wide policies." Opp. at 18. This argument also falls flat.

7    First, the allegations in support of Plaintiff's contention that "Kirkland's offices collectively form

8    one establishment" are insufficient for the reasons the Motion explains. Motion at 22-23. Second,

9    Plaintiff's allegations regarding "similar work performed by male comparators who were paid

10   better than Plaintiff, who worked for the same partners on the same matters and were subject to the

11   same policies" is insufficient because as described above, Plaintiff has failed to plausibly allege

12   that she and her male comparators performed substantially similar work, much less that their "daily

13   duties" were "virtually identical" as discussed in 29 C.F.R. § 1620.9(b).[36] Moreover, Plaintiff's

14   allegations say nothing as to duties of associates working in Kirkland's 14 other offices out of

15   which neither Plaintiff nor her alleged male comparators allegedly worked, but which are allegedly

16   part of the "single establishment."[37]

17   **III.    CONCLUSION**

18           For the reasons in their Motion and above, the Court should grant the Motion with prejudice.

19   ───────────────────────────────
20   accepted as true' to permit 'the reasonable inference' that the relevant employees' job *content* was
     'substantially equal.'") (quoting *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 256 (2d Cir.
21   2014)); *see also Muldrew v. Joseph McCormick Constr. Co.*, 2014 WL 3890336, at *7 (W.D. Pa.
     Aug. 8, 2014) (citing multiple cases and noting courts have consistently held recitals of the elements
     of an EPA claim are insufficient to withstand 12(b)(6) motion).
22   [36] Defendants also dispute that the "similar working conditions" 29 C.F.R. § 1620.9(b) discusses
     are plausibly pled only by allegations as to K&E's policies about associate performance reviews.
23   [37] The cases Plaintiff cites are distinguishable. In *Williams v. Robert Half International Inc*., 2021
     WL 5414307, at *2 (N.D. Cal. Oct. 5, 2021), the court noted that "Plaintiff's allegations include
24   instances of working with male counterparts on the same project who were allegedly paid
     'substantial' or 'generous' bonuses, while she received none, the implication is that they worked at
25   the same establishment"; but here no such implication can be made because Plaintiff contends that
     the "single establishment" includes the entirety of K&E's offices, which includes 14 offices out of
26   which neither Plaintiff nor any of the alleged comparators worked. In *Boisjoly v. Aaron Manor,
     Inc*., 2022 WL 17272372, at *5 (D. Conn. Nov. 29, 2022), the court held that Plaintiff's allegation
27   that defendant management company was "a central administrative unit that hires employees, sets
     wages, and assigns the location of employment for its employees" was sufficient "at the pleadings
28   stage to allow her to take discovery to prove whether unusual circumstances are present." But here,
     Plaintiff has made no such allegation. *See* Motion at 22.

DEFENDANTS' REPLY MEMORANDUM ISO TO
DISMISS AMENDED COMPLAINT [4:22-CV-
05990-HSG (TSH)]

1

Dated:  December 13, 2023

2                                                           LYNNE C. HERMLE
                                                          JOSEPH C. LIBURT
3                                                         KATE JUVINALL
                                                          MARK R. THOMPSON
4
                                                          Orrick, Herrington & Sutcliffe LLP
5

6                                                         By:  _____/s/ Joseph C. Liburt_____
                                                                 JOSEPH C. LIBURT
7                                                             Attorneys for Defendants
                                                          KIRKLAND & ELLIS LLP, MICHAEL
8                                                         DE VRIES, MICHAEL W. DE VRIES,
                                                          P.C., ADAM ALPER, ADAM R. ALPER,
9                                                         P.C., AKSHAY DEORAS, AKSHAY S.
                                                          DEORAS, P.C., AND MARK FAHEY
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY MEMORANDUM ISO TO
DISMISS AMENDED COMPLAINT [4:22-CV-
05990-HSG (TSH)]