Tanvir H. Rahman (admitted *pro hac vice*)
FILIPPATOS PLLC
199 Main Street, Suite 800
White Plains, NY 10601
Tel.: 914 984 1111
trahman@filippatoslaw.com

Samuel Brown (State Bar. No. 308558)
HENIG KRAMER RUIZ & SINGH, LLP
3600 Wilshire Blvd, Suite 1908
Los Angeles, CA 90010
Tel.: +1 213 310 8301
sam@employmentattorneyla.com

*Attorneys for Plaintiff Zoya Kovalenko*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>    *Plaintiff*,<br><br>  v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY,<br><br>    *Defendants*. | Case No. 4:22-cv-05990-(HSG)(TSH)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO QUASH DEFENDANT KIRKLAND & ELLIS LLP'S SUBPOENAS AND FOR PROTECTIVE ORDER**<br><br>Re: Dkt. No. 83<br><br>Assigned to the Honorable Haywood S. Gilliam, Jr., Oakland Division, United States District Court for the Northern District of California<br><br>Referred to the Honorable Thomas S. Hixson, San Francisco Division, United States District Court for the Northern District of California<br><br>Hearing noticed for February 1, 2024, at 10:00 am, at the San Francisco Courthouse, 15th Floor, Courtroom E, 450 Golden Gate Avenue, San Francisco, California 94102 |

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... i

TABLE OF AUTHORITIES ..................................................................................... ii

NOTICE OF MOTION AND MOTION TO QUASH AND FOR PROTECTIVE ORDER ... 1

I.    STATEMENT OF ISSUES TO BE DECIDED ................................................. 1

II.   STATEMENT OF RELEVANT FACTS ........................................................... 1

III.  ARGUMENT……………………………………………………………………….. 3

    A.   The Court Should Quash K&E's Subpoenas Because K&E Seeks an Unwarranted Fishing Expedition for Irrelevant and Protected Materials ........................................ 3

        1.   Plaintiff Has Standing to Move to Quash ........................................... 4

        2.   The Court Should Quash K&E's Unduly Burdensome Subpoenas .................... 4

            i)    The Subpoenas Seek Discovery Outside the Permissible Scope ................ 4

                a)   The Subpoenas Are an Unwarranted Fishing Expedition ..................... 6

                b)   K&E's Relevance Arguments Fail ......................................... 7

            ii)   K&E's Subpoenas Violate Plaintiff's Right to Privacy Arising Under Federal Law .............................................................. 16

            iii)  K&E Served Its Subpoenas to Harass and Annoy ......................... 20

        3.   The Court Should Quash K&E's Subpoenas Because They Seek Protected Material ........................................................................ 22

    B.   Good Cause Exists for the Court to Issue a Protective Order ...................... 24

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                    **pp.**

*Abadia-Peixoto v. U.S. Dep't of Homeland Sec.*,

    No. CV 11-04001 RS (KAW), 2012 WL 5498014 (N.D. Cal. Nov. 13, 2012).......................16

*Appel v. Wolf*,

    839 Fed. App'x 78 (9th Cir. Dec. 14, 2020) ............................................................................11

*Appel v. Wolf*,

    2021 WL 5234424 (S.D. Cal. Nov. 9, 2021) ...........................................................6, 11, 12, 22

*Asetek Danmark A/S v. CoolIT Sys. Inc.*,

    No. 19-cv-00410-EMC (LB), 2021 WL 4699170 (N.D. Cal. Oct. 8, 2021) ...........................15

*Baker v. Santa Clara Univ.*,

    No. 17-cv-02213-EJD (VKD), 2018 WL 3566868 (N.D. Cal. July 25, 2018)....5, 6, 10, 14, 25

*Batts v. Cnty. of Santa Clara*,

    No. C 08-00286 JW, 2009 WL 3732003 (N.D. Cal. Nov. 5, 2009) ..................................14, 19

*Barnes-Hind, Inc. v. Superior Court of Santa Clara Cnty.*,

    181 Cal. App. 3d 377 (1986) ..................................................................................................11

*Bickley v. Schneider Nat., Inc.*,

    No. C 08-5806 JSW (JL), 2011 WL 1344195 (N.D. Cal. Apr. 8, 2011).....4, 13, 17, 18, 21, 24

*Botta v. PricewaterhouseCoopers LLP*,

    No. 18-cv-02615-RS (LB), 2018 WL 6257459 (N.D. Cal. Nov. 30, 2018) .......................4, 18

*Breed v. U.S. Dist. Court for the N. Dist. of Cal.*,

    542 F.2d 1114 (9th Cir. 1976) ................................................................................................16

*Cannata v. Wyndham Worldwide Corp.*,

    No. 2:10-cv-00068-PMP-LRL, 2011 WL 3794254 (D. Nev. Aug. 25, 2011).....4, 5, 10, 13, 21

*Carroll v. Wells Fargo & Co.*,

    No. 3:15-cv-02321-EMC(KAW), 2017 WL 1316548 (N.D. Cal. Apr. 10, 2017) ...................5

*Crawford-El v. Britton*,

    523 U.S. 574 (1998)................................................................................................................24

*Deuss v. Siso*,

    No. 14-cv-00710-YGR (JSC), 2014 WL 4275715 (N.D. Cal. Aug. 29, 2014) ......................21

*Doe v. Garland*,

    17 F.4th 941 (9th Cir. 2021) ...............................................16

*Doe v. Garland*,

    142 S. Ct. 2815 (2022)........................................16

*Dropbox, Inc. v. Motion Offense, LLC*,

    No. 22-mc-80083-SVK, 2022 WL 5400705 (N.D. Cal. Apr. 20, 2022) ................................3

*EEOC v. Serramonte*,

    237 F.R.D. 220 (N.D. Cal. 2006)...............................4, 10, 12, 13, 14, 15, 16, 18, 19

*Frazier v. Bed, Bath & Beyond, Inc.*,

    No. 2-10-cv-5398 (D. N.J. Oct. 20, 2010), Compl., Dkt. No. 1 ..............................17

*Frazier v. Bed Bath & Beyond, Inc.*,

    No. 11-mc-80270 RS (NC), 2011 WL 5854601 (N.D. Cal. Nov. 21, 2011)..............10, 17, 18

*Games2U, Inc. v. Game Truck Licensing, LLC*,

    No. MC-13-00053-PHX-GMS, 2013 WL 4046655 (D. Ariz. Aug. 9, 2013).........................15

*Gragossian v. Cardinal Health Inc.*,

    2008 WL 11387063 (S.D. Cal. July 21, 2008) .......................................7, 8, 12, 13

*Griswold v. Connecticut*,

    381 U.S. 479 (1965)......................................................... 16, 19-20

*Hardin v. Mendocino Coast Dist. Hosp.*,

    No. 17-cv-05554-JST (TSH), 2019 WL 1493354 (N.D. Cal. Apr. 4, 2019)... 7, 8, 9, 16-17, 18

*Huynh v. Wal-Mart Assocs., Inc.*,

    No. 18-cv-01631-VC (SK), 2019 WL 13221170 (N.D. Cal. Aug. 1, 2019) ...........................4

*Jaffee v. Redmond*,

    518 U.S. 1 (1996)........................................................23

*Kovalenko v. Kirkland & Ellis LLP*,

    No. 4:22-cv-05990-HSG (N.D. Cal. Aug. 23, 2023), Order Denying in Part

and Granting Part Mots. to Dismiss, Denying Mots. to Strike, and Denying

in Part and Granting in Part Mot. to Seal, Dkt. No. 92 ........................................................11

*Kovalenko v. Kirkland & Ellis LLP*,

    No. 4:22-cv-05990-HSG (TSH) (N.D. Cal. July 27, 2023), Disc. Order, Dkt. No. 88 ............2

*Lemberg L. LLC v. Hussin*,

    No. 16-mc-80066-JCS, 2016 WL 3231300 (N.D. Cal. June 13, 2016)...................................24

*Lewin v. Nackard Bottling Co.*,

    No. CV 10-8041-PCT-FJM, 2010 WL 4607402 (D. Ariz. Nov. 4, 2010)................ 7, 8, 13-14

*Lifeguard Licensing Corp. v. Kozak*,

    2016 WL 3144049 (S.D.N.Y. May 23, 2016) ......................................................................15

*Lyzer v. Caruso Produce, Inc.*,

    No. 3:17-cv-01335-SB, 2018 WL 11489791 (D. Or. Oct. 4, 2018) ...............................7, 8, 25

*Mattel Inc. v. Walking Mountain Prods.*,

    353 F.3d 792 (9th Cir. 2003) ...............................................................................9, 20, 21

*Newman v. San Joaquin Delta Cmty. Coll. Dist.*

    No. 2:09-cv-03441 WBS KJN, 2011 WL 1743686 (E.D. Cal. May 6, 2011) ............ 6, 8-9, 24

*Nidec Corp. v. Victor Co. of Japan*,

    249 F.R.D. 575 (N.D. Cal. 2007)................................................................................5, 21, 22

*Odima v. Westin Tucson Hotel*,

    53 F.3d 1484 (9th Cir. 1995) ..................................................................................13

*Parker v. Twentieth Century-Fox Film Corp.*,

    3 Cal. 3d 176 (1970) ..................................................................................13

*Pers. Audio LLC v. Togi Entm't, Inc.*,

    No. 14-MC-80025 RS (NC), 2014 WL 1318921 (N.D. Cal. Mar. 31, 2014)........................21

*Petka v. Mylan Pharms., Inc.*,

    No. 16-MC-80196-MEJ, 2016 WL 6947589 (N.D. Cal. Nov. 28, 2016)...............................15

*Premium Serv. Corp. v. Sperry & Hutchinson Co.*,

    511 F.2d 225 (9th Cir. 1975) ..................................................................................20

*In re Remec, Inc. Sec. Litig.*,

    No. 04CV1948 JLS (AJB), 2008 WL 11338378 (S.D. Cal. July 28, 2008)............................9

*Rivera v. NIBCO, Inc.*,

    364 F.3d 1057 (9th Cir. 2004) .......................................................................................6, 19

*Rodriguez-Malfavon v. Clark Cnty. Sch. Dist.*,

    No. 2:12-cv-1673-APG-PAL, 2016 WL 10789405 (D. Nev. Sept. 28, 2016) .......................10

*Smith v. Legacy Partners Inc.*,

    No. 221CV00629JHCBAT, 2022 WL 1194125 (W.D. Wash. Apr. 21, 2022) ................7, 13

