Tanvir H. Rahman (admitted *pro hac vice*)
FILIPPATOS PLLC
199 Main Street, Suite 800
White Plains, NY 10601
Tel.: 914 984 1111
trahman@filippatoslaw.com

Samuel Brown (State Bar. No. 308558)
HENIG KRAMER RUIZ & SINGH, LLP
3600 Wilshire Blvd, Suite 1908
Los Angeles, CA 90010
Tel.: +1 213 310 8301
sam@employmentattorneyla.com

*Attorneys for Plaintiff Zoya Kovalenko*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>*Plaintiff*,<br><br>v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY,<br><br>*Defendants*. | Case No. 4:22-cv-05990 (HSG)(TSH)<br><br>**DECLARATION OF ZOYA KOVALENKO IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER**<br><br>Assigned to the Honorable Haywood S. Gilliam, Jr., Oakland Division, United States District Court for the Northern District of California<br><br>Referred to the Honorable Thomas S. Hixson, San Francisco Division, United States District Court for the Northern District of California<br><br>Hearing noticed for February 1, 2024, at 10:00 am, at the San Francisco Courthouse, 15th Floor, Courtroom E, 450 Golden Gate Avenue, San Francisco, California 94102 |

**DECLARATION OF PLAINTIFF ZOYA KOVALENKO IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER**

I, Zoya Kovalenko, declare as follows:

1. I am the plaintiff in this action. I submit this declaration in support of Plaintiff's Motion to Quash Defendant Kirkland & Ellis LLP ("K&E")'s Subpoenas and for Protective Order.

2. I am an attorney duly licensed to practice in the state of California. I am familiar with the facts and circumstances of this litigation. I know the facts set forth in this declaration to be true of my own personal knowledge. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

3. I represented myself in this action before counsel representing me appeared on my behalf in November 2023. *See* Appl. for Admis. of Att'y Pro Hac Vice; Order (Nov. 9, 2023), Dkt. No. 109; Appl. for Admis. of Att'y Pro Hac Vice (Nov. 9, 2023), Dkt. No. 108; *see also* Notice of Appearance Pursuant to Civil L.R. 5-1(c)(2) (Nov. 8, 2023), Dkt. No. 107.

4. K&E subpoenaed Fish & Richardson P.C. ("Fish") and Paul Hastings LLP ("Paul Hastings") (together, the "Third Parties"). The Third Parties are law firms; the Third Parties employed me as an attorney before K&E employed me.

5. The claims in the Complaint, Dkt. No. 1, and the Amended Complaint, Dkt. No. 94 ("FAC"), arise exclusively from Defendants' acts and omissions during and after my employment with K&E and center around K&E's unlawful employment practices that occurred during my employment with K&E.

6. In the FAC, my claims against defendants K&E, Adam Alper, Adam R. Alper, P.C., Michael De Vries, Michael W. DeVries, P.C., Akshay Deoras, Akshay S. Deoras, P.C., and Mark Fahey (collectively, "Defendants") include the following: discrimination on the basis of sex, sex-based harassment constituting a hostile work environment, and retaliation in violation of Title VII against K&E; discrimination on the basis of sex, retaliation, and failure to prevent discrimination, harassment, and retaliation in violation of the California Fair Employment and Housing Act against K&E; sex discrimination in violation of the federal Equal Pay Act against K&E; defamation against K&E, Michael De Vries, Michael W. DeVries, P.C., Akshay Deoras,

Akshay S. Deoras, P.C., and Mark Fahey; and intentional infliction of emotional distress against Defendants.

7. I began working for K&E on or around November 16, 2020, and was summarily terminated on September 28, 2021, based on the pretextual, defamatory "review" Referenced in the FAC.

8. On May 1, 2023, I informed Defendants' counsel that I would be traveling for a brief vacation from Wednesday, May 10, 2023, through May 17, 2023. Given the lack of any pending or set deadlines in this case at that time, I asked Defendants' counsel to refrain from emailing or otherwise doing anything that would require my time and attention during this brief vacation. At this point in time, I had not engaged counsel to represent me and was representing myself in this action. K&E served the subpoenas on me via email on the Friday before I left for vacation near close of business. The notices of subpoena stated that K&E would serve them on the Third Parties during my vacation. The day on which K&E emailed me the subpoenas was also the day before my birthday, which I believe K&E was aware of for two reasons. First, the one-page attachment to the subpoenas identified my birthday. Second, K&E employed similarly sharp tactics in 2022 following service of my administrative complaint and charge, when they emailed me a letter at dinnertime on my birthday. I cannot think of any legitimate reason for sending me this letter on my birthday. True and correct copies of this 2022 email and letter are attached hereto as **Exhibits A and B**.

9. At the time K&E served the subpoenas on me in May 2023, the Court had not yet ruled on Defendants' motions challenging the Complaint. The Court issued its order ruling on these motions in August 2023.

