

**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015

+1 650 614 7400
**orrick.com**

Lynne C. Hermle

E  lchermle@orrick.com
D  +1 650 614 7422
F  +1 650 614 7401

May 6, 2022

**VIA EMAIL (zoyavk@outlook.com)**

Zoya Kovalenko
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874

Re:   DFEH Matter Number: 202202-16114711

Dear Ms. Kovalenko:

Orrick is outside counsel to Kirkland & Ellis LLP (the "Firm") in relation to the allegations made in your complaint filed with the Department of Fair Employment and Housing dated February 11, 2022 (the "Complaint").  Please direct all further communications regarding your allegations to me and my colleagues copied below. We hope that serious consideration of this letter and the letter the Firm's General Counsel Jeff Powell sent you on April 21, 2022 will help to avoid the consequences which will arise if you proceed without attention to these issues.

In his letter regarding the very significant privilege and confidentiality issues arising from your Charge, Mr. Powell noted that the Firm would address other issues, including the impropriety of including individual defendants, in separate correspondence.  I write now regarding those and other substantive issues.

As I discuss below, your claims of gender discrimination, retaliation, and harassment are entirely without merit.  To summarize what I lay out below, your claims for discrimination and retaliation are meritless first because you were terminated for a legitimate non-discriminatory and non-retaliatory reason—namely, poor performance—even though you seem determined to avoid that conclusion.  Your claim for retaliation is also without merit because you did not engage in protected activity prior to the Firm's decision to terminate your employment and thus, protected activity could not have motivated your performance-based termination.  Your claims for harassment are similarly meritless, including because the Complaint recites only personnel management activity, and there was no discriminatory motivation for that personnel management activity.

Furthermore, your inclusion of individual Firm partners and associates, and the partners' Professional Corporations, as Respondents in the Complaint is also legally meritless and inappropriate.  Moreover, your inclusion in the Complaint of confidential allegations and false scandalous allegations – which are irrelevant to the dispute and would cause the Firm prejudice -- is improper.

4136-7715-6919.11



May 6, 2022
Page 2

Given the complete lack of merit of your claims, the filing of a court complaint repeating these allegations (and/or including privileged and private information) would be frivolous both factually and legally. If you file the Complaint in court as is, suing the individual partners and associates and the partners' Professional Corporations as defendants and including privileged and confidential information, the Firm may seek sanctions against you and additional applicable relief.

**Your Claims of Gender Discrimination, Retaliation, and Harassment Are Meritless**

In the Complaint, you allege that you were discriminated against because of your gender, and that as a result of the discrimination, you were terminated. You further allege in the Complaint that you experienced retaliation because you reported or resisted discrimination or harassment, and as a result of the retaliation you were terminated. These allegations are false.

You were terminated for your repeatedly poor performance—a legitimate non-discriminatory and non-retaliatory reason. For your first and only review period, the Firm's Associate Review rated your performance a five (5), which is the lowest possible rating and results in immediate termination. Your poor performance is well documented and cannot be disputed. During your employment with the Firm, which lasted less than a year, you only worked on a few matters. In one of those matters, for example:

- You failed to complete or perform any substantive work on a damages motion for judgment as a matter of law ("JMOL") within a three-week period. The JMOL was subsequently assigned to a female associate on the damages team who successfully completed it. Your suggestion that you could not complete it because you had other work is inaccurate.

- You attended an in-person expert meeting, but when asked by a partner to revise the expert's outline and slides based on the hours-long meeting, you were unable to do so (with the excuse that you didn't take notes because you failed to bring your glasses to the meeting).

- You did not attend in-person expert preparation meetings at a trial site.

- Your work on a cross-examination outline was untimely, wholly incomplete, and essentially unusable.

- You were frequently unavailable and non-responsive during trial.



In another of these matters, for example:

- You provided questions to a partner taking a deposition in real time that were, among other problems, based on inaccurate facts.

- Your preparation for and execution of a simple and straightforward deposition focused on document authentication was extremely poorly performed, and did not come close to meeting the Firm's expectations.

- Your work on an expert report was untimely and deficient. The work was reassigned to a first-year female associate on the team who completed the work successfully.

