1   Tanvir H. Rahman (admitted *pro hac vice*)
    FILIPPATOS PLLC
2   199 Main Street, Suite 800
    White Plains, NY 10601
3   Tel.: 914 984 1111
    trahman@filippatoslaw.com
4
    Samuel M. Brown (State Bar No. 308558)
5   HENNIG KRAMER RUIZ & SINGH, LLP
    3600 Wilshire Blvd, Suite 1908
6   Los Angeles, CA 90010
    Tel.: +1 213 310 8301
7   Fax: +1 213 310 8302
    sam@employmentattorneyla.com
8
    *Attorneys for Plaintiff Zoya Kovalenko*
9

10                  UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                       OAKLAND DIVISION

13   ZOYA KOVALENKO,                    Case No. 4:22-cv-05990-HSG (TSH)

14          *Plaintiff*,               **PLAINTIFF'S REPLY IN SUPPORT OF
                                        [113] PLAINTIFF'S MOTION TO QUASH
15      v.                              DEFENDANT KIRKLAND & ELLIS
                                        LLP'S SUBPOENAS AND FOR
16   KIRKLAND & ELLIS LLP, MICHAEL DE   PROTECTIVE ORDER**
     VRIES, MICHAEL W. DEVRIES, P.C.,
17   ADAM ALPER, ADAM R. ALPER, P.C.,   Re: Dkt. Nos. 83, 113, 122
     AKSHAY DEORAS, AKSHAY S.
18   DEORAS, P.C., AND MARK FAHEY,      Assigned to the Honorable Haywood S.
                                        Gilliam, Jr., United States District Judge for the
19          *Defendants*.              United States District Court for the Northern
                                        District of California, Oakland Division
20
                                        Referred to the Honorable Thomas S. Hixson,
21                                      United States Magistrate Judge for the United
                                        States District Court for the Northern District of
22                                      California, San Francisco Division

23                                      Hearing noticed for February 15, 2024, at 10:00
                                        am, before Judge Hixson, at the San Francisco
24                                      Courthouse, 15th Floor, Courtroom E, 450
                                        Golden Gate Avenue, San Francisco, California
25                                      94102

26

27

28

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUHORITIES .............................................................................. ii

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH

AND FOR PROTECTIVE ORDER ................................................................. 1

I.     STATEMENT OF ISSUES TO BE DECIDED .................................... 1

II.    STATEMENT OF RELEVANT FACTS ............................................. 1

III.   ARGUMENT ...................................................................................... 1

       A.  Introduction ............................................................................. 1

       B.  Plaintiff Has Standing to Move for Relief .............................. 2

       C.  The Court Should Quash K&E's Subpoenas and Forbid the Sought Discovery
           Because the Subpoenas Constitute a Fishing Expedition and Are Overbroad .......... 3

       D.  Good Cause Exists for the Court to Issue a Protective Order ................................... 4

       E.  The Court Should Quash K&E's Subpoenas Because They Seek Privileged and
           Other Protected Material ................................................................. 7

       F.  K&E's Relevance Arguments Fail .............................................. 8

           1.   Personnel Records.  Opp'n at 7–11 (Request No. 1). ...................................... 10

           2.   Credibility.  Opp'n at 14–15 (Request No. 1) ............................................... 13

           3.   Mitigation.  Opp'n at 10–11 & 13 (Request Nos. 1, 4 & 5). ............................ 13

           4.   Compensation and Benefits.  Opp'n at 9, 12 & 13 (Request Nos. 1, 4 & 5)..... 14

           5.   Complaint and Investigatory Files.  Opp'n at 11–12 (Request Nos. 3 & 6)...... 14

           6.   Leaves of Absence, Medical Restrictions, Disabilities, and Medical Records.
                Opp'n at 13–14 (Request No. 2). ...................................................... 15

1

## **TABLE OF AUTHORITIES**

2    **Cases**                                                                        **pp.**

3

4    *Allen v. Woodford,*

5        2007 WL 309485 (E.D. Cal. Jan. 30, 2007) ................................................................5

6    *Appel v. Wolf,*

7        839 Fed. App'x 78 (9th Cir. Dec. 14, 2020) .............................................................12

8    *Appel v. Wolf,*

9        No. 18-CV-814-L-BGS, 2022 WL 2318692 (S.D. Cal. June 27, 2022)........................7

10   *Appel v. Wolf,*

11       2021 WL 5234424 (S.D. Cal. Nov. 9, 2021) ............................................................4, 12

12   *Baker v. Santa Clara Univ.,*

13       No. 17-cv-02213-EJD (VKD), 2018 WL 3566868 (N.D. Cal. July 25, 2018)..............5

14   *Belling v. DDP Holdings, Inc.,*

15       No. ED-CV-121855-MMM(OPX), 2013 WL 12140986 (C.D. Cal. May 30, 2013) ..........4, 8

16   *Bicek v. C&S Wholesale Grocers, Inc.,*

17       2013 WL 12147721(N.D. Cal. Aug. 1, 2013) ..............................................................2

18   *Bickley v. Schneider Nat., Inc.,*

19       No. C 08-5806 JSW (JL), 2011 WL 1344195 (N.D. Cal. Apr. 8, 2011) ...................5, 6

20   *Bolding v. Banner Bank,*

21       No. C17-0601RSL, 2020 WL 3605593 (W.D. Wash. July 2, 2020)...........................9

22   *Botta v. PricewaterhouseCoopers LLP,*

23       No. 18-cv-02615-RS (LB), 2018 WL 6257459 (N.D. Cal. Nov. 30, 2018) ..............2, 10

24   *Boyd v. City & Cnty. of San Francisco,*

25       No. C-04-5459 MMC(JCS), 2006 WL 1390423 (N.D. Cal. May 18, 2006)...............8

26   *Cambrian Sci. Corp. v. Cox Commc'ns, Inc.,*

27       79 F. Supp. 3d 1111 (C.D. Cal. 2015) ......................................................................7

28   *Campos v. S.F. State Univ.,*

     1999 WL 35140127 (N.D. Cal. Mar. 19, 1999)..........................................................3

*Cannata v. Wyndham Worldwide Corp.*,

    No. 2:10-cv-00068-PMP-LRL, 2011 WL 3794254 (D. Nev. Aug. 25, 2011)........................ 2

*Davis v. Kelly Services, Inc.*,

    2017 WL 10562943 (C.D. Cal. July 12, 2017).................................................................10, 12

*EEOC v. Serramonte*,

    237 F.R.D. 220 (N.D. Cal. 2006)...............................................................2, 5, 9, 13, 14, 15

*Elkins v. Automatic Data Processing, Inc.*,

    2023 WL 7354621 (C.D. Cal. Apr. 19, 2023) ........................................................................14

*Fitzgerald v. Cassil*,

    216 F.R.D. 632 (N.D. Cal. 2003)............................................................................................8

*Flowers v. First Hawaiian Bank*,

    295 F. Supp. 2d 1130 (9th Cir. 2003) ....................................................................................8

*Frazier v. Bed Bath & Beyond, Inc.*,

    No. 11-mc-80270 RS (NC), 2011 WL 5854601 (N.D. Cal. Nov. 21, 2011)....................10, 15

*Garedakis v. Brentwood Union Sch. Dist.*,

    2016 WL 1133715 (N.D. Cal. Mar. 23, 2016) ......................................................................15

*Gragossian v. Cardinal Health Inc.*,

    2008 WL 11387063 (S.D. Cal. July 21, 2008) ...............................................................10, 14

*Hardin v. Mendocino Coast Dist. Hosp.*,

    No. 17-cv-05554-JST (TSH), 2019 WL 1493354 (N.D. Cal. Apr. 4, 2019)....................10, 11

