1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  JOSEPH C. LIBURT (STATE BAR NO. 155507)
   jliburt@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025-1015
   Telephone: +1 650 614 7400
5  Facsimile: +1 650 614 7401

6  KATE JUVINALL (STATE BAR NO. 315659)
   kjuvinall@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   355 S. Grand Ave., Suite 2700
8  Los Angeles, CA 90071
   Telephone: +1 213 629 2020
9  Facsimile: +1 213 612 2499

10 MARK THOMPSON (Admitted *pro hac vice*)
   mthompson@orrick.com
11 ORRICK, HERRINGTON & SUTCLIFFE LLP
   51 W 52nd St.
12 New York, NY 10019
   Telephone: +1 212 506 5000
13 Facsimile: +1 212 506 5151

14 Attorneys for Defendants

15

16                UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18                        OAKLAND DIVISION

19 ZOYA KOVALENKO,                           Case No. 4:22-cv-05990-HSG-TSH

20         Plaintiff,                        **KIRKLAND & ELLIS LLP'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE UNDER F.R.C.P. 72(a) AND L.R. 72-2**

21      v.

22 KIRKLAND & ELLIS LLP, MICHAEL DE
   VRIES, MICHAEL W. DEVRIES, P.C.,
23 ADAM ALPER, ADAM R. ALPER, P.C.,
   AKSHAY DEORAS, AKSHAY S. DEORAS,         Judge:   Honorable Haywood S. Gilliam, Jr.
24 P.C., AND MARK FAHEY,

25         Defendants.

26

27

28

Defendant Kirkland & Ellis LLP ("K&E") asks the Court for relief from the Discovery Order on K&E's subpoenas to Plaintiff's prior employers on two issues. ***First***, the Order contravenes the law by holding personnel documents are not relevant without considering Plaintiff's decreased privacy interests, and relying on speculation and the unsupported legal conclusion that documents and information unknown to K&E are not relevant or discoverable. ***Second***, in holding K&E is not entitled to medical records because Plaintiff has not claimed more than garden variety distress, the Order is contrary to Plaintiff's pleaded allegations and this Court's Order on the Motions to Dismiss, which held Plaintiff sufficiently alleged severe distress.

## I. MAGISTRATE JUDGE'S ORDER TO WHICH AN OBJECTION IS MADE

On July 24, 2023, Plaintiff and K&E submitted to the Court a joint letter regarding a discovery dispute about two subpoenas K&E issued to Fish & Richardson P.C. and Paul Hastings LLP. Dkt. 83. The subpoenas were identical and sought six categories of documents: (1) Personnel documents; (2) documents regarding Plaintiff's leaves of absence and medical records; (3) non-privileged complaint and investigatory files and grievance files; (4) compensation documents; (5) benefits documents; and (6) non-privileged litigation documents. Dkt. 122-3.

The Court referred the issue to Magistrate Judge Hixson, who held a hearing on July 27, 2023. There, Plaintiff stated she intended to move to quash the subpoenas, and the Court stayed the subpoenas pending a further Court order. Dkt. 88, 91. On December 20, 2023, Plaintiff filed a motion to quash ("Motion"). On February 15, 2024, Judge Hixson held a hearing on the fully briefed Motion, and on February 16, 2024, granted the Motion in full ("Order"). Dkt. 128.

## II. STATEMENT OF SPECIFIC OBJECTIONS TO ORDER

Under Federal Rule of Civil Procedure 72(a) and Northern District Local Rule 72-2, K&E objects to two categories of documents the Magistrate Judge quashed: Category 1, personnel documents; and Category 2, documents regarding leaves of absence and medical records.

## III. RELIEF SOUGHT

K&E seeks a targeted review of certain documents in Categories 1 and 2. For Category 1, K&E requests that the Court deny the Motion to Quash as to documents showing Plaintiff's work performance, experience, skills, training, and any criticisms/disciplinary action. For Category 2,

1  K&E requests that the Court deny the Motion as to any leaves of absence or medical records.

**IV.     STATEMENT OF SUPPORTING REASONS AND AUTHORITY**

      **a.  Legal Standard**

"A party may serve and file objections to [a magistrate's non-dispositive] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "[F]actual determinations are reviewed for clear error," and "legal conclusions are reviewed to determine whether they are contrary to law." *Rojas v. Bosch Solar Energy Corp.*, 2020 WL 6557547, at *2 (N.D. Cal. July 20, 2020).

