1 | [counsel on next page]
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>*Plaintiff*,<br><br>v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY,<br><br>*Defendants*. | Case No. 4:22-cv-05990-HSG-TSH<br><br>**JOINT DISCOVERY DISPUTE LETTER CONCERNING DEFENDANT KIRKLAND & ELLIS LLP'S DISCOVERY REQUESTS TO PLAINTIFF AND PROTECTIVE ORDER**<br><br>Judge:   Magistrate Judge Thomas S. Hixson |

| | |
|---|---|
| 1 | LYNNE C. HERMLE (STATE BAR NO. 99779) |
|   | lchermle@orrick.com |
| 2 | JOSEPH C. LIBURT (STATE BAR NO. 155507) |
|   | jliburt@orrick.com |
| 3 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
|   | 1000 Marsh Road |
| 4 | Menlo Park, CA 94025-1015 |
|   | Telephone: +1 650 614 7400 |
| 5 | Facsimile: +1 650 614 7401 |
| 6 | KATE JUVINALL (STATE BAR NO. 315659) |
|   | kjuvinall@orrick.com |
| 7 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
|   | 355 S. Grand Ave., Suite 2700 |
| 8 | Los Angeles, CA 90071 |
|   | Telephone: +1 213 629 2020 |
| 9 | Facsimile: +1 213 612 2499 |
| 10 | MARK THOMPSON (Admitted *pro hac vice*) |
|    | mthompson@orrick.com |
| 11 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
|    | 51 W 52nd St. |
| 12 | New York, NY 10019 |
|    | Telephone: +1 212 506 5000 |
| 13 | Facsimile: +1 212 506 5151 |
| 14 | Attorneys for Defendants |
| 15 | Tanvir H. Rahman (admitted *pro hac vice*) |
|    | FILIPPATOS PLLC |
| 16 | 199 Main Street, Suite 800 |
|    | White Plains, NY 10601 |
| 17 | Tel.: 914 984 1111 |
|    | trahman@filippatoslaw.com |
| 18 | |
| 19 | Samuel M. Brown (State Bar No. 308558) |
|    | HENNIG KRAMER RUIZ & SINGH, LLP |
| 20 | 3600 Wilshire Blvd, Suite 1908 |
|    | Los Angeles, CA 90010 |
| 21 | Tel.: +1 213 310 8301 |
|    | Fax: +1 213 310 8302 |
| 22 | sam@employmentattorneyla.com |
| 23 | *Attorneys for Plaintiff Zoya Kovalenko* |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Defendant Kirkland & Ellis LLP submits this joint letter on discovery disputes about (1) K&E's Requests for Production of Documents, Set One ("RFPs"), and Interrogatories, Sets One and Two ("ROGs") to Plaintiff; and (2) a Stipulated Protective Order. The Parties request a hearing on or after July 8, 2024 due to counsel's schedules.

### K&E's Statement Regarding Nature and Status of the Dispute

**Written Discovery Dispute**: Plaintiff has had K&E's first set of discovery requests for **ten months** and has yet to provide a complete production of documents or respond to several ROGs. Juvinall Decl. ¶¶2-15, 17-21. Plaintiff has selectively produced documents and failed to provide compliant written responses under the FRCP, leaving K&E to speculate whether responsive documents exist or whether Plaintiff will produce them. *See* FRCP 34 (b)(2)(C), 26(e)(1)(A); *Tuggle v. City of Tulare*, 2021 WL 765273, at *6 (E.D. Cal. Feb. 26, 2021). For ROG Set Two, Plaintiff has refused to identify individuals identified vaguely in her complaint (e.g., "an associate") on "privacy" grounds, which is not a valid reason. Plaintiff's deficient responses show she is withholding at least four categories of information directly related to her claims (and K&E's defenses):

**1. Notes of Conversations:** RFP 199 requests any notes that Plaintiff prepared in anticipation of, or during, her call with Defendant Akshay Deoras on April 29, 2021 as referenced in the Amended Complaint ("FAC"). Juvinall Decl., Ex. B at 1254; FAC ¶200. Plaintiff produced a video recording of this call in which she is referencing handwritten notes, but Plaintiff has not produced the notes. Juvinall Decl., Ex. I at 3. Plaintiff alleges that she complained of discrimination during this call (she did not) and that she was terminated in retaliation for doing so, rendering her notes critically relevant to her claims. FAC ¶¶119-121. Plaintiff now alleges via meet and confer that she cannot find the notes. Juvinall Decl., Ex. I at 3. If that is indeed accurate, Plaintiff must amend her discovery responses to state that all such documents have been destroyed.

