LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:    +1 650 614 7400
Facsimile:    +1 650 614 7401

KATE JUVINALL (STATE BAR NO. 315659)
kjuvinall@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Suite 2700
Los Angeles, CA 90071
Telephone:    +1 213 629 2020
Facsimile:    +1 213 612 2499

MARK THOMPSON (Admitted *pro hac vice*)
mthompson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street
New York, NY 10019
Telephone: +1 212 506 5000
Facsimile: +1 212 506 5151

Attorneys for Defendants
KIRKLAND & ELLIS LLP, MICHAEL DE VRIES,
MICHAEL W. DE VRIES, P.C., ADAM ALPER,
ADAM R. ALPER, P.C., AKSHAY DEORAS,
AKSHAY S. DEORAS, P.C., AND MARK FAHEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>Plaintiff,<br><br>v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY,<br><br>Defendants. | Case No. 4:22-CV-05990-HSG<br><br>**DECLARATION OF KATE JUVINALL IN SUPPORT OF JOINT DISCOVERY LETTER** |

I, Kate Juvinall, declare as follows:

1. I am a member of the State Bar of California and am authorized to practice before this Court. I am an attorney at Orrick, Herrington & Sutcliffe LLP, counsel of record for Defendants Kirkland & Ellis LLP ("K&E"), Michael De Vries, Michael W. De Vries, P.C., Adam Alper, Adam R. Alper, P.C., Akshay Deoras, Akshay S. Deoras, P.C., and Mark Fahey (collectively "Defendants") in this action. I make this declaration in support of the Parties' Joint Discovery Letter. The facts set forth in this declaration I know to be true of my own personal knowledge, except where such facts are stated to be based on information and belief, and those facts I believe to be true. If called to testify in this matter, I could and would testify competently to the matters set forth in this declaration.

2. On August 8, 2023, K&E served Requests for Production of Documents ("RFP") and Interrogatories ("ROG, Set One") on Plaintiff. The RFPs largely tracked the factual and legal allegations in Plaintiff's 300+ paragraph Amended Complaint.

3. The four interrogatories K&E served sought the: (1) identity of Plaintiff's mental health providers (ROG 1), (2) identity of her prior employers (ROG 2), (3) identity of her subsequent employers (ROG 3), and (4) identity of prior litigation to which Plaintiff was a party (ROG 4).

4. K&E granted Plaintiff two extensions to respond totaling 60 days. On November 8, 2023, Plaintiff served her responses to K&E's discovery requests. A true and correct copy of my correspondence with Plaintiff regarding the extensions is attached hereto as **Exhibit A**, at 3, 8.

5. Plaintiff's responses to the RFPs consisted of 1,300 pages of boilerplate objections, and Plaintiff produced no responsive documents. A true and correct copy of Plaintiff's RFP responses is attached hereto as **Exhibit B**.

6. In response to ROG, Set One, Plaintiff provided a complete response to only ROG No. 3. A true and correct copy of Plaintiff's ROG responses is attached hereto as **Exhibit C**.

7. The same day Plaintiff served her responses, Plaintiff's counsel filed a notice of

appearance.

8.  I contacted Plaintiff's counsel on November 14, 2023, to schedule a time to meet and confer regarding Plaintiff's deficient discovery responses. On November 16, 2023, the Parties had an initial meet and confer conference via Zoom. During the call, I raised Plaintiff's boilerplate and inadequate discovery responses, and Plaintiff's counsel agreed to review the responses and then follow-up with me to see if the Parties could resolve any disputes without court intervention. A true and correct copy of communications between counsel are attached as **Exhibit D**, at 11-13,

9.  Having received no response from Plaintiff by December 11, 2023, I followed up and requested a second meet and confer conference, which occurred on December 20, 2023. *See id.* at 10-11. During the conference, I walked through various issues K&E had with Plaintiff's discovery responses, delineated by specific RFP and ROG number. Despite having previously agreed to review and evaluate Plaintiff's discovery responses, Plaintiff's counsel could provide no substantive response to these issues and, with respect to every request, stated he would raise them with Plaintiff and get back to me. *See id.* at 4-8. Plaintiff's counsel agreed to provide further responses by January 5, 2024. I stated K&E would seek court intervention if Plaintiff did not provide satisfactory responses by that date.

