# EXHIBIT A

**Archived:** Thursday, February 22, 2024 5:53:07 PM
**From:** Zoya Kovalenko
**Mail received time:** Fri, 6 Oct 2023 17:43:13
**Sent:** Fri, 6 Oct 2023 22:42:58
**To:** Juvinall, Kate
**Cc:** Hermle, Lynne C.  Liburt, Joseph C.  Thompson, Mark  Gasek, Jade  Bursik, Helena E.
**Subject:** Re: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)
**Importance:** Normal
**Sensitivity:** None

---

Thanks.

---

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Date:** Friday, October 6, 2023 at 6:41 PM
**To:** Zoya Kovalenko <zoyavk@outlook.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>, Liburt, Joseph C. <jliburt@orrick.com>, Thompson, Mark <mthompson@orrick.com>, Gasek, Jade <jgasek@orrick.com>, Bursik, Helena E. <hbursik@orrick.com>
**Subject:** RE: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Ok by me. Thanks.

---

**From:** Zoya Kovalenko <zoyavk@outlook.com>
**Sent:** Friday, October 6, 2023 3:31 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Bursik, Helena E. <hbursik@orrick.com>
**Subject:** Re: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Hi Kate,

I corrected a typo (screenshot below) in the Civil L.R. 5-1(i)(3) attestation in redline in the attached.  This is the only change made to the document that you gave me permission to sign and file on your behalf.  Please confirm I may sign and file the attached on your behalf after accepting the redlined change.  Thanks.



Best,
Zoya

**From:** Zoya Kovalenko <zoyavk@outlook.com>
**Date:** Friday, October 6, 2023 at 5:58 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>, Liburt, Joseph C. <jliburt@orrick.com>, Thompson, Mark <mthompson@orrick.com>, Gasek, Jade <jgasek@orrick.com>, Bursik, Helena E. <hbursik@orrick.com>
**Subject:** Re: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Okay—thanks, Kate.

Best,
Zoya

---

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Date:** Friday, October 6, 2023 at 5:54 PM
**To:** Zoya Kovalenko <zoyavk@outlook.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>, Liburt, Joseph C. <jliburt@orrick.com>, Thompson, Mark <mthompson@orrick.com>, Gasek, Jade <jgasek@orrick.com>, Bursik, Helena E. <hbursik@orrick.com>
**Subject:** RE: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Hi Zoya – this is fine. You can sign on my behalf and file.

Kate

---

**From:** Zoya Kovalenko <zoyavk@outlook.com>
**Sent:** Friday, October 6, 2023 2:44 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Bursik, Helena E. <hbursik@orrick.com>
**Subject:** Re: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Hi Kate,

Please see the attached stipulation and let me know if I have your permission to sign and file on your behalf.  Thanks.

Best,
Zoya

---

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Date:** Friday, October 6, 2023 at 2:30 PM
**To:** Zoya Kovalenko <zoyavk@outlook.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>, Liburt, Joseph C. <jliburt@orrick.com>, Thompson, Mark <mthompson@orrick.com>, Gasek, Jade <jgasek@orrick.com>, Bursik, Helena E. <hbursik@orrick.com>
**Subject:** RE: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Zoya,

Thanks for confirming that you are not represented by counsel for the purposes of discussing an extension to respond to Kirkland's discovery requests. To be clear, our purpose in raising our ethical obligation under Rule 4.2 – not to speak to you if you're represented by counsel – is not to avoid "agreeing to a simple and reasonable stipulation." As stated in my October 4, 2023 e-mail to you, we are agreeable to a 21-day extension.

You recently made clear in your Amended Complaint and representations to the Court during the CMC on

October 3 that your counsel has not been able to obtain local counsel. Thus, it is unclear if, or when, your counsel intends to appear in this case. We are surprised that your counsel has yet to reach out to us, and we want to ensure that we are following our ethical obligations when communicating with you.

To address the substance of your October 5 email:

- The number of RFPs we issued to you is directly related to the unwieldy 130 page, 372 paragraph Complaint that you filed.
- We fail to see how your unsuccessful search for local counsel has any bearing on you and your retained counsel being able to respond to discovery that we issued two months ago, on August 8, 2023.
- The Court did not "admonish" Kirkland for filing "unnecessary papers" with the Court. During the CMC, the Court stated it assumed that Defendants would be filing another round of motions to dismiss, and simply asked Defendants to streamline the remaining issues. Nothing the Court said shows that the Court believes Defendants' motions to dismiss were "unnecessary." In light of the Court's Order dismissing many claims and parties, your assertion makes no sense.
- Discovery is not stayed while the pleadings remain open, and Judge Gilliam made no specific reference to discovery at all during the CMC on October 3. He did, however, comment that he would like to move the case along. But regardless, we have already agreed to an initial 30-day extension, and now a second 21-day extension. As we have said before, it was your decision to file a Complaint against Defendants, and Kirkland issuing one set of discovery more than 11 months after you filed the Complaint is neither unreasonable nor excessive. Like Judge Gilliam, Kirkland has an interest in moving this case forward and will continue to do so.

We will agree to a 30-day extension to avoid burdening the Court with unnecessary paperwork. We expect to receive responses to Kirkland's discovery requests on or before November 8, 2023.

Kate

---

**From:** Juvinall, Kate
**Sent:** Friday, October 6, 2023 10:24 AM
**To:** Zoya Kovalenko <zoyavk@outlook.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Bursik, Helena E. <hbursik@orrick.com>
**Subject:** RE: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Hi Zoya – will respond to the substance of your email below shortly.

---

**From:** Zoya Kovalenko <zoyavk@outlook.com>
**Sent:** Friday, October 6, 2023 5:00 AM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Bursik, Helena E. <hbursik@orrick.com>
**Subject:** Re: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Hi Kate,

Following up on the below. If I do not hear from you soon today, I will be forced to move for an extension and will be sure to emphasize your unreasonableness. You've corresponded with me numerous times since I notified you and the Court on the July 27, 2023 hearing before Judge Hixson that I had retained counsel, but you did not care to bring up your purported ethical concerns when you were serving me with discovery or seeking an extension for Defendants. However, now that I am seeking an extension, your alleged ethical concerns become a major impediment to agreeing to a simple and reasonable stipulation. This is unnecessary and is the type of conduct I had hoped you had graduated from. To reiterate, please let me know early

today EST whether you agree to the 30-day extension.  Thanks.

Best,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech
678 559 4682
zoyavk@outlook.com

**From:** Zoya Kovalenko <zoyavk@outlook.com>
**Date:** Thursday, October 5, 2023 at 9:26 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>, Liburt, Joseph C. <jliburt@orrick.com>, Thompson, Mark <mthompson@orrick.com>, Gasek, Jade <jgasek@orrick.com>, Bursik, Helena E. <hbursik@orrick.com>
**Subject:** Re: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Kate,

For the present purpose of negotiating this extension, I am not represented by counsel.  Will you agree to the 30-day extension?  If so, I will send a stipulation for your review.  Thanks.

Best,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech
678 559 4682
zoyavk@outlook.com

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Date:** Thursday, October 5, 2023 at 7:54 PM
**To:** Zoya Kovalenko <zoyavk@outlook.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>, Liburt, Joseph C. <jliburt@orrick.com>, Thompson, Mark <mthompson@orrick.com>, Gasek, Jade <jgasek@orrick.com>, Bursik, Helena E. <hbursik@orrick.com>
**Subject:** RE: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Zoya,

Unfortunately, CA Rule 4.2(a) applies regardless of whether or not your counsel has made an "official" appearance in the case. We have included the relevant language for you here:

Rule 4.2(a): "In representing a client, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer."

Comment 1 further provides that "[t]his rule applies even though the represented person initiates or consents to the communication."

Thus, if you would like to continue discussing the extension, please confirm that you are not represented by counsel for the present purpose of negotiating the extension. Otherwise, we will need permission from your counsel to continue

speaking with you about your request.

Kate

---

**From:** Zoya Kovalenko <zoyavk@outlook.com>
**Sent:** Thursday, October 5, 2023 10:39 AM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Bursik, Helena E. <hbursik@orrick.com>
**Subject:** Re: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Hi Kate,

I think a 30-day extension is plenty reasonable considering the upcoming deadline to oppose your motion for leave, the number of RFPs (over 200), and the fact that I am still searching for local counsel. Additionally, it was clear from the case-management conference that the Court is not expecting the parties to push discovery and thought it was premature to even discuss case scheduling given that we are still in the pleading stage. If you are unwilling to stipulate to a reasonable 30-day extension, I will move for relief. Considering the Court admonished Defendants during the CMC for forcing unnecessary papers on the Court, I doubt it would be pleased to have to issue a ruling on an unnecessary motion for this reasonable extension of time.

Please let me know if you agree to the 30-day extension. If so, I will send a stipulation for your review.

As for my counsel's contact information, I currently am the only attorney of record for Plaintiff, so I do not think it is necessary to provide contact information for counsel who has yet to officially represent Plaintiff in the case. When my counsel applies to appear *pro hac vice*, you will receive their contact information.

Thanks.

Best,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech
678 559 4682
zoyavk@outlook.com

---

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Date:** Wednesday, October 4, 2023 at 5:47 PM
**To:** Zoya Kovalenko <zoyavk@outlook.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>, Liburt, Joseph C. <jliburt@orrick.com>, Thompson, Mark <mthompson@orrick.com>, Gasek, Jade <jgasek@orrick.com>, Bursik, Helena E. <hbursik@orrick.com>
**Subject:** RE: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Hi Zoya,

We will agree to an additional 21-days for Plaintiff to respond to Kirkland's discovery requests.

Additionally, because you are now represented by counsel, the Model Rules of Prof. Conduct (section 4.2, specifically) require that we receive permission from your counsel to speak with you without counsel present.

Can you either please have your counsel reach out to us, or send us his/her contact information?

Best,
Kate

---

**From:** Zoya Kovalenko <zoyavk@outlook.com>
**Sent:** Wednesday, October 4, 2023 12:22 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Bursik, Helena E. <hbursik@orrick.com>
**Subject:** Re: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Hi Kate,

Per our discussion below, because my counsel still has been unable to retain local counsel and thus has not yet applied to appear PHV in the case, would you please agree to an additional 30-day extension to object/respond to Kirkland's first sets of discovery?  If so, I will prepare a stipulation similar to the attached and will send for your review.  Thanks in advance.

Best,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech
678 559 4682
zoyavk@outlook.com

---

**From:** Zoya Kovalenko <zoyavk@outlook.com>
**Date:** Wednesday, August 30, 2023 at 3:55 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>, Liburt, Joseph C. <jliburt@orrick.com>, Thompson, Mark <mthompson@orrick.com>, Gasek, Jade <jgasek@orrick.com>, Bursik, Helena E. <hbursik@orrick.com>
**Subject:** Re: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Thanks, Kate.  I will get this on file.

Best,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech
678 559 4682
zoyavk@outlook.com

---

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Date:** Wednesday, August 30, 2023 at 2:56 PM
**To:** Zoya Kovalenko <zoyavk@outlook.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>, Liburt, Joseph C. <jliburt@orrick.com>, Thompson, Mark <mthompson@orrick.com>, Gasek, Jade <jgasek@orrick.com>, Bursik, Helena E. <hbursik@orrick.com>
**Subject:** RE: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Hi Zoya – a couple of small revisions attached. If you are OK with these changes, you can sign on my behalf.

**From:** Zoya Kovalenko <zoyavk@outlook.com>
**Sent:** Wednesday, August 30, 2023 11:03 AM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Bursik, Helena E. <hbursik@orrick.com>
**Subject:** Re: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Hi Kate,

Following up on the below.  Please let me know if I have your permission (or permission from another attorney of record on your team) to sign and file the stipulation.  Thanks.

Best,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech
678 559 4682
zoyavk@outlook.com

**From:** Zoya Kovalenko <zoyavk@outlook.com>
**Date:** Tuesday, August 29, 2023 at 3:12 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>, Liburt, Joseph C. <jliburt@orrick.com>, Thompson, Mark <mthompson@orrick.com>, Gasek, Jade <jgasek@orrick.com>, Bursik, Helena E. <hbursik@orrick.com>
**Subject:** Re: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Hi Kate,

Thank you for agreeing to the extensions for Kirkland's first sets of propounded discovery.  I have attached a draft stipulation to file with the Court per Civil Local Rule 6-1(a).  Please let me know if I have your permission to sign on your behalf and to file.  Thanks.

Best,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech
678 559 4682
zoyavk@outlook.com

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Date:** Wednesday, August 23, 2023 at 1:47 PM
**To:** Zoya Kovalenko <zoyavk@outlook.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>, Liburt, Joseph C. <jliburt@orrick.com>, Thompson, Mark <mthompson@orrick.com>, Gasek, Jade <jgasek@orrick.com>, Bursik, Helena E. <hbursik@orrick.com>
**Subject:** RE: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Hi Zoya – thanks for the update. Let's do a 30-day extension for now, and we can discuss an additional extension if necessary.

Kate

**From:** Zoya Kovalenko <zoyavk@outlook.com>
**Sent:** Wednesday, August 23, 2023 10:07 AM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Bursik, Helena E. <hbursik@orrick.com>
**Subject:** Re: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Hi Kate:

My attorney is still trying to find local counsel.  Regarding your earlier offer to discuss an extension of time for objecting and responding to your recent discovery requests, would you agree to a 30- or 45-day extension?  Thanks.

Best,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech
678 559 4682
zoyavk@outlook.com

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Date:** Tuesday, August 22, 2023 at 2:43 PM
**To:** zoyavk@outlook.com <zoyavk@outlook.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>, Liburt, Joseph C. <jliburt@orrick.com>, Thompson, Mark <mthompson@orrick.com>, Gasek, Jade <jgasek@orrick.com>, Bursik, Helena E. <hbursik@orrick.com>
**Subject:** RE: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Hi Zoya, please feel free to pass this on to your counsel.

It has been almost four weeks since the conference with the Court on subpoena issues.  Can you let us know the projected timeline for counsel to come in and for us to proceed with addressing the issues?

Best,
Kate

**From:** Juvinall, Kate
**Sent:** Tuesday, August 8, 2023 10:40 AM
**To:** Bursik, Helena E. <hbursik@orrick.com>; zoyavk@outlook.com
**Cc:** Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Hi Zoya,

Following up on Helena's email, which attached courtesy copies of Defendant Kirkland's first set of Requests for Production and Interrogatories to you, which we also served today by mail. We held off serving these based on your representation to Magistrate Judge Hixson on July 27, 2023 that you had recently retained counsel. However, as of today your counsel has not entered an appearance nor have we received any communications from them. We are, however, more than happy to discuss extension of time to respond if your counsel requests one.

Best,
Kate

---

**From:** Bursik, Helena E. <hbursik@orrick.com>
**Sent:** Tuesday, August 8, 2023 10:08 AM
**To:** zoyavk@outlook.com
**Cc:** Juvinall, Kate <kjuvinall@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** Kovalenko v. Kirkland & Ellis LLP et al. (4:22-cv-05990-HSG)

Ms. Kovalenko,

Attached are courtesy copies of the signed Proofs of Service.  Hard copies are also being sent to you via U.S. Mail.

Thank you.

**Helena Bursik**
Executive Assistant, Service Center
Pronouns: she/her/hers

Orrick
Silicon Valley
T +1-650-614-7416
Hours: 8:00 a.m. - 4:30 p.m.
hbursik@orrick.com



---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return

e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

# EXHIBIT B

Zoya Kovalenko (Cal. SBN 338624)
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
678 559 4682
zoyavk@outlook.com

Plaintiff Zoya Kovalenko

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>    Plaintiff,<br><br>  v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT, LESLIE M. SCHMIDT, P.C., AND MARK FAHEY,<br><br>    Defendants. | Case No.: 4:22-cv-05990-HSG (TSH)<br><br>PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT KIRKLAND & ELLIS LLP'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE |

ASKING PARTY:     DEFENDANT KIRKLAND & ELLIS LLP

ANSWERING PARTY:   PLAINTIFF ZOYA KOVALENKO

SET NO.:        One

1
2

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT KIRKLAND & ELLIS LLP'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

3
4
5
6
7
8
9
10
11
12

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Zoya Kovalenko hereby objects and responds to Defendant Kirkland & Ellis LLP ("Defendant" or "Kirkland")'s Request [sic] for Production of Documents, Set One (the "Requests"), subject to the objections set forth below.  These objections and responses reflect Plaintiff's current knowledge and the results of Plaintiff's reasonable investigation, which is ongoing, to date.  Plaintiff reserves the right to amend, modify, and/or supplement these responses in the future as may be necessary or appropriate in accordance with at least Federal Rule of Civil Procedure 26(e)(1) and any scheduling order that the Court will enter in this case.  Plaintiff reserves all rights to move for a protective order, seek sanctions, and seek any other available relief related to Defendant's Requests.

13

**PRELIMINARY COMMENTS AND GENERAL OBJECTIONS**

14
15
16
17
18
19
20
21
22
23
24
25
26
27

Plaintiff objects to the 30-day timeframe set forth in the first paragraph of the requests as contrary to, *inter alia*, the Federal Rules of Civil Procedure, the Civil Local Rules, and any instruction, direction, or order provided by the Court.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2); *see also* Fed. R. Civ. P. 29(b); Civil L.R. 6-1(a) Stipulation to Extend Time for Pl. to Object/Respond to Def. Kirkland & Ellis LLP's First Sets of Interrogs. and Reqs. for Produc. (Oct. 6, 2023), Dkt. No. 100; *see also* Stipulation to Extend Time for Pl. to Object/Respond to Def. Kirkland & Ellis LLP's First Sets of Interrogs. and Reqs. for Produc. (Aug. 30, 2023), Dkt. No. 93.  For example, as this Court noted during its October 3, 2023 case management conference, the Court has not yet entered a scheduling order in this case, so each of Defendant's Requests and Defendant's demand for production within 30 days of service (or by the November 8, 2023 stipulated deadline for objections/responses) are premature, overly burdensome, oppressive, and outside the scope of discovery permissible under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2) & 29(b); *see also* Civil L.R. 6-1(a) Stipulation, Dkt. No. 100; *cf.* Stipulated Req. for Order Extending Time

28

Regarding Defs.' Mot. Dismiss Am. Compl., Dkt. No. 102, and Order (Oct. 30, 2023), Dkt. No. 106 (granting stipulated request to extend time regarding seventh motion to dismiss).  Plaintiff further objects to the 30-day timeframe set forth in the first paragraph of the Requests as not providing sufficient time to produce documents in response to the Requests, or to meet and confer regarding the scope of the Requests, especially given the breadth of the Requests and the tendency of the Requests to be worded "All DOCUMENTS that EVIDENCE."

Plaintiff objects to the Requests as cumulatively overbroad and oppressive, and as clearly designed to harass, cause annoyance, and further Defendants' vexatious litigation conduct prohibited by the Federal Rules of Civil Procedure and/or other applicable law or standard(s) of professional conduct.  *See, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B); Fed. R. Civ. P. 26(g)(3).

Plaintiff objects to Defendant's "Definitions" and "Instructions" to the extent that Defendant seeks to impose obligations that go beyond the provisions and requirements of applicable law, including without limitation the Federal Rules of Civil Procedure.  *See, e.g.*, Fed. R. Civ. P. 26 & 34.

Plaintiff objects to the definitions of "ANY DEFENDANT" and "DEFENDANTS" and to each Request incorporating either or both of these terms as vague and ambiguous and as overly broad, unduly burdensome, and oppressive to the extent Kirkland purports to have Plaintiff do Kirkland's work for it and draft intelligible requests referring to all of the parties named as defendants in the action.  Plaintiff will interpret "ANY DEFENDANT" and "DEFENDANTS" as Kirkland has defined the terms, i.e., to exclude the professional corporations named as defendants in this action.  Plaintiff objects to the definitions of "ANY DEFENDANT" and "DEFENDANTS" and to each Request incorporating either or both of these terms as overly broad, unduly burdensome, and oppressive to the extent it seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Order, Dkt. No. 92; Am. Compl., Dkt. No. 94 (operative

complaint).  Plaintiff further objects to these definitions and to the definition of "SCHMIDT DEFENDANTS" and to each Request incorporating such terms as overly broad, unduly burdensome, and oppressive because the definitions and any such Requests are vague, ambiguous, and unintelligible by referring to Leslie Schmidt, against whom claims are no longer asserted in the operative complaint due to the Court's dismissal of claims against her for lack of personal jurisdiction.  Am. Compl., Dkt. No. 94; Order, Dkt. No. 92.  Plaintiff further objects to the definition of "SCHMIDT DEFENDANTS" and to each Request incorporating the term as overly broad, unduly burdensome, and oppressive to the extent such Request seeks discovery that is privileged, not relevant, not proportional to the needs of the case, or not tied to the claims at issue or to the issues in the litigation.

Plaintiff objects to the definition of "ALPER DEFENDANT" and to each Request incorporating such term as overly broad, unduly burdensome, oppressive, vague, ambiguous, and unintelligible because it refers to "Adam Alper, P.C.," which is not a party to this action and the existence of which is unknown to Plaintiff.  Plaintiff further objects to the definition of "ALPER DEFENDANT," and to each Request incorporating the same, as seeking discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law, because it seeks discovery relating to an entity not named as a party to this action.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to the definition of "ALPER DEFENDANTS" and to each Request incorporating the same as vague and ambiguous and as unduly burdensome and oppressive to the extent it purports to have Plaintiff do Defendant's work for it and draft intelligible requests referring to parties named in the action, which are known to Plaintiff.  Plaintiff will interpret "ALPER DEFENDANTS" as Kirkland has defined the term and as relevant to this action, Fed. R. Civ. P. 26(b)(1), i.e., to include Adam Alper, who is a named defendant in this action, but to exclude any professional corporation named as a defendant in this action because no professional corporation named as a defendant in this action is included in Kirkland's definition of "ALPER DEFENDANTS," Compl., Dkt. No. 1; Am. Compl., Dkt. No. 94.

Plaintiff objects to the definition of "COMMUNICATION" and to each Request incorporating such term as overly broad, unduly burdensome, and oppressive by seeking discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff objects to the definition of "COMMUNICATION" and to each Request incorporating such term as overly broad, unduly burdensome, and oppressive because it seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff objects to the definition of "COMMUNICATION" as seeking discovery that is outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)(A)–(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Evid. 501; *see also* Fed. R. Civ. P. 26(b)(3)–(4). Plaintiff objects to the definition of "COMMUNICATION" and to each Request incorporating such term as overly broad, unduly burdensome, and oppressive to the extent it purports to impose obligations exceeding those imposed by the Federal Rules of Civil Procedure and/or other applicable law (e.g., by court order), for example, to the extent any Request incorporating the term "COMMUNICATION" and/or Instruction No. 2 seek or seeks to prematurely force Plaintiff to produce a privilege log while her reasonable investigation and reasonable search for non-privileged, non-protected, relevant materials responsive to the Requests, to the extent they are non-objectionable, is ongoing, and seeks to impose an obligation to produce a privilege log in advance of or in the absence of any date, deadline, or requirement

imposed by applicable law.  Instruction No. 2; *see, e.g.*, Fed. R. Civ. P. 34(b)(2)(A)–(B); Fed. R. Civ. P. 26(b)(5).  The Court has not yet entered a scheduling order in this case, so Plaintiff objects to this term and to each Request incorporating such term as unduly burdensome and oppressive to the extent it is premature.  *See, e.g.*, Fed. R. Civ. P. 26(a)(2)(D).  Plaintiff objects to the definition of "COMMUNICATION" and to each Request incorporating such term as overly broad, unduly burdensome, unduly costly, and oppressive to the extent it purports to impose obligations exceeding those imposed by the Federal Rules of Civil Procedure and/or other applicable law, for example to the extent Instruction No. 1 seeks to force Plaintiff to produce duplicates or to otherwise exceed the scope of permissible discovery under the Federal Rules of Civil Procedure with respect to its limitations on electronically stored information. Instruction No. 1; Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(D) & (E); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii). Plaintiff objects to the definition of "COMMUNICATION" and to each Request incorporating the same to the extent it renders the Request duplicative and cumulative of other Requests. *See, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(1); Fed. R. Civ. P.  26(b)(2)(c)(i) & (iii).

Plaintiff objects to the definition of "COMPLAINT" and to each Request incorporating such term as overly broad, unduly burdensome, and oppressive by seeking discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff further objects to the definition and to each Request incorporating such term as overly broad, unduly burdensome, and oppressive because it seeks discovery by referencing a non-operative complaint.  Plaintiff objects to the definition and to each Request incorporating the same as seeking discovery neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeking discovery outside the scope permitted by the Federal Rules of Civil Procedure

1    and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Dkt. Nos. 1, 92, 94, 102.

2    Plaintiff further objects to the definition of "COMPLAINT" and to each Request incorporating

3    such term to the extent the Request seeks or requires a legal conclusion, assessment, or

4    determination, which will be adjudicated only by a judge and/or jury.

5           Plaintiff objects to the definition of "DEORAS DEFENDANTS" and to each Request

6    incorporating the same as overly broad, unduly burdensome, oppressive, vague, ambiguous, and

7    unintelligible because it refers to "Akshay Deoras, P.C.," which is not a party to this action and

8    the existence of which is unknown to Plaintiff.  Plaintiff further objects to the definition of

9    "DEORAS DEFENDANTS," and to each Request incorporating the same, as seeking discovery

10   outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law,

11   because it seeks discovery relating to an entity not named as a party to this action.  *See, e.g.*, Fed.

12   R. Civ. P. 26(b)(1).  Plaintiff objects to the definition of "DEORAS DEFENDANTS" and to

13   each Request incorporating the same as vague and ambiguous and as unduly burdensome and

14   oppressive to the extent it purports to have Plaintiff do Defendant's work for it and draft

15   intelligible requests referring to parties named in the action, which are known to Plaintiff.

16   Plaintiff will interpret "DEORAS DEFENDANTS" as Kirkland has defined the term and as

17   relevant to this action, Fed. R. Civ. P. 26(b)(1), i.e., to include Akshay Deoras, who is a named

18   defendant in this action, but to exclude any professional corporation named as a defendant in

19   this action because no professional corporation named as a defendant in this action is included

20   in Kirkland's definition of "DEORAS DEFENDANTS," Compl., Dkt. No. 1; Am. Compl., Dkt.

21   No. 94.

22          Plaintiff objects to the definition of "EVIDENCE" and to each Request incorporating the

23   same as overly broad, unduly burdensome, and oppressive because each such Request seeks

24   discovery that is neither relevant to any party's claim or defense nor proportional to the needs of

25   the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil

26   Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

27   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff

28

objects to the definition of "EVIDENCE" as seeking discovery that is outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. *See, e.g.*, Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(C)(iii); *see also* Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff objects to the definition of "EVIDENCE" and to each Request incorporating the same to the extent it renders Requests duplicative and cumulative of other Requests. *See, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(c)(i) & (iii). Plaintiff objects to the definition of "EVIDENCE" as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent its use in a Request seeks or purports to seek discovery not limited to the relevant time period regarding the facts at issue in this litigation. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

Plaintiff objects to the definition of "KIRKLAND" and to each Request incorporating such term to the extent it is vague, ambiguous, and unintelligible and as overly broad, unduly burdensome, and oppressive to the extent such Request seeks discovery that is privileged, not relevant, not proportional to the needs of the case.

Plaintiff objects to the definitions of "KOVALENKO," "YOU," "YOUR," and "PLAINTIFF" and to each Request incorporating any such term to the extent "KOVALENKO," "YOU," "YOUR," and "PLAINTIFF" include "any other PERSON representing her or acting on her behalf," as defined by Kirkland, because the terms "KOVALENKO," "YOU," "YOUR," and "PLAINTIFF" are vague and ambiguous to the extent such terms include "any other PERSON representing her or acting on her behalf." Plaintiff objects to each Request including

any one or more of the terms "KOVALENKO," "YOU," "YOUR," or "PLAINTIFF" as unduly burdensome, overly broad, and oppressive because such Request is vague, ambiguous, and unintelligible because the term(s) include "any other PERSON representing" Plaintiff "or acting on her behalf." *See, e.g.*, Fed. R. Civ. P. 26(b)(1). Plaintiff objects to the definitions of and use of the terms of "KOVALENKO," "YOU," "YOUR," and "PLAINTIFF" and to any Request incorporating any one or more of these terms as overly broad, unduly burdensome, and oppressive because each such Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law due to Kirkland's choice to define such terms to include "any other PERSON representing [Plaintiff] or acting on her behalf." *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E); *see also* Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B); Fed. R. Civ. P. 26(g)(3). To the extent "KOVALENKO," "YOU," "YOUR," and "PLAINTIFF" are defined to include "any other PERSON representing her or acting on her behalf," Plaintiff objects to such terms and to each Request incorporating any one or more such terms as seeking discovery that is outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff further objects to each such Request as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure to the extent the terms are defined to include "any other PERSON representing her or acting on her behalf" because such Requests seek discovery that is not in Plaintiff's possession, custody, or control or that can be obtained from some other source that is more convenient, less burdensome, or less expensive. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); 26(b)(2)(B). Plaintiff objects to the definitions of "KOVALENKO," "YOU," "YOUR," and "PLAINTIFF" and to each Request

incorporating any such term to the extent such Request would subject Plaintiff or non-parties to annoyance, embarrassment, oppression, or undue burden or expense. *See, e.g.*, Fed. R. Civ. P. 26(c)(1) & 26(b)(1).

Plaintiff objects to the definitions of "KOVALENKO", "YOU", "YOUR" and "PLAINTIFF," and "PERSON" as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent the use of any one or more of the foregoing terms in a Request seeks or purports to seek discovery not limited to the relevant time period regarding the facts at issue in this litigation. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

Plaintiff objects to the definition of "ORDINANCE" and to each Request incorporating the term as unduly burdensome, overly broad, and oppressive, and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because the term "ORDINANCE" and its definition is not directly tied to claims at issue in the litigation. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 26(b)(2)(C)(iii); Order, Dkt. No. 92; Am. Compl., Dkt. No. 94. Plaintiff objects to the definition of "ORDINANCE" and to each Request incorporating the term as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent any such Request seeks discovery not relevant to any party's claim or defense and as unduly burdensome, overly broad, and oppressive to the extent such Request seeks discovery that is relevant to an asserted claim but such sought discovery is identified by referencing claim(s) that is or are no longer asserted and thus are not at issue in the litigation. Plaintiff objects to the definition and to each Request incorporating such term as overly broad, unduly burdensome, and oppressive because it seeks discovery by referencing a non-operative complaint.

Plaintiff objects to the definition of "PERSON" and to each Request incorporating the term as unduly burdensome, overly broad, and oppressive, and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because the term "PERSON" and its definition is not directly tied to claims at issue in the litigation and the relevance of discovery sought by Kirkland and encompassed by its Requests including or incorporating the term "PERSON" and proportionality of such discovery to claims at issue is unclear.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 26(b)(2)(C)(iii); Order, Dkt. No. 92; Am. Compl., Dkt. No. 94.  Plaintiff objects to the definition of "PERSON"; to the definitions of "KOVALENKO", "YOU", "YOUR" and "PLAINTIFF," each of which Kirkland defines to mean "Plaintiff Zoya Kovalenko and any other PERSON representing her or acting on her behalf"; and to each Request incorporating any one or more of the terms "PERSON," "KOVALENKO," "YOU," "YOUR," and/or "PLAINTIFF" as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent the use of any one or more of the foregoing terms in a Request seeks or purports to seek discovery not limited to the relevant time period regarding the facts at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

Plaintiff objects to the definition of "DOCUMENT(S)" and to each Request incorporating the term as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent its use in a Request seeks or purports to seek discovery not limited to the relevant time period regarding the facts at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P.

26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.   Plaintiff objects to the definition of "DOCUMENT(S)" and to each Request incorporating the term as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent the use of the term in any such Request seeks discovery that is cumulative and/or duplicative.   Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(g).   Plaintiff objects to the definition of "DOCUMENT(S)" and to each Request incorporating the term "DOCUMENT(S)" as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent the use of the term in any such Request seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure. For example, Plaintiff objects to the definition and to each Request incorporating the term as overly broad, unduly burdensome, oppressive, and seeking discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law because subpart (a) of the definition of "DOCUMENT(S)" exceeds the scope of electronically stored information required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.   *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).   Plaintiff objects to the definition of "DOCUMENT(S)" and to each Request incorporating the term as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent any such Request seeks discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.   Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4).

Plaintiff objects to each definition, Instruction, and Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the

Federal Rules of Civil Procedure and/or other applicable law to the extent the definitions, Instructions, and/or Requests seek(s) discovery not limited to the relevant time period regarding the facts at issue in this litigation. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

Plaintiff objects to Instruction No. 1 as overly broad, unduly burdensome, and oppressive because it is vague, ambiguous, and unintelligible to the extent it is an instruction and is the first numbered paragraph under a header titled "INSTRUCTIONS" but refers to "[t]his Request" and states "this request is deemed a continuing document request." Plaintiff objects to Instruction No. 1 as overly broad, unduly burdensome, and oppressive to the extent it seeks discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it is not temporally limited or tied to the instant litigation and/or any scheduling order to be entered in the same. Plaintiff objects to Instruction No. 1 as overly broad, unduly burdensome, and oppressive to the extent it instructs "after YOUR response and production pursuant to this request, YOU later learn of or otherwise come into possession, custody, or control of additional documents called for by this request, such documents must be produced" and seeks to impose obligations on Plaintiff exceeding or supplementing those prescribed by the Federal Rules of Civil Procedure and/or other applicable law without legal authority to do so and/or to the extent it seeks to impose any obligation on any third party without legal authority to do so. For example, see above objection to definitions of "KOVALENKO," "YOU," "YOUR," and "PLAINTIFF," which definitions improperly refer to unknown, unidentified third persons in stating "'KOVALENKO', 'YOU', 'YOUR' and 'PLAINTIFF' means Plaintiff Zoya Kovalenko and any other PERSON representing her or acting on her behalf." Plaintiff objects to Instruction No. 1 to the extent it renders Requests overly broad, unduly burdensome, and/or oppressive, for example, to the extent it purports to instruct Plaintiff to produce documents unknown to Plaintiff and/or not in Plaintiff's possession

1    custody or control (e.g., if documents are known to or in the possession of some unknown third

2    party who has once represented Plaintiff or acted on Plaintiff's behalf at some unknown time.

3           Plaintiff objects to Instruction No. 1 as overly broad, unduly burdensome, and

4    oppressive to the extent it instructs "after YOUR response and production pursuant to this

5    request, YOU later learn of or otherwise come into possession, custody, or control of additional

6    documents called for by this request, such documents must be produced" and seeks to impose

7    obligations on Plaintiff exceeding or supplementing those prescribed by the Federal Rules of

8    Civil Procedure and/or other applicable law without legal authority to do so and/or to the extent

9    it seeks to impose any obligation on any third party without legal authority to do so, for example,

10   to the extent it seeks discovery that is cumulative or duplicative.  Plaintiff objects to Instruction

11   No. 1 as overly broad, unduly burdensome, and oppressive to the extent it seeks discovery

12   outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law,

13   e.g., to the extent it seeks discovery of privileged and/or otherwise-protected materials.  Plaintiff

14   objects to Instruction No. 1 as overly broad, unduly burdensome, and oppressive to the extent it

15   seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or

16   other applicable law, e.g., to the extent it purports to impose obligations exceeding those

17   imposed by the Federal Rules of Civil Procedure and/or other applicable law.  Plaintiff objects

18   to Instruction No. 1 as overly broad, unduly burdensome, and oppressive and as seeking

19   discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other

20   applicable law to the extent Instruction No. 1, as read with any one or more of the Requests,

21   seeks discovery not limited to the relevant time period regarding the facts at issue in this

22   litigation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i);

23   Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R.

24   Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

25          Plaintiff objects to Instruction No. 2 as vague, ambiguous, oppressive and unduly

26   burdensome to the extent it refers to "protected from disclosure by the attorney-client privilege,

27   work-product doctrine or any other privilege" and purports to conflate protected and privileged

28

documents and seeks to impose obligations on Plaintiff that exceed obligations prescribed by the Federal Rules of Civil Procedure and/or other applicable law (e.g., by court order), to the extent, for example, Instruction No. 2 seeks to purport to obligate Plaintiff to include on any privilege log documents protected from discovery or disclosure by a protection other than work-product protection, e.g., documents protected by privacy rights, e.g., as to medical records, or other privilege or protection not addressed by or required to be included on a privilege log per the Federal Rules of Civil Procedure.  *See, e.g.*, Fed. R. Civ. P. 26(b)(5); Fed. R. Civ. P. 34(b)(5); *see also* Fed. R. Civ. P. 26(b)(4)(D); *cf.* Fed. R. Civ. P. 26(b)(3)(A)–(B); Fed. R. Civ. P. 26(b)(4)(B)–(C).  Plaintiff objects to Instruction No. 2 as oppressive and unduly burdensome to the extent it purports to impose obligations on Plaintiff that exceed obligations prescribed by the Federal Rules of Civil Procedure and/or other applicable law (e.g., by court order), to the extent, for example, Instruction No. 2 seeks to prematurely force Plaintiff to produce a privilege log while her reasonable investigation and reasonable search for non-privileged or otherwise protected materials that are relevant and responsive to the Requests, is ongoing.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(A)–(B); Fed. R. Civ. P. 26(b)(5).  As the Court noted during its October 3, 2023 case management conference, the Court has not yet entered a scheduling order in this case. Accordingly, Plaintiff objects to this Instruction and to each Request as unduly burdensome and oppressive to the extent they request or require information or production of materials or of a privilege log prematurely or in advance of or in the absence of any date, deadline, or requirement imposed by Federal Rules of Civil Procedure and/or other applicable law, for example by court order (e.g., in a case schedule), or impose obligations exceeding those imposed by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(5)(A); Fed. R. Civ. P. 26(a)(2)(D)–(E); *see also* Fed. R. Civ. P. 26(a)(3); Fed. R. Civ. P. 26(b)(3)–(4).  Plaintiff objects to Instruction No. 2 as oppressive and unduly burdensome and as seeking discovery outside the scope permissible under Federal Rule of Civil Procedure 26 to the extent it purports to impose obligations on Plaintiff that exceed obligations prescribed by the Federal Rules of Civil Procedure and/or other applicable law, e.g., to the extent

Instruction No. 2 seeks to force Plaintiff to search for and include on a privilege log materials that are otherwise objectionable on other grounds, e.g., relevance, undue burden, or proportionality to the needs of the case. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); *see generally* Fed. R. Civ. P. 26. Plaintiff will not search for or include on a privilege log materials that are not otherwise discoverable, e.g., due to lack of relevance or of proportionality to the needs of the case. *See* Fed. R. Civ. P. 26(b)(5)(A); Fed. R. Civ. P. 26(b)(1).

Plaintiff objects to Instruction No. 2 as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent Instruction No. 2, as read with any one or more of the Requests, seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

Plaintiff objects to each definition, Instruction, and Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent the Request, when read alone and/or in light of the definitions of any defined terms used therein and/or in light of Instruction No. 1 and/or Instruction No. 2, seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

## GENERAL OBJECTIONS

Plaintiff objects to each of Defendant's Requests on the following general grounds:

1.      The Request seeks information that is not relevant to any party's claim or defense, is not material, is not reasonably calculated to lead to the discovery of admissible evidence,

1    and/or is not proportional to the needs of the case, considering the importance of the issues at

2    stake in the action, the amount in controversy, the parties' relative access to relevant

3    information, the parties' resources, the importance of the discovery in resolving the issues, and

4    whether the burden or expense of the proposed discovery outweighs its likely benefit.

5         2.       The Request is overly broad, oppressive, and/or unduly burdensome.

6         3.       The Request seeks the disclosure of protected, private, sensitive, confidential,

7    personal, medical, financial and/or business information or materials concerning Plaintiff, the

8    disclosure of which would violate the privacy of Plaintiff.

9         4.       The Request seeks the disclosure of information or materials that concerns

10   individuals or entities other than Plaintiff who are not parties to this action, the disclosure of

11   which would violate the privacy or proprietary interests of such individuals or entities.

12        5.       The Request is vague, ambiguous and/or lacks sufficient particularity so that

13   Plaintiff cannot understand what information Defendant is seeking and is unable to formulate a

14   responsive answer.

15        6.       The Request seeks the disclosure of information that is protected from disclosure

16   under the attorney-client privilege, the work-product doctrine, and/or any other applicable

17   privilege, protection, statute, rule, regulation, or common-law principle. Inadvertent

18   identification or production of any such information shall not constitute a waiver of any

19   privilege with respect to the subject matter therein and shall not waive the right of Plaintiff to

20   object to the use of any such information during the subsequent proceeding.

21        7.       The Request is not reasonably limited in time or seeks the disclosure of

22   information outside the time period relevant to the present litigation.

23        8.       The Request exceeds the permissible scope of requests for production as set forth

24   in the Federal Rules of Civil Procedure and/or Civil Local Rules.

25        9.       The Request seeks the disclosure of information already known or available to

26   Defendant that is more readily obtained by Defendant without subjecting Plaintiff to

27   unreasonable burden and expense.

28

1    10.    The Request is duplicative and cumulative of other Requests.

2    11.    The Request is premature, and Plaintiff cannot provide a full response until after

3    further discovery is conducted.

4    12.    The Request requires a legal conclusion, assessment, or determination, which

5    will be adjudicated only by a judge and/or jury.

6    13.    The Request would subject Plaintiff or non-parties to annoyance, embarrassment,

7    oppression, or undue burden or expense.

8    14.    The Request is cumulatively overbroad, oppressive, unduly burdensome, and

9    clearly designed to harass and further Defendant's vexatious litigation conduct prohibited by the

10   Federal Rules of Civil Procedure and/or other applicable law or standard(s) of professional

11   conduct.

12   **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S REQUESTS**

13   PLAINTIFF hereby responds and objects to Defendant Kirkland & Ellis LLP's Request

14   for Production of Documents to Plaintiff, Set One as follows:

15   **REQUEST FOR PRODUCTION NO. 1:**

16   All DOCUMENTS that EVIDENCE the allegations in paragraph 11 of the

17   COMPLAINT that "Plaintiff's work performance at Kirkland was excellent, and Plaintiff

18   regularly received high praise throughout her tenure at the Firm"; that "Plaintiff's first

19   assignments included drafting only winning dispositive motions in preliminary proceedings

20   before the PTAB and preparing pre-suit patent infringement analyses that persuaded the Firm

21   and a litigation funder to greenlight approval for representing an inventor in asserting

22   integrated-circuit patents with a special fee arrangement involving significant litigation

23   funding"; that "Plaintiff acted as the workhorse associate on an International Trade Commission

24   ("ITC") investigation and successfully developed and drove litigation defenses, including

25   managing and obtaining extensive third-party discovery essential to the patent unenforceability

26   and invalidity defenses"; that "Plaintiff also served as a last-minute trial replacement, during

27   which she substantively and valuably assisted with a key cross-examination of the plaintiff's

28

1  CEO that was critical in obtaining a complete defense verdict and assisted with direct
2  examination of the damages expert, while also performing considerable substantive work on the
3  aforementioned ITC investigation"; that "Plaintiff experienced a clear discrepancy in treatment
4  by Defendants relative to comparator male associates, including with respect to workload,
5  support provided for assignments, access to partners, benefits, and overall treatment".

6  **RESPONSE TO REQUEST FOR PRODUCTION 1:**

7        In addition to the foregoing General Objections, each of which is specifically
8  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
9  unduly burdensome, oppressive, and not proportional to the needs of this case and as seeking
10  discovery outside the permissible scope under the Federal Rules and/or other applicable law.
11  Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it
12  seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" statements in a specified paragraph "of the
13  COMPLAINT."

14        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
15  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
16  and/or other applicable law to the extent this Request seeks "DOCUMENT(S)" and thus seeks
17  discovery not limited to the relevant time period regarding the facts at issue in this litigation.
18  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ.
19  P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P.
20  26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.  Plaintiff objects
21  to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery
22  outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable
23  law to the extent it seeks "DOCUMENT(S)" and thus seeks discovery that is cumulative and/or
24  duplicative.  Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.
25  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(g).

26        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
27  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

28

1   and/or other applicable law to the extent it seeks "All DOCUMENTS" and thus seeks to impose

2   obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other

3   applicable law, e.g., because subpart (a) of the definition of "DOCUMENT(S)" exceeds the

4   scope of electronically stored information required to be produced under the Federal Rules of

5   Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ.

6   P. 26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ.

7   P. 34(b)(2)(D).  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R. Civ.

8   P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).

9           Plaintiff objects to this Request as seeking discovery outside the scope permissible under

10   the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks discovery

11   that is privileged and/or otherwise protected, including without limitation by attorney-client

12   privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held

13   by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

14   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

15          Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to

16   the extent it seeks all documents "that EVIDENCE" statements in a non-operative complaint

17   and seeks discovery that is neither relevant to any party's claim or defense nor proportional to

18   the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules

19   of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ.

20   P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

21          Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to

22   the extent it seeks "EVIDENCE" and thus seeks duplicative and cumulative discovery. *See, e.g.*,

23   Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(1); Fed. R. Civ. P.

24   26(b)(2)(c)(i) & (iii).    Plaintiff objects to this Request as overly broad, unduly burdensome,

25   and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

26   of Civil Procedure and/or other applicable law to the extent it seeks "EVIDENCE" and thus

27   seeks discovery not limited to the relevant time period regarding the facts at issue in this

28

litigation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive because it seeks discovery by referencing "COMPLAINT," a non-operative complaint.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request to the extent it seeks discovery that is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or proportional to the needs of the case.  Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

1   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

2   Request as this action and discovery proceeds.  Subject to the foregoing objections and to the

3   extent consistent with the same, Plaintiff will conduct a reasonable investigation and reasonable

4   search for documents as appropriate.  Plaintiff states that she is willing to meet and confer

5   regarding the scope of this Request.

6   **REQUEST FOR PRODUCTION NO. 2:**

7          All DOCUMENTS that EVIDENCE the allegations in paragraph 11 of the

8   COMPLAINT that "Plaintiff experienced a clear discrepancy in treatment by Defendants

9   relative to comparator male associates, including with respect to workload, support provided for

10  assignments, access to partners, benefits and overall treatment"; that "Plaintiff worked on and

11  substantively contributed to a number of other cases and assignments"; that Plaintiff

12  "consistently received compliments and praise on her work and was never notified of any

13  alleged performance issues, let alone provide with any notice or even any indication that

14  Defendants viewed her work as woefully deficient in every respect".

15  **RESPONSE TO REQUEST FOR PRODUCTION 2:**

16         In addition to the foregoing General Objections, each of which is specifically

17  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

18  unduly burdensome, oppressive, and not proportional to the needs of this case and as seeking

19  discovery outside the permissible scope under the Federal Rules and/or other applicable law.

20  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as

21  seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

22  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

23  duplicative of discovery sought in other Requests regarding Defendants' discriminatory and

24  retaliatory conduct, e.g., Request No. 1, which concerns the same paragraph of the non-

25  operative complaint.

26

27

28

1    Plaintiff further objects to this Request as overly broad and unduly burdensome to the

2    extent it seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" statements in a specified paragraph

3    "of the COMPLAINT."

4    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

5    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

6    and/or other applicable law to the extent this Request seeks "DOCUMENTS" and thus seeks

7    discovery not limited to the relevant time period regarding the facts at issue in this litigation.

8    Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ.

9    P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P.

10   26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.  Plaintiff objects

11   to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery

12   outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable

13   law to the extent it seeks "DOCUMENTS" and thus seeks discovery that is cumulative and/or

14   duplicative.  Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

15   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(g).

16   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

17   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

18   and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and thus seeks to

19   impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or

20   other applicable law, e.g., because subpart (a) of the definition of "DOCUMENT(S)" exceeds

21   the scope of electronically stored information required to be produced under the Federal Rules

22   of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

23   Civ. P. 26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R.

24   Civ. P. 34(b)(2)(D).  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R.

25   Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).

26   Plaintiff objects to this Request as seeking discovery outside the scope permissible under

27   the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks discovery

28

1  that is privileged and/or otherwise protected, including without limitation by attorney-client

2  privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held

3  by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

4  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

5       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to

6  the extent it seeks all documents "that EVIDENCE" statements in a non-operative complaint

7  and seeks discovery that is neither relevant to any party's claim or defense nor proportional to

8  the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules

9  of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ.

10 P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

11      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to

12 the extent it seeks "EVIDENCE" and thus seeks duplicative and cumulative discovery. *See, e.g.*,

13 Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(1); Fed. R. Civ. P.

14 26(b)(2)(c)(i) & (iii).    Plaintiff objects to this Request as overly broad, unduly burdensome,

15 and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

16 of Civil Procedure and/or other applicable law to the extent it seeks "EVIDENCE" and thus

17 seeks discovery not limited to the relevant time period regarding the facts at issue in this

18 litigation. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i);

19 Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R.

20 Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

21      Plaintiff further objects to this Request as overly broad, unduly burdensome, and

22 oppressive because it seeks discovery by referencing "COMPLAINT," a non-operative

23 complaint.

24      Plaintiff further objects to this Request as overly broad, unduly burdensome, and

25 oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

26 outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

27

28

1   possession, custody, or control; and/or that is or should be available to Defendant and more

2   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

3       Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's

4   legal contentions, and/or the disclosure of expert opinion and testimony in advance of any

5   deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules

6   of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court

7   has not yet entered a scheduling order in this case.

8       Plaintiff further objects to this Request to the extent it seeks discovery that is not

9   relevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or

10  proportional to the needs of the case.  Plaintiff also objects to this Request to the extent it seeks

11  information that is protected by the attorney-client privilege, that constitutes attorney work

12  product, or that is protected by any other applicable privilege or protection, including without

13  limitation the psychotherapist-patient privilege or protections arising from privacy right(s).

14      Subject to and without waiver of these objections and Plaintiff's General Objections,

15  Plaintiff responds as follows:

16      The Court has not yet entered a scheduling order in this case; the Court has not set a date

17  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

18  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

19  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

20  Request as this action and discovery proceeds.  Subject to the foregoing objections and to the

21  extent consistent with the same, Plaintiff will conduct a reasonable investigation and reasonable

22  search for documents as appropriate.  Plaintiff states that she is willing to meet and confer

23  regarding the scope of this Request.

24  **REQUEST FOR PRODUCTION NO. 3:**

25      All DOCUMENTS that EVIDENCE the allegation in paragraph 12 of the COMPLAINT

26  that Plaintiff "witnessed obvious disparity in treatment relative to male associates, and

27  Defendants subjected Plaintiff to a pattern of discriminatory and subsequently retaliatory

28

1  treatment, including, among other things, with respect to workload, employee benefits and pay,

2  junior associate support and assistance on assignments, accessibility to partners, and respect for

3  scheduled time off".

4  **RESPONSE TO REQUEST FOR PRODUCTION 3:**

5       In addition to the foregoing General Objections, each of which is specifically

6  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

7  unduly burdensome, oppressive, and not proportional to the needs of this case and as seeking

8  discovery outside the permissible scope under the Federal Rules and/or other applicable law.

9  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as

10  seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

11  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

12  duplicative of discovery sought in other Requests regarding Defendants' discriminatory and

13  retaliatory conduct, e.g., Requests Nos. 1–2.

14       Plaintiff further objects to this Request as overly broad and unduly burdensome to the

15  extent it seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" statements in a specified paragraph

16  "of the COMPLAINT."

17       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

18  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

19  and/or other applicable law to the extent this Request seeks "DOCUMENTS" and thus seeks

20  discovery not limited to the relevant time period regarding the facts at issue in this litigation.

21  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ.

22  P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P.

23  26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.  Plaintiff objects

24  to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery

25  outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable

26  law to the extent it seeks "DOCUMENTS" and thus seeks discovery that is cumulative and/or

27

28

duplicative.  Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(g).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and thus seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., because subpart (a) of the definition of "DOCUMENT(S)" exceeds the scope of electronically stored information required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).

Plaintiff objects to this Request as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks all documents "that EVIDENCE" statements in a non-operative complaint and seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "EVIDENCE" and thus seeks duplicative and cumulative discovery. *See, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(1); Fed. R. Civ. P.

26(b)(2)(c)(i) & (iii).   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "EVIDENCE" and thus seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive because it seeks discovery by referencing "COMPLAINT," a non-operative complaint.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as premature, and Plaintiff cannot provide a full response until after further discovery is conducted.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request to the extent it seeks discovery that is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or proportional to the needs of the case.  Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).

1   Subject to and without waiver of these objections and Plaintiff's General Objections,

2   Plaintiff responds as follows:

3   The Court has not yet entered a scheduling order in this case; the Court has not set a date

4   for the close of discovery.   Plaintiff's reasonable investigation and reasonable search for

5   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

6   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

7   Request as this action and discovery proceeds.   Subject to the foregoing objections and to the

8   extent consistent with the same, Plaintiff will conduct a reasonable investigation and reasonable

9   search for documents as appropriate.   Plaintiff states that she is willing to meet and confer

10  regarding the scope of this Request.

11  **REQUEST FOR PRODUCTION NO. 4:**

12  All DOCUMENTS that EVIDENCE the allegation in paragraph 13 of the COMPLAINT

13  that KIRKLAND'S "[IP litigation group] produced an alarmingly high turnover of female

14  associates relative to male associates."

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

16  In addition to the foregoing General Objections, each of which is specifically

17  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

18  unduly burdensome, oppressive, and not proportional to the needs of this case and as seeking

19  discovery outside the permissible scope under the Federal Rules and/or other applicable law.

20  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as

21  seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

22  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

23  duplicative of discovery sought in other Requests regarding Defendants' discriminatory conduct.

24  Plaintiff further objects to this Request as overly broad and unduly burdensome to the

25  extent it seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" statements in a specified paragraph

26  "of the COMPLAINT."   Plaintiff objects to this Request as overly broad, unduly burdensome,

27  and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

28

of Civil Procedure and/or other applicable law to the extent this Request seeks "DOCUMENTS" and thus seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.    Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "DOCUMENTS" and thus seeks discovery that is cumulative and/or duplicative.   Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(g).   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and thus seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., because subpart (a) of the definition of "DOCUMENT(S)" exceeds the scope of electronically stored information required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.   *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);   Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).   *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);   Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).

Plaintiff objects to this Request as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.   Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

1

2

3

4

5

6

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks all documents "that EVIDENCE" statements in a non-operative complaint and seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

7

8

9

10

11

12

13

14

15

16

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "EVIDENCE" and thus seeks duplicative and cumulative discovery. *See, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(1); Fed. R. Civ. P. 26(b)(2)(c)(i) & (iii).   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "EVIDENCE" and thus seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

17

18

19

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive because it seeks discovery by referencing "the COMPLAINT," a non-operative complaint.

20

21

22

23

24

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

25

26

27

Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules

28

of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request to the extent it seeks discovery that is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or proportional to the needs of the case.  Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceeds.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable investigation and reasonable search for documents as appropriate.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 13 of the COMPLAINT that "Plaintiff is aware of at least seven female associates who worked for the Defendants named above and who left the Firm during Plaintiff's short tenure at Kirkland" and that "Plaintiff is aware of only one male associate who had worked with these Defendants and left the Firm during the same period".

**RESPONSE TO REQUEST FOR PRODUCTION 5:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

1  unduly burdensome, oppressive, and not proportional to the needs of this case and as seeking

2  discovery outside the permissible scope under the Federal Rules and/or other applicable law.

3  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as

4  seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

5  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

6  duplicative of discovery sought in other Requests regarding Defendants' discriminatory conduct,

7  e.g., Request No. 4.

8          Plaintiff further objects to this Request as overly broad and unduly burdensome to the

9  extent it seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" statements in a specified paragraph

10  "of the COMPLAINT."  Plaintiff objects to this Request as overly broad, unduly burdensome,

11  and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

12  of Civil Procedure and/or other applicable law to the extent this Request seeks "DOCUMENTS"

13  and thus seeks discovery not limited to the relevant time period regarding the facts at issue in

14  this litigation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.

15  26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P.

16  26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed.

17  R. Civ. P. 26.  Plaintiff objects to this Request as overly broad, unduly burdensome, and

18  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

19  Civil Procedure and/or other applicable law to the extent it seeks "DOCUMENTS" and thus

20  seeks discovery that is cumulative and/or duplicative.  Fed. R. Civ. P. 26(b)(2)(C)(i); *see also,*

21  *e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(g).  Plaintiff

22  objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking

23  discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other

24  applicable law to the extent it seeks "[a]ll DOCUMENTS" and thus seeks to impose obligations

25  exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law,

26  e.g., because subpart (a) of the definition of "DOCUMENT(S)" exceeds the scope of

27  electronically stored information required to be produced under the Federal Rules of Civil

28

1    Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.

2    26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P.

3    34(b)(2)(D).  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R. Civ. P.

4    26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).

5           Plaintiff objects to this Request as seeking discovery outside the scope permissible under

6    the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks discovery

7    that is privileged and/or otherwise protected, including without limitation by attorney-client

8    privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held

9    by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

10   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

11          Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to

12   the extent it seeks all documents "that EVIDENCE" statements in a non-operative complaint

13   and seeks discovery that is neither relevant to any party's claim or defense nor proportional to

14   the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules

15   of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ.

16   P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

17          Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to

18   the extent it seeks "EVIDENCE" and thus seeks duplicative and cumulative discovery. *See, e.g.*,

19   Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(1); Fed. R. Civ. P.

20   26(b)(2)(c)(i) & (iii).    Plaintiff objects to this Request as overly broad, unduly burdensome,

21   and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

22   of Civil Procedure and/or other applicable law to the extent it seeks "EVIDENCE" and thus

23   seeks discovery not limited to the relevant time period regarding the facts at issue in this

24   litigation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i);

25   Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R.

26   Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

27

28

1    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

2    oppressive because it seeks discovery by referencing "the COMPLAINT," a non-operative

3    complaint.

4    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

6    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

7    possession, custody, or control; and/or that is or should be available to Defendant and more

8    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9    Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's

10   legal contentions, and/or the disclosure of expert opinion and testimony in advance of any

11   deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules

12   of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court

13   has not yet entered a scheduling order in this case.

14   Plaintiff further objects to this Request to the extent it seeks discovery that is not

15   relevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or

16   proportional to the needs of the case.  Plaintiff also objects to this Request to the extent it seeks

17   information that is protected by the attorney-client privilege, that constitutes attorney work

18   product, or that is protected by any other applicable privilege or protection, including without

19   limitation the psychotherapist-patient privilege or protections arising from privacy right(s).

20   Subject to and without waiver of these objections and Plaintiff's General Objections,

21   Plaintiff responds as follows:

22   The Court has not yet entered a scheduling order in this case; the Court has not set a date

23   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

24   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

25   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

26   Request as this action and discovery proceeds.  Subject to the foregoing objections and to the

27   extent consistent with the same, Plaintiff will conduct a reasonable investigation and reasonable

28

search for documents as appropriate.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 14 of the COMPLAINT that "Plaintiff complained on multiple occasions of Defendants' disparate and unfair treatment of Plaintiff, including as compared to male associates working on the same matters, and thereafter Defendants retaliated against Plaintiff."

**RESPONSE TO REQUEST FOR PRODUCTION 6:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, oppressive, and not proportional to the needs of this case and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law. Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests regarding Defendants' discriminatory, retaliatory, and harassing conduct and Defendants' discriminatory, retaliatory, defamatory, malicious evaluations of Plaintiff.

Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" statements in a specified paragraph "of the COMPLAINT." Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks "DOCUMENTS" and thus seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed.

R. Civ. P. 26. Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "DOCUMENTS" and thus seeks discovery that is cumulative and/or duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(g). Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and thus seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., because subpart (a) of the definition of "DOCUMENT(S)" exceeds the scope of electronically stored information required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).

Plaintiff objects to this Request as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks all documents "that EVIDENCE" statements in a non-operative complaint and seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "EVIDENCE" and thus seeks duplicative and cumulative discovery. *See, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(c)(i) & (iii). Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "EVIDENCE" and thus seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive because it seeks discovery by referencing "the COMPLAINT," a non-operative complaint.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as premature, and Plaintiff cannot provide a full response until after further discovery is conducted. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request to the extent it seeks discovery that is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or proportional to the needs of the case. Plaintiff also objects to this Request to the extent it seeks

information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceeds.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable investigation and reasonable search for documents as appropriate.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 16 of the COMPLAINT that "Mr. Deoras acknowledged that Plaintiff would be shocked about the firing, told Plaintiff that she is 'talented,' and expressed certainty that she would be successful".

**RESPONSE TO REQUEST FOR PRODUCTION 7:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, oppressive, and not proportional to the needs of this case and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law. Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests regarding Defendants' discriminatory and retaliatory conduct.

Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" statements in a specified paragraph "of the COMPLAINT."  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks "DOCUMENTS" and thus seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "DOCUMENTS" and thus seeks discovery that is cumulative and/or duplicative.  Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(g).  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and thus seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., because subpart (a) of the definition of "DOCUMENT(S)" exceeds the scope of electronically stored information required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).

Plaintiff objects to this Request as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks discovery that is privileged and/or otherwise protected, including without limitation by attorney-client

privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks all documents "that EVIDENCE" statements in a non-operative complaint and seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "EVIDENCE" and thus seeks duplicative and cumulative discovery. *See, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(c)(i) & (iii). Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "EVIDENCE" and thus seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive because it seeks discovery by referencing "the COMPLAINT," a non-operative complaint.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

1      Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's

2 legal contentions, and/or the disclosure of expert opinion and testimony in advance of any

3 deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules

4 of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court

5 has not yet entered a scheduling order in this case.

6      Plaintiff further objects to this Request to the extent it seeks discovery that is not

7 relevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or

8 proportional to the needs of the case.  Plaintiff also objects to this Request to the extent it seeks

9 information that is protected by the attorney-client privilege, that constitutes attorney work

10 product, or that is protected by any other applicable privilege or protection, including without

11 limitation the psychotherapist-patient privilege or protections arising from privacy right(s).

12      Subject to and without waiver of these objections and Plaintiff's General Objections,

13 Plaintiff responds as follows:

14      The Court has not yet entered a scheduling order in this case; the Court has not set a date

15 for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

16 responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

17 and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

18 Request as this action and discovery proceeds.  Subject to the foregoing objections and to the

19 extent consistent with the same, Plaintiff states that she has already produced material

20 responsive to this Request and that she will conduct a reasonable investigation and reasonable

21 search for documents as appropriate.  Plaintiff states that she is willing to meet and confer

22 regarding the scope of this Request.

23 **REQUEST FOR PRODUCTION NO. 8:**

24      All DOCUMENTS that EVIDENCE the allegation in paragraph 17 of the COMPLAINT

25 that "Defendants intentionally withheld and hid from Plaintiff the completely fabricated

26 statements in their 'evaluations' regarding Plaintiff's work that served as the underlying support

27

28

1   for the poor performance basis for Plaintiff's termination knowing full well that upon notice of

2   this information Plaintiff would rebuff such falsehoods and not sign the severance offer".

3   **RESPONSE TO REQUEST FOR PRODUCTION 8:**

4           In addition to the foregoing General Objections, each of which is specifically

5   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

6   unduly burdensome, oppressive, and not proportional to the needs of this case and as seeking

7   discovery outside the permissible scope under the Federal Rules and/or other applicable law.

8   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as

9   seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

10  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

11  duplicative of discovery sought in other Requests regarding Defendants' discriminatory,

12  retaliatory, and harassing conduct and Defendants' discriminatory, retaliatory, defamatory,

13  malicious evaluations of Plaintiff.

14          Plaintiff further objects to this Request as overly broad and unduly burdensome to the

15  extent it seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" statements in a specified paragraph

16  "of the COMPLAINT."  Plaintiff objects to this Request as overly broad, unduly burdensome,

17  and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

18  of Civil Procedure and/or other applicable law to the extent this Request seeks "DOCUMENTS"

19  and thus seeks discovery not limited to the relevant time period regarding the facts at issue in

20  this litigation.   Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.

21  26(b)(2)(C)(i);  Fed. R. Civ. P. 26(b)(2)(C)(i);  Fed. R. Civ. P. 26(c)(1);  Fed. R. Civ. P.

22  26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed.

23  R. Civ. P. 26.  Plaintiff objects to this Request as overly broad, unduly burdensome, and

24  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

25  Civil Procedure and/or other applicable law to the extent it seeks "DOCUMENTS" and thus

26  seeks discovery that is cumulative and/or duplicative.  Fed. R. Civ. P. 26(b)(2)(C)(i); *see also,*

27  *e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(g).  Plaintiff

28

objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and thus seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., because subpart (a) of the definition of "DOCUMENT(S)" exceeds the scope of electronically stored information required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).

Plaintiff objects to this Request as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks all documents "that EVIDENCE" statements in a non-operative complaint and seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "EVIDENCE" and thus seeks duplicative and cumulative discovery. *See, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(1); Fed. R. Civ. P. 26(b)(2)(c)(i) & (iii).    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

of Civil Procedure and/or other applicable law to the extent it seeks "EVIDENCE" and thus seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive because it seeks discovery by referencing "the COMPLAINT," a non-operative complaint.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as premature, and Plaintiff cannot provide a full response until after further discovery is conducted. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request to the extent it seeks discovery that is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or proportional to the needs of the case. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

1        The Court has not yet entered a scheduling order in this case; the Court has not set a date

2   for the close of discovery.   Plaintiff's reasonable investigation and reasonable search for

3   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

4   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

5   Request as this action and discovery proceeds.   Subject to the foregoing objections and to the

6   extent consistent with the same, Plaintiff will conduct a reasonable investigation and reasonable

7   search for documents as appropriate.   Plaintiff states that she is willing to meet and confer

8   regarding the scope of this Request.

9

10   **REQUEST FOR PRODUCTION NO. 9:**

11        All DOCUMENTS that EVIDENCE the allegations in paragraph 18 that "Plaintiff had

12   several one-sided discussions with the Firm's chief human resources ("HR") officer and

13   assistant general counsel regarding Defendants' Unlawful Employment Practices, during which

14   Plaintiff provided information regarding her claims against the Firm"; that "both the chief HR

15   officer and assistant general counsel of Kirkland expressed dismay when Plaintiff told them that

16   her "evaluations" had been read to her by (now-erstwhile) Firm personnel"; and that "the

17   assistant general counsel claimed to have conducted a purported 'investigation' based on

18   Defendants' 'recollections' and reiterated that Plaintiff's termination was because of Plaintiff's

19   allegedly poor performance".

20   **RESPONSE TO REQUEST FOR PRODUCTION 9:**

21        Subject to and without waiving these or any other applicable objections, Plaintiff states

22   that she will produce all relevant, responsive, non-privileged documents in her possession,

23   custody, or control.

24        In addition to the foregoing General Objections, each of which is specifically

25   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

26   unduly burdensome, oppressive, and not proportional to the needs of this case and as seeking

27   discovery outside the permissible scope under the Federal Rules and/or other applicable law.

28

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests regarding Defendants' discriminatory and retaliatory conduct and Defendants' discriminatory, retaliatory, defamatory, malicious evaluations of Plaintiff.

Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" statements in a specified paragraph "of the COMPLAINT." Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks "DOCUMENTS" and thus seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26. Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "DOCUMENTS" and thus seeks discovery that is cumulative and/or duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(g). Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and thus seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., because subpart (a) of the definition of "DOCUMENT(S)" exceeds the scope of electronically stored information required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.

26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).

Plaintiff objects to this Request as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks all documents "that EVIDENCE" statements in a non-operative complaint and seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "EVIDENCE" and thus seeks duplicative and cumulative discovery. *See, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(1); Fed. R. Civ. P. 26(b)(2)(c)(i) & (iii).    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "EVIDENCE" and thus seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

1    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

2    oppressive because it seeks discovery by referencing "the COMPLAINT," a non-operative

3    complaint.

4    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

6    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

7    possession, custody, or control; and/or that is or should be available to Defendant and more

8    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9    Plaintiff further objects to this Request as premature, and Plaintiff cannot provide a full

10   response until after further discovery is conducted.  Plaintiff further objects to this Request as

11   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

12   opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

13   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

14   agreement among the parties.  The Court has not yet entered a scheduling order in this case.

15   Plaintiff further objects to this Request to the extent it seeks discovery that is not

16   relevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or

17   proportional to the needs of the case.  Plaintiff also objects to this Request to the extent it seeks

18   information that is protected by the attorney-client privilege, that constitutes attorney work

19   product, or that is protected by any other applicable privilege or protection, including without

20   limitation the psychotherapist-patient privilege or protections arising from privacy right(s).

21   Subject to and without waiver of these objections and Plaintiff's General Objections,

22   Plaintiff responds as follows:

23   The Court has not yet entered a scheduling order in this case; the Court has not set a date

24   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

25   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

26   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

27   Request as this action and discovery proceeds.  Subject to the foregoing objections and to the

28

extent consistent with the same, Plaintiff will conduct a reasonable investigation and reasonable search for documents as appropriate.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 23 of the COMPLAINT that "Adam Alper acted as an agent and/or authorized representative of and/or formed a partnership, association, joint venture, agency, and/or other instrumentality with Adam R. Alper, P.C. and/or Kirkland".

**RESPONSE TO REQUEST FOR PRODUCTION 10:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, oppressive, and not proportional to the needs of this case and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" statements in a specified paragraph "of the COMPLAINT."  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks "DOCUMENTS" and thus seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.   Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "DOCUMENTS" and thus seeks discovery that is cumulative and/or duplicative.  Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(g).  Plaintiff

objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and thus seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., because subpart (a) of the definition of "DOCUMENT(S)" exceeds the scope of electronically stored information required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks all documents "that EVIDENCE" statements in a non-operative complaint and seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "EVIDENCE" and thus seeks duplicative and cumulative discovery. *See, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(1); Fed. R. Civ. P. 26(b)(2)(c)(i) & (iii).    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "EVIDENCE" and thus seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

PL.'S OBJECS. & RESPS. TO KIRKLAND'S
1ST SET OF REQS. FOR PRODUC.

50

NO. 4:22-CV-05990-HSG (TSH)

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive because it seeks discovery by referencing "the COMPLAINT," a non-operative complaint.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request to the extent it seeks discovery that is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or proportional to the needs of the case. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceeds. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable investigation and reasonable

1    search for documents as appropriate.  Plaintiff states that she is willing to meet and confer
2    regarding the scope of this Request. Plaintiff has already produced material responsive to this
3    Request.

4    **REQUEST FOR PRODUCTION NO. 11:**

5         All DOCUMENTS that EVIDENCE the allegation in paragraph 26 of the COMPLAINT
6    that "Michael De Vries acted as an agent and/or authorized representative of and/or formed a
7    partnership, association, joint venture, agency, and/or other instrumentality with Michael W.
8    DeVries, P.C. and/or Kirkland".

9    **RESPONSE TO REQUEST FOR PRODUCTION 11:**

10        In addition to the foregoing General Objections, each of which is specifically
11   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
12   unduly burdensome, oppressive, and not proportional to the needs of this case and as seeking
13   discovery outside the permissible scope under the Federal Rules and/or other applicable law.

14        Plaintiff further objects to this Request as overly broad and unduly burdensome to the
15   extent it seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" statements in a specified paragraph
16   "of the COMPLAINT."  Plaintiff objects to this Request as overly broad, unduly burdensome,
17   and oppressive and as seeking discovery outside the scope permissible under the Federal Rules
18   of Civil Procedure and/or other applicable law to the extent this Request seeks "DOCUMENTS"
19   and thus seeks discovery not limited to the relevant time period regarding the facts at issue in
20   this litigation.   Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.
21   26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P.
22   26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed.
23   R. Civ. P. 26.  Plaintiff objects to this Request as overly broad, unduly burdensome, and
24   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
25   Civil Procedure and/or other applicable law to the extent it seeks "DOCUMENTS" and thus
26   seeks discovery that is cumulative and/or duplicative.  Fed. R. Civ. P. 26(b)(2)(C)(i); *see also,*
27   *e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(g).  Plaintiff

28

objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and thus seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., because subpart (a) of the definition of "DOCUMENT(S)" exceeds the scope of electronically stored information required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks all documents "that EVIDENCE" statements in a non-operative complaint and seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "EVIDENCE" and thus seeks duplicative and cumulative discovery. *See, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(1); Fed. R. Civ. P. 26(b)(2)(c)(i) & (iii).    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "EVIDENCE" and thus seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

1    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

2    oppressive because it seeks discovery by referencing "the COMPLAINT," a non-operative

3    complaint.

4    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

6    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

7    possession, custody, or control; and/or that is or should be available to Defendant and more

8    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9    Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's

10   legal contentions, and/or the disclosure of expert opinion and testimony in advance of any

11   deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules

12   of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court

13   has not yet entered a scheduling order in this case.

14   Plaintiff further objects to this Request to the extent it seeks discovery that is not

15   relevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or

16   proportional to the needs of the case.  Plaintiff also objects to this Request to the extent it seeks

17   information that is protected by the attorney-client privilege, that constitutes attorney work

18   product, or that is protected by any other applicable privilege or protection, including without

19   limitation the psychotherapist-patient privilege or protections arising from privacy right(s).

20   Subject to and without waiver of these objections and Plaintiff's General Objections,

21   Plaintiff responds as follows:

22   The Court has not yet entered a scheduling order in this case; the Court has not set a date

23   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

24   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

25   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

26   Request as this action and discovery proceeds.  Subject to the foregoing objections and to the

27   extent consistent with the same, Plaintiff will conduct a reasonable investigation and reasonable

28

search for documents as appropriate.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request. Plaintiff has already produced material responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 29 of the COMPLAINT that "Akshay Deoras acted as an agent and/or authorized representative of and/or formed a partnership, association, joint venture, agency, and/or other instrumentality with Akshay S. Deoras, P.C. and/or Kirkland".

**RESPONSE TO REQUEST FOR PRODUCTION 12:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, oppressive, and not proportional to the needs of this case and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" statements in a specified paragraph "of the COMPLAINT."  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks "DOCUMENTS" and thus seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.   Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "DOCUMENTS" and thus seeks discovery that is cumulative and/or duplicative.  Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(g).  Plaintiff

objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and thus seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., because subpart (a) of the definition of "DOCUMENT(S)" exceeds the scope of electronically stored information required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks all documents "that EVIDENCE" statements in a non-operative complaint and seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "EVIDENCE" and thus seeks duplicative and cumulative discovery. *See, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(1); Fed. R. Civ. P. 26(b)(2)(c)(i) & (iii).   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "EVIDENCE" and thus seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

1
2
3

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive because it seeks discovery by referencing "the COMPLAINT," a non-operative complaint.

4
5
6
7
8

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9
10
11
12
13

Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

14
15
16
17
18
19

Plaintiff further objects to this Request to the extent it seeks discovery that is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or proportional to the needs of the case.  Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).

20
21

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

22
23
24
25
26
27

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceeds.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable investigation and reasonable

28

search for documents as appropriate.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request. Plaintiff has already produced material responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 32 of the COMPLAINT that "Leslie Schmidt acted as an agent and/or authorized representative of and/or formed a partnership, association, joint venture, agency, and/or other instrumentality with Leslie M. Schmidt, P.C. and/or Kirkland".

**RESPONSE TO REQUEST FOR PRODUCTION 13:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, oppressive, and not proportional to the needs of this case and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" statements in a specified paragraph "of the COMPLAINT."  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks "DOCUMENTS" and thus seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.   Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "DOCUMENTS" and thus seeks discovery that is cumulative and/or duplicative.  Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(g).  Plaintiff

1    objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking

2    discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other

3    applicable law to the extent it seeks "[a]ll DOCUMENTS" and thus seeks to impose obligations

4    exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law,

5    e.g., because subpart (a) of the definition of "DOCUMENT(S)" exceeds the scope of

6    electronically stored information required to be produced under the Federal Rules of Civil

7    Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.

8    26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P.

9    34(b)(2)(D).  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R. Civ. P.

10   26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).

11        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to

12   the extent it seeks all documents "that EVIDENCE" statements in a non-operative complaint

13   and seeks discovery that is neither relevant to any party's claim or defense nor proportional to

14   the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules

15   of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ.

16   P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

17        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to

18   the extent it seeks "EVIDENCE" and thus seeks duplicative and cumulative discovery. *See, e.g.*,

19   Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(1); Fed. R. Civ. P.

20   26(b)(2)(c)(i) & (iii).    Plaintiff objects to this Request as overly broad, unduly burdensome,

21   and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

22   of Civil Procedure and/or other applicable law to the extent it seeks "EVIDENCE" and thus

23   seeks discovery not limited to the relevant time period regarding the facts at issue in this

24   litigation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i);

25   Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R.

26   Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

27

28

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because this Request seeks discovery by referencing "the COMPLAINT," a non-operative complaint, and seeking discovery regarding a statement in the same regarding Leslie Schmidt and Leslie M. Schmidt, P.C., who were dismissed by this Court as parties to this action.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request to the extent it seeks discovery that is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or proportional to the needs of the case. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceeds.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable investigation and reasonable search for documents as appropriate.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request. Plaintiff has already produced material responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 34 of the COMPLAINT that "even so-called 'non-share partners' make capital contributions in exchange for equity in Kirkland"; and that "Mr. Fahey acted as an agent of Kirkland".

**RESPONSE TO REQUEST FOR PRODUCTION 14:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, oppressive, and not proportional to the needs of this case and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as seeking information that is not relevant to any party's claim or defense, is not material, is not reasonably calculated to lead to the discovery of admissible evidence, and/or is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" statements in a specified paragraph "of the COMPLAINT."  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks "DOCUMENTS"

1    and thus seeks discovery not limited to the relevant time period regarding the facts at issue in

2    this litigation.   Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.

3    26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P.

4    26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed.

5    R. Civ. P. 26.   Plaintiff objects to this Request as overly broad, unduly burdensome, and

6    oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

7    Civil Procedure and/or other applicable law to the extent it seeks "DOCUMENTS" and thus

8    seeks discovery that is cumulative and/or duplicative.   Fed. R. Civ. P. 26(b)(2)(C)(i); *see also,*

9    *e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(g).   Plaintiff

10   objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking

11   discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other

12   applicable law to the extent it seeks "[a]ll DOCUMENTS" and thus seeks to impose obligations

13   exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law,

14   e.g., because subpart (a) of the definition of "DOCUMENT(S)" exceeds the scope of

15   electronically stored information required to be produced under the Federal Rules of Civil

16   Procedure and/or other applicable law.   *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.

17   26(b)(2)(C);  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P.

18   34(b)(2)(D).  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C);  Fed. R. Civ. P.

19   26(b)(1); Fed. R. Civ. P. 34(b)(2)(E); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).

20           Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to

21   the extent it seeks all documents "that EVIDENCE" statements in a non-operative complaint

22   and seeks discovery that is neither relevant to any party's claim or defense nor proportional to

23   the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules

24   of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ.

25   P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

26           Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive to

27   the extent it seeks "EVIDENCE" and thus seeks duplicative and cumulative discovery. *See, e.g.*,

28

Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(1); Fed. R. Civ. P. 26(b)(2)(c)(i) & (iii).    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "EVIDENCE" and thus seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because this Request seeks discovery by referencing "the COMPLAINT," a non-operative complaint.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request to the extent it seeks discovery that is not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or proportional to the needs of the case.  Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work

1   product, or that is protected by any other applicable privilege or protection, including without

2   limitation the psychotherapist-patient privilege or protections arising from privacy right(s).

3        Subject to and without waiver of these objections and Plaintiff's General Objections,

4   Plaintiff responds as follows:

5        The Court has not yet entered a scheduling order in this case; the Court has not set a date

6   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

7   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

8   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

9   Request as this action and discovery proceeds.  Subject to the foregoing objections and to the

10  extent consistent with the same, Plaintiff will conduct a reasonable investigation and reasonable

11  search for documents as appropriate.  Plaintiff states that she is willing to meet and confer

12  regarding the scope of this Request. Plaintiff has already produced material responsive to this

13  Request.

14  **REQUEST FOR PRODUCTION NO. 15:**

15       All DOCUMENTS that EVIDENCE the allegation in paragraph 37 of the COMPLAINT

16  that "Plaintiff received a right-to-sue ("RTS") letter from the DFEH on February 11, 2021" and

17  that "[d]espite Plaintiff requesting the [notice of right to sue] from and diligently following up

18  with the EEOC many times, including by uploading correspondence to its portal, by email, by

19  telephone, and by going to the field office to which the Charge was transferred, the EEOC has

20  failed to provide Plaintiff with the NRTS".

21  **RESPONSE TO REQUEST FOR PRODUCTION 15:**

22       In addition to the foregoing General Objections, each of which is specifically

23  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

24  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

25  calculated to lead to the discovery of admissible evidence and that is not proportional to the

26  needs of this case, and as seeking discovery outside the permissible scope under the Federal

27  Rules and/or other applicable law.

28

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

1   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

2   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

3   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

4   stored information from sources that are not reasonably accessible because of undue burden or

5   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

6   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

7   and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

8   the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that

9   are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.

10  R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff

11  objects to this Request to the extent it seeks production of electronically stored information in

12  more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*

13  *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

14  Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

15  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

16  graphic material, however produced or reproduced and all other tangible objects, including, but

17  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

18  specified means] or other means" "and all drafts and summaries thereof" "and any

19  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

20  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

21  produced" where "a document was prepared and several copies were made or if additional

22  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

23  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

24  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

25  defendants' possession, custody, or control; and/or are or should be available to Defendant and

26  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

27  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

28

relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

1  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

2  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

3  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

4  and government and government agency of every nature or type"; and/or to the extent this

5  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

6  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

7  envelopes, explanatory notes or memoranda, and any other material that accompanied the

8  document(s)" and "[i]f the specific document elicited a response, that response is also to be

9  identified and produced" and "[i]f the document was itself a response, the document to which it

10  responded is also to be identified and produced."

11       Plaintiff intends to produce electronically stored information in a reasonably usable form.

12       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

13  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

14  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

15  possession, custody, or control; and/or that is or should be available to Defendant and more

16  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

17       Plaintiff objects to this Request as seeking discovery outside the scope permitted under

18  the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

19  privileged and/or otherwise protected, including without limitation by attorney-client privilege,

20  psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

21  Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

22  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

23  Plaintiff also objects to this Request to the extent it seeks information that is protected by the

24  attorney-client privilege, that constitutes attorney work product, or that is protected by any other

25  applicable privilege or protection, including without limitation the psychotherapist-patient

26  privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

27  overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

28

1  cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

2  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

3  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

4  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

5  agreement among the parties.  The Court has not yet entered a scheduling order in this case.

6  Plaintiff further objects to this Request as overly broad, unduly burdensome, and

7  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

8  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

9  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

10  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

11  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

12  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

13  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

14  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

15  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

16  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

17  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

18  seeks discovery not limited to the relevant time period regarding the facts at issue in this

19  litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

20  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

21  Plaintiff further objects to this Request as premature to the extent Plaintiff cannot

22  provide a full response until after further discovery is conducted.

23  Plaintiff further objects to this Request to the extent it requires a legal conclusion,

24  assessment, or determination, which will be adjudicated only by a judge and/or jury.

25  Subject to and without waiver of these objections and Plaintiff's General Objections,

26  Plaintiff responds as follows:

27

28

1    The Court has not yet entered a scheduling order in this case; the Court has not set a date

2    for the close of discovery.   Plaintiff's reasonable investigation and reasonable search for

3    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

4    and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

5    Request as this action and discovery proceed.   Subject to the foregoing objections and to the

6    extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

7    documents as appropriate and, as discovery proceeds, will produce, before the close of

8    discovery in accordance with any scheduling order that the Court will issue in this case,

9    responsive and relevant documents that are neither privileged nor otherwise protected, are

10   within Plaintiff's possession, custody and control, are reasonably accessible, and are located

11   from Plaintiff's reasonable search, to the extent any such documents exist.   Plaintiff states that

12   she is willing to meet and confer regarding the scope of this Request.

13   **REQUEST FOR PRODUCTION NO. 16:**

14   All DOCUMENTS that EVIDENCE the allegations in paragraph 62 that "Plaintiff

15   would have worked in this judicial district but for Defendants' Unlawful Employment Practices;

16   that "Plaintiff intended and planned to relocate to San Francisco"; that "[i]n November 2020,

17   Plaintiff went to San Francisco to look for an apartment and have begun planning her move";

18   that "[i]n December 2020, Plaintiff applied to rent a condo but subsequently paused her plans to

19   move because Kirkland had not yet announced when it would officially reopen the San

20   Francisco office, COVID cases were spiking, and Plaintiff needed to prepare for the February

21   2021 California Bar Examination"; and that "[w]hen the Firm announced its tentative plans for

22   its November 2021 San Francisco office reopening (following an approximately 19-month

23   closure), Plaintiff began working on plans for her move and planned to discuss its timing (e.g.,

24   given an upcoming trial scheduled for early November 2021) during what Plaintiff thought

25   would be her review in September 2021"

26   **RESPONSE TO REQUEST FOR PRODUCTION 16:**

27

28

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

"DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant

and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional

copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

1    Plaintiff further objects to this Request as premature to the extent Plaintiff cannot
2    provide a full response until after further discovery is conducted.

3    Plaintiff further objects to this Request to the extent it requires a legal conclusion,
4    assessment, or determination, which will be adjudicated only by a judge and/or jury.

5    Subject to and without waiver of these objections and Plaintiff's General Objections,
6    Plaintiff responds as follows:

7    The Court has not yet entered a scheduling order in this case; the Court has not set a date
8    for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
9    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
10   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
11   Request as this action and discovery proceed.  Subject to the foregoing objections and to the
12   extent consistent with the same, Plaintiff states that she will conduct a reasonable search for
13   documents as appropriate and, as discovery proceeds, will produce, before the close of
14   discovery in accordance with any scheduling order that the Court will issue in this case,
15   responsive and relevant documents that are neither privileged nor otherwise protected, are
16   within Plaintiff's possession, custody and control, are reasonably accessible, and are located
17   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that
18   she is willing to meet and confer regarding the scope of this Request.

19   **REQUEST FOR PRODUCTION NO. 17:**

20   All DOCUMENTS that EVIDENCE the allegation in paragraph 63 of the COMPLAINT
21   that "Plaintiff had taken a house-hunting trip to San Francisco in anticipation of relocating".

22   **RESPONSE TO REQUEST FOR PRODUCTION 17:**

23   In addition to the foregoing General Objections, each of which is specifically
24   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
25   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
26   calculated to lead to the discovery of admissible evidence and that is not proportional to the

27

28

1   needs of this case, and as seeking discovery outside the permissible scope under the Federal

2   Rules and/or other applicable law.

3        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

4   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

5   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

6   duplicative of discovery sought in other Requests, including Requests regarding defamation,

7   discrimination, retaliation, and damages.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*,

8   Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R.

9   Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome,

10  and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

11  of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative

12  and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and

13  "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates

14  or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and

15  incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed.

16  R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

17  Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

18       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

19  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

20  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

21  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

22  production of electronically stored information, to the extent this Request seeks "[a]ll"

23  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

24  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.

25  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

26  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

27  objects to this Request to the extent it seeks production of electronically stored information

28

exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll"

1   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

2   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

3   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

4   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

5   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

6   stored information from sources that are not reasonably accessible because of undue burden or

7   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

8   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

9   and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

10  the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that

11  are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.

12  R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff

13  objects to this Request to the extent it seeks production of electronically stored information in

14  more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*

15  *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

16  Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

17  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

18  graphic material, however produced or reproduced and all other tangible objects, including, but

19  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

20  specified means] or other means" "and all drafts and summaries thereof" "and any

21  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

22  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

23  produced" where "a document was prepared and several copies were made or if additional

24  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

25  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

26  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

27  defendants' possession, custody, or control; and/or are or should be available to Defendant and

28

1    more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

2    expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

3    relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

4    and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

5    including because the sought discovery is should be in Kirkland's or its co-defendants'

6    possession, custody, or control, the importance of the discovery sought from Plaintiff in

7    resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

8    its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

9    overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

10   of the case, and a seeking discovery outside the scope of discovery permitted or required under

11   the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

12   DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

13   Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

14   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

15   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

16   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

17   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

18   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

19   the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

20   recorded or graphic material, however produced or reproduced and all other tangible objects,

21   including, but not limited to," 76 enumerated categories, in addition to "all other data whether

22   recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

23   any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

24   Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

25   produced" where "a document was prepared and several copies were made or if additional

26   copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

27   description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

28

transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient

PL.'S OBJECS. & RESPS. TO KIRKLAND'S   83   NO. 4:22-CV-05990-HSG (TSH)
1ST SET OF REQS. FOR PRODUC.

privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature to the extent Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

1    Subject to and without waiver of these objections and Plaintiff's General Objections,

2    Plaintiff responds as follows:

3    The Court has not yet entered a scheduling order in this case; the Court has not set a date

4    for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

5    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

6    and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

7    Request as this action and discovery proceed.  Subject to the foregoing objections and to the

8    extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

9    documents as appropriate and, as discovery proceeds, will produce, before the close of

10   discovery in accordance with any scheduling order that the Court will issue in this case,

11   responsive and relevant documents that are neither privileged nor otherwise protected, are

12   within Plaintiff's possession, custody and control, are reasonably accessible, and are located

13   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

14   she is willing to meet and confer regarding the scope of this Request.

15   **REQUEST FOR PRODUCTION NO. 18:**

16   All DOCUMENTS that EVIDENCE the allegations in paragraph 65 of the

17   COMPLAINT that Brandon Brown "told Plaintiff that the offer would require her to take a one-

18   year haircut in class year"; that "although Plaintiff had graduated law school in 2016, she would

19   be placed in the class of 2017 for purposes of compensation and reviews"; and that "Mr. Brown

20   claimed the lower classification would place Plaintiff in a better position for elevation to

21   partner".

22   **RESPONSE TO REQUEST FOR PRODUCTION 18:**

23   In addition to the foregoing General Objections, each of which is specifically

24   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

25   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

26   calculated to lead to the discovery of admissible evidence and that is not proportional to the

27

28

needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

1   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

2   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

3   it seeks production of electronically stored information that is unreasonably cumulative or

4   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

5   seeks production of electronically stored information that is or can be obtained from some other

6   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

7   Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

8   production of electronically stored information that exceeds the scope of discovery permitted by

9   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

10  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

11  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

12  considering the importance of the issues at stake in the action, the amount in controversy, the

13  parties' relative access to relevant information, including Kirkland's access to relevant

14  information because relevant information sought is or should be in Kirkland's possession,

15  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

16  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

17  the at most de minimis importance of cumulative and duplicative discovery requested ad

18  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

19  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

20  this Request to the extent it seeks production of electronically stored information that is not in

21  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

22  defendants' possession, custody, or control; and/or that is or should be available to Defendant

23  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

24  expense.  Plaintiff further objects to this Request because it seeks production of electronically

25  stored information, including seeking discovery of duplicative and/or cumulative electronically

26  stored information, including without limitation to the extent this Request seeks "[a]ll"

27  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

28

1   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

2   accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

3   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

4   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically

5   stored information from sources that are not reasonably accessible because of undue burden or

6   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

7   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

8   and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

9   extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

10  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

11  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects

12  to this Request to the extent it seeks production of electronically stored information in more than

13  one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed.

14  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

15  objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

16  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

17  graphic material, however produced or reproduced and all other tangible objects, including, but

18  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

19  specified means] or other means" "and all drafts and summaries thereof" "and any

20  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

21  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

22  produced" where "a document was prepared and several copies were made or if additional

23  copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production

24  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

25  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

26  defendants' possession, custody, or control; and/or are or should be available to Defendant and

27  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

28

expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such

DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

1    "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

2    "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

3    discovery not limited to the relevant time period regarding the facts at issue in this litigation.

4    *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

5    R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

6    Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

7    full response until after further discovery is conducted.

8    Subject to and without waiver of these objections and Plaintiff's General Objections,

9    Plaintiff responds as follows:

10    The Court has not yet entered a scheduling order in this case; the Court has not set a date

11    for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

12    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

13    and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

14    Request as this action and discovery proceed.  Subject to the foregoing objections and to the

15    extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

16    documents as appropriate and, as discovery proceeds, will produce, before the close of

17    discovery in accordance with any scheduling order that the Court will issue in this case,

18    responsive and relevant documents that are neither privileged nor otherwise protected, are

19    within Plaintiff's possession, custody and control, are reasonably accessible, and are located

20    from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

21    she is willing to meet and confer regarding the scope of this Request.

22    **REQUEST FOR PRODUCTION NO. 19:**

23    All DOCUMENTS that EVIDENCE the allegation in paragraph 66 of the COMPLAINT

24    that "the Firm tried to pay Plaintiff less than the amount stipulated in the offer letter, which

25    required Plaintiff to reach out to the Firm, including Mr. Alper, to rectify their attempts to

26    underpay Plaintiff".

27    **RESPONSE TO REQUEST FOR PRODUCTION 19:**

28

1    In addition to the foregoing General Objections, each of which is specifically
2  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
3  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
4  calculated to lead to the discovery of admissible evidence and that is not proportional to the
5  needs of this case, and as seeking discovery outside the permissible scope under the Federal
6  Rules and/or other applicable law.

7    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
8  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
9  and/or other applicable law to the extent this Request seeks discovery that is cumulative or
10  duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*
11  *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii);
12  Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly
13  burdensome, and oppressive and as seeking discovery outside the scope permissible under the
14  Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is
15  cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"
16  "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative
17  complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of
18  "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.
19  26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.
20  P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

21    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
22  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
23  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
24  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
25  production of electronically stored information, to the extent this Request seeks "[a]ll"
26  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
27  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

28

26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production

of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 67 of the COMPLAINT that "Plaintiff had to request that her offer letter be revised to annualize her hours for the 2021 review and bonus period because the original language would have allowed Defendants to

1  reduce Plaintiff's December 2021 bonus because she began working at Kirkland after the 2021

2  review and bonus periods had begun".

3  **RESPONSE TO REQUEST FOR PRODUCTION 20:**

4  In addition to the foregoing General Objections, each of which is specifically

5  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

6  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

7  calculated to lead to the discovery of admissible evidence and that is not proportional to the

8  needs of this case, and as seeking discovery outside the permissible scope under the Federal

9  Rules and/or other applicable law.

10  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

11  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

12  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

13  duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*

14  *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii);

15  Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly

16  burdensome, and oppressive and as seeking discovery outside the scope permissible under the

17  Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is

18  cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"

19  "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative

20  complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of

21  "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

22  26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

23  P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

24  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

25  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

26  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

27  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

28

production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in

1  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-
2  defendants' possession, custody, or control; and/or that is or should be available to Defendant
3  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
4  expense.  Plaintiff further objects to this Request because it seeks production of electronically
5  stored information, including seeking discovery of duplicative and/or cumulative electronically
6  stored information, including without limitation to the extent this Request seeks "[a]ll"
7  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of
8  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably
9  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.
10  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.
11  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically
12  stored information from sources that are not reasonably accessible because of undue burden or
13  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"
14  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"
15  and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the
16  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are
17  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.
18  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects
19  to this Request to the extent it seeks production of electronically stored information in more than
20  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.
21  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff
22  objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent
23  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or
24  graphic material, however produced or reproduced and all other tangible objects, including, but
25  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six
26  specified means] or other means" "and all drafts and summaries thereof" "and any
27  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

1   1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be
2   produced" where "a document was prepared and several copies were made or if additional
3   copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production
4   of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they
5   are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-
6   defendants' possession, custody, or control; and/or are or should be available to Defendant and
7   more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
8   expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not
9   relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources
10  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,
11  including because the sought discovery is should be in Kirkland's or its co-defendants'
12  possession, custody, or control, the importance of the discovery sought from Plaintiff in
13  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs
14  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,
15  overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs
16  of the case, and a seeking discovery outside the scope of discovery permitted or required under
17  the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll
18  DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require
19  Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
20  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).
21  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,
22  oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,
23  and a seeking discovery outside the scope of discovery permitted under the Federal Rules of
24  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to
25  the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,
26  recorded or graphic material, however produced or reproduced and all other tangible objects,
27  including, but not limited to," 76 enumerated categories, in addition to "all other data whether

28

1  recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

2  any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

3  Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

4  produced" where "a document was prepared and several copies were made or if additional

5  copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

6  description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

7  transmittal in any manner or received by any means by YOU" and/or "[w]herever such

8  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

9  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

10  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

11  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

12  and government and government agency of every nature or type"; and/or to the extent this

13  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

14  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

15  envelopes, explanatory notes or memoranda, and any other material that accompanied the

16  document(s)" and "[i]f the specific document elicited a response, that response is also to be

17  identified and produced" and "[i]f the document was itself a response, the document to which it

18  responded is also to be identified and produced."

19       Plaintiff intends to produce electronically stored information in a reasonably usable form.

20       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

21  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

22  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

23  possession, custody, or control; and/or that is or should be available to Defendant and more

24  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

25       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

26  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

27  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

28

Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 69 of the COMPLAINT that "Plaintiff and Mr. Walter performed the same or substantially the same work for Mr. Deoras".

**RESPONSE TO REQUEST FOR PRODUCTION 21:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any

1    DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

2    1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

3    produced" where "a document was prepared and several copies were made or if additional

4    copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

5    of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

6    are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

7    defendants' possession, custody, or control; and/or are or should be available to Defendant and

8    more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

9    expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

10   relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

11   and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

12   including because the sought discovery is should be in Kirkland's or its co-defendants'

13   possession, custody, or control, the importance of the discovery sought from Plaintiff in

14   resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

15   its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

16   overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

17   of the case, and a seeking discovery outside the scope of discovery permitted or required under

18   the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

19   DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

20   Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

21   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

22   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

23   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

24   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

25   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

26   the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

27   recorded or graphic material, however produced or reproduced and all other tangible objects,

28

including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted. Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case,

1  responsive and relevant documents that are neither privileged nor otherwise protected, are
2  within Plaintiff's possession, custody and control, are reasonably accessible, and are located
3  from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that
4  she is willing to meet and confer regarding the scope of this Request.

5  **REQUEST FOR PRODUCTION NO. 22:**

6      All DOCUMENTS that EVIDENCE the allegation in paragraph 70 of the COMPLAINT
7  that "Plaintiff and Mr. Blake both worked on Mr. Alper's and Mr. De Vries' cases and
8  performed the same or substantially the same work for Mr. De Vries".

9  **RESPONSE TO REQUEST FOR PRODUCTION 22:**

10     In addition to the foregoing General Objections, each of which is specifically
11 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
12 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
13 calculated to lead to the discovery of admissible evidence and that is not proportional to the
14 needs of this case, and as seeking discovery outside the permissible scope under the Federal
15 Rules and/or other applicable law.

16     Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
17 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
18 and/or other applicable law to the extent this Request seeks discovery that is cumulative or
19 duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see*
20 *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii);
21 Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly
22 burdensome, and oppressive and as seeking discovery outside the scope permissible under the
23 Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is
24 cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"
25 "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative
26 complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of
27 "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P.

28

26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession,

custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted.  Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

1  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
2  Request as this action and discovery proceed.  Subject to the foregoing objections and to the
3  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for
4  documents as appropriate and, as discovery proceeds, will produce, before the close of
5  discovery in accordance with any scheduling order that the Court will issue in this case,
6  responsive and relevant documents that are neither privileged nor otherwise protected, are
7  within Plaintiff's possession, custody and control, are reasonably accessible, and are located
8  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that
9  she is willing to meet and confer regarding the scope of this Request.

10  **REQUEST FOR PRODUCTION NO. 23:**

11      All DOCUMENTS that EVIDENCE the allegation in paragraph 71 of the COMPLAINT
12  that "Plaintiff and Mr. Calhoun both worked on Mr. Alper's and Mr. De Vries' cases and, on
13  information and belief, performed the same or substantially the same work for Mr. De Vries".

14  **RESPONSE TO REQUEST FOR PRODUCTION 23:**

15      In addition to the foregoing General Objections, each of which is specifically
16  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
17  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
18  calculated to lead to the discovery of admissible evidence and that is not proportional to the
19  needs of this case, and as seeking discovery outside the permissible scope under the Federal
20  Rules and/or other applicable law.

21      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
22  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
23  and/or other applicable law to the extent this Request seeks discovery that is cumulative or
24  duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*
25  *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii);
26  Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly
27  burdensome, and oppressive and as seeking discovery outside the scope permissible under the

28

1    Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is
2    cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"
3    "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative
4    complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of
5    "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.
6    26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.
7    P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

8         Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
9    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
10   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
11   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
12   production of electronically stored information, to the extent this Request seeks "[a]ll"
13   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
14   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.
15   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
16   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff
17   objects to this Request to the extent it seeks production of electronically stored information
18   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or
19   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.
20   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent
21   it seeks production of electronically stored information that is unreasonably cumulative or
22   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it
23   seeks production of electronically stored information that is or can be obtained from some other
24   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-
25   Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks
26   production of electronically stored information that exceeds the scope of discovery permitted by
27   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically
28

stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

1    not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

2    Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

3    to this Request to the extent it seeks production of electronically stored information in more than

4    one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

5    R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

6    objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

7    "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

8    graphic material, however produced or reproduced and all other tangible objects, including, but

9    not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

10    specified means] or other means" "and all drafts and summaries thereof" "and any

11    DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

12    1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

13    produced" where "a document was prepared and several copies were made or if additional

14    copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

15    of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

16    are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

17    defendants' possession, custody, or control; and/or are or should be available to Defendant and

18    more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

19    expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

20    relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

21    and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

22    including because the sought discovery is should be in Kirkland's or its co-defendants'

23    possession, custody, or control, the importance of the discovery sought from Plaintiff in

24    resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

25    its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

26    overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

27    of the case, and a seeking discovery outside the scope of discovery permitted or required under

28

1  the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

2  DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

3  Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

4  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

5  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

6  oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

7  and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

8  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

9  the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

10 recorded or graphic material, however produced or reproduced and all other tangible objects,

11 including, but not limited to," 76 enumerated categories, in addition to "all other data whether

12 recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

13 any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

14 Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

15 produced" where "a document was prepared and several copies were made or if additional

16 copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

17 description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

18 transmittal in any manner or received by any means by YOU" and/or "[w]herever such

19 DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

20 "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

21 behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

22 partnership, proprietorship, association, joint venture, other form of organization or arrangement,

23 and government and government agency of every nature or type"; and/or to the extent this

24 Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

25 DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

26 envelopes, explanatory notes or memoranda, and any other material that accompanied the

27 document(s)" and "[i]f the specific document elicited a response, that response is also to be

28

1    identified and produced" and "[i]f the document was itself a response, the document to which it

2    responded is also to be identified and produced."

3         Plaintiff intends to produce electronically stored information in a reasonably usable form.

4         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

6    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

7    possession, custody, or control; and/or that is or should be available to Defendant and more

8    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

10   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

11   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

12   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

13   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

14   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

15   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

16   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

17   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

18   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

19   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

20   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

21   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

22   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

23   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

24        Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

25   full response until after further discovery is conducted.  Plaintiff further objects to this Request

26   to the extent it requires a legal conclusion, assessment, or determination, which will be

27   adjudicated only by a judge and/or jury.

28

1    Subject to and without waiver of these objections and Plaintiff's General Objections,

2  Plaintiff responds as follows:

3    The Court has not yet entered a scheduling order in this case; the Court has not set a date

4  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

5  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

6  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

7  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

8  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

9  documents as appropriate and, as discovery proceeds, will produce, before the close of

10  discovery in accordance with any scheduling order that the Court will issue in this case,

11  responsive and relevant documents that are neither privileged nor otherwise protected, are

12  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

13  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

14  she is willing to meet and confer regarding the scope of this Request.

15  **REQUEST FOR PRODUCTION NO. 24:**

16    All DOCUMENTS that EVIDENCE the allegations in paragraph 72 of the

17  COMPLAINT that "[a]lthough Christian Huehns, also an IP litigation associate, was a lower

18  class year than Plaintiff, one at least one occasion he and Plaintiff performed the same or

19  substantially the same work, e.g., due to staffing needs"; and that "Plaintiff and Mr. Huehns

20  performed the same or substantially the same work for, while supervised by and reporting to, Mr.

21  Deoras"

22  **RESPONSE TO REQUEST FOR PRODUCTION 24:**

23    In addition to the foregoing General Objections, each of which is specifically

24  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

25  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

26  calculated to lead to the discovery of admissible evidence and that is not proportional to the

27

28

needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

1    other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

2    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

3    it seeks production of electronically stored information that is unreasonably cumulative or

4    duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

5    seeks production of electronically stored information that is or can be obtained from some other

6    source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

7    Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

8    production of electronically stored information that exceeds the scope of discovery permitted by

9    Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

10   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

11   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

12   considering the importance of the issues at stake in the action, the amount in controversy, the

13   parties' relative access to relevant information, including Kirkland's access to relevant

14   information because relevant information sought is or should be in Kirkland's possession,

15   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

16   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

17   the at most de minimis importance of cumulative and duplicative discovery requested ad

18   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

19   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

20   this Request to the extent it seeks production of electronically stored information that is not in

21   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

22   defendants' possession, custody, or control; and/or that is or should be available to Defendant

23   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

24   expense.  Plaintiff further objects to this Request because it seeks production of electronically

25   stored information, including seeking discovery of duplicative and/or cumulative electronically

26   stored information, including without limitation to the extent this Request seeks "[a]ll"

27   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

28

1   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

2   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

3   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

4   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

5   stored information from sources that are not reasonably accessible because of undue burden or

6   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

7   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

8   and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

9   extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

10  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

11  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

12  to this Request to the extent it seeks production of electronically stored information in more than

13  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

14  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

15  objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

16  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

17  graphic material, however produced or reproduced and all other tangible objects, including, but

18  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

19  specified means] or other means" "and all drafts and summaries thereof" "and any

20  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

21  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

22  produced" where "a document was prepared and several copies were made or if additional

23  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

24  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

25  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

26  defendants' possession, custody, or control; and/or are or should be available to Defendant and

27  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

28

expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such

1   DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

2   "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

3   behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

4   partnership, proprietorship, association, joint venture, other form of organization or arrangement,

5   and government and government agency of every nature or type"; and/or to the extent this

6   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

7   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

8   envelopes, explanatory notes or memoranda, and any other material that accompanied the

9   document(s)" and "[i]f the specific document elicited a response, that response is also to be

10  identified and produced" and "[i]f the document was itself a response, the document to which it

11  responded is also to be identified and produced."

12          Plaintiff intends to produce electronically stored information in a reasonably usable form.

13          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

14  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

15  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

16  possession, custody, or control; and/or that is or should be available to Defendant and more

17  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

18          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

19  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

20  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

21  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

22  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

23  Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

24  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

25  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

26  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

27  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

28

1   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

2   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

3   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

4   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

5   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

6         Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

7   full response until after further discovery is conducted.  Plaintiff further objects to this Request

8   to the extent it requires a legal conclusion, assessment, or determination, which will be

9   adjudicated only by a judge and/or jury.

10         Subject to and without waiver of these objections and Plaintiff's General Objections,

11   Plaintiff responds as follows:

12         The Court has not yet entered a scheduling order in this case; the Court has not set a date

13   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

14   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

15   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

16   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

17   extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

18   documents as appropriate and, as discovery proceeds, will produce, before the close of

19   discovery in accordance with any scheduling order that the Court will issue in this case,

20   responsive and relevant documents that are neither privileged nor otherwise protected, are

21   within Plaintiff's possession, custody and control, are reasonably accessible, and are located

22   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

23   she is willing to meet and confer regarding the scope of this Request.

24   **REQUEST FOR PRODUCTION NO. 25:**

25         All DOCUMENTS that EVIDENCE the allegations in paragraph 73 of the

26   COMPLAINT that "although another IP litigation associate who was based out of the Firm's

27   San Francisco office ("Male Associate G") was a lower class year (2018) than Plaintiff (2016

28

but classified as 2017 by Kirkland), on at least on occasion he and Plaintiff performed the same or substantially the same work, e.g., due to staffing needs"; and that "Plaintiff and Male Associate G performed the same or substantially the same work for Mr. Deoras while directly supervised by and reporting to Mr. Fahey".

**RESPONSE TO REQUEST FOR PRODUCTION 25:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other objable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted. Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

1    documents as appropriate and, as discovery proceeds, will produce, before the close of

2    discovery in accordance with any scheduling order that the Court will issue in this case,

3    responsive and relevant documents that are neither privileged nor otherwise protected, are

4    within Plaintiff's possession, custody and control, are reasonably accessible, and are located

5    from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

6    she is willing to meet and confer regarding the scope of this Request.

7    **REQUEST FOR PRODUCTION NO. 26:**

8    All DOCUMENTS that EVIDENCE the allegations in paragraph 74 of the

9    COMPLAINT that "Plaintiff's male comparators' jobs, e.g., as class-of-2016 associates, in the

10   IP litigation group working for the same team (i.e., Mr. De Vries' and Mr. Alper's subset of the

11   IP litigation group) and Plaintiff's job (as a Kirkland-labeled class-of-2017) associate in the IP

12   litigation group: (i) involved similar levels of skill, i.e., similar levels of experience, ability,

13   education, and training; (ii) involved similar levels of mental and physical exertion; (iii)

14   involved similar levels of responsibility or accountability; and (iv) were performed under

15   substantially similar working conditions, except for the discriminatory, hostile, and retaliatory

16   environment to which Plaintiff was subjected by Defendants as a result of her sex and

17   complaints regarding Defendant's unfair treatment of her"

18   **RESPONSE TO REQUEST FOR PRODUCTION 26:**

19   In addition to the foregoing General Objections, each of which is specifically

20   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

21   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

22   calculated to lead to the discovery of admissible evidence and that is not proportional to the

23   needs of this case, and as seeking discovery outside the permissible scope under the Federal

24   Rules and/or other applicable law.

25   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

26   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

27   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

28

duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other

source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or

cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in

resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this

1  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested
2  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all
3  envelopes, explanatory notes or memoranda, and any other material that accompanied the
4  document(s)" and "[i]f the specific document elicited a response, that response is also to be
5  identified and produced" and "[i]f the document was itself a response, the document to which it
6  responded is also to be identified and produced."

7        Plaintiff intends to produce electronically stored information in a reasonably usable form.

8        Plaintiff further objects to this Request as overly broad, unduly burdensome, and
9  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
10 outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
11 possession, custody, or control; and/or that is or should be available to Defendant and more
12 readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

13       Plaintiff further objects to this Request as overly broad, unduly burdensome, and
14 oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
15 DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
16 Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
17 to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
18 Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
19 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
20 Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
21 oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
22 Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
23 "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
24 "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks
25 discovery not limited to the relevant time period regarding the facts at issue in this litigation.
26 *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.
27 R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

28

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted.  Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 77 of the COMPLAINT that "Plaintiff timely sent [Mr. Deoras] the requested work in mid-December 2020"; that "Plaintiff followed up with Mr. Deoras a few times"; and that "Mr. Deoras told Plaintiff that he thought her analysis 'all makes sense,' that the next steps would likely happen when Plaintiff was out on leave, so there was no need for Plaintiff to get involved, but that 'I just wanted to let you know that I think this is good'"

**RESPONSE TO REQUEST FOR PRODUCTION 27:**

1    In addition to the foregoing General Objections, each of which is specifically

2  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

3  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

4  calculated to lead to the discovery of admissible evidence and that is not proportional to the

5  needs of this case, and as seeking discovery outside the permissible scope under the Federal

6  Rules and/or other applicable law.

7    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

8  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

9  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

10  duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*

11  *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii);

12  Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly

13  burdensome, and oppressive and as seeking discovery outside the scope permissible under the

14  Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is

15  cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"

16  "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative

17  complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of

18  "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

19  26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

20  P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

21    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

22  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

23  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

24  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

25  production of electronically stored information, to the extent this Request seeks "[a]ll"

26  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

27  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

28

26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production

of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

1  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

2  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

3  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

4  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

5  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

6  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

7  discovery not limited to the relevant time period regarding the facts at issue in this litigation.

8  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

9  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

10  Subject to and without waiver of these objections and Plaintiff's General Objections,

11  Plaintiff responds as follows:

12  The Court has not yet entered a scheduling order in this case; the Court has not set a date

13  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

14  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

15  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

16  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

17  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

18  documents as appropriate and, as discovery proceeds, will produce, before the close of

19  discovery in accordance with any scheduling order that the Court will issue in this case,

20  responsive and relevant documents that are neither privileged nor otherwise protected, are

21  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

22  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

23  she is willing to meet and confer regarding the scope of this Request.

24  **REQUEST FOR PRODUCTION NO. 28:**

25  All DOCUMENTS that EVIDENCE the allegations in paragraph 79 of the

26  COMPLAINT that "[i]n November 2020, this assertion analysis included Mr. Fahey assigning

27  last-minute work to Plaintiff and Male Associate Q over Thanksgiving, for which Mr. Fahey

28

1  knew Plaintiff would have to bear the laboring oar and would require Plaintiff to work on

2  Thanksgiving (in addition to the day before and after); that "Mr. Fahey told Plaintiff that he

3  struggled in working with Male Associate Q because it was difficult to get him to produce

4  usable work, which is why Plaintiff was added to the assignment"; and that "Mr. Fahey

5  indicated that Plaintiff's efforts were a huge lift because Mr. Fahey did not have to continue to

6  bother Male Associate Q to make progress on the assignment".

7  **RESPONSE TO REQUEST FOR PRODUCTION 28:**

8  In addition to the foregoing General Objections, each of which is specifically

9  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

10  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

11  calculated to lead to the discovery of admissible evidence and that is not proportional to the

12  needs of this case, and as seeking discovery outside the permissible scope under the Federal

13  Rules and/or other applicable law.

14  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

15  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

16  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

17  duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see*

18  *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii);

19  Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly

20  burdensome, and oppressive and as seeking discovery outside the scope permissible under the

21  Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is

22  cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"

23  "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative

24  complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of

25  "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

26  26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

27  P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

28

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

1    the at most de minimis importance of cumulative and duplicative discovery requested ad

2    infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

3    likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

4    this Request to the extent it seeks production of electronically stored information that is not in

5    Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

6    defendants' possession, custody, or control; and/or that is or should be available to Defendant

7    and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

8    expense.  Plaintiff further objects to this Request because it seeks production of electronically

9    stored information, including seeking discovery of duplicative and/or cumulative electronically

10   stored information, including without limitation to the extent this Request seeks "[a]ll"

11   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

12   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

13   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

14   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

15   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

16   stored information from sources that are not reasonably accessible because of undue burden or

17   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

18   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

19   and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

20   extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

21   not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

22   Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

23   to this Request to the extent it seeks production of electronically stored information in more than

24   one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

25   R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

26   objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

27   "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

28

graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

1    possession, custody, or control; and/or that is or should be available to Defendant and more

2    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

3         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

4    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

5    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

6    Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

7    to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

8    Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

9    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

10   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

11   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

12   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

13   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

14   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

15   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

16   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

17   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

18        Subject to and without waiver of these objections and Plaintiff's General Objections,

19   Plaintiff responds as follows:

20        The Court has not yet entered a scheduling order in this case; the Court has not set a date

21   for the close of discovery.   Plaintiff's reasonable investigation and reasonable search for

22   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

23   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

24   Request as this action and discovery proceed.   Subject to the foregoing objections and to the

25   extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

26   documents as appropriate and, as discovery proceeds, will produce, before the close of

27   discovery in accordance with any scheduling order that the Court will issue in this case,

28

responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 80 of the COMPLAINT that "[e]very time Defendants Mr. Deoras, Mr. Fahey, Mr. Alper, and Kirkland were aware of Plaintiff having travel plans over weekends (e.g., for multiple national holidays and a brief scheduled vacation), Defendants Mr. Deoras, Mr. Fahey, Mr. Alper, and Kirkland assigned Plaintiff additional work either right before or during her planned travel, ensuring she would have substantial work to complete while traveling or attempting to take time off"; that "[a]nother female IP litigation associate who had been based out of the Firm's San Francisco office ("Female Associate G") told Plaintiff that she received a conspicuous uptick in work from Defendants that coincided directly with her travel plans, which made her think it was intentional"; and that "Defendants did not show a similar disregard for male associates' travel plans, holidays, and planned time off".

**RESPONSE TO REQUEST FOR PRODUCTION 29:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation,

discrimination, retaliation, and damages.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other

source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or

cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).   Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in

resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this

1   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

2   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

3   envelopes, explanatory notes or memoranda, and any other material that accompanied the

4   document(s)" and "[i]f the specific document elicited a response, that response is also to be

5   identified and produced" and "[i]f the document was itself a response, the document to which it

6   responded is also to be identified and produced."

7        Plaintiff intends to produce electronically stored information in a reasonably usable form.

8        Plaintiff further objects to this Request as overly broad, unduly burdensome, and

9   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

10  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

11  possession, custody, or control; and/or that is or should be available to Defendant and more

12  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

13       Plaintiff objects to this Request as seeking discovery outside the scope permitted under

14  the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

15  privileged and/or otherwise protected, including without limitation by attorney-client privilege,

16  psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

17  Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

18  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

19  Plaintiff also objects to this Request to the extent it seeks information that is protected by the

20  attorney-client privilege, that constitutes attorney work product, or that is protected by any other

21  applicable privilege or protection, including without limitation the psychotherapist-patient

22  privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

23  overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

24  cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

25  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

26  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

27

28

1   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

2   agreement among the parties.  The Court has not yet entered a scheduling order in this case.

3       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

4   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

5   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

6   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

7   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

8   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

9   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

10  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

11  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

12  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

13  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

14  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

15  seeks discovery not limited to the relevant time period regarding the facts at issue in this

16  litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

17  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

18      Plaintiff further objects to this Request to the extent it is premature because Plaintiff

19  cannot provide a full response until after further discovery is conducted.

20      Subject to and without waiver of these objections and Plaintiff's General Objections,

21  Plaintiff responds as follows:

22      The Court has not yet entered a scheduling order in this case; the Court has not set a date

23  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

24  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

25  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

26  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

27  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

28

1  documents as appropriate and, as discovery proceeds, will produce, before the close of

2  discovery in accordance with any scheduling order that the Court will issue in this case,

3  responsive and relevant documents that are neither privileged nor otherwise protected, are

4  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

5  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

6  she is willing to meet and confer regarding the scope of this Request.

7  **REQUEST FOR PRODUCTION NO. 30:**

8  All DOCUMENTS that EVIDENCE the allegations in paragraph 81 of the Complaint

9  that "[i]n December 2020, Mr. Fahey told Plaintiff that she was doing a great job on the

10  assertion analysis. On December 17, 2020, Mr. Fahey sent Plaintiff's and Male Associate Q's

11  infringement charting on the target-defendant's products, completed largely by Plaintiff, to Mr.

12  Deoras and Ms. Schmidt for review. On December 18, 2020, Mr. Fahey emailed Plaintiff and

13  Male Associate Q, thanking them 'for the hard work.' Per Mr. Fahey, 'Akshay [Deoras] was

14  happy with the [target-defendant] chart.' Based on this infringement charting, Defendants Mr.

15  Alper, Mr. De Vries, and Ms. Schmidt sought (and obtained) Firm approval to litigate with an

16  alternative-fee arrangement (namely, with litigation funding), as relayed to Plaintiff by

17  Defendants Mr. De Vries and Mr. Deoras."

18  **RESPONSE TO REQUEST FOR PRODUCTION 30:**

19  In addition to the foregoing General Objections, each of which is specifically

20  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

21  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

22  calculated to lead to the discovery of admissible evidence and that is not proportional to the

23  needs of this case, and as seeking discovery outside the permissible scope under the Federal

24  Rules and/or other applicable law.

25  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

26  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

27  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

28

1   duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*

2   *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii);

3   Fed. R. Civ. P. 26(b)(1).   Plaintiff further objects to this Request as overly broad, unduly

4   burdensome, and oppressive and as seeking discovery outside the scope permissible under the

5   Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is

6   cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"

7   "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative

8   complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of

9   "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

10   26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

11   P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

12   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

13   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

14   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

15   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

16   production of electronically stored information, to the extent this Request seeks "[a]ll"

17   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

18   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

19   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

20   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

21   objects to this Request to the extent it seeks production of electronically stored information

22   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

23   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

24   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

25   it seeks production of electronically stored information that is unreasonably cumulative or

26   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

27   seeks production of electronically stored information that is or can be obtained from some other

28

source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or

cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in

resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this

Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 83 of the COMPLAINT that "a male associate in the IP litigation group ("Male Associate A"), who (like Plaintiff) was based out of the San Francisco office, completed a substantially similar assignment preparing an infringement charting for another target defendant as part of the same litigation efforts. However, based on Male Associate A's infringement chart, Mr. Deoras decided not to seek Firm approval to greenlight litigating the case against this other target defendant—the opposite result of Plaintiff's work".

**RESPONSE TO REQUEST FOR PRODUCTION 31:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the

1  needs of this case, and as seeking discovery outside the permissible scope under the Federal

2  Rules and/or other applicable law.

3         Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

4  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

5  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

6  duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see*

7  *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii);

8  Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly

9  burdensome, and oppressive and as seeking discovery outside the scope permissible under the

10  Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is

11  cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"

12  "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative

13  complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of

14  "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

15  26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

16  P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

17         Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

18  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

19  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

20  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

21  production of electronically stored information, to the extent this Request seeks "[a]ll"

22  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

23  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

24  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

25  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

26  objects to this Request to the extent it seeks production of electronically stored information

27  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

28

other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

1   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably
2   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.
3   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.
4   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).   Plaintiff will not provide discovery of electronically
5   stored information from sources that are not reasonably accessible because of undue burden or
6   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"
7   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"
8   and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the
9   extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are
10  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.
11  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects
12  to this Request to the extent it seeks production of electronically stored information in more than
13  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.
14  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff
15  objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent
16  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or
17  graphic material, however produced or reproduced and all other tangible objects, including, but
18  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six
19  specified means] or other means" "and all drafts and summaries thereof" "and any
20  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule
21  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be
22  produced" where "a document was prepared and several copies were made or if additional
23  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production
24  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they
25  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-
26  defendants' possession, custody, or control; and/or are or should be available to Defendant and
27  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
28

expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such

1  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

2  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

3  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

4  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

5  and government and government agency of every nature or type"; and/or to the extent this

6  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

7  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

8  envelopes, explanatory notes or memoranda, and any other material that accompanied the

9  document(s)" and "[i]f the specific document elicited a response, that response is also to be

10  identified and produced" and "[i]f the document was itself a response, the document to which it

11  responded is also to be identified and produced."

12      Plaintiff intends to produce electronically stored information in a reasonably usable form.

13      Plaintiff further objects to this Request as overly broad, unduly burdensome, and

14  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

15  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

16  possession, custody, or control; and/or that is or should be available to Defendant and more

17  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

18      Plaintiff further objects to this Request as overly broad, unduly burdensome, and

19  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

20  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

21  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

22  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

23  Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

24  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

25  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

26  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

27  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

28

"EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 84 of the COMPLAINT that "Mr. Fahey emailed Plaintiff and Male Associate Q at 5:33 pm PST / 8:33 pm EST and assigned—with no prior warning—infringement charting reading 19 claims (including three independent claims) across two patents on the target defendant's product" when "Mr. Deoras and Mr. Fahey were aware that Plaintiff was on the east coast and had flown to visit her parents for the weekend".

**RESPONSE TO REQUEST FOR PRODUCTION 32:**

1   In addition to the foregoing General Objections, each of which is specifically
2   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
3   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
4   calculated to lead to the discovery of admissible evidence and that is not proportional to the
5   needs of this case, and as seeking discovery outside the permissible scope under the Federal
6   Rules and/or other applicable law.

7   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
8   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
9   and/or other applicable law to the extent this Request seeks discovery that is cumulative or
10   duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*
11   *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii);
12   Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly
13   burdensome, and oppressive and as seeking discovery outside the scope permissible under the
14   Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is
15   cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"
16   "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative
17   complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of
18   "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.
19   26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.
20   P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

21   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
22   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
23   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
24   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
25   production of electronically stored information, to the extent this Request seeks "[a]ll"
26   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
27   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

28

26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production

of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 85 of the COMPLAINT that "[a] female associate who formerly worked in the IP litigation group at Kirkland ("Female Associate R") and had performed work for the same partners at Kirkland as

Plaintiff (Defendants Ms. Schmidt, Mr. De Vries, and Mr. Alper) spoke to Plaintiff in the fall of 2021 about her experience at Kirkland"; that Female Associate R "worked in Kirkland's IP litigation group for approximately four years"; that Female Associate R "stated that, as compared to male associates in the IP litigation group, she was given assignments under less favorable conditions, such that she felt her time as a female associate was valued less"; that Female Associate R "said that partners had a habit of dumping last-minute assignments on her (e.g., on a Friday evening needing to be completed ASAP) but not on male associates"; that Female Associate R "stated that male associates in the IP litigation group were able to rely on their relationships with partners and get by at Kirkland while doing less, e.g., billing fewer hours on cases, than female associates"; that "Female Associate R ultimately left Kirkland because she felt undervalued and was not getting a fair shake at the Firm; and that "female associates in IP litigation group shared Female Associate R's negative experiences and expressed concerns regarding their longevity at the Firm".

**RESPONSE TO REQUEST FOR PRODUCTION 33:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome,

and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by

Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the

1  document(s)" and "[i]f the specific document elicited a response, that response is also to be

2  identified and produced" and "[i]f the document was itself a response, the document to which it

3  responded is also to be identified and produced."

4       Plaintiff intends to produce electronically stored information in a reasonably usable form.

5       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

6  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

7  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

8  possession, custody, or control; and/or that is or should be available to Defendant and more

9  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

10       Plaintiff objects to this Request as seeking discovery outside the scope permitted under

11  the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

12  privileged and/or otherwise protected, including without limitation by attorney-client privilege,

13  psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

14  Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

15  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

16  Plaintiff also objects to this Request to the extent it seeks information that is protected by the

17  attorney-client privilege, that constitutes attorney work product, or that is protected by any other

18  applicable privilege or protection, including without limitation the psychotherapist-patient

19  privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

20  overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

21  cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

22  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

23  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

24  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

25  agreement among the parties.  The Court has not yet entered a scheduling order in this case.

26       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

27  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

28

DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request to the extent it is premature because Plaintiff cannot provide a full response until after further discovery is conducted.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located

from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 85 of the COMPLAINT that "Mr. Fahey consistently did not include share partner(s) on emails which he complimented Plaintiff's work but generally included share partner(s) when complimenting male associates' work".

**RESPONSE TO REQUEST FOR PRODUCTION 34:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

1   26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

2   P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

3        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

4   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

5   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

6   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

7   production of electronically stored information, to the extent this Request seeks "[a]ll"

8   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

9   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

10  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

11  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

12  objects to this Request to the extent it seeks production of electronically stored information

13  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

14  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

15  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

16  it seeks production of electronically stored information that is unreasonably cumulative or

17  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

18  seeks production of electronically stored information that is or can be obtained from some other

19  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

20  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

21  production of electronically stored information that exceeds the scope of discovery permitted by

22  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

23  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

24  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

25  considering the importance of the issues at stake in the action, the amount in controversy, the

26  parties' relative access to relevant information, including Kirkland's access to relevant

27  information because relevant information sought is or should be in Kirkland's possession,

28

1   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

2   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

3   the at most de minimis importance of cumulative and duplicative discovery requested ad

4   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

5   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

6   this Request to the extent it seeks production of electronically stored information that is not in

7   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

8   defendants' possession, custody, or control; and/or that is or should be available to Defendant

9   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

10  expense.  Plaintiff further objects to this Request because it seeks production of electronically

11  stored information, including seeking discovery of duplicative and/or cumulative electronically

12  stored information, including without limitation to the extent this Request seeks "[a]ll"

13  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

14  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

15  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

16  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

17  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

18  stored information from sources that are not reasonably accessible because of undue burden or

19  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

20  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

21  and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

22  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

23  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

24  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

25  to this Request to the extent it seeks production of electronically stored information in more than

26  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

27  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

28

objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

1   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

2   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

3   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

4   the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

5   recorded or graphic material, however produced or reproduced and all other tangible objects,

6   including, but not limited to," 76 enumerated categories, in addition to "all other data whether

7   recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

8   any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

9   Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

10  produced" where "a document was prepared and several copies were made or if additional

11  copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

12  description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

13  transmittal in any manner or received by any means by YOU" and/or "[w]herever such

14  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

15  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

16  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

17  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

18  and government and government agency of every nature or type"; and/or to the extent this

19  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

20  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

21  envelopes, explanatory notes or memoranda, and any other material that accompanied the

22  document(s)" and "[i]f the specific document elicited a response, that response is also to be

23  identified and produced" and "[i]f the document was itself a response, the document to which it

24  responded is also to be identified and produced."

25          Plaintiff intends to produce electronically stored information in a reasonably usable form.

26          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

27  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

28

1  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

2  possession, custody, or control; and/or that is or should be available to Defendant and more

3  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

4      Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

6  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

7  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

8  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

9  Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

10  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

11  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

12  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

13  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

14  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

15  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

16  discovery not limited to the relevant time period regarding the facts at issue in this litigation.

17  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

18  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

19      Subject to and without waiver of these objections and Plaintiff's General Objections,

20  Plaintiff responds as follows:

21      The Court has not yet entered a scheduling order in this case; the Court has not set a date

22  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

23  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

24  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

25  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

26  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

27  documents as appropriate and, as discovery proceeds, will produce, before the close of

28

1    discovery in accordance with any scheduling order that the Court will issue in this case,

2    responsive and relevant documents that are neither privileged nor otherwise protected, are

3    within Plaintiff's possession, custody and control, are reasonably accessible, and are located

4    from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

5    she is willing to meet and confer regarding the scope of this Request.

6    **REQUEST FOR PRODUCTION NO. 35:**

7           All DOCUMENTS that EVIDENCE the allegation in paragraph 85 of the COMPLAINT

8    that "Mr. Fahey indicated that he would need to review and submit their charting to Mr. Deoras

9    that weekend, i.e., within around 24 hours. Given the prior difficulty in getting Male Associate

10   Q to provide usable work, Mr. Fahey knew that Plaintiff would shoulder the lion's share of the

11   surprise assignment and also was aware that she was traveling home to visit family. Plaintiff

12   immediately responded to Mr. Fahey's request and agreed to get started. Male" Associate Q was

13   unable to begin helping until very late that evening at earliest. Male Associate A stated he was

14   unavailable to help when asked. That evening and early the next morning, Sunday, March 7,

15   2021, Plaintiff emailed Mr. Fahey, copying Mr. Deoras and Male Associate Q, attaching

16   charting she completed for the independent claims and proposing a division of labor between

17   Plaintiff and Male Associate Q to complete the remaining dependent claims. Later that morning,

18   Mr. Fahey sent two responses close in time. First, he removed Mr. Deoras and Male Associate

19   Q as recipients to privately compliment Plaintiff on her charting ('[n]ice quick/clean work').

20   Then he sent a response to Plaintiff, Mr. Deoras, and Male Associate Q, which omitted any

21   praise. As a result of that work, the team secured litigation funding for the case."

22   **RESPONSE TO REQUEST FOR PRODUCTION 35:**

23          In addition to the foregoing General Objections, each of which is specifically

24   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

25   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

26   calculated to lead to the discovery of admissible evidence and that is not proportional to the

27

28

needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

1   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

2   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

3   it seeks production of electronically stored information that is unreasonably cumulative or

4   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

5   seeks production of electronically stored information that is or can be obtained from some other

6   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

7   Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

8   production of electronically stored information that exceeds the scope of discovery permitted by

9   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

10  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

11  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

12  considering the importance of the issues at stake in the action, the amount in controversy, the

13  parties' relative access to relevant information, including Kirkland's access to relevant

14  information because relevant information sought is or should be in Kirkland's possession,

15  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

16  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

17  the at most de minimis importance of cumulative and duplicative discovery requested ad

18  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

19  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

20  this Request to the extent it seeks production of electronically stored information that is not in

21  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

22  defendants' possession, custody, or control; and/or that is or should be available to Defendant

23  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

24  expense.  Plaintiff further objects to this Request because it seeks production of electronically

25  stored information, including seeking discovery of duplicative and/or cumulative electronically

26  stored information, including without limitation to the extent this Request seeks "[a]ll"

27  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

28

"DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such

DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

1   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

2   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

3   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

4   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

5   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

6        Subject to and without waiver of these objections and Plaintiff's General Objections,

7   Plaintiff responds as follows:

8        The Court has not yet entered a scheduling order in this case; the Court has not set a date

9   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

10  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

11  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

12  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

13  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

14  documents as appropriate and, as discovery proceeds, will produce, before the close of

15  discovery in accordance with any scheduling order that the Court will issue in this case,

16  responsive and relevant documents that are neither privileged nor otherwise protected, are

17  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

18  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

19  she is willing to meet and confer regarding the scope of this Request.

20  **REQUEST FOR PRODUCTION NO. 36:**

21       All DOCUMENTS that EVIDENCE the allegation in paragraph 87 of the COMPLAINT

22  that "[o]n May 7, 2021, Mr. Deoras told Plaintiff that the Firm and the litigation funder had both

23  green-lit representing the inventor in asserting his IC patents because of Plaintiff's work".

24  **RESPONSE TO REQUEST FOR PRODUCTION 36:**

25       In addition to the foregoing General Objections, each of which is specifically

26  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

27  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

28

1   calculated to lead to the discovery of admissible evidence and that is not proportional to the

2   needs of this case, and as seeking discovery outside the permissible scope under the Federal

3   Rules and/or other applicable law.

4          Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

5   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

6   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

7   duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see*

8   *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii);

9   Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly

10  burdensome, and oppressive and as seeking discovery outside the scope permissible under the

11  Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is

12  cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"

13  "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative

14  complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of

15  "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

16  26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

17  P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

18         Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

19  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

20  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

21  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

22  production of electronically stored information, to the extent this Request seeks "[a]ll"

23  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

24  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

25  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

26  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

27  objects to this Request to the extent it seeks production of electronically stored information

28

exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll"

"DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and

1  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

2  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

3  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

4  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

5  including because the sought discovery is should be in Kirkland's or its co-defendants'

6  possession, custody, or control, the importance of the discovery sought from Plaintiff in

7  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

8  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

9  overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

10 of the case, and a seeking discovery outside the scope of discovery permitted or required under

11 the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

12 DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

13 Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

14 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

15 Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

16 oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

17 and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

18 Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

19 the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

20 recorded or graphic material, however produced or reproduced and all other tangible objects,

21 including, but not limited to," 76 enumerated categories, in addition to "all other data whether

22 recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

23 any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

24 Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

25 produced" where "a document was prepared and several copies were made or if additional

26 copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

27 description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

28

transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 88 of the COMPLAINT that "For the third assignment listed above, (see supra ¶ 76), Plaintiff drafted a successful dispositive motion for a subsidiary of the Firm's most important client ("POPR No. 1"). Plaintiff would draft another successful dispositive motion for a related subsidiary of the ame client ("POPR No. 2"). Plaintiff drafted these motions for Mr. Deoras, Male Non-Share Partner Y, Mr. Alper, and Mr. De Vries. Plaintiff's work received high praise from the same

individuals, as well as from Ms. Schmidt and Male Share Partner C"; and that "they provided effusive praise to Plaintiff for her work on these POPRs".

**RESPONSE TO REQUEST FOR PRODUCTION 37:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including those regarding Plaintiff's work on the referenced patent-owner preliminary responses ("POPRs"). *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to

this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any

DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects,

including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

1   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

2   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

3   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

4   Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

5   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

6   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

7   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

8   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

9   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

10  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

11  discovery not limited to the relevant time period regarding the facts at issue in this litigation.

12  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

13  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

14      Subject to and without waiver of these objections and Plaintiff's General Objections,

15  Plaintiff responds as follows:

16      The Court has not yet entered a scheduling order in this case; the Court has not set a date

17  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

18  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

19  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

20  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

21  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

22  documents as appropriate and, as discovery proceeds, will produce, before the close of

23  discovery in accordance with any scheduling order that the Court will issue in this case,

24  responsive and relevant documents that are neither privileged nor otherwise protected, are

25  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

26  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

27  she is willing to meet and confer regarding the scope of this Request.

28

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 90 of the COMPLAINT that "Plaintiff drafted POPR No. 2 in March 2021 in an abbreviated timeframe due to Mr. Deoras' failure to timely assign this POPR"; that Mr. Deoras "apologized to Plaintiff because the assignment was 'a little last minute'"; that "Male Non-Share Partner Y stated to Plaintiff several times that the turnaround (of two weeks and change) was very tight and that Mr. Deoras had "dropped the ball" by repeatedly failing to assign the POPR to an associate, despite Male Non-Share Partner Y's persistent reminders to Mr. Deoras to do so during the three months before its filing deadline".

**RESPONSE TO REQUEST FOR PRODUCTION 38:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including those regarding the referenced POPRs. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's

definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than

one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

1   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

2   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

3   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

4   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

5   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

6   the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

7   recorded or graphic material, however produced or reproduced and all other tangible objects,

8   including, but not limited to," 76 enumerated categories, in addition to "all other data whether

9   recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

10  any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

11  Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

12  produced" where "a document was prepared and several copies were made or if additional

13  copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

14  description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

15  transmittal in any manner or received by any means by YOU" and/or "[w]herever such

16  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

17  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

18  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

19  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

20  and government and government agency of every nature or type"; and/or to the extent this

21  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

22  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

23  envelopes, explanatory notes or memoranda, and any other material that accompanied the

24  document(s)" and "[i]f the specific document elicited a response, that response is also to be

25  identified and produced" and "[i]f the document was itself a response, the document to which it

26  responded is also to be identified and produced."

27          Plaintiff intends to produce electronically stored information in a reasonably usable form.

28

1    Plaintiff further objects to this Request as overly broad, unduly burdensome, and
2    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
3    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
4    possession, custody, or control; and/or that is or should be available to Defendant and more
5    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

6    Plaintiff further objects to this Request as overly broad, unduly burdensome, and
7    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
8    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
9    Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
10   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
11   Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
12   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
13   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
14   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
15   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
16   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
17   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks
18   discovery not limited to the relevant time period regarding the facts at issue in this litigation.
19   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.
20   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

21   Subject to and without waiver of these objections and Plaintiff's General Objections,
22   Plaintiff responds as follows:

23   The Court has not yet entered a scheduling order in this case; the Court has not set a date
24   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
25   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
26   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
27   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

28

extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 90 of the COMPLAINT that "Mr. Deoras highly praised Plaintiff's work on preliminary proceedings before the PTAB, gushing that she did a 'fabulous job' on them".

**RESPONSE TO REQUEST FOR PRODUCTION 39:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including those regarding the POPRs.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request

seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged,

not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

1   Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects
2   to this Request to the extent it seeks production of electronically stored information in more than
3   one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.
4   R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).  Plaintiff
5   objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent
6   "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or
7   graphic material, however produced or reproduced and all other tangible objects, including, but
8   not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six
9   specified means] or other means" "and all drafts and summaries thereof" "and any
10  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule
11  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be
12  produced" where "a document was prepared and several copies were made or if additional
13  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production
14  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they
15  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-
16  defendants' possession, custody, or control; and/or are or should be available to Defendant and
17  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
18  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not
19  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources
20  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,
21  including because the sought discovery is should be in Kirkland's or its co-defendants'
22  possession, custody, or control, the importance of the discovery sought from Plaintiff in
23  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs
24  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,
25  overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs
26  of the case, and a seeking discovery outside the scope of discovery permitted or required under
27  the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll
28

DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be

1 identified and produced" and "[i]f the document was itself a response, the document to which it
2 responded is also to be identified and produced."

3      Plaintiff intends to produce electronically stored information in a reasonably usable form.

4      Plaintiff further objects to this Request as overly broad, unduly burdensome, and
5 oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
6 outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
7 possession, custody, or control; and/or that is or should be available to Defendant and more
8 readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9      Plaintiff further objects to this Request as overly broad, unduly burdensome, and
10 oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
11 DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
12 Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
13 to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
14 Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
15 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
16 Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
17 oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
18 Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
19 "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
20 "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks
21 discovery not limited to the relevant time period regarding the facts at issue in this litigation.
22 *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.
23 R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

24      Subject to and without waiver of these objections and Plaintiff's General Objections,
25 Plaintiff responds as follows:

26      The Court has not yet entered a scheduling order in this case; the Court has not set a date
27 for the close of discovery.   Plaintiff's reasonable investigation and reasonable search for

28

1   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

2   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

3   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

4   extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

5   documents as appropriate and, as discovery proceeds, will produce, before the close of

6   discovery in accordance with any scheduling order that the Court will issue in this case,

7   responsive and relevant documents that are neither privileged nor otherwise protected, are

8   within Plaintiff's possession, custody and control, are reasonably accessible, and are located

9   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

10  she is willing to meet and confer regarding the scope of this Request.

11  **REQUEST FOR PRODUCTION NO. 40:**

12      All DOCUMENTS that EVIDENCE the allegations in paragraph 91 of the

13  COMPLAINT that "Male Non-Share Partner Y, who had worked at Kirkland in its IP litigation

14  group since the beginning of his legal career eight years prior, told Plaintiff that he had 'never

15  won a POPR' before prior to working with Plaintiff" and that "[h]is first POPR win was the one

16  on which he directly supervised Plaintiff's work, POPR No. 2, on which, per Male Non-Share

17  Partner Y, Plaintiff 'did the heavy lifting'".

18  **RESPONSE TO REQUEST FOR PRODUCTION 40:**

19      In addition to the foregoing General Objections, each of which is specifically

20  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

21  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

22  calculated to lead to the discovery of admissible evidence and that is not proportional to the

23  needs of this case, and as seeking discovery outside the permissible scope under the Federal

24  Rules and/or other applicable law.

25      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

26  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

27  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

28

1    duplicative of discovery sought in other Requests, including those regarding the POPRs.  *See,*
2    *e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P.
3    26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to
4    this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery
5    outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable
6    law because it seeks discovery that is cumulative and/or duplicative to the extent this Request
7    seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE"
8    statements in a non-operative complaint, incorporates or relies on Kirkland's definition of
9    "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.
10   *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B);
11   *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.
12   26(g)(1)(B)–(C).
13          Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
14   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
15   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
16   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
17   production of electronically stored information, to the extent this Request seeks "[a]ll"
18   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
19   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.
20   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
21   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff
22   objects to this Request to the extent it seeks production of electronically stored information
23   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or
24   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.
25   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent
26   it seeks production of electronically stored information that is unreasonably cumulative or
27   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

28

1   seeks production of electronically stored information that is or can be obtained from some other

2   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

3   Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

4   production of electronically stored information that exceeds the scope of discovery permitted by

5   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

6   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

7   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

8   considering the importance of the issues at stake in the action, the amount in controversy, the

9   parties' relative access to relevant information, including Kirkland's access to relevant

10  information because relevant information sought is or should be in Kirkland's possession,

11  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

12  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

13  the at most de minimis importance of cumulative and duplicative discovery requested ad

14  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

15  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

16  this Request to the extent it seeks production of electronically stored information that is not in

17  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

18  defendants' possession, custody, or control; and/or that is or should be available to Defendant

19  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

20  expense.  Plaintiff further objects to this Request because it seeks production of electronically

21  stored information, including seeking discovery of duplicative and/or cumulative electronically

22  stored information, including without limitation to the extent this Request seeks "[a]ll"

23  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

24  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

25  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

26  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

27  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

28

1   stored information from sources that are not reasonably accessible because of undue burden or
2   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"
3   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"
4   and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the
5   extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are
6   not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.
7   Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects
8   to this Request to the extent it seeks production of electronically stored information in more than
9   one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.
10  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff
11  objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent
12  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or
13  graphic material, however produced or reproduced and all other tangible objects, including, but
14  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six
15  specified means] or other means" "and all drafts and summaries thereof" "and any
16  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule
17  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be
18  produced" where "a document was prepared and several copies were made or if additional
19  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production
20  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they
21  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-
22  defendants' possession, custody, or control; and/or are or should be available to Defendant and
23  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
24  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not
25  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources
26  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,
27  including because the sought discovery is should be in Kirkland's or its co-defendants'
28

possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement,

1   and government and government agency of every nature or type"; and/or to the extent this

2   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

3   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

4   envelopes, explanatory notes or memoranda, and any other material that accompanied the

5   document(s)" and "[i]f the specific document elicited a response, that response is also to be

6   identified and produced" and "[i]f the document was itself a response, the document to which it

7   responded is also to be identified and produced."

8          Plaintiff intends to produce electronically stored information in a reasonably usable form.

9          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

10  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

11  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

12  possession, custody, or control; and/or that is or should be available to Defendant and more

13  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

14         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

15  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

16  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

17  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

18  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

19  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

20  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

21  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

22  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

23  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

24  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

25  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

26  discovery not limited to the relevant time period regarding the facts at issue in this litigation.

27

28

1  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

2  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

3        Subject to and without waiver of these objections and Plaintiff's General Objections,

4  Plaintiff responds as follows:

5        The Court has not yet entered a scheduling order in this case; the Court has not set a date

6  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

7  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

8  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

9  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

10  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

11  documents as appropriate and, as discovery proceeds, will produce, before the close of

12  discovery in accordance with any scheduling order that the Court will issue in this case,

13  responsive and relevant documents that are neither privileged nor otherwise protected, are

14  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

15  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

16  she is willing to meet and confer regarding the scope of this Request.

17  **REQUEST FOR PRODUCTION NO. 41:**

18        All DOCUMENTS that EVIDENCE the allegation in paragraph 92 of the COMPLAINT

19  that "Plaintiff's work on POPR Nos. 1 and 2 compared to similar work performed by male

20  associates, including by comparator Mr. Walter, illustrate Defendants' discriminatory, disparate

21  treatment of Plaintiff as compared to male associates, particularly with respect to how

22  Defendant's characterized such work in real time versus during the associate review process."

23  **RESPONSE TO REQUEST FOR PRODUCTION 41:**

24        In addition to the foregoing General Objections, each of which is specifically

25  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

26  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

27  calculated to lead to the discovery of admissible evidence and that is not proportional to the

28

needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including those regarding the POPRs.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information

exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll"

"DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and

1   more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

2   expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

3   relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

4   and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

5   including because the sought discovery is should be in Kirkland's or its co-defendants'

6   possession, custody, or control, the importance of the discovery sought from Plaintiff in

7   resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

8   its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

9   overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

10  of the case, and a seeking discovery outside the scope of discovery permitted or required under

11  the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

12  DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

13  Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

14  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

15  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

16  oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

17  and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

18  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

19  the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

20  recorded or graphic material, however produced or reproduced and all other tangible objects,

21  including, but not limited to," 76 enumerated categories, in addition to "all other data whether

22  recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

23  any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

24  Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

25  produced" where "a document was prepared and several copies were made or if additional

26  copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

27  description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

28

transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

1  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
2  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
3  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks
4  discovery not limited to the relevant time period regarding the facts at issue in this litigation.
5  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.
6  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

7          Subject to and without waiver of these objections and Plaintiff's General Objections,
8  Plaintiff responds as follows:

9          The Court has not yet entered a scheduling order in this case; the Court has not set a date
10 for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
11 responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
12 and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
13 Request as this action and discovery proceed.  Subject to the foregoing objections and to the
14 extent consistent with the same, Plaintiff states that she will conduct a reasonable search for
15 documents as appropriate and, as discovery proceeds, will produce, before the close of
16 discovery in accordance with any scheduling order that the Court will issue in this case,
17 responsive and relevant documents that are neither privileged nor otherwise protected, are
18 within Plaintiff's possession, custody and control, are reasonably accessible, and are located
19 from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that
20 she is willing to meet and confer regarding the scope of this Request.

21 **REQUEST FOR PRODUCTION NO. 42:**

22          All DOCUMENTS that EVIDENCE the allegation in paragraph 93 of the COMPLAINT
23 that "For example, when Plaintiff drafted POPR No. 1, Plaintiff properly and effectively
24 responded to the petitioner's claim-construction argument. It is common knowledge that claim
25 construction is an important part of patent litigation and may be case-dispositive. Mr. Deoras
26 had another male associate in the IP litigation group, Mr. Huehns, copy Plaintiff's claim-
27 construction argument from POPR NO. 1 into Mr. Huehn's POPR (which concerned the same

28

patent as POPR No. 1), to remedy Mr. Huehns' failure to adequately address claim construction in his POPR"

**RESPONSE TO REQUEST FOR PRODUCTION 42:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including those regarding the POPRs. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

1   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

2   production of electronically stored information, to the extent this Request seeks "[a]ll"

3   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

4   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P.

5   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

6   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).   Plaintiff

7   objects to this Request to the extent it seeks production of electronically stored information

8   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

9   other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

10   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).   Plaintiff objects to this Request to the extent

11   it seeks production of electronically stored information that is unreasonably cumulative or

12   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).   Plaintiff objects to this Request to the extent it

13   seeks production of electronically stored information that is or can be obtained from some other

14   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

15   Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).   Plaintiff objects to this Request because it seeks

16   production of electronically stored information that exceeds the scope of discovery permitted by

17   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

18   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

19   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

20   considering the importance of the issues at stake in the action, the amount in controversy, the

21   parties' relative access to relevant information, including Kirkland's access to relevant

22   information because relevant information sought is or should be in Kirkland's possession,

23   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

24   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

25   the at most de minimis importance of cumulative and duplicative discovery requested ad

26   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

27   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).   Plaintiff objects to

28

this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any

DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects,

including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 94 of the COMPLAINT that "Plaintiff received high praise for her work on POPR Nos. 1 and 2 from Deoras via email and from Mr. Alper on a phone call"; that "Mr. Deoras also told Plaintiff that he used and borrowed a lot of Plaintiff's work on POPR No. 1 and POPR No. 2"; and that "however, in his praise, Mr. Deoras expressly complimented the arguments that Plaintiff included in POPR Nos. 1 and 2."

**RESPONSE TO REQUEST FOR PRODUCTION 43:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including those regarding the POPRs. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B);

1  *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.
2  26(g)(1)(B)–(C).

3      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
4  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
5  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
6  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
7  production of electronically stored information, to the extent this Request seeks "[a]ll"
8  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
9  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.
10  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
11  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff
12  objects to this Request to the extent it seeks production of electronically stored information
13  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or
14  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.
15  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent
16  it seeks production of electronically stored information that is unreasonably cumulative or
17  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it
18  seeks production of electronically stored information that is or can be obtained from some other
19  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-
20  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks
21  production of electronically stored information that exceeds the scope of discovery permitted by
22  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically
23  stored information that is duplicative and/or cumulative of other sought discovery, privileged,
24  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,
25  considering the importance of the issues at stake in the action, the amount in controversy, the
26  parties' relative access to relevant information, including Kirkland's access to relevant
27  information because relevant information sought is or should be in Kirkland's possession,

28

1  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

2  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

3  the at most de minimis importance of cumulative and duplicative discovery requested ad

4  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

5  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

6  this Request to the extent it seeks production of electronically stored information that is not in

7  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

8  defendants' possession, custody, or control; and/or that is or should be available to Defendant

9  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

10  expense.  Plaintiff further objects to this Request because it seeks production of electronically

11  stored information, including seeking discovery of duplicative and/or cumulative electronically

12  stored information, including without limitation to the extent this Request seeks "[a]ll"

13  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

14  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

15  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

16  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

17  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

18  stored information from sources that are not reasonably accessible because of undue burden or

19  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

20  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

21  and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

22  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

23  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

24  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

25  to this Request to the extent it seeks production of electronically stored information in more than

26  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

27  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

28

objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of

discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 95 of the COMPLAINT that "On information and belief, Mr. Huehns' failure to include the important, aforementioned claim-construction argument was not included in Mr. Deoras' 'evaluation' of his work. Mr. Huehns is still employed as an IP litigation associate and in good standing at Kirkland while Plaintiff was fired based in part on Defendants' defamatory, patently-false characterization of Plaintiff's work on POPR Nos. 1 and 2."

**RESPONSE TO REQUEST FOR PRODUCTION 44:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including those regarding the POPRs.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable

1  law because it seeks discovery that is cumulative and/or duplicative to the extent this Request

2  seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE"

3  statements in a non-operative complaint, incorporates or relies on Kirkland's definition of

4  "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.

5  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B);

6  *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

7  26(g)(1)(B)–(C).

8       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

9  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

10  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

11  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

12  production of electronically stored information, to the extent this Request seeks "[a]ll"

13  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

14  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P.

15  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

16  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

17  objects to this Request to the extent it seeks production of electronically stored information

18  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

19  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

20  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

21  it seeks production of electronically stored information that is unreasonably cumulative or

22  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

23  seeks production of electronically stored information that is or can be obtained from some other

24  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

25  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

26  production of electronically stored information that exceeds the scope of discovery permitted by

27  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

28

1    stored information that is duplicative and/or cumulative of other sought discovery, privileged,
2    not relevant to any party's claim or defense, and/or not proportional to the needs of the case,
3    considering the importance of the issues at stake in the action, the amount in controversy, the
4    parties' relative access to relevant information, including Kirkland's access to relevant
5    information because relevant information sought is or should be in Kirkland's possession,
6    custody, or control; the parties' resources, including Kirkland's vast and expanse resources and
7    Plaintiff's limited resources; the importance of the discovery in resolving the issues, including
8    the at most de minimis importance of cumulative and duplicative discovery requested ad
9    infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its
10   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to
11   this Request to the extent it seeks production of electronically stored information that is not in
12   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-
13   defendants' possession, custody, or control; and/or that is or should be available to Defendant
14   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
15   expense.  Plaintiff further objects to this Request because it seeks production of electronically
16   stored information, including seeking discovery of duplicative and/or cumulative electronically
17   stored information, including without limitation to the extent this Request seeks "[a]ll"
18   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of
19   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably
20   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.
21   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.
22   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically
23   stored information from sources that are not reasonably accessible because of undue burden or
24   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"
25   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"
26   and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the
27   extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are
28

1   not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

2   Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects

3   to this Request to the extent it seeks production of electronically stored information in more than

4   one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed.

5   R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

6   objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

7   "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

8   graphic material, however produced or reproduced and all other tangible objects, including, but

9   not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

10  specified means] or other means" "and all drafts and summaries thereof" "and any

11  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

12  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

13  produced" where "a document was prepared and several copies were made or if additional

14  copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production

15  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

16  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

17  defendants' possession, custody, or control; and/or are or should be available to Defendant and

18  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

19  expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not

20  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

21  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

22  including because the sought discovery is should be in Kirkland's or its co-defendants'

23  possession, custody, or control, the importance of the discovery sought from Plaintiff in

24  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

25  its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly,

26  overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

27  of the case, and a seeking discovery outside the scope of discovery permitted or required under

28

1   the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

2   DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

3   Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

4   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

5   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

6   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

7   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

8   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

9   the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

10   recorded or graphic material, however produced or reproduced and all other tangible objects,

11   including, but not limited to," 76 enumerated categories, in addition to "all other data whether

12   recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

13   any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

14   Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

15   produced" where "a document was prepared and several copies were made or if additional

16   copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

17   description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

18   transmittal in any manner or received by any means by YOU" and/or "[w]herever such

19   DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

20   "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

21   behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

22   partnership, proprietorship, association, joint venture, other form of organization or arrangement,

23   and government and government agency of every nature or type"; and/or to the extent this

24   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

25   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

26   envelopes, explanatory notes or memoranda, and any other material that accompanied the

27   document(s)" and "[i]f the specific document elicited a response, that response is also to be

28

1   identified and produced" and "[i]f the document was itself a response, the document to which it

2   responded is also to be identified and produced."

3         Plaintiff intends to produce electronically stored information in a reasonably usable form.

4         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

6   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

7   possession, custody, or control; and/or that is or should be available to Defendant and more

8   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

10   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

11   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

12   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

13   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

14   Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

15   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

16   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

17   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

18   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

19   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

20   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

21   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

22   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

23   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

24         Subject to and without waiver of these objections and Plaintiff's General Objections,

25   Plaintiff responds as follows:

26         The Court has not yet entered a scheduling order in this case; the Court has not set a date

27   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

28

1  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
2  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
3  Request as this action and discovery proceed.  Subject to the foregoing objections and to the
4  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for
5  documents as appropriate and, as discovery proceeds, will produce, before the close of
6  discovery in accordance with any scheduling order that the Court will issue in this case,
7  responsive and relevant documents that are neither privileged nor otherwise protected, are
8  within Plaintiff's possession, custody and control, are reasonably accessible, and are located
9  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that
10  she is willing to meet and confer regarding the scope of this Request.

11  **REQUEST FOR PRODUCTION NO. 45:**

12  All DOCUMENTS that EVIDENCE the allegations in paragraph 97 of the
13  COMPLAINT that "Mr. Walter sent to Mr. Deoras for his review an incomplete chart, which
14  without explanation was missing roughly more than a quarter of its substantive contents"; that
15  "Mr. Deoras responded that at most only two of the 17 proposed terms were potentially
16  helpful"; that "Mr. Deoras conveyed to Mr. Walter that his work was largely ineffectual"; and
17  that "Mr. Deoras still thanked Mr. Walter for his efforts".

18  **RESPONSE TO REQUEST FOR PRODUCTION 45:**

19  In addition to the foregoing General Objections, each of which is specifically
20  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
21  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
22  calculated to lead to the discovery of admissible evidence and that is not proportional to the
23  needs of this case, and as seeking discovery outside the permissible scope under the Federal
24  Rules and/or other applicable law.

25  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
26  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
27  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

1    duplicative of discovery sought in other Requests, including those regarding the POPRs.  *See,*

2    *e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P.

3    26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to

4    this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery

5    outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable

6    law because it seeks discovery that is cumulative and/or duplicative to the extent this Request

7    seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE"

8    statements in a non-operative complaint, incorporates or relies on Kirkland's definition of

9    "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.

10   *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B);

11   *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

12   26(g)(1)(B)–(C).

13        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

14   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

15   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

16   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

17   production of electronically stored information, to the extent this Request seeks "[a]ll"

18   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

19   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

20   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

21   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

22   objects to this Request to the extent it seeks production of electronically stored information

23   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

24   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

25   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

26   it seeks production of electronically stored information that is unreasonably cumulative or

27   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

28

1   seeks production of electronically stored information that is or can be obtained from some other

2   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

3   Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

4   production of electronically stored information that exceeds the scope of discovery permitted by

5   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

6   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

7   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

8   considering the importance of the issues at stake in the action, the amount in controversy, the

9   parties' relative access to relevant information, including Kirkland's access to relevant

10   information because relevant information sought is or should be in Kirkland's possession,

11   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

12   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

13   the at most de minimis importance of cumulative and duplicative discovery requested ad

14   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

15   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

16   this Request to the extent it seeks production of electronically stored information that is not in

17   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

18   defendants' possession, custody, or control; and/or that is or should be available to Defendant

19   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

20   expense.  Plaintiff further objects to this Request because it seeks production of electronically

21   stored information, including seeking discovery of duplicative and/or cumulative electronically

22   stored information, including without limitation to the extent this Request seeks "[a]ll"

23   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

24   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

25   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

26   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

27   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

28

stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants'

possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement,

and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.

*See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 98 of the COMPLAINT that "In contrast, Plaintiff's claim construction argument in POPR No. 1 was transplanted into other Mr. Huehns' POPR at Mr. Deoras' direction, and Mr. Deoras continued to use Plaintiff's POPR arguments on other POPRs, demonstrating their value and eliciting express praise from Mr. Deoras. For example, as discussed below, Mr. Deoras emailed Plaintiff in June 2021 and said 'we were able to use a lot of your work on [POPR No. 2] with [two POPRs that were drafted by another associate and resulted in noninstitution]. Congrats on a great result!' Moreover, Plaintiff had never been told that any of her work was ineffectual, let alone almost entirely useless, in contradiction to the falsehoods in Defendants' 'evaluations' of Plaintiff."

1   **RESPONSE TO REQUEST FOR PRODUCTION 46:**

2       In addition to the foregoing General Objections, each of which is specifically

3   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

4   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

5   calculated to lead to the discovery of admissible evidence and that is not proportional to the

6   needs of this case, and as seeking discovery outside the permissible scope under the Federal

7   Rules and/or other applicable law.

8       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

9   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

10  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

11  duplicative of discovery sought in other Requests, including those regarding the POPRs.  *See,*

12  *e.g.*, Fed. R. Civ. P.   26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P.

13  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to

14  this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery

15  outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable

16  law because it seeks discovery that is cumulative and/or duplicative to the extent this Request

17  seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE"

18  statements in a non-operative complaint, incorporates or relies on Kirkland's definition of

19  "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.

20  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B);

21  *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

22  26(g)(1)(B)–(C).

23      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

24  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

25  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

26  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

27  production of electronically stored information, to the extent this Request seeks "[a]ll"

28

"DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

1  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

2  Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

3  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

4  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

5  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

6  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

7  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

8  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

9  discovery not limited to the relevant time period regarding the facts at issue in this litigation.

10  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

11  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

12       Subject to and without waiver of these objections and Plaintiff's General Objections,

13  Plaintiff responds as follows:

14       The Court has not yet entered a scheduling order in this case; the Court has not set a date

15  for the close of discovery. Plaintiff's reasonable investigation and reasonable search for

16  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

17  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

18  Request as this action and discovery proceed. Subject to the foregoing objections and to the

19  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

20  documents as appropriate and, as discovery proceeds, will produce, before the close of

21  discovery in accordance with any scheduling order that the Court will issue in this case,

22  responsive and relevant documents that are neither privileged nor otherwise protected, are

23  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

24  from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that

25  she is willing to meet and confer regarding the scope of this Request.

26  **REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 100 of the COMPLAINT that "[o]n Monday, April 5, 2021, Mr. Alper called Plaintiff and told her that she had done 'excellent' work on the POPRs and that he had spoken to Mr. Deoras regarding the same".

**RESPONSE TO REQUEST FOR PRODUCTION 47:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including those regarding the POPRs.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

1        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
2   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
3   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
4   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
5   production of electronically stored information, to the extent this Request seeks "[a]ll"
6   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
7   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.
8   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
9   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff
10  objects to this Request to the extent it seeks production of electronically stored information
11  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or
12  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.
13  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent
14  it seeks production of electronically stored information that is unreasonably cumulative or
15  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it
16  seeks production of electronically stored information that is or can be obtained from some other
17  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-
18  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks
19  production of electronically stored information that exceeds the scope of discovery permitted by
20  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically
21  stored information that is duplicative and/or cumulative of other sought discovery, privileged,
22  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,
23  considering the importance of the issues at stake in the action, the amount in controversy, the
24  parties' relative access to relevant information, including Kirkland's access to relevant
25  information because relevant information sought is or should be in Kirkland's possession,
26  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and
27  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

1   the at most de minimis importance of cumulative and duplicative discovery requested ad

2   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

3   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

4   this Request to the extent it seeks production of electronically stored information that is not in

5   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

6   defendants' possession, custody, or control; and/or that is or should be available to Defendant

7   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

8   expense.  Plaintiff further objects to this Request because it seeks production of electronically

9   stored information, including seeking discovery of duplicative and/or cumulative electronically

10  stored information, including without limitation to the extent this Request seeks "[a]ll"

11  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

12  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

13  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

14  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

15  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

16  stored information from sources that are not reasonably accessible because of undue burden or

17  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

18  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

19  and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

20  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

21  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

22  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

23  to this Request to the extent it seeks production of electronically stored information in more than

24  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

25  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

26  objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

27  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

28

graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case,

1   responsive and relevant documents that are neither privileged nor otherwise protected, are

2   within Plaintiff's possession, custody and control, are reasonably accessible, and are located

3   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

4   she is willing to meet and confer regarding the scope of this Request.

5   **REQUEST FOR PRODUCTION NO. 48:**

6          All DOCUMENTS that EVIDENCE the allegations paragraph 101 of the COMPLAINT

7   that "Male Share Partner C complimented Plaintiff's '[g]reat job' on 'identifying [the petition's]

8   deficiency and pressing it'"; that "[h]e praised Plaintiff's '[t]errific work,' stating that the win

9   would 'help immensely' in district-court litigation"; and that "Defendants Mr. Deoras, Mr.

10  Alper, Mr. De Vries, and Ms. Schmidt all received this email".

11  **RESPONSE TO REQUEST FOR PRODUCTION 48:**

12         In addition to the foregoing General Objections, each of which is specifically

13  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

14  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

15  calculated to lead to the discovery of admissible evidence and that is not proportional to the

16  needs of this case, and as seeking discovery outside the permissible scope under the Federal

17  Rules and/or other applicable law.

18         Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

19  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

20  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

21  duplicative of discovery sought in other Requests, including those regarding the POPRs.  *See,*

22  *e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P.

23  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to

24  this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery

25  outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable

26  law because it seeks discovery that is cumulative and/or duplicative to the extent this Request

27  seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE"

28

1  statements in a non-operative complaint, incorporates or relies on Kirkland's definition of

2  "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.

3  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B);

4  *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

5  26(g)(1)(B)–(C).

6        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

7  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

8  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

9  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

10 production of electronically stored information, to the extent this Request seeks "[a]ll"

11 "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

12 "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

13 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

14 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

15 objects to this Request to the extent it seeks production of electronically stored information

16 exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

17 other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

18 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

19 it seeks production of electronically stored information that is unreasonably cumulative or

20 duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

21 seeks production of electronically stored information that is or can be obtained from some other

22 source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

23 Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

24 production of electronically stored information that exceeds the scope of discovery permitted by

25 Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

26 stored information that is duplicative and/or cumulative of other sought discovery, privileged,

27 not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

28

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

1   Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

2   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

3   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

4   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

5   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

6   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

7   the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

8   recorded or graphic material, however produced or reproduced and all other tangible objects,

9   including, but not limited to," 76 enumerated categories, in addition to "all other data whether

10  recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

11  any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

12  Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

13  produced" where "a document was prepared and several copies were made or if additional

14  copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

15  description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

16  transmittal in any manner or received by any means by YOU" and/or "[w]herever such

17  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

18  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

19  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

20  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

21  and government and government agency of every nature or type"; and/or to the extent this

22  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

23  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

24  envelopes, explanatory notes or memoranda, and any other material that accompanied the

25  document(s)" and "[i]f the specific document elicited a response, that response is also to be

26  identified and produced" and "[i]f the document was itself a response, the document to which it

27  responded is also to be identified and produced."

28

1      Plaintiff intends to produce electronically stored information in a reasonably usable form.

2      Plaintiff further objects to this Request as overly broad, unduly burdensome, and

3  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

4  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

5  possession, custody, or control; and/or that is or should be available to Defendant and more

6  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

7      Plaintiff further objects to this Request as overly broad, unduly burdensome, and

8  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

9  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

10 Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

11 to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

12 Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

13 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

14 Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

15 oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

16 Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

17 "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

18 "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

19 discovery not limited to the relevant time period regarding the facts at issue in this litigation.

20 *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

21 R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

22      Subject to and without waiver of these objections and Plaintiff's General Objections,

23 Plaintiff responds as follows:

24      The Court has not yet entered a scheduling order in this case; the Court has not set a date

25 for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

26 responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

27 and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

28

Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 102 of the COMPLAINT that "[i]n June 2021…Mr. Alper and Mr. De Vries emailed the team thread complimenting Plaintiff's work".

**RESPONSE TO REQUEST FOR PRODUCTION 49:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including those regarding the POPRs.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable

law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under

the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be

1  identified and produced" and "[i]f the document was itself a response, the document to which it

2  responded is also to be identified and produced."

3         Plaintiff intends to produce electronically stored information in a reasonably usable form.

4         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

6  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

7  possession, custody, or control; and/or that is or should be available to Defendant and more

8  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

10 oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

11 DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

12 Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

13 to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

14 Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

15 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

16 Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

17 oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

18 Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

19 "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

20 "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

21 discovery not limited to the relevant time period regarding the facts at issue in this litigation.

22 *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

23 R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

24         Subject to and without waiver of these objections and Plaintiff's General Objections,

25 Plaintiff responds as follows:

26         The Court has not yet entered a scheduling order in this case; the Court has not set a date

27 for the close of discovery.   Plaintiff's reasonable investigation and reasonable search for

28

1  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
2  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
3  Request as this action and discovery proceed.  Subject to the foregoing objections and to the
4  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for
5  documents as appropriate and, as discovery proceeds, will produce, before the close of
6  discovery in accordance with any scheduling order that the Court will issue in this case,
7  responsive and relevant documents that are neither privileged nor otherwise protected, are
8  within Plaintiff's possession, custody and control, are reasonably accessible, and are located
9  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that
10  she is willing to meet and confer regarding the scope of this Request.

11  **REQUEST FOR PRODUCTION NO. 50:**

12       All DOCUMENTS that EVIDENCE the allegations in paragraph 103 of the
13  COMPLAINT that "Mr. Deoras sent a gushing email to Plaintiff, copying his supervisors, Mr.
14  Alper and Mr. De Vries, stating: 'Zoya, just wanted to say that you really did a fabulous job
15  with these,' referencing all of Plaintiff's work on preliminary proceedings, which resulted only
16  in noninstitution"; that "Mr. Deoras raved that Plaintiff's successes were 'key wins'"; that "Mr.
17  Alper responded, stating: 'Great job Zoya. What a terrific series of results'"; and that "Mr. De
18  Vries responded, stating: 'Same – great job, Zoya; this is terrific to see'".

19  **RESPONSE TO REQUEST FOR PRODUCTION 50:**

20       In addition to the foregoing General Objections, each of which is specifically
21  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
22  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
23  calculated to lead to the discovery of admissible evidence and that is not proportional to the
24  needs of this case, and as seeking discovery outside the permissible scope under the Federal
25  Rules and/or other applicable law.

26       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
27  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

28

1   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

2   duplicative of discovery sought in other Requests, including those regarding the POPRs. *See,*

3   *e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also*, *e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P.

4   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to

5   this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery

6   outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable

7   law because it seeks discovery that is cumulative and/or duplicative to the extent this Request

8   seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE"

9   statements in a non-operative complaint, incorporates or relies on Kirkland's definition of

10  "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.

11  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B);

12  *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

13  26(g)(1)(B)–(C).

14         Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

15  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

16  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

17  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

18  production of electronically stored information, to the extent this Request seeks "[a]ll"

19  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

20  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

21  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

22  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

23  objects to this Request to the extent it seeks production of electronically stored information

24  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

25  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

26  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

27  it seeks production of electronically stored information that is unreasonably cumulative or

28

duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.

1  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

2  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

3  Subject to and without waiver of these objections and Plaintiff's General Objections,

4  Plaintiff responds as follows:

5  The Court has not yet entered a scheduling order in this case; the Court has not set a date for the

6  close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive,

7  relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff

8  reserves all rights to amend, modify, and/or supplement her response to this Request as this action

9  and discovery proceed. Subject to the foregoing objections and to the extent consistent with the

10  same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and,

11  as discovery proceeds, will produce, before the close of discovery in accordance with any

12  scheduling order that the Court will issue in this case, responsive and relevant documents that are

13  neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control,

14  are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any

15  such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of

16  this Request.

17  **REQUEST FOR PRODUCTION NO. 51:**

18  All DOCUMENTS that EVIDENCE the allegation in paragraph 104 of the

19  COMPLAINT that "The best estimate, based on publicly available data, of the probability of

20  both of Plaintiff's POPRs successfully resulting in the PTAB denying institution of IPRs is

21  approximately 16.81%. In sum, every POPR Plaintiff touched turned to gold".

22  **RESPONSE TO REQUEST FOR PRODUCTION 51:**

23  In addition to the foregoing General Objections, each of which is specifically

24  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

25  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

26  calculated to lead to the discovery of admissible evidence and that is not proportional to the

27  needs of this case, and as seeking discovery outside the permissible scope under the Federal

28  Rules and/or other applicable law.

1   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
2   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
3   and/or other applicable law to the extent this Request seeks discovery that is cumulative or
4   duplicative of discovery sought in other Requests, e.g., in Request Nos. 51 and 53.  *See, e.g.*,
5   Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P.
6   26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects
7   to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery
8   outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable
9   law because it seeks discovery that is cumulative and/or duplicative to the extent this Request
10  seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE"
11  statements in a non-operative complaint, incorporates or relies on Kirkland's definition of
12  "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.
13  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B);
14  *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.
15  26(g)(1)(B)–(C).

16  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
17  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
18  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
19  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
20  production of electronically stored information, to the extent this Request seeks "[a]ll"
21  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
22  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.
23  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
24  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff
25  objects to this Request to the extent it seeks production of electronically stored information
26  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or
27  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

28

1   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

2   it seeks production of electronically stored information that is unreasonably cumulative or

3   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

4   seeks production of electronically stored information that is or can be obtained from some other

5   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

6   Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

7   production of electronically stored information that exceeds the scope of discovery permitted by

8   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

9   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

10  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

11  considering the importance of the issues at stake in the action, the amount in controversy, the

12  parties' relative access to relevant information, including Kirkland's access to relevant

13  information because relevant information sought is or should be in Kirkland's possession,

14  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

15  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

16  the at most de minimis importance of cumulative and duplicative discovery requested ad

17  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

18  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

19  this Request to the extent it seeks production of electronically stored information that is not in

20  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

21  defendants' possession, custody, or control; and/or that is or should be available to Defendant

22  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

23  expense.  Plaintiff further objects to this Request because it seeks production of electronically

24  stored information, including seeking discovery of duplicative and/or cumulative electronically

25  stored information, including without limitation to the extent this Request seeks "[a]ll"

26  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

27  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

28

accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

"YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

1   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

2   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

3   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

4   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

5        Subject to and without waiver of these objections and Plaintiff's General Objections,

6   Plaintiff responds as follows:

7        The Court has not yet entered a scheduling order in this case; the Court has not set a date

8   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

9   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

10  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

11  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

12  extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

13  appropriate and, as discovery proceeds, will produce, before the close of discovery in

14  accordance with any scheduling order that the Court will issue in this case, responsive and

15  relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

16  possession, custody and control, are reasonably accessible, and are located from Plaintiff's

17  reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

18  meet and confer regarding the scope of this Request.

19       Subject to and without waiving this or any other applicable objection, Plaintiff states that

20  this information is publicly available data.

21  **REQUEST FOR PRODUCTION NO. 52:**

22       All DOCUMENTS that EVIDENCE the allegation in paragraph 105 of the

23  COMPLAINT that "Plaintiff outperformed Defendants Mr. Alper, Mr. De Vries, and Mr.

24  Deoras by a wide margin. Plaintiff's batting average on the POPRs was 100%, while

25  Defendants Mr. Alper's, Mr. De Vries', and Mr. Deoras' collective historical batting average

26  was a paltry 25% (i.e., only two of eight POPRs that these Defendants had filed in the three

27  years before they hired Plaintiff to join their team successfully resulted in noninstitution)".

28

1   **RESPONSE TO REQUEST FOR PRODUCTION 52:**

2   In addition to the foregoing General Objections, each of which is specifically

3   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

4   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

5   calculated to lead to the discovery of admissible evidence and that is not proportional to the

6   needs of this case, and as seeking discovery outside the permissible scope under the Federal

7   Rules and/or other applicable law.

8   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

9   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

10   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

11   duplicative of discovery sought in other Requests, e.g., Request Nos. 51 and 53. *See, e.g.*, Fed.

12   R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B);

13   Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this

14   Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside

15   the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law

16   because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks

17   "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE"

18   statements in a non-operative complaint, incorporates or relies on Kirkland's definition of

19   "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.

20   *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B);

21   *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

22   26(g)(1)(B)–(C).

23   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

24   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

25   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

26   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

27   production of electronically stored information, to the extent this Request seeks "[a]ll"

28

"DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

1    to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

2    Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

3    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

4    Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

5    oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

6    Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

7    "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

8    "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

9    discovery not limited to the relevant time period regarding the facts at issue in this litigation.

10    *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

11    R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

12         Subject to and without waiver of these objections and Plaintiff's General Objections,

13    Plaintiff responds as follows:

14         The Court has not yet entered a scheduling order in this case; the Court has not set a date

15    for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

16    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

17    and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

18    Request as this action and discovery proceed.  Subject to the foregoing objections and to the

19    extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

20    appropriate and, as discovery proceeds, will produce, before the close of discovery in

21    accordance with any scheduling order that the Court will issue in this case, responsive and

22    relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

23    possession, custody and control, are reasonably accessible, and are located from Plaintiff's

24    reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

25    meet and confer regarding the scope of this Request.

26    <u>**REQUEST FOR PRODUCTION NO. 53:**</u>

27

28

1  All DOCUMENTS that EVIDENCE the allegation in paragraph 106 of the
2  COMPLAINT that "Defendants directly and indirectly reaped the benefits of Plaintiff's work.
3  This included improving Defendants Mr. Alper's, Mr. De Vries', and Mr. Deoras' cumulative
4  POPR performance over the last several years from objectively deficient to respectable courtesy
5  of Plaintiff's direct contributions in a matter of months. Defendants were aware of their
6  deficient performance in recent years, which is why they specifically probed Plaintiff's interest
7  in PTAB work when interviewing Plaintiff in September 2021, which is right around the time
8  relevant petitions were filed. Defendants' awareness of their sub-par performance in recent
9  years and their direct knowledge of Plaintiff's outsized successes on the POPRs highlights the
10 abject falsity and maliciousness of Defendants' characterization of Plaintiff's work, specifically
11 with respect to the POPRs and more generally."

12 **RESPONSE TO REQUEST FOR PRODUCTION 53:**

13  In addition to the foregoing General Objections, each of which is specifically
14 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
15 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
16 calculated to lead to the discovery of admissible evidence and that is not proportional to the
17 needs of this case, and as seeking discovery outside the permissible scope under the Federal
18 Rules and/or other applicable law.

19  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
20 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
21 and/or other applicable law to the extent this Request seeks discovery that is cumulative or
22 duplicative of discovery sought in other Requests, e.g., Request Nos. 51 and 52. *See, e.g.*, Fed.
23 R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B);
24 Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this
25 Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside
26 the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law
27 because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks

28

"[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged,

not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).  Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be

1   identified and produced" and "[i]f the document was itself a response, the document to which it
2   responded is also to be identified and produced."

3       Plaintiff intends to produce electronically stored information in a reasonably usable form.

4       Plaintiff further objects to this Request as overly broad, unduly burdensome, and
5   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
6   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
7   possession, custody, or control; and/or that is or should be available to Defendant and more
8   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9       Plaintiff further objects to this Request as overly broad, unduly burdensome, and
10  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
11  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
12  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
13  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
14  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
15  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
16  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
17  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
18  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
19  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
20  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks
21  discovery not limited to the relevant time period regarding the facts at issue in this litigation.
22  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.
23  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

24      Subject to and without waiver of these objections and Plaintiff's General Objections,
25  Plaintiff responds as follows:

26      The Court has not yet entered a scheduling order in this case; the Court has not set a date
27  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 107 of the COMPLAINT that "shortly before Plaintiff was fired, Mr. Deoras had Plaintiff begin working on drafting the POR, including preparing a detailed, substantive outline setting forth the arguments to be advanced in the POR. This was the first substantive assignment Plaintiff had in over a month because Defendants had dried up Plaintiff's work in retaliation for her reporting and in further discrimination because of Plaintiff's sex. Saliently, Mr. Deoras asked Plaintiff to complete this work after he had extensively defamed Plaintiff in his 'evaluation' and knew Plaintiff would be fired in a matter of weeks for allegedly pervasive and long-standing incompetence. Defendants had dried up Plaintiff's work in retaliation for her reporting and in further discrimination because of sex".

**RESPONSE TO REQUEST FOR PRODUCTION 54:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the

1    needs of this case, and as seeking discovery outside the permissible scope under the Federal

2    Rules and/or other applicable law.

3            Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

4    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

5    and/or other applicable law to the extent this Request seeks discovery that is cumulative or

6    duplicative of discovery sought in other Requests regarding Defendants' discriminatory and

7    retaliatory conduct. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P.

8    26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).

9    Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and

10   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

11   and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to

12   the  extent  this  Request  seeks  "[a]ll"  "DOCUMENTS,"  "EVIDENCE,"  and  "[a]ll

13   DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or

14   relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates

15   or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1);

16   Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

17   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

18           Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

19   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

20   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

21   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

22   production of electronically stored information, to the extent this Request seeks "[a]ll"

23   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

24   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P.

25   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

26   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

27   objects to this Request to the extent it seeks production of electronically stored information

28

exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll"

"DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and

more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

1    Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

2    "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

3    "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

4    discovery not limited to the relevant time period regarding the facts at issue in this litigation.

5    *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

6    R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

7        Subject to and without waiver of these objections and Plaintiff's General Objections,

8    Plaintiff responds as follows:

9        The Court has not yet entered a scheduling order in this case; the Court has not set a date

10   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

11   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

12   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

13   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

14   extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

15   appropriate and, as discovery proceeds, will produce, before the close of discovery in

16   accordance with any scheduling order that the Court will issue in this case, responsive and

17   relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

18   possession, custody and control, are reasonably accessible, and are located from Plaintiff's

19   reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

20   meet and confer regarding the scope of this Request.

21   **REQUEST FOR PRODUCTION NO. 55:**

22       All DOCUMENTS that EVIDENCE the allegation in paragraph 109 of the

23   COMPLAINT that "Plaintiff served as the lone workhorse associate on the ITC investigation, in

24   which she would develop and drive the client's invalidity, unenforceability, and

25   noninfringement defenses".

26   **RESPONSE TO REQUEST FOR PRODUCTION 55:**

27

28

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, e.g., Request No. 56. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

1   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

2   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).   Plaintiff

3   objects to this Request to the extent it seeks production of electronically stored information

4   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

5   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

6   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

7   it seeks production of electronically stored information that is unreasonably cumulative or

8   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

9   seeks production of electronically stored information that is or can be obtained from some other

10  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

11  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

12  production of electronically stored information that exceeds the scope of discovery permitted by

13  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

14  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

15  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

16  considering the importance of the issues at stake in the action, the amount in controversy, the

17  parties' relative access to relevant information, including Kirkland's access to relevant

18  information because relevant information sought is or should be in Kirkland's possession,

19  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

20  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

21  the at most de minimis importance of cumulative and duplicative discovery requested ad

22  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

23  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

24  this Request to the extent it seeks production of electronically stored information that is not in

25  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

26  defendants' possession, custody, or control; and/or that is or should be available to Defendant

27  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

28

expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production

of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 110 of the COMPLAINT that "Plaintiff's work [on the ITC investigation] earned her compliments,

including from Mr. Fahey when he told Plaintiff she did '[n]ice work] drafting a subpoena and later referred to her as 'our ITC subpoena expert'".

**RESPONSE TO REQUEST FOR PRODUCTION 56:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, e.g., Request No. 55.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in

Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether

1   recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

2   any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

3   Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

4   produced" where "a document was prepared and several copies were made or if additional

5   copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

6   description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

7   transmittal in any manner or received by any means by YOU" and/or "[w]herever such

8   DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

9   "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

10  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

11  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

12  and government and government agency of every nature or type"; and/or to the extent this

13  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

14  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

15  envelopes, explanatory notes or memoranda, and any other material that accompanied the

16  document(s)" and "[i]f the specific document elicited a response, that response is also to be

17  identified and produced" and "[i]f the document was itself a response, the document to which it

18  responded is also to be identified and produced."

19        Plaintiff intends to produce electronically stored information in a reasonably usable form.

20        Plaintiff further objects to this Request as overly broad, unduly burdensome, and

21  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

22  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

23  possession, custody, or control; and/or that is or should be available to Defendant and more

24  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

25        Plaintiff further objects to this Request as overly broad, unduly burdensome, and

26  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

27  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

28

1   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
2   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
3   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
4   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
5   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
6   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
7   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
8   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
9   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks
10  discovery not limited to the relevant time period regarding the facts at issue in this litigation.
11  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.
12  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

13          Subject to and without waiver of these objections and Plaintiff's General Objections,
14  Plaintiff responds as follows:

15          The Court has not yet entered a scheduling order in this case; the Court has not set a date
16  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
17  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
18  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
19  Request as this action and discovery proceed.  Subject to the foregoing objections and to the
20  extent consistent with the same, Plaintiff will conduct a reasonable search for documents as
21  appropriate and, as discovery proceeds, will produce, before the close of discovery in
22  accordance with any scheduling order that the Court will issue in this case, responsive and
23  relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's
24  possession, custody and control, are reasonably accessible, and are located from Plaintiff's
25  reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to
26  meet and confer regarding the scope of this Request.

27  **REQUEST FOR PRODUCTION NO. 57:**

1   All DOCUMENTS that EVIDENCE the allegations in paragraph 111 of the
2 COMPLAINT that "Ms. Schmidt stated that, because of Plaintiff's excellent work at the Firm,
3 including on the POPRs and the ITC Investigation, Defendants wanted Plaintiff to join the trial
4 team to replace a key (female) associate who had abruptly resigned"; that "Ms. Schmidt stated
5 that Plaintiff would not need to worry about Plaintiff's responsibilities for the ITC Investigation,
6 which was a separate, active matter"; and that "Ms. Schmidt assured Plaintiff that if Plaintiff
7 joined the trail [sic] team, Defendants would remove Plaintiff's work on the ITC Investigation
8 so that Plaintiff could prepare for and focus on trial rather than other matters".

9 **RESPONSE TO REQUEST FOR PRODUCTION 57:**

10   In addition to the foregoing General Objections, each of which is specifically
11 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
12 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
13 calculated to lead to the discovery of admissible evidence and that is not proportional to the
14 needs of this case, and as seeking discovery outside the permissible scope under the Federal
15 Rules and/or other applicable law.

16   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
17 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
18 and/or other applicable law to the extent this Request seeks discovery that is cumulative or
19 duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see*
20 *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii);
21 Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly
22 burdensome, and oppressive and as seeking discovery outside the scope permissible under the
23 Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is
24 cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"
25 "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative
26 complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of
27 "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

28

26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession,

1   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

2   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

3   the at most de minimis importance of cumulative and duplicative discovery requested ad

4   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

5   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

6   this Request to the extent it seeks production of electronically stored information that is not in

7   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

8   defendants' possession, custody, or control; and/or that is or should be available to Defendant

9   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

10  expense.  Plaintiff further objects to this Request because it seeks production of electronically

11  stored information, including seeking discovery of duplicative and/or cumulative electronically

12  stored information, including without limitation to the extent this Request seeks "[a]ll"

13  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

14  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

15  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

16  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

17  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

18  stored information from sources that are not reasonably accessible because of undue burden or

19  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

20  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

21  and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

22  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

23  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

24  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

25  to this Request to the extent it seeks production of electronically stored information in more than

26  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

27  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

28

objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.   Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

1   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
2   possession, custody, or control; and/or that is or should be available to Defendant and more
3   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

4          Plaintiff further objects to this Request as overly broad, unduly burdensome, and
5   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
6   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
7   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
8   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
9   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
10  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
11  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
12  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
13  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
14  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
15  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks
16  discovery not limited to the relevant time period regarding the facts at issue in this litigation.
17  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.
18  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

19         Subject to and without waiver of these objections and Plaintiff's General Objections,
20  Plaintiff responds as follows:

21         The Court has not yet entered a scheduling order in this case; the Court has not set a date
22  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
23  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
24  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
25  Request as this action and discovery proceed.  Subject to the foregoing objections and to the
26  extent consistent with the same, Plaintiff will conduct a reasonable search for documents as
27  appropriate and, as discovery proceeds, will produce, before the close of discovery in

28

accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 112 of the COMPLAINT that "Given that Plaintiff would be working on the damages team with Ms. Schmidt, Plaintiff informed Ms. Schmidt of Plaintiff's limited prior experience with damages. (Plaintiff's practice primarily focused on developing and advancing patent infringement and invalidity theories/arguments.) Ms. Schmidt assured Plaintiff that that would not be an issue and confirmed again that Defendants would offload Plaintiff's work on the ITC Investigation so she could focus on trial. But, as Plaintiff would later learn, the repeated promises to offload Plaintiff's work on non-trial matters was a lie. Before trial and while at the trial site, Plaintiff continued to be saddled with work for the ITC Investigation, including, inter alia, drafting invalidity contentions and analyzing discovery"; and that "Plaintiff continued to do excellent work and garnered praise for both her non-trial and trial work while at trial".

**RESPONSE TO REQUEST FOR PRODUCTION 58:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or

duplicative of discovery sought in other Requests, e.g., Requests regarding Plaintiff's work and experience at trial with Defendants, discrimination, and sex-based harassment constituting a hostile work environment. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or

1   duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

2   seeks production of electronically stored information that is or can be obtained from some other

3   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

4   Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

5   production of electronically stored information that exceeds the scope of discovery permitted by

6   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

7   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

8   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

9   considering the importance of the issues at stake in the action, the amount in controversy, the

10  parties' relative access to relevant information, including Kirkland's access to relevant

11  information because relevant information sought is or should be in Kirkland's possession,

12  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

13  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

14  the at most de minimis importance of cumulative and duplicative discovery requested ad

15  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

16  likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

17  this Request to the extent it seeks production of electronically stored information that is not in

18  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

19  defendants' possession, custody, or control; and/or that is or should be available to Defendant

20  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

21  expense.  Plaintiff further objects to this Request because it seeks production of electronically

22  stored information, including seeking discovery of duplicative and/or cumulative electronically

23  stored information, including without limitation to the extent this Request seeks "[a]ll"

24  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

25  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

26  accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

27  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

28

34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.

1    *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

2    R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

3         Subject to and without waiver of these objections and Plaintiff's General Objections,

4    Plaintiff responds as follows:

5         The Court has not yet entered a scheduling order in this case; the Court has not set a date

6    for the close of discovery. Plaintiff's reasonable investigation and reasonable search for

7    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

8    and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

9    Request as this action and discovery proceed. Subject to the foregoing objections and to the

10   extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

11   appropriate and, as discovery proceeds, will produce, before the close of discovery in

12   accordance with any scheduling order that the Court will issue in this case, responsive and

13   relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

14   possession, custody and control, are reasonably accessible, and are located from Plaintiff's

15   reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to

16   meet and confer regarding the scope of this Request.

17   **REQUEST FOR PRODUCTION NO. 59:**

18        All DOCUMENTS that EVIDENCE the allegation in paragraph 113 of the

19   COMPLAINT that "[d]uring the two weeks in Texas for trial…Plaintiff experienced and

20   otherwise observed a bevy of discriminatory conduct towards women".

21   **RESPONSE TO REQUEST FOR PRODUCTION 59:**

22        In addition to the foregoing General Objections, each of which is specifically

23   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

24   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

25   calculated to lead to the discovery of admissible evidence and that is not proportional to the

26   needs of this case, and as seeking discovery outside the permissible scope under the Federal

27   Rules and/or other applicable law.

28

1    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
2    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
3    and/or other applicable law to the extent this Request seeks discovery that is cumulative or
4    duplicative of discovery sought in other Requests, e.g., Requests regarding Plaintiff's work and
5    experience at trial with Defendants, discrimination, and sex-based harassment constituting a
6    hostile work environment. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ.
7    P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P.
8    26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and
9    oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
10   Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or
11   duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
12   DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or
13   relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates
14   or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1);
15   Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.
16   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

17   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
18   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
19   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
20   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
21   production of electronically stored information, to the extent this Request seeks "[a]ll"
22   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
23   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.
24   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
25   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff
26   objects to this Request to the extent it seeks production of electronically stored information
27   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or
28

1   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

2   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

3   it seeks production of electronically stored information that is unreasonably cumulative or

4   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

5   seeks production of electronically stored information that is or can be obtained from some other

6   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

7   Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

8   production of electronically stored information that exceeds the scope of discovery permitted by

9   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

10  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

11  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

12  considering the importance of the issues at stake in the action, the amount in controversy, the

13  parties' relative access to relevant information, including Kirkland's access to relevant

14  information because relevant information sought is or should be in Kirkland's possession,

15  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

16  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

17  the at most de minimis importance of cumulative and duplicative discovery requested ad

18  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

19  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

20  this Request to the extent it seeks production of electronically stored information that is not in

21  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

22  defendants' possession, custody, or control; and/or that is or should be available to Defendant

23  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

24  expense.  Plaintiff further objects to this Request because it seeks production of electronically

25  stored information, including seeking discovery of duplicative and/or cumulative electronically

26  stored information, including without limitation to the extent this Request seeks "[a]ll"

27  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

28

"DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such

1    DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

2    "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

3    behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

4    partnership, proprietorship, association, joint venture, other form of organization or arrangement,

5    and government and government agency of every nature or type"; and/or to the extent this

6    Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

7    DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

8    envelopes, explanatory notes or memoranda, and any other material that accompanied the

9    document(s)" and "[i]f the specific document elicited a response, that response is also to be

10   identified and produced" and "[i]f the document was itself a response, the document to which it

11   responded is also to be identified and produced."

12        Plaintiff intends to produce electronically stored information in a reasonably usable form.

13        Plaintiff further objects to this Request as overly broad, unduly burdensome, and

14   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

15   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

16   possession, custody, or control; and/or that is or should be available to Defendant and more

17   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

18        Plaintiff further objects to this Request as overly broad, unduly burdensome, and

19   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

20   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

21   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

22   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

23   Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

24   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

25   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

26   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

27   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

28

1   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

2   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

3   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

4   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

5   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

6   Subject to and without waiver of these objections and Plaintiff's General Objections,

7   Plaintiff responds as follows:

8   The Court has not yet entered a scheduling order in this case; the Court has not set a date

9   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

10   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

11   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

12   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

13   extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

14   appropriate and, as discovery proceeds, will produce, before the close of discovery in

15   accordance with any scheduling order that the Court will issue in this case, responsive and

16   relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

17   possession, custody and control, are reasonably accessible, and are located from Plaintiff's

18   reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

19   meet and confer regarding the scope of this Request.

20   **REQUEST FOR PRODUCTION NO. 60:**

21   All DOCUMENTS that EVIDENCE the allegation in paragraph 114 of the

22   COMPLAINT that "At trial, Plaintiff assisted with both Mr. De Vries' key cross-examination of

23   the plaintiff's CEO and with Ms. Schmidt's direct examination of the defendant's damages

24   expert witness. The trial resulted in a complete verdict (of invalidity and non-infringement of all

25   asserted patent claims) for the client-defendant."

26   **RESPONSE TO REQUEST FOR PRODUCTION 60:**

27

28

1    In addition to the foregoing General Objections, each of which is specifically

2    incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

3    unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

4    calculated to lead to the discovery of admissible evidence and that is not proportional to the

5    needs of this case, and as seeking discovery outside the permissible scope under the Federal

6    Rules and/or other applicable law.

7    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

8    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

9    and/or other applicable law to the extent this Request seeks discovery that is cumulative or

10   duplicative of discovery sought in other Requests, e.g., Requests regarding Plaintiff's work and

11   experience at trial with Defendants, discrimination, and sex-based harassment constituting a

12   hostile work environment. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ.

13   P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

14   26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and

15   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

16   Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or

17   duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

18   DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or

19   relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates

20   or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1);

21   Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

22   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

23   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

24   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

25   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

26   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

27   production of electronically stored information, to the extent this Request seeks "[a]ll"

28

"DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.   Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.   *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

1  any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

2  Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

3  produced" where "a document was prepared and several copies were made or if additional

4  copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

5  description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

6  transmittal in any manner or received by any means by YOU" and/or "[w]herever such

7  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

8  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

9  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

10  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

11  and government and government agency of every nature or type"; and/or to the extent this

12  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

13  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

14  envelopes, explanatory notes or memoranda, and any other material that accompanied the

15  document(s)" and "[i]f the specific document elicited a response, that response is also to be

16  identified and produced" and "[i]f the document was itself a response, the document to which it

17  responded is also to be identified and produced."

18       Plaintiff intends to produce electronically stored information in a reasonably usable form.

19       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

20  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

21  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

22  possession, custody, or control; and/or that is or should be available to Defendant and more

23  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

24       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

25  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

26  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

27  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

28

1   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

2   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

3   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

4   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

5   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

6   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

7   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

8   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

9   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

10   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

11   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

12       Subject to and without waiver of these objections and Plaintiff's General Objections,

13   Plaintiff responds as follows:

14       The Court has not yet entered a scheduling order in this case; the Court has not set a date

15   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

16   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

17   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

18   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

19   extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

20   appropriate and, as discovery proceeds, will produce, before the close of discovery in

21   accordance with any scheduling order that the Court will issue in this case, responsive and

22   relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

23   possession, custody and control, are reasonably accessible, and are located from Plaintiff's

24   reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

25   meet and confer regarding the scope of this Request.

26   **REQUEST FOR PRODUCTION NO. 61:**

27

28

1      All DOCUMENTS that EVIDENCE the allegation in paragraph 115 of the
2 COMPLAINT that "Mr. De Vries was pleased with Plaintiff's [trial] work, as he expressed to
3 Plaintiff multiple times in person and over email. The Firm's own publication touted a line of
4 questioning developed by Plaintiff as key to the trial victory. Mr. De Vries' comments to
5 Plaintiff about her good work at trial stand in stark contrast to Mr. De Vries' false statements in
6 Plaintiff's 'evaluation,' in which he claimed that he was allegedly displeased with Plaintiff's
7 work for him at trial. Plaintiff first learned of his alleged displeasure when she was read her
8 "evaluations" in October 2021, after she had been fired."

9 **RESPONSE TO REQUEST FOR PRODUCTION 61:**

10      In addition to the foregoing General Objections, each of which is specifically
11 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
12 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
13 calculated to lead to the discovery of admissible evidence and that is not proportional to the
14 needs of this case, and as seeking discovery outside the permissible scope under the Federal
15 Rules and/or other applicable law.

16      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
17 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
18 and/or other applicable law to the extent this Request seeks discovery that is cumulative or
19 duplicative of discovery sought in other Requests, e.g., Requests regarding Plaintiff's work and
20 experience at trial with Defendants, discrimination, sex-based harassment constituting a hostile
21 work environment, retaliation, and defamation. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see
22 also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii);
23 Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly
24 burdensome, and oppressive and as seeking discovery outside the scope permissible under the
25 Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is
26 cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"
27 "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative

28

1   complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of

2   "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

3   26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

4   P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

5       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

6   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

7   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

8   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

9   production of electronically stored information, to the extent this Request seeks "[a]ll"

10  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

11  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

12  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

13  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

14  objects to this Request to the extent it seeks production of electronically stored information

15  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

16  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

17  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

18  it seeks production of electronically stored information that is unreasonably cumulative or

19  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

20  seeks production of electronically stored information that is or can be obtained from some other

21  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

22  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

23  production of electronically stored information that exceeds the scope of discovery permitted by

24  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

25  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

26  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

27  considering the importance of the issues at stake in the action, the amount in controversy, the

28

parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than

one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

1    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

2    Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

3    oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

4    and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

5    Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

6    the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

7    recorded or graphic material, however produced or reproduced and all other tangible objects,

8    including, but not limited to," 76 enumerated categories, in addition to "all other data whether

9    recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

10   any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

11   Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

12   produced" where "a document was prepared and several copies were made or if additional

13   copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

14   description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

15   transmittal in any manner or received by any means by YOU" and/or "[w]herever such

16   DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

17   "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

18   behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

19   partnership, proprietorship, association, joint venture, other form of organization or arrangement,

20   and government and government agency of every nature or type"; and/or to the extent this

21   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

22   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

23   envelopes, explanatory notes or memoranda, and any other material that accompanied the

24   document(s)" and "[i]f the specific document elicited a response, that response is also to be

25   identified and produced" and "[i]f the document was itself a response, the document to which it

26   responded is also to be identified and produced."

27        Plaintiff intends to produce electronically stored information in a reasonably usable form.

28

1    Plaintiff further objects to this Request as overly broad, unduly burdensome, and
2    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
3    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
4    possession, custody, or control; and/or that is or should be available to Defendant and more
5    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

6    Plaintiff further objects to this Request as overly broad, unduly burdensome, and
7    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
8    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
9    Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
10   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
11   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
12   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
13   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
14   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
15   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
16   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
17   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks
18   discovery not limited to the relevant time period regarding the facts at issue in this litigation.
19   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.
20   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

21   Subject to and without waiver of these objections and Plaintiff's General Objections,
22   Plaintiff responds as follows:

23   The Court has not yet entered a scheduling order in this case; the Court has not set a date
24   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
25   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
26   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
27   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

28

extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 116 of the COMPLAINT that "Mr. Fahey praised Plaintiff's work on drafting invalidity charting for the ITC Investigation (the non-trial matter), stating Plaintiff's 'nice work' on the invalidity charting 'looked good' and required no substantive revisions (unlike the substantially similar charting assigned to other associates), for which he thanked Plaintiff".

**RESPONSE TO REQUEST FOR PRODUCTION 62:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work and experience at trial with Defendants, discrimination, and sex-based harassment constituting a hostile work environment, including Request No. 62.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.

26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

1   production of electronically stored information that exceeds the scope of discovery permitted by

2   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

3   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

4   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

5   considering the importance of the issues at stake in the action, the amount in controversy, the

6   parties' relative access to relevant information, including Kirkland's access to relevant

7   information because relevant information sought is or should be in Kirkland's possession,

8   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

9   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

10  the at most de minimis importance of cumulative and duplicative discovery requested ad

11  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

12  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

13  this Request to the extent it seeks production of electronically stored information that is not in

14  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

15  defendants' possession, custody, or control; and/or that is or should be available to Defendant

16  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

17  expense.  Plaintiff further objects to this Request because it seeks production of electronically

18  stored information, including seeking discovery of duplicative and/or cumulative electronically

19  stored information, including without limitation to the extent this Request seeks "[a]ll"

20  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

21  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

22  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

23  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

24  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

25  stored information from sources that are not reasonably accessible because of undue burden or

26  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

27  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

28

1   and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

2   extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

3   not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

4   Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

5   to this Request to the extent it seeks production of electronically stored information in more than

6   one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

7   R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).  Plaintiff

8   objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

9   "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

10  graphic material, however produced or reproduced and all other tangible objects, including, but

11  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

12  specified means] or other means" "and all drafts and summaries thereof" "and any

13  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

14  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

15  produced" where "a document was prepared and several copies were made or if additional

16  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

17  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

18  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

19  defendants' possession, custody, or control; and/or are or should be available to Defendant and

20  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

21  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

22  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

23  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

24  including because the sought discovery is should be in Kirkland's or its co-defendants'

25  possession, custody, or control, the importance of the discovery sought from Plaintiff in

26  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

27  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

28

overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

1    The Court has not yet entered a scheduling order in this case; the Court has not set a date
2    for the close of discovery.   Plaintiff's reasonable investigation and reasonable search for
3    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
4    and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
5    Request as this action and discovery proceed.   Subject to the foregoing objections and to the
6    extent consistent with the same, Plaintiff will conduct a reasonable search for documents as
7    appropriate and, as discovery proceeds, will produce, before the close of discovery in
8    accordance with any scheduling order that the Court will issue in this case, responsive and
9    relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's
10   possession, custody and control, are reasonably accessible, and are located from Plaintiff's
11   reasonable search, to the extent any such documents exist.   Plaintiff states that she is willing to
12   meet and confer regarding the scope of this Request.

13   **REQUEST FOR PRODUCTION NO. 63:**

14   All DOCUMENTS that EVIDENCE the allegations in paragraph 116, footnote 29 of the
15   COMPLAINT that "Plaintiff, Male Associate G, and Female Associate J each drafted invalidity
16   charting for the ITC Investigation—i.e., they performed similar assignments. Male Associate G
17   and Female Associate J produced work of substantially similar quality, which required
18   comparable substantive revisions. When Plaintiff was at the trial site, Mr. Fahey sent a team-
19   facing email, including to share partners whom he added to the thread, to praise Male Associate
20   G's work while characterizing Female Associate J's work as insufficient and requiring
21   significant substantive revisions. As discussed above, Plaintiff's work required no substantive
22   revisions; however, Mr. Fahey intentionally avoided praising Plaintiff despite praising Male
23   Associate G for inferior work relative to Plaintiff's work. (Mr. Fahey privately emailed Plaintiff
24   the aforementioned praise only after Plaintiff followed up with him due to his non-
25   responsiveness.)"

26   **RESPONSE TO REQUEST FOR PRODUCTION 63:**

27
28

1    In addition to the foregoing General Objections, each of which is specifically

2    incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

3    unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

4    calculated to lead to the discovery of admissible evidence and that is not proportional to the

5    needs of this case, and as seeking discovery outside the permissible scope under the Federal

6    Rules and/or other applicable law.

7    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

8    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

9    and/or other applicable law to the extent this Request seeks discovery that is cumulative or

10   duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work

11   and experience at trial with Defendants, discrimination, and sex-based harassment constituting a

12   hostile work environment, including Request No. 62.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i);

13   *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.

14   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly

15   broad, unduly burdensome, and oppressive and as seeking discovery outside the scope

16   permissible under the Federal Rules of Civil Procedure and/or other applicable law because it

17   seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll"

18   "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a

19   non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)"

20   and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ.

21   P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R.

22   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

23   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

24   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

25   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

26   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

27   production of electronically stored information, to the extent this Request seeks "[a]ll"

28

"DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

1   defendants' possession, custody, or control; and/or that is or should be available to Defendant
2   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
3   expense.  Plaintiff further objects to this Request because it seeks production of electronically
4   stored information, including seeking discovery of duplicative and/or cumulative electronically
5   stored information, including without limitation to the extent this Request seeks "[a]ll"
6   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of
7   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably
8   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.
9   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.
10  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically
11  stored information from sources that are not reasonably accessible because of undue burden or
12  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"
13  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"
14  and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the
15  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are
16  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.
17  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects
18  to this Request to the extent it seeks production of electronically stored information in more than
19  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.
20  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff
21  objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent
22  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or
23  graphic material, however produced or reproduced and all other tangible objects, including, but
24  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six
25  specified means] or other means" "and all drafts and summaries thereof" "and any
26  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule
27  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be
28

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

1   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

2   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

3   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

4   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

5   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

6   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

7   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

8   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

9   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

10  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

11  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

12      Subject to and without waiver of these objections and Plaintiff's General Objections,

13  Plaintiff responds as follows:

14      The Court has not yet entered a scheduling order in this case; the Court has not set a date

15  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

16  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

17  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

18  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

19  extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

20  appropriate and, as discovery proceeds, will produce, before the close of discovery in

21  accordance with any scheduling order that the Court will issue in this case, responsive and

22  relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

23  possession, custody and control, are reasonably accessible, and are located from Plaintiff's

24  reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

25  meet and confer regarding the scope of this Request.

26  **REQUEST FOR PRODUCTION NO. 64:**

27

28

All DOCUMENTS that EVIDENCE the allegation in paragraph 117 of the COMPLAINT that "Ms. Schmidt indicated that she did not like working on an all-female damages team".

**RESPONSE TO REQUEST FOR PRODUCTION 64:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work and experience at trial with Defendants, discrimination, and sex-based harassment constituting a hostile work environment, including Request Nos. 65, 66, 67. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

1    possession, custody, or control; and/or that is or should be available to Defendant and more

2    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

3         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

4    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

5    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

6    Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

7    to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

8    Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

9    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

10   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

11   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

12   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

13   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

14   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

15   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

16   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

17   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

18        Subject to and without waiver of these objections and Plaintiff's General Objections,

19   Plaintiff responds as follows:

20        The Court has not yet entered a scheduling order in this case; the Court has not set a date

21   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

22   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

23   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

24   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

25   extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

26   appropriate and, as discovery proceeds, will produce, before the close of discovery in

27   accordance with any scheduling order that the Court will issue in this case, responsive and

28

1  relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

2  possession, custody and control, are reasonably accessible, and are located from Plaintiff's

3  reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

4  meet and confer regarding the scope of this Request.  Plaintiff states that Ms. Schmidt made the

5  aforementioned comment verbally.

6  **REQUEST FOR PRODUCTION NO. 65:**

7      All DOCUMENTS that EVIDENCE the allegation in paragraph 118 of the

8  COMPLAINT that "Ms. Schmidt stated, 'now I'm stuck with this,' while Ms. Schmidt waved

9  her hands in a derogatory gesture toward Plaintiff. Ms. Schmidt and the expert agreed that that

10  was 'unfortunate'".

11  **RESPONSE TO REQUEST FOR PRODUCTION 65:**

12      In addition to the foregoing General Objections, each of which is specifically

13  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

14  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

15  calculated to lead to the discovery of admissible evidence and that is not proportional to the

16  needs of this case, and as seeking discovery outside the permissible scope under the Federal

17  Rules and/or other applicable law.

18      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

19  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

20  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

21  duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work

22  and experience at trial with Defendants, discrimination, and sex-based harassment constituting a

23  hostile work environment, including Request Nos. 64, 66, 67.  *See, e.g.*, Fed. R. Civ. P.

24  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ.

25  P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly

26  broad, unduly burdensome, and oppressive and as seeking discovery outside the scope

27  permissible under the Federal Rules of Civil Procedure and/or other applicable law because it

28

1  seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll"
2  "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a
3  non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)"
4  and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ.
5  P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R.
6  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

7         Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
8  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
9  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
10  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
11  production of electronically stored information, to the extent this Request seeks "[a]ll"
12  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
13  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.
14  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
15  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff
16  objects to this Request to the extent it seeks production of electronically stored information
17  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or
18  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.
19  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent
20  it seeks production of electronically stored information that is unreasonably cumulative or
21  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it
22  seeks production of electronically stored information that is or can be obtained from some other
23  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-
24  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks
25  production of electronically stored information that exceeds the scope of discovery permitted by
26  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically
27  stored information that is duplicative and/or cumulative of other sought discovery, privileged,
28

not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).  Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

1  DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

2  Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

3  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

4  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

5  oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

6  and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

7  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

8  the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

9  recorded or graphic material, however produced or reproduced and all other tangible objects,

10 including, but not limited to," 76 enumerated categories, in addition to "all other data whether

11 recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

12 any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

13 Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

14 produced" where "a document was prepared and several copies were made or if additional

15 copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

16 description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

17 transmittal in any manner or received by any means by YOU" and/or "[w]herever such

18 DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

19 "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

20 behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

21 partnership, proprietorship, association, joint venture, other form of organization or arrangement,

22 and government and government agency of every nature or type"; and/or to the extent this

23 Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

24 DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

25 envelopes, explanatory notes or memoranda, and any other material that accompanied the

26 document(s)" and "[i]f the specific document elicited a response, that response is also to be

27

28

1    identified and produced" and "[i]f the document was itself a response, the document to which it

2    responded is also to be identified and produced."

3          Plaintiff intends to produce electronically stored information in a reasonably usable form.

4          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

6    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

7    possession, custody, or control; and/or that is or should be available to Defendant and more

8    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

10   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

11   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

12   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

13   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

14   Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

15   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

16   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

17   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

18   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

19   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

20   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

21   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

22   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

23   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

24         Subject to and without waiver of these objections and Plaintiff's General Objections,

25   Plaintiff responds as follows:

26         The Court has not yet entered a scheduling order in this case; the Court has not set a date

27   for the close of discovery.   Plaintiff's reasonable investigation and reasonable search for

28

responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.  Plaintiff states that Ms. Schmidt made the aforementioned comment verbally.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 119 of the COMPLAINT that "Ms. Schmidt continued to humiliate Plaintiff after making the aforementioned comments. Ms. Schmidt made Plaintiff order food for Leslie Schmidt, the expert, and the expert's assistant. Ordinarily partners either relegate such tasks to an assistant (who can make orders remotely and/or in advance) or office-services personnel (who are available on weekends) or handle them personally. To Plaintiff's knowledge, no male associate had ever been asked or had to order food for any member of the trial team, including themselves. Clearly, Defendants felt that ordering food and other administrative tasks are tasks best left to females and are too ministerial for a male associate to handle".

**RESPONSE TO REQUEST FOR PRODUCTION 66:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the

1    needs of this case, and as seeking discovery outside the permissible scope under the Federal
2    Rules and/or other applicable law.

3           Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
4    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
5    and/or other applicable law to the extent this Request seeks discovery that is cumulative or
6    duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work
7    and experience at trial with Defendants, discrimination, and sex-based harassment constituting a
8    hostile work environment, including Request Nos. 64, 65, 67. *See, e.g.*, Fed. R. Civ. P.
9    26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ.
10   P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly
11   broad, unduly burdensome, and oppressive and as seeking discovery outside the scope
12   permissible under the Federal Rules of Civil Procedure and/or other applicable law because it
13   seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll"
14   "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a
15   non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)"
16   and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ.
17   P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R.
18   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

19          Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
20   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
21   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
22   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
23   production of electronically stored information, to the extent this Request seeks "[a]ll"
24   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
25   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P.
26   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
27   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

28

1  objects to this Request to the extent it seeks production of electronically stored information

2  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

3  other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

4  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent

5  it seeks production of electronically stored information that is unreasonably cumulative or

6  duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it

7  seeks production of electronically stored information that is or can be obtained from some other

8  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

9  Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks

10 production of electronically stored information that exceeds the scope of discovery permitted by

11 Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

12 stored information that is duplicative and/or cumulative of other sought discovery, privileged,

13 not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

14 considering the importance of the issues at stake in the action, the amount in controversy, the

15 parties' relative access to relevant information, including Kirkland's access to relevant

16 information because relevant information sought is or should be in Kirkland's possession,

17 custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

18 Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

19 the at most de minimis importance of cumulative and duplicative discovery requested ad

20 infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

21 likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to

22 this Request to the extent it seeks production of electronically stored information that is not in

23 Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

24 defendants' possession, custody, or control; and/or that is or should be available to Defendant

25 and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

26 expense. Plaintiff further objects to this Request because it seeks production of electronically

27 stored information, including seeking discovery of duplicative and/or cumulative electronically

28

stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

1   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

2   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

3   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

4   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

5   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

6   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

7   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

8          Subject to and without waiver of these objections and Plaintiff's General Objections,

9   Plaintiff responds as follows:

10         The Court has not yet entered a scheduling order in this case; the Court has not set a date

11   for the close of discovery.   Plaintiff's reasonable investigation and reasonable search for

12   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

13   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

14   Request as this action and discovery proceed.   Subject to the foregoing objections and to the

15   extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

16   appropriate and, as discovery proceeds, will produce, before the close of discovery in

17   accordance with any scheduling order that the Court will issue in this case, responsive and

18   relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

19   possession, custody and control, are reasonably accessible, and are located from Plaintiff's

20   reasonable search, to the extent any such documents exist.   Plaintiff states that she is willing to

21   meet and confer regarding the scope of this Request.   Plaintiff states that her interaction with Ms.

22   Schmidt occurred in person.

23   **REQUEST FOR PRODUCTION NO. 67:**

24         All DOCUMENTS that EVIDENCE the allegations in paragraph 120 of the

25   COMPLAINT that "Ms. Schmidt divulged that she does not like working with female experts

26   and prefers working with male experts"; and that "Ms. Schmidt made disparaging comments

27   directly to Plaintiff regarding Female Associate L's work".

28

1  **RESPONSE TO REQUEST FOR PRODUCTION 67:**

2        In addition to the foregoing General Objections, each of which is specifically

3  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

4  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

5  calculated to lead to the discovery of admissible evidence and that is not proportional to the

6  needs of this case, and as seeking discovery outside the permissible scope under the Federal

7  Rules and/or other applicable law.

8        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

9  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

10  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

11  duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work

12  and experience at trial with Defendants, discrimination, and sex-based harassment constituting a

13  hostile work environment, including Request Nos. 64, 65, 66.  *See, e.g.*, Fed. R. Civ. P.

14  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ.

15  P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly

16  broad, unduly burdensome, and oppressive and as seeking discovery outside the scope

17  permissible under the Federal Rules of Civil Procedure and/or other applicable law because it

18  seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll"

19  "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a

20  non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)"

21  and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ.

22  P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R.

23  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

24        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

25  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

26  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

27  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

28

production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in

Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether

recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request. Plaintiff states that Ms. Schmidt made the aforementioned comments verbally.

1

**REQUEST FOR PRODUCTION NO. 68:**

2

All DOCUMENTS that EVIDENCE the allegations in paragraph 121 of the

3 COMPLAINT that "when Male Associate M performed a similar assignment to [Female

4 Associate L], Ms. Schmidt—who did not work with Male Associate M on that assignment or

5 any other trial work—went out of her way to send Male Associate M a team-facing email

6 (including other share partners Mr. Alper and Mr. Deoras) thanking him for his work, which she

7 praised; and that the praise "followed an email from Mr. Alper in which he diplomatically stated

8 on of Male Associate M's proposed objections was ineffectual".

9

**RESPONSE TO REQUEST FOR PRODUCTION 68:**

10

In addition to the foregoing General Objections, each of which is specifically

11 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

12 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

13 calculated to lead to the discovery of admissible evidence and that is not proportional to the

14 needs of this case, and as seeking discovery outside the permissible scope under the Federal

15 Rules and/or other applicable law.

16

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

17 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

18 and/or other applicable law to the extent this Request seeks discovery that is cumulative or

19 duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work

20 and experience at trial with Defendants, discrimination, sex-based harassment constituting a

21 hostile work environment, and defamation. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also,*

22 *e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed.

23 R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome,

24 and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

25 of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative

26 and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and

27 "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates

28

1  or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and
2  incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ.
3  P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.
4  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

5          Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
6  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
7  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
8  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
9  production of electronically stored information, to the extent this Request seeks "[a]ll"
10 "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
11 "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P.
12 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
13 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff
14 objects to this Request to the extent it seeks production of electronically stored information
15 exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or
16 other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.
17 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent
18 it seeks production of electronically stored information that is unreasonably cumulative or
19 duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it
20 seeks production of electronically stored information that is or can be obtained from some other
21 source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-
22 Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks
23 production of electronically stored information that exceeds the scope of discovery permitted by
24 Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically
25 stored information that is duplicative and/or cumulative of other sought discovery, privileged,
26 not relevant to any party's claim or defense, and/or not proportional to the needs of the case,
27 considering the importance of the issues at stake in the action, the amount in controversy, the

28

parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than

one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

1    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

2    Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

3    oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

4    and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

5    Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

6    the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

7    recorded or graphic material, however produced or reproduced and all other tangible objects,

8    including, but not limited to," 76 enumerated categories, in addition to "all other data whether

9    recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

10   any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

11   Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

12   produced" where "a document was prepared and several copies were made or if additional

13   copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

14   description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

15   transmittal in any manner or received by any means by YOU" and/or "[w]herever such

16   DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

17   "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

18   behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

19   partnership, proprietorship, association, joint venture, other form of organization or arrangement,

20   and government and government agency of every nature or type"; and/or to the extent this

21   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

22   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

23   envelopes, explanatory notes or memoranda, and any other material that accompanied the

24   document(s)" and "[i]f the specific document elicited a response, that response is also to be

25   identified and produced" and "[i]f the document was itself a response, the document to which it

26   responded is also to be identified and produced."

27        Plaintiff intends to produce electronically stored information in a reasonably usable form.

28

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the

extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 122 of the COMPLAINT that "Plaintiff's non-trial matter work was a substantial obstacle that Plaintiff had to unfairly and unreasonably contend with while preparing for and while at trial and was an obstacle that no other associate, particularly comparable or comparative male associates, had to contend with. Notwithstanding the obstacles imposed on Plaintiff by Defendants, Plaintiff contributed substantively and in myriad ways on work that she performed for Ms. Schmidt"; and that "Ms. Schmidt lie[d] about Plaintiff's contributions" and "flagrantly distorted the nature of the worked performed by Plaintiff at trial in an effort to support Ms. Schmidt's false statement that Plaintiff did not contribute whatsoever at trial".

**RESPONSE TO REQUEST FOR PRODUCTION 69:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or

duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work and experience at trial with Defendants, discrimination, sex-based harassment constituting a hostile work environment, and defamation, including Request Nos. 58–68. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or

1    duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it

2    seeks production of electronically stored information that is or can be obtained from some other

3    source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

4    Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks

5    production of electronically stored information that exceeds the scope of discovery permitted by

6    Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

7    stored information that is duplicative and/or cumulative of other sought discovery, privileged,

8    not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

9    considering the importance of the issues at stake in the action, the amount in controversy, the

10   parties' relative access to relevant information, including Kirkland's access to relevant

11   information because relevant information sought is or should be in Kirkland's possession,

12   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

13   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

14   the at most de minimis importance of cumulative and duplicative discovery requested ad

15   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

16   likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to

17   this Request to the extent it seeks production of electronically stored information that is not in

18   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

19   defendants' possession, custody, or control; and/or that is or should be available to Defendant

20   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

21   expense. Plaintiff further objects to this Request because it seeks production of electronically

22   stored information, including seeking discovery of duplicative and/or cumulative electronically

23   stored information, including without limitation to the extent this Request seeks "[a]ll"

24   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

25   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

26   accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

27   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

28

34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.

1    *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

2    R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

3          Subject to and without waiver of these objections and Plaintiff's General Objections,

4    Plaintiff responds as follows:

5          The Court has not yet entered a scheduling order in this case; the Court has not set a date

6    for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

7    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

8    and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

9    Request as this action and discovery proceed.  Subject to the foregoing objections and to the

10   extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

11   appropriate and, as discovery proceeds, will produce, before the close of discovery in

12   accordance with any scheduling order that the Court will issue in this case, responsive and

13   relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

14   possession, custody and control, are reasonably accessible, and are located from Plaintiff's

15   reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

16   meet and confer regarding the scope of this Request.

17   **REQUEST FOR PRODUCTION NO. 70:**

18         All DOCUMENTS that EVIDENCE the allegations in paragraph 124 of the

19   COMPLAINT that "Defendants ensured that Plaintiff had disproportionately more work than

20   Mr. Blake leading up to and at trial"; that "Defendants cleared Mr. Blake's schedule of all non-

21   trial work when he joined the trial team (at the same time as Plaintiff) so that he could focus on

22   the trial work"; that "Mr. Blake told Plaintiff that he had never experienced having to perform

23   more than de minimis non-trial work leading up to and at trial, and he express incredulity at the

24   fact that Plaintiff had non-trial work leading up to and at trial"; and that "[b]oth partners for

25   whom Plaintiff worked at trial, Mr. De Vries and Ms. Schmidt, were aware of (and had

26   indirectly assigned) Plaintiff's non-trial work leading up to and at trial".

27   **RESPONSE TO REQUEST FOR PRODUCTION 70:**

28

1    In addition to the foregoing General Objections, each of which is specifically

2  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

3  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

4  calculated to lead to the discovery of admissible evidence and that is not proportional to the

5  needs of this case, and as seeking discovery outside the permissible scope under the Federal

6  Rules and/or other applicable law.

7    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

8  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

9  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

10  duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work

11  and experience at trial with Defendants, discrimination, sex-based harassment constituting a

12  hostile work environment, and defamation, including Request Nos. 58–69.  *See, e.g.*, Fed. R.

13  Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed.

14  R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as

15  overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope

16  permissible under the Federal Rules of Civil Procedure and/or other applicable law because it

17  seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll"

18  "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a

19  non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)"

20  and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ.

21  P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R.

22  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

23    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

24  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

25  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

26  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

27  production of electronically stored information, to the extent this Request seeks "[a]ll"

28

1    "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

2    "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P.

3    26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

4    26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff

5    objects to this Request to the extent it seeks production of electronically stored information

6    exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

7    other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

8    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent

9    it seeks production of electronically stored information that is unreasonably cumulative or

10   duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it

11   seeks production of electronically stored information that is or can be obtained from some other

12   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

13   Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks

14   production of electronically stored information that exceeds the scope of discovery permitted by

15   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

16   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

17   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

18   considering the importance of the issues at stake in the action, the amount in controversy, the

19   parties' relative access to relevant information, including Kirkland's access to relevant

20   information because relevant information sought is or should be in Kirkland's possession,

21   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

22   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

23   the at most de minimis importance of cumulative and duplicative discovery requested ad

24   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

25   likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to

26   this Request to the extent it seeks production of electronically stored information that is not in

27   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

28

defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

1   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

2   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

3   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

4   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

5   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

6   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

7   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

8   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

9   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

10  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

11  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

12      Subject to and without waiver of these objections and Plaintiff's General Objections,

13  Plaintiff responds as follows:

14      The Court has not yet entered a scheduling order in this case; the Court has not set a date

15  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

16  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

17  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

18  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

19  extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

20  appropriate and, as discovery proceeds, will produce, before the close of discovery in

21  accordance with any scheduling order that the Court will issue in this case, responsive and

22  relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

23  possession, custody and control, are reasonably accessible, and are located from Plaintiff's

24  reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

25  meet and confer regarding the scope of this Request.

26  **REQUEST FOR PRODUCTION NO. 71:**

27

28

1    All DOCUMENTS that EVIDENCE the allegations in paragraph 125 of the

2 COMPLAINT that "Defendants provided Plaintiff no associate or other support on her

3 assignment"; that "Defendants provided Mr. Blake with two junior associates with detailed case

4 knowledge as support on his similar assignment"; and that "Mr. De Vries asked Plaintiff to

5 provide ministerial assistance on Mr. Blake's similar assignment"

6 **RESPONSE TO REQUEST FOR PRODUCTION 71:**

7    In addition to the foregoing General Objections, each of which is specifically

8 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

9 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

10 calculated to lead to the discovery of admissible evidence and that is not proportional to the

11 needs of this case, and as seeking discovery outside the permissible scope under the Federal

12 Rules and/or other applicable law.

13    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

14 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

15 and/or other applicable law to the extent this Request seeks discovery that is cumulative or

16 duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work

17 and experience at trial with Defendants, discrimination, sex-based harassment constituting a

18 hostile work environment, and defamation, including Request Nos. 58–70. *See, e.g.*, Fed. R.

19 Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed.

20 R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as

21 overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope

22 permissible under the Federal Rules of Civil Procedure and/or other applicable law because it

23 seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll"

24 "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a

25 non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)"

26 and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ.

27

28

1  P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R.

2  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

3        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

4  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

5  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

6  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

7  production of electronically stored information, to the extent this Request seeks "[a]ll"

8  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

9  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

10  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

11  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

12  objects to this Request to the extent it seeks production of electronically stored information

13  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

14  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

15  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

16  it seeks production of electronically stored information that is unreasonably cumulative or

17  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

18  seeks production of electronically stored information that is or can be obtained from some other

19  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

20  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

21  production of electronically stored information that exceeds the scope of discovery permitted by

22  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

23  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

24  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

25  considering the importance of the issues at stake in the action, the amount in controversy, the

26  parties' relative access to relevant information, including Kirkland's access to relevant

27  information because relevant information sought is or should be in Kirkland's possession,

28

1    custody, or control; the parties' resources, including Kirkland's vast and expanse resources and
2    Plaintiff's limited resources; the importance of the discovery in resolving the issues, including
3    the at most de minimis importance of cumulative and duplicative discovery requested ad
4    infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its
5    likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to
6    this Request to the extent it seeks production of electronically stored information that is not in
7    Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-
8    defendants' possession, custody, or control; and/or that is or should be available to Defendant
9    and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
10   expense. Plaintiff further objects to this Request because it seeks production of electronically
11   stored information, including seeking discovery of duplicative and/or cumulative electronically
12   stored information, including without limitation to the extent this Request seeks "[a]ll"
13   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of
14   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably
15   accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.
16   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.
17   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically
18   stored information from sources that are not reasonably accessible because of undue burden or
19   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"
20   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"
21   and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the
22   extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are
23   not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.
24   Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects
25   to this Request to the extent it seeks production of electronically stored information in more than
26   one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed.
27   R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff
28

objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

1  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

2  possession, custody, or control; and/or that is or should be available to Defendant and more

3  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

4  Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

6  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

7  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

8  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

9  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

10  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

11  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

12  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

13  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

14  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

15  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

16  discovery not limited to the relevant time period regarding the facts at issue in this litigation.

17  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

18  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

19  Subject to and without waiver of these objections and Plaintiff's General Objections,

20  Plaintiff responds as follows:

21  The Court has not yet entered a scheduling order in this case; the Court has not set a date

22  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

23  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

24  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

25  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

26  extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

27  appropriate and, as discovery proceeds, will produce, before the close of discovery in

28

1    accordance with any scheduling order that the Court will issue in this case, responsive and

2    relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

3    possession, custody and control, are reasonably accessible, and are located from Plaintiff's

4    reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

5    meet and confer regarding the scope of this Request.

6    **REQUEST FOR PRODUCTION NO. 72:**

7         All DOCUMENTS that EVIDENCE the allegations in paragraph 126 of the

8    COMPLAINT that "Plaintiff tried to set up meetings with Mr. De Vries to discuss the

9    assignment, given that she had just been added to the team, had no associate support, was still

10   significantly contributing to the ITC Investigation per Defendants' instructions and assignments,

11   and also was working on damages for Ms. Schmidt. However, Mr. De Vries canceled,

12   rescheduled, or simply did not attend the meetings scheduled by Plaintiff. Despite Mr. De Vries

13   blowing off these meetings that were necessary to advance the assignment"; and that "On the

14   evening of Saturday, April 17, 2021, Plaintiff was first afforded the privilege of meeting with

15   Mr. De Vries to discuss the assignment for his upcoming cross-examination on the morning of

16   Monday, April 19, 2021. Prior to the first meeting, Plaintiff had sent Mr. De Vries documents

17   and materials supportive of the trial themes, based on a high-level discussion on the evening of

18   April 13, 2021 with Mr. De Vries and Mr. Blake, which discussion was not specific to

19   Plaintiff's assignment for Mr. De Vries. Contrary to Mr. De Vries' 'evaluation,' Plaintiff met

20   every deadline for her assignment for Mr. De Vries. Plaintiff is unaware of Mr. Blake having

21   any difficulty scheduling meetings with or having accessibility to Mr. De Vries to discuss his

22   assignment. During the discussion on the evening of Tuesday, April 13, 2021 with Mr. De Vries

23   and Mr. Blake, Mr. De Vries told Plaintiff that she need not create an outline because he always

24   rewrites outlines that associates prepare for him. (When Plaintiff expressed surprise about the

25   same during a subsequent discussion with Mr. Blake, he confirmed that Mr. De Vries always

26   rewrites outlines for trial examinations.)".

27   **RESPONSE TO REQUEST FOR PRODUCTION 72:**

28

1
2
3
4
5
6

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work and experience at trial with Defendants, discrimination, sex-based harassment constituting a hostile work environment, and defamation, including Request Nos. 58–71.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

23
24
25
26
27

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll"

28

Case 4:22-cv-05990-HSG   Document 139-2   Filed 06/25/24   Page 440 of 1294

"DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.   Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

1   any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and
2   Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be
3   produced" where "a document was prepared and several copies were made or if additional
4   copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing
5   description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for
6   transmittal in any manner or received by any means by YOU" and/or "[w]herever such
7   DOCUMENTS are located in YOUR possession, custody, or control," including to the extent
8   "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her
9   behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,
10  partnership, proprietorship, association, joint venture, other form of organization or arrangement,
11  and government and government agency of every nature or type"; and/or to the extent this
12  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested
13  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all
14  envelopes, explanatory notes or memoranda, and any other material that accompanied the
15  document(s)" and "[i]f the specific document elicited a response, that response is also to be
16  identified and produced" and "[i]f the document was itself a response, the document to which it
17  responded is also to be identified and produced."

18          Plaintiff intends to produce electronically stored information in a reasonably usable form.
19          Plaintiff further objects to this Request as overly broad, unduly burdensome, and
20  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
21  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
22  possession, custody, or control; and/or that is or should be available to Defendant and more
23  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.
24          Plaintiff further objects to this Request as overly broad, unduly burdensome, and
25  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
26  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
27  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
28

to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 73:**

1    All DOCUMENTS that EVIDENCE the allegations in paragraph 127 of the
2  COMPLAINT that "Mr. De Vries was very pleased with Plaintiff's work on the cross-
3  examination and conveyed the same to Plaintiff while they were at trial, including when he
4  characterized her work as 'great and very helpful' on April 17, 2021"; and that "[a]fter cross-
5  examination and separately after receiving the jury verdict, Mr. De Vries thanked Plaintiff again
6  for her work".

7  **RESPONSE TO REQUEST FOR PRODUCTION 73:**

8    In addition to the foregoing General Objections, each of which is specifically
9  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
10  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
11  calculated to lead to the discovery of admissible evidence and that is not proportional to the
12  needs of this case, and as seeking discovery outside the permissible scope under the Federal
13  Rules and/or other applicable law.

14    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
15  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
16  and/or other applicable law to the extent this Request seeks discovery that is cumulative or
17  duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work
18  and experience at trial with Defendants, discrimination, sex-based harassment constituting a
19  hostile work environment, and defamation, including Request Nos. 58–72. *See, e.g.*, Fed. R.
20  Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed.
21  R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as
22  overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope
23  permissible under the Federal Rules of Civil Procedure and/or other applicable law because it
24  seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll"
25  "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a
26  non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)"
27  and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ.

P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession,

1   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

2   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

3   the at most de minimis importance of cumulative and duplicative discovery requested ad

4   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

5   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

6   this Request to the extent it seeks production of electronically stored information that is not in

7   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

8   defendants' possession, custody, or control; and/or that is or should be available to Defendant

9   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

10  expense.  Plaintiff further objects to this Request because it seeks production of electronically

11  stored information, including seeking discovery of duplicative and/or cumulative electronically

12  stored information, including without limitation to the extent this Request seeks "[a]ll"

13  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

14  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

15  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

16  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

17  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

18  stored information from sources that are not reasonably accessible because of undue burden or

19  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

20  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

21  and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

22  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

23  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

24  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

25  to this Request to the extent it seeks production of electronically stored information in more than

26  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

27  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

28

objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in

1  accordance with any scheduling order that the Court will issue in this case, responsive and

2  relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

3  possession, custody and control, are reasonably accessible, and are located from Plaintiff's

4  reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

5  meet and confer regarding the scope of this Request.

6  **REQUEST FOR PRODUCTION NO. 74:**

7      All DOCUMENTS that EVIDENCE the allegations in paragraph 129 of the

8  COMPLAINT that Mr. Alper, Mr. De Vries, and Mr. Deoras decided "to have Mr. Blake

9  personally join them on a charter flight home from trial, while Plaintiff and Female Associate M

10  were not afforded the privilege to fly home exclusively with male share partners".

11  **RESPONSE TO REQUEST FOR PRODUCTION 74:**

12      In addition to the foregoing General Objections, each of which is specifically

13  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

14  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

15  calculated to lead to the discovery of admissible evidence and that is not proportional to the

16  needs of this case, and as seeking discovery outside the permissible scope under the Federal

17  Rules and/or other applicable law.

18      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

19  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

20  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

21  duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work

22  and experience at trial with Defendants, discrimination, and sex-based harassment constituting a

23  hostile work environment, including Request Nos. 58–73.  *See, e.g.*, Fed. R. Civ. P.

24  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ.

25  P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly

26  broad, unduly burdensome, and oppressive and as seeking discovery outside the scope

27  permissible under the Federal Rules of Civil Procedure and/or other applicable law because it

28

1   seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll"

2   "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a

3   non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)"

4   and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ.

5   P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R.

6   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

7           Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

8   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

9   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

10  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

11  production of electronically stored information, to the extent this Request seeks "[a]ll"

12  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

13  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

14  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

15  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

16  objects to this Request to the extent it seeks production of electronically stored information

17  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

18  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

19  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

20  it seeks production of electronically stored information that is unreasonably cumulative or

21  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

22  seeks production of electronically stored information that is or can be obtained from some other

23  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

24  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

25  production of electronically stored information that exceeds the scope of discovery permitted by

26  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

27  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

28

not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).  Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be

1  identified and produced" and "[i]f the document was itself a response, the document to which it
2  responded is also to be identified and produced."

3          Plaintiff intends to produce electronically stored information in a reasonably usable form.
4          Plaintiff further objects to this Request as overly broad, unduly burdensome, and
5  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
6  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
7  possession, custody, or control; and/or that is or should be available to Defendant and more
8  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9          Plaintiff further objects to this Request as overly broad, unduly burdensome, and
10 oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
11 DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
12 Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
13 to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
14 Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
15 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
16 Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
17 oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
18 Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
19 "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
20 "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks
21 discovery not limited to the relevant time period regarding the facts at issue in this litigation.
22 *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.
23 R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

24         Subject to and without waiver of these objections and Plaintiff's General Objections,
25 Plaintiff responds as follows:

26         The Court has not yet entered a scheduling order in this case; the Court has not set a date
27 for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

28

responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 130 of the COMPLAINT that "Mr. Blake told Plaintiff about his all-boys' club flight home but told Plaintiff not to tell anyone, demonstrating that he and the involved partners were trying to hide from others conduct they knew was false [sic] and discriminatory".

**RESPONSE TO REQUEST FOR PRODUCTION 75:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work and experience at trial with Defendants, discrimination, and sex-based harassment constituting a

hostile work environment, including Request Nos. 58–74. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other

1  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

2  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

3  production of electronically stored information that exceeds the scope of discovery permitted by

4  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

5  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

6  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

7  considering the importance of the issues at stake in the action, the amount in controversy, the

8  parties' relative access to relevant information, including Kirkland's access to relevant

9  information because relevant information sought is or should be in Kirkland's possession,

10  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

11  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

12  the at most de minimis importance of cumulative and duplicative discovery requested ad

13  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

14  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

15  this Request to the extent it seeks production of electronically stored information that is not in

16  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

17  defendants' possession, custody, or control; and/or that is or should be available to Defendant

18  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

19  expense.  Plaintiff further objects to this Request because it seeks production of electronically

20  stored information, including seeking discovery of duplicative and/or cumulative electronically

21  stored information, including without limitation to the extent this Request seeks "[a]ll"

22  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

23  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

24  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

25  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

26  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

27  stored information from sources that are not reasonably accessible because of undue burden or

28

cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in

resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this

Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

1    Subject to and without waiver of these objections and Plaintiff's General Objections,
2 Plaintiff responds as follows:

3    The Court has not yet entered a scheduling order in this case; the Court has not set a date
4 for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
5 responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
6 and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
7 Request as this action and discovery proceed.  Subject to the foregoing objections and to the
8 extent consistent with the same, Plaintiff will conduct a reasonable search for documents as
9 appropriate and, as discovery proceeds, will produce, before the close of discovery in
10 accordance with any scheduling order that the Court will issue in this case, responsive and
11 relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's
12 possession, custody and control, are reasonably accessible, and are located from Plaintiff's
13 reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to
14 meet and confer regarding the scope of this Request. Plaintiff states that Mr. Blake made the
15 aforementioned comment verbally.

16 **REQUEST FOR PRODUCTION NO. 76:**

17    All DOCUMENTS that EVIDENCE the allegations in paragraph 130, footnote 36 of the
18 COMPLAINT that "Plaintiff spoke with a female IP litigation associate" who "agreed that the
19 culture reflected that of an all-boys' club".

20 **RESPONSE TO REQUEST FOR PRODUCTION 76:**

21    In addition to the foregoing General Objections, each of which is specifically
22 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
23 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
24 calculated to lead to the discovery of admissible evidence and that is not proportional to the
25 needs of this case, and as seeking discovery outside the permissible scope under the Federal
26 Rules and/or other applicable law.

27
28

1    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
2    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
3    and/or other applicable law to the extent this Request seeks discovery that is cumulative or
4    duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work
5    and experience at trial with Defendants, discrimination, and sex-based harassment constituting a
6    hostile work environment. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ.
7    P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P.
8    26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and
9    oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
10   Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or
11   duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
12   DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or
13   relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates
14   or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1);
15   Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.
16   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

17   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
18   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
19   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
20   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
21   production of electronically stored information, to the extent this Request seeks "[a]ll"
22   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
23   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.
24   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
25   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff
26   objects to this Request to the extent it seeks production of electronically stored information
27   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

28

1   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

2   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

3   it seeks production of electronically stored information that is unreasonably cumulative or

4   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

5   seeks production of electronically stored information that is or can be obtained from some other

6   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

7   Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

8   production of electronically stored information that exceeds the scope of discovery permitted by

9   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

10  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

11  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

12  considering the importance of the issues at stake in the action, the amount in controversy, the

13  parties' relative access to relevant information, including Kirkland's access to relevant

14  information because relevant information sought is or should be in Kirkland's possession,

15  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

16  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

17  the at most de minimis importance of cumulative and duplicative discovery requested ad

18  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

19  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

20  this Request to the extent it seeks production of electronically stored information that is not in

21  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

22  defendants' possession, custody, or control; and/or that is or should be available to Defendant

23  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

24  expense.  Plaintiff further objects to this Request because it seeks production of electronically

25  stored information, including seeking discovery of duplicative and/or cumulative electronically

26  stored information, including without limitation to the extent this Request seeks "[a]ll"

27  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

28

1    "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

2    accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

3    26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

4    34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically

5    stored information from sources that are not reasonably accessible because of undue burden or

6    cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

7    incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

8    and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

9    extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

10   not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

11   Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects

12   to this Request to the extent it seeks production of electronically stored information in more than

13   one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed.

14   R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

15   objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

16   "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

17   graphic material, however produced or reproduced and all other tangible objects, including, but

18   not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

19   specified means] or other means" "and all drafts and summaries thereof" "and any

20   DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

21   1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

22   produced" where "a document was prepared and several copies were made or if additional

23   copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production

24   of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

25   are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

26   defendants' possession, custody, or control; and/or are or should be available to Defendant and

27   more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

28

expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such

1   DOCUMENTS are located in YOUR possession, custody, or control," including to the extent
2   "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her
3   behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,
4   partnership, proprietorship, association, joint venture, other form of organization or arrangement,
5   and government and government agency of every nature or type"; and/or to the extent this
6   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested
7   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all
8   envelopes, explanatory notes or memoranda, and any other material that accompanied the
9   document(s)" and "[i]f the specific document elicited a response, that response is also to be
10  identified and produced" and "[i]f the document was itself a response, the document to which it
11  responded is also to be identified and produced."

12  Plaintiff intends to produce electronically stored information in a reasonably usable form.

13  Plaintiff further objects to this Request as overly broad, unduly burdensome, and
14  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
15  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
16  possession, custody, or control; and/or that is or should be available to Defendant and more
17  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

18  Plaintiff further objects to this Request as overly broad, unduly burdensome, and
19  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
20  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
21  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
22  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
23  Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
24  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
25  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
26  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
27  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

28

"EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request. Plaintiff states that the conversation that was had with the female IP litigation associate was verbal.

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 131 of the COMPLAINT that Plaintiff had an April 29, 2021 Zoom meeting with Mr. Deoras in which Plaintiff complained about "Defendants' Unlawful Employment Practices based on her unfair treatment related to her trial experience".

**RESPONSE TO REQUEST FOR PRODUCTION 77:**

1  In addition to the foregoing General Objections, each of which is specifically

2  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

3  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

4  calculated to lead to the discovery of admissible evidence and that is not proportional to the

5  needs of this case, and as seeking discovery outside the permissible scope under the Federal

6  Rules and/or other applicable law.

7  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

8  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

9  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

10  duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work

11  and experience at trial with Defendants, discrimination, sex-based harassment constituting a

12  hostile work environment, and defamation, including Request Nos. 58–76.  *See, e.g.*, Fed. R.

13  Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed.

14  R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as

15  overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope

16  permissible under the Federal Rules of Civil Procedure and/or other applicable law because it

17  seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll"

18  "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a

19  non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)"

20  and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ.

21  P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R.

22  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

23  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

24  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

25  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

26  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

27  production of electronically stored information, to the extent this Request seeks "[a]ll"

28

"DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

1  any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and
2  Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be
3  produced" where "a document was prepared and several copies were made or if additional
4  copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing
5  description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for
6  transmittal in any manner or received by any means by YOU" and/or "[w]herever such
7  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent
8  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her
9  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,
10 partnership, proprietorship, association, joint venture, other form of organization or arrangement,
11 and government and government agency of every nature or type"; and/or to the extent this
12 Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested
13 DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all
14 envelopes, explanatory notes or memoranda, and any other material that accompanied the
15 document(s)" and "[i]f the specific document elicited a response, that response is also to be
16 identified and produced" and "[i]f the document was itself a response, the document to which it
17 responded is also to be identified and produced."

18      Plaintiff intends to produce electronically stored information in a reasonably usable form.
19      Plaintiff further objects to this Request as overly broad, unduly burdensome, and
20 oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
21 outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
22 possession, custody, or control; and/or that is or should be available to Defendant and more
23 readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

24      Plaintiff further objects to this Request as overly broad, unduly burdensome, and
25 oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
26 DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
27 Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
28

to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 78:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 132 of the COMPLAINT that "On the Zoom meeting, Mr. Deoras stated multiple times that its purpose was to determine whether there was a personal issue bothering Plaintiff with which they or Kirkland could help because they had noticed a change in Plaintiff's demeanor at trial."

**RESPONSE TO REQUEST FOR PRODUCTION 78:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work and experience at trial with Defendants, discrimination, sex-based harassment constituting a hostile work environment, and defamation, including Request Nos. 58–77. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

1    possession, custody, or control; and/or that is or should be available to Defendant and more

2    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

3    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

4    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

5    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

6    Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

7    to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

8    Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

9    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

10   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

11   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

12   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

13   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

14   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

15   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

16   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

17   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

18   Subject to and without waiver of these objections and Plaintiff's General Objections,

19   Plaintiff responds as follows:

20   The Court has not yet entered a scheduling order in this case; the Court has not set a date

21   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

22   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

23   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

24   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

25   extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

26   appropriate and, as discovery proceeds, will produce, before the close of discovery in

27   accordance with any scheduling order that the Court will issue in this case, responsive and

28

1   relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's
2   possession, custody and control, are reasonably accessible, and are located from Plaintiff's
3   reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to
4   meet and confer regarding the scope of this Request.

5   **REQUEST FOR PRODUCTION NO. 79:**

6   All DOCUMENTS that EVIDENCE the allegations in paragraph 133 of the
7   COMPLAINT that "Ms. Schmidt falsely claimed that Plaintiff did not work on any non-trial
8   work and that she was unaware of Plaintiff having any non-trial matter work".

9   **RESPONSE TO REQUEST FOR PRODUCTION 79:**

10   In addition to the foregoing General Objections, each of which is specifically
11   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
12   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
13   calculated to lead to the discovery of admissible evidence and that is not proportional to the
14   needs of this case, and as seeking discovery outside the permissible scope under the Federal
15   Rules and/or other applicable law.

16   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
17   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
18   and/or other applicable law to the extent this Request seeks discovery that is cumulative or
19   duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work
20   and experience at trial with Defendants, discrimination, sex-based harassment constituting a
21   hostile work environment, and defamation, including Request Nos. 58–78, 82–83, 199–200.
22   *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P.
23   26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects
24   to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery
25   outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable
26   law because it seeks discovery that is cumulative and/or duplicative to the extent this Request
27   seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll  DOCUMENTS that  EVIDENCE"

28

1  statements in a non-operative complaint, incorporates or relies on Kirkland's definition of

2  "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.

3  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B);

4  *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

5  26(g)(1)(B)–(C).

6       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

7  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

8  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

9  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

10  production of electronically stored information, to the extent this Request seeks "[a]ll"

11  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

12  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

13  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

14  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

15  objects to this Request to the extent it seeks production of electronically stored information

16  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

17  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

18  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

19  it seeks production of electronically stored information that is unreasonably cumulative or

20  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

21  seeks production of electronically stored information that is or can be obtained from some other

22  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

23  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

24  production of electronically stored information that exceeds the scope of discovery permitted by

25  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

26  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

27  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

28

1  considering the importance of the issues at stake in the action, the amount in controversy, the

2  parties' relative access to relevant information, including Kirkland's access to relevant

3  information because relevant information sought is or should be in Kirkland's possession,

4  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

5  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

6  the at most de minimis importance of cumulative and duplicative discovery requested ad

7  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

8  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

9  this Request to the extent it seeks production of electronically stored information that is not in

10  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

11  defendants' possession, custody, or control; and/or that is or should be available to Defendant

12  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

13  expense.  Plaintiff further objects to this Request because it seeks production of electronically

14  stored information, including seeking discovery of duplicative and/or cumulative electronically

15  stored information, including without limitation to the extent this Request seeks "[a]ll"

16  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

17  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

18  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

19  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

20  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

21  stored information from sources that are not reasonably accessible because of undue burden or

22  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

23  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

24  and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

25  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

26  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

27  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

28

to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

1    Plaintiff intends to produce electronically stored information in a reasonably usable form.

2    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

3    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

4    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

5    possession, custody, or control; and/or that is or should be available to Defendant and more

6    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

7    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

8    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

9    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

10   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

11   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

12   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

13   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

14   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

15   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

16   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

17   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

18   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

19   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

20   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

21   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

22   Subject to and without waiver of these objections and Plaintiff's General Objections,

23   Plaintiff responds as follows:

24   The Court has not yet entered a scheduling order in this case; the Court has not set a date

25   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

26   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

27   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

28

1    Request as this action and discovery proceed.  Subject to the foregoing objections and to the

2    extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

3    appropriate and, as discovery proceeds, will produce, before the close of discovery in

4    accordance with any scheduling order that the Court will issue in this case, responsive and

5    relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

6    possession, custody and control, are reasonably accessible, and are located from Plaintiff's

7    reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

8    meet and confer regarding the scope of this Request.

9    **REQUEST FOR PRODUCTION NO. 80:**

10        All DOCUMENTS that EVIDENCE the allegations in paragraph 134 of the

11   COMPLAINT that "Mr. Deoras agreed with Ms. Schmidt initially with respect to Plaintiff not

12   having to work on non-trial matter work, prompting Plaintiff to push back and double down on

13   her unfair treatment and offer to provide them with the total number of hours she worked on

14   non-trial work. Mr. Deoras said that was not necessary, and at this point Mr. Deoras refocused

15   the conversation to the purpose of the meeting, which was to check in on Plaintiff generally. At

16   this point Mr. Deoras also told Plaintiff if she ever had workload or other issues, she should

17   come to him, because he was aware of associate and partner workload in the IP litigation group

18   and was generally responsible for helping to allocate work appropriately."

19   **RESPONSE TO REQUEST FOR PRODUCTION 80:**

20        In addition to the foregoing General Objections, each of which is specifically

21   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

22   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

23   calculated to lead to the discovery of admissible evidence and that is not proportional to the

24   needs of this case, and as seeking discovery outside the permissible scope under the Federal

25   Rules and/or other applicable law.

26        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

27   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

28

and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work and experience at trial with Defendants, discrimination, sex-based harassment constituting a hostile work environment, and defamation, including Request Nos. 58–79.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

1  it seeks production of electronically stored information that is unreasonably cumulative or

2  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

3  seeks production of electronically stored information that is or can be obtained from some other

4  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

5  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

6  production of electronically stored information that exceeds the scope of discovery permitted by

7  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

8  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

9  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

10  considering the importance of the issues at stake in the action, the amount in controversy, the

11  parties' relative access to relevant information, including Kirkland's access to relevant

12  information because relevant information sought is or should be in Kirkland's possession,

13  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

14  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

15  the at most de minimis importance of cumulative and duplicative discovery requested ad

16  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

17  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

18  this Request to the extent it seeks production of electronically stored information that is not in

19  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

20  defendants' possession, custody, or control; and/or that is or should be available to Defendant

21  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

22  expense.  Plaintiff further objects to this Request because it seeks production of electronically

23  stored information, including seeking discovery of duplicative and/or cumulative electronically

24  stored information, including without limitation to the extent this Request seeks "[a]ll"

25  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

26  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

27  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

28

1   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

2   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

3   stored information from sources that are not reasonably accessible because of undue burden or

4   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

5   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

6   and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

7   extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

8   not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

9   Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

10  to this Request to the extent it seeks production of electronically stored information in more than

11  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

12  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

13  objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

14  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

15  graphic material, however produced or reproduced and all other tangible objects, including, but

16  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

17  specified means] or other means" "and all drafts and summaries thereof" "and any

18  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

19  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

20  produced" where "a document was prepared and several copies were made or if additional

21  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

22  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

23  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

24  defendants' possession, custody, or control; and/or are or should be available to Defendant and

25  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

26  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

27  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

28

1    and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

2    including because the sought discovery is should be in Kirkland's or its co-defendants'

3    possession, custody, or control, the importance of the discovery sought from Plaintiff in

4    resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

5    its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

6    overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

7    of the case, and a seeking discovery outside the scope of discovery permitted or required under

8    the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

9    DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

10   Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

11   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

12   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

13   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

14   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

15   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

16   the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

17   recorded or graphic material, however produced or reproduced and all other tangible objects,

18   including, but not limited to," 76 enumerated categories, in addition to "all other data whether

19   recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

20   any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

21   Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

22   produced" where "a document was prepared and several copies were made or if additional

23   copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

24   description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

25   transmittal in any manner or received by any means by YOU" and/or "[w]herever such

26   DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

27   "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

28

behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

1  discovery not limited to the relevant time period regarding the facts at issue in this litigation.

2  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

3  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

4    Subject to and without waiver of these objections and Plaintiff's General Objections,

5  Plaintiff responds as follows:

6    The Court has not yet entered a scheduling order in this case; the Court has not set a date

7  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

8  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

9  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

10  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

11  extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

12  appropriate and, as discovery proceeds, will produce, before the close of discovery in

13  accordance with any scheduling order that the Court will issue in this case, responsive and

14  relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

15  possession, custody and control, are reasonably accessible, and are located from Plaintiff's

16  reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

17  meet and confer regarding the scope of this Request.

18  **REQUEST FOR PRODUCTION NO. 81:**

19    All DOCUMENTS that EVIDENCE the allegations in paragraph 136 of the

20  COMPLAINT that "After this meeting, Plaintiff reviewed Firm policies to determine whether it

21  had any established policies for reporting Unlawful Employment Practices such as

22  discrimination and harassment. The Firm had a policy for reporting harassment but not

23  discrimination. The policy provided reporting contacts for each Firm office, namely, two share

24  partners based out of each office. However, the reporting contacts for the San Francisco office

25  were stale: they were no longer with the Firm."

26  **RESPONSE TO REQUEST FOR PRODUCTION 81:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Request No. 154.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

1   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

2   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

3   objects to this Request to the extent it seeks production of electronically stored information

4   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

5   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

6   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

7   it seeks production of electronically stored information that is unreasonably cumulative or

8   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

9   seeks production of electronically stored information that is or can be obtained from some other

10  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

11  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

12  production of electronically stored information that exceeds the scope of discovery permitted by

13  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

14  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

15  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

16  considering the importance of the issues at stake in the action, the amount in controversy, the

17  parties' relative access to relevant information, including Kirkland's access to relevant

18  information because relevant information sought is or should be in Kirkland's possession,

19  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

20  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

21  the at most de minimis importance of cumulative and duplicative discovery requested ad

22  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

23  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

24  this Request to the extent it seeks production of electronically stored information that is not in

25  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

26  defendants' possession, custody, or control; and/or that is or should be available to Defendant

27  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

28

expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 82:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 137 of the COMPLAINT that Plaintiff had a second April 29 meeting with Mr. Deoras in which Plaintiff continued "to complain about her unfair treatment, particularly with respect to Ms. Schmidt's

1  lies as to whether Plaintiff had been subjected to disparate treatment at trial"; that "Mr. Deoras
2  stated that Plaintiff would have to continue working with the team at issue, including Ms.
3  Schmidt, and that he had no interest looking back at the opposed conduct"; and that "Mr. Deoras
4  went on to compliment Plaintiff with respect to her abilities as an attorney and made the express
5  point that he enjoyed working with Plaintiff and that the intention was for her to grow with
6  Kirkland and with the IP litigation group".

7  **RESPONSE TO REQUEST FOR PRODUCTION 82:**

8      In addition to the foregoing General Objections, each of which is specifically
9  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
10 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
11 calculated to lead to the discovery of admissible evidence and that is not proportional to the
12 needs of this case, and as seeking discovery outside the permissible scope under the Federal
13 Rules and/or other applicable law.

14     Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
15 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
16 and/or other applicable law to the extent this Request seeks discovery that is cumulative or
17 duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work
18 and experience at trial with Defendants, discrimination, sex-based harassment constituting a
19 hostile work environment, and defamation, including Request Nos. 58–79, 83, 199–200. *See,*
20 *e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P.
21 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects
22 to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery
23 outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable
24 law because it seeks discovery that is cumulative and/or duplicative to the extent this Request
25 seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE"
26 statements in a non-operative complaint, incorporates or relies on Kirkland's definition of
27 "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.

28

1   *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B);

2   *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

3   26(g)(1)(B)–(C).

4        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

5   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

6   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

7   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

8   production of electronically stored information, to the extent this Request seeks "[a]ll"

9   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

10  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

11  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

12  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

13  objects to this Request to the extent it seeks production of electronically stored information

14  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

15  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

16  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

17  it seeks production of electronically stored information that is unreasonably cumulative or

18  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

19  seeks production of electronically stored information that is or can be obtained from some other

20  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

21  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

22  production of electronically stored information that exceeds the scope of discovery permitted by

23  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

24  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

25  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

26  considering the importance of the issues at stake in the action, the amount in controversy, the

27  parties' relative access to relevant information, including Kirkland's access to relevant

28

information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed.

R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

1    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

2    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

3    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

4    possession, custody, or control; and/or that is or should be available to Defendant and more

5    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

6    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

7    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

8    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

9    Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

10   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

11   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

12   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

13   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

14   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

15   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

16   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

17   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

18   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

19   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

20   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

21   Subject to and without waiver of these objections and Plaintiff's General Objections,

22   Plaintiff responds as follows:

23   The Court has not yet entered a scheduling order in this case; the Court has not set a date

24   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

25   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

26   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

27   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

28

1 | extent consistent with the same, Plaintiff will conduct a reasonable search for documents as
2 | appropriate and, as discovery proceeds, will produce, before the close of discovery in
3 | accordance with any scheduling order that the Court will issue in this case, responsive and
4 | relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's
5 | possession, custody and control, are reasonably accessible, and are located from Plaintiff's
6 | reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to
7 | meet and confer regarding the scope of this Request.

8 | **REQUEST FOR PRODUCTION NO. 83:**

9 | All DOCUMENTS that EVIDENCE the allegations in paragraph 138 of the
10 | COMPLAINT that "Mr. Deoras made clear that Plaintiff had no performance issues and instead
11 | intimated the opposite".

12 | **RESPONSE TO REQUEST FOR PRODUCTION 83:**

13 | In addition to the foregoing General Objections, each of which is specifically
14 | incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
15 | unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
16 | calculated to lead to the discovery of admissible evidence and that is not proportional to the
17 | needs of this case, and as seeking discovery outside the permissible scope under the Federal
18 | Rules and/or other applicable law.

19 | Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
20 | as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
21 | and/or other applicable law to the extent this Request seeks discovery that is cumulative or
22 | duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work
23 | and experience at trial with Defendants, discrimination, sex-based harassment constituting a
24 | hostile work environment, and defamation, including Request Nos. 58–79, 82, 199–200.  *See,*
25 | *e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P.
26 | 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects
27 | to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery

28

outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by

Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

1  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

2  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

3  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

4  to this Request to the extent it seeks production of electronically stored information in more than

5  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

6  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

7  objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

8  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

9  graphic material, however produced or reproduced and all other tangible objects, including, but

10  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

11  specified means] or other means" "and all drafts and summaries thereof" "and any

12  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

13  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

14  produced" where "a document was prepared and several copies were made or if additional

15  copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production

16  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

17  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

18  defendants' possession, custody, or control; and/or are or should be available to Defendant and

19  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

20  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

21  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

22  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

23  including because the sought discovery is should be in Kirkland's or its co-defendants'

24  possession, custody, or control, the importance of the discovery sought from Plaintiff in

25  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

26  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

27  overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

28

of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the

document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

1   The Court has not yet entered a scheduling order in this case; the Court has not set a date

2 for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

3 responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

4 and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

5 Request as this action and discovery proceed.  Subject to the foregoing objections and to the

6 extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

7 appropriate and, as discovery proceeds, will produce, before the close of discovery in

8 accordance with any scheduling order that the Court will issue in this case, responsive and

9 relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

10 possession, custody and control, are reasonably accessible, and are located from Plaintiff's

11 reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

12 meet and confer regarding the scope of this Request.

13 **REQUEST FOR PRODUCTION NO. 84:**

14   All DOCUMENTS that EVIDENCE the allegations in paragraph 142 of the

15 COMPLAINT that "Plaintiff saw her treatment by Defendants gradually worsen after Plaintiff's

16 April 2021 complaint"; and that "Over time, however, it became increasingly clear that

17 Defendants were subjecting Plaintiff to discriminatory and retaliatory conduct and that

18 Plaintiff's discriminatory experience at trial was not a one-off but rather was Defendants'

19 standard operating procedure.

20 **RESPONSE TO REQUEST FOR PRODUCTION 84:**

21   In addition to the foregoing General Objections, each of which is specifically

22 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

23 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

24 calculated to lead to the discovery of admissible evidence and that is not proportional to the

25 needs of this case, and as seeking discovery outside the permissible scope under the Federal

26 Rules and/or other applicable law.

27

28

1    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

2    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

3    and/or other applicable law to the extent this Request seeks discovery that is cumulative or

4    duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work

5    and experience at trial with Defendants, discrimination, retaliation, sex-based harassment

6    constituting a hostile work environment, and defamation, including Request Nos. 85–90, 93–

7    100.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R.

8    Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further

9    objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking

10   discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other

11   applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this

12   Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that

13   EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's

14   definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on

15   Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ.

16   P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

17   Civ. P. 26(g)(1)(B)–(C).

18       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

19   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

20   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

21   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

22   production of electronically stored information, to the extent this Request seeks "[a]ll"

23   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

24   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

25   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

26   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

27   objects to this Request to the extent it seeks production of electronically stored information

28

1    exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

2    other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

3    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

4    it seeks production of electronically stored information that is unreasonably cumulative or

5    duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

6    seeks production of electronically stored information that is or can be obtained from some other

7    source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

8    Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

9    production of electronically stored information that exceeds the scope of discovery permitted by

10   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

11   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

12   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

13   considering the importance of the issues at stake in the action, the amount in controversy, the

14   parties' relative access to relevant information, including Kirkland's access to relevant

15   information because relevant information sought is or should be in Kirkland's possession,

16   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

17   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

18   the at most de minimis importance of cumulative and duplicative discovery requested ad

19   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

20   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

21   this Request to the extent it seeks production of electronically stored information that is not in

22   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

23   defendants' possession, custody, or control; and/or that is or should be available to Defendant

24   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

25   expense.  Plaintiff further objects to this Request because it seeks production of electronically

26   stored information, including seeking discovery of duplicative and/or cumulative electronically

27   stored information, including without limitation to the extent this Request seeks "[a]ll"

28

"DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and

more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

1  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

2  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

3  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

4  discovery not limited to the relevant time period regarding the facts at issue in this litigation.

5  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

6  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

7        Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

8  full response until after further discovery is conducted.

9        Subject to and without waiver of these objections and Plaintiff's General Objections,

10  Plaintiff responds as follows:

11        The Court has not yet entered a scheduling order in this case; the Court has not set a date

12  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

13  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

14  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

15  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

16  extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

17  appropriate and, as discovery proceeds, will produce, before the close of discovery in

18  accordance with any scheduling order that the Court will issue in this case, responsive and

19  relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

20  possession, custody and control, are reasonably accessible, and are located from Plaintiff's

21  reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

22  meet and confer regarding the scope of this Request.

23  **REQUEST FOR PRODUCTION NO. 85:**

24        All DOCUMENTS that EVIDENCE the allegations in paragraph 143 of the

25  COMPLAINT that "Plaintiff was consistently inundated with substantive assignments with little

26  to no support and under condense and competing deadlines, notwithstanding Defendants' ability

27  to more evenly spread work among associates and Plaintiff's indications that support would be

28

helpful"; that "Defendants timely provided male IP litigation associates with meaningful support and reasonably space out their deadlines"; that "Defendants responded to emails (e.g., requesting input, proposing draft correspondences, etc.) from male associates more quickly than they did to emails from Plaintiff"; and that "Defendants also sabotaged any attempt by Plaintiff to take short scheduled vacations that were mostly (if not all) over weekends or on holidays".

**RESPONSE TO REQUEST FOR PRODUCTION 85:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work and experience at trial with Defendants, discrimination, retaliation, sex-based harassment constituting a hostile work environment, and defamation, including Request Nos. 84, 86–90, 93–100. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ.

1  P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

2  Civ. P. 26(g)(1)(B)–(C).

3       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

4  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

5  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

6  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

7  production of electronically stored information, to the extent this Request seeks "[a]ll"

8  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

9  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

10  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

11  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

12  objects to this Request to the extent it seeks production of electronically stored information

13  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

14  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

15  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

16  it seeks production of electronically stored information that is unreasonably cumulative or

17  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

18  seeks production of electronically stored information that is or can be obtained from some other

19  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

20  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

21  production of electronically stored information that exceeds the scope of discovery permitted by

22  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

23  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

24  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

25  considering the importance of the issues at stake in the action, the amount in controversy, the

26  parties' relative access to relevant information, including Kirkland's access to relevant

27  information because relevant information sought is or should be in Kirkland's possession,

28

1   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

2   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

3   the at most de minimis importance of cumulative and duplicative discovery requested ad

4   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

5   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

6   this Request to the extent it seeks production of electronically stored information that is not in

7   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

8   defendants' possession, custody, or control; and/or that is or should be available to Defendant

9   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

10  expense.  Plaintiff further objects to this Request because it seeks production of electronically

11  stored information, including seeking discovery of duplicative and/or cumulative electronically

12  stored information, including without limitation to the extent this Request seeks "[a]ll"

13  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

14  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

15  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

16  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

17  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

18  stored information from sources that are not reasonably accessible because of undue burden or

19  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

20  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

21  and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

22  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

23  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

24  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

25  to this Request to the extent it seeks production of electronically stored information in more than

26  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

27  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

28

objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the

extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 144 of the COMPLAINT that "[m]ultiple male comparator associates stated or indicated that the amount of work Plaintiff had was extreme or unreasonable relative to their customary workload, which, when combined with the below treatment (among other things) reignited Plaintiff's concerns regarding discrimination and also triggered concerns about retaliation"; and that "Plaintiff also saw changes in the degree and visibility of praise she received for her work (despite its quality remaining the same), which changes coincided with the dates of Plaintiff's complaints of Defendants' Unlawful Employment Practices"

**RESPONSE TO REQUEST FOR PRODUCTION 86:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work

1  and experience at trial with Defendants, discrimination, retaliation, sex-based harassment

2  constituting a hostile work environment, and defamation, including Request Nos. 84–85, 87–90,

3  93–100.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R.

4  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further

5  objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking

6  discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other

7  applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this

8  Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that

9  EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's

10 definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on

11 Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ.

12 P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

13 Civ. P. 26(g)(1)(B)–(C).

14        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

15 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

16 and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

17 the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

18 production of electronically stored information, to the extent this Request seeks "[a]ll"

19 "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

20 "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

21 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

22 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

23 objects to this Request to the extent it seeks production of electronically stored information

24 exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

25 other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

26 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

27 it seeks production of electronically stored information that is unreasonably cumulative or

28

duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

1   partnership, proprietorship, association, joint venture, other form of organization or arrangement,

2   and government and government agency of every nature or type"; and/or to the extent this

3   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

4   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

5   envelopes, explanatory notes or memoranda, and any other material that accompanied the

6   document(s)" and "[i]f the specific document elicited a response, that response is also to be

7   identified and produced" and "[i]f the document was itself a response, the document to which it

8   responded is also to be identified and produced."

9        Plaintiff intends to produce electronically stored information in a reasonably usable form.

10       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

11  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

12  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

13  possession, custody, or control; and/or that is or should be available to Defendant and more

14  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

15       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

16  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

17  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

18  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

19  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

20  Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

21  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

22  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

23  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

24  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

25  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

26  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

27  discovery not limited to the relevant time period regarding the facts at issue in this litigation.

28

*See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 146 of the COMPLAINT that Mr. Fahey reassigned work to Plaintiff from Male Associate G and "claimed that he needed to reassign the work to Plaintiff because Male Associate G was 'pretty tied up' merely editing a single, already-drafted interrogatory response that was an iota of the amount of work that was reassigned to Plaintiff to the benefit of Male Associate G (and Defendants)"; and that "Plaintiff's work developing the non-infringement theories and drafting the contentions was met with praise from Mr. Deoras, who directly supervised her work, e.g., when he stated, 'Thanks, Zoya – thought this looked great'".

**RESPONSE TO REQUEST FOR PRODUCTION 87:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work and experience at trial with Defendants, discrimination, retaliation, sex-based harassment constituting a hostile work environment, and defamation, including Request Nos. 84–86, 88–90, 93–100. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to

this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any

DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects,

including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's

1    reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

2    meet and confer regarding the scope of this Request.

3    **REQUEST FOR PRODUCTION NO. 88:**

4         All DOCUMENTS that EVIDENCE the allegation in paragraph 151 of the

5    COMPLAINT that "Plaintiff's obligations on the ITC investigation, District-Court cases, and

6    patent-assertion analysis far exceed the amount of work that Mr. Walter or Mr. Blake were

7    asked to complete during the same timeframe. For example, during May to July 2021, based on

8    Plaintiff's knowledge, Mr. Walter only worked on two of these District-Court Cases, which was

9    substantially less than Plaintiff's workload as noted above, and a substantial amount of work

10   that should have been performed on these District-Court Cases had not been performed, as

11   confirmed by Plaintiff when she emailed the team to ask some basic questions after she was

12   added to the District-Court Cases."

13   **RESPONSE TO REQUEST FOR PRODUCTION 88:**

14        In addition to the foregoing General Objections, each of which is specifically

15   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

16   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

17   calculated to lead to the discovery of admissible evidence and that is not proportional to the

18   needs of this case, and as seeking discovery outside the permissible scope under the Federal

19   Rules and/or other applicable law.

20        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

21   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

22   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

23   duplicative of discovery sought in other Requests, including Requests regarding discrimination,

24   retaliation, sex-based harassment constituting a hostile work environment, and defamation,

25   including Request Nos. 84–87, 89–90, 93–100.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*

26   *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii);

27   Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly

28

1    burdensome, and oppressive and as seeking discovery outside the scope permissible under the

2    Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is

3    cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"

4    "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative

5    complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of

6    "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

7    26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

8    P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

9        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

10   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

11   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

12   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

13   production of electronically stored information, to the extent this Request seeks "[a]ll"

14   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

15   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

16   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

17   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

18   objects to this Request to the extent it seeks production of electronically stored information

19   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

20   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

21   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

22   it seeks production of electronically stored information that is unreasonably cumulative or

23   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

24   seeks production of electronically stored information that is or can be obtained from some other

25   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

26   Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

27   production of electronically stored information that exceeds the scope of discovery permitted by

28

Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the

document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 152 of the COMPLAINT that "Mr. Fahey routinely gave Plaintiff assignment instructions that were poor, misleading, and/or contradictory, the degree of which increased following Plaintiff's April 2021 complaint. Due to Mr. Fahey's poor instructions, on multiple occasions unnecessary time was spent on assignments because Mr. Fahey would provide input directly contradicting his prior instructions. For example, on the ITC Investigation in late June 2021, Mr. Fahey tasked Plaintiff with completely unnecessary revisions when he asked Plaintiff to draft correspondence to opposing counsel regarding discovery deficiencies. Plaintiff expressly followed Mr. Fahey's emailed instructions and sent him the draft correspondence Importantly, Plaintiff's first draft was almost identical to the fourth, final draft, which was sent to opposing counsel. However, Mr. Fahey made or requested Plaintiff to make major revisions to the first draft, rendering the second draft markedly different from the first draft (and the fourth, final draft sent to opposing

counsel). These revisions were at odds with Mr. Fahey's original instructions to Plaintiff. As a result, the drafts underwent numerous, unnecessary rounds of edits, which was not only an unethical waste of client money but also forced Plaintiff unnecessarily to lose time that could have been spent on her other myriad assignments that Defendants were heaping on Plaintiff. After all of this unnecessary back and forth, Mr. Fahey privately emailed Plaintiff, forwarding the sent correspondence, to say 'FYI, nice work on this'."

**RESPONSE TO REQUEST FOR PRODUCTION 89:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work and experience at trial with Defendants, discrimination, retaliation, sex-based harassment constituting a hostile work environment, and defamation, including Request Nos. 84–88, 90, 93–100. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on

Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant

1  information because relevant information sought is or should be in Kirkland's possession,

2  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

3  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

4  the at most de minimis importance of cumulative and duplicative discovery requested ad

5  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

6  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

7  this Request to the extent it seeks production of electronically stored information that is not in

8  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

9  defendants' possession, custody, or control; and/or that is or should be available to Defendant

10  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

11  expense.  Plaintiff further objects to this Request because it seeks production of electronically

12  stored information, including seeking discovery of duplicative and/or cumulative electronically

13  stored information, including without limitation to the extent this Request seeks "[a]ll"

14  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

15  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

16  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

17  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

18  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

19  stored information from sources that are not reasonably accessible because of undue burden or

20  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

21  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

22  and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

23  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

24  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

25  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

26  to this Request to the extent it seeks production of electronically stored information in more than

27  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

28

R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

1    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

2    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

3    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

4    possession, custody, or control; and/or that is or should be available to Defendant and more

5    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

6    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

7    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

8    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

9    Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

10   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

11   Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

12   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

13   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

14   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

15   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

16   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

17   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

18   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

19   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

20   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

21   Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

22   full response until after further discovery is conducted.

23   Subject to and without waiver of these objections and Plaintiff's General Objections,

24   Plaintiff responds as follows:

25   The Court has not yet entered a scheduling order in this case; the Court has not set a date

26   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

27   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

28

1   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

2   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

3   extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

4   appropriate and, as discovery proceeds, will produce, before the close of discovery in

5   accordance with any scheduling order that the Court will issue in this case, responsive and

6   relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

7   possession, custody and control, are reasonably accessible, and are located from Plaintiff's

8   reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

9   meet and confer regarding the scope of this Request.

10  **REQUEST FOR PRODUCTION NO. 90:**

11      All DOCUMENTS that EVIDENCE the allegations in paragraphs 154-56 of the

12  COMPLAINT regarding "Mr. Walter's poor deposition scheduling".

13  **RESPONSE TO REQUEST FOR PRODUCTION 90:**

14      In addition to the foregoing General Objections, each of which is specifically

15  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

16  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

17  calculated to lead to the discovery of admissible evidence and that is not proportional to the

18  needs of this case, and as seeking discovery outside the permissible scope under the Federal

19  Rules and/or other applicable law.

20      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

21  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

22  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

23  duplicative of discovery sought in other Requests, including Requests regarding discrimination,

24  retaliation, sex-based harassment constituting a hostile work environment, and defamation,

25  including Request Nos. 84–89, 93–100.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*,

26  Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R.

27  Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome,

28

1   and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

2   of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative

3   and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and

4   "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates

5   or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and

6   incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ.

7   P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

8   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

9        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

10   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

11   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

12   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

13   production of electronically stored information, to the extent this Request seeks "[a]ll"

14   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

15   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P.

16   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

17   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).   Plaintiff

18   objects to this Request to the extent it seeks production of electronically stored information

19   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

20   other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

21   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).   Plaintiff objects to this Request to the extent

22   it seeks production of electronically stored information that is unreasonably cumulative or

23   duplicative.   *See* Fed. R. Civ. P. 26(b)(2)(C)(i).   Plaintiff objects to this Request to the extent it

24   seeks production of electronically stored information that is or can be obtained from some other

25   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

26   Defendants.   Fed. R. Civ. P. 26(b)(2)(C)(i).   Plaintiff objects to this Request because it seeks

27   production of electronically stored information that exceeds the scope of discovery permitted by

28

Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the

document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 157 of the COMPLAINT that "Plaintiff competently and timely scheduled proposed depositions and competently spoke with third parties, including to schedule depositions and to persuade the third parties to comply with subpoenas and to otherwise coordinate and advance production of third-party discovery, with minimal oversight by Mr. Deoras and Mr. Fahey on the ITC Investigation. In fact, Plaintiff's unsupervised communications with persons outside the Firm resulted in the client obtaining its requested discovery that had been withheld on various grounds, including alleged lack of good cause to produce e-mails, compliance with prior-litigation protective order, and lack of control over requested documents".

**RESPONSE TO REQUEST FOR PRODUCTION 91:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work and experience at trial with Defendants, discrimination, retaliation, sex-based harassment constituting a hostile work environment, and defamation. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P.

26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production

of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

1   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

2   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

3   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

4   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

5   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

6   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

7   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

8   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

9   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

10      Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

11   full response until after further discovery is conducted.

12      Subject to and without waiver of these objections and Plaintiff's General Objections,

13   Plaintiff responds as follows:

14      The Court has not yet entered a scheduling order in this case; the Court has not set a date

15   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

16   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

17   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

18   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

19   extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

20   appropriate and, as discovery proceeds, will produce, before the close of discovery in

21   accordance with any scheduling order that the Court will issue in this case, responsive and

22   relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

23   possession, custody and control, are reasonably accessible, and are located from Plaintiff's

24   reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

25   meet and confer regarding the scope of this Request.

26   **REQUEST FOR PRODUCTION NO. 92:**

27

28

1    All DOCUMENTS that EVIDENCE the allegation in paragraph 157 of the

2    COMPLAINT that "the outside counsel told Plaintiff that he had been told that a female (i.e.,

3    Plaintiff) must have tried very hard to get this discovery because the company historically did

4    not produce similar information in response to subpoenas."

5    **RESPONSE TO REQUEST FOR PRODUCTION 92:**

6    In addition to the foregoing General Objections, each of which is specifically

7    incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

8    unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

9    calculated to lead to the discovery of admissible evidence and that is not proportional to the

10   needs of this case, and as seeking discovery outside the permissible scope under the Federal

11   Rules and/or other applicable law.

12   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

13   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

14   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

15   duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work

16   and experience at trial with Defendants, discrimination, retaliation, sex-based harassment

17   constituting a hostile work environment, and defamation. *See, e.g.*, Fed. R. Civ. P.

18   26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ.

19   P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly

20   broad, unduly burdensome, and oppressive and as seeking discovery outside the scope

21   permissible under the Federal Rules of Civil Procedure and/or other applicable law because it

22   seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll"

23   "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a

24   non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)"

25   and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ.

26   P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R.

27   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

28

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

1    the at most de minimis importance of cumulative and duplicative discovery requested ad

2    infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

3    likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

4    this Request to the extent it seeks production of electronically stored information that is not in

5    Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

6    defendants' possession, custody, or control; and/or that is or should be available to Defendant

7    and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

8    expense.  Plaintiff further objects to this Request because it seeks production of electronically

9    stored information, including seeking discovery of duplicative and/or cumulative electronically

10   stored information, including without limitation to the extent this Request seeks "[a]ll"

11   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

12   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

13   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

14   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

15   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

16   stored information from sources that are not reasonably accessible because of undue burden or

17   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

18   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

19   and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

20   extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

21   not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

22   Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

23   to this Request to the extent it seeks production of electronically stored information in more than

24   one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

25   R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

26   objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

27   "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

28

graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 93:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 159 of the COMPLAINT that "Ms. Barath offloaded Mr. Huehns' and Mr. Walter's work on the District-Court Cases on Plaintiff, despite Plaintiff's workload already being disproportionately heavier than the workloads of said male associates"; and that "these offloading attempts continued notwithstanding Plaintiff repeatedly telling Ms. Barath that Plaintiff had no bandwidth for additional work and had to prioritize assignments on bigger cases with competing deadlines".

**RESPONSE TO REQUEST FOR PRODUCTION 93:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding discrimination, retaliation, sex-based harassment constituting a hostile work environment, and defamation, including Request Nos. 84–90 and 94–100.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed.

R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly,

overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

1   envelopes, explanatory notes or memoranda, and any other material that accompanied the
2   document(s)" and "[i]f the specific document elicited a response, that response is also to be
3   identified and produced" and "[i]f the document was itself a response, the document to which it
4   responded is also to be identified and produced."

5      Plaintiff intends to produce electronically stored information in a reasonably usable form.

6      Plaintiff further objects to this Request as overly broad, unduly burdensome, and
7   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
8   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
9   possession, custody, or control; and/or that is or should be available to Defendant and more
10  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

11     Plaintiff further objects to this Request as overly broad, unduly burdensome, and
12  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
13  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
14  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
15  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
16  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
17  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
18  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
19  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
20  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
21  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
22  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks
23  discovery not limited to the relevant time period regarding the facts at issue in this litigation.
24  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.
25  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

26     Plaintiff further objects to this Request as premature because Plaintiff cannot provide a
27  full response until after further discovery is conducted.

28

1   Subject to and without waiver of these objections and Plaintiff's General Objections,
2   Plaintiff responds as follows:

3   The Court has not yet entered a scheduling order in this case; the Court has not set a date
4   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
5   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
6   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
7   Request as this action and discovery proceed.  Subject to the foregoing objections and to the
8   extent consistent with the same, Plaintiff will conduct a reasonable search for documents as
9   appropriate and, as discovery proceeds, will produce, before the close of discovery in
10  accordance with any scheduling order that the Court will issue in this case, responsive and
11  relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's
12  possession, custody and control, are reasonably accessible, and are located from Plaintiff's
13  reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to
14  meet and confer regarding the scope of this Request.

15  **REQUEST FOR PRODUCTION NO. 94:**

16  All DOCUMENTS that EVIDENCE the allegations in paragraph 160 of the
17  COMPLAINT that "[t]he partners, with repeated, advance notice of Plaintiff's scheduled
18  vacation, dumped an inordinate amount of work on Plaintiff to ensure (successfully) that she
19  would work during her entire vacation"; that "Plaintiff received a rude email from Ms. Barath
20  about Plaintiff being offline"; and that "Mr. Deoras tried to schedule a deposition for Plaintiff
21  on July 5, 2021, which was, again, a federal holiday and part of Plaintiff's scheduled vacation. It
22  was not until Plaintiff informed him that it would be impractical to have a deposition that day
23  due to the federal holiday that he changed the date."

24  **RESPONSE TO REQUEST FOR PRODUCTION 94:**

25  In addition to the foregoing General Objections, each of which is specifically
26  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
27  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

28

1  calculated to lead to the discovery of admissible evidence and that is not proportional to the

2  needs of this case, and as seeking discovery outside the permissible scope under the Federal

3  Rules and/or other applicable law.

4        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

5  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

6  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

7  duplicative of discovery sought in other Requests, including Requests regarding discrimination,

8  retaliation, sex-based harassment constituting a hostile work environment, and defamation,

9  including Request Nos. 84–90, 93, and 95–100.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*

10 *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii);

11 Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly

12 burdensome, and oppressive and as seeking discovery outside the scope permissible under the

13 Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is

14 cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"

15 "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative

16 complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of

17 "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

18 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

19 P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

20        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

21 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

22 and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

23 the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

24 production of electronically stored information, to the extent this Request seeks "[a]ll"

25 "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

26 "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

27 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

28

26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically

stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

1    are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

2    defendants' possession, custody, or control; and/or are or should be available to Defendant and

3    more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

4    expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

5    relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

6    and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

7    including because the sought discovery is should be in Kirkland's or its co-defendants'

8    possession, custody, or control, the importance of the discovery sought from Plaintiff in

9    resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

10   its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

11   overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

12   of the case, and a seeking discovery outside the scope of discovery permitted or required under

13   the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

14   DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

15   Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

16   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

17   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

18   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

19   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

20   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

21   the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

22   recorded or graphic material, however produced or reproduced and all other tangible objects,

23   including, but not limited to," 76 enumerated categories, in addition to "all other data whether

24   recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

25   any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

26   Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

27   produced" where "a document was prepared and several copies were made or if additional

28

copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

1   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
2   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
3   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
4   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
5   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks
6   discovery not limited to the relevant time period regarding the facts at issue in this litigation.
7   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.
8   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

9        Plaintiff further objects to this Request as premature because Plaintiff cannot provide a
10   full response until after further discovery is conducted.

11       Subject to and without waiver of these objections and Plaintiff's General Objections,
12   Plaintiff responds as follows:

13       The Court has not yet entered a scheduling order in this case; the Court has not set a date
14   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
15   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
16   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
17   Request as this action and discovery proceed.  Subject to the foregoing objections and to the
18   extent consistent with the same, Plaintiff will conduct a reasonable search for documents as
19   appropriate and, as discovery proceeds, will produce, before the close of discovery in
20   accordance with any scheduling order that the Court will issue in this case, responsive and
21   relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's
22   possession, custody and control, are reasonably accessible, and are located from Plaintiff's
23   reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to
24   meet and confer regarding the scope of this Request.

25   **REQUEST FOR PRODUCTION NO. 95:**

26       All DOCUMENTS that EVIDENCE the allegations in paragraph 162 of the
27   COMPLAINT that "By July 2021, Plaintiff had been subjected to multiple months of a constant

28

barrage of work, which constituted a disproportionately heavier workload than that of male comparator associates. Around early July 2021, in a Skype message to Plaintiff, Mr. Blake expressed shock at Plaintiff's inordinately large workload, saying he had thought he had an insufferable workload until he heard what Defendants had assigned to Plaintiff. Mr. Blake had previously told Plaintiff at trial in April 2021 that he and another comparator male IP litigation associate (Mr. Calhoun) always billed the most hours out of all IP litigation associates and that Mr. Alper and Mr. De Vries eagerly awaited the regularly-scheduled distribution of reports on associates' hours, demonstrating that they had knowledge of Plaintiff's disproportionate workload"; and that "Plaintiff's disproportionately heavy workload was confirmed through Plaintiff's communications with comparator associates Mr. Walter and Mr. Huehns".

**RESPONSE TO REQUEST FOR PRODUCTION 95:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work and experience at trial with Defendants, discrimination, retaliation, sex-based harassment constituting a hostile work environment, and defamation, including Request Nos. 84–90, 93–94, and 96–100.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under

the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

recorded or graphic material, however produced or reproduced and all other tangible objects,

including, but not limited to," 76 enumerated categories, in addition to "all other data whether

recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional

copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

transmittal in any manner or received by any means by YOU" and/or "[w]herever such

DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

"YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

partnership, proprietorship, association, joint venture, other form of organization or arrangement,

and government and government agency of every nature or type"; and/or to the extent this

Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

envelopes, explanatory notes or memoranda, and any other material that accompanied the

document(s)" and "[i]f the specific document elicited a response, that response is also to be

1   identified and produced" and "[i]f the document was itself a response, the document to which it

2   responded is also to be identified and produced."

3       Plaintiff intends to produce electronically stored information in a reasonably usable form.

4       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

6   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

7   possession, custody, or control; and/or that is or should be available to Defendant and more

8   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

10  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

11  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

12  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

13  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

14  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

15  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

16  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

17  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

18  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

19  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

20  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

21  discovery not limited to the relevant time period regarding the facts at issue in this litigation.

22  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

23  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

24      Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

25  full response until after further discovery is conducted.

26      Subject to and without waiver of these objections and Plaintiff's General Objections,

27  Plaintiff responds as follows:

28

1  The Court has not yet entered a scheduling order in this case; the Court has not set a date

2  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

3  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

4  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

5  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

6  extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

7  appropriate and, as discovery proceeds, will produce, before the close of discovery in

8  accordance with any scheduling order that the Court will issue in this case, responsive and

9  relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

10  possession, custody and control, are reasonably accessible, and are located from Plaintiff's

11  reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

12  meet and confer regarding the scope of this Request.

13  **REQUEST FOR PRODUCTION NO. 96:**

14  All DOCUMENTS that EVIDENCE the allegations in paragraphs 163-73 of the

15  COMPLAINT that "[a]n exemplar of Defendant's discriminatory and retaliatory undermining of

16  Plaintiff was their reassigning to Plaintiff on short notice in the ITC Investigation the expert

17  report on patent invalidity".

18  **RESPONSE TO REQUEST FOR PRODUCTION 96:**

19  In addition to the foregoing General Objections, each of which is specifically

20  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

21  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

22  calculated to lead to the discovery of admissible evidence and that is not proportional to the

23  needs of this case, and as seeking discovery outside the permissible scope under the Federal

24  Rules and/or other applicable law.

25  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

26  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

27  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

28

duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work and experience at trial with Defendants, discrimination, retaliation, sex-based harassment constituting a hostile work environment, and defamation, including Request Nos. 84–90, 94–95, and 97–100.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

1    it seeks production of electronically stored information that is unreasonably cumulative or

2    duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

3    seeks production of electronically stored information that is or can be obtained from some other

4    source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

5    Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

6    production of electronically stored information that exceeds the scope of discovery permitted by

7    Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

8    stored information that is duplicative and/or cumulative of other sought discovery, privileged,

9    not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

10   considering the importance of the issues at stake in the action, the amount in controversy, the

11   parties' relative access to relevant information, including Kirkland's access to relevant

12   information because relevant information sought is or should be in Kirkland's possession,

13   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

14   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

15   the at most de minimis importance of cumulative and duplicative discovery requested ad

16   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

17   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

18   this Request to the extent it seeks production of electronically stored information that is not in

19   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

20   defendants' possession, custody, or control; and/or that is or should be available to Defendant

21   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

22   expense.  Plaintiff further objects to this Request because it seeks production of electronically

23   stored information, including seeking discovery of duplicative and/or cumulative electronically

24   stored information, including without limitation to the extent this Request seeks "[a]ll"

25   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

26   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

27   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

28

26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

1    and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

2    including because the sought discovery is should be in Kirkland's or its co-defendants'

3    possession, custody, or control, the importance of the discovery sought from Plaintiff in

4    resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

5    its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

6    overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

7    of the case, and a seeking discovery outside the scope of discovery permitted or required under

8    the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

9    DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

10   Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

11   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

12   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

13   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

14   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

15   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

16   the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

17   recorded or graphic material, however produced or reproduced and all other tangible objects,

18   including, but not limited to," 76 enumerated categories, in addition to "all other data whether

19   recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

20   any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

21   Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

22   produced" where "a document was prepared and several copies were made or if additional

23   copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

24   description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

25   transmittal in any manner or received by any means by YOU" and/or "[w]herever such

26   DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

27   "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

28

behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

1    discovery not limited to the relevant time period regarding the facts at issue in this litigation.

2    *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

3    R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

4         Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

5    full response until after further discovery is conducted.

6         Subject to and without waiver of these objections and Plaintiff's General Objections,

7    Plaintiff responds as follows:

8         The Court has not yet entered a scheduling order in this case; the Court has not set a date

9    for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

10   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

11   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

12   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

13   extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

14   appropriate and, as discovery proceeds, will produce, before the close of discovery in

15   accordance with any scheduling order that the Court will issue in this case, responsive and

16   relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

17   possession, custody and control, are reasonably accessible, and are located from Plaintiff's

18   reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

19   meet and confer regarding the scope of this Request.

20   **REQUEST FOR PRODUCTION NO. 97:**

21        All  DOCUMENTS  that  EVIDENCE  the  allegation  in  paragraph  175  of  the

22   COMPLAINT that "Plaintiff had to work during her entire planned vacation, in part because

23   Plaintiff had been forced to assume responsibility for work on the District-Court Cases to allow

24   male associates (including Mr. Huehns and Mr. Walter) to go on vacation and/or bill less.

25   Moreover, due to the totality of Defendants' unlawful conduct, including but not limited to

26   burdening Plaintiff with a disproportionate workload and attempting to sabotage Plaintiff,

27

28

Plaintiff did not have an opportunity to start preparing for her scheduled July 23, 2021 deposition that she would lead until the evening prior to this deposition."

**RESPONSE TO REQUEST FOR PRODUCTION 97:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding discrimination, retaliation, sex-based harassment constituting a hostile work environment, and defamation, including Request Nos. 84–90, 94–96, and 98–100. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

1   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

2   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

3   production of electronically stored information, to the extent this Request seeks "[a]ll"

4   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

5   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P.

6   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

7   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

8   objects to this Request to the extent it seeks production of electronically stored information

9   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

10  other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

11  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

12  it seeks production of electronically stored information that is unreasonably cumulative or

13  duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

14  seeks production of electronically stored information that is or can be obtained from some other

15  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

16  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

17  production of electronically stored information that exceeds the scope of discovery permitted by

18  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

19  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

20  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

21  considering the importance of the issues at stake in the action, the amount in controversy, the

22  parties' relative access to relevant information, including Kirkland's access to relevant

23  information because relevant information sought is or should be in Kirkland's possession,

24  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

25  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

26  the at most de minimis importance of cumulative and duplicative discovery requested ad

27  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

28

likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

1   Plaintiff further objects to this Request as overly broad, unduly burdensome, and

2   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

3   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

4   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

5   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

6   Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

7   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

8   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

9   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

10  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

11  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

12  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

13  discovery not limited to the relevant time period regarding the facts at issue in this litigation.

14  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

15  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

16   Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

17  full response until after further discovery is conducted.

18   Subject to and without waiver of these objections and Plaintiff's General Objections,

19  Plaintiff responds as follows:

20   The Court has not yet entered a scheduling order in this case; the Court has not set a date

21  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

22  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

23  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

24  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

25  extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

26  appropriate and, as discovery proceeds, will produce, before the close of discovery in

27  accordance with any scheduling order that the Court will issue in this case, responsive and

28

1   relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's
2   possession, custody and control, are reasonably accessible, and are located from Plaintiff's
3   reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to
4   meet and confer regarding the scope of this Request.

5   **REQUEST FOR PRODUCTION NO. 98:**

6       All DOCUMENTS that EVIDENCE the allegation in paragraph 176 of the
7   COMPLAINT that "Plaintiff was consistently forced to operate on well-below reasonable levels
8   of sleep".

9   **RESPONSE TO REQUEST FOR PRODUCTION 98:**

10      In addition to the foregoing General Objections, each of which is specifically
11  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
12  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
13  calculated to lead to the discovery of admissible evidence and that is not proportional to the
14  needs of this case, and as seeking discovery outside the permissible scope under the Federal
15  Rules and/or other applicable law.

16      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
17  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
18  and/or other applicable law to the extent this Request seeks discovery that is cumulative or
19  duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work
20  and experience at trial with Defendants, discrimination, retaliation, sex-based harassment
21  constituting a hostile work environment, and defamation, including Request Nos. 84–90, 94–97,
22  and 99–100.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1);
23  Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff
24  further objects to this Request as overly broad, unduly burdensome, and oppressive and as
25  seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
26  and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to
27  the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

28

DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects

to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

1    Plaintiff intends to produce electronically stored information in a reasonably usable form.

2    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

3    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

4    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

5    possession, custody, or control; and/or that is or should be available to Defendant and more

6    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

7    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

8    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

9    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

10   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

11   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

12   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

13   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

14   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

15   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

16   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

17   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

18   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

19   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

20   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

21   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

22   Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

23   full response until after further discovery is conducted.

24   Subject to and without waiver of these objections and Plaintiff's General Objections,

25   Plaintiff responds as follows:

26   The Court has not yet entered a scheduling order in this case; the Court has not set a date

27   for the close of discovery.   Plaintiff's reasonable investigation and reasonable search for

28

responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 99:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 177 of the COMPLAINT that "Immediately after Plaintiff took her deposition, as a driven associate, she called Mr. Deoras to get general input regarding the deposition but abstained from complaining again of Defendants' unlawful conduct given her fatigue. Mr. Deoras said the deposition went fine."

**RESPONSE TO REQUEST FOR PRODUCTION 99:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work

and experience at trial with Defendants, discrimination, retaliation, sex-based harassment constituting a hostile work environment, and defamation, including Request Nos. 84–90, 94–98, and 100.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or

duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

1   including because the sought discovery is should be in Kirkland's or its co-defendants'

2   possession, custody, or control, the importance of the discovery sought from Plaintiff in

3   resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

4   its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

5   overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

6   of the case, and a seeking discovery outside the scope of discovery permitted or required under

7   the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

8   DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

9   Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

10   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

11   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

12   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

13   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

14   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

15   the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

16   recorded or graphic material, however produced or reproduced and all other tangible objects,

17   including, but not limited to," 76 enumerated categories, in addition to "all other data whether

18   recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

19   any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

20   Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

21   produced" where "a document was prepared and several copies were made or if additional

22   copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

23   description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

24   transmittal in any manner or received by any means by YOU" and/or "[w]herever such

25   DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

26   "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

27   behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

28

1    partnership, proprietorship, association, joint venture, other form of organization or arrangement,

2    and government and government agency of every nature or type"; and/or to the extent this

3    Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

4    DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

5    envelopes, explanatory notes or memoranda, and any other material that accompanied the

6    document(s)" and "[i]f the specific document elicited a response, that response is also to be

7    identified and produced" and "[i]f the document was itself a response, the document to which it

8    responded is also to be identified and produced."

9          Plaintiff intends to produce electronically stored information in a reasonably usable form.

10         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

11   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

12   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

13   possession, custody, or control; and/or that is or should be available to Defendant and more

14   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

15         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

16   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

17   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

18   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

19   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

20   Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

21   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

22   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

23   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

24   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

25   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

26   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

27   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

28

1    *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

2    R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

3        Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

4    full response until after further discovery is conducted.

5        Subject to and without waiver of these objections and Plaintiff's General Objections,

6    Plaintiff responds as follows:

7        The Court has not yet entered a scheduling order in this case; the Court has not set a date

8    for the close of discovery.   Plaintiff's reasonable investigation and reasonable search for

9    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

10   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

11   Request as this action and discovery proceed.   Subject to the foregoing objections and to the

12   extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

13   appropriate and, as discovery proceeds, will produce, before the close of discovery in

14   accordance with any scheduling order that the Court will issue in this case, responsive and

15   relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

16   possession, custody and control, are reasonably accessible, and are located from Plaintiff's

17   reasonable search, to the extent any such documents exist.   Plaintiff states that she is willing to

18   meet and confer regarding the scope of this Request.

19   **REQUEST FOR PRODUCTION NO. 100:**

20       All DOCUMENTS that EVIDENCE the allegation in paragraph 178 of the

21   COMPLAINT that "Plaintiff decided she needed to report Defendants' Unlawful Employment

22   Practices and felt the most readily available avenue was to speak again with Mr. Deoras. Given

23   Plaintiff's established rapport with Mr. Deoras and his prior statements that Plaintiff should

24   reach out to him to talk to him about anything, Plaintiff reasonably reported again to Mr. Deoras.

25   Moreover, Plaintiff reasonably believed at the time that this approach, as opposed to Plaintiff

26   escalating her concerns to the chief HR officer, would reduce the risk of her becoming a pariah

27   at the Firm, especially given that she had been at the Firm for less than a year and Plaintiff had

28

1   been limited to only working on matters for Defendants Mr. Alper, Mr. De Vries, Mr. Deoras,

2   Ms. Schmidt, and Mr. Fahey."

3   **RESPONSE TO REQUEST FOR PRODUCTION 100:**

4         In addition to the foregoing General Objections, each of which is specifically

5   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

6   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

7   calculated to lead to the discovery of admissible evidence and that is not proportional to the

8   needs of this case, and as seeking discovery outside the permissible scope under the Federal

9   Rules and/or other applicable law.

10         Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

11   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

12   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

13   duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work

14   and experience at trial with Defendants, discrimination, retaliation, sex-based harassment

15   constituting a hostile work environment, and defamation, including Request Nos. 84–90 and 94–

16   99. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ.

17   P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further

18   objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking

19   discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other

20   applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this

21   Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that

22   EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's

23   definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on

24   Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ.

25   P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

26   Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

1    the at most de minimis importance of cumulative and duplicative discovery requested ad

2    infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

3    likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

4    this Request to the extent it seeks production of electronically stored information that is not in

5    Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

6    defendants' possession, custody, or control; and/or that is or should be available to Defendant

7    and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

8    expense.  Plaintiff further objects to this Request because it seeks production of electronically

9    stored information, including seeking discovery of duplicative and/or cumulative electronically

10   stored information, including without limitation to the extent this Request seeks "[a]ll"

11   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

12   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

13   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

14   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

15   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

16   stored information from sources that are not reasonably accessible because of undue burden or

17   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

18   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

19   and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

20   extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

21   not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

22   Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

23   to this Request to the extent it seeks production of electronically stored information in more than

24   one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

25   R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

26   objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

27   "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

28

graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

1  possession, custody, or control; and/or that is or should be available to Defendant and more
2  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

3  Plaintiff further objects to this Request as overly broad, unduly burdensome, and
4  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
5  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
6  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
7  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
8  Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
9  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
10  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
11  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
12  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
13  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
14  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks
15  discovery not limited to the relevant time period regarding the facts at issue in this litigation.
16  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.
17  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

18  Plaintiff further objects to this Request as premature because Plaintiff cannot provide a
19  full response until after further discovery is conducted.

20  Subject to and without waiver of these objections and Plaintiff's General Objections,
21  Plaintiff responds as follows:

22  The Court has not yet entered a scheduling order in this case; the Court has not set a date
23  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
24  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
25  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
26  Request as this action and discovery proceed.  Subject to the foregoing objections and to the
27  extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

28

appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 101:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 180 of the COMPLAINT that "Plaintiff called Mr. Deoras and they spoke for 21 minutes"; that "Mr. Deoras played dumb, claiming that he was not aware that Plaintiff had been assigned a lot of work, despite being her immediate supervisor" that "Plaintiff raised concerns regarding being asked to take on work for male associates"; that "Plaintiff raised concerns about Defendants' unreasonably reassigning the entire Burden Expert Report with the lack of associate support that Plaintiff had received to date on the report"; and "that the unreasonable allocation of work was weighing on Plaintiff's ability to get reasonable amounts of rest".

**RESPONSE TO REQUEST FOR PRODUCTION 101:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding discrimination, sex-based harassment constituting a hostile work environment, retaliation, and defamation.  *See,*

1    *e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P.

2    26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects

3    to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery

4    outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable

5    law because it seeks discovery that is cumulative and/or duplicative to the extent this Request

6    seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE"

7    statements in a non-operative complaint, incorporates or relies on Kirkland's definition of

8    "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.

9    *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B);

10    *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

11    26(g)(1)(B)–(C).

12         Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

13    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

14    and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

15    the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

16    production of electronically stored information, to the extent this Request seeks "[a]ll"

17    "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

18    "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P.

19    26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

20    26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff

21    objects to this Request to the extent it seeks production of electronically stored information

22    exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

23    other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

24    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent

25    it seeks production of electronically stored information that is unreasonably cumulative or

26    duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it

27    seeks production of electronically stored information that is or can be obtained from some other

28

source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or

cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in

resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this

1   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

2   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

3   envelopes, explanatory notes or memoranda, and any other material that accompanied the

4   document(s)" and "[i]f the specific document elicited a response, that response is also to be

5   identified and produced" and "[i]f the document was itself a response, the document to which it

6   responded is also to be identified and produced."

7          Plaintiff intends to produce electronically stored information in a reasonably usable form.

8          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

9   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

10  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

11  possession, custody, or control; and/or that is or should be available to Defendant and more

12  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

13         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

14  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

15  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

16  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

17  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

18  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

19  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

20  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

21  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

22  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

23  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

24  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

25  discovery not limited to the relevant time period regarding the facts at issue in this litigation.

26  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

27  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

28

1   Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

2   full response until after further discovery is conducted.

3   Subject to and without waiver of these objections and Plaintiff's General Objections,

4   Plaintiff responds as follows:

5   The Court has not yet entered a scheduling order in this case; the Court has not set a date

6   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

7   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

8   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

9   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

10  extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

11  appropriate and, as discovery proceeds, will produce, before the close of discovery in

12  accordance with any scheduling order that the Court will issue in this case, responsive and

13  relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

14  possession, custody and control, are reasonably accessible, and are located from Plaintiff's

15  reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

16  meet and confer regarding the scope of this Request.

17  **REQUEST FOR PRODUCTION NO. 102:**

18  All DOCUMENTS that EVIDENCE the allegation in paragraph 181 of the

19  COMPLAINT that "[a]fter Plaintiff's July 23, 2021 reporting, Defendants froze Plaintiff out of

20  work without explanation, which included precluding Plaintiff from working with other

21  interested partners at the Firm based on Mr. Deoras' illusory promise that more work would be

22  provided from him and his co-Defendants".

23  **RESPONSE TO REQUEST FOR PRODUCTION 102:**

24  In addition to the foregoing General Objections, each of which is specifically

25  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

26  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

27  calculated to lead to the discovery of admissible evidence and that is not proportional to the

28

needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding discrimination, sex-based harassment constituting a hostile work environment, retaliation, and defamation.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

1   objects to this Request to the extent it seeks production of electronically stored information

2   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

3   other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

4   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent

5   it seeks production of electronically stored information that is unreasonably cumulative or

6   duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it

7   seeks production of electronically stored information that is or can be obtained from some other

8   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

9   Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks

10  production of electronically stored information that exceeds the scope of discovery permitted by

11  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

12  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

13  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

14  considering the importance of the issues at stake in the action, the amount in controversy, the

15  parties' relative access to relevant information, including Kirkland's access to relevant

16  information because relevant information sought is or should be in Kirkland's possession,

17  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

18  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

19  the at most de minimis importance of cumulative and duplicative discovery requested ad

20  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

21  likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to

22  this Request to the extent it seeks production of electronically stored information that is not in

23  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

24  defendants' possession, custody, or control; and/or that is or should be available to Defendant

25  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

26  expense. Plaintiff further objects to this Request because it seeks production of electronically

27  stored information, including seeking discovery of duplicative and/or cumulative electronically

28

PL.'S OBJECS. & RESPS. TO KIRKLAND'S        616        NO. 4:22-CV-05990-HSG (TSH)
1ST SET OF REQS. FOR PRODUC.

1  stored information, including without limitation to the extent this Request seeks "[a]ll"
2  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of
3  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably
4  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.
5  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.
6  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).   Plaintiff will not provide discovery of electronically
7  stored information from sources that are not reasonably accessible because of undue burden or
8  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"
9  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"
10  and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the
11  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are
12  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.
13  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects
14  to this Request to the extent it seeks production of electronically stored information in more than
15  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.
16  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff
17  objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent
18  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or
19  graphic material, however produced or reproduced and all other tangible objects, including, but
20  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six
21  specified means] or other means" "and all drafts and summaries thereof" "and any
22  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule
23  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be
24  produced" where "a document was prepared and several copies were made or if additional
25  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production
26  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they
27  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-
28

defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

1  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

2  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

3  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

4  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

5  discovery not limited to the relevant time period regarding the facts at issue in this litigation.

6  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

7  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

8    Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

9  full response until after further discovery is conducted.

10    Subject to and without waiver of these objections and Plaintiff's General Objections,

11  Plaintiff responds as follows:

12    The Court has not yet entered a scheduling order in this case; the Court has not set a date

13  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

14  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

15  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

16  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

17  extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

18  appropriate and, as discovery proceeds, will produce, before the close of discovery in

19  accordance with any scheduling order that the Court will issue in this case, responsive and

20  relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

21  possession, custody and control, are reasonably accessible, and are located from Plaintiff's

22  reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

23  meet and confer regarding the scope of this Request.

24  **REQUEST FOR PRODUCTION NO. 103:**

25    All DOCUMENTS that EVIDENCE the allegations in paragraphs 183-86 of the

26  COMPLAINT regarding Defendants alleged instructions to "draft a letter to the ALJ in the ITC

27  investigation."

28

1   **RESPONSE TO REQUEST FOR PRODUCTION 103:**

2          In addition to the foregoing General Objections, each of which is specifically

3   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

4   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

5   calculated to lead to the discovery of admissible evidence and that is not proportional to the

6   needs of this case, and as seeking discovery outside the permissible scope under the Federal

7   Rules and/or other applicable law.

8          Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

9   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

10  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

11  duplicative of discovery sought in other Requests, including Requests regarding discrimination,

12  sex-based harassment constituting a hostile work environment, retaliation, and defamation.  *See,*

13  *e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P.

14  26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects

15  to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery

16  outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable

17  law because it seeks discovery that is cumulative and/or duplicative to the extent this Request

18  seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE"

19  statements in a non-operative complaint, incorporates or relies on Kirkland's definition of

20  "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.

21  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B);

22  *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

23  26(g)(1)(B)–(C).

24          Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

25  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

26  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

27  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

28

production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in

Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether

recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 104:**

1    All DOCUMENTS that EVIDENCE the allegations in paragraph 188 of the

2    COMPLAINT that "At Mr. Deoras' request, Plaintiff prepared an argument outline for a patent

3    owner response ('POR') in an instituted IPR proceeding in which Mr. Huehns had drafted the

4    deficient POPR. Specifically, on September 7, 2021, three weeks before Plaintiff's surprise hit-

5    job firing, Mr. Deoras sent Plaintiff a Skype message, asking her 'to put together ideas for POR

6    strategy' for this instituted IPR proceeding because 'that would be helpful.'"

7    **RESPONSE TO REQUEST FOR PRODUCTION 104:**

8    In addition to the foregoing General Objections, each of which is specifically

9    incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

10   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

11   calculated to lead to the discovery of admissible evidence and that is not proportional to the

12   needs of this case, and as seeking discovery outside the permissible scope under the Federal

13   Rules and/or other applicable law.

14   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

15   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

16   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

17   duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work

18   on the referenced patent owner response. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*,

19   Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

20   Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome,

21   and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

22   of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative

23   and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and

24   "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates

25   or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and

26   incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ.

27

28

1    P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

2    26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

3        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

4    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

5    and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

6    the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

7    production of electronically stored information, to the extent this Request seeks "[a]ll"

8    "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

9    "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

10   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

11   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

12   objects to this Request to the extent it seeks production of electronically stored information

13   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

14   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

15   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

16   it seeks production of electronically stored information that is unreasonably cumulative or

17   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

18   seeks production of electronically stored information that is or can be obtained from some other

19   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

20   Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

21   production of electronically stored information that exceeds the scope of discovery permitted by

22   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

23   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

24   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

25   considering the importance of the issues at stake in the action, the amount in controversy, the

26   parties' relative access to relevant information, including Kirkland's access to relevant

27   information because relevant information sought is or should be in Kirkland's possession,

28

1   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

2   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

3   the at most de minimis importance of cumulative and duplicative discovery requested ad

4   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

5   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

6   this Request to the extent it seeks production of electronically stored information that is not in

7   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

8   defendants' possession, custody, or control; and/or that is or should be available to Defendant

9   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

10  expense.  Plaintiff further objects to this Request because it seeks production of electronically

11  stored information, including seeking discovery of duplicative and/or cumulative electronically

12  stored information, including without limitation to the extent this Request seeks "[a]ll"

13  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

14  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

15  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

16  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

17  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

18  stored information from sources that are not reasonably accessible because of undue burden or

19  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

20  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

21  and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

22  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

23  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

24  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

25  to this Request to the extent it seeks production of electronically stored information in more than

26  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

27  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

28

objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

1    oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

2    and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

3    Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

4    the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

5    recorded or graphic material, however produced or reproduced and all other tangible objects,

6    including, but not limited to," 76 enumerated categories, in addition to "all other data whether

7    recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

8    any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

9    Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

10   produced" where "a document was prepared and several copies were made or if additional

11   copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

12   description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

13   transmittal in any manner or received by any means by YOU" and/or "[w]herever such

14   DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

15   "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

16   behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

17   partnership, proprietorship, association, joint venture, other form of organization or arrangement,

18   and government and government agency of every nature or type"; and/or to the extent this

19   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

20   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

21   envelopes, explanatory notes or memoranda, and any other material that accompanied the

22   document(s)" and "[i]f the specific document elicited a response, that response is also to be

23   identified and produced" and "[i]f the document was itself a response, the document to which it

24   responded is also to be identified and produced."

25        Plaintiff intends to produce electronically stored information in a reasonably usable form.

26        Plaintiff further objects to this Request as overly broad, unduly burdensome, and

27   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

28

1    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

2    possession, custody, or control; and/or that is or should be available to Defendant and more

3    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

4           Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

6    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

7    Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

8    to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

9    Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

10    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

11    Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

12    oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

13    Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

14    "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

15    "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

16    discovery not limited to the relevant time period regarding the facts at issue in this litigation.

17    *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

18    R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

19           Subject to and without waiver of these objections and Plaintiff's General Objections,

20    Plaintiff responds as follows:

21           The Court has not yet entered a scheduling order in this case; the Court has not set a date

22    for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

23    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

24    and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

25    Request as this action and discovery proceed.  Subject to the foregoing objections and to the

26    extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

27    appropriate and, as discovery proceeds, will produce, before the close of discovery in

28

accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 105:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 189 of the COMPLAINT that "Plaintiff developed material arguments that Mr. Huehns should have but failed to make, which arguments were in Plaintiff's POR argument outline and accompanying email that she sent to Mr. Deoras. Mr. Deoras had Plaintiff begin drafting the POR. Saliently, the POR filed in December 2021 included only Plaintiff's arguments, and the PTAB recently determined that the claims were not unpatentable, i.e., Plaintiff's arguments proved victorious."

**RESPONSE TO REQUEST FOR PRODUCTION 105:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work on the referenced patent owner response. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

1    not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

2    Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

3    to this Request to the extent it seeks production of electronically stored information in more than

4    one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

5    R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

6    objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

7    "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

8    graphic material, however produced or reproduced and all other tangible objects, including, but

9    not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

10   specified means] or other means" "and all drafts and summaries thereof" "and any

11   DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

12   1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

13   produced" where "a document was prepared and several copies were made or if additional

14   copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

15   of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

16   are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

17   defendants' possession, custody, or control; and/or are or should be available to Defendant and

18   more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

19   expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

20   relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

21   and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

22   including because the sought discovery is should be in Kirkland's or its co-defendants'

23   possession, custody, or control, the importance of the discovery sought from Plaintiff in

24   resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

25   its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

26   overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

27   of the case, and a seeking discovery outside the scope of discovery permitted or required under

28

the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be

1  identified and produced" and "[i]f the document was itself a response, the document to which it
2  responded is also to be identified and produced."

3      Plaintiff intends to produce electronically stored information in a reasonably usable form.

4      Plaintiff further objects to this Request as overly broad, unduly burdensome, and
5  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
6  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
7  possession, custody, or control; and/or that is or should be available to Defendant and more
8  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9      Plaintiff further objects to this Request as overly broad, unduly burdensome, and
10 oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
11 DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
12 Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
13 to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
14 Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
15 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
16 Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
17 oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
18 Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
19 "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
20 "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks
21 discovery not limited to the relevant time period regarding the facts at issue in this litigation.
22 *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.
23 R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

24     Subject to and without waiver of these objections and Plaintiff's General Objections,
25 Plaintiff responds as follows:

26     The Court has not yet entered a scheduling order in this case; the Court has not set a date
27 for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

28

responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 106:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 190 of the COMPLAINT that "Defendants changed relevant citations from Plaintiff's outline to irrelevant citations and to less authoritative sources in the filed POR to cloak their reliance on Plaintiff's work and arguments".

**RESPONSE TO REQUEST FOR PRODUCTION 106:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work on the referenced patent owner response. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*,

Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.   Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.   Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.   Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 107:**

All DOCUMENTS that EVIDENCE the allegations in paragraphs 191-202 of the COMPLAINT that "Defendants departed from Kirkland's standard practices and procedures when 'evaluating,' 'reviewing' and firing Plaintiff".

**RESPONSE TO REQUEST FOR PRODUCTION 107:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding discrimination, retaliation, and defamation. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or

duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

1  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

2  and government and government agency of every nature or type"; and/or to the extent this

3  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

4  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

5  envelopes, explanatory notes or memoranda, and any other material that accompanied the

6  document(s)" and "[i]f the specific document elicited a response, that response is also to be

7  identified and produced" and "[i]f the document was itself a response, the document to which it

8  responded is also to be identified and produced."

9        Plaintiff intends to produce electronically stored information in a reasonably usable form.

10       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

11  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

12  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

13  possession, custody, or control; and/or that is or should be available to Defendant and more

14  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

15       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

16  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

17  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

18  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

19  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

20  Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

21  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

22  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

23  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

24  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

25  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

26  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

27  discovery not limited to the relevant time period regarding the facts at issue in this litigation.

28

1  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

2  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

3      Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

4  full response until after further discovery is conducted.

5      Subject to and without waiver of these objections and Plaintiff's General Objections,

6  Plaintiff responds as follows:

7      The Court has not yet entered a scheduling order in this case; the Court has not set a date

8  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

9  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

10  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

11  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

12  extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

13  appropriate and, as discovery proceeds, will produce, before the close of discovery in

14  accordance with any scheduling order that the Court will issue in this case, responsive and

15  relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

16  possession, custody and control, are reasonably accessible, and are located from Plaintiff's

17  reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

18  meet and confer regarding the scope of this Request.

19  **REQUEST FOR PRODUCTION NO. 108:**

20      All DOCUMENTS that EVIDENCE the allegations in paragraphs 203-205 of the

21  COMPLAINT that "on September 28, 2021, Defendants Unlawfully Terminated Plaintiff."

22  **RESPONSE TO REQUEST FOR PRODUCTION 108:**

23      In addition to the foregoing General Objections, each of which is specifically

24  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

25  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

26  calculated to lead to the discovery of admissible evidence and that is not proportional to the

27

28

1   needs of this case, and as seeking discovery outside the permissible scope under the Federal

2   Rules and/or other applicable law.

3   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

4   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

5   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

6   duplicative of discovery sought in other Requests, including Requests regarding discrimination,

7   retaliation, and defamation. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ.

8   P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P.

9   26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and

10  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

11  Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or

12  duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

13  DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or

14  relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates

15  or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1);

16  Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

17  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

18  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

19  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

20  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

21  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

22  production of electronically stored information, to the extent this Request seeks "[a]ll"

23  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

24  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P.

25  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

26  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

27  objects to this Request to the extent it seeks production of electronically stored information

28

exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll"

1   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of
2   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably
3   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.
4   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.
5   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically
6   stored information from sources that are not reasonably accessible because of undue burden or
7   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," 
8   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"
9   and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the
10  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are
11  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.
12  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects
13  to this Request to the extent it seeks production of electronically stored information in more than
14  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.
15  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff
16  objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent
17  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or
18  graphic material, however produced or reproduced and all other tangible objects, including, but
19  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six
20  specified means] or other means" "and all drafts and summaries thereof" "and any
21  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule
22  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be
23  produced" where "a document was prepared and several copies were made or if additional
24  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production
25  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they
26  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-
27  defendants' possession, custody, or control; and/or are or should be available to Defendant and

28

more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

1   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

2   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

3   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

4   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

5   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

6   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

7          Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

8   full response until after further discovery is conducted.

9          Subject to and without waiver of these objections and Plaintiff's General Objections,

10  Plaintiff responds as follows:

11         The Court has not yet entered a scheduling order in this case; the Court has not set a date

12  for the close of discovery.   Plaintiff's reasonable investigation and reasonable search for

13  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

14  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

15  Request as this action and discovery proceed.   Subject to the foregoing objections and to the

16  extent consistent with the same, Plaintiff states that she has produced material responsive to this

17  Request and states that she will conduct a reasonable search for documents as appropriate and,

18  as discovery proceeds, will produce, before the close of discovery in accordance with any

19  scheduling order that the Court will issue in this case, responsive and relevant documents that

20  are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and

21  control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the

22  extent any such documents exist.   Plaintiff states that she is willing to meet and confer regarding

23  the scope of this Request.

24  **REQUEST FOR PRODUCTION NO. 109:**

25         All  DOCUMENTS  that  EVIDENCE  the  allegations  in  paragraphs  206-207  of  the

26  COMPLAINT that "Plaintiff Was Informed for the First Time of the Alleged Deficiencies in

27  Her Work After She Was Fired."

28

1   **RESPONSE TO REQUEST FOR PRODUCTION 109:**

2   In addition to the foregoing General Objections, each of which is specifically

3   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

4   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

5   calculated to lead to the discovery of admissible evidence and that is not proportional to the

6   needs of this case, and as seeking discovery outside the permissible scope under the Federal

7   Rules and/or other applicable law.

8   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

9   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

10  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

11  duplicative of discovery sought in other Requests, including Requests regarding discrimination,

12  retaliation, and defamation.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ.

13  P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P.

14  26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and

15  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

16  Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or

17  duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

18  DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or

19  relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates

20  or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1);

21  Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

22  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

23  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

24  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

25  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

26  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

27  production of electronically stored information, to the extent this Request seeks "[a]ll"

28

"DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

1  defendants' possession, custody, or control; and/or that is or should be available to Defendant

2  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

3  expense.  Plaintiff further objects to this Request because it seeks production of electronically

4  stored information, including seeking discovery of duplicative and/or cumulative electronically

5  stored information, including without limitation to the extent this Request seeks "[a]ll"

6  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

7  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

8  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

9  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

10  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

11  stored information from sources that are not reasonably accessible because of undue burden or

12  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

13  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

14  and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

15  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

16  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

17  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

18  to this Request to the extent it seeks production of electronically stored information in more than

19  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

20  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

21  objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

22  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

23  graphic material, however produced or reproduced and all other tangible objects, including, but

24  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

25  specified means] or other means" "and all drafts and summaries thereof" "and any

26  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

27  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

28

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she has produced material responsive to this Request and states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the

1    extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding

2    the scope of this Request.

3    **REQUEST FOR PRODUCTION NO. 110:**

4         All DOCUMENTS that EVIDENCE the allegations in paragraphs 208-218 of the

5    COMPLAINT that "Plaintiff's 'Evaluations' Contained Inconsistent Statements, Intentionally

6    Omitted Material Information and Context, and Exhibited Clear Coordination".

7    **RESPONSE TO REQUEST FOR PRODUCTION 110:**

8         In addition to the foregoing General Objections, each of which is specifically

9    incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

10   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

11   calculated to lead to the discovery of admissible evidence and that is not proportional to the

12   needs of this case, and as seeking discovery outside the permissible scope under the Federal

13   Rules and/or other applicable law.

14        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

15   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

16   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

17   duplicative of discovery sought in other Requests, including Requests regarding discrimination,

18   retaliation, and defamation.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ.

19   P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P.

20   26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and

21   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

22   Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or

23   duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

24   DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or

25   relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates

26   or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1);

27

28

Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession,

custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

1   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

2   possession, custody, or control; and/or that is or should be available to Defendant and more

3   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

4       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

6   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

7   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

8   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

9   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

10  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

11  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

12  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

13  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

14  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

15  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

16  discovery not limited to the relevant time period regarding the facts at issue in this litigation.

17  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

18  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

19      Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

20  full response until after further discovery is conducted.

21      Subject to and without waiver of these objections and Plaintiff's General Objections,

22  Plaintiff responds as follows:

23      The Court has not yet entered a scheduling order in this case; the Court has not set a date

24  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

25  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

26  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

27  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

28

extent consistent with the same, Plaintiff states that she has produced material responsive to this Request and states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 111:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 215 of the COMPLAINT that "Male Non-Share Partner Y told Plaintiff that Defendants had directed him (Male Non-Share Partner Y) to criticize Plaintiff in his 'evaluation' of her".

**RESPONSE TO REQUEST FOR PRODUCTION 111:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding discrimination, retaliation, and defamation.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

1  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

2  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

3  to this Request to the extent it seeks production of electronically stored information in more than

4  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

5  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

6  objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

7  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

8  graphic material, however produced or reproduced and all other tangible objects, including, but

9  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

10  specified means] or other means" "and all drafts and summaries thereof" "and any

11  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

12  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

13  produced" where "a document was prepared and several copies were made or if additional

14  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

15  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

16  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

17  defendants' possession, custody, or control; and/or are or should be available to Defendant and

18  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

19  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

20  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

21  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

22  including because the sought discovery is should be in Kirkland's or its co-defendants'

23  possession, custody, or control, the importance of the discovery sought from Plaintiff in

24  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

25  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

26  overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

27  of the case, and a seeking discovery outside the scope of discovery permitted or required under

28

the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be

1  identified and produced" and "[i]f the document was itself a response, the document to which it

2  responded is also to be identified and produced."

3        Plaintiff intends to produce electronically stored information in a reasonably usable form.

4        Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

6  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

7  possession, custody, or control; and/or that is or should be available to Defendant and more

8  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9        Plaintiff further objects to this Request as overly broad, unduly burdensome, and

10  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

11  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

12  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

13  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

14  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

15  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

16  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

17  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

18  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

19  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

20  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

21  discovery not limited to the relevant time period regarding the facts at issue in this litigation.

22  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

23  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

24        Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

25  full response until after further discovery is conducted.

26        Subject to and without waiver of these objections and Plaintiff's General Objections,

27  Plaintiff responds as follows:

28

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 112:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 221 of the COMPLAINT that "All of the statements by Defendants in the summary of Plaintiff's 'review' are either statements of fact or statements of opinion implying an underlying basis in fact. All of the statements are false. For any and all purported statements of opinion, the underlying factual basis is false. Defendants' 'evaluations'—individually and collectively—are defamatory because they are each without basis, indisputably contradict the truth, and directly denigrate Plaintiff's professional skills and acumen. The gravity, magnitude, and extent of the lies regarding Plaintiff's professional abilities and acumen and Defendants' coordination show that Defendants made the defamatory statements with malice, i.e., with knowledge or reckless disregard of their falsity. Defendants' publication was malicious, intentional, willful and done with callous disregard for the foreseeable injury and damage to Plaintiff's professional career, reputation, and livelihood and to foreseeable collateral damage to third parties who are close with Plaintiff."

**RESPONSE TO REQUEST FOR PRODUCTION 112:**

1    In addition to the foregoing General Objections, each of which is specifically

2 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

3 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

4 calculated to lead to the discovery of admissible evidence and that is not proportional to the

5 needs of this case, and as seeking discovery outside the permissible scope under the Federal

6 Rules and/or other applicable law.

7    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

8 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

9 and/or other applicable law to the extent this Request seeks discovery that is cumulative or

10 duplicative of discovery sought in other Requests, including Requests regarding discrimination,

11 retaliation, and defamation.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ.

12 P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P.

13 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and

14 oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

15 Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or

16 duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

17 DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or

18 relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates

19 or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1);

20 Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

21 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

22    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

23 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

24 and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

25 the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

26 production of electronically stored information, to the extent this Request seeks "[a]ll"

27 "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

28

"DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant

1    and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

2    expense.  Plaintiff further objects to this Request because it seeks production of electronically

3    stored information, including seeking discovery of duplicative and/or cumulative electronically

4    stored information, including without limitation to the extent this Request seeks "[a]ll"

5    "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

6    "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

7    accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

8    26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

9    34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

10   stored information from sources that are not reasonably accessible because of undue burden or

11   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

12   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

13   and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

14   extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

15   not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

16   Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

17   to this Request to the extent it seeks production of electronically stored information in more than

18   one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

19   R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

20   objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

21   "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

22   graphic material, however produced or reproduced and all other tangible objects, including, but

23   not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

24   specified means] or other means" "and all drafts and summaries thereof" "and any

25   DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

26   1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

27   produced" where "a document was prepared and several copies were made or if additional

28

1  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production
2  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they
3  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-
4  defendants' possession, custody, or control; and/or are or should be available to Defendant and
5  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
6  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not
7  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources
8  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,
9  including because the sought discovery is should be in Kirkland's or its co-defendants'
10 possession, custody, or control, the importance of the discovery sought from Plaintiff in
11 resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs
12 its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,
13 overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs
14 of the case, and a seeking discovery outside the scope of discovery permitted or required under
15 the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll
16 DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require
17 Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
18 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).
19 Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,
20 oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and
21 and a seeking discovery outside the scope of discovery permitted under the Federal Rules of
22 Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to
23 the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,
24 recorded or graphic material, however produced or reproduced and all other tangible objects,
25 including, but not limited to," 76 enumerated categories, in addition to "all other data whether
26 recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and
27 any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

28

Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

1   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

2   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

3   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

4   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

5   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

6   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

7   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

8   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

9   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

10  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

11      Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

12  full response until after further discovery is conducted.

13      Plaintiff further objects to this Request to the extent it requires a legal conclusion,

14  assessment, or determination, which will be adjudicated only by a judge and/or jury.

15      Subject to and without waiver of these objections and Plaintiff's General Objections,

16  Plaintiff responds as follows:

17      The Court has not yet entered a scheduling order in this case; the Court has not set a date

18  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

19  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

20  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

21  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

22  extent consistent with the same, Plaintiff states that she has produced material responsive to this

23  Request and states that she will conduct a reasonable search for documents as appropriate and,

24  as discovery proceeds, will produce, before the close of discovery in accordance with any

25  scheduling order that the Court will issue in this case, responsive and relevant documents that

26  are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and

27  control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the

28

1  extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding

2  the scope of this Request.

3  **REQUEST FOR PRODUCTION NO. 113:**

4      All DOCUMENTS that EVIDENCE the allegation in paragraph 221 of the

5  COMPLAINT that "Defendants' defamation of Plaintiff caused and has continued to cause

6  Plaintiff severe emotional, psychological, and physical harm and injury."

7  **RESPONSE TO REQUEST FOR PRODUCTION 113:**

8      In addition to the foregoing General Objections, each of which is specifically

9  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

10 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

11 calculated to lead to the discovery of admissible evidence and that is not proportional to the

12 needs of this case, and as seeking discovery outside the permissible scope under the Federal

13 Rules and/or other applicable law.

14     Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

15 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

16 and/or other applicable law to the extent this Request seeks discovery that is cumulative or

17 duplicative of discovery sought in other Requests, including Requests regarding defamation,

18 discrimination, retaliation, and damages.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*,

19 Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R.

20 Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome,

21 and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

22 of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative

23 and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and

24 "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates

25 or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and

26 incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed.

27

28

R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession,

custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.   Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

1   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

2   possession, custody, or control; and/or that is or should be available to Defendant and more

3   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

4         Plaintiff objects to this Request as seeking discovery outside the scope permitted under

5   the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

6   privileged and/or otherwise protected, including without limitation by attorney-client privilege,

7   psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

8   Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

9   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

10  Plaintiff also objects to this Request to the extent it seeks information that is protected by the

11  attorney-client privilege, that constitutes attorney work product, or that is protected by any other

12  applicable privilege or protection, including without limitation the psychotherapist-patient

13  privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as

14  overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

15  cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as

16  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

17  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

18  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

19  agreement among the parties. The Court has not yet entered a scheduling order in this case.

20        Plaintiff further objects to this Request as overly broad, unduly burdensome, and

21  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

22  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

23  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

24  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

25  Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

26  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

27  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

28

1    oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

2    Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

3    "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

4    "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

5    seeks discovery not limited to the relevant time period regarding the facts at issue in this

6    litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

7    26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

8         Plaintiff further objects to this Request as premature to the extent Plaintiff cannot

9    provide a full response until after further discovery is conducted.

10        Plaintiff further objects to this Request to the extent it requires a legal conclusion,

11   assessment, or determination, which will be adjudicated only by a judge and/or jury.

12        Subject to and without waiver of these objections and Plaintiff's General Objections,

13   Plaintiff responds as follows:

14        The Court has not yet entered a scheduling order in this case; the Court has not set a date

15   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

16   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

17   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

18   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

19   extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

20   documents as appropriate and, as discovery proceeds, will produce, before the close of

21   discovery in accordance with any scheduling order that the Court will issue in this case,

22   responsive and relevant documents that are neither privileged nor otherwise protected, are

23   within Plaintiff's possession, custody and control, are reasonably accessible, and are located

24   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

25   she is willing to meet and confer regarding the scope of this Request.

26   **REQUEST FOR PRODUCTION NO. 114:**

27

28

1   All DOCUMENTS that EVIDENCE the allegation in paragraph 221 of the
2   COMPLAINT that "[t]he purpose of Defendants' 'evaluations' of Plaintiff was not to serve as a
3   management tool for evaluation and documentation of Plaintiff's performance"; and that "the
4   exclusive purpose of the 'evaluations' was to provide a vehicle to publish defamatory statements
5   of fact about Plaintiff to harm Plaintiff's professional reputation and standing and to effectuate
6   Defendants' unlawful termination of Plaintiff".

7   **RESPONSE TO REQUEST FOR PRODUCTION 114:**

8   In addition to the foregoing General Objections, each of which is specifically
9   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
10  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
11  calculated to lead to the discovery of admissible evidence and that is not proportional to the
12  needs of this case, and as seeking discovery outside the permissible scope under the Federal
13  Rules and/or other applicable law.

14  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
15  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
16  and/or other applicable law to the extent this Request seeks discovery that is cumulative or
17  duplicative of discovery sought in other Requests, including Requests regarding discrimination,
18  retaliation, and defamation. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ.
19  P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).
20  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and
21  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
22  and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to
23  the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
24  DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or
25  relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates
26  or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1);

27

28

1   Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

2   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

3          Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

4   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

5   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

6   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

7   production of electronically stored information, to the extent this Request seeks "[a]ll"

8   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

9   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

10  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

11  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

12  objects to this Request to the extent it seeks production of electronically stored information

13  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

14  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

15  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

16  it seeks production of electronically stored information that is unreasonably cumulative or

17  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

18  seeks production of electronically stored information that is or can be obtained from some other

19  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

20  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

21  production of electronically stored information that exceeds the scope of discovery permitted by

22  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

23  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

24  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

25  considering the importance of the issues at stake in the action, the amount in controversy, the

26  parties' relative access to relevant information, including Kirkland's access to relevant

27  information because relevant information sought is or should be in Kirkland's possession,

28

custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature to the extent Plaintiff cannot provide a full response until after further discovery is conducted.  Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

1  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
2  Request as this action and discovery proceed.  Subject to the foregoing objections and to the
3  extent consistent with the same, Plaintiff states that she has produced material responsive to this
4  Request and states that she will conduct a reasonable search for documents as appropriate and,
5  as discovery proceeds, will produce, before the close of discovery in accordance with any
6  scheduling order that the Court will issue in this case, responsive and relevant documents that
7  are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and
8  control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the
9  extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding
10  the scope of this Request.

11  **REQUEST FOR PRODUCTION NO. 115:**

12  All DOCUMENTS that EVIDENCE the allegation in paragraph 222 of the
13  COMPLAINT that Defendants' defamatory "evaluations" were published to and considered by
14  at least around 118 individuals, including those on the IP Litigation ARC, Firmwide ARC,
15  Associate and Non-Share Partner Compensation Committee, and Firm Committee, which
16  collectively include numerous prominent, highly successful IP litigators. Per Kirkland's official
17  video regarding the 2021 Associate Review Process, Nicole Greenblatt, co-chair of the
18  Firmwide ARC, stated that the IP Litigation ARC met to "consider" each IP litigation
19  associate's rating and evaluations. Mr. Deoras told Plaintiff during her firing meeting that the IP
20  Litigation ARC listened to each associate's evaluations.

21  **RESPONSE TO REQUEST FOR PRODUCTION 115:**

22  In addition to the foregoing General Objections, each of which is specifically
23  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
24  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
25  calculated to lead to the discovery of admissible evidence and that is not proportional to the
26  needs of this case, and as seeking discovery outside the permissible scope under the Federal
27  Rules and/or other applicable law.

28

1      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

2   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

3   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

4   duplicative of discovery sought in other Requests, including Requests regarding discrimination,

5   retaliation, and defamation. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ.

6   P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).

7   Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and

8   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

9   and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to

10  the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

11  DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or

12  relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates

13  or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1);

14  Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

15  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

16      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

17  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

18  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

19  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

20  production of electronically stored information, to the extent this Request seeks "[a]ll"

21  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

22  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P.

23  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

24  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

25  objects to this Request to the extent it seeks production of electronically stored information

26  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

27  other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

28

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

"YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

1  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks
2  discovery not limited to the relevant time period regarding the facts at issue in this litigation.
3  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.
4  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

5       Plaintiff further objects to this Request as premature to the extent Plaintiff cannot
6  provide a full response until after further discovery is conducted.  Plaintiff further objects to this
7  Request to the extent it requires a legal conclusion, assessment, or determination, which will be
8  adjudicated only by a judge and/or jury.

9       Subject to and without waiver of these objections and Plaintiff's General Objections,
10 Plaintiff responds as follows:

11      The Court has not yet entered a scheduling order in this case; the Court has not set a date
12 for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
13 responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
14 and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
15 Request as this action and discovery proceed.  Subject to the foregoing objections and to the
16 extent consistent with the same, Plaintiff states that she will conduct a reasonable search for
17 documents as appropriate and, as discovery proceeds, will produce, before the close of
18 discovery in accordance with any scheduling order that the Court will issue in this case,
19 responsive and relevant documents that are neither privileged nor otherwise protected, are
20 within Plaintiff's possession, custody and control, are reasonably accessible, and are located
21 from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that
22 she is willing to meet and confer regarding the scope of this Request.

23 **REQUEST FOR PRODUCTION NO. 116:**

24      All DOCUMENTS that EVIDENCE the allegation in paragraph 223 of the
25 COMPLAINT that "some if not all of Defendants' statements contained in Defendants'
26 'evaluations' of Plaintiff were published to third parties outside of Kirkland by Defendants
27 and/or their agents".

28

**RESPONSE TO REQUEST FOR PRODUCTION 116:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding discrimination, retaliation, and defamation. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll"

1  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

2  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

3  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

4  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

5  objects to this Request to the extent it seeks production of electronically stored information

6  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

7  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

8  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

9  it seeks production of electronically stored information that is unreasonably cumulative or

10  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

11  seeks production of electronically stored information that is or can be obtained from some other

12  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

13  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

14  production of electronically stored information that exceeds the scope of discovery permitted by

15  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

16  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

17  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

18  considering the importance of the issues at stake in the action, the amount in controversy, the

19  parties' relative access to relevant information, including Kirkland's access to relevant

20  information because relevant information sought is or should be in Kirkland's possession,

21  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

22  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

23  the at most de minimis importance of cumulative and duplicative discovery requested ad

24  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

25  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

26  this Request to the extent it seeks production of electronically stored information that is not in

27  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

28

PL.'S OBJECS. & RESPS. TO KIRKLAND'S          704          NO. 4:22-CV-05990-HSG (TSH)
1ST SET OF REQS. FOR PRODUC.

defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.   Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.   *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

1 any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

2 Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

3 produced" where "a document was prepared and several copies were made or if additional

4 copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

5 description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

6 transmittal in any manner or received by any means by YOU" and/or "[w]herever such

7 DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

8 "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

9 behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

10 partnership, proprietorship, association, joint venture, other form of organization or arrangement,

11 and government and government agency of every nature or type"; and/or to the extent this

12 Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

13 DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

14 envelopes, explanatory notes or memoranda, and any other material that accompanied the

15 document(s)" and "[i]f the specific document elicited a response, that response is also to be

16 identified and produced" and "[i]f the document was itself a response, the document to which it

17 responded is also to be identified and produced."

18      Plaintiff intends to produce electronically stored information in a reasonably usable form.

19      Plaintiff further objects to this Request as overly broad, unduly burdensome, and

20 oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

21 outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

22 possession, custody, or control; and/or that is or should be available to Defendant and more

23 readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

24      Plaintiff further objects to this Request as overly broad, unduly burdensome, and

25 oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

26 DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

27 Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

28

to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted. Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located

1  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

2  she is willing to meet and confer regarding the scope of this Request.

3  **REQUEST FOR PRODUCTION NO. 117:**

4       All DOCUMENTS that EVIDENCE the allegation in paragraph 224 of the

5  COMPLAINT that "Plaintiff has been unable to obtain even a single interview at any

6  comparable or even close to comparable law firms".

7  **RESPONSE TO REQUEST FOR PRODUCTION 117:**

8       In addition to the foregoing General Objections, each of which is specifically

9  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

10 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

11 calculated to lead to the discovery of admissible evidence and that is not proportional to the

12 needs of this case, and as seeking discovery outside the permissible scope under the Federal

13 Rules and/or other applicable law.

14      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

15 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

16 and/or other applicable law to the extent this Request seeks discovery that is cumulative or

17 duplicative of discovery sought in other Requests, including Requests regarding defamation,

18 discrimination, retaliation, and damages.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*,

19 Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R.

20 Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome,

21 and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

22 of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative

23 and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and

24 "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates

25 or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and

26 incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed.

27

28

1   R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

2   Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

3           Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

4   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

5   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

6   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

7   production of electronically stored information, to the extent this Request seeks "[a]ll"

8   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

9   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.

10  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

11  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

12  objects to this Request to the extent it seeks production of electronically stored information

13  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

14  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

15  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

16  it seeks production of electronically stored information that is unreasonably cumulative or

17  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

18  seeks production of electronically stored information that is or can be obtained from some other

19  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

20  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

21  production of electronically stored information that exceeds the scope of discovery permitted by

22  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

23  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

24  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

25  considering the importance of the issues at stake in the action, the amount in controversy, the

26  parties' relative access to relevant information, including Kirkland's access to relevant

27  information because relevant information sought is or should be in Kirkland's possession,

28

custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

1   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
2   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
3   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
4   "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request
5   seeks discovery not limited to the relevant time period regarding the facts at issue in this
6   litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.
7   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

8       Plaintiff further objects to this Request as premature to the extent Plaintiff cannot
9   provide a full response until after further discovery is conducted.

10      Plaintiff further objects to this Request to the extent it requires a legal conclusion,
11  assessment, or determination, which will be adjudicated only by a judge and/or jury.

12      Subject to and without waiver of these objections and Plaintiff's General Objections,
13  Plaintiff responds as follows:

14      The Court has not yet entered a scheduling order in this case; the Court has not set a date
15  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
16  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
17  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
18  Request as this action and discovery proceed.  Subject to the foregoing objections and to the
19  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for
20  documents as appropriate and, as discovery proceeds, will produce, before the close of
21  discovery in accordance with any scheduling order that the Court will issue in this case,
22  responsive and relevant documents that are neither privileged nor otherwise protected, are
23  within Plaintiff's possession, custody and control, are reasonably accessible, and are located
24  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that
25  she is willing to meet and confer regarding the scope of this Request.

26  **REQUEST FOR PRODUCTION NO. 118:**

27

28

1    All DOCUMENTS that EVIDENCE the allegation in paragraph 225 of the

2    COMPLAINT that "On information and belief, the defamatory 'evaluations' were published to

3    ALAS personnel and to member firms."

4    **RESPONSE TO REQUEST FOR PRODUCTION 118:**

5    In addition to the foregoing General Objections, each of which is specifically

6    incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

7    unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

8    calculated to lead to the discovery of admissible evidence and that is not proportional to the

9    needs of this case, and as seeking discovery outside the permissible scope under the Federal

10   Rules and/or other applicable law.

11   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

12   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

13   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

14   duplicative of discovery sought in other Requests, including Requests regarding discrimination,

15   retaliation, and defamation.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ.

16   P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).

17   Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and

18   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

19   and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to

20   the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

21   DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or

22   relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates

23   or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1);

24   Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

25   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

26   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

27   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

28

1   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

2   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

3   production of electronically stored information, to the extent this Request seeks "[a]ll"

4   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

5   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P.

6   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

7   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).   Plaintiff

8   objects to this Request to the extent it seeks production of electronically stored information

9   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

10  other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

11  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).   Plaintiff objects to this Request to the extent

12  it seeks production of electronically stored information that is unreasonably cumulative or

13  duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).   Plaintiff objects to this Request to the extent it

14  seeks production of electronically stored information that is or can be obtained from some other

15  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

16  Defendants.   Fed. R. Civ. P. 26(b)(2)(C)(i).   Plaintiff objects to this Request because it seeks

17  production of electronically stored information that exceeds the scope of discovery permitted by

18  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

19  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

20  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

21  considering the importance of the issues at stake in the action, the amount in controversy, the

22  parties' relative access to relevant information, including Kirkland's access to relevant

23  information because relevant information sought is or should be in Kirkland's possession,

24  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

25  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

26  the at most de minimis importance of cumulative and duplicative discovery requested ad

27  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

28

likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted. Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 119:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 230 of the COMPLAINT that "During Plaintiff's October 4, 2021 call with Ms. Zbesko, she told Plaintiff that Kirkland's chief HR officer, Wendy Cartland, would contact Plaintiff regarding her claims against the Firm either that evening or the next day, October 5, 2021. Defendants delayed contacting Plaintiff."

**RESPONSE TO REQUEST FOR PRODUCTION 119:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is

1   cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"

2   "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative

3   complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of

4   "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

5   26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

6   P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

7          Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

8   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

9   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

10  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

11  production of electronically stored information, to the extent this Request seeks "[a]ll"

12  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

13  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

14  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

15  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

16  objects to this Request to the extent it seeks production of electronically stored information

17  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

18  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

19  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

20  it seeks production of electronically stored information that is unreasonably cumulative or

21  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

22  seeks production of electronically stored information that is or can be obtained from some other

23  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

24  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

25  production of electronically stored information that exceeds the scope of discovery permitted by

26  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

27  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

28

1   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

2   considering the importance of the issues at stake in the action, the amount in controversy, the

3   parties' relative access to relevant information, including Kirkland's access to relevant

4   information because relevant information sought is or should be in Kirkland's possession,

5   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

6   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

7   the at most de minimis importance of cumulative and duplicative discovery requested ad

8   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

9   likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

10  this Request to the extent it seeks production of electronically stored information that is not in

11  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

12  defendants' possession, custody, or control; and/or that is or should be available to Defendant

13  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

14  expense.  Plaintiff further objects to this Request because it seeks production of electronically

15  stored information, including seeking discovery of duplicative and/or cumulative electronically

16  stored information, including without limitation to the extent this Request seeks "[a]ll"

17  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

18  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

19  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

20  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

21  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

22  stored information from sources that are not reasonably accessible because of undue burden or

23  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

24  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

25  and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

26  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

27  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

28

Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be

1    identified and produced" and "[i]f the document was itself a response, the document to which it

2    responded is also to be identified and produced."

3          Plaintiff intends to produce electronically stored information in a reasonably usable form.

4          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

6    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

7    possession, custody, or control; and/or that is or should be available to Defendant and more

8    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

10   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

11   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

12   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

13   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

14   Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

15   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

16   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

17   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

18   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

19   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

20   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

21   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

22   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

23   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

24          Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

25   full response until after further discovery is conducted.

26          Subject to and without waiver of these objections and Plaintiff's General Objections,

27   Plaintiff responds as follows:

28

1    The Court has not yet entered a scheduling order in this case; the Court has not set a date

2  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

3  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

4  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

5  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

6  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

7  documents as appropriate and, as discovery proceeds, will produce, before the close of

8  discovery in accordance with any scheduling order that the Court will issue in this case,

9  responsive and relevant documents that are neither privileged nor otherwise protected, are

10  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

11  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

12  she is willing to meet and confer regarding the scope of this Request.  Plaintiff states that the

13  aforementioned comment was made verbally.

14  **REQUEST FOR PRODUCTION NO. 120:**

15    All DOCUMENTS that EVIDENCE the allegations in paragraphs 231-232 of the

16  COMPLAINT regarding the alleged November 5, 2021 meeting with Plaintiff, a third party, Ms.

17  Cartland, and Kirkland's assistant general counsel, Sarah Herlihy.

18  **RESPONSE TO REQUEST FOR PRODUCTION 120:**

19    In addition to the foregoing General Objections, each of which is specifically

20  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

21  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

22  calculated to lead to the discovery of admissible evidence and that is not proportional to the

23  needs of this case, and as seeking discovery outside the permissible scope under the Federal

24  Rules and/or other applicable law.

25    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

26  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

27  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

28

duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants'

possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement,

1    and government and government agency of every nature or type"; and/or to the extent this

2    Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

3    DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

4    envelopes, explanatory notes or memoranda, and any other material that accompanied the

5    document(s)" and "[i]f the specific document elicited a response, that response is also to be

6    identified and produced" and "[i]f the document was itself a response, the document to which it

7    responded is also to be identified and produced."

8           Plaintiff intends to produce electronically stored information in a reasonably usable form.

9           Plaintiff further objects to this Request as overly broad, unduly burdensome, and

10   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

11   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

12   possession, custody, or control; and/or that is or should be available to Defendant and more

13   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

14          Plaintiff objects to this Request as seeking discovery outside the scope permitted under

15   the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

16   privileged and/or otherwise protected, including without limitation by attorney-client privilege,

17   psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

18   Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

19   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

20   Plaintiff also objects to this Request to the extent it seeks information that is protected by the

21   attorney-client privilege, that constitutes attorney work product, or that is protected by any other

22   applicable privilege or protection, including without limitation the psychotherapist-patient

23   privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

24   overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

25   cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

26   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

27   opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

28

1   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

2   agreement among the parties.  The Court has not yet entered a scheduling order in this case.

3   Plaintiff further objects to this Request as overly broad, unduly burdensome, and

4   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

5   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

6   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

7   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

8   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

9   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

10  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

11  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

12  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

13  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

14  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

15  seeks discovery not limited to the relevant time period regarding the facts at issue in this

16  litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

17  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

18  Plaintiff further objects to this Request as premature to the extent Plaintiff cannot

19  provide a full response until after further discovery is conducted.

20  Plaintiff further objects to this Request to the extent it requires a legal conclusion,

21  assessment, or determination, which will be adjudicated only by a judge and/or jury.

22  Subject to and without waiver of these objections and Plaintiff's General Objections,

23  Plaintiff responds as follows:

24  The Court has not yet entered a scheduling order in this case; the Court has not set a date

25  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

26  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

27  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

28

1  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

2  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

3  documents as appropriate and, as discovery proceeds, will produce, before the close of

4  discovery in accordance with any scheduling order that the Court will issue in this case,

5  responsive and relevant documents that are neither privileged nor otherwise protected, are

6  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

7  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

8  she is willing to meet and confer regarding the scope of this Request.

9  **REQUEST FOR PRODUCTION NO. 121:**

10  All DOCUMENTS that EVIDENCE the allegations in paragraph 233 of the

11  COMPLAINT that "Plaintiff applied in November 2021 for unemployment benefits with the

12  D.C. Office of Employment Services ("DOES")"; that "after speaking to multiple DOES

13  employees, a claims examiner, and an adjudication specialist, DOES informed Plaintiff that her

14  receipt of benefits had been delayed because Kirkland had brazenly lied to DOES and said

15  Plaintiff never worked at the firm"; that "DOES further informed Plaintiff that Kirkland would

16  have to pay a penalty for lying"; and that "Plaintiff has still not received a very large portion of

17  the benefits to which she is entitled".

18  **RESPONSE TO REQUEST FOR PRODUCTION 121:**

19  In addition to the foregoing General Objections, each of which is specifically

20  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

21  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

22  calculated to lead to the discovery of admissible evidence and that is not proportional to the

23  needs of this case, and as seeking discovery outside the permissible scope under the Federal

24  Rules and/or other applicable law.

25  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

26  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

27  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

28

duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other

source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or

cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in

resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this

1   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested
2   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all
3   envelopes, explanatory notes or memoranda, and any other material that accompanied the
4   document(s)" and "[i]f the specific document elicited a response, that response is also to be
5   identified and produced" and "[i]f the document was itself a response, the document to which it
6   responded is also to be identified and produced."

7          Plaintiff intends to produce electronically stored information in a reasonably usable form.

8          Plaintiff further objects to this Request as overly broad, unduly burdensome, and
9   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
10  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
11  possession, custody, or control; and/or that is or should be available to Defendant and more
12  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

13         Plaintiff further objects to this Request as overly broad, unduly burdensome, and
14  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
15  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
16  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
17  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
18  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
19  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
20  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
21  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
22  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
23  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
24  "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks
25  discovery not limited to the relevant time period regarding the facts at issue in this litigation.
26  *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.
27  R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

28

1    Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

2    full response until after further discovery is conducted.

3    Subject to and without waiver of these objections and Plaintiff's General Objections,

4    Plaintiff responds as follows:

5    The Court has not yet entered a scheduling order in this case; the Court has not set a date

6    for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

7    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

8    and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

9    Request as this action and discovery proceed.  Subject to the foregoing objections and to the

10   extent consistent with the same, Plaintiff states that she has produced material responsive to this

11   Request and states that she will conduct a reasonable search for documents as appropriate and,

12   as discovery proceeds, will produce, before the close of discovery in accordance with any

13   scheduling order that the Court will issue in this case, responsive and relevant documents that

14   are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and

15   control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the

16   extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding

17   the scope of this Request.

18   **REQUEST FOR PRODUCTION NO. 122:**

19   All DOCUMENTS that EVIDENCE the allegations in paragraph 234 of the

20   COMPLAINT that "Kirkland deliberately failed to timely send Plaintiff her W-2 form for her

21   2021 tax return in advance of the filing deadline in further retaliation and in an effort to

22   prejudice Plaintiff"; and that "Kirkland did not send Plaintiff her W-2 until the evening of the

23   date taxes were due, requiring Plaintiff to request an extension from the IRS".

24   **RESPONSE TO REQUEST FOR PRODUCTION 122:**

25   In addition to the foregoing General Objections, each of which is specifically

26   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

27   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

28

calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information

1  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

2  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

3  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

4  it seeks production of electronically stored information that is unreasonably cumulative or

5  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

6  seeks production of electronically stored information that is or can be obtained from some other

7  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

8  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

9  production of electronically stored information that exceeds the scope of discovery permitted by

10  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

11  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

12  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

13  considering the importance of the issues at stake in the action, the amount in controversy, the

14  parties' relative access to relevant information, including Kirkland's access to relevant

15  information because relevant information sought is or should be in Kirkland's possession,

16  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

17  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

18  the at most de minimis importance of cumulative and duplicative discovery requested ad

19  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

20  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

21  this Request to the extent it seeks production of electronically stored information that is not in

22  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

23  defendants' possession, custody, or control; and/or that is or should be available to Defendant

24  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

25  expense.  Plaintiff further objects to this Request because it seeks production of electronically

26  stored information, including seeking discovery of duplicative and/or cumulative electronically

27  stored information, including without limitation to the extent this Request seeks "[a]ll"

28

"DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and

1    more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

2    expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

3    relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

4    and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

5    including because the sought discovery is should be in Kirkland's or its co-defendants'

6    possession, custody, or control, the importance of the discovery sought from Plaintiff in

7    resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

8    its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

9    overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

10   of the case, and a seeking discovery outside the scope of discovery permitted or required under

11   the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

12   DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

13   Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

14   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

15   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

16   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

17   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

18   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

19   the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

20   recorded or graphic material, however produced or reproduced and all other tangible objects,

21   including, but not limited to," 76 enumerated categories, in addition to "all other data whether

22   recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

23   any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

24   Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

25   produced" where "a document was prepared and several copies were made or if additional

26   copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

27   description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

28

1    transmittal in any manner or received by any means by YOU" and/or "[w]herever such

2    DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

3    "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

4    behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

5    partnership, proprietorship, association, joint venture, other form of organization or arrangement,

6    and government and government agency of every nature or type"; and/or to the extent this

7    Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

8    DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

9    envelopes, explanatory notes or memoranda, and any other material that accompanied the

10   document(s)" and "[i]f the specific document elicited a response, that response is also to be

11   identified and produced" and "[i]f the document was itself a response, the document to which it

12   responded is also to be identified and produced."

13       Plaintiff intends to produce electronically stored information in a reasonably usable form.

14       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

15   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

16   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

17   possession, custody, or control; and/or that is or should be available to Defendant and more

18   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

19       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

20   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

21   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

22   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

23   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

24   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

25   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

26   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

27   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

28

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

## REQUEST FOR PRODUCTION NO. 123:

All DOCUMENTS that EVIDENCE the allegations in paragraph 235 of the COMPLAINT that "[a]s a direct and proximate result of the acts and omissions of the Defendants, Plaintiff has suffered, and continues to suffer, emotional distress and psychological damage, as well as physical manifestations of the emotional distress and psychological

1  damage"; that "[t]his includes, but is not limited to: humiliation, mental anguish, stress, fear,
2  and depression"; and that "[t]he physical manifestations included but are not limited to: nausea,
3  vomiting, and migraines".

4  **RESPONSE TO REQUEST FOR PRODUCTION 123:**

5      In addition to the foregoing General Objections, each of which is specifically
6  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
7  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
8  calculated to lead to the discovery of admissible evidence and that is not proportional to the
9  needs of this case, and as seeking discovery outside the permissible scope under the Federal
10 Rules and/or other applicable law.

11      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
12 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
13 and/or other applicable law to the extent this Request seeks discovery that is cumulative or
14 duplicative of discovery sought in other Requests, including Requests regarding defamation,
15 discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*,
16 Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R.
17 Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome,
18 and oppressive and as seeking discovery outside the scope permissible under the Federal Rules
19 of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative
20 and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and
21 "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates
22 or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and
23 incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed.
24 R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
25 Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

26      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
27 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

28

and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

1   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

2   this Request to the extent it seeks production of electronically stored information that is not in

3   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

4   defendants' possession, custody, or control; and/or that is or should be available to Defendant

5   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

6   expense.  Plaintiff further objects to this Request because it seeks production of electronically

7   stored information, including seeking discovery of duplicative and/or cumulative electronically

8   stored information, including without limitation to the extent this Request seeks "[a]ll"

9   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

10   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

11   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

12   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

13   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

14   stored information from sources that are not reasonably accessible because of undue burden or

15   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

16   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

17   and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

18   the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that

19   are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.

20   R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff

21   objects to this Request to the extent it seeks production of electronically stored information in

22   more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*

23   *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

24   Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

25   "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

26   graphic material, however produced or reproduced and all other tangible objects, including, but

27   not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

28

1    specified means] or other means" "and all drafts and summaries thereof" "and any

2    DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

3    1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

4    produced" where "a document was prepared and several copies were made or if additional

5    copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

6    of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

7    are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

8    defendants' possession, custody, or control; and/or are or should be available to Defendant and

9    more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

10   expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

11   relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

12   and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

13   including because the sought discovery is should be in Kirkland's or its co-defendants'

14   possession, custody, or control, the importance of the discovery sought from Plaintiff in

15   resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

16   its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

17   overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

18   of the case, and a seeking discovery outside the scope of discovery permitted or required under

19   the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

20   DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

21   Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

22   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

23   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

24   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

25   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

26   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

27   the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

28

1    recorded or graphic material, however produced or reproduced and all other tangible objects,

2    including, but not limited to," 76 enumerated categories, in addition to "all other data whether

3    recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

4    any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

5    Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

6    produced" where "a document was prepared and several copies were made or if additional

7    copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

8    description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

9    transmittal in any manner or received by any means by YOU" and/or "[w]herever such

10   DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

11   "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

12   behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

13   partnership, proprietorship, association, joint venture, other form of organization or arrangement,

14   and government and government agency of every nature or type"; and/or to the extent this

15   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

16   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

17   envelopes, explanatory notes or memoranda, and any other material that accompanied the

18   document(s)" and "[i]f the specific document elicited a response, that response is also to be

19   identified and produced" and "[i]f the document was itself a response, the document to which it

20   responded is also to be identified and produced."

21          Plaintiff intends to produce electronically stored information in a reasonably usable form.

22          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

23   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

24   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

25   possession, custody, or control; and/or that is or should be available to Defendant and more

26   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

27

28

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

1  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

2  seeks discovery not limited to the relevant time period regarding the facts at issue in this

3  litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

4  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

5      Plaintiff further objects to this Request as premature to the extent Plaintiff cannot

6  provide a full response until after further discovery is conducted.  Plaintiff further objects to this

7  Request to the extent it requires a legal conclusion, assessment, or determination, which will be

8  adjudicated only by a judge and/or jury.

9      Subject to and without waiver of these objections and Plaintiff's General Objections,

10  Plaintiff responds as follows:

11      The Court has not yet entered a scheduling order in this case; the Court has not set a date

12  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

13  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

14  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

15  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

16  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

17  documents as appropriate and, as discovery proceeds, will produce, before the close of

18  discovery in accordance with any scheduling order that the Court will issue in this case,

19  responsive and relevant documents that are neither privileged nor otherwise protected, are

20  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

21  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

22  she is willing to meet and confer regarding the scope of this Request.

23  **REQUEST FOR PRODUCTION NO. 124:**

24      All DOCUMENTS that EVIDENCE the allegation in paragraph 236 of the

25  COMPLAINT that "Defendants' actions have also resulted in wage and benefit losses and are

26  expected to lead to additional economic loss in the future".

27  **RESPONSE TO REQUEST FOR PRODUCTION 124:**

28

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

"DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant

and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional

1  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

2  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

3  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

4  defendants' possession, custody, or control; and/or are or should be available to Defendant and

5  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

6  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

7  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

8  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

9  including because the sought discovery is should be in Kirkland's or its co-defendants'

10  possession, custody, or control, the importance of the discovery sought from Plaintiff in

11  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

12  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

13  overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

14  of the case, and a seeking discovery outside the scope of discovery permitted or required under

15  the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

16  DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

17  Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

18  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

19  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

20  oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

21  and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

22  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

23  the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

24  recorded or graphic material, however produced or reproduced and all other tangible objects,

25  including, but not limited to," 76 enumerated categories, in addition to "all other data whether

26  recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

27  any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

28

Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature to the extent Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 125:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 237 of the COMPLAINT that "Defendants' actions have disrupted Plaintiff's personal life, including requiring her to downsize and move far outside the city where she used to reside for years".

**RESPONSE TO REQUEST FOR PRODUCTION 125:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the

1   needs of this case, and as seeking discovery outside the permissible scope under the Federal
2   Rules and/or other applicable law.

3        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
4   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
5   and/or other applicable law to the extent this Request seeks discovery that is cumulative or
6   duplicative of discovery sought in other Requests, including Requests regarding defamation,
7   discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*,
8   Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.
9   Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome,
10  and oppressive and as seeking discovery outside the scope permissible under the Federal Rules
11  of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative
12  and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and
13  "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates
14  or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and
15  incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed.
16  R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
17  Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

18       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
19  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
20  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
21  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
22  production of electronically stored information, to the extent this Request seeks "[a]ll"
23  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
24  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R.
25  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
26  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff
27  objects to this Request to the extent it seeks production of electronically stored information

28

exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll"

"DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and

more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

1  transmittal in any manner or received by any means by YOU" and/or "[w]herever such

2  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

3  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

4  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

5  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

6  and government and government agency of every nature or type"; and/or to the extent this

7  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

8  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

9  envelopes, explanatory notes or memoranda, and any other material that accompanied the

10  document(s)" and "[i]f the specific document elicited a response, that response is also to be

11  identified and produced" and "[i]f the document was itself a response, the document to which it

12  responded is also to be identified and produced."

13      Plaintiff intends to produce electronically stored information in a reasonably usable form.

14      Plaintiff further objects to this Request as overly broad, unduly burdensome, and

15  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

16  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

17  possession, custody, or control; and/or that is or should be available to Defendant and more

18  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

19      Plaintiff objects to this Request as seeking discovery outside the scope permitted under

20  the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

21  privileged and/or otherwise protected, including without limitation by attorney-client privilege,

22  psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

23  Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

24  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

25  Plaintiff also objects to this Request to the extent it seeks information that is protected by the

26  attorney-client privilege, that constitutes attorney work product, or that is protected by any other

27  applicable privilege or protection, including without limitation the psychotherapist-patient

28

privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

1   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

2   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

3   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

4   extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

5   documents as appropriate and, as discovery proceeds, will produce, before the close of

6   discovery in accordance with any scheduling order that the Court will issue in this case,

7   responsive and relevant documents that are neither privileged nor otherwise protected, are

8   within Plaintiff's possession, custody and control, are reasonably accessible, and are located

9   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

10  she is willing to meet and confer regarding the scope of this Request.

11  **REQUEST FOR PRODUCTION NO. 126:**

12      All DOCUMENTS that EVIDENCE the allegations in paragraph 239 of the

13  COMPLAINT that "Defendants' acts and omissions were malicious or oppressive, and intended

14  to vex, injury, annoy, humiliate, and embarrass Plaintiff, all with conscious disregard of the

15  rights and safety of Plaintiff"; and that "Defendants', including without limitation Defendant

16  Kirkland's, managing agents ratified the wrongful conduct of its and other Defendants'

17  supervisors, principals, alter egos, joint ventures, employees, and/or agents, because they were

18  aware of discriminatory conduct, and failed to take immediate remedial action after Plaintiff's

19  April 29, 2021 reporting of Defendants' discriminatory, harassing, and oppressive conduct and

20  after Plaintiff's July 23, 2021 reporting of Defendants' discriminatory, harassing, retaliatory,

21  and oppressive conduct".

22  **RESPONSE TO REQUEST FOR PRODUCTION 126:**

23      In addition to the foregoing General Objections, each of which is specifically

24  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

25  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

26  calculated to lead to the discovery of admissible evidence and that is not proportional to the

27

28

1    needs of this case, and as seeking discovery outside the permissible scope under the Federal
2    Rules and/or other applicable law.

3        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
4    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
5    and/or other applicable law to the extent this Request seeks discovery that is cumulative or
6    duplicative of discovery sought in other Requests, including Requests regarding defamation,
7    discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*,
8    Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.
9    Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome,
10   and oppressive and as seeking discovery outside the scope permissible under the Federal Rules
11   of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative
12   and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and
13   "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates
14   or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and
15   incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed.
16   R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
17   Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

18       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
19   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
20   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
21   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
22   production of electronically stored information, to the extent this Request seeks "[a]ll"
23   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
24   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R.
25   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
26   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff
27   objects to this Request to the extent it seeks production of electronically stored information

28

exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll"

"DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and

more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient

privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature to the extent Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 127:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 240 of the COMPLAINT that "each of the individuals names as Defendants (Adam Alper, Michael De Vries, Akshay Deoras, Leslie Schmidt, and Mark Fahey…were owners of Kirkland and managed its operations".

**RESPONSE TO REQUEST FOR PRODUCTION 127:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

1    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
2    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
3    and/or other applicable law to the extent this Request seeks discovery that is cumulative or
4    duplicative of discovery sought in other Requests, including Requests regarding defamation,
5    discrimination, retaliation, and damages.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*,
6    Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R.
7    Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome,
8    and oppressive and as seeking discovery outside the scope permissible under the Federal Rules
9    of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative
10   and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and
11   "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates
12   or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and
13   incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed.
14   R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
15   Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

16   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
17   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
18   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
19   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
20   production of electronically stored information, to the extent this Request seeks "[a]ll"
21   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
22   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.
23   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
24   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff
25   objects to this Request to the extent it seeks production of electronically stored information
26   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or
27   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

28

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

1 accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

2 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

3 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

4 stored information from sources that are not reasonably accessible because of undue burden or

5 cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

6 incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

7 and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

8 the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that

9 are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.

10 R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff

11 objects to this Request to the extent it seeks production of electronically stored information in

12 more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*

13 *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

14 Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

15 "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

16 graphic material, however produced or reproduced and all other tangible objects, including, but

17 not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

18 specified means] or other means" "and all drafts and summaries thereof" "and any

19 DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

20 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

21 produced" where "a document was prepared and several copies were made or if additional

22 copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

23 of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

24 are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

25 defendants' possession, custody, or control; and/or are or should be available to Defendant and

26 more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

27 expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

28

relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

1  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

2  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

3  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

4  and government and government agency of every nature or type"; and/or to the extent this

5  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

6  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

7  envelopes, explanatory notes or memoranda, and any other material that accompanied the

8  document(s)" and "[i]f the specific document elicited a response, that response is also to be

9  identified and produced" and "[i]f the document was itself a response, the document to which it

10 responded is also to be identified and produced."

11       Plaintiff intends to produce electronically stored information in a reasonably usable form.

12       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

13 oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

14 outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

15 possession, custody, or control; and/or that is or should be available to Defendant and more

16 readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

17       Plaintiff objects to this Request as seeking discovery outside the scope permitted under

18 the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

19 privileged and/or otherwise protected, including without limitation by attorney-client privilege,

20 psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

21 Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

22 Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

23 Plaintiff also objects to this Request to the extent it seeks information that is protected by the

24 attorney-client privilege, that constitutes attorney work product, or that is protected by any other

25 applicable privilege or protection, including without limitation the psychotherapist-patient

26 privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

27 overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

28

1  cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

2  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

3  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

4  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

5  agreement among the parties.  The Court has not yet entered a scheduling order in this case.

6  Plaintiff further objects to this Request as overly broad, unduly burdensome, and

7  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

8  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

9  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

10  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

11  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

12  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

13  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

14  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

15  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

16  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

17  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

18  seeks discovery not limited to the relevant time period regarding the facts at issue in this

19  litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

20  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

21  Plaintiff further objects to this Request as premature to the extent Plaintiff cannot

22  provide a full response until after further discovery is conducted.

23  Plaintiff further objects to this Request to the extent it requires a legal conclusion,

24  assessment, or determination, which will be adjudicated only by a judge and/or jury.

25  Subject to and without waiver of these objections and Plaintiff's General Objections,

26  Plaintiff responds as follows:

27

28

1       The Court has not yet entered a scheduling order in this case; the Court has not set a date

2 for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

3 responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

4 and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

5 Request as this action and discovery proceed.  Subject to the foregoing objections and to the

6 extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

7 documents as appropriate and, as discovery proceeds, will produce, before the close of

8 discovery in accordance with any scheduling order that the Court will issue in this case,

9 responsive and relevant documents that are neither privileged nor otherwise protected, are

10 within Plaintiff's possession, custody and control, are reasonably accessible, and are located

11 from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

12 she is willing to meet and confer regarding the scope of this Request.

13 **REQUEST FOR PRODUCTION NO. 128:**

14       All DOCUMENTS that EVIDENCE the allegation in paragraph 242 of the

15 COMPLAINT that "[e]ach Owner/Officer Defendant deliberately formed such PCs (essentially

16 shell companies) to facilitate operation of the entire integrated enterprise, to the benefit of the

17 Owner/Officer Defendants and Kirkland".

18 **RESPONSE TO REQUEST FOR PRODUCTION 128:**

19       In addition to the foregoing General Objections, each of which is specifically

20 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

21 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

22 calculated to lead to the discovery of admissible evidence and that is not proportional to the

23 needs of this case, and as seeking discovery outside the permissible scope under the Federal

24 Rules and/or other applicable law.

25       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

26 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

27 and/or other applicable law to the extent this Request seeks discovery that is cumulative or

28

duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it

seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically

stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants'

possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement,

1   and government and government agency of every nature or type"; and/or to the extent this

2   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

3   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

4   envelopes, explanatory notes or memoranda, and any other material that accompanied the

5   document(s)" and "[i]f the specific document elicited a response, that response is also to be

6   identified and produced" and "[i]f the document was itself a response, the document to which it

7   responded is also to be identified and produced."

8          Plaintiff intends to produce electronically stored information in a reasonably usable form.

9          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

10  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

11  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

12  possession, custody, or control; and/or that is or should be available to Defendant and more

13  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

14         Plaintiff objects to this Request as seeking discovery outside the scope permitted under

15  the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

16  privileged and/or otherwise protected, including without limitation by attorney-client privilege,

17  psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

18  Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

19  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

20  Plaintiff also objects to this Request to the extent it seeks information that is protected by the

21  attorney-client privilege, that constitutes attorney work product, or that is protected by any other

22  applicable privilege or protection, including without limitation the psychotherapist-patient

23  privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

24  overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

25  cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

26  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

27  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

28

1    or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

2    agreement among the parties.  The Court has not yet entered a scheduling order in this case.

3           Plaintiff further objects to this Request as overly broad, unduly burdensome, and

4    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

5    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

6    Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

7    to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

8    Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

9    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

10   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

11   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

12   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

13   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

14   "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

15   seeks discovery not limited to the relevant time period regarding the facts at issue in this

16   litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

17   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

18          Plaintiff further objects to this Request as premature to the extent Plaintiff cannot

19   provide a full response until after further discovery is conducted.

20          Plaintiff further objects to this Request to the extent it requires a legal conclusion,

21   assessment, or determination, which will be adjudicated only by a judge and/or jury.

22          Subject to and without waiver of these objections and Plaintiff's General Objections,

23   Plaintiff responds as follows:

24          The Court has not yet entered a scheduling order in this case; the Court has not set a date

25   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

26   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

27   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

28

Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 129:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 243 of the COMPLAINT that "Kirkland and its co-Defendants were so related, e.g., with respect to the discriminatory, retaliatory, and harassing conduct, that they formed an integrated enterprise and should be treated as a single entity for purposes of liability".

**RESPONSE TO REQUEST FOR PRODUCTION 129:**

See General Objection No. 12. Subject to and without waiving this or any other applicable objection, Plaintiff states that she will produce all relevant, responsive, non-privileged documents in her possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 130:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 244 of the COMPLAINT that "the operations of the individual Defendants and PC Defendants were highly interrelated with the operations of Kirkland"

**RESPONSE TO REQUEST FOR PRODUCTION 130:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the

needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information

1    exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

2    other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

3    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

4    it seeks production of electronically stored information that is unreasonably cumulative or

5    duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

6    seeks production of electronically stored information that is or can be obtained from some other

7    source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

8    Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

9    production of electronically stored information that exceeds the scope of discovery permitted by

10   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

11   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

12   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

13   considering the importance of the issues at stake in the action, the amount in controversy, the

14   parties' relative access to relevant information, including Kirkland's access to relevant

15   information because relevant information sought is or should be in Kirkland's possession,

16   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

17   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

18   the at most de minimis importance of cumulative and duplicative discovery requested ad

19   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

20   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

21   this Request to the extent it seeks production of electronically stored information that is not in

22   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

23   defendants' possession, custody, or control; and/or that is or should be available to Defendant

24   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

25   expense.  Plaintiff further objects to this Request because it seeks production of electronically

26   stored information, including seeking discovery of duplicative and/or cumulative electronically

27   stored information, including without limitation to the extent this Request seeks "[a]ll"

28

"DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and

1    more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
2    expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not
3    relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources
4    and Kirkland's virtually limitless resources, the parties' relative access to relevant information,
5    including because the sought discovery is should be in Kirkland's or its co-defendants'
6    possession, custody, or control, the importance of the discovery sought from Plaintiff in
7    resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs
8    its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,
9    overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs
10   of the case, and a seeking discovery outside the scope of discovery permitted or required under
11   the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll
12   DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require
13   Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
14   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).
15   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,
16   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,
17   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of
18   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to
19   the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,
20   recorded or graphic material, however produced or reproduced and all other tangible objects,
21   including, but not limited to," 76 enumerated categories, in addition to "all other data whether
22   recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and
23   any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and
24   Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be
25   produced" where "a document was prepared and several copies were made or if additional
26   copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing
27   description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for
28

1  transmittal in any manner or received by any means by YOU" and/or "[w]herever such

2  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

3  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

4  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

5  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

6  and government and government agency of every nature or type"; and/or to the extent this

7  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

8  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

9  envelopes, explanatory notes or memoranda, and any other material that accompanied the

10 document(s)" and "[i]f the specific document elicited a response, that response is also to be

11 identified and produced" and "[i]f the document was itself a response, the document to which it

12 responded is also to be identified and produced."

13     Plaintiff intends to produce electronically stored information in a reasonably usable form.

14     Plaintiff further objects to this Request as overly broad, unduly burdensome, and

15 oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

16 outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

17 possession, custody, or control; and/or that is or should be available to Defendant and more

18 readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

19     Plaintiff objects to this Request as seeking discovery outside the scope permitted under

20 the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

21 privileged and/or otherwise protected, including without limitation by attorney-client privilege,

22 psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

23 Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

24 Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

25 Plaintiff also objects to this Request to the extent it seeks information that is protected by the

26 attorney-client privilege, that constitutes attorney work product, or that is protected by any other

27 applicable privilege or protection, including without limitation the psychotherapist-patient

28

privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature to the extent Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

1   Subject to and without waiver of these objections and Plaintiff's General Objections,
2   Plaintiff responds as follows:

3   The Court has not yet entered a scheduling order in this case; the Court has not set a date
4   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
5   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
6   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
7   Request as this action and discovery proceed.  Subject to the foregoing objections and to the
8   extent consistent with the same, Plaintiff states that she will conduct a reasonable search for
9   documents as appropriate and, as discovery proceeds, will produce, before the close of
10   discovery in accordance with any scheduling order that the Court will issue in this case,
11   responsive and relevant documents that are neither privileged nor otherwise protected, are
12   within Plaintiff's possession, custody and control, are reasonably accessible, and are located
13   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that
14   she is willing to meet and confer regarding the scope of this Request.

15   **REQUEST FOR PRODUCTION NO. 131:**

16   All DOCUMENTS that EVIDENCE the allegation in paragraph 245 of the
17   COMPLAINT that "Individual Defendants, PC Defendants, and Kirkland shared common
18   management".

19   **RESPONSE TO REQUEST FOR PRODUCTION 131:**

20   In addition to the foregoing General Objections, each of which is specifically
21   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
22   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
23   calculated to lead to the discovery of admissible evidence and that is not proportional to the
24   needs of this case, and as seeking discovery outside the permissible scope under the Federal
25   Rules and/or other applicable law.

26   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
27   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

28   PL.'S OBJECS. & RESPS. TO KIRKLAND'S      796      NO. 4:22-CV-05990-HSG (TSH)
1ST SET OF REQS. FOR PRODUC.

and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or

duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

1   partnership, proprietorship, association, joint venture, other form of organization or arrangement,

2   and government and government agency of every nature or type"; and/or to the extent this

3   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

4   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

5   envelopes, explanatory notes or memoranda, and any other material that accompanied the

6   document(s)" and "[i]f the specific document elicited a response, that response is also to be

7   identified and produced" and "[i]f the document was itself a response, the document to which it

8   responded is also to be identified and produced."

9            Plaintiff intends to produce electronically stored information in a reasonably usable form.

10           Plaintiff further objects to this Request as overly broad, unduly burdensome, and

11   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

12   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

13   possession, custody, or control; and/or that is or should be available to Defendant and more

14   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

15           Plaintiff objects to this Request as seeking discovery outside the scope permitted under

16   the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

17   privileged and/or otherwise protected, including without limitation by attorney-client privilege,

18   psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

19   Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

20   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

21   Plaintiff also objects to this Request to the extent it seeks information that is protected by the

22   attorney-client privilege, that constitutes attorney work product, or that is protected by any other

23   applicable privilege or protection, including without limitation the psychotherapist-patient

24   privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

25   overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

26   cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

27   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

28

opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature to the extent Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

1    and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

2    Request as this action and discovery proceed.  Subject to the foregoing objections and to the

3    extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

4    documents as appropriate and, as discovery proceeds, will produce, before the close of

5    discovery in accordance with any scheduling order that the Court will issue in this case,

6    responsive and relevant documents that are neither privileged nor otherwise protected, are

7    within Plaintiff's possession, custody and control, are reasonably accessible, and are located

8    from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

9    she is willing to meet and confer regarding the scope of this Request.

10   **REQUEST FOR PRODUCTION NO. 132:**

11        All DOCUMENTS that EVIDENCE the allegation in paragraph 246 of the

12   COMPLAINT that "Individual Defendants, PC Defendants, and Kirkland share centralized

13   control of labor relations".

14   **RESPONSE TO REQUEST FOR PRODUCTION 132:**

15        In addition to the foregoing General Objections, each of which is specifically

16   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

17   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

18   calculated to lead to the discovery of admissible evidence and that is not proportional to the

19   needs of this case, and as seeking discovery outside the permissible scope under the Federal

20   Rules and/or other applicable law.

21        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

22   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

23   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

24   duplicative of discovery sought in other Requests, including Requests regarding defamation,

25   discrimination, retaliation, and damages.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*,

26   Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R.

27   Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome,

28

1    and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

2    of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative

3    and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and

4    "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates

5    or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and

6    incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed.

7    R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

8    Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

9         Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

10   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

11   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

12   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

13   production of electronically stored information, to the extent this Request seeks "[a]ll"

14   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

15   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.

16   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

17   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

18   objects to this Request to the extent it seeks production of electronically stored information

19   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

20   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

21   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

22   it seeks production of electronically stored information that is unreasonably cumulative or

23   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

24   seeks production of electronically stored information that is or can be obtained from some other

25   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

26   Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

27   production of electronically stored information that exceeds the scope of discovery permitted by

28

Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the

1   document(s)" and "[i]f the specific document elicited a response, that response is also to be

2   identified and produced" and "[i]f the document was itself a response, the document to which it

3   responded is also to be identified and produced."

4          Plaintiff intends to produce electronically stored information in a reasonably usable form.

5          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

6   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

7   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

8   possession, custody, or control; and/or that is or should be available to Defendant and more

9   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

10          Plaintiff objects to this Request as seeking discovery outside the scope permitted under

11   the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

12   privileged and/or otherwise protected, including without limitation by attorney-client privilege,

13   psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

14   Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

15   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

16   Plaintiff also objects to this Request to the extent it seeks information that is protected by the

17   attorney-client privilege, that constitutes attorney work product, or that is protected by any other

18   applicable privilege or protection, including without limitation the psychotherapist-patient

19   privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

20   overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

21   cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

22   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

23   opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

24   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

25   agreement among the parties.  The Court has not yet entered a scheduling order in this case.

26          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

27   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

28

DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature to the extent Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case,

1   responsive and relevant documents that are neither privileged nor otherwise protected, are

2   within Plaintiff's possession, custody and control, are reasonably accessible, and are located

3   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

4   she is willing to meet and confer regarding the scope of this Request.

5   **REQUEST FOR PRODUCTION NO. 133:**

6   All DOCUMENTS that EVIDENCE the allegation in paragraph 247 of the

7   COMPLAINT that "Individual Defendants, PC Defendants, and Kirkland shared common

8   ownership".

9   **RESPONSE TO REQUEST FOR PRODUCTION 133:**

10   In addition to the foregoing General Objections, each of which is specifically

11   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

12   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

13   calculated to lead to the discovery of admissible evidence and that is not proportional to the

14   needs of this case, and as seeking discovery outside the permissible scope under the Federal

15   Rules and/or other applicable law.

16   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

17   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

18   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

19   duplicative of discovery sought in other Requests, including Requests regarding defamation,

20   discrimination, retaliation, and damages.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*,

21   Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R.

22   Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome,

23   and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

24   of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative

25   and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and

26   "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates

27   or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and

28

1    incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed.

2    R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

3    Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

4            Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

5    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

6    and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

7    the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

8    production of electronically stored information, to the extent this Request seeks "[a]ll"

9    "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

10   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R.

11   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

12   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).   Plaintiff

13   objects to this Request to the extent it seeks production of electronically stored information

14   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

15   other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

16   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).   Plaintiff objects to this Request to the extent

17   it seeks production of electronically stored information that is unreasonably cumulative or

18   duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).   Plaintiff objects to this Request to the extent it

19   seeks production of electronically stored information that is or can be obtained from some other

20   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

21   Defendants.   Fed. R. Civ. P. 26(b)(2)(C)(i).   Plaintiff objects to this Request because it seeks

22   production of electronically stored information that exceeds the scope of discovery permitted by

23   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

24   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

25   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

26   considering the importance of the issues at stake in the action, the amount in controversy, the

27   parties' relative access to relevant information, including Kirkland's access to relevant

28

information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See,*

1   *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

2   Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

3   "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

4   graphic material, however produced or reproduced and all other tangible objects, including, but

5   not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

6   specified means] or other means" "and all drafts and summaries thereof" "and any

7   DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

8   1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

9   produced" where "a document was prepared and several copies were made or if additional

10   copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

11   of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

12   are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

13   defendants' possession, custody, or control; and/or are or should be available to Defendant and

14   more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

15   expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

16   relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

17   and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

18   including because the sought discovery is should be in Kirkland's or its co-defendants'

19   possession, custody, or control, the importance of the discovery sought from Plaintiff in

20   resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

21   its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

22   overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

23   of the case, and a seeking discovery outside the scope of discovery permitted or required under

24   the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

25   DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

26   Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

27   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

28

1   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

2   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

3   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

4   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

5   the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

6   recorded or graphic material, however produced or reproduced and all other tangible objects,

7   including, but not limited to," 76 enumerated categories, in addition to "all other data whether

8   recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

9   any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

10  Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

11  produced" where "a document was prepared and several copies were made or if additional

12  copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

13  description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

14  transmittal in any manner or received by any means by YOU" and/or "[w]herever such

15  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

16  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

17  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

18  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

19  and government and government agency of every nature or type"; and/or to the extent this

20  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

21  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

22  envelopes, explanatory notes or memoranda, and any other material that accompanied the

23  document(s)" and "[i]f the specific document elicited a response, that response is also to be

24  identified and produced" and "[i]f the document was itself a response, the document to which it

25  responded is also to be identified and produced."

26      Plaintiff intends to produce electronically stored information in a reasonably usable form.

27

28

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

1  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

2  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

3  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

4  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

5  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

6  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

7  seeks discovery not limited to the relevant time period regarding the facts at issue in this

8  litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

9  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

10          Plaintiff further objects to this Request as premature to the extent Plaintiff cannot

11  provide a full response until after further discovery is conducted.

12          Plaintiff further objects to this Request to the extent it requires a legal conclusion,

13  assessment, or determination, which will be adjudicated only by a judge and/or jury.

14          Subject to and without waiver of these objections and Plaintiff's General Objections,

15  Plaintiff responds as follows:

16          The Court has not yet entered a scheduling order in this case; the Court has not set a date

17  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

18  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

19  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

20  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

21  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

22  documents as appropriate and, as discovery proceeds, will produce, before the close of

23  discovery in accordance with any scheduling order that the Court will issue in this case,

24  responsive and relevant documents that are neither privileged nor otherwise protected, are

25  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

26  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

27  she is willing to meet and confer regarding the scope of this Request.

28

**REQUEST FOR PRODUCTION NO. 134:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 249 of the COMPLAINT that KIRKLAND's "co-Defendants jointly employed at least 15 or more individuals…on each working day in each of 20 or more calendar weeks in each of 2020, 2021, and 2022"

**RESPONSE TO REQUEST FOR PRODUCTION 134:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

1   the at most de minimis importance of cumulative and duplicative discovery requested ad

2   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

3   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

4   this Request to the extent it seeks production of electronically stored information that is not in

5   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

6   defendants' possession, custody, or control; and/or that is or should be available to Defendant

7   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

8   expense.  Plaintiff further objects to this Request because it seeks production of electronically

9   stored information, including seeking discovery of duplicative and/or cumulative electronically

10  stored information, including without limitation to the extent this Request seeks "[a]ll"

11  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

12  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

13  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

14  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

15  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

16  stored information from sources that are not reasonably accessible because of undue burden or

17  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

18  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

19  and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

20  the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that

21  are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.

22  R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff

23  objects to this Request to the extent it seeks production of electronically stored information in

24  more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*

25  *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

26  Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

27  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

28

graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

1    possession, custody, or control; and/or that is or should be available to Defendant and more

2    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

3         Plaintiff objects to this Request as seeking discovery outside the scope permitted under

4    the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

5    privileged and/or otherwise protected, including without limitation by attorney-client privilege,

6    psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

7    Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

8    Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

9    Plaintiff also objects to this Request to the extent it seeks information that is protected by the

10   attorney-client privilege, that constitutes attorney work product, or that is protected by any other

11   applicable privilege or protection, including without limitation the psychotherapist-patient

12   privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

13   overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

14   cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

15   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

16   opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

17   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

18   agreement among the parties.  The Court has not yet entered a scheduling order in this case.

19        Plaintiff further objects to this Request as overly broad, unduly burdensome, and

20   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

21   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

22   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

23   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

24   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

25   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

26   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

27   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

28

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature to the extent Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 135:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 250 of the COMPLAINT that "[e]ach Defendant had the right to control when, where, and how Plaintiff

performed her job"; that "[e]ach Defendant had a continuing relationship with Plaintiff"; that "[e]ach Defendant had the right to assign additional projects to Plaintiff"; that "[e]ach Defendant set the hours of work and the duration of the assignment and matters on which Plaintiff worked and of Plaintiff's job"; that [e]ach Defendant was in the same business"; that [e]ach Defendant did and could discharge Plaintiff"; that "[e]ach Defendant intended to create an employer-employee relationship with Plaintiff"; that "Plaintiff believed she and each Defendant were creating an employer-employee relationship"; and that "[e]ach Defendant furnished tools, materials, and equipment".

## RESPONSE TO REQUEST FOR PRODUCTION 135:

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and

1   incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed.

2   R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

3   Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

4        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

5   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

6   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

7   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

8   production of electronically stored information, to the extent this Request seeks "[a]ll"

9   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

10  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.

11  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

12  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

13  objects to this Request to the extent it seeks production of electronically stored information

14  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

15  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

16  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

17  it seeks production of electronically stored information that is unreasonably cumulative or

18  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

19  seeks production of electronically stored information that is or can be obtained from some other

20  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

21  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

22  production of electronically stored information that exceeds the scope of discovery permitted by

23  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

24  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

25  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

26  considering the importance of the issues at stake in the action, the amount in controversy, the

27  parties' relative access to relevant information, including Kirkland's access to relevant

28

1   information because relevant information sought is or should be in Kirkland's possession,

2   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

3   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

4   the at most de minimis importance of cumulative and duplicative discovery requested ad

5   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

6   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

7   this Request to the extent it seeks production of electronically stored information that is not in

8   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

9   defendants' possession, custody, or control; and/or that is or should be available to Defendant

10  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

11  expense.  Plaintiff further objects to this Request because it seeks production of electronically

12  stored information, including seeking discovery of duplicative and/or cumulative electronically

13  stored information, including without limitation to the extent this Request seeks "[a]ll"

14  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

15  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

16  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

17  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

18  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

19  stored information from sources that are not reasonably accessible because of undue burden or

20  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

21  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

22  and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

23  the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that

24  are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.

25  R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff

26  objects to this Request to the extent it seeks production of electronically stored information in

27  more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*

28

*e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

1   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

2   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

3   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

4   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

5   the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

6   recorded or graphic material, however produced or reproduced and all other tangible objects,

7   including, but not limited to," 76 enumerated categories, in addition to "all other data whether

8   recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

9   any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

10  Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

11  produced" where "a document was prepared and several copies were made or if additional

12  copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

13  description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

14  transmittal in any manner or received by any means by YOU" and/or "[w]herever such

15  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

16  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

17  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

18  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

19  and government and government agency of every nature or type"; and/or to the extent this

20  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

21  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

22  envelopes, explanatory notes or memoranda, and any other material that accompanied the

23  document(s)" and "[i]f the specific document elicited a response, that response is also to be

24  identified and produced" and "[i]f the document was itself a response, the document to which it

25  responded is also to be identified and produced."

26      Plaintiff intends to produce electronically stored information in a reasonably usable form.

27

28

1    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

2    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

3    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

4    possession, custody, or control; and/or that is or should be available to Defendant and more

5    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

6    Plaintiff objects to this Request as seeking discovery outside the scope permitted under

7    the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

8    privileged and/or otherwise protected, including without limitation by attorney-client privilege,

9    psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

10   Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

11   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

12   Plaintiff also objects to this Request to the extent it seeks information that is protected by the

13   attorney-client privilege, that constitutes attorney work product, or that is protected by any other

14   applicable privilege or protection, including without limitation the psychotherapist-patient

15   privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

16   overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

17   cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

18   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

19   opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

20   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

21   agreement among the parties.  The Court has not yet entered a scheduling order in this case.

22   Plaintiff further objects to this Request as overly broad, unduly burdensome, and

23   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

24   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

25   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

26   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

27   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

28

PL.'S OBJECS. & RESPS. TO KIRKLAND'S          829                    NO. 4:22-CV-05990-HSG (TSH)
1ST SET OF REQS. FOR PRODUC.

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature to the extent Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 136:**

All DOCUMENTS that EVIDENCE the allegation in paragraph 280-87 of the COMPLAINT that "Defendants had a high degree of common control and/or financial management".

**RESPONSE TO REQUEST FOR PRODUCTION 136:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).  Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

1    graphic material, however produced or reproduced and all other tangible objects, including, but

2    not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

3    specified means] or other means" "and all drafts and summaries thereof" "and any

4    DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

5    1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

6    produced" where "a document was prepared and several copies were made or if additional

7    copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

8    of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

9    are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

10   defendants' possession, custody, or control; and/or are or should be available to Defendant and

11   more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

12   expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

13   relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

14   and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

15   including because the sought discovery is should be in Kirkland's or its co-defendants'

16   possession, custody, or control, the importance of the discovery sought from Plaintiff in

17   resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

18   its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

19   overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

20   of the case, and a seeking discovery outside the scope of discovery permitted or required under

21   the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

22   DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

23   Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

24   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

25   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

26   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

27   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

28

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

1    possession, custody, or control; and/or that is or should be available to Defendant and more
2    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

3        Plaintiff objects to this Request as seeking discovery outside the scope permitted under
4 the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is
5 privileged and/or otherwise protected, including without limitation by attorney-client privilege,
6 psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by
7 Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.
8 Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.
9 Plaintiff also objects to this Request to the extent it seeks information that is protected by the
10 attorney-client privilege, that constitutes attorney work product, or that is protected by any other
11 applicable privilege or protection, including without limitation the psychotherapist-patient
12 privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as
13 overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue
14 cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as
15 premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert
16 opinion and testimony in advance of any deadlines that will be set forth by the Court in this case
17 or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by
18 agreement among the parties.  The Court has not yet entered a scheduling order in this case.

19        Plaintiff further objects to this Request as overly broad, unduly burdensome, and
20 oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
21 DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
22 Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
23 to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
24 Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
25 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
26 Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
27 oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

1  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
2  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
3  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request
4  seeks discovery not limited to the relevant time period regarding the facts at issue in this
5  litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.
6  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

7  Plaintiff further objects to this Request as premature to the extent Plaintiff cannot
8  provide a full response until after further discovery is conducted.

9  Plaintiff further objects to this Request to the extent it requires a legal conclusion,
10  assessment, or determination, which will be adjudicated only by a judge and/or jury.

11  Subject to and without waiver of these objections and Plaintiff's General Objections,
12  Plaintiff responds as follows:

13  The Court has not yet entered a scheduling order in this case; the Court has not set a date
14  for the close of discovery. Plaintiff's reasonable investigation and reasonable search for
15  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
16  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
17  Request as this action and discovery proceed. Subject to the foregoing objections and to the
18  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for
19  documents as appropriate and, as discovery proceeds, will produce, before the close of
20  discovery in accordance with any scheduling order that the Court will issue in this case,
21  responsive and relevant documents that are neither privileged nor otherwise protected, are
22  within Plaintiff's possession, custody and control, are reasonably accessible, and are located
23  from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that
24  she is willing to meet and confer regarding the scope of this Request.

25  **REQUEST FOR PRODUCTION NO. 137:**

26  All DOCUMENTS that EVIDENCE the allegation in paragraph 288 of the
27  COMPLAINT that "[e]ach Defendant knew or should have known of its co-Defendants

28

1  discriminatory, retaliatory, and/or harassing conduct but failed to undertake prompt corrective

2  measures within his/her/its/their control".

3  **RESPONSE TO REQUEST FOR PRODUCTION 137:**

4      In addition to the foregoing General Objections, each of which is specifically

5  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

6  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

7  calculated to lead to the discovery of admissible evidence and that is not proportional to the

8  needs of this case, and as seeking discovery outside the permissible scope under the Federal

9  Rules and/or other applicable law.

10      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

11  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

12  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

13  duplicative of discovery sought in other Requests, including Requests regarding defamation,

14  discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*,

15  Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

16  Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome,

17  and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

18  of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative

19  and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and

20  "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates

21  or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and

22  incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed.

23  R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

24  Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

25      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

26  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

27  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

28

the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any

DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects,

including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this

1   litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

2   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

3   Plaintiff further objects to this Request as premature to the extent Plaintiff cannot

4   provide a full response until after further discovery is conducted.

5   Plaintiff further objects to this Request to the extent it requires a legal conclusion,

6   assessment, or determination, which will be adjudicated only by a judge and/or jury.

7   Subject to and without waiver of these objections and Plaintiff's General Objections,

8   Plaintiff responds as follows:

9   The Court has not yet entered a scheduling order in this case; the Court has not set a date

10  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

11  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

12  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

13  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

14  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

15  documents as appropriate and, as discovery proceeds, will produce, before the close of

16  discovery in accordance with any scheduling order that the Court will issue in this case,

17  responsive and relevant documents that are neither privileged nor otherwise protected, are

18  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

19  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

20  she is willing to meet and confer regarding the scope of this Request.

21  **REQUEST FOR PRODUCTION NO. 138:**

22  All DOCUMENTS that EVIDENCE the allegations in paragraphs 290-96 of the

23  COMPLAINT that "Kirkland and Mr. Alper are covered under the Federal EPA".

24  **RESPONSE TO REQUEST FOR PRODUCTION 138:**

25  In addition to the foregoing General Objections, each of which is specifically

26  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

27  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

28

calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

1    objects to this Request to the extent it seeks production of electronically stored information

2    exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

3    other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

4    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

5    it seeks production of electronically stored information that is unreasonably cumulative or

6    duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

7    seeks production of electronically stored information that is or can be obtained from some other

8    source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

9    Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

10   production of electronically stored information that exceeds the scope of discovery permitted by

11   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

12   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

13   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

14   considering the importance of the issues at stake in the action, the amount in controversy, the

15   parties' relative access to relevant information, including Kirkland's access to relevant

16   information because relevant information sought is or should be in Kirkland's possession,

17   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

18   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

19   the at most de minimis importance of cumulative and duplicative discovery requested ad

20   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

21   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

22   this Request to the extent it seeks production of electronically stored information that is not in

23   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

24   defendants' possession, custody, or control; and/or that is or should be available to Defendant

25   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

26   expense.  Plaintiff further objects to this Request because it seeks production of electronically

27   stored information, including seeking discovery of duplicative and/or cumulative electronically

28

stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

1    description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

2    transmittal in any manner or received by any means by YOU" and/or "[w]herever such

3    DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

4    "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

5    behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

6    partnership, proprietorship, association, joint venture, other form of organization or arrangement,

7    and government and government agency of every nature or type"; and/or to the extent this

8    Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

9    DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

10   envelopes, explanatory notes or memoranda, and any other material that accompanied the

11   document(s)" and "[i]f the specific document elicited a response, that response is also to be

12   identified and produced" and "[i]f the document was itself a response, the document to which it

13   responded is also to be identified and produced."

14         Plaintiff intends to produce electronically stored information in a reasonably usable form.

15         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

16   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

17   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

18   possession, custody, or control; and/or that is or should be available to Defendant and more

19   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

20         Plaintiff objects to this Request as seeking discovery outside the scope permitted under

21   the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

22   privileged and/or otherwise protected, including without limitation by attorney-client privilege,

23   psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

24   Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

25   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

26   Plaintiff also objects to this Request to the extent it seeks information that is protected by the

27   attorney-client privilege, that constitutes attorney work product, or that is protected by any other

28

applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature to the extent Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

1ST SET OF REQS. FOR PRODUC.

1    Subject to and without waiver of these objections and Plaintiff's General Objections,

2    Plaintiff responds as follows:

3    The Court has not yet entered a scheduling order in this case; the Court has not set a date

4    for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

5    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

6    and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

7    Request as this action and discovery proceed.  Subject to the foregoing objections and to the

8    extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

9    documents as appropriate and, as discovery proceeds, will produce, before the close of

10   discovery in accordance with any scheduling order that the Court will issue in this case,

11   responsive and relevant documents that are neither privileged nor otherwise protected, are

12   within Plaintiff's possession, custody and control, are reasonably accessible, and are located

13   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

14   she is willing to meet and confer regarding the scope of this Request.

15   **REQUEST FOR PRODUCTION NO. 139:**

16   All DOCUMENTS that EVIDENCE the allegation in paragraph 300 of the

17   COMPLAINT that "each Defendant is liable under the San Francisco Ordinance".

18   **RESPONSE TO REQUEST FOR PRODUCTION 139:**

19   In addition to the foregoing General Objections, each of which is specifically

20   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

21   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

22   calculated to lead to the discovery of admissible evidence and that is not proportional to the

23   needs of this case, and as seeking discovery outside the permissible scope under the Federal

24   Rules and/or other applicable law.

25   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

26   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

27   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

28

duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it

seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants'

possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement,

and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

1    or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

2    agreement among the parties.  The Court has not yet entered a scheduling order in this case.

3    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

4    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

5    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

6    Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

7    to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

8    Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

9    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

10   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

11   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

12   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

13   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

14   "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

15   seeks discovery not limited to the relevant time period regarding the facts at issue in this

16   litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

17   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

18   Plaintiff further objects to this Request as premature to the extent Plaintiff cannot

19   provide a full response until after further discovery is conducted.

20   Plaintiff further objects to this Request to the extent it requires a legal conclusion,

21   assessment, or determination, which will be adjudicated only by a judge and/or jury.

22   Subject to and without waiver of these objections and Plaintiff's General Objections,

23   Plaintiff responds as follows:

24   The Court has not yet entered a scheduling order in this case; the Court has not set a date

25   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

26   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

27   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

28

1    Request as this action and discovery proceed.  Subject to the foregoing objections and to the
2    extent consistent with the same, Plaintiff states that she will conduct a reasonable search for
3    documents as appropriate and, as discovery proceeds, will produce, before the close of
4    discovery in accordance with any scheduling order that the Court will issue in this case,
5    responsive and relevant documents that are neither privileged nor otherwise protected, are
6    within Plaintiff's possession, custody and control, are reasonably accessible, and are located
7    from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that
8    she is willing to meet and confer regarding the scope of this Request.

9    **REQUEST FOR PRODUCTION NO. 140:**

10        All DOCUMENTS that EVIDENCE the allegations in paragraph 302 of the
11    COMPLAINT that "In violation of Title VII, Defendants discharged Plaintiff and discriminated
12    against Plaintiff with respect to compensation, terms, conditions, and privileges of employment
13    because of sex."

14    **RESPONSE TO REQUEST FOR PRODUCTION 140:**

15        In addition to the foregoing General Objections, each of which is specifically
16    incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
17    unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
18    calculated to lead to the discovery of admissible evidence and that is not proportional to the
19    needs of this case, and as seeking discovery outside the permissible scope under the Federal
20    Rules and/or other applicable law.

21        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
22    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
23    and/or other applicable law to the extent this Request seeks discovery that is cumulative or
24    duplicative of discovery sought in other Requests, including Requests regarding defamation,
25    discrimination, retaliation, and damages.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*,
26    Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R.
27    Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome,

28

1  and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

2  of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative

3  and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and

4  "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates

5  or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and

6  incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed.

7  R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

8  Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

9  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

10  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

11  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

12  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

13  production of electronically stored information, to the extent this Request seeks "[a]ll"

14  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

15  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R.

16  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

17  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

18  objects to this Request to the extent it seeks production of electronically stored information

19  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

20  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

21  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

22  it seeks production of electronically stored information that is unreasonably cumulative or

23  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

24  seeks production of electronically stored information that is or can be obtained from some other

25  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

26  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

27  production of electronically stored information that exceeds the scope of discovery permitted by

28

Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the

document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature to the extent Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case,

1   responsive and relevant documents that are neither privileged nor otherwise protected, are

2   within Plaintiff's possession, custody and control, are reasonably accessible, and are located

3   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

4   she is willing to meet and confer regarding the scope of this Request.

5   **REQUEST FOR PRODUCTION NO. 141:**

6       All DOCUMENTS that EVIDENCE the allegations in paragraph 313 of the

7   COMPLAINT that "In violation of the San Francisco Ordinance, Defendants wrongfully

8   discriminated against Plaintiff in violation of FEHA because of Plaintiff's sex."

9   **RESPONSE TO REQUEST FOR PRODUCTION 141:**

10      In addition to the foregoing General Objections, each of which is specifically

11  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

12  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

13  calculated to lead to the discovery of admissible evidence and that is not proportional to the

14  needs of this case, and as seeking discovery outside the permissible scope under the Federal

15  Rules and/or other applicable law.

16      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

17  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

18  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

19  duplicative of discovery sought in other Requests, including Requests regarding defamation,

20  discrimination, retaliation, and damages.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*,

21  Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R.

22  Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome,

23  and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

24  of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative

25  and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and

26  "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates

27  or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and

28

1  incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed.

2  R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

3  Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

4         Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

5  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

6  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

7  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

8  production of electronically stored information, to the extent this Request seeks "[a]ll"

9  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

10 "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.

11 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

12 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

13 objects to this Request to the extent it seeks production of electronically stored information

14 exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

15 other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

16 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

17 it seeks production of electronically stored information that is unreasonably cumulative or

18 duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

19 seeks production of electronically stored information that is or can be obtained from some other

20 source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

21 Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

22 production of electronically stored information that exceeds the scope of discovery permitted by

23 Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

24 stored information that is duplicative and/or cumulative of other sought discovery, privileged,

25 not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

26 considering the importance of the issues at stake in the action, the amount in controversy, the

27 parties' relative access to relevant information, including Kirkland's access to relevant

28

information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See,*

*e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

1    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

2    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

3    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

4    possession, custody, or control; and/or that is or should be available to Defendant and more

5    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

6    Plaintiff objects to this Request as seeking discovery outside the scope permitted under

7    the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

8    privileged and/or otherwise protected, including without limitation by attorney-client privilege,

9    psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

10   Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

11   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

12   Plaintiff also objects to this Request to the extent it seeks information that is protected by the

13   attorney-client privilege, that constitutes attorney work product, or that is protected by any other

14   applicable privilege or protection, including without limitation the psychotherapist-patient

15   privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

16   overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

17   cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

18   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

19   opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

20   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

21   agreement among the parties.  The Court has not yet entered a scheduling order in this case.

22   Plaintiff further objects to this Request as overly broad, unduly burdensome, and

23   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

24   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

25   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

26   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

27   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

28

1    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

2    Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

3    oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

4    Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

5    "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

6    "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

7    seeks discovery not limited to the relevant time period regarding the facts at issue in this

8    litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

9    26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

10            Plaintiff further objects to this Request as premature to the extent Plaintiff cannot

11    provide a full response until after further discovery is conducted.

12            Plaintiff further objects to this Request to the extent it requires a legal conclusion,

13    assessment, or determination, which will be adjudicated only by a judge and/or jury.

14            Subject to and without waiver of these objections and Plaintiff's General Objections,

15    Plaintiff responds as follows:

16            The Court has not yet entered a scheduling order in this case; the Court has not set a date

17    for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

18    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

19    and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

20    Request as this action and discovery proceed.  Subject to the foregoing objections and to the

21    extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

22    documents as appropriate and, as discovery proceeds, will produce, before the close of

23    discovery in accordance with any scheduling order that the Court will issue in this case,

24    responsive and relevant documents that are neither privileged nor otherwise protected, are

25    within Plaintiff's possession, custody and control, are reasonably accessible, and are located

26    from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

27    she is willing to meet and confer regarding the scope of this Request.

28

1   **REQUEST FOR PRODUCTION NO. 142:**

2       All DOCUMENTS that EVIDENCE the allegations in paragraph 321 of the

3   COMPLAINT that "Defendants discharge Plaintiff and discriminated against Plaintiff with

4   respect to compensation, terms, conditions, and privileges of employment wholly or partially

5   because of sex."

6   **RESPONSE TO REQUEST FOR PRODUCTION 142:**

7       In addition to the foregoing General Objections, each of which is specifically

8   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

9   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

10  calculated to lead to the discovery of admissible evidence and that is not proportional to the

11  needs of this case, and as seeking discovery outside the permissible scope under the Federal

12  Rules and/or other applicable law.

13      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

14  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

15  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

16  duplicative of discovery sought in other Requests, including Requests regarding defamation,

17  discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*,

18  Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R.

19  Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome,

20  and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

21  of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative

22  and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and

23  "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates

24  or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and

25  incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed.

26  R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

27  Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

28

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

1    Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

2    the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

3    recorded or graphic material, however produced or reproduced and all other tangible objects,

4    including, but not limited to," 76 enumerated categories, in addition to "all other data whether

5    recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

6    any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

7    Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

8    produced" where "a document was prepared and several copies were made or if additional

9    copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

10   description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

11   transmittal in any manner or received by any means by YOU" and/or "[w]herever such

12   DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

13   "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

14   behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

15   partnership, proprietorship, association, joint venture, other form of organization or arrangement,

16   and government and government agency of every nature or type"; and/or to the extent this

17   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

18   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

19   envelopes, explanatory notes or memoranda, and any other material that accompanied the

20   document(s)" and "[i]f the specific document elicited a response, that response is also to be

21   identified and produced" and "[i]f the document was itself a response, the document to which it

22   responded is also to be identified and produced."

23        Plaintiff intends to produce electronically stored information in a reasonably usable form.

24        Plaintiff further objects to this Request as overly broad, unduly burdensome, and

25   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

26   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

27

28

1    possession, custody, or control; and/or that is or should be available to Defendant and more

2    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

3    Plaintiff objects to this Request as seeking discovery outside the scope permitted under

4    the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

5    privileged and/or otherwise protected, including without limitation by attorney-client privilege,

6    psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

7    Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

8    Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

9    Plaintiff also objects to this Request to the extent it seeks information that is protected by the

10   attorney-client privilege, that constitutes attorney work product, or that is protected by any other

11   applicable privilege or protection, including without limitation the psychotherapist-patient

12   privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

13   overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

14   cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

15   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

16   opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

17   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

18   agreement among the parties.  The Court has not yet entered a scheduling order in this case.

19   Plaintiff further objects to this Request as overly broad, unduly burdensome, and

20   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

21   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

22   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

23   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

24   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

25   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

26   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

27   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

28

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature to the extent Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 143:**

All DOCUMENTS that EVIDENCE the allegations in paragraph 326 of the COMPLAINT that "Defendants Kirkland, Adam Alper, and Adam R. Alper, P.C. violated the Federal EPA by discriminating against Plaintiff with respect to pay because of her sex."

**RESPONSE TO REQUEST FOR PRODUCTION 143:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

1  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to
2  this Request to the extent it seeks production of electronically stored information that is not in
3  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-
4  defendants' possession, custody, or control; and/or that is or should be available to Defendant
5  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
6  expense.  Plaintiff further objects to this Request because it seeks production of electronically
7  stored information, including seeking discovery of duplicative and/or cumulative electronically
8  stored information, including without limitation to the extent this Request seeks "[a]ll"
9  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of
10 "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably
11 accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.
12 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.
13 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically
14 stored information from sources that are not reasonably accessible because of undue burden or
15 cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"
16 incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"
17 and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to
18 the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that
19 are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.
20 R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff
21 objects to this Request to the extent it seeks production of electronically stored information in
22 more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*
23 *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).
24 Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent
25 "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or
26 graphic material, however produced or reproduced and all other tangible objects, including, but
27 not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

28

specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

1  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

2  seeks discovery not limited to the relevant time period regarding the facts at issue in this

3  litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

4  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

5      Plaintiff further objects to this Request as premature to the extent Plaintiff cannot

6  provide a full response until after further discovery is conducted.

7      Plaintiff further objects to this Request to the extent it requires a legal conclusion,

8  assessment, or determination, which will be adjudicated only by a judge and/or jury.

9      Subject to and without waiver of these objections and Plaintiff's General Objections,

10 Plaintiff responds as follows:

11     The Court has not yet entered a scheduling order in this case; the Court has not set a date

12 for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

13 responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

14 and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

15 Request as this action and discovery proceed.  Subject to the foregoing objections and to the

16 extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

17 documents as appropriate and, as discovery proceeds, will produce, before the close of

18 discovery in accordance with any scheduling order that the Court will issue in this case,

19 responsive and relevant documents that are neither privileged nor otherwise protected, are

20 within Plaintiff's possession, custody and control, are reasonably accessible, and are located

21 from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

22 she is willing to meet and confer regarding the scope of this Request.

23 **REQUEST FOR PRODUCTION NO. 144:**

24     All DOCUMENTS that EVIDENCE the allegations in paragraph 328 of the

25 COMPLAINT that "Plaintiff opposed Defendants' employment practices made unlawful under

26 Title VII, that is, sex discrimination and sex harassment," that "Defendants subjected Plaintiff to

27

28

an adverse employment action, that is discharge," and that "Plaintiff was subjected to the adverse employment action because she opposed unlawful employment practices."

**RESPONSE TO REQUEST FOR PRODUCTION 144:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to

1  this Request to the extent it seeks production of electronically stored information that is not in

2  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

3  defendants' possession, custody, or control; and/or that is or should be available to Defendant

4  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

5  expense.  Plaintiff further objects to this Request because it seeks production of electronically

6  stored information, including seeking discovery of duplicative and/or cumulative electronically

7  stored information, including without limitation to the extent this Request seeks "[a]ll"

8  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

9  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

10  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

11  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

12  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

13  stored information from sources that are not reasonably accessible because of undue burden or

14  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

15  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

16  and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

17  the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that

18  are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.

19  R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff

20  objects to this Request to the extent it seeks production of electronically stored information in

21  more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*

22  *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

23  Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

24  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

25  graphic material, however produced or reproduced and all other tangible objects, including, but

26  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

27  specified means] or other means" "and all drafts and summaries thereof" "and any

1  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

2  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

3  produced" where "a document was prepared and several copies were made or if additional

4  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

5  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

6  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

7  defendants' possession, custody, or control; and/or are or should be available to Defendant and

8  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

9  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

10  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

11  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

12  including because the sought discovery is should be in Kirkland's or its co-defendants'

13  possession, custody, or control, the importance of the discovery sought from Plaintiff in

14  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

15  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

16  overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

17  of the case, and a seeking discovery outside the scope of discovery permitted or required under

18  the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

19  DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

20  Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

21  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

22  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

23  oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

24  and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

25  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

26  the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

27  recorded or graphic material, however produced or reproduced and all other tangible objects,

28

including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this

1   litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

2   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

3       Plaintiff further objects to this Request as premature to the extent Plaintiff cannot

4   provide a full response until after further discovery is conducted.

5       Plaintiff further objects to this Request to the extent it requires a legal conclusion,

6   assessment, or determination, which will be adjudicated only by a judge and/or jury.

7       Subject to and without waiver of these objections and Plaintiff's General Objections,

8   Plaintiff responds as follows:

9       The Court has not yet entered a scheduling order in this case; the Court has not set a date

10  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

11  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

12  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

13  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

14  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

15  documents as appropriate and, as discovery proceeds, will produce, before the close of

16  discovery in accordance with any scheduling order that the Court will issue in this case,

17  responsive and relevant documents that are neither privileged nor otherwise protected, are

18  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

19  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

20  she is willing to meet and confer regarding the scope of this Request.

21  **REQUEST FOR PRODUCTION NO. 145:**

22      All DOCUMENTS that EVIDENCE the allegations in paragraph 335 of the

23  COMPLAINT that "Plaintiff complained of harassment and discrimination that violated FEHA,"

24  that "Defendants, including without limitation Kirkland, Mr. Deoras, and Akshay Deoras, took

25  no action to ensure that Plaintiff was not retaliated against for having complained," and that "As

26  a result of Defendant's action or inaction, Plaintiff was subject to additional discrimination,

27  retaliation, and additional sex based harassment."

28

**RESPONSE TO REQUEST FOR PRODUCTION 145:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll"

1  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
2  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.
3  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
4  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff
5  objects to this Request to the extent it seeks production of electronically stored information
6  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or
7  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.
8  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent
9  it seeks production of electronically stored information that is unreasonably cumulative or
10 duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it
11 seeks production of electronically stored information that is or can be obtained from some other
12 source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-
13 Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks
14 production of electronically stored information that exceeds the scope of discovery permitted by
15 Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically
16 stored information that is duplicative and/or cumulative of other sought discovery, privileged,
17 not relevant to any party's claim or defense, and/or not proportional to the needs of the case,
18 considering the importance of the issues at stake in the action, the amount in controversy, the
19 parties' relative access to relevant information, including Kirkland's access to relevant
20 information because relevant information sought is or should be in Kirkland's possession,
21 custody, or control; the parties' resources, including Kirkland's vast and expanse resources and
22 Plaintiff's limited resources; the importance of the discovery in resolving the issues, including
23 the at most de minimis importance of cumulative and duplicative discovery requested ad
24 infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its
25 likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to
26 this Request to the extent it seeks production of electronically stored information that is not in
27 Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-
28

defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

1   produced" where "a document was prepared and several copies were made or if additional

2   copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

3   of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

4   are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

5   defendants' possession, custody, or control; and/or are or should be available to Defendant and

6   more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

7   expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

8   relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

9   and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

10  including because the sought discovery is should be in Kirkland's or its co-defendants'

11  possession, custody, or control, the importance of the discovery sought from Plaintiff in

12  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

13  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

14  overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

15  of the case, and a seeking discovery outside the scope of discovery permitted or required under

16  the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

17  DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

18  Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

19  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

20  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

21  oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

22  and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

23  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

24  the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

25  recorded or graphic material, however produced or reproduced and all other tangible objects,

26  including, but not limited to," 76 enumerated categories, in addition to "all other data whether

27  recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

28

any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

1    Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

2    Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

3    Plaintiff also objects to this Request to the extent it seeks information that is protected by the

4    attorney-client privilege, that constitutes attorney work product, or that is protected by any other

5    applicable privilege or protection, including without limitation the psychotherapist-patient

6    privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as

7    overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

8    cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as

9    premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

10   opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

11   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

12   agreement among the parties. The Court has not yet entered a scheduling order in this case.

13          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

14   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

15   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

16   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

17   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

18   Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

19   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

20   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

21   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

22   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

23   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

24   "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

25   seeks discovery not limited to the relevant time period regarding the facts at issue in this

26   litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

27   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

28

1
2

Plaintiff further objects to this Request as premature to the extent Plaintiff cannot provide a full response until after further discovery is conducted.

3
4

Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

5
6

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

7
8
9
10
11
12
13
14
15
16
17
18

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

19

**REQUEST FOR PRODUCTION NO. 146:**

20
21
22

All DOCUMENTS that EVIDENCE the allegations in paragraph 339 of the COMPLAINT that "in violation of the San Francisco Ordinance, Defendants discharged Plaintiff a [sic] wholly or partially because of sex."

23

**RESPONSE TO REQUEST FOR PRODUCTION 146:**

24
25
26
27

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the

28

1   needs of this case, and as seeking discovery outside the permissible scope under the Federal
2   Rules and/or other applicable law.

3          Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
4   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
5   and/or other applicable law to the extent this Request seeks discovery that is cumulative or
6   duplicative of discovery sought in other Requests, including Requests regarding defamation,
7   discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*,
8   Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.
9   Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome,
10  and oppressive and as seeking discovery outside the scope permissible under the Federal Rules
11  of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative
12  and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and
13  "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates
14  or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and
15  incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed.
16  R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
17  Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

18         Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
19  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
20  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
21  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
22  production of electronically stored information, to the extent this Request seeks "[a]ll"
23  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
24  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R.
25  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
26  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff
27  objects to this Request to the extent it seeks production of electronically stored information

28

1   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

2   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

3   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

4   it seeks production of electronically stored information that is unreasonably cumulative or

5   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

6   seeks production of electronically stored information that is or can be obtained from some other

7   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

8   Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

9   production of electronically stored information that exceeds the scope of discovery permitted by

10   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

11   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

12   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

13   considering the importance of the issues at stake in the action, the amount in controversy, the

14   parties' relative access to relevant information, including Kirkland's access to relevant

15   information because relevant information sought is or should be in Kirkland's possession,

16   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

17   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

18   the at most de minimis importance of cumulative and duplicative discovery requested ad

19   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

20   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

21   this Request to the extent it seeks production of electronically stored information that is not in

22   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

23   defendants' possession, custody, or control; and/or that is or should be available to Defendant

24   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

25   expense.  Plaintiff further objects to this Request because it seeks production of electronically

26   stored information, including seeking discovery of duplicative and/or cumulative electronically

27   stored information, including without limitation to the extent this Request seeks "[a]ll"

28

"DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and

more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient

privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature to the extent Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

1    Subject to and without waiver of these objections and Plaintiff's General Objections,

2    Plaintiff responds as follows:

3        The Court has not yet entered a scheduling order in this case; the Court has not set a date

4    for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

5    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

6    and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

7    Request as this action and discovery proceed.  Subject to the foregoing objections and to the

8    extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

9    documents as appropriate and, as discovery proceeds, will produce, before the close of

10   discovery in accordance with any scheduling order that the Court will issue in this case,

11   responsive and relevant documents that are neither privileged nor otherwise protected, are

12   within Plaintiff's possession, custody and control, are reasonably accessible, and are located

13   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

14   she is willing to meet and confer regarding the scope of this Request.

15   **REQUEST FOR PRODUCTION NO. 147:**

16   All DOCUMENT that EVIDENCE the allegations in paragraph 344 of the

17   COMPLAINT that "Plaintiff was subjected to working in a severe, persistent and/or pervasive

18   sex-based hostile work environment, which interfered with her performance, denied her

19   employment privileges, and adversely affected the terms and condition of her job on the basis of

20   her sex."

21   **RESPONSE TO REQUEST FOR PRODUCTION 147:**

22   In addition to the foregoing General Objections, each of which is specifically

23   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

24   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

25   calculated to lead to the discovery of admissible evidence and that is not proportional to the

26   needs of this case, and as seeking discovery outside the permissible scope under the Federal

27   Rules and/or other applicable law.

28

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

1    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

2    it seeks production of electronically stored information that is unreasonably cumulative or

3    duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

4    seeks production of electronically stored information that is or can be obtained from some other

5    source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

6    Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

7    production of electronically stored information that exceeds the scope of discovery permitted by

8    Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

9    stored information that is duplicative and/or cumulative of other sought discovery, privileged,

10   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

11   considering the importance of the issues at stake in the action, the amount in controversy, the

12   parties' relative access to relevant information, including Kirkland's access to relevant

13   information because relevant information sought is or should be in Kirkland's possession,

14   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

15   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

16   the at most de minimis importance of cumulative and duplicative discovery requested ad

17   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

18   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

19   this Request to the extent it seeks production of electronically stored information that is not in

20   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

21   defendants' possession, custody, or control; and/or that is or should be available to Defendant

22   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

23   expense.  Plaintiff further objects to this Request because it seeks production of electronically

24   stored information, including seeking discovery of duplicative and/or cumulative electronically

25   stored information, including without limitation to the extent this Request seeks "[a]ll"

26   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

27   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

28

accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

"YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

1    cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

2    premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

3    opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

4    or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

5    agreement among the parties.  The Court has not yet entered a scheduling order in this case.

6         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

7    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

8    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

9    Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

10   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

11   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

12   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

13   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

14   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

15   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

16   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

17   "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

18   seeks discovery not limited to the relevant time period regarding the facts at issue in this

19   litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

20   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

21        Plaintiff further objects to this Request as premature to the extent Plaintiff cannot

22   provide a full response until after further discovery is conducted.

23        Plaintiff further objects to this Request to the extent it requires a legal conclusion,

24   assessment, or determination, which will be adjudicated only by a judge and/or jury.

25        Subject to and without waiver of these objections and Plaintiff's General Objections,

26   Plaintiff responds as follows:

1    The Court has not yet entered a scheduling order in this case; the Court has not set a date

2    for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

3    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

4    and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

5    Request as this action and discovery proceed.  Subject to the foregoing objections and to the

6    extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

7    documents as appropriate and, as discovery proceeds, will produce, before the close of

8    discovery in accordance with any scheduling order that the Court will issue in this case,

9    responsive and relevant documents that are neither privileged nor otherwise protected, are

10   within Plaintiff's possession, custody and control, are reasonably accessible, and are located

11   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

12   she is willing to meet and confer regarding the scope of this Request.

13   **REQUEST FOR PRODUCTION NO. 148:**

14   All DOCUMENTS that EVIDENCE the allegations in paragraph 352 of the

15   COMPLAINT that Defendants, in violation of the Fair Employment and Housing Act, "failed to

16   take reasonable steps to prevent harassment, discrimination, and retaliation based on Plaintiff's

17   sex and/or gender."

18   **RESPONSE TO REQUEST FOR PRODUCTION 148:**

19   In addition to the foregoing General Objections, each of which is specifically

20   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

21   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

22   calculated to lead to the discovery of admissible evidence and that is not proportional to the

23   needs of this case, and as seeking discovery outside the permissible scope under the Federal

24   Rules and/or other applicable law.

25   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

26   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

27   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

28

duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it

1   seeks production of electronically stored information that is or can be obtained from some other

2   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

3   Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks

4   production of electronically stored information that exceeds the scope of discovery permitted by

5   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

6   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

7   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

8   considering the importance of the issues at stake in the action, the amount in controversy, the

9   parties' relative access to relevant information, including Kirkland's access to relevant

10  information because relevant information sought is or should be in Kirkland's possession,

11  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

12  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

13  the at most de minimis importance of cumulative and duplicative discovery requested ad

14  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

15  likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to

16  this Request to the extent it seeks production of electronically stored information that is not in

17  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

18  defendants' possession, custody, or control; and/or that is or should be available to Defendant

19  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

20  expense. Plaintiff further objects to this Request because it seeks production of electronically

21  stored information, including seeking discovery of duplicative and/or cumulative electronically

22  stored information, including without limitation to the extent this Request seeks "[a]ll"

23  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

24  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

25  accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

26  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

27  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically

28

stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants'

possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement,

1    and government and government agency of every nature or type"; and/or to the extent this

2    Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

3    DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

4    envelopes, explanatory notes or memoranda, and any other material that accompanied the

5    document(s)" and "[i]f the specific document elicited a response, that response is also to be

6    identified and produced" and "[i]f the document was itself a response, the document to which it

7    responded is also to be identified and produced."

8        Plaintiff intends to produce electronically stored information in a reasonably usable form.

9        Plaintiff further objects to this Request as overly broad, unduly burdensome, and

10   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

11   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

12   possession, custody, or control; and/or that is or should be available to Defendant and more

13   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

14       Plaintiff objects to this Request as seeking discovery outside the scope permitted under

15   the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

16   privileged and/or otherwise protected, including without limitation by attorney-client privilege,

17   psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

18   Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

19   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

20   Plaintiff also objects to this Request to the extent it seeks information that is protected by the

21   attorney-client privilege, that constitutes attorney work product, or that is protected by any other

22   applicable privilege or protection, including without limitation the psychotherapist-patient

23   privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

24   overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

25   cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

26   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

27   opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

28

1   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

2   agreement among the parties.  The Court has not yet entered a scheduling order in this case.

3          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

4   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

5   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

6   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

7   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

8   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

9   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

10  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

11  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

12  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

13  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

14  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

15  seeks discovery not limited to the relevant time period regarding the facts at issue in this

16  litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

17  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

18          Plaintiff further objects to this Request as premature to the extent Plaintiff cannot

19  provide a full response until after further discovery is conducted.

20          Plaintiff further objects to this Request to the extent it requires a legal conclusion,

21  assessment, or determination, which will be adjudicated only by a judge and/or jury.

22          Subject to and without waiver of these objections and Plaintiff's General Objections,

23  Plaintiff responds as follows:

24          The Court has not yet entered a scheduling order in this case; the Court has not set a date

25  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

26  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

27  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

28

Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 149:**

All DOCUMENT that EVIDENCE the allegations in paragraph 358 of the COMPLAINT that "Defendants published statements in their 'evaluations' regarding Plaintiff, each of which was false, defamatory, and unprivileged, and had a natural tendency to injure because each concerned Plaintiff's profession and practice and/or caused special damage."

**RESPONSE TO REQUEST FOR PRODUCTION 149:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome,

1 and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

2 of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative

3 and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and

4 "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates

5 or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and

6 incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed.

7 R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

8 Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

9       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

10 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

11 and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

12 the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

13 production of electronically stored information, to the extent this Request seeks "[a]ll"

14 "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

15 "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.

16 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

17 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

18 objects to this Request to the extent it seeks production of electronically stored information

19 exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

20 other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

21 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

22 it seeks production of electronically stored information that is unreasonably cumulative or

23 duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

24 seeks production of electronically stored information that is or can be obtained from some other

25 source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

26 Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

27 production of electronically stored information that exceeds the scope of discovery permitted by

28

Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the

1  document(s)" and "[i]f the specific document elicited a response, that response is also to be

2  identified and produced" and "[i]f the document was itself a response, the document to which it

3  responded is also to be identified and produced."

4      Plaintiff intends to produce electronically stored information in a reasonably usable form.

5      Plaintiff further objects to this Request as overly broad, unduly burdensome, and

6  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

7  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

8  possession, custody, or control; and/or that is or should be available to Defendant and more

9  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

10     Plaintiff objects to this Request as seeking discovery outside the scope permitted under

11  the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

12  privileged and/or otherwise protected, including without limitation by attorney-client privilege,

13  psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

14  Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

15  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

16  Plaintiff also objects to this Request to the extent it seeks information that is protected by the

17  attorney-client privilege, that constitutes attorney work product, or that is protected by any other

18  applicable privilege or protection, including without limitation the psychotherapist-patient

19  privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

20  overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

21  cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

22  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

23  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

24  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

25  agreement among the parties.  The Court has not yet entered a scheduling order in this case.

26     Plaintiff further objects to this Request as overly broad, unduly burdensome, and

27  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

28

1    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

2    Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

3    to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

4    Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

5    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

6    Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

7    oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

8    Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

9    "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

10   "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

11   seeks discovery not limited to the relevant time period regarding the facts at issue in this

12   litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

13   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

14        Plaintiff further objects to this Request as premature to the extent Plaintiff cannot

15   provide a full response until after further discovery is conducted.

16        Plaintiff further objects to this Request to the extent it requires a legal conclusion,

17   assessment, or determination, which will be adjudicated only by a judge and/or jury.

18        Subject to and without waiver of these objections and Plaintiff's General Objections,

19   Plaintiff responds as follows:

20        The Court has not yet entered a scheduling order in this case; the Court has not set a date

21   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

22   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

23   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

24   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

25   extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

26   documents as appropriate and, as discovery proceeds, will produce, before the close of

27   discovery in accordance with any scheduling order that the Court will issue in this case,

28

1   responsive and relevant documents that are neither privileged nor otherwise protected, are

2   within Plaintiff's possession, custody and control, are reasonably accessible, and are located

3   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

4   she is willing to meet and confer regarding the scope of this Request.

5   **REQUEST FOR PRODUCTION NO. 150:**

6       All DOCUMENTS that EVIDENCE the allegations in paragraphs 363 and 364 of the

7   COMPLAINT that "When Defendants failed to take corrective action, Defendants knew that

8   Plaintiff would continue to suffer extreme emotional distress and harm as a result of their failure

9   to act" and that "When Defendants retaliated against Plaintiff in lieu of taking corrective action

10  in response to her April and July 2021 complaints and her post-firing October 2021 complaint,

11  Defendants knew that Plaintiff would continue to suffer extreme emotional distress and harm as

12  a result of their actions."

13  **RESPONSE TO REQUEST FOR PRODUCTION 150:**

14      In addition to the foregoing General Objections, each of which is specifically

15  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

16  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

17  calculated to lead to the discovery of admissible evidence and that is not proportional to the

18  needs of this case, and as seeking discovery outside the permissible scope under the Federal

19  Rules and/or other applicable law.

20      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

21  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

22  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

23  duplicative of discovery sought in other Requests, including Requests regarding defamation,

24  discrimination, retaliation, and damages.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*,

25  Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R.

26  Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome,

27  and oppressive and as seeking discovery outside the scope permissible under the Federal Rules

28

of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that

1  are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.

2  R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).   Plaintiff

3  objects to this Request to the extent it seeks production of electronically stored information in

4  more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*

5  *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

6  Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

7  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

8  graphic material, however produced or reproduced and all other tangible objects, including, but

9  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

10  specified means] or other means" "and all drafts and summaries thereof" "and any

11  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

12  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

13  produced" where "a document was prepared and several copies were made or if additional

14  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

15  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

16  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

17  defendants' possession, custody, or control; and/or are or should be available to Defendant and

18  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

19  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

20  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

21  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

22  including because the sought discovery is should be in Kirkland's or its co-defendants'

23  possession, custody, or control, the importance of the discovery sought from Plaintiff in

24  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

25  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

26  overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

27  of the case, and a seeking discovery outside the scope of discovery permitted or required under

28

the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

recorded or graphic material, however produced or reproduced and all other tangible objects,

including, but not limited to," 76 enumerated categories, in addition to "all other data whether

recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional

copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

transmittal in any manner or received by any means by YOU" and/or "[w]herever such

DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

"YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

partnership, proprietorship, association, joint venture, other form of organization or arrangement,

and government and government agency of every nature or type"; and/or to the extent this

Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

envelopes, explanatory notes or memoranda, and any other material that accompanied the

document(s)" and "[i]f the specific document elicited a response, that response is also to be

1    identified and produced" and "[i]f the document was itself a response, the document to which it

2    responded is also to be identified and produced."

3          Plaintiff intends to produce electronically stored information in a reasonably usable form.

4          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

6    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

7    possession, custody, or control; and/or that is or should be available to Defendant and more

8    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9          Plaintiff objects to this Request as seeking discovery outside the scope permitted under

10   the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

11   privileged and/or otherwise protected, including without limitation by attorney-client privilege,

12   psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

13   Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

14   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

15   Plaintiff also objects to this Request to the extent it seeks information that is protected by the

16   attorney-client privilege, that constitutes attorney work product, or that is protected by any other

17   applicable privilege or protection, including without limitation the psychotherapist-patient

18   privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

19   overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

20   cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

21   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

22   opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

23   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

24   agreement among the parties.  The Court has not yet entered a scheduling order in this case.

25         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

26   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

27   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

28

Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature to the extent Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are

1   within Plaintiff's possession, custody and control, are reasonably accessible, and are located

2   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

3   she is willing to meet and confer regarding the scope of this Request.

4   **REQUEST FOR PRODUCTION NO. 151:**

5       All DOCUMENTS that EVIDENCE the allegations in paragraph 369 of the

6   COMPLAINT that "Defendants, and each of them, failed to exercise their duty of due care to

7   prevent their employees, managers, supervisors and/or officers from sex-based discriminating

8   against, retaliating against, and subjecting Plaintiff to a sex-based hostile work environment"

9   And that as a direct and consequential result of Defendants' actions, Plaintiff suffered serious

10  mental and emotional distress, includes, but is not limited to, pain, anxiety, humiliation, anger,

11  shame, embarrassment, frustration, and fear."

12  **RESPONSE TO REQUEST FOR PRODUCTION 151:**

13      In addition to the foregoing General Objections, each of which is specifically

14  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

15  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

16  calculated to lead to the discovery of admissible evidence and that is not proportional to the

17  needs of this case, and as seeking discovery outside the permissible scope under the Federal

18  Rules and/or other applicable law.

19      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

20  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

21  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

22  duplicative of discovery sought in other Requests, including Requests regarding defamation,

23  discrimination, retaliation, sex-based harassment constituting a hostile work environment, and

24  damages.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed.

25  R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff

26  further objects to this Request as overly broad, unduly burdensome, and oppressive and as

27  seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

28

and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that

1    are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.

2    R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff

3    objects to this Request to the extent it seeks production of electronically stored information in

4    more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*

5    *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

6    Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

7    "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

8    graphic material, however produced or reproduced and all other tangible objects, including, but

9    not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

10   specified means] or other means" "and all drafts and summaries thereof" "and any

11   DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

12   1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

13   produced" where "a document was prepared and several copies were made or if additional

14   copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

15   of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

16   are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

17   defendants' possession, custody, or control; and/or are or should be available to Defendant and

18   more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

19   expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

20   relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

21   and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

22   including because the sought discovery is should be in Kirkland's or its co-defendants'

23   possession, custody, or control, the importance of the discovery sought from Plaintiff in

24   resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

25   its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

26   overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

27   of the case, and a seeking discovery outside the scope of discovery permitted or required under

28

the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

recorded or graphic material, however produced or reproduced and all other tangible objects,

including, but not limited to," 76 enumerated categories, in addition to "all other data whether

recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional

copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

transmittal in any manner or received by any means by YOU" and/or "[w]herever such

DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

"YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

partnership, proprietorship, association, joint venture, other form of organization or arrangement,

and government and government agency of every nature or type"; and/or to the extent this

Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

envelopes, explanatory notes or memoranda, and any other material that accompanied the

document(s)" and "[i]f the specific document elicited a response, that response is also to be

1  identified and produced" and "[i]f the document was itself a response, the document to which it

2  responded is also to be identified and produced."

3        Plaintiff intends to produce electronically stored information in a reasonably usable form.

4        Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

6  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

7  possession, custody, or control; and/or that is or should be available to Defendant and more

8  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9        Plaintiff objects to this Request as seeking discovery outside the scope permitted under

10 the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

11 privileged and/or otherwise protected, including without limitation by attorney-client privilege,

12 psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

13 Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

14 Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

15 Plaintiff also objects to this Request to the extent it seeks information that is protected by the

16 attorney-client privilege, that constitutes attorney work product, or that is protected by any other

17 applicable privilege or protection, including without limitation the psychotherapist-patient

18 privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

19 overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

20 cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

21 premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

22 opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

23 or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

24 agreement among the parties.  The Court has not yet entered a scheduling order in this case.

25       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

26 oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

27 DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

28

Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request as premature to the extent Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are

within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 152:**

All DOCUMENTS that EVIDENCE any filing or COMMUNICATION between PLAINTIFF and any governmental agency concerning discrimination, harassment, retaliation, or any inappropriate conduct, including but not limited to filings or communications between PLAINTIFF and the U.S. Equal Employment Opportunity Commission and/or the California Department of Fair Employment and Housing, as well as any DOCUMENTS that EVIDENCE any lawsuit or complaint made by YOU against anyone within the last ten years.

**RESPONSE TO REQUEST FOR PRODUCTION 152:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and

1  "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates

2  or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and

3  incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed.

4  R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

5  Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

6        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

7  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

8  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

9  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

10  production of electronically stored information, to the extent this Request seeks "[a]ll"

11  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

12  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.

13  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

14  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

15  objects to this Request to the extent it seeks production of electronically stored information

16  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

17  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

18  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

19  it seeks production of electronically stored information that is unreasonably cumulative or

20  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

21  seeks production of electronically stored information that is or can be obtained from some other

22  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

23  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

24  production of electronically stored information that exceeds the scope of discovery permitted by

25  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

26  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

27  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

28

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff

1  objects to this Request to the extent it seeks production of electronically stored information in

2  more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See,*

3  *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

4  Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

5  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

6  graphic material, however produced or reproduced and all other tangible objects, including, but

7  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

8  specified means] or other means" "and all drafts and summaries thereof" "and any

9  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

10  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

11  produced" where "a document was prepared and several copies were made or if additional

12  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

13  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

14  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

15  defendants' possession, custody, or control; and/or are or should be available to Defendant and

16  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

17  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

18  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

19  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

20  including because the sought discovery is should be in Kirkland's or its co-defendants'

21  possession, custody, or control, the importance of the discovery sought from Plaintiff in

22  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

23  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

24  overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

25  of the case, and a seeking discovery outside the scope of discovery permitted or required under

26  the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

27  DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

28

1   Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

2   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

3   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

4   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

5   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

6   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

7   the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

8   recorded or graphic material, however produced or reproduced and all other tangible objects,

9   including, but not limited to," 76 enumerated categories, in addition to "all other data whether

10  recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

11  any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

12  Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

13  produced" where "a document was prepared and several copies were made or if additional

14  copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

15  description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

16  transmittal in any manner or received by any means by YOU" and/or "[w]herever such

17  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

18  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

19  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

20  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

21  and government and government agency of every nature or type"; and/or to the extent this

22  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

23  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

24  envelopes, explanatory notes or memoranda, and any other material that accompanied the

25  document(s)" and "[i]f the specific document elicited a response, that response is also to be

26  identified and produced" and "[i]f the document was itself a response, the document to which it

27  responded is also to be identified and produced."

28

1    Plaintiff intends to produce electronically stored information in a reasonably usable form.

2    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

3    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

4    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

5    possession, custody, or control; and/or that is or should be available to Defendant and more

6    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

7    Plaintiff objects to this Request as seeking discovery outside the scope permitted under

8    the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

9    privileged and/or otherwise protected, including without limitation by attorney-client privilege,

10   psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

11   Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

12   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

13   Plaintiff also objects to this Request to the extent it seeks information that is protected by the

14   attorney-client privilege, that constitutes attorney work product, or that is protected by any other

15   applicable privilege or protection, including without limitation the psychotherapist-patient

16   privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

17   overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

18   cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

19   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

20   opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

21   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

22   agreement among the parties.  The Court has not yet entered a scheduling order in this case.

23   Plaintiff further objects to this Request as overly broad, unduly burdensome, and

24   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

25   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

26   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

27   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

28

1    Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

2    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

3    Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

4    oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

5    Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

6    "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

7    "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

8    seeks discovery not limited to the relevant time period regarding the facts at issue in this

9    litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

10   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

11          Plaintiff further objects to this Request to the extent it is premature because Plaintiff

12   cannot provide a full response until after further discovery is conducted.

13          Subject to and without waiver of these objections and Plaintiff's General Objections,

14   Plaintiff responds as follows:

15          The Court has not yet entered a scheduling order in this case; the Court has not set a date

16   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

17   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

18   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

19   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

20   extent consistent with the same, Plaintiff states that she has produced material responsive to this

21   Request and states that she will conduct a reasonable search for documents as appropriate and,

22   as discovery proceeds, will produce, before the close of discovery in accordance with any

23   scheduling order that the Court will issue in this case, responsive and relevant documents that

24   are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and

25   control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the

26   extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding

27   the scope of this Request.

28

**REQUEST FOR PRODUCTION NO. 153:**

All DOCUMENTS that EVIDENCE PLAINTIFF'S job duties, responsibilities and job performance at KIRKLAND.

**RESPONSE TO REQUEST FOR PRODUCTION 153:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding defamation, discrimination, retaliation, and damages. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

1   recorded or graphic material, however produced or reproduced and all other tangible objects,
2   including, but not limited to," 76 enumerated categories, in addition to "all other data whether
3   recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and
4   any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and
5   Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be
6   produced" where "a document was prepared and several copies were made or if additional
7   copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing
8   description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for
9   transmittal in any manner or received by any means by YOU" and/or "[w]herever such
10  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent
11  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her
12  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,
13  partnership, proprietorship, association, joint venture, other form of organization or arrangement,
14  and government and government agency of every nature or type"; and/or to the extent this
15  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested
16  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all
17  envelopes, explanatory notes or memoranda, and any other material that accompanied the
18  document(s)" and "[i]f the specific document elicited a response, that response is also to be
19  identified and produced" and "[i]f the document was itself a response, the document to which it
20  responded is also to be identified and produced."

21      Plaintiff intends to produce electronically stored information in a reasonably usable form.
22      Plaintiff further objects to this Request as overly broad, unduly burdensome, and
23  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
24  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
25  possession, custody, or control; and/or that is or should be available to Defendant and more
26  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

27
28

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

1  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request
2  seeks discovery not limited to the relevant time period regarding the facts at issue in this
3  litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.
4  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

5         Subject to and without waiver of these objections and Plaintiff's General Objections,
6  Plaintiff responds as follows:

7         The Court has not yet entered a scheduling order in this case; the Court has not set a date
8  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
9  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
10 and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
11 Request as this action and discovery proceed.  Subject to the foregoing objections and to the
12 extent consistent with the same, Plaintiff states that she will conduct a reasonable search for
13 documents as appropriate and, as discovery proceeds, will produce, before the close of
14 discovery in accordance with any scheduling order that the Court will issue in this case,
15 responsive and relevant documents that are neither privileged nor otherwise protected, are
16 within Plaintiff's possession, custody and control, are reasonably accessible, and are located
17 from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that
18 she is willing to meet and confer regarding the scope of this Request.

19 **REQUEST FOR PRODUCTION NO. 154:**

20        All DOCUMENTS that EVIDENCE any KIRKLAND policy received by YOU.

21 **RESPONSE TO REQUEST FOR PRODUCTION 154:**

22        In addition to the foregoing General Objections, each of which is specifically
23 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
24 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
25 calculated to lead to the discovery of admissible evidence and that is not proportional to the
26 needs of this case, and as seeking discovery outside the permissible scope under the Federal
27 Rules and/or other applicable law.

28

1    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
2    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
3    and/or other applicable law to the extent this Request seeks discovery that is cumulative or
4    duplicative of discovery sought in other Requests, including Request No. 81. *See, e.g.*, Fed. R.
5    Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed.
6    R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as
7    overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope
8    permissible under the Federal Rules of Civil Procedure and/or other applicable law because it
9    seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll"
10   "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a
11   non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)"
12   and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ.
13   P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R.
14   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

15   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
16   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
17   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
18   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
19   production of electronically stored information, to the extent this Request seeks "[a]ll"
20   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
21   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P.
22   26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
23   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff
24   objects to this Request to the extent it seeks production of electronically stored information
25   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or
26   other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.
27   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

28

1   it seeks production of electronically stored information that is unreasonably cumulative or

2   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

3   seeks production of electronically stored information that is or can be obtained from some other

4   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

5   Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

6   production of electronically stored information that exceeds the scope of discovery permitted by

7   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

8   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

9   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

10  considering the importance of the issues at stake in the action, the amount in controversy, the

11  parties' relative access to relevant information, including Kirkland's access to relevant

12  information because relevant information sought is or should be in Kirkland's possession,

13  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

14  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

15  the at most de minimis importance of cumulative and duplicative discovery requested ad

16  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

17  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

18  this Request to the extent it seeks production of electronically stored information that is not in

19  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

20  defendants' possession, custody, or control; and/or that is or should be available to Defendant

21  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

22  expense.  Plaintiff further objects to this Request because it seeks production of electronically

23  stored information, including seeking discovery of duplicative and/or cumulative electronically

24  stored information, including without limitation to the extent this Request seeks "[a]ll"

25  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

26  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably

27  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

28

1  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

2  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

3  stored information from sources that are not reasonably accessible because of undue burden or

4  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

5  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

6  and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the

7  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are

8  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.

9  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects

10  to this Request to the extent it seeks production of electronically stored information in more than

11  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

12  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

13  objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

14  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

15  graphic material, however produced or reproduced and all other tangible objects, including, but

16  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

17  specified means] or other means" "and all drafts and summaries thereof" "and any

18  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

19  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

20  produced" where "a document was prepared and several copies were made or if additional

21  copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production

22  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

23  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

24  defendants' possession, custody, or control; and/or are or should be available to Defendant and

25  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

26  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

27  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

28

and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 155:**

All DOCUMENTS YOU have taken from the premises of KIRKLAND at any time, including but not limited to the electronic transmission of KIRKLAND DOCUMENTS to non-KIRKLAND email addresses, fax machines, cloud servers or the like.

**RESPONSE TO REQUEST FOR PRODUCTION 155:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the

needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff further objects to this Request as unduly burdensome, overly broad, oppressive, and as seeking discovery outside the permissible scope under the Federal Rules of Civil Procedure and/or other applicable law because it is vague, ambiguous, and unintelligible due to the use of the verbiage "taken," "from the premises," and "or the like" and because it is not tied to claims at issue in the litigation.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Request Nos. 174 and 181. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll"

"DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

1   defendants' possession, custody, or control; and/or that is or should be available to Defendant
2   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
3   expense.  Plaintiff further objects to this Request because it seeks production of electronically
4   stored information, including seeking discovery of duplicative and/or cumulative electronically
5   stored information, including without limitation to the extent this Request seeks "[a]ll"
6   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of
7   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably
8   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.
9   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.
10   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically
11   stored information from sources that are not reasonably accessible because of undue burden or
12   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"
13   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"
14   and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to
15   the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that
16   are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.
17   R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff
18   objects to this Request to the extent it seeks production of electronically stored information in
19   more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*
20   *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).
21   Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent
22   "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or
23   graphic material, however produced or reproduced and all other tangible objects, including, but
24   not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six
25   specified means] or other means" "and all drafts and summaries thereof" "and any
26   DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule
27   1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

28

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 156:**

All DOCUMENTS that EVIDENCE any statement, action, conduct or behavior by a KIRKLAND employee that YOU contend is inappropriate, discriminatory, harassing, retaliatory or otherwise unlawful.

**RESPONSE TO REQUEST FOR PRODUCTION 156:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff further objects to this Request as unduly burdensome, overly broad, oppressive, and as seeking discovery outside the permissible scope under the Federal Rules of Civil

Procedure and/or other applicable law because it is vague, ambiguous, and unintelligible due to the use of the verbiage "any statement, action, conduct or behavior" "by a KIRKLAND employee" "that YOU contend is inappropriate, discriminatory, harassing, retaliatory or otherwise unlawful" and because it is not tied to claims at issue in the litigation.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Request Nos. 1–151, 157–58, 161, 163. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically

stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional

1  copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

2  description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

3  transmittal in any manner or received by any means by YOU" and/or "[w]herever such

4  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

5  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

6  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

7  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

8  and government and government agency of every nature or type"; and/or to the extent this

9  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

10 DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

11 envelopes, explanatory notes or memoranda, and any other material that accompanied the

12 document(s)" and "[i]f the specific document elicited a response, that response is also to be

13 identified and produced" and "[i]f the document was itself a response, the document to which it

14 responded is also to be identified and produced."

15      Plaintiff intends to produce electronically stored information in a reasonably usable form.

16      Plaintiff further objects to this Request as overly broad, unduly burdensome, and

17 oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

18 outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

19 possession, custody, or control; and/or that is or should be available to Defendant and more

20 readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

21      Plaintiff objects to this Request as seeking discovery outside the scope permitted under

22 the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

23 privileged and/or otherwise protected, including without limitation by attorney-client privilege,

24 psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

25 Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

26 Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

27 Plaintiff also objects to this Request to the extent it seeks information that is protected by the

28

1   attorney-client privilege, that constitutes attorney work product, or that is protected by any other

2   applicable privilege or protection, including without limitation the psychotherapist-patient

3   privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

4   overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

5   cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

6   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

7   opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

8   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

9   agreement among the parties.  The Court has not yet entered a scheduling order in this case.

10      Plaintiff further objects to this Request as overly broad, unduly burdensome, and

11   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

12   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

13   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

14   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

15   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

16   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

17   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

18   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

19   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

20   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

21   "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

22   seeks discovery not limited to the relevant time period regarding the facts at issue in this

23   litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

24   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

25      Subject to and without waiver of these objections and Plaintiff's General Objections,

26   Plaintiff responds as follows:

27

28

1    The Court has not yet entered a scheduling order in this case; the Court has not set a date
2  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
3  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
4  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
5  Request as this action and discovery proceed.  Subject to the foregoing objections and to the
6  extent consistent with the same, Plaintiff states that she has produced material responsive to this
7  Request and states that she will conduct a reasonable search for documents as appropriate and,
8  as discovery proceeds, will produce, before the close of discovery in accordance with any
9  scheduling order that the Court will issue in this case, responsive and relevant documents that
10 are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and
11 control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the
12 extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding
13 the scope of this Request.

14 **REQUEST FOR PRODUCTION NO. 157:**

15    All DOCUMENTS that EVIDENCE any statement, action, conduct or behavior on the
16 part of any KIRKLAND employee EVIDENCING the allegations in the COMPLAINT.

17 **RESPONSE TO REQUEST FOR PRODUCTION 157:**

18    In addition to the foregoing General Objections, each of which is specifically
19 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
20 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
21 calculated to lead to the discovery of admissible evidence and that is not proportional to the
22 needs of this case, and as seeking discovery outside the permissible scope under the Federal
23 Rules and/or other applicable law.

24    Plaintiff further objects to this Request as unduly burdensome, overly broad, oppressive,
25 and as seeking discovery outside the permissible scope under the Federal Rules of Civil
26 Procedure and/or other applicable law because it is vague, ambiguous, and unintelligible due to

27
28

1    the use of the verbiage "any statement, action, conduct or behavior on the part of any

2    KIRKLAND employee EVIDENCING the allegations in the COMPLAINT."

3           Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

4    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

5    and/or other applicable law to the extent this Request seeks discovery that is cumulative or

6    duplicative of discovery sought in other Requests, including Request Nos. 1–151, 156, 158, 161,

7    163.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R.

8    Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further

9    objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking

10   discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other

11   applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this

12   Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that

13   EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's

14   definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on

15   Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed.

16   R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii);

17   Fed. R. Civ. P. 26(g)(1)(B)–(C).

18          Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

19   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

20   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

21   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

22   production of electronically stored information, to the extent this Request seeks "[a]ll"

23   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

24   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.

25   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

26   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

27   objects to this Request to the extent it seeks production of electronically stored information

28

exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll"

"DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and

more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

1   transmittal in any manner or received by any means by YOU" and/or "[w]herever such

2   DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

3   "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

4   behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

5   partnership, proprietorship, association, joint venture, other form of organization or arrangement,

6   and government and government agency of every nature or type"; and/or to the extent this

7   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

8   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

9   envelopes, explanatory notes or memoranda, and any other material that accompanied the

10  document(s)" and "[i]f the specific document elicited a response, that response is also to be

11  identified and produced" and "[i]f the document was itself a response, the document to which it

12  responded is also to be identified and produced."

13          Plaintiff intends to produce electronically stored information in a reasonably usable form.

14          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

15  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

16  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

17  possession, custody, or control; and/or that is or should be available to Defendant and more

18  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

19          Plaintiff objects to this Request as seeking discovery outside the scope permitted under

20  the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

21  privileged and/or otherwise protected, including without limitation by attorney-client privilege,

22  psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

23  Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

24  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

25  Plaintiff also objects to this Request to the extent it seeks information that is protected by the

26  attorney-client privilege, that constitutes attorney work product, or that is protected by any other

27  applicable privilege or protection, including without limitation the psychotherapist-patient

28

1  privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as
2  overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue
3  cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as
4  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert
5  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case
6  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by
7  agreement among the parties.  The Court has not yet entered a scheduling order in this case.

8       Plaintiff further objects to this Request as overly broad, unduly burdensome, and
9  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
10  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
11  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
12  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
13  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
14  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
15  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
16  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
17  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
18  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
19  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request
20  seeks discovery not limited to the relevant time period regarding the facts at issue in this
21  litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.
22  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

23       Subject to and without waiver of these objections and Plaintiff's General Objections,
24  Plaintiff responds as follows:

25       The Court has not yet entered a scheduling order in this case; the Court has not set a date
26  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
27  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

28

and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she has produced material responsive to this Request and states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 158:**

All DOCUMENTS that EVIDENCE any COMMUNICATION between PLAINTIFF and any person regarding PLAINTIFF'S employment with KIRKLAND and/or allegations in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION 158:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff further objects to this Request as unduly burdensome, overly broad, oppressive, and as seeking discovery outside the permissible scope under the Federal Rules of Civil Procedure and/or other applicable law because it is vague, ambiguous, and unintelligible due to the use of the verbiage "DOCUMENTS that EVIDENCE any COMMUNICATION" and "any COMMUNICATION between PLAINTIFF and any person."

1    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
2    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
3    and/or other applicable law to the extent this Request seeks discovery that is cumulative or
4    duplicative of discovery sought in other Requests, including Request Nos. 1–151, 156–57, 161,
5    163.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R.
6    Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further
7    objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking
8    discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other
9    applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this
10   Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that
11   EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's
12   definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on
13   Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed.
14   R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii);
15   Fed. R. Civ. P. 26(g)(1)(B)–(C).
16   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
17   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
18   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
19   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
20   production of electronically stored information, to the extent this Request seeks "[a]ll"
21   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
22   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.
23   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
24   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff
25   objects to this Request to the extent it seeks production of electronically stored information
26   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or
27   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.
28

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

it seeks production of electronically stored information that is unreasonably cumulative or

duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

seeks production of electronically stored information that is or can be obtained from some other

source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

production of electronically stored information that exceeds the scope of discovery permitted by

Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

stored information that is duplicative and/or cumulative of other sought discovery, privileged,

not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, including Kirkland's access to relevant

information because relevant information sought is or should be in Kirkland's possession,

custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

the at most de minimis importance of cumulative and duplicative discovery requested ad

infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

this Request to the extent it seeks production of electronically stored information that is not in

Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

defendants' possession, custody, or control; and/or that is or should be available to Defendant

and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

expense.  Plaintiff further objects to this Request because it seeks production of electronically

stored information, including seeking discovery of duplicative and/or cumulative electronically

stored information, including without limitation to the extent this Request seeks "[a]ll"

"DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

"DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

1   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

2   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

3   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).   Plaintiff will not provide discovery of electronically

4   stored information from sources that are not reasonably accessible because of undue burden or

5   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

6   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

7   and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

8   the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that

9   are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.

10   R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).   Plaintiff

11   objects to this Request to the extent it seeks production of electronically stored information in

12   more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*

13   *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

14   Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

15   "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

16   graphic material, however produced or reproduced and all other tangible objects, including, but

17   not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

18   specified means] or other means" "and all drafts and summaries thereof" "and any

19   DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

20   1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

21   produced" where "a document was prepared and several copies were made or if additional

22   copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

23   of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

24   are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

25   defendants' possession, custody, or control; and/or are or should be available to Defendant and

26   more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

27   expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

1   relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

2   and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

3   including because the sought discovery is should be in Kirkland's or its co-defendants'

4   possession, custody, or control, the importance of the discovery sought from Plaintiff in

5   resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

6   its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

7   overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

8   of the case, and a seeking discovery outside the scope of discovery permitted or required under

9   the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

10  DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

11  Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

12  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

13  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

14  oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

15  and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

16  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

17  the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

18  recorded or graphic material, however produced or reproduced and all other tangible objects,

19  including, but not limited to," 76 enumerated categories, in addition to "all other data whether

20  recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

21  any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

22  Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

23  produced" where "a document was prepared and several copies were made or if additional

24  copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

25  description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

26  transmittal in any manner or received by any means by YOU" and/or "[w]herever such

27  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

28

"YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the

extent consistent with the same, Plaintiff states that she has produced material responsive to this Request and states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 159:**

All DOCUMENTS that YOU received from or gave to current or former employees of KIRKLAND regarding PLAINTIFF'S employment with KIRKLAND and/or any of the allegations in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION 159:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff further objects to this Request as unduly burdensome, overly broad, oppressive, and as seeking discovery outside the permissible scope under the Federal Rules of Civil Procedure and/or other applicable law because it is vague, ambiguous, and unintelligible due to the use of the verbiage "[a]ll DOCUMENTS that YOU received from or gave to current or former employees of KIRKLAND regarding PLAINTIFF'S employment with KIRKLAND."

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or

1    duplicative of discovery sought in other Requests, including Request Nos. 1–151, 156–57, 161,

2    163. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R.

3    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further

4    objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking

5    discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other

6    applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this

7    Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that

8    EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's

9    definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on

10   Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed.

11   R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii);

12   Fed. R. Civ. P. 26(g)(1)(B)–(C).

13        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

14   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

15   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

16   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

17   production of electronically stored information, to the extent this Request seeks "[a]ll"

18   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

19   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R.

20   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

21   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff

22   objects to this Request to the extent it seeks production of electronically stored information

23   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

24   other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

25   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent

26   it seeks production of electronically stored information that is unreasonably cumulative or

27   duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it

28

seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants'

possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement,

1   and government and government agency of every nature or type"; and/or to the extent this

2   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

3   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

4   envelopes, explanatory notes or memoranda, and any other material that accompanied the

5   document(s)" and "[i]f the specific document elicited a response, that response is also to be

6   identified and produced" and "[i]f the document was itself a response, the document to which it

7   responded is also to be identified and produced."

8          Plaintiff intends to produce electronically stored information in a reasonably usable form.

9          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

10  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

11  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

12  possession, custody, or control; and/or that is or should be available to Defendant and more

13  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

14         Plaintiff objects to this Request as seeking discovery outside the scope permitted under

15  the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

16  privileged and/or otherwise protected, including without limitation by attorney-client privilege,

17  psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

18  Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

19  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

20  Plaintiff also objects to this Request to the extent it seeks information that is protected by the

21  attorney-client privilege, that constitutes attorney work product, or that is protected by any other

22  applicable privilege or protection, including without limitation the psychotherapist-patient

23  privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

24  overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

25  cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

26  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

27  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

28

1  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

2  agreement among the parties.  The Court has not yet entered a scheduling order in this case.

3       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

4  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

5  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

6  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

7  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

8  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

9  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

10  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

11  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

12  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

13  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

14  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

15  seeks discovery not limited to the relevant time period regarding the facts at issue in this

16  litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

17  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

18       Subject to and without waiver of these objections and Plaintiff's General Objections,

19  Plaintiff responds as follows:

20       The Court has not yet entered a scheduling order in this case; the Court has not set a date

21  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

22  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

23  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

24  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

25  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

26  documents as appropriate and, as discovery proceeds, will produce, before the close of

27  discovery in accordance with any scheduling order that the Court will issue in this case,

1   responsive and relevant documents that are neither privileged nor otherwise protected, are

2   within Plaintiff's possession, custody and control, are reasonably accessible, and are located

3   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

4   she is willing to meet and confer regarding the scope of this Request.

5   **REQUEST FOR PRODUCTION NO. 160:**

6       All DOCUMENTS that EVIDENCE PLAINTIFF'S COMMUNICATIONS with current

7   or former KIRKLAND employees after PLAINTIFF's employment with KIRKLAND

8   terminated.

9   **RESPONSE TO REQUEST FOR PRODUCTION 160:**

10      In addition to the foregoing General Objections, each of which is specifically

11  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

12  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

13  calculated to lead to the discovery of admissible evidence and that is not proportional to the

14  needs of this case, and as seeking discovery outside the permissible scope under the Federal

15  Rules and/or other applicable law.

16      Plaintiff further objects to this Request as unduly burdensome, overly broad, oppressive,

17  and as seeking discovery outside the permissible scope under the Federal Rules of Civil

18  Procedure and/or other applicable law because it is vague, ambiguous, and unintelligible due to

19  the use of the verbiage "[a]ll DOCUMENTS that EVIDENCE PLAINTIFF'S

20  COMMUNICATIONS" "with current or former KIRKLAND employees" "after PLAINTIFF's

21  employment with KIRKLAND terminated" and because it is not tied to claims at issue in the

22  litigation.

23      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

24  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

25  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

26  duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*

27  *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii);

28

Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly,

overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

1    Plaintiff further objects to this Request to the extent it requires a legal conclusion,
2    assessment, or determination, which will be adjudicated only by a judge and/or jury.

3    Plaintiff further objects to this Request as overly broad, unduly burdensome, and
4    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
5    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
6    Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
7    to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
8    Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
9    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
10   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
11   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
12   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
13   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
14   "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request
15   seeks discovery not limited to the relevant time period regarding the facts at issue in this
16   litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.
17   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

18   Subject to and without waiver of these objections and Plaintiff's General Objections,
19   Plaintiff responds as follows:

20   The Court has not yet entered a scheduling order in this case; the Court has not set a date
21   for the close of discovery. Plaintiff's reasonable investigation and reasonable search for
22   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
23   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
24   Request as this action and discovery proceed. Subject to the foregoing objections and to the
25   extent consistent with the same, Plaintiff states that she will conduct a reasonable search for
26   documents as appropriate and, as discovery proceeds, will produce, before the close of
27   discovery in accordance with any scheduling order that the Court will issue in this case,

28

1  responsive and relevant documents that are neither privileged nor otherwise protected, are

2  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

3  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

4  she is willing to meet and confer regarding the scope of this Request.

5  **REQUEST FOR PRODUCTION NO. 161:**

6          All DOCUMENTS that EVIDENCE any statement or complaint made by PLAINTIFF

7  to any person at KIRKLAND regarding alleged discrimination, harassment, retaliation, or any

8  of the allegations in the COMPLAINT.

9  **RESPONSE TO REQUEST FOR PRODUCTION 161:**

10         In addition to the foregoing General Objections, each of which is specifically

11 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

12 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

13 calculated to lead to the discovery of admissible evidence and that is not proportional to the

14 needs of this case, and as seeking discovery outside the permissible scope under the Federal

15 Rules and/or other applicable law.

16         Plaintiff further objects to this Request as unduly burdensome, overly broad, oppressive,

17 and as seeking discovery outside the permissible scope under the Federal Rules of Civil

18 Procedure and/or other applicable law because it is vague, ambiguous, and unintelligible due to

19 the use of the verbiage "EVIDENCE any statement or complaint made by PLAINTIFF to any

20 person" and "regarding alleged discrimination, harassment, retaliation."

21         Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

22 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

23 and/or other applicable law to the extent this Request seeks discovery that is cumulative or

24 duplicative of discovery sought in other Requests, including Request Nos. 1–151, 156–59, 163.

25 *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P.

26 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects

27 to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery

28

outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by

Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the

document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she has produced material responsive to this Request and states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the

extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 162:**

All DOCUMENTS that EVIDENCE any communication between PLAINTIFF and any KIRKLAND employee regarding PLAINITFF'S separation of employment from KIRKLAND.

**RESPONSE TO REQUEST FOR PRODUCTION 162:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

1    the at most de minimis importance of cumulative and duplicative discovery requested ad

2    infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

3    likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

4    this Request to the extent it seeks production of electronically stored information that is not in

5    Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

6    defendants' possession, custody, or control; and/or that is or should be available to Defendant

7    and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

8    expense.  Plaintiff further objects to this Request because it seeks production of electronically

9    stored information, including seeking discovery of duplicative and/or cumulative electronically

10   stored information, including without limitation to the extent this Request seeks "[a]ll"

11   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

12   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

13   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

14   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

15   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

16   stored information from sources that are not reasonably accessible because of undue burden or

17   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

18   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

19   and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

20   the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that

21   are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.

22   R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff

23   objects to this Request to the extent it seeks production of electronically stored information in

24   more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*

25   *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

26   Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

27   "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

28

graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

1   possession, custody, or control; and/or that is or should be available to Defendant and more
2   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

3        Plaintiff objects to this Request as seeking discovery outside the scope permitted under
4   the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is
5   privileged and/or otherwise protected, including without limitation by attorney-client privilege,
6   psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by
7   Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.
8   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.
9   Plaintiff also objects to this Request to the extent it seeks information that is protected by the
10  attorney-client privilege, that constitutes attorney work product, or that is protected by any other
11  applicable privilege or protection, including without limitation the psychotherapist-patient
12  privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as
13  overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue
14  cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as
15  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert
16  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case
17  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by
18  agreement among the parties.  The Court has not yet entered a scheduling order in this case.

19       Plaintiff further objects to this Request to the extent it requires a legal conclusion,
20  assessment, or determination, which will be adjudicated only by a judge and/or jury.

21       Plaintiff further objects to this Request as overly broad, unduly burdensome, and
22  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
23  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
24  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
25  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
26  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
27  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

28

1   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

2   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

3   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

4   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

5   "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

6   seeks discovery not limited to the relevant time period regarding the facts at issue in this

7   litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

8   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

9        Subject to and without waiver of these objections and Plaintiff's General Objections,

10  Plaintiff responds as follows:

11       The Court has not yet entered a scheduling order in this case; the Court has not set a date

12  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

13  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

14  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

15  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

16  extent consistent with the same, Plaintiff states that she has produced material responsive to this

17  Request and states that she will conduct a reasonable search for documents as appropriate and,

18  as discovery proceeds, will produce, before the close of discovery in accordance with any

19  scheduling order that the Court will issue in this case, responsive and relevant documents that

20  are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and

21  control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the

22  extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding

23  the scope of this Request.

24  **REQUEST FOR PRODUCTION NO. 163:**

25       All DOCUMENTS reflecting records of events alleged in the COMPLAINT that were

26  maintained by PLAINTIFF, including but not limited to, journals, diaries, tapes, calendars, date

27  books, personal organizers (whether electronic or manual), weekly or monthly planners,

28

chronologies, appointment books, notebooks, emails, or any other records of events maintained by PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION 163:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in

1   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-
2   defendants' possession, custody, or control; and/or that is or should be available to Defendant
3   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
4   expense.  Plaintiff further objects to this Request because it seeks production of electronically
5   stored information, including seeking discovery of duplicative and/or cumulative electronically
6   stored information, including without limitation to the extent this Request seeks "[a]ll"
7   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of
8   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably
9   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.
10  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.
11  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically
12  stored information from sources that are not reasonably accessible because of undue burden or
13  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"
14  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"
15  and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to
16  the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that
17  are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.
18  R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff
19  objects to this Request to the extent it seeks production of electronically stored information in
20  more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*
21  *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).
22  Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent
23  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or
24  graphic material, however produced or reproduced and all other tangible objects, including, but
25  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six
26  specified means] or other means" "and all drafts and summaries thereof" "and any
27  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule
28

1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether

recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege,

psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this

1  litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.
2  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

3  Subject to and without waiver of these objections and Plaintiff's General Objections,
4  Plaintiff responds as follows:

5  The Court has not yet entered a scheduling order in this case; the Court has not set a date
6  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
7  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
8  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
9  Request as this action and discovery proceed.  Subject to the foregoing objections and to the
10 extent consistent with the same, Plaintiff states that she has produced material responsive to this
11 Request and states that she will conduct a reasonable search for documents as appropriate and,
12 as discovery proceeds, will produce, before the close of discovery in accordance with any
13 scheduling order that the Court will issue in this case, responsive and relevant documents that
14 are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and
15 control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the
16 extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding
17 the scope of this Request.

18 **REQUEST FOR PRODUCTION NO. 164:**

19 Any summary, chronology or outline of facts, occurrences or events related to the
20 allegations of the COMPLAINT, which YOU prepared.

21 **RESPONSE TO REQUEST FOR PRODUCTION 164:**

22 In addition to the foregoing General Objections, each of which is specifically
23 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
24 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
25 calculated to lead to the discovery of admissible evidence and that is not proportional to the
26 needs of this case, and as seeking discovery outside the permissible scope under the Federal
27 Rules and/or other applicable law.

28

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

1   and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

2   including because the sought discovery is should be in Kirkland's or its co-defendants'

3   possession, custody, or control, the importance of the discovery sought from Plaintiff in

4   resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

5   its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

6   overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

7   of the case, and a seeking discovery outside the scope of discovery permitted or required under

8   the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

9   DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

10  Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

11  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

12  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

13  oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

14  and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

15  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

16  the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

17  recorded or graphic material, however produced or reproduced and all other tangible objects,

18  including, but not limited to," 76 enumerated categories, in addition to "all other data whether

19  recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

20  any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

21  Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

22  produced" where "a document was prepared and several copies were made or if additional

23  copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

24  description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

25  transmittal in any manner or received by any means by YOU" and/or "[w]herever such

26  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

27  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

28

behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as

1  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

2  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

3  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

4  agreement among the parties.  The Court has not yet entered a scheduling order in this case.

5        Plaintiff further objects to this Request as overly broad, unduly burdensome, and

6  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

7  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

8  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

9  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

10  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

11  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

12  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

13  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

14  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

15  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

16  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

17  seeks discovery not limited to the relevant time period regarding the facts at issue in this

18  litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

19  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

20        Subject to and without waiver of these objections and Plaintiff's General Objections,

21  Plaintiff responds as follows:

22        The Court has not yet entered a scheduling order in this case; the Court has not set a date

23  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

24  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

25  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

26  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

27  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

28

1 documents as appropriate and, as discovery proceeds, will produce, before the close of

2 discovery in accordance with any scheduling order that the Court will issue in this case,

3 responsive and relevant documents that are neither privileged nor otherwise protected, are

4 within Plaintiff's possession, custody and control, are reasonably accessible, and are located

5 from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

6 she is willing to meet and confer regarding the scope of this Request.

7 **REQUEST FOR PRODUCTION NO. 165:**

8 All DOCUMENTS that EVIDENCE any internet posting in YOUR possession, custody,

9 or control, which is related to YOUR employment with KIRKLAND or any of the allegations

10 set forth in the COMPLAINT.

11 **RESPONSE TO REQUEST FOR PRODUCTION 165:**

12 In addition to the foregoing General Objections, each of which is specifically

13 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

14 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

15 calculated to lead to the discovery of admissible evidence and that is not proportional to the

16 needs of this case, and as seeking discovery outside the permissible scope under the Federal

17 Rules and/or other applicable law.

18 Plaintiff further objects to this Request as unduly burdensome, overly broad, oppressive,

19 and as seeking discovery outside the permissible scope under the Federal Rules of Civil

20 Procedure and/or other applicable law because it is vague, ambiguous, and unintelligible due to

21 the use of the verbiage "[a]ll DOCUMENTS that EVIDENCE any internet posting in YOUR

22 possession, custody, or control."

23 Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

24 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

25 and/or other applicable law to the extent this Request seeks discovery that is cumulative or

26 duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see*

27 *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii);

28

Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

1   production of electronically stored information that exceeds the scope of discovery permitted by

2   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

3   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

4   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

5   considering the importance of the issues at stake in the action, the amount in controversy, the

6   parties' relative access to relevant information, including Kirkland's access to relevant

7   information because relevant information sought is or should be in Kirkland's possession,

8   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

9   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

10  the at most de minimis importance of cumulative and duplicative discovery requested ad

11  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

12  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

13  this Request to the extent it seeks production of electronically stored information that is not in

14  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

15  defendants' possession, custody, or control; and/or that is or should be available to Defendant

16  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

17  expense.  Plaintiff further objects to this Request because it seeks production of electronically

18  stored information, including seeking discovery of duplicative and/or cumulative electronically

19  stored information, including without limitation to the extent this Request seeks "[a]ll"

20  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

21  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

22  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

23  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

24  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

25  stored information from sources that are not reasonably accessible because of undue burden or

26  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

27  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

28

and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located

1  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

2  she is willing to meet and confer regarding the scope of this Request.

3  **REQUEST FOR PRODUCTION NO. 166:**

4      All DOCUMENTS that EVIDENCE any emotional distress suffered by PLAINTIFF,

5  including but not limited to correspondence, bills, reports, diagnoses, prescriptions, medical

6  records, doctor notes, treatment plans or test results for any medical or psychological counseling

7  or treatment received by PLAINTIFF from November 16, 2015 to the present.

8  **RESPONSE TO REQUEST FOR PRODUCTION 166:**

9      In addition to the foregoing General Objections, each of which is specifically

10 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

11 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

12 calculated to lead to the discovery of admissible evidence and that is not proportional to the

13 needs of this case, and as seeking discovery outside the permissible scope under the Federal

14 Rules and/or other applicable law.

15     Plaintiff further objects to this Request as overly broad, unduly burdensome, and

16 oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

17 DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

18 Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

19 to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

20 Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

21 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

22 Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

23 oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

24 Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

25 "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

26 "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

27 seeks discovery not limited to the relevant time period regarding the facts at issue in this

28

1  litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

2  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

3        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

4  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

5  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

6  duplicative of discovery sought in other Requests, including Request Nos. 113, 123, 150–51,

7  167, 179, 189–90.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P.

8  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).

9  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and

10  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

11  and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to

12  the  extent  this  Request  seeks  "[a]ll"  "DOCUMENTS,"  "EVIDENCE,"  and  "[a]ll

13  DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or

14  relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates

15  or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

16  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

17  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

18        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

19  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

20  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

21  the  Federal  Rules  of  Civil  Procedure  and/or  other  applicable  law,  e.g.,  with  respect  to

22  production  of  electronically  stored  information,  to  the  extent  this  Request  seeks  "[a]ll"

23  "DOCUMENTS"  that  "EVIDENCE"  and  incorporates  or  relies  on  Kirkland's  definitions  of

24  "DOCUMENT(S)"  and  "EVIDENCE"  and/or  on  Instruction  Nos.  1  and  2.  *See, e.g.*, Fed. R.

25  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

26  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

27  objects to this Request to the extent it seeks production of electronically stored information

28

exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll"

"DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and

more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the

1    attorney-client privilege, that constitutes attorney work product, or that is protected by any other

2    applicable privilege or protection, including without limitation the psychotherapist-patient

3    privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

4    overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

5    cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

6    premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

7    opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

8    or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

9    agreement among the parties.  The Court has not yet entered a scheduling order in this case.

10        Subject to and without waiver of these objections and Plaintiff's General Objections,

11   Plaintiff responds as follows:

12        The Court has not yet entered a scheduling order in this case; the Court has not set a date

13   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

14   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

15   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

16   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

17   extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

18   documents as appropriate and, as discovery proceeds, will produce, before the close of

19   discovery in accordance with any scheduling order that the Court will issue in this case,

20   responsive and relevant documents that are neither privileged nor otherwise protected, are

21   within Plaintiff's possession, custody and control, are reasonably accessible, and are located

22   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

23   she is willing to meet and confer regarding the scope of this Request.

24   **REQUEST FOR PRODUCTION NO. 167:**

25        All DOCUMENTS EVIDENCING any medical or mental health treatment PLAINTIFF

26   has sought or received from November 16, 2015 through the present.

27   **RESPONSE TO REQUEST FOR PRODUCTION 167:**

28

PL.'S OBJECS. & RESPS. TO KIRKLAND'S          1042          NO. 4:22-CV-05990-HSG (TSH)
1ST SET OF REQS. FOR PRODUC.

1        In addition to the foregoing General Objections, each of which is specifically

2   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

3   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

4   calculated to lead to the discovery of admissible evidence and that is not proportional to the

5   needs of this case, and as seeking discovery outside the permissible scope under the Federal

6   Rules and/or other applicable law.

7        Plaintiff further objects to this Request as overly broad, unduly burdensome, and

8   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

9   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

10  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

11  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

12  Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

13  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

14  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

15  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

16  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

17  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

18  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

19  seeks discovery not limited to the relevant time period regarding the facts at issue in this

20  litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

21  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

22       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

23  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

24  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

25  duplicative of discovery sought in other Requests, including Request Nos. 113, 123, 150–51,

26  166, 179, 189–90. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P.

27  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).

28

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks

production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).   Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.   *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.   Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.   Plaintiff further objects to this Request as unduly burdensome, unduly costly,

overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

1    envelopes, explanatory notes or memoranda, and any other material that accompanied the
2    document(s)" and "[i]f the specific document elicited a response, that response is also to be
3    identified and produced" and "[i]f the document was itself a response, the document to which it
4    responded is also to be identified and produced."

5          Plaintiff intends to produce electronically stored information in a reasonably usable form.

6          Plaintiff further objects to this Request as overly broad, unduly burdensome, and
7    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
8    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
9    possession, custody, or control; and/or that is or should be available to Defendant and more
10   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

11         Plaintiff further objects to this Request as premature because Plaintiff cannot provide a
12   full response until after further discovery is conducted.

13         Plaintiff objects to this Request as seeking discovery outside the scope permitted under
14   the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is
15   privileged and/or otherwise protected, including without limitation by attorney-client privilege,
16   psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by
17   Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.
18   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.
19   Plaintiff also objects to this Request to the extent it seeks information that is protected by the
20   attorney-client privilege, that constitutes attorney work product, or that is protected by any other
21   applicable privilege or protection, including without limitation the psychotherapist-patient
22   privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as
23   overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue
24   cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as
25   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert
26   opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

27
28

1   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

2   agreement among the parties.  The Court has not yet entered a scheduling order in this case.

3          Subject to and without waiver of these objections and Plaintiff's General Objections,

4   Plaintiff responds as follows:

5          The Court has not yet entered a scheduling order in this case; the Court has not set a date

6   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

7   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

8   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

9   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

10  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

11  documents as appropriate and, as discovery proceeds, will produce, before the close of

12  discovery in accordance with any scheduling order that the Court will issue in this case,

13  responsive and relevant documents that are neither privileged nor otherwise protected, are

14  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

15  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

16  she is willing to meet and confer regarding the scope of this Request.

17  **REQUEST FOR PRODUCTION NO. 168:**

18         Any independently prepared witness statements or sworn affidavits or declarations

19  obtained by PLAINTIFF that EVIDENCE any of the allegations in the COMPLAINT.

20  **RESPONSE TO REQUEST FOR PRODUCTION 168:**

21         In addition to the foregoing General Objections, each of which is specifically

22  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

23  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

24  calculated to lead to the discovery of admissible evidence and that is not proportional to the

25  needs of this case, and as seeking discovery outside the permissible scope under the Federal

26  Rules and/or other applicable law.

27

28

1    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
2    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
3    and/or other applicable law to the extent this Request seeks discovery that is cumulative or
4    duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*
5    *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii);
6    Fed. R. Civ. P. 26(b)(1).   Plaintiff further objects to this Request as overly broad, unduly
7    burdensome, and oppressive and as seeking discovery outside the scope permissible under the
8    Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is
9    cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"
10   "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative
11   complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of
12   "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P.
13   26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.
14   P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

15   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
16   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
17   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
18   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
19   production of electronically stored information, to the extent this Request seeks "[a]ll"
20   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
21   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.
22   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.
23   26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff
24   objects to this Request to the extent it seeks production of electronically stored information
25   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or
26   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.
27   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent
28

1   it seeks production of electronically stored information that is unreasonably cumulative or

2   duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it

3   seeks production of electronically stored information that is or can be obtained from some other

4   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

5   Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks

6   production of electronically stored information that exceeds the scope of discovery permitted by

7   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

8   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

9   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

10  considering the importance of the issues at stake in the action, the amount in controversy, the

11  parties' relative access to relevant information, including Kirkland's access to relevant

12  information because relevant information sought is or should be in Kirkland's possession,

13  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

14  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

15  the at most de minimis importance of cumulative and duplicative discovery requested ad

16  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

17  likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to

18  this Request to the extent it seeks production of electronically stored information that is not in

19  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

20  defendants' possession, custody, or control; and/or that is or should be available to Defendant

21  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

22  expense. Plaintiff further objects to this Request because it seeks production of electronically

23  stored information, including seeking discovery of duplicative and/or cumulative electronically

24  stored information, including without limitation to the extent this Request seeks "[a]ll"

25  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

26  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

27  accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

28

26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

1    behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

2    partnership, proprietorship, association, joint venture, other form of organization or arrangement,

3    and government and government agency of every nature or type"; and/or to the extent this

4    Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

5    DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

6    envelopes, explanatory notes or memoranda, and any other material that accompanied the

7    document(s)" and "[i]f the specific document elicited a response, that response is also to be

8    identified and produced" and "[i]f the document was itself a response, the document to which it

9    responded is also to be identified and produced."

10           Plaintiff intends to produce electronically stored information in a reasonably usable form.

11           Plaintiff further objects to this Request as overly broad, unduly burdensome, and

12    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

13    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

14    possession, custody, or control; and/or that is or should be available to Defendant and more

15    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

16           Plaintiff objects to this Request as seeking discovery outside the scope permitted under

17    the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

18    privileged and/or otherwise protected, including without limitation by attorney-client privilege,

19    psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

20    Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

21    Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

22    Plaintiff also objects to this Request to the extent it seeks information that is protected by the

23    attorney-client privilege, that constitutes attorney work product, or that is protected by any other

24    applicable privilege or protection, including without limitation the psychotherapist-patient

25    privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as

26    overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

27    cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as

28

premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she is not in possession of any

independently prepared witness statements, sworn affidavits or declaration responsive to this Request.

**REQUEST FOR PRODUCTION NO. 169:**

All DOCUMENTS that EVIDENCE any efforts made by PLAINTIFF to mitigate any damages suffered by PLAINTIFF as a result of the alleged conduct of KIRKLAND, including but not limited to employment applications, letters to prospective employers or contractors, resumes, job offer letters, job rejection letters, or any other COMMUNICATIONS with potential employers or contractors, job placement or job referral entities.

**RESPONSE TO REQUEST FOR PRODUCTION 169:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P.

1   26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

2   P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

3         Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

4   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

5   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

6   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

7   production of electronically stored information, to the extent this Request seeks "[a]ll"

8   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

9   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.

10  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

11  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

12  objects to this Request to the extent it seeks production of electronically stored information

13  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

14  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

15  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

16  it seeks production of electronically stored information that is unreasonably cumulative or

17  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

18  seeks production of electronically stored information that is or can be obtained from some other

19  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

20  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

21  production of electronically stored information that exceeds the scope of discovery permitted by

22  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

23  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

24  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

25  considering the importance of the issues at stake in the action, the amount in controversy, the

26  parties' relative access to relevant information, including Kirkland's access to relevant

27  information because relevant information sought is or should be in Kirkland's possession,

28

custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

1  Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent
2  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or
3  graphic material, however produced or reproduced and all other tangible objects, including, but
4  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six
5  specified means] or other means" "and all drafts and summaries thereof" "and any
6  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule
7  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be
8  produced" where "a document was prepared and several copies were made or if additional
9  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production
10  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they
11  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-
12  defendants' possession, custody, or control; and/or are or should be available to Defendant and
13  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
14  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not
15  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources
16  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,
17  including because the sought discovery is should be in Kirkland's or its co-defendants'
18  possession, custody, or control, the importance of the discovery sought from Plaintiff in
19  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs
20  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,
21  overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs
22  of the case, and a seeking discovery outside the scope of discovery permitted or required under
23  the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll
24  DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require
25  Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
26  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).
27  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,
28

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

1   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

2   possession, custody, or control; and/or that is or should be available to Defendant and more

3   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

4       Plaintiff objects to this Request as seeking discovery outside the scope permitted under

5   the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

6   privileged and/or otherwise protected, including without limitation by attorney-client privilege,

7   psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

8   Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

9   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

10  Plaintiff also objects to this Request to the extent it seeks information that is protected by the

11  attorney-client privilege, that constitutes attorney work product, or that is protected by any other

12  applicable privilege or protection, including without limitation the psychotherapist-patient

13  privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as

14  overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

15  cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as

16  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

17  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

18  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

19  agreement among the parties. The Court has not yet entered a scheduling order in this case.

20      Plaintiff further objects to this Request as overly broad, unduly burdensome, and

21  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

22  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

23  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

24  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

25  Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

26  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

27  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

28

oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she has produced material responsive to this Request and states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 170:**

All DOCUMENTS that EVIDENCE any efforts made by PLAINTIFF to obtain work other than with KIRKLAND during her employment with KIRKLAND.

**RESPONSE TO REQUEST FOR PRODUCTION 170:**

1    In addition to the foregoing General Objections, each of which is specifically

2    incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

3    unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

4    calculated to lead to the discovery of admissible evidence and that is not proportional to the

5    needs of this case, and as seeking discovery outside the permissible scope under the Federal

6    Rules and/or other applicable law.

7    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

8    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

9    and/or other applicable law to the extent this Request seeks discovery that is cumulative or

10   duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see

11   also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii);

12   Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly

13   burdensome, and oppressive and as seeking discovery outside the scope permissible under the

14   Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is

15   cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"

16   "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative

17   complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of

18   "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P.

19   26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

20   P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

21   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

22   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

23   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

24   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

25   production of electronically stored information, to the extent this Request seeks "[a]ll"

26   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

27   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.

28

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

1  expense.  Plaintiff further objects to this Request because it seeks production of electronically

2  stored information, including seeking discovery of duplicative and/or cumulative electronically

3  stored information, including without limitation to the extent this Request seeks "[a]ll"

4  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

5  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

6  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

7  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

8  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

9  stored information from sources that are not reasonably accessible because of undue burden or

10  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

11  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

12  and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

13  the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that

14  are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.

15  R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff

16  objects to this Request to the extent it seeks production of electronically stored information in

17  more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*

18  *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

19  Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

20  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

21  graphic material, however produced or reproduced and all other tangible objects, including, but

22  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

23  specified means] or other means" "and all drafts and summaries thereof" "and any

24  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

25  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

26  produced" where "a document was prepared and several copies were made or if additional

27  copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production

28

of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

1 Plaintiff also objects to this Request to the extent it seeks information that is protected by the
2 attorney-client privilege, that constitutes attorney work product, or that is protected by any other
3 applicable privilege or protection, including without limitation the psychotherapist-patient
4 privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as
5 overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue
6 cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as
7 premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert
8 opinion and testimony in advance of any deadlines that will be set forth by the Court in this case
9 or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by
10 agreement among the parties.  The Court has not yet entered a scheduling order in this case.

11 Plaintiff further objects to this Request as overly broad, unduly burdensome, and
12 oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
13 DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
14 Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
15 to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
16 Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
17 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
18 Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
19 oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
20 Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
21 "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
22 "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request
23 seeks discovery not limited to the relevant time period regarding the facts at issue in this
24 litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.
25 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

26 Subject to and without waiver of these objections and Plaintiff's General Objections,
27 Plaintiff responds as follows:

28

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 171:**

All DOCUMENTS that EVIDENCE any jobs held by PLAINTIFF, contracts worked on by PLAINTIFF, or consulting work done by PLAINTIFF since PLAINTIFF'S employment with KIRKLAND ended, including, but not limited to, all DOCUMENTS that describe any of the following: the job held, the dates of employment or work performed for the job(s), the reasons for termination (if applicable), PLAINTIFF'S job performance in the job(s), and PLAINTIFF'S compensation and benefits for the job(s).

**RESPONSE TO REQUEST FOR PRODUCTION 171:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly

burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by

Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the

1   document(s)" and "[i]f the specific document elicited a response, that response is also to be
2   identified and produced" and "[i]f the document was itself a response, the document to which it
3   responded is also to be identified and produced."

4       Plaintiff intends to produce electronically stored information in a reasonably usable form.

5       Plaintiff further objects to this Request as overly broad, unduly burdensome, and
6   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
7   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
8   possession, custody, or control; and/or that is or should be available to Defendant and more
9   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

10       Plaintiff objects to this Request as seeking discovery outside the scope permitted under
11   the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is
12   privileged and/or otherwise protected, including without limitation by attorney-client privilege,
13   psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by
14   Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.
15   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.
16   Plaintiff also objects to this Request to the extent it seeks information that is protected by the
17   attorney-client privilege, that constitutes attorney work product, or that is protected by any other
18   applicable privilege or protection, including without limitation the psychotherapist-patient
19   privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as
20   overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue
21   cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as
22   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert
23   opinion and testimony in advance of any deadlines that will be set forth by the Court in this case
24   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by
25   agreement among the parties.  The Court has not yet entered a scheduling order in this case.

26       Plaintiff further objects to this Request as overly broad, unduly burdensome, and
27   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

28

DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she is not in possession of documents responsive to this Request.  Plaintiff states that she has not held another job since Defendant terminated her.

**REQUEST FOR PRODUCTION NO. 172:**

All DOCUMENTS that EVIDENCE PLAINTIFF'S contention that KIRKLAND acted with malice, oppression, or fraud.

**RESPONSE TO REQUEST FOR PRODUCTION 172:**

1  In addition to the foregoing General Objections, each of which is specifically

2  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

3  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

4  calculated to lead to the discovery of admissible evidence and that is not proportional to the

5  needs of this case, and as seeking discovery outside the permissible scope under the Federal

6  Rules and/or other applicable law.

7  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

8  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

9  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

10  duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see*

11  *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii);

12  Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly

13  burdensome, and oppressive and as seeking discovery outside the scope permissible under the

14  Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is

15  cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"

16  "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative

17  complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of

18  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P.

19  26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

20  P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

21  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

22  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

23  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

24  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

25  production of electronically stored information, to the extent this Request seeks "[a]ll"

26  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

27  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.

28

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

1   The Court has not yet entered a scheduling order in this case; the Court has not set a date

2   for the close of discovery.   Plaintiff's reasonable investigation and reasonable search for

3   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

4   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

5   Request as this action and discovery proceed.   Subject to the foregoing objections and to the

6   extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

7   documents as appropriate and, as discovery proceeds, will produce, before the close of

8   discovery in accordance with any scheduling order that the Court will issue in this case,

9   responsive and relevant documents that are neither privileged nor otherwise protected, are

10  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

11  from Plaintiff's reasonable search, to the extent any such documents exist.   Plaintiff states that

12  she is willing to meet and confer regarding the scope of this Request.

13  **REQUEST FOR PRODUCTION NO. 173:**

14  All DOCUMENTS that EVIDENCE the basis for, and the computation of,

15  PLAINTIFF'S alleged damages.

16  **RESPONSE TO REQUEST FOR PRODUCTION 173:**

17  In addition to the foregoing General Objections, each of which is specifically

18  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

19  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

20  calculated to lead to the discovery of admissible evidence and that is not proportional to the

21  needs of this case, and as seeking discovery outside the permissible scope under the Federal

22  Rules and/or other applicable law.

23  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

24  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

25  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

26  duplicative of discovery sought in other Requests.   *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*

27  *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii);

28

Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

1    production of electronically stored information that exceeds the scope of discovery permitted by

2    Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

3    stored information that is duplicative and/or cumulative of other sought discovery, privileged,

4    not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

5    considering the importance of the issues at stake in the action, the amount in controversy, the

6    parties' relative access to relevant information, including Kirkland's access to relevant

7    information because relevant information sought is or should be in Kirkland's possession,

8    custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

9    Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

10   the at most de minimis importance of cumulative and duplicative discovery requested ad

11   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

12   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

13   this Request to the extent it seeks production of electronically stored information that is not in

14   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

15   defendants' possession, custody, or control; and/or that is or should be available to Defendant

16   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

17   expense.  Plaintiff further objects to this Request because it seeks production of electronically

18   stored information, including seeking discovery of duplicative and/or cumulative electronically

19   stored information, including without limitation to the extent this Request seeks "[a]ll"

20   "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

21   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

22   accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

23   26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

24   34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

25   stored information from sources that are not reasonably accessible because of undue burden or

26   cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

27   incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

28

and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).   Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case,

responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 174:**

All DOCUMENTS in PLAINTIFF's possession that KIRKLAND provided to PLAINTIFF or that PLAINTIFF obtained from KIRKLAND.

**RESPONSE TO REQUEST FOR PRODUCTION 174:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff further objects to this Request as unduly burdensome, overly broad, oppressive, and as seeking discovery outside the permissible scope under the Federal Rules of Civil Procedure and/or other applicable law because it is vague, ambiguous, and unintelligible due to the use of the verbiage "[a]ll DOCUMENTS in PLAINTIFF's possession" that "KIRKLAND provided to PLAINTIFF or that PLAINTIFF obtained from KIRKLAND" and because it is not tied to claims at issue in the litigation.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Request Nos. 155 and 181.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery

outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by

Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the

1  document(s)" and "[i]f the specific document elicited a response, that response is also to be

2  identified and produced" and "[i]f the document was itself a response, the document to which it

3  responded is also to be identified and produced."

4       Plaintiff intends to produce electronically stored information in a reasonably usable form.

5       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

6  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

7  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

8  possession, custody, or control; and/or that is or should be available to Defendant and more

9  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

10       Plaintiff objects to this Request as seeking discovery outside the scope permitted under

11  the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

12  privileged and/or otherwise protected, including without limitation by attorney-client privilege,

13  psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

14  Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

15  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

16  Plaintiff also objects to this Request to the extent it seeks information that is protected by the

17  attorney-client privilege, that constitutes attorney work product, or that is protected by any other

18  applicable privilege or protection, including without limitation the psychotherapist-patient

19  privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

20  overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

21  cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

22  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

23  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

24  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

25  agreement among the parties.  The Court has not yet entered a scheduling order in this case.

26       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

27  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

28

1  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

2  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

3  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

4  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

5  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

6  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

7  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

8  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

9  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

10  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

11  seeks discovery not limited to the relevant time period regarding the facts at issue in this

12  litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

13  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

14       Subject to and without waiver of these objections and Plaintiff's General Objections,

15  Plaintiff responds as follows:

16       The Court has not yet entered a scheduling order in this case; the Court has not set a date

17  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

18  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

19  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

20  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

21  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

22  documents as appropriate and, as discovery proceeds, will produce, before the close of

23  discovery in accordance with any scheduling order that the Court will issue in this case,

24  responsive and relevant documents that are neither privileged nor otherwise protected, are

25  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

26  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

27  she is willing to meet and confer regarding the scope of this Request.

28

**REQUEST FOR PRODUCTION NO. 175:**

PLAINTIFF's resume, including but not limited to all drafts, prior versions, and current versions within the last 5 years.

**RESPONSE TO REQUEST FOR PRODUCTION 175:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

1  this Request to the extent it seeks production of electronically stored information that is not in

2  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

3  defendants' possession, custody, or control; and/or that is or should be available to Defendant

4  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

5  expense.  Plaintiff further objects to this Request because it seeks production of electronically

6  stored information, including seeking discovery of duplicative and/or cumulative electronically

7  stored information, including without limitation to the extent this Request seeks "[a]ll"

8  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

9  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

10  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

11  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

12  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

13  stored information from sources that are not reasonably accessible because of undue burden or

14  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

15  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

16  and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

17  the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that

18  are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.

19  R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff

20  objects to this Request to the extent it seeks production of electronically stored information in

21  more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*

22  *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

23  Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

24  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

25  graphic material, however produced or reproduced and all other tangible objects, including, but

26  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

27  specified means] or other means" "and all drafts and summaries thereof" "and any

28

1   DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule
2   1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be
3   produced" where "a document was prepared and several copies were made or if additional
4   copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production
5   of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they
6   are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-
7   defendants' possession, custody, or control; and/or are or should be available to Defendant and
8   more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
9   expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not
10  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources
11  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,
12  including because the sought discovery is should be in Kirkland's or its co-defendants'
13  possession, custody, or control, the importance of the discovery sought from Plaintiff in
14  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs
15  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,
16  overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs
17  of the case, and a seeking discovery outside the scope of discovery permitted or required under
18  the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll
19  DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require
20  Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
21  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).
22  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,
23  oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,
24  and a seeking discovery outside the scope of discovery permitted under the Federal Rules of
25  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to
26  the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,
27  recorded or graphic material, however produced or reproduced and all other tangible objects,

28

including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

"EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she has produced material responsive to this Request.

## REQUEST FOR PRODUCTION NO. 176:

All DOCUMENTS that EVIDENCE any lawsuit, government agency charge or complaint made by PLAINTIFF against anyone within the last five years.

## RESPONSE TO REQUEST FOR PRODUCTION 176:

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Request No. 52. *See, e.g.*, Fed. R.

Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).   Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

1   Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

2   full response until after further discovery is conducted.

3   Plaintiff further objects to this Request as overly broad, unduly burdensome, and

4   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

5   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

6   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

7   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

8   Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

9   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

10  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

11  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

12  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

13  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

14  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

15  seeks discovery not limited to the relevant time period regarding the facts at issue in this

16  litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

17  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

18  Subject to and without waiver of these objections and Plaintiff's General Objections,

19  Plaintiff responds as follows:

20  The Court has not yet entered a scheduling order in this case; the Court has not set a date

21  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

22  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

23  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

24  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

25  extent consistent with the same, Plaintiff states that she has produced material responsive to this

26  Request.

27  **REQUEST FOR PRODUCTION NO. 177:**

28

1      All DOCUMENTS that EVIDENCE any discipline PLAINTIFF received while working

2  for KIRKLAND.

3  **RESPONSE TO REQUEST FOR PRODUCTION 177:**

4      In addition to the foregoing General Objections, each of which is specifically

5  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

6  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

7  calculated to lead to the discovery of admissible evidence and that is not proportional to the

8  needs of this case, and as seeking discovery outside the permissible scope under the Federal

9  Rules and/or other applicable law.

10     Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

11 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

12 and/or other applicable law to the extent this Request seeks discovery that is cumulative or

13 duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*

14 *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii);

15 Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly

16 burdensome, and oppressive and as seeking discovery outside the scope permissible under the

17 Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is

18 cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"

19 "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative

20 complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of

21 "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

22 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

23 P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

24     Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

25 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

26 and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

27 the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

28

production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in

Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

1  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be
2  produced" where "a document was prepared and several copies were made or if additional
3  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production
4  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they
5  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-
6  defendants' possession, custody, or control; and/or are or should be available to Defendant and
7  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
8  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not
9  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources
10  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,
11  including because the sought discovery is should be in Kirkland's or its co-defendants'
12  possession, custody, or control, the importance of the discovery sought from Plaintiff in
13  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs
14  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,
15  overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs
16  of the case, and a seeking discovery outside the scope of discovery permitted or required under
17  the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll
18  DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require
19  Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
20  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).
21  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,
22  oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,
23  and a seeking discovery outside the scope of discovery permitted under the Federal Rules of
24  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to
25  the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,
26  recorded or graphic material, however produced or reproduced and all other tangible objects,
27  including, but not limited to," 76 enumerated categories, in addition to "all other data whether

28

recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that does not exist and therefore is outside of Plaintiff's possession, custody, or control.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

This Request seeks material that does not exist and never existed.

**REQUEST FOR PRODUCTION NO. 178:**

All DOCUMENTS that EVIDENCE any statement, action, conduct or behavior by ANY DEFENDANT or an employee of KIRKLAND that PLAINTIFF contends is inappropriate, discriminatory, retaliatory, harassing or otherwise unlawful.

**RESPONSE TO REQUEST FOR PRODUCTION 178:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff further objects to this Request as unduly burdensome, overly broad, oppressive, and as seeking discovery outside the permissible scope under the Federal Rules of Civil Procedure and/or other applicable law because it is vague, ambiguous, and unintelligible due to

1  the use of the verbiage "any statement, action, conduct or behavior" "by ANY DEFENDANT or

2  an employee of KIRKLAND" "that PLAINTIFF contends is inappropriate, discriminatory,

3  harassing, retaliatory or otherwise unlawful" and because it is not tied to claims at issue in the

4  litigation.

5       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

6  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

7  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

8  duplicative of discovery sought in other Requests, including Request Nos. 152 and 156. *See,*

9  *e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P.

10  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects

11  to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery

12  outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable

13  law because it seeks discovery that is cumulative and/or duplicative to the extent this Request

14  seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE"

15  statements in a non-operative complaint, incorporates or relies on Kirkland's definition of

16  "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1

17  and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P.

18  26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ.

19  P. 26(g)(1)(B)–(C).

20       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

21  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

22  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

23  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

24  production of electronically stored information, to the extent this Request seeks "[a]ll"

25  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

26  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R.

27  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

28

26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically

stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).   Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).   Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional

copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the

1  attorney-client privilege, that constitutes attorney work product, or that is protected by any other

2  applicable privilege or protection, including without limitation the psychotherapist-patient

3  privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

4  overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

5  cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

6  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

7  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

8  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

9  agreement among the parties.  The Court has not yet entered a scheduling order in this case.

10      Plaintiff further objects to this Request as overly broad, unduly burdensome, and

11  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

12  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

13  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

14  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

15  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

16  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

17  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

18  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

19  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

20  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

21  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

22  seeks discovery not limited to the relevant time period regarding the facts at issue in this

23  litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

24  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

25      Subject to and without waiver of these objections and Plaintiff's General Objections,

26  Plaintiff responds as follows:

27

28

1    The Court has not yet entered a scheduling order in this case; the Court has not set a date

2    for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

3    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

4    and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

5    Request as this action and discovery proceed.  Subject to the foregoing objections and to the

6    extent consistent with the same, Plaintiff states that she has produced material responsive to this

7    Request and states that she will conduct a reasonable search for documents as appropriate and,

8    as discovery proceeds, will produce, before the close of discovery in accordance with any

9    scheduling order that the Court will issue in this case, responsive and relevant documents that

10   are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and

11   control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the

12   extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding

13   the scope of this Request.

14   **REQUEST FOR PRODUCTION NO. 179:**

15   All DOCUMENTS that EVIDENCE any physical injuries, physical harm or physical

16   distress suffered by PLAINTIFF, including but not limited to correspondence, bills, reports,

17   diagnoses, prescriptions, medical records, or treatment plans for any medical or psychological

18   counseling or treatment received by PLAINTIFF from November 16, 2015 to the present.

19   **RESPONSE TO REQUEST FOR PRODUCTION 179:**

20   In addition to the foregoing General Objections, each of which is specifically

21   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

22   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

23   calculated to lead to the discovery of admissible evidence and that is not proportional to the

24   needs of this case, and as seeking discovery outside the permissible scope under the Federal

25   Rules and/or other applicable law.

26   Plaintiff further objects to this Request as overly broad, unduly burdensome, and

27   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

28

1  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
2  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
3  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
4  Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
5  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
6  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
7  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
8  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
9  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
10 "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request
11 seeks discovery not limited to the relevant time period regarding the facts at issue in this
12 litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.
13 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

14      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
15 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
16 and/or other applicable law to the extent this Request seeks discovery that is cumulative or
17 duplicative of discovery sought in other Requests, including Request Nos. 113, 123, 150–51,
18 166–67, 189–90. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P.
19 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).
20 Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and
21 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
22 and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to
23 the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
24 DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or
25 relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates
26 or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

27
28

26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession,

custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

1    Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

2    "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

3    graphic material, however produced or reproduced and all other tangible objects, including, but

4    not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

5    specified means] or other means" "and all drafts and summaries thereof" "and any

6    DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

7    1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

8    produced" where "a document was prepared and several copies were made or if additional

9    copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

10   of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

11   are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

12   defendants' possession, custody, or control; and/or are or should be available to Defendant and

13   more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

14   expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

15   relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

16   and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

17   including  because  the  sought  discovery  is  should  be  in  Kirkland's  or  its  co-defendants'

18   possession,  custody,  or  control,  the  importance  of  the  discovery  sought  from  Plaintiff  in

19   resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

20   its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

21   overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

22   of the case, and a seeking discovery outside the scope of discovery permitted or required under

23   the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

24   DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

25   Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

26   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

27   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

28

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as premature because Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 180:**

All DOCUMENTS that EVIDENCE PLAINTIFF'S termination of employment from KIRKLAND.

**RESPONSE TO REQUEST FOR PRODUCTION 180:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"

"EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff

objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

1   Plaintiff intends to produce electronically stored information in a reasonably usable form.

2   Plaintiff further objects to this Request as overly broad, unduly burdensome, and

3   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

4   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

5   possession, custody, or control; and/or that is or should be available to Defendant and more

6   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

7   Plaintiff objects to this Request as seeking discovery outside the scope permitted under

8   the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

9   privileged and/or otherwise protected, including without limitation by attorney-client privilege,

10  psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

11  Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

12  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

13  Plaintiff also objects to this Request to the extent it seeks information that is protected by the

14  attorney-client privilege, that constitutes attorney work product, or that is protected by any other

15  applicable privilege or protection, including without limitation the psychotherapist-patient

16  privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

17  overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

18  cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

19  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

20  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

21  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

22  agreement among the parties.  The Court has not yet entered a scheduling order in this case.

23  Plaintiff further objects to this Request as overly broad, unduly burdensome, and

24  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

25  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

26  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

27  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

28

1    Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

2    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

3    Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

4    oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

5    Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

6    "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

7    "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

8    seeks discovery not limited to the relevant time period regarding the facts at issue in this

9    litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

10   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

11        Subject to and without waiver of these objections and Plaintiff's General Objections,

12   Plaintiff responds as follows:

13        The Court has not yet entered a scheduling order in this case; the Court has not set a date

14   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

15   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

16   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

17   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

18   extent consistent with the same, Plaintiff states that she has produced material responsive to this

19   Request and states that she will conduct a reasonable search for documents as appropriate and,

20   as discovery proceeds, will produce, before the close of discovery in accordance with any

21   scheduling order that the Court will issue in this case, responsive and relevant documents that

22   are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and

23   control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the

24   extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding

25   the scope of this Request.

26   **REQUEST FOR PRODUCTION NO. 181:**

1    All DOCUMENTS, including but not limited to DOCUMENTS removed from or

2  maintained in files, or on disks or CDs, or on a computer hard drive, that were at any time

3  obtained, received or removed by PLAINTIFF from KIRKLAND'S premises during

4  PLAINTIFF'S employment or after PLAINTIFF'S employment ended.

5  **RESPONSE TO REQUEST FOR PRODUCTION 181:**

6    In addition to the foregoing General Objections, each of which is specifically

7  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

8  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

9  calculated to lead to the discovery of admissible evidence and that is not proportional to the

10 needs of this case, and as seeking discovery outside the permissible scope under the Federal

11 Rules and/or other applicable law.

12    Plaintiff further objects to this Request as unduly burdensome, overly broad, oppressive,

13 and as seeking discovery outside the permissible scope under the Federal Rules of Civil

14 Procedure and/or other applicable law because it is vague, ambiguous, and unintelligible due to

15 the use of the verbiage "removed from," "maintained in," "on disks or CDs," "obtained,

16 received or removed by PLAINTIFF," and "KIRKLAND'S premises" and because it is not tied

17 to claims at issue in the litigation.

18    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

19 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

20 and/or other applicable law to the extent this Request seeks discovery that is cumulative or

21 duplicative of discovery sought in other Requests, including Request No. 155. *See, e.g.*, Fed. R.

22 Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed.

23 R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as

24 overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope

25 permissible under the Federal Rules of Civil Procedure and/or other applicable law because it

26 seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll"

27 "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a

28

non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in

more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

1  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).
2  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,
3  oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,
4  and a seeking discovery outside the scope of discovery permitted under the Federal Rules of
5  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to
6  the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,
7  recorded or graphic material, however produced or reproduced and all other tangible objects,
8  including, but not limited to," 76 enumerated categories, in addition to "all other data whether
9  recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and
10 any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and
11 Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be
12 produced" where "a document was prepared and several copies were made or if additional
13 copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing
14 description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for
15 transmittal in any manner or received by any means by YOU" and/or "[w]herever such
16 DOCUMENTS are located in YOUR possession, custody, or control," including to the extent
17 "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her
18 behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,
19 partnership, proprietorship, association, joint venture, other form of organization or arrangement,
20 and government and government agency of every nature or type"; and/or to the extent this
21 Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested
22 DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all
23 envelopes, explanatory notes or memoranda, and any other material that accompanied the
24 document(s)" and "[i]f the specific document elicited a response, that response is also to be
25 identified and produced" and "[i]f the document was itself a response, the document to which it
26 responded is also to be identified and produced."

27       Plaintiff intends to produce electronically stored information in a reasonably usable form.

28

1    Plaintiff further objects to this Request as overly broad, unduly burdensome, and
2    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
3    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
4    possession, custody, or control; and/or that is or should be available to Defendant and more
5    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

6    Plaintiff objects to this Request as seeking discovery outside the scope permitted under
7    the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is
8    privileged and/or otherwise protected, including without limitation by attorney-client privilege,
9    psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by
10   Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.
11   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.
12   Plaintiff also objects to this Request to the extent it seeks information that is protected by the
13   attorney-client privilege, that constitutes attorney work product, or that is protected by any other
14   applicable privilege or protection, including without limitation the psychotherapist-patient
15   privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as
16   overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue
17   cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as
18   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert
19   opinion and testimony in advance of any deadlines that will be set forth by the Court in this case
20   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by
21   agreement among the parties.  The Court has not yet entered a scheduling order in this case.

22   Plaintiff further objects to this Request as overly broad, unduly burdensome, and
23   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
24   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
25   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
26   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
27   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

28

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 182:**

All DOCUMENTS that EVIDENCE any income earned or received by PLAINTIFF from any source since the termination of PLAINTIFF'S employment with KIRKLAND.

**RESPONSE TO REQUEST FOR PRODUCTION 182:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff further objects to this Request as unduly burdensome, overly broad, oppressive, and as seeking discovery outside the permissible scope under the Federal Rules of Civil Procedure and/or other applicable law because it is vague, ambiguous, and unintelligible due to the use of the verbiage "income earned or received" and because it is not tied to claims at issue in the litigation.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P.

26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession,

custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

1   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

2   possession, custody, or control; and/or that is or should be available to Defendant and more

3   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

4          Plaintiff objects to this Request as seeking discovery outside the scope permitted under

5   the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

6   privileged and/or otherwise protected, including without limitation by attorney-client privilege,

7   psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

8   Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

9   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

10  Plaintiff also objects to this Request to the extent it seeks information that is protected by the

11  attorney-client privilege, that constitutes attorney work product, or that is protected by any other

12  applicable privilege or protection, including without limitation the psychotherapist-patient

13  privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

14  overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

15  cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

16  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

17  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

18  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

19  agreement among the parties.  The Court has not yet entered a scheduling order in this case.

20         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

21  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

22  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

23  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

24  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

25  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

26  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

27  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

28

1  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

2  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

3  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

4  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

5  seeks discovery not limited to the relevant time period regarding the facts at issue in this

6  litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

7  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

8      Subject to and without waiver of these objections and Plaintiff's General Objections,

9  Plaintiff responds as follows:

10     The Court has not yet entered a scheduling order in this case; the Court has not set a date

11  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

12  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

13  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

14  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

15  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

16  documents as appropriate and, as discovery proceeds, will produce, before the close of

17  discovery in accordance with any scheduling order that the Court will issue in this case,

18  responsive and relevant documents that are neither privileged nor otherwise protected, are

19  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

20  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

21  she is willing to meet and confer regarding the scope of this Request.  Plaintiff states that she

22  has not earned an income from a job since Defendant terminated her employment.

23  **REQUEST FOR PRODUCTION NO. 183:**

24     All DOCUMENTS that EVIDENCE PLAINTIFF's application for or receipt of any

25  disability benefits since the termination of PLAINTIFF'S employment with KIRKLAND.

26  **RESPONSE TO REQUEST FOR PRODUCTION 183:**

27

28

1    In addition to the foregoing General Objections, each of which is specifically
2 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
3 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
4 calculated to lead to the discovery of admissible evidence and that is not proportional to the
5 needs of this case, and as seeking discovery outside the permissible scope under the Federal
6 Rules and/or other applicable law.

7    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
8 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
9 and/or other applicable law to the extent this Request seeks discovery that is cumulative or
10 duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*
11 *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii);
12 Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly
13 burdensome, and oppressive and as seeking discovery outside the scope permissible under the
14 Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is
15 cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"
16 "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative
17 complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of
18 "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P.
19 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.
20 P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

21    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
22 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
23 and/or other applicable law because it seeks to impose obligations exceeding those prescribed in
24 the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to
25 production of electronically stored information, to the extent this Request seeks "[a]ll"
26 "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of
27 "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.
28

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production

1  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

2  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

3  defendants' possession, custody, or control; and/or are or should be available to Defendant and

4  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

5  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

6  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

7  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

8  including because the sought discovery is should be in Kirkland's or its co-defendants'

9  possession, custody, or control, the importance of the discovery sought from Plaintiff in

10  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

11  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

12  overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

13  of the case, and a seeking discovery outside the scope of discovery permitted or required under

14  the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

15  DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

16  Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

17  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

18  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

19  oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

20  and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

21  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

22  the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

23  recorded or graphic material, however produced or reproduced and all other tangible objects,

24  including, but not limited to," 76 enumerated categories, in addition to "all other data whether

25  recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

26  any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

27  Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

28

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

1    The Court has not yet entered a scheduling order in this case; the Court has not set a date

2    for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

3    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

4    and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

5    Request as this action and discovery proceed.  Subject to the foregoing objections and to the

6    extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

7    documents as appropriate and, as discovery proceeds, will produce, before the close of

8    discovery in accordance with any scheduling order that the Court will issue in this case,

9    responsive and relevant documents that are neither privileged nor otherwise protected, are

10   within Plaintiff's possession, custody and control, are reasonably accessible, and are located

11   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

12   she is willing to meet and confer regarding the scope of this Request.  Plaintiff states that she

13   has not applied for disability benefits since Defendant terminated her employment.

14   **REQUEST FOR PRODUCTION NO. 184:**

15   All DOCUMENTS that EVIDENCE claims for unemployment benefits filed, submitted,

16   or received by PLAINTIFF since the time of PLAINTIFF's termination of employment from

17   KIRKLAND, including but not limited to any COMMUNICATIONS with anyone regarding

18   such benefits.

19   **RESPONSE TO REQUEST FOR PRODUCTION 184:**

20   In addition to the foregoing General Objections, each of which is specifically

21   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

22   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

23   calculated to lead to the discovery of admissible evidence and that is not proportional to the

24   needs of this case, and as seeking discovery outside the permissible scope under the Federal

25   Rules and/or other applicable law.

26   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

27   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

28

and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants'

possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement,

and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

1  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

2  agreement among the parties.  The Court has not yet entered a scheduling order in this case.

3       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

4  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

5  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

6  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

7  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

8  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

9  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

10  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

11  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

12  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

13  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

14  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

15  seeks discovery not limited to the relevant time period regarding the facts at issue in this

16  litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

17  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

18       Subject to and without waiver of these objections and Plaintiff's General Objections,

19  Plaintiff responds as follows:

20       The Court has not yet entered a scheduling order in this case; the Court has not set a date

21  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

22  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

23  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

24  Request as this action and discovery proceed.  Subject to the foregoing objections and to the

25  extent consistent with the same, Plaintiff states that she has produced material responsive to this

26  Request and states that she will conduct a reasonable search for documents as appropriate and,

27  as discovery proceeds, will produce, before the close of discovery in accordance with any

28

scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 185:**

All DOCUMENTS that EVIDENCE PLAINTIFF's contention that ANY DEFENDANT discriminated against PLAINTIFF on the basis of any protected category.

**RESPONSE TO REQUEST FOR PRODUCTION 185:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P.

26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession,

custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

1  Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

2  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

3  graphic material, however produced or reproduced and all other tangible objects, including, but

4  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

5  specified means] or other means" "and all drafts and summaries thereof" "and any

6  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

7  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

8  produced" where "a document was prepared and several copies were made or if additional

9  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

10  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

11  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

12  defendants' possession, custody, or control; and/or are or should be available to Defendant and

13  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

14  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

15  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

16  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

17  including because the sought discovery is should be in Kirkland's or its co-defendants'

18  possession, custody, or control, the importance of the discovery sought from Plaintiff in

19  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

20  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

21  overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

22  of the case, and a seeking discovery outside the scope of discovery permitted or required under

23  the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

24  DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

25  Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

26  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

27  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

28

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

1    oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

2    Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

3    "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

4    "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

5    seeks discovery not limited to the relevant time period regarding the facts at issue in this

6    litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

7    26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

8         Subject to and without waiver of these objections and Plaintiff's General Objections,

9    Plaintiff responds as follows:

10        The Court has not yet entered a scheduling order in this case; the Court has not set a date

11   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

12   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

13   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

14   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

15   extent consistent with the same, Plaintiff states that she has produced material responsive to this

16   Request and states that she will conduct a reasonable search for documents as appropriate and,

17   as discovery proceeds, will produce, before the close of discovery in accordance with any

18   scheduling order that the Court will issue in this case, responsive and relevant documents that

19   are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and

20   control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the

21   extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding

22   the scope of this Request.

23   **REQUEST FOR PRODUCTION NO. 186:**

24        All DOCUMENTS that EVIDENCE PLAINTIFF's contention that ANY DEFENDANT

25   harassed PLAINTIFF on the basis of any protected category.

26   **RESPONSE TO REQUEST FOR PRODUCTION 186:**

27

28

1    In addition to the foregoing General Objections, each of which is specifically

2    incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

3    unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

4    calculated to lead to the discovery of admissible evidence and that is not proportional to the

5    needs of this case, and as seeking discovery outside the permissible scope under the Federal

6    Rules and/or other applicable law.

7    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

8    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

9    and/or other applicable law to the extent this Request seeks discovery that is cumulative or

10   duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*

11   *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii);

12   Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly

13   burdensome, and oppressive and as seeking discovery outside the scope permissible under the

14   Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is

15   cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"

16   "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative

17   complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of

18   "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P.

19   26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

20   P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

21   Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

22   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

23   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

24   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

25   production of electronically stored information, to the extent this Request seeks "[a]ll"

26   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

27   "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.

28

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production

of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

1  produced" where "a document was prepared and several copies were made or if additional

2  copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

3  description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

4  transmittal in any manner or received by any means by YOU" and/or "[w]herever such

5  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

6  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

7  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

8  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

9  and government and government agency of every nature or type"; and/or to the extent this

10 Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

11 DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

12 envelopes, explanatory notes or memoranda, and any other material that accompanied the

13 document(s)" and "[i]f the specific document elicited a response, that response is also to be

14 identified and produced" and "[i]f the document was itself a response, the document to which it

15 responded is also to be identified and produced."

16      Plaintiff intends to produce electronically stored information in a reasonably usable form.

17      Plaintiff further objects to this Request as overly broad, unduly burdensome, and

18 oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

19 outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

20 possession, custody, or control; and/or that is or should be available to Defendant and more

21 readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

22      Plaintiff objects to this Request as seeking discovery outside the scope permitted under

23 the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

24 privileged and/or otherwise protected, including without limitation by attorney-client privilege,

25 psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

26 Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

27 Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

28

Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

1   The Court has not yet entered a scheduling order in this case; the Court has not set a date

2   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

3   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

4   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

5   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

6   extent consistent with the same, Plaintiff states that she has produced material responsive to this

7   Request and states that she will conduct a reasonable search for documents as appropriate and,

8   as discovery proceeds, will produce, before the close of discovery in accordance with any

9   scheduling order that the Court will issue in this case, responsive and relevant documents that

10  are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and

11  control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the

12  extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding

13  the scope of this Request.

14  **REQUEST FOR PRODUCTION NO. 187:**

15  All DOCUMENTS that EVIDENCE PLAINTIFF's contention that ANY DEFENDANT

16  retaliated against PLAINTIFF on the basis of any protected category or protected activity.

17  **RESPONSE TO REQUEST FOR PRODUCTION 187:**

18  In addition to the foregoing General Objections, each of which is specifically

19  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

20  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

21  calculated to lead to the discovery of admissible evidence and that is not proportional to the

22  needs of this case, and as seeking discovery outside the permissible scope under the Federal

23  Rules and/or other applicable law.

24  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

25  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

26  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

27  duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*

28

1    *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii);

2    Fed. R. Civ. P. 26(b)(1).   Plaintiff further objects to this Request as overly broad, unduly

3    burdensome, and oppressive and as seeking discovery outside the scope permissible under the

4    Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is

5    cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"

6    "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative

7    complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of

8    "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P.

9    26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

10    P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

11          Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

12    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

13    and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

14    the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

15    production of electronically stored information, to the extent this Request seeks "[a]ll"

16    "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

17    "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.

18    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

19    26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

20    objects to this Request to the extent it seeks production of electronically stored information

21    exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

22    other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

23    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

24    it seeks production of electronically stored information that is unreasonably cumulative or

25    duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

26    seeks production of electronically stored information that is or can be obtained from some other

27    source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

28

Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).   Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

1  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all
2  envelopes, explanatory notes or memoranda, and any other material that accompanied the
3  document(s)" and "[i]f the specific document elicited a response, that response is also to be
4  identified and produced" and "[i]f the document was itself a response, the document to which it
5  responded is also to be identified and produced."

6     Plaintiff intends to produce electronically stored information in a reasonably usable form.
7     Plaintiff further objects to this Request as overly broad, unduly burdensome, and
8  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
9  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
10  possession, custody, or control; and/or that is or should be available to Defendant and more
11  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

12     Plaintiff objects to this Request as seeking discovery outside the scope permitted under
13  the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is
14  privileged and/or otherwise protected, including without limitation by attorney-client privilege,
15  psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by
16  Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.
17  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.
18  Plaintiff also objects to this Request to the extent it seeks information that is protected by the
19  attorney-client privilege, that constitutes attorney work product, or that is protected by any other
20  applicable privilege or protection, including without limitation the psychotherapist-patient
21  privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as
22  overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue
23  cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as
24  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert
25  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case
26  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by
27  agreement among the parties.  The Court has not yet entered a scheduling order in this case.

28

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she has produced material responsive to this Request and states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and

1  control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the
2  extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding
3  the scope of this Request.

4  **REQUEST FOR PRODUCTION NO. 188:**

5  All DOCUMENTS that EVIDENCE PLAINTIFF's contention that ANY DEFENDANT
6  wrongfully terminated PLAINTIFF's employment with KIRKLAND.

7  **RESPONSE TO REQUEST FOR PRODUCTION 188:**

8  In addition to the foregoing General Objections, each of which is specifically
9  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
10  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
11  calculated to lead to the discovery of admissible evidence and that is not proportional to the
12  needs of this case, and as seeking discovery outside the permissible scope under the Federal
13  Rules and/or other applicable law.

14  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
15  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
16  and/or other applicable law to the extent this Request seeks discovery that is cumulative or
17  duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see*
18  *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii);
19  Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly
20  burdensome, and oppressive and as seeking discovery outside the scope permissible under the
21  Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is
22  cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"
23  "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative
24  complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of
25  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P.
26  26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.
27  P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

28

1    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

2    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

3    and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

4    the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

5    production of electronically stored information, to the extent this Request seeks "[a]ll"

6    "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

7    "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R.

8    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

9    26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

10   objects to this Request to the extent it seeks production of electronically stored information

11   exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

12   other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

13   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

14   it seeks production of electronically stored information that is unreasonably cumulative or

15   duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

16   seeks production of electronically stored information that is or can be obtained from some other

17   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

18   Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

19   production of electronically stored information that exceeds the scope of discovery permitted by

20   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

21   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

22   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

23   considering the importance of the issues at stake in the action, the amount in controversy, the

24   parties' relative access to relevant information, including Kirkland's access to relevant

25   information because relevant information sought is or should be in Kirkland's possession,

26   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

27   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

28

1  the at most de minimis importance of cumulative and duplicative discovery requested ad

2  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

3  likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

4  this Request to the extent it seeks production of electronically stored information that is not in

5  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

6  defendants' possession, custody, or control; and/or that is or should be available to Defendant

7  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

8  expense.  Plaintiff further objects to this Request because it seeks production of electronically

9  stored information, including seeking discovery of duplicative and/or cumulative electronically

10  stored information, including without limitation to the extent this Request seeks "[a]ll"

11  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

12  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

13  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

14  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

15  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

16  stored information from sources that are not reasonably accessible because of undue burden or

17  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

18  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

19  and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

20  the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that

21  are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.

22  R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff

23  objects to this Request to the extent it seeks production of electronically stored information in

24  more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See,*

25  *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

26  Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

27  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

28

graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she has produced material responsive to this Request and states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 189:**

All DOCUMENTS that EVIDENCE PLAINTIFF's contention that ANY DEFENDANT intentionally caused PLAINTIFF emotional distress.

**RESPONSE TO REQUEST FOR PRODUCTION 189:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

1    unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

2    calculated to lead to the discovery of admissible evidence and that is not proportional to the

3    needs of this case, and as seeking discovery outside the permissible scope under the Federal

4    Rules and/or other applicable law.

5        Plaintiff further objects to this Request as overly broad, unduly burdensome, and

6    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

7    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

8    Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

9    to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

10   Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

11   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

12   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

13   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

14   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

15   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

16   "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

17   seeks discovery not limited to the relevant time period regarding the facts at issue in this

18   litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

19   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

20       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

21   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

22   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

23   duplicative of discovery sought in other Requests, including Request Nos. 113, 123, 150–51,

24   166–167, 179, 190. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P.

25   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).

26   Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and

27   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

28

and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that

1    are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.

2    R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff

3    objects to this Request to the extent it seeks production of electronically stored information in

4    more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See,*

5    *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

6    Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

7    "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

8    graphic material, however produced or reproduced and all other tangible objects, including, but

9    not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

10   specified means] or other means" "and all drafts and summaries thereof" "and any

11   DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

12   1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

13   produced" where "a document was prepared and several copies were made or if additional

14   copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

15   of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

16   are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

17   defendants' possession, custody, or control; and/or are or should be available to Defendant and

18   more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

19   expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

20   relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

21   and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

22   including because the sought discovery is should be in Kirkland's or its co-defendants'

23   possession, custody, or control, the importance of the discovery sought from Plaintiff in

24   resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

25   its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

26   overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

27   of the case, and a seeking discovery outside the scope of discovery permitted or required under

28

the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be

1    identified and produced" and "[i]f the document was itself a response, the document to which it

2    responded is also to be identified and produced."

3    Plaintiff intends to produce electronically stored information in a reasonably usable form.

4    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

6    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

7    possession, custody, or control; and/or that is or should be available to Defendant and more

8    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

9    Plaintiff further objects to this Request as premature because Plaintiff cannot provide a

10   full response until after further discovery is conducted.

11   Plaintiff objects to this Request as seeking discovery outside the scope permitted under

12   the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

13   privileged and/or otherwise protected, including without limitation by attorney-client privilege,

14   psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

15   Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

16   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

17   Plaintiff also objects to this Request to the extent it seeks information that is protected by the

18   attorney-client privilege, that constitutes attorney work product, or that is protected by any other

19   applicable privilege or protection, including without limitation the psychotherapist-patient

20   privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

21   overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

22   cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

23   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

24   opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

25   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

26   agreement among the parties.  The Court has not yet entered a scheduling order in this case.

27

28

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 190:**

All DOCUMENTS that EVIDENCE PLAINTIFF's contention that ANY DEFENDANT negligently caused PLAINTIFF emotional distress.

**RESPONSE TO REQUEST FOR PRODUCTION 190:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

1  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

2  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

3  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

4  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

5  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

6  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

7  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

8  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

9  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

10  seeks discovery not limited to the relevant time period regarding the facts at issue in this

11  litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

12  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

13       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

14  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

15  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

16  duplicative of discovery sought in other Requests, including Request Nos. 113, 123, 150–51,

17  166–67, 179, 189.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P.

18  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).

19  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and

20  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

21  and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to

22  the  extent  this  Request  seeks  "[a]ll"  "DOCUMENTS,"  "EVIDENCE,"  and  "[a]ll

23  DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or

24  relies on Kirkland's definition of "DOCUMENT(S)" and/or "EVIDENCE," and incorporates

25  or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

26  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

27  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

28

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

1   the at most de minimis importance of cumulative and duplicative discovery requested ad

2   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

3   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

4   this Request to the extent it seeks production of electronically stored information that is not in

5   Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

6   defendants' possession, custody, or control; and/or that is or should be available to Defendant

7   and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

8   expense.  Plaintiff further objects to this Request because it seeks production of electronically

9   stored information, including seeking discovery of duplicative and/or cumulative electronically

10  stored information, including without limitation to the extent this Request seeks "[a]ll"

11  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

12  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

13  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

14  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

15  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

16  stored information from sources that are not reasonably accessible because of undue burden or

17  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"

18  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

19  and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

20  the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that

21  are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.

22  R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff

23  objects to this Request to the extent it seeks production of electronically stored information in

24  more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*

25  *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

26  Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

27  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

28

graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

1    possession, custody, or control; and/or that is or should be available to Defendant and more
2    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

3         Plaintiff further objects to this Request as premature because Plaintiff cannot provide a
4    full response until after further discovery is conducted.

5         Plaintiff objects to this Request as seeking discovery outside the scope permitted under
6    the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is
7    privileged and/or otherwise protected, including without limitation by attorney-client privilege,
8    psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by
9    Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.
10   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.
11   Plaintiff also objects to this Request to the extent it seeks information that is protected by the
12   attorney-client privilege, that constitutes attorney work product, or that is protected by any other
13   applicable privilege or protection, including without limitation the psychotherapist-patient
14   privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as
15   overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue
16   cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as
17   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert
18   opinion and testimony in advance of any deadlines that will be set forth by the Court in this case
19   or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by
20   agreement among the parties.  The Court has not yet entered a scheduling order in this case.

21        Subject to and without waiver of these objections and Plaintiff's General Objections,
22   Plaintiff responds as follows:

23        The Court has not yet entered a scheduling order in this case; the Court has not set a date
24   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
25   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
26   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
27   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

28

1  extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

2  documents as appropriate and, as discovery proceeds, will produce, before the close of

3  discovery in accordance with any scheduling order that the Court will issue in this case,

4  responsive and relevant documents that are neither privileged nor otherwise protected, are

5  within Plaintiff's possession, custody and control, are reasonably accessible, and are located

6  from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

7  she is willing to meet and confer regarding the scope of this Request.

8  **REQUEST FOR PRODUCTION NO. 191:**

9       All DOCUMENTS that EVIDENCE PLAINTIFF's contention that ANY DEFENDANT

10  paid PLAINTIFF less than male employees who performed substantially similar work.

11  **RESPONSE TO REQUEST FOR PRODUCTION 191:**

12       In addition to the foregoing General Objections, each of which is specifically

13  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

14  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

15  calculated to lead to the discovery of admissible evidence and that is not proportional to the

16  needs of this case, and as seeking discovery outside the permissible scope under the Federal

17  Rules and/or other applicable law.

18       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

19  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

20  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

21  duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*

22  *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii);

23  Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly

24  burdensome, and oppressive and as seeking discovery outside the scope permissible under the

25  Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is

26  cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"

27  "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative

28

complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than

1  one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed.

2  R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

3  objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

4  "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

5  graphic material, however produced or reproduced and all other tangible objects, including, but

6  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

7  specified means] or other means" "and all drafts and summaries thereof" "and any

8  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

9  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

10  produced" where "a document was prepared and several copies were made or if additional

11  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

12  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

13  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

14  defendants' possession, custody, or control; and/or are or should be available to Defendant and

15  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

16  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

17  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

18  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

19  including because the sought discovery is should be in Kirkland's or its co-defendants'

20  possession, custody, or control, the importance of the discovery sought from Plaintiff in

21  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

22  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

23  overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

24  of the case, and a seeking discovery outside the scope of discovery permitted or required under

25  the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

26  DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

27  Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

28

Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

1    Plaintiff further objects to this Request as overly broad, unduly burdensome, and
2    oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
3    outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's
4    possession, custody, or control; and/or that is or should be available to Defendant and more
5    readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

6    Plaintiff further objects to this Request as overly broad, unduly burdensome, and
7    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
8    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
9    Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
10    to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
11    Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
12    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
13    Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
14    oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
15    Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
16    "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
17    "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks
18    discovery not limited to the relevant time period regarding the facts at issue in this litigation.
19    *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.
20    R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

21    Plaintiff further objects to this Request as premature because Plaintiff cannot provide a
22    full response until after further discovery is conducted.  Plaintiff further objects to this Request
23    to the extent it requires a legal conclusion, assessment, or determination, which will be
24    adjudicated only by a judge and/or jury.

25    Subject to and without waiver of these objections and Plaintiff's General Objections,
26    Plaintiff responds as follows:

27

28

1    The Court has not yet entered a scheduling order in this case; the Court has not set a date

2    for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

3    responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

4    and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

5    Request as this action and discovery proceed.  Subject to the foregoing objections and to the

6    extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

7    documents as appropriate and, as discovery proceeds, will produce, before the close of

8    discovery in accordance with any scheduling order that the Court will issue in this case,

9    responsive and relevant documents that are neither privileged nor otherwise protected, are

10    within Plaintiff's possession, custody and control, are reasonably accessible, and are located

11    from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that

12    she is willing to meet and confer regarding the scope of this Request.

13    **REQUEST FOR PRODUCTION NO. 192:**

14    All DOCUMENTS that support or refute PLAINTIFF'S contention that the COURT has

15    personal jurisdiction over the SCHMIDT DEFENDANTS.

16    **RESPONSE TO REQUEST FOR PRODUCTION 192:**

17    In addition to the foregoing General Objections, each of which is specifically

18    incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

19    unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

20    calculated to lead to the discovery of admissible evidence and that is not proportional to the

21    needs of this case, and as seeking discovery outside the permissible scope under the Federal

22    Rules and/or other applicable law.

23    Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

24    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

25    and/or other applicable law to the extent this Request seeks discovery that is cumulative or

26    duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*

27    *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii);

28

Fed. R. Civ. P. 26(b)(1).   Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

1   and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

2   the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that

3   are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed.

4   R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).   Plaintiff

5   objects to this Request to the extent it seeks production of electronically stored information in

6   more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See,*

7   *e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B).

8   Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent

9   "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

10  graphic material, however produced or reproduced and all other tangible objects, including, but

11  not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six

12  specified means] or other means" "and all drafts and summaries thereof" "and any

13  DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule

14  1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

15  produced" where "a document was prepared and several copies were made or if additional

16  copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production

17  of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they

18  are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-

19  defendants' possession, custody, or control; and/or are or should be available to Defendant and

20  more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

21  expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not

22  relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

23  and Kirkland's virtually limitless resources, the parties' relative access to relevant information,

24  including because the sought discovery is should be in Kirkland's or its co-defendants'

25  possession, custody, or control, the importance of the discovery sought from Plaintiff in

26  resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs

27  its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,

28

overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney-work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

1  Plaintiff further objects to this Request as overly broad, unduly burdensome, and
2  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
3  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
4  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
5  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
6  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
7  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
8  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
9  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
10  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
11  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
12  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request
13  seeks discovery not limited to the relevant time period regarding the facts at issue in this
14  litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.
15  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

16  Plaintiff further objects to this Request to the extent it requires a legal conclusion,
17  assessment, or determination, which will be adjudicated only by a judge and/or jury.

18  Subject to and without waiver of these objections and Plaintiff's General Objections,
19  Plaintiff responds as follows:

20  The Court has not yet entered a scheduling order in this case; the Court has not set a date
21  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
22  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
23  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
24  Request as this action and discovery proceed.

25  **REQUEST FOR PRODUCTION NO. 193:**

1   All DOCUMENTS that support or refute PLAINTIFF's contention that the
2   ORDINANCE applies to FAHEY, the SCHMIDT DEFENDANTS, and the DE VRIES
3   DEFENDANTS.

4   **RESPONSE TO REQUEST FOR PRODUCTION 193:**

5   In addition to the foregoing General Objections, each of which is specifically
6   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
7   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
8   calculated to lead to the discovery of admissible evidence and that is not proportional to the
9   needs of this case, and as seeking discovery outside the permissible scope under the Federal
10  Rules and/or other applicable law.

11  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
12  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
13  and/or other applicable law to the extent this Request seeks discovery that is cumulative or
14  duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see*
15  *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii);
16  Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly
17  burdensome, and oppressive and as seeking discovery outside the scope permissible under the
18  Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is
19  cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"
20  "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative
21  complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of
22  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P.
23  26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.
24  P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

25  Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
26  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
27  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

28

the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any

1    DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule
2    1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be
3    produced" where "a document was prepared and several copies were made or if additional
4    copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production
5    of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they
6    are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-
7    defendants' possession, custody, or control; and/or are or should be available to Defendant and
8    more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
9    expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not
10   relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources
11   and Kirkland's virtually limitless resources, the parties' relative access to relevant information,
12   including because the sought discovery is should be in Kirkland's or its co-defendants'
13   possession, custody, or control, the importance of the discovery sought from Plaintiff in
14   resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs
15   its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly,
16   overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs
17   of the case, and a seeking discovery outside the scope of discovery permitted or required under
18   the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll
19   DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require
20   Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
21   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).
22   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,
23   oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,
24   and a seeking discovery outside the scope of discovery permitted under the Federal Rules of
25   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to
26   the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,
27   recorded or graphic material, however produced or reproduced and all other tangible objects,
28

including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney-work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this

1  litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.
2  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

3  Plaintiff further objects to this Request to the extent it requires a legal conclusion,
4  assessment, or determination, which will be adjudicated only by a judge and/or jury.

5  Subject to and without waiver of these objections and Plaintiff's General Objections,
6  Plaintiff responds as follows:

7  The Court has not yet entered a scheduling order in this case; the Court has not set a date
8  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
9  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
10 and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
11 Request as this action and discovery proceed.

12 **REQUEST FOR PRODUCTION NO. 194:**

13 All DOCUMENTS that support or refute FAHEY and the SCHMIDT DEFENDANTS'
14 contention that the California Fair Employment and Housing Act does not apply
15 extraterritorially to them.

16 **RESPONSE TO REQUEST FOR PRODUCTION 194:**

17 In addition to the foregoing General Objections, each of which is specifically
18 incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
19 unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
20 calculated to lead to the discovery of admissible evidence and that is not proportional to the
21 needs of this case, and as seeking discovery outside the permissible scope under the Federal
22 Rules and/or other applicable law.

23 Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
24 as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
25 and/or other applicable law to the extent this Request seeks discovery that is cumulative or
26 duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*
27 *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii);

28

Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks

production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"

and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly,

overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

1  envelopes, explanatory notes or memoranda, and any other material that accompanied the

2  document(s)" and "[i]f the specific document elicited a response, that response is also to be

3  identified and produced" and "[i]f the document was itself a response, the document to which it

4  responded is also to be identified and produced."

5          Plaintiff intends to produce electronically stored information in a reasonably usable form.

6          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

7  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

8  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

9  possession, custody, or control; and/or that is or should be available to Defendant and more

10  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

11          Plaintiff objects to this Request as seeking discovery outside the scope permitted under

12  the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

13  privileged and/or otherwise protected, including without limitation by attorney-client privilege,

14  psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

15  Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

16  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

17  Plaintiff also objects to this Request to the extent it seeks information that is protected by the

18  attorney-client privilege, that constitutes attorney-work product, or that is protected by any other

19  applicable privilege or protection, including without limitation the psychotherapist-patient

20  privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

21  overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

22  cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

23  premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

24  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

25  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

26  agreement among the parties.  The Court has not yet entered a scheduling order in this case.

27

28

1    Plaintiff further objects to this Request as overly broad, unduly burdensome, and
2    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll
3    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this
4    Request seeks discovery that is neither relevant to any party's claim or defense nor proportional
5    to the needs of the case and thus seeks discovery outside the scope permitted by the Federal
6    Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.
7    Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).
8    Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
9    oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
10   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
11   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
12   "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request
13   seeks discovery not limited to the relevant time period regarding the facts at issue in this
14   litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.
15   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

16   Plaintiff further objects to this Request to the extent it requires a legal conclusion,
17   assessment, or determination, which will be adjudicated only by a judge and/or jury.

18   Subject to and without waiver of these objections and Plaintiff's General Objections,
19   Plaintiff responds as follows:

20   The Court has not yet entered a scheduling order in this case; the Court has not set a date
21   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
22   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
23   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
24   Request as this action and discovery proceed.

25   **REQUEST FOR PRODUCTION NO. 195:**

26   All DOCUMENTS that EVIDENCE the location(s) where PLAINTIFF performed work
27   for KIRKLAND and its clients.

28

1  **RESPONSE TO REQUEST FOR PRODUCTION 195:**

2      In addition to the foregoing General Objections, each of which is specifically

3  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

4  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

5  calculated to lead to the discovery of admissible evidence and that is not proportional to the

6  needs of this case, and as seeking discovery outside the permissible scope under the Federal

7  Rules and/or other applicable law.

8      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

9  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

10  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

11  duplicative of discovery sought in other Requests, including Requests regarding defamation,

12  discrimination, and retaliation. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R.

13  Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P.

14  26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and

15  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

16  Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or

17  duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

18  DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or

19  relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates

20  or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

21  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

22  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

23      Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

24  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

25  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

26  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

27  production of electronically stored information, to the extent this Request seeks "[a]ll"

28

"DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be

produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.   Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

1    any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

2    Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

3    produced" where "a document was prepared and several copies were made or if additional

4    copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

5    description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

6    transmittal in any manner or received by any means by YOU" and/or "[w]herever such

7    DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

8    "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

9    behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

10   partnership, proprietorship, association, joint venture, other form of organization or arrangement,

11   and government and government agency of every nature or type"; and/or to the extent this

12   Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

13   DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

14   envelopes, explanatory notes or memoranda, and any other material that accompanied the

15   document(s)" and "[i]f the specific document elicited a response, that response is also to be

16   identified and produced" and "[i]f the document was itself a response, the document to which it

17   responded is also to be identified and produced."

18           Plaintiff intends to produce electronically stored information in a reasonably usable form.

19           Plaintiff further objects to this Request as overly broad, unduly burdensome, and

20   oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

21   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

22   possession, custody, or control; and/or that is or should be available to Defendant and more

23   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

24           Plaintiff objects to this Request as seeking discovery outside the scope permitted under

25   the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

26   privileged and/or otherwise protected, including without limitation by attorney-client privilege,

27   psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

28

1   Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

2   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

3   Plaintiff also objects to this Request to the extent it seeks information that is protected by the

4   attorney-client privilege, that constitutes attorney-work product, or that is protected by any other

5   applicable privilege or protection, including without limitation the psychotherapist-patient

6   privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

7   overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

8   cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

9   premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

10  opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

11  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

12  agreement among the parties.  The Court has not yet entered a scheduling order in this case.

13          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

14  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

15  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

16  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

17  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

18  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

19  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

20  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

21  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

22  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

23  "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

24  "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

25  seeks discovery not limited to the relevant time period regarding the facts at issue in this

26  litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

27  26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

28

Plaintiff further objects to this Request to the extent it requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist. Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 196:**

All DOCUMENTS that EVIDENCE any Skype messages between PLAINTIFF and any person regarding PLAINTIFF'S employment with KIRKLAND and/or allegations in the COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION 196:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent

it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources

and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney-work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2. Plaintiff further objects to this Request as

1    premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

2    opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

3    or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

4    agreement among the parties.  The Court has not yet entered a scheduling order in this case.

5         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

6    oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

7    DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

8    Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

9    to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

10   Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

11   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

12   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

13   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

14   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

15   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

16   "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

17   seeks discovery not limited to the relevant time period regarding the facts at issue in this

18   litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

19   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

20        Plaintiff further objects to this Request as premature to the extent Plaintiff cannot

21   provide a full response until after further discovery is conducted.

22        Subject to and without waiver of these objections and Plaintiff's General Objections,

23   Plaintiff responds as follows:

24        The Court has not yet entered a scheduling order in this case; the Court has not set a date

25   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

26   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

27   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

28

1   Request as this action and discovery proceed.  Subject to the foregoing objections and to the
2   extent consistent with the same, Plaintiff states that she will conduct a reasonable search for
3   documents as appropriate and, as discovery proceeds, will produce, before the close of
4   discovery in accordance with any scheduling order that the Court will issue in this case,
5   responsive and relevant documents that are neither privileged nor otherwise protected, are
6   within Plaintiff's possession, custody and control, are reasonably accessible, and are located
7   from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that
8   she is willing to meet and confer regarding the scope of this Request.

9   **REQUEST FOR PRODUCTION NO. 197:**

10          All DOCUMENTS that EVIDENCE any text messages between PLAINTIFF and any
11   person regarding PLAINTIFF's employment with KIRKLAND and/or allegations in the
12   COMPLAINT.

13   **RESPONSE TO REQUEST FOR PRODUCTION 197:**

14          In addition to the foregoing General Objections, each of which is specifically
15   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
16   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
17   calculated to lead to the discovery of admissible evidence and that is not proportional to the
18   needs of this case, and as seeking discovery outside the permissible scope under the Federal
19   Rules and/or other applicable law.

20          Plaintiff further objects to this Request as unduly burdensome, overly broad, oppressive,
21   and as seeking discovery outside the permissible scope under the Federal Rules of Civil
22   Procedure and/or other applicable law because it is vague, ambiguous, and unintelligible due to
23   the use of the verbiage "[a]ll DOCUMENTS that EVIDENCE any text messages between
24   PLAINTIFF and any person regarding PLAINTIFF's employment" and because it is not tied to
25   claims at issue in the litigation.

26          Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
27   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

28

and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D). Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff objects to this Request to the extent it

1   seeks production of electronically stored information that is or can be obtained from some other

2   source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

3   Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

4   production of electronically stored information that exceeds the scope of discovery permitted by

5   Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

6   stored information that is duplicative and/or cumulative of other sought discovery, privileged,

7   not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

8   considering the importance of the issues at stake in the action, the amount in controversy, the

9   parties' relative access to relevant information, including Kirkland's access to relevant

10  information because relevant information sought is or should be in Kirkland's possession,

11  custody, or control; the parties' resources, including Kirkland's vast and expanse resources and

12  Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

13  the at most de minimis importance of cumulative and duplicative discovery requested ad

14  infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its

15  likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to

16  this Request to the extent it seeks production of electronically stored information that is not in

17  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-

18  defendants' possession, custody, or control; and/or that is or should be available to Defendant

19  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and

20  expense.  Plaintiff further objects to this Request because it seeks production of electronically

21  stored information, including seeking discovery of duplicative and/or cumulative electronically

22  stored information, including without limitation to the extent this Request seeks "[a]ll"

23  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of

24  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably

25  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

26  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.

27  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically

28

stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made." Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants'

possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement,

1  and government and government agency of every nature or type"; and/or to the extent this

2  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

3  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

4  envelopes, explanatory notes or memoranda, and any other material that accompanied the

5  document(s)" and "[i]f the specific document elicited a response, that response is also to be

6  identified and produced" and "[i]f the document was itself a response, the document to which it

7  responded is also to be identified and produced."

8       Plaintiff intends to produce electronically stored information in a reasonably usable form.

9       Plaintiff further objects to this Request as overly broad, unduly burdensome, and

10 oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

11 outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

12 possession, custody, or control; and/or that is or should be available to Defendant and more

13 readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

14      Plaintiff objects to this Request as seeking discovery outside the scope permitted under

15 the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is

16 privileged and/or otherwise protected, including without limitation by attorney-client privilege,

17 psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by

18 Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

19 Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

20 Plaintiff also objects to this Request to the extent it seeks information that is protected by the

21 attorney-client privilege, that constitutes attorney-work product, or that is protected by any other

22 applicable privilege or protection, including without limitation the psychotherapist-patient

23 privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

24 overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue

25 cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as

26 premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert

27 opinion and testimony in advance of any deadlines that will be set forth by the Court in this case

28

1  or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by

2  agreement among the parties.  The Court has not yet entered a scheduling order in this case.

3          Plaintiff further objects to this Request as overly broad, unduly burdensome, and

4  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

5  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

6  Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

7  to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

8  Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

9  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

10 Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

11 oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

12 Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

13 "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

14 "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request

15 seeks discovery not limited to the relevant time period regarding the facts at issue in this

16 litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

17 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

18         Subject to and without waiver of these objections and Plaintiff's General Objections,

19 Plaintiff responds as follows:

20         The Court has not yet entered a scheduling order in this case; the Court has not set a date

21 for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

22 responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

23 and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

24 Request as this action and discovery proceed.  Subject to the foregoing objections and to the

25 extent consistent with the same, Plaintiff states that she will conduct a reasonable search for

26 documents as appropriate and, as discovery proceeds, will produce, before the close of

27 discovery in accordance with any scheduling order that the Court will issue in this case,

28

responsive and relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's possession, custody and control, are reasonably accessible, and are located from Plaintiff's reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 198:**

All audio or video recordings between PLAINTIFF and any current or former KIRKLAND employee or agent from November 16, 2020 to present, including but not limited to KIRKLAND's outside counsel, in PLAINTIFF's possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION 198:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Request as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Request seeks discovery that is cumulative or duplicative of discovery sought in other Requests, including Requests regarding Plaintiff's work and experience at trial with Defendants, discrimination, sex-based harassment constituting a hostile work environment, and defamation, including Request Nos. 58–79, 82, 83, 199–200. *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE"

1  statements in a non-operative complaint, incorporates or relies on Kirkland's definition of

2  "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.

3  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B);

4  *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.

5  26(g)(1)(B)–(C).

6       Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

7  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

8  and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

9  the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

10  production of electronically stored information, to the extent this Request seeks "[a]ll"

11  "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

12  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P.

13  26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P.

14  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff

15  objects to this Request to the extent it seeks production of electronically stored information

16  exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or

17  other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

18  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent

19  it seeks production of electronically stored information that is unreasonably cumulative or

20  duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it

21  seeks production of electronically stored information that is or can be obtained from some other

22  source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-

23  Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks

24  production of electronically stored information that exceeds the scope of discovery permitted by

25  Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically

26  stored information that is duplicative and/or cumulative of other sought discovery, privileged,

27  not relevant to any party's claim or defense, and/or not proportional to the needs of the case,

28

1   considering the importance of the issues at stake in the action, the amount in controversy, the
2   parties' relative access to relevant information, including Kirkland's access to relevant
3   information because relevant information sought is or should be in Kirkland's possession,
4   custody, or control; the parties' resources, including Kirkland's vast and expanse resources and
5   Plaintiff's limited resources; the importance of the discovery in resolving the issues, including
6   the at most de minimis importance of cumulative and duplicative discovery requested ad
7   infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its
8   likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to
9   this Request to the extent it seeks production of electronically stored information that is not in
10  Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-
11  defendants' possession, custody, or control; and/or that is or should be available to Defendant
12  and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and
13  expense.  Plaintiff further objects to this Request because it seeks production of electronically
14  stored information, including seeking discovery of duplicative and/or cumulative electronically
15  stored information, including without limitation to the extent this Request seeks "[a]ll"
16  "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of
17  "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably
18  accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.
19  26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P.
20  34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically
21  stored information from sources that are not reasonably accessible because of undue burden or
22  cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE,"
23  incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE"
24  and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the
25  extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are
26  not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R.
27  Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects
28

to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

1    Plaintiff intends to produce electronically stored information in a reasonably usable form.

2    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

3  oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

4  outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

5  possession, custody, or control; and/or that is or should be available to Defendant and more

6  readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

7    Plaintiff further objects to this Request as overly broad, unduly burdensome, and

8  oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

9  DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

10 Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

11 to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

12 Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

13 Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

14 Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

15 oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

16 Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

17 "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

18 "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

19 discovery not limited to the relevant time period regarding the facts at issue in this litigation.

20 *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

21 R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

22    Subject to and without waiver of these objections and Plaintiff's General Objections,

23 Plaintiff responds as follows:

24    The Court has not yet entered a scheduling order in this case; the Court has not set a date

25 for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

26 responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

27 and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

28

1   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

2   extent consistent with the same, Plaintiff states that she has produced material responsive to this

3   Request.

4   **REQUEST FOR PRODUCTION NO. 199:**

5      All DOCUMENTS that EVIDENCE the notes YOU prepared in anticipation of YOUR

6   call with AKSHAY DEORAS on April 29, 2021.

7   **RESPONSE TO REQUEST FOR PRODUCTION 199:**

8      In addition to the foregoing General Objections, each of which is specifically

9   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

10  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

11  calculated to lead to the discovery of admissible evidence and that is not proportional to the

12  needs of this case, and as seeking discovery outside the permissible scope under the Federal

13  Rules and/or other applicable law.

14     Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

15  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

16  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

17  duplicative of discovery sought in other Requests, including Request No. 200.  *See, e.g.*, Fed. R.

18  Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed.

19  R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as

20  overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope

21  permissible under the Federal Rules of Civil Procedure and/or other applicable law because it

22  seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll"

23  "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a

24  non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)"

25  and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ.

26  P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R.

27  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

28

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including

the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or

graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

1  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to
2  the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,
3  recorded or graphic material, however produced or reproduced and all other tangible objects,
4  including, but not limited to," 76 enumerated categories, in addition to "all other data whether
5  recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and
6  any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and
7  Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be
8  produced" where "a document was prepared and several copies were made or if additional
9  copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing
10 description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for
11 transmittal in any manner or received by any means by YOU" and/or "[w]herever such
12 DOCUMENTS are located in YOUR possession, custody, or control," including to the extent
13 "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her
14 behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,
15 partnership, proprietorship, association, joint venture, other form of organization or arrangement,
16 and government and government agency of every nature or type"; and/or to the extent this
17 Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested
18 DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all
19 envelopes, explanatory notes or memoranda, and any other material that accompanied the
20 document(s)" and "[i]f the specific document elicited a response, that response is also to be
21 identified and produced" and "[i]f the document was itself a response, the document to which it
22 responded is also to be identified and produced."

23        Plaintiff intends to produce electronically stored information in a reasonably usable form.
24        Plaintiff further objects to this Request as overly broad, unduly burdensome, and
25 oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is
26 outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Request as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff will conduct a reasonable search for documents as appropriate and, as discovery proceeds, will produce, before the close of discovery in accordance with any scheduling order that the Court will issue in this case, responsive and

1  relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's

2  possession, custody and control, are reasonably accessible, and are located from Plaintiff's

3  reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to

4  meet and confer regarding the scope of this Request.

5  **REQUEST FOR PRODUCTION NO. 200:**

6        All DOCUMENTS that EVIDENCE the notes YOU prepared in anticipation of YOUR

7  call with AKSHAY DEORAS on April 29, 2021.

8  **RESPONSE TO REQUEST FOR PRODUCTION 200:**

9        In addition to the foregoing General Objections, each of which is specifically

10  incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

11  unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

12  calculated to lead to the discovery of admissible evidence and that is not proportional to the

13  needs of this case, and as seeking discovery outside the permissible scope under the Federal

14  Rules and/or other applicable law.

15        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

16  as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

17  and/or other applicable law to the extent this Request seeks discovery that is cumulative or

18  duplicative of discovery sought in other Requests, including Request No. 199.  *See, e.g.*, Fed. R.

19  Civ. P.  26(b)(2)(C)(i); *see also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed.

20  R. Civ. P.  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as

21  overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope

22  permissible under the Federal Rules of Civil Procedure and/or other applicable law because it

23  seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll"

24  "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a

25  non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)"

26  and/or of "EVIDENCE," and incorporates or relies on Instruction No. 1.  *See, e.g.*, Fed. R. Civ.

27

28

P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession,

custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, that is not reasonably accessible because of undue burden and/or undue cost. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E). Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction No. 1, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1). Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff

objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Request seeks discovery that is

1   outside of Plaintiff's possession, custody, or control; that is or should be in Defendant's

2   possession, custody, or control; and/or that is or should be available to Defendant and more

3   readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

4         Plaintiff further objects to this Request as overly broad, unduly burdensome, and

5   oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll

6   DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this

7   Request seeks discovery that is neither relevant to any party's claim or defense nor proportional

8   to the needs of the case and thus seeks discovery outside the scope permitted by the Federal

9   Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

10   Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

11   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and

12   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of

13   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and

14   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and

15   "EVIDENCE," and incorporates or relies on Instruction No. 1, because this Request seeks

16   discovery not limited to the relevant time period regarding the facts at issue in this litigation.

17   *See, e.g.* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed.

18   R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

19         Subject to and without waiver of these objections and Plaintiff's General Objections,

20   Plaintiff responds as follows:

21         The Court has not yet entered a scheduling order in this case; the Court has not set a date

22   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

23   responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,

24   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

25   Request as this action and discovery proceed.  Subject to the foregoing objections and to the

26   extent consistent with the same, Plaintiff will conduct a reasonable search for documents as

27   appropriate and, as discovery proceeds, will produce, before the close of discovery in

28

1    accordance with any scheduling order that the Court will issue in this case, responsive and
2    relevant documents that are neither privileged nor otherwise protected, are within Plaintiff's
3    possession, custody and control, are reasonably accessible, and are located from Plaintiff's
4    reasonable search, to the extent any such documents exist.  Plaintiff states that she is willing to
5    meet and confer regarding the scope of this Request.

6    **REQUEST FOR PRODUCTION NO. 201:**

7         All DOCUMENTS that EVIDENCE YOUR prior employment with Paul Hastings, LLP,
8    including but not limited to, YOUR employment application, resume, offer letter, acceptance
9    letter, employment contracts and/or agreements, documents relating to the termination of YOUR
10   employment, documents relating to change of title or duties, documents related to YOUR
11   compensation and benefits, notices of commendation, leaves of absence, wage attachment or
12   garnishment notices, performance appraisals and/or reviews, attendance and absence records,
13   promotion and/or demotion recommendations, and documents related to complaints filed by or
14   against YOU.

15   **RESPONSE TO REQUEST FOR PRODUCTION 201:**

16        In addition to the foregoing General Objections, each of which is specifically
17   incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,
18   unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably
19   calculated to lead to the discovery of admissible evidence and that is not proportional to the
20   needs of this case, and as seeking discovery outside the permissible scope under the Federal
21   Rules and/or other applicable law.

22        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and
23   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure
24   and/or other applicable law to the extent this Request seeks discovery that is cumulative or
25   duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*
26   *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii);
27   Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly

28

burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it seeks to impose obligations exceeding those prescribed in the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to production of electronically stored information, to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by

Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to

the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made."  Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs

1  of the case, and a seeking discovery outside the scope of discovery permitted or required under

2  the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll

3  DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require

4  Plaintiff to create drafts and summaries of documents. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R.

5  Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E).

6  Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad,

7  oppressive and as seeking discovery that is not relevant, proportional to the needs of the case,

8  and a seeking discovery outside the scope of discovery permitted under the Federal Rules of

9  Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to

10  the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written,

11  recorded or graphic material, however produced or reproduced and all other tangible objects,

12  including, but not limited to," 76 enumerated categories, in addition to "all other data whether

13  recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and

14  any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

15  Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be

16  produced" where "a document was prepared and several copies were made or if additional

17  copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing

18  description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for

19  transmittal in any manner or received by any means by YOU" and/or "[w]herever such

20  DOCUMENTS are located in YOUR possession, custody, or control," including to the extent

21  "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her

22  behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation,

23  partnership, proprietorship, association, joint venture, other form of organization or arrangement,

24  and government and government agency of every nature or type"; and/or to the extent this

25  Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested

26  DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all

27  envelopes, explanatory notes or memoranda, and any other material that accompanied the

28

document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).

1   Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and
2   oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
3   Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and
4   "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and
5   "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request
6   seeks discovery not limited to the relevant time period regarding the facts at issue in this
7   litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P.
8   26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

9       Subject to and without waiver of these objections and Plaintiff's General Objections,
10  Plaintiff responds as follows:

11      The Court has not yet entered a scheduling order in this case; the Court has not set a date
12  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
13  responsive, relevant documents that are neither privileged nor otherwise protected is ongoing,
14  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this
15  Request as this action and discovery proceed.  Plaintiff reserves all rights to move to quash, for
16  a protective order, seek sanctions, and seek any other available relief related to Defendant's
17  Requests and other attempted discovery about Plaintiff's prior employment, including but not
18  limited to with respect to Defendant's non-party subpoenas.

19  **REQUEST FOR PRODUCTION NO. 202:**

20      All DOCUMENTS that EVIDENCE YOUR prior employment with Fish & Richardson,
21  P.C., including but not limited to, YOUR employment application, resume, offer letter,
22  acceptance letter, employment contracts and/or agreements, documents relating to the
23  termination of YOUR employment, documents relating to change of title or duties, documents
24  related to YOUR compensation and benefits, notices of commendation, leaves of absence, wage
25  attachment or garnishment notices, performance appraisals and/or reviews, attendance and
26  absence records, promotion and/or demotion recommendations, and documents related to
27  complaints filed by or against YOU.

28

1    **RESPONSE TO REQUEST FOR PRODUCTION 202:**

2         In addition to the foregoing General Objections, each of which is specifically

3    incorporated by reference here, Plaintiff specifically objects to this Request as overly broad,

4    unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably

5    calculated to lead to the discovery of admissible evidence and that is not proportional to the

6    needs of this case, and as seeking discovery outside the permissible scope under the Federal

7    Rules and/or other applicable law.

8         Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

9    as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

10   and/or other applicable law to the extent this Request seeks discovery that is cumulative or

11   duplicative of discovery sought in other Requests.  *See, e.g.*, Fed. R. Civ. P.  26(b)(2)(C)(i); *see*

12   *also, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.  26(b)(2)(C)(iii);

13   Fed. R. Civ. P. 26(b)(1).  Plaintiff further objects to this Request as overly broad, unduly

14   burdensome, and oppressive and as seeking discovery outside the scope permissible under the

15   Federal Rules of Civil Procedure and/or other applicable law because it seeks discovery that is

16   cumulative and/or duplicative to the extent this Request seeks "[a]ll" "DOCUMENTS,"

17   "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" statements in a non-operative

18   complaint, incorporates or relies on Kirkland's definition of "DOCUMENT(S)" and/or of

19   "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P.

20   26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also, e.g.*, Fed. R. Civ.

21   P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B)–(C).

22        Plaintiff objects to this Request as overly broad, unduly burdensome, and oppressive and

23   as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure

24   and/or other applicable law because it seeks to impose obligations exceeding those prescribed in

25   the Federal Rules of Civil Procedure and/or other applicable law, e.g., with respect to

26   production of electronically stored information, to the extent this Request seeks "[a]ll"

27   "DOCUMENTS" that "EVIDENCE" and incorporates or relies on Kirkland's definitions of

28

"DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2.  *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(E); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(D).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information exceeding the scope required to be produced under the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is unreasonably cumulative or duplicative.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is or can be obtained from some other source that is more convenient, less burdensome, or less expensive e.g., from Kirkland or its co-Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff objects to this Request because it seeks production of electronically stored information that exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), for example by seeking discovery of electronically stored information that is duplicative and/or cumulative of other sought discovery, privileged, not relevant to any party's claim or defense, and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, including Kirkland's access to relevant information because relevant information sought is or should be in Kirkland's possession, custody, or control; the parties' resources, including Kirkland's vast and expanse resources and Plaintiff's limited resources; the importance of the discovery in resolving the issues, including the at most de minimis importance of cumulative and duplicative discovery requested ad infinitum by Kirkland; and the burden or expense of the proposed discovery vastly outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information that is not in Plaintiff's possession, custody, or control; that is or should be in Defendant's or its co-defendants' possession, custody, or control; and/or that is or should be available to Defendant

and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Request because it seeks production of electronically stored information, including seeking discovery of duplicative and/or cumulative electronically stored information, including without limitation to the extent this Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, that is not reasonably accessible because of undue burden and/or undue cost.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (ii); Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff will not provide discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, e.g., to the extent the Request seeks "[a]ll" "DOCUMENTS" that "EVIDENCE," incorporates and/or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" and/or on Instruction Nos. 1 and 2, and the sought discovery is duplicative and/or cumulative, to the extent Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE" include sources that are not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).  Plaintiff objects to this Request to the extent it seeks production of electronically stored information in more than one form and/or in a form that would cause undue burden or expense to Plaintiff.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b)(2)(E)(iii); Fed. R. Civ. P. 26(b)(2)(B). Plaintiff objects to this Request to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to" "any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of EVIDENCE" and to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional

copies were thereafter made."   Plaintiff objects to this Request to the extent it seeks production of copies that are not reasonably accessible to Plaintiff due to undue burden or cost because they are not in Plaintiff's possession, custody and control, are or should be in Defendant's or its co-defendants' possession, custody, or control; and/or are or should be available to Defendant and more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.   Plaintiff objects to this Request to the extent it seeks production of copies that are not relevant and/or not proportional to the need of the case, considering, Plaintiff's limited resources and Kirkland's virtually limitless resources, the parties' relative access to relevant information, including because the sought discovery is should be in Kirkland's or its co-defendants' possession, custody, or control, the importance of the discovery sought from Plaintiff in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.   Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted or required under the Federal Rules of Civil Procedure and/or other applicable law to the extent it requests "[a]ll DOCUMENTS," which includes "all drafts and summaries thereof" and purports to require Plaintiff to create drafts and summaries of documents.   *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); Fed. R. Civ. P. 34(b)(2)(D)–(E). Plaintiff further objects to this Request as unduly burdensome, unduly costly, overly broad, oppressive and as seeking discovery that is not relevant, proportional to the needs of the case, and a seeking discovery outside the scope of discovery permitted under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll" "DOCUMENTS," to the extent "DOCUMENT(S)" "means and includes, but is not limited to: any and all written, recorded or graphic material, however produced or reproduced and all other tangible objects, including, but not limited to," 76 enumerated categories, in addition to "all other data whether recorded by [six specified means] or other means" "and all drafts and summaries thereof" "and any DOCUMENTS within the scope of Rule 34 of the Federal Rules of Civil Procedure and

Rule 1001 of the Federal Rules of EVIDENCE," to the extent it states all copies "must be produced" where "a document was prepared and several copies were made or if additional copies were thereafter made"; to the extent it seeks "DOCUMENT(S)," including the foregoing description, "[w]hether such DOCUMENTS were prepared for YOU, for YOUR own use, or for transmittal in any manner or received by any means by YOU" and/or "[w]herever such DOCUMENTS are located in YOUR possession, custody, or control," including to the extent "YOU" and "YOUR" includes "any other PERSON representing" Plaintiff "or acting on her behalf," and/or to the extent "PERSON" means "any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature or type"; and/or to the extent this Request seeks "DOCUMENT(S)," including the foregoing descriptions, and "[t]he requested DOCUMENTS each include all attachments to the specifically described DOCUMENTS, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s)" and "[i]f the specific document elicited a response, that response is also to be identified and produced" and "[i]f the document was itself a response, the document to which it responded is also to be identified and produced."

Plaintiff intends to produce electronically stored information in a reasonably usable form.

Plaintiff objects to this Request as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).  Plaintiff further objects to this Request as

overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost to the extent it incorporates Instruction No. 2.  Plaintiff further objects to this Request as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Plaintiff further objects to this Request as overly broad, unduly burdensome, and oppressive to the extent it seeks "[a]ll" "DOCUMENTS," "EVIDENCE," and "[a]ll DOCUMENTS that EVIDENCE" a statement in a non-operative complaint because this Request seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Request as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks "[a]ll DOCUMENTS" and "EVIDENCE," incorporates or relies on Kirkland's definitions of "DOCUMENT(S)" and "EVIDENCE," and incorporates or relies on Instruction Nos. 1 and 2, because this Request seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant documents that are neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

1   Request as this action and discovery proceed.  Plaintiff reserves all rights to move to quash, for

2   a protective order, seek sanctions, and seek any other available relief related to Defendant's

3   Requests and other attempted discovery about Plaintiff's prior employment, including but not

4   limited to with respect to Defendant's non-party subpoenas.

5

6   Dated: November 8, 2023                   /s/ *Zoya Kovalenko*
                                              Zoya Kovalenko (Cal. SBN 338624)
7                                             13221 Oakland Hills Blvd., Apt. 206
                                              Germantown, MD 20874
8                                             678 559 4682
                                              zoyavk@outlook.com
9                                             Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on this November 8, 2023, a true and correct copy of Plaintiff's Objections and Responses to Defendant Kirkland & Ellis LLP's Request for Production of Documents to Plaintiff, Set One was served via email on all counsel of record.

Dated: November 8, 2023

/s/ *Zoya Kovalenko*
Zoya Kovalenko (Cal. SBN 338624)
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
678 559 4682
zoyavk@outlook.com
Plaintiff

Ceertificate of Service re Pl.'s
Objecs. & Resps. to Kirkland's 1st
Set of Reqs. for Produc.

1

No. 4:22-cv-05990-HSG (TSH)