# EXHIBIT C

Zoya Kovalenko (Cal. SBN 338624)
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
678 559 4682
zoyavk@outlook.com

Plaintiff Zoya Kovalenko

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO, | Case No.: 4:22-cv-05990-HSG (TSH) |
| Plaintiff, | PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT KIRKLAND & ELLIS LLP'S INTERROGATORIES TO PLAINTIFF, SET ONE |
| v. | |
| KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT, LESLIE M. SCHMIDT, P.C., AND MARK FAHEY, | |
| Defendants. | |

ASKING PARTY:          DEFENDANT KIRKLAND & ELLIS LLP

ANSWERING PARTY:          PLAINTIFF ZOYA KOVALENKO

SET NO.:          One

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT KIRKLAND & ELLIS LLP'S INTERROGATORIES TO PLAINTIFF, SET ONE

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Zoya Kovalenko hereby objects and responds to Defendant Kirkland & Ellis LLP ("Defendant" or "Kirkland")'s Interrogatories to Plaintiff, Set One (the "Interrogatories"), subject to the objections set forth below. These objections and responses reflect Plaintiff's current knowledge and the results of Plaintiff's reasonable investigation, which is ongoing, to date. Plaintiff reserves the right to amend, modify, and/or supplement these responses in the future as may be necessary or appropriate in accordance with at least Federal Rule of Civil Procedure 26(e)(1) and any scheduling order that the Court will enter in this case. Plaintiff reserves all rights to move for a protective order, seek sanctions, and seek any other available relief related to Defendant's Interrogatories.

## PRELIMINARY COMMENTS AND GENERAL OBJECTIONS

Plaintiff objects to the 30-day timeframe set forth in the first paragraph of the requests as contrary to, *inter alia*, the Federal Rules of Civil Procedure, the Civil Local Rules, and any instruction, direction, or order provided by the Court. *See, e.g.*, Fed. R. Civ. P. 33(b)(2); *see also* Fed. R. Civ. P. 29(b); Civil L.R. 6-1(a) Stipulation to Extend Time for Pl. to Object/Respond to Def. Kirkland & Ellis LLP's First Sets of Interrogs. and Reqs. for Produc. (Oct. 6, 2023), Dkt. No. 100; *see also* Stipulation to Extend Time for Pl. to Object/Respond to Def. Kirkland & Ellis LLP's First Sets of Interrogs. and Reqs. for Produc. (Aug. 30, 2023), Dkt. No. 93. For example, as this Court noted during its October 3, 2023 case management conference, the Court has not yet entered a scheduling order in this case, so each of Defendant's Interrogatories and Defendant's demand for answers within 30 days of service (or by the November 8, 2023 stipulated deadline for objections/responses) are premature, overly burdensome, oppressive, and outside the scope of discovery permissible under the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 33(b)(2) & 29(b); *see also* Civil L.R. 6-1(a) Stipulation, Dkt. No. 100; *cf.* Stipulated Req. for Order Extending Time

Regarding Defs.' Mot. Dismiss Am. Compl., Dkt. No. 102, and Order (Oct. 30, 2023), Dkt. No. 106 (granting stipulated request to extend time regarding seventh motion to dismiss). Plaintiff further objects to the 30-day timeframe set forth in the first paragraph of the Interrogatories as not providing sufficient time to answer the same, or to meet and confer regarding the scope of the Interrogatories, especially given the breadth of the Interrogatories and the tendency of the Interrogatories to be worded "IDENTIFY all."

Plaintiff objects to the Interrogatories, together with Defendant Kirkland & Ellis LLP's Request [sic] for Production to Plaintiff, Set One, as cumulatively overbroad and oppressive, and as clearly designed to harass, cause annoyance, and further Defendants' vexatious litigation conduct prohibited by the Federal Rules of Civil Procedure and/or other applicable law or standard(s) of professional conduct. *See, e.g.*, Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(g)(1)(B); Fed. R. Civ. P. 26(g)(3).

Plaintiff objects to Defendant's "Definitions" and "Instructions" to the extent that Defendant seeks to impose obligations that go beyond the provisions and requirements of applicable law, including without limitation the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 26 & 33.

Plaintiff objects to the definitions of "KIRKLAND" or "DEFENDANT" and to each Interrogatory incorporating such term to the extent it is vague, ambiguous, and unintelligible and as overly broad, unduly burdensome, and oppressive to the extent its use in an Interrogatory seeks discovery that is privileged, not relevant, not proportional to the needs of the case, tied to the claims at issue or to the issues in the litigation, and to the extent its use in a Interrogatory seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Order, Dkt. No. 92; Am. Compl., Dkt. No. 94 (operative complaint).

Plaintiff objects to the definition of "COMPLAINT" and to each Interrogatory incorporating such term as overly broad, unduly burdensome, and oppressive by seeking discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 33(a)(1)–(2); Fed. R. Civ. P. 33(a)(3)–(4). Plaintiff further objects to the definition and to each Interrogatory incorporating such term as overly broad, unduly burdensome, and oppressive because it seeks discovery by referencing a non-operative complaint. Plaintiff objects to the definition and to each Interrogatory incorporating the same as seeking discovery neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeking discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Dkt. Nos. 1, 92, 94, 102. Plaintiff further objects to the definition of "COMPLAINT" and to each Interrogatory incorporating such term to the extent the Interrogatory seeks or requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

Plaintiff objects to the definitions of "PLAINTIFF," "YOU," and "YOUR," and to each Interrogatory incorporating any such term to the extent "PLAINTIFF," "YOU," and "YOUR," include Plaintiff Zoya Kovalenko "and all other persons and entities representing her or acting on her behalf" because the terms "PLAINTIFF," "YOU," and "YOUR" are vague and ambiguous to the extent such terms include "and all other persons and entities representing her or acting on her behalf." Plaintiff objects to each Interrogatory including any one or more of the terms "PLAINTIFF," "YOU," and "YOUR" as unduly burdensome, overly broad, and oppressive because such Interrogatory is vague, ambiguous, and unintelligible because the term(s) include Plaintiff "and all other persons and entities representing her or acting on her behalf." *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 33(a). Plaintiff objects to the definitions of and use of the terms of "PLAINTIFF," "YOU," and "YOUR" and to any

Interrogatory incorporating any one or more of these terms as overly broad, unduly burdensome, and oppressive because each such Interrogatory seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law due to Kirkland's choice to define such terms to include Plaintiff "and all other persons and entities representing her or acting on her behalf." *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 33(a); *see also* Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B); Fed. R. Civ. P. 26(g)(3).   To the extent "PLAINTIFF," "YOU," and "YOUR" are defined to include "all other persons and entities representing [Plaintiff] or acting on [Plaintiff's] behalf," Plaintiff objects to such terms and to each Interrogatory incorporating any one or more such terms as seeking discovery that is outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501; Fed. R. Civ. P. 33(a) & (b).   Plaintiff further objects to each such Interrogatory as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure to the extent the terms are defined to include "all other persons and entities representing [Plaintiff] or acting on her behalf" because such Interrogatories seek discovery that is not in Plaintiff's possession, custody, or control or that can be obtained from some other source that is more convenient, less burdensome, or less expensive. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C)(i); 26(b)(2)(B).   Plaintiff objects to the these definitions to the extent they would subject Plaintiff or non-parties to annoyance, embarrassment, oppression, or undue burden or expense. *See, e.g.*, Fed. R. Civ. P. 26(c)(1) & 26(b)(1).  Plaintiff objects to the definitions of "PLAINTIFF," "YOU," and "YOUR" as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent

the use of any one or more of the foregoing terms in a Interrogatory seeks or purports to seek discovery not limited to the relevant time period regarding the facts at issue in this litigation. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

Plaintiff objects to each definition, Instruction, and Interrogatory as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent the definitions, Instructions, and/or Interrogatories seek discovery not limited to the relevant time period regarding the facts at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)(ii); Fed. R. Civ. P. 26(g)(1)(B)(iii); Fed. R. Civ. P. 26(g)(1)(C); *see generally* Fed. R. Civ. P. 26.

Plaintiff objects to each instruction to the extent it renders an Interrogatory overly broad, unduly burdensome, and oppressive to the extent it seeks discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law because it is not temporally limited or tied to the instant litigation and/or any scheduling order to be entered in the same.

Plaintiff objects to each definition, Instruction, and Interrogatory as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent the Interrogatory, when read alone and/or in light of the definitions of any defined terms used therein and/or in light of the instructions, seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation.  Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(b)(2)(C)(i); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(g)(1)(B)-(C).

## **GENERAL OBJECTIONS**

Plaintiff objects to each of Defendant's Interrogatories on the following general grounds:

1.      The Interrogatory seeks information that is not relevant to any party's claim or defense,   is not material, is not reasonably calculated to lead to the discovery of admissible evidence, and/or is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2.      The Interrogatory is overly broad, oppressive, and/or unduly burdensome.

3.      The Interrogatory seeks the disclosure of protected, private, sensitive, confidential, personal, medical, financial and/or business information or materials concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff.

4.      The Interrogatory seeks the disclosure of information or material that concerns individuals or entities other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy or proprietary interests of such individuals or entities.

5.      The Interrogatory is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information Defendants is seeking and is unable to formulate a responsive answer.

6.      The Interrogatory seeks the disclosure of information that is protected from disclosure under the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, statute, rule, regulation, or common law principle.  Inadvertent identification or production of any such information shall not constitute a waiver of any privilege with respect to the subject matter therein and shall not waive the right of Plaintiff to object to the use of any such information during any subsequent proceeding.

7.      The Interrogatory is not reasonably limited in time or seeks the disclosure of information outside the time period relevant to the present litigation.

8.      The Interrogatory exceeds the permissible scope of interrogatories as set forth in the Federal Rules of Civil Procedure and/or Civil Local Rules.

9. The Interrogatory seeks the disclosure of information already known or available to Defendants that is more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

10. The Interrogatory is duplicative and cumulative of other Interrogatories.

11. The Interrogatory is premature, and Plaintiff cannot provide a full response until after further discovery is conducted.

12. The Interrogatory requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

13. The Interrogatory would subject Plaintiff or non-parties to annoyance, embarrassment, oppression, or undue burden or expense.

14. The Interrogatory is cumulatively overbroad, oppressive, unduly burdensome, and clearly designed to harass and further Defendant's vexatious litigation conduct prohibited by the Federal Rules of Civil Procedure and/or other applicable law or standard(s) of professional conduct.

### PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S INTERROGATORIES TO PLAINTIFF, SET ONE

PLAINTIFF hereby responds and objects to Defendant Kirkland & Ellis LLP's Interrogatories to Plaintiff, Set One, as follows:

### INTERROGATORY NO. 1:

IDENTIFY all medical providers or MENTAL HEALTH PROVIDERS that YOU have consulted with, received treatment from, and/or been examined by from November 16, 2015 through the present. IDENTIFY means to state the name, business address, e-mail address, and telephone number of the health provider. MENTAL HEALTH PROVIDER means a health care provider that provides mental health services, including, but not limited to, psychiatrists, psychologists, therapists, marriage counselors, relationship counselors, other types of counselors, clinicians, and social workers.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Interrogatory as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and oppressive to the extent it requests Plaintiff to "IDENTIFY" "[a]ll" medical providers or MENTAL HEALTH PROVIDERS that YOU have consulted with, received treatment from, and/or been examined by from November 16, 2015 through the present" because this Interrogatory seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Interrogatory seeks discovery that is cumulative or duplicative of discovery sought in Requests for Production.

Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Interrogatory seeks discovery that is outside of Plaintiff's possession, custody, and control.

1   Plaintiff further objects to this Interrogatory as premature because Plaintiff cannot

2   provide a full response until after further discovery is conducted.

3   Plaintiff objects to this Interrogatory as seeking discovery outside the scope permitted

4   under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery

5   that is privileged and/or otherwise protected, including without limitation by attorney-client

6   privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held

7   by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.

8   Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.

9   Plaintiff also objects to this Interrogatory to the extent it seeks information that is protected by

10  the attorney-client privilege, that constitutes attorney work product, or that is protected by any

11  other applicable privilege or protection, including without limitation the psychotherapist-patient

12  privilege or protections arising from privacy right(s).   Plaintiff further objects to this

13  Interrogatory as overly broad, unduly burdensome and costly, and oppressive and as subjecting

14  Plaintiff to undue cost.  Plaintiff further objects to this Interrogatory as premature to the extent it

15  seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in

16  advance of any deadlines that will be set forth by the Court in this case or that are imposed by

17  the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the

18  parties.  The Court has not yet entered a scheduling order in this case.

19  Subject to and without waiver of these objections and Plaintiff's General Objections,

20  Plaintiff responds as follows:

21  The Court has not yet entered a scheduling order in this case; the Court has not set a date

22  for the close of discovery.   Plaintiff's reasonable investigation and reasonable search for

23  responsive, relevant information that is neither privileged nor otherwise protected is ongoing,

24  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

25  Interrogatory as this action and discovery proceed.  Subject to the foregoing objections and to

26  the extent consistent with the same, Plaintiff states that she is willing to meet and confer

27  regarding the scope of this Interrogatory.

28

**INTERROGATORY NO. 2:**

IDENTIFY all entities for whom YOU have worked (whether as an employee, independent contractor, consultant or otherwise) since the termination of YOUR employment with KIRKLAND. IDENTIFY means to state the name, business address, e-mail address, and telephone number of the employer or contracting entity.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Interrogatory as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and oppressive to the extent it seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E). Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Interrogatory seeks discovery that is cumulative or duplicative of discovery sought in Requests for Production.

Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Interrogatory seeks discovery that is outside of Plaintiff's possession, custody, and control.

Plaintiff further objects to this Interrogatory as premature because Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff objects to this Interrogatory as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s).   Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost.  Plaintiff further objects to this Interrogatory as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

Interrogatory as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she had been unemployed since the termination of her employment with Defendant.

**INTERROGATORY NO. 3:**

IDENTIFY all entities for whom YOU have worked (whether as an employee, intern, independent contractor, consultant or otherwise) from 2014 to November 15, 2020. IDENTIFY means to state the name, business address, e-mail address, and telephone number of the employer or contracting entity.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Interrogatory as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and oppressive to the extent it seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).   Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome and costly, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent it seeks discovery not limited to the relevant time period regarding the facts at issue in this litigation. *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 26(g)(1)(B)–(C).

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and oppressive and as seeking discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other applicable law to the extent this Interrogatory seeks discovery that is cumulative or duplicative of discovery sought in Requests for Production.

Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and oppressive and as subjecting Plaintiff to undue cost because this Interrogatory seeks discovery that is outside of Plaintiff's possession, custody, and control.

Plaintiff further objects to this Interrogatory as premature because Plaintiff cannot provide a full response until after further discovery is conducted.

Plaintiff objects to this Interrogatory as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by attorney-client privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held by Plaintiff and/or a third party. Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501. Plaintiff also objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege or protection, including without limitation the psychotherapist-patient privilege or protections arising from privacy right(s). Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost. Plaintiff further objects to this Interrogatory as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties. The Court has not yet entered a scheduling order in this case.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery. Plaintiff's reasonable investigation and reasonable search for responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Interrogatory as this action and discovery proceed. Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that Defendant is in possession of this information as same was provided in Plaintiff's resume that was given to Defendants prior to her employment with Kirkland.

**INTERROGATORY NO. 4:**

IDENTIFY all LEGAL PROCEEDINGS to which YOU have been a party. LEGAL PROCEEDINGS means any type of legal action, including but not limited to car accidents, property disputes, personal injury, contract disputes, class actions, divorce proceedings, name change proceedings, criminal proceedings, employment litigation, benefits litigation, and bankruptcy proceedings. IDENTIFY means to state the name of the court, names of the parties, and case number of any action filed; the name, address, and telephone number of any attorney representing YOU; and state whether the action is pending or has been completed.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Interrogatory as overly broad, unduly burdensome, and oppressive, as seeking discovery that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and that is not proportional to the needs of this case, and as seeking discovery outside the permissible scope under the Federal Rules and/or other applicable law.

Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and oppressive to the extent it requests Plaintiff to "IDENTIFY" "[a]ll" "LEGAL PROCEEDINGS to which YOU have been a party" because this Interrogatory seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case and thus seeks

1  discovery outside the scope permitted by the Federal Rules of Civil Procedure and/or other
2  applicable law.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(B); Fed. R. Civ. P.
3  26(b)(2)(C)(i) & (iii); *see also* Fed. R. Civ. P. 34(b)(2)(E).  Plaintiff further objects to this
4  Interrogatory as overly broad, unduly burdensome and costly, and oppressive and as seeking
5  discovery outside the scope permissible under the Federal Rules of Civil Procedure and/or other
6  applicable law to the extent it seeks discovery not limited to the relevant time period regarding
7  the facts at issue in this litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.
8  26(b)(2)(C)(iii); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P.
9  26(g)(1)(B)–(C).

10  Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and
11  oppressive and as seeking discovery outside the scope permissible under the Federal Rules of
12  Civil Procedure and/or other applicable law to the extent this Interrogatory seeks discovery that
13  is cumulative or duplicative of discovery sought in Requests for Production.

14  Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and
15  oppressive and as subjecting Plaintiff to undue cost because this Interrogatory seeks discovery
16  that is outside of Plaintiff's possession, custody, and control.

17  Plaintiff further objects to this Interrogatory as premature because Plaintiff cannot
18  provide a full response until after further discovery is conducted.

19  Plaintiff objects to this Interrogatory as seeking discovery outside the scope permitted
20  under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery
21  that is privileged and/or otherwise protected, including without limitation by attorney-client
22  privilege, psychotherapist-patient privilege, work-product doctrine, and/or privacy right(s) held
23  by Plaintiff and/or a third party.  Fed. R. Civ. P. 26(b)(4)(B); Fed. R. Civ. P. 26(b)(4)(C); Fed. R.
24  Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(3)–(4); Fed. R. Evid. 501.
25  Plaintiff also objects to this Interrogatory to the extent it seeks information that is protected by
26  the attorney-client privilege, that constitutes attorney work product, or that is protected by any
27  other applicable privilege or protection, including without limitation the psychotherapist-patient
28

privilege or protections arising from privacy right(s).  Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome and costly, and oppressive and as subjecting Plaintiff to undue cost.  Plaintiff further objects to this Interrogatory as premature to the extent it seeks Plaintiff's legal contentions, and/or the disclosure of expert opinion and testimony in advance of any deadlines that will be set forth by the Court in this case or that are imposed by the Federal Rules of Civil Procedure and/or other applicable law or by agreement among the parties.  The Court has not yet entered a scheduling order in this case.

Subject to and without waiver of these objections and Plaintiff's General Objections, Plaintiff responds as follows:

The Court has not yet entered a scheduling order in this case; the Court has not set a date for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Interrogatory as this action and discovery proceed.  Subject to the foregoing objections and to the extent consistent with the same, Plaintiff states that she is willing to meet and confer regarding the scope of this Interrogatory.  Plaintiff states that she has not been a party to a legal proceeding relevant to this case beyond the California Department of Fair Employment and Housing and Equal Employment Opportunity Commission administrative proceedings, of which Defendant is aware.

Dated: November 8, 2023

/s/ *Zoya Kovalenko*
Zoya Kovalenko (Cal. SBN 338624)
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
678 559 4682
zoyavk@outlook.com
Plaintiff

1

## **CERTIFICATE OF SERVICE**

2       I hereby certify that on this November 8, 2023, a true and correct copy of Plaintiff's

3   Objections and Responses to Defendant Kirkland & Ellis LLP's Interrogatories to Plaintiff, Set

4   One was served via email on all counsel of record.

5

6   Dated: November 8, 2023            /s/ *Zoya Kovalenko*
                                        Zoya Kovalenko (Cal. SBN 338624)
7                                       13221 Oakland Hills Blvd., Apt. 206
                                        Germantown, MD 20874
8                                       678 559 4682
                                        zoyavk@outlook.com
9                                       Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Ceertificate of Service re Pl.'s        1            No. 4:22-cv-05990-HSG (TSH)
    Objecs. & Resps. to Kirkland's 1st
    Set of Interrogs.

# EXHIBIT D

**Archived:** Friday, February 23, 2024 8:32:02 AM
**From:** Tanvir Rahman
**Mail received time:** Mon, 12 Feb 2024 20:57:40
**Sent:** Monday, February 12, 2024 12:57:41 PM
**To:** Juvinall, Kate
**Cc:** Hermle, Lynne C.    Liburt, Joseph C.    Thompson, Mark    Gasek, Jade
**Subject:** RE: Kovalenko/Kirkland - initial call
**Importance:** Normal
**Sensitivity:** None

---

**[EXTERNAL]**

Thanks, Kate – we're fine with the changes.  Can I e-sign for you and file?  Thanks.

Warmly,




**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his

---

(914) 984-1111, ext. 505
Cell: (347) 207-5765
TRahman@filippatoslaw.com
www.filippatoslaw.com




Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

---

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Monday, February 12, 2024 3:26 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Hi Tanvir,

Attached is the proposed stip with a few changes. We're fine w/ a remote hearing, but we'd like to attend by Zoom instead of telephone.

As for the protective order, we're reviewing as there still appear to be a number of areas of disagreement.

Thanks!

Kate

**From:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Sent:** Monday, February 12, 2024 9:23 AM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** Re: Kovalenko/Kirkland - initial call

**[EXTERNAL]**

Hi Kate - just wanted to follow up on the stipulation and PO re Thursday's conference as we'd like to get this on file today. Thanks.

Warmly,

**Tanvir H. Rahman**
*Partner*
Pronouns: he/him/his

**Filippatos PLLC**
199 Main Street, Suite 800
White Plains, NY 10601
Phone/Fax: (914) 984-1111, ext. 505
Cell: (347) 207-5765
Email: TRahman@filippatoslaw.com

www.filippatoslaw.com

 Please consider the environment before printing this e-mail.

This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

---

**From:** Tanvir Rahman
**Sent:** Friday, February 9, 2024 5:54:10 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Hi Kate – please see the attached production which should correspond to the third production that I understand Ms. Kovalenko made consisting of native files that were not bates-stamped (in other words, this is a bates-stamped version of that third production). We are working on another production that we hope to send to you next week – I am just waiting on a few additional documents from my client.

