1  [counsel on next page]

2

3

4

5

6

7

8

9

10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                           OAKLAND DIVISION

14  ZOYA KOVALENKO,                      Case No. 4:22-cv-05990-HSG-TSH

15            *Plaintiff*,                **AMENDED JOINT CASE
                                          MANAGEMENT STATEMENT**
16      v.

17  KIRKLAND & ELLIS LLP, MICHAEL DE      Judge:   Hon. Haywood S. Gilliam, Jr.
    VRIES, MICHAEL W. DEVRIES, P.C.,
18  ADAM ALPER, ADAM R. ALPER, P.C.,
    AKSHAY DEORAS, AKSHAY S.
19  DEORAS, P.C., AND MARK FAHEY,

20            *Defendants*.

21

22

23

24

25

26

27

28

1   TANVIR H. RAHMAN (admitted *pro hac vice*)
    FILIPPATOS PLLC
2   199 Main Street, Suite 800
    White Plains, NY 10601
3   Tel.: 914 984 1111
    trahman@filippatoslaw.com
4
    SAMUEL M. BROWN (SBN 308558)
5   HENNIG KRAMER RUIZ & SINGH, LLP
    3600 Wilshire Blvd, Suite 1908
6   Los Angeles, CA 90010
    Tel.: +1 213 310 8301
7   Fax: +1 213 310 8302
    sam@employmentattorneyla.com
8
    *Attorneys for Plaintiff*
9

10  LYNNE C. HERMLE (SBN 99779)
    lchermle@orrick.com
11  JOSEPH C. LIBURT (SBN 155507)
    jliburt@orrick.com
12  ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
13  Menlo Park, CA 94025-1015
    Telephone:+1 650 614 7400
14  Facsimile: +1 650 614 7401

15  KATE JUVINALL (SBN 315659)
    kjuvinall@orrick.com
16  ORRICK, HERRINGTON & SUTCLIFFE LLP
    355 S. Grand Ave., Suite 2700
17  Los Angeles, CA 90071
    Telephone:+1 213 629 2020
18  Facsimile: +1 213 612 2499

19  MARK THOMPSON (admitted *pro hac vice*)
    mthompson@orrick.com
20  ORRICK, HERRINGTON & SUTCLIFFE LLP
    51 W 52nd St.
21  New York, NY 10019
    Telephone:+1 212 506 5000
22  Facsimile: +1 212 506 5151

23  *Attorneys for Defendants*

24

25

26

27

28

1    Pursuant to the Standing Order for All Judges of the Northern District of California

2    regarding Contents of Case Management Statements, this Court's Civil Standing Order, and this

3    Court's September 10, 2024 order, ECF No. 141, Plaintiff Zoya Kovalenko ("Plaintiff") and

4    Defendants Kirkland & Ellis LLP (the "Firm" or "K&E"), Michael De Vries, Michael W. De

5    Vries, P.C., Adam Alper, Adam R. Alper, P.C., Akshay Deoras, Akshay S. Deoras, P.C., and

6    Mark Fahey (collectively, the "Individual Defendants") (the Firm and the Individual Defendants

7    are collectively referred to herein as the "Defendants") hereby submit this Amended Joint Case

8    Management Statement.

9    **I.      JURISDICTION AND SERVICE**

10       This Court has subject matter jurisdiction over this action pursuant to pursuant to 28

11   U.S.C. § 1331 as Plaintiff has raised alleged violations of federal law in her Amended

12   Complaint. The Court may exercise supplemental jurisdiction over Plaintiff's related state law

13   claims pursuant to 28 U.S.C. § 1367(a). The Parties are not aware of any other issues regarding

14   personal jurisdiction or venue. All Parties have been served and have appeared.

