1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  JOSEPH C. LIBURT (STATE BAR NO. 155507)
   jliburt@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025-1015
   Telephone:+1 650 614 7400
5  Facsimile: +1 650 614 7401

6  KATE JUVINALL (STATE BAR NO. 315659)
   kjuvinall@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   355 S. Grand Ave., Suite 2700
8  Los Angeles, CA 90071
   Telephone:+1 213 629 2020
9  Facsimile: +1 213 612 2499

10 MARK THOMPSON (Admitted *pro hac vice*)
   mthompson@orrick.com
11 ORRICK, HERRINGTON & SUTCLIFFE LLP
   51 W 52nd St.
12 New York, NY 10019
   Telephone:+1 212 506 5000
13 Facsimile: +1 212 506 5151

14 Attorneys for Defendants KIRKLAND & ELLIS
    LLP, MICHAEL DE VRIES, MICHAEL W.
15 DE VRIES, P.C., ADAM ALPER, ADAM R.
   ALPER, P.C., AKSHAY DEORAS, AKSHAY
16 S. DEORAS, P.C., AND MARK FAHEY

17

                    UNITED STATES DISTRICT COURT

18

                  NORTHERN DISTRICT OF CALIFORNIA

19

                         OAKLAND DIVISION

20

21 ZOYA KOVALENKO,                          Case No. 4:22-cv-05990-HSG-TSH

22         Plaintiff,                       **DEFENDANTS' OPPOSITION TO
                                            PLAINTIFF'S MOTION TO CHANGE
23      v.                                  TIME TO MOVE TO STRIKE ANSWER,
                                            DKT NO. 142**
24 KIRKLAND & ELLIS LLP, MICHAEL DE
   VRIES, MICHAEL W. DEVRIES, P.C.,         [Civil Local Rules 6-1 & 6-3]
25 ADAM ALPER, ADAM R. ALPER, P.C.,
   AKSHAY DEORAS, AKSHAY S.
26 DEORAS, P.C., AND MARK FAHEY,            Judge:   Honorable Haywood S. Gilliam, Jr.

27         Defendants.

28

Under Civil Local Rule 6.3(b), Defendants Kirkland & Ellis LLP ("K&E"), Michael de Vries, Michael W. De Vries P.C., Adam Alper, Adam R. Alper P.C., Akshay Deoras, Akshay S. Deoras P.C., and Mark Fahey ("Defendants") oppose Plaintiff's request for a 30-day extension to file an unidentified motion to strike, which would change the deadline from October 15, 2024 to November 14, 2024.

*First*, Plaintiff did not comply with this Court's Rules that required Plaintiff to meet and confer in good faith with Defendants about the basis of the proposed motion to strike. The Guidelines for Professional Conduct in the Northern District ("Guidelines") state that "[b]efore filing a motion, a lawyer should engage in a good faith effort to resolve the issue." *See* Rule 10, https://www.cand.uscourts.gov/forms/guidelines-for-professional-conduct/. Further, Civil Local Rule 6.3(a)(2) requires parties seeking an extension to first make a good faith effort to obtain a stipulation before filing a motion for an extension of time. Plaintiff did neither.

Instead, when Plaintiff requested a 30-day extension without providing any specifics, Defendants reasonably asked the basis for any such motion, and (seeking to avoid unnecessary motion practice) explicitly offered to amend the Answer if Plaintiff could identify anything defective:

> What is the basis of the motion to strike the Answer? I'd like to see if there is something we can work out without motions. If there is something plainly defective, we can amend.

> Otherwise, while it is our practice to agree to reasonable extensions, and we have done and will continue to do so, we're concerned about Judge Gilliam's statement in his Sept. 16 Order that "The parties should be prepared to discuss how to move this case forward expeditiously." Given his views, we believe that this motion be decided as promptly as possible (if Defendants do not amend).

Declaration of Joseph C. Liburt in Support of Opposition ("Liburt Decl."), ¶3, Ex. A at 3. In response to Defendants' attempt to meet and confer in good faith, Plaintiff refused to provide any basis whatsoever for the motion, stating:

> We intend to move to strike under Federal Rule of Civil Procedure 12(f). And there may be other bases, *but we are not in a position to tell you our specific arguments to challenge the Answer to the Amended Complaint. . . . If there are deficiencies with your answer, it is not our job to help you cure them*.

