1   Zoya Kovalenko (Cal. SBN 338624)
2   13221 Oakland Hills Blvd., Apt. 206
    Germantown, MD 20874
3   678 559 4682
    zoyavk@outlook.com
4   PLAINTIFF ZOYA KOVALENKO

5

6

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11  ZOYA KOVALENKO,                          Case No. 4:22-cv-05990-HSG

12              *Plaintiff*,                 **PLAINTIFF'S MOTION TO STRIKE
                                             ANSWER AND AFFIRMATIVE
13          v.                               DEFENSES TO AMENDED
                                             COMPLAINT AND FOR DEFAULT
14  KIRKLAND & ELLIS LLP, MICHAEL DE         JUDGMENT**
    VRIES, MICHAEL W. DEVRIES, P.C.,
15  ADAM ALPER, ADAM R. ALPER, P.C.,         Re: Dkt. No. 142
    AKSHAY DEORAS, AKSHAY S.
16  DEORAS, P.C., LESLIE SCHMIDT,            Hearing noticed for Thursday, December 5,
    LESLIE M. SCHMIDT, P.C., AND MARK        2024, at 2:00 pm, in Courtroom 2 on the 4th
17  FAHEY,                                   Floor of the United States Courthouse, 1301
                                             Clay Street, Oakland, California 94612
18              *Defendants*.

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1

STATEMENT OF ISSUES TO BE DECIDED .................................................. 1

STATEMENT OF RELEVANT FACTS ............................................................ 2

ARGUMENT ........................................................................................................ 2

I.    The Court Should Strike Defendants' Answer to the Amended Complaint As
      Untimely and Enter Default Judgment in Favor of Plaintiff........................................... 2

      A.    The Court Should Strike Defendants' Answer and Affirmative Defenses As
            Untimely. ................................................................................................ 2

      B.    The Court Should Strike Defendants' Affirmative Defenses. ............................... 5

            1.    Legal Standard ........................................................................ 5

            2.    The Court Should Strike Each of Defendants' Affirmative Defenses Because
                  They Are Insufficiently Pleaded.  In Addition, the Court Should Strike the
                  First, Second, Third, Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, Fourteenth,
                  Fifteenth, Sixteenth, and Seventeenth Affirmative Defenses Without Leave
                  to Amend Because They Suffer from Incurable Defects...... ........................ 6

                  i)      First Affirmative Defense .................................................. ............ 7

                  ii)     Second Affirmative Defense.................................................... 7

                  iii)    Third Affirmative Defense.................................................... 8

                  iv)     Fourth Affirmative Defense.................................................. 9

                  v)      Fifth Affirmative Defense .................................................. 10

                  vi)     Sixth Affirmative Defense .................................................. 11

                  vii)    Seventh Affirmative Defense............................................... 12

                  viii)   Eighth Affirmative Defense ............................................... 12

                  ix)     Ninth Affirmative Defense .................................................. 14

                  x)      Tenth Affirmative Defense .................................................. 14

                  xi)     Eleventh Affirmative Defense ............................................. 15

                  xii)    "TWEVELTH" Affirmative Defense ................................. 16

xiii)  Thirteenth Affirmative Defense ............................................................ 17

xiv)  Fourteenth Affirmative Defense ......................................................... 18

xv)  Fifteenth Affirmative Defense .......................................................... 19

xvi)  Sixteenth Affirmative Defense ......................................................... 20

xvii)  Seventeenth Affirmative Defense ...................................................... 21

xviii)  "Affirmative Defenses" Statement with Reservation of Rights ......... 23

CONCLUSION ............................................................................................... 23

1

## <u>TABLE OF AUTHORITIES</u>

2 **<u>Cases</u>**                                                                                      **<u>pp.</u>**

3  *Albino v. Baca,*

4      747 F.3d 1162 (9th Cir. 2014) ................................................................. 9, 10, 21

5  *Ariosta v. Fallbrook Union High Sch. Dist.,*

6      No. 08CV2421-L(AJB), 2009 WL 1604569 (S.D. Cal. June 4, 2009) ................... 12

7  *Ashcroft v. Iqbal,*

8      556 U.S. 662 (2009) ................................................................................. 5, 6

9  *Banga v. Kanios,*

10     No. 16-CV-04270-RS, 2018 WL 11360187 (N.D. Cal. Mar. 20, 2018) ................ 9, 10, 12, 19,

11                                                                                                 20, 21

12  *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,*

13     718 F. Supp. 2d 1167 (N.D. Cal. 2010) ................................................... 7, 9, 10, 15,

14                                                                                                 17, 18, 19,

15                                                                                                 20, 21

16  *Bell Atlantic Corp. v. Twombly,*

17     550 U.S. 544 (2007) ................................................................................. 5, 6

18  *CTF Dev., Inc. v. Penta Hosp., LLC,*

19     2009 WL 3517617 (N.D. Cal. Oct. 26, 2009) ........................................... 12

20  *Coppola v. Proulx,*

21     No. 3:11-CV-00074-LRH, 2012 WL 3068792, (D. Nev. July 26, 2012) .............. 4

22  *Dodson v. CSK Auto, Inc.,*

23     No. 2:13-CV-00346-GEB-AC, 2013 WL 3942002 (E.D. Cal. July 30, 2013) ...... 9, 19, 20,

24                                                                                                 21–22

25  *Estrada v. NV 99 Cents Plus,*

26     No. EDCV211564JGBSPX, 2022 WL 2037126 (C.D. Cal. Feb. 8, 2022) ........... 15–16

27

28

*Fantasy, Inc. v. Fogerty*,

 984 F.2d 1524 (9th Cir. 1993) ............................................................. 5, 15, 16, 17

*Fantasy, Inc. v. Fogerty*,

 664 F. Supp. 1345 (N.D. Cal. 1987) ........................................................ 5

*FBC Mortg., LLC v. Skarg*,

 699 F. Supp. 3d 837 (N.D. Cal. 2023) ............................................. 6, 18, 20

*Fogerty v. Fantasy, Inc.*,

 510 U.S. 517 (1994) ........................................................................ 5, 15

*G & G Closed Cir. Events, LLC v. Nguyen*,

 No. 10-CV-00168-LHK, 2010 WL 3749284 (N.D. Cal. Sept. 23, 2010) .............. 19, 22

*General Mills, Inc. v. Kraft Foods Global, Inc.*,

 95 F.3d 1378 (Fed. Cir. 2007) .............................................................. 4

*General Mills, Inc. v. Kraft Foods Global, Inc.*,

 487 F.3d 1368 (Fed. Cir. 2007) ............................................................ 4

*Harris v. City of Santa Monica*,

 56 Cal. 4th 203 (2013) ..................................................................... 17

*Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*,

 313 F.R.D. 572 (N.D. Cal. 2016) ........................................................ 5, 22

*Hernandez v. Cnty. of Monterey*,

 306 F.R.D. 279 (N.D. Cal. 2015) ..................................................... 9, 10, 21

*Heyman v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*,

 No. 2:15-CV-01228-RFB-GWF, 2016 WL 11662274 (D. Nev. May 31, 2016).... 4, 5

*Illumina, Inc. v. BGI Genomics Co.*,

 No. 19-CV-03770-WHO, 2020 WL 571030 (N.D. Cal. Feb. 5, 2020)................. 20

*Ins. Co. of the State of Pennsylvania v. Citizens of Human. LLC*,

 No. SACV1301564JVSDFMX, 2014 WL 12689271 (C.D. Cal. Feb. 24, 2014) ... 11

*Intamin, Ltd. v. Magnetar Techs. Corp.*,

404 Fed. App'x 496 (Fed. Cir. 2010) ....................................................................... 12

*Intamin, Ltd. v. Magnetar Techs. Corp.*,

    623 F. Supp. 2d 1055, 1074 (C.D. Cal. 2009) ....................................................... 12

*J & J Sports Prods., Inc v. Bouton*,

    No. 12-CV-05762-RS, 2015 WL 12979116 (N.D. Cal. May 13, 2015) ................. 12

*J & J Sports Prods., Inc. v. Terry Trang Nguyen*,

    No. C 11-05433 JW, 2012 WL 1030067 (N.D. Cal. Mar. 22, 2012) ...................... 6, 7, 8, 9, 10,
13, 14, 15,
16, 17, 22,
23

*J & J Sports Prods., Inc. v. Catano*,

    No. 1:12-CV-00739-LJO, 2012 WL 5424677 (E.D. Cal. Nov. 6, 2012) ................ 20

*Jacobson v. Persolve*,

    No. 14-CV-00735-LHK, 2014 WL 4090809 (N.D. Cal. Aug. 19, 2014) ............... 6

*Jansen v. Travelers Com. Ins. Co.*,

    No. 16-CV-04834-JST, 2017 WL 607610 (N.D. Cal. Feb. 15, 2017) .................... 10, 11, 15,
18

*Kovalenko v. Kirkland & Ellis LLP*,

    Order Denying in Part and Granting in Part Mot. Dismiss

    (Sept. 10, 2024), Dkt. No. 140 ............................................................................... 2, 3, 19

