1    Tanvir H. Rahman (admitted *pro hac vice*)
     FILIPPATOS PLLC
2    199 Main Street, Suite 800
     White Plains, NY 10601
3    Tel.: 914 984 1111
     trahman@filippatoslaw.com
4
     Samuel M. Brown (State Bar No. 308558)
5    HENNIG KRAMER LLP
     3600 Wilshire Blvd, Suite 1908
6    Los Angeles, CA 90010
     Tel:+1 213 310 8301
7    Fax: +1 213 310 8302
     sam@employmentattorneyla.com
8
     *Attorneys for Plaintiff Zoya Kovalenko*
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                        OAKLAND DIVISION

13   ZOYA KOVALENKO,                    Case No. 4:22-cv-05990-HSG

14              *Plaintiff*,            **PLAINTIFF'S MOTION FOR LEAVE TO
                                        MOVE FOR RECONSIDERATION OF
15        v.                            ORDER DISMISSING DEFAMATION
                                        CLAIMS**
16   KIRKLAND & ELLIS LLP, MICHAEL DE
     VRIES, MICHAEL W. DEVRIES, P.C.,   Re: Dkt. Nos. 140, 111, 110, 102
17   ADAM ALPER, ADAM R. ALPER, P.C.,
     AKSHAY DEORAS, AKSHAY S.
18   DEORAS, P.C., LESLIE SCHMIDT,
     LESLIE M. SCHMIDT, P.C., AND MARK
19   FAHEY,

20              *Defendants*.

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

INTRODUCTION .................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ...................................................... 2

STATEMENT OF RELEVANT FACTS ................................................................ 3

ARGUMENT........................................................................................................... 4

    I.      LEGAL STANDARD....................................................................... 4

    II.    THE COURT SHOULD GRANT LEAVE FOR RECONSIDERATION
           DUE TO MANIFEST FAILURE TO CONSIDER DISPOSITIVE LEGAL
           ARGUMENTS AND MATERIAL FACTS SHOWING THE
           DEFAMATION CLAIM SHOULD NOT HAVE BEEN DISMISSED AT
           THE PLEADING STAGE.................................................................. 5

           A.    The Court Should Grant Leave for Reconsideration Due to Manifest
                   Failure to Consider Dispositive Legal Arguments Based on Binding
                   Ninth Circuit Precedent.. .......................................................... 5

           B.    The Court Should Grant Leave for Reconsideration Due to Manifest
                   Failure to Consider Material Facts Showing the Defamation Claim
                   Should Not Have Been Dismissed at the Pleading Stage. .................... 9

           C.    The Court Should Grant Leave for Reconsideration Because the
                   Court Committed Manifest Legal Error by Excusing Defendants'
                   Rule 12(g)(2) Violation with Respect to Statute of Limitations and
                   Equitable Tolling Arguments. .............................................. 15

CONCLUSION........................................................................................................ 16

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                          <u>**pp.**</u>

*In re Apple iPhone Antitrust Litig.*,

   846 F.3d 313 (9th Cir. 2017) ..................................................................... 15, 16

*Arnold v. United States*,

   816 F.2d 1306 (9th Cir. 1987) ................................................................. 13

*Belete v. Oaks Corner*,

   No. 16-CV-04850-JCS, 2016 WL 6393510 (N.D. Cal. Oct. 28, 2016) ....... 14 & n.10

*Bowoto v. Chevron Corp.*,

   No. 3:99-cv-02506-SI, 2007 WL 2349341 (N.D. Cal. Aug. 14, 2007) ....... 8 & n.8, 13

*Cervantes v. City of San Diego*,

   5 F.3d 1273 (9th Cir. 1993) .......................................................... 1 n.1, 3, 5,

                                                                                   6 & nn.4–5, 7 & n.6,

                                                                                   8 & n.7, 9, 11, 12,

                                                                                   14 n.11

*Collier v. City of Pasadena*,

   142 Cal. App. 3d 917 (1983) ...................................................... 6 n.5

*Cruz v. United States*,

   No. C 01-00892 CRB, 2003 WL 21518119 (N.D. Cal. June 24, 2003) ...... 10, 12, 13

*Daviton v. Columbia/HCA Healthcare Corp.*,

   241 F.3d 1131 (9th Cir. 2001) ................................................... 2, 3, 5, 6 n.5,

                                                                                   7 & n.6, 10, 11

*Dental Monitoring SAS v. Align Tech., Inc.*,

   2023 U.S. Dist. LEXIS 124324 (N.D. Cal. Jul. 19, 2023) .......................... 16

*Donoghue v. Orange County*,

   848 F.2d 926 (9th Cir. 1987) ...................................................... 8 n.7

*Harrell v. City of Gilroy*,

  No. 17-CV-05204-LHK, 2019 WL 452039,

  2019 US Dist. LEXIS 18598 (N.D. Cal. Feb. 5, 2019) ............................. 15

*Kovalenko v. Kirkland & Ellis LLP*,

  Order Denying in Part Mots. Dismiss (Sept. 10, 2024), Dkt. No. 140 ........ 1, 4 n.3

*Kovalenko v. Kirkland & Ellis LLP*,

  Order Denying in Part Mots. Dismiss (Aug. 23, 2023), Dkt. No. 92 .......... 4 n.3, 10, 11

*Lucchesi v. Bar-O Boys Ranch*,

  353 F.3d 691 (9th Cir. 2003) ...................................................... 3, 5

*Martin v. Biaggini*,

  No. 12-cv-06287-JD, 2014 WL 1867068 (N.D. Cal. May 7, 2014)............ 4

*Morales v. City of L.A.*,

  214 F.3d 1151 (9th Cir. 2000) .................................................. 3, 5, 6, 14 n.12

*Rearden LLC v. Walt Disney Co.*,

  No. 17-CV-04006-JST, 2023 WL 8261299 (N.D. Cal. Nov. 29, 2023)...... 8, 13

*Smith v. SEIU United Healthcare Workers West*,

  No. C 05-2877 VRW, 2006 WL 2038209 (N.D. Cal. July 19, 2006) ......... 3, 6 n.4,

                                          14 & n.12

*Tene v. City and County of San Francisco*,

  68 Fed. App'x 33 (9th Cir. 2003) ................................................ 7

*Von Saher v. Norton Simon Museum of Art at Pasadena*,

  592 F.3d 954 (9th Cir. 2010) ..................................................... 2, 3, 5, 6, 9

**Statutes and Other Authorities**                         **pp.**

Civil L.R. 7-3(c)............................................................ 15 n.14,

