LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (STATE BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:+1 650 614 7400
Facsimile: +1 650 614 7401

KATE JUVINALL (STATE BAR NO. 315659)
kjuvinall@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Suite 2700
Los Angeles, CA 90071
Telephone:+1 213 629 2020
Facsimile: +1 213 612 2499

MARK THOMPSON (Admitted *pro hac vice*)
mthompson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd St.
New York, NY 10019
Telephone:+1 212 506 5000
Facsimile: +1 212 506 5151

Attorneys for Defendants KIRKLAND & ELLIS
LLP, MICHAEL DE VRIES, MICHAEL W.
DE VRIES, P.C., ADAM ALPER, ADAM R.
ALPER, P.C., AKSHAY DEORAS, AKSHAY
S. DEORAS, P.C., AND MARK FAHEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>Plaintiff,<br><br>v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY,<br><br>Defendants. | Case No. 4:22-cv-05990-HSG-TSH<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND FOR DEFAULT JUDGMENT**<br><br>Judge: Honorable Haywood S. Gilliam, Jr.<br>Date: December 5, 2024<br>Time: 2:00 p.m.<br>Dept: Courtroom 2, 4th Floor |

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ........................................................................................... 1

II.    STATEMENT OF RELEVANT FACTS ....................................................... 1

III.   ISSUES TO BE DECIDED ........................................................................... 3

IV.   DEFENDANTS' ANSWER WAS TIMELY, AND PLAINTIFF'S MOTION TO STRIKE THE ANSWER AND AFFIRMATIVE DEFENSES AND/OR FOR DEFAULT JUDGMENT HAS NO BASIS IN APPLICABLE LAW ............................ 3

V.    DEFENDANTS' AFFIRMATIVE DEFENSES SHOULD NOT BE STRICKEN ......... 7

     A.    Legal Standard ................................................................................. 7

     B.    Plaintiff Applies an Incorrect Pleading Standard .................................... 8

     C.    The Affirmative Defenses are Legally Sufficient and Should Not Be Stricken ................................................................................. 12

VI.   THE LAW DOES NOT PERMIT HYBRID REPRESENTATION .............................. 20

VII.  CONCLUSION ............................................................................................. 21

**TABLE OF AUTHORITIES**

Page

**Cases**

*Achal v. Gate Gourmet, Inc.*,
  114 F. Supp. 3d 781 (N.D. Cal. 2015) ................................................................ 19

*Allen v. RJC Inv., Inc.*,
  No. CV 17-166-BLG-TJC, 2019 WL 1254942 (D. Mont. Mar. 19, 2019) ............................. 9

*Ameristar Fence Prod., Inc. v. Phoenix Fence Co.*,
  No. CV-10-299-PHX, DGC, 2010 WL 2803907 (D. Ariz. July 15, 2010) ............................. 9

*Armenta v. Gipson*,
  No. 2:22-cv-00737-WBS-EFB (PC), 2024 WL 232175 (E.D. Cal. Jan. 22, 2024) ................. 4

*AT&T Corp. v. Dataway Inc.*,
  577 F. Supp. 2d 1099 (N.D. Cal. 2008) ................................................................ 5

*Baird v. Off. Depot*,
  No. C-12-6316 EMC, 2014 WL 2527114 (N.D. Cal. June 4, 2014) ............................... 15, 16

*Bank of Beaver City v. Sw. Feeders, L.L.C.*,
  No. 4:10CV3209, 2011 WL 4632887 (D. Neb. Oct. 4, 2011) ...................................... 9

*Burlington Indus., Inc. v. Ellerth*,
  524 U.S. 742 (1998) ...................................................................................... 14

*Byrd v. Masonite Corp.*,
  215 F. Supp. 859 (C.D. Cal. 2016) ...................................................................... 19

*Cabral v. Supple, LLC*,
  No. ED 12-00085-MWF, 2013 WL 12171760 (C.D. Cal. Feb. 12, 2013) ............................. 5

*Carrico v. CNA Insurance*,
  No. LA CV18-01445 JAK (JPRx), 2020 WL 5797698 (C.D. Cal. June 1, 2020) ................. 17

*Estate of Chivrell v. City of Arcata*,
  694 F. Supp. 3d 1218 (N.D. Cal. 2023) ................................................................ 10

*Cintron Beverage Grp., LLC v. Despersia*,
  No. 07-3043, 2008 WL 1776430 (E.D. Pa. Apr. 18, 2008) ...................................... 12

*Costa v. Desert Palace, Inc.*,
  299 F.3d 838 (9th Cir. 2002) ............................................................................ 17

*Crook v. San Bernardino Cnty. Sheriff's Dep't*,
  No. EDCV 23-02448 JVS (AS), 2024 WL 3469042 (C.D. Cal. June 13, 2024) ................. 8

*DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*,
  No. 12-CV-01454 BEN (DHB), 2013 WL 4026366 (S.D. Cal. Aug. 6, 2013) ................. 9

**TABLE OF AUTHORITIES**

(continued)

**Page**

*Dodson v. CSK Auto, Inc.*,
   No. 2:13-cv-00346-GEB-AC, 2013 WL 3942002 (E.D. Cal July 30, 2013) ......................... 13

*Doe v. United States*,
   58 F.3d 494 (9th Cir. 1995) .................................................................................................. 12

*Fantasy, Inc. v. Fogerty*,
   664 F. Supp. 1345 (N.D. Cal. 1987) ...................................................................................... 5

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir.1993), *rev'd on other grounds*, 510 U.S. 517 (1994) ......................... 7

*FDIC v. Munoz*,
   No. CV 11-04971 ODW, 2011 WL 4357186 (C.D. Cal. Sept. 19, 2011) ................................ 8

*First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.*,
   No. 08-cv-12805, 2009 WL 22861 (E.D. Mich. Jan. 5, 2009) ................................................ 9

*Furtado v. United Rentals Inc.*,
   No. 14-cv-04258-YGR, 2015 WL 4452502 (N.D. Cal. July 20, 2015) ................................. 19

*G & G Closed Cir. Events, LLC v. Benjamin*,
   No. 22-cv-04144-SI, 2023 WL 2934930 (N.D. Cal. Apr. 12, 2023) ..................................... 20

*Ganley v. Cnty. of San Mateo*,
   No. C06-3923 TEH, 2007 WL 902551 (N.D. Cal. Mar. 22, 2007) ........................................ 10

*Garcia v. Salvation Army*,
   918 F.3d 997 (9th Cir. 2019) ................................................................................................ 10

*General Dynamics Corp. v. Super. Ct.*,
   7 Cal.4th 1164 (1994) ........................................................................................................... 13

*General Mills, Inc. v. Kraft Foods Global, Inc.*,
   487 F.3d 1368 (Fed. Cir. 2007) .............................................................................................. 6

*Gowan v. Stryker Corp.*,
   No. 20-cv-00339-BLF, 2021 WL 3403150 (N.D. Cal. Aug. 4, 2021) ................................... 13

*Grant v. Kamehameha Sch./Bernice Pauahi Bishop Est.*,
   No. 08-00555 DAE-LEK, 2009 WL 855831 (D. Haw. Mar. 30, 2009) ................................ 20

*Greene v. Sanders*,
   No. 1:09-cv-336-MJS (PC), 2010 WL 3271398 (E.D. Cal. Aug. 18, 2010) ........................... 5

*Guifu Li v. A Perfect Franchise, Inc.*,
   No. 5:10-CV-01189-LHK, 2011 WL 2971046 (N.D. Cal. July 21, 2011) .............................. 8

*Harris v. City of Santa Monica*,
   56 Cal.4th 203 (2013) ........................................................................................................... 17

**TABLE OF AUTHORITIES**
(continued)

Page

*Heyman v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*,
    No. 2:15-cv-01228-RFB-GWF, 2016 WL 11662274 (D. Nev. May 31, 2016) ...................... 5

*Holdbrook v. SAIA Motor Freight Line, LLC*,
    No. 09-cv-02870-LTB, BNB, 2010 WL 865380 (D. Colo. Mar. 8, 2010) ............................. 9

*Hunt v. San Diego Police Officer Spears*,
    No. 07cv355-BEN (CAB), 2008 WL 1832210 (S.D. Cal. April 23, 2008) ........................... 5

*J & J Sports, Inc. v. Terry Trang Nguyen*,
    No. C 11-05433 JW, 2012 WL 1030067 (N.D. Cal. Mar. 22, 2012) .................................... 16

