1  [counsel on next page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| ZOYA KOVALENKO, | Case No. 4:22-cv-05990-HSG-TSH |
|---|---|
| *Plaintiff*, | **STATUS UPDATE REGARDING DISCOVERY DISPUTE LETTER CONCERNING DEFENDANT KIRKLAND & ELLIS LLP'S DISCOVERY REQUESTS TO PLAINTIFF AND PROTECTIVE ORDER** |
| v. | |
| KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY, | |
| | Judge: Magistrate Judge Thomas S. Hixson |
| | Date:  November 6, 2024 |
| *Defendants*. | Time:  2:00 p.m. |

1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  JOSEPH C. LIBURT (STATE BAR NO. 155507)
   jliburt@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025-1015
   Telephone: +1 650 614 7400
5  Facsimile: +1 650 614 7401

6  KATE JUVINALL (STATE BAR NO. 315659)
   kjuvinall@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   355 S. Grand Ave., Suite 2700
8  Los Angeles, CA 90071
   Telephone: +1 213 629 2020
9  Facsimile: +1 213 612 2499

10 MARK THOMPSON (Admitted *pro hac vice*)
   mthompson@orrick.com
11 ORRICK, HERRINGTON & SUTCLIFFE LLP
   51 W 52nd St.
12 New York, NY 10019
   Telephone: +1 212 506 5000
13 Facsimile: +1 212 506 5151

14 Attorneys for Defendants

15 Tanvir H. Rahman (admitted *pro hac vice*)
   FILIPPATOS PLLC
16 199 Main Street, Suite 800
   White Plains, NY 10601
17 Tel.: 914 984 1111
   trahman@filippatoslaw.com
18
   Samuel M. Brown (State Bar No. 308558)
19 HENNIG KRAMER LLP
   3600 Wilshire Blvd, Suite 1908
20 Los Angeles, CA 90010
   Tel.: +1 213 310 8301
21 Fax: +1 213 310 8302
   sam@employmentattorneyla.com
22
   *Attorneys for Plaintiff Zoya Kovalenko*
23

24

25

26

27

28

STATUS UPDATE RE: JT DISC. DISPUTE LETTER
RE: DEF. K&E'S DISCOVERY TO PL.

NO. 4:22-CV-05990-HSG

Defendant Kirkland & Ellis LLP and Plaintiff submit this joint status update regarding the Parties' joint letter on discovery disputes about (1) K&E's Requests for Production of Documents, Set One ("RFPs"), and Interrogatories, Sets One and Two ("ROGs") to Plaintiff.

### K&E's Statement Regarding Status of the Dispute

During the discovery hearing on October 8, 2024, the Court ordered Plaintiff to supplement her written discovery responses. K&E identifies the remaining areas of dispute:

**Interrogatories, Set Two**:

Interrogatories 13 and 16 ask Plaintiff to identify the "male comparator associates" and "other interested parties" referenced in paragraphs 132 and 168 of the Complaint, respectively. Plaintiff supplemental responses are vague, and it is unclear whether they are complete. For example, in response to Interrogatory 13, Plaintiff responds that the "male comparator associates" include "at least Samuel Blake and Andrew Walter … and Kyle Calhoun." These interrogatories do nothing more than ask Plaintiff to identify the individuals to whom she affirmatively refers in her Complaint *of whom she is aware*. Plaintiff must amend her responses to either provide the identities of additional individuals, or state she has provided a complete response.[1]

Interrogatory 21 asks Plaintiff to identify individuals with whom she has communicated about this lawsuit. Plaintiff initially objected based on overbreadth, undue burden, and vagueness, and has since refused to supplement her response to provide responsive information. Interrogatories asking Plaintiff to identify witnesses are routine. *Plumbers & Pipefitters Loc. 572 Pension Fund v. Cisco Sys., Inc.*, 2005 WL 1459555, at *5 (N.D. Cal. June 21, 2005) ("With respect to the amended Interrogatories Nos. 2-13 which request Plaintiffs to 'IDENTIFY all PERSON(S) (and all DOCUMENTS) who [Plaintiffs] contend to have information supporting' particular allegations, the Court finds that these are proper."); *Miller v. Ventro Corp.*, 2004 WL 868202, at *2 (N.D. Cal. Apr. 21, 2004) (compelling disclosure of witness identities); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 340 (N.D. Cal. 1985) (same). Plaintiff must amend

---

[1] Plaintiff's response includes various allegations about K&E's discovery efforts and recent document production. K&E denies Plaintiff's allegations, and notes that Plaintiff has not sought to meet and confer with K&E on its discovery responses.

her response to provide the identities of responsive individuals.

**Requests for Production, Set One:**

Plaintiff amended only a fraction of her RFP responses (as previously explained, the RFPs were mostly based on specific allegations in the lengthy Complaint). For the 171 RFP responses Plaintiff did not supplement, her original responses are still 1,000+ pages of boilerplate objections in which Plaintiff commits to nothing more than to "meet and confer regarding the scope." While K&E is always willing to meet and confer, Plaintiff first needs to describe what she is willing to do to comply with the requests. Despite K&E's diligent months'-long efforts to meet and confer, which began 12 months ago, Plaintiff has refused, and failed to amend her responses to provide compliant written responses, leaving K&E to speculate whether responsive documents exist and whether Plaintiff will produce them. *See* FRCP 34 (b)(2)(C), 26(e)(1)(A); *Tuggle v. City of Tulare*, 2021 WL 765273, at *6 (E.D. Cal. Feb. 26, 2021) (the Court required the Plaintiff to "supplement her response to the request for production identifying documents responsive to each request and if no responsive documents exist, then Plaintiff must state so with sufficient information to allow the Court to determine that a diligent search was conducted for responsive documents.").

At the same time, Plaintiff has continued to selectively produce documents.[2] For example, as K&E briefed in the Parties Joint Discovery Letter (Dkt. 139), RFPs 169-171 seek documents about Plaintiff's mitigation efforts. Plaintiff has produced only LinkedIn screen shots, and, because Plaintiff's written responses are deficient, K&E is unable to determine whether additional responsive documents exist, such as communications with recruiters or other search efforts. Plaintiff has refused to supplement her responses.

Plaintiff should be ordered to identify documents responsive to each request, and if no responsive documents exist, then Plaintiff must state so with sufficient information to allow the

---

[2] In Plaintiff's most recent productions on Oct. 28 and Nov. 1, 2024, she produced (1) emails, screenshots, and other case documents from her work at K&E that she improperly failed to return; (2) one page of the K&E anti-harassment policy; (3) three photos and one video of Plaintiff's apparent attempt to go to the EEOC field office during COVID to obtain her Right to Sue; (4) compensation records; and (5) apparent notes from a conversation between Plaintiff and a former K&E attorney in November 2021. Plaintiff's supplemental RFP responses do not identify which RFPs these documents are responsive to, further complicating K&E's attempts to determine whether Plaintiff's responses are complete or additional responsive documents exist.

Court to determine that a diligent search supervised by her counsel was conducted.

As to the limited RFP responses Plaintiff amended, two issues exist. ***First***, RFP 199 asks Plaintiff to produce "All DOCUMENTS that EVIDENCE the notes YOU prepared in anticipation of YOUR call with AKSHAY DEORAS on April 29, 2021." As K&E briefed in the Parties Joint Discovery Letter (Dkt. 139), Plaintiff produced a video recording of this call in which she is referencing handwritten notes, but she now alleges in her supplemental response that "Plaintiff has conducted a diligent, reasonable search material responsive to this Request and has not identified any such material." If that is indeed accurate, Plaintiff must further amend her discovery responses to state that she destroyed those notes and describe the circumstances relating to such destruction.

***Second***, to date, Plaintiff has failed to produce a privilege log under FRCP 26(b)(5) or confirm that she has no privileged documents in her possession, custody or control despite her obligations and K&E's requests that she do so. K&E requests that the Court order Plaintiff to produce a privilege log or confirm that she has no privileged documents in her possession, custody or control within two weeks of the Court's Order.

### Plaintiff's Statement Regarding Status of the Dispute

Plaintiff previously identified two male comparators and another male comparator in her supplemental ROG response. To the extent K&E seeks to compel a legal conclusion about comparators, Plaintiff objects to such a demand as improper. Plaintiff is entitled to receive discovery from Defendants regarding male associates to enable her to assess whether additional comparators exist. Defendants have provided no apparent documents regarding potential comparators, despite Plaintiff requesting the same.[3] For ROG 16, Plaintiff is not aware of other "interested partners" beyond the three partners identified in her original and supplemental responses. ROG 21 states: "Other than YOUR attorneys, IDENTIFY each individual with whom

---

[3] K&E recently dumped roughly **66,000** pages of purportedly responsive material, failing to identify to which, if any, of Plaintiff's RFPs any single document is responsive. Upon an initial review of these materials, it appears this production almost exclusively consists of documents that are irrelevant or are useless slip sheets bearing the word "PRIVILEGED." Based on Plaintiff's review of around 17,000 pages, Plaintiff has identified roughly 4,000 pages of irrelevant documents consisting of public legal documents, e.g., cases and briefs (sans annotations) pulled from Westlaw, which appear to be on the topic of securities law. Of the remaining 13,000 pages, roughly 85% are useless, wasteful slip sheets with the word "PRIVILEGED" or are blank pages.

YOU have COMMUNICATED about this case." Plaintiff maintains her prior objections to this woefully vague ROG. As Defendants are aware, a court in this Circuit has found that a nearly identical ROG was vague and unduly burdensome. *E.g.*, *Bilyeu v. City of Portland*, 2008 WL 4912048, at *2 (D. Or. Nov. 10, 2008) (ROG requiring identification of all persons with whom plaintiff had discussed incident deemed unduly burdensome and vague). Defendants rely on inapplicable case law. In *Plumbers,* the relevant ROGs were limited to requesting persons whom plaintiff believed had supporting information for **particular** allegations. *Plumbers* in no way supports the propriety of an unbounded ROG requesting that Plaintiff identify any person with whom she may have communicated "about this case." *Miller* and *Convergent* are inapplicable as they are limited to requests for specific witness identities. *Miller*, 2004 WL 868202, at *2 (identities of "highly relevant" witnesses); *Convergent*, 108 F.R.D. at 340 (limited to identities of witnesses with information regarding allegations in complaint). Plaintiff has already provided the type of information sought in *Plumbers*, *Miller* and *Convergent* by providing the identities of individuals/witnesses with information about allegations in the complaint. Plaintiff has appropriately supplemented her responses to address the RFPs Defendants raised with Plaintiff. Plaintiff addressed the inadvertent transcription error regarding the "possession, custody or control" language and made clear she had (and has) not withheld any documents based on this ministerial oversight. Plaintiff's responses are not "boilerplate" and include specific objections for each RFP, which were necessary to preserve her rights and address the obscenely expansive definitions and scope of Defendants' RFPs. Plaintiff has made multiple, substantial productions providing materials directly responsive to the RFPs. If there are specific RFPs that Defendants believe Plaintiff's productions fail to cover, it is their obligation to identify such RFPs. Only then will the parties be able to meet and confer in a meaningful fashion to address targeted discovery disputes.[4] *Tuggle* is wholly inapposite. In *Tuggle*, the relevant plaintiff merely responded to RFPs by stating she would provide documents on a flash drive and was unable to locate any other documents and did not respond to the interrogatories. *Tuggle*, 2021 WL 765273, at *2, 5 (E.D. Cal.). Saliently, *the plaintiff never provided any flash drive and also waived their objections by*

---

[4] Plaintiff rejects Defendants' falsehood that she has refused to meet and confer for months.

1  *failing to respond to the motion to compel. Id.* at *3, 5. Conversely, here Plaintiff has produced
2  thousands of pages of discovery responsive to the 202 RFPs, and Plaintiff has not waived any
3  objections. Thus, it is indisputable that *Tuggle*'s basis for concluding that plaintiff's RFP responses
4  were "inadequate to find that she made a diligent attempt to produce responsive documents" is not
5  present here. Besides *Tuggle*, Defendants provide no legal support for their demand that Plaintiff
6  "identify documents responsive to each [202 RFP] request[s]" and/or amend RFP responses,
7  including to add specific information regarding Plaintiff's search efforts. Defendants cannot
8  identify any legally cognizable deficiency with Plaintiff's discovery efforts.[5] Plaintiff's diligent
9  efforts to produce nearly all responsive and relevant materials over six months before the close of
10 fact discovery (and well in advance of Defendants doing the same) is eminently reasonable and
11 supported by case law. *E.g.*, *Shared P'ship v. Meta Platforms, Inc.*, 2023 WL 2526645, at *1–2
12 (N.D. Cal. Mar. 14, 2023) (denying motion to compel in middle of discovery, rejecting "desire to
13 rush" opposing party through discovery and concluding rolling production reasonable). K&E
14 cannot seek to compel discovery based on speculation and conjecture that other documents might
15 exist. *E.g.*, *Synopsys, Inc. v. Ricoh Co.*, 2006 WL 1867529, at *3 (N.D. Cal. July 5, 2006); *Voice
16 Int'l, Inc. v. Oppenheimer Cine Rental, LLC*, 2017 WL 11699755, at *3 (C.D. Cal. Aug. 28, 2017).[6]
17 For RFP 199, Plaintiff has confirmed that she does not have notes regarding this April 29, 2021,
18 call. If Plaintiff had notes, she would not hesitate to produce them because they would support her
19 claims. Defendants have no legal basis to support their improper request that Plaintiff state she
20 destroyed the notes and describe any such destruction. This call occurred well before any of
21 Plaintiff's preservation obligations arose and given the extremely positive statements made by Mr.
22 Deoras during the call, Plaintiff would have had no reason to ensure preservation of any notes.[7]

---

[5] Defendants' baseless request is designed to keep Plaintiff tied up with specious discovery errands to prevent Plaintiff from focusing her energy on Defendants' woefully deficient and abusive discovery conduct, especially with a looming close of fact discovery in May of next year.
[6] Defendants have no basis for compelling a privilege log and have yet to identify any specific documents that Plaintiff has provided that they believe are privileged.
[7] Plaintiff has produced well over 100 emails and related documents showing completed job applications and mitigation efforts. Plaintiff is in the process of collating and preparing additional mitigation documents for production. Further, Plaintiff recently produced 28 photos and three videos (not "three photos and one video") showing Plaintiff going to the EEOC, *see* FAC ¶ 31 n.7. Defendants have no actual basis to claim Plaintiff is selectively producing documents simply because Plaintiff has recently produced more documents responsive to their RFPs.

Respectfully submitted this 4th day of November 2024.

By: /s/ Joseph C. Liburt
Joseph C. Liburt
Attorney for Defendants

By: /s/ Tanvir Rahman
Tanvir Rahman
Attorney for Plaintiff

**Attestation Re Electronic Signatures**

I attest pursuant to Northern District Local Rule 5-1(i)(3) that all other signatories to this document, on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 4, 2024      /s/ Joseph C. Liburt
Joseph C. Liburt