Tanvir H. Rahman (admitted *pro hac vice*)
FILIPPATOS PLLC
199 Main Street, Suite 800
White Plains, NY 10601
Tel.: 914 984 1111
trahman@filippatoslaw.com

Samuel M. Brown (State Bar No. 308558)
HENNIG KRAMER LLP
3600 Wilshire Blvd, Suite 1908
Los Angeles, CA 90010
Tel.: +1 213 310 8301
Fax: +1 213 310 8302
sam@employmentattorneyla.com

*Attorneys for Plaintiff Zoya Kovalenko*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>              *Plaintiff*,<br><br>       v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., LESLIE SCHMIDT, LESLIE M. SCHMIDT, P.C., AND MARK FAHEY,<br><br>              *Defendants*. | Case No. 4:22-cv-05990-HSG<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 142, 158<br><br>Hearing noticed for Thursday, December 5, 2024, 2:00 pm, in Courtroom 2 on the 4th Floor of the United States Courthouse, 1301 Clay Street, Oakland, California 94612, before the Honorable Haywood S. Gilliam, Jr. |

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................... 1

STATEMENT OF RELEVANT FACTS ...................................................................................... 1

STATEMENT OF ISSUES ......................................................................................................... 2

ARGUMENT ............................................................................................................................... 2

I.   The Court Should Strike Defendants' Answer to the FAC as Untimely
     and Enter Default Judgment in Favor of Plaintiff.................................................................. 2

     A.   The Court Should Strike the Answer and Affirmative Defenses as Untimely ............. 2

     B.   The Court Should Strike Defendants' Affirmative Defenses. ...................................... 4

II.  Defendants' "Hybrid Representation" Argument Fails ...................................................... 15

# TABLE OF AUTHORITIES

**Cases**                                                                                         **pp.**

*Albino v. Baca*,

   747 F.3d 1162 (9th Cir. 2014) ........................................................................... 9

*"Amy" v. Curtis*,

   No. 19-cv-02184-PJH, 2020 WL 6271046 (N.D. Cal. Oct. 26, 2020)......................... 9 n.13

*Ariosta v. Fallbrook Union High School District*,

   No. 08cv2421-L(AJB), 2009 WL 1604569 (S.D. Cal. June 4, 2009)................................ 12

*Ashcroft v. Iqbal*,

   556 U.S. 662 (2009) ................................................................................................4, 5

*Baird v. Office Depot*,

   No. C-12-6316 EMC, 2014 WL 2527114 (N.D. Cal. June 4, 2014).........................11 n.15

*Banga v. Kanios*,

   No. 16-cv-04270-RS, 2018 WL 11360187 (N.D. Cal. Mar. 20, 2018)................................ 9

*Barnes v. AT & T Pension Benefit Plan–Nonbargained Program*,

   718 F. Supp. 2d 1167 (N.D. Cal. 2010)....................................5, 6, 7 n.12, 9 & n.13, 14, 15

*Bell Atlantic Corp. v. Twombly*,

   550 U.S. 544 (2007) ................................................................................................4, 5

*Comet Technologies USA Inc. v. XP Power LLC*,

   No. 20-cv-06408-NC, 2022 WL 1131729 (N.D. Cal. Feb. 7, 2022) ................................ 11

*Costa v. Desert Palace, Inc.*,

   299 F.3d 838 (9th Cir. 2002) ......................................................................................... 13

*Diamond v. County of Riverside*,

   No. ED CV 14-01922-VBF, 2015 WL 11215850 (C.D. Cal. Nov. 5, 2015) ......................4

*Dodson v. CSK Auto, Inc.*,

   No. 2:13-cv-00346-GEB-AC, 2013 WL 3942002 (E.D. Cal. July 30, 2013)................8, 14

*Equal Employment Opportunity Commission v. Timeless Investments, Inc.*,

734 F. Supp. 2d 1035 (E.D. Cal. 2010) ................................................................ 10

*Estate of Chivrell v. City of Arcata*,

 694 F. Supp. 3d 1218 (N.D. Cal. 2023) .................................................... 5–6 n.9

*Estrada v. NV 99 Cents Plus*,

 No. EDCV 21-1564 JGB (SPx), 2022 WL 2037126 (C.D. Cal. Feb. 8, 2022) .................................. 12

*FBC Mortg., LLC v. Skarg*,

 699 F. Supp. 3d 837 (N.D. Cal. 2023) ............................................................ 9, 13

*Garcia v. Salvation Army*,

 918 F.3d 997 (9th Cir. 2019) ................................................................ 7 n.12

*General Mills v. Kraft Foods Global, Inc.*,

 487 F.3d 1368 (Fed. Cir. 2007) ................................................................ 3 n.6

*Gowan v. Stryker Corp.*,

 No. 20-cv-00339-BLF, 2021 WL 3403150 (N.D. Cal. Aug. 4, 2021) .................................. 7

*Grant v. Kamehameha Schools/Bernice Pauahi Bishop Estate*,

 2009 WL 855831 (D. Haw. Mar. 30, 2009) ................................................ 15 n.20

*GS Holistic, LLC v. Feelin Right Smoke Shop, LLC*,

 No. 2:22-cv-04807-SPG-AGR, 2023 WL 3564763 (C.D. Cal. Jan. 19, 2023) ........................... 9 n.13

*Hartford Underwriters Insurance Co. v. Kraus USA, Inc.*,

 313 F.R.D. 572 (N.D. Cal. 2016) ................................................................ 14

*Hernandez v. County of Monterey*,

 306 F.R.D. 279 (N.D. Cal. 2015) ........................................................ 9, 10, 14

*Heyman v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*,

 No. 2:15-CV-01228-RFB-GWF, 2016 WL 11662274 (D. Nev. May 31, 2016) ......................... 3 n.6

*hiQ Labs, Inc. v. LinkedIn Corp.*,

 639 F. Supp. 3d 944 (N.D. Cal. 2022) .................................................... 14 n.19

*Insurance Company of the State of Pennsylvania v. Citizens of Humanity LLC*,

 No. SACV 13-01564 JVS(DFMx), 2014 WL 12689271 (C.D. Cal. Feb. 24, 2014) ...................... 10

*J & J Sports Prods., Inc. v. Terry Trang Nguyen*,

No. C 11-05433 JW, 2012 WL 1030067 (N.D. Cal. Mar. 22, 2012)..............................................9, 14

*Jaeger v. Howmedica Osteonics Corp.*,

No. 15-cv-00164-HSG, 2016 WL 520985 (N.D. Cal. Feb. 10, 2016) ..................................................4

*Jansen v. Travelers Commercial Insurance Co.*,

No. 16-cv-04834-JST, 2017 WL 607610 (N.D. Cal. Feb. 15, 2017)..............................9 n.13, 14 n.18

*Johnson v. American Home Mortgage Corp.*,

No. SACV 16-01085 AG (KESx) 2017 WL 3579555 (C.D. Cal. July 17, 2017) ....................15 n.20

*Kanaan v. Yaqub*,

709 F. Supp. 3d 864 (N.D. Cal. 2023) ............................................................................................4–5

*Kohler v. Flava Enterprises, Inc.*,

779 F.3d 1016 (9th Cir. 2015) ..............................................................................................................6

*Kovalenko v. Kirkland & Ellis LLP*,

Order Denying in Part and Granting in Part Mot. Dismiss

(Sept. 10, 2024), Dkt. No. 140, 2024 WL 4150451 ..................................1 & n.1, 2, 5, 9, 13

*Kovalenko v. Kirkland & Ellis LLP*,

Stipulation and Order to Enlarge Time to File Answer

(Sept. 27, 2023), Dkt. No. 96 .................................................................................................1, 3

*Kovalenko v. Kirkland & Ellis LLP*,

Disc. Order, Dkt. No. 128, 2024 WL 664691 .............................................................................1 n.1

*Kovalenko v. Kirkland & Ellis LLP*,

Order Denying in Part and Granting in Part Mots. Dismiss, Denying Mots. Strike, and

Denying in Part and Granting in Part Mot. Seal (Aug. 23, 2023), Dkt. No. 92,

2023 WL 5444728..........................................................................................................1, 9, 13, 14

*LL B Sheet 1, LLC v. Loskutoff*,

362 F. Supp. 3d 804 (N.D. Cal. 2019) ...........................................................................................6–7

*LumaSense Technologies, Inc. v. Advanced Engineering Services, LLC*

No. 20-cv-07905-WHO, 2021 WL 2953237 (N.D. Cal. July 14, 2021) ...................................9 & n.13

*Major v. Bossard Incorporated*,

No. CV-20-00530-TUC-JCH, 2021 WL 2566984 (D. Ariz. Mar. 12, 2021)........................ 10, 12 n.16

*Moore v. Apple Inc.*,

73 F. Supp. 3d 1191 (N.D. Cal. 2014)......................................................................................2 n.5, 3

*Olsen v. Hayes*,

217 F.3d 845 tbl., 2000 WL 521709 tbl. (9th Cir. Apr. 28, 2000) (unpublished)................................2

*Pacific Dawn LLC v. Pritzker*,

831 F.3d 1166 (9th Cir. 2016) .....................................................................................................14 n.19

 *Perez v. Gordon & Wong Law Group, P.C.*,

2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) ................................................................................ 14

*Polk v. Legal Recovery Law Offices*,

291 F.R.D. 485 (S.D. Cal. 2013) ...............................................................................................7, 9

*Sample v. O'Hara*,

481 Fed. App'x 319 (9th Cir. 2012) .........................................................................................2 n.4

*Satanic Temple, Inc. v. City of Scottsdale*,

423 F. Supp. 3d 766 (D. Ariz. 2019)........................................................................................13

*Scott v. Fed. Bond & Collection Service, Inc.*,

No. 10-cv-02825-LHK, 2011 WL 176846 (N.D. Cal. Jan. 19, 2011)....................................6

*Springer v. Fair Isaac Corporation*,

No. 14-CV-02238-TLN-AC, 2015 WL 7188234 (E.D. Cal. Nov. 16, 2015) ...........................11 n.15

*Synapsis, LLC v. Evergreen Data Systems, Inc.*,

No. C 05-01524 JF (RS), 2006 WL 8460017 (N.D. Cal. Oct. 10, 2006)....................................8

*Tenser v. Ryan*,

Case No. CV 19-05496 VBF (RAO), 2020 WL 4760192 (C.D. Cal. May 26, 2020) .........................3

*Tollefson v. Aurora Financial Group, Inc.*

No. C20-0297JLR, 2021 WL 462689 (W.D. Wash. Feb. 9, 2021)....................................12

*United States Equal Employment Opportunity Commission v. Global Horizons, Inc.*,

    Civil No. 11-00257 LEK, 2014 WL 800597 (D. Haw. Feb. 28, 2014) ...................................... 9 n.13

*United States ex rel. Jahr v. Tetra Tech EC, Inc.*,

    No. 13-cv-03835-JD, 2024 WL 951191 (N.D. Cal. Mar. 5, 2024) ............................................... 9 n.13

*United States v. Academy Mortgage Corporation*,

    No. 16-cv-02120-EMC, 2020 WL 7056017 (N.D. Cal. Dec. 2, 2020) ............................................ 14

*United States v. Olano*,

    62 F.3d 1180 (9th Cir. 1995) ..................................................................................... 15 n.20

*Wesch v. Yodlee, Inc.*,

    No. 20-cv-05991-SK, 2021 WL 6206642 (N.D. Cal. Dec. 6, 2021) .................. 6 & n.11, 7, 10 & n.14

*Winns v. Exela Enterprise Solutions, Inc.*,

    2021 WL 5632587 (N.D. Cal. Dec. 1, 2021) ............................................... 10, 11 & n.15, 14 n.18

*Yates v. Perko's Cafe*,

    No. C 11-00873 SI, 2011 WL 2580640 (N.D. Cal. June 29, 2011) ............................................. 5 n.8

*Zivkovic v. S. Cal. Edison Co.*,

    302 F.3d 1080 (9th Cir. 2002) ................................................................................... 9 n.13


**Statutes and Other Authorities**            **pp.**

Cal. Gov't Code § 12965(c)(3) ...................................................................................................... 8

Cal. R. Prof. Conduct 4.2 cmt. [3] ............................................................................................. 15

Civil L.R. 7-3(c) .......................................................................................................................... 1

Fed. R. Civ. P. 12 ................................................................................................................ 1, 3, 4

Fed. R. Civ. P. 12(a)(4) ............................................................................................................... 3

Fed. R. Civ. P. 12(f)(2) ............................................................................................................... 1

Fed. R. Civ. P. 12(g)(2) ....................................................................................................... 2, 3, 4

Fed. R. Civ. P. 15 ................................................................................................................... 3, 4

Fed. R. Civ. P. 15(a) ................................................................................................................... 4

Fed. R. Civ. P. 15(a)(3) .................................................................................................... 3, 4

FEHA ................................................................................................................... 7, 8, 11, 13

Model R. Prof. Conduct 4.2 ....................................................................................... 15 n.21

Title VII .................................................................................................................................. 11

1
2

**REPLY IN SUPPORT OF MOTION TO STRIKE ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND FOR DEFAULT JUDGMENT**

3
4
5
6
7
8
9
10

     The point of Plaintiff's motion is to streamline issues and expedite discovery in this case. Defendants have shown a clear penchant for wasteful litigation discovery, including, *inter alia*: (i) serving third-party subpoenas that were fully quashed and precluded as a fishing expedition, (ii) serving 202 dense and duplicative requests for production, and (iii) recently dumping over 66,000 pages of "responsive" material that is almost entirely comprised of useless privilege slip sheets and irrelevant material.[1]  Striking improper and/or impertinent affirmative defenses is necessary to promote judicial economy by narrowing issues and foreclosing dubious avenues for Defendants to engage in scorched-earth litigation tactics, including seeking discovery on improper affirmative defenses.[2]

11

**STATEMENT OF RELEVANT FACTS**

12
13
14
15
16
17
18
19
20
21
22
23
24

     Plaintiff filed the instant action in October 2022.  Compl., Dkt. No. 1.  Defendants filed seven Federal Rule of Civil Procedure ("Rule") 12 motions, on which the Court ruled on August 23, 2023. Order, Dkt. No. 92 ("August 2023 Order").  Defendants did not answer the Complaint.  *See* Dkt. Nos. 1–142.  Plaintiff timely filed the Amended Complaint, Dkt. No. 94 ("FAC"), removing certain street addresses pursuant to the August 2023 Order.  Defendants requested an extension of time until October 18, 2023, to file an <u>answer</u> to the FAC, Dkt. Nos. 95, 96, only for Defendants to instead file a *seventh* motion to dismiss out of left field, Dkt. No. 102 ("Seventh MTD").  The Court ruled on the Seventh MTD on September 10, 2024.  Order, Dkt. No. 140 ("September 2024 Order").  On September 24, 2024, nearly one year after the deadline to file the answer, Defendants filed their Answer and Affirmative Defenses to Plaintiff's Amended Complaint, Dkt. No. 142 ("Answer").  On October 15, 2024, Plaintiff timely moved to strike the Answer, Mot. to Strike Answer and Affirmative Defenses to Am. Complaint and for Default J., Dkt. No. 158 ("Motion"), which Defendants opposed on October 29, 2024, Dkt. No. 165 ("Opposition").  *See* Fed. R. Civ. P. 12(f)(2).  This reply is timely filed.  Civil L.R. 7-3(c).

25
26
27
28

---

[1] Disc. Order at 7, 9, 13, Dkt. No. 128; Order at 3–4, Dkt. No. 140; Stip., Dkt. No. 93 at 1 n.1. Based on Plaintiff's review of around 17,000 pages of this production made mid-last week, Plaintiff has identified roughly 4,000 pages of irrelevant, public legal documents, e.g., unannotated cases and briefs concerning federal securities law. Of the remaining 13,000 pages, roughly 85% are useless, wasteful slip sheets with the word "PRIVILEGED" or blank pages.

[2] Defendants previously argued that fishing-expedition discovery was warranted because it would support unasserted affirmative defenses.  *E.g.*, Opp'n Pl.'s Mot. Quash & Protec. Order at 7 n.4, Dkt. No. 122.

1

**STATEMENT OF ISSUES**

2

Whether the Court should strike Defendants' entire Answer, strike all of Defendants' Affirmative

3

Defenses, or strike improper Affirmative Defenses, including to ensure fair notice to Plaintiff.

4

**ARGUMENT**

5

**I.    THE COURT SHOULD STRIKE THE ANSWER TO THE FAC AS UNTIMELY AND**

6

**ENTER DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF.**

7

**A.    The Court Should Strike the Answer and Affirmative Defenses as Untimely**

8

Defendants falsely claim that Ninth Circuit precedent "makes clear" that filing a motion to dismiss

9

clearly tolls the deadline to answer an ***amended*** complaint.  Opp'n at 5.  However, this argument is

10

nothing more than smoke and mirrors.  Defendants do not cite a single Ninth Circuit case holding that a

11

motion to dismiss tolls the time to answer an amended pleading.[3]  Instead, Defendants repeatedly rely on

12

an unpublished Ninth Circuit case predating 2007, *Olsen v. Hayes*, 217 F.3d 845 tbl., 2000 WL 521709

13

tbl. (9th Cir. Apr. 28, 2000), which reliance is explicitly precluded under the Ninth Circuit rules.  *Id.* at 1

14

n.1; 9th Cir. R. 36-3(c) (stating "***[u]npublished dispositions and orders of this Court issued before***

15

***January 1, 2007 may not be cited to the courts of this circuit***" (emphasis added)); Opp'n at 3 & 6 (citing

16

*Olsen*); *see also* Opp'n at 1, 5, 6 n.3.[4]  Further, all of Defendants' cited district court cases are

17

distinguishable because nary a case addresses whether a Rule 12(g)(2)-violative motion to dismiss an

18

amended complaint tolls the time to respond to the amended complaint.  Defendants claim their Seventh

19

MTD did not violate Rule 12(g)(2) by contending that the Court "invit[ed]" them to file a violative motion

20

to dismiss and "authorized" such an improper motion.  Opp'n at 6.[5]  *But see* Sept. 2024 Order at 5 ("To

21

be clear, the Court is of the view that Defendants could have (and for the most part, should have) raised

22

23

[3] Whether a motion to dismiss tolls the time to file an answer to an original complaint is not at issue and is a total red herring.  Mot. at 4 n.2.

24

[4] *Sample v. O'Hara*, 481 Fed. App'x 319 (9th Cir. 2012), does not undercut Plaintiff's argument because it simply dealt with an answer to an original complaint, not an amended complaint.

25

[5] Defendants make an unpersuasive and absurd argument that Plaintiff "waived" her untimeliness argument because she did not object to Defendants' filing of a motion to dismiss instead of an answer to the FAC.  Opp'n at 5–6.  Defendants' unfiled answer was not at issue whatsoever in the briefing opposing the Seventh MTD, so there is no basis to find waiver because Plaintiff did not raise an argument to an issue wholly outside the scope of the briefing.  *See generally* 7th MTD; Opp'n 7th MTD, Dkt. No. 110. The lone case Defendants cite is inapplicable as it found waiver solely because plaintiff failed to address an argument specifically raised by defendants in their motion, which plaintiff opposed.  Opp'n at 5–6 (citing *Moore v. Apple Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014)).

26

27

28

1    most, if not all, of these arguments in their prior extensive motions to dismiss.").

2         Defendants' strained arguments that Rule 12—not Rule 15—governs Defendants' time to answer

3    Plaintiff's amended pleading are unavailing.  Opp'n at 3–7.  First, a motion that violates Rule 12(g)(2)

4    does not constitute a "motion [brought] under this rule [12(a)(4)]" because Rule 12 prohibits a party from

5    raising previously available arguments in a successive Rule 12 motion, and thus any arguable tolling

6    triggered by Rule 12(a)(4) is inapplicable.  In other words, Defendants' Rule 12(g)(2)-violative motion

7    to dismiss cannot trigger tolling under Rule 12(a)(4) because it is not a valid motion under the plain

8    language of Rule 12.  Putting aside this fatal defect, Defendants misconstrue Plaintiff's argument as to

9    why Rule 15 and not Rule 12 governs the timing to file their answer to an amended pleading and appeal

10   to specious reasoning in *Tenser v. Ryan*, 2020 WL 4760192, at *4 (C.D. Cal. May 26, 2020), to claim

11   amendments to Rule 15 defeat Plaintiff's argument.  However, case law after the 2009 amendments

12   makes clear that Rule 15 governed the time for Defendants to file the Answer to the FAC.  *See, e.g.*,

13   *Jaeger v. Howmedica Osteonics Corp.*, No. 15-cv-00164-HSG, 2016 WL 520985, at *5 (N.D. Cal. Feb.

14   10, 2016) (acknowledging that Rule 15(a)(3) governs time to respond to an amended pleading); *Diamond*

15   *v. Cnty. of Riverside*, No. ED CV 14-01922-VBF, 2015 WL 11215850, at *2 (C.D. Cal. Nov. 5, 2015)

16   ("**Rule 12 however, governs only the time to respond to *original* complaints. It is Rule 15(a) which**

17   **governs the time to respond to *amended* complaints such as the TAC here.**" (emphases in original)).[6]

18   Based on the plain language of Rule 15(a)(3), the Answer is untimely because it was not "made within

19   the time remaining to respond to the original pleading or within 14 days after service of the amended

20   pleading [i.e., the FAC]."  Fed. R. Civ. P. 15(a)(3).  Defendants do not dispute Plaintiff's contention that

21   the deadline to respond to the original Complaint was September 6, 2023, 14 days after the Court's

22   August 2023 Order, and therefore, Defendants have waived this argument.  *Moore v. Apple Inc.*, 73 F.

23   Supp. 3d 1191, 1205 (N.D. Cal. 2014), *cited with approval in* Opp'n at 6.  Defendants only sought and

24   obtained an extension of time to file an answer to the FAC, Mot. at 5 n.3, and the express language of the

---

[6] Defendants' only real attempt to attack the reasoning in *General Mills v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1376 (Fed. Cir. 2007), is based on their reliance on the inapplicable reasoning in *Tensor*, as discussed above.  Defendants do not meaningfully distinguish *Heyman*, which has facts very analogous to those here.  *Heyman v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, No. 2:15-CV-01228-RFB-GWF, 2016 WL 11662274, at *2 (D. Nev. May 31, 2016).  Opp'n at 3–7.

order limited the extension to filing an answer to the FAC.[7]  Stip. and Order to Enlarge Time to File Answer, Dkt. No. 96 at 3.  Defendants cannot erase this indisputable fact by intimating the Court implicitly blessed tolling of the time to file the Answer because it expected Defendants to file a Rule 12(g)(2)-violative motion.  Opp'n at 5–6.  Further, Defendants offer no legitimate argument for why their affirmative statement that their Answer was filed pursuant to Rule 15 is wholly irrelevant to determining whether Rule 15 governs the time to file their Answer.  Opp'n at 7 n.4; Answer at 1:1.

The Court should not once again excuse Defendants' subterfuge and gamesmanship.  Instead, to deter Defendants and other litigants from engaging in future rule breaking, including filing Rule 12(g)(2)-violative motions, the Court must at minimum hold that the Answer is untimely, even if the Court chooses not to enter default judgment.  Further, although default judgment is an unusual remedy, it is appropriate here.  Defendants have had nearly three years dating back to the administrative complaints to back up their claims that Plaintiff's allegations are entirely frivolous.  Defendants have yet to produce evidence undermining Plaintiff's claims.  However, they have admitted various material facts supporting her claims.  *E.g.*, Answer & FAC ¶¶ 10 (n.3), 12, 15, 66, 70, 74, 79, 83 92, 99, 105, 117, 140, 146 (n.43) (admitting that, *inter alia*, Defendants expressly praised Plaintiff 's substantive work on various matters and assignments, including borrowing her arguments in a "POPR to use in other POPRs," telling her they were happy with infringement charting she completed on multiple occasions, admitting Defendants effusively praised her "key wins" and "fabulous" work on substantive dispositive briefing and that they excluded her accomplishments from her performance review, and that then-associate Samuel Blake (who is comparator) was the only associate permitted to fly home from trial on a private charter flight with Adam Alper, Michael De Vries, and Akshay Deoras).  Thus, Defendants have failed to mount a legitimate defense to Plaintiff's claims, and the untimely filing of their conclusory Answer roughly a year after the deadline warrants striking and entry of default judgment.  Mot. at 5 (citing three cases in support).

**B.    The Court Should Strike Defendants' Affirmative Defenses**

Defendants urge the Court to depart from "the vast majority of decisions from this District

---

[7] Defendants ignore that there was an easy remedy to this self-inflicted pickle:  Defendants could have asked Plaintiff to stipulate to an extension of time to file their answer within a certain number of days after the Court ruled on their seventh successive motion to dismiss.  Defendants did not do so, nor have they attempted to offer any explanation for this omission.

apply[ing] the heightened pleading requirements of *Twombly* and *Iqbal* to affirmative defenses." *Kanaan v. Yaqub*, 709 F. Supp. 3d 864, 867 (N.D. Cal. 2023), *cited with approval in* Opp'n at 8. Defendants rely on the rationale in *Kanaan* as purported support for applying the minority approach to affirmative defense pleading standards. However, *Kanaan*'s arguable policy justifications do not apply here. For example, *Kanaan* rationalized that applying *Twombly* and *Iqbal* to affirmative defenses is unfair because "unlike plaintiffs who have substantial time to draft their complaint . . . ., defendants typically have a far more compressed timeline (often just 21 days) to respond." 709 F. Supp. 3d at 868. However, here Defendants have had **roughly two years** to prepare their conclusory affirmative defenses given the FAC and Complaint did not differ in any material respect. Sept. 2024 Order at 5. Additionally, given Defendants' propensity to engage in improper and wasteful discovery, *Kanaan*'s rationale that Defendants are unlikely to "unlock the doors of discovery with additional defenses" is not present here. *Kanaan*, 709 F. Supp. 3d at 868. On the contrary, it is more likely than not that Defendants would try to "pursue discovery on frivolous defenses" as part of their scorched-earth litigation tactics, which is evidenced by their demonstrated conduct in this litigation.[8] *Id.* Further, applying *Twombly*/*Iqbal* to affirmative defenses advances judicial economy by "weed[ing] out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted" and by "requiring at least some valid factual basis for pleading an affirmative defense" as opposed to conjecture. *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010). Thus, Defendants' arguments do not support departing from the majority approach applying *Twombly* and *Iqbal* to pleading standards for affirmative defenses.[9]

Defendants also concoct a new "true nature" standard to speciously claim their wide range of affirmative defenses are above reproach. Opp'n at 10–12.[10] Defendants do not explain how the "true

---

[8] *See supra* note 2 (citing Defendants' arguments on the record that discovery was warranted based on unasserted defenses, including affirmative defenses they now assert).
[9] Defendants incorrectly argue an affirmative defense can only be struck for pleading deficiencies if the defense "has no possible bearing on the subject of the litigation." Opp'n at 8. However, case law, including that proffered by Defendants, clearly states that a court can strike an affirmative defense for irrelevance *or* if the answer is deficient. *E.g.*, *Yates v. Perko's Cafe*, No. C 11-00873 SI, 2011 WL 2580640, at *3 (N.D. Cal. June 29, 2011) (stating affirmative defense may be stricken if "no possible bearing on the subject of the litigation" or "if a pleading is deficient"), *cited with approval in* Opp'n at 8.
[10] Defendants contrive this "true nature" standard by seizing on a few words in a prior case not striking

nature" of each affirmative defense affords Plaintiff fair notice. Opp'n at 10; *see also id.* at 11–12. The sweeping statement that certain affirmative defenses are based on Plaintiff's purported poor performance, including those not logically limited to Plaintiff's performance, and that fair notice is somehow satisfied because Defendants have "'affirmatively stated' their defenses" in conclusory fashion is circular reasoning that requires Plaintiff to divine the actual reasons for each defense. *Id.* at 11.[11] Defendants' arguments that affirmative defenses are "self-explanatory and do[] not require any factual pleading" does not remedy their insufficient pleading or prejudice to Plaintiff, who is deprived of fair notice. *Wesch v. Yodlee, Inc.*, No. 20-cv-05991-SK, 2021 WL 6206642, at *3 (N.D. Cal. Dec. 6, 2021) ("[Defendant] argues that this defense is self-explanatory and does not require any factual pleading. However, in the absence of any facts, it is not clear why this defense is applicable.").[12] Defendants also argue fair notice is satisfied by describing a defense in "general terms." Opp'n at 8 (citing *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (choosing not to disturb district-court ruling)). However, pleading in "general terms" still requires Defendants to include at least some facts in each affirmative defense. *See, e.g.*, *Scott v. Fed. Bond & Collection Serv., Inc.*, No. 10-cv-02825-LHK, 2011 WL 176846, at *4 (N.D. Cal. Jan. 19, 2011) ("While a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." (cits. omitted)).

**First Affirmative Defense**. Defendants' contention that "it is well-settled that a party can set forth the defense of failure to state a claim as an affirmative defense" is incorrect and belies the weight of case law in this Circuit. Opp'n at 12; *e.g.*, *Barnes*, 718 F. Supp. 2d at 1174 (striking failure to state a claim defense because it "is not a proper affirmative defense but, rather, asserts a defect in [plaintiff's]

---

[11] state-law immunity defenses, and noting, inter alia, that the true nature of the immunity defenses was clear. Opp'n at 10 (citing *Estate of Chivrell v. City of Arcata*, 694 F. Supp. 3d 1218, 1227 (N.D. Cal. 2023)). Defendants' attempt to take this ruling out of context and transform basic parlance into a brand-new pleading standard for affirmative defenses has no merit. *Chivrell* did not cite any precedent in support of this true-nature verbiage. 694 F. Supp. 3d at 1227.

[11] For example, the Eleventh Affirmative Defense alleging injuries proximately caused by alleged "failure to deal fairly, honestly, and reasonably" is not related to performance in any discernable fashion. Opp'n at 11; Answer at 46–47. Similarly, claiming Defendants did not cause any damages as an affirmative defense is not tethered to performance and could encompass myriad facts wholly unrelated to performance. Opp'n at 11; Answer at 47 (14th Affirmative Defense); *see also* Opp'n at 11 (making conclusory assertion that true nature is apparent for Second, Third, Fourth, Fifth, Tenth, Twelfth, Fifteenth, Sixteenth and Seventeenth Affirmative Defenses).

[12] Defendants cannot fix their deficient Answer through sparse factual bases in the Opposition. *Wesch*, 2021 WL 6206642, at *3 (finding "some factual basis for [affirmative] defenses in opposition to the motion to strike" insufficient because "those facts are not yet alleged in [defendant's] answer").

prima facie case"); *LL B Sheet 1, LLC v. Loskutoff*, 362 F. Supp. 3d 804, 818 (N.D. Cal. 2019) (granting summary judgment on failure to state a claim affirmative defense because "[t]he defense of failure to state a claim is, in essence, an argument that the plaintiff has not met its burden of alleging the elements of its claim"). Nor does a conclusory failure to state a claim affirmative defense provide Plaintiff with fair notice. *E.g.*, *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 490 (S.D. Cal. 2013) (alleging that complaint "in whole, or in part, fails to state a claim upon which relief can be granted" is "insufficient to provide fair notice"). As such, the First Affirmative Defense must be struck without leave to amend.[13]

**Second Affirmative Defense.** Defendants cite *Gowan v. Stryker Corp.*, No. 20-cv-00339-BLF, 2021 WL 3403150 (N.D. Cal. Aug. 4, 2021), to support the flatly erroneous view that FEHA does not apply to Plaintiff. Opp'n at 12–13. *Gowan* is easily distinguishable. In *Gowan*, any conduct that could support a violation of FEHA occurred outside of California, and, consequently, FEHA did not apply. 2021 WL 3403150, at *11. Conversely, here Plaintiff has alleged—and Defendants have admitted to— substantial facts establishing the jurisdictional application of FEHA to her claims. Answer ¶ 7 (admitting Plaintiff hired to work as associate "assigned to the San Francisco office"); *id.* ¶ 39 (same); *id.* ¶¶ 21–28, 38–42, 65–67 (admitting that: (i) Defendants Adam Alper, Akshay Deoras, Michael De Vries, and Mark Fahey worked out of Defendant Kirkland & Ellis LLP ("K&E")'s California offices during Plaintiff's employment at K&E; (ii) Adam Alper, Akshay Deoras and Mark Fahey supervised Plaintiff's work and worked together with Michael De Vries on cases relevant to Plaintiff's lawsuit; (iii) the business addresses and offices for Defendants Adam R. Alper, P.C., Akshay S. Deoras, P.C., and Michael W. DeVries, P.C. were in California; and (iv) Adam Alper, Akshay Deoras, and Michael De Vries were officers of their respective eponymous professional corporations and domiciled in California during the relevant time); Answer & FAC ¶¶ 10 (n.3), 12, 15, 66, 70, 74, 79, 83 92, 99, 105, 117, 140, 146 (n.43) (admitting conduct supporting Plaintiff's FEHA claims that took place in California). *Gowan* is also

---

[13] *Kanaan* is unpersuasive as it departs from the established view of courts in this Circuit that failure to state a claim cannot be raised as an affirmative defense, and *Kanaan* does not address *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019), which stated that "simply stating that the plaintiff failed to state a claim" does not provide fair notice. *Kanaan*, 709 F. Supp. 3d at 869. Defendants' intimation that they might assert a failure to state a claim defense in another motion after having already filed seven motions to dismiss further demonstrates the need to strike this improper affirmative defense for judicial economy. Opp'n at 12; *see, e.g., Barnes*, 718 F. Supp. 2d at 1172–73 (explaining benefits of striking improper affirmative defenses).

1  irrelevant because it did not address striking of affirmative defenses.  2021 WL 3403150, at *11.

2  Defendants do not address *Wesch*, 2021 WL 6206642, which struck an affirmative defense asserting that

3  "Plaintiffs' claims are barred, in whole or in part, to the extent any allegedly wrongful conduct occurred

4  outside of California or the application of California law to Plaintiffs . . . is otherwise improper" because

5  defendant "does not allege any facts to support" such defense.  *Id.* at *3; Mot. at 8; Opp'n at 12–13.

6  Defendants also ignore California Government Code Section 12965(c)(3), which sets forth

7  independent bases upon which a FEHA action may be brought, each of which are applicable to Plaintiff's

8  claims.  Opp'n at 12–13; Mot. at 8.  First, based on the above admissions, it is clear that at least some of

9  the unlawful practices supporting Plaintiff's FEHA claims occurred in California.  Second, it is clear

10  from the allegations in the FAC and admissions in the Answer that Plaintiff was assigned to work in

11  California and, but for her unlawful termination, would have moved to California upon the San Francisco

12  office's reopening after the end of the COVID-19 public health emergency.  Answer ¶ 52 ("Defendants

13  admit that Plaintiff was expected to relocate to work in K&E's San Francisco office."); *accord* Answer

14  & FAC ¶ 51.  Third, Defendants have admitted that records relevant to this action were maintained and

15  administered in California.  Answer ¶ 50.  Finally, it is indisputable that many if not all Defendants were

16  domiciled in California or worked in or maintained an office in California.  Answer ¶¶ 21–28, 38–42,

17  65–67.  Thus, there is no set of circumstances to which this defense could apply, and consequently the

18  Court should strike this frivolous affirmative defense and spare the parties and the Court needless time

19  that would be spent arguing over this defense later in the litigation.  *Synapsis, LLC v. Evergreen Data*

20  *Sys., Inc.*, No. C 05-01524 JF (RS), 2006 WL 8460017, at *3 (N.D. Cal. Oct. 10, 2006) (determining

21  validity of affirmative defense for lack of jurisdiction and improper venue "to avoid needless expenditure

22  of time and money in the future" and concluding such defense is "invalid as a matter of law").

23  **Third Affirmative Defense.**  Contrary to Defendants' myopic reasoning, the plain language of

24  this affirmative defense alleges, explicitly and implicitly, that Defendants would not be able to defend

25  the lawsuit because at least part of their conduct was based on privileged information.  Defendants'

26  attempt to split hairs to distinguish *Dodson v. CSK Auto, Inc.*, 2013 WL 3942002, at *3 (E.D. Cal. July

27  30, 2013) is unpersuasive.  Opp'n at 13.  Defendants fail to address Plaintiff's other case law and

28  argument that mere references to privilege and work-product doctrines, without any supporting facts, do

not provide fair notice, and should be struck on this basis alone. *Id.*; Mot. at 8–9; *see also Polk*, 291 F.R.D. at 490 (striking affirmative defense alleging privilege protection due to insufficient facts). Further, Defendants grossly distort *General Dynamics Corp. v. Superior Court*, 7 Cal. 4th 1164 (1994), by ignoring its statement that dismissing a case because it implicates privileged information is "rarely, if ever, appropriate." *Id.* at 1170. The Court has already rejected Defendants' argument that facts in the complaint are subject to attorney-client privilege and work-product doctrine. Aug. 2023 Order at 26. Moreover, the Court determined that the information in the complaint—if proven to be true—is sufficient for Plaintiff to establish the elements of Plaintiff's claims at issue in this lawsuit. Sept. 2024 Order at 12–14, 16; Aug. 2023 Order at 21, 23. Accordingly, the Court should strike this purported affirmative defense without leave to amend because it cannot succeed. *FBC Mortg., LLC v. Skarg*, 699 F. Supp. 3d 837, 844 (N.D. Cal. 2023). Doing so would also save valuable resources by narrowing issues and eliminating baseless grounds for Defendants to avoid litigating this case on the merits.

**Fourth Affirmative Defense.** The only direct argument Defendants make regarding this affirmative defense is the naked assertion that the "true nature" of this defense is apparent without any supporting case law or explanation. Opp'n at 11; *see id.* at 13–14. Defendants' extremely weak argument also fails to address any of the cases cited by Plaintiff in which this Court struck a failure-to-exhaust administrative defense. Mot. at 9 (citing *J & J Sports*, *LumaSense*, *Barnes*, *Banga*, *Hernandez,* and *Albino*). The requirement of fair notice is eviscerated if Defendants are allowed to keep Plaintiff entirely in the dark as to "which specific procedures were not followed." *Hernandez v. Cnty. of Monterey*, 306 F.R.D. 279, 288 (N.D. Cal. 2015) (striking failure to exhaust affirmative defense for this reason, *id.* at 290); Answer at 45. Thus, the Court must strike this affirmative defense.

**Fifth Affirmative Defense.** The erroneous position in *Kanaan* that lack of causation is a valid affirmative defense directly conflicts with the weight of precedent in this Circuit.[14] *See Kanaan*, 709 F.

---

[14] *E.g.*, *LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*, No. 20-cv-07905-WHO, 2021 WL 2953237, at *5–6 (N.D. Cal. July 14, 2021) (citing *Barnes*, 718 F. Supp. 2d at 1174); *Jansen v. Travelers Com. Ins. Co.*, No. 16-cv-04834-JST, 2017 WL 607610, at *3 (N.D. Cal. Feb. 15, 2017); *"Amy" v. Curtis*, No. 19-cv-02184-PJH, 2020 WL 6271046, at *6 (N.D. Cal. Oct. 26, 2020) (striking no-causation affirmative defense because "[t]he court agrees that causation is an element of plaintiffs' case and, thus, not an affirmative defense" (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002))); *United States ex rel. Jahr v. Tetra Tech EC, Inc.*, No. 13-cv-03835-JD, 2024 WL 951191, at *7 (N.D.

Supp. 3d at 870 (citing only unpublished, out-of-Circuit district court case); Mot. at 10–11.  Defendants ignore this affirmative defense includes no facts even indicating what "preventive and corrective opportunities" K&E offered or how Plaintiff failed to take advantage of the same.  Opp'n at 14; Mot. at 10–11; Answer at 45.  A vague reference in the Opposition to "appropriate policies and procedures [being] in place" does not cure this defect or afford fair notice of the bases for this defense.  Opp'n at 14. It should be easy for Defendants to identify by name and operative date the policies and procedures that they claim were in place and identify actual steps Plaintiff failed to take.  *Hernandez*, 306 F.R.D. at 288 & n.55, 290 (striking affirmative defenses of failure to file grievance due to absence of supporting facts); *Wesch*, 2021 WL 6206642, at *3 (finding "some factual basis for [affirmative] defenses in opposition to the motion to strike" insufficient because "those facts are not yet alleged in [defendant's] answer").

**Sixth Affirmative Defense.**  Defendants seek to sidestep their obligation to provide any facts in the Answer supporting this affirmative defense.  Opp'n at 10–11, 14.[15]  To ensure fair notice, the Court should order Defendants to identify the purported "Hiring Agreement" to which they refer and to identify the name and date of any purported "agreement that she would comply with her obligations to keep firm and client confidential and use it only for work purposes."  Answer at 45–46.  Plaintiff is not aware of any "Hiring Agreement" or "agreement" stating she would use "firm and client confidential [sic] . . . only for work purposes."  Absent some information about these mysterious agreements, Plaintiff is disadvantaged and precluded from investigating or mounting a rebuttal to such assertions, which violates fair notice.

**Seventh Affirmative Defense.**  Defendants cannot demonstrate fair notice exclusively through the conclusory statement that their failure to mitigate affirmative defense is "apparent on [its] face." Opp'n at 11; *Major v. Bossard Inc.*, 2021 WL 2566984, at *5–6 (D. Ariz. Mar. 12, 2021) (striking failure to mitigate defense because "no facts have been pled concerning Plaintiff's failure to mitigate" and thus

---

Cal. Mar. 5, 2024) (holding no-causation "not appropriate affirmative defense[]" and striking same); *U.S. EEOC v. Glob. Horizons, Inc.*, Civil No. 11-00257 LEK, 2014 WL 800597, at *14 (D. Haw. Feb. 28, 2014) (concluding theories of causation asserted as affirmative defenses fail as a matter of law because they are not affirmative defenses); *GS Holistic, LLC v. Feelin Right Smoke Shop, LLC*, No. 2:22-cv-04807-SPG-AGR, 2023 WL 3564763, at *3 (C.D. Cal. Jan. 19, 2023) (striking "as legally insufficient" "so-called affirmative defense[]" of "No Causation").

[15] Defendants' conclusory appeal to purported poor performance cannot substitute for failure to allege facts supporting this affirmative defense in the Answer. *Wesch*, 2021 WL 6206642, at *3.

it "fails to provide fair notice to Plaintiff"); Answer at 46 (providing no facts supporting failure to mitigate defense). Defendants do not address cases cited by Plaintiff in which this Court struck a failure to mitigate affirmative defense for being insufficiently pled. Opp'n at 11; Mot. at 12 (citing *Wesch*, 2021 WL 6206642, at *3; *Ins. Co. of the State of Penn. v. Citizens of Human. LLC*, 2014 WL 12689271, at *5 (C.D. Cal. Feb. 24, 2014)). Defendants' reliance on *Winns v. Exela Enterprise Solutions, Inc*., 2021 WL 5632587 (N.D. Cal. Dec. 1, 2021) is unpersuasive and easily distinguishable. Opp'n at 11. Contrary to *Winns*, Plaintiff does not contend that Defendants must provide "specific factual allegations" only that Defendants must allege ***some*** facts supporting the failure to mitigate defense. Opp'n at 11; Mot. at 12.

**Eighth Affirmative Defense.** Defendants cannot satisfy fair notice simply by stating that the unclean hands defense is "apparent on [its] face," Opp'n at 11, and Defendants cannot sweep away the on-point cases cited by Plaintiff, which struck unclean hands defenses as insufficiently pled. Mot. at 13 (citing four cases). Further, the unclean hands defense is insufficiently pled as a matter of law because the Answer fails to allege Defendants suffered any injury, which is a required element of such defense. *Comet Techs. USA Inc. v. XP Power LLC*, No. 20-CV-06408-NC, 2022 WL 1131729, at *3 (N.D. Cal. Feb. 7, 2022). Accusing Plaintiff of engaging in unconscionable, bad-faith or inequitable conduct is a serious accusation, and fairness dictates that Plaintiff be informed of the actual factual basis for such an accusation so she has the ability to fairly defend against such a claim. *Id.* (concluding unclean hands affirmative defense "fails as a matter of law" because no offered factual basis gives rise to unclean hands).[16] Defendants provide no authority demonstrating that the *in pari delicto* doctrine, which is typically applied in contractual disputes, applies to Title VII and FEHA (or to Plaintiff's other claims). Opp'n at 15–16; Answer at 46. Defendants concede that *in pari delicto* has no application to this case as they do not mention this doctrine once by name in the Opposition. *See generally* Opp'n. As such, the Court should strike this defense with prejudice because Defendants have conceded its inapplicability.

---

[16] Defendants cite *Winns*, but this case favors Plaintiff as it struck an affirmative defense based on equitable doctrines, including estoppel and unclean hands because the facts defendants provided were insufficient to satisfy fair notice. *Winns*, 2021 WL 5632587, at *3; Opp'n at 15. *Baird v. Office Depot* is irrelevant because it does not involve a motion to strike affirmative defenses. Opp'n at 15, 16. *Springer v. Fair Isaac Corp.* is distinguishable because, *inter alia*, the plaintiff showed they "understood the nature and grounds for this defense" by providing the circumstances they believed supported this defense, which is not the case here. *Springer*, 2015 WL 7188234, at *4 (E.D. Cal. Nov. 16, 2015). Further, unlike *Springer*, Defendants have also had ample time to conduct discovery to provide some cognizable facts to support an unclean hands defense, including a purported injury. *Id.*

1    *See Winns*, 2021 WL 5632587, at *3 (striking equitable doctrines affirmative defense where defendant

2    "effectively concedes" argument); *see also EEOC v. Timeless Invs., Inc.*, 734 F. Supp. 2d 1035, 1055

3    (E.D. Cal. 2010) (concluding *in pari delicto* affirmative defense inapplicable where asserting party

4    conceded inapplicability).  Finally, even if the Court determines after-acquired evidence is a proper

5    affirmative defense, it should require Defendants to amend this defense to provide sufficient facts to

6    enable Plaintiff to understand and identify the actual "agreements" that support this defense.  *See Ariosta*

7    *v. Fallbrook Union High Sch. Dist.*, 2009 WL 1604569, at *9 (S.D. Cal. June 4, 2009) (striking after-

8    acquired evidence affirmative defense due to ambiguity in the answer).

9         **Tenth Affirmative Defense.**  At minimum, Defendants should have to identify the factors that

10   they claim were responsible for any wage differentials to comport with fair notice.

11        **Eleventh Affirmative Defense.**  Defendants contend that lack of causation is a valid affirmative

12   defense.  However, as explained above, this argument fails. *See supra* note 14 (collecting cases striking

13   no-causation defenses because they are not affirmative defenses).  Defendants did not address Plaintiff's

14   point that the only support in the Answer for alleged bad-faith conduct is conduct "described . . . in

15   K&E's Counter Complaint," which does not exist.  Answer at 47.  It would be improper to allow

16   Defendants to claim Plaintiff failed to act fairly and honestly based solely on a reference to this fictitious

17   Counter Complaint.  *Id.*  Defendants also provide no real argument to rebut Plaintiff's contention that

18   assertion of comparative fault has no relation to Plaintiff's claims.  Opp'n at 16; Mot. at 15.  Accordingly,

19   the Court must strike this affirmative defense with prejudice.

20        **"TWEVELTH" Affirmative Defense.**  The only argument made regarding this defense is the

21   naked assertion that the "true nature" of this defense is apparent without any supporting case law or

22   explanation.  Opp'n at 11; *see id.* at 15–16.  Defendants' extremely weak argument also fails to address

23   any of the cases cited by Plaintiff in which this Court struck an affirmative defense for statute of

24   limitations.  Mot. at 16–17 (citing *Estrada* and *Tollefson*).  Thus, the Court should strike this affirmative

25   defense without leave to amend.

26        **Thirteenth Affirmative Defense.**  Defendants claim that Plaintiff has fair notice of this defense's

27   factual basis because it is based "in part" on her purported poor performance does not remedy the

28   insufficiency of this threadbare affirmative defense.  Opp'n at 11.  If Defendants amend the Answer to

1    exclusively limit this affirmative defense to poor performance, this may afford Plaintiff fair notice and

2    eliminate the possibility of Defendants springing a newfound purported legitimate reason for terminating

3    Plaintiff years into the lawsuit.[17]    Answer at 47.    Thus, if the Court does not strike as untimely with

4    prejudice Defendants' answer, the Court should require Defendants to amend this affirmative defense to

5    narrow issues and advance efficient resolution of the case.    This affirmative defense should also be struck

6    with prejudice for Plaintiff's IIED and EPA claims because this defense is irrelevant to such claims, and

7    Defendants conceded this by not addressing this affirmative defense's application to these claims.

8          **Fourteenth Affirmative Defense.**    Defendants' sole case offered in defense of this affirmative

9    defense is *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 848 (9th Cir. 2002), which is irrelevant.    Opp'n at

10   17.    *Costa* references but-for causation in mixed-motive cases.    Defendants do not allege but-for causation

11   here.    Instead, Defendants plainly allege they were not "the cause in fact or legal cause of the damages .

12   . . suffered by Plaintiff," which is explicitly a no-causation argument.    Answer at 47.    As established

13   above, the overwhelming weight of case law in this Circuit holds that no-causation is not an appropriate

14   affirmative defense and must be struck without leave to amend.    *See supra* note 14.

15         **Fifteenth Affirmative Defense.**    Defendants' argument is based on their continued disrespect for

16   the Court's ruling that Plaintiff's IIED and FEHA claims are not preempted by California's workers'

17   compensation act.    Opp'n at 17–18; *see* Aug. 2023 Order at 20; Sept. 2024 Order at 12 n.7 (calling out

18   Defendants' misrepresentation of case law regarding workers' compensation preemption).    Finally,

19   Defendants provide no authority for asserting an affirmative defense for an issue that has already been

20   disposed of in order to preserve it for potential future argument.    In fact, eliminating this issue from

21   potential future argument is precisely why this Court needs to strike this affirmative defense without

22   leave to amend.    *See FBC Mortg.*, 699 F. Supp. 3d at 844, *cited with approval in* Mot. at 19.[18]

23         **Sixteenth Affirmative Defense.**    Defendants erroneously appeal to an inapplicable Ninth Circuit

24   case discussing the limited "*Burlington* defense" regarding bona fide antidiscrimination policies.    Opp'n

25   at 18.    However, the Answer in no way asserts the *Burlington* defense.    Answer at 47.    Further, it is well

26   established that failure to state a claim is not a proper affirmative defense.    *Satanic Temple, Inc. v. City*

---

[17] *Major*, 2021 WL 2566984, at *5 (striking same affirmative defense because "Defendant fails to support its legitimate non-discriminatory reasons defense with any facts" and thus fails to provide fair notice).
[18] Defendants do not address this case. Opp'n at 17.

*of Scottsdale*, 423 F. Supp. 3d 766, 778 (D. Ariz. 2019) (collecting cases).  Defendants use two brazen misrepresentations to support their fallacious arguments.  First, they falsely claim that "Plaintiff alleges— in an ***entirely conclusionary*** [sic] fashion—she is entitled to punitive damages."  Opp'n at 18.  However, this Court has already held that Plaintiff has pled facts supporting punitive damages in more than conclusory fashion.  Aug. 2023 Order at 23 (rejecting arguments that "Plaintiff has not plausibly pled punitive damages").[19]  Second, they falsely state that "Plaintiff ignores the portion of this defense" vaguely referencing constitutional protections.  Opp'n at 18.  Plaintiff explicitly addresses the statement that "'any award of punitive damages in this case would violate' Defendants' state and federal constitutional rights" and cites two cases striking nearly identical affirmative defenses.  Mot. at 20:6–16.  Defendants do not address a single case cited by Plaintiff demonstrating the impropriety of both aspects of this affirmative defense (failure to plead punitive damages and constitutional rights).  Mot. at 20–21; Opp'n at 18.  Accordingly, the Court should strike this affirmative defense without leave to amend, and rebuke Defendants' reliance on multiple falsehoods mischaracterizing Plaintiff's arguments.

**Seventeenth Affirmative Defense.**  As discussed above, case law demonstrates that failure to state a claim is not a proper affirmative defense, and Defendants' reliance on *Kanaan* ad nauseum is unpersuasive.  Defendants cannot rebut Plaintiff's argument by ignoring the multitude of cases cited by Plaintiff in which this Court struck an affirmative defense asserting lack of standing to seek equitable relief.  Mot. at 21–23 (citing, *e.g.*, *Barnes*, *Hernandez*, *Perez*, *Acad. Mortg. Corp.* and *Dodson*).  Finally, Defendants concede the impropriety of the statement that "Plaintiff failed to avail herself of or exhaust plain, adequate, or complete remedies of law available to her" as the Opposition wholly ignores arguments that this language must be struck.  Opp'n at 19; Mot. at 20–23; Answer at 48.

**Affirmative-Defenses Statement Reserving Rights.**  After pointing out the impropriety and sloppiness of this statement, Answer at 44 & Mot. at 23, Defendants pivot by claiming this statement is not intended to be an affirmative defense.  Mot. at 19–20.  Defendants do not attempt to distinguish

---

[19] *Winns*, 2021 WL 5632587, is obviously distinguishable because, unlike the *Winns* plaintiff, here Plaintiff is attacking the factual sufficiency of the responsive pleading.  Opp'n at 18.  Defendants' reliance on *Winns* merely perpetuates their outright falsehood that Plaintiff has only alleged punitive damages in conclusory fashion.  *Jansen* does not help Defendants either because the court held that defendant had to allege factual support to assert an affirmative defense regarding punitive damages.  *Jansen v. Travelers Com. Ins. Co.*, No. 16-cv-04834-JST, 2017 WL 607610, at *3 (N.D. Cal. Feb. 15, 2017); Opp'n at 18.

1  *Hartford Underwriters* or *J & J Sports* and instead cast baseless aspersions at Plaintiff as cover for their

2  mistakes.  Opp'n at 19–20.[20]

3  ## II.  DEFENDANTS' "HYBRID REPRESENTATION" ARGUMENT FAILS

4  Defendants' last-ditch attempt to have this merit-based Motion denied based on a specious

5  argument regarding "hybrid representation" reflects poorly on such a prominent employment defense

6  group and smacks of desperation.  Opp'n at 20–21.  It is clear Defendants are upset their refusal to agree

7  to any extension to file this Motion was fruitless, as Plaintiff still timely filed a substantive brief pointing

8  out clear issues in their Answer.  Dkt. No. 158.  Contrary to Defendants' posturing, the purpose and effect

9  of the Motion is and will be to narrow issues, promote judicial economy, and "weed out the boilerplate

10  listing of affirmative defenses" that are "irrelevant to the claims asserted."  *Barnes*, 718 F. Supp. 2d at

11  1172.  Further, Plaintiff's request that the Court strike illegitimate affirmative defenses is aimed at sparing

12  "expensive and potentially unnecessary and irrelevant discovery."  *Id.* at 1173.  Defendants' desperate

13  appeal to irrelevant cases falls short.[21]  As explained herein, this Motion in no way impairs the prompt,

14  fair, and ethical administration of justice in this case.[22]  None of Defendants' cases remotely support the

15  proposition that the Court can strike a timely motion simply because it was filed by a party who is an

16  attorney of record and is admitted to practice before this Court.  ***In sum***, Plaintiff respectfully requests

17  the Court grant the Motion in its entirety and strike with prejudice the Answer as untimely, enter default

18  judgment in Plaintiff's favor, and grant other relief as it deems just and proper.

19

20  [20] Defendants do not push back on Plaintiff's contention that the verbiage "Defendants assert that this Action is not only factually baseless but designed to deliver misinformation and to harm K&E and the individuals named herein as defendants" must be struck, conceding the impertinence of this baseless attack.  Opp'n at 19–20; Mot. at 23; *hiQ Labs, Inc. v. LinkedIn Corp.*, 639 F. Supp. 3d 944, 964–65 (N.D. Cal. 2022) (finding party waived argument for certain affirmative defenses because it did not oppose the same in its response brief (citing *Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016)).

23  [21] The cases Defendants cite are palpably inapplicable.  *Grant v. Kamehameha Schools*, 2009 WL 855831 (D. Haw. Mar. 30, 2009), is legally and factually inapposite because the ruling was limited to a *pro hac vice* application, *id.* at *3, the plaintiff sought to appear *pro hac vice* as co-counsel *after* their counsel had appeared in the case, *id.* at *1, and Hawaii professional rules were applied, *id.* at *2.  Moreover, *Grant* denied the *pro hac vice* application without prejudice, *id.* at *3, and noted that a plaintiff "who is already represented by counsel" can serve as co-counsel, *id.* at *1, which Plaintiff is not even seeking here.  Additionally, *Johnson v. Am. Home Mortg. Corp.*, 2017 WL 3579555, at *1 (C.D. Cal. July 17, 2017), dealt with an inapplicable local rule from another court, and *United States v. Olano*, 62 F.3d 1180, 1193 (9th Cir. 1995), dealt with a criminal defendant's contention that his Sixth Amendment right to counsel was violated.  Further, neither *Johnson* nor *Olano* indicate the party was an attorney.

28  [22] Model Rule 4.2 is irrelevant and does not govern.  Opp'n at 20 (quoting Model R. Prof. Conduct 4.2). In fact, the relevant analog expressly contemplates situations in which "a lawyer who is a party to a legal matter" communicates "on his or her own behalf" in that matter.  Cal. R. Prof. Conduct 4.2 cmt. [3].

Date:       November 5, 2024          Respectfully submitted,
                                      White Plains, New York

                              By:   /s/ *Tanvir H. Rahman*
                                    Tanvir H. Rahman (admitted *pro hac vice*)
                                    FILIPPATOS PLLC
                                    199 Main Street, Suite 800
                                    White Plains, NY 10601
                                    Tel.: 914 984 1111
                                    trahman@filippatoslaw.com

                                    *Attorney for Plaintiff Zova Kovalenko*