*Stallworth v. Brollini*,

    288 F.R.D. 439 (N.D. Cal. 2012) ........................................................14–15, 16-17, 19, 23-24

*Taus v. Loftus*,

    40 Cal. 4th 683, 720 (2007) ................................................................................................11

*Thomas v. Starz Ent., LLC*,

    2017 WL 11628086 (C.D. Cal. May 26, 2017) ...................................................................10

*Valadez v. Aguallo*,

    No. C08-03100 JW (HRL), 2009 WL 1464141 (N.D. Cal. May 26, 2009) ...........................20

*Viacom Int'l, Inc. v. YouTube, Inc.*,

    No. C 08-80129 SI, 2008 WL 3876142 (N.D. Cal. Aug. 18, 2008) ......................................22

*Villarreal v. Cnty. of Monterey*,

    No. 16-cv-06672-LHK (SVK), 2017 WL 6271602 (N.D. Cal. Oct. 12, 2017) .......................5

**Statutes and Other Authorities**                    **pp.**

42 U.S.C. § 2000e *et seq.* (Title VII).................................................................................18-19

42 U.S.C. § 299b–2, Health Information Portability and Accountability Act (HIPAA).......19-20

45 C.F.R. § 164.512(a)(1).........................................................................................................19

Civil L.R. 7-1(b) .......................................................................................................................1

Fed. R. Civ. P. 26......................................... 1, 2, 3, 4, 6, 7, 9, 12, 14, 15, 16, 19, 20, 21, 22, 24, 25

Fed. R. Civ. P. 26 advisory committee's note (2015 amend.)..............................................6, 24

Fed. R. Civ. P. 26 advisory committee's note (2000 amend.) .................................................. 15

Fed. R. Civ. P. 26(b) ...................................................... 1, 3, 4, 6, 7, 9, 12, 15, 16, 20, 22, 24, 25

Fed. R. Civ. P. 26(b)(1) ........................................ 4, 6, 9, 12, 14, 15, 16, 19, 20, 24, 25

Fed. R. Civ. P. 26(b)(2) ............................................................ 7, 21, 22, 24

Fed. R. Civ. P. 26(b)(2)(C) ............................................................ 21, 22

Fed. R. Civ. P. 26(b)(2)(C)(iii) ............................................ 7, 12, 20, 24, 25

Fed. R. Civ. P. 26(c) ............................................................ 1, 2, 3, 24, 25

Fed. R. Civ. P. 26(c)(1)(A) ............................................................ 3, 5, 24, 25

Fed. R. Civ. P. 45 ............................................................................................ 1

Fed. R. Civ. P. 45(d) ................................................................................ 3, 5

Fed. R. Civ. P. 45(d)(1) ............................................................ 18, 20, 21

Fed. R. Civ. P. 45(d)(3) ............................................................ 1, 3, 5

Fed. R. Civ. P. 45(d)(3)(A)(iii) ............................................ 1, 3, 5, 22, 24

Fed. R. Civ. P. 45(d)(3)(A)(iv) ............................................ 1, 2, 3, 4, 6, 16, 22

Fed. R. Evid. 403 .................................................................................... 10

Fed. R. Evid. 404 .............................................................................. 8, 10

U.S. Const., amends. I, III, IV, V & IX ................................................ 19

1  **NOTICE OF MOTION AND MOTION TO QUASH AND FOR PROTECTIVE ORDER**

2      TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  PLEASE TAKE NOTICE

3  THAT on February 1, 2024, at 10:00 a.m., or as soon thereafter as counsel may be heard at the

4  San Francisco Courthouse, 450 Golden Gate Avenue, 15th Floor, Courtroom E, San Francisco,

5  California 94102, before the Honorable Thomas S. Hixson, Plaintiff Zoya Kovalenko ("Plaintiff")

6  will and hereby does respectfully move the Court for an order quashing, with prejudice and in

7  their entirety, subpoenas duces tecum served by Defendant Kirkland & Ellis LLP ("K&E") on

8  third parties Fish & Richardson P.C. ("Fish") and Paul Hastings LLP ("Paul Hastings")

9  (collectively, the "Third Parties"), and for a protective order forbidding the discovery sought.  *See*

10  Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv) & 26(b)–(c).  This motion is based on this Notice of Motion,

11  the accompanying Memorandum of Points and Authorities, and any other papers filed in support;

12  the Joint Discovery-Dispute Letter Brief, Dkt. No. 83 ("Letter Brief"); any other filings in this

13  case; facts of which the Court may or must take judicial notice; and such other evidence or

14  arguments presented by Plaintiff at any hearing on this motion.  Plaintiff respectfully requests the

15  Court determine this motion without oral argument.  *See* Civil L.R. 7-1(b).

16  **MEMORANDUM OF POINTS AND AUTHORITIES**

17  **I.  STATEMENT OF ISSUES TO BE DECIDED**

18      Whether the Court should quash K&E's subpoenas and/or enter a protective order

19  prohibiting the requested discovery to protect Plaintiff from annoyance, embarrassment,

20  oppression, undue burden or expense.  *See* Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv) & 26(b)–(c).

21  **II.  STATEMENT OF RELEVANT FACTS**

22      The Third Parties are law firms who employed Plaintiff as an attorney before K&E

23  employed her.  Decl. of Zoya Kovalenko in Support of Pl.'s Mot. to Quash and for Protective

24  Order attached hereto ("Kovalenko Decl.") ¶ 4.  Neither the Complaint, Dkt. No. 1, nor the

25  Amended Complaint, Dkt. No. 94 ("FAC"), mentions—directly or indirectly—either Third

26  Party.[1] *See generally* Compl.; FAC. The claims in the FAC arise exclusively from conduct during

27  and after Plaintiff's employment with K&E and center around K&E's unlawful employment

28

---

[1]    Plaintiff did not add new substantive matter to the FAC.

practices that occurred during Plaintiff's employment at K&E.[2]  *E.g.*, FAC ¶¶ 5 & 222; Kovalenko

Decl. ¶ 5; *see also, e.g.*, FAC ¶¶ 33–36, 189–200, 223–26, 256; Kovalenko Decl. ¶¶ 6–7, 23.

After Plaintiff—self-represented at the time—reasonably asked K&E's counsel to refrain

from taking any action that would require Plaintiff's time and attention during a brief vacation in

May 2023, K&E issued the subpoenas right before Plaintiff left for vacation[3] and planned to serve

them on the Third Parties during her vacation.  Kovalenko Decl. ¶¶ 3, 8–9.  Plaintiff objected to

the subpoenas and met and conferred with K&E's counsel.  *Id.* ¶¶ 10, 12–13.  Plaintiff and K&E's

counsel agreed to meet and confer a second time prior to K&E serving the subpoenas on the Third

Parties, but K&E's counsel later reneged on that agreement.  *Id.* ¶ 13.  K&E's counsel reissued

the subpoenas without narrowing the requests, leading Plaintiff to request to meet and confer

regarding her intent to move for a protective order under Federal Rule of Civil Procedure ("Rule")

26(c)(1).  *Id.*  After meeting and conferring, Plaintiff and K&E filed the Letter Brief.[4]  The Court

held a hearing, and Plaintiff informed the Court that she needed time to transition the case to

recently-retained counsel and to prepare this motion.  Minute Entry for Proceedings Held Before

Judge Thomas S. Hixson, Dkt. No. 91.  The Court stayed compliance with the subpoenas.  Disc.

Order, Dkt. No. 88.  The sweeping requests, which are identical in each of the subpoenas, are

reproduced below:

> 1. Personnel documents (including but not limited to all documents in a personnel
> file, such as employment applications, resumes, communications with [Plaintiff],
> interview notes, applicant evaluations, offer letters, acceptance letters, employment
> contracts and/or agreements, documents relating to termination of employment,
> documents relating to change of title, duties, or compensation, transfer of work
> location, notices of commendation, leaves of absence, wage attachment or
> garnishment notices, performance appraisals and/or reviews, attendance and

---

[2]    Plaintiff began working for K&E in November 2020 and was summarily terminated on
September 28, 2021, based on the pretextual, defamatory "review."  *E.g.*, FAC ¶¶ 13, 128;
Kovalenko Decl. ¶ 7.

[3] As context for Sections III.A.2.iii & III.B, *infra*, and indicia of the subpoenas' harassing nature,
K&E's counsel sent Plaintiff the subpoenas near close of business on a Friday, the day before
Plaintiff's birthday.  Kovalenko Decl. ¶ 8.  K&E's counsel was aware this was her birthday
because it identified her date of birth on the subpoenas.  *Id.*  K&E also employed similarly sharp
tactics the year prior, when it sent Plaintiff a threatening and harassing letter on her birthday at
dinnertime.  *Id.*; Kovalenko Decl. Exs. A & B.  There is no legitimate justification for the timing
of the subpoenas.   K&E sent Plaintiff these subpoenas over three months before serving a single
discovery request on Plaintiff.  Kovalenko Decl. ¶ 10.

[4] K&E has not yet answered the Complaint or FAC.  *See* Dkt. No. 102 (7th Mot. Dismiss).

PL.'S MOT. TO QUASH & FOR PROTEC. ORDER     2                  NO. 4:22-CV-05990-HSG (TSH)

absence records, promotion and/or demotion recommendations); and

2. Documents regarding [Plaintiff]**'s** leaves of absence, medical restrictions, disabilities (whether physical, mental, or otherwise), and medical records affecting employment status; and

3. Non-privileged complaint and investigatory files (including but not limited to legal proceedings involving [Plaintiff] as well as documents relating to complaints filed by and/or against [Plaintiff] with any government agency), and grievance files (including but not limited to informal and formal complaints/grievances by [Plaintiff] as well as informal and formal complaints/grievances by others about [Plaintiff]); and

4. Compensation documents (including but not limited to documents reflecting [Plaintiff]**'s** salary, wages, commissions, bonuses, overtime, unemployment benefits, and all other types of compensation, pay stubs, and summaries of compensation); and

5. Benefits documents (including a description of all benefits and compensation packages available to [Plaintiff], [Plaintiff]**'s** participation in benefits plans, any records of absences from work for any reason, leaves of absence for medical or other reasons, and records of medical treatment); and

6. Non-privileged litigation documents involving [Plaintiff] as a party (including but not limited to any documents relating to legal proceedings involving both [Plaintiff] and you as parties, as well as subpoenas to you from third parties relating to [Plaintiff], but not including work product or privileged communications involving [Plaintiff] undertaken on behalf of your clients).

Kovalenko Decl. ¶ 11; *see also id.* ¶¶ 10, 13.

## III.   ARGUMENT

For the reasons below, this Court should quash, with prejudice, K&E's subpoenas in their entirety and issue a protective order forbidding the speculative and irrelevant discovery sought in the sweeping third party subpoenas. *See* Rules 45(d)(3) & 26(c)(1)(A).

### A.   The Court Should Quash K&E's Subpoenas Because K&E Seeks an Unwarranted Fishing Expedition for Irrelevant and Protected Materials

This Court should quash K&E's subpoenas in their entirety, with prejudice, because they are unduly burdensome and seek privileged and protected material. *See* Rule 45(d)(3)(A)(iii)–(iv). "A court must quash a subpoena where the subpoena 'requires disclosure of privileged or other protected material' or 'subjects a person to undue burden.'" *Dropbox, Inc. v. Motion Offense, LLC*, No. 22-mc-80083-SVK, 2022 WL 5400705, at *2 (N.D. Cal. Apr. 20, 2022) (quoting Rule 45(d)(3)(A)(iii), (iv)). "The scope of discovery that can be requested under Rule 45 is the same as the scope under Rule 26(b)." *Id.* "[I]f the sought after documents are not relevant

nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed . . . would be by definition undue." *Id.* (citation omitted).

### 1.   Plaintiff Has Standing to Move to Quash

Plaintiff has standing to move to quash the subpoenas because "[P]laintiff asserts a legitimate privacy interest in the documents sought." *Cannata v. Wyndham Worldwide Corp.*, No. 10-cv-00068-PMP-LRL, 2011 WL 3794254, at *2 (D. Nev. Aug. 25, 2011) (granting plaintiffs' motion to quash subpoenas to previous employers, *id.* at *5, where plaintiffs argued overbreadth and irrelevance, *id.* at *2); *see also EEOC v. Serramonte*, 237 F.R.D. 220, 223 (N.D. Cal. 2006) (holding plaintiff has standing to move to quash on same grounds on which third-party subpoena recipient could object); *Huynh v. Wal-Mart Assocs., Inc.*, No. 18-cv-01631-VC (SK), 2019 WL 13221170, at *1 (N.D. Cal. Aug. 1, 2019) (acknowledging party may "seek a protective order or make a motion to quash" subpoenas in lieu of objecting).[5] Thus, Plaintiff has standing because she asserts legitimate privacy interests in all of the materials sought, which include medical records, personnel records, and other non-public, private information and records.   *E.g.*, Kovalenko Decl. ¶¶ 11, 19, 22, 24.  Plaintiff also has standing to challenge the subpoenas because she "asserts that the information [sought] is privileged or protected." *Bickley v. Schneider Nat., Inc.*, No. C 08-5806 JSW JL, 2011 WL 1344195, at *2 (N.D. Cal. Apr. 8, 2011); *see infra* §§ III.A.2.ii & A.3; Letter Br. at 1, 2.

### 2.   The Court Should Quash K&E's Unduly Burdensome Subpoenas

This Court should quash K&E's subpoenas under Rule 45(d)(3)(A)(iv) because they: (i) seek discovery outside the scope permitted by Rule 26(b)(1) and constitute an unwarranted fishing expedition; (ii) violate Plaintiff's right to privacy; and (iii) were served to harass and annoy.

#### i)   The Subpoenas Seek Discovery Outside the Permissible Scope

K&E's subpoenas command third-party discovery that is neither relevant to any asserted

---

[5]   K&E incorrectly argues that Plaintiff does not have standing to object to the subpoenas on non-privacy grounds.  Letter Br. at 5.  K&E relies on *Botta v. PricewaterhouseCoopers LLP*, which is inapposite because here, unlike in *Botta*, No. 18-cv-02615-RS (LB), 2018 WL 6257459, at *2 (N.D. Cal. Nov. 30, 2018), the Third Parties timely objected to the subpoenas, Letter Br. at 1; Kovalenko Decl. ¶ 14 & Exs. D–G.  Thus, the *Botta* rationale supporting any purported lack of standing is entirely absent here.

1   claims or defenses nor proportional to the needs of the case and therefore is outside the scope of

2   Rule 26(b)(1).  Thus, the Court should quash K&E's subpoenas under Rule 45(d)(3)(A)(iv).

3       In determining whether a subpoena "should be enforced," the Court is guided by Rule

4   45(d)(3), which allows an unduly burdensome subpoena to be quashed, and Rule 26, which allows

5   discovery to be limited where its burden or expense outweighs its likely benefit.  *Nidec Corp. v.*

6   *Victor Co.*, 249 F.R.D. 575, 577 (N.D. Cal. 2007).  Here, K&E bears the burden of showing

7   relevance and proportionality to the needs of the case of all material requested in its sweeping

8   subpoenas.  *E.g.*, *Baker v. Santa Clara Univ.*, 2018 WL 3566868, at *1 (N.D. Cal. July 25, 2018);

9   *Carroll v. Wells Fargo & Co.*, No. 3:15-cv-02321-EMC (KAW), 2017 WL 1316548, at *2 (N.D.

10  Cal. Apr. 10, 2017) ("The party issuing the subpoena must demonstrate that the information

11  sought is relevant and material to the allegations and claims at issue in the proceedings.").

12  "Generally, employment records from separate employers are not discoverable due to their highly

13  private nature absent *a specific showing* by a defendant as to their relevance." *Cannata*, 2011 WL

14  3794254, at *2 (emphasis added).  Here, K&E has not and cannot make the requisite specific

15  showing of relevance.[6] Letter Br. at 4–5.  Its speculative and specious reasoning as to purported

16  relevance is insufficient to preclude quashing.  *Id.*[7] Provided "without the benefit of any

17  corroborating facts," K&E's "series of conclusory statements" are "merely a wish list of

18  conclusions that [K&E] hopes the [subpoenaed] records would support."  *See Villarreal v. Cnty.*

19  *of Monterey*, No. 16-cv-06672-LHK (SVK), 2017 WL 6271602, at *2–3 (N.D. Cal. Oct. 12, 2017)

20  (concluding defendant failed to demonstrate relevance, thus "find[ing] it unnecessary to reach

---

6       Despite its burden, K&E previously refused to explain the relevance of the subpoenaed materials.  Kovalenko Decl. ¶ 12 & Ex. C at 6 (June 16, 2023 email from K&E's counsel stating: "Nor is Kirkland required to explain to you the reasons it believes [the subpoenaed] documents are relevant to this case.").

7       For example, K&E states it "has a significant need for: (1) Plaintiff's personnel documents" in Request No. 1 because K&E speculates "they are relevant to" hypothetical alleged "terminations," which K&E purports are somehow "relevant" to its anticipated defense of termination for poor performance.  The subpoenas also request "wage attachment or garnishment notices," "documents regarding [Plaintiff]'s leaves of absence, medical restrictions, disabilities (whether physical, mental, or otherwise)," and "informal and formal complaints/grievances by [Plaintiff] as well as informal and formal complaints/grievances by others about [Plaintiff]."  Req. Nos. 1–3.  K&E has no basis to even presume these (and other) requested materials exist.  Req. Nos. 1–6; Letter Br. at 4–5.

Plaintiffs' argument about . . . privacy rights" and granting motion to quash); *see also Baker*, 2018 WL 3566868, at *2 (granting motion for protective order where defendant "has not shown it has any reason to believe" that alleged harm was caused by third party and where defendant's "assertion that her prior employment experience might have resulted in injuries like the ones she is claiming here is ***too speculative to justify the expansive request***" for employment records) (emphasis added).[8]

a)      ***The Subpoenas Are an Unwarranted Fishing Expedition***

The subpoenas are also unduly burdensome because they are a paradigmatic fishing expedition.  Rules 45(d)(3)(A)(iv) & 26(b)(1).  K&E has not offered, despite having ample opportunity to do so, any non-speculative basis specific to Plaintiff's case as to why it thinks the sweeping subpoenas are proportional to the needs of the case and seek discovery relevant to the claims and defenses.  *E.g.*, Letter Br. at 4–5; Kovalenko Decl. Ex. C at 6.  Allowing K&E to search a vast sea of information based on speculation that it might catch a single fish (minnow) is the exact type of fishing expedition that courts abhor and preclude.  *See, e.g.*, *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) (stating district courts "need not condone the use of discovery to engage in fishing expedition[s]" and should "prevent employers from using the discovery process to engage in wholesale searches for evidence that might serve to limit its damages for its wrongful conduct") (internal quotation marks and citation omitted).[9]

---

[8]      *See also Appel v. Wolf*, 2021 WL 5234424 (S.D. Cal. Nov. 9, 2021) (granting motion to quash or for protective order, *id.* at *1, where defendant failed to describe what subpoenas "actually seek or how the specific requests in those subpoenas relate to" defamation defense, *id.* at *2).  K&E offers only conclusory statements to show relevance, which the Court should disregard.  Letter Br. at 4–5; *see Newman v. San Joaquin Delta Cmty. Coll. Dist.*, No. 2:09-cv-03441 WBS KJN, 2011 WL 1743686, at *4 (E.D. Cal. May 6, 2011) (forbidding discovery of employment records because subpoenaing parties offer "largely conclusory or searching statements" and thus "offered no basis upon which the court could conclude" discovery within scope of Rule 26(b)(1)).  And, as noted above, K&E also baselessly presumes the requested materials exist, but its presumptions, without underlying support, are insufficient to demonstrate relevance.  *See, e.g.*, *Appel*, 2021 WL 5234424, at *12 (quashing subpoenas when defendant "attempt[s] to find anything he can after-the-fact to support his [defamatory] statement with little idea what exactly he expects to find").

[9]      *See also Newman*, 2011 WL 1743686, at *4 (granting protective order because subpoenaing parties "simply wish to rummage around in [movant's] present employment in furtherance of an unfocused fishing expedition"); Rule 26 advisory committee's note (2015 amend.) (stating courts "must" apply Rule 26 to "prevent use of discovery to wage a war of attrition").

1    Other courts in this circuit have found subpoenas that are arguably *less* invasive than those

2    here to be unwarranted fishing expeditions and have quashed such subpoenas.  For example, in

3    *Lewin v. Nackard Bottling Co.*, No. CV 10-8041-PCT-FJM, 2010 WL 4607402 (D. Ariz. Nov. 4,

4    2010), the defendant issued subpoenas to the plaintiff's former employers requesting "plaintiff's

5    entire personnel file," which the court stated "is, on its face, overbroad.  *Id.* at *1–2.  The court

6    thus "f[ou]nd that defendant is merely trying to engage in a fishing expedition" and granted

7    plaintiff's motions to quash and for protective order.  *Id.*  Here, the **first** of K&E's **six** requests is

8    broader than the sole request for "plaintiff's entire personnel file" that the *Lewin* court determined

9    was an unwarranted fishing expedition.  *Id.*; Kovalenko Decl. ¶ 11.  K&E is trying to engage in

10   "fishing expedition discovery that courts consistently deny."  *See Lyzer v. Caruso Produce, Inc.*,

11   No. 3:17-cv-01335-SB, 2018 WL 11489791, at *3 (D. Or. Oct. 4, 2018) (citing *Lewin*, 2010 WL

12   4607402, at *1).

13                    *b)*    **K&E's Relevance Arguments Fail**

14   Courts in the Ninth Circuit have rejected relevance arguments similar to those made here

15   by K&E.  First, K&E's conclusory contention that sweeping subpoenas are relevant to Plaintiff's

16   "credibility" is not supported by on-point case law in this circuit.  Letter Br. at 4 (discussing Req.

17   No. 1).[10]  For example, this Court in *Hardin v. Mendocino Coast District Hospital*, No. 17-cv-

18   ─────────────────────

19   [10]    K&E cites *Smith v. Legacy Partners Inc.*, No. 221CV00629JHCBAT, 2022 WL 1194125,
     at *4 (W.D. Wash. Apr. 21, 2022) for the proposition that "personnel information sought in

20   subpoenas of plaintiff's prior employers was 'clearly relevant' to plaintiff's employment
     discrimination claims and to defendants' defenses and may also bear on plaintiff's credibility and

21   plaintiff's claims for earnings and earning potential."  Letter Br. at 4 & 4 n.10.  However, in *Smith*,
     unlike the case at bar, the plaintiff did not notify the defendant she objected to the subpoenas or

22   would move to quash; the third parties did not object to the subpoenas on any grounds; and the
     plaintiff's motion failed to specify "how or why" the subpoenas might be unduly burdensome.

23   *Smith*, 2022 WL 1194125, at *2–3; *cf.* Letter Br. at 1–3 (explaining Plaintiff's objections to
     subpoenas and requesting leave to move to quash and for protective order and noting that Third

24   Parties served objections); Kovalenko Decl. ¶¶ 12–13 & Ex. C at 2, 5–6, 8–11, 14, 17–18 (Pl.'s
     May 15 & 26, June 6 & 22, and July 19, 2023 emails, noting Plaintiff objected to subpoenas in

25   written correspondence and during meet and confers).  Moreover, in *Smith*, unlike in the case at
     bar, the plaintiff did not allege that any information sought was privileged or otherwise protected.

26   *Smith*, 2022 WL 1194125, at *3; *cf. infra* §§ III.A.2.ii & III.A.3.

27   Second, K&E cites *Gragossian v. Cardinal Health Inc.*, 2008 WL 11387063, at *4 (S.D.
     Cal. July 21, 2008) for its contention that "plaintiff's claim for lost wages 'places records

28   reflecting her prior employment experiences...at issue.'"  Letter Br. at 4 n.10.  The *Gragossian*
     plaintiff alleged that "she was forced to leave her job due to Defendants' misclassification of her

─────────────────────

05554-JST (TSH), 2019 WL 1493354 (N.D. Cal. Apr. 4, 2019) rejected the defendants' argument that "previous employment records may be relevant to impeach [plaintiff's] credibility" even where the plaintiff had testified during her deposition that her supervisor at one prior, subpoenaed employer "had harassed her" and that "she successfully resolved HR complaints" while working at a second prior, subpoenaed employer. *Id.* at *5. Even in light of this testimony, this Court nevertheless stated that discovery into "whether [plaintiff's] boss at her former job harassed her or whether she was diligent in resolving HR complaints when she worked somewhere else are collateral issues[;] [d]iscovery into them is minimally relevant and not proportional to the needs of this case, which is about her job at [defendant]." *Id.*[11]; *see also Lewin*, 2010 WL 4607402, at *1–2 (quashing subpoena requesting prior employment records and rejecting argument that such records were relevant to credibility, as "an attack on plaintiff's credibility by introducing evidence of his character in another employment setting is likely inadmissible propensity evidence under Rule 404(a)"); *Lyzer*, 2018 WL 11489791, at *3 (stating "[d]efendant seeks evidence in [plaintiff's] personnel files relating generally to his credibility, but that is the type of fishing expedition discovery that courts consistently deny" and noting defendant "has not called [plaintiff's] truthfulness into question here"). If a credibility argument supported by specific deposition testimony was insufficient to show relevance, then it follows that K&E's even weaker, conclusory credibility argument cannot demonstrate relevance. Kovalenko Decl. ¶ 24; Letter Br. at 4 (stating, without support, that "K&E has a significant need for" Plaintiff's personnel documents "because they are relevant to" Plaintiff's "credibility"); *see Hardin*, 2019 WL

---

position." *Gragossian*, 2008 WL 11387063, at *1 (listing plaintiff's causes of action, including in relevant part, "failure to pay overtime wages"); *id.* at *4. Here, in contrast, Plaintiff does not allege misclassification or a constructive termination, let alone constructive termination due to misclassification. FAC at ¶¶ 258–311 (COAs). Moreover, the *Gragossian* court analyzed privacy rights under state—not federal—law rendering it inapposite.

[11]    This Court's ruling in *Hardin*, a case involving employment and defamation claims, is instructive. *Hardin*, 2019 WL 1493354, at *1. In *Hardin*, this Court determined that the defendants' requests to plaintiff's previous employers for a broad swath of documents similar to those subpoenaed by K&E, including personnel records (e.g., performance reviews), compensation records, workplace-complaint records, benefit records, and medical records, were not relevant and did not outweigh plaintiff's privacy interests in the same. *Id.* at *4–6; *cf.* Req. No. 1 (requesting personnel records); Req. No. 4 (requesting compensation records); Req. No. 3 & 6 (requesting records regarding workplace complaints); Req. Nos. 2 & 5 (requesting benefits records and medical records).

1493354, at *5; *see also Newman*, 2011 WL 1743686, at *4 & *4 n.7 (granting motion for protective order and rejecting "entirely unpersuasive" argument that movant's subpoenaed employment records were "potentially, highly relevant" to "credibility vis-a-vis [movant's] deposition testimony").[12]  Accordingly, K&E's credibility argument fails.

Second, K&E's conclusory argument that the subpoenaed materials are "relevant to K&E's [anticipated] defense . . . that K&E terminated her for poor performance" is not supported by the weight of relevant case law.  Letter Br. at 4 (discussing Req. No. 1).  This Court rejected an identical argument that "discovery into [plaintiff's] employment records may show that she performed inadequately at her previous jobs."  *Hardin*, 2019 WL 1493354, at *6.  Specifically, this Court stated, logically so, that the "focus of discovery in this termination case should be on the reasons for the termination."  *Hardin*, 2019 WL 1493354, at *6 ("[The plaintiff's] conduct at [defendant employer] is what is at issue in this case.").  Prior employers' actions or decisions concerning Plaintiff's employment and historical records pre-dating Plaintiff's employment at K&E have no probative value in determining whether K&E discriminated against Plaintiff on the basis of sex, defamed Plaintiff in its defamatory "review" purporting to describe Plaintiff's work at K&E, or retaliated against Plaintiff by firing her for engaging in protected activity.  *See* Rule 26(b)(1); *Hardin*, 2019 WL 1493354, at *6 ("Rule 26's proportionality requirement is inconsistent with venturing into [Plaintiff]'s performance at prior jobs, whose relevance is too attenuated to justify the broad discovery Defendants seek.").  K&E's argument that employment records pre-dating Plaintiff's work at K&E are relevant to Plaintiff's performance at K&E fails.[13]

Third, K&E's conclusory position that its sweeping subpoenas seek information relevant

---

[12]     *See also In re Remec, Inc. Sec. Litig.*, No. 04CV1948 JLS (AJB), 2008 WL 11338378, at *4 (S.D. Cal. July 28, 2008) (stating "Defendants have not provided this Court with any support for the connection they believe exists between the employment records sought and [the witness'] credibility[;] [w]ithout more . . . this Court cannot conclude that [her] personnel records have any bearing on any claim or defense in this case[ or] her credibility as a witness"); *cf. Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813–14 (9th Cir. 2003) (affirming order quashing subpoena on employer and sanctioning subpoenaing party who argued it sought information for impeachment purposes).

[13]     Moreover, K&E has not shown that the Third Parties are comparable to K&E and that Plaintiff's work and experience on different matters for different partners subject to different standards and processes are comparable to Plaintiff's work at K&E.  *E.g.*, Letter Br. at 4–6.

1    to the purported "issue of Plaintiff's habit, or pattern and practice, of making similar claims of

2    discrimination against previous employers" is inconsistent with on-point case law.  Letter Br. at

3    4 (discussing Req. Nos. 3 & 6).[14]  This Court has repeatedly denied improper attempts to use and

4    discover employment records under the guise of "habit" in employment disputes.   *E.g.*,

5    *Serramonte*, 237 F.R.D. at 223 (quashing subpoenas seeking personnel records, including records

6    regarding "any other harassment claims" to "try to establish a habit of filing such claims," because

7    "[w]ork performance with other employers, either before or after the defendant employer" is

8    inadmissible character evidence under Fed. R. Evid. 404(a));[15] *Baker*, 2018 WL 3566868

9    (rejecting argument that prior employment records are relevant to "discover whether [plaintiff]

10   has a propensity to be unreasonably offended in the workplace or has a habit of complaining about

11   coworkers, discrimination, or retaliation" as "inadmissible" under Fed. R. Evid. 404(a)).[16]

12       Fourth, K&E baselessly argues that it has a significant need for Plaintiff's personnel

13   documents from prior employers to assess her "professional standing and reputation" because it

---

14    K&E cites non-controlling, inapposite cases.  Letter Br. at 4–5 & 5 n.12.  K&E misleadingly states that *Frazier v. Bed Bath & Beyond, Inc.*, 2011 WL 5854601, at *1 (N.D. Cal. Nov. 21, 2011) holds that "personnel records were discoverable because they might contain evidence of making habit of making similar discrimination claims against previous employers."  Letter Br. at 5 n.12.  *Frazier* is distinguishable because it dealt with third-party discovery on a ***post***-defendant employer.  *See infra* § III.A.2.ii p. 17 note 32.  K&E also cites *Thomas v. Starz Enterprises, LLC*, 2017 WL 11628086, at *2 (C.D. Cal. May 26, 2017) as purported support for the same proposition.  Letter Br. at 5 n.12.  The facts in *Thomas* are easily distinguishable from those here.  In *Thomas*, the plaintiff "affirmative[ly] alleg[ed] . . . that [he] has performed excellent work in the cable and satellite industry over a thirty-year career."  *Thomas*, 2017 WL 11628086, at *2.  Here, in contrast, Plaintiff has not put at issue or made any allegation regarding her prior employment, including performance at prior employers.  *See generally* FAC.

15    The overbroad and sweeping nature of the requests quashed in *Serramonte* closely mirror the overbroad and sweeping nature of K&E's requests with respect to the types of materials sought—personnel records (Req. No. 1), workplace-complaint records (Req. Nos. 3 & 6), financial documents (Req. No. 4), and medical records (Req. Nos. 2 & 5)—and the specific categories of materials requested within each type.  *Serramonte*, 237 F.R.D. at 222–23.

16    *See also Cannata*, 2011 WL 3794254, at *4 ("[A] plaintiff's previous job performance 'does not tend to reveal how a plaintiff performed in her job at [defendant employer].'  This is true for both bad ***and good*** previous performance.") (citation omitted) (emphasis in original); *Rodriguez-Malfavon v. Clark Cnty. Sch. Dist.*, No. 2:12-cv-1673-APG-PAL, 2016 WL 10789405 (D. Nev. Sept. 28, 2016) (excluding evaluation "by a different supervisor . . . for a different job" under Fed. R. Evid. 404, *id.* at *1, as well as under Fed. R. Evid. 403, because it "would result in a time-consuming and confusing mini-trial over [plaintiff's] performance at a different job working for a different supervisor," *id.* at *2).

is relevant to her defamation claim. Letter Br. at 4 (discussing Req. No. 1). This argument makes no sense. Plaintiff's defamation claims are based on the falsehoods in the purported evaluations/review critiquing Plaintiff's work at K&E. FAC ¶¶ 206, 208, 302; *see* Dkt. No. 29-2 ("2023 Associate Review (Summary)"); Order Denying in Part and Granting in Part Motions to Dismiss, Denying Motions to Strike, and Denying in Part and Granting in Part Motion to Seal at 15, Dkt. No. 92 ("Order").[17] The requested documents predating Plaintiff's employment at K&E have no bearing on the truthfulness of Plaintiff's defamation claims or damages for the same.[18] This is particularly true where, as here, Plaintiff alleges libel per se because Plaintiff is not required to show special damages.[19] In other words, Plaintiff is not required to show "'that [s]he has suffered in respect to h[er] property, business, trade, profession or occupation . . . [as] a result of the alleged libel, and no other' to obtain an award of damages." *Appel*, 2021 WL 5234424, at *6 (quoting *Barnes-Hind, Inc. v. Superior Court of Santa Clara Cnty.*, 181 Cal. App. 3d 377, 381–82 (Ct. App. 1986)) ("The tactical significance of [plaintiff's] libel per se theory is obvious: If [plaintiff] can plead and prove libel per se it need not prove special damages: '*[D]amage to plaintiff's reputation is conclusively presumed* and he need not introduce any evidence of actual damages in order to obtain or sustain an award of damages' including, in an appropriate case, punitive damages") (emphasis added); *see also, e.g.*, *Clark v. Hidden Valley Lake Ass'n*, No. 16-

---

[17]     *See also, e.g.*, FAC ¶¶ 111 & n.34, 115–16, 145, 146 & nn.43–44, 161, 197, 197 n.61. At no point do the purported evaluations or Plaintiff's allegations supporting her claims for defamation reference Plaintiff's work quality or professional standing prior to her tenure at K&E. *See id.*; Dkt. No. 29-2.

[18]     "Defamation 'involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) *has a natural tendency to injure* or that causes special damage.'" Order at 15 (quoting *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007)) (emphasis added). "Unlike libel per quod, [a] statement is libel per se when it is defamatory without the need for explanatory matter such as an inducement innuendo or other extrinsic fact." *Appel*, 2021 WL 5234424, at *5 (internal quotations marks and citation omitted).

[19]     *E.g.*, FAC ¶ 302; Order at 16 (citing Compl. & Dkt. No. 29-2) (agreeing with Plaintiff's characterization "that the evaluations conveyed an unequivocal message that 'Plaintiff was deplorably deficient in every component of practicing law, failed to contribute at all during her time at the Firm, and was nothing more than a burden and liability due to her utter incompetence'"); *see Appel*, 2021 WL 5234424, at *5 (statement that plaintiff "had legal issues" was "facially defamatory" and thus constituted libel per se (quoting *Appel*, 839 Fed. App'x 78, *80 (9th Cir. Dec. 14, 2020)).

cv-02009-SI, 2018 WL 3069285, at *6 (N.D. Cal. Apr. 18, 2018) ("Under California law, defamation per se does not require proof of actual damages but instead presumes that the plaintiff has suffered such damages.").   Accordingly, K&E's rationale as to relevance fails because Plaintiff's professional standing and reputation preceding her time at K&E have no bearing on Plaintiff's defamation claims, including with respect to damages, and the sought discovery is outside the scope permitted by Rule 26.  *See* Rule 26(b)(1), (2)(C)(iii); *Appel*, 2021 WL 5234424, at *3, 5–7, 11, 13 (quashing under Rules 45 and 26 when information regarding plaintiff's professional repute not relevant to any "claim, here libel per se, or defense," *id.* at *3, including truth defense, or to damages because "damage to reputation is presumed," *id.* at *6).

Fifth, K&E alleges, without support, that Plaintiff's personnel records regarding her past earnings and allegedly regarding her earning potential (Req. No. 1) and Plaintiff's "compensation and benefit documents" (Req. Nos. 4 & 5)[20] are relevant to Plaintiff's claims of sex-based discrimination with respect to pay and lost wages.  Letter Br. at 4 & 5.  However, what prior employers paid Plaintiff is irrelevant to whether K&E discriminated against Plaintiff with respect to pay.  *See, e.g.*, *Serramonte*, 237 F.R.D. at 223 (quashing subpoenas to third party employers in sex harassment case, explaining that "financial documents" sought by defendant, "such as such as payroll records, . . . wage garnishments, health insurance premiums . . . and other private records related to [plaintiff's] finances" are "irrelevant to any claims or defenses in this case").[21] Here, K&E was not aware of Plaintiff's salary or compensation at any of Plaintiff's pre-K&E employers and at no point during the hiring process inquired about Plaintiff's salaries at Third Parties.  Kovalenko Decl. ¶ 17.  Thus, K&E's argument that Plaintiff's prior compensation and

[20]    K&E's reliance on *Gragossian*, 2008 WL 11387063, at *4 (S.D. Cal. July 21, 2008) for its contention that such documents "are relevant to Plaintiff's claims of pay discrimination and lost wages" is unavailing and misplaced.  Letter Br. at 5 n.13; *see supra* at fn. 10 (explaining the *Gragossian* plaintiff claimed lost wages for constructive, not actual, termination after she was misclassified as an exempt employee, facts that are distinguishable from those here).  Plaintiff's damages and equitable relief in this case are based on her pay at K&E, both with respect to front pay and backpay.

[21]    *Cf.* Req. Nos. 4 (seeking "[c]ompensation documents," including but not limited to those reflecting Plaintiff's "salary, wages," "bonuses," and "pay stubs," and purported "unemployment benefits"), 5 (seeking "[b]enefits documents") & 1 (seeking purported "garnishment notices").

benefit documents from pre-K&E employers are relevant to pay discrimination at K&E is meritless. *See, e.g.*, *Bickley*, 2011 WL 1344195, at *3 ("[A] protective order will not alleviate the forced revelation of Plaintiffs' private information to Defendant, which Defendant apparently did not find important enough to obtain when it hired Plaintiffs.").

Sixth, K&E's argument that ***personnel*** records in Request No. 1 "are relevant to [Plaintiff's] . . . past earnings and earning potential (relevant to K&E's mitigation defense)" [22] has been squarely rejected by this Court and others in the Ninth Circuit.[23] Letter Br. at 4; *e.g.*, *Serramonte*, 237 F.R.D. at 223; *Lewin*, 2010 WL 4607402, at *1 (rejecting argument that subpoenaed records from plaintiff's former employers are relevant to mitigation).[24] There is nothing that links Plaintiff's prior employment pre-dating K&E to her efforts following her unlawful termination to obtain employment comparable to that which she had at K&E. *Lewin*, 2010 WL 4607402, at *1 ("Mitigation relates to plaintiff's ***diligence in seeking employment after termination***. The discovery of former employment records has no bearing on that issue.") (emphasis added).[25] Accordingly, K&E's argument that Request No. 1 seeks discovery relevant

---

[22]     Saliently, K&E does not argue ***compensation*** documents in Request No. 4 (or 5) are relevant to mitigation of damages. Letter Br. at 4 & 5 (arguing only that documents in Request Nos. 4 and 5 are relevant to pay discrimination and lost wages); *see infra* §§ III.A.2.iii & III.B.

[23]     One of the cases cited by K&E as support does not address mitigation of damages, *Smith*, 2022 WL 1194125, at *4 (W.D. Wash. Apr. 21, 2022), while the other case it cites, *Gragossian*, 2008 WL 11387063, at *4 (S.D. Cal. July 21, 2008), is non-controlling and fails to cite a single case supporting its conclusory decision regarding mitigation. Letter Br. at 4 & 4 n.10; *see supra* fn. 10 & fn.20.

[24]     Moreover, subpoenaed records allegedly relevant to mitigation "are cumulative, duplicative, and irrelevant" when, as here, plaintiff "has produced and continues to produce evidence of [her] mitigation of damages by her employment subsequent to her leaving defendant." *See Serramonte*, 237 F.R.D. at 223; Kovalenko Decl. ¶ 18. Further, the fact that Defendants have had the opportunity to but have chosen not to depose Plaintiff yet, during which Defendants could inquire about Plaintiff's mitigation efforts, weighs in favor of this Court quashing K&E's subpoenas. *Cannata*, 2011 WL 3794254, at *4 (quashing defendant's subpoenas on employers seeking information allegedly relevant to mitigation and noting "defendants have had the opportunity to depose plaintiffs about their mitigation efforts and ample time remains for both sides to timely supplement their discovery responses").

[25]     Under California and Ninth Circuit law, a defendant has the burden of proving plaintiff failed to mitigate damages by failing to obtain—***after*** termination of employment by defendant—employment substantially similar to plaintiff's employment ***with defendant***. *E.g.*, *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 182 (Cal. 1970); *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995) (stating similar test).

to mitigation of damages fails. *See Lewin*, 2010 WL 4607402, at *1; *see also Serramonte*, 237 F.R.D. at 223.

Seventh, K&E takes the conclusory position that "documents regarding Plaintiff's leaves of absence, medical restrictions, disabilities, and medical records affecting employment status" in Request No. 2 are relevant to Plaintiff's "allegations [sic] of 'severe emotional, psychological, and physical harm and injury'" ***caused by*** Defendants' defamation and intentional infliction of emotional distress ("IIED"). Letter Br. at 4–5 (quoting Compl. ¶ 219)[26] (citing Compl. ¶¶ 362–69 (IIED & NIED COAs)).[27] As discussed below, this Court and others have repeatedly denied improper attempts to use and discover medical records from prior employers under the guise of relevance to allegations of emotional distress in employment disputes. *See, e.g.*, *Serramonte*, 237 F.R.D. at 224–25; *Baker*, 2018 WL 3566868, at *2. K&E's argument fails because it cannot demonstrate, without speculation, any purported relevance of the medical information it seeks from pre-K&E employers. *See* Letter Br. at 4–5.[28] Instead, the subpoenas are backwards-looking and are not limited to and do not seek medical records regarding the acts or omissions causing the harm alleged in the complaint. *Batts*, 2009 WL 3732003, at *1 (upholding magistrate judge's determinations that plaintiff "had not waived the therapist-patient privilege with respect to psychiatric records pre-dating the events at issue in the litigation" and "placing her mental

---

[26]    The allegation of "'severe emotional, psychological, and physical harm and injury,'" appears only once in the complaint, in a paragraph discussing harm and injury "**caused**" by "Defendants' **defamation** of Plaintiff" in the facially defamatory purported evaluations/review. Letter Br. at 4–5 (quoting Compl. ¶ 219 (emphases added)); *accord* FAC ¶ 206. As discussed above, K&E's relevance argument fails because damage effected by defamation per se is presumed, so the sought discovery is outside the scope of Rule 26(b)(1). *See supra* pp. 10–12.

[27]    K&E does not argue that benefits documents in Request No. 5, including "records of medical treatment," are relevant to the quoted allegations or to IIED. Req. No. 5; Letter Br. at 4–5 (arguing documents in Request No. 5 are relevant only to pay-discrimination claims and lost wages).

[28]    *See Baker*, 2018 WL 3566868, at *2 (prohibiting discovery relating to prior employment where defendant "has not shown it has any reason to believe that [plaintiff's] experience while employed by [her prior employer] caused some or all of the same harm she now claims in this case," and "assertion that her prior employment experience might have resulted in injuries like the ones she is claiming here is ***too speculative to justify the expansive request***" for employment records) (emphasis added).

condition in issue is not by itself sufficient to waive the privilege under the narrow view").[29]

Moreover, as discussed below, K&E's subpoenas should be quashed because Plaintiff has not

waived either the psychotherapist-patient privilege or her right to privacy under federal law.

*Stallworth v. Brollini*, 288 F.R.D. 439 (N.D. Cal. 2012) (holding IIED claim does not waive

psychotherapist-patient privilege or right to privacy protecting personal information, e.g., medical

records, and explaining plaintiff must affirmatively rely on psychotherapist communications or

medical records to waive privilege or right to privacy); *see infra* § III.A.3.[30]

     Additionally, K&E's speculative relevance arguments fail because Defendants have yet

to present any of the defenses to which they contend the subpoenaed documents are relevant.

Joint Letter Br. at 4–5; Rule 26(b)(1) (limiting discovery to "nonprivileged matter that is ***relevant***

***to any party's claim or defense***") (emphasis added); *see also, e.g.*, *Asetek Danmark A/S v. CoolIT*

*Sys. Inc.*, No. 19-cv-00410-EMC (LB), 2021 WL 4699170, at *2 (N.D. Cal. Oct. 8, 2021)

(quashing subpoena on law firm seeking information allegedly relevant to potential defense that

defendant had not pled); Rule 26 advisory committee's note (2000 amend.) (discussing Rule

26(b)(1) and stating "[t]he Committee intends that the parties and the court focus on the actual

claims and defenses involved in the action").   K&E is "precluded from seeking discovery

concerning unpled defenses." *See Lifeguard Licensing Corp. v. Kozak*, 2016 WL 3144049, at *1

(S.D.N.Y. May 23, 2016); *accord, e.g.*, *Petka v. Mylan Pharms., Inc.*, No. 16-MC-80196-MEJ,

2016 WL 6947589, at *3 (N.D. Cal. Nov. 28, 2016) (quashing subpoena seeking discovery

relevant to defense not yet asserted); *Games2U, Inc. v. Game Truck Licensing, LLC*, No. MC-13-

00053-PHX-GMS, 2013 WL 4046655, at *9 (D. Ariz. Aug. 9, 2013) (quashing subpoena seeking

---

[29]    Here, K&E cannot make the requisite showing of relevance because it does not seek
medical records for treatment obtained due to harm caused by Defendants or as alleged in the
Complaint or FAC.  Letter Br. at 4–5; *e.g.*, FAC ¶ 206; Kovalenko Decl. ¶¶ 11 & 26; *see also*
Kovalenko Decl. ¶ 24.

[30]    *See also Serramonte*, 237 F.R.D. at 224 (quashing subpoenas seeking medical records
from subsequent employers and healthcare provider, finding no waiver of right to privacy, and
noting defendants "are not prejudiced because they will have an opportunity to depose [claimant]
to ascertain the extent and nature of her past emotional distress"); *infra* § III.A.2.ii).

discovery on unpled defense because subpoenaing party "has not yet alleged such a defense").[31]

Thus, this Court should quash, with prejudice, K&E's subpoenas as unduly burdensome because

K&E has not and cannot demonstrate the relevance of the material.  Rules 45(d)(3)(A)(iv) &

26(b)(1), (2)(C)(iii).

### ii)   K&E's Subpoenas Violate Plaintiff's Right to Privacy

K&E's subpoenas are unduly burdensome because they violate Plaintiff's right to privacy

arising under federal law.  *See* Rule 45(d)(3)(A)(iv); *Griswold v. Conn.,* 381 U.S. 479, 484 (1965).

Federal courts expressly recognize a constitutionally based right of privacy that can be raised in

response to discovery.  *Breed v. U.S. Dist. Court,* 542 F.2d 1114, 1116 (9th Cir. 1976);

*Serramonte*, 237 F.R.D. at 223–24 (quashing subpoena for medical records because sex-

harassment claimant requesting compensation for "emotional distress, indignity, loss of

enjoyment of life, loss of self-esteem, and humiliation" has federal right to privacy).

This Court has previously barred the use of subpoenaed materials from previous

employers on privacy grounds in a wrongful-termination case.  *Hardin*, 2019 WL 1493354, at

*4–6.  Here, Plaintiff's privacy right in her records with previous employers outweighs K&E's

purported need for such information, which is founded on mere speculation that her employment

files **might** contain information for which K&E has failed to provide a legally cognizable basis

for relevance.  Letter Br. at 4–5; *Doe v. Garland*, 17 F.4th 941, 946 (9th Cir. 2021)

(acknowledging Supreme Court has recognized privacy interest "in avoiding disclosure of

personal matters"), *cert. denied*, 142 S. Ct. 2815 (2022); *see supra* § III.A.2.i.b.  K&E's statement

that Plaintiff's privacy interest is "reduced" is a stretched interpretation of case law.  Letter Br. at

4.  Courts have simply recognized that a plaintiff's privacy interest must be balanced against any

"compelling" need by a defendant for the information, which includes an assessment of whether

the defendant has demonstrated relevance of the subpoenaed materials and proportionality to the

---

[31]      Contrary to K&E's rebuttal that this argument "is meritless," it is K&E's rebuttal that is
meritless.  Joint Letter Br. at 4 n.9.  In the only case K&E cites, the defendants—not the plaintiff—
sought a protective order, and the plaintiff argued that the sought discovery was relevant to
plaintiff's claims and also to defendants' anticipated defenses.  *Id.* (citing *Abadia-Peixoto v. U.S.
Dep't of Homeland Sec.*, No. CV 11-04001 RS (KAW), 2012 WL 5498014, at *3 (N.D. Cal. Nov.
13, 2012)).  This is the exact opposite of the facts here.

1   needs of the case.  *Hardin*, 2019 WL 1493354, at *5; *see Stallworth v. Brollini*, 288 F.R.D. 439,

2   441, 444 (N.D. Cal. 2012) (balancing factors include degree of need for access, potential for harm

3   in subsequent disclosure, adequacy of safeguards to prevent unauthorized disclosure, and whether

4   articulated public policy or other recognizable public interest militates against access).  What

5   courts have *not* recognized is a broad dilution of a plaintiff's privacy rights such that defendants

6   can trawl through an expansive library of the plaintiff's private records merely because the

7   plaintiff filed an employment suit.  *See, e.g.*, *Bickley*, 2011 WL 1344195, at *4 ("For all the above

8   reasons: Plaintiffs' privacy rights in their employment records with previous employers, the

9   overbreadth of the subpoenas, the irrelevance of the discovery sought, and ***the chilling effect of***

10  ***the notice of this lawsuit to former and potential future employers, this Court hereby grants***

11  ***Plaintiff's motion to quash Defendant's subpoenas***.") (emphasis added); *see* Kovalenko Decl.

12  ¶¶ 19–24.

13      K&E baselessly argues that its speculative interest in Plaintiff's private information

14  outweighs her purportedly reduced privacy interest.  *See* Letter Br. at 4.  The case law that K&E

15  proffers does not support its argument.  For example, *Frazier* is distinguishable because the

16  plaintiff did not take a position as to whether the subpoenaed third party should produce his

17  personnel file or respond to defendant's argument of relevance as to purported habit, which is

18  directly counter to the facts here.  *Frazier*, 2011 WL 5854601, at *1; *see supra* § III.A.2.i.b.

19  Because the subpoenaed third party in *Frazier* made only a generic privacy objection and failed

20  to "elaborate[e] how release of the personnel records would harm [the plaintiff]," *Frazier* did not

21  balance the plaintiff's privacy right in his personnel file with the employer's need for the file.

22  *Frazier*, 2011 WL 5854601, at *2.  Here, however, Plaintiff would be subjected to immense harm,

23  including additional emotional and psychological distress, if anyone is allowed to obtain and

24  comb through these private records, which are not relevant or proportional to the needs of this

25  case.  *Bickley*, 2011 WL 1344195, at *3 (concluding "Defendant's discovery of Plaintiffs' private

26  information in no way outweighs Plaintiffs' strong privacy interests in the information"); *e.g.*,

27

28

1    Kovalenko Decl. ¶¶ 19, 21–22.[32]   K&E's reliance on *Botta* for the same contention is also

2    unavailing.   Letter Br. at 4 & n.8.   The *Botta* plaintiff "cite[d] no apposite cases in response or in

3    support of his privacy arguments" and "thus ha[d] not met his burden to show why the subpoenas

4    should be quashed."   *Botta*, 2018 WL 6257459, at *2.   Here, Plaintiff cites a multitude of cases

5    supporting her privacy arguments.   *See, e.g.*, *Hardin*, 2019 WL 1493354, at *4–6; *Serramonte*,

6    237 F.R.D. at 223–24; *Bickley*, 2011 WL 1344195, at *3.   Moreover, *Botta* dealt with subpoenas

7    on **post-defendant** employers.   *Botta*, 2018 WL 6257459, at *1.   K&E has not proffered a single

8    case in which this Court has permitted discovery from a **pre-defendant** employer.

9        Moreover, a mere stipulated protective order would not shield Plaintiff from the harm that

10   would flow from unnecessary and unfettered access to her private information.   Defendants have

11   already irreparably harmed Plaintiff's employment prospects with their widespread defamation

12   of Plaintiff's performance and by unlawfully terminating Plaintiff's employment.   Kovalenko

13   Decl. ¶ 20; FAC ¶ 209 (Defendants' defamatory statements were published at least to 118 persons

14   at K&E).   If the Court does not quash K&E's sweeping, invasive subpoenas, potential future

15   employers will be even less likely to hire Plaintiff for fear of being subpoenaed, given the inherent

16   costs associated with subpoena compliance and K&E's refusal to ensure that these subpoenas are

17   not unduly burdensome despite its obligation to do so.   Kovalenko Decl. ¶ 21; *Bickley*, 2011 WL

18   1344195, at *4 (quashing and acknowledging "the chilling effect of the notice of this lawsuit to

19   former and potential future employers"); Rule 45(d)(1) (stating person "issuing and serving a

20   subpoena must take reasonable steps to avoid imposing undue burden or expense").   Moreover,

21   granting Defendants or their counsel access to Plaintiff's personal intimate information, even if

22   trivial, is invasive and would cause Plaintiff further harm even without further disclosure.

23   Kovalenko Decl. ¶ 22.

24       Further, Plaintiff's decision to file suit in no way constitutes a waiver of privacy rights in

25   information that existed prior to her filing suit, let alone prior to her employment at K&E.   *See,*

26

27   ───────────────
     [32]   The subpoenaed third party in *Frazier* was also a **post-defendant** employer.   *Frazier*, No.
28   10-cv-5398 (D. N.J.), Compl. ¶ 4, Dkt. 1 (defendant employed plaintiff in 2007 to 2009);
     Kovalenko Decl. ¶ 27 & Ex. I; *cf. Frazier*, 2011 WL 5854601, at *1 (subpoenaed third party
     employed plaintiff in 2010 to 2011).

1   *e.g.*, *Batts*, 2009 WL 3732003, at *1.  K&E's dismissiveness of Plaintiff's privacy rights in

2   personal, historical records pre-dating her employment at K&E, if adopted, would have a

3   significant chilling effect on meritorious Title VII suits and hamper the public interest in bringing

4   such suits.  *See Rivera*, 364 F.3d at 1065 (acknowledging "chilling effect" that improper discovery

5   "could have on the bringing of civil rights actions" and that "[t]he Supreme Court has recognized

6   that Congress intended to empower individuals to act as private attorneys general in enforcing the

7   provisions of Title VII").

8       In addition, medical records requested by K&E, Req. Nos. 2 & 5, are also protected by

9   Plaintiff's privacy rights under federal law.  For example, this Court previously held that a

10  plaintiff claiming IIED need not identify healthcare providers or produce medical records for

11  injuries caused by defendants when defendants requested same party (as opposed to third-party)

12  discovery because plaintiff's right to privacy outweighed defendants' need for same.  *Stallworth*,

13  288 F.R.D. at 441, 443–45 (rejecting defendants' argument that knowledge of plaintiff's medical

14  providers and dates of medical treatment are necessary to assess whether plaintiff may have had

15  other stressors); *see also Serramonte*, 237 F.R.D. at 224–25 (quashing subpoenas for medical

16  records and health information from third party employers and healthcare providers of sex-

17  harassment claimant who sought compensation for "emotional distress, indignity, loss of

18  enjoyment of life, loss of self-esteem, and humiliation," *id.* at 222, where claimant "experienced

19  distress and humiliation and felt attacked, and devalued as a woman," "had nervousness, was

20  depressed and occasionally cried," and "sought medical treatment . . . while she was working with

21  [defendant]," as plaintiff's "medical records are privileged by her right to privacy under California

22  and federal law," and finding no waiver of same when EEOC had not indicated intent to use

23  treating physician's testimony, *id.* at 223–24)[33] (citing HIPAA, 42 U.S.C. § 299b–2[34] and the U.S.

---

24  

25  [33]    The medical records and benefits documents sought by K&E are similar to the documents in the subpoenas quashed by this Court in *Serramonte*.  *Serramonte*, 237 F.R.D. at 222–23.

26  [34]    Disclosure of protected health information violates HIPAA when Rule 26(b)(1) does not require its disclosure.  *See* 45 C.F.R. § 164.512(a)(1) (Under HIPAA, "a covered entity may use or disclose protected health information to the extent that such use or disclosure is required by

27  law and the use or disclosure complies with and is limited to the relevant requirements of such

28  law.").  The subpoenas do not exclude information protected under HIPAA.

1   Supreme Court in *Griswold,* 381 U.S. at 484 (right to privacy implied by U.S. Const., amends. I,

2   III, IV, V & IX)).  The emotional and physical harm Plaintiff alleges in the FAC arises exclusively

3   from conduct that occurred after the time period that is covered by the subpoenas.  Kovalenko

4   Decl. ¶ 23; *see also id.* ¶¶ 4–5; *see generally* FAC.  K&E proffers no rational basis to connect

5   unrelated historical medical records to Plaintiff's subsequent allegations of injury in the

6   Complaint and FAC.  Req. Nos. 1, 2, 5; Letter Br. at 4–5.

7           Further, K&E's sweeping subpoenas include improper requests for myriad

8   "[c]ompensation documents" and financial documents, which are unrelated to any party's claim

9   or defense.  *See* Rule 26(b)(1), (2)(C)(iii); Req. No. 4 (requesting numerous "[c]ompensation

10  documents"); Req. No. 1 (requesting "wage attachment or garnishment notices").  Federal courts

11  have applied a "balancing test" in determining whether disclosure of a parties' financial

12  information violates the party's right to privacy.  *Valadez v. Aguallo*, No. C08-03100 JW (HRL),

13  2009 WL 1464141, at *2 (N.D. Cal. May 26, 2009).  Here, K&E's vague and speculative request

14  for historical financial information from prior employers is woefully insufficient to override

15  plaintiff's competing interest in maintaining the privacy of her financial records.  *Id.* (denying

16  motion to compel production of parties' tax records ).[35]

17                      iii)    <u>K&E Served Its Subpoenas to Harass and Annoy</u>

18          K&E's subpoenas are unduly burdensome because they were served for the purpose of

19  annoyance and harassment.  Rule 45(d)(3)(A)(iv).  K&E has not shown, and indeed cannot show,

20  a need for requesting the subpoenaed materials from the Third Parties (particularly before serving

21  a single discovery request on Plaintiff), and K&E refused to narrow its requests in contravention

22  of Rule 45(d)(1) prior to issuing the subpoenas.  Accordingly, this Court should quash K&E's

23  subpoenas in their entirety and with prejudice.

24          A subpoena may be quashed if it is "served for the purpose of annoying and

25  harassment and not really for the purpose of getting information."  *Mattel Inc. v. Walking*

26  

---

27  [35]    *See also Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir.
    1975) ("[A] public policy against unnecessary public disclosure arises from the need, if the tax
28  laws are to function properly, to encourage taxpayers to file complete and accurate returns[;] [t]he
    district court, under the circumstances of this case, could reasonably have based its order to quash
    the subpoena of tax returns on the primacy of this policy.") (citations omitted).

1  *Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003); *see Bickley*, 2011 WL 1344195, at *3 (stating

2  defendant's overbroad subpoenas supported the reasonable inference that they "were intended to

3  harass Plaintiffs and constitute little more than an abuse of the discovery process").  Here, as in

4  *Mattel*, "[n]o attempt had been made to try to tailor the information request to the immediate

5  needs of the case." *Mattel*, 353 F.3d at 813 (affirming order quashing subpoena).  Rather, the

6  subpoenas seek far-reaching, irrelevant, private information from Third Parties, and K&E cannot

7  supply a single non-speculative basis why these sweeping requests are justified.  *Supra* § II, p. 1–

8  3 (Req. Nos. 1–6); Kovalenko Decl. ¶ 24; Letter Br. at 4–6; *see also* Kovalenko Decl. ¶¶ 4–7, 19,

9  23.  K&E's subpoenas are meant to harass and annoy Plaintiff, denigrate her reputation in the

10  legal community, and "fish" for information that K&E has no basis to believe has any relevancy

11  or probative value to this case.

12      K&E's abuse and disregard for acceptable discovery is the type of conduct that courts in

13  this Circuit have deemed to be harassing and improper.  Punctuating K&E's harassing purpose

14  behind the subpoenas is that: (i) K&E initially intended to serve the subpoenas on Third Parties

15  while Plaintiff was to be on vacation (of which K&E's counsel had notice);[36] (ii) K&E did not

16  narrow the requests;[37] (iii) K&E issued the subpoenas before agreeing to a protective order;[38] and

17  (iv) these subpoenas were K&E's first discovery requests and were issued before K&E made any

18  attempt to obtain any of the requested information from Plaintiff or from K&E's co-Defendants.[39]

---

20  [36]    Kovalenko Decl. ¶ 8; *see Mattel*, 353 F.3d at 814; *Bickley*, 2011 WL 1344195, at *3.

21  [37]    Kovalenko Decl. ¶¶ 10–11, 13; *see* Rule 45(d)(1).

22  [38]    Kovalenko Decl. ¶ 13 n.3; *see Deuss v. Siso*, No. 14-CV-00710-YGR(JSC), 2014 WL
23  4275715, at *6 (N.D. Cal. Aug. 29, 2014) (stating counsel's "ignorance defies common sense"
   because confidential personal information "is routinely produced only after parties have entered
24  into a protective order" and "[c]ounsel's supposed ignorance violated Rule 26's command that an
   attorney 'stop and think' about the legitimacy of a discovery request before made").

25  [39]    Kovalenko Decl. ¶ 10.  K&E must establish its need to seek discovery from third parties.
   *See* Rules 45(d)(1) & 26(b)(2)(C); *Nidec*, 249 F.R.D. at 577 ("The burden on the third party . . .
26  outweighs the likely benefit of the subpoena at least in the absence of a convincing showing that
   the subpoena is likely to yield unique and material evidence from the third party."); *Cannata*,
27  2011 WL 3794254, at *4–5 (quashing subpoenas when "defendants do not inform the court of
   any other means they have employed to gather [subpoenaed] information"); *Pers. Audio LLC v.*
28  *Togi Entm't, Inc.*, No. 14-MC-80025 RS (NC), 2014 WL 1318921, at *1 (N.D. Cal. Mar. 31,
   2014) (quashing "[b]ecause [subpoenaing party] has not established that this discovery is relevant
   or could not be obtained from parties" in underlying action).

K&E tries to puts words in Plaintiff's mouth when it says that "contrary to Plaintiff's contention, 'there is no general rule that [a party] cannot seek nonparty discovery of documents likely to be in [another party's] possession.'" Letter Br. at 6 (quoting *Viacom Int'l, Inc. v. YouTube, Inc.*, 2008 WL 3876142, at \*3 (N.D. Cal. Aug. 18, 2008)).  Plaintiff has never taken that position.  Rather, Plaintiff's point is that K&E's subpoenas are unduly burdensome and premature because K&E served the subpoenas before making *any* attempt to request the discovery from Plaintiff, a more readily obtainable source.  *Nidec*, 249 F.R.D. at 577 (citing Rule 26(b)(2)(C)) (quashing subpoenas including "discovery obtainable from a source more direct, convenient, and less burdensome," namely, a party to the litigation); *Appel*, 2021 WL 5234424 (noting that fishing-expedition nature of subpoenas was "particularly concerning when, as here, it appears that [defendant] never attempted to obtain any of this information from [plaintiff]," *id.* at \*12).  The case cited by K&E in no way provides support for its extremely aggressive, improper litigation tactics.  Letter Br. at 6 (quoting *Viacom*, 2008 WL 3876142, at \*3).  *Viacom* simply rejected the defendant's argument that the plaintiff could not request information from third parties because the information was in defendant's possession and ultimately allowed third party discovery because the subpoenaing party (the plaintiff) first sought the materials from a party (the defendant) and showed the incomplete nature of defendant's production.  *Viacom*, 2008 WL 3876142, at \*3.

Thus, for all the reasons above, this Court should quash K&E's subpoenas because they are unduly burdensome.  *See* Rule 45(d)(3)(A)(iv) & 26(b)(1).

### 3.   The Court Should Quash K&E's Subpoenas Because They Seek Protected Material

In addition to quashing K&E's subpoenas under Rule 45(d)(3)(A)(iv) as unduly burdensome for violating Plaintiff's right to privacy, this Court should quash the subpoenas under Rule 45(d)(3)(A)(iii) as requiring disclosure of matter that is privileged or otherwise protected, including by the federal psychotherapist-patient privilege, attorney-client privilege, attorney-work product, and federal privacy rights, including with respect to personnel and medical records, *see supra* § III.A.2.ii.

First, the subpoenas' broad, unqualified requests for a litany of medical records, including

"leaves of absence, medical restrictions, disabilities (whether physical, mental, or otherwise), and medical records affecting employment status" and "any records of . . . leaves of absence for medical or other reasons, and records of medical treatment," includes material protected under the federal psychotherapist-patient privilege. *E.g.*, Req. Nos. 2 & 5. "Under the federal psychotherapist-patient privilege, 'confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence.'" *Stallworth*, 288 F.R.D. at 442 (quoting *Jaffee v. Redmond,* 518 U.S. 1, 15 (1996)). This "[C]ourt adopt[ed] the 'narrow' standard with respect to waiver of the federal psychotherapist-patient privilege," under which a plaintiff "must ***affirmatively rely*** on psychotherapist-patient communications in support of her claim ***before*** the privilege is waived." *Id.* at 444 (emphases added) (stating the narrow approach "most closely follows the reasoning in *Jaffee*," *id.* at 443). The psychotherapist-patient privilege is not waived by an IIED claim. *Id.* at 441, 442, 444; *cf.* Kovalenko Decl. ¶ 26.

In *Stallworth*, this Court determined that the plaintiff met her burden to show no waiver of privilege when she claimed civil-rights violations, including retaliation, and IIED, but had not yet alleged an affirmative reliance on psychotherapist-patient communications. *Stallworth*, 288 F.R.D. at 444 (concluding that federal psychotherapist-patient privilege "protects [plaintiff's] psychotherapist records from disclosure in this action ***at this time***" because plaintiff "has not waived the privilege" and noting absence of plaintiff's affirmative reliance on such records "in her allegations") (emphasis added). Despite the requests in *Stallworth* being specifically tailored to "**injury**" that plaintiff "**suffered as a result of** the acts and omissions alleged" in the complaint, the Court still quashed the discovery requests for medical information. *Id.* at 441, 444 (emphasis added) (holding that claiming IIED and alleging severe emotional distress insufficient to put mental condition at issue and to warrant waiver of privilege). Here, Plaintiff has not indicated an intent to rely on any medical records or treatment-provider testimony or communications concerning medical treatment predating her employment at K&E, i.e., predating the events at issue in litigation. Kovalenko Decl. ¶ 26; *see generally* FAC & Compl. Accordingly, despite bringing IIED claims, like the plaintiff in *Stallworth*, Plaintiff has not waived the privilege at this

1    time.  *See Stallworth*, 288 F.R.D. at 444.

2         Finally, K&E's subpoenas include requests for privileged material and attorney-work

3    product protected material.   For example, Request No. 3 encompasses "complaint and

4    investigatory files . . . and grievance files," and Request No. 6 includes "litigation documents"

5    involving Plaintiff.  However, Request Nos. 3 and 6 do not exclude any material protected by

6    attorney-work product.  Moreover, Request No. 3 limits only "complaint and investigatory files"

7    to non-privileged materials but does not limit "grievance files" to non-privileged materials.

8    Accordingly, the subpoenas improperly request materials protected under federal law and

9    consequently must be quashed.[40]  *See* Rule 45(d)(3)(A)(iii); *Lemberg L. LLC v. Hussin*, No. 16-

10   MC-80066-JCS, 2016 WL 3231300, at *5–6 (N.D. Cal. June 13, 2016) (quashing subpoenas on

11   law firms, entering protective order, and rejecting "approach [that] would virtually nullify Rule

12   45(d)(3)(A)(iii), which *requires* the Court to quash a subpoena that 'requires disclosure of

13   privileged or other protected matter'").

14         **B.      Good Cause Exists for the Court to Issue a Protective Order**

15         Plaintiff respectfully requests the Court issue a protective order forbidding the discovery

16   sought in K&E's subpoenas.  *See* Rule 26(c)(1)(A).  Good cause exists for the Court to issue such

17   a protective order, which is necessary to protect Plaintiff from annoyance, oppression, and undue

18   burden.  *See* Rule 26(b)(1), (2)(C)(iii); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule

19   26 vests the trial judge with broad discretion to tailor discovery narrowly"); Rule 26 advisory

20   committee's note (2015 amend.) (noting "need for active judicial use of subdivision (b)(2) to

21   control excessive discovery"); *Bickley*, 2011 WL 1344195, at *3.  Courts in this circuit have found

22   that good cause exists to issue a protective order forbidding discovery that was significantly less

23   invasive than what K&E seeks through its nearly limitless subpoenas.  *See, e.g.*, *Newman*, 2011

24   WL 1743686 (prohibiting subpoenaing parties from "copy[ing], inspect[ing], or otherwise

25   attempting to obtain" movant's employment records from only one employer, *id.* at *5, because

26   subpoenaing parties "simply wish to rummage around" in movant's employment records "in

27

28   ---

     [40]     On its own privilege log, K&E broadly withheld grievance and investigatory documents
     without description, including those not involving a single attorney.  Kovalenko Decl. ¶ 25 & Ex.
     H.

1  furtherance of an unfocused fishing expedition," *id.* at *4).   For example, in *Baker*, a

2  discrimination and retaliation case, this Court granted a protective order when the defendant's

3  subpoena was narrower than that here, e.g., did not seek medical records, was issued to just one

4  former employer, and the defendant had specific deposition testimony from plaintiff to support

5  the alleged need for and relevance of the subpoenaed information.   *Baker*, 2018 WL 3566868, at

6  *2–3.   As another example, the *Lyzer* court issued a protective order and rejected defendant's

7  argument that subpoenas on prior employers were warranted as relevant to plaintiff's economic

8  and emotional distress damages and credibility.   *Lyzer*, 2018 WL 11489791, at *1.   The *Lyzer*

9  subpoenas, which requested only the plaintiff's personnel file, were considerably narrower and

10  less invasive than the first of K&E's six requests in its improper subpoenas.   *Id.*   For the reasons

11  above, this Court has good cause to enter a protective order to protect Plaintiff from an irrelevant

12  fishing expedition into her past and must forbid the sought discovery to protect Plaintiff's privacy

13  interests in her personal records, including prior employment and medical records.   Rule 26(b)(1),

14  (2)(C)(iii) & 26(c)(1)(A); *see supra* §§ A.2–3.

15  ## CONCLUSION

16  Plaintiff respectfully requests the Court quash, with prejudice, the subpoenas in their

17  entirety and issue a protective order forbidding the sought discovery and grant such other and

18  further relief as the Court deems just and proper.

19  Date:   December 20, 2023                    Respectfully submitted,
20        White Plains, New York

20        By:   */s/ Tanvir H. Rahman*

21              Tanvir H. Rahman (admitted *pro hac vice*)
              FILIPPATOS PLLC
22              199 Main Street, Suite 800
              White Plains, NY 10601
              Tel.: 914 984 1111
23              trahman@filippatoslaw.com

24              Samuel Brown (State Bar. No. 308558)
25              HENIG KRAMER RUIZ & SINGH, LLP
              3600 Wilshire Blvd, Suite 1908
26              Los Angeles, CA 90010
              Tel.: +1 213 310 8301
27              sam@employmentattorneyla.com

28              *Attorneys for Plaintiff Zoya Kovalenko*