10. K&E's subpoenas are harassing and meant to cause annoyance. K&E's counsel emailed these subpoenas over three months before K&E served a single discovery request on me. *See* Stipulation to Extend Time for Pl. to Object/Resp. to Def. K&E's First Sets of Interrogs. and Reqs. for Produc. at 1 (Aug. 30, 2023), Dkt. No. 93. Despite the fact that I objected in writing and verbally to the irrelevance and overbreadth of the subpoenas, K&E refused to narrow the scope of the requests.

11. The sole attachment to each subpoena, entitled "Attachment A," was identical and included only the following text:

> **ATTACHMENT A**
> **ZOYA KOVALENKO**
> **DOB: [month]/[date]/[year]**
> **SSN: XXX-XX-[digits]**
>
> 1. Personnel documents (including but not limited to all documents in a personnel file, such as employment applications, resumes, communications with **ZOYA KOVALENKO**, interview notes, applicant evaluations, offer letters, acceptance letters, employment contracts and/or agreements, documents relating to termination of employment, documents relating to change of title, duties, or compensation, transfer of work location, notices of commendation, leaves of absence, wage attachment or garnishment notices, performance appraisals and/or reviews, attendance and absence records, promotion and/or demotion recommendations); and
>
> 2. Documents regarding **ZOYA KOVALENKO's** leaves of absence, medical restrictions, disabilities (whether physical, mental, or otherwise), and medical records affecting employment status; and
>
> 3. Non-privileged complaint and investigatory files (including but not limited to legal proceedings involving **ZOYA KOVALENKO** as well as documents relating to complaints filed by and/or against **ZOYA KOVALENKO** with any government agency), and grievance files (including but not limited to informal and formal complaints/grievances by **ZOYA KOVALENKO** as well as informal and formal complaints/grievances by others about **ZOYA KOVALENKO**); and
>
> 4. Compensation documents (including but not limited to documents reflecting **ZOYA KOVALENKO's** salary, wages, commissions, bonuses, overtime, unemployment benefits, and all other types of compensation, pay stubs, and summaries of compensation); and
>
> 5. Benefits documents (including a description of all benefits and compensation packages available to **ZOYA KOVALENKO, ZOYA KOVALENKO's** participation in benefits plans, any records of absences from work for any reason, leaves of absence for medical or other reasons, and records of medical treatment); and
>
> 6. Non-privileged litigation documents involving Zoya Kovalenko as a party (including but not limited to any documents relating to legal proceedings involving both **ZOYA KOVALENKO** and you as parties, as well as subpoenas to you from third parties relating to **ZOYA KOVALENKO,** but not including work product or privileged communications involving **ZOYA KOVALENKO** undertaken on behalf of your clients).

Attachment A to subpoenas attached to Def. K&E's Not. of Subpoena to Paul Hastings (July 13, 2023); Def. K&E's Not. of Subpoena to Paul Hastings (June 29, 2023); Def. K&E's Not. of

1  Subpoena to Fish (June 29, 2023); Def. K&E's Not. of Subpoena to Paul Hastings (May 5, 2023);
2  Def. K&E's Not. of Subpoena to Fish (May 5, 2023).

3      12. Given the timing and sweeping nature of the subpoenas, I did not have adequate time to conduct initial research and prepare a substantive response to the subpoenas until the middle of my vacation. Before the date K&E intended to serve the subpoenas on the Third Parties per the notices of subpoena, I wrote to K&E's counsel while I was on vacation in order to object to the subpoenas and to request to meet and confer regarding my intended motion to quash. A true and correct copy of my email correspondence with K&E's counsel regarding the subpoenas is attached hereto as **Exhibit C**; the email I sent to K&E's counsel appears on pages 17–18. I objected to the subpoenas on the following grounds: insufficient service, lack of relevance, improper scope; lack of proportionality to the needs of the case; undue burdensomeness; improper invasion of privacy rights; improper request for protected health information; improper request for privileged material; and improper request for confidential information. Ex. C at 17–18. I requested to meet and confer with K&E's counsel regarding the subpoenas and informed them of my intent to move to quash them should K&E's counsel refuse to meet and confer and instead serve the subpoenas as drafted.

      13. K&E's counsel agreed to meet and confer on May 30, 2023. In advance of the meet and confer, on May 26, 2023, I provided K&E's counsel with case law supporting my positions. During the meet and confer, I explained the impropriety of K&E's subpoenas and the inapposite nature of the cases K&E's counsel had referenced as purported support for its improper subpoenas. During the May 30, 2023, meet and confer, K&E's counsel asked whether I would agree to meet and confer a second time before they served the subpoenas on the Third Parties. I agreed. On June 6, 2023, I provided additional case law showing the impropriety of K&E's subpoenas to K&E's counsel. Nevertheless, K&E refused to narrow the requests set forth in the subpoenas and reneged on our agreement to meet and confer a second time before serving the subpoenas on the Third Parties. On June 29, 2023, and July 13, 2023, K&E's counsel emailed me

notices of reissued subpoenas[1] with requests identical to those in the earlier subpoenas.[2] I then promptly requested, on July 19, 2023 to meet and confer regarding my intent to move for a protective order under Federal Rule of Civil Procedure 26(c)(1). I met and conferred with K&E's counsel on July 21, 2023, regarding my intent to move for a protective order as to K&E's subpoenas. During the July 21, 2023, meet and confer, K&E's counsel refused to narrow the scope of any of the requests set forth in the subpoenas or otherwise withdraw the subpoenas. I then drafted and filed a joint letter brief concerning this discovery dispute. Joint Disc.-Dispute Letter Concerning Def. K&E's Subpoenas to Paul Hastings and Fish for Produc. of Docs. and Files, Dkt. No. 83 (the "Letter Brief").

14. Each Third Party also objected to the subpoena served on them prior to the filing of the Letter Brief. True and correct copies of the objections served by the Third Parties and emails from the Third Parties to counsel of record attaching the objections are attached hereto as **Exhibits D, E, F, and G.**

15. The Court held a hearing in regard to the Letter Brief, wherein I informed the Court that I would need time to transition the case to recently retained counsel and to prepare a motion to quash and for protective order.

16. K&E has not yet answered the Complaint or the FAC.

17. At no point prior to or during the hiring process for my position at K&E did I disclose my salaries or compensation at any of my previous employers to K&E, formally or informally. To my knowledge, K&E was not aware of my salary nor compensation at any of my pre-K&E employers at any point during this process. At no point during the hiring process did K&E inquire about my compensation or salaries at Third Parties.

---

[1]  The dates of compliance in the reissued subpoenas attached to the notices of subpoena were July 25 and 27, 2023.

[2]  K&E issued and reissued the subpoenas and served them on the Third Parties before agreeing to a protective order.

DECL. OF ZOYA KOVALENKO ISO PL.'S MOT. TO QUASH & FOR PROTEC. ORDER       5       NO. 4:22-CV-05990-HSG (TSH)

18. I have produced evidence of my attempts to mitigate damages subsequent to K&E's termination of my employment; this includes a document production on or around April 1, 2023. I have also produced evidence to support my claims, which includes a document production on or around April 27, 2023. These productions were made in response to General Order No. 71. I am continuing to search for and produce, *inter alia*, additional evidence of my attempts to mitigate damages and to support my claims.

19. The discovery sought by K&E in the subpoenas includes sensitive and private information.

20. Defendants have already irreparably harmed my employment prospects with their widespread defamation of my performance and by unlawfully terminating my employment. It is my understanding that Defendants' defamatory statements were published to at least 118 persons at K&E, including leaders in my professional field.

21. I have legitimate concerns that if the Court does not quash K&E's sweeping, invasive subpoenas, potential future employers will be even less likely to hire me for fear of being subpoenaed, including, but not limited to, because of K&E's refusal to ensure that these subpoenas are not unduly burdensome despite its obligation to do so and the inherent costs associated with subpoena compliance. Neither K&E nor its counsel took reasonable steps to avoid imposing undue burden or expense to my understanding.

22. Granting Defendants and/or their counsel access to my personal, intimate information, even if trivial, is invasive and would cause me further harm even without further disclosure.

23. The emotional and physical harm as alleged in the FAC (and the Complaint) arises exclusively from conduct that occurred after the time period that is covered by the subpoenas.

24. K&E's subpoenas seek far-reaching, irrelevant, private information from Third Parties. K&E has not supplied a single non-speculative basis as to why its extremely invasive and sweeping requests are justified.

25. As set forth in its own privilege log, K&E withheld relevant grievance and investigatory documents without description, including those not involving a single attorney. A

true and correct copy of a relevant excerpt of Defendants' March 30, 2023, privilege log is attached hereto as **Exhibit H**. For example, entry PRIV – 2647 states that Defendants have withheld, on the bases of alleged attorney-client privilege and attorney work product, a "document regarding internal investigation of Plaintiff's allegations," of which the custodian was Wendy Cartland, who is not an attorney but the Chief Human Resources Officer at the time (November 1, 2021), and was not even sent to or from anyone (let alone an attorney).

26. I do not intend to and have not indicated an intent to rely on medical, including psychiatric, records or treatment-provider testimony concerning treatment predating events at issue in this litigation.

27. A true and correct copy of the complaint in *Frazier v. Bed Bath & Beyond Inc.*, No. 2-10-cv-05398-WJM-CLW (D.N.J. 2010), Dkt. No. 1, is attached hereto as **Exhibit I**.

28. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Germantown, Maryland on December 19, 2023.

/s/ *Zoya Kovalenko*
Zoya Kovalenko (Cal. SBN 338624)
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
(678) 559-4682
zoyavk@outlook.com
Plaintiff Zoya Kovalenko