You repeatedly acknowledged your poor work product and failures to provide work product in a timely manner, made various excuses for these problems, and stated that you would do better in the future. But these apologies did not resolve the issues arising from your performance issues. These performance issues, and not your gender (which the Firm was aware of when it welcomed you in November of 2020), caused your termination.

Your claim for retaliation fails for these reasons and also fails because you did not complain of discrimination or otherwise engage in protected activity prior to the termination decision. *Hukman v. Sw. Airlines Co.*, 816 F. App'x 166, 167 (9th Cir. 2020) ("The court properly granted summary judgment on Hukman's retaliation claim because she did not engage in any protected activity or complain of any discriminatory conduct prior to her termination."). Your allegations in the Complaint to the effect that you raised these issues prior to the Firm notifying you of your termination are, simply put, fabricated.

You also allege that you were harassed based on your gender. Your harassment claim is meritless for several reasons--the actions about which you now complain were personnel management activity, there was no unlawful motivation for those personnel actions, and there was no "severe or pervasive" conduct. *See Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 79 (1996) (personnel management authority is not harassment as matter of law); *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 282-83 (2006) (plaintiff must demonstrate conduct complained of was severe enough or sufficiently pervasive to alter conditions of employment and create work environment hostile or abusive because of sex."). Expecting an associate to do the job competently, and to the Firm's high standards, and then reviewing the associate as part of the standard review process is not harassment.



May 6, 2022
Page 4

## **Improper Claims Against Individuals and Related Entities**

In addition to the defects noted above, inclusion of individual Firm partners and associates and the partners' Professional Corporations as Respondents in the Complaint is legally (in addition to factually) meritless and wholly inappropriate; accordingly, including those people and entities as defendants in a court complaint would only be for harassing purposes and could lead to severe consequences.

First, the individual Firm partners and associates cannot be personally liable under the applicable laws. The list of cases making this perfectly clear is long. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (civil liability for employment discrimination under Title VII is limited to employers and does not extend to individual agents of employers who commit violations); *Harris v. City of Harvey*, 992 F. Supp. 1012, 1014 (N.D. Ill. 1998) ("[T]he Equal Pay Act does not allow for suits against defendants in their individual capacity."); *Martinez v. Combs*, 49 Cal. 4th 35, 75 (2010) (refusing to impose personal liability under the California Labor Code, of which the California Equal Pay Act ("CEPA") is part, for individual corporate agents acting within the scope of their agency); *Reno v. Baird*, 18 Cal. 4th 640, 662-63 (1998) (no individual liability for discrimination under the FEHA); *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1164 (2008) (no individual liability for retaliation under the FEHA); *Miklosy v. Regents of Univ. of California*, 44 Cal. 4th 876, 900 (2008) ("An individual who is not an employer cannot commit the tort of wrongful discharge in violation of public policy; rather, he or she can only be the agent by which *an employer* commits that tort.") (emphasis in original); *Halvorsen v. Aramark Unif. Servs., Inc.*, 65 Cal. App. 4th 1383, 1392 (1998) ("Where…the defendant holds a position of managerial authority, he is not liable for interference with employment relationship as a matter of law.").[1]

You cannot avoid these crystal clear legal principles by contending that any of them were your "employer" under applicable law. The Firm, and the Firm alone, was your employer, as you know and as detailed in your offer letter; it alone hired and paid you. Additionally, the individual Firm partners and associates and the partners' Professional Corporations do not employ the required number of employees to qualify as "employers" under Title VII and the FEHA. 42 U.S-C. § 2000e(b) (defining employer as "a person…who has fifteen

---

[1] We further note that your claims under S.F., Cal., Police Code art. 33 § 3301 *et seq.* cannot be asserted against the individual Firm partners and associates and the partners' Professional Corporations or the Firm because such claims are preempted by the FEHA. *See* Cal. Gov't Code § 12993(c) ("[I]t is the intention of the Legislature to occupy the field of regulation of discrimination in employment and housing encompassed by the provisions of this part, exclusive of all other laws banning discrimination in employment and housing by any city, city and county, county, or other political sub-division of the state….").

4136-7715-6919.11



May 6, 2022
Page 5

or more employees…."); Cal. Gov. Code § 12926(d) (defining employer as including "any person regularly employing five or more persons….").[2]

The individual Firm partners and associates and the partners' Professional Corporations also do not qualify as "employers" under the federal Equal Pay Act because they do not: (1) have the power to hire and fire employees (ultimate power to hire associates is entrusted to the Firm's Recruiting Committees and the ultimate power to fire associates is entrusted to the Firm's Associate Review Committees), (2) supervise and control associate work schedules or conditions of employment (a single member of the Firm is not exclusively responsible for supervising and setting the conditions of employment for the associate), (3) determine the rate and method of payment of associates (decisions are made by the Firm's Associate & Non-Share Partner Compensation Committee and the Executive Committee), and (4) maintain employment records (the Firm's Human Resources Department maintains employment records for associates).  *See Hale v. State of Ariz.*, 967 F.2d 1356, 1364 (9th Cir. 1992).

Finally, the individual Firm partners and associates are not "employers" under the CEPA because the definition of "employer" under the Labor Code, of which the CEPA is a part, does not impose liability on individual corporate agents acting within the scope of their agency.  *Martinez*, 49 Cal. 4th at 75.  Nor can the partners' Professional Corporations be considered "employers" under the CEPA because they do not exercise control over wages, hours, or working conditions.  *Id.* at 59 (describing the Industrial Welfare Commission definition of "employer" as used with respect to the Labor Code as "a person who employs or exercises control over the wages, hours, or working conditions of any person").

---

[2] The "integrated enterprise" or "joint employer" theories of liability also do not apply here.  As an initial matter, the theories do not apply to the individual partners and associates because they are not "entities"—they are individuals acting in their supervisory or co-worker capacities for the Firm. Furthermore, the integrated enterprise theory does not apply to the partners' Professional Corporations because—(1) the Professional Corporation Respondents are operated independently from the Firm; (2) the Professional Corporation Respondents are managed by their individual partner shareholders while the Firm is managed by its Executive Committee; (3) there is no centralized control of labor relations—the Firm manages its workforce; the Professional Corporation Respondents are not involved; and (4) there is no common ownership—the Firm is owned by its approximate share partners and the Professional Corporation Respondents are owned by their individual partner shareholders.  *See Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 815 (9th Cir. 2002).  In addition, the joint employer theory of liability does not apply to the Professional Corporation Respondents because those entities asserted no control over the terms and conditions of your employment—the terms and conditions of your employment were set by the Firm and the Firm alone.  *U.S. Equal Emp. Opportunity Comm'n v. Glob. Horizons, Inc.*, 915 F.3d 631, 637-38 (9th Cir. 2019).



May 6, 2022
Page 6

As these many legal authorities make clear, attempts to use these laws for some inappropriate 'in terrorem' effect with respect to individuals not your employer are frivolous. *See e.g., Reno*, 18 Cal. 4th at 663 ("[I]ndividuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts.").

### Irrelevant and False Scandalous Allegations

In addition to the fact that the allegations are baseless, numerous allegations in the complaint include scandalous assertions that are false, and unsupported.  For example, Paragraph 193 of the Complaint contains unfounded, factually baseless scandalous allegations, which are also irrelevant to the dispute and would cause the Firm and the referenced individuals significant prejudice.  Similarly, Paragraphs 270 and 276 of the Complaint contain speculative inquiries and statements, which again, are irrelevant to the dispute and would cause the Firm significant prejudice. You must refrain from including such allegations in any court complaint and, if you do not, could face severe consequences.  *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); *Oiye v. Fox*, 211 Cal. App. 4th 1036, 1070 (2012) ("Courts have inherent authority to strike scandalous and abusive statements in pleadings.").

### Conclusion

I hope you will seriously consider the authorities cited above as well as the discussion in Jeff Powell's letter before filing a complaint in court.  While you have the right to assert claims, you have no right to assert frivolous claims against any individual or entity and do not have the right to breach your obligations to protect privileged client and confidential information.

Please be advised that should you proceed to file a court complaint naming the individual Firm partners and associates and the partners' Professional Corporations as individual defendants and/or including the scandalous allegations discussed above, the Firm (and individuals you wrongly sue) may seek sanctions against you under Rule 11 of the Rules of Civil Procedure and any other appropriate relief.

I am happy to discuss these issues with you or your counsel.

Very truly yours,

Lynne C. Hermle

cc: Joe Liburt, Jeff Powell

4136-7715-6919.11