*Jaffee v. Redmond*,

    518 U.S. 1 (1996)...................................................................................................................8

*Kellgren v. Petco Animal Supplies, Inc.*,

    2015 WL 11237636 (S.D. Cal. Apr. 10, 2015)...................................................................4, 10

*Knoll v. Moderno, Inc.*,

    No. C 12-80193-MISC SI, 2012 WL 4466543 (N.D. Cal. Sept. 26, 2012) .............................2

*Kovalenko v. Kirkland & Ellis LLP*,

    No. 4:22-cv-05990-HSG, Order Denying in Part and Granting in Part Mots. to

Dismiss, Denying Mots. to Strike, and Denying in Part and Granting in Part

Mot. to Seal (N.D. Cal. Aug. 23, 2023), Dkt. No. 92, 2023 WL 5444728 ............................12

*Lemberg L. LLC v. Hussin*,

No. 16-mc-80066-JCS, 2016 WL 3231300 (N.D. Cal. June 13, 2016).....................................7

*Levitin v. Nationwide Mut. Ins. Co.*,

2012 WL 6552814 (S.D. Ohio Dec. 14, 2012) ........................................................................2

*Lewin v. Nackard Bottling Co.*,

No. CV 10-8041-PCT-FJM, 2010 WL 4607402 (D. Ariz. Nov. 4, 2010)......................... 3, 13

*Lyzer v. Caruso Produce, Inc.*,

No. 3:17-cv-01335-SB, 2018 WL 11489791 (D. Or. Oct. 4, 2018) ...................................5, 13

*In re Marsch*,

36 F.3d 825 (9th Cir. 1994) ....................................................................................................6

*Mattel Inc. v. Walking Mountain Prods.*,

353 F.3d 792 (9th Cir. 2003) ...................................................................................................7

*Moon v. SCP Pool Corp.*,

232 F.R.D. 633 (C.D. Cal. 2005)......................................................................................3, 13

*Newman v. San Joaquin Delta Cmty. Coll. Dist.*,

No. 2:09-cv-03441 WBS KJN, 2011 WL 1743686 (E.D. Cal. May 6, 2011)................4, 5, 13

*Peccia v. Dep't of Corr. and Rehab.*,

2020 WL 2556751 (E.D. Cal. May 20, 2020) ....................................................................2, 5

*In re Remec, Inc. Sec. Litig.*,

No. 04CV1948 JLS (AJB), 2008 WL 11338378 (S.D. Cal. July 28, 2008)...........................13

*Rivera v. NIBCO, Inc.*,

364 F.3d 1057 (9th Cir. 2004) .................................................................................................4

*Scott v. Multicare Health Sys.*,

No. C18-0063-JCC, 2019 WL 1559211 (W.D. Wash. Apr. 10, 2019) .................................6, 9

*Smith v. Legacy Partners Inc.*,

No. 221CV00629JHCBAT, 2022 WL 1194125 (W.D. Wash. Apr. 21, 2022) ...........10, 13, 14

*Stallworth v. Brollini*,
    288 F.R.D. 439 (N.D. Cal. 2012) ................................................................7, 8, 15

*In re Stimson & Gale Ent., Inc.*,
    61 F. App'x 346 (9th Cir. 2003) ............................................................6

*Thomas v. Starz Ent., LLC*,
    2017 WL 11628086 (C.D. Cal. May 26, 2017) ....................................15

*United States v. Handrup*,
    No. 13 C 7733, 2016 WL 8738943 (N.D. Ill. July 11, 2016) ................6

*Unsworth v. Musk*,
    No. 2:18-CV-08048-SVW-JC, 2019 WL 8221086 (C.D. Cal. Nov. 27, 2019) .....................13

*Valadez v. Aguallo*,
    No. C08-03100 JW (HRL), 2009 WL 1464141 (N.D. Cal. May 26, 2009) ..............................8

*Valentine v. Remke Markets, Inc.*,
    2012 WL 893880 (S.D. Ohio March 15, 2012) ....................................10

*Villarreal v. Cnty. of Monterey*,
    No. 16-cv-06672-LHK (SVK), 2017 WL 6271602 (N.D. Cal. Oct. 12, 2017) .......................11

*Vincent v. City of California City*,
    No. 1:18-CV-00549- JLT, 2019 WL 1585202 (E.D. Cal. Apr. 12, 2019) .......................12, 13

*William v. Morrison & Foerster LLP*,
    No. 18-CV-02542-JSC, 2020 WL 1643977 (N.D. Cal. Apr. 2, 2020) ..................................10

**Statutes and Other Authorities**    **pp.**

42 U.S.C. § 2000e *et seq.* (Title VII)................................................................ 11, 12

Cal. Civ. Code § 45a (added 1945)................................................................ 12

Fed. R. Civ. P. 1................................................................ 2

Fed. R. Civ. P. 26................................................................ 5

Fed. R. Civ. P. 26 advisory committee's note (2015 amend.)................................................................ 3

Fed. R. Civ. P. 26(b)................................................................ 1

Fed. R. Civ. P. 26(b)(1)................................................................ 2, 3, 7, 9, 15

Fed. R. Civ. P. 26(b)(2)(C) ................................................................. 3, 7

Fed. R. Civ. P. 26(b)(2)(C)(iii) ........................................................... 3, 7

Fed. R. Civ. P. 26(c) ..................................................................... 2, 3, 5

Fed. R. Civ. P. 45 ............................................................................. 3, 7

Fed. R. Civ. P. 45(d) .......................................................................... 1, 3

Fed. R. Civ. P. 45(d)(1) ......................................................................... 3

Fed. R. Civ. P. 45(d)(3) ......................................................................... 1

Fed. R. Civ. P. 45(d)(3)(A)(iii) ............................................................. 1

Fed. R. Civ. P. 45(d)(3)(A)(iv) .............................................................. 1

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
### PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER

Plaintiff respectfully submits this reply to Defendant Kirkland & Ellis LLP ("K&E")'s opposition, Dkt. No. 122 (the "Opposition"), to Plaintiff's Motion to Quash Defendant K&E's Subpoenas and for Protective Order, Dkt. No. 113 (the "Motion").

## I.   STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should quash K&E's subpoenas to non-party law firms Paul Hastings LLP ("Paul Hastings") and Fish & Richardson P.C. ("Fish") (collectively, the "Third Parties"), which employed Plaintiff before K&E employed Plaintiff, and prohibit K&E's requested discovery to protect Plaintiff from annoyance, embarrassment, oppression, undue burden, and expense. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv) & 26(b)–(c).

## II.   STATEMENT OF RELEVANT FACTS

This Reply is timely filed.  Dkt. No. 115 at 4.

## III.   ARGUMENT

### A.   Introduction

K&E's Opposition goes to great lengths to obfuscate the numerous issues with the subpoenas, including their undue burdensomeness, overbreadth, and harassing nature.  The discovery sought is a clear fishing expedition, and the extreme speculation offered in support of the sweeping discovery should be rejected out of hand.  Fatally, K&E fails to meet its burden of specifically showing the relevance of the sought discovery and makes no attempt to show proportionality to the needs of the case.  K&E offers no factual support to demonstrate its need for and the purported relevance of the broad, invasive discovery and instead relies on *non-existent allegations and representations* that it falsely attributes to Plaintiff.  The four corners of the Amended Complaint, Dkt. No. 94 ("FAC"), make clear that Plaintiff has limited her allegations and claims to acts and conduct arising exclusively from her employment at K&E and seeks damages for harm caused by Defendants' falsified performance reviews culminating in the unlawful termination of her employment with K&E.  K&E cannot cite to any actual allegations or representations by Plaintiff about her prior employment, work experience, or professional

skillset pre-dating her time at K&E.  K&E's proffered justifications for the subpoenas are nothing more than a speculative wish list of conclusions that it hopes the subpoenaed records would support. Mot. at 5. Allowing broad, harassing discovery into Plaintiff's legal work at pre-K&E employers unrelated to her work and performance at K&E would be inconsistent with inconsistent with Rules 1 and 26(b)(1), (b)(2)(C) by impeding the just, speedy, and inexpensive determination of this action.

### B.   <u>Plaintiff Has Standing to Move for Relief</u>

Plaintiff has standing to move to quash the subpoenas based on her legitimate privacy interests and on the grounds that the subpoenas are unduly burdensome and seek irrelevant information.  Mot. at 4.  K&E does not directly address any of the cases Plaintiff cites in support of standing.  Opp'n at 17–18 & nn.18–20.[1] Plaintiff argued, and the cases cited in the Motion demonstrate, that Plaintiff has standing to object to the subpoenas "on the same grounds on which the third-party recipient could object."  Mot. at 4 (citing *EEOC v. Serramonte*, 237 F.R.D. 220, 223 (N.D. Cal. 2006)).  K&E's reliance[2] on *Knoll v. Moderno, Inc.*, 2012 WL 4466543 (N.D. Cal. Sept. 26, 2012), does not undermine Plaintiff's standing because *Knoll* acknowledges that "a party moving to quash a non-party subpoena has standing when the party has a personal right or privilege in the information sought to be disclosed."  Opp'n at 17 (quoting *Knoll*, 2012 WL 4466543, at *2).  Plaintiff has a clear privacy interest in her personnel records and broader materials involving Plaintiff from prior employers.  *See* Mot. at 4 (citing *Cannata v. Wyndham Worldwide Corp.*, 2011 WL 3794254, at *2, 4 (D. Nev. Aug. 25, 2011));[3] *Bicek v. C&S Wholesale*

---

[1] *Botta* is distinguishable because Plaintiff claims a cognizable privacy right and privilege.  Mot. at 16–20, 22-23.  The statement in *Botta* that a party "cannot object to a non-party subpoena on the grounds of relevance or burden where the non-party itself has not objected" is inapplicable as the Third Parties have each in fact objected on relevance and burden grounds.  Mot. at 4 n.5.

[2] K&E's other cases are distinguishable.  Opp'n at 18 & n.19.  *Peccia v. Dep't of Corr. and Rehab.* is distinguishable because the court determined that plaintiff's objections "do not implicate any right or privilege belonging to plaintiff" and therefore plaintiff lacked standing.  2020 WL 2556751, at *2 (E.D. Cal. May 20, 2020).  *Levitin v. Nationwide Mut. Ins. Co.*, 2012 WL 6552814 (S.D. Ohio Dec. 14, 2012) is inapposite because K&E has not shown that this Court should apply out-of-circuit cases over those from within the Ninth Circuit, and Plaintiff here has demonstrated her standing to move to quash via on-point, in-circuit authorities, including a published case from this Court.  Mot. at 4 (citing, *inter alia*, *Serramonte*, 237 F.R.D. at 223); *see* Opp'n at 18 & n.19.

[3] K&E also does not clearly dispute that Plaintiff has standing to object under Rule 26(c) by seeking a protective order regarding the subpoenas because they are unduly burdensome, seek

1   *Grocers, Inc.*, 2013 WL 12147721, at *2 (N.D. Cal. Aug. 1, 2013) (quashing employer subpoena

2   "because it is irrelevant, overly broad, unduly burdensome, seeks disclosure of confidential

3   commercial information, and of employment records with respect to which defendants' need does

4   not outweigh plaintiff's privacy rights"). In addition, the court "must enforce" K&E's

5   independent obligation "to avoid imposing undue burden or expense on a person subject to the

6   subpoena." *See* Rule 45(d)(1); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005)

7   (permitting relevance argument by party moving to quash under Rule 45 and quashing because

8   "the subpoena imposes an undue burden" on nonparty). This is particularly relevant where, as

9   here, the Third Parties have objected due to overbreadth and undue burden. Mot. at 4 n.5.

### C.   The Court Should Quash K&E's Subpoenas and Forbid the Sought Discovery Because the Subpoenas Constitute a Fishing Expedition and Are Overbroad

11   The only case K&E cites to rebut the fishing expedition argument, *Campos*, is easily

12   distinguishable because it did not involve third-party subpoenas and was limited to party

13   discovery. Opp'n at 15 (citing *Campos v. S.F. State Univ.*, 1999 WL 35140127 (N.D. Cal. Mar.

14   19, 1999)).[4] The Opposition does not rebut the weight of analogous, on-point case law in the

15   Motion showing K&E's subpoenas are a fishing expedition. Mot. at 6–7; Opp'n at 15 & n.14.

16   The first request in K&E's subpoenas is broader than the entire *Lewin* subpoenas, as K&E seeks

17   "[p]ersonnel documents," "**including but not limited to all documents in a personnel file**, such

18   as employment applications, resumes, communications with [PLAINTIFF], [and requesting 14

19   additional kinds of information]." Mot. at 2–3 (emphasis added), 7; *Lewin v. Nackard Bottling

20   Co.*, 2010 WL 4607402, at *1–2 (D. Ariz. Nov. 4, 2010) (quashing request to prior employers for

21   "**plaintiff's entire personnel file**" (emphasis added)).[5] And the vague and temporally unlimited

22   request here for "**communications with [Plaintiff]**" on its own is broader facially than the

23   entirety of the subpoenas in *Appel v. Wolf* deemed a fishing expedition. Mot. at 2 (emphasis

24

25   _____

26   material that is irrelevant and not proportional to the needs of the case, and are harassing. *See* Opp'n at 17–18; Rule 26(c)(1), 26(b)(1) & 26(b)(2)(C)(iii).

26   [4] *Campos* also applies the old, "reasonably calculated to lead to the discovery of admissible evidence" standard for discovery under Rule 26(b)(1), which K&E still tries to further broaden by claiming discovery is permissible if it "might lead to admissible evidence." Opp'n at 15; Fed.

27   R. Civ. P. 26 advisory committee's note (2015 amend.); *see also* Opp'n at 6.

28   [5] The subpoenas here also include five other extremely broad requests for additional sensitive, private information and materials. Mot. at 2–3 (restating subpoena requests).

added); *Appel*, 2021 WL 5234424, at *1, 3 (S.D. Cal. Nov. 9, 2021); Opp'n at 15 n.14. K&E's contention that the subpoenas are not a fishing expedition because they are "narrowly tailored" and "seek specific categories of [relevant] information" is without merit. Opp'n at 15. The fact that K&E lists out a litany of different types of information in each of the six broad requests does not put the subpoenas on dry land. *Belling v. DDP Holdings, Inc.*, 2013 WL 12140986 (C.D. Cal. May 30, 2013) (finding former-employer subpoenas requesting itemized list of employment-related records, including plaintiff's entire personnel file, *id.* at *2, were "overbroad on their face and amount to a fishing expedition," *id.* at *3). It would be hard to draft farther-reaching subpoenas to prior employers than those here.[6] K&E unpersuasively distinguishes *Newman* and ignores that the court determined the discovery was a fishing expedition despite dealing with subpoenas on a party's **current** employer. *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 2011 WL 1743686, at *4 (E.D. Cal. May 6, 2011); *see* Opp'n at 14–15.[7] K&E's repeated use of conditional "if" statements to argue it "may" find relevant information shows it has *no idea* what it expects to find and provides further basis to quash. *E.g.*, *Belling*, 2013 WL 12140986, at *4 (finding defendant did not justify obtaining subpoenaed records by claiming records sought "may" provide evidence supporting not-yet-raised defense); Opp'n at 7–9, 11, 13.

### D.    <u>Good Cause Exists for the Court to Issue a Protective Order</u>

Plaintiff has established good cause for a protective order ("PO"), and K&E's arguments that a PO is not appropriate are unavailing. Opp'n at 19–20. The Motion discusses several analogous cases in which courts granted a PO to preclude discovery from third parties regarding prior employment, including discovery that was more limited in scope than that requested by K&E. *E.g.*, Mot. at 24–25. K&E does not even bother to address head-on Plaintiff's on-point

---

[6] K&E's purported factual distinction of *Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004) in no way dilutes the general stricture that district courts have broad discretion to prevent employers from using discovery to engage in fishing expeditions to try to limit liability. *Id.* at 1072; *see* Opp'n at 15 n.14; *see also* Mot. at 6.

[7] Even authority relied on by K&E acknowledges that records from former employers are often less relevant than those from subsequent or current employers. *See Kellgren v. Petco Animal Supplies, Inc.*, 2015 WL 11237636, at *4 (S.D. Cal. Apr. 10, 2015) (drawing distinction between subpoenas to former employers versus subpoenas to subsequent employers); Opp'n at 8.

case law in its bare-bones argument that a PO is not warranted.[8] The Court has ample basis to grant a PO, and K&E's two inapposite cases offer no persuasive reason for denying this request. *Peccia* is inapposite because the plaintiff did not identify any cognizable privacy or other interest to properly object to the subpoenas. *Peccia*, 2020 WL 2556751, at \*2–3.[9] K&E's citation to *Allen v. Woodford*, 2007 WL 309485 (E.D. Cal. Jan. 30, 2007), for a general proposition about balancing privacy rights does nothing to save its failing argument that a PO is unwarranted.[10]

While K&E noticeably fails to proffer any case law in support of its argument that Plaintiff does not have standing to move for a PO under Rule 26 on grounds other than privacy and privilege, (Opp'n at 19), Plaintiff, however, provided plenty in her Motion. *Baker*, 2018 WL 3566868, at \*2–3 (granting PO to prohibit discovery sought in subpoena issued to pre-defendant employer based on plaintiff's "primary objection" that discovery "is not relevant to any claim or defense"), *cited in* Mot. at 5, 10, 14, 25;[11] *see also Newman*, 2011 WL 1743686, at \*3–4 (granting PO prohibiting discovery from non-party employer based on argument that information sought was "not relevant to any subject matter involved in this litigation"); *Serramonte*, 237 F.R.D. at 223 (Plaintiff has standing to object to the subpoenas "on the same grounds on which the third-party recipient could object."). K&E has not shown it has a "significant need" for extremely

---

[8] K&E attempts to distinguish some of these cases for other arguments, but K&E does not make any explicit or implicit arguments regarding any of these cases with respect to Plaintiff's request for a PO. Opp'n at 19–20; *cf.* Opp'n at 8 (*Baker*), 9 n.7 & 17 n.16 (*Bickley*), 14–15 (*Newman*). K&E does not address Plaintiff's argument that *Baker, Bickley*, and *Lyzer* support her motion for PO. Opp'n at 19–20. *See* Mot. at 24–25; *see also* Mot. at 6, 6 nn.8–9, 7, 9, 13.

[9] *Peccia* did *not* hold that the plaintiff lacked standing to move under Rule 26 on undue burden, overbreadth, or irrelevance grounds. *Peccia*, 2020 WL 2556751, at \*3. *But see* Opp'n at 19. *Peccia* is also distinguishable because it based its ruling in part on the plaintiff's failure to meet and confer prior to moving for a PO as required by Rule 26(c). *Peccia*, 2020 WL 2556751, at \*3; *cf.* Pl.'s Rule 26(c) Certification, Dkt. No. 113-2.

[10] *Allen* is inapposite and distinguishable as the plaintiff alleged she underwent nonconsensual, mutilating surgery, and the general statement quoted by K&E dealt with the plaintiff prisoner's discovery requests to support medical abuse claims and malpractice. *Allen*, 2007 WL 309485, at \*6–8; Opp'n at 19. *Allen* also found that the plaintiff's "need" for the requested materials outweighed the identified privacy interests because the information sought was directly relevant to plaintiff's medical abuse claims, *Allen*, 2007 WL 309485, at \*6–8, which is not the case here.

[11] K&E's attempt to distinguish *Baker* by claiming it dealt with an employer from roughly a decade prior fails. Opp'n at 8. The length of time does not eliminate the overall thrust of *Baker*'s holding that the subpoena, which was narrower than K&E's, was improper because defendant did not show how the requested information was relevant, including with respect to earnings history and mitigation of damages. *Baker*, 2018 WL 3566868, at \*2. This conclusion was reached despite plaintiff's testimony that the subpoenaed prior employer had retaliated against her and where the plaintiff put qualifications at issue by alleging failure to promote and hire. *Id.*

1 | tangential and irrelevant information from pre-K&E employers that would outweigh Plaintiff's

2 | privacy interests.  Opp'n at 19–20; *United States v. Handrup*, 2016 WL 8738943, at *2 (N.D. Ill.

3 | July 11, 2016) (granting PO for former-employer subpoenas and finding reputational harm to

4 | plaintiff, "marginal-at-best relevance" of any documents, and breadth of the subpoenas "poses a

5 | burden on Plaintiff which outweighs their potential benefit").  Plaintiff's privacy and other

6 | legitimate interests in seeking a PO cannot be adequately addressed through a stipulated PO.  *E.g.*,

7 | *Bickley*, 2011 WL 1344195, at *3 (A PO "will not alleviate the forced revelation of Plaintiffs'

8 | private information to Defendant, which Defendant apparently did not find important enough to

9 | obtain when it hired Plaintiffs.").[12]  Relatedly, a PO is needed to prevent the chilling effect the

10 | subpoenas would have on Plaintiff's employment prospects.  K&E's argument that this is

11 | speculative and illogical, (Opp'n at 16), is contradicted by case law.  *E.g.*, *Bickley*, 2011 WL

12 | 1344195, at *3–4 ("[T]he issuance of the subpoenas ensured the previous employers' knowledge

13 | of the lawsuit, which may well have a profound negative impact on future employment prospects

14 | for these Plaintiffs."); *Scott v. Multicare Health Sys.*, 2019 WL 1559211, at *2 (W.D. Wash. Apr.

15 | 10, 2019) ("Plaintiff's privacy interest in her employment records and the negative impact of a

16 | third-party subpoena on her current employment constitute good cause meriting entry of a PO.").

17 | Finally, K&E does not seriously address Plaintiff's argument that the Court should grant

18 | a PO because the subpoenas are intended to harass.  Opp'n at 19–20; Mot. at 24–25 (arguing

19 | Court has good cause to issue PO for reasons discussed in § III.A.2–3); Mot. at 20–22 (§

20 | III.A.2.iii) (arguing subpoenas served to harass and annoy).  K&E's main rebuttal is that

21 | Plaintiff's argument is "silly."  Opp'n at 18 n.20.  K&E ignores the unreasonableness of the

22 | subpoenas, including with respect to their timing, which supports an inference of improper

23 | purpose.  *See In re Stimson & Gale Ent., Inc.*, 61 F. App'x 346, 347 (9th Cir. 2003) (finding "the

24 | timing of the petition (the Friday before a Monday state court action)" supported "'robust showing

25 | of improper purpose,'" including harassment) (quoting *In re Marsch*, 36 F.3d 825, 831 (9th Cir.

[12] K&E blows out of proportion *Bickley*'s statement in *dicta*, 2011 WL 1344195, at *3, regarding a single wrongful termination case, *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 605 (C.D. Cal. 1995), which is inapplicable to the facts here, including because *Ragge* granted plaintiff's motion to compel discovery of comparators from defendant employer.  Opp'n at 9 n.7.

1994).  K&E has yet to offer a decent reason for noticing and planning to serve the subpoenas at a time that it knew would be acutely inconvenient, annoying, and harassing to then-self-represented Plaintiff (while she was on a planned vacation for her birthday), and despite Plaintiff specifically requesting Defendants' counsel refrain from engaging in any conduct requiring her attention during this time.[13]  K&E's conduct is all the more suspect given the third-party subpoenas were served months before any discovery on Plaintiff was served.[14]  The totality of K&E's conduct "strongly suggests harassment." *See Cambrian Sci. Corp. v. Cox Commc'ns, Inc.*, 79 F. Supp. 3d 1111, 1119 (C.D. Cal. 2015) (finding unusual timing of discovery during holiday weekend "when seven months of fact discovery still remain" "strongly suggests harassment").[15]

## E.   The Court Should Quash K&E's Subpoenas Because They Seek Privileged and Other Protected Material

Request No. 3 does not qualify its request for "grievance files" to non-privileged materials but rather only limits complaint and investigatory files to "[n]on-privileged." Mot. at 24.  K&E ignores this defect in how it drafted the subpoenas and the lack of any qualifier for attorney-work product in the legal materials and information sought under Request No. 3.  *See* Opp'n at 11.[16]  K&E also fails to address the *Lemberg* case, which makes clear that, under Rule 45, courts must quash subpoenas "requir[ing] disclosure of privileged or other protected matter." Mot at 24 (quoting *Lemberg L. LLC v. Hussin*, 2016 WL 3231300, at *5–6 (N.D. Cal. June 13, 2016)).[17]

K&E minimizes the fact that its sweeping requests would run roughshod on Plaintiff's privacy rights and protections for, *inter alia*, financial documents and medical records.  Mot. at 19–20, 22–24.  K&E tries to sweep away *Stallworth v. Brollini*, 288 F.R.D. 439 (N.D. Cal. 2012),

---

[13] Any claim that Plaintiff could have sent a generic objection to the subpoenas within a business day or so of receiving them is not a passable excuse for harassing conduct.  *See* Opp'n at 5 n.3.
[14] To date, the Court has not set a scheduling order, so the close of fact discovery is not scheduled.
[15] K&E does not address *Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003). *Id.* at 813–14 (upholding finding of harassing intent and sanctions on subpoenaing party).
[16] Due to how K&E constructed Request No. 6, it is unclear what types of requested materials are qualified by the "non-privileged" litigation documents phrase.
[17] It would be inconsistent with Rule 26(b)(2)(C)(iii) and 26(b)(1) to require the Court, Plaintiff, and Third Parties to wade through attorney-client privilege and work-product issues that would likely arise if allowing discovery into irrelevant and collateral issues related to Plaintiff's work and tenure at pre-K&E law firms.  *See Appel v. Wolf*, 2022 WL 2318692, at *8–9 (S.D. Cal. June 27, 2022) (denying discovery when "opening up this peripheral area to discovery would lead to even more minimally relevant or irrelevant and burdensome discovery," *id.* at *8).

which held that the mere act of bringing IIED claims does not waive the psychotherapist-patient privilege or privacy rights protecting medical records and information from disclosure.  *Id.* at 443–45; Mot. at 15, 19, 23–24; Opp'n at 13–14 & 14 n.12.  K&E ignores *Stallworth's* holding that a waiver of the psychotherapist-patient privilege requires an affirmative reliance by the plaintiff on the protected material.  *See Stallworth*, 288 F.R.D. at 444; Mot. at 23–24; Opp'n at 13–14, 14 n.12.  Under *Stallworth*, Plaintiff has not waived the psychotherapist-patient privilege nor has she waived her privacy rights in medical information pre-dating her work at K&E.  To sidestep the fatal weight of *Stallworth*, K&E falsely contends that the holding in *Stallworth* relied on cases "from this district denying medical record discovery only because the plaintiffs there claimed 'garden variety' emotional distress." Opp'n at 14 n.12 (quoting *Stallworth*, 288 F.R.D. at 443–44).  *Stallworth* adopted and found persuasive the reasoning in *Boyd v. City & Cnty. of S.F.*, 2006 WL 1390423 (N.D. Cal. May 18, 2006), and *Fitzgerald v. Cassil*, 216 F.R.D. 632 (N.D. Cal. 2003), which explicitly rejected the garden-variety test to determine waiver.  *Stallworth*, 288 F.R.D. at 444 ("This [C]ourt agrees with the decisions in *Boyd* and *Fitzgerald*, which determined that the 'broad' and 'limited broad' approaches do not sufficiently protect the psychotherapist-patient privilege or further the reasoning behind the privilege as set forth in *Jaffee*."); *Boyd*, 2006 WL 1390423, at *5–6; *Fitzgerald*, 216 F.R.D. at 638 ("The Court also rejects the middle ground approach that employs the garden-variety test . . . .").[18]  K&E's speculation and conjecture about information it may find if permitted to scour the seas like Ishmael in search of an imaginary white whale does not outweigh Plaintiff's legitimate privacy interests.  *See, e.g.*, *Belling*, 2013 WL 12140986, at *4.[19]

### F.   K&E's Relevance Arguments Fail[20]

K&E tries to manufacture relevance by repeatedly and misleadingly contending that

---

[18] K&E does not address *Valadez v. Aguallo*, 2009 WL 1464141, at *2 (N.D. Cal. May 26, 2009).
[19] *Flowers v. First Hawaiian Bank*, 295 F. Supp. 2d 1130, 1140 (9th Cir. 2003) is irrelevant because Plaintiff is not seeking compensatory damages from the subpoenas.  Opp'n at 16.
[20] K&E's vague and conclusory claim that its motions to dismiss sufficiently assert the litany of its "likely defenses" is baseless (and silly).  Opp'n at 7 n.4.  K&E does not provide case law in support or a single citation to its prior motions showing that it previously asserted the litany of anticipated defenses on which it seeks to rely to prop up the premature subpoenas.  Opp'n at 7 n.4; *cf*, Mot. at 15–16.  It is certainly not the Court's job to wade through K&E's extensive motions to dismiss to determine what "likely" defenses K&E has or has not raised.

Plaintiff has made broad allegations and representations about her "qualifications," "skills, experience and responsibilities." Opp'n. at 1, 3, 7 and 8.  K&E sets the foundation for this argument by falsely claiming that "Plaintiff alleges she came to K&E with an outstanding set of legal skills and with an excellent reputation in the legal community that K&E destroyed by criticizing her performance." Opp'n at 1 (including no citation to FAC or otherwise).  Plaintiff did not make any such allegations.  *See* FAC & Compl.[21]  K&E habitually distorts the FAC to support its appeal to imaginary allegations.  *See* Opp'n at 1 (citing FAC ¶¶ 11, 92–99).  Paragraph 11 of the FAC is limited to discussing Plaintiff's horrific experience "[d]uring Plaintiff's tenure at Kirkland." FAC ¶ 11.  Further, paragraphs 92–99 merely discuss Plaintiff's work at K&E, individual Defendants' real-time praise to Plaintiff on the same while at K&E, and the omission of this information in their review of Plaintiff's work at K&E, and compare public results of dispositive briefs she drafted at K&E to the results certain Defendants obtained while working with associates other than Plaintiff.  FAC ¶¶ 92–99.  These allegations do not put Plaintiff's prior work at issue and merely show that her firing was pretextual.[22] How discovery from her prior employers would even disprove Defendants' real-time assessment of Plaintiff's work while at K&E and the result of such work is an abiding mystery.  Opp'n at 1.

Plaintiff's limited allegations that Defendants' defamatory reviews, which were published to over 100 persons while she was at K&E, do not put at issue her pre-K&E professional reputation.  The harm Plaintiff suffered because of the defamatory statements about her work at K&E turns exclusively on whether the statements themselves were true or false, which can only be determined by assessing her work while at K&E.  Even the selective defamatory excerpts K&E includes to build a false connection between Plaintiff's K&E performance and her prior

[21] K&E does not explain how the sweeping discovery is proportional to the needs of the case, which is required under current discovery standards.  Rule 26(b)(1); *Bolding v. Banner Bank*, 2020 WL 3605593, at *1–2 (W.D. Wash. July 2, 2020).  K&E does not make any effort to show the Third Parties are comparable to K&E.  Mot. at 9 n.13; *see Serramonte*, 237 F.R.D. at 223; *see generally* Opp'n.  The short shrift K&E pays to Plaintiff's privacy rights in her personnel records falls short of its burden to make a specific showing of relevance as to all requested records.  *Scott*, 2019 WL 1559211, at *2 ("[G]enerally, employment records from separate employers are not discoverable due to their highly private nature absent a specific showing by a defendant as to their relevance.");  Mot. at 5; *see generally* Opp'n.

[22] Plaintiff never alleges that "her skills and performance are outstanding and far better than the Individual Defendant partners."  Opp'n at 3 & 8–9.

1  employment show the defamatory reviews were based on Plaintiff's work while at K&E and

2  individual Defendants' purported observations of her work at K&E. Opp'n at 3.[23]

3          **1. Personnel Records. Opp'n at 7–11 (Request No. 1).**

4          K&E's speculative argument that Plaintiff's prior personnel records are "directly relevant"

5  to Plaintiff's claims that Defendants lied about her performance at K&E collapses upon

6  inspection. *E.g.*, Opp'n at 1, 2, 7. The cases K&E proffers to try to show purported relevance

7  are insufficient to satisfy K&E's burden to show relevance and proportionality. Opp'n at 7–9.

8  *Frazier*, *Gragossian*, *Smith*, and *Botta* are inapposite and do not demonstrate relevance of the

9  requested materials. Mot at 4 n.5, 7–8 n.10, 10 n.14, 12 n.20, 13 n.23, 17, 18 n.32. The portion

10  of *William* that K&E quotes and cites concerns a subpoena on a current, not former, employer.

11  Opp'n at 8 (quoting *William v. Morrison & Foerster LLP*, 2020 WL 1643977, at *2 (N.D. Cal.

12  Apr. 2, 2020)). Further, Plaintiff has neither stated nor indicated any interest in relying upon her

13  performance at prior, dissimilar employers to support her allegations regarding her work

14  performance at K&E, which *William* indicates supported allowing discovery. Opp'n at 8.[24]

15          K&E's effort to distinguish *Hardin v. Mendocino Coast District Hospital*, No. 17-CV-

16  05554-JST (TSH), 2019 WL 1493354 (N.D. Cal. Apr. 4, 2019) is unpersuasive. Opp'n at 9. First,

17  Plaintiff was employed at K&E for around a year, and *Hardin* found that employment for roughly

---

[23] Allegations comparing Plaintiff to associates at K&E to plead equal pay and discrimination claims do not make "directly relevant" her historical "experience, ability and training." *See* Opp'n at 2 (citing FAC ¶¶ 63, 277, which generally compare Plaintiff to male comparators at K&E regarding their work at K&E to plead discrimination and unequal pay at K&E by K&E). Plaintiff never "specifically" alleged that Defendants "disregarded" her professional reputation. *Id.* at 10 (mischaracterizing FAC ¶¶ 13, 16, 116, 206, 208, 211, 265, 280, 291, 305).

[24] K&E's cited cases are distinguishable. Opp'n at 8. *Davis v. Kelly Services, Inc.*, 2017 WL 10562943 (C.D. Cal. July 12, 2017) dealt with subpoenas on subsequent, not prior, employers, *id.* at *4, involved a plaintiff who conceded that the requested records might be relevant, *id.* at *6, and the defendants presented specific information regarding plaintiff's misrepresentations in applying for subsequent employment thereby placing her credibility at issue, *id.* at *7. None of these facts are present here. *Kellgren*, is distinguishable because it involved discovery for class action certification, 2015 WL 11237636, at *3, was not a discrimination case but involved "unpaid minimum wages or overtime under the FSLA," *id.* at *4, and the court explicitly acknowledged a distinction between subpoenas to former employers (not permissible) and subsequent employers, *id.* at *5. The subpoenas were also narrower in scope. *Id.* at *5. *Valentine v. Remke Markets, Inc.*, 2012 WL 893880 (S.D. Ohio March 15, 2012) is distinguishable because the plaintiff claimed retaliatory refusal to hire for previously filing a discrimination charge against the subpoenaed former employer, and the refusal-to-hire nature of the case put at issue the plaintiff's allegation that his prior "skills, experience, and professional contributions made him an excellent candidate for the job." *Id.* at *1–2; *see* Opp'n at 8 n.6.

1    one year constituted a meaningful period. *Hardin*, 2019 WL 1493354 at *6; *e.g.*, FAC ¶¶ 7–9,

2    14 (Plaintiff was hired in September 2020 and fired on September 28, 2021).[25] K&E's speculative

3    contention that Plaintiff's length of employment at prior employers "suggests employment issues"

4    does not support relevance and is inconsistent with *Hardin*'s indication that roughly a one-year

5    period of employment is meaningful. *Hardin*, 2019 WL 1493354 at *6; *Villarreal*, 2017 WL

6    6271602, at *2–3 (stating that "without the benefit of any corroborating facts," defendant's "series

7    of conclusory statements" are "merely a wish list of conclusions that [defendant] hopes the

8    [subpoenaed] records would support," and finding lack of relevance).

9         K&E's speculation that the extremely broad discovery could be relevant to Plaintiff's EPA

10   claims "if" the requested documents contained certain information about Plaintiff's experience,

11   education, and training is off-base and insufficient to demonstrate relevance with respect to claims

12   of unequal pay at K&E. Opp'n at 9 (citing zero cases to support the argument that allegations of

13   unequal pay at K&E justify sweeping discovery into personnel records at prior employers).

14   K&E's contention that "if" Plaintiff was terminated from prior employers for poor performance,

15   this would show whether Plaintiff was "shocked" to be fired from K&E is illogical and pure

16   conjecture. Opp'n at 8–9. This argument is also contradicted by portions of the FAC cited by

17   K&E as Plaintiff says she was shocked "especially in light of the consistent praise Plaintiff had

18   received from Defendants throughout her tenure at the firm . . . and the absence of any prior

19   discussion indicating that her standing at [K&E] was compromised." FAC ¶ 14; Opp'n at 9.

20        K&E bases its argument of relevance to reputational harm only on a few scant allegations

21   in the FAC included to plead defamation per se and prayers for relief under Title VII. Opp'n at

22   10 (citing FAC ¶¶ 13, 116, 206, 208, 211, 265, 280, 291 & 305). Not only is it strikingly unclear

23   precisely what documents in the possession of Plaintiff's former employers could possibly bear

24   on the reputational harm she suffered as a result of K&E's action, but, saliently, there is no basis

25   or need for discovery into Plaintiff's reputation for purposes of assessing damages to reputation

---

[25] That Defendants summarily fired Plaintiff without placing her on probation shows they felt she had performed enough work to enable such a conclusive and final decision and that a further assessment of her work was not necessary or warranted, contradicting K&E's claim that Plaintiff did not have a meaningful period of employment. The atypical detail and length of the defamatory reviews also belies this contention by K&E's. FAC ¶¶ 13, 179 n.58, 183-84, 196, 216.

because she alleges libel per se.  *See Appel*, 839 Fed. App'x 78, *80 (9th Cir. Dec. 14, 2020); *Appel*, 2021 WL 5234424, at *3, 5–7, 11, 13; Mot. at 10–12.[26] K&E does not address why *Appel* is inapplicable to Plaintiff's defamation claims, effectively conceding this point.  Opp'n at 9–10.  The only remaining support on which K&E relies is general prayers for relief under Title VII COAs,[27] but K&E has failed to show why Plaintiff's reference to "reputation" in her Title VII COA prayers for relief—something that virtually every employment discrimination plaintiff pleads—opens the door to the broad and invasive discovery into Plaintiff's pre-K&E employment or explicitly explain what documents would demonstrate Plaintiff's reputation in the eyes of the individuals (at K&E) to whom the defamatory statements were published (or comparable, prospective employers post-K&E).  Opp'n at 10 (citing FAC ¶¶ 265, 280 & 291, which are general prayers for relief in Title VII COAs) (arguing relevance of pre-K&E personnel records based on Title VII prayers for relief but providing zero case law support,[28] including to show that general prayer for relief in COA, on its own, supports the broad historical discovery).[29]

---

[26] The Court's August 23, 2023, Order, Dkt. No. 92, ruling on, *inter alia*, the first six motions to dismiss, made clear that Plaintiff may proceed with her claims for defamation effected by libel on its face as to all Defendants except Alper.  *Kovalenko v. Kirkland & Ellis LLP*, No. 22-cv-05990-HSG, 2023 WL 5444728, at *9 (N.D. Cal. Aug. 23, 2023) (quoting Compl. ¶ 14 (now FAC ¶ 13) & Dkt. No. 29-2) (stating the statements in the document entitled "2021 - Associate Review (Summary)," Dkt. No. 29-2, "support [Plaintiff's] characterization" of the evaluations therein as "convey[ing] an unequivocal message that 'Plaintiff was deplorably deficient in every component of practicing law, failed to contribute at all during her time at the Firm, and was nothing more than a burden and liability due to her utter incompetence'"); *see* Cal. Civ. Code § 45a (added 1945) ("A libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact, is said to be a libel on its face.").

[27] Notably, K&E argued in the discovery letter brief that the personnel documents are relevant to "professional standing and reputation" only with respect to defamation.  Dkt. No. 83 at 4.

[28] Opp'n at 10; *cf. Ford v. Contra Costa*, 179 F.R.D. 579, 580 (N.D. Cal. 1998) (finding defendants did not meet mere burden to show mental condition is "in controversy" "because [they] presented little more than [plaintiff's] prayer for . . . damages").

[29] K&E's cited cases are misplaced and unpersuasive.  Opp'n at 10.  **First**, the *Vincent* ruling relied at least in part on deposition testimony that the plaintiff's "past affairs at his prior employers . . . . was one of the reasons for [his] firing [from defendant]."  *Vincent v. City of California City*, 2019 WL 1585202, at *5 (E.D. Cal. Apr. 12, 2019).  Further, the rationale in *Vincent* rests on a case in which discovery into reputation was allowed for defamation; however, as explained, Plaintiff's defamation claims do not support discovery into her general reputation.  **Second**, *Davis v. Hearst* does *not* hold that a plaintiff is required to affirmatively allege and prove a good reputation to bring an actionable defamation claim.  *Davis*, 160 Cal. 143, 185-86 (1911).  In addition, 34 years after *Davis*, the California legislature codified the actionable nature of defamation effected by libel on its face, which does not require a plaintiff to prove special damage proximately caused by the defamation, thereby rendering *Davis* (or at least K&E's misstatement of *Davis*) a dead letter.  Cal. Civ. Code § 45a (added 1945); *see iGiorgio Fruit Corp. v. AFL-CIO*,

1

### 2.    Credibility.  Opp'n at 14–15 (Request No. 1).

2

K&E attempts to distinguish *Lyzer*, 2018 WL 11489791, at *3, by baselessly claiming that

3

that it doubts the veracity of non-existent allegations regarding Plaintiff's employment, skillset

4

and reputation before K&E.  Opp'n at 14.  Plaintiff never made such allegations, and K&E

5

unsurprisingly has no citation to support this subterfuge.  *Id.*[30]  *Newman* remains persuasive

6

because K&E also "offer[s] largely conclusory or searching statements" to show purported

7

relevance, including to credibility.  *Newman*, 2011 WL 1743686, at *4; *e.g.*, Opp'n at 14–15.

8

Further, like *Remec*, K&E's reliance on phantom allegations and representations to manufacture

9

a challenge to credibility does not provide "support for the connection they believe exists between

10

the employment records sought and [Plaintiff's] credibility."  *See In re Remec, Inc. Sec. Litig.*,

11

2008 WL 11338378, at *4 (S.D. Cal. July 28, 2008); Opp'n at 15; Mot. at 8–9 & 9 n.12.  *Smith*

12

is easily distinguishable for the reasons discussed in the Motion.  Mot. at 7 n.10.  *Vincent*'s terse

13

reasoning *is* far too light to overcome the weight of case law in Plaintiff's favor.  *Vincent*, 2019

14

WL 1585202, at *5.  *Vincent* also noted that it was "uncertain how discovery from other

15

employers will shed light on the firing decision." *Id.*

16

### 3.    Mitigation.  Opp'n at 10–11 & 13 (Request Nos. 1, 4 & 5).[31]

17

The "sufficiency of [Plaintiff's] mitigation efforts," Opp'n at 13, is based on efforts to

18

obtain employment comparable to K&E, not to prior employers.  *See Serramonte*, 237 F.R.D. at

19

223 (stating as support for quashing that claimaint's other jobs not comparable to job with

20

defendant); *Lewin*, 2010 WL 4607402, at *1 ("Mitigation relates to plaintiff's ***diligence in***

21

***seeking employment after termination***. The discovery of former employment records has no

22

23

---

215 Cal. App. 2d 560, 569 (1963) (stating that victim of defamation which is actionable per se
can recover damages "without proof of loss or injury which is conclusively presumed to result
from the defamation").  ***Third***, *Unsworth v. Musk* is procedurally inapposite because it does not
involve a motion to quash or for protective order.  *Unsworth*, 2019 WL 8221086, at *1 (C.D. Cal.
Nov. 27, 2019).  Moreover, *Unsworth* excluded evidence of plaintiff's previous employment
when plaintiff sought "actual damages for harm to his reputation, and the emotional harm he
allegedly suffered (shame, mortification, or hurt feelings)."  *Id.* at *3.

24

25

26

[30] *See Moon*, 232 F.R.D. at 638 (quashing subpoena where hearsay used to explain relevance of
certain requests and stating "reliance on such incompetent evidence is not well stating").

27

[31] K&E previously argued that only personnel documents in Request No. 1, but not compensation
or benefits documents in Request Nos. 4 & 5, are purportedly relevant to mitigation.  Mot. at 13
n.22 (citing Letter Br. at 4–5, Dkt. No. 83).

28

1    bearing on that issue."); Mot. at 13–14 & nn.22–25.[32]

2    ### 4.    Compensation & Benefits-Opp'n at 9, 12 & 13 (Request Nos. 1, 4 & 5)

3    Plaintiff's pre-K&E compensation has no bearing on her pay discrimination claims, which

4    are based on her pay at K&E relative to male comparator associates at K&E.  Opp'n at 9.  *Britt*

5    does not move the needle in K&E's favor, Opp'n at 13 (citing *Britt v. Super. Court*, 20 Cal. 3d

6    844, 864 n.9 (1978)), as it states that it is improper to require disclosure of medical information

7    not put at issue, *Britt*, 20 Cal. 3d at 862, and K&E does not tailor its requests to the specific types

8    of medical harm alleged in the FAC (and Complaint).  *E.g.*, Mot. at 3 (restating Request No. 5, in

9    which K&E seeks "records of medical treatment" without qualification, and Request No. 2); FAC

10   ¶ 222 (alleging specific types of medical harm); *accord* Compl. ¶ 235.   Moreover, *Britt* does not

11   address federal law regarding privilege and evidence, including federal psychotherapist-patient

12   privilege. *Britt*, 20 Cal. 3d at 862–64; *see also* Mot. at 15–20.  And *Elkins v. Automatic Data*

13   *Processing, Inc.* does not support discovery into "financial or medical stressors that long predated

14   her employment at K&E," Opp'n at 13.  *Elkins* merely held that discovery for harm "within the

15   same period of time" as the plaintiff's employment at defendant could be relevant, *Elkins*, 2023

16   WL 7354621, at *6 (C.D. Cal. Apr. 19, 2023), which cuts against K&E's argument for discovery

17   predating the conduct and harm alleged in the FAC.  K&E confusingly claims the holding in

18   *Serramonte*, 237 F.R.D. at 223, that financial records from third-party employers are irrelevant is

19   inapplicable because *Serramonte* only involves sex harassment and not discrimination, Opp'n at

20   9; Mot. At 12 & n.21, but fails to explain why or cite any case to support limiting the *Serramonte*

21   holding to only sex harassment cases.  Opp'n at 9.[33]

22   ### 5.    Complaint & Investigatory Files-Opp'n at 11–12 (Req. Nos. 3 & 6).

23

24   ---
     [32] The cases K&E cites are unavailing. *Smith* does not address mitigation, and *Gragossian* does

25   not cite any precedent to support its conclusory decision regarding mitigation. Mot. at 13 n.23.
     [33] K&E intimates *Serramonte* is distinguishable based on the allegation that Plaintiff took a

26   haircut in class year at K&E.  Opp'n at 9.  However, this allegation is not based on her work at
     Third Parties but instead is explicitly based on Plaintiff's year of graduating from law school.

27   FAC ¶ 54 & n.9.  This allegation was included to show pay discrimination at K&E.  *E.g.*, FAC ¶
     57).  K&E offers no support for how Plaintiff's pay and benefits at prior employers, in different

28   geographic regions, for different sized firms with different compensation structures and billing
     rates, is relevant "to show Plaintiff was not discriminated against with respect to those elements
     of compensation" at K&E.  Opp'n at 13 (citing only FAC ¶ 264).

K&E's Opposition does not provide a basis for the Court to depart from its holding in *Serramonte* that discovery regarding complaints lodged with non-defendant employers and "[w]ork performance with other employers, either before or after the defendant employer" is inadmissible character evidence under Federal Rule of Evidence 404(a). *Serramonte*, 237 F.R.D. at 223 (quashing subpoenas); Mot. at 10 (discussing cases applying *Serramonte* favorably or concluding prior personnel records undiscoverable habit evidence). Neither *Thomas* nor *Frazier* specifically address character evidence arguments for precluding discovery, and K&E makes no argument to the general admissibility of character evidence.[34] Opp'n at 11–12.

### 6. Leaves of Absence, Medical Restrictions, Disabilities, and Medical Records. Opp'n at 13–14 (Request No. 2).

K&E's relevance argument fails because it again ignores the narrow approach to waiver adopted by this Court in *Stallworth*, which held that bringing an IIED claim does not, without more, waive privilege.[35] *See supra* § III.E; Mot. at 16–20 & 22–24. K&E has not met its burden of showing that hypothetical leaves of absence, medical restrictions, and disabilities, among other medical records, are relevant to Plaintiff's claims or any anticipated defenses and makes no attempt to demonstrate proportionality. Fed. R. Civ. P. 26(b)(1); *see* Opp'n at 13–14.

In conclusion, Plaintiff respectfully requests that the Court quash the subpoenas in their entirety with prejudice, issue a protective order forbidding the sought discovery, and grant such other and further relief as the Court deems just and proper.[36]

---

[34] K&E's rebuttal to Plaintiff's arguments distinguishing *Frazier v. Bed Bath & Beyond, Inc.*, 2011 WL 5854601 (N.D. Cal. Nov. 21, 2011), is ineffective. Mot. at 10 n.14, 17, 18 n.32. K&E ignores the bulk of distinguishing facts in *Frazier* and offers only conjecture to conclude that *Frazier* would have reached the same result for pre-defendant employers. Opp'n at 11 & n.10. *Frazier* also applies the old reasonably calculated to lead to discovery of admissible evidence standard. Opp'n at 11 n.10. Moreover. unlike the *Thomas* plaintiff, and notwithstanding K&E's gross distortion of allegations in the FAC, Plaintiff has not "affirmative[ly] alleg[ed] . . . that [she] has performed excellent work in the [legal] industry over a thirty-year career." *Thomas v. Starz Enters., LLC*, 2017 WL 11628086, at *2 (C.D. Cal. May 26, 2017); Mot at 10 n.14.

[35] *Garedakis* is distinguishable because it found waiver based on plaintiff's affirmative representation of an intent to rely on expert testimony for emotional distress claims.

[36] Pursuant to N.D. Cal. Civil L.R. 7-3(c), Plaintiff makes the following evidentiary and procedural objections to the Declaration of Kate Juvinall, Dkt. No. 122-1: (i) as to ¶ 6, it is not true that during the May 31, 2023, meet and confer call, counsel for K&E provided substantial support for its relevance positions, *see* Kovalenko Decl. ISO Mot., Dkt. No. 113-6; and (ii) as to ¶ 12, it is a mischaracterization to claim that Plaintiff's objections and responses to K&E's discovery requests constitutes "refusing to produce any responsive documents," *see, e.g.*, Kovalenko Decl. ISO Mot. ¶ 18, Dkt. No. 113-1.

Date:   January 29, 2024
        White Plains, New York

Respectfully submitted,

By:   _/s/_ _____

Tanvir H. Rahman (admitted *pro hac vice*)
FILIPPATOS PLLC
199 Main Street, Suite 800
White Plains, NY 10601
Tel.: 914 984 1111
trahman@filippatoslaw.com

Samuel M. Brown (State Bar No. 308558)
HENNIG KRAMER RUIZ & SINGH, LLP
3600 Wilshire Blvd, Suite 1908
Los Angeles, CA 90010
Tel.: +1 213 310 8301
Fax: +1 213 310 8302
sam@employmentattorneyla.com

*Attorneys for Plaintiff Zova Kovalenko*