      **b.  Category 1, Personnel Documents**

The Order relied on this standard governing personnel files: "[E]ven when such information is directly relevant to litigation, discovery will not be permitted until a balancing of the compelling need for discovery against the fundamental right of privacy determines that disclosure is appropriate." Dkt. 128, citing *Newell v. County of San Diego*, 2013 WL 1932915, *2 (S.D. Cal. May 8, 2013). However, the Order did not address K&E's argument and supporting case law holding that Plaintiff, who voluntarily filed a sprawling employment lawsuit against K&E and the Individual Defendants, has a reduced privacy interest in her personnel documents ***because she put them at issue***. *See* Dkt. 122, at 15-16 (citing *Botta v. PricewaterhouseCoopers LLP*, 2018 WL 6257459, at *2 (N.D. Cal. Nov. 30, 2018) ("where a plaintiff initiates an employment lawsuit, [her] privacy interest in employment records is reduced")). Nor does the Order address, as required, K&E's argument and supporting case law that any privacy concerns can be addressed through a stipulated protective order. Dkt. 122 at 17 (citing *Knoll, Inc. v. Moderno, Inc.*, 2012 WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012) (in deciding whether to quash the subpoena, "the Court also considers whether a protective order will address the asserted privacy concerns")).

And, under *Newell*, "even where strong public policy against disclosure exists, as in the case of personnel files, ***discovery is nonetheless allowed if [] the material sought is 'clearly relevant.'***" *Newell*, 2013 WL 1932915, *2 (emphasis added). The Order relies on the unsupported conclusion (and cites no cases in support)[1] that performance reviews, and personnel documents

---

[1] Indeed, beyond *Newell*, the Order cites only one case in its discussion of personnel records, and for the basic idea that seeking personnel records is a fishing expedition. Dkt. 128 at 6-9. But the

"unknown" to K&E can never be relevant or discoverable. Dkt. 128 at 6-7. This inaccurate view taints the Order and is contrary to the law, which holds that personnel documents can be relevant and discoverable. Dkt. 122 at 7-10; *see also William v. Morrison & Foerster LLP*, 2020 WL 1643977, at *1 (N.D. Cal. Apr. 2, 2020) (allowing discovery about plaintiff's prior job performance because it is "relevant to a claim and defense in this action as Plaintiff's performance and demonstrated skills are central to the lawsuit"); *Frazier v. Bed Bath & Beyond, Inc.*, 2011 WL 5854601, at *1 (N.D. Cal. Nov. 21, 2011) (in employment disputes, "a request to a recent employer for personnel records is reasonably calculated to lead to the discovery of admissible evidence"); *Valentine v. Remke Markets Inc.*, 2012 WL 893880, at *4 (S.D. Ohio Mar. 15, 2012) (prior employment records defendant was not in possession of at time of hiring discoverable because relevant to plaintiff's objective qualifications for the job).

It further allows Plaintiff to make claims about her skills and qualifications while preventing K&E from its due process right to defend itself by seeking highly relevant discovery to test her assertions. Dkt. 132, Transcript of February 15, 2024 Hearing ("Tr."), at 23:25-24:9. And, as discussed below, it ignores the many ways personnel documents that Plaintiff has placed directly in issue are "clearly relevant" here and thus discoverable under *Newell*:

*First*, Plaintiff's former employment records are directly relevant to the central issue in the case: whether K&E terminated Plaintiff for poor performance or as a pretext for discrimination and retaliation. Dkt. 94, Amended Complaint ("Compl.") ¶18. Plaintiff alleges K&E made-up criticisms about, among others, her writing and analysis skills to support its decision to terminate her. Dkt. 122 at 7-8; Compl. ¶¶16, 18, 92 n.23, 302. If partners at other major law firms, however, also recently[2] criticized Plaintiff for having poor writing and analysis skills and/or terminated her employment for poor performance, that would support K&E's defense that it did not terminate Plaintiff because she was a woman or because she made alleged complaints. Tr. at 10:11-11:14;

---

cited case, *Lewin v. Nackard Bottling Co.*, 2010 WL 4607402, at *1 (D. Ariz. Nov. 4, 2010), is not on point. *Lewin* addressed only mitigation, after-acquired evidence, and credibility. *Id.* at 1-2. Here, citing an inapposite out-of-state case and not considering the on point and in-state authority K&E cited is contrary to law. Dkt. 122 at 7-11.

[2] After graduating from law school in 2016, Plaintiff worked at Fish for less than two years and then Paul Hastings for two years. Plaintiff started with K&E in November 2020. Dkt. 122 at 1.

*see also William*, 2020 WL 1643977, at *2 ("If Plaintiff's performance was exemplary, that would support her claim against Defendant; if problems were noted in the time frame near to her employment with Defendant, such evidence might support the defense").

*Second*, Plaintiff's skills, effort, and responsibilities at prior employers are clearly relevant to her Equal Pay claim, including her allegation that K&E discriminated by hiring her into the 2017 class for compensation rather than her actual class (2016). Compl. ¶¶54, 55, 63, 277. K&E did so in part because her **prior experience** was aligned more closely with the 2017 class, particularly given her limited IP litigation experience, what K&E hired her to do. Dkt. 122 at 9; Tr. at 7:13-8:9. Documents from prior employers showing her experience in IP litigation (or lack thereof) are directly relevant to the question of whether K&E's decision to place Plaintiff in the 2017 class related to her gender (as she claims) or her experience. *Id.*; *E.E.O.C. v. First Citizens Bank of Billings*, 758 F.2d 397, 401 (9th Cir. 1985) ("experience is a legitimate factor" that may justify a pay disparity).

*Third,* Plaintiff has put her performance work performance directly at issue in the EPA claim by (1) comparing herself to male associates and alleging their jobs "involved similar levels of skill, i.e., similar levels of experience, ability, education and training"; (2) alleging her skills and performance are superior to the male associates'; and (3) alleging K&E discriminated by paying Plaintiff less than male associates. Dkt. 122 at 7-8. K&E has a due process right to test Plaintiff's allegations that she had superior skills by seeking discovery on her skill, experience, ability, and training from two employers covering Plaintiff's four years before coming to K&E.

*Fourth*, personnel documents are clearly relevant to Plaintiff's defamation claim and reputational harm allegations. Dkt. 122 at 9-10. Plaintiff alleged K&E damaged her professional reputation by publishing false statements in her performance evaluations. Compl. ¶13 (evaluations "tantamount to an assassination on Plaintiff's professional reputation and livelihood"); Tr. at 14:24-17:13. The Order's dearth of case law and speculation as to who knows the contents of Plaintiff's personnel files at Fish and Paul Hastings does not outweigh the fact that evidence of Plaintiff's pre-existing professional reputation is necessary. To determine if K&E harmed Plaintiff's reputation, K&E must first know Plaintiff's reputation in the legal community. As a

junior associate, her involvement with the legal community was primarily with her two prior employers, and thus Fish and Paul Hastings likely have the most relevant information on Plaintiff's reputation before K&E. Tr. at 15:18-17:13; *see also* Dkt. 122 at 10 (citing *Vincent v. City of California City*, 2019 WL 1585202, at *5 (E.D. Cal. Apr. 12, 2019) (in discrimination case, allowing discovery of personnel records from prior employers because plaintiff put his reputation at issue by claiming injury to reputation)). Plaintiff also alleges the performance evaluations were "false," "malicious," and motivated by "hatred or ill will." Compl. ¶206. K&E is entitled to seek discovery to prove otherwise. Whether prior employers had similar criticisms of Plaintiff would show that K&E did not act with malice, hatred, or ill-will, but instead that it terminated Plaintiff because of her poor performance. Tr. at 19:12-24.

### c. Category 2, Leave of Absence and Medical Records

The Order held that if K&E wants to seek medical records, it must first make an evidentiary showing that Plaintiff seeks more than garden variety distress. But the Order is premised on the erroneous assumption that it is unclear if Plaintiff seeks more than garden variety distress. Dkt. 128 at 12. But this Court has already held that Plaintiff sufficiently alleged severe emotional distress for her intentional infliction of emotional distress claim. Dkt. 92 at 23; *see also* Tr. at 21:15-22:11, 24:10-14; *In re Yosemite National Park Hantavirus Litigation*, 2016 WL 5335550, at *4 (N.D. Cal. Sept. 23, 2016) (more than garden-variety distress alleged where plaintiff claimed negligent infliction of emotional distress). Indeed, K&E sought to dismiss Plaintiff's IIED claim for failure to adequately plead severe distress, but Plaintiff argued that she pled severe distress and the Court agreed with her. Additional discovery is unnecessary to justify this discovery, which may show Plaintiff's alleged distress was not caused by K&E. If Plaintiff wants to claim garden variety distress to avoid discovery into her medical records, she can seek to amend the Complaint and dismiss her IIED claim and allegations of severe distress. Until then, the Complaint governs the scope of discovery. *Castillo v. Bank of Am. N.A.*, 2018 WL 6074580, at *2 (C.D. Cal. Sept. 28, 2018) ("the pleadings define the scope of discovery").

By: /s/ Lynne C. Hermle

Lynne C. Hermle