**2. Documents Related to Emotional and Physical Distress**: RFPs 123, 151, 166, 179 seek documents evidencing Plaintiff's alleged emotional and physical distress. Juvinall Decl., Ex. B at 747-48, 934, 1036, 1121. Plaintiff has placed her emotional state at issue, and this Court acknowledged Plaintiff "sufficiently alleged that she suffered severe emotional distress" when it denied K&E's Motion to Dismiss her IIED claim. Dkt. 92 at 23. K&E is entitled to these

documents, but Plaintiff has not produced one shred of documentation (*e.g.*, medical bills, medical notes, hospital visits) to support any alleged severe emotional distress, including physical injury. FAC ¶¶116, 222, 309.

    **3. Mitigation Documents:** RFPs 169-171 seek documents about Plaintiff's mitigation efforts. Juvinall Decl., Ex. B at 1056-1069. Plaintiff has produced only LinkedIn submissions, and, because Plaintiff's written responses are deficient, K&E is unable to determine whether additional responsive documents exist, such as communications with recruiters or other search efforts.

    **4. Documents and Information Reflecting Communications with Third Parties:** RFPs 196 and 197 seek communications between Plaintiff and others about her K&E employment and FAC allegations. The FAC alleges dozens of communications with unidentified individuals that purportedly support Plaintiff's claims. For example, to support her gender discrimination claim, Plaintiff alleges in Paragraphs 74 n.14 and 199 that unidentified female associates told Plaintiff they were falsely criticized in evaluations and were given less favorable assignments than male associates. Despite Plaintiff's reliance on these communications and others like them, Plaintiff has produced <u>zero</u> documents related to any of the alleged third-party communications littered throughout the FAC, and has refused to identify some of the people allegedly involved by name, citing "privacy." *See* Juvinall Decl., Ex. C, ROG Nos. 5-12, 14-15, 20.

    More broadly, Plaintiff has refused to confirm her production is complete, nor could she: from her incomplete production it is clear that (1) documents that should exist have not been produced; and (2) Plaintiff's counsel did not collect and search Plaintiff's email accounts as required. Juvinall Decl. ¶3; *see Rodman v. Safeway Inc.*, 2016 WL 5791210, at *2-4 (N.D. Cal. Oct. 4, 2016) (document production inadequate when "there is no indication that [defendant's] counsel guided or monitored [client's] search of the legacy drive in any significant way").

    K&E respectfully requests that the Court set a briefing schedule to allow the parties to fully brief the discovery issues and that the Court enter an order compelling Plaintiff, by a date certain, to (1) produce the documents discussed above and confirm production is complete; (2) amend her responses to the RFPs to comply with Rule 34; (3) amend ROG Set One, Nos. 1, 3 and 4 and ROG Set Two, Nos. 5-17, 20-21 to provide substantive responses; and (4) confirm that a diligent search

for documents (including Plaintiff's personal e-mail, text messages, messaging apps, and any recording devices) has occurred under the supervision and involvement of Plaintiff's attorneys.

Plaintiff refuses to produce relevant information 1.5 years into her lawsuit, arguing that the requests are premature because motions to dismiss are pending. But "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Meta Platforms, Inc. v. Voyager Labs LTD.*, 2023 WL 4828007, at *1 (N.D. Cal. July 26, 2023). Instead, courts consider "(1) whether the pending motion is potentially dispositive of the entire case, and (2) whether the pending motion can be decided absent additional discovery." *Id.* Here, Plaintiff acknowledges the pending motions address only three of the nine asserted claims. The discovery K&E seeks is relevant and will be needed even if the Court grants the motions to dismiss in full. Thus, it should proceed. *See, e.g., Barrett v. Apple, Inc.*, 2020 WL 13815568, at *2 (N.D. Cal. Oct. 22, 2020) (denying motion to stay pending resolution of MTD).

**Protective Order Dispute**: The parties have agreed on all language except for FRE 502(d) language. Juvinall Decl., Ex. L at ¶10. This language is contemplated by the Model Protective Order (for Standard Litigation) at 9-10. It is necessary because Plaintiff was an attorney at K&E, and documents central to her claims include attorney-client privileged and attorney-work product information, which creates a heightened risk of inadvertent privilege waiver.[1] K&E requests that the Court enter **Exhibit L** to the Juvinall Declaration as the PO in this case.

### Plaintiff's Statement Regarding Nature and Status of the Dispute

At present, there is a pending motion to dismiss ("MTD") challenging six of nine causes of action, Dkt. 102, the Court has yet to enter a scheduling order, and Defendants have yet to file an answer. Despite the early procedural posture and lack of any discovery deadlines, Plaintiff has made multiple robust productions, including thousands of pages of documents in response to K&E's RFPs (KOVALENKO-000650–3062). K&E seeks to baselessly force Plaintiff to sprint through her ongoing and eminently reasonable discovery efforts.[2] *See, e.g., Shared P'ship v. Meta*

---

[1] In fact, Plaintiff's limited production to date contains emails and screenshots containing privileged information she impermissibly retained, making clear the heightened risk of waiver and necessity of Rule 520(d) language here.

[2] K&E's discovery demands are both premature and outside the scope of permissible discovery. K&E disregards this Court's order holding it "must make an evidentiary showing, with Plaintiff's

*Platforms, Inc.*, 2023 WL 2526645, at *1–2 (N.D. Cal. Mar. 14, 2023) (denying motion to compel ("MTC") in middle of discovery as premature, rejecting movant's "desire to rush" opposing party "through the discovery process" based on justification that opposing party "has had more than enough time . . . to accomplish this," finding this reasoning "unpersuasive" and concluding production on rolling basis was reasonable). A MTC should be denied as premature when a MTD is pending and/or an answer has yet to be filed.[3] *E.g.*, *Duggan v. Astrue*, 2010 WL 2035285, at *2 (N.D. Cal. May 19, 2010) (finding MTC "premature" when MTD pending and case still in pleadings stage); *Leszczynski v. Kitchen Cube LLC*, 2024 WL 1684475, at *2 (C.D. Cal. Mar. 14, 2024) (denying MTC as premature and thus unduly burdensome, despite parties having held Rule 26(f) conference, because MTD pending and no answer filed); *Palmer v. Cognizant Tech. Sols. Corp.*, No. CV 17-6848-DMG (PLAx), 2019 WL 9359775, at *1 (C.D. Cal. Feb. 4, 2019) (only permitting mututally agreed-upon discovery and prohibiting discovery into any topics in dispute). To try to rebut the clear prematurity of its demand to compel, K&E cites two clearly inapposite cases, *Meta Platforms, Inc.*, 2023 WL 4828007, at *1 & *Barrett*, 2020 WL 13815568, at *2, each of which concerns a party's **motion to stay discovery**. Here, in contrast, Plaintiff is not moving to stay discovery as her discovery has been ongoing. Rather, the issue here is that K&E's instant demand to compel discovery is premature. K&E's two other cases do not support its absurd demand that Plaintiff certify complete discovery at such an early juncture in the case.[4] Moreover,

---

deposition testimony, that her claim for emotional distress is more than garden variety" before it can obtain invasive discovery into Plaintiff's medical records. Dkt. 128 at 11. K&E has not deposed Plaintiff, and K&E's argument that Judge Gilliam's ruling on prior MTDs opens the door to this discovery is illogical and would constitute an improper reopening of an already decided issue. Further, K&E's demand that Plaintiff produce documents based on conjecture that there "might" be responsive documents is an insufficient basis to compel. *Cf.*, *e.g.*, *Voice Int'l, Inc. v. Oppenheimer Cine Rental, LLC*, 2017 WL 11699755, at *3 (C.D. Cal. Aug. 28, 2017) (stating "conjecture" that documents "might exist is not a sufficient basis to grant a [MTC]").

[3] Courts have reached this conclusion even when a case has been proceeding for more than a year or even years. *E.g.*, *Morris v. Barra*, No. 10-CV-2642-AJB BGS, 2012 WL 4900203, at *2 (S.D. Cal. Oct. 15, 2012) (denying MTC while MTD third amended complaint pending and no answer filed; noting discovery "may be relevant and proper if this case proceeds past [MTD] and the Court issues a scheduling order setting deadlines for discovery and other pretrial matters"), *aff'd*, 2012 WL 5928144 (Nov. 26, 2012); *Thomas v. Felker*, No. CIV S-09-2486 CMK, 2011 WL 2225133, at *3 (E.D. Cal. June 7, 2011) (stating MTC premature until after district court judge resolves MTD and sets discovery schedule), *aff'd*, 2011 WL 3954534 (Sept. 7, 2011). Thus, K&E's specious argument that its requested relief should be granted because this case was filed "1.5 years" ago has no basis in case law. Rahman Decl. Attach. A at 5 (¶ 5.f).

[4] *Rodman*, 2016 WL 5791210, dealt with a defendant producing highly relevant documents right

the case remains at the pleadings stage due to Defendants' gamesmanship with respect to MTD briefing.[5] Accordingly, <u>the Court should deny K&E's requested relief as premature</u>. Additional briefing is unnecessary and would waste the Court's and parties' time, given the clear prematurity and lack of cognizable basis for K&E's demand. Finally, Plaintiff has agreed to produce information responsive to many RFPs and ROGs once a PO is in place, thereby resolving many of the disputes here. The only hold up regarding a PO is K&E's insistence that Plaintiff agree to its one-sided, unnecessary FRE 502(d) language not required by this Court's model PO.[6] The conclusory assertion that Plaintiff has produced privileged documents, which she denies, is insufficient to warrant delay of a stipulated PO, especially when K&E demands Plaintiff produce sensitive information for herself and non-parties[7]. *United States v. DaVita, Inc.*, 2020 WL 12813697, at *2 (M.D. Fla. Aug. 4, 2020) (conclusory statements that documents include "confidential information and attorney-client privileged communications and work product . . . . lack[] a sufficient factual predicate to persuade the court to exercise its discretion to issue a 502(d) order"). <u>Plaintiff respectfully requests the Court enter Attachment B to the Declaration of Tanvir Rahman as the stipulated PO in this case</u>.

---

before trial and after close of fact discovery, *id.* at *1, which was key to holding counsel failed to adequately supervise discovery, *id.* at *1–3. K&E's reliance on *Rodman* to contend that Plaintiff's counsel has not adequately supervised Plaintiff's robust productions is without merit. *Cf. U-Haul Int'l, Inc. v. United States*, No. 2:08-cv-00729-KJD-PAL, 2012 WL 1900935, at *3 (D. Nev. May 23, 2012) (citing Fed. R. Civ. P. 26(g)) (finding plaintiff conducted diligent search for and produced all responsive documents when counsel signed plaintiff's initial and supplemental discovery responses). In *Tuggle*, 2021 WL 765273, the procedural posture was the complete opposite of that here. No MTD was pending, defendants had filed an answer and counterclaims, and the court had issued a scheduling order. *Id.* at *1. Unlike the plaintiff in *Tuggle*, *id.* at *2, 3, 6, Plaintiff has produced responses to ROGs and voluminous documents responsive to RFPs.

[5] Notably, Defendants did not dispute that they could have raised the various arguments in the seventh MTD in their initial barrage of MTDs (filed almost a year earlier) but decided not to do so, and consequently are hoisted by their own petard with respect to their complaints about the case's early procedural posture and pace of discovery. *Wolinski v. Lewis*, No. 2:17-cv-0583 MCE AC P, 2019 WL 5960089, at *1 (E.D. Cal. Nov. 13, 2019) (addressing party's intent to accelerate discovery-related proceedings and stating that party's "own litigation behavior is the greatest cause of delay about which he complains"); Dkt. 111 at 1–2; *cf.* Dkt. 110 at 2–5.

[6] K&E's contention that there is a "heightened risk of waiver" based on documents that Plaintiff has produced makes no sense as any protection from waiver K&E would receive should only apply to documents that it produces, not the other way around.  K&E has not shown its broad 502(d) language would facilitate discovery, a main purpose of a 502(d) order, given it is withholding documents via overbroad, boilerplate privilege claims.  *See* Rahman Decl. ¶¶ 8–10 & Attach. D (Defs.' March 30, 2023, privilege log) (using same generic description for 97% of documents).

[7] *Long v. Amazon.com Servs. LLC*, 2023 WL 6215362, at *6 (W.D. Wash. Sept. 25, 2023) (concluding refusal to provide third-party information without PO is "reasonable").

Respectfully submitted this 25th day of June 2024.

By: /s/ Joseph C. Liburt
Joseph C. Liburt
Attorney for Defendants

By: /s/ Tanvir Rahman
Tanvir Rahman
Attorney for Plaintiff