10. Plaintiff's counsel did not provide any further information on January 5 but contacted K&E that same day and asked to meet and confer. The parties met and conferred a third time on January 18, 2024. at which time Plaintiff agreed:

- To produce responsive documents to RFPs about which Plaintiff responded she was willing to meet and confer (RFPs 1-169, 172-75, 178-91, 195-200) (*id.* at 6);

- To produce additional responsive documents RFPs to which Plaintiff responded she had already produced some documents (RFPs 10-14, 175-76, 198) (*id.*);

- To produce responsive documents to RFPs to which Plaintiff responded that the documents were publicly available (RFP 51) (*id.* at 6-7);

- To search for and produce responsive documents concerning her "verbal" allegations (RFPs 64-67, 75-76) (*id.* at 7);

- To search for and produce responsive documents showing income post-K&E (RFP 182) (*id.*);

- To search for and produce documents regarding disability benefits (RFP 183) (*id.* at 7-8); and

- To search for and produced documents showing that FEHA applies extraterritorially to Defendant Mark Fahey (RFP 194) (*id.* at 8).

Plaintiff agreed to supplement responses to ROGs 2 and 4 and provide a response to ROG 1 upon entry of a protective order. *Id.* at 5-6. Plaintiff provided no update as to whether she would produce documents responsive to RFPs 201, 202. *Id.*

11. On January 29, I e-mailed Plaintiff's counsel to summarize Plaintiff's agreements from January 18, including that K&E would seek court intervention if Plaintiff failed to timely provide satisfactory responses given the six-month delay. *See id.* at 4.

12. On February 9, Plaintiff provided a bates stamped versions of documents she previously produced but did not provide any additional documents responsive to K&E's August 8 requests. *See id.* at 2.

13. On March 1, 2024, I informed Plaintiff's counsel that K&E intended to file a joint letter regarding its discovery disputes with Plaintiff by March 6, 2024. A true and correct copy of my correspondence with Plaintiff's counsel is attached hereto as **Exhibit E**.

14. On March 5, 2024, Plaintiff produced additional documents, and on March 6, 2024, Plaintiff's counsel emailed me asserting that the joint discovery letter was premature because Plaintiff was committed to amend her ROG responses once a protective order is in place and intended to produce additional documents that evening. I responded that, notwithstanding Plaintiff's productions, there were still many RFPs for which no documents were produced, and Plaintiff did not provide amended RFP responses to incorporate the agreements made during prior meet and confer conferences. K&E agreed to hold off from filing the letter in light of Plaintiff's pending production. A true and correct copy of my correspondence with Plaintiff's counsel is attached hereto as **Exhibit F**.

15. On May 3, 2024, my office e-mailed Plaintiff's counsel regarding deficiencies

with Plaintiff's responses to ROG, Set Two, and asked for Plaintiff's counsel's availability the following week to meet and confer. A true and correct copy of my office's correspondence with Plaintiff's counsel is attached hereto as **Exhibit G**, and a true and correct copy of Plaintiff's unverified responses to ROG, Set Two, are attached as **Exhibit H**.

16. On May 7, 2024, K&E provided Plaintiff with a revised joint letter addressing the Parties' disputes regarding RFP Set One, and ROG Sets Two and Three, and requesting that either the Parties set a time to meet and confer, or that Plaintiff provide her portion of the joint letter by May 10, 2024. A true and correct copy of my correspondence with Plaintiff's counsel is attached hereto as **Exhibit I**.

17. Plaintiff responded on May 13, 2024, falsely accusing K&E of failing to meet and confer regarding the issues contained in the letter and responding to various issues K&E raised in the discovery letter sent to Plaintiff's counsel on May 7. *See id.* at 1. I replied via e-mail on May 16 explaining why Plaintiff's positions were meritless and noting, among other things, that the primary reason for seeking the Court's involvement was because Plaintiff was now refusing to comply with agreements Plaintiff's counsel made back in January 2024. *Id.*

18. The parties met and conferred via telephone on May 20, 2024, at which time Plaintiff's counsel agreed to discuss the issues with Plaintiff and provide Plaintiff's portion of the joint statement that week.

19. On May 24, 2024, Plaintiff provided her portion of the joint letter, which included comments in the margins responding to various issues raised in the Parties' prior meet and confer correspondence. A true and correct copy of Plaintiff's correspondence is attached hereto as **Exhibit J**.

20. On June 11, 2024, I sent Plaintiff's counsel revisions to the joint discovery letter, and memorialized in writing Plaintiff's positions that were in the comments of the May 24 joint letter. I followed up with Plaintiff's counsel on June 18, 2024 regarding any additional revisions to the discovery letter. Plaintiff provided her final revisions on June 24, 2024, a true and correct copy of which is attached as **Exhibit K (attachments omitted)**. To date, Plaintiff has refused to

confirm whether her production is complete. Moreover, Plaintiff's counsel stated more than once during meet and confer telephone calls that he was waiting for Plaintiff to send him resonsive documents.

21.  As of today's date, the Parties agree on all language contained in a protective order to govern this case, except for language related to Federal Rule of Evidence 502(d). K&E's proposed protective order is attached hereto as **Exhibit L,** and a redline against the Northern District Model Order is attached as **Exhibit M**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in Los Angeles, California on June 24, 2024.

_____
Kate Juvinall