Also, we intend to seek permission to attend next week's hearing on the motion to quash before Judge Hixson telephonically. To that end, I am attaching a stipulation and proposed order to that effect. Please let me know if you have any objections or questions, and if not, please execute and send back (or I can e-sign on your behalf) and we will get it on file. Thanks, and have a nice weekend.

Warmly,





**F I L I P P A T O S   P L L C**
Employment Law, Litigation & ADR

**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his

_____

(914) 984-1111, ext. 505
Cell: (347) 207-5765
TRahman@filippatoslaw.com
www.filippatoslaw.com

 

   

Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Thursday, February 8, 2024 7:49 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** Re: Kovalenko/Kirkland - initial call

Thanks Tanvir. We'll review.

Sent from my iPhone

> On Feb 8, 2024, at 4:46 PM, Tanvir Rahman <TRahman@filippatoslaw.com> wrote:
>
> 🖾
>
> **[EXTERNAL]**
>
> Hi Kate – please see the attached draft stipulated PO which reflects our latest acceptable revisions. Please let me know if you have any questions.  I hope we can put this one to bed in short order.  Thanks.
>
> Warmly,
>
> <image001.png>   **<image005.png>**
>
> <image002.png>
>
> <image003.png>
>
> <image004.png>
>
> **Tanvir H. Rahman**
> *Managing Partner*
> Pronouns: he/him/his
> _____
> (914) 984-1111, ext. 505
> Cell: (347) 207-5765
> TRahman@filippatoslaw.com

www.filippatoslaw.com

<image006.png>
Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Monday, January 29, 2024 6:36 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Hi Tanvir,

Thanks for the call on 1/18. I added notes that reflect our conversation today to the summary of our 12/20 call that I sent around on 12/21. Main takeaway is that Plaintiff will produce responsive information/documents to the discovery requests identified below and, other than privilege, is not withholding any information/documents based on her objections. Further, please supplement Plaintiff's RFP responses to reflect the agreements summarized below.

We briefly discussed timing, and you stated that you are diligently working to get the documents from Zoya but do not yet have them. When you receive the documents you will promptly review and produce them. As I stated on the call, time is of the essence given that discovery in this case has dragged on for months without any progress, and if Plaintiff does not promptly produce the information/documents, Kirkland will move to compel. In response, you mentioned that a motion to compel may be helpful to move this along. It's been almost two weeks since our call, and we have not yet received any additional information/documents from Plaintiff. Thus, if we do not receive the responsive information/documents by February 9, we will seek Court intervention and will also seek sanctions.

Additionally, as further discussed on our 1/18 call, Plaintiff has agreed to provide the identities of her medical providers, but believes the information is confidential and will provide them upon entry of a protective order. We had sent you the latest version of the protective order on 1/11, and on the call you said you had questions about what issues are still outstanding between the parties. I have re-attached the latest version of protective order. Here is a description of what the mark-ups mean:

Zoya's changes from the last version are in red. Our proposed changes are highlighted in green. Language highlighted in yellow is in dispute. We are ok with Zoya's changes where noted in the comments.

Best,
Kate

## Notes from 12/20 call in black and 1/18 call in <span style="color:red">red</span>:

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████

2. ~~**Motion to Quash**: We agreed to extend the response and reply deadlines given the upcoming holiday/travel schedules. We sent a draft stipulation around yesterday for your review. We also proposed continuing the hearing date by one week because we are unavailable on February 1.~~

3. **Zoya's Discovery Responses**: We spent most of the call discussing Zoya's discovery responses. During our earlier discussion on November 16, we (Kirkland) had a raised a number of issues, including Zoya's 1,281 RFP responses that were primarily boilerplate objections, and her stated refusal to produce any documents before the end of discovery. You agreed to review Zoya's responses and then reconvene to see if we can resolve some of the issues before engaging in extensive discovery efforts. Yesterday we asked for your thoughts on Zoya's responses, and you stated there were no fundamental differences, but said it was not your practice to delay in producing documents, did not intend to do so here, and would consider any issues we had. Here is a summary of the issues discussed:

   1. **Interrogatory No. 1**: Requests the identity of Plaintiff's mental health providers. Zoya has objected on various irrelevant and frivolous grounds, and stated she was willing to meet and confer. During the call, we stated that Zoya has a claim for IIED, has placed her mental condition at issue, and thus has waived any physician/patient privilege. Regardless, at this point we are only seeking the identity of the providers, which is not privileged. We asked what your position is on this Interrogatory, if Plaintiff is objecting in full or proposing to narrow in any way, and you stated that you would take the issue back to Zoya and then get back to us.

      1. <span style="color:red">KEJ Notes from 1/18 call: Plaintiff will agree to supplement and provide responsive information upon entry of a protective order. Per our discussion, I will review the protective order as it currently stands and circle-back on the outstanding issues.</span>

   2. **Interrogatory No. 3**: Requests the identity of prior employers. Zoya made the same boilerplate objections (including physician/client privilege) and stated she would meet and confer. We raised that this information is relevant to her defamation claims (reputation) and EPA claim (her skills v. her comparators), and, again, only seeks the identity of the employers. Plaintiff objected that Kirkland already has the information via Plaintiff's resume, but a resume is not always a full recitation of prior

employment, and under the FRCP we are entitled to a written, sworn response. You stated that you would take the issue back to Zoya and then get back to us.

    1. KEJ Notes from 1/18 call: Plaintiff will agree to supplement her response.

3. **Interrogatory No. 4**: Seeks the identity of other legal proceedings Plaintiff has been party to. Plaintiff identified the EEOC proceeding and stated any other proceedings are not relevant. We explained that other proceedings regarding her finances or against prior employers could show motive, and, again, we are only seeking basic information such as the Court location, case number, etc. You stated that you didn't know if she has been party to other legal proceedings, and would take the issue back to Zoya and then get back to us.

    1. KEJ Notes from 1/18 call: Plaintiff will agree to supplement her response.

4. **RFPs with "meet and confer" response**: Zoya states she will "meet and confer regarding the scope" of 193 out of 202 RFPs. The RFPs that are NOT included are 170, 171, 176, 177, 192, 193, 194, 201, 202. We highlighted that RFPs 1-151 all reference specific paragraphs and quote specific language in the Complaints. Given that Zoya drafted the Complaint, objections for relevance/overbreadth/burden are meritless. We asked Plaintiff to re-review these RFPs and identify those that are actually at issue. You stated that you would take the issue back to Zoya and then get back to us.

    1. KEJ Notes from 1/18 call: Plaintiff's "meet and confer" response just means that she is willing to meet and confer about her objections. She will agree to produce documents responsive to these RFPs. Plaintiff is not withholding any documents based on her objections other than privilege.

5. **RFPs stating responsive documents produced:** RFPs 10-14, 175, 176, and 198 all state that responsive information has been produced, but it is unclear is some or all responsive documents have been produced. For example, RFP 175 asks for Plaintiff's resume (including drafts) for the last 5 years prior to her employment at Kirkland. To date, Plaintiff has only produced one resume, which does not appear to be a complete production of responsive documents. You stated that you would take the issue back to Zoya and then get back to us.

    1. KEJ Notes from 1/18 call: Plaintiff is still looking for responsive documents and will produce additional responsive documents as she finds them.

6. **RPFs stating information publicly available:** RFP 51 seeks documents about Plaintiff's statements about the success of PTAB proceedings. Plaintiff states the documents are publicly available and refuses to produce any documents. As we discussed, this is not a proper

objection and she cannot withhold documents on this basis. For example, Plaintiff doesn't identify the PTAB proceedings at issue in the Complaint, so, even if the documents are publicly available, Kirkland doesn't have sufficient information to locate them anyway. You stated that you would take the issue back to Zoya and then get back to us.

1. KEJ Notes from 1/18 call: Plaintiff agrees to produce responsive documents.

7. **RFPs concerning "verbal" allegations:** For RFPs 64-67, 75, and 76, Zoya objects and states the allegations were discussed verbally, but that she is willing to meet and confer. It is unclear whether there are responsive documents and whether there is anything to meet and confer about. If no responsive documents exist, Plaintiff should state that. You stated that you would take the issue back to Zoya and then get back to us.

1. KEJ Notes from 1/18 call: Plaintiff is not positive that there are not documents of these alleged verbal conversations. Plaintiff is still searching for responsive information and if she has anything she will produce it.

8. **RFPs concerning documents not in "possession":** The responses to RFPs 168, 170, 171 all state that Zoya doesn't have any documents in her possession. Does she have any documents in her custody or control? It is unclear. If no responsive documents exist, Plaintiff should state that. Plaintiff is required to provide written responses that comply with the FRCP. You stated that you would take the issue back to Zoya and then get back to us.

1. KEJ Notes from 1/18 call: Plaintiff has no responsive documents in her possession, custody, or control.

9. **RFPs with otherwise unclear responses:** For each of these, you stated that you would take the issue back to Zoya and then get back to us.

1. **RFP 182** asks for documents showing income earned since Plaintiff's employment with Kirkland. Zoya states she has not had a job since, but is willing to meet and confer. It is unclear if Plaintiff obtained income from another source other than employment, or if there is anything to meet and confer about. If no responsive documents exist, Plaintiff should state that. KEJ Notes from 1/18 call: Plaintiff will produce responsive documents re: any income earned.

ii. **RFP 183** asks for documents concerning any application for disability benefits. Zoya stated she didn't apply for disability benefits, but is willing to meet and confer. Again, it is unclear whether no responsive documents exist and if there is anything to meet and confer about. If no responsive documents exist, Plaintiff should state that. KEJ Notes from 1/18 Call: Plaintiff did not file an

<span style="color:red">application for disability benefits and did not receive any disability benefits. However, she's not sure if her unemployment application included something about disability benefits, so she is going to check. If she has anything she will produce it.</span>

   iii. **RFP 194** asks for documents that show the FEHA applied extraterritorially to Mark Fahey. Plaintiff doesn't state that she will produce any documents or that she will meet and confer. Is Plaintiff standing on her objections or will she produce responsive documents? <span style="color:red">KEJ Notes from 1/18 Call: Plaintiff is still searching for responsive documents and if she has any she will produce them.</span>

   1. **Timing of Responses**: As discussed, our client is growing very frustrated that it has been four months since Kirkland served discovery on Plaintiff on August 8 and the case all but stagnated during the period while Plaintiff searched for local counsel. To move discovery along, you agreed to provide responses to the above issues on or before January 5, 2024. If Plaintiff fails to provide satisfactory responses by that date, Kirkland will seek court intervention and sanctions.

Best,
Kate

---

**From:** Juvinall, Kate
**Sent:** Friday, December 22, 2023 9:27 AM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Cc:** Liburt, Joseph C. <jliburt@orrick.com>; Hermle, Lynne C. <lchermle@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Hi Tanvir – following up on the email below. Can you please let us know if we have approval to sign on your behalf and file?

---

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Thursday, December 21, 2023 12:34 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Cc:** Liburt, Joseph C. <jliburt@orrick.com>; Hermle, Lynne C. <lchermle@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Hi Tanvir – thanks for the call yesterday. We'll send over a more fulsome summary of the call shortly, but, in the meantime, we're attaching a draft stipulation to extend the response and reply deadlines re the MTQ as discussed. We are unavailable on February 1 for the hearing, so we proposed a new hearing date of February 8. Let me know if that works for you.

Thanks!
Kate

---

**From:** Juvinall, Kate

**Sent:** Tuesday, December 19, 2023 11:27 AM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Cc:** Liburt, Joseph C. <jliburt@orrick.com>; Hermle, Lynne C. <lchermle@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Works for us. I'll send an invite.

---

**From:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Sent:** Monday, December 18, 2023 8:05 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Cc:** Liburt, Joseph C. <jliburt@orrick.com>; Hermle, Lynne C. <lchermle@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

**[EXTERNAL]**

Hi Kate – let's shoot for Wednesday at 1:30PST/4:30EST if that still works.  Thanks.

Warmly,

**<image005.png>**

<image001.png>

<image002.png>

<image003.png>

<image004.png>

**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his

_____

(914) 984-1111, ext. 505
Cell: (347) 207-5765
TRahman@filippatoslaw.com
www.filippatoslaw.com

<image006.png>
Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

---

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Monday, December 18, 2023 4:59 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Cc:** Liburt, Joseph C. <jliburt@orrick.com>; Hermle, Lynne C. <lchermle@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Hi Tanvir,

Thanks for the update. We are free on Wednesday from 10:30-11 and 1-2 pm PST, and Thursday 1-2 pm PST. Let us know if any times in there work for you.

We'll separately gather some names of potential mediators and be in touch.

Thanks,
Kate

---

**From:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Sent:** Sunday, December 17, 2023 7:12 AM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

**[EXTERNAL]**

Hi Kate – hope you're having a nice weekend.

As to your questions below, we do intend to file a motion to quash the two subpoenas to Plaintiff's former employers this week, hopefully early in the week.

I got a chance to review Plaintiff's discovery responses – I'm happy to meet and confer sometime this week to understand your concerns so please let us know some times that may work.

████████████████████████████████████████████████████████████

Warmly,

**<image005.png>**

<image001.png>

<image002.png>

<image003.png>

<image004.png>

**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his

_____

(914) 984-1111, ext. 505
Cell: (347) 207-5765

TRahman@filippatoslaw.com
www.filippatoslaw.com

<image006.png>

Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

---

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Monday, December 11, 2023 4:43 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Hi Tanvir,

Following up on the discovery items we discussed during our November 16 call:

1. Do you have an update on if/when Plaintiff will be filing motions to quash the subpoenas to Fish & Richardson and Paul Hastings?
2. Do you have an update on your position on Plaintiff's 1,281+ page responses to Kirkland's ROGs and RFPs? As discussed on our call, we prefer to avoid discovery disputes, but, as drafted, there are substantial issues that we will need to meet and confer about.

███████████████████████████████

Please let us know when you are available for a call this week to discuss these issues and next steps.

Thanks,
Kate

---

**From:** Juvinall, Kate
**Sent:** Tuesday, November 14, 2023 4:01 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Will do. Talk to you both soon.

Kate

---

**From:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Sent:** Tuesday, November 14, 2023 3:59 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Great – please include my colleague Falisha Pierre who is copied.

Warmly,

### <image005.png>

<image001.png>

**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his

<image002.png>

<image003.png>

(914) 984-1111, ext. 505
Cell: (347) 207-5765

<image004.png>

TRahman@filippatoslaw.com
www.filippatoslaw.com

<image006.png>

Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Tuesday, November 14, 2023 6:58 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Hi Tanvir – yes, 4 pm EST on Thursday works great. I'll send an invite. Would you like me to include anyone else from your team?

Kate

---

**From:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Sent:** Tuesday, November 14, 2023 3:44 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Hi Kate – thank you for reaching out.  I have availability Thursday after 4pm EST or before 11AM EST on Friday.  Would any of those times work?  Thanks.

Warmly,

**<image005.png>**

<image001.png>

**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his

<image002.png>

<image003.png>

(914) 984-1111, ext. 505
Cell: (347) 207-5765

<image004.png>

TRahman@filippatoslaw.com
www.filippatoslaw.com

<image006.png>
Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

---

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Tuesday, November 14, 2023 2:29 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** Kovalenko/Kirkland - initial call

<image007.jpg> **IRONSCALES couldn't recognize this email as this is the first time you received an email from this sender kjuvinall@orrick.com**

Hi Tanvir,

We are counsel for Kirkland and the individual defendants in Ms. Kovalenko's case. Can we have a call this week to discuss some outstanding issues in the case? Please let me know your availability.

We look forward to working with you.

Best,
Kate

**Kate Juvinall**
Senior Associate

Orrick          <image008.jpg>
Santa Monica
T +1-213-612-2461
M +1-248-974-6097
kjuvinall@orrick.com

<image009.png>

<image010.png>

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit _http://www.orrick.com_

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit _http://www.orrick.com_

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

<KE_Kovalenko - Stipulated Protective Order 4143-9418-1443 3_THRrev2.8.24.docx>

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit _http://www.orrick.com_

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit _http://www.orrick.com_

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

# EXHIBIT E

**Archived:** Monday, June 24, 2024 12:15:09 PM
**From:** Juvinall, Kate
**Sent:** Fri, 1 Mar 2024 22:39:46
**To:** Tanvir Rahman
**Cc:** Hermle, Lynne C.  Liburt, Joseph C.  Thompson, Mark  Gasek, Jade
**Subject:** Kovalenko/K&E - Jt Discovery Ltr
**Importance:** Normal
**Sensitivity:** None
**Attachments:**
Joint Ltr. - Disc. Disputes re Kirkland's Written Discovery 4139-7091-4126 5.docx

---

Hi Tanvir,

We are attaching a joint discovery letter regarding K&E's discovery requests to Plaintiff. Please provide Plaintiff's portion by COB on Wednesday, March 6 so we can file on Thursday.

Thanks!
Kate

**Kate Juvinall**
Senior Associate

Orrick
Santa Monica
T +1-213-612-2461
M +1-248-974-6097
kjuvinall@orrick.com





# ATTACHMENT 1

1    [counsel on next page]

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                                OAKLAND DIVISION

7    ZOYA KOVALENKO,                          Case No. 4:22-cv-05990-HSG-TSH

8                   *Plaintiff*,              **JOINT DISCOVERY DISPUTE LETTER
                                              CONCERNING DEFENDANT
9           v.                                KIRKLAND & ELLIS LLP'S
                                              DISCOVERY REQUESTS TO
10   KIRKLAND & ELLIS LLP, MICHAEL DE         PLAINTIFF**
     VRIES, MICHAEL W. DEVRIES, P.C.,
11   ADAM ALPER, ADAM R. ALPER, P.C.,
     AKSHAY DEORAS, AKSHAY S.                 Judge:    Magistrate Judge Thomas S. Hixson
12   DEORAS, P.C., AND MARK FAHEY,

13                 *Defendants*.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | LYNNE C. HERMLE (STATE BAR NO. 99779)
  | lchermle@orrick.com
2 | JOSEPH C. LIBURT (STATE BAR NO. 155507)
  | jliburt@orrick.com
3 | ORRICK, HERRINGTON & SUTCLIFFE LLP
  | 1000 Marsh Road
4 | Menlo Park, CA  94025-1015
  | Telephone:+1 650 614 7400
5 | Facsimile: +1 650 614 7401

6 | KATE JUVINALL (STATE BAR NO. 315659)
  | kjuvinall@orrick.com
7 | ORRICK, HERRINGTON & SUTCLIFFE LLP
  | 355 S. Grand Ave., Suite 2700
8 | Los Angeles, CA  90071
  | Telephone:+1 213 629 2020
9 | Facsimile: +1 213 612 2499

10 | MARK THOMPSON (Admitted *pro hac vice*)
   | mthompson@orrick.com
11 | ORRICK, HERRINGTON & SUTCLIFFE LLP
   | 51 W 52nd St.
12 | New York, NY 10019
   | Telephone:+1 212 506 5000
13 | Facsimile: +1 212 506 5151

14 | Attorneys for Defendants

15 | [INSERT PLAINTIFF]

Joint Disc. Dispute Letter
Re: Def. K&E's Discovery to Pl.

No. 4:22-CV-05990-HSG

0

Pursuant to this Court's Standing Order for Civil Cases paragraph 19, Plaintiff Zoya Kovalenko ("Plaintiff") and Defendant Kirkland & Ellis LLP ("K&E") hereby submit this joint letter stating the nature and status of a discovery dispute concerning K&E's Requests for Production of Documents, Set One ("RFPs"), and Interrogatories, Set One ("ROGs") to Plaintiff.

## K&E's Statement Regarding Nature and Status of the Dispute

On August 8, 2023, K&E served Requests for Production of Documents and Interrogatories on Plaintiff. Declaration of Kate Juvinall ("Juvinall Decl."), Ex. A at 9. The RFPs largely tracked the factual and legal allegations in Plaintiff's 300+ paragraph Complaint. The four interrogatories K&E served seek the (1) identity of Plaintiff's mental health providers (ROG 1), (2) identity of her prior employers (ROG 2), (3) identity of her subsequent employers (ROG 3), and (4) identity of prior litigation to which Plaintiff was a party (ROG 4).

K&E granted Plaintiff two 30-day extensions. *Id.* at 3, 8. On November 8, 2023, Plaintiff served her responses. Juvinall Decl. Exs. B, C. The RFP responses consisted of 1,300 pages of boilerplate objections, and Plaintiff produced no responsive documents. The ROG responses also consisted of boilerplate objections, and Plaintiff provided no substantive answers to ROGs 1, 2, and 4. The same day, Plaintiff's counsel entered their appearances. *See* Dkt. No. 107.

K&E promptly contacted Plaintiff's counsel on November 14 to schedule a time to meet and confer regarding Plaintiff's deficient discovery responses (Juvinall Decl. Ex. D at 13), and on November 16, the Parties had an initial meet and confer conference via Zoom. During the call, K&E raised Plaintiff's boilerplate and inadequate discovery responses, and Plaintiff's counsel agreed to review the responses and then follow-up with K&E to see if the Parties could resolve any disputes without court intervention. *Id.* at 8. Having received no response from Plaintiff by December 11, K&E followed up and requested a second meet and confer conference, which occurred on December 20. *Id.* at 10-11. During the conference, K&E walked through various issues it had with Plaintiff's discovery responses, delineated by specific RFP and ROG number. *Id.* at 5; Juvinall Decl. [xx].  Despite having previously agreed to review and evaluate Plaintiff's discovery responses, Plaintiff's counsel could provide no substantive response to these issues and, with respect to every request, stated he would raise them with Plaintiff and get back to K&E. *Id.*

at 4-8. Plaintiff's counsel agreed to provide further responses by January 5, 2024. *Id.* at 8. K&E stated it would seek court intervention if Plaintiff did not provide satisfactory responses by that date. *Id.* at 1, 8. On January 5, Plaintiff's counsel notified K&E that he would endeavor to get back to K&E the following week. *Id.* at #.

The parties conferred a third time on January 18, 2024, at which time Plaintiff agreed:

- To produce documents responsive to 193 RFPs about which Plaintiff responded she was willing to meet and confer (RFPs 1-169, 172-75, 178-91, 195-200);
- To produce additional responsive documents RFPs to which Plaintiff responded she had already produced some documents (RFPs 10-14, 175-76, 198);
- To produce responsive documents to RFPs to which Plaintiff responded that the documents were publicly available (RFP 51);
- To search for and produce responsive documents concerning her "verbal" allegations (RFPs 64-67, 75-76);
- To search for and produce responsive documents showing income post-K&E (RFP 182);
- To search for and produce documents regarding disability benefits (RFP 183); and
- To search for and produced documents showing that FEHA applies extraterritorially to Defendant Mark Fahey (RFP 194).

Juvinall Decl. Ex. E at 4-8. Plaintiff agreed to supplement responses to ROGs 2 and 4 and provide a response to ROG 1 upon entry of a protective order. Ex. E at 5-6. Plaintiff provided no update as to whether she would produce documents responsive to RFPs 201, 202. Juvinall Decl. at [xx].

On January 29, K&E e-mailed Plaintiff to summarize Plaintiff's agreements from January 18, including that K&E would seek court intervention if Plaintiff failed to timely provide satisfactory responses given the six-month delay. Juvinall Decl. Ex. D at 1-3. On February 9, Plaintiff provided bates stamped versions of documents previously produced pursuant to General Order 71 but did not provide any additional documents responsive to K&E's August 8 requests. *Id.* at 2. Plaintiff's counsel stated they were working on an additional production and would produce it the next week. *Id.* More than two weeks later, Plaintiff has not produced any additional responsive documents or information, leading to this discovery dispute. Juvinall Decl. ¶[xx].

Under F.R.C.P. 33 and 34, Plaintiff's discovery responses were due 30 days after K&E served them, on September 8, 2023. K&E granted Plaintiff two 30-day extensions to respond, and allowed Plaintiff's counsel even further time to respond after entering the case. Notwithstanding

these good-faith concessions to Plaintiff, she still has yet to produce any documents responsive to the requests nearly seven months after receiving them, and five weeks after agreeing to supplement her discovery responses and produce additional responsive documents and information. This is improper. *See Satchell v. FedEx Corp.*, 2005 WL 646058, at *3 (N.D. Cal. Mar. 21, 2005) (granting motion to compel "all documents [party] has stated it would produce but has not produced to date."); *Salazar v. Chipotle Mexican Grill, Inc.*, 2017 WL 1427017, at *1 (E.D. Cal. Apr. 21, 2017) (granting motion to compel where plaintiff's counsel requested several extensions to respond to discovery requests but ultimately failed to respond by the agreed upon dates); *Barrios v. Janpro, Inc.*, 2008 WL 2225632, at *1-2 (N.D. Cal. May 28, 2008) (same). K&E requests that the Court order Plaintiff to supplement her responses to K&E's Requests for Production and Interrogatories, and produce all responsive documents within two weeks of the Court's order.

**<u>Plaintiff's Statement Regarding Nature and Status of the Dispute</u>**

Respectfully submitted this ___th day of March 2024.

By:  /s/ *DRAFT*
     _____
     Tanvir Rahman
     Attorney for Plaintiff

By:  /s/ *DRAFT*
     _____
     Joseph L. Liburt
     Attorney for Defendants

Joint Disc. Dispute Letter
Re: Def. K&E's Discovery to Pl.

3

No. 4:22-cv-05990-HSG

# EXHIBIT F

**Archived:** Monday, June 24, 2024 4:41:03 PM
**From:** Juvinall, Kate
**Sent:** Wed, 6 Mar 2024 23:50:41
**To:** Tanvir Rahman
**Cc:** Hermle, Lynne C. Liburt, Joseph C. Thompson, Mark Gasek, Jade
**Subject:** RE: Kovalenko/K&E - Protective Order
**Importance:** Normal
**Sensitivity:** None

---

Hi Tanvir,

Thanks for getting back to us about the protective order. We'll include that issue in our joint letter.

We strongly disagree with your statement that the joint discovery letter is premature given the extremely long time it has taken to get Plaintiff to produce responsive documents, and, upon review of yesterday's production, there are still many RFPs for which no documents have been produced. Plaintiff has also still not provided amended RFP responses to incorporate the agreements made during the M&C calls.

Further, during our meet and confer calls, Plaintiff's position was that the protective order was only needed to amend ROG 1, not ROGs 2 and 4. So there should be no delay in amending ROGs 2 and 4, even without the protective order.

While we will hold off on filing the joint letter today given your representation that Plaintiff intends to make another production today, we will file a revised joint letter tomorrow (taking into account your production tonight) because tonight's production will not resolve all the issues raised in the joint letter.

Thanks,
Kate

---

**From:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Sent:** Wednesday, March 6, 2024 2:00 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/K&E - Protective Order

[EXTERNAL]

Hi Kate – to circle back to you on the SPO and the inclusion of language re FRE 502(d), we cannot agree to the proposed language.  It's not in the model PO and we don't think its necessary.  If this is an issue that we need to court to decide for us, we are fine with that.

As to the joint discovery letter, please let me know if you still intend to file that tonight.  As you know, we made a large production yesterday, and we are working on another production that he we hope to make later today.  We also are still committed to amending Plaintiff's interrogatory responses once the SPO is in place.  To me, the letter would be premature, if not moot, at this point, but if your client still wants to go that route, please let me know and I will add our position to the letter.  Thanks.

Warmly,




**FILIPPATOS PLLC**
Employment Law, Litigation & ADR

**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his

_____

(914) 984-1111, ext. 505
Cell: (347) 207-5765
TRahman@filippatoslaw.com
www.filippatoslaw.com

  

   

Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Tuesday, March 5, 2024 4:39 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** Re: Kovalenko/K&E - Protective Order

Sure I can talk at 5:30 EST/2:30 PST. I'll send an invite.

Kate


On Mar 5, 2024, at 1:00 'a0PM, Tanvir Rahman <TRahman@filippatoslaw.com> wrote:

⧉

**[EXTERNAL]**

Hi Kate – do you have some time later this evening?  I am clear after 4:30pm EST.  Thanks.

Warmly,

**<image005.png>**

<image001.png>
.

<image002.png>

<image003.png>

<image004.png>

**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his

_____

(914) 984-1111, ext. 505
Cell: (347) 207-5765
TRahman@filippatoslaw.com
www.filippatoslaw.com

<image006.png>
Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not

the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

---

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Monday, March 4, 2024 6:44 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/K&E - Protective Order

Hi Tanvir – thanks for sending this over. Do you have some time this week to discuss the one item we disagree on – the 502(d) language?

Thanks,
Kate

---

**From:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Sent:** Monday, March 4, 2024 2:39 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/K&E - Protective Order

**[EXTERNAL]**

Hi Kate – please see our proposed revisions to the SPO.  It looks like we're just down to one dispute, for which we think it's appropriate to defer to the model Protective Order.  Thanks.

Warmly,

<image005.png>

<image001.png>

<image002.png>

<image003.png>

<image004.png>

**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his

_____

(914) 984-1111, ext. 505
Cell: (347) 207-5765
TRahman@filippatoslaw.com
www.filippatoslaw.com

<image006.png>

Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

---

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Monday, February 26, 2024 4:46 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>

**Subject:** Kovalenko/K&E - Protective Order

Hi Tanvir – attaching a clean version of the protective order as well as a redlined version. We proposed a number of compromises, so hopefully this version is acceptable.

Thanks,
Kate

**Kate Juvinall**
Senior Associate

Orrick                    <image007.jpg>
Santa Monica
T +1-213-612-2461
M +1-248-974-6097
kjuvinall@orrick.com

<image010.png>

<image011.png>

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

# EXHIBIT G

**Juvinall, Kate**

| | |
|---|---|
| **From:** | Thompson, Mark |
| **Sent:** | Friday, May 3, 2024 1:28 PM |
| **To:** | Chutiya Phoottham; Tanvir Rahman |
| **Cc:** | Juvinall, Kate; Liburt, Joseph C.; Hermle, Lynne C. |
| **Subject:** | RE: Kovalenko v. Kirkland & Ellis LLP (Case 4:22-cv-05990-HSG) |

Hi,

We're writing to meet and confer about Plaintiff's responses to K&E's Interrogatories to Plaintiff, Set One. Plaintiff did not answer 15 out of 17 interrogatories in this Set.  Please let us know when you are available for a call next week to discuss.

1. **Interrogatories 5-12, 14-15, 20:** Plaintiff objected based on privacy and agreed to provide the names of responsive individuals upon entry of a protective order. First, Plaintiff's privacy objections are meritless because Plaintiff has no standing or duty to object on privacy grounds as to the identities of other K&E attorneys. *Hartford Cas. Ins. Co. v. First Specialty Ins. Corp.*, No. 5:16-CV-00407 (HRL), 2016 WL 4447262, at *2 (N.D. Cal. Aug. 24, 2016) (finding "no basis to conclude" that a party "has standing to raise and litigate third-party privacy rights" to "justif[y] the withholding of relevant [information]."); *In re Questcor Pharms, Inc. Sec. Litig.*, No. SACV121623DMGJPRX, 2014 WL 12581784, at *1 (C.D. Cal. Sept. 3, 2014) (compelling disclosure of "unidentified" sources supporting allegations in complaint). Second, Plaintiff's privacy objection is disingenuous because she provides the identities of a few K&E attorneys/employees but refuses to provide the identities of most of them (e.g., **ROG 18** asks Plaintiff to identify the "individual" referenced in paragraph 210 n.64, whom Plaintiff asserts made a "perplexing, demeaning remark," and plaintiff identified Alex Nakaba; **ROG 19** asks Plaintiff to identify the "share partner based out of Kirkland's LA offices" referenced in paragraph 210 n.65 whom Plaintiff asserts acted "strangely" towards her, and Plaintiff identified Ellisen Turner). Plaintiff cannot cherry pick which interrogatories she wants to respond to with inconsistent meritless objections. Plaintiff must amend her responses to ROGs 5-12, 14-15, and 20 and provide the responsive information.

2. **Interrogatories 13, 16, and 17:** Plaintiff objected and stated K&E has possession/custody/control of the information. Plaintiff cites Fed. R. Civ. P. 33(d)(1) as the basis for this objection, but Plaintiff's response is improper. Rule 33(d)(1) provides that "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . . the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Plaintiff did not provide sufficient detail regarding the records to enable K&E to "readily" identify the responsive information. *See* ROG 13 (referring K&E to "Skype messages involving Plaintiff and emails involving Plaintiff and male associates who worked at Defendant while Plaintiff was employed by Defendant"); **ROG 16** (referring K&E to "email and/or Skype correspondence from Plaintiff to Akshay Deoras regarding the 2021 PTAB Bar Association Conference"); **ROG 17** (referring K&E to "associate review summaries created/approved by its IP Litigation Associate Review Committee, the Firmwide Associate Review Committee, and the Firm Committee"). *Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *9 (E.D. Cal. Jan. 17, 2020)

("A repeated reference to a block of documents does not constitute compliance [with Rule 33(d)(1)].").

Further, these interrogatories do nothing more than ask Plaintiff to identify individuals that she affirmatively refers to in her Complaint. For example, in paragraph 187 of the Complaint, Plaintiff alleges that "Plaintiff is aware of multiple associates in the IP litigation group who had been placed on and subsequently were taken off probation." In ROG 17, K&E asks her to identify the "multiple associates" that she alleges she is "aware of." If Plaintiff does not have responsive information to ROGs 13, 16, and 17, she needs to amend her responses and state that. Plaintiff must amend her responses and answer these interrogatories, either by providing the identities of the individuals or stating that Plaintiff does not know the identities of individuals she alleged she was "aware of".

3. **Interrogatory 21:** this Interrogatory asks Plaintiff to identify individuals with whom she has communicated about the lawsuit. Plaintiff objected because she claims the interrogatories are "compound" and thus exceed the limit of 25, and has refused to provide responsive information. Plaintiff's objections are meritless. First, K&E's interrogatories are not compound and thus, to date, K&E has only issued 21 interrogatories. *Bond v. Arrowhead Reg'l Med. Ctr.*, No. No. EDCV112049DDPPLA, 2014 WL 12853149, at *8 (C.D. Cal. Apr. 9, 2014) (rejecting argument that request for "names, addresses, telephone numbers of all witness for defendants" was compound). Second, Plaintiff has again cherry-picked which interrogatories she wants to respond to. Plaintiff is willing provides (or says she will provide) responsive information for other interrogatories that she claims "exceed" the 25 limit (*see* ROGs 16, 18-20). But for ROG 21, which she apparently just does not want to respond to, she has used the compound objection as the basis to refuse to provide any information. This is improper and no basis to refuse to substantively respond. *Trevino v. ACB Am. Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (treating interrogatories over the alleged 25 limit as from different parties because "*each* plaintiff may serve *each* defendant with 25 interrogatories) (emphasis in original); *Prolo v. Blackmon*, No. CV 21-5118, 2022 WL 2189643, at *10 (C.D. Cal. Mar. 25, 2022) ("If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and set forth the efforts he used to obtain the information."). Plaintiff must amend her response to ROG 21 and provide the responsive information.

Best,

Mark

---

**From:** Chutiya Phoottham <Cphoottham@filippatoslaw.com>
**Sent:** Monday, April 29, 2024 7:41 PM
**To:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Thompson, Mark <mthompson@orrick.com>
**Cc:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Subject:** Kovalenko v. Kirkland & Ellis LLP (Case 4:22-cv-05990-HSG)


[EXTERNAL]

Good evening,

In relation to case 4:22-cv-05990-HSG, Kovalenko v. Kirkland & Ellis LLP, attached herewith is Plaintiff Kovalenko's Interrogatories Responses_Set Two.

Should you have any questions, Please do not hesitate to reach out.


Regards,


**Chutiya Phoottham**

*Law Clerk*

Pronouns: she/her/hers


**Filippatos PLLC**
199 Main Street, Suite 800

White Plains, NY 10601
Phone/Fax: (914) 984-1111, ext. 501


Email: cphoottham@filippatoslaw.com

www.filippatoslaw.com

www.bestworkplacelawyers.com




 Please consider the environment before printing this e-mail.

This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

# EXHIBIT H

Tanvir H. Rahman (admitted *pro hac vice*)
**FILIPPATOS PLLC**
199 White Plains, Suite 800
White Plains, NY 10601
Tel: 914 984 1111 ext. 505
Fax: 914 459 1141
trahman@filippatoslaw.com

Samuel M. Brown (State Bar No. 308558)
**HENNIG KRAMER RUIZ & SINGH, LLP**
3600 Wilshire Blvd, Suite 1908
Los Angeles, CA 90010
Tel: +1 213 310 8301
Fax: +1 213 310 8302
sam@employmentattorneyla.com

Attorneys for Plaintiff Zoya Kovalenko

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO, | Case No.: 4:22-cv-05990-HSG |
| Plaintiff, | |
| v. | **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT KIRKLAND & ELLIS LLP'S SECOND SET OF INTERROGATORIES** |
| KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT, LESLIE M. SCHMIDT, P.C., AND MARK FAHEY, | |
| Defendants | |

ASKING PARTY:              DEFENDANT KIRKLAND & ELLIS LLP

ANSWERING PARTY:        PLAINTIFF ZOYA KOVALENKO

SET NO.:                          TWO

1   <u>**PLAINTIFF'S OBJECTIONS AND RESPONSES TO**</u>

2   <u>**DEFENDANT KIRKLAND & ELLIS LLP'S SECOND SET OF INTERROGATORIES**</u>

3          Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 33 and the Civil Local

4   Rules of the United States District Court for the Northern District of California ("Local Rules"),

5   Plaintiff Zoya Kovalenko ("Plaintiff"), by and through undersigned counsel Filippatos PLLC,

6   hereby objects and responds to Defendant Kirkland & Ellis LLP ("Defendant" or "Kirkland")'s

7   Second Set of Interrogatories ("Interrogatories") in accordance with the numbered requests, as

8   set forth below.  These objections and responses reflect Plaintiff's current knowledge and the

9   results of Plaintiff's investigation to date.  Plaintiff reserves the right to amend or supplement

10  these objections and responses in the future in accordance with Federal Rule of Civil Procedure

11  26(e)(1), as may be necessary or appropriate.

12       <u>**OBJECTIONS TO "DEFINITIONS" AND "INSTRUCTIONS"**</u>

13         Plaintiff objects to each of Defendant's "Definitions" and "Instructions" to the extent that

14  Defendant seeks to impose obligations that go beyond the provisions and requirements of the

15  FRCP and the Local Rules or any other applicable law.

16                  <u>**GENERAL OBJECTIONS**</u>

17         Plaintiff objects to each of Defendant's Interrogatories on the following general grounds:

18         1.     The Interrogatory seeks information that is not relevant to any party's claim or

19  defense,  is not material, is not reasonably calculated to lead to the discovery of admissible

20  evidence, and/or is not proportional to the needs of the case, considering the importance of the

21  issues at stake in the action, the amount in controversy, the parties' relative access to relevant

22  information, the parties' resources, the importance of the discovery in resolving the issues, and

23  whether the burden or expense of the proposed discovery outweighs its likely benefit.

24         2.     The Interrogatory is overly broad, oppressive, and/or unduly burdensome.

25         3.     The Interrogatory seeks the disclosure of protected, private, sensitive, confidential,

26  personal, medical, financial and/or business information or materials concerning Plaintiff, the

27  disclosure of which would violate the privacy of Plaintiff.

28

4.      The Interrogatory seeks the disclosure of information or materials that concern individuals or entities other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy or proprietary interests of such individuals or entities.

5.      The Interrogatory is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information Defendant is seeking and is unable to formulate a responsive answer.

6.      The Interrogatory seeks the disclosure of information that is protected from disclosure under the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, statute, rule, regulation, or common law principle.   Inadvertent identification or production of any such information shall not constitute a waiver of any privilege with respect to the subject matter therein and shall not waive the right of Plaintiff to object to the use of any such information during any subsequent proceeding.

7.      The Interrogatory is not reasonably limited in time or seeks the disclosure of information outside the time period relevant to the present litigation.

8.      The Interrogatory exceeds the permissible scope of interrogatory requests as set forth in the FRCP and/or Local Rules.

9.      The Interrogatory seeks the disclosure of information already known or available to Defendants that is more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

10.      The Interrogatory is duplicative and cumulative of other Interrogatories.

11.      The Interrogatory is premature, and Plaintiff cannot provide a full response until after further discovery is conducted and/or Defendants stipulate to a protective order.

12.      The Interrogatory requires a legal conclusion, assessment, or determination, which will be adjudicated only by a judge and/or jury.

13.      Answering the Interrogatory would subject Plaintiff or non-parties to annoyance, embarrassment, oppression, or undue burden or expense or would invade privacy right(s).

1    14.    The Interrogatory is cumulatively overbroad, oppressive, unduly burdensome, and

2  clearly designed to harass and further Defendant's vexatious litigation conduct prohibited by the

3  FRCP and/or other applicable law or standard(s) of professional conduct.

4    **PLAINTIFF'S OBJECTIONS AND RESPONSES TO**

5    **DEFENDANT KIRKLAND & ELLIS LLP'S SECOND SET OF INTERROGATORIES**

6    The ANSWERING PARTY hereby responds to the ASKING PARTY's Set Two of

7  Interrogatories as follows:

8  **INTERROGATORY NO. 5:**

9    IDENTIFY the "seven female associates" referenced in paragraphs 12 and 39 n.8 of

10  YOUR COMPLAINT.

11  **RESPONSE TO INTERROGATORY NO. 5:**

12    In addition to the foregoing General Objections, each of which is specifically

13  incorporated by reference here, Plaintiff specifically objects to this Interrogatory as follows.

14  Plaintiff objects to this Interrogatory as seeking the disclosure of information already known or

15  available to Defendants or that is more readily obtained by Defendant without subjecting Plaintiff

16  to unreasonable burden and expense.  Plaintiff further objects to this Interrogatory as premature

17  to the extent Plaintiff cannot provide a response until after Defendants stipulate to a protective

18  order and/or Plaintiff cannot provide a full response until after further discovery is conducted.

19  Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it

20  seeks information (i) not readily available to Plaintiff and/or not in Plaintiff's possession custody,

21  or control; and/or (ii) more readily available through other sources, e.g., K&E, for example to

22  the extent it requests addresses, emails, phone numbers, or other identifying information of non-

23  parties who were employed by K&E.

24    Plaintiff further objects to this Interrogatory as seeking discovery outside the scope

25  permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking

26  discovery that is privileged and/or otherwise protected, including without limitation by the work-

27  product doctrine and privacy rights held by third parties.  *See, e.g.*, *Music Grp. Macao Com.*

28  *Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30,

1   2015); Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

2   Evid. 501.  Plaintiff also objects to this Interrogatory to the extent it seeks information that

3   constitutes attorney-work product in anticipation of litigation, or that is protected by any other

4   applicable privilege or protection, including without limitation protections arising from privacy

5   right(s).

6       Subject to and without waiver of these objections and Plaintiff's General Objections,

7   Plaintiff responds as follows:

8       The Court has not yet entered a scheduling order in this case; the Court has not set a date

9   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

10  responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and

11  Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Interrogatory

12  as this action and discovery proceed.  Subject to the foregoing objections and to the extent

13  consistent with the same, Plaintiff states that she is one of the "seven female associates"

14  referenced in paragraphs 12 and 39 n.8 of her Amended Complaint, Dkt. No. 94, and that she will

15  provide the names of the individuals who, based on her reasonable investigation, are the remaining

16  six female associates referenced in paragraphs 12 and 39 n.8 of her Amended Complaint after

17  Defendants stipulate to a protective order sufficient to address the foregoing objections and third-

18  party privacy interests.

19  **INTERROGATORY NO. 6:**

20      IDENTIFY the "one male associate" referenced in paragraphs 12 and 39 n.8 of YOUR

21  COMPLAINT.

22  **RESPONSE TO INTERROGATORY NO. 6:**

23      In addition to the foregoing General Objections, each of which is specifically

24  incorporated by reference here, Plaintiff specifically objects to this Interrogatory as follows.

25  Plaintiff objects to this Interrogatory as seeking the disclosure of information already known or

26  available to Defendants or that is more readily obtained by Defendant without subjecting Plaintiff

27  to unreasonable burden and expense.  Plaintiff further objects to this Interrogatory as premature

28  to the extent Plaintiff cannot provide a response until after Defendants stipulate to a protective

1  order and/or Plaintiff cannot provide a full response until after further discovery is conducted.

2  Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it

3  seeks information (i) not readily available to Plaintiff and/or not in Plaintiff's possession custody,

4  or control; and/or (ii) more readily available through other sources, e.g., K&E, for example to

5  the extent it requests addresses, emails, phone numbers, or other identifying information of non-

6  parties who were employed by K&E.

7       Plaintiff further objects to this Interrogatory as seeking discovery outside the scope

8  permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking

9  discovery that is privileged and/or otherwise protected, including without limitation by the work-

10 product doctrine and privacy rights held by third parties.  *See, e.g.*, *Music Grp. Macao Com.*

11 *Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30,

12 2015); Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

13 Evid. 501.  Plaintiff also objects to this Interrogatory to the extent it seeks information that

14 constitutes attorney-work product in anticipation of litigation, or that is protected by any other

15 applicable privilege or protection, including without limitation protections arising from privacy

16 right(s).

17      Subject to and without waiver of these objections and Plaintiff's General Objections,

18 Plaintiff responds as follows:

19      The Court has not yet entered a scheduling order in this case; the Court has not set a date

20 for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

21 responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and

22 Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Interrogatory

23 as this action and discovery proceed.  Subject to the foregoing objections and to the extent

24 consistent with the same, Plaintiff states that she will provide the name of the "one male associate"

25 referenced in paragraphs 12 and 39 n.8 of the Amended Complaint after Defendants stipulate to

26 a protective order sufficient to address the foregoing objections and third-party privacy interests.

27

28

1  **INTERROGATORY NO. 7:**

2        IDENTIFY each attorney YOUR COMPLAINT references by a letter of the alphabet (for

3  example, "Male Associate G" referenced in paragraph 62 of YOUR COMPLAINT; "Male

4  Associate Q" referenced in paragraphs 67-68, 70, and 74-74; "Female Associate G" referenced

5  in paragraphs 69 n.12 and 199; "Male Associate A" referenced in paragraph 72, "Female

6  Associate R" referenced in paragraph 84 n.14; "Male Non-Share Partner Y" referenced in

7  paragraphs 77-80, 113 n. 35, 138, 146 n.44, 148 n.47, 181, 183-84, 186, 196, 199, 202, 240, and

8  252; "Male Share Partner C" referenced in paragraphs 77, 90, 182, and 252; "Female Associate

9  J" referenced in paragraph 105 n.29; "Female Associate L" referenced in paragraphs 106, 109-

10  10, and 118 n.36; "Male Associate M" referenced in paragraphs 110, 117, and 119; and "Female

11  Associate LL" referenced in paragraph 118 n.36).

12  **RESPONSE TO INTERROGATORY NO. 7:**

13        In addition to the foregoing General Objections, each of which is specifically

14  incorporated by reference here, Plaintiff specifically objects to this Interrogatory as follows.

15  Plaintiff objects to this Interrogatory as seeking the disclosure of information already known or

16  available to Defendants or that is more readily obtained by Defendant without subjecting Plaintiff

17  to unreasonable burden and expense.  Plaintiff further objects to this Interrogatory as premature

18  to the extent Plaintiff cannot provide a response until after Defendants stipulate to a protective

19  order and/or Plaintiff cannot provide a full response until after further discovery is conducted.

20  Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it

21  seeks information (i) not readily available to Plaintiff and/or not in Plaintiff's possession custody,

22  or control; and/or (ii) more readily available through other sources, e.g., K&E, for example to

23  the extent it requests addresses, emails, phone numbers, or other identifying information of non-

24  parties who were employed by K&E.

25        Plaintiff further objects to this Interrogatory as seeking discovery outside the scope

26  permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking

27  discovery that is privileged and/or otherwise protected, including without limitation by the work-

28  product doctrine and privacy rights held by third parties.  *See, e.g.*, *Music Grp. Macao Com.*

1   *Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30,

2   2015); Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

3   Evid. 501.  Plaintiff also objects to this Interrogatory to the extent it seeks information that

4   constitutes attorney-work product in anticipation of litigation, or that is protected by any other

5   applicable privilege or protection, including without limitation protections arising from privacy

6   right(s).

7          Plaintiff further objects to this Interrogatory as compound (with at least 11 discrete

8   subparts) to the extent the Interrogatory seeks to have Plaintiff "IDENTIFY": (1) "'Male

9   Associate G' referenced in paragraph 62" of the Amended Complaint; (2) "'Male Associate Q'

10  referenced in paragraphs 67-68, 70, and 74-74"; (3) "'Female Associate G' referenced in

11  paragraphs 69 n.12 and 199"; (4) "'Male Associate A referenced in paragraph 72"; (5) "Female

12  Associate R' referenced in paragraph 84 n.14"; (6) "'Male Non-Share Partner Y' referenced in

13  paragraphs 77-80, 113 n. 35, 138, 146 n.44, 148 n.47, 181, 183-84, 186, 196, 199, 202, 240, and

14  252"; (7) "'Male Share Partner C' referenced in paragraphs 77, 90, 182, and 252"; (8) "Female

15  Associate J' referenced in paragraph 105 n.29"; (9) "'Female Associate L' referenced in

16  paragraphs 106, 109-10, and 118 n.36"; (10) "'Male Associate M' referenced in paragraphs 110,

17  117, and 119";  and (11) "'Female Associate LL' referenced in paragraph 118 n.36."  *See* Fed.

18  R. Civ. P. 33(a)(1); *see also* Civil L.R. 33-3.  Plaintiff objects to this and every other Interrogatory

19  because Defendant has effectively served over 30 interrogatories, well in excess of the 25

20  interrogatories permitted by the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 33(a)(1);

21  without having filed a requisite motion for leave to propound more interrogatories, *see* Civil L.R.

22  33-3.  *See also, e.g., Prochaska & Assocs. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 155

23  F.R.D. 189, 191 (D. Neb. 1993) ("Not numbering the sub-parts of interrogatories does not change

24  the fact that, if the interrogatories require discrete pieces of information, those interrogatories are

25  to be counted as if the sub-parts were specifically itemized."); *Am. Bankers Ins. Co. of Fla. v.

26  Nat'l Fire Ins. Co. of Hartford*, No. 419CV02237HSGKAW, 2020 WL 8996760, at *2 (N.D.

27  Cal. July 9, 2020) ("Here, each subpart seeks information regarding a different insurance policy

28  and can be fully answered without addressing the other subparts, rendering the interrogatories

1   compound."). Plaintiff further objects to this Interrogatory as compound to the extent the

2   Interrogatory uses the term "IDENTIFY" to seek more than the name for each of the 11

3   individuals. *See, e.g.*, *Sampson v. Schenck*, No. 8:07CV155, 2010 WL 2737050, at *4 (D. Neb.

4   July 9, 2010) (counting as three separate interrogatories name, address, and telephone number of

5   witness to accident).

6         Subject to and without waiver of these objections and Plaintiff's General Objections,

7   Plaintiff responds as follows:

8         The Court has not yet entered a scheduling order in this case; the Court has not set a date

9   for the close of discovery. Plaintiff's reasonable investigation and reasonable search for

10  responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and

11  Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Interrogatory

12  as this action and discovery proceed. Subject to the foregoing objections and to the extent

13  consistent with the same, Plaintiff states that she will provide the names of the following

14  individuals: "Male Associate G" referenced in paragraph 62 of YOUR COMPLAINT; "Male

15  Associate Q" referenced in paragraphs 67-68, 70, and 74-74; "Female Associate G" referenced in

16  paragraphs 69 n.12 and 199; "Male Associate A" referenced in paragraph 72, "Female Associate

17  R" referenced in paragraph 84 n.14; "Male Non-Share Partner Y" referenced in paragraphs 77-

18  80, 113 n. 35, 138, 146 n.44, 148 n.47, 181, 183-84, 186, 196, 199, 202, 240, and 252; "Male

19  Share Partner C" referenced in paragraphs 77, 90, 182, and 252; "Female Associate J" referenced

20  in paragraph 105 n.29; "Female Associate L" referenced in paragraphs 106, 109-10, and 118 n.36;

21  "Male Associate M" referenced in paragraphs 110, 117, and 119; and "Female Associate LL"

22  referenced in paragraph 118 n.36, after Defendants stipulate to a protective order sufficient to

23  address the foregoing objections and third-party privacy interests.

24  **INTERROGATORY NO. 8:**

25        IDENTIFY the "female associate" referenced in paragraph 107 of YOUR COMPLAINT.

26  **RESPONSE TO INTERROGATORY NO. 8:**

27        In addition to the foregoing General Objections, each of which is specifically

28  incorporated by reference here, Plaintiff specifically objects to this Interrogatory as follows.

1   Plaintiff objects to this Interrogatory as seeking the disclosure of information already known or

2   available to Defendants or that is more readily obtained by Defendant without subjecting Plaintiff

3   to unreasonable burden and expense.  Plaintiff further objects to this Interrogatory as premature

4   to the extent Plaintiff cannot provide a response until after Defendants stipulate to a protective

5   order and/or Plaintiff cannot provide a full response until after further discovery is conducted.

6   Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it

7   seeks information (i) not readily available to Plaintiff and/or not in Plaintiff's possession custody,

8   or control; and/or (ii) more readily available through other sources, e.g., K&E, for example to

9   the extent it requests addresses, emails, phone numbers, or other identifying information of non-

10  parties who were employed by K&E.

11      Plaintiff further objects to this Interrogatory as seeking discovery outside the scope

12  permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking

13  discovery that is privileged and/or otherwise protected, including without limitation by the work-

14  product doctrine and privacy rights held by third parties.  *See, e.g.*, *Music Grp. Macao Com.*

15  *Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30,

16  2015); Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

17  Evid. 501.  Plaintiff also objects to this Interrogatory to the extent it seeks information that

18  constitutes attorney-work product in anticipation of litigation, or that is protected by any other

19  applicable privilege or protection, including without limitation protections arising from privacy

20  right(s).

21      Subject to and without waiver of these objections and Plaintiff's General Objections,

22  Plaintiff responds as follows:

23      The Court has not yet entered a scheduling order in this case; the Court has not set a date

24  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

25  responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and

26  Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Interrogatory

27  as this action and discovery proceed.  Subject to the foregoing objections and to the extent

28  consistent with the same, Plaintiff states that she will provide the name of the "female associate"

1  referenced in paragraph 107 of the Amended Complaint after Defendants stipulate to a protective

2  order sufficient to address the foregoing objections and third-party privacy interests.

3  **INTERROGATORY NO. 9:**

4      IDENTIFY the "associate" referenced in paragraph 109 n.32 of YOUR COMPLAINT.

5  **RESPONSE TO INTERROGATORY NO. 9:**

6      In addition to the foregoing General Objections, each of which is specifically

7  incorporated by reference here, Plaintiff specifically objects to this Interrogatory as follows.

8  Plaintiff objects to this Interrogatory as seeking the disclosure of information already known or

9  available to Defendants or that is more readily obtained by Defendant without subjecting Plaintiff

10  to unreasonable burden and expense.  Plaintiff further objects to this Interrogatory as premature

11  to the extent Plaintiff cannot provide a response until after Defendants stipulate to a protective

12  order and/or Plaintiff cannot provide a full response until after further discovery is conducted.

13  Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it

14  seeks information (i) not readily available to Plaintiff and/or not in Plaintiff's possession custody,

15  or control; and/or (ii) more readily available through other sources, e.g., K&E, for example to

16  the extent it requests addresses, emails, phone numbers, or other identifying information of non-

17  parties who were employed by K&E.

18      Plaintiff further objects to this Interrogatory as seeking discovery outside the scope

19  permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking

20  discovery that is privileged and/or otherwise protected, including without limitation by the work-

21  product doctrine and privacy rights held by third parties.  *See, e.g.*, *Music Grp. Macao Com.*

22  *Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30,

23  2015); Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

24  Evid. 501.  Plaintiff also objects to this Interrogatory to the extent it seeks information that

25  constitutes attorney-work product in anticipation of litigation, or that is protected by any other

26  applicable privilege or protection, including without limitation protections arising from privacy

27  right(s).

28

1   Subject to and without waiver of these objections and Plaintiff's General Objections,
2   Plaintiff responds as follows:

3   The Court has not yet entered a scheduling order in this case; the Court has not set a date
4   for the close of discovery. Plaintiff's reasonable investigation and reasonable search for
5   responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and
6   Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Interrogatory
7   as this action and discovery proceed. Subject to the foregoing objections and to the extent
8   consistent with the same, Plaintiff states that she will provide the name of the "associate"
9   referenced in paragraph 109 n.32 of her Amended Complaint after Defendants stipulate to a
10  protective order sufficient to address the foregoing objections and third-party privacy interests.

11  **INTERROGATORY NO. 10:**

12  IDENTIFY the "former partner" referenced in paragraph 109 n.32 of YOUR
13  COMPLAINT.

14  **RESPONSE TO INTERROGATORY NO. 10:**

15  In addition to the foregoing General Objections, each of which is specifically
16  incorporated by reference here, Plaintiff specifically objects to this Interrogatory as follows.
17  Plaintiff objects to this Interrogatory as seeking the disclosure of information already known or
18  available to Defendants or that is more readily obtained by Defendant without subjecting Plaintiff
19  to unreasonable burden and expense. Plaintiff further objects to this Interrogatory as premature
20  to the extent Plaintiff cannot provide a response until after Defendants stipulate to a protective
21  order and/or Plaintiff cannot provide a full response until after further discovery is conducted.
22  Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it
23  seeks information (i) not readily available to Plaintiff and/or not in Plaintiff's possession custody,
24  or control; and/or (ii) more readily available through other sources, e.g., K&E, for example to
25  the extent it requests addresses, emails, phone numbers, or other identifying information of non-
26  parties who were employed by K&E.

27  Plaintiff further objects to this Interrogatory as seeking discovery outside the scope
28  permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking

1   discovery that is privileged and/or otherwise protected, including without limitation by the work-

2   product doctrine and privacy rights held by third parties.  *See, e.g.*, *Music Grp. Macao Com.*

3   *Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30,

4   2015); Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

5   Evid. 501.  Plaintiff also objects to this Interrogatory to the extent it seeks information that

6   constitutes attorney-work product in anticipation of litigation, or that is protected by any other

7   applicable privilege or protection, including without limitation protections arising from privacy

8   right(s).

9        Subject to and without waiver of these objections and Plaintiff's General Objections,

10   Plaintiff responds as follows:

11        The Court has not yet entered a scheduling order in this case; the Court has not set a date

12   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

13   responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and

14   Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Interrogatory

15   as this action and discovery proceed.  Subject to the foregoing objections and to the extent

16   consistent with the same, Plaintiff states that she will provide the name of the "former partner"

17   referenced in paragraph 109 n.32 of the Amended Complaint after Defendants stipulate to a

18   protective order sufficient to address the foregoing objections and third-party privacy interests.

19   **INTERROGATORY NO. 11:**

20        IDENTIFY the "other associates on the trial team" referenced in paragraph 113 of YOUR

21   COMPLAINT.

22   **RESPONSE TO INTERROGATORY NO. 11:**

23        In addition to the foregoing General Objections, each of which is specifically

24   incorporated by reference here, Plaintiff specifically objects to this Interrogatory as follows.

25   Plaintiff objects to this Interrogatory as seeking the disclosure of information already known or

26   available to Defendants or that is more readily obtained by Defendant without subjecting Plaintiff

27   to unreasonable burden and expense.  Plaintiff further objects to this Interrogatory as premature

28   to the extent Plaintiff cannot provide a response until after Defendants stipulate to a protective

1   order and/or Plaintiff cannot provide a full response until after further discovery is conducted.

2   Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it

3   seeks information (i) not readily available to Plaintiff and/or not in Plaintiff's possession custody,

4   or control; and/or (ii) more readily available through other sources, e.g., K&E, for example to

5   the extent it requests addresses, emails, phone numbers, or other identifying information of non-

6   parties who were employed by K&E.

7       Plaintiff further objects to this Interrogatory as seeking discovery outside the scope

8   permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking

9   discovery that is privileged and/or otherwise protected, including without limitation by the work-

10  product doctrine and privacy rights held by third parties. *See, e.g.*, *Music Grp. Macao Com.*

11  *Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30,

12  2015); Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

13  Evid. 501.  Plaintiff also objects to this Interrogatory to the extent it seeks information that

14  constitutes attorney-work product in anticipation of litigation, or that is protected by any other

15  applicable privilege or protection, including without limitation protections arising from privacy

16  right(s).

17      Subject to and without waiver of these objections and Plaintiff's General Objections,

18  Plaintiff responds as follows:

19      The Court has not yet entered a scheduling order in this case; the Court has not set a date

20  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

21  responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and

22  Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Interrogatory

23  as this action and discovery proceed.  Subject to the foregoing objections and to the extent

24  consistent with the same, Plaintiff states that she will provide the names of the "other associates

25  on the trial team" referenced in paragraph 113 of the Amended Complaint after Defendants

26  stipulate to a protective order sufficient to address the foregoing objections and third-party privacy

27  interests.

28

**INTERROGATORY NO. 12:**

IDENTIFY the "Former non-share partner" referenced in paragraph 113 of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Interrogatory as follows. Plaintiff objects to this Interrogatory as seeking the disclosure of information already known or available to Defendants or that is more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.  Plaintiff further objects to this Interrogatory as premature to the extent Plaintiff cannot provide a response until after Defendants stipulate to a protective order and/or Plaintiff cannot provide a full response until after further discovery is conducted. Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information (i) not readily available to Plaintiff and/or not in Plaintiff's possession custody, or control; and/or (ii) more readily available through other sources, e.g., K&E, for example to the extent it requests addresses, emails, phone numbers, or other identifying information of non-parties who were employed by K&E.

Plaintiff further objects to this Interrogatory as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by the work-product doctrine and privacy rights held by third parties.  *See, e.g.*, *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30, 2015); Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Evid. 501.  Plaintiff also objects to this Interrogatory to the extent it seeks information that constitutes attorney-work product in anticipation of litigation, or that is protected by any other applicable privilege or protection, including without limitation protections arising from privacy right(s).

Plaintiff further objects to this Interrogatory as compound to the extent the Interrogatory uses the term "IDENTIFY" to seek more than the name of the partner.  *See, e.g.*, *Sampson v.*

1  *Schenck*, No. 8:07CV155, 2010 WL 2737050, at *4 (D. Neb. July 9, 2010) (counting as three
2  separate interrogatories name, address, and telephone number of witness to accident).

3      Subject to and without waiver of these objections and Plaintiff's General Objections,
4  Plaintiff responds as follows:

5      The Court has not yet entered a scheduling order in this case; the Court has not set a date
6  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
7  responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and
8  Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Interrogatory
9  as this action and discovery proceed.  Subject to the foregoing objections and to the extent
10 consistent with the same, Plaintiff states that she will provide the name of the "[f]ormer non-share
11 partner" referenced in paragraph 113 of the Amended Complaint after Defendants stipulate to a
12 protective order sufficient to address the foregoing objections and third-party privacy interests.

13 **INTERROGATORY NO. 13:**

14     IDENTIFY the "multiple male comparator associates" referenced in paragraph 132 of
15 YOUR COMPLAINT.

16 **RESPONSE TO INTERROGATORY NO. 13:**

17     In addition to the foregoing General Objections, each of which is specifically
18 incorporated by reference here, Plaintiff specifically objects to this Interrogatory as follows.
19 Plaintiff objects to this Interrogatory as seeking the disclosure of information already known or
20 available to Defendants or that is more readily obtained by Defendant without subjecting Plaintiff
21 to unreasonable burden and expense.  Plaintiff further objects to this Interrogatory as premature
22 to the extent Plaintiff cannot provide a response until after Defendants stipulate to a protective
23 order and/or Plaintiff cannot provide a full response until after further discovery is conducted.
24 Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it
25 seeks information (i) not readily available to Plaintiff and/or not in Plaintiff's possession custody,
26 or control; and/or (ii) more readily available through other sources, e.g., K&E, for example to
27 the extent it requests addresses, emails, phone numbers, or other identifying information of non-
28 parties who were employed by K&E.

1    Plaintiff further objects to this Interrogatory as seeking discovery outside the scope

2    permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking

3    discovery that is privileged and/or otherwise protected, including without limitation by the work-

4    product doctrine and privacy rights held by third parties.  *See, e.g.*, *Music Grp. Macao Com.*

5    *Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30,

6    2015); Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

7    Evid. 501.  Plaintiff also objects to this Interrogatory to the extent it seeks information that

8    constitutes attorney-work product in anticipation of litigation, or that is protected by any other

9    applicable privilege or protection, including without limitation protections arising from privacy

10   right(s).

11   Plaintiff further objects to this Interrogatory as impermissibly seeking a legal conclusion,

12   assessment, or determination, which will be adjudicated only by a judge and/or jury, to the extent

13   it requests Plaintiff to "IDENTIFY" "multiple male comparator associates."  *See* Fed. R. Civ. P.

14   33(a)(2).  Plaintiff further objects to this Interrogatory as premature given that discovery in this

15   case is ongoing and the Court has not yet set a date for close of discovery.  *See* Fed. R. Civ. P.

16   33(a)(2).

17   Subject to and without waiver of these objections and Plaintiff's General Objections,

18   Plaintiff responds as follows:

19   The Court has not yet entered a scheduling order in this case; the Court has not set a date

20   for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

21   responsive, relevant information that is neither privileged nor otherwise protected is ongoing,

22   and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

23   Interrogatory as this action and discovery proceed.  Subject to the foregoing objections and to

24   the extent consistent with the same, Plaintiff states that "[m]ultiple male comparator associates"

25   referenced in paragraph 132 of her Amended Complaint includes at least Samuel Blake and

26   Andrew Walter.  Plaintiff further states that the answer to this Interrogatory may be derived from

27   records in Defendant's possession, custody, or control, including Skype messages involving

28

1   Plaintiff and emails involving Plaintiff and male associates who worked at Defendant while

2   Plaintiff was employed by Defendant.  *See* Fed. R. Civ. P. 33(d)(1).

3   **INTERROGATORY NO. 14:**

4         IDENTIFY the "IP litigation associate" referenced in paragraph 131 n.39 of YOUR

5   COMPLAINT.

6   **RESPONSE TO INTERROGATORY NO. 14:**

7         In addition to the foregoing General Objections, each of which is specifically

8   incorporated by reference here, Plaintiff specifically objects to this Interrogatory as follows.

9   Plaintiff objects to this Interrogatory as seeking the disclosure of information already known or

10  available to Defendants or that is more readily obtained by Defendant without subjecting Plaintiff

11  to unreasonable burden and expense.  Plaintiff further objects to this Interrogatory as premature

12  to the extent Plaintiff cannot provide a response until after Defendants stipulate to a protective

13  order and/or Plaintiff cannot provide a full response until after further discovery is conducted.

14  Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it

15  seeks information (i) not readily available to Plaintiff and/or not in Plaintiff's possession custody,

16  or control; and/or (ii) more readily available through other sources, e.g., K&E, for example to

17  the extent it requests addresses, emails, phone numbers, or other identifying information of non-

18  parties who were employed by K&E.

19        Plaintiff further objects to this Interrogatory as seeking discovery outside the scope

20  permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking

21  discovery that is privileged and/or otherwise protected, including without limitation by the work-

22  product doctrine and privacy rights held by third parties.  *See, e.g.*, *Music Grp. Macao Com.*

23  *Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30,

24  2015); Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

25  Evid. 501.  Plaintiff also objects to this Interrogatory to the extent it seeks information that

26  constitutes attorney-work product in anticipation of litigation, or that is protected by any other

27  applicable privilege or protection, including without limitation protections arising from privacy

28  right(s).

1    Plaintiff further objects to this Interrogatory as compound to the extent the Interrogatory

2  uses the term "IDENTIFY" to seek more than the name of each of the associate.  *See, e.g.*,

3  *Sampson v. Schenck*, No. 8:07CV155, 2010 WL 2737050, at *4 (D. Neb. July 9, 2010) (counting

4  as three separate interrogatories name, address, and telephone number of witness to accident).

5    Subject to and without waiver of these objections and Plaintiff's General Objections,

6  Plaintiff responds as follows:

7    The Court has not yet entered a scheduling order in this case; the Court has not set a date

8  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

9  responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and

10 Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Interrogatory

11 as this action and discovery proceed.  Subject to the foregoing objections and to the extent

12 consistent with the same, Plaintiff states that she will provide the name of the "IP litigation

13 associate" referenced in paragraph 131 n.39 of the Amended Complaint after Defendants stipulate

14 to a protective order sufficient to address the foregoing objections and third-party privacy

15 interests.

16 **INTERROGATORY NO. 15:**

17    IDENTIFY the "former non-share partner at Kirkland" referenced in paragraph 166 n.54

18 of YOUR COMPLAINT.

19 **RESPONSE TO INTERROGATORY NO. 15:**

20    In addition to the foregoing General Objections, each of which is specifically

21 incorporated by reference here, Plaintiff specifically objects to this Interrogatory as follows.

22 Plaintiff objects to this Interrogatory as seeking the disclosure of information already known or

23 available to Defendants or that is more readily obtained by Defendant without subjecting Plaintiff

24 to unreasonable burden and expense.  Plaintiff further objects to this Interrogatory as premature

25 to the extent Plaintiff cannot provide a response until after Defendants stipulate to a protective

26 order and/or Plaintiff cannot provide a full response until after further discovery is conducted.

27 Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it

28 seeks information (i) not readily available to Plaintiff and/or not in Plaintiff's possession custody,

1   or control; and/or (ii) more readily available through other sources, e.g., K&E, for example to

2   the extent it requests addresses, emails, phone numbers, or other identifying information of non-

3   parties who were employed by K&E.

4        Plaintiff further objects to this Interrogatory as seeking discovery outside the scope

5   permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking

6   discovery that is privileged and/or otherwise protected, including without limitation by the work-

7   product doctrine and privacy rights held by third parties.  *See, e.g.*, *Music Grp. Macao Com.*

8   *Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30,

9   2015); Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

10  Evid. 501.  Plaintiff also objects to this Interrogatory to the extent it seeks information that

11  constitutes attorney-work product in anticipation of litigation, or that is protected by any other

12  applicable privilege or protection, including without limitation protections arising from privacy

13  right(s).

14       Plaintiff further objects to this Interrogatory as compound to the extent the Interrogatory

15  uses the term "IDENTIFY" to seek more than the name of the partner.  *See, e.g.*, *Sampson v.*

16  *Schenck*, No. 8:07CV155, 2010 WL 2737050, at *4 (D. Neb. July 9, 2010) (counting as three

17  separate interrogatories name, address, and telephone number of witness to accident).

18       Subject to and without waiver of these objections and Plaintiff's General Objections,

19  Plaintiff responds as follows:

20       The Court has not yet entered a scheduling order in this case; the Court has not set a date

21  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

22  responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and

23  Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Interrogatory

24  as this action and discovery proceed.  Subject to the foregoing objections and to the extent

25  consistent with the same, Plaintiff states that she will provide the name of the "former non-share

26  partner at Kirkland" referenced in paragraph 166 n.54 of the Amended Complaint after

27  Defendants stipulate to a protective order sufficient to address the foregoing objections and third-

28  party privacy interests.

1  **INTERROGATORY NO. 16:**

2      IDENTIFY the "other interested partners" referenced in paragraph 168 of YOUR

3  COMPLAINT.

4  **RESPONSE TO INTERROGATORY NO. 16:**

5      In addition to the foregoing General Objections, each of which is specifically

6  incorporated by reference here, Plaintiff specifically objects to this Interrogatory as follows.

7  Plaintiff objects to this Interrogatory as seeking the disclosure of information already known or

8  available to Defendants or that is more readily obtained by Defendant without subjecting Plaintiff

9  to unreasonable burden and expense.  Plaintiff further objects to this Interrogatory as premature

10 to the extent Plaintiff cannot provide a response until after Defendants stipulate to a protective

11 order and/or Plaintiff cannot provide a full response until after further discovery is conducted.

12 Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it

13 seeks information (i) not readily available to Plaintiff and/or not in Plaintiff's possession custody,

14 or control; and/or (ii) more readily available through other sources, e.g., K&E, for example to

15 the extent it requests addresses, emails, phone numbers, or other identifying information of non-

16 parties who were employed by K&E.

17     Plaintiff further objects to this Interrogatory as seeking discovery outside the scope

18 permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking

19 discovery that is privileged and/or otherwise protected, including without limitation by the work-

20 product doctrine and privacy rights held by third parties.  *See, e.g.*, *Music Grp. Macao Com.*

21 *Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30,

22 2015); Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

23 Evid. 501.  Plaintiff also objects to this Interrogatory to the extent it seeks information that

24 constitutes attorney-work product in anticipation of litigation, or that is protected by any other

25 applicable privilege or protection, including without limitation protections arising from privacy

26 right(s).

27     Plaintiff further objects to this Interrogatory as exceeding the scope and number of

28 interrogatories permitted by the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 33(a)(1);

1  without having filed a requisite motion for leave to propound more interrogatories, *see* Civil L.R.

2  33-3.  *See supra* Resp. to Interrog. No. 7; *see also, e.g., Prochaska & Assocs. v. Merrill Lynch,*

3  *Pierce, Fenner & Smith, Inc.*, 155 F.R.D. 189, 191 (D. Neb. 1993); *Am. Bankers Ins. Co. of Fla.*

4  *v. Nat'l Fire Ins. Co. of Hartford*, No. 419CV02237HSGKAW, 2020 WL 8996760, at *2 (N.D.

5  Cal. July 9, 2020).  Plaintiff further objects to this Interrogatory as compound to the extent the

6  Interrogatory uses the term "IDENTIFY" to seek more than the name of each of the "other

7  interested partners."  *See, e.g.*, *Sampson v. Schenck*, No. 8:07CV155, 2010 WL 2737050, at *4

8  (D. Neb. July 9, 2010) (counting as three separate interrogatories name, address, and telephone

9  number of witness to accident).

10  Subject to and without waiver of these objections and Plaintiff's General Objections,

11  Plaintiff responds as follows:

12  The Court has not yet entered a scheduling order in this case; the Court has not set a date

13  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

14  responsive, relevant information that is neither privileged nor otherwise protected is ongoing,

15  and Plaintiff reserves all rights to amend, modify, and/or supplement her response to this

16  Interrogatory as this action and discovery proceed.  Subject to the foregoing objections and to

17  the extent consistent with the same, Plaintiff states names of the "other interested partners"

18  referenced in paragraph 168 of the Amended Complaint include Jeremy Wilson and Gregory

19  Arovas.  Plaintiff further states that the answer to this Interrogatory may be derived from records

20  in Defendant's possession, custody, or control, including email and/or Skype correspondence

21  from Plaintiff to Akshay Deoras regarding the 2021 PTAB Bar Association Conference.  *See*

22  Fed. R. Civ. P. 33(d)(1).

23  **INTERROGATORY NO. 17:**

24  IDENTIFY the "multiple associates in the IP litigation group who had been placed on

25  and subsequently were taken off probation" referenced in paragraph 187 of YOUR

26  COMPLAINT.

27

28

**RESPONSE TO INTERROGATORY NO. 17:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Interrogatory as follows. Plaintiff objects to this Interrogatory as seeking the disclosure of information already known or available to Defendants or that is more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Interrogatory as premature to the extent Plaintiff cannot provide a response until after Defendants stipulate to a protective order and/or Plaintiff cannot provide a full response until after further discovery is conducted. Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information (i) not readily available to Plaintiff and/or not in Plaintiff's possession custody, or control; and/or (ii) more readily available through other sources, e.g., K&E, for example to the extent it requests addresses, emails, phone numbers, or other identifying information of non-parties who were employed by K&E.

Plaintiff further objects to this Interrogatory as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by the work-product doctrine and privacy rights held by third parties. *See, e.g.*, *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30, 2015); Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Evid. 501. Plaintiff also objects to this Interrogatory to the extent it seeks information that constitutes attorney-work product in anticipation of litigation, or that is protected by any other applicable privilege or protection, including without limitation protections arising from privacy right(s).

Plaintiff further objects to this Interrogatory as exceeding the scope and number of interrogatories permitted by the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 33(a)(1); without having filed a requisite motion for leave to propound more interrogatories, *see* Civil L.R. 33-3. *See supra* Resp. to Interrog. No. 7; *see also, e.g., Prochaska & Assocs. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 155 F.R.D. 189, 191 (D. Neb. 1993); *Am. Bankers Ins. Co. of Fla.*

1  *v. Nat'l Fire Ins. Co. of Hartford*, No. 419CV02237HSGKAW, 2020 WL 8996760, at *2 (N.D.

2  Cal. July 9, 2020).  Plaintiff further objects to this Interrogatory as compound to the extent the

3  Interrogatory uses the term "IDENTIFY."  *See, e.g.*, *Sampson v. Schenck*, No. 8:07CV155, 2010

4  WL 2737050, at *4 (D. Neb. July 9, 2010).

5       Subject to and without waiver of these objections and Plaintiff's General Objections,

6  Plaintiff responds as follows:

7       The Court has not yet entered a scheduling order in this case; the Court has not set a date

8  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

9  responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and

10 Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Interrogatory

11 as this action and discovery proceed.  Plaintiff further states that the answer to this Interrogatory

12 may be derived from records in Defendant's possession, custody, or control, including associate

13 review summaries created/approved by its IP Litigation Associate Review Committee, the

14 Firmwide Associate Review Committee, and the Firm Committee.  *See* Fed. R. Civ. P. 33(d)(1).

15 **INTERROGATORY NO. 18:**

16       IDENTIFY the "individual" referenced in paragraph 210 n.64 of YOUR COMPLAINT.

17 **RESPONSE TO INTERROGATORY NO. 18:**

18       In addition to the foregoing General Objections, each of which is specifically

19 incorporated by reference here, Plaintiff specifically objects to this Interrogatory as follows.

20 Plaintiff objects to this Interrogatory as seeking the disclosure of information already known or

21 available to Defendants or that is more readily obtained by Defendant without subjecting Plaintiff

22 to unreasonable burden and expense.  Plaintiff further objects to this Interrogatory as premature

23 to the extent Plaintiff cannot provide a response until after Defendants stipulate to a protective

24 order and/or Plaintiff cannot provide a full response until after further discovery is conducted.

25 Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it

26 seeks information (i) not readily available to Plaintiff and/or not in Plaintiff's possession custody,

27 or control; and/or (ii) more readily available through other sources, e.g., K&E, for example to

28

1   the extent it requests addresses, emails, phone numbers, or other identifying information of non-

2   parties who were employed by K&E.

3       Plaintiff further objects to this Interrogatory as seeking discovery outside the scope

4   permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking

5   discovery that is privileged and/or otherwise protected, including without limitation to the extent

6   this Interrogatory seeks information constituting protected attorney-work product in anticipation

7   of litigation.  *See, e.g.*, Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P.

8   26(b)(2)(C)(iii); Fed. R. Evid. 501.

9       Plaintiff further objects to this Interrogatory as exceeding the scope and number of

10  interrogatories permitted by the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 33(a)(1);

11  without having filed a requisite motion for leave to propound more interrogatories, *see* Civil L.R.

12  33-3.  *See supra* Resp. to Interrog. No. 7; *see also, e.g., Prochaska & Assocs. v. Merrill Lynch,*

13  *Pierce, Fenner & Smith, Inc.*, 155 F.R.D. 189, 191 (D. Neb. 1993); *Am. Bankers Ins. Co. of Fla.*

14  *v. Nat'l Fire Ins. Co. of Hartford*, No. 419CV02237HSGKAW, 2020 WL 8996760, at *2 (N.D.

15  Cal. July 9, 2020).  Plaintiff further objects to this Interrogatory as compound to the extent the

16  Interrogatory uses the term "IDENTIFY" to seek more than the name of the individual.  *See, e.g.*,

17  *Sampson v. Schenck*, No. 8:07CV155, 2010 WL 2737050, at *4 (D. Neb. July 9, 2010).

18      Subject to and without waiver of these objections and Plaintiff's General Objections,

19  Plaintiff responds as follows:

20      The Court has not yet entered a scheduling order in this case; the Court has not set a date

21  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

22  responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and

23  Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Interrogatory

24  as this action and discovery proceed.  Subject to the foregoing objections and to the extent

25  consistent with the same, Plaintiff states that the name of the "individual" referenced in paragraph

26  210 n.64 of the Amended Complaint is Alex Nakaba.

27

28

**INTERROGATORY NO. 19:**

IDENTIFY the "share partner based out of Kirkland's LA offices" referenced in paragraph 210 n.65 of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 19:**

In addition to the foregoing General Objections, each of which is specifically incorporated by reference here, Plaintiff specifically objects to this Interrogatory as follows. Plaintiff objects to this Interrogatory as seeking the disclosure of information already known or available to Defendants or that is more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense. Plaintiff further objects to this Interrogatory as premature to the extent Plaintiff cannot provide a response until after Defendants stipulate to a protective order and/or Plaintiff cannot provide a full response until after further discovery is conducted. Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information (i) not readily available to Plaintiff and/or not in Plaintiff's possession custody, or control; and/or (ii) more readily available through other sources, e.g., K&E, for example to the extent it requests addresses, emails, phone numbers, or other identifying information of non-parties who were employed by K&E.

Plaintiff further objects to this Interrogatory as seeking discovery outside the scope permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking discovery that is privileged and/or otherwise protected, including without limitation by the work-product doctrine. *See, e.g.*, Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Evid. 501. Plaintiff also objects to this Interrogatory to the extent it seeks information that constitutes attorney-work product in anticipation of litigation, or that is protected by any other applicable privilege or protection.

Plaintiff further objects to this Interrogatory as exceeding the scope and number of interrogatories permitted by the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 33(a)(1); without having filed a requisite motion for leave to propound more interrogatories, *see* Civil L.R. 33-3. *See supra* Resp. to Interrog. No. 7; *see also, e.g.*, *Prochaska & Assocs. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 155 F.R.D. 189, 191 (D. Neb. 1993); *Am. Bankers Ins. Co. of Fla.*

1  *v. Nat'l Fire Ins. Co. of Hartford*, No. 419CV02237HSGKAW, 2020 WL 8996760, at *2 (N.D.

2  Cal. July 9, 2020).  Plaintiff further objects to this Interrogatory as compound to the extent the

3  Interrogatory uses the term "IDENTIFY" to seek more than the name of the share partner.  *See,*

4  *e.g.*, *Sampson v. Schenck*, No. 8:07CV155, 2010 WL 2737050, at *4 (D. Neb. July 9, 2010)

5  (counting as three separate interrogatories name, address, and telephone number of witness to

6  accident).

7      Subject to and without waiver of these objections and Plaintiff's General Objections,

8  Plaintiff responds as follows:

9      The Court has not yet entered a scheduling order in this case; the Court has not set a date

10 for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

11 responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and

12 Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Interrogatory

13 as this action and discovery proceed.  Subject to the foregoing objections and to the extent

14 consistent with the same, Plaintiff states that the "share partner based out of Kirkland's LA

15 offices" referenced in paragraph 210 n.65 of the Amended Complaint is Ellisen Turner.

16 **INTERROGATORY NO. 20:**

17     IDENTIFY the "former Kirkland IP litigation partner" referenced in paragraph 210 of

18 YOUR COMPLAINT.

19 **RESPONSE TO INTERROGATORY NO. 20:**

20     In addition to the foregoing General Objections, each of which is specifically

21 incorporated by reference here, Plaintiff specifically objects to this Interrogatory as follows.

22 Plaintiff objects to this Interrogatory as seeking the disclosure of information already known or

23 available to Defendants or that is more readily obtained by Defendant without subjecting Plaintiff

24 to unreasonable burden and expense.  Plaintiff further objects to this Interrogatory as premature

25 to the extent Plaintiff cannot provide a response until after Defendants stipulate to a protective

26 order and/or Plaintiff cannot provide a full response until after further discovery is conducted.

27 Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the extent it

28 seeks information (i) not readily available to Plaintiff and/or not in Plaintiff's possession custody,

1   or control; and/or (ii) more readily available through other sources, e.g., K&E, for example to

2   the extent it requests addresses, emails, phone numbers, or other identifying information of non-

3   parties who were employed by K&E.

4          Plaintiff further objects to this Interrogatory as seeking discovery outside the scope

5   permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking

6   discovery that is privileged and/or otherwise protected, including without limitation by the work-

7   product doctrine and privacy rights held by third parties.  *See, e.g.*, *Music Grp. Macao Com.*

8   *Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30,

9   2015); Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

10  Evid. 501.  Plaintiff also objects to this Interrogatory to the extent it seeks information that

11  constitutes attorney-work product in anticipation of litigation, or that is protected by any other

12  applicable privilege or protection, including without limitation protections arising from privacy

13  right(s).

14         Plaintiff further objects to this Interrogatory as exceeding the scope and number of

15  interrogatories permitted by the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 33(a)(1);

16  without having filed a requisite motion for leave to propound more interrogatories, *see* Civil L.R.

17  33-3.  *See supra* Resp. to Interrog. No. 7; *see also, e.g., Prochaska & Assocs. v. Merrill Lynch,*

18  *Pierce, Fenner & Smith, Inc.*, 155 F.R.D. 189, 191 (D. Neb. 1993); *Am. Bankers Ins. Co. of Fla.*

19  *v. Nat'l Fire Ins. Co. of Hartford*, No. 419CV02237HSGKAW, 2020 WL 8996760, at *2 (N.D.

20  Cal. July 9, 2020).  Plaintiff further objects to this Interrogatory as compound to the extent the

21  Interrogatory uses the term "IDENTIFY" to seek more than the name of the partner.  *See, e.g.*,

22  *Sampson v. Schenck*, No. 8:07CV155, 2010 WL 2737050, at *4 (D. Neb. July 9, 2010) (counting

23  as three separate interrogatories name, address, and telephone number of witness to accident).

24         Subject to and without waiver of these objections and Plaintiff's General Objections,

25  Plaintiff responds as follows:

26         The Court has not yet entered a scheduling order in this case; the Court has not set a date

27  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for

28  responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and

1  Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Interrogatory

2  as this action and discovery proceed.  Subject to the foregoing objections and to the extent

3  consistent with the same, Plaintiff states that she will provide the name of the "former Kirkland

4  IP litigation partner" referenced in paragraph 210 of the Amended Complaint after Defendants

5  stipulate to a protective order sufficient to address the foregoing objections and third-party privacy

6  interests.

7  **INTERROGATORY NO. 21:**

8      Other than YOUR attorneys, IDENTIFY each individual with whom YOU have

9  COMMUNICATED about this case.

10  **RESPONSE TO INTERROGATORY NO. 21:**

11      In addition to the foregoing General Objections, each of which is specifically

12  incorporated by reference here, Plaintiff specifically objects to this Interrogatory as follows.

13  Plaintiff objects to this Interrogatory as vague and ambiguous and as lacking sufficient

14  particularity to the extent this Interrogatory refers to "YOUR attorneys" so that Plaintiff cannot

15  understand what information Defendant is seeking and is unable to formulate a responsive

16  answer.  Plaintiff objects to this Interrogatory as overly broad and unduly burdensome to the

17  extent it seeks information (i) not readily available to Plaintiff and/or not in Plaintiff's possession

18  custody, or control; and/or (ii) more readily available through other sources, e.g., K&E, for

19  example to the extent it requests addresses, emails, phone numbers, or other identifying

20  information of non-parties who were employed by K&E.

21      To the extent this Interrogatory seeks "IDENTIF[ICATION of] each individual with

22  whom YOU have COMMUNICATED about this case," Plaintiff objects to this Interrogatory as

23  seeking information not relevant to any party's claim or defense, not material, not reasonably

24  calculated to lead to the discovery of admissible evidence, and/or not proportional to the needs

25  of the case, considering the importance of the issues at stake in the action, the amount in

26  controversy, the parties' relative access to relevant information, the parties' resources, the

27  importance of the discovery in resolving the issues, and whether the burden or expense of the

28  proposed discovery outweighs its likely benefit.  Plaintiff objects to this Interrogatory as seeking

1   discovery outside the scope of permissible discovery to the extent it seeks "IDENTIF[ICATION

2   of] each individual with whom YOU have COMMUNICATED about this case."  *See* Fed. R.

3   Civ. P. 26(b)(1).  Plaintiff objects to this Interrogatory as overly broad, oppressive, and/or unduly

4   burdensome to the extent it seeks "IDENTIF[ICATION of] each individual with whom YOU

5   have COMMUNICATED about this case."

6          Plaintiff objects to this Interrogatory as seeking the disclosure of information already

7   known or available to Defendants.  Plaintiff further objects to this Interrogatory as premature to

8   the extent Plaintiff cannot provide a response until after Defendants stipulate to a protective

9   order.

10          Plaintiff further objects to this Interrogatory as seeking discovery outside the scope

11   permitted under the Federal Rules of Civil Procedure and/or other applicable law by seeking

12   discovery that is privileged and/or otherwise protected, including without limitation by the work-

13   product doctrine and privacy rights held by third parties.  *See, e.g.*, *Music Grp. Macao Com.*

14   *Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30,

15   2015); Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R.

16   Evid. 501.  Plaintiff also objects to this Interrogatory to the extent it seeks information that

17   constitutes attorney-work product in anticipation of litigation, or that is protected by any other

18   applicable privilege or protection, including without limitation protections arising from privacy

19   right(s).

20          Plaintiff further objects to this Interrogatory as exceeding the scope and number of

21   interrogatories permitted by the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 33(a)(1);

22   without having filed a requisite motion for leave to propound more interrogatories, *see* Civil L.R.

23   33-3.  *See supra* Resp. to Interrog. No. 7; *see also, e.g., Prochaska & Assocs. v. Merrill Lynch,*

24   *Pierce, Fenner & Smith, Inc.*, 155 F.R.D. 189, 191 (D. Neb. 1993); *Am. Bankers Ins. Co. of Fla.*

25   *v. Nat'l Fire Ins. Co. of Hartford*, No. 419CV02237HSGKAW, 2020 WL 8996760, at *2 (N.D.

26   Cal. July 9, 2020).  Plaintiff further objects to this Interrogatory as compound to the extent the

27   Interrogatory uses the term "IDENTIFY" to seek multiple kinds of information about "each

28   individual." *See, e.g.*, *Sampson v. Schenck*, No. 8:07CV155, 2010 WL 2737050, at *4 (D. Neb.

1  July 9, 2010) (counting as three separate interrogatories name, address, and telephone number of
2  witness to accident).

3        Subject to and without waiver of these objections and Plaintiff's General Objections,
4  Plaintiff responds as follows:

5        The Court has not yet entered a scheduling order in this case; the Court has not set a date
6  for the close of discovery.  Plaintiff's reasonable investigation and reasonable search for
7  responsive, relevant information that is neither privileged nor otherwise protected is ongoing, and
8  Plaintiff reserves all rights to amend, modify, and/or supplement her response to this Interrogatory
9  as this action and discovery proceed.  Subject to the foregoing objections and to the extent
10 consistent with the same, Plaintiff states that she is willing to meet and confer about Defendant's
11 impermissible use of compound interrogatories, which exceed the allotment of interrogatories
12 provided for by the Federal Rules of Civil Procedure and Civil Local Rules, and the scope of this
13 Interrogatory.

14 Dated: April 29, 2024
15        White Plains, New York                 Respectfully submitted,

16                                                **FILIPPATOS PLLC**
17                                                By: _____
18                                                     Tanvir H. Rahman
19                                                     (admitted *pro hac vice*)
                                                  199 Main Street, Suite 800
20                                                White Plains, New York 10601
21                                                T & F: 914.984.1111
                                                  trahman@filippatoslaw.com
22
                                                  *Counsel for Plaintiff*
23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

On April 29, 2024, I served Defendants via their counsel of record, Lynne Hermle, Joseph Liburt, Kate Juvinall, and Mark Thompson, with the foregoing document, Plaintiff's Objections and Responses to Defendant Kirkland & Ellis LLP's Interrogatories to Plaintiff, Set Two, by sending true and correct copies of the same via e-mail to lchermle@orrick.com; jliburt@orrick.com; kjuvinall@orrick.com; and mthompson@orrick.com.

Pursuant to 28 U.S.C. § 1746 and Civil Local Rule 5-5(a)(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on April 29, 2024.

 /s/Chutiya Phoottham
Chutiya Phoottham
Cphoottham@filippatoslaw.com

# EXHIBIT I

**Archived:** Monday, June 24, 2024 2:53:56 PM
**From:** Juvinall, Kate
**Sent:** Thursday, May 16, 2024 11:13:57 AM
**To:** Tanvir Rahman  Loris Baechi
**Cc:** Gasek, Jade  Thompson, Mark  Liburt, Joseph C.  Hermle, Lynne C.
**Subject:** RE: Kovalenko/K&E - Jt Discovery Letter
**Importance:** Normal
**Sensitivity:** None
**Attachments:**
RE_ Kovalenko_Kirkland - initial call.msg; RE_ Kovalenko v. Kirkland & Ellis LLP (Case 4_22-cv-05990-HSG).msg;

---

Hi Tanvir,

We're providing K&E's response to your May 13 e-mail in preparation of our meet and confer call at 12:30 PST/3:30 EST.

Your accusation that we have failed to meet and confer with you about the issues raised in the Joint Letter is meritless. First, our e-mail specifically requested that the parties meet and confer. *See* May 7 e-mail ("Please let us know if you would like to have a call this week to discuss any of the items in the letter"). Second, the only reasons we have to seek Magistrate Hixson's involvement is because Plaintiff has refused to comply with the agreements you made in January 2024, and because Plaintiff made frivolous objections to ROG Set Two and cherry-picked those she wanted to respond to.

The Joint Letter raises issues with Plaintiff's responses to K&E's RFP Set One and ROG Set One, and Plaintiff's Responses to K&E's ROG Set Two. As to RFP Set One and ROG Set One, the parties began meeting and conferring in November 2023, and during the meet and confer process discussed **every** RFP and **every** ROG. During that process, **you agreed** to supplement every ROG/RFP in RFP Set One and ROG Set One that you now take issue with below. As to ROG Set Two, we sent you a meet and confer correspondence on May 3, 2024. We requested a meet and confer conference, and when you did not respond we sent the Joint Letter on May 7, again requesting that the parties meet and confer in the cover e-mail.

We have provided responses to your e-mail in <span style="color:red">red</span> below. We are available to meet on Wednesday at 2 pm. Please let us know if that works for you.

Kate

---

**From:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Sent:** Monday, May 13, 2024 6:41 AM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Loris Baechi <lbaechi@filippatoslaw.com>
**Subject:** RE: Kovalenko/K&E - Jt Discovery Letter

[EXTERNAL]

Hi Kate,

We have reviewed your discovery letter.  Given that K&E/Defendants have failed to meet and confer regarding the issues in the discovery letter, we need to set up a time to meet and confer to discuss these issues.  Plaintiff is not

voluntarily going to waste the Court's time to make it serve as a referee for your premature discovery grievances, which you have failed to try to resolve through a meet and confer. *See* Civil L.R. 37-1(a); *Leszczynski v. Kitchen Cube LLC*, No. 82301698MEMFADSX, 2024 WL 1684475, at *1 (C.D. Cal. Mar. 14, 2024) (denying motion to compel when movant failed to meet and confer as to each issue presented by motion as required by local rules and thus "has not shown that he made the requisite good faith efforts to eliminate as many disputes as possible prior to bringing a motion before the Court").

1. **Notes of Conversations**: K&E never met and conferred or offered to meet and confer regarding this issue. Plaintiff provided a response to this RFP (No. 199). Consistent with that response, Plaintiff's discovery efforts are still ongoing given the case is still in the pleadings stage with no scheduling order in place and no set close of fact discovery. *See, e.g.*, *Morris v. Barra*, No. 10-CV-2642-AJB BGS, 2012 WL 4900203, at *2 (S.D. Cal. Oct. 15, 2012) (denying motion to compel while motion to dismiss third amended complaint was pending before court and when no answers had been filed in case; noting document requests "may be relevant and proper if this case proceeds past motions to dismiss and the Court issues a scheduling order setting deadlines for discovery and other pretrial matters"), *aff'd*, No. 10CV02642 AJB BGS, 2012 WL 5928144 (S.D. Cal. Nov. 26, 2012). Plaintiff has yet to identify handwritten notes responsive to this request in her custody or control. Plaintiff believes that she does not have any such notes given the event in question occurred long before Plaintiff initiated her lawsuit or administrative proceedings. However, to the extent Plaintiff ever identifies these notes, she would happily produce them in prompt order to Defendants because any such notes would corroborate her complaints and support her retaliation claim against K&E. Presenting this issue in the discovery letter would be a waste of the Court's time.

   a. **Orrick Response**: Not only did K&E meet and confer about RFP 199, but on January 18, 2024 Plaintiff specifically agreed to review this RFP and produce responsive documents if they exist. *See* January 29 e-mail, para. 3(d) (attached). To the extent Plaintiff doesn't have responsive documents, Plaintiff is required to amend her responses under the FRCP to state that no documents exist. As addressed in the Joint Letter, Plaintiff's failure to amend her discovery responses to comply with the FRCP have left K&E to speculate whether responsive documents exist or whether Plaintiff will produce them.

2. **Documents re Emotional and Physical Distress**: This Court plainly stated that K&E "must make an evidentiary showing, with Plaintiff's deposition testimony, that her claim for emotional distress is more than garden variety" before it can obtain invasive discovery into Plaintiff's medical records. Feb. 16, 2024 Order at 11, Dkt. No. 128. K&E has not deposed Plaintiff and has not and cannot adduce any evidence to show that Plaintiff is claiming more than garden variety emotional distress. K&E's demand for Plaintiff's medical records is in direct conflict with this Court's prior order. Accordingly, this request and Interrogatory No. 1 are without basis.

   a. **Orrick Response**: The Feb. 16, 2024 Order contradicts Judge Gilliam's August 23, 2023 Order, in which the Court held that Plaintiff **had** sufficiently alleged severe emotional distress for her intentional infliction of emotional distress claim. Dkt. 92 at 23. Further, discovery of medical records is permitted when a plaintiff alleges garden variety emotional distress (even though Plaintiff expressly has not) because they are relevant to causation. *Hukman v. Sw. Airlines Co.*, 2019 WL 566451, at *4 (S.D. Cal. Feb. 12, 2019) ("[T]o insure a fair trial, particularly on the element of causation, defendants should have access to evidence that the plaintiff's emotional state was caused by something else.") (citation omitted).

3. **Mitigation Documents**: Plaintiff has produced considerably more than a "handful" of LinkedIn submissions to demonstrate her mitigation efforts. Further, Defendant cannot meet its burden as the party effectively moving to compel production of documents because it thinks there "might be" other responsive documentation. *See, e.g.*, *Voice Int'l, Inc. v. Oppenheimer Cine Rental, LLC*, No. 215CV08830JAKKSX, 2017 WL 11699755, at *3 (C.D. Cal. Aug. 28, 2017) (stating "conjecture" that documents "might exist is not a sufficient basis to grant a motion to compel"). Also, Plaintiff does not have responsive documents regarding post-employment income that Defendants are entitled to discover. Defendants neither dispute that Plaintiff has not had a job since she was unlawfully terminated by K&E nor explain how any purported income from other, non-employment sources would be in any way relevant or responsive.

   a. **Orrick Response**: Again, to the extent Plaintiff doesn't have any additional responsive documents, Plaintiff is required to amend her responses under the FRCP to state that she has produced all responsive documents. Further, while you are now taking the position that "Plaintiff does not have responsive documents on post-employment income that Defendants are **entitled** to discover," you already acknowledged that such documents exist <u>and</u> agreed to produce these documents during our January 18, 2024 meet and confer call. On the call, we specifically discussed whether Plaintiff had any income from another source **other** than employment, to which you responded that Plaintiff did and would produce responsive documents regarding **any** income earned. *See* January 29 e-mail, para. 3(i)(1). Plaintiff is bound

by her prior agreements. *Frieri v. Sysco Corp.*, 2017 WL 3387713, at *10 (S.D. Cal. Aug. 4, 2017) ("Defendant also agreed to produce documents responsive to this request. Defendant is bound by its agreement to produce.").

4. **Documents re Prior Compensation**:  Plaintiff will provide responsive information after an adequate stipulated protective order is entered.  *See Tatum v. Schwartz*, No. CVS06 1440 RRB EFB, 2007 WL 2220977, at *6 (E.D. Cal. Aug. 2, 2007) (permitting plaintiff to "delay production" of financial information until after a protective order is in place).

   a. **Orrick Response**: OK.

5. **Documents and Info Reflecting Communication with Third Parties:**  As an initial matter, neither the FAC nor the Complaint allege "dozens" of communications with unidentified individuals supporting Plaintiff's claims.  It is reasonable for Plaintiff to temporarily delay revealing identifying information for individuals before an adequate stipulated protective order has been entered, given the possibility of an adverse impact on non-parties' careers or the possibility of harassment, etc. arising from public disclosure of their information.  In the interest of compromise, Plaintiff is willing to provide the information requested in Interrogatory Nos. 6, 7 (to the extent it requests names of Male Associate G, Male Associate A, Male Share Partner C, and Female Associate J), 11, 12 and 15 because the information in the FAC is generally agnostic.  However, Plaintiff is only willing to provide the names of the other non-parties after an adequate stipulated protective order has been entered given that the FAC includes information regarding disciple/probation, negative comments about their work, and/or candid comments provided by them about K&E's culture, etc., which, if revealed, could adversely impact their professional interests in law.  *Long v. Amazon.com Servs. LLC*, No. C23-209RSL, 2023 WL 6215362, at *6 (W.D. Wash. Sept. 25, 2023) (concluding refusal to provide individual personal information "without the protection of a protective order is reasonable").  **Orrick Response:** Plaintiff has no standing or duty to object based on privacy. Plaintiff ignored the on-point authority from the Northern and Central Districts of California that K&E cited in the May 3, 2024 M&C correspondence, and instead relies on *Long v. Amazon*, a Washington case that is not relevant at all. *Long* addressed a plaintiff's request that Amazon provide the plaintiff a list of all employees at the warehouse at issue, including date of hire, race, and ethnicity. The court held a protective order was reasonable because Amazon "has a responsibility to protect the personal information of its employees." Unlike in *Amazon*, Plaintiff here has no duty to protect the identities of the anonymous individuals in the Complaint.

   a. **Interrogatory No. 16**:  Plaintiff already provided names and will supplement the response as appropriate.
      **Orrick Response:** Plaintiff's response is inadequate because instead of identifying all relevant individuals, she referred K&E to "e-mail and Skype correspondence" and told K&E to go find the responsive information itself. Plaintiff further failed to address K&E's argument in the May 3 M&C correspondence that Plaintiff's response did not comply with FRCP 33(d)(1). We note that Plaintiff did not respond regarding ROGs 13 and 17, which Plaintiff objected to on the same basis.

   b. **Interrogatory No. 21**: This Interrogatory is improper for myriad reasons, including overbreadth, undue burden, and vagueness.  *See, e.g.*, *Bilyeu v. City of Portland*, 2008 WL 4912048 (D. Or. Nov. 10, 2008) (interrogatory requiring identification of all persons with whom plaintiff had discussed incident were vague and burdensome because it would require plaintiff to state every person to whom plaintiff ever mentioned the incident). **Orrick Response:** It appears that Plaintiff has backed off her meritless and inconsistently-applied "compound" objection and is now just refusing to provide responsive information based on boilerplate objections. Interrogatories asking Plaintiff to identify witnesses are routine. *Plumbers & Pipefitters Loc. 572 Pension Fund v. Cisco Sys., Inc.*, 2005 WL 1459555, at *5 (N.D. Cal. June 21, 2005) ("With respect to the amended Interrogatories Nos. 2-13 which request Plaintiffs to 'IDENTIFY all PERSON(S) (and all DOCUMENTS) who [Plaintiffs] contend to have information supporting' particular allegations, the Court finds that these are proper."); *Miller v. Ventro Corp.*, 2004 WL 868202, at *2 (N.D. Cal. Apr. 21, 2004) (compelling disclosure of witness identities); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 340 (N.D. Cal. 1985) (same). Further, the case Plaintiff cites, *Bilyeu v. City of Portland*, is an Oregon case that involved a pro se plaintiff, which Plaintiff is not. The interrogatory in Bilyeu asked the plaintiff to "list all those persons with whom he has 'discussed' the subject incident." ROG 21 is far narrower, and asks Plaintiff to identify those with whom she has communicated "about this case," which is by its language limited to individuals with whom she has spoken about this lawsuit since it was filed in October 2022.

   c. **Interrogatory No. 3**:  K&E does not provide any basis for requesting Plaintiff to supplement her response. **Orrick Response:** You already agreed to supplement this response on January 18, 2024. *See* January 29 e-mail, para. 3(b). Plaintiff is bound by her prior agreements. *Frieri*, 2017 WL 3387713, at *10.

   d. **Interrogatory No. 4**:  K&E does not provide any basis for requesting Plaintiff to supplement her response.

Moreover, the Honorable Judge Hixson's prior order from February 2024 shows that this interrogatory seeks non-discoverable, irrelevant information. *See* Feb. 16, 2024 Order at 12, Dkt. No. 128. **Orrick Response:** You already agreed to supplement this response on January 18, 2024. *See* January 29 e-mail, para. 3(c). Plaintiff is bound by her prior agreements. *Frieri*, 2017 WL 3387713, at *10. Further, see response to Paragraph 2, above.

e. **RFP Nos. 196 & 197**:  Skype messages should be in Defendants' possession, custody, or control.  Again, K&E does not provide a basis for the proportionality and/or relevance to support this extremely broad request.  Further, nowhere in the FAC does Plaintiff discuss text messages.  Plaintiff has produced thousands of pages of documents directly relevant to her work and employment at K&E, while Defendants have yet to produce anything of meaningful significance.  Plaintiff continues to search for and produce potentially responsive documents to K&E's sweeping RFPs, and it is perfectly reasonable for Plaintiff to provide rolling productions to the extent additional responsive documents are identified.  *See Shared P'ship v. Meta Platforms, Inc.*, No. 22-CV-02366-RS (RMI), 2023 WL 2526645, at *2 (N.D. Cal. Mar. 14, 2023) (rejecting party's "desire to rush" opposing party "through the discovery process" based on the justification that the party "has had more than enough time . . . to accomplish this" and concluding that production on rolling basis was reasonable and justified); Civil L.R. 37-3. **Orrick Response:** We are confused about your reference to Skype messages and your statement that "nowhere in the FAC does Plaintiff discuss text messages." RFPs 196 and 197 seek communications between Plaintiff and others about her K&E employment and FAC allegations. If Plaintiff has Skype or text messages, or any other documents showing responsive communications with third parties, she is required to produce them. Further, while you are now taking the position that these RFPs are overbroad, you already confirmed on January 18 that Plaintiff will produce responsive documents that confirmed that, other than privilege, Plaintiff is not withholding any information/documents based on her objections. *See* January 29 e-mail, intro. paragraph and 3(d). Plaintiff is bound by her prior agreements. *Frieri*, 2017 WL 3387713, at *10.

f. **Additional point**:  K&E fails to offer a scintilla of persuasive support for its absurd position that Plaintiff is required to certify her discovery and production in response to over 200 RFPs before a scheduling order has been entered and while the case is in the pleadings stage.  The sole case K&E cites (*Rodman*) dealt with a party producing highly relevant documents seven days before trial and after the close of fact discovery. **Orrick Response:** We did not cite *Rodman* for the proposition that Plaintiff needs to certify her discovery; we cited *Rodman* for the proposition that counsel is required to supervise the collection and search for relevant documents. We note that you did not respond to our inquiry regarding whether your office was involved in the search for relevant documents. Further, while motions to dismiss are still pending, this case is not new. It was filed in 2022 and K&E served the RFPs at issue in August 2023, more than 8 months ago. Plaintiff is a single individual; while Plaintiff has continued to delay and come up with excuses as to why she cannot respond to discovery in a timely manner, she has provided no reason to justify why the collection and production of responsive documents should take this long. Again, Plaintiff's refusal to amend her discovery responses to comply with the FRCP has left K&E unable to tell whether Plaintiff has produced responsive documents, will produce responsive documents, or whether no documents exist. This delayed and time-consuming meet and confer process is a problem of Plaintiff's making.

6. **Protective Order Dispute.**  The specific Federal Rule of Evidence 502(d) language K&E is using to hold up entry of a stipulated protective order is not included in or required by the Northern District of California model protective order.  K&E has failed to demonstrate that its extremely broad 502(d) language would facilitate discovery given it is already withholding documents based on overbroad and boilerplate privilege objections and designations.  The conclusory assertion that Plaintiff has produced privileged documents, which Plaintiff denies, is insufficient to warrant delay of a stipulated protective order, especially when Defendants are demanding that Plaintiff produce sensitive information for herself and non-parties.  *United States v. DaVita, Inc.*, No. 617CV1592ORL37GJK, 2020 WL 12813697, at *2 (M.D. Fla. Aug. 4, 2020) (conclusory statements that documents include "confidential information and attorney-client privileged communications and work product . . . . lack[] a sufficient factual predicate to persuade the court to exercise its discretion to issue a 502(d) order").  Plaintiff is willing to discuss entering a separate Federal Rule of Evidence 502(d) stipulation at a later time after a stipulated protective order has been entered.

a. It is also absurd that Defendants are once again requesting highly sensitive and invasive information, e.g., medical records and information, without a stipulated protective order and are moving to compel the same.

b. **Orrick Response:** The parties have met and conferred at length and are at impasse on the law regarding

the 502(d) language in the Protective Order. We are, however, confused by your position that it is "absurd" that K&E is moving to compel "highly sensitive information" without a protective order. As is clear from the Joint Letter, K&E is seeking to compel a protective order at the same time it is seeking to compel additional documents from Plaintiff.

We would be available to meet and confer Wednesday or Thursday afternoon.  Thank you.

Warmly,



 **F I L I P P A T O S   P L L C**
Employment Law, Litigation & ADR

**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his

_____

(914) 984-1111, ext. 505
Cell: (347) 207-5765
   TRahman@filippatoslaw.com
www.filippatoslaw.com

   

Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Tuesday, May 7, 2024 3:34 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** Kovalenko/K&E - Jt Discovery Letter

Hi Tanvir,

Attaching K&E's portion of the joint discovery dispute letter that we intend to submit to Judge Hixson regarding the parties' disputes about Plaintiff's responses to K&E's RFP Set 1 and ROG Sets 1-2 to Plaintiff.

Please let us know if you would like to have a call this week to discuss any of the items in the letter. Alternatively, please send us your portion of the letter by COB on Friday, May 10.

Thank you,
Kate

**Kate Juvinall**
Senior Associate

Orrick
Santa Monica
T +1-213-612-2461
M +1-248-974-6097
kjuvinall@orrick.com





**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how  w e use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how  w e use this information.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

# **ATTACHMENT 1**

**Archived:** Monday, June 24, 2024 6:44:55 PM
**From:** Juvinall, Kate
**Sent:** Monday, January 29, 2024 3:36:20 PM
**To:** Tanvir Rahman Falisha Pierre
**Cc:** Hermle, Lynne C. Liburt, Joseph C. Thompson, Mark Gasek, Jade
**Subject:** RE: Kovalenko/Kirkland - initial call
**Importance:** Normal
**Sensitivity:** None
**Attachments:**
KE_Kovalenko - Stipulated Protective Order 4143-9418-1443 3.docx;

---

Hi Tanvir,

Thanks for the call on 1/18. I added notes that reflect our conversation today to the summary of our 12/20 call that I sent around on 12/21. Main takeaway is that Plaintiff will produce responsive information/documents to the discovery requests identified below and, other than privilege, is not withholding any information/documents based on her objections. Further, please supplement Plaintiff's RFP responses to reflect the agreements summarized below.

We briefly discussed timing, and you stated that you are diligently working to get the documents from Zoya but do not yet have them. When you receive the documents you will promptly review and produce them. As I stated on the call, time is of the essence given that discovery in this case has dragged on for months without any progress, and if Plaintiff does not promptly produce the information/documents, Kirkland will move to compel. In response, you mentioned that a motion to compel may be helpful to move this along. It's been almost two weeks since our call, and we have not yet received any additional information/documents from Plaintiff. Thus, if we do not receive the responsive information/documents by February 9, we will seek Court intervention and will also seek sanctions.

Additionally, as further discussed on our 1/18 call, Plaintiff has agreed to provide the identities of her medical providers, but believes the information is confidential and will provide them upon entry of a protective order. We had sent you the latest version of the protective order on 1/11, and on the call you said you had questions about what issues are still outstanding between the parties. I have re-attached the latest version of protective order. Here is a description of what the mark-ups mean:

Zoya's changes from the last version are in red. Our proposed changes are highlighted in green. Language highlighted in yellow is in dispute. We are ok with Zoya's changes where noted in the comments.

Best,
Kate

**Notes from 12/20 call in black and 1/18 call in <span style="color:red">red</span>:**

■ ████████████████████████████████████████████████████████
████████████████████    ████████████████████████████████████
  ■ ███████████████████████████████████████████████████████████

2. ~~**Motion to Quash**: We agreed to extend the response and reply deadlines given the upcoming holiday/travel schedules. We sent a draft stipulation around yesterday for your review. We also proposed continuing the hearing date by one week because we are unavailable on February 1.~~

3. **Zoya's Discovery Responses**: We spent most of the call discussing Zoya's discovery responses. During our earlier discussion on November 16, we (Kirkland) had a raised a number of issues, including Zoya's 1,281 RFP responses that were primarily boilerplate objections, and her stated refusal to produce any documents before the end of discovery. You agreed to review Zoya's responses and then reconvene to see if we can resolve some of the issues before engaging in extensive discovery efforts. Yesterday we asked for your thoughts on Zoya's responses, and you stated there were no fundamental differences, but said it was not your practice to delay in producing documents, did not intend to do so here, and would consider any issues we had. Here is a summary of the issues discussed:

   a. **Interrogatory No. 1**: Requests the identity of Plaintiff's mental health providers. Zoya has objected on various irrelevant and frivolous grounds, and stated she was willing to meet and confer. During the call, we stated that Zoya has a claim for IIED, has placed her mental condition at issue, and thus has waived any physician/patient privilege. Regardless, at this point we are only seeking the identity of the providers, which is not privileged. We asked what your position is on this Interrogatory, if Plaintiff is objecting in full or proposing to narrow in any way, and you stated that you would take the issue back to Zoya and then get back to us.

      <span style="color:red">i. KEJ Notes from 1/18 call: Plaintiff will agree to supplement and provide responsive information upon entry of a protective order. Per our discussion, I will review the protective order as it currently stands and circle-back on the outstanding issues.</span>

   b. **Interrogatory No. 3**: Requests the identity of prior employers. Zoya made the same boilerplate objections (including physician/client privilege) and stated she would meet and confer. We raised that this information is relevant to her defamation claims (reputation) and EPA claim (her skills v. her comparators), and, again, only seeks the identity of the employers. Plaintiff objected that Kirkland already has the information via Plaintiff's resume, but a resume is not always a full recitation of prior employment, and under the FRCP we are entitled to a written, sworn response. You stated that you would take the issue back to Zoya and then get back to us.

      <span style="color:red">i. KEJ Notes from 1/18 call: Plaintiff will agree to supplement her response.</span>

   c. **Interrogatory No. 4**: Seeks the identity of other legal proceedings Plaintiff has

been party to. Plaintiff identified the EEOC proceeding and stated any other proceedings are not relevant. We explained that other proceedings regarding her finances or against prior employers could show motive, and, again, we are only seeking basic information such as the Court location, case number, etc. You stated that you didn't know if she has been party to other legal proceedings, and would take the issue back to Zoya and then get back to us.

1. KEJ Notes from 1/18 call: Plaintiff will agree to supplement her response.

d. **RFPs with "meet and confer" response**: Zoya states she will "meet and confer regarding the scope" of 193 out of 202 RFPs. The RFPs that are NOT included are 170, 171, 176, 177, 192, 193, 194, 201, 202. We highlighted that RFPs 1-151 all reference specific paragraphs and quote specific language in the Complaints. Given that Zoya drafted the Complaint, objections for relevance/overbreadth/burden are meritless. We asked Plaintiff to re-review these RFPs and identify those that are actually at issue. You stated that you would take the issue back to Zoya and then get back to us.

1. KEJ Notes from 1/18 call: Plaintiff's "meet and confer" response just means that she is willing to meet and confer about her objections. She will agree to produce documents responsive to these RFPs. Plaintiff is not withholding any documents based on her objections other than privilege.

e. **RFPs stating responsive documents produced:** RFPs 10-14, 175, 176, and 198 all state that responsive information has been produced, but it is unclear is some or all responsive documents have been produced. For example, RFP 175 asks for Plaintiff's resume (including drafts) for the last 5 years prior to her employment at Kirkland. To date, Plaintiff has only produced one resume, which does not appear to be a complete production of responsive documents. You stated that you would take the issue back to Zoya and then get back to us.

1. KEJ Notes from 1/18 call: Plaintiff is still looking for responsive documents and will produce additional responsive documents as she finds them.

f. **RPFs stating information publicly available:** RFP 51 seeks documents about Plaintiff's statements about the success of PTAB proceedings. Plaintiff states the documents are publicly available and refuses to produce any documents. As we discussed, this is not a proper objection and she cannot withhold documents on this basis. For example, Plaintiff doesn't identify the PTAB proceedings at issue in the Complaint, so, even if the documents are publicly available, Kirkland doesn't have sufficient information to locate them anyway. You stated that you would take the issue back to Zoya and then get back to us.

1. KEJ Notes from 1/18 call: Plaintiff agrees to produce responsive documents.

g. **RFPs concerning "verbal" allegations:** For RFPs 64-67, 75, and 76, Zoya objects and states the allegations were discussed verbally, but that she is willing to meet and confer. It is unclear whether there are responsive documents and whether there is anything to meet and confer about. If no responsive documents exist, Plaintiff should state that. You stated that you would take the issue back to Zoya and then get back to us.

1. KEJ Notes from 1/18 call: Plaintiff is not positive that there are not documents

of these alleged verbal conversations. Plaintiff is still searching for responsive information and if she has anything she will produce it.

h. **RFPs concerning documents not in "possession":** The responses to RFPs 168, 170, 171 all state that Zoya doesn't have any documents in her possession. Does she have any documents in her custody or control? It is unclear. If no responsive documents exist, Plaintiff should state that. Plaintiff is required to provide written responses that comply with the FRCP. You stated that you would take the issue back to Zoya and then get back to us.

   1. KEJ Notes from 1/18 call: Plaintiff has no responsive documents in her possession, custody, or control.

i. **RFPs with otherwise unclear responses:** For each of these, you stated that you would take the issue back to Zoya and then get back to us.

   1. **RFP 182** asks for documents showing income earned since Plaintiff's employment with Kirkland. Zoya states she has not had a job since, but is willing to meet and confer. It is unclear if Plaintiff obtained income from another source other than employment, or if there is anything to meet and confer about. If no responsive documents exist, Plaintiff should state that. KEJ Notes from 1/18 call: Plaintiff will produce responsive documents re: any income earned.

   ii. **RFP 183** asks for documents concerning any application for disability benefits. Zoya stated she didn't apply for disability benefits, but is willing to meet and confer. Again, it is unclear whether no responsive documents exist and if there is anything to meet and confer about. If no responsive documents exist, Plaintiff should state that. KEJ Notes from 1/18 Call: Plaintiff did not file an application for disability benefits and did not receive any disability benefits. However, she's not sure if her unemployment application included something about disability benefits, so she is going to check. If she has anything she will produce it.

   iii. **RFP 194** asks for documents that show the FEHA applied extraterritorially to Mark Fahey. Plaintiff doesn't state that she will produce any documents or that she will meet and confer. Is Plaintiff standing on her objections or will she produce responsive documents? KEJ Notes from 1/18 Call: Plaintiff is still searching for responsive documents and if she has any she will produce them.

j. **Timing of Responses**: As discussed, our client is growing very frustrated that it has been four months since Kirkland served discovery on Plaintiff on August 8 and the case all but stagnated during the period while Plaintiff searched for local counsel. To move discovery along, you agreed to provide responses to the above issues on or before January 5, 2024. If Plaintiff fails to provide satisfactory responses by that date, Kirkland will seek court intervention and sanctions.

Best,
Kate

**From:** Juvinall, Kate
**Sent:** Friday, December 22, 2023 9:27 AM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Cc:** Liburt, Joseph C. <jliburt@orrick.com>; Hermle, Lynne C. <lchermle@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Hi Tanvir – following up on the email below. Can you please let us know if we have approval to sign on your behalf and file?

---

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Thursday, December 21, 2023 12:34 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Cc:** Liburt, Joseph C. <jliburt@orrick.com>; Hermle, Lynne C. <lchermle@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Hi Tanvir – thanks for the call yesterday. We'll send over a more fulsome summary of the call shortly, but, in the meantime, we're attaching a draft stipulation to extend the response and reply deadlines re the MTQ as discussed. We are unavailable on February 1 for the hearing, so we proposed a new hearing date of February 8. Let me know if that works for you.

Thanks!
Kate

---

**From:** Juvinall, Kate
**Sent:** Tuesday, December 19, 2023 11:27 AM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Cc:** Liburt, Joseph C. <jliburt@orrick.com>; Hermle, Lynne C. <lchermle@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Works for us. I'll send an invite.

---

**From:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Sent:** Monday, December 18, 2023 8:05 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Cc:** Liburt, Joseph C. <jliburt@orrick.com>; Hermle, Lynne C. <lchermle@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

[EXTERNAL]

Hi Kate – let's shoot for Wednesday at 1:30PST/4:30EST if that still works.  Thanks.

Warmly,




**F I L I P P A T O S   P L L C**
Employment Law, Litigation & ADR

**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his



(914) 984-1111, ext. 505
Cell: (347) 207-5765
TRahman@filippatoslaw.com

www.filippatoslaw.com






Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Monday, December 18, 2023 4:59 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Cc:** Liburt, Joseph C. <jliburt@orrick.com>; Hermle, Lynne C. <lchermle@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Hi Tanvir,

Thanks for the update. We are free on Wednesday from 10:30-11 and 1-2 pm PST, and Thursday 1-2 pm PST. Let us know if any times in there work for you.

We'll separately gather some names of potential mediators and be in touch.

Thanks,
Kate

**From:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Sent:** Sunday, December 17, 2023 7:12 AM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

**[EXTERNAL]**

Hi Kate – hope you're having a nice weekend.

As to your questions below, we do intend to file a motion to quash the two subpoenas to Plaintiff's former employers this week, hopefully early in the week.

I got a chance to review Plaintiff's discovery responses – I'm happy to meet and confer sometime this week to understand your concerns so please let us know some times that may work.

████████████████████████████████████████████████████████

Warmly,




**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his



(914) 984-1111, ext. 505
Cell: (347) 207-5765
TRahman@filippatoslaw.com
www.filippatoslaw.com

   

Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Monday, December 11, 2023 4:43 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Hi Tanvir,

Following up on the discovery items we discussed during our November 16 call:

1. Do you have an update on if/when Plaintiff will be filing motions to quash the subpoenas to Fish & Richardson and Paul Hastings?
2. Do you have an update on your position on Plaintiff's 1,281+ page responses to Kirkland's ROGs and RFPs? As discussed on our call, we prefer to avoid discovery disputes but, as drafted, there are substantial issues that we will need to meet and confer about.

████████████████████████████████████████

Please let us know when you are available for a call this week to discuss these issues and next steps.

Thanks,
Kate

**From:** Juvinall, Kate
**Sent:** Tuesday, November 14, 2023 4:01 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>

**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Will do. Talk to you both soon.

Kate

---

**From:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Sent:** Tuesday, November 14, 2023 3:59 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Great – please include my colleague Falisha Pierre who is copied.

Warmly,




F I L I P P A T O S   P L L C
Employment Law, Litigation & ADR

**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his



(914) 984-1111, ext. 505
Cell: (347) 207-5765
TRahman@filippatoslaw.com
www.filippatoslaw.com

  

Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

---

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Tuesday, November 14, 2023 6:58 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Hi Tanvir – yes, 4 pm EST on Thursday works great. I'll send an invite. Would you like me to include anyone else from your team?

Kate

---

**From:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Sent:** Tuesday, November 14, 2023 3:44 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>

**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>; Falisha Pierre <fpierre@filippatoslaw.com>
**Subject:** RE: Kovalenko/Kirkland - initial call

Hi Kate – thank you for reaching out.  I have availability Thursday after 4pm EST or before 11AM EST on Friday.  Would any of those times work?  Thanks.

Warmly,




**F I L I P P A T O S   P L L C**
Employment Law, Litigation & ADR

**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his

(914) 984-1111, ext. 505
Cell: (347) 207-5765

TRahman@filippatoslaw.com

www.filippatoslaw.com





Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Tuesday, November 14, 2023 2:29 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** Kovalenko/Kirkland - initial call

> **IRONSCALES couldn't recognize this email as this is the first time you received an email from this sender kjuvinall@orrick.com**

Hi Tanvir,

We are counsel for Kirkland and the individual defendants in Ms. Kovalenko's case. Can we have a call this week to discuss some outstanding issues in the case? Please let me know your availability.

We look forward to working with you.

Best,
Kate

**Kate Juvinall**
Senior Associate

Orrick
Santa Monica 
T +1-213-612-2461
M +1-248-974-6097
kjuvinall@orrick.com



**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

**Archived:** Monday, June 24, 2024 6:45:12 PM
**From:** Thompson, Mark
**Sent:** Friday, May 3, 2024 1:28:33 PM
**To:** Chutiya Phoottham  Tanvir Rahman
**Cc:** Juvinall, Kate  Liburt, Joseph C.  Hermle, Lynne C.
**Subject:** RE: Kovalenko v. Kirkland & Ellis LLP (Case 4:22-cv-05990-HSG)
**Importance:** Normal
**Sensitivity:** None

---

Hi,

We're writing to meet and confer about Plaintiff's responses to K&E's Interrogatories to Plaintiff, Set One. Plaintiff did not answer 15 out of 17 interrogatories in this Set.  Please let us know when you are available for a call next week to discuss.

1.  **Interrogatories 5-12, 14-15, 20:** Plaintiff objected based on privacy and agreed to provide the names of responsive individuals upon entry of a protective order. First, Plaintiff's privacy objections are meritless because Plaintiff has no standing or duty to object on privacy grounds as to the identities of other K&E attorneys. *Hartford Cas. Ins. Co. v. First Specialty Ins. Corp.*, No. 5:16-CV-00407 (HRL), 2016 WL 4447262, at *2 (N.D. Cal. Aug. 24, 2016) (finding "no basis to conclude" that a party "has standing to raise and litigate third-party privacy rights" to "justif[y] the withholding of relevant [information]."); *In re Questcor Pharms, Inc. Sec. Litig.*, No. SACV121623DMGJPRX, 2014 WL 12581784, at *1 (C.D. Cal. Sept. 3, 2014) (compelling disclosure of "unidentified" sources supporting allegations in complaint). Second, Plaintiff's privacy objection is disingenuous because she provides the identities of a few K&E attorneys/employees but refuses to provide the identities of most of them (e.g., **ROG 18** asks Plaintiff to identify the "individual" referenced in paragraph 210 n.64, whom Plaintiff asserts made a "perplexing, demeaning remark," and plaintiff identified Alex Nakaba; **ROG 19** asks Plaintiff to identify the "share partner based out of Kirkland's LA offices" referenced in paragraph 210 n.65 whom Plaintiff asserts acted "strangely" towards her, and Plaintiff identified Ellisen Turner). Plaintiff cannot cherry pick which interrogatories she wants to respond to with inconsistent meritless objections. Plaintiff must amend her responses to ROGs 5-12, 14-15, and 20 and provide the responsive information.

2.  **Interrogatories 13, 16, and 17:** Plaintiff objected and stated K&E has possession/custody/control of the information. Plaintiff cites Fed. R. Civ. P. 33(d)(1) as the basis for this objection, but Plaintiff's response is improper. Rule 33(d)(1) provides that "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . . the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Plaintiff did not provide sufficient detail regarding the records to enable K&E to "readily" identify the responsive information. *See* ROG 13 (referring K&E to "Skype messages involving Plaintiff and emails involving Plaintiff and male associates who worked at Defendant while Plaintiff was employed by Defendant"); **ROG 16** (referring K&E to "email and/or Skype correspondence from Plaintiff to Akshay Deoras regarding the 2021 PTAB Bar Association Conference"); **ROG 17** (referring K&E to "associate review summaries created/approved by its IP Litigation Associate Review Committee, the Firmwide Associate Review Committee, and the Firm Committee"). *Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *9 (E.D. Cal. Jan. 17, 2020) ("A repeated reference to a block of documents does not constitute compliance [with Rule 33(d)(1)].").

Further, these interrogatories do nothing more than ask Plaintiff to identify individuals that she affirmatively refers to in her Complaint. For example, in paragraph 187 of the Complaint, Plaintiff alleges that "Plaintiff is aware of multiple associates in the IP litigation group who had been placed on and subsequently were taken off probation." In ROG 17, K&E asks her to identify the "multiple associates" that she alleges she is "aware of." If Plaintiff does not have responsive information to ROGs 13, 16, and 17, she needs to amend her responses and state that. Plaintiff must amend her responses and answer these interrogatories, either by providing the identities of the individuals or stating that Plaintiff does not know the identities of individuals she alleged she was "aware of".

3.  **Interrogatory 21:** this Interrogatory asks Plaintiff to identify individuals with whom she has communicated about the lawsuit. Plaintiff objected because she claims the interrogatories are "compound" and thus exceed the limit of 25, and has refused to provide responsive information. Plaintiff's objections are meritless. First, K&E's interrogatories are not compound and thus, to date, K&E has only issued 21 interrogatories. *Bond v. Arrowhead Reg1 Med. Ctr.*, No. No. EDCV112049DDPPLA, 2014 WL 12853149, at *8 (C.D. Cal. Apr. 9, 2014) (rejecting argument that request for "names, addresses, telephone numbers of all witness for defendants" was compound). Second, Plaintiff has again cherry-picked which interrogatories she wants to respond to. Plaintiff is willing provides (or says she will provide) responsive information for other interrogatories that she claims "exceed" the 25 limit (*see* ROGs 16, 18-20). But for ROG 21, which she apparently just does not want to respond to, she has used the compound objection as the basis to refuse to provide any information. This is improper and no basis to refuse to substantively respond. *Trevino v. ACB Am. Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (treating interrogatories over the alleged 25 limit as from different parties because "*each* plaintiff may serve *each* defendant with 25 interrogatories) (emphasis in original); *ProIo v. Blackmon*, No. CV 21-5118, 2022 WL 2189643, at *10 (C.D. Cal. Mar. 25, 2022) ("If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and set forth the efforts he used to obtain the information."). Plaintiff must amend her response to ROG 21 and provide the responsive information.

Best,

Mark

---

**From:** Chutiya Phoottham <Cphoottham@filippatoslaw.com>
**Sent:** Monday, April 29, 2024 7:41 PM
**To:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Juvinall, Kate <kjuvinall@orrick.com>; Thompson, Mark <mthompson@orrick.com>
**Cc:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Subject:** Kovalenko v. Kirkland & Ellis LLP (Case 4:22-cv-05990-HSG)

[EXTERNAL]

Good evening,

In relation to case 4:22-cv-05990-HSG, Kovalenko v. Kirkland & Ellis LLP, attached herewith is Plaintiff Kovalenko's Interrogatories Responses_Set Two.

Should you have any questions,  Please do not hesitate to reach out.

Regards,

**Chutiya Phoottham**

*Law Clerk*

Pronouns: she/her/hers

**Filippatos PLLC**

199 Main Street, Suite 800

White Plains, NY 10601
Phone/Fax: (914) 984-1111, ext. 501

Email: cphoottham@filippatoslaw.com

www.filippatoslaw.com

www.bestworkplacelawyers.com



 Please consider the environment before printing this e-mail.

This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

# ATTACHMENT 2

# EXHIBIT J

**Archived:** Monday, June 24, 2024 6:52:14 PM
**From:** Tanvir Rahman
**Mail received time:** Fri, 24 May 2024 19:25:06
**Sent:** Friday, May 24, 2024 12:25:07 PM
**To:** Juvinall, Kate
**Subject:** RE: Call today - any chance we can push back a bit?
**Importance:** Normal
**Sensitivity:** None
**Attachments:**
Joint Ltr. - Disc. Disputes re Kirkland's Written Discovery _THRrev5.24.24.docx

---

[EXTERNAL]

Hi Kate – we inputted our portion of the joint letter to the court in the attached.  You'll also see comments in the margins responding to the issues we discussed on our last call.  I presume you will have some revisions on your end given our positions so we may need to exchange a couple more rounds of drafts before it's ready to be submitted.  Let me know if you have any questions. Thanks.

Warmly,

 

**FILIPPATOS PLLC**
Employment Law, Litigation & ADR

**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his



   

(914) 984-1111, ext. 505
Cell: (347) 207-5765
TRahman@filippatoslaw.com
www.filippatoslaw.com

Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

---

**From:** Tanvir Rahman
**Sent:** Thursday, May 23, 2024 4:34 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Subject:** RE: Call today - any chance we can push back a bit?

Hi Kate - Do you have five minutes to chat today?

Warmly,




**F I L I P P A T O S   P L L C**
Employment Law, Litigation & ADR

**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his

(914) 984-1111, ext. 505
Cell: (347) 207-5765
TRahman@filippatoslaw.com
www.filippatoslaw.com











Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Thursday, May 16, 2024 3:41 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Subject:** RE: Call today - any chance we can push back a bit?

Just sent. Have a good weekend!

**From:** Juvinall, Kate
**Sent:** Thursday, May 16, 2024 12:40 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Subject:** RE: Call today - any chance we can push back a bit?

Yes no problem. I'll send an updated invite.

**From:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Sent:** Thursday, May 16, 2024 12:39 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Subject:** RE: Call today - any chance we can push back a bit?

**[EXTERNAL]**

Can we do 9:30PST/12:30EST?

Warmly,




**F I L I P P A T O S   P L L C**
Employment Law, Litigation & ADR

**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his

(914) 984-1111, ext. 505
Cell: (347) 207-5765



TRahman@filippatoslaw.com

www.filippatoslaw.com

   

Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Thursday, May 16, 2024 3:36 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Subject:** RE: Call today - any chance we can push back a bit?

Yes let's do something Monday. How about 9 am PST/12 pm EST.

**From:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Sent:** Thursday, May 16, 2024 12:32 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>
**Subject:** RE: Call today - any chance we can push back a bit?

[EXTERNAL]

Can we touch base after I get a chance to discuss your response with my client? We can schedule something for Monday or Tuesday as I am generally open.

Warmly,





F I L I P P A T O S   P L L C
Employment Law, Litigation & ADR

**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his

_____

(914) 984-1111, ext. 505
Cell: (347) 207-5765

TRahman@filippatoslaw.com

www.filippatoslaw.com



   

Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Thursday, May 16, 2024 3:27 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>

**Subject:** Call today - any chance we can push back a bit?

To any time after 3 pm PST? I know it's late your time… Or even to 3:45 EST if that works better.

**Kate Juvinall**
Senior Associate

Orrick
Santa Monica
T +1-213-612-2461
M +1-248-974-6097
kjuvinall@orrick.com





---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at https://w w w .orrick.com/Privacy-Policy to learn about how w e use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law . If you received this e-mail in error, any review , use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, w e may collect, store and transfer information about you. Please see our privacy policy at

https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

# EXHIBIT K

**Archived:** Monday, June 24, 2024 12:11:01 PM
**From:** Tanvir Rahman
**Mail received time:** Mon, 24 Jun 2024 15:29:53
**Sent:** Monday, June 24, 2024 8:29:55 AM
**To:** Juvinall, Kate  Loris Baechi
**Cc:** Hermle, Lynne C.  Liburt, Joseph C.  Thompson, Mark  Gasek, Jade
**Subject:** RE: Kovalenko/K&E - Jt Discovery Letter
**Importance:** Normal
**Sensitivity:** None
**Attachments:**
Joint Ltr. - Disc. Disputes re Kirkland's Written Discovery _6.24.24.docx; Rahman Decl. ISO Pl.'s Req. re Stip. Protec. Order.pdf; RahmanDecl. Attach. D (Defs.' Mar. 30, 2023 Priv. Log).pdf; Rahman Decl. Attach. C (Redlines - SPO compared to NDCA Model PO).pdf; Rahman Decl. Attach. B (Stip. Protec. Order).pdf; Rahman Decl. Attach. A (May 7, 16 Ems. from Orrick).pdf

---

**[EXTERNAL]**

Hi Kate – please see attached letter and declaration from me and exhibits. Thanks.

Warmly,




F I L I P P A T O S   P L L C
Employment Law, Litigation & ADR

**Tanvir H. Rahman**
*Managing Partner*
Pronouns: he/him/his

_____

(914) 984-1111, ext. 505
Cell: (347) 207-5765
TRahman@filippatoslaw.com
www.filippatoslaw.com








Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

---

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Friday, June 21, 2024 3:03 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>; Loris Baechi <lbaechi@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/K&E - Jt Discovery Letter

Hi Tanvir – we will hold off on filing today, but please send by Monday at 2 pm PST. We'll file then.

Thanks,
Kate

**From:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Sent:** Wednesday, June 19, 2024 10:16 PM
**To:** Juvinall, Kate <kjuvinall@orrick.com>; Loris Baechi <lbaechi@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark
<mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** Re: Kovalenko/K&E - Jt Discovery Letter

[EXTERNAL]

Hi Kate - sorry I've been tied up the week and will be in a deposition all day tomorrow. I am still waiting on a few things to
letter from my client and will try to get the letter to you by Friday but may not be until Monday. On first glance, both sides
may need to trim their portion in order to meet the 5 page limit but I'll get back to you as soon as I can and we can go from
there. Thanks.

Warmly,

Tanvir H. Rahman
*Partner*
Pronouns: he/him/his

Filippatos PLLC
199 Main Street, Suite 800
White Plains, NY 10601
Phone/Fax: (914) 984-1111, ext. 505
Cell: (347) 207-5765
Email: TRahman@filippatoslaw.com

www.filippatoslaw.com

 Please consider the environment before printing this e-mail.

This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the
addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read,
copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof,
and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Tuesday, June 18, 2024 12:54:28 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>; Loris Baechi <lbaechi@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark
<mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/K&E - Jt Discovery Letter

Hi Tanvir – following up on my email. Can you please provide your revisions by COB tomorrow so we can get on file this
week?

Thanks,
Kate

**From:** Juvinall, Kate
**Sent:** Tuesday, June 11, 2024 9:53 AM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>; Loris Baechi <lbaechi@filippatoslaw.com>
**Cc:** Hermle, Lynne C. <lchermle@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Gasek, Jade <jgasek@orrick.com>
**Subject:** RE: Kovalenko/K&E - Jt Discovery Letter

Hi Tanvir,

We made some revisions to K&E's section of the joint letter based on Plaintiff's section. Please let us know if Plaintiff has any further changes.

Additionally, in the draft you sent over you had added Plaintiff's positions on a number of items in comments in the margins. We are including Plaintiff's positions below so we have a written communication about it. Thanks!

**<u>Plaintiff's Positions</u>**:

- Post-employment income: We are prepared to produce information concerning the amount of unemployment insurance Plaintiff received and related dates, which is the only employment-related post-termination income she has.
- Prior compensation: We will produce this information subject to a PO in place.
- Rog 3: Plaintiff confirms that her resume produced to K&E reflects all of her employers from 2014 to 2020.
- Rog 4: Plaintiff has not been a party to any other employment-related legal proceedings besides those related to this action.
- Rog 13: Plaintiff is not withholding the identities of any other male comparator associates but reserves right to amend this response subject to what is uncovered in discovery.
- Rog 16, Plaintiff is not withholding the identities of any other "interested partners" but reserves her right to supplement this response subject to information uncovered in discovery. Responsive information will be produced for all other ROGs once a PO is entered.
- Rog 21: If K&E wishes to propose a revised, narrower interrogatory, we will revisit our position.

Thanks!
Kate


**From:** Juvinall, Kate <kjuvinall@orrick.com>
**Sent:** Thursday, May 16, 2024 11:14 AM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>; Loris Baechi <lbaechi@filippatoslaw.com>
**Cc:** Gasek, Jade <jgasek@orrick.com>; Thompson, Mark <mthompson@orrick.com>; Liburt, Joseph C. <jliburt@orrick.com>; Hermle, Lynne C. <lchermle@orrick.com>
**Subject:** RE: Kovalenko/K&E - Jt Discovery Letter

Hi Tanvir,

We're providing K&E's response to your May 13 e-mail in preparation of our meet and confer call at 12:30 PST/3:30 EST.

Your accusation that we have failed to meet and confer with you about the issues raised in the Joint Letter is meritless. First, our e-mail specifically requested that the parties meet and confer. *See* May 7 e-mail ("Please let us know if you would like to have a call this week to discuss any of the items in the letter"). Second, the only reasons we have to seek Magistrate Hixson's involvement is because Plaintiff has refused to comply with the agreements you made in January 2024, and because Plaintiff made frivolous objections to ROG Set Two and cherry-picked those she wanted to respond to.

# EXHIBIT L

1    Tanvir H. Rahman (admitted *pro hac vice*)
     trahman@filippatoslaw.com
2    FILIPPATOS PLLC
     199 Main Street, Suite 800
3    White Plains, NY 10601
     Tel.: 914 984 1111
4
     Samuel M. Brown (State Bar No. 308558)
5    sam@employmentattorneyla.com
     HENIG KRAMER RUIZ & SINGH, LLP
6    3600 Wilshire Blvd, Suite 1908
     Los Angeles, CA 90010
7    Tel.: +1 213 310 8301

8    Attorneys for Plaintiff Zoya Kovalenko

     LYNNE C. HERMLE (STATE BAR
     NO. 99779)
     lchermle@orrick.com
     JOSEPH C. LIBURT (STATE BAR
     NO. 155507)
     jliburt@orrick.com
     ORRICK, HERRINGTON &
     SUTCLIFFE LLP
     1000 Marsh Road
     Menlo Park, CA 94025-1015
     Telephone:    +1 650 614 7400
     Facsimile:    +1 650 614 7401

     KATE JUVINALL (STATE BAR NO.
     315669)
     kjuvinall@orrick.com
     ORRICK, HERRINGTON &
     SUTCLIFFE LLP
     355 S. Grand Ave., Suite 2700
     Los Angeles, CA 90071
     Telephone:    +1 213 629 2020
     Facsimile:    +1 213 612 2499

     MARK THOMPSON (Admitted *pro
     hac vice*)
     mthompson@orrick.com
     ORRICK, HERRINGTON &
     SUTCLIFFE LLP
     51 W 52nd St.
     New York, NY 10019
     Telephone:    +1 212 506 5000
     Facsimile:    +1 212 506 5151

     Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO, | Case No. 4:22-CV-05990-HSG-TSH |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | Assigned to District Judge Haywood S. Gilliam, Jr. |
| KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY, | Referred to Magistrate Judge Thomas S. Hixson |
| Defendants. | |

1.     <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or advancing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     <u>DEFINITIONS</u>

2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection as trade secrets or bona fide confidential and sensitive business practices and strategies or other demonstrably sensitive confidential or proprietary information.  "CONFIDENTIAL" Information or Items" also includes private and sensitive personal information about an individual, including but not limited to the month, day, and year of the individual's birth, the individual's social security number, financial account numbers,  and protected health information.

2.3     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been engaged by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     <u>House Counsel</u>: attorneys who are employees of a party to this action and to whom disclosure of CONFIDENTIAL information or items is reasonably necessary for the purposes of litigating this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity that is not a Party to this action.

2.9     <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party. Outside Counsel of Record includes Plaintiff Zoya Kovalenko.

2.10    <u>Party</u>: any party to this action, including all of its officers, directors, employees to whom disclosure of CONFIDENTIAL information or items is reasonably necessary for the purposes of litigating this action, consultants, engaged experts, and Outside Counsel of Record (and their support staffs).

2.11    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to

limit any such designation to specific material or information that qualifies as "CONFIDENTIAL" under this Stipulated Protective Order. The Designating Party must designate for protection only those parts of material, documents, items, information, or oral or written communications that qualify – so that other portions of the material, documents, items, information, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which

documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each

challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice challenging a designation of confidentiality. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner..

      6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 30 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 30 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time, if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

STIPULATED PROTECTIVE ORDER
[4:22-CV-05990-HSG]

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, advancing, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action and Parties in this action, as well as employees of said Outside Counsel of Record and to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

STIPULATED PROTECTIVE ORDER
[4:22-CV-05990-HSG]

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

STIPULATED PROTECTIVE ORDER
[4:22-CV-05990-HSG]

1

2          (c)      If the Non-Party fails to object or seek a protective order from this court

3   within 14 days of receiving the notice and accompanying information, the Receiving Party may

4   produce the Non-Party's confidential information responsive to the discovery request. If the Non-

5   Party timely seeks a protective order, the Receiving Party shall not produce any information in its

6   possession or control that is subject to the confidentiality agreement with the Non-Party before a

7   determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden

8   and expense of seeking protection in this court of its Protected Material.

9   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

11  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

12  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

13  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

14  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

15  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

16  Be Bound" that is attached hereto as Exhibit A.

17  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL
18

19         When a Producing Party gives notice to Receiving Parties that certain inadvertently

20  produced material is subject to a claim of privilege or other protection, the obligations of the

21  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

22  is not intended to modify whatever procedure may be established in an e-discovery order that

23  provides for production without prior privilege review.

24         Pursuant to Fed. R. Evid. 502(d), the disclosure or production by a Party of Discovery

25  Material in connection with this action subject to the attorney-client privilege, work-product

26  protection, or any other applicable privilege or protection, whether inadvertent or otherwise not

27  intending a waiver, and despite the Producing Party's reasonable efforts to pre-screen such

28  Discovery Material prior to production, is not a waiver or forfeiture of any applicable claim of

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

privilege or protection in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

12.    <u>MISCELLANEOUS</u>

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

STIPULATED PROTECTIVE ORDER
[4:22-CV-05990-HSG]

by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: _____        _____
                                    Tanvir Rahman (admitted *pro hac* vice)
                                    Filippatos PLLC
                                    Attorney for Plaintiff


Dated: _____          _____
                                    LYNNE C. HERMLE
                                    JOSEPH C. LIBURT
                                    KATE JUVINALL
                                    MARK THOMPSON
                                    Orrick, Herrington & Sutcliffe LLP
                                    Attorneys for Defendants


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____        _____
                                    Magistrate Judge Thomas S. Hixson

STIPULATED PROTECTIVE ORDER
[4:22-CV-05990-HSG]

1

2

<u>EXHIBIT A</u>

3

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

4

I, _____ [print or type full name], of _____ [print

5

or type full address], declare under penalty of perjury that I have read in its entirety and understand

6

the Stipulated Protective Order that was issued by the United States District Court for the Northern

7

District of California on _____ [date] in the case of *Kovalenko v. Kirkland & Ellis LLP, et al.*,

8

Case No. 4:22-CV-05990-HSG. I agree to comply with and to be bound by all the terms of this

9

Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose

10

me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose

11

in any manner any information or item that is subject to this Stipulated Protective Order to any person

12

or entity except in strict compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the Northern

14

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

15

if such enforcement proceedings occur after termination of this action.

16

I hereby appoint _____ [print or type full name] of

17

_____ [print or type full address and telephone number] as

18

my California agent for service of process in connection with this action or any proceedings related to

19

enforcement of this Stipulated Protective Order.

20

21

Date: _____

22

City and State where sworn and signed: _____

23

24

Printed name: _____

25

26

Signature: _____

27

28

STIPULATED PROTECTIVE ORDER
[4:22-CV-05990-HSG]

# EXHIBIT M

1

2          UNITED STATES DISTRICT COURT

3          NORTHERN DISTRICT OF CALIFORNIA

4

5                                    Plaintiff,          Case No.

6                                                        MODEL STIPULATED
              v.                                         PROTECTIVE ORDER
7                                                        (for standard litigation)

8

9                                    Defendant.

10

11    1.     <u>PURPOSES AND LIMITATIONS</u>

12          Disclosure and discovery activity in this action are likely to involve production of

13    confidential, proprietary, or private information for which special protection from public disclosure

14    and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

15    the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

16    Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures

17    or responses to discovery and that the protection it affords from public disclosure and use extends

18    only to the limited information or items that are entitled to confidential treatment under the

19    applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that

20    this Stipulated Protective Order does not entitle them to file confidential information under seal;

21    Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be

22    applied when a party seeks permission from the court to file material under seal.

23    2.     <u>DEFINITIONS</u>

24          2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

25    information or items under this Order.

26          2.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is

27    generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

28    Civil Procedure 26(c).

2.3     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10     <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11     <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12     <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within

3

1   the ambit of this Order.

2       Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

3   to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

4   encumber or retard the case development process or to impose unnecessary expenses and burdens on

5   other parties) expose the Designating Party to sanctions.

6       If it comes to a Designating Party's attention that information or items that it designated for

7   protection do not qualify for protection, that Designating Party must promptly notify all other Parties

8   that it is withdrawing the mistaken designation.

9       5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see,

10  e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

11  Discovery Material that qualifies for protection under this Order must be clearly so designated

12  before the material is disclosed or produced.

13      Designation in conformity with this Order requires:

14      (a) For information in documentary form (e.g., paper or electronic documents, but

15  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

16  affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion

17  or portions of the material on a page qualifies for protection, the Producing Party also must clearly

18  identify the protected portion(s) (e.g., by making appropriate markings in the margins).

19  A Party or Non-Party that makes original documents or materials available for inspection need not

20  designate them for protection until after the inspecting Party has indicated which material it would

21  like copied and produced. During the inspection and before the designation, all of the material made

22  available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

23  identified the documents it wants copied and produced, the Producing Party must determine which

24  documents, or portions thereof, qualify for protection under this Order. Then, before producing the

25  specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page

26  that contains Protected Material. If only a portion or portions of the material on a page qualifies for

27  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

28  appropriate markings in the margins).

4

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and

5

must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately

1  bound by the court reporter and may not be disclosed to anyone except as permitted under this

2  Stipulated Protective Order.

3          (g) the author or recipient of a document containing the information or a custodian or

4  other person who otherwise possessed or knew the information.

5  8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

6         LITIGATION

7          If a Party is served with a subpoena or a court order issued in other litigation that compels

8  disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

9  must:

10         (a) promptly notify in writing the Designating Party. Such notification shall include a

11  copy of the subpoena or court order;

12         (b) promptly notify in writing the party who caused the subpoena or order to issue in the

13  other litigation that some or all of the material covered by the subpoena or order is subject to this

14  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

15         (c) cooperate with respect to all reasonable procedures sought to be pursued by the

16  Designating Party whose Protected Material may be affected.

17         If the Designating Party timely seeks a protective order, the Party served with the subpoena

18  or court order shall not produce any information designated in this action as "CONFIDENTIAL"

19  before a determination by the court from which the subpoena or order issued, unless the Party has

20  obtained the Designating Party's permission. The Designating Party shall bear the burden and

21  expense of seeking protection in that court of its confidential material – and nothing in these

22  provisions should be construed as authorizing or encouraging a Receiving Party in this action to

23  disobey a lawful directive from another court.

24  9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

25         LITIGATION

26         (a) The terms of this Order are applicable to information produced by a Non-Party in this

27  action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

28  connection with this litigation is protected by the remedies and relief provided by this Order.

1   Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional

2   protections.

3   　　　　(b) In the event that a Party is required, by a valid discovery request, to produce a Non-

4   Party's confidential information in its possession, and the Party is subject to an agreement with the

5   Non-Party not to produce the Non-Party's confidential information, then the Party shall:

6   　　　　　(1) promptly notify in writing the Requesting Party and the Non-Party that some or all

7   of the information requested is subject to a confidentiality agreement with a Non-Party;

8   　　　　　(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in

9   this litigation, the relevant discovery request(s), and a reasonably specific description of the

10   information requested; and

11   　　　　　(3) make the information requested available for inspection by the Non-Party.

12   　　　　(c) If the Non-Party fails to object or seek a protective order from this court within 14

13   days of receiving the notice and accompanying information, the Receiving Party may produce the

14   Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

15   seeks a protective order, the Receiving Party shall not produce any information in its possession or

16   control that is subject to the confidentiality agreement with the Non-Party before a determination by

17   the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

18   seeking protection in this court of its Protected Material.

19   10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

20   　　　　If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

21   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

22   the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

23   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

24   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

25   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

26   Be Bound" that is attached hereto as Exhibit A.

27   11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

28   　　　　MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   <u>MISCELLANEOUS</u>

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each

10

Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: _____  _____
                                                            Attorney for Plaintiff


DATED: _____  _____
                                                            Attorney for Defendant


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____  _____
                                                      United States District/Magistrate Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

12