15   **II.     FACTS**

16       **a.    Plaintiff's Statement of Facts**

17       **Plaintiff's Statement:**  Defendants hired Plaintiff in September 2020. Partners, including

18   the individual named defendants, consistently praised Plaintiff's work on a variety of matters and

19   never told Plaintiff during her employment that her work was deficient or that she was in any

20   jeopardy of being disciplined (let alone fired) for poor performance.  Plaintiff complained in

21   good faith on two separate dates regarding Defendants' unlawful employment practices, first in

22   April 2021 after experiencing and witnessing discriminatory treatment based on sex and a hostile

23   work environment leading up to and at a trial, and later in July 2021 after being subjected to

24   continued discrimination, sex-based harassment, and retaliation. Thereafter, Defendants froze

25   Plaintiff out of work without explanation. On September 28, 2021, during what was supposed to

26   be Plaintiff's first review, Plaintiff, to her shock, was told she was being summarily terminated

27   that day and would have a week to sign a severance agreement waiving any claims related to her

28   employment. The Deoras Defendants acknowledged that the firing would come as a shock to

AMENDED JOINT CASE MANAGEMENT
STATEMENT          1

Plaintiff and failed to explain the basis for this surprise termination but complimented Plaintiff on her abilities and told her that she would have a successful career in IP litigation. On October 4, 2021, Plaintiff refused to sign the severance agreement and notified Defendants of her intent to pursue legal action under federal, state and local law for unlawful employment practices. On October 11, 2021, after the initial deadline to sign the severance agreement had expired, Plaintiff first learned of the defamatory and uncorroborated "evaluations" submitted by Defendants as part of the alleged associate review process, which served as the sole and pretextual basis for Plaintiff's unlawful termination.

Plaintiff administratively exhausted her claims by filing a complaint with the California Department of Fair Employment and Housing ("DFEH") and a charge with the United States Equal Opportunity Commission. Each defendant in the instant action was named as a respondent in and timely served with both the DFEH complaint and in the EEOC charge, which both included the same 130-page attachment detailing Plaintiff's claims, including her intertwined defamation claims. Accordingly, Defendants were on notice of the forthcoming defamation claims, which are intertwined with her discrimination, retaliation, and harassment claims.

### b. Defendants' Statement of Facts

Plaintiff was employed by the Firm for less than a year, during which time her performance and the quality of her work product were well below the standards that the Firm expects of its associates. Plaintiff's poor performance was observed and documented in evaluations by multiple partners. For this reason, following the Firm's 2021 associate review process, Plaintiff received a five (5), the lowest possible rating. Consistent with her receipt of a (5) rating following the associate review process, the Firm elected to part ways with Plaintiff and offered her a severance package, which she refused. Only then did Plaintiff first complain of discrimination and unfair treatment, and this lawsuit followed.

Although Plaintiff now describes her work product as consistently outstanding, during her time at the firm Plaintiff repeatedly acknowledged her poor work product and failures to provide work product in a timely manner, made various excuses for these problems, and stated that she would do better in the future. But these apologies did not resolve her performance issues.

1   Plaintiff was not discriminated against in any way, nor was she retaliated against. Indeed,

2   Plaintiff did not complain of discrimination or otherwise engage in protected activity prior to the

3   termination decision. Additionally, Defendants did not harass Plaintiff in any way, fail to prevent

4   discrimination, intentionally cause Plaintiff emotional distress, or otherwise engage in any

5   unlawful conduct.  The Court has already dismissed certain of Plaintiffs' claims, including her

6   defamation claims, and Plaintiffs' remaining claims have no merit whatsoever.

## III.    LEGAL ISSUES

### a.    Plaintiff's Summary of Legal Issues

- Whether Defendant Kirkland & Ellis LLP ("K&E") discriminated against Plaintiff on the basis of sex in violation of Title VII, *see, e.g.*, 42 U.S.C. § 2000e-2(a), the California Fair Employment & Housing Act ("FEHA"), *see, e.g.*, Cal. Gov't Code § 12940(a), and the federal Equal Pay Act, *see, e.g.*, 29 U.S.C. § 206(d)(1).

- Whether K&E retaliated against Plaintiff for opposing/reporting/complaining of in violation of Title VII, *see, e.g.*, 42 U.S.C. § 2000e-3(a), and FEHA, *see, e.g.*, Cal. Gov't Code § 12940(h).

- Whether K&E is liable for sex harassment constituting a hostile work environment in violation of Title VII, *see, e.g.*, 42 U.S.C. § 2000e-2(a).

- Whether K&E failed to prevent discrimination, retaliation, and harassment in violation of FEHA, *see, e.g.*, Cal. Gov't Code § 12940(k)).

- Whether Defendants K&E, Michael De Vries, Michael W. DeVries, P.C., Akshay Deoras, Akshay S. Deoras, P.C., and Mark Fahey are liable for defaming Plaintiff by falsifying her performance review.

- Whether Defendants are liable for intentional infliction of emotional distress.

- Whether Defendants are liable for punitive damages.

- Whether Defendants served a legally deficient privilege log.

- Whether Defendants are impermissibly withholding relevant documents and information based on overbroad claims of privilege, work product, and confidentiality.

- Whether Defendants have taken adequate steps to preserve potentially relevant information and materials, including issuing timely, appropriate legal holds for key witnesses and other relevant custodians.

**b.  <u>Defendants' Summary of Legal Issues</u>**

Following the Court's ruling on Defendants' Motions to Dismiss, the material legal issues in dispute include:

- Whether Plaintiff can prove she was discriminated against based on her gender in violation of Title VII (42 U.S.C. § 2000e-2(a)) and the FEHA (Cal. Gov't Code § 12940(a)).

- Whether Plaintiff can prove she was retaliated against in violation of Title VII (42 U.S.C. § 2000e-3(a)) and the FEHA (Cal. Gov't Code § 12940(h)).

- Whether Plaintiff can prove she was harassed based on her gender in violation of Title VII. *Meritor Savings Bank, FSB v. Vinson*, 477 U. S. 57, 66-67 (1986).

- Whether Plaintiff can prove the Firm failed to prevent discrimination in violation of the FEHA (Cal. Gov't Code § 12940(k)).

- Whether Plaintiff can prove intentional infliction of emotional distress. *Cole v. Fair Oaks Fire Prot. Dist*., 43 Cal.3d 148, 155 n.7 (1987); *Cohen v. Chau*, No. 219CV03936RGKASX, 2019 WL 6655392, at *6 (C.D. Cal. July 23, 2019).

- Whether Plaintiff, given her status as a former employee, has standing to seek injunctive relief, and can prove she is entitled to injunctive relief (*Guerra v. United Nat. Foods, Inc.*, No. 19-CV-01684-BLF, 2019 WL 13203781, at *14 (N.D. Cal. Nov. 8, 2019)).

- Whether Plaintiffs' meritless claims are barred for other reasons, including but not limited to:
  - Whether FEHA applies extraterritorially to Plaintiff, who never worked in California.
  - Whether Plaintiff's claims are barred by her unclean hands and after-acquired evidence, including her illegal recording of communications with K&E partners and employees in violation of the California Penal Code.

- Whether Plaintiff is entitled to any of the relief she requested in the Amended Complaint, including compensatory and punitive damages, equitable relief, costs, and attorneys' fees.

1

**IV.     MOTIONS**

2      • On November 23, 2022, the Firm filed an Administrative Motion to Redact. ECF No. 16. On

3          December 16, 2022, the Court denied the Firm's Motion without prejudice. ECF No. 23. On

4          December 23, the Firm filed a Renewed Motion to Redact, which the Court granted in part

5          and denied in part on August 23, 2023. ECF No. 92.

6      • On December 16, 2022, the Firm filed a Motion to Dismiss, and the remaining Individual

7          Defendants each filed a Motion to Dismiss on December 19, 2022. ECF Nos. 24, 30-31, 34-

8          36. Defendants also filed a joint Request for Judicial Notice and Motion to Strike on

9          December 19, 2022, and the Firm filed an Anti-SLAPP Motion on December 19, 2022. ECF

10         Nos. 29, 37-38.

11     • On August 23, 2023, the Court denied in part and granted in part Defendants' Motions to

12         Dismiss, denied the Firm's Anti-SLAPP Motion, and denied Defendants' Motions to Strike.

13         ECF No. 92.

14     • On September 28, 2023, Defendants filed a Motion for Leave to File a Motion for

15         Reconsideration as to parts of the Court's August 23 order. ECF No. 98. The Court denied

16         Defendants' Motion on September 10, 2024. ECF No. 140.

17     • On December 20, 2023, Plaintiff filed a Motion to Quash the Firm's subpoenas to Plaintiff's

18         former employers and for a Protective Order. On February 16, 2024, Magistrate Judge

19         Hixson granted Plaintiff's Motion to Quash Defendant's subpoenas and for a Protective

20         Order. ECF No. 128.

21     • On March 1, 2024, Defendants filed a Motion for Relief from the Non-Dispositive Pretrial

22         Order of Magistrate Judge Hixson dated February 16, 2024, ECF No. 133, which the Court

23         denied on September 10, 2024. ECF No. 140.

24     • Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint on October 18, 2023.

25         ECF No. 101. On September 10, 2024, the Court granted in part and denied in part

26         Defendants' Motion, resulting in the dismissal of Plaintiff's defamation claim as to all

27         Defendants. ECF No. 140. After both Motions to Dismiss, there remain 8 out of 12 original

28         claims against the Firm, and there remains 1 out of 12 original claims against each Individual

Defendant (other than former defendant Leslie Schmidt, who has been dismissed entirely). ECF No. 140.

Plaintiff intends to file forthcoming motions: (i) for leave to file a motion for limited reconsideration of the September 10, 2024, order, Dkt. No. 140 (the "Order") as to its ruling on equitable tolling of the statute of limitations for Plaintiff's defamation claims, *see* Civil L.R. 7-9 & Fed. R. Civ. P. 56(b); (ii) to amend the amended complaint to add facts supporting equitable tolling of the statute of limitations for Plaintiff's defamation claims, *see* Fed. R. Civ. P. 15(a)(2); and (iii) to strike Defendants' answer, *see, e.g.*, Fed. R. Civ. P. 12(f) & Fed. R. Civ. P. 15(a)(3); *see also, e.g.*, Fed. R. Civ. P. 12(g), (h) & (b).

In addition, Plaintiff anticipates needing to file discovery motions addressing the following issues:

(1) Defendants' refusal to produce documents and files in original, native format with original, native metadata intact in response to Plaintiff's discovery requests and General Order No. 71, despite Plaintiff explicitly requesting natives/metadata since prior to the beginning of discovery;

(2) Defendants' deficient privilege log, which withholds thousands of documents based on boilerplate and conclusory assertions of privilege and work product;

(3) Motions to compel Defendants to produce relevant information and documents requested in Plaintiff's first set of requests for production;

(4) Motion requiring Defendants to produce information to demonstrate issuance and enforcement of effective and appropriate legal hold notice(s) and potentially a motion related to failure to preserve material information.

(5) Additional motions as appropriate, including those related to discovery, summary judgment, and motions *in limine*.

Defendants anticipate that they will file Motions for Summary Judgment and/or Partial Summary Judgment. Defendants may also file discovery motions as necessary.

1    **V.    AMENDMENT OF PLEADINGS**

2        **Plaintiff's Position:** Plaintiff has amended her complaint once to remove minimal

3    information and has not sought an opportunity to amend her complaint to augment existing

4    claims or add new claims.  *E.g.*, Order (Aug. 23, 2023) at 27, Dkt. No. 92 ("Plaintiff shall file an

5    amended complaint that omits the street addresses of the individual Defendants."); Am. Compl.,

6    Dkt. No. 94.  To the extent necessary, Plaintiff anticipates filing a motion for leave to amend the

7    complaint to include allegations supporting the application of equitable tolling to her defamation

8    claims, including allegations that Plaintiff's administrative complaint/charge informed

9    Defendants of Plaintiff's related defamation claims arising from the same set of facts detailed in

10   her administrative actions.  In the first (and only other) joint case management statement,

11   "Defendants propose[d] a deadline for amending the pleadings as . . . three (3) months after

12   Defendants' Answer to the then-operative complaint."  Joint Case Management Statement. Dkt.

13   No. 81 at 6–7 (ECF PDF pgs. 7–8).  Defendants did not file an answer to the complaint, Dkt. No.

14   1.  Defendants filed an answer only to the Amended Complaint.  Dkt. No. 94 (Sept. 24, 2024).

15       **Defendants' Position:**

16       Defendants filed their Answer to the Amended Complaint on September 24, 2024.

17   Consequently, any further amendments to the Complaint require leave of Court, and Plaintiff has

18   no basis to move for reconsideration or to amend the complaint as set forth above.

19   **VI.    EVIDENCE PRESERVATION**

20       The Parties certify that they have reviewed the Guidelines Relating to the Discovery of

21   Electronically Stored Information.

22       **Plaintiff's Position:**  Plaintiff disagrees that the parties have met and conferred pursuant

23   to Rule 26(f) regarding the reasonable and proportionate steps taken to preserve evidence

24   relevant to the issues reasonably evident in this action.  When Plaintiff and Defendants' counsel

25   met on March 16, 2023, Plaintiff inquired as to when Defendants put into place litigation holds.

26   Defendants' counsel stated that they did not know but would look into it and get back to Plaintiff

27   regarding the same.  Thereafter, Defendants' counsel reverted with the view that Plaintiff's

28   inquiry was improper.  Plaintiff informed Defendants that such inquiry was proper in light of the

     standing order, ESI guidelines and checklist cited therein, and relevant case law.  Accordingly,

1    Plaintiff's position is that Defendants have not conferred with Plaintiff regarding reasonable and
2    proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this
3    action.
4        **Defendants' Position:** The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f)
5    regarding the reasonable and proportionate steps taken to preserve evidence relevant to the issues
6    reasonably evident in this action. The Parties discussed preservation issues during their Rule
7    26(f) meet and confer.  As Kirkland has confirmed for Plaintiff repeatedly, it timely issued
8    appropriate litigation holds.  Plaintiff's inquiries about the details of Kirkland's litigation holds at
9    this point in the litigation is improper and seeks entirely irrelevant "discovery on discovery."
10   *Uschold v. Carriage Servs., Inc.*, No. 17CV04424JSWEDL, 2019 WL 8298261, at *4 (N.D. Cal.
11   Jan. 22, 2019.

## VII.    DISCLOSURES

13       This case is subject to the Initial Discovery Protocols for Employment Cases Alleging
14   Adverse Action detailed in General Order No. 71. On March 30, 2023, the parties exchanged
15   their initial disclosures pursuant to General Order No. 71. On March 30, 2023, Defendants
16   produced non-confidential documents and information described in the Initial Discovery
17   Protocols and will produce confidential documents upon the entry of a protective order regarding
18   confidential information. On March 31, 2023, Plaintiff also produced documents and information
19   pursuant to General Order No. 71. As per General Order No. 71, this exchange supersedes the
20   Parties' obligations to provide initial disclosures pursuant to Federal Rule of Civil Procedure
21   26(a)(1).

## VIII.   DISCOVERY

### a.   **Plaintiff's Position**

24       Plaintiff has made multiple robust productions, including thousands of pages of
25   documents in response to K&E's RFPs.  On or about April 20, 2024, Plaintiff propounded her
26   first request for production to all Defendants ("RFPs").  Defendants propounded responses
27   thereto and a document production on or about June 19, 2024.  The only documents produced by
28   Defendants in response to the RFPs (KE 417–900) are extremely duplicative and extraneous

documents relating primarily to administrative matters that have no bearing on the outcome of this case.  Defendants also disregarded Plaintiff's explicit instructions that "ESI is to be produced in native (i.e., original) format(s) with all original metadata intact.  Fed. R. Civ. P. 34(b)(1)(C); *see also* Fed. R. Civ. P. 34(a)(1)(A)."  Plaintiff maintains that Defendants have a clear obligation to produce natives and original metadata, which is supported by case law provided to Defendants.  Plaintiff anticipates needing to file a joint discovery dispute letter and/or a motion to compel to obtain the requested discovery (natives and original metadata). Plaintiff anticipates propounding additional document requests as discovery progresses, in addition to interrogatories and requests for admissions.  Plaintiff intends to depose each Defendant (including Leslie Schmidt and Leslie M. Schmidt, P.C., who were dismissed for lack of personal jurisdiction) and reserves the right to notice any additional depositions.  Plaintiff intends to subpoena testimony and documents, information, or objects from a partner with whom Plaintiff worked closely on Alper, De Vries, Deoras and Schmidt Defendants' cases at K&E and who is referred to as "Non-Share Partner Y" throughout the Complaint, Dkt. No. 1, & Amended Complaint, Dkt. No. 94. Plaintiff reserves the right to seek additional discovery from third parties with relevant information, as the case proceeds.

Before serving a single written discovery request on Plaintiff, K&E issued multiple subpoenas to Plaintiff's prior law-firm employers, seeking extensive sensitive, personal, and irrelevant information.  Plaintiff moved to quash and for a protective order, which this Court granted in full.

In June 2024, Plaintiff sent Defendants a letter detailing the numerous deficiencies with their privilege log, including, among other things, the use of vague and boilerplate descriptions for every document, withholding communications with non-attorneys, missing entries, and withholding aggregated documents/information as a single entry.  Defendants have yet to provide a response to this letter, and Plaintiff anticipates bringing this issue before the Court in a joint discovery dispute letter.

Plaintiff anticipates that discovery will be needed on the following subjects.

• Communications and related records concerning Plaintiff's hire, compensation,

performance, and termination.

- Communications, records, and other documents concerning K&E and co-Defendants' authority and control over Plaintiff's employment and the interplay between K&E and co-Defendants' operations.

- Communications between or among Plaintiff, male comparators, and other colleagues during her employment.

- Employment perks and benefits provided to male comparators, including with respect to travel and time off.

- Billing statements and records concerning Plaintiff and/or male comparators.

- Communications, discussions, records, and documents, including metadata, concerning preparation, receipt, review, consideration, discussion, approval, and dissemination of and/or ultimate decision to terminate Plaintiff by Defendants and any of their officers, agents, employees, or contractors.

- Publication of the defamatory "evaluations" in the "review" "Summary" to Defendants and any of their officers, agents, employees, contractors, or any third parties.

- Defendants' purported investigation into Plaintiff's legal claims following her termination.

- Defendants' preservation of relevant evidence.

Plaintiff proposes a discovery cutoff of October 1, 2025.

  **b.  <u>Defendants' Position</u>**

   To date, the parties have engaged in some written discovery. On August 8, 2023, the Firm served on Plaintiff its first set of Requests for Production of Documents ("RFP") and Interrogatories ("ROG"). The Firm granted Plaintiff two extensions to respond totaling 60 days, and, on November 8, 2023, Plaintiff served her responses to the Firm's discovery requests, which consisted only of written objections and no responsive documents. Following several meet and confers between the parties, Plaintiff produced some self-selected documents on March 5 and 6, 2024. Plaintiff maintained that the Firm's remaining discovery requests were premature given

1    that Defendants' Motions to Dismiss were then pending before the Court. Substantial discovery

2    from Plaintiff is outstanding.

3         The parties could not reach an agreement regarding a protective order because Plaintiff

4    refused to agree to standard language related to Federal Rule of Evidence 502(d)—important

5    here given that certain discovery is privileged information regarding the Firm's clients. As a

6    result, the parties filed a joint discovery letter with Judge Hixson on June 25, 2024, in which the

7    Firm, in addition to asking for an appropriate protective order governing discovery, asked the

8    Court to compel Plaintiff to produce certain documents and confirm production is complete,

9    amend her RFP responses, amend her ROG responses to, among other things, identify the

10   individuals that she mentions by pseudonym but has refused to identify in response to

11   Defendants' discovery requests, and confirm that a diligent search for documents has occurred.

12   The parties appeared for a hearing on the discovery letter before Judge Hixson on October 2,

13   2024 at 10:00 a.m. Judge Hixson agreed with Defendants that the 502(d) language is appropriate,

14   and will sign and enter Defendants' proposed protective order. Judge Hixson further ordered

15   Plaintiff to amend her discovery responses by October 28, 2024. If Plaintiff's amended responses

16   and any subsequent document production do not resolve the discovery disputes, the parties will

17   appear for another hearing before Judge Hixson on November 6, 2024 at 2:00 pm.

18        On April 20, 2024, Plaintiff served on Defendants a single set of Requests for Production

19   of Documents. Defendants provided responses to Plaintiff's RFPs on behalf of each Defendant

20   on June 19, 2024.

21        In addition to the written discovery already propounded, depending on what Plaintiff

22   ultimately produced in response to the pending requests, Defendants may propound additional

23   written discovery, including interrogatories, requests for production, and requests for admission.

24   Defendants also intend to notice Plaintiff's deposition and reserve the right to notice any

25   additional depositions.

26        Defendants anticipate that discovery will be needed on the following subjects:

27   • Plaintiff's records of her communications with Defendants regarding her hire,

28     compensation, performance, and termination;

- Plaintiff's alleged protected complaints and alleged retaliation by Defendants;
- Plaintiff's efforts to mitigate her damages;
- Plaintiff's communications with others regarding her employment with the Firm, including her hire, compensation, performance, and termination;
- Plaintiff's claims for emotional distress; and
- Plaintiff's prior and any subsequent employment, including her performance with and termination from prior and any subsequent employers.

Defendants propose a deadline for the cut-off for discovery of May 12, 2025.

The Parties do not propose that discovery be completed in phases. The Parties do not anticipate any proposed limitations or modifications of the discovery rules at this time.

## IX.    CLASS ACTIONS

This is not a class action.

## X.    RELATED CASES

There are no related cases or proceedings pending before another judge of this Court or before another court or administrative body.

## XI.    RELIEF

### a.    **<u>Plaintiff's Position</u>**

Plaintiff seeks all relief and remedies available under all applicable law, including, without limitation, under Title VII, FEHA, the federal Equal Pay Act, Fair Labor Standard Act, other applicable statutes, and common law.  Such relief includes, without limitation, a judgment that K&E is liable for discriminating against Plaintiff on the basis of sex, including with respect to pay and Plaintiff's unlawful termination in violation of Title VII, the Equal Pay Act, the Fair Labor Standards Act, and FEHA; that K&E is liable for retaliating against Plaintiff and unlawfully terminating her in violation of Title VII and FEHA; that K&E is liable for sex-based harassment constituting a hostile work environment in violation of Title VII; that K&E is liable for failure to prevent harassment, discrimination, and retaliation in violation of FEHA; that all Defendants are liable for intentional infliction of emotional distress; and that Defendants K&E, Michael De Vries, Michael W. DeVries, P.C., Akshay Deoras, Akshay S. Deoras, P.C., and

1   Mark Fahey are liable for defamation.  Such relief includes, without limitation, economic,

2   compensatory, liquidated, and punitive damages from Defendants in amounts to be determined at

3   trial, all equitable relief, including injunctive relief, to the fullest extent allowed by law,

4   including, without limitation, permanent injunction(s) against Defendants from engaging in the

5   unlawful practices described in the Amended Complaint, reinstatement, or front pay in lieu of

6   reinstatement, back pay, lost benefits, recovery of penalties, and other lost compensation and

7   compensation for harm to reputation and lost future income and lost future earning potential, an

8   imposition of penalties available under applicable laws, litigation costs and expenses, including

9   reasonable attorneys' fees and costs, pre-judgment and post-judgment interest, and any such

10   other and further relief as the Court may deem just and proper. *See, e.g.*, 42 U.S.C. § 2000e-5; 42

11   U.S.C. § 1981a; Cal. Gov't Code §§ 12900 *et. seq.* including, without limitation, § 12965(b);

12   Am. Compl. ¶¶ Dkt. No. 94.

13          **b.  Defendants' Position**

14         Defendants deny that Plaintiff is entitled to the requested relief, or any relief at all.

15   **XII.   SETTLEMENT AND ADR**

16         Pursuant to this Court's Standing Civil Order, the Parties have complied with L.R. 16-

17   8(c) and ADR L.R. 3-5. The parties have agreed to privately mediate and upon a mediator in

18   principle and are working on agreeing on a date, though this mediator may not have availability

19   within the presumptive 90-day deadline to complete ADR that is anticipated in the ADR Form

20   submitted at Dkt. No. 145.  Alternatively, Defendants are willing to have a settlement conference

21   with an experienced Magistrate Judge, either Judge Laurel Beeler or Judge Peter H. Kane.

22   Plaintiff disagrees that a settlement conference is an appropriate ADR to pursue at this time.

23   **XIII.   OTHER REFERENCES**

24         This case is not suitable for reference to binding arbitration, a special master, or the

25   Judicial Panel on Multidistrict Litigation.

26   **XIV.   NARROWING OF ISSUES**

27         At this time, other than via the motions detailed above, the Parties have identified no

28   issues that can be narrowed by agreement or by motion and have no suggestions to expedite the

1   presentation of evidence at trial (e.g., through summaries or stipulated facts). At this time, the

2   Parties are not requesting to bifurcate issues, claims, or defenses.

3   **XV.    EXPEDITED SCHEDULE**

4          The Parties do not believe this case is appropriate for handling on an expedited basis with

5   streamlined procedures.

6   **XVI.    SCHEDULING**

7          <u>**Plaintiff's Position**</u>:  Plaintiff believes approximately 12 months is a reasonable amount

8   of time to complete discovery for several reasons.  First, there are a significant number of

9   defendants (eight) and causes of action (nine) in this case.  Moreover, the case has been

10   contentious and briefing-heavy since its inception due to the myriad legal issues in dispute and,

11   in Plaintiff's view, Defendants' wasteful and scorched-earth litigation tactics, making further

12   motion practice as this case moved forward all but inevitable.  Defendants have indicated an

13   intent to apply objections based on, in Plaintiff's view, overbroad applications of privilege,

14   work-product, and confidentiality, which we anticipate will stymie discovery and cause the

15   withholding of large swaths of relevant documents in the custody and control of Defendants.  As

16   such, it is likely that Plaintiff will have to mount challenges to Defendants' efforts to withhold

17   discovery before she is able to obtain sufficient documentation to be able to conduct depositions

18   of relevant defense witnesses.  Plaintiff has only served one set of requests for production and

19   will require time to prepare interrogatories and requests for admission. Given the negligible

20   responsive documents and information provided by Defendants to date and their entrenched

21   views on not producing responsive discovery, Plaintiff may very well need to subpoena third

22   parties for relevant information.

23          **Defendants' Position**:  Plaintiff's inflammatory rhetoric above is inaccurate, improper,

24   and not productive to the non-controversial goal of this Section, which is for the Parties to agree

25   on a case schedule. Plaintiff's comment about "wasteful and scorched earth litigation tactics"

26   apparently refers to Defendants successfully moving to dismiss the vast majority of the frivolous

27   claims Plaintiff has asserted in this case. And as discussed above, Plaintiff's allegations that

28   Defendants have "entrenched views on not producing responsive discovery" is entirely false and

ignores that the **only** reason Defendants have not yet produced responsive confidential documents is because Plaintiff refuses to acknowledge that her job as an attorney involved privileged documents (including client-privileged documents), and thus Plaintiff has refused to include appropriate FRE 502(d) language in the protective order. Judge Hixson agreed with Defendants and will issue a protective order with the 502(d) language.

The Parties propose the following schedule:

| Event | Plaintiff's Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Designation of Experts | July 15, 2025 | March 10, 2025 |
| Designation of Rebuttal Experts | August 15, 2025 | April 10, 2025 |
| Discovery Cut-Off (Including Experts) | October 1, 2025 | May 12, 2025 |
| Dispositive and *Daubert* Motion Hearing Deadline | October 21, 2025 | August 11, 2025 |
| Pre-Trial Conference | January 21, 2026 | November 10, 2025 |
| Trial | February 21, 2026 | Beginning December 10, 2025 |

## XVII.  TRIAL

If this case survives summary judgment, it would be tried by a jury. The Parties estimate that a trial would take five to seven full-days or 10 to 14 half-days.

## XVIII.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Each Party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. ECF Nos. 5, 18, 42. There have been no changes since the parties filed the certifications.

Plaintiff represents that, other than the named Parties and, on information and belief, Attorneys' Liability Assurance Society, there are no persons, firms, partnerships, corporations (including parent corporations), or other entities known by Plaintiff to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendants represent that other than the named Parties, there are no persons, firms, partnerships, corporations (including parent corporations) or other entities known by Defendants

to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

## XIX.  PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: October 2, 2024

TANVIR RAHMAN

Filippatos PLLC

By: _____ /s/ Tanvir Rahman _____
                        TANVIR RAHMAN
                        Attorney for Plaintiff
                        ZOYA KOVALENKO

Dated: October 2, 2024

LYNNE C. HERMLE
JOSEPH C. LIBURT
KATE JUVINALL
MARK THOMPSON

Orrick, Herrington & Sutcliffe LLP

By: _____ /s/ Joseph C. Liburt _____
                        JOSEPH C. LIBURT
                        Attorneys for Defendant
                        KIRKLAND & ELLIS LLP

## <u>CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION</u>

Per L.R. 5-1(i)(3), I attest the other signatory has concurred in the filing of this document.

Dated: October 2, 2024                    /s/  Joseph C. Liburt _____
                                        Joseph C. Liburt