Liburt Decl., ¶3, Ex. A at 2 (emphasis added). Defendants tried again, asking Plaintiff to identify

1    any basis for the motion she apparently would like to file in 30 days, and citing the Guidelines'

2    requirement to engage in a good faith attempt to resolve the issue:

> In requesting the basis of your motion, we are attempting to comply with Judge Gilliam's statement in his Sept. 16 Order that: "The parties should be prepared to discuss how to move this case forward expeditiously." If you provide the specific bases for your motion, we may be able to amend our answer to satisfy your concerns and avoid motion practice, which would spare the parties and the Court the time and expense associated with same. We do not believe an extension of time to file the motion, which would further delay these proceedings and may delay the closing of the pleadings, is appropriate here in light of Judge's Gilliam's statement and particularly since this motion could potentially be avoided altogether.

> We hope that you reconsider your position, especially considering the Guidelines for Professional Conduct in the Northern District of California, which, as you know, were required to be reviewed by the parties prior to the CMC, which provide that "[b]efore filing a motion, a lawyer should engage in a good faith effort to resolve the issue." https://www.cand.uscourts.gov/forms/guidelines-for-professional-conduct/

12   Liburt Decl., ¶3, Ex. A at 1-2. Ignoring the rules, Plaintiff insisted she did not have to disclose the

13   basis for her motion:

> ***[w]e have no obligation to tell you all or any of the bases we intend to move upon.*** It's unfortunate that it looks like we will need to be engaging in motion practice over a request for an extension - that I consent to for adversaries as a reflexive courtesy - at the same time we are preparing for mediation.

17   *Id.* (emphasis added). A few hours later, Plaintiff filed the instant Motion.

18          Plaintiff's refusal to engage in any meaningful discussion about the basis of her motion

19   violated the Guidelines. Plaintiff apparently intends to file a motion without knowing if it could

20   have been avoided. Plaintiff's refusal to meet and confer in good faith should not be rewarded

21   with a 30-day extension of time.

22          **Second**, Plaintiff's only basis for the extension is Plaintiff's counsel's "competing

23   obligations" in this case and others. Dkt. 154 at 2. These "competing obligations" include

24   preparing for the October 2, 2024 discovery conference before Magistrate Judge Hixson and the

25   October 8, 2024 case management conference, amending Plaintiff's improper discovery

26   responses by October 28, 2024, and preparing a limited motion for reconsideration of this Court's

27   September 10, 2024 Order regarding Defendants' Motion to Dismiss. *Id.* None of these items

28   warrant relief, but in any event could potentially have been avoided if Plaintiff had properly met

1    and conferred about her alleged (and to date completely unidentified) issues with Defendants'

2    Answer.

3        **Third**, Plaintiff has not provided this Court with any facts that allow Plaintiff to represent

4    that a 30-day extension will "have no effect on the schedule for this case." Dkt. 154 at 3. Plaintiff

5    has refused to provide Defendants and the Court with any specifics as to what she intends to

6    move to strike, or why. Plaintiff's delayed motion to strike will likely result in the parties arguing

7    about Defendants' eminently straightforward Answer. This Court has already stated its view that

8    motions to strike are "regarded with disfavor because they are often used as delaying tactics and

9    because of the limited importance of pleadings." Dkt. 92 at 7. It appears Plaintiff is trying to

10   avoid litigating the merit (more specifically, the complete lack of merit) of her claims precisely

11   at the time that the parties should be focusing on discovery to move this case forward.

12       For all of the reasons detailed above, Plaintiff's motion to change time to move to strike

13   Defendants' Answer should be denied.

14       In the alternative, if the Court grants Plaintiff's motion and continues her deadline from

15   October 15, 2024 to November 14, 2024, Defendants request that the Court extend its response

16   deadline from November 29 (the day after Thanksgiving) to December 9, 2024.

17

18                                    By:   /s/ Joseph C. Liburt

19                                          Joseph C. Liburt
                                            Attorneys for Defendants
20                                          KIRKLAND & ELLIS LLP, MICHAEL
                                            DE VRIES, MICHAEL W. DE VRIES,
21                                          P.C., ADAM ALPER, ADAM R.
                                            ALPER, P.C., AKSHAY DEORAS,
22                                          AKSHAY S. DEORAS, P.C., AND
                                            MARK FAHEY

23

24

25

26

27

28