*Kovalenko v. Kirkland & Ellis LLP*,

    Stipulation and Order to Enlarge Time to File Answer

    (Sept. 27, 2023), Dkt. No. 96 ................................................................................. 2, 3, 4 n.2,
5 n.3

*Kovalenko v. Kirkland & Ellis LLP*,

Order Denying in Part and Granting in Part Mots. Dismiss, Denying Mots.
Strike, and Denying in Part and Granting in Part Mot. Seal (Aug. 23, 2023), Dkt.
No. 92 ................................................................................................ 2, 4 nn.2–3,
10, 18–19,
20

*Light v. Dep't of Parks & Recreation*,
14 Cal. App. 5th 75 (Cal. Ct. App. 2017)................................................ 19

*LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*
No. 20-CV-07905-WHO, 2021 WL 2953237 (N.D. Cal. July 14, 2021) ............... 5, 6, 7, 8, 9,
10, 11, 13,
14, 15, 16,
17, 18, 20

*McKennon v. Nashville Banner Publ. Co.*,
513 U.S. 352 (1995) ............................................................................ 12–13

*Nat.-Immunogenics Corp. v. Newport Trial Grp.*,
No. SACV1502034JVSJCGX,
2020 WL 7263540 (C.D. Cal. Oct. 28, 2020) .......................................... 12

*Perez v. Gordon & Wong Law Grp., P.C.*,
2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) ........................................ 5, 14, 21

*Qarbon.com Inc. v. eHelp Corp.*,
315 F. Supp. 2d 1046 (N.D. Cal. 2004)................................................... 6, 7, 8, 9, 10,
13, 14, 17

*Rivera v. NIBCO*,
364 F.3d 1057 (9th Cir. 2004) .............................................................. 13

*Scott v. Fed. Bond & Collection Serv., Inc.*,
No. 10-CV-02825-LHK, 2011 WL 1768466 (N.D. Cal. Jan. 19, 2011)................. 14–15

*Tollefson v. Aurora Fin. Grp., Inc.*

No. C20-0297JLR, 2021 WL 462689 (W.D. Wash. Feb. 9, 2021) ......................... 16, 17

*United States v. Acad. Mortg. Corp.*,

   No. 16-CV-02120-EMC, 2020 WL 7056017 (N.D. Cal. Dec. 2, 2020) ................. 22

*United States v. Sharlands Terrace LLC*,

   2006 WL 8442944 (D. Nev. Dec. 5, 2006) ............................................................ 5

*United States v. Sharlands Terrace LLC*,

   No. 3:04-CV-00292-LRH (VPC),

   2006 WL 8442945 (D. Nev. Oct. 10, 2006) .......................................................... 5

*Wesch v. Yodlee, Inc.*,

   No. 20-cv-05991-SK, 2021 WL 6206642 (N.D. Cal. Dec. 6, 2021) ...................... 5, 6, 7, 8, 11,
   16, 17, 19

*XILINX, Inc. v. Altera Corp.*,

   No. C 93-20409 RMW (EAI), 1993 WL 767688 (N.D. Cal. Oct. 25, 1993) .......... 13 n.4

*Zivkovic v. S. Cal. Edison Co.*,

   302 F.3d 1080 (9th Cir. 2002) ............................................................ 6, 13, 14


**Statutes and Other Authorities**                                        **pp.**

Cal. Gov't Code § 12965(c)(3) ............................................................8

Cal. Workers' Compensation Act, Labor Code § 3200, *et seq.* ...................................18

Civil L.R. 6-2 .....................................................................3, 4 n.2,
   5 n.3

Civil L.R. 7-1(b) ...........................................................................1

Fed. R. Civ. P. 8(b)(1)........................................................................5

Fed. R. Civ. P. 9(b) ......................................................................13 n.4

Fed. R. Civ. P. 12 .......................................................................4 & n.2, 8

Fed. R. Civ. P. 12(a)(4)..................................................................4 & n.2

Fed. R. Civ. P. 12(a)(4)(A) ..............................................................4 n.2

Fed. R. Civ. P. 12(b)(3).................................................................................8

Fed. R. Civ. P. 12(b)(6).................................................................................8

Fed. R. Civ. P. 12(f).................................................................1, 6, 7, 15, 18, 20

Fed. R. Civ. P. 12(f)(2)..................................................................................2

Fed. R. Civ. P. 12(g)(2)..............................................................................1, 3

Fed. R. Civ. P. 12(h)(1).................................................................................8

Fed. R. Civ. P. 15.........................................................................................4

Fed. R. Civ. P. 15(a)..................................................................................4, 5

Fed. R. Civ. P. 15(a)(1)(A)............................................................................4

Fed. R. Civ. P. 15(a)(3)..................................................................4 n.3, 5 n.3

Fed. R. Civ. P. 55.........................................................................................1

Standing Order for Civil Cases Before

District Judge Haywood S. Gilliam, Jr. (July 9, 2024)...................................1

Title VII.................................................................................................13, 17

1    **PLAINTIFF'S MOTION TO STRIKE ANSWER AND AFFIRMATIVE DEFENSES TO**

2    **PLAINTIFF'S AMENDED COMPLAINT AND FOR DEFAULT JUDGMENT**

3             TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE

4    THAT on Thursday, December 5, 2024, at 2:00 pm, in Courtroom 2 on the 4th Floor of the United

5    States Courthouse, 1301 Clay Street, Oakland, California 94612, or as soon thereafter as counsel

6    may be heard before the Honorable Haywood S. Gilliam, Jr., Plaintiff Zoya Kovalenko will and

7    hereby does respectfully move the Court for an order striking Defendants' Answer and

8    Affirmative Defenses to Plaintiff's Amended Complaint, Dkt. No. 142, and for a default judgment

9    as to all of Plaintiff's claims.  This motion is based on this notice of motion and the memorandum

10   of points and authorities below; any other papers filed in support; any other filings in this case;

11   facts of which the Court may or must take judicial notice; and such other evidence or arguments

12   presented by Plaintiff at any hearing on this motion.  Plaintiff respectfully requests the Court

13   determine this motion without oral argument.  *See* Civil L.R. 7-1(b) & Standing Order for Civil

14   Cases Before District Judge Haywood S. Gilliam, Jr. ¶ 9 (July 9, 2024).

15            Plaintiff moves under Federal Rule of Civil Procedure 12(f) for an order striking

16   Defendants' Answer and Affirmative Defenses to Plaintiff's Amended Complaint, Dkt. No. 142,

17   in its entirety and with prejudice, and under Federal Rule of Civil Procedure 55 for a default

18   judgment in favor of Plaintiff as to all of Plaintiff's claims.

19                       **MEMORANDUM OF POINTS AND AUTHORITIES**

20                       **STATEMENT OF ISSUES TO BE DECIDED**

21            Whether the Court should strike Defendants' Answer and Affirmative Defenses to

22   Plaintiff's Amended Complaint, Dkt. No. 142 ("Answer to the FAC").

23            Whether Defendants' filing of the seventh successive Federal Rule of Civil Procedure

24   ("Rule") 12(g)(2)-violative motion tolled the time for Defendants to answer the Amended

25   Complaint, Dkt. No. 94 (the "FAC" or "Amended Complaint"), under Rule 15(a).

26            Whether the Court should enter default judgment in favor of Plaintiff due to the

27   untimeliness of and/or defects with Defendants' Answer to the FAC.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF RELEVANT FACTS

Plaintiff filed the instant action in October 2022.  Dkt. No. 1.  Defendants filed six motions to dismiss, Dkt. Nos. 24, 30, 31, 34, 35, 36, including other motions attacking the complaint, Def. Kirkland & Ellis LLP ("K&E")'s Mot. Seal Compl., Dkt. No. 16; Defs.' Req. Judicial Notice, Dkt. No. 29; Defs.' Mot. Strike, Dkt. No. 37; K&E's Anti-SLAPP Mot., Dkt. No. 38; K&E's Renewed Mot. Seal Compl., Dkt. No. 53.  Defendants did not file an answer to the Complaint, Dkt. No. 1.  *See* Dkt. Nos. 1–142.  The Court issued an order regarding most of the aforementioned motions in August 2023.  Order, Dkt. No. 92.  Plaintiff timely filed an amended complaint removing street addresses of certain defendants pursuant to the order.  FAC, Dkt. No. 94.  Defendants requested (and Plaintiff stipulated) to extend time for Defendants to <u>answer</u> the FAC by October 18, 2023, Dkt. Nos. 95 & 96, only for Defendants to instead file a *seventh* motion to dismiss, Dkt. No. 102, out of left field.  The Court ruled on the seventh motion to dismiss on September 10, 2024.  Order, Dkt. No. 140.  On September 24, 2024, nearly one year after the deadline to file the answer, Defendants filed the Answer to the FAC, Dkt. No. 142.  Federal Rule of Civil Procedure ("Rule") 12(f)(2) provides a 21-day time frame to move to strike an answer—here, that would be Tuesday, October 15, 2024.  Therefore, this motion is timely.[1]

## ARGUMENT

### I. THE COURT SHOULD STRIKE DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT AS UNTIMELY AND ENTER DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF.

#### A. The Court Should Strike Defendants' Answer and Affirmative Defenses As Untimely.

On August 23, 2023, the Court issued an order, Dkt. No. 92, on Defendants' six motions

---

[1] Plaintiff takes issue with Defendants' perversion of events leading to Plaintiff filing a motion to request an extension of time to file the instant motion.  Dkt. No. 155.  Defendants' attempt to malign Plaintiff for not following local rules or for acting in bad faith is jejune.  All Defendants had to do was agree to an extension of time.  There is no basis for Defendants to contend that Plaintiff was obligated to provide specific arguments that she intended to raise and effectively allow Defendants an opportunity to amend their Answer to cure any deficiencies.  Defendants' vociferous opposition to a reasonable request for an extension to file the instant motion can be interpreted as nothing more than a lack of confidence in their Answer.

1   to dismiss, Dkt. Nos. 24, 30, 31, 34, 35, 36, and several other losing motions attacking Plaintiff's

2   Complaint, Dkt. No. 1.   Plaintiff subsequently filed the Amended Complaint, Dkt. No. 94

3   ("Amended Complaint" or "FAC"), on September 20, 2023.   Thereafter, on September 26, 2023,

4   Defendants requested an extension of time to file "<u>the answer</u>" to the FAC, moving the deadline

5   from October 4, 2023, to October 18, 2023.   Stipulation and [Proposed] Order to Enlarge Time to

6   File Answer at 2, Dkt. No. 95 (emphasis added) ("WHEREAS, the Defendants state they require

7   an additional 14 days to prepare their answer to the FAC due to the length of the FAC."); *accord*

8   *id.* at 3 ("IT IS HEREBY STIPULATED by the Parties that the deadline for Defendants to file an

9   answer to the FAC is extended 14 days to October 18, 2023."); Decl. of Mark R. Thompson in

10  Support of Stipulation to Enlarge Time to File Answer Pursuant to Local Civil [sic] Rule 6-2 ¶¶

11  4–5, Dkt. No. 95-1 (declaring under penalty of perjury that "Defendants' current deadline to

12  respond to the FAC is October 4, 2023, 14 days from the date of filing of the FAC" and that

13  "Defendants require an additional 14 days to prepare an answer to the FAC because it is over 300

14  paragraphs and 104 pages in length").   Plaintiff agreed to this extension, and the Court entered an

15  order granting this extension of time until <u>October 18, 2023</u> to file the <u>answer</u> to the FAC.

16  Stipulation and Order to Enlarge Time to File Answer, Dkt. No. 96.

17          However, rather than filing the answer by October 18, 2023, Defendants instead chose to

18  file a seventh successive motion to dismiss raising arguments that could have been included in

19  the six prior motions to dismiss.   Defs.' Mot. Dismiss Pl.'s Am. Compl. (Oct. 18, 2023), Dkt. No.

20  102 ("Seventh Motion to Dismiss").   Defendants conceded that the facts in the complaint and

21  FAC were substantially similar.   Reply re 7th Mot. Dismiss at 3 n.6, Dkt. No. 111 ("[Plaintiff's]

22  edits to her original complaint were minimal—she admits she 'did not add new substantive matter

23  to the FAC.'   Opp. at 3.").   As a result, Defendants' Seventh Motion to Dismiss violated Rule

24  12(g)(2)—a conclusion this Court agreed with but chose to excuse.   Order Denying in Part and

25  Granting in Part Mot. Dismiss (Sept. 10, 2024) at 5, Dkt. No. 140 ("***To be clear, the Court is of***

26  ***the view that Defendants could have (and for the most part, should have) raised most, if not all,***

27  ***of these arguments in their prior extensive motions to dismiss***." (emphasis added)).   Now,

28  Defendants appear to assume that the filing of an abusive and Rule 12(g)(2)-violative motion to

dismiss attacking the FAC automatically tolls their time to file an answer to the FAC.  This is incorrect.

"Here, there is no question that Plaintiff filed an amended complaint and, as such, Rule 15—not Rule 12—applies," and it is clear that the time for responding to the original complaint has already run by almost a year.[2] *Heyman v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, No. 2:15-CV-01228-RFB-GWF, 2016 WL 11662274, at *2 (D. Nev. May 31, 2016) (quoting *Gen. Mills, Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1376 (Fed. Cir. 2007), *as clarified on denial of reh'g*, 495 F.3d 1378, 1379–81 (Fed. Cir. 2007)).  In fact, here the Defendants affirmatively state that Rule 15 governs the filing of Defendants' Answer to the FAC. Answer to FAC at 1 (stating Answer filed "[p]ursuant to Federal Rule of Civil Procedure 15(a)(1)(A)").  Accordingly, it is beyond dispute that Rule 15 applies to the timing for Defendants to file their Answer to the FAC, and consequently, Defendants' Seventh Motion to Dismiss did not toll the deadline for answering the FAC.  *Heyman*, 2016 WL 11662274, at *2; *see also Coppola v. Proulx*, No. 3:11-CV-00074-LRH, 2012 WL 3068792, at *6 (D. Nev. July 26, 2012) (rejecting argument that filing "motion to dismiss would automatically extend the time for answering" amended complaint); *Gen. Mills*, 487 F.3d at 1376 (explaining that time to answer amended complaint under Rule 15(a) is not tolled under Rule 12(a)(4) by filing motion to dismiss).  Thus, Defendants' Answer to the FAC has been filed almost one year after the October

---

[2] Plaintiff does not dispute that Defendants' filing of their initial barrage of motions attacking the original complaint tolled the time to file an answer to the original complaint under Rule 12(a)(4). Fed. R. Civ. P. 12(a)(4) ("Unless the court sets a different time, serving a motion under this rule alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action . . . ."); Dkt. Nos. 24, 30, 31, 34, 35, 36, 37 (Defendants' motions under Rule 12 to dismiss and strike the original complaint).  However, upon the Court's August 23, 2023 Order Denying in Part Motions to Dismiss and Denying Motions to Strike, Dkt. No. 92, the time to respond to the original complaint resumed, and the deadline for filing an answer to the original Complaint was 14 days thereafter, on September 6, 2023.  Fed. R. Civ. P. 12(a)(4)(A) (stating responsive pleading due within 14 days after notice of court's action on motion served under Rule 12).  Defendants never filed an answer to the original Complaint, and the extension of time was expressly limited to filing an answer to the FAC.  Stipulation and Order to Enlarge Time to File Answer [N.D. Cal. Civ. L.R. 6-2], Dkt. No. 96 at 3–4 (ordering that "deadline for Defendants to file an answer to the FAC is extended 14 days to October 18, 2023," *id.* at 3).

18, 2023 deadline to file such answer.[3]  Answer to FAC (Sept. 24, 2024), Dkt. No. 142.  As a result, the Court should strike Defendants' entire Answer to the FAC and grant default judgment in favor of Plaintiff on each of her claims.  *See Fantasy, Inc. v. Fogerty*, 664 F. Supp. 1345, 1347 (N.D. Cal. 1987) (striking answer to amended complaint because it was filed six months after deadline in violation of Rule 15(a) and "conclud[ing] that the entire answer may be stricken on this ground alone"), *aff'd*, 984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994); *United States v. Sharlands Terrace LLC*, No. 3:04-CV-00292-LRH (VPC), 2006 WL 8442945, at *4 (D. Nev. Oct. 10, 2006) (striking entire answer to amended complaint solely on grounds that answer was filed seven months late), *report and recommendation adopted*, 2006 WL 8442944 (D. Nev. Dec. 5, 2006); *Heyman*, 2016 WL 11662274, at *2 (denying defendants' motion to deny plaintiff's motions for partial default against all defendants when defendants moved to dismiss rather than answering plaintiff's amended complaint); FAC at 92–104.

### B.     The Court Should Strike Defendants' Affirmative Defenses

#### 1.     Legal Standard

Rule 8(b) requires that "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party."  Fed. R. Civ. P. 8(b)(1), *quoted with approval in LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*, No. 20-CV-07905-WHO, 2021 WL 2953237, at *2 (N.D. Cal. July 14, 2021) (granting motion to strike affirmative defenses, *id.* at *5–7).  The majority of district courts in the Ninth Circuit, including this Court, "have concluded that the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply to affirmative defenses."  *Wesch v. Yodlee, Inc.*, No.

---

[3] Under the default timing provided by the Federal Rules of Civil Procedure, Defendants' answer to the FAC was due the later of: (i) September 6, 2023, which was 14 days after the Court's August 23, 2023 Order; or (ii) October 4, 2023, which was 14 days after the September 20, 2023 service of the FAC, Dkt. No. 94.  Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").  The deadline to answer the FAC was extended to October 18, 2023, so Defendants' September 24, 2024 Answer to the FAC is untimely.  Fed. R. Civ. P. 15(a)(3); Stipulation and Order to Enlarge Time to File Answer [N.D. Cal. Civ. L.R. 6-2], Dkt. No. 96 at 3–4 (ordering that "the deadline for Defendants to file an answer to the FAC is extended 14 days to October 18, 2023," *id.* at 3); Answer to FAC (Sept. 24, 2024), Dkt. No. 142.

1    20-cv-05991-SK, 2021 WL 6206642, at *2 (N.D. Cal. Dec. 6, 2021) (citing *Hartford*

2    *Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 574 (N.D. Cal. 2016) (noting majority

3    of district courts have applied pleading standards from *Twombly* and *Iqbal* to affirmative

4    defenses) & *Jacobson v. Persolve*, No. 14-CV-00735-LHK, 2014 WL 4090809, at *5 (N.D. Cal.

5    Aug. 19, 2014) (collecting cases)).   Thus, just as "a plaintiff's complaint must allege enough

6    supporting facts to nudge a legal claim across the line separating plausibility from mere

7    possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the

8    underlying factual bases of the defense." *Wesch*, at *2 (quoting *Perez v. Gordon & Wong Law*

9    *Grp., P.C.*, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012)).

10       Rule 12(f) "allows the Court to strike from a pleading an insufficient defense or any

11   redundant, immaterial, impertinent, or scandalous matter." *LumaSense Techs.*, 2021 WL

12   2953237, at *2.  Rule 12(f) "permits a court to strike from a pleading an insufficient defense."

13   *FBC Mortg., LLC v. Skarg*, 699 F. Supp. 3d 837, 840 (N.D. Cal. 2023).  "Defenses that target a

14   deficiency of an element of the plaintiff's prima facie case are not affirmative defenses."

15   *LumaSense Techs.*, 2021 WL 2953237, at *5 (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d

16   1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden

17   of proof is not an affirmative defense.")).

18           **2.    The Court Should Strike Each of Defendants' Affirmative Defenses**

19                 **Because They Are Insufficiently Pleaded.   In Addition, the Court**

20                 **Should Strike the First, Second, Third, Fifth, Sixth, Eighth, Ninth,**

21                 **Tenth, Eleventh, Fourteenth, Fifteenth, Sixteenth, and Seventeenth**

22                 **Affirmative Defenses Without Leave to Amend Because They Suffer**

23                 **from Incurable Defects.**

24       "Affirmative defenses are governed by the same pleading standard as complaints." *J & J*

25   *Sports Prods., Inc. v. Terry Trang Nguyen*, No. C 11-05433 JW, 2012 WL 1030067, at *1 (N.D.

26   Cal. Mar. 22, 2012) (quoting *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D.

27   Cal. 2004)).   "The key to determining the sufficiency of pleading an affirmative defense is

28   whether it gives [the] plaintiff fair notice of the defense." *J & J Sports*, 2012 WL 1030067, at *1.

"A defendant's general reference to a legal doctrine—without providing factual allegations in support of the defense or setting forth the elements of the defense—does not give the plaintiff fair notice of the defense." *J & J Sports*, 2012 WL 1030067, at *1 (citing *Qarbon.com*, 315 F. Supp. 2d at 1049–50).

Here, the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, and Seventeenth Affirmative Defenses are insufficiently pleaded. Answer to FAC at 44–48. In general, each of the affirmative defenses is comprised of conclusory statements that do not satisfy pleading standards under *Twombly*, and therefore must be struck. *See Wesch*, 2021 WL 6206642, at *2. Additionally, the Court should strike the First, Second, Third, Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, Fourteenth, Fifteenth, Sixteenth, and Seventeenth Affirmative Defenses without leave to amend because they are not proper affirmative defenses and/or suffer from other incurable defects. Each affirmative defense is addressed in turn below.

### i) First Affirmative Defense

The First Affirmative Defense should be struck because it seeks to show a defect in Plaintiff's prima facie case by alleging failure to state a claim. Answer to FAC at 45 ("As a separate defense to the Complaint and each claim for relief therein, Plaintiff has failed to state facts sufficient to constitute a cognizable claim for relief."); *LumaSense*, 2021 WL 2953237, at *5–6 (granting motion to strike under Rule 12(f) without leave to amend because "[f]ailure to state a claim is not an affirmative defense" and explaining failure to state a claim "simply attempt[s] to negate portions of the prima facie case, for which [plaintiff] already bears the burden of proof at trial," (citing *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010))). "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiff's] prima facie case." *Barnes*, 718 F. Supp. 2d at 1174 ("[Defendant]'s first affirmative defense alleging [plaintiff's] failure to state a claim should be stricken."). Accordingly, the First Affirmative Defense must be struck without leave to amend.

### ii) Second Affirmative Defense

The Second Affirmative Defense is insufficiently pleaded and must be struck because

Defendants do not allege "any facts to support" the purported defense that "Plaintiff's claims rely [sic] cannot be applied extraterritorially outside California, and California is not the proper choice of law for these and any similar claims."  Answer to FAC at 45; *Wesch*, 2021 WL 6206642, at *3 (granting motion to strike affirmative defense asserting "Plaintiffs' claims are barred, in whole or in part, to the extent any allegedly wrongful conduct occurred outside of California or the application of California law to Plaintiffs or members of the putative class is otherwise improper" because Defendant "does not allege any facts to support" such defense).  Further, Defendants' Second Affirmative Defense should be struck because it improperly attacks venue, which argument Defendants have waived by not including it in one of the seven motions to dismiss.  Cal. Gov't Code § 12965(c)(3) (providing venue for FEHA actions, stating "[a]n action may be brought in any county in the state in which the unlawful practice is alleged to have been committed, in the county in which the records relevant to the practice are maintained and administered, or in the county in which the aggrieved person would have worked or would have had access to the public accommodation but for the alleged unlawful practice"); Dkt. Nos. 24, 30, 31, 34, 35, 36, 102 (seven Rule 12(b)(6) motions filed by Defendants); Fed. R. Civ. P. 12(b)(3) (stating motion asserting defense of "improper venue" must be made before pleading); Fed. R. Civ. P. 12(h)(1) (stating defense of improper venue, Fed. R. Civ. P. 12(b)(3), is waived by omitting it from its first Rule 12 motion, failing to assert it in a Rule 12 motion, or failing to include it in a responsive pleading).

### iii) Third Affirmative Defense

The Third Affirmative Defense generally and vaguely asserts that "each" of Plaintiff's claims are barred on the basis of privilege and/or attorney-work product.  Answer to FAC at 45.  However, Defendants do not identify any facts that are subject to privilege and/or work product protection or provide a basis for the conclusory assertion that privilege and/or work product precludes Plaintiff's claims.  Answer to FAC at 45.  Defendants' general reference to privilege and work-product "legal doctrine[s]–without providing factual allegations in support of the defense or setting forth the elements of the defense–does not give the plaintiff fair notice of the defense."  *J & J Sports*, 2012 WL 1030067, at *1 (striking insufficiently pleaded affirmative

1    defenses that lack supporting facts, *id.* at *2) (citing *Qarbon.com*, 315 F. Supp. 2d at 1049–50);

2    *LumaSense*, 2021 WL 2953237, at *7 (striking affirmative defenses "resembl[ing] the mere

3    recitations of legal doctrines").   Separately, the Third Affirmative Defense should be struck

4    without leave to amend because the Defendants' conclusory assertion that allegations in

5    Plaintiff's complaint and Defendants' conduct are "privileged" is not a valid affirmative defense.

6    *Dodson v. CSK Auto, Inc.*, No. 2:13-CV-00346-GEB-AC, 2013 WL 3942002, at *3 (E.D. Cal.

7    July 30, 2013) (striking affirmative defense that conduct was "privileged and/or justified").

8                          iv) Fourth Affirmative Defense

9        The Fourth Affirmative Defense is insufficiently pleaded because it fails to identify a

10   single fact supporting the legal conclusion that Plaintiff failed "to exhaust her administrative

11   remedies in a timely remedy." Answer to FAC at 45.  As such, this affirmative defense must be

12   struck as it fails to afford Plaintiff fair notice. *E.g.*, *J & J Sports*, 2012 WL 1030067, at *1 (striking

13   insufficiently pleaded affirmative defenses that lack supporting facts, *id.* at *2) (citing

14   *Qarbon.com*, 315 F. Supp. 2d at 1049–50); *LumaSense*, 2021 WL 2953237, at *7 (striking

15   affirmative defenses "resembl[ing] the mere recitations of legal doctrines"); *Barnes*, 718 F. Supp.

16   2d at 1172–74 (dismissing failure-to-exhaust affirmative defenses as insufficiently pled under

17   Rule 12(f)); *Banga v. Kanios*, No. 16-CV-04270-RS, 2018 WL 11360187, at *2 (N.D. Cal. Mar.

18   20, 2018) (striking failure-to-exhaust affirmative defense because "defendants have not alleged

19   that there was an administrative remedy available to [plaintiff], or which specific procedures were

20   not followed"); *Hernandez v. Cnty. of Monterey*, 306 F.R.D. 279, 288 & n.55, 290 (N.D. Cal.

21   2015) (striking affirmative defenses of failure to file grievance and to exhaust because defendant

22   "has not alleged that there was an administrative remedy available to Plaintiffs, or which specific

23   procedures were not followed" and "provided no facts as to what Plaintiffs must do to . . . and

24   which particular causes of action might be barred under a doctrine related to exhaustion" (citing

25   *Albino v. Baca*, 747 F.3d 1162, 1178 (9th Cir.) (en banc))).  For example, here "Defendants have

26   provided no facts as to what [Plaintiff] must do to exhaust that remedy and which particular causes

27   of action might be barred under a doctrine related to exhaustion."  *Banga*, 2018 WL 11360187,

28   at *2 (striking affirmative defense for failure to exhaust); Answer to FAC at 45.

1

v) <u>Fifth Affirmative Defense</u>

2      The Fifth Affirmative Defense is insufficiently pleaded because it fails to identify any

3   factual support for the threadbare legal conclusion that "K&E exercised reasonable care to prevent

4   and correct promptly any alleged unlawful behavior and Plaintiff failed to take advantage of

5   preventive and corrective opportunities offered by K&E and/or otherwise to avoid harm."

6   Answer to FAC at 45.  For example, Defendants do not identify a single act that K&E took to

7   allegedly prevent and correct Defendants' unlawful behavior.  Answer to FAC at 45.  Nor do

8   Defendants identify any facts regarding what "preventive and corrective opportunities" K&E

9   offered or how Plaintiff failed to take advantage of such mysterious "preventive and corrective

10  opportunities."   Answer to FAC at 45; *J & J Sports*, 2012 WL 1030067, at *1 (striking

11  insufficiently pleaded affirmative defenses that lack supporting facts, *id.* at *2) (citing

12  *Qarbon.com*, 315 F. Supp. 2d at 1049–50); *LumaSense*, 2021 WL 2953237, at *7 (striking

13  affirmative defenses "resembl[ing] the mere recitations of legal doctrines"); *Barnes*, 718 F. Supp.

14  2d at 1172–74 (dismissing failure-to-exhaust affirmative defenses as insufficiently pled under

15  Rule 12(f)); *Banga*, 2018 WL 11360187, at *2 (striking failure-to-exhaust affirmative defense

16  because "defendants have not alleged that there was an administrative remedy available to

17  [plaintiff], or which specific procedures were not followed" and stating "Defendants have

18  provided no facts as to what [plaintiff] must do to exhaust that remedy and which particular causes

19  of action might be barred under a doctrine related to exhaustion"); *Hernandez*, 306 F.R.D. at 288

20  & n.55, 290 (striking affirmative defenses of failure to file grievance and to exhaust because

21  defendant "has not alleged that there was an administrative remedy available to Plaintiffs, or

22  which specific procedures were not followed" and "provided no facts as to what Plaintiffs must

23  do to . . . and which particular causes of action might be barred under a doctrine related to

24  exhaustion" (citing *Albino*, 747 F.3d at 1178)); *see generally* Answer.  The Fifth Affirmative

25  Defense should also be struck with prejudice because it is tantamount to a "no causation"

26  argument, which is not a valid affirmative defense.  *LumaSense*, 2021 WL 2953237, at *5 (striking

27  without leave to amend no-causation affirmative defense, *id.* at *6, given "'no causation' is not a

28  proper affirmative defense because it is also directed towards an element of plaintiff's prima facie

case," *id.* at *5 (citing *Jansen v. Travelers Com. Ins. Co.*, No. 16-CV-04834-JST, 2017 WL 607610, at *3 (N.D. Cal. Feb. 15, 2017) (striking defense that defendants were not the cause of any damages because such an argument merely "allege[d] that Plaintiffs have not met their burden of proof," which is not an affirmative defense))).

vi) <u>Sixth Affirmative Defense</u>

The Sixth Affirmative Defense is insufficiently pleaded because it consists of vague and conclusory allegations that Plaintiff failed to exercise ordinary care, diligence, and skill in performing her job duties, which does not provide Plaintiff with fair notice of the purported support for this defense. Answer to FAC at 45–46. The only purported support for this defense is the conclusory claim that Plaintiff did not comply with "obligations" in "her Hiring Agreement," such as "obligations to keep firm and client confidential and use it only for work purposes." Answer to FAC at 45–46. First, Defendants do not identify what purported "Hiring Agreement" they are referring to, and further, there is no basis to allege, let alone conclude, that this undefined "Hiring Agreement" included any confidentiality obligations. Answer to FAC at 45–46; *see generally* Answer. Moreover, Defendants fail to proffer any facts explaining or showing how or why Plaintiff did not "comply with her obligations **to keep firm and client confidential and use it only for work purposes**." Answer to FAC at 46 (emphasis added). This Court has already held that facts in the Complaint, including basic information about Kirkland and client names, is not protected information. *See* Order Denying (Aug. 23, 2023) at 26, Dkt. No. 92. As such, Plaintiff is forced to speculate as to the hypothetical support for this defense, and therefore such defense must be struck. *J & J Sports*, 2012 WL 1030067, at *1 (striking insufficiently pleaded affirmative defenses that lack supporting facts, *id.* at *2) (citing *Qarbon.com*, 315 F. Supp. 2d at 1049–50); *LumaSense*, 2021 WL 2953237, at *7 (striking affirmative defenses "resembl[ing] the mere recitations of legal doctrines"). The Sixth Affirmative Defense should also be struck with prejudice because it seeks to attack a purported defect in Plaintiff's claims, i.e., that she failed to act reasonably, which is not a valid affirmative defense. *LumaSense*, 2021 WL 2953237, at *5 (striking without leave to amend no-causation affirmative defense, *id.* at *6, given "'no causation' is not a proper affirmative defense because it

1   is also directed towards an element of plaintiff's prima facie case," *id.* at *5); *see Jansen*, 2017

2   WL 607610, at *3 (N.D. Cal. Feb. 15, 2017) (striking defense that defendants were not the cause

3   of any damages because such an argument merely "allege[d] that Plaintiffs have not met their

4   burden of proof," which is not an affirmative defense).

5                          vii)   Seventh Affirmative Defense

6           The Seventh Affirmative Defense is insufficiently pleaded and must be struck because

7   Defendants do not allege "any facts to support" the purported failure to mitigate defense.  Answer

8   to FAC at 46; *Wesch v. Yodlee, Inc.*, No. 20-CV-05991-SK, 2021 WL 6206642, at *3 (N.D. Cal.

9   Dec. 6, 2021) (granting motion to strike affirmative defense asserting failure to mitigate damages

10  because Defendant "does not allege any facts to support" such defense); *Ins. Co. of the State of*

11  *Pennsylvania v. Citizens of Human. LLC*, No. SACV1301564JVSDFMX, 2014 WL 12689271,

12  at *5 (C.D. Cal. Feb. 24, 2014) (granting motion to strike affirmative defense asserting failure to

13  mitigate damages because defendant "fails to make allegations" supporting its conclusion that

14  party failed to mitigate damages or to "identify the manner in which such damages could be

15  mitigated").

16                         viii)  Eighth Affirmative Defense

17          The Eighth Affirmative Defense "to each claim" for "unclean hands, *in pari delicto* and/or

18  after-acquired evidence" is insufficiently pleaded and must be struck because Defendants only

19  offer vague and conclusory purported support for such defenses.  Answer to FAC at 46.  For

20  example, Defendants do not provide a single fact supporting the conclusion that Plaintiff "fail[ed]

21  to comply with the confidentiality and other obligations in her agreements with K&E" or identify

22  the purported "agreements with K&E" on which this defense relies.  Answer to FAC at 46.

23  Defendants also failed to explain how Plaintiff's purported agreements with K&E bear on claims

24  Plaintiff has asserted against Defendants other than K&E.  Answer to FAC at 46.  In addition,

25  Defendants false and conclusory reference to Plaintiff's "unlawful recording of communications"

26  does not provide Plaintiff with fair notice because, among other things, it does not identify the

27  legal basis for claiming Plaintiff engaged in unlawful conduct or identify the purported

28  communications referenced therein.  Answer to FAC at 46.  Thus, the Eighth Affirmative Defense

1   should be struck.  *E.g.*, *Banga v. Kanios*, 2018 WL 11360187, at *3 (N.D. Cal. Mar. 20, 2018)

2   (granting motion to strike affirmative defense asserting claims barred in whole or in part by

3   unclean hands in ADA case because the defense did not put plaintiff "on notice as to what specific

4   conduct forms the basis for the allegation of 'unclean hands'" (citing *CTF Dev., Inc. v. Penta*

5   *Hosp., LLC*, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009)); *see also Ariosta v. Fallbrook*

6   *Union High Sch. Dist.*, No. 08CV2421-L(AJB), 2009 WL 1604569, at *8–9 (S.D. Cal. June 4,

7   2009) (granting motion to strike affirmative defenses for unclean hands and after-acquired

8   evidence because, inter alia, defenses did not "indicate to which parties" such defenses are

9   "intended to apply").  Further, the Court must strike Defendants' Eighth Affirmative Defense

10  because Defendants failed to "prove that (1) the plaintiff engaged in inequitable conduct, and (2)

11  such conduct is directly related to plaintiff's claim."  *J & J Sports Prods., Inc v. Bouton*, No. 12-

12  CV-05762-RS, 2015 WL 12979116, at *2 (N.D. Cal. May 13, 2015) (striking unclean hands

13  defense) (citing *Intamin, Ltd. v. Magnetar Techs. Corp.*, 623 F. Supp. 2d 1055, 1074 (C.D. Cal.

14  2009), *aff'd*, 404 Fed. App'x 496 (Fed. Cir. 2010)).

15      Moreover, the Court should strike with prejudice the affirmative defenses of unclean

16  hands, after-acquired evidence, and *in pari delicto* because Congress has authorized broad

17  equitable relief under Title VII, which is designed to advance important public policies of

18  preventing discrimination and retaliation in the workplace.  Answer to FAC at 46 (Defendants'

19  Eighth Affirmative Defense); *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, No.

20  SACV1502034JVSJCGX, 2020 WL 7263540, at *7 (C.D. Cal. Oct. 28, 2020) (holding and

21  agreeing with case law in other circuits concluding unclean hands defenses inapplicable "for

22  situations where Congress has authorized broad equitable relief" (citing *McKennon v. Nashville*

23  *Banner Publ. Co.*, 513 U.S. 352, 357 (1995) (addressing unclean hands in the context of an ADEA

24  claim))); *see Rivera v. NIBCO*, 364 F.3d 1057, 1067 & 1071–72 (9th Cir. 2004) (stating Title VII

25  includes a "full complement of remedies" and district courts "have the obligation" to "render a

26  decree which will so far as possible eliminate the discriminatory effects of the past as well as bar

27

28

like discrimination in the future," *id.* at 1067).[4]

### ix) Ninth Affirmative Defense

The Ninth Affirmative Defense is insufficiently pleaded because it fails to identify a single fact supporting the legal conclusion that Plaintiff "did not perform work requiring equal skill, effort, and responsibility, performed under similar working conditions." Answer to FAC at 46. As such, this affirmative defense must be struck as it fails to afford Plaintiff fair notice. *E.g.*, *J & J Sports*, 2012 WL 1030067, at *1 (striking insufficiently pleaded affirmative defenses that lack supporting facts, *id.* at *2) (citing *Qarbon.com*, 315 F. Supp. 2d at 1049–50); *LumaSense*, 2021 WL 2953237, at *7 (striking affirmative defenses "resembl[ing] the mere recitations of legal doctrines"). Further, the Ninth Affirmative Defense should be struck without leave to amend because it attacks a deficiency of an element of Plaintiff's EPA claims, which is improper. *See, e.g.*, *J & J Sports*, 2012 WL 1030067, at *3 (striking affirmative defenses that "are merely denials of the allegations and claims set forth in the Complaint" because "'allegations that the [p]laintiff cannot prove the elements of his claims are not affirmative defenses'" (citation omitted)); *LumaSense*, 2021 WL 2953237, at *5–6 (striking affirmative defenses without leave to amend because "[d]efenses that target a deficiency of an element of the plaintiff's prima facie case are not affirmative defenses," *id.* at *5 (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)); FAC ¶¶ 276–77.

### x) Tenth Affirmative Defense

The Tenth Affirmative Defense is insufficiently pleaded because it fails to identify a single fact supporting the legal conclusion that "any wage differentials (to the extent any existed) were due to factor(s) other than sex." Answer to FAC at 46. Such a conclusory assertion does not satisfy even the most basic pleading standards and must be struck. *E.g.*, *J & J Sports*, 2012 WL 1030067, at *1 (striking insufficiently pleaded affirmative defenses that lack supporting facts, *id.* at *2) (citing *Qarbon.com*, 315 F. Supp. 2d at 1049–50); *LumaSense*, 2021 WL 2953237, at *7

---

[4] Some courts have also applied the heightened Rule 9(b) specificity standard for affirmative defenses asserting unclean hands. *See XILINX, Inc. v. Altera Corp.*, No. C 93-20409 RMW (EAI), 1993 WL 767688, at *2 (N.D. Cal. Oct. 25, 1993) (striking unclean hands defense and discussing and considering application of heightened pleading standard under Rule 9(b) for unclean hands affirmative defense).

(striking affirmative defenses "resembl[ing] the mere recitations of legal doctrines").  Further, the Tenth Affirmative Defense should be struck without leave to amend because it attacks a deficiency of an element of Plaintiff's EPA claims, which is improper.  *See, e.g.*, *J & J Sports*, 2012 WL 1030067, at *3 (striking affirmative defenses that "are merely denials of the allegations and claims set forth in the Complaint" because "'allegations that the [p]laintiff cannot prove the elements of his claims are not affirmative defenses'" (citation omitted)); *LumaSense*, 2021 WL 2953237, at *5–*6 (striking affirmative defenses without leave to amend because "[d]efenses that target a deficiency of an element of the plaintiff's prima facie case are not affirmative defenses," *id.* at *5 (citing *Zivkovic*, 302 F.3d at 1088)).

### xi) Eleventh Affirmative Defense

The Eleventh Affirmative Defense is insufficiently pleaded because it does not identify a single fact supporting the threadbare assertion that damages were proximately caused by Plaintiff's comparative bad faith.  Answer to FAC at 46–47.  Of note, this affirmative defense baselessly alleges Plaintiff's bad faith conduct includes conduct "described . . . in K&E's Counter Complaint," which does not exist.  Answer to FAC at 47.  As such, this affirmative defense improperly forces Plaintiff to speculate as to what purported conduct constituted alleged bad faith and how such unidentified conduct reduces her right to relief and thus must be struck.  Answer to FAC at 46–47; *e.g.*, *J & J Sports*, 2012 WL 1030067, at *1 (striking insufficiently pleaded affirmative defenses that lack supporting facts, *id.* at *2) (citing *Qarbon.com*, 315 F. Supp. 2d at 1049–50); *LumaSense*, 2021 WL 2953237, at *7 (striking affirmative defenses "resembl[ing] the mere recitations of legal doctrines").  Additionally, the Eleventh Affirmative Defense, which applies to "each claim for relief," must be struck as immaterial and impertinent because the assertion of comparative fault has no apparent relation to Plaintiff's Title VII and FEHA claims.  Answer to FAC at 46–47; *Perez v. Gordon & Wong L. Grp., P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *11 (N.D. Cal. Mar. 26, 2012) (citing *Scott v. Fed. Bond & Collection Serv., Inc.*, No. 10-CV-02825-LHK, 2011 WL 176846, at *6 (N.D. Cal. Jan. 19, 2011) (striking as immaterial or impertinent a number of affirmative defenses—such as comparative negligence, negligence of third parties, and failure to use reasonable care—because such defenses had "no

apparent relation" to challenged claims)).  This affirmative defense should also be struck with prejudice because it is based on an argument that Plaintiff's harm was "proximately caused" by Plaintiff's conduct, not Defendants' conduct.  Answer to FAC at 46–47.  This is not a proper affirmative defense and therefore should be struck without leave to amend.  *Jansen*, 2017 WL 607610, at *3 (striking without leave to amend affirmative defense asserting "[t]he acts alleged to have been committed by [defendants] were not the cause in fact, proximate cause, or legal cause of any damages complained of in the Complaint" because this defense asserts plaintiff has not met burden of proof).  Similarly, this affirmative defense should be struck without leave to amend because it seeks to show a defect in Plaintiff's prima facie case for "each claim to relief," Answer to FAC at 46–47, by alleging Plaintiff has no damages because any harm was allegedly caused by Plaintiff's bad faith and not by Defendants' conduct.  *LumaSense*, 2021 WL 2953237, at *5 (N.D. Cal. July 14, 2021) (granting motion to strike under Rule 12(f) without leave to amend because "no damages, and no causation simply attempt to negate portions of the prima facie case, for which [plaintiff] already bears the burden of proof at trial," *id.* at *6 (citing *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010))); *see also J & J Sports Prods.*, 2012 WL 1030067, at *2 & n.9 (striking as impertinent defense of comparative fault because "it does not pertain to the issues" given "comparative fault is only a recognized defense to actions involving negligence," *id.* at *2 (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* 510 U.S. 517 (1994)).

xii)   "TWEVELTH" Affirmative Defense

The "TWEVELTH" Affirmative Defense should be struck because it is insufficiently pleaded and consequently fails to provide fair notice to Plaintiff.  Answer to FAC at 47.  Here, Defendants' "bare bones" assertion that "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations" does not identify which statutes of limitations might apply or provide a single fact to show Plaintiff's claims are time-barred.  *Estrada v. NV 99 Cents Plus*, No. EDCV211564JGBSPX, 2022 WL 2037126, at *2 (C.D. Cal. Feb. 8, 2022) (striking defendants' "bare bones recitation of a statute of limitations defense" as insufficient in discrimination case); Answer to FAC at 47.  Accordingly, this conclusory affirmative defense must be struck.  *E.g.*,

1   *Tollefson v. Aurora Fin. Grp., Inc.*, No. C20-0297JLR, 2021 WL 462689, at *2–3 (W.D. Wash.

2   Feb. 9, 2021) (striking statute of limitations defense in answer where "Defendants' statute of

3   limitations defense, as pleaded, does not provide [plaintiff] with notice as to which statute(s) of

4   limitations might apply or which of [plaintiff's] five claims are vulnerable to a statute of

5   limitations defense").

6                          xiii)   Thirteenth Affirmative Defense

7           The Thirteenth Affirmative Defense is insufficiently pleaded and must be struck because

8   it fails to identify any facts supporting the legal conclusion that "K&E would have, in any event,

9   taken the same action(s), to the extent any such alleged action(s) occurred, based upon other

10  legitimate, non-discriminatory, non-retaliatory reasons standing alone."  Answer to FAC at 47; *J*

11  *& J Sports*, 2012 WL 1030067, at *1 (striking insufficiently pleaded affirmative defenses that

12  lack supporting facts, *id.* at *2); *LumaSense*, 2021 WL 2953237, at *7 (striking affirmative

13  defenses "resembl[ing] the mere recitations of legal doctrines").  For example, K&E fails to

14  identify the "adverse employment action(s)" to which it refers.  Answer to FAC at 47.  As another

15  example, K&E fails to identify what the "other legitimate, non-discriminatory, non-retaliatory

16  reasons" are.  Answer to FAC at 47.  As such, the Thirteenth Affirmative Defense must be struck.

17  *See Wesch*, 2021 WL 6206642, at *2 (striking affirmative defense when defendant "does not

18  allege any facts to support this defense").

19          The Thirteenth Affirmative Defense also must be struck at least in part because

20  Defendants claim it applies "[a]s a separate defense to the Complaint and each claim for relief

21  therein," but such defense does not apply to non-employment claims, e.g., IIED.  Answer to FAC

22  at 47; FAC at 102; *see also* FAC at 100–102.  Therefore, this defense is at minimum not pertinent

23  to Plaintiff's non-employment claims.  *Fantasy*, 984 F.2d at 1527 (internal citations and

24  quotations omitted) ("Impertinent matter consists of statements that do not pertain, and are not

25  necessary, to the issues in question.").  In addition, the sole authority cited by Defendants in the

26  Thirteenth Affirmative Defense explains that it "does not provide a complete defense to liability"

27  in Title VII cases and thus is not a proper affirmative defense.  *Harris v. City of Santa Monica*,

28  56 Cal. 4th 203, 219 (2013) ("Congress passed the Civil Rights Restoration Act of 1991, which

1   (among other things) codified the rule that an employer's same-decision showing limits the

2   remedies available to a Title VII plaintiff but does not provide a complete defense to liability."),

3   *cited with approval in* Answer to FAC at 47; *see Barnes*, 718 F. Supp. 2d at 1173–74 (N.D. Cal.

4   2010) (stating an "affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c),

5   is a defense that does not negate the elements of the plaintiff's claim, but **instead precludes**

6   **liability** even if all of the elements of the plaintiff's claim are proven" (emphasis added)).

7   Therefore, this defense is not pertinent to Plaintiff's Title VII claims. *Fantasy*, 984 F.2d at 1527

8   (9th Cir.1993) ("Impertinent matter consists of statements that do not pertain, and are not

9   necessary, to the issues in question." (internal citations and quotations omitted)).   Finally,

10  Defendants have provided no authority for the application of the Thirteenth Affirmative Defense

11  to Plaintiff's EPA claims. *See, e.g.*, *Tollefson*, 2021 WL 462689, at *2–3 (striking defense in

12  answer where the "defense, as pleaded, does not provide [plaintiff] with notice" as to legal

13  authority for applying defense to claims or "which" of plaintiff's claims are vulnerable to the

14  defense); *see also Wesch*, 2021 WL 6206642, at *2 (striking affirmative defense that purported

15  to apply to "each claim" and included two citations to legal authority but did "not limit its defense"

16  to the cited legal authority).

17          xiv)   Fourteenth Affirmative Defense

18          The Fourteenth Affirmative Defense is insufficiently pleaded because it fails to identify a

19  single fact supporting the legal conclusion that Defendants were not "the cause in fact or legal

20  cause of the damages . . . suffered by Plaintiff."  Answer to FAC at 47.  As such, this conclusory

21  affirmative defense must be struck as it does not satisfy pleading standards for an answer. *E.g.*,

22  *J & J Sports*, 2012 WL 1030067, at *1 (striking insufficiently pleaded affirmative defenses that

23  lack supporting facts, *id.* at *2) (citing *Qarbon.com*, 315 F. Supp. 2d at 1049–50); *LumaSense*,

24  2021 WL 2953237, at *7 (striking affirmative defenses "resembl[ing] the mere recitations of legal

25  doctrines").   In addition, Defendants' Fourteenth Affirmative Defense should be struck with

26  prejudice because it is based on an improper argument that Defendants were not "the cause in fact

27  or legal cause of the damages . . . suffered by Plaintiff."  Answer to FAC at 47.  This Court has

28  made clear that this type of defense is not an affirmative defense and therefore should be struck

1    without leave to amend.  *E.g.*, *Jansen*, 2017 WL 607610, at *3 (striking without leave to amend

2    affirmative defense asserting "[t]he acts alleged to have been committed by [defendants] were not

3    the cause in fact . . . or legal cause of any damages complained of in the Complaint" because this

4    defense asserts plaintiff has not met their burden of proof).  Similarly, this affirmative defense

5    should be struck without leave to amend because it seeks to show a defect in Plaintiff's prima

6    facie case by effectively alleging there was no damage or injury to Plaintiff and, even if there was

7    damage or injury to Plaintiff, that Defendants were not the cause of said damage or injury.

8    *LumaSense*, 2021 WL 2953237, at *5 (granting motion to strike under Rule 12(f) without leave

9    to amend because "no damages, and no causation simply attempt to negate portions of the prima

10   facie case, for which [plaintiff] already bears the burden of proof at trial," *id.* at *6 (citing *Barnes*,

11   718 F. Supp. 2d at 1174)).

12                          xv)    Fifteenth Affirmative Defense

13        The Fifteenth Affirmative Defense is insufficiently pleaded because it does not provide

14   any facts to support the sweeping contention that each of Plaintiff's claims for relief is "barred

15   the exclusivity of remedy under the California Workers' Compensation Act, Labor Code section

16   3200, *et seq*."  Answer to FAC at 47.  This affirmative defense also must be struck as an improper

17   affirmative defense because there is no legal or factual basis to contend that Plaintiff's federal (or

18   other) claims are preempted by state workers' compensation.  *FBC Mortg., LLC v. Skarg*, 699 F.

19   Supp. 3d 837, 844 (N.D. Cal. 2023) ("A defense is insufficient if there are no questions of fact,

20   any questions of law are clear and not in dispute, and under no set of circumstances could the

21   defense succeed." (quotation marks and citations omitted)).  In that vein, this Court has already

22   ruled that Plaintiff's IIED and FEHA claims are not preempted by California's workers'

23   compensation act.  *See* Order (Aug. 23, 2023) at 20, Dkt. No. 92 (holding "Plaintiff's IIED claim

24   is not preempted based on 'the long-standing view that unlawful discrimination and retaliation in

25   violation of FEHA falls outside the compensation bargain and therefore claims of intentional

26   infliction of emotional distress based on such discrimination and retaliation are not subject to

27   workers' compensation exclusivity'" (quoting *Light v. Dep't of Parks & Recreation*, 14 Cal. App.

28   5th 75, 101 (Cal. Ct. App. 2017))); Order (Sept. 10, 2024) at 11–12, Dkt. No. 140 ("Plaintiff's

1    IIED claim against the Individual Defendants is not preempted by workers' compensation," *id.* at

2    12).

3                          xvi)   Sixteenth Affirmative Defense

4           The Sixteenth Affirmative Defense is insufficiently pleaded because it does not provide

5    any factual basis to support the contention that "Plaintiff has failed to state facts sufficient to

6    constitute a claim for punitive damages" and that "any award of punitive damages in this case

7    would violate" Defendants' state and federal constitutional rights.   Answer to FAC at 47.

8    Accordingly, Defendants' conclusory affirmative defense regarding punitive damages must be

9    struck as it fails to satisfy pleading standards or afford Plaintiff fair notice.  *Banga v. Kanios*, No.

10   16-CV-04270-RS, 2018 WL 11360187, at *4 (N.D. Cal. Mar. 20, 2018) (striking affirmative

11   defense "argu[ing] that any punitive damage awards would violate their constitutional right"

12   under due process protections because "defendants offer nothing more than speculation that

13   punitive damages will burden a constitutional right"); *Wesch*, 2021 WL 6206642, at *3 (granting

14   motion to strike affirmative defense stating plaintiff's "claims" for punitive damages would

15   violate due process and excessive fines provisions of United States and California constitutions

16   because "in the absence of any facts, it is not clear why this defense is applicable").   Moreover,

17   the Sixteenth Affirmative Defense must be struck without leave to amend because it explicitly

18   contends that Plaintiff failed to plead facts to support punitive damages.   This is tantamount to

19   asserting a failure to state a claim for relief, which is not an affirmative defense.  *E.g.*, *Barnes*,

20   718 F. Supp. 2d at 1174 ("Failure to state a claim is not a proper affirmative defense but, rather,

21   asserts a defect in [plaintiff's] prima facie case."); *G & G Closed Cir. Events, LLC v. Nguyen*, No.

22   10-CV-00168-LHK, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010) (granting motion to

23   strike purported affirmative defense of "lack of allegations entitling Plaintiff to punitive damages"

24   because it is "not actually [an] affirmative defense[]" but rather is "merely [a] denial[] of the

25   allegations and claims set forth in the Complaint").   As such, this affirmative defense should be

26   struck because "[a]n assertion that the complaint [does not] set forth allegations entitling Plaintiff

27   to punitive damages is not a proper affirmative defense, but rather identifies an alleged defect in

28   Plaintiff's complaint."  *Dodson v. CSK Auto, Inc.*, No. 2:13-CV-00346-GEB-AC, 2013 WL

3942002, at *4 (E.D. Cal. July 30, 2013) (granting motion to strike affirmative defense that plaintiff not entitled to punitive damages); *J & J Sports Prods., Inc. v. Catano*, No. 1:12-CV-00739-LJO, 2012 WL 5424677, at *9 (E.D. Cal. Nov. 6, 2012) (same). Additionally, this Court has already held that Plaintiff has already pled adequate facts supporting punitive damages, and therefore this affirmative defense should be struck on this basis as well. *See FBC Mortg.*, 699 F. Supp. 3d at 844 (granting motion to strike affirmative defense of arbitrability because the Court already ruled "that Defendants' efforts to compel arbitration cannot succeed"); Order Denying in Part Mots. Dismiss at 23 (Aug. 23, 2023), Dkt. No. 92 ("The Court **DENIES** Defendants' motions to dismiss Plaintiff's request for punitive damages.").

### xvii)   Seventeenth Affirmative Defense

The Seventeenth Affirmative Defense is insufficiently pleaded because it does not allege facts in support and instead merely recites legal conclusions. Answer to FAC at 48 (one-sentence assertion of defense reciting legal conclusions: "As a separate defense to the Complaint and each claim for relief therein, the Complaint fails to allege facts sufficient to justify injunctive or equitable relief, Plaintiff lacks standing to obtain equitable relief, and Plaintiff failed to avail herself of or exhaust plain, adequate, or complete remedies of law available to her."). As such, the Seventeenth Affirmative Defense must be struck. *E.g.*, *LumaSense*, 2021 WL 2953237, at *7 (granting motion to strike affirmative defenses that are "bare statements reciting mere legal conclusions" as insufficiently pleaded); *Illumina, Inc. v. BGI Genomics Co.*, No. 19-CV-03770-WHO, 2020 WL 571030, at *5 (N.D. Cal. Feb. 5, 2020) (striking as insufficiently pleaded "affirmative defenses consist[ing] of a one-sentence assertion of each defense"); *Barnes*, 718 F. Supp. 2d at 1172–74 (dismissing lack-of-standing and failure-to-exhaust affirmative defenses as insufficiently pled under Rule 12(f)); *Banga*, 2018 WL 11360187, at *2 (striking failure-to-exhaust affirmative defense because "defendants have not alleged that there was an administrative remedy available to [plaintiff], or which specific procedures were not followed" and stating "Defendants have provided no facts as to what [plaintiff] must do to exhaust that remedy and which particular causes of action might be barred under a doctrine related to exhaustion"); *Hernandez v. Cnty. of Monterey*, 306 F.R.D. 279, 288 & n.55, 290 (N.D. Cal. 2015) (striking

1 affirmative defenses that "all" of plaintiffs' claims are barred because plaintiffs failed to file a

2 grievance and to exhaust because defendant "has not alleged that there was an administrative

3 remedy available to Plaintiffs, or which specific procedures were not followed" and "provided no

4 facts as to what Plaintiffs must do to . . . and which particular causes of action might be barred

5 under a doctrine related to exhaustion" (citing *Albino v. Baca*, 747 F.3d 1162, 1178 (9th Cir.

6 2014) (en banc))).

7        Moreover, the Seventeenth Affirmative Defense must be struck without leave to amend

8 because it explicitly contends that "the Complaint fails to allege facts sufficient to justify

9 injunctive or equitable relief, [and] Plaintiff lacks standing to obtain equitable relief." Answer to

10 FAC at 48. Such an argument asserts a defense based on failure to state a claim, which is not an

11 affirmative defense and therefore must be struck without leave to amend. *E.g.*, *Hernandez*, 306

12 F.R.D. at 286 ("Because a lack of standing is not in fact an affirmative defense, [defendant's]

13 third affirmative defense is stricken."); *Perez v. Gordon & Wong L. Grp., P.C.*, No. 11-CV-

14 03323-LHK, 2012 WL 1029425, at *11 (N.D. Cal. Mar. 26, 2012) (striking affirmative defense

15 that plaintiff "lacks standing to pursue the claims asserted in this action" because it "is not an

16 affirmative defense but rather a denial of Plaintiff's allegations contained in the complaint

17 asserting the constitutional requirement of standing"); *see Barnes*, 718 F. Supp. 2d at 1173–74

18 (striking purported affirmative defense that plaintiff "not entitled to injunctive relief" because it

19 provides a basis to negate an element of plaintiff's prima facie case for relief and is thus merely

20 rebuttal to plaintiff's claims). Further, Defendants' assertion that Plaintiff lacks standing to obtain

21 equitable relief attacks an element of Plaintiff's prima facie case and is not properly an affirmative

22 defense. *See, e.g.*, *Barnes*, 718 F. Supp. 2d at 1173–74; *Hernandez*, 306 F.R.D. at 286; *Perez*,

23 2012 WL 1029425, at *11. As such, this affirmative defense should be struck with prejudice on

24 this basis alone. *Dodson*, 2013 WL 3942002, at *4 (striking affirmative defense contending

25 plaintiff lacked standing because standing is an element of plaintiff's prima facie case and is

26 properly addressed through denial or a motion to dismiss); *United States v. Acad. Mortg. Corp.*,

27 No. 16-CV-02120-EMC, 2020 WL 7056017, at *4 (N.D. Cal. Dec. 2, 2020) (striking lack of

28 standing defense because it is "not an affirmative defense" and "attacks the plaintiff's prima facie

1    claim").

2                    xviii)  "Affirmative Defenses" Statement with Reservation of Rights

3          The Court should strike Defendants' entire statement under the "Affirmative Defenses"

4    heading on page 44, lines 21–26, of the Answer to the FAC, because it is not an affirmative

5    defense.  "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which

6    deny plaintiff's right to recover, even if the allegations of the complaint are true."  *J & J Sports*,

7    2012 WL 1030067, at *3.  For example, the Court should strike Defendants' statement under their

8    "AFFIRMATIVE DEFENSES" header that Defendants "reserve the right to assert additional

9    affirmative and other defenses that become known through the course of discovery or otherwise,"

10   Answer to FAC at 44:25–26, because this is not an affirmative defense.  *G & G Closed Cir.*

11   *Events*, 2010 WL 3749284, at *5 (striking affirmative defense that reserved right to amend

12   because reservation of right to amend is "not actually [an] affirmative defense[]"), *cited with*

13   *approval in Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 578 (N.D. Cal.

14   2016) (stating reservation of rights "is not an affirmative defense").

15         The Court should strike the remainder of Defendants' statement under the

16   "AFFIRMATIVE DEFENSES" header for the same reason—because it is not "actually" an

17   affirmative defense.  Answer to FAC at 44:21–25; *see G & G Closed Cir. Events*, 2010 WL

18   3749284, at *5 (striking affirmative defense that reserved right to amend because reservation of

19   right to amend is "not actually [an] affirmative defense[]").  Defendants' statement that

20   "Defendants assert that this Action is not only factually baseless but designed to deliver

21   misinformation and to harm K&E and the individuals named herein as defendants," Answer at

22   44:21–22, must also be struck because it is not an affirmative defense but rather denies the

23   allegations and claims set forth in the FAC.  *J & J Sports*, 2012 WL 1030067, at *3 (striking

24   "affirmative defenses [that] are merely denials of the allegations and claims set forth in the

25   Complaint"); *see generally* FAC.

26                                    **CONCLUSION**

27         In conclusion, Plaintiff respectfully requests that the Court grant Plaintiff's motion in its

28   entirety and strike, with prejudice, Defendants' Answer and Affirmative Defenses to Plaintiff's

1   Amended Complaint, Dkt. No. 142, as untimely, and enter default judgment in favor of Plaintiff,

2   FAC at 92–104, and grant such other and further relief as the Court deems just and proper.

1

Date:   October 15, 2024                    Respectfully submitted,

2
                                            /s/ *Zoya Kovalenko*
3                                           Zoya Kovalenko (Cal. SBN 338624)
                                            13221 Oakland Hills Blvd., Apt. 206
4                                           Germantown, MD 20874
                                            678 559 4682
5                                           zoyavk@outlook.com
                                            PLAINTIFF ZOYA KOVALENKO
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28