                                   16 n.15

Civil L.R. 7-9(a)............................................................ 1, 4

Civil L.R. 7-9(b) ........................................................... 2, 12 n.9, 16

Civil L.R. 7-9(b)(2)................................................................................12 n.9

Civil L.R. 7-9(b)(3)................................................................................1, 2

Civil L.R. 7-9(c)....................................................................................4, 16

Fed. R. Civ. P. 12(b)(6).........................................................1, 2, 3, 5, 6, 9, 12,

15 & n.13, 16

Fed. R. Civ. P. 12(d)...........................................................................15 n.13

Fed. R. Civ. P. 12(g)...........................................................................14, 15, 16 & n.16

Fed. R. Civ. P. 12(g)(2)......................................................................14, 15, 16 & n.16

Fed. R. Civ. P. 54(b) ..........................................................................1, 4

1

2

**PLAINTIFF'S MOTION FOR LEAVE TO MOVE FOR RECONSIDERATION OF**

**ORDER DISMISSING DEFAMATION CLAIMS**

3

4

5

6

7

8

9

10

Plaintiff hereby respectfully moves under Civil Local Rule 7-9(a) and (b)(3) and Federal Rule of Civil Procedure ("Rule") 54(b) for leave to file a motion for limited reconsideration of this Court's September 10, 2024 Order Denying in Part and Granting in Part Motion to Dismiss, Dkt. No. 140 (the "Order"), due to manifest failure to consider material facts and dispositive legal arguments presented to the Court before the Order.  Specifically, Plaintiff seeks leave to move for reconsideration of the Court's dismissal under Rule 12(b)(6) of Plaintiff's defamation claims as time barred and holding that equitable tolling for Plaintiff's defamation claims is unavailable as a matter of law.  Order at 7–9.

11

**INTRODUCTION**

12

13

14

15

16

17

18

19

20

21

22

The Court's Order precludes Plaintiff, as a matter of law, from being able to seek redress for defamation claims arising from her employment at Defendant Kirkland & Ellis LLP ("Kirkland") because the complaint was filed less than two hours after the purported filing deadline absent application of equitable tolling.  The Court reached this conclusion despite the following material omissions.  The Court did not consider the factual similarity between the Title VII/FEHA claims in Plaintiff's 130-page administrative complaint/charge ("Administrative Claims") and her related defamation claims ("Defamation Claim") arising from the same nucleus of operative facts as the Administrative Claims.[1]  In addition to this gap in the Order's reasoning, the Court also failed to make any determination regarding the *actual* facts alleged in the administrative complaint/charge, including whether Plaintiff referenced a potential Defamation Claim, and because the Order was at the pleading stage, Plaintiff was denied the opportunity to

23

24

25

26

27

28

[1] Order at 8 (simply reciting portion of single allegation generally listing some of Plaintiff's Administrative Claims (citing Am. Compl. ¶ 31)); *cf.* Am Compl. ¶ 31 (noting that each Defendant in the instant action was a respondent in each of the DFEH and the EEOC administrative actions).  The Court's contention that defamation cannot be subject to tolling because it involves an injury to reputation does not constitute a comparative factual assessment of the Defamation Claim and the Administrative Claims, which is required by the Ninth Circuit. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993) (explaining similarity analysis under second prong of equitable tolling test "is less a legal conclusion and more a factual exploration of the contentions and evidence relevant to each claim" and therefore "is not easily resolved as a matter of law, without receiving evidence"), *cited with approval in* Order at 8 & Opp'n Mot. Dismiss Am. Compl. at 8, Dkt. No. 110.

adduce evidence showing that Defendants are not prejudiced in their defense of the Defamation Claim due to the case being filed less than two hours after the alleged deadline. *See, e.g., Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."), *cited with approval in* Opp'n to Mot. Dismiss Am. Compl. at 8, Dkt. No. 110 ("Opposition to Seventh Motion to Dismiss").

The presence of these gaps in the Court's Order violate binding Ninth Circuit case law and constitute an incorrect weaponization of statute of limitation defenses at pleading, which is inconsistent with the actual purpose of such a defense under Ninth Circuit law. *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001) (explaining primary purpose of statute of limitations is to prevent "surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared," *id.* at 1136, and observing equitable tolling doctrine "is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court," *id.* at 1137), *cited with approval in* Opp'n 7th Mot. Dismiss at 8.  In addition to the foregoing issues, reconsideration is further warranted based on the Court's failure to consider and appropriately apply binding Ninth Circuit precedent limiting dismissal of claims based on a finding that equitable tolling cannot apply at the pleading stage and a failure to consider material facts already before the Court supporting an inference of equitable tolling.[2]

## <u>STATEMENT OF ISSUES TO BE DECIDED</u>

Whether the Court should grant Plaintiff leave under Civil Local Rule 7-9(b)(3) to file a motion for reconsideration of the Order dismissing Plaintiff's Defamation Claim under Rule 12(b)(6) as time-barred and holding Plaintiff's Defamation Claim cannot be equitably tolled as a matter of law due to manifest failure to consider: (i) dispositive legal arguments presented to the

---

[2] It has taken two years to wade through multiple rounds of motions to dismiss brought by Defendants' litigious profligacy.  If the Court does not grant reconsideration, Plaintiff will file a motion for leave to amend the complaint in order to incorporate by reference her 130-page administrative charge/complaint, which will show beyond doubt that Defendants were not prejudiced due to the numerous (roughly 40) explicit references to defamation arising from the performance review that served as the basis to unlawfully terminate Plaintiff.  Requiring this unnecessary step would only further protract litigation.

Court before the Order, including binding Ninth Circuit precedent that limits the Court's authority to dismiss a claim for lack of equitable tolling prior to summary judgment and holds that a fact-intensive assessment is required in order to determine whether Defendants had sufficient notice to investigate facts relevant to Plaintiff's Defamation Claim; and (ii) material facts alleged in the Amended Complaint (and Complaint), which if "liberally construed" show "the *potential* applicability of the equitable tolling doctrine." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993).

## STATEMENT OF RELEVANT FACTS

In Defendants' collective seventh motion to dismiss, Defendants for the first time raised a statute of limitations argument, moving to dismiss Plaintiff's Defamation Claim under Rule 12(b)(6) as time barred.  Mot. Dismiss Am. Compl. at 5–6, Dkt. No. 102 ("Seventh Motion to Dismiss").  As relevant here, Plaintiff argued in response that the one-year defamation statute of limitations would be subject to equitable tolling due to the need to administratively exhaust related Title VII and FEHA claims arising from the same facts as the Defamation Claim (namely, the fabricated performance reviews that were the basis of her unlawful termination).  Opp'n 7th Mot. Dismiss at 7–10, Dkt. No. 110.  In so arguing, Plaintiff relied on, inter alia, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954 (9th Cir. 2010); *Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691 (9th Cir 2003); *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001); *Morales v. City of Los Angeles*, 214 F.3d 1151 (9th Cir. 2000); *Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993); *Smith v. SEIU United Healthcare Workers West*, No. C 05-2877 VRW, 2006 WL 2038209 (N.D. Cal. July 19, 2006), and specifically pointed the Court to paragraphs 17–18, 31, 217–19, and 221 of the Amended Complaint, Dkt. No. 94.  Opp'n 7th Mot. Dismiss at 7–10.  The Court granted-in-part Defendants' Seventh Motion to Dismiss, dismissing Plaintiff's Defamation Claim as time barred as a matter of law without permitting consideration of evidence outside the pleadings, including Plaintiff's administrative charge and complaint, and considering in its analysis only paragraphs 17 and 31 of the Amended

1   Complaint.  Order at 8–9.  Plaintiff has exercised reasonable diligence in bringing this motion.[3]

2   *See* Civil L.R. 7-9(b).

3                                         **ARGUMENT**

4   **I.    LEGAL STANDARD**

5           A party moving for reconsideration of an interlocutory order must first obtain leave of

6   court to file a motion for reconsideration.  Civil L.R. 7-9(a).  Leave may be granted due to

7   "manifest failure by the Court to consider material facts or dispositive legal arguments" presented

8   to the Court before the Order, *see* Civil L.R. 7-9(c). "Where the court's ruling has not resulted in

9   a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the

10  Federal Rules of Civil Procedure, which provides that any order which does not terminate the

11  action is subject to revision at any time before the entry of judgment." *Martin v. Biaggini*, No.

12  12-cv-06287-JD, 2014 WL 1867068, at *1 (N.D. Cal. filed May 7, 2014) (citing Fed. R. Civ. P.

13  54(b)).  "Reconsideration is appropriate if the district court . . . committed clear error or the initial

14  decision was manifestly unjust . . . ." *Martin*, 2014 WL 1867068, at *1.

---

[3] The Order was filed on September 10, 2024.  Dkt. No. 140.  Since then, Plaintiff has had competing obligations in this case, including counsel's time spent preparing and conferring with Defendants regarding the amended joint case management statement, pushing forward mediation, advancing discovery, including preparing for and attending the October 2, 2024 discovery hearing and the October 8, 2024 case management conference.  Further, Plaintiff has drafted and filed a motion to strike Defendants' Answer and Affirmative Defenses to the Amended Complaint.  Due to Defendants' recalcitrance in stipulating to an extension to the motion to strike, Plaintiff was also forced to spend time preparing a needless motion requesting an extension of time, which was mooted by Plaintiff timely filing the motion to strike on October 15, 2024.  Pl.'s Mot. Strike, Dkt. No. 158; Dkt. No. 159.  Of note, Defendants, who are represented by a multi-national, extremely well-resourced law firm, took 36 days to file a borderline frivolous and significantly less substantive motion for leave to move for reconsideration.  De Vries & Alper Defs.' Mot. Leave to File Mot. Recons. of Order Denying in Part Mots. Dismiss (Sept. 28, 2023), Dkt. No. 98; Order Denying in Part Mots. Dismiss (Aug. 23, 2023), Dkt. No. 94.

1  **II.   THE COURT SHOULD GRANT LEAVE FOR RECONSIDERATION DUE TO**
2  **MANIFEST FAILURE TO CONSIDER DISPOSITIVE LEGAL ARGUMENTS**
3  **AND MATERIAL FACTS SHOWING THE DEFAMATION CLAIM SHOULD**
4  **NOT HAVE BEEN DISMISSED AT THE PLEADING STAGE.**

5      **A.   The Court Should Grant Leave for Reconsideration Due to Manifest Failure**
6      **to Consider Dispositive Legal Arguments Based on Binding Ninth Circuit**
7      **Precedent.**

8          Ninth Circuit precedent, including numerous cases cited in Plaintiff's Opposition to the

9  Seventh Motion to Dismiss, hold that it is rarely, if ever, appropriate to dismiss a claim on a Rule

10  12(b)(6) motion based on the alleged running of a statute of limitations.  *See, e.g.*, Opp'n 7th Mot.

11  Dismiss at 8–10 (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954,

12  1031 (9th Cir. 2010) (reversing dismissal of claim under Rule 12(b)(6) because "[a] complaint

13  cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that

14  would establish the timeliness of the claim" and "[f]rom the face of [plaintiff]'s complaint, it is

15  not clear that the statute of limitations has expired" (citation and quotation marks omitted));

16  *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1140 (9th Cir. 2001) (*en banc*)

17  (analysis of equitable tolling "generally require[s] consideration of matters outside the

18  pleadings"); *Morales v. City of L.A.*, 214 F.3d 1151, 1153 (9th Cir. 2000) ("The district court may

19  grant a 12(b)(6) motion to dismiss on statute of limitations grounds 'only if the assertions of the

20  complaint, read with the required liberality, would not permit the plaintiff to prove that the statute

21  was tolled.'" (quoting *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999))); *Cervantes v. City*

22  *of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993) ("hold[ing] that ordinarily equitable tolling is not

23  properly resolved at the pleading stage"); *see also Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691,

24  695 (9th Cir. 2003) (reversing district court's ruling that state and federal claims were "distinct"

25  and therefore wrongs were "distinct" and consequently claims not eligible for equitable tolling).[4]

26

27  _____

[4] The following persuasive authority relevant to tolling was also left wholly unaddressed by the
28  Court's Order: *Weaver v. A-Am. Storage Mgmt. Co.*, 2011 WL 97651, at *7 (D. Haw. Jan. 12,
2021) (denying argument in motion to dismiss that complaint was barred by statute of limitations

By extension, the same body of Ninth Circuit precedent demonstrates that, when assessing application of equitable tolling at the pleading stage, courts must construe the complaint liberally and can only conclude tolling is not available if it is beyond doubt that the plaintiff cannot prove the claim could have been tolled.[5]  *E.g.*, *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000); *Von Saher*, 592 F.3d at 969 (reversing dismissal of claim under Rule 12(b)(6) and concluding "there are no facts on the face of [plaintiff]'s complaint which foreclose a showing" that claim not time barred); *see also, e.g.*, *Cervantes*, 5 F.3d at 1276–77 ("hold[ing] that ordinarily equitable tolling is not properly resolved at the pleading stage" because "[a]t a minimum, determining the applicability of equitable tolling necessitates resort to the *specific* circumstances of the prior claim: parties involved, issues raised, evidence considered, and discovery conducted," so "the question ordinarily requires reference to matters outside the pleadings, and is not generally

---

stating "this is an issue not suitable for decision at this stage of the proceedings"); *Nader & Sons, LLC v. Namvar*, 2020 WL 8512297, at *3 (C.D. Cal. Dec. 10, 2020) (rejecting "Defendants' statute of limitations arguments [raised in motions to dismiss] as premature"); *Brown v. City of Oakland*, 2009 WL 10695716, at *6 (N.D. Cal. Aug. 6, 2009) (finding "Plaintiff's invocation of the equitable tolling doctrine is 'plausible on its face'" based on general allegation that plaintiff filed "a similar action in state court" within 6-month statute of limitation period); *Smith v. SEIU United Healthcare Workers W.*, No. C 05-2877 VRW, 2006 WL 2038209, *id.* at *7 (N.D. Cal. July 19, 2006) ("[U]nder California's equitable tolling test, 'similarity' is less a legal conclusion and more a factual exploration of the contentions and evidence relevant to each claim. As such, 'similarity' is not easily resolved as a matter of law, without receiving evidence." (quoting *Cervantes*, 5 F.3d at 1276)).

[5] Rather than apply the appropriate liberal standard to assess the potential application of tolling at the pleading stage, the Court incorrectly concluded that tolling can never apply based on a strict reading of the complaint.  Order at 8–9.  In that vein, the Court asserts that tolling was not met because the facts in the complaint do not show Defendants had notice "of Plaintiff's intent to bring a defamation claim based on the statements in her performance review."  Order at 8 (citing *Cervantes*, 5 F.3d at 1276, discussing factual similarity of claims).  However, Plaintiff is in no way required to demonstrate that Defendants were notified of her specific intent to file her Defamation Claim based on the performance reviews.  *See Daviton*, 241 F.3d at 1139 (stating "[n]o specific type of notice is required" for Defendants to receive "adequate opportunity to gather and preserve evidence").  Instead, the correct liberal standard is simply whether the filing of the first claim, when liberally construing the complaint, could have put Defendants on notice of the need to collect evidence related to Plaintiff's Defamation Claim.  *Cervantes*, 5 F.3d at 1275 ("The doctrine of equitable tolling focuses on the effect of the prior claim in warning defendants in the subsequent claim of the need to prepare a defense."); *Daviton*, 241 F.3d at 1138 ("So long as the two claims are based on essentially the same set of facts timely investigation of the first claim should put the defendant in position to appropriately defend the second" and "*it is irrelevant whether those two claims are alternative or parallel, consistent or inconsistent, compatible or incompatible*" (quoting *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 925–26 (1983), *cited with approval in* Order at 8)).  Moreover, the Order ignores case law holding that a plaintiff need not "specifically raise 'equitable tolling' in the complaint for the doctrine to apply."  *Weaver*, 2011 WL 97651, at *4 (citing *Cervantes*, 5 F.3d at 1277); Opp'n 7th Mot. Dismiss at 8.

amenable to resolution on a Rule 12(b)(6) motion, where review is limited to the complaint alone").[6]  However, the Court's Order fails to acknowledge, let alone address or consider, the foregoing body of precedent and key legal principles, thereby warranting reconsideration.  Order at 7–9.

Relatedly, the Court's Order misapplies the holding in *Cervantes*, 5 F.3d 1273, by citing *Cervantes* to support a conclusory and strict reading of paragraph 31 of the Amended Complaint to summarily conclude that "nothing in these administrative complaints would have notified Defendants of Plaintiff's intent to bring a defamation claim based on the statements in her performance review."  Order at 8 (citing *Cervantes*, 5 F.3d at 1276).  However, the holding in *Cervantes* and subsequent Ninth Circuit precedent hold that it is inappropriate for courts to engage in a conclusory or "threshold" similarity analysis to determine whether tolling applies.  *See Cervantes*, 5 F.3d at 1276 (clarifying that "focus" of second factor is whether "the facts" of first and second claims are sufficiently similar and that the "appropriate similarity inquiry" is "far more fact-specific and evidence-bound" than erroneous "threshold" determination applied by district court); *Daviton*, 241 F.3d at 1142 ("Plaintiffs are entitled . . . to allege facts and offer evidence supporting application of the tolling doctrine.  Only then will the district court be in a position to engage in the practical fact-specific and evidence-bound inquiry required under California law."); *see also Tene v. City & Cnty. of S.F.*, 68 Fed. App'x 33, 34 (9th Cir. 2003) (reversing district court's holding that plaintiff's administrative claim is of "no aid to him with respect to alleged equitable tolling, because it concerned wrongs other than the one he now seeks to address" because the district court failed to conduct "the three-pronged, fact-intensive inquiry mandated by *Daviton*").  Here, the superficial "similarity analysis" performed by the Court is analogous to the "threshold" similarity determination that the Ninth Circuit has squarely rejected time and time again.  *See, e.g.*, *Cervantes*, 5 F.3d at 1276 (clarifying second prong of tolling test is "far more fact-specific and evidence-bound" than conclusory similarity determinations applied by district courts, akin to the Court's assessment here, Order at 8–9); *Daviton*, 241 F.3d at 1140

---

[6] In *Daviton*, the Ninth Circuit, sitting *en banc*, held that "*Cervantes* properly sets forth the California law on equitable tolling" *Daviton*, 241 F.3d at 1133.

("'Similarity' is a legal conclusion that follows from the mandatory application of the 'equitable tolling test.' To evaluate prejudice to the defendant, the court engages in a fact-specific and evidence-bound inquiry of the contentions and evidence relevant to each claim." (citing *Cervantes*, 5 F.3d at 1276)). The Court's conclusory determination that Plaintiff's Defamation Claim cannot be tolled, without the aid of evidence or conducting any fact-intensive comparison of the Defamation Claim and Administrative Claims, contravenes Ninth Circuit precedent and warrants reconsideration to avoid manifest injustice to Plaintiff.[7]

Despite Plaintiff proffering substantial Ninth Circuit precedent supporting non-dismissal of Plaintiff's Defamation Claim at the pleading stage, the Order only mentions *Cervantes*, which is but one of the five Ninth Circuit cases cited by Plaintiff (and is the most dated). Order at 8; Opp'n 7th Mot. Dismiss at 7–10; *see supra* pp. 5–6. Accordingly, the Order's failure to address the dispositive (and more recent) Ninth Circuit precedent raised by Plaintiff constitutes a manifest error warranting reconsideration. *Rearden LLC v. Walt Disney Co.*, No. 17-CV-04006-JST, 2023 WL 8261299, at *1–2 (N.D. Cal. Nov. 29, 2023) (granting reconsideration because prior order incorrectly applied Ninth Circuit case law, resulting in legal error by imposing "blanket requirement . . . not supported by the case law"); *Bowoto v. Chevron Corp.*, No. 3:99-cv-02506-SI, 2007 WL 2349341 (N.D. Cal. Aug. 14, 2007) (granting in part plaintiff's motion for leave to file motion for reconsideration as to prior order, *id.* at *7, and "**reinstat[ing] several of plaintiffs' claims**," *id.* at 1 (emphasis added)).[8]

---

[7] Even if the Court were to ultimately decide *Arnold* applies, it cannot do so without first engaging in a comprehensive, fact-intensive assessment in order to determine whether Defendants would be prejudiced by the less-than two-hour tolling of the Defamation Claim. In particular, Ninth Circuit precedent shows that if a district court wants to apply the unusual *Arnold* line of reasoning, such a determination requires "careful evaluation of the wrongs," which "[a]t a minimum, . . . necessitates resort to the *specific* circumstances of the prior claim: parties involved, issues raised, evidence considered, and discovery conducted." *Cervantes*, 5 F.3d at 1275–77 (citing *Donoghue v. Orange Cnty.*, 848 F.2d 926, 930–31 (9th Cir. 1987) (holding dismissal under *Arnold* reasoning "necessitates a careful evaluation of the wrongs [plaintiff] seeks to remedy through her several federal and state claims" and vacating "dismissal of [plaintiff's] federal civil rights and pendent state claims," including non-civil-rights state law claims)). Thus, although erroneous, application of *Arnold* required the Court to engage in a more fulsome factual evaluation regarding the similarity between Plaintiff's Defamation Claim and Administrative Claims to assess potential prejudice to Defendants, which did not occur. *See* Order at 8–9 (engaging in abridged, non-factual reasoning to conclude tolling inapplicable as matter of law at pleading stage).

[8] The Court has authority to and should reinstate Plaintiff's Defamation Claim without further briefing. *See, e.g.*, *Bowoto*, 2007 WL 2349341, at *1.

Accordingly, the Court's failure to consider significant dispositive Ninth Circuit precedent regarding the application of equitable tolling at the pleading stage and failure to conduct the required fact-intensive assessment in order to determine whether tolling could apply, individually and collectively, constitute a manifest legal error warranting reconsideration.

**B.** **The Court Should Grant Leave for Reconsideration Due to Manifest Failure to Consider Material Facts Showing the Defamation Claim Should Not Have Been Dismissed at The Pleading Stage.**

Reconsideration is further warranted because the Order fails to consider material facts relevant to determining whether Plaintiff could meet the second element of the tolling test, i.e., whether Defendants could be prejudiced by tolling due to a lack of adequate notice of a need to investigate facts relevant to Plaintiff's Defamation Claim. In order to reach the "unusual" conclusion that tolling does not apply as a matter of law, here, the Court needs to show that "some fact, evident from the face of the complaint" supports such a conclusion. *Cervantes*, 5 F.3d at 1276. The Order contends, without the benefit of evidence or considering various material facts supporting potential application of tolling, that nothing in the FEHA complaint/EEOC charge "would have notified Defendants of Plaintiff's intent to bring a defamation claim based on the statements in her performance review." Order at 8. This conclusion is based on the Court's reliance on a single allegation in the FAC. Order at 8:21 (citing only FAC ¶ 31). However, the Court's (incorrect) interpretation of a single allegation in the FAC, while disregarding numerous allegations supporting potential application of tolling, does not enable the Court to conclude that it is "beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness" of her Defamation Claim. *Von Saher*, 592 F.3d at 969; *see also Cervantes*, 5 F.3d at 1276–77 (holding equitable tolling "ordinarily requires reference to matters outside the pleadings, and is not generally amenable to resolution on a Rule 12(b)(6) motion, where review is limited to the complaint alone").

Here, the Order ignores myriad allegations in the complaint supporting a clear inference that the administrative complaint/charge could have sufficiently notified (and did in fact notify) Defendants of the need to preserve evidence that might be relevant to Plaintiff's Defamation

Claim, including without limitation those cited in the Opposition to the Seventh Motion to Dismiss. Opp'n 7th Mot. Dismiss at 7–10 (pointing the Court to paragraphs 17–18, 31, 217–19, and 221 of the Amended Complaint); *cf.* Order at 8–9 (considering in its analysis only paragraphs 17 and 31 of the Amended Complaint).

**First**, the Court ignores allegations in the complaint that Defendants had contended, <u>prior to the filing of this lawsuit</u>, that there was no unlawful termination and no unlawful employment practices were committed allegedly because Plaintiff's performance was bad, i.e., that the defamatory performance reviews were true. These allegations alone support the inference that Plaintiff's Administrative Claims provided Defendants with ample notice of their "need to begin investigating the facts which form the basis for [Plaintiff's Defamation Claim]." *See Daviton*, 241 F.3d at 1138; *e.g.*, Amend. Compl. ¶¶ 18, 69, 186, 218; Dkt. No. 113-5 (May 6, 2022 Letter from Defendants to Plaintiff) at 1 ("[Y]our claims for discrimination and retaliation are meritless first because you were terminated for a legitimate non-discriminatory and non-retaliatory reason—namely, poor performance—even though you seem determined to avoid that conclusion."); *Cruz v. United States*, No. C 01-00892 CRB, 2003 WL 21518119, at *4 (N.D. Cal. June 24, 2003) (granting motion for reconsideration due to failure to "consider 'material facts' that were before the court at the time it issued its order" when such facts were presented to the Court but "the Court did not focus upon [such facts] in reaching its decision" even when party had not called out such facts in relevant brief).

**Second**, the Court ignores that the falsified performance reviews served as a core basis for Plaintiff's Administrative Claims, which were reasserted in this lawsuit. *See, e.g.*, Am. Compl. ¶¶ 18, 31. Saliently, in its August 23, 2023, Order Denying in Part Motions to Dismiss, Dkt. No. 92 ("August 23, 2023, Order"), the Court expressly acknowledges, on at least five occasions, that allegations regarding falsification of the performance reviews support Plaintiff's discrimination, retaliation, and harassment claims. Aug. 23, 2023, Order at 3 ("In sum, Plaintiff asserts that these negative evaluations were fabricated and intended to serve as a post-hoc, pretextual justification for her termination."); *accord* Aug. 23, 2023, Order at 14 n.16, 16, 17, 21, 23. The Court proffers no evidence or support to conclude that the facts included in the administrative charge/complaint

differed substantially or at all from facts alleged in the complaint in support of Plaintiff's Administrative Claims.  Order at 8–9.  Thus, the fact that the defamatory statements in the performance reviews formed a core basis of Plaintiff's Administrative Claims supports the strong inference that Defendants would or reasonably should have known of a need to investigate the truth/falsity of the performance reviews when receiving the administrative complaint/charge regarding these claims.  Aug. 23, 2023, Order at 3, 14 n.16, 16, 17, 21, 23.  Accordingly, the Court cannot conclude as a matter of law that the Administrative Claims did *not* "put defendant[s] in a position to appropriately defend the second," i.e., the Defamation Claim.  *See Daviton*, 241 F.3d at 1138.

     ***Third***, the Court has previously held that Plaintiff's Defamation Claim is limited to the false statements in the performance reviews.  Aug. 23, 2023 Order at 6 (citing Compl. ¶¶ 357–61) ("Plaintiff's complaint makes clear that her defamation cause of action ***in its entirety*** is based solely on Defendants' statements in their evaluations."); *see also* Aug. 23, 2023, Order at 9 n.8.  Thus, based on the Court's prior holding, the only facts Defendants would need to investigate for Plaintiff's Defamation Claim is evidence tending to show the truth/falsity of the performance evaluations, and, as explained above, the various facts in the complaint support the inference, if not indisputably show, that Defendants were aware of the need to investigate evidence supporting or disproving the statements in the performance reviews as a key part of their defense to Plaintiff's Administrative Claims.  Therefore, it is impossible to conclude, factually or "as a matter of law," that Plaintiff's Defamation Claim was "so obviously distinct," *Cervantes*, 5 F.3d at 1277 n.4 (distinguishing *Arnold*, 816 F.2d 1306, 1312–33 (9th Cir. 1987)), from Plaintiff's Administrative Claims such that it is beyond doubt that Plaintiff can prove no set of facts to show that Defendants were sufficiently aware of the need to investigate facts relevant to her Defamation Claim.  *See* Order at 8–9.  As such, the Court erred in concluding that allegations in the complaint foreclose Plaintiff from showing a lack of prejudice to Defendants.

     In sum, the Court cannot ignore the undeniable and clear connection and overlap between the nucleus of operative facts supporting Plaintiff's Administrative Claims and Defamation Claim when assessing the application of equitable tolling without committing manifest legal error.  *See,*

1    *e.g.*, *Cruz*, 2003 WL 21518119, at *4 (granting reconsideration where Court failed to consider

2    material facts available to it at time of prior order).  Here, as in *Cervantes*, an obvious defense to

3    Plaintiff's loss of employment as an injury was showing that Plaintiff "was not framed but in fact

4    guilty of the offenses [i.e., poor performance] resulting in [plaintiff's] termination."  *See*

5    *Cervantes*, 5 F.3d at 1277 & n.5.[9]  Therefore, it is inappropriate for the Court to dismiss the

6    potential application of equitable tolling at the pleading stage because the complaint's "allegations

7    suggest that defending the prior [administrative] proceedings would have necessarily involved the

8    collection of evidence to rebut [plaintiff's] claims that the charges against [plaintiff] were

9    contrived."  *Cervantes*, 5 F.3d at 1277 (holding inappropriate to dismiss tolling argument on Rule

10   12(b)(6) motion and concluding the "obvious distinction" of the varying claims in *Arnold* was not

11   present where plaintiff's state and federal claims "both . . . involve [plaintiff's] unlawful

12   termination," *id.* at 1277 n.4).

13        Although the foregoing material omissions are more than sufficient to grant

14   reconsideration, if not fully reinstate Plaintiff's Defamation Claim, the Order also fails to take into

15   account the following material facts that run counter to the Order's reasoning for why tolling

16   cannot apply as a matter of law.  For one, the Court contends that the injury Plaintiff seeks to

17   assert from her Defamation Claim—injury to reputation—is too distinct from her right to be free

18   from discrimination, retaliation, and harassment, and, therefore, her Defamation Claim cannot be

19   equitably tolled as matter of law.  Order at 8–9.  However, this supposition completely overlooks

20   the fact that Plaintiff's right to be free from discrimination and other unlawful employment

21   conduct, protects Plaintiff from being defamed on the basis of sex.  Relatedly, the Order ignores

22   the fact that Plaintiff's Administrative Claims include a right to obtain relief for injury to her

23   reputation, which, of course, includes harm to her reputation flowing directly from Plaintiff's

24   unlawful termination based on Defendant's discriminatory and retaliatory conduct in violation of

25

26   ---

27   [9] *See* Defs.' Answer & Affirmative Defenses to Pl.'s Am. Compl. (Sept. 24, 2024) ¶ 13, Dkt. No. 142 ("Defendants admit that partners submitted evaluations that were critical of Plaintiff's defective performance during her employment, and that her poor performance was the basis for her termination."); *see also id.*  ¶¶ 17–18 & 218 (same).  *See* Civil L.R. 7-9(b)(2) (permitting motion for leave to move for reconsideration based on "emergence of new material facts . . . occurring after the time of such order").

28

Title VII/FEHA.  *See, e.g.*, Am. Compl. ¶¶ 265, 280, 291 (seeking relief for, inter alia, damage to character and reputation).  Consequently, the Court's failure to consider the FAC's allegations alleging injury to reputation and relief based on violations of Title VII and FEHA further demonstrates the compelling need to not only reconsider but reverse the Court's Order and reinstate Plaintiff's Defamation Claim.  *See, e.g.*, *Cruz v. United States*, 2003 WL 21518119, at *4 (granting reconsideration where Court failed to consider material facts available to it at time of prior order); *Rearden LLC v. Walt Disney Co.*, No. 17-CV-04006-JST, 2023 WL 8261299, at *1–2 (N.D. Cal. Nov. 29, 2023) (granting reconsideration because prior order committed clear error by reaching a conclusion through incorrect application of Ninth Circuit case law, resulting in legal error by imposing "blanket requirement . . . not supported by the case law"); *Bowoto*, 2007 WL 2349341 (reinstating claims, *id.* at *1, when granting plaintiff's motion for leave to move for reconsideration, *id.* at *7, of order granting motion to dismiss, *id.* at *2).

Finally, the Court did not consider the material factual differences between the facts here and those in *Arnold* and *Belete*.  Order at 8–9.  Specifically, in *Arnold*, the court held that the plaintiff's various state law tort claims were too distinct to warrant tolling due to the extreme extent and varying nature of the manifold state law tort claims asserted by the plaintiff.  In particular, the *Arnold* plaintiff sought tolling for false imprisonment, battery, sexual assault, and IIED.  *Arnold v. United States*, 816 F.2d 1306, 1312 (9th Cir. 1987).  As such, the *Arnold* court concluded that the spectrum of injuries the plaintiff sought to assert via their medley of far-ranging state law claims was too distinct from the plaintiff's discrimination claims to avoid prejudicing defendants in their defense of the four different state common-law claims.  Conversely, here, Plaintiff is only seeking equitable tolling of a single cause of action with a one-year statute of limitation, which arises exclusively from the same nucleus of operative facts as those supporting her Administrative Claims.  *E.g.*, Am. Compl. ¶¶ 17–18, 31, 217–19, 221; *accord* Am. Compl. ¶ 36 (same nucleus of operative fact for Administrative Claims and Defamation Claim).  Further, in *Belete*, the court analyzed the specific facts alleged in the plaintiff's administrative charge before

reaching the conclusion that tolling did not apply based on *Arnold*.[10]  *Belete*, 2016 WL 6393510, at *2–8, *cited in* Order at 8.  Moreover, *Belete* based its ruling in part on the plaintiff's failure to cite a single case showing application of equitable tolling through filing an administrative charge. *Belete*, 2016 WL 639351, at *8.  In contrast, here, the Court has not considered the actual facts set forth in Plaintiff's administrative charge/complaint, and Plaintiff has cited a factually analogous case in which this Court found that the filing of an EEOC charge could toll the statute of limitations for a defamation claim.  Order at 8:17–9:5; Opp'n 7th Mot. Dismiss at 9–10 (citing *Smith v. SEIU United Healthcare Workers W.,* No. C 05-2877 VRW, 2006 WL 2038209, at *7–9 (N.D. Cal. July 19, 2006)).[11] [12]

The failure to consider the foregoing material facts, individually and collectively, is more than sufficient to warrant the Court granting reconsideration of its Order and reinstating Plaintiff's Defamation Claim.

---

[10] In that vein, the fact-intensive opinion in *Belete* provides a stark comparison to the Order's conclusory, non-factual assessment and underscores the Court's failure here to engage in the appropriate fact-intensive analysis required to assess the potential application of equitable tolling. *Compare Belete v. Oaks Corner*, No. 16-CV-04850-JCS, 2016 WL 6393510, at *1–8 (N.D. Cal. Oct. 28, 2016) (analyzing and comparing in detail specific facts in administrative charge with facts alleged in complaint), *with* Order at 8:17–9:5 (Court's trite analysis in Order leading to conclusion "tolling [is] unavailable as a matter of law" and granting motion to dismiss Defamation Claim as time barred).

[11] The Court wholly ignores the analogous facts and persuasive reasoning in *Smith*, 2006 WL 2038209 (N.D. Cal. July 19, 2006).  Order at 7–9.  In their reply, Defendants tersely argued *Smith* had no weight because it did not address *Arnold*—however, *Smith* relies on *Cervantes*, which postdates and distinguishes *Arnold*.  Reply at 6 n.12, Dkt. No. 111; *Smith*, 2006 WL 2038209, at *7 (N.D. Cal. July 19, 2006) (quoting and citing *Cervantes*, 5 F.3d 1273, 1275–76 (9th Cir. 1993)); *Cervantes*, 5 F.3d at 1266 (stating *Arnold* was "unusual" as it was one of a "handful" of cases diverging from "more appropriate[]" standard of applying "fact-intensive test for equitable tolling . . . at the summary judgment or trial stage of litigation").

[12] As noted herein, the Order completely barred Plaintiff's Defamation Claim because it was filed less than two hours after the deadline sans equitable tolling.  The erroneous and draconian nature of the Order's ruling is further underscored by the Order's failure to consider a Ninth Circuit case cited in the Opposition, which reversed a dismissal despite the case being filed three years after accrual, which case was cited in the Opposition.  *Morales*, 214 F.3d at 1153 (reversing dismissal despite case being filed over three years after accrual with one-year statute of limitations); Opp'n 7th Mot. Dismiss at 8).

**C.     The Court Should Grant Leave for Reconsideration Because the Court Committed Manifest Legal Error by Excusing Defendants' Rule 12(g)(2) Violation with Respect to Statute of Limitations and Equitable Tolling Arguments.**

Reconsideration is also warranted because it was a manifest error for the Court to excuse Defendants' Rule 12(g)(2) violation and decide to rule on their statute of limitations argument for defamation.  By excusing Defendants' Rule 12(g)(2) violation and permitting a determination on the merits with respect to Defendants' statute of limitations argument as to Plaintiff's Defamation Claim, the Court failed to consider potential harm to Plaintiff.  Order at 4–5; Opp'n 7th Mot. Dismiss at 4; *see also* Opp'n 7th Mot. Dismiss at 2–5; *Harrell v. City of Gilroy*, No. 17-CV-05204-LHK, 2019 WL 452039, at *8 (N.D. Cal. Feb. 5, 2019) (explaining that *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313 (9th Cir. 2017) provides a district court with "discretion to consider a successive Rule 12(b)(6) motion if the motion ***does not prejudice plaintiff and expedites resolution of the case***" (citing *In re Apple*, 846 F.3d at 320) (emphasis added)).  In particular, because Defendants did not previously raise a statute of limitations defense in any briefing prior to the Seventh Motion to Dismiss (or in an answer to the original complaint) and the issue of equitable tolling was not raised until Plaintiff's Opposition to the Seventh Motion to Dismiss, Plaintiff did not have the opportunity to provide evidence supporting tolling (e.g., the administrative charge/complaint).[13]

Relatedly, as a result of the Court excusing Defendants' Rule 12(g)(2) violation, Order at 5:6–8, Plaintiff did not have the opportunity to respond to Defendants' argument that *Arnold* precludes tolling as a matter of law because *Arnold* was first raised in Defendants' Reply in support of their Seventh Motion to Dismiss.[14]  Thus, in effect, by ruling on all 10 arguments raised in the Rule 12(g)(2)-violative Seventh Motion to Dismiss, the Court allowed Defendants to use

---

[13]  It would have been inappropriate for Plaintiff to attach copies of the administrative charge/complaint to her opposition to Defendants' seventh Rule 12(b)(6) motion.  *See* Fed. R. Civ. P. 12(d).  As such, Defendants' ambush tactics prevented Plaintiff from having the opportunity to present this evidence to the Court without playing directly into Defendants' hand by giving the Court an opening to turn the briefing into a summary-judgment determination.  *See id.*; Defs.' 7th Mot. Dismiss, Dkt. No. 102 (citing extensively summary-judgment case law).
[14]  This Court does not permit sur-replies.  *See* Civil. L.R. 7-3.

ambush tactics to dilute and obstruct Plaintiff's ability to comprehensively address equitable tolling arguments, thereby prejudicing Plaintiff.  7th Mot. Dismiss at tbl. of contents (listing 10 sections in argument, §§ IV.B–K); Order at 5 ("Defendants could have (and for the most part, should have) raised most, if not all, of these arguments in their prior extensive motions to dismiss.").  Countenancing such abusive ambush tactics to the direct detriment of Plaintiff, even if unintentional, is inconsistent with *Apple*'s holding and the other cases cited in Plaintiff's Opposition to the Seventh Motion to Dismiss regarding Rule 12(g)(2) violations.[15]  *In re Apple*, 846 F.3d at 318–19, *cited with approval in* Order at 5; Opp'n 7th Mot. Dismiss at 5 (citing *Dental Monitoring SAS v. Align Tech., Inc.*, 2023 U.S. Dist. LEXIS 124324, at *5 (N.D. Cal. Jul. 19, 2023) (considering *In re Apple* and refusing to hear successive Rule 12 motion because "[e]ntertaining this motion would only facilitate repetitive motion practice, delay, and ambush tactics here")).  In addition, to the extent the Court wishes to avoid repetitious motions, allowing Plaintiff the opportunity to present complete arguments against total dismissal of important claims based on an extreme technicality in no way undermines judicial economy, which was the Court's sole basis for excusing Defendants' Rule 12(g)(2) violation.[16]  Order at 5.  Judicial economy can also be preserved by the Court choosing to reinstate Plaintiff's Defamation Claim without additional briefing.  Accordingly, the Court's failure to consider these facts and circumstances when excusing Defendants' violations of the Federal Rules, when combined with the Court's dismissal of Plaintiff's Defamation Claim, results in manifest injustice to Plaintiff, thereby warranting reconsideration.

## CONCLUSION

In conclusion, Plaintiff respectfully requests that the Court: (i) grant Plaintiff's motion for leave to move for limited reconsideration of the Order, Civil L.R. 7-9(b) & (c), as to its ruling dismissing Plaintiff's Defamation Claim under Rule 12(b)(6) and holding equitable tolling

---

[15] To illustrate this point, *Defendants* used around five pages (or roughly 33%) of the 15-page limit for their reply, Civil L.R. 7-3(c), to advance statute of limitations arguments.  Defs.' Reply ISO 7th Mot. Dismiss at 3–7, Dkt. No. 111.

[16] It is well within the Court's discretion to hear certain arguments that Defendants could have brought in their earlier motions to dismiss while choosing to decline to hear others due to a Rule 12(g)(2) violation.

1   unavailable as a matter of law, and reinstate Plaintiff's Defamation Claim, *see* Am. Compl. at

2   100–102, Dkt. No. 94, so that all of Plaintiff's defamation claims may proceed; and (ii) grant such

3   other and further relief as the Court deems just and proper.

Date:   October 18, 2024
        White Plains, New York

Respectfully submitted,

By:   /s/ *Tanvir H. Rahman*

     Tanvir H. Rahman (admitted *pro hac vice*)
     FILIPPATOS PLLC
     199 Main Street, Suite 800
     White Plains, NY 10601
     Tel.: 914 984 1111
     trahman@filippatoslaw.com

     *Attorney for Plaintiff Zoya Kovalenko*