*J & J Sports Prods. Inc. v. Bouton*,
    No. 12-CV-05762-RS, 2015 WL 12979116 (N.D. Cal. May 13, 2015) ................................ 15

*Jansen v. Travelers Com. Ins. Co.*,
    No. 16-cv-04834-JST, 2017 WL 607610 (N.D. Cal. Feb. 15, 2017) .............................. 17, 18

*Johnson v. Am. Home Mortg. Corp.*,
    No. SACV 16-01085 AG (KESx), 2017 WL 3579555 (C.D. Cal. July 17, 2017) ................ 20

*Kanaan v. Yaqub*,
    709 F. Supp. 3d 864 (N.D. Cal. 2023) ............................................................................ *passim*

*Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*,
    No. 22-cv-04947-PCP, 2024 WL 2984991 (N.D. Cal. June 14, 2024) .................................. 9

*Kirola v. City & Cnty. of San Francisco*,
    No. C 07-3685 SBA, 2011 WL 89722 (N.D. Cal. Jan. 11, 2011) .......................................... 4

*Kohler v. Flava Enters., Inc.*,
    779 F.3d 1016 (9th Cir. 2015) .......................................................................................... 8, 10

*Kohler v. Staples the Office Superstore, LLC*,
    291 F.R.D. 464 (S.D. Cal. 2013) .......................................................................................... 9

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000) ............................................................................................ 12

*LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*,
    No. 20-cv-07905-WHO, 2021 WL 2953237 (N.D. Cal. July 14, 2021) ............................... 14

*Lyons v. Alameda Health Sys.*,
    No. 20-cv-08088-HSG, 2021 WL 1312773 (N.D. Cal. Apr. 8, 2021) ................................. 14

*M.F. v. Pac. Pearl Hotel Mgmt. LLC*,
    16 Cal. App. 5th 693 (2017) ............................................................................................... 17

*McAllister v. Hawaiiana Mgmt. Co.*,
    No. 11-00056 DAE-KSC, 2012 WL 13168540 (D. Haw. Apr. 23, 2012) ..................... 3, 4, 6

*Moore v. Apple, Inc.*,
    73 F. Supp. 3d 1191 (N.D. Cal. 2014) ................................................................. 6

*Morton v. Twitter, Inc.*,
    No. CV 20-10434-GW-JEMx, 2021 WL 1181753 (C.D. Cal. Feb. 19, 2021) ........................ 4

*Murphy v. Trader Joe's*,
    No. 16-cv-02222-SI, 2017 WL 235193 (N.D. Cal. Jan. 19, 2017) ......................................... 15

*Olsen v. Hayes*,
    217 F.3d 845 (9th Cir. 2000).............................................................................. 3, 6

*Pac. Dental Servs., LLC v. Homeland Ins. Co. of N.Y.*,
    No. SACV 13-749-JST (JPRx), 2013 WL 3776337 (C.D. Cal. July 17, 2013) ...................... 9

*Pac. Digital Grp. v. Blue Media Mktg.*,
    No. 3:20-cv-197-AJB-BGS, 2021 WL 5768124 (S.D. Cal. Feb. 9, 2021) ............................ 10

*Passantino v. Johnson & Johnson Consumer Prod., Inc.*,
    212 F.3d 493 (9th Cir. 2000)............................................................................ 18

*Pub. Storage v. Burrus*,
    No. 8:23-cv-01190-FWS-DFM, 2024 WL 3513015 (C.D. Cal. June 7, 2024) ...................... 4

*Rheumatology Diagnostics Lab'y, Inc v. Aetna, Inc.*,
    No. 12-cv-05847-WHO, 2015 WL 3826713 (N.D. Cal. June 19, 2015) .............................. 15

*Rizo v. Yovino*,
    950 F.3d 1217 (9th Cir. 2020)............................................................................ 16

*Rockwell Automation, Inc. v. Beckhoff Automation, LLC*,
    23 F. Supp. 3d 1236 (D. Nev. 2014) ..................................................................... 9

*Roe v. City of San Diego*,
    No. 12-CV-0243-W-(WVG), 2013 WL 811796 (S.D. Cal. Mar. 8, 2013).............................. 9

*Romantine v. CH2M Hill Eng'rs, Inc.*,
    No. 09-973, 2009 WL 3417469 (W.D. Pa. Oct. 23, 2009) ....................................... 9

*Sample v. O'Hara*,
    481 F. App'x 319 (9th Cir. 2012) ......................................................................... 3

*Scott v. Fed. Bond & Collection Serv., Inc.*,
    No. 10-CV-02825-LHK, 2011 WL 176846 (N.D. Cal. Jan. 19, 2011) ................................... 7

*Shaterian v. Wells Fargo Bank, N.A.*,
    829 F. Supp. 2d 873 (N.D. Cal. 2011) ................................................................. 7

*Springer v. Fair Isaac Corp.*,
    No. 14-CV-02238-TLN-AC, 2015 WL 7188234 (E.D. Cal. Nov. 16, 2015)................. 10, 11

**TABLE OF AUTHORITIES**
(continued)

Page

*Starbuzz Tobacco, Inc. v. Saeed*,
    No. C 13-3837 SI, 2013 WL 6354438 (N.D. Cal. Dec. 5, 2013)............................................. 15

*Talbot v. Sentinel Ins. Co.*,
    No. 2:11-cv-01766-KJD-CWH, 2012 WL 1068763 (D. Nev. Mar. 29, 2012)...................... 4, 6

*Taylor v. O'Sullivan*,
    No. C13-1479-JCC, 2013 WL 6728822 (W.D. Wash. Dec. 20, 2013) ................................ 3, 6

*Tenser v. Ryan*,
    No. CV 19-05496-VBF (RAO), 2020 WL 4760192 (C.D. Cal. May 26, 2020) .................. 4, 6

*Tyco Fire Prods. LP v. Victaulic Co.*,
    777 F. Supp. 2d 893 (E.D. Pa. 2011) ........................................................................................ 9

*United States v. Ogden*,
    No. 20-cv-01691-DMR, 2021 WL 858467 (N.D. Cal. Mar. 8, 2021) .................................... 20

*United States v. Olano*,
    62 F.3d 1180 (9th Cir. 1995)................................................................................................... 20

*United States v. Sharlands Terrace LLC*,
    No. 3:04-CV-00292-LRH (VPC), 2006 WL 8442945 (D. Nev. Oct. 10, 2006) ...................... 5

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010)..................................................................................................... 7

*Winns v. Exela Enter. Sols., Inc.*,
    No. 4:20-CV-06762-YGR, 2021 WL 5632587 (N.D. Cal. Dec. 1, 2021) ........... 11, 15, 17, 18

*Wynes v. Kaiser Permanente Hosps.*,
    No. 2:10-cv-00702-MCE-EFB, 2013 WL 2449498 (E.D. Cal. June 5, 2013)......................... 4

*Wyshak v. City Nat'l Bank*,
    607 F.2d 824 (9th Cir. 1979)................................................................................................ 7, 10

*Yates v. Perko's Café*,
    No. C 1-00873 SI, 2011 WL 2580640 (N.D. Cal. June 29, 2011).............................................7

*Zody v. Microsoft Corp.*,
    No. C-12-00942-YGR, 2013 WL 2468250 (N.D. Cal. June 7, 2013) .................................... 11

**Statutes**

29 U.S.C. § 206(d)(1)...................................................................................................................... 15

**Codes**

Cal. Gov't Code § 12965(c)(3) ...................................................................................................... 13

**TABLE OF AUTHORITIES**
(continued)

**Page**

Cal. Lab Code §§ 2854, 2856, 2858, 2859 ........................................................................... 14

**Rules**

Fed. R. Civ. P. 7(a) ............................................................................................................ 12

Fed. R. Civ. P. 8(a)(2) ......................................................................................................... 9

Fed. R. Civ. P. 8(b)(1) ...................................................................................................... 19

Fed. R. Civ. P. 8(c) ........................................................................................................ 9, 14

Fed. R. Civ. P. 12 ..................................................................................................... *passim*

Fed. R. Civ. P. 15 ..................................................................................................... 5, 6, 7

**Other Authorities**

Model Rule of Professional Conduct 4.2 ............................................................................. 20

1    **I.    INTRODUCTION**

2           Now that the pleadings are complete and it is time to address the merits (or complete lack

3    thereof) of Plaintiff's claims, she refuses to do so, instead filing a motion that serves no purpose

4    other than to lash out at Defendants and waste the Court's resources. Plaintiff rejected Defendants'

5    attempts to meet and confer to resolve the issues she raises here. When Defendants offered to meet

6    and confer, and to amend their Answer if Plaintiff identified any defects, she refused even to

7    disclose the basis for her motion. Plaintiff's motion is procedurally improper, raises waived

8    arguments, and demonstrates ignorance of standard affirmative defenses in employment cases.

9           *First*, Plaintiff's contention that the Answer is untimely is itself untimely and waived, relies

10   on outdated case law, ignores established Ninth Circuit law confirming that motions to dismiss toll

11   the time to file an answer, and is contrary to this Circuit's authority that motions to strike or for

12   default judgment based solely on an allegedly untimely answer should be denied in favor of

13   resolving cases on their merits.

14          *Second*, Plaintiff's contention that the Answer fails to put her on fair notice of Defendants'

15   defenses is meritless. For example, in response to a defense that Plaintiff failed to exercise a

16   reasonable degree of skill in performing her job duties, Plaintiff argues lack of fair notice of the

17   basis of the defense. But her 104-page Amended Complaint is largely based on her performance

18   evaluations by multiple Kirkland partners, which resulted in the lowest possible performance rating

19   and termination of her employment.

20          *Third*, Plaintiff filed this Motion under her own signature despite being represented by

21   counsel of record. A party cannot engage in "hybrid representation" for the ethical and procedural

22   reasons discussed below. Plaintiff's Motion, which does not appear to be approved by her counsel

23   (because they are not even listed on the filing), should be denied as improper and unauthorized by

24   her counsel.

25          If despite these defects the Court is inclined to order additional factual support for the

26   affirmative defenses, Defendants request leave to file an Amended Answer.

27   **II.    STATEMENT OF RELEVANT FACTS**

28          Plaintiff worked for K&E for ten months, during which time her performance and the

quality of her work product was below the standards that the firm expects of its associates. On October 12, 2022, following her termination for poor performance, Plaintiff filed this sprawling lawsuit, which initially asserted 12 clams against K&E and/or individual K&E partners and their tax P.C.s. Dkt. 1. On December 19, 2022, Defendants filed motions to dismiss (Dkt. 29, 30, 31, 34, 35, 36), which the Court granted in part and denied in part on August 23, 2023 (Dkt. 92). Specifically, the Court dismissed:

- 3 of 12 claims against K&E;

- 9 of 11 claims against Mr. Deoras, Mr. De Vries, and Mr. Fahey;

- 11 of 12 claims against Mr. Alper; and

- All claims against Ms. Schmidt.

*Id*. After Plaintiff filed her Amended Complaint on September 20, 2023, the Parties filed a stipulation on September 26, 2023, allowing Defendants additional time to answer Plaintiff's Amended Complaint. Dkt. 95. The Court granted the stipulation on September 27, extending Defendants deadline to October 18, 2023. Dkt. 96. A week later, during the Case Management Conference on October 3, 2023, the Court stated a willingness to consider a motion to dismiss Plaintiff's Amended Complaint and advised Defendants to file a streamlined brief. *See* Declaration of Joseph C. Liburt ("Liburt Decl.") ¶ 4. Thus, on October 18, 2023, Defendants timely filed a motion to dismiss the Amended Complaint. Dkt. 102.

On September 10, 2024, the Court issued an Order granting in part and denying in part Defendants' motion to dismiss, which dismissed Plaintiff's defamation claim against all Defendants. Dkt. 140. Thus, eight claims against K&E and only a single claim (of the 11 or 12 originally asserted) against each of Mr. Alper, Mr. De Vries, Mr. Deoras, and Mr. Fahey remain.

Following the September 10 Order, Defendants timely answered the Amended Complaint on September 24, 2024. Dkt. 142; *see* FRCP 12(a)(4)(A). In October 2024, Plaintiff requested a 30-day extension to file a motion to strike the answer without providing any specifics. Defendants requested the basis for any such motion, and offered to amend the Answer if Plaintiff could identify anything legitimately defective in it. Dkt. 155 at 1-2. Plaintiff refused to provide any basis of her anticipated motion (*id.*), and instead sought an extension of time, which Defendants opposed (Dkt.

154, 155).

On October 15, 2024, Plaintiff signed and filed the instant Motion to Strike (*see* Dkt. 159 at 34) despite being represented by counsel (Dkt. 107 108, 109, 112). The Motion does not list her counsel, Filippatos PLLC and Hennig Kramer LLP, at all.

## III.    ISSUES TO BE DECIDED

1.  Should the Court strike Defendants' affirmative defenses when Plaintiff cites an inaccurate pleading standard, the affirmative defenses meet the correct standard, Plaintiff has not shown that any of the affirmative defenses are legally invalid, and Defendants have submitted an Amended Answer curing any alleged deficiencies?

2.  When the law clearly provides that filing a motion to dismiss tolls the deadline to answer, and Plaintiff has not pleaded or shown prejudice, should the Court strike Defendants' Answer and Affirmative Defenses and/or enter default judgment?

3.  Should the Court deny Plaintiff's Motion because Plaintiff improperly signed and filed the Motion herself even though she is represented by counsel?

## IV.    DEFENDANTS' ANSWER WAS TIMELY, AND PLAINTIFF'S MOTION TO STRIKE THE ANSWER AND AFFIRMATIVE DEFENSES AND/OR FOR DEFAULT JUDGMENT HAS NO BASIS IN APPLICABLE LAW

Defendants' Answer should not be stricken, and default is not appropriate because the Answer was timely. Even if it were untimely, courts in this Circuit routinely hold that an untimely answer, on its own, is not grounds to strike it or enter default judgment.

Federal Rule of Civil Procedure 12(a)(4) tolls the deadline to file an answer to a complaint (or an amended complaint) when a motion to dismiss has been filed. The answer is due "within 14 days after notice of the court's action [denying the motion]." Here, Rule 12(a)(4) applies because Defendant timely filed a motion to dismiss Plaintiff's Amended Complaint, which tolled the answer deadline until September 24, 2024—14 days after the Court's September 10 Order. *See Olsen v. Hayes*, 217 F.3d 845, at *2 (9th Cir. 2000) ("The timely filing of a motion to dismiss under Rule 12(b)(6) tolls the time allowed for filing an answer to the complaint."); *Sample v. O'Hara,* 481 F. App'x 319, 320 (9th Cir. 2012) (same); *Taylor v. O'Sullivan*, No. C13-1479-JCC, 2013 WL 6728822, at *2 (W.D. Wash. Dec. 20, 2013) (citing *Sample*); *McAllister v. Hawaiiana Mgmt. Co.*,

No. 11-00056 DAE-KSC, 2012 WL 13168540, at *2-3 & n.3 (D. Haw. Apr. 23, 2012) ("Here, Defendants have filed two motions to dismiss [plaintiff's third amended complaint]. Although the motions do not challenge all of the claims raised by Plaintiff, Defendants are not required to file an answer until 14 days after the court renders its decision on the motions. It is plain that Defendants are not in default.") (collecting cases) (internal citation omitted); *Morton v. Twitter, Inc*., No. CV 20-10434-GW-JEMx, 2021 WL 1181753, at *2 (C.D. Cal. Feb. 19, 2021) ("Under the federal rules, 'if a defendant files a motion pursuant to Rule 12, the time to file an answer is extended. This is true even if the motion addresses only some of the claims in the complaint,'" citing *McAllister*); *Talbot v. Sentinel Ins. Co.*, No. 2:11-cv-01766-KJD-CWH, 2012 WL 1068763, at *2, *5 (D. Nev. Mar. 29, 2012) ("Here, Defendants filed a timely Rule 12(b)(6) motion that does not challenge all of the claims raised by Plaintiff [in an amended complaint]. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendants are not required to file a responsive pleading on the unchallenged claims until 14 days after the court has rendered its decision on the motion.")

Even if the Answer had not been filed timely, courts routinely deny motions to strike such as this one. Indeed, "striking an answer as untimely opens the possibility of proceeding toward default judgment, 'which contravenes the established policies disfavoring motions to strike . . . and favoring the resolution of cases on their merits.'" *Pub. Storage v. Burrus*, No. 8:23-cv-01190-FWS-DFM, 2024 WL 3513015, at *3 (C.D. Cal. June 7, 2024) (citing *Kirola v. City & Cnty. of San Francisco*, No. C 07-3685 SBA, 2011 WL 89722, at *3 (N.D. Cal. Jan. 11, 2011)). For this reason, "federal courts in this and other circuits generally hold that the untimeliness of an answer, even if extreme, is not, by itself, a sufficient reason for granting a motion to strike." *Id.* (citing *Armenta v. Gipson*, No. 2:22-cv-00737-WBS-EFB (PC), 2024 WL 232175, at *1 (E.D. Cal. Jan. 22, 2024)); s*ee also Tenser v. Ryan*, No. CV 19-05496-VBF (RAO), 2020 WL 4760192, at *5 (C.D. Cal. May 26, 2020) ("even if the Court were to find that Defendants' motion to dismiss did not toll the time to answer, a default judgment would not be proper where Defendants' intent to defend the action is clear from their motion practice and activity in this case to date"); *Wynes v. Kaiser Permanente Hosps.*, No. 2:10-cv-00702-MCE-EFB, 2013 WL 2449498, at *1 (E.D. Cal. June 5, 2013) ("federal courts in this and other circuits generally hold that the untimeliness of an answer, even if extreme .

1   . . is not, by itself, a sufficient reason for granting a motion to strike"); *Cabral v. Supple, LLC*, No.

2   ED 12-00085-MWF (OPx), 2013 WL 12171760, at *1 (C.D. Cal. Feb. 12, 2013) (same); *Greene*

3   *v. Sanders*, No. 1:09-cv-336-MJS (PC), 2010 WL 3271398, at *1 (E.D. Cal. Aug. 18, 2010)

4   (denying motion for default judgment for failure to timely answer complaint: "Defendants had

5   appeared and defended against this action, [and] the entry of default is not appropriate"); *AT&T*

6   *Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1103 (N.D. Cal. 2008) (denying motion to strike

7   answer to counterclaims filed 170 days late); *Hunt v. San Diego Police Officer Spears*, No.

8   07cv355-BEN (CAB), 2008 WL 1832210, at *1 (S.D. Cal. April 23, 2008) (explaining an answer

9   to a second amended complaint "would have been premature" because defendants' motion to

10  dismiss was pending and rejecting Plaintiff's argument that defendants should be held in default).[1]

11         Plaintiff appears to argue that under Rule 15(a)(3),[2] the Answer is untimely because the

12  Court's September 23, 2023 Order set October 18, 2023 as the deadline for Defendants to file an

13  answer to the Amended Complaint, but Defendants filed a motion to dismiss in lieu of an answer.

14  As the law cited above makes clear, filing a motion to dismiss (as Defendants did here) clearly tolls

15  that deadline under Rule 12. Plaintiff's argument also ignores the fact that after the Court set the

16  October 18, 2023 deadline, the Court stated its willingness to consider a motion to dismiss and

17  advised Defendants to file a streamlined brief, and Defendants did so. Plaintiff did not object to

18

19  _____

20  [1] The cases Plaintiff cites are inapposite. *United States v. Sharlands Terrace LLC*, No. 3:04-CV-00292-LRH (VPC), 2006 WL 8442945, at *4 (D. Nev. Oct. 10, 2006) and *Fantasy, Inc. v. Fogerty*,
21  664 F. Supp. 1345, 1348 (N.D. Cal. 1987) did not involve a motion to dismiss an amended complaint. Instead, these cases involved a simple failure to answer to an amended complaint for
22  many months, without having filed a motion to dismiss at all. Thus Rule 12 did not apply. These cases are also against the weight of authority that holds untimeliness is not sufficient to strike an
     answer or enter default. As to *Heyman v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher*
23  *Educ.*, No. 2:15-cv-01228-RFB-GWF, 2016 WL 11662274, at *2 (D. Nev. May 31, 2016), it relies
24  on *General Mills* (discussed below), an out-of-Circuit case which is contrary to the overwhelming weight of authority in this Circuit, and on an outdated version of Rule 15(a).

25  [2] Rule 15(a)(3) provides that "***[u]nless the court orders otherwise***, any required response to an
26  amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." (emphasis added).
27  According to Plaintiff, the Court "order[ed] otherwise" when it granted the Parties' Stipulation to continue Defendants' answer deadline to October 18, 2023. For the reasons discussed above,
     Plaintiff is wrong. Under Rule 15, Defendants responded to the amended pleading by timely filing
28  the motion to dismiss. Thereafter, timing was governed by Rule 12.

1   Defendants filing a motion to dismiss instead of an answer, and thus waived her untimeliness

2   argument. *See Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014) (failure to raise

3   argument in opposition brief constitutes abandonment of argument). Nor did the Court deny the

4   Motion on the ground that it was unauthorized; instead, the Court substantively ruled on the Motion

5   in its September 10 Order, granting it in part (including to dismiss nearly half of the remaining

6   claims against the Individual Defendants). Thus, the Court's invitation to file a motion to dismiss,

7   and its decision to rule substantively on the Motion rather than denying it as unauthorized can only

8   properly be construed as an acknowledgment that the Motion was authorized. Consequently,

9   Defendants' time to answer was governed by Rule 12, as the law discussed above makes clear.

10          Next, Plaintiff contends that Rule 15 governs Defendants' time to answer because Rule 12

11  does not apply when a party moves to dismiss an ***amended*** pleading. Plaintiff is, again, incorrect.

12  Nothing in the language of Rule 12 states that it applies only to motions to dismiss an initial

13  complaint. As discussed above, Rule 12 ***does*** apply to motions to dismiss an amended pleading.

14  *See Olsen*, 217 F.3d 845, at *2 (amended complaint); *Tenser,* 2020 WL 4760192, at *4 (first

15  amended complaint)*; McAllister*, 2012 WL 13168540, at *1, *3 (third amended complaint); *Talbot*,

16  2012 WL 1068763, at *2, *5 (first amended complaint); *Taylor*, 2013 WL 6728822, at *1-2 (first

17  amended complaint). Plaintiff primarily relies on *General Mills, Inc. v. Kraft Foods Global, Inc.*,

18  487 F.3d 1368, 1376 (Fed. Cir. 2007), to argue that Rule 15 governed and that Rule 12's tolling

19  language does not apply. *General Mills*, however, is a Federal Circuit case[3] applicable to this action

20  (which is not subject to the Federal Circuit's jurisdiction) or binding on this Court, and courts in

21  this Circuit have already rejected Plaintiff's argument. In *Tenser*, 2020 WL 4760192, at *4, the

22  court analyzed *General Mills* and noted that Rule 15's language has been amended since 2007, and

23  that the current version did not support the plaintiff's argument:

24          In 2007, Rule 15(a) provided that "[a] party shall plead in response to an amended
            pleading within the time remaining for response to the original pleading or within
25          10 days after service of the amended pleading, whichever period may be longer,
            unless the court otherwise orders." *See General Mills*, 495 F.3d at 1379 (quoting the
26          version of Rule 15 at the time). Rule 15(a)(3) currently provides, "[u]nless the court

27  _____

28  [3] Plaintiff does not apprise the Court of the Ninth Circuit authority cited above plainly holding that
    a motion to dismiss tolls the time to answer.

orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Plaintiff's argument appears to rest on the language of the former version of Rule 15 that a party must "plead" in response to an amended pleading within a certain amount of time, and that a Rule 12 motion to dismiss is not a pleading. Because Rule 15 has since been amended, Plaintiff's argument loses force.[4]

For all these reasons, Plaintiff's Motion should be denied.

## V.    DEFENDANTS' AFFIRMATIVE DEFENSES SHOULD NOT BE STRICKEN

### A.    Legal Standard

The Federal Rules of Civil Procedure allow the Court to strike any "insufficient defense" or any "redundant, immaterial, impertinent, or scandalous matter" from any pleading. *See* Fed. R. Civ. P. 12(f). The essential function of a 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). However, "because they are often used as delaying tactics" and, given the "limited importance of pleadings in federal practice," motions to strike are disfavored. *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal. 2011). "A motion to strike should not be granted unless 'the matter to be stricken clearly could have no possible bearing on the subject of the litigation.'" *Id.* (citation omitted); *see also Scott v. Fed. Bond & Collection Serv., Inc.*, No. 10-CV-02825-LHK, 2011 WL 176846, at *5 (N.D. Cal. Jan. 19, 2011) ("because 12(f) motions to strike are often sought by the movant simply as a dilatory or harassing tactic, such motions are generally viewed with disfavor by the federal courts").

The Ninth Circuit does not require a defendant to plead affirmative defenses in detail. Rather, the test is whether the defendant has given "fair notice" to the plaintiff of the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the

---

[4] Plaintiff also contends that Rule 15 governs because Defendants' Answer identified Rule 15. However, that does not mean that Rule 12 does not apply. The plain language of Rule 12 and body of case law as discussed above establish that Rule 12(a)(4) applies, and Defendants timely filed their Answer on September 24, 2024.

sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.”). Under Ninth Circuit precent, “the ‘fair notice’ required by the pleading standards only requires describing the defense in ‘general terms.’” *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015).

For this reason, courts are particularly suspect of motions to strike affirmative defenses, and they will not grant such motions unless there is “no set of circumstances” to which the defense could apply because the defense has “no possible bearing” on the subject of the litigation. *See, e.g.*, *FDIC v. Munoz*, No. CV 11-04971 ODW (SSx), 2011 WL 4357186, at *2 (C.D. Cal. Sept. 19, 2011) (“To show that a defense is insufficient, the moving party must demonstrate that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.”); *Yates v. Perko’s Café*, No. C 1-00873 SI, 2011 WL 2580640, at *3 (N.D. Cal. June 29, 2011) (motion to strike should be denied unless “the matter to be stricken clearly could have no possible bearing on the subject of the litigation.”); *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2971046, at *1 (N.D. Cal. July 21, 2011) (“Because motions to strike a defense as insufficient are disfavored, they will not be granted if the insufficiency of the defense is not clearly apparent.”). “The burden of satisfying the stringent Rule 12(f) standard falls on the moving party.” *Crook v. San Bernardino Cnty. Sheriff’s Dep’t*, No. EDCV 23-02448 JVS (AS), 2024 WL 3469042, at *2 (C.D. Cal. June 13, 2024) (citation omitted).

## B.  Plaintiff Applies an Incorrect Pleading Standard

Plaintiff applies an erroneous pleading standard to Defendants’ affirmative defenses. Plaintiff contends that in general, “each of the affirmative defenses is comprised of conclusory statements that do not satisfy pleading standards under *Twombly*, and therefore must be struck.” Mot. at 7. As courts in this District have noted, however, “neither the Supreme Court nor the Ninth Circuit has considered whether the requirements set forth in [*Twombly* and *Iqbal*] also apply to a defendant’s affirmative defenses.” *Kanaan v. Yaqub*, 709 F. Supp. 3d 864, 867 (N.D. Cal. 2023). Courts within this District and elsewhere in the Ninth Circuit have repeatedly held that the *Twombly* and *Iqbal* standard does not apply to affirmative defenses. *Id.* (“[S]everal decisions from elsewhere within the Ninth Circuit hold [that the heightened pleading requirements do not apply to affirmative

defenses].") (collecting cases);[5] *Kawasaki Jukogyo Kabushiki Kaisha v. Rorze Corp.*, No. 22-cv-04947-PCP, 2024 WL 2984991, at *4 (N.D. Cal. June 14, 2024) ("Unlike counterclaims, affirmative defenses are not subject to the heightened pleading requirements set forth in . . . *Twombly . . . and Iqbal*….").[6]

This is because, "unlike a plaintiff who can usually freely amend her complaint if the Court finds that she fails to state a claim, a defendant is required to raise all affirmative defenses in her answer or otherwise risk waiving them." *Kanaan*, 709 F. Supp. 3d at 868. "[T]here is [also] a 'diminished concern that plaintiffs receive notice in light of their ability to obtain more information during discovery'" and "the risk that a defendant will 'unlock[ ] the doors of discovery' with additional defenses is reduced because it is 'unlikely that either side will pursue discovery on frivolous defenses.'" *Id.* (citation omitted).

The express terms of the Federal Rules of Civil Procedure similarly support this conclusion. Whereas "Rule 8(a)(2) requires that the party stating a *claim* for relief provide 'a short and plain statement of the claim *showing* that the pleader is entitled to relief,' [] Rule 8(c), on the other hand, only requires a responding party to '*affirmatively state*' its affirmative defenses." *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 468-69 (S.D. Cal. 2013) (emphasis in original). Because Rule 8(c) does not require the pleader to "show" entitlement to its defense, "[a]pplying

---

[5] *See, e.g.*, *Pac. Dental Servs., LLC v. Homeland Ins. Co. of N.Y.*, No. SACV 13-749-JST (JPRx), 2013 WL 3776337, at *2 (C.D. Cal. July 17, 2013) ("[T]here is good reason to conclude that *Twombly/Iqbal* do not apply to affirmative defenses, and an affirmative defense is sufficiently pled if it gives plaintiff fair notice of the defense."); *DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*, No. 12-CV-01454 BEN (DHB), 2013 WL 4026366, at *5 (S.D. Cal. Aug. 6, 2013) (concluding under *Wyshak*'s more lenient "fair notice" standard that *Iqbal* and *Twombly's* plausibility standard does not apply to affirmative defenses); *Roe v. City of San Diego*, No. 12-CV-0243-W-(WVG), 2013 WL 811796, at *3 (S.D. Cal. Mar. 8, 2013) (same).

[6] *See, e.g.*, *Allen v. RJC Inv., Inc.*, No. CV 17-166-BLG-TJC, 2019 WL 1254942, at *6 (D. Mont. Mar. 19, 2019); *Ameristar Fence Prod., Inc. v. Phoenix Fence Co.*, No. CV-10-299-PHX, DGC, 2010 WL 2803907, at *1 (D. Ariz. July 15, 2010); *Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 23 F. Supp. 3d 1236, 1241–42 (D. Nev. 2014); *Bank of Beaver City v. Sw. Feeders, L.L.C.*, No. 4:10CV3209, 2011 WL 4632887, at *5–6 (D. Neb. Oct. 4, 2011); *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011); *Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09-cv-02870-LTB, BNB, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010); *Romantine v. CH2M Hill Eng'rs, Inc.*, No. 09-973, 2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009); *First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.*, No. 08-cv-12805, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009).

the same standard of pleading to claims and affirmative defenses, despite this clear distinction in the rules' language, would run counter to the Supreme Court's warning in *Twombly* that legislative action, not 'judicial interpretation,' is necessary to 'broaden the scope' of specific federal pleading standards." *Id.* (citing *Twombly*, 550 U.S. at 569). Many courts have so held, including *Pac. Digital Grp. v. Blue Media Mktg.*, No. 3:20-cv-197-AJB-BGS, 2021 WL 5768124, at *4 (S.D. Cal. Feb. 9, 2021), which confirmed that "since *Twombly* and *Iqbal* were decided, the Ninth Circuit has continued to recognize the *Wyshak* fair notice standard. *See, e.g.*, *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)," rather than applying *Twombly/Iqbal* to affirmative defenses.

Accordingly, *Twombly* and *Iqbal* do not apply here, and "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Estate of Chivrell v. City of Arcata*, 694 F. Supp. 3d 1218, 1227 (N.D. Cal. 2023) (Gilliam, J.) (citing *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019)); *see id.* (applying "fair notice" standard and denying motion to strike affirmative defenses when "the true nature of the defense is apparent"); *see also Springer v. Fair Isaac Corp.*, No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *4 (E.D. Cal. Nov. 16, 2015) (citing *Ganley v. Cnty. of San Mateo*, No. C06-3923 TEH, 2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007) ("For well-established defenses, merely naming them may be sufficient.")); *see also Ganley*, 2007 WL 902551, at *2 ("The key to the sufficiency of a defense is notice: if, in naming a defense, Plaintiff is put on notice of Defendant's intent to pursue such a defense, it is sufficiently pleaded."). Defendants' answer does just that.

Given the nature of Plaintiff's claims against Defendants, Plaintiff cannot reasonably argue that she does not have fair notice of the bases for the affirmative defenses Defendants pled in the Answer, nor does she actually argue as much in any meaningful way in the Motion beyond mere conclusionary argument. Indeed, Plaintiff argues only that she lacks fair notice because "each of the affirmative defenses is comprised of conclusory statements that do not satisfy the pleading standards under *Twombly*, and therefore must be struck." *See* Mot. at 7.

The true nature of the affirmative defenses here is apparent, and they provide fair notice to Plaintiff. For example, Plaintiff challenges the defense that Plaintiff failed to exercise a reasonable degree of skill in performing her job duties (*see* ECF No. 142 at 45-46 – Sixth Affirmative Defense),

*see* Mot. at 19. But her 104-page Amended Complaint is based largely on her performance evaluations by multiple K&E partners, which resulted in the lowest possible performance rating and termination of her employment. Plaintiff plainly is on notice of the basis for this defense. The same is true of other defenses for which the factual basis is, in part, Plaintiff's poor performance as reflected in her performance reviews. *See, e.g.*, ECF No. 142 at 46-47 (Eleventh - Plaintiff's alleged injuries proximately caused by her failure to deal fairly, honestly and reasonably; Thirteenth - K&E would have taken same action(s) (and did in fact) based solely upon legitimate, non-discriminatory, non-retaliatory reasons; Fourteenth - Defendants not cause of any alleged damages); *Zody v. Microsoft Corp.*, No. C-12-00942-YGR, 2013 WL 2468250, at *8 (N.D. Cal. June 7, 2013) (denying motion to strike defense that indicated "Defendant will proffer a legitimate, nondiscriminatory reason for the ultimate adverse action"). Moreover, several defenses have been held apparent on their face, including unclean hands (Eighth) and failure to mitigate (Seventh). *See, e.g.*, *Springer*, 2015 WL 7188234, at *4 ("'Plaintiff is barred by the doctrine of unclean hands from asserting the claims, and each of them[,]' despite being vague and general, does put Plaintiff on notice of Defendant's intentions to claim an affirmative defense under the doctrine of unclean hands."); *Winns v. Exela Enter. Sols., Inc.*, No. 4:20-CV-06762-YGR, 2021 WL 5632587, at *5 (N.D. Cal. Dec. 1, 2021) ("Courts routinely permit the pleading of a failure to mitigate defense without specific factual allegations prior to the completion of discovery."). The true nature is also apparent for affirmative defenses regarding extraterritorial application of California law (Second), no forced waiver of attorney-client privilege/attorney work product communications/claims barred (Third), failure to exhaust administrative remedies (Fourth), reasonable care to prevent/failure to take advantage (Fifth), wage differentials due to factor(s) other than sex (Tenth), statutes of limitation (Twelfth), workers compensation preemption (Fifteenth), punitive damages would violate Constitutions (Sixteenth), and lack of standing to obtain equitable relief (Seventeenth). *Defendants* have "affirmatively stated" their defenses, and Plaintiff cannot meet her burden of showing that the defenses cannot succeed under any circumstances. As described in more detail below, Defendants' affirmative defenses should not be stricken.

      If the Court finds that any of Defendants' affirmative defenses are insufficiently pled,

Defendants request leave to file an amended Answer. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("[A] district court 'should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'") (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## C.    The Affirmative Defenses are Legally Sufficient and Should Not Be Stricken

In addition to arguing that each affirmative defense should be stricken due to alleged insufficient pleading, Plaintiff also contends that the Court should strike the First, Second, Third, Fifth, Sixth, Eighth thru Eleventh, and Thirteenth thru Seventeenth Affirmative Defenses because they purportedly suffer from "incurable defects." Mot. at 6. Plaintiff does so largely on the ground that these defenses are not in fact affirmative defenses, but rather they allegedly "seek[] to show a defect in Plaintiff's prima facie case by alleging failure to state a claim" or are otherwise "not a valid affirmative defense." *See id.* at 6-7, 9-11. Plaintiff's contentions are erroneous.

### *First Affirmative Defense (Failure to State a Claim)*

Plaintiff contends that the "First Affirmative Defense should be struck because it seeks to show a defect in Plaintiff's prima facie case by alleging failure to state a claim." Mot. at 7. But in this District courts "allow[ed] failure to state a claim to be asserted as a defense in an answer." *See Kanaan*, 709 F. Supp. 3d at 869. Indeed, the "Federal Rules specifically permit an averment of failure to state a claim to be raised as an affirmative defense," and "it is well-settled that a party can set forth the defense of failure to state a claim as an affirmative defense." *Id.* (quoting *Cintron Beverage Grp., LLC v. Despersia*, No. 07-3043, 2008 WL 1776430, at *2 (E.D. Pa. Apr. 18, 2008)); *see also* Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised. . . in any pleading allowed or ordered under Rule 7(a)"). In any event, there is "little practical significance" in striking this defense or leaving it because Defendants "would be able to challenge [Plaintiff's] satisfaction of [her] burden to state a valid claim by motion or at trial whether or not [the] answer included [the defense]." *Kanaan*, 709 F. Supp. 3d at 870.

### *Second Affirmative Defense (Extraterritoriality)*

Plaintiff misses the point in contending that the "Second Affirmative Defense should be struck because it improperly attacks venue, which argument Defendants have waived by not

including it on one of seven motions to dismiss." Mot. at 8 (citing Cal. Gov't Code § 12965(c)(3)). This defense is not about venue. It is about whether California law applies to a Plaintiff who never worked or lived in California. "[T]he law is clear that FEHA does not apply extraterritorially." *Gowan v. Stryker Corp.*, No. 20-cv-00339-BLF, 2021 WL 3403150, at *7 (N.D. Cal. Aug. 4, 2021). Plaintiff does not allege – nor can she – that she ever lived or worked in California, and her Complaint contains no allegations of any allegedly unlawful conduct happening to her while she was in California (*see* Am. Compl. ¶¶ 100-118, 220). FEHA does not apply to Plaintiff, and this defense does.

### *Third Affirmative Defense (Attorney-Client Privilege)*

Plaintiff contends that the "Third Affirmative Defense should be struck without leave to amend because the Defendants' conclusory assertion that allegations in Plaintiff's complaint and Defendants' conduct are "privileged" is not a valid affirmative defense." Mot. at 9 (citing *Dodson v. CSK Auto, Inc.*, No. 2:13-cv-00346-GEB-AC, 2013 WL 3942002, at *3 (E.D. Cal July 30, 2013) (addressing "Privileged or Justified Conduct" defense). Plaintiff misapprehends the Third Affirmative Defense. This defense is not alleging that Defendants' *conduct* was privileged, it is alleging that the documents and communications on which Plaintiff seeks to base her claims are attorney-client privileged, and to the extent they are, Plaintiff cannot use them to support her claims. *See General Dynamics Corp. v. Super. Ct.*, 7 Cal.4th 1164, 1190 (1994) (When the elements of a claim "cannot . . . be fully established without breaching the attorney-client privilege, the suit must be dismissed in the interest of preserving the privilege."). Plaintiff's contention is aimed at a different defense than what Defendants have pled.

Here, both the Answer and the extensive briefing that has occurred so far make clear that proving or disproving Plaintiff's claims will involve documents and communications that are protected by attorney-client privilege and/or attorney work product; Plaintiff was an attorney, and a central issue is the quality of her legal work for clients. Plaintiff is not the holder of the privilege, and neither K&E nor its clients has not waived any privilege.

1

### *Fifth Affirmative Defense (K&E Exercised Reasonable Care to Prevent/Correct)*

2          Plaintiff contends that the "Fifth Affirmative Defense should [] be struck with prejudice

3   because it is tantamount to a 'no causation' argument, which is not a valid affirmative defense."

4   Mot. at 10 (citing *LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*, No. 20-cv-07905-WHO,

5   2021 WL 2953237, at *5 (N.D. Cal. July 14, 2021)). Plaintiff is incorrect; "an argument 'regarding

6   the lack of causation[]'' . . . is a valid affirmative defense." *Kanaan*, 709 F. Supp. 3d 864. Moreover,

7   Defendants are here asserting a well-established defense in Title VII cases: an affirmative defense

8   to liability or damages exists where an employer shows: "(a) that the employer exercised reasonable

9   care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff

10  employee unreasonably failed to take advantage of any preventive or corrective opportunities

11  provided by the employer or to avoid harm otherwise." *Burlington Indus., Inc. v. Ellerth*, 524 U.S.

12  742, 765 (1998); *Lyons v. Alameda Health Sys.*, No. 20-cv-08088-HSG, 2021 WL 1312773, at *4

13  (N.D. Cal. Apr. 8, 2021) (noting that "authorities discussing any alleged failure to prevent [claim]

14  under federal law appear to address the issue in the context of an affirmative defense."). Here,

15  Plaintiff's claims are completely baseless; there was no harassing or discriminatory behavior and

16  Plaintiff never alleged any such conduct until after she was terminated for poor performance. But

17  even if Plaintiff had evidence of misconduct (she has none), K&E had appropriate policies and

18  procedures in place to address such conduct and Plaintiff did not take advantage of any of them

19  until after K&E told her she was being terminated.

20

### *Sixth Affirmative Defense (Plaintiff Failed to Use Ordinary Care and Diligence)*

21          Plaintiff misconstrues Defendants' sixth affirmative defense and argues that it "should also

22  be struck with prejudice because it seeks to attack a purported defect in Plaintiff's claims, i.e., that

23  she failed to act reasonably, which is not a valid affirmative defense." Mot. at 11. Plaintiff cites

24  cases finding that "no causation" is not a proper affirmative defense because it is directed towards

25  an element of a plaintiff's *prima facie* case. *Id.* These cases are inapposite because Defendants do

26  not challenge causation with this defense. Instead, Defendants rely upon California statutes that

27  impose duties on Plaintiff, which, if violated, serve as a defense. *See* Cal. Lab Code §§ 2854, 2856,

28  2858, 2859. Under Rule 8(c), an "affirmative defense is a defense that does not negate the elements

1    of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's

2    claim are proven." *Starbuzz Tobacco, Inc. v. Saeed*, No. C 13-3837 SI, 2013 WL 6354438, at *1

3    (N.D. Cal. Dec. 5, 2013). These statutes fall squarely into that category.

4                    ***Eighth Affirmative Defense (Unclean Hands/After-Acquired Evidence)***

5            Plaintiff contends that "the Court must strike Defendants' Eight Affirmative Defense

6    because Defendants failed to 'prove that (1) plaintiff engaged in inequitable conduct, and (2) such

7    conduct is directly related to plaintiff's claim." (citing *J & J Sports Prods. Inc. v. Bouton*, No. 12-

8    CV-05762-RS, 2015 WL 12979116, at *2 (N.D. Cal. May 13, 2015)). Defendants do not have to

9    "prove" their defenses at the pleading stage. Plaintiff further contends that these defenses are

10   invalid "because Congress has authorized broad equitable relief under Title VII, which is designed

11   to advance important public policies of preventing discrimination and retaliation in the workplace,"

12   but she cites no authority holding that these defenses are unavailable in either a Title VII or FEHA

13   action, or in defense of her IIED claim. *See* Mot. at 13. Instead, the weight of authority holds that

14   unclean hands is indeed a "typical and well established affirmative defense[]" that applies to

15   Plaintiff's claims. *Winns*, 2021 WL 5632587, at *3 (FEHA claims); *see also Baird v. Off. Depot*,

16   No. C-12-6316 EMC, 2014 WL 2527114, at *2 (N.D. Cal. June 4, 2014) (FEHA claims: noting

17   that "three ***affirmative defenses*** survive[d]" following the court's order on defendant's motion for

18   summary judgment, including unclean hands) (emphasis added).

19           Plaintiff's contention also fails as to Defendants' after-acquired evidence defense, which is

20   "considered an affirmative defense." *Murphy v. Trader Joe's*, No. 16-cv-02222-SI, 2017 WL

21   235193, at *3 (N.D. Cal. Jan. 19, 2017). "The after-acquired evidence defense enables a defendant

22   to limit damages if discovery reveals the plaintiff committed a terminable offense before the alleged

23   wrongful termination." *Id.* "The nature of this defense prevents a defendant from answering with

24   specific facts, because the inquiry is whether discovery might plausibly reveal a terminable

25   offense." *Id.* Even if these defenses were insufficient to entirely bar liability, "[t]o the extent the

26   defense[s] [are] asserted against [Plaintiff's] remedies," "the motion [should be] denied." *See*

27   *Rheumatology Diagnostics Lab'y, Inc v. Aetna, Inc.*, No. 12-cv-05847-WHO, 2015 WL 3826713,

28   at *8 (N.D. Cal. June 19, 2015) (declining to grant motion to strike unclean hands defense in full

because it bears on a plaintiff's alleged damages). Accordingly, Plaintiff's motion to strike this affirmative defense fails. *See id.* (rejecting argument that "defendant's after-acquired evidence defense fails because a defendant does not state any facts."). *See also Baird*, WL 2527114, at *2 (noting that "three *affirmative defenses* survive[d]" following the court's order on defendant's motion for summary judgment, including after-acquired evidence) (emphasis added).

### Tenth Affirmative Defense (Any Wage Differentials Due to Factors Other Than Sex)

Plaintiff contends that the "Tenth Affirmative Defense should be struck without leave to amend because it attacks a deficiency of an element of Plaintiff's EPA claims, which is improper." Mot. at 15 (citing *J & J Sports*, *Inc. v. Terry Trang Nguyen*, No. C 11-05433 JW, 2012 WL 1030067, at *3 (N.D. Cal. Mar. 22, 2012)). However, this defense is not an attack on a deficiency of an element of Plaintiff's EPA claim; it is expressly provided in the statute which identifies as an affirmative defense "a differential based on *any other factor other than sex*." *Rizo v. Yovino*, 950 F.3d 1217, 1222 (9th Cir. 2020) (citing 29 U.S.C. § 206(d)(1)).

### Eleventh Affirmative Defense (Damages Proximately Caused by Plaintiff)

Plaintiff contends that the "Eleventh Affirmative Defense . . ., must be struck as immaterial and impertinent because the assertion of comparative fault has no apparent relation to Plaintiff's Title VII and FEHA claims," and it "is not a proper affirmative defense." Mot. at 14-15. Plaintiff's contention rests on the incorrect assumption that the defense amounts to a basic denial of liability. *See id.* ("The affirmative defense should also be struck with prejudice because it is based on an argument that Plaintiff's harm was 'proximately caused' by Plaintiff's conduct, not Defendants' conduct."). Not so. Because this defense is premised on Defendants' actions not being the proximate cause of Plaintiff's alleged damages, it "is an argument 'regarding the lack of causation,' which is a valid affirmative defense." *Kanaan*, 709 F. Supp. 3d at 870.

### Thirteenth Affirmative Defense (Legitimate, Non-Discriminatory, Non-Retaliatory Reasons)

Plaintiff contends this affirmative defense should be struck with prejudice because "the sole authority cited by Defendants in the Thirteenth Affirmative Defense explains that it 'does not provide a complete defense to liability" in Title VII cases and is thus not a proper affirmative

defense." Mot. at 17. Despite Plaintiff's long string cite to inapplicable cases, the Ninth Circuit has made clear that "[t]he 1991 Act . . . provided an *affirmative defense* [to Title VII claims] that limits the remedies if an employer demonstrates that it would have nonetheless made the 'same decision.'" *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 847 (9th Cir. 2002) (emphasis added).

"Even if there is a finding of discrimination or retaliation," "Defendant's same decision defense would preclude plaintiff's monetary damages" and therefore "Plaintiff has not offered a proper basis to strike the same decision defense." *Winns*, 2021 WL 5632587, at *6 (denying motion to strike same decision defense). *See also Harris v. City of Santa Monica*, 56 Cal.4th 203 (2013) (similar defense under FEHA).

### Fourteenth Affirmative Defense (Cause-In-Fact)

Plaintiff contends the "Fourteenth Affirmative Defense should be struck with prejudice because it is based on an improper argument that Defendants were not 'the cause in fact or legal cause of the damages . . . suffered by Plaintiff.'" Mot. at 18. Plaintiff further contends that "[t]his Court has made clear that this type of defense is not an affirmative defense." *Id.* (citing *Jansen v. Travelers Com. Ins. Co.*, No. 16-cv-04834-JST, 2017 WL 607610, at *3 (N.D. Cal. Feb. 15, 2017)). But the Ninth Circuit has confirmed that, in relation to claims regarding "an unlawful employment practice," defendants "may assert an affirmative defense to bar certain types of relief by showing the absence of 'but for' causation," although they may not avoid liability altogether for lack of causation. *Costa*, 299 F.3d at 848.

### Fifteenth Affirmative Defense (Recovery Barred by Workers' Compensation Exclusivity)

Plaintiff contends that this defense "also must be struck as an improper affirmative defense because there is no legal or factual basis to contend that Plaintiff's federal (or other) claims are preempted by state works' compensation." Mot. at 19-20. Plaintiff is incorrect. "Generally, the right to recover workers' compensation benefits is the exclusive remedy for an employee against an employer for a workplace injury." *M.F. v. Pac. Pearl Hotel Mgmt. LLC*, 16 Cal. App. 5th 693, 699 (2017). Notwithstanding this Court's motion to dismiss order on Plaintiff's IIED claim, which Plaintiff cites in support of her argument, "there is not unanimous agreement among the California Courts of Appeal on this issue," *Carrico v. CNA Insurance*, No. LA CV18-01445 JAK (JPRx),

1   2020 WL 5797698, at *9 (C.D. Cal. June 1, 2020); consequently, Defendants should not be

2   precluded from asserting it as an affirmative defense and preserving it for potential future argument,

3   which is all they are trying to do.

4          ***Sixteenth Affirmative Defense (Punitive Damages)***

5          Plaintiff contends that the "Sixteenth Affirmative Defense must be struck without leave to

6   amend because it explicitly contends that Plaintiff failed to plead facts to support punitive

7   damages," which "is tantamount to asserting a failure to state a claim for relief, which is not an

8   affirmative defense." Mot. at 20-21. This argument is wrong in all respects. First, as explained

9   above, courts in this District "allow failure to state a claim to be asserted as a defense in an answer."

10  *Kanaan*, 709 F. Supp. 3d at 869. And the Ninth Circuit has held that defendants "may . . . establish

11  an affirmative defense to punitive damages liability," including by showing "they have a bona fide

12  policy against discrimination." *Passantino v. Johnson & Johnson Consumer Prod.*, Inc., 212 F.3d

13  493, 516 (9th Cir. 2000). Second, Plaintiff ignores the portion of this defense stating that "any

14  award of punitive damages in this case would violate the due process, equal protection and

15  excessive fines provisions of the California and United States Constitutions." *See* ECF No. 142 at

16  47.

17         Like Plaintiff here, the plaintiff in *Kanaan v. Yaqub* argued that an assertion that punitive

18  damages were unavailable was improper because it served only to negate an element of the

19  plaintiff's *prima facie* case. 709 F. Supp. 3d at 870. The court declined to strike the defense, noting

20  the "general policy against striking relevant portions of pleadings" and finding an "affirmative

21  defense that punitive damages are unavailable is clearly material to the case." *Id.* (citation omitted).

22  Here, where Plaintiff alleges—in an entirely conclusory fashion—she is entitled to punitive

23  damages for each claim she asserts, the defense should not be stricken. *See, e.g.*, *Jansen*, 2017 WL

24  607610, at *3 (declining to strike affirmative defense regarding unconstitutionality of punitive

25  damages); *see also Winns*, 2021 WL 5632587, at *6 (denying motion to strike punitive damages

26  defense because "Plaintiff's motion is concerned with the defendant's conduct as applied to the

27  facts of this case and not the sufficiency of the responsive pleading.").

28

1    *Seventeenth Affirmative Defense (Equitable Relief/Standing)*

2          Plaintiff contends that the "Seventeenth Affirmative Defense must be struck without leave

3    to amend because . . . [s]uch an argument asserts a defense based on failure to state a claim, which

4    is not an affirmative defense." Mot. at 20. As discussed above, failure to state a claim is an

5    appropriate affirmative defense. Regardless, "Rule 8(b)(1)'s requirement that a defendant state its

6    defense to the plaintiff's claims . . . is not limited to affirmative defenses, and Rule 12(h)

7    characterizes lack of subject matter jurisdiction (of which lack of standing is one form) as a 'legal

8    defense' by including it under the heading 'Waiving and Preserving Certain Defenses.'" *Kanaan*,

9    709 F. Supp. 3d at 869 (citing Fed. R. Civ. P. 12(h)). Moreover, as "a former employee of

10   Defendant, Plaintiff lacks standing to sue for injunctive relief." *Byrd v. Masonite Corp.*, 215 F.

11   Supp. 859, 865 (C.D. Cal. 2016); *see also Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 818

12   (N.D. Cal. 2015) (plaintiff lacked standing to pursue injunctive relief because plaintiff was no

13   longer employed by defendant and did not allege facts indicating intent to return to work for

14   defendant); *see also Furtado v. United Rentals Inc.*, No. 14-cv-04258-YGR, 2015 WL 4452502, at

15   *8 (N.D. Cal. July 20, 2015) (granting motion to dismiss plaintiff's claims for injunctive and

16   equitable relief under FEHA where, as here, Plaintiff "fails to even suggest that [her alleged] injury

17   is likely to be redressed by the injunctive and equitable relief sought."). Accordingly, Defendants

18   are "entitled to assert lack of standing as a defense in [their] answer," and that it is labeled an

19   "affirmative" defense makes no difference. *Id.* (striking only "affirmative" from defendant's

20   characterization of the defense by denying motion to strike as to that defense in all other respects).

21   *Reservation of Right to Assert Additional Defenses*

22          Finally, Plaintiff's argument that the "Court should strike Defendants' entire statement

23   under the 'Affirmative Defenses' heading…, because it is not an affirmative defense" (Mot. at 18),

24   misses the mark and exemplifies Plaintiff's persistence in raising arguments that do not and will

25   not affect the merits of this case. As is clear from Defendants' Answer, they do not assert their

26   reservation of rights as an independent "affirmative defense." Rather, Defendants' reservation of

27   rights is an introductory paragraph in which Defendants, as litigants routinely do, make a statement

28   to avoid waiving the right to assert any future defenses as they become apparent through discovery.

1    In any event, Defendants have "the right to move to add affirmative defenses regardless of whether

2    [they] specifically reserve[] that right in the answer," *United States v. Ogden*, No. 20-cv-01691-

3    DMR, 2021 WL 858467, at *4 (N.D. Cal. Mar. 8, 2021). Accordingly, there is no need or basis for

4    the striking of this statement and, even if reservation of rights is deemed unnecessary, this Court

5    should "evaluate the appropriateness of additional defenses if and when [Defendants] seeks to add

6    them." *G & G Closed Cir. Events, LLC v. Benjamin*, No. 22-cv-04144-SI, 2023 WL 2934930, at

7    *4 (N.D. Cal. Apr. 12, 2023).

8    **VI.    THE LAW DOES NOT PERMIT HYBRID REPRESENTATION**

9            By filing this Motion under her own signature and with her ECF login credentials, Plaintiff

10   impermissibly seeks to represent herself while also appearing through her counsel of record,

11   Filippatos PLLC and Hennig Kramer LLP. Plaintiff does so in contravention of law and the Court's

12   instruction to Plaintiff at the October 8, 2024 Case Management Conference to communicate with

13   the Court through her attorney (Liburt Decl. ¶ 6).

14           It is Plaintiff's decision whether to proceed pro se or through counsel; here, Plaintiff has

15   chosen to be represented by counsel. She is not entitled to "hybrid representation" where she acts

16   both through counsel of record and herself as a pro se litigant because it creates ethical and

17   procedural concerns. *See Johnson v. Am. Home Mortg. Corp.*, No. SACV 16-01085 AG (KESx),

18   2017 WL 3579555, at *1 (C.D. Cal. July 17, 2017) (court refused to consider "hybrid

19   representation" request by pro se plaintiff who had appeared through counsel, recognizing that

20   "[c]ourts are generally loathe to permit the sort of 'hybrid representation' that is happening here")

21   (citing *United States v. Olano*, 62 F.3d 1180, 1193 (9th Cir. 1995)).

22           For example, Model Rule of Professional Conduct 4.2 provides that "a lawyer shall not

23   communicate about the subject of the representation with a person the lawyer knows to be

24   represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer

25   or is authorized by law to do so by law or a court order." Here, Defendants' counsel has neither the

26   consent of Plaintiff's counsel nor the Court to communicate with Plaintiff; moreover, Plaintiff's

27   continued efforts to inject herself as co-counsel, including in filings made without her actual

28   counsel, may have the practical effect of hampering the administration of the case. Thus, in *Grant*

*v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, No. 08-00555 DAE-LEK, 2009 WL 855831, at *1 (D. Haw. Mar. 30, 2009), the court held the plaintiff/attorney's pro hac vice application, made while he was also represented by counsel, was not appropriate "because it would impair the prompt, fair, and ethical administration of justice in this case because Plaintiff will likely be the key witness in this case." In short, Plaintiff is not entitled to hybrid representation under the law. She has chosen to appear through counsel, and thus the Motion to Strike she signed and filed under her own name and without any mention of her counsel should be denied or stricken on that basis alone.

## VII.    CONCLUSION

Defendants respectfully request that the Court issue an Order denying Plaintiff's Motion. In the alternative, Defendants request leave to file an Amended Answer.

By: _____
Joseph C. Liburt
Attorneys for Defendants
KIRKLAND & ELLIS LLP, MICHAEL
DE VRIES, MICHAEL W. DE VRIES,
P.C., ADAM ALPER, ADAM R.
ALPER, P.C., AKSHAY DEORAS,
AKSHAY S. DEORAS, P.C., AND
MARK FAHEY