Zoya Kovalenko (Cal. SBN 338624)
13221 Oakland Hills Blvd.
Apt. 206
Germantown, MD 20874
(678) 559-4682
zoyavk@outlook.com
*Plaintiff Zoya Kovalenko*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>　　　*Plaintiff*,<br><br>　　v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY,<br><br>　　　*Defendants*. | Case No. 4:22-cv-05990-HSG<br><br>**DECLARATION OF ZOYA KOVALENKO IN SUPPORT OF PLAINTIFF'S MOTION TO NOTICE TERMINATION OF FILIPPATOS PLLC FOR CAUSE, TO REQUIRE FILIPPATOS PLLC TO PROVIDE CLIENT FILE TO PLAINTIFF, AND TO REQUIRE FURTHER BRIEFING *EX PARTE***<br><br>Hearing noticed for Thursday, March 20, 2025, at 2:00 pm, before the Honorable Haywood S. Gilliam, Jr., United States District Judge, at 1301 Clay Street, Fourth Floor, Courtroom 2, Oakland, California 94612 |

**DECLARATION OF ZOYA KOVALENKO IN SUPPORT OF PLAINTIFF'S MOTION TO NOTICE TERMINATION OF FILIPPATOS PLLC FOR CAUSE, TO REQUIRE FILIPPATOS PLLC TO PROVIDE CLIENT FILE TO PLAINTIFF, AND TO REQUIRE FURTHER BRIEFING *EX PARTE*</u>**

I, Zoya Kovalenko, declare as follows:

1. I am the plaintiff in this action, *Kovalenko v. Kirkland & Ellis LLP*, No. 4:22-cv-05990-HSG (TSH) (N.D. Cal.). I submit this declaration in support of Plaintiff's Motion to Notice Termination of Filippatos PLLC for Cause, to Require Filippatos PLLC to Provide Client File to Plaintiff, and to Require Further Briefing *Ex Parte*, to which this declaration is attached. I am familiar with the facts and circumstances of this litigation. I know the facts set forth in this declaration to be true of my own personal knowledge. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

2. I am an attorney duly licensed to practice in the state of California. My California State Bar number is 338624. I have been admitted to practice before this Court since September 23, 2022. Attached hereto as **Attachment A** ("**Attorney Admission Email**") is a true and correct copy of the email I received on September 23, 2022 from the United States District Court for the Northern District of California (admissioninfo@cand.uscourts.gov) confirming my admission to practice before this Court. On November 4, 2022, I filed a Notice of Appearance, Dkt. No. 11, as counsel for plaintiff in this action ("Plaintiff") (i.e., myself). I did not file any notice to withdraw or substitute my appearance in this action.

3. I represented myself in this action before my former counsel, Filippatos PLLC ("Filippatos"), appeared on my behalf in November 2023, by and through Tanvir H. Rahman, a partner at Filippatos. *See* Order Granting Mr. Rahman's Appl. Admis. Att'y Pro Hac Vice (Nov. 9, 2023), Dkt. No. 109. To my knowledge, Mr. Rahman is and during all relevant times has been (i.e., since I retained Filippatos on July 24, 2023, through present day) a partner at Filippatos.

4. Attached hereto as **Attachment B** is a true and correct copy of my retainer agreement with Filippatos (the "**Retainer Agreement**"), which was signed on July 24, 2023. The Retainer Agreement provides that "[t]he laws of the State of New York shall govern the

interpretation of this agreement, including all rules or codes of ethics that apply to the provision of legal services in New York." Attach. B (Retainer Agreement) at 3. To my knowledge, Filippatos entered into the retainer agreement in New York and has provided all or substantially all of its de minimis legal services from New York and as licensed New York attorneys.

5. To my knowledge, Filippatos retained local counsel for this case in or around late October or early November 2023. I was not a party to any such retainer agreement, and I do not (and did not) have a retainer or other agreement with local counsel. I have never spoken to or communicated with local counsel. To my knowledge, local counsel's role has been limited to filing a notice of appearance in order to allow Mr. Rahman to apply to appear *pro hac vice* so that Filippatos could represent me before the Court in this action. I am not aware of local counsel performing any substantive or other legal work for this lawsuit.

6. I terminated Filippatos as my counsel on January 23, 2025. On this date, I sent an email to Parisis (Gerry) Filippatos ("Mr. Filippatos"), who is the name partner of Filippatos, and Mr. Rahman, notifying them of the for-cause termination of Filippatos, Mr. Filippatos and Mr. Rahman and setting forth various bases for the for-cause termination (the ("Termination Email"), consistent with the motion to which this declaration is attached (and with the facts in this declaration). The same day, Filippatos responded to the Termination Email, encouraging me to reconsider my termination of Filippatos. I responded to Filippatos on January 24, 2025 unmistakably reaffirming my immediate termination of Filippatos as my counsel and responding to various falsehoods and misstatements made by Filippatos in response to the Termination Email. Attached hereto as **Attachment C** ("**Termination Email and Response**") is a true and correct copy of these three emails. On January 28, 2025, Filippatos responded to my January 24 email and claimed that Filippatos was firing me as a client despite me having already terminated Filippatos as my counsel.

7. There is a clear threat of immediate irreparable injury to me if the Court were to permit additional briefing, including any filing by Filippatos, not to be submitted *ex parte* and under seal. In particular, given the extreme hostility Filippatos has displayed toward me, including following my termination of Filippatos on January 23, 2025, there is a legitimate risk of Filippatos

making incendiary and even potentially false statements in a public filing to undermine me and prejudice my lawsuit. This could include, among other things, inappropriately seeking to reveal attorney-client privileged or otherwise protected information and communications or assailing the merits of my case (albeit baselessly) as a retaliatory measure for me firing Filippatos for cause. Further, my standard request for this Court to enter notice of termination of Filippatos as well as a finding that such termination was for cause may not be able to be effectuated through ordinary procedures to the extent the Court deems it necessary for me and my counsel to submit additional evidence to enable the Court to conclude whether Filippatos was terminated for cause. It is highly likely that such evidence would implicate if not reveal sensitive information, including attorney-client communications and work-product protected information and materials. For example, such evidence could include correspondence with Filippatos demonstrating that I was the individual performing work in the lawsuit and/or evidencing the unprofessional and abusive tenor of emails from Filippatos. Accordingly, I believe requiring any additional briefing and related submissions to the Court to be provided *ex parte* and under seal is warranted and appropriate under the circumstances.

[REDACTED] On November 22, 2024, I attended mediation in New York, New York for this lawsuit. The mediation was held at the JAMS center in Manhattan. [REDACTED]

[Lines 18–28 redacted]

DECLARATION OF ZOYA KOVALENKO IN SUPPORT OF PLAINTIFF'S MOTION TO NOTICE TERMINATION OF FILIPPATOS PLLC FOR CAUSE, NO. 4:22-CV-05990-HSG

3



DECLARATION OF ZOYA KOVALENKO IN SUPPORT OF PLAINTIFF'S MOTION TO NOTICE TERMINATION OF FILIPPATOS PLLC FOR CAUSE, NO. 4:22-CV-05990-HSG

4



1  ████████████████████████████████████████
2  ████████████████████████████████████████
3  ████████████████████████████████████████
4  ████████████████████████████████████████
5  ████████████████████████████████████████
6  ████████████████████████████████████████
7  ████████████████████████████████████████
8  ███████████████
9  ████████████████████████████████████
10 ████████████████████████████████████████
11 ████████████████████████████████████████
12 ████████████████████████████████████████
13 ████████████████████████████████████████
14 ████████████████████████████████████████
15 ████████████████████████████████████████
16 ████████████████████████████████████████
17 ████████████████████████████████████████
18 ████████████████████████████████████████
19 ████████████████████████████████████████
20 ████████████████████████████████████████
21 ████████████████████████████████████████
22 ████████████████████████████████████████
23 ████████████████████████████████████████
24 ████████████████████████████████████████
25 ██████████████████████████████████
26 ████ Filippatos made multiple improper threats to withdraw as my counsel following
27 the court-mandated mediation held on November 22, 2024. ████████████
28 ████████████████████████████████████████

1. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
2. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
3. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



15. Shortly thereafter, Mr. Filippatos sent me a threatening email stating that if I did not "change course," Filippatos would terminate its attorney-client relationship with me by close of business that same day and would promptly "file all necessary motion papers" to obtain court approval to withdraw. Mr. Filippatos also falsely claimed that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. A true and correct copy of this email appears below:



15. Later that week, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

17. Despite my express desire to continue litigating this lawsuit,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

20.   I brought this lawsuit and effectively litigated it for around nine months prior to retaining Filippatos. Prior to and since filing my lawsuit, I searched far and wide for a single law firm or lawyer who would be willing to act as my advocate and take on my high-profile, potentially high-value case against the world's largest law firm by revenue. When Filippatos told me that it was willing to inherit my lawsuit in 2023, I was ecstatic because I thought I would finally have a fierce advocate to litigate my case. This expectation could not have been further from the sad reality that followed.

21.   Filippatos performed de minimis legal work in this case since I retained it in July 2023. I researched and drafted every material brief filed on behalf of plaintiff in this case

DECLARATION OF ZOYA KOVALENKO IN SUPPORT OF PLAINTIFF'S MOTION TO NOTICE TERMINATION OF FILIPPATOS PLLC FOR CAUSE, NO. 4:22-CV-05990-HSG

10

("Plaintiff") (i.e., myself), with Filippatos providing only light back-end edits to substantially completed briefs that I sent to Filippatos. This included researching and drafting: (1) the motion to quash and for protective order and the reply, Dkt. Nos. 113 & 123; (2) the opposition to Defendants' seventh motion to dismiss, Dkt. No. 110; (3) the opposition to Defendants' motion for leave to move for reconsideration, Dkt. No. 101; (4) the motion for leave to move for reconsideration of this Court's September 10, 2024 order dismissing my defamation claims as time-barred, Dkt. No. 162; (5) the motion to strike Defendants' answer and affirmative defenses and the reply, Dkt. Nos. 158 & 167. I am unaware of Filippatos identifying a single relevant case via its own research to support an argument in a material brief in this action. I have email correspondence showing that I drafted each of the listed substantive briefs in significant fashion. However, should the Court conclude that reviewing such documentation is necessary, I would kindly request that such corroborating documentation could be submitted *ex parte* for the Court's review because I intend to open my own law firm following conclusion of this lawsuit and would like to avoid potential public disclosure of my own material legal impressions and analyses. In addition to researching and drafting material briefs, I also drafted lesser filings, including: (1) stipulations or requests to extend deadlines in the case; (2) Plaintiff's (my) portion of the joint discovery letter regarding Kirkland's efforts to compel complete responses to discovery requests, Dkt. No. 139; and (3) the bulk of Plaintiff's (my) portion of the joint case management statement filed with the Court on October 2, 2024, Dkt. No. 149.

22. I also completed the bulk of legal work to prepare responses and objections to Kirkland's interrogatories and requests for production ("RFPs"), including amended and supplemental responses.

23. Filippatos has put forth extremely minimal effort to conduct and advance offensive discovery. Filippatos has not prepared any interrogatories, and in many cases, has avoided responding to my requests that they even begin preparing interrogatories for my review. The failure to prepare interrogatories is inconsistent with Mr. Rahman's statement to Judge Hixson at a hearing on February 15, 2024, that Filippatos would serve interrogatories within a week or so after the hearing. I filed with this Court a request for a copy of the transcript of this Court's

February 15, 2024 hearing before the Honorable Thomas S. Hixson on my motion to quash and for protective order (regarding Kirkland's subpoenas to my prior law-firm employers). Tr. Order, Dkt. No. 134. A true and correct copy of this transcript is attached hereto as **Attachment D** ("**Transcript of February 15, 2024 Hearing**"). In response to Judge Hixson's question to Filippatos regarding offensive discovery taken on my behalf by Filippatos, it (by and through Mr. Rahman) stated: "*We are in the midst of propounding our own requests and interrogatories which we intend to issue in the next week or so*, but we haven't I guess formally taken any -- or worked with any -- any offensive discovery." Attach. D (Tr. Feb. 15, 2024 Hr'g) at 6:4–7 (emphasis added). Despite receiving Defendants' responses to requests for production on June 19, 2024, to my knowledge Filippatos has conducted no follow-up with Defendants regarding relevant discovery that has been withheld, which includes discovery on prior complaints of sex-based discrimination, retaliation, and harassment, discovery on Defendants' financial information, and internal human resources emails withheld as privileged despite no attorneys being present on such emails. (Filippatos has refused to provide me my client file despite multiple requests for the same and my provision of case-law support showing my entitlement to my case file.) As another example, Filippatos refused to reach out to potential fact witnesses who I had identified as individuals who should have knowledge of facts and circumstances supporting my claims. The only work Filippatos has performed with respect to offensive discovery is preparing an initial set of requests for production, which incorporated many requests that I had to tell Mr. Rahman to include. I also had to spend significant time revising and tailoring to the draft RFPs to the facts of my case. Further demonstrating the lack of effort by Filippatos, the draft RFPs it prepared heavily borrowed from broad definitions which Defendants used in their RFPs, which I had to revise given I had already served objections challenging the overbreadth and ambiguities of the same definitions in Kirkland's RFPs.

24. Further, to my knowledge, Filippatos has not attempted to set up a meet and confer with Defendants regarding their withholding of relevant information and materials based on broad claims of privilege, work-product and confidentiality asserted in their original privilege log. Because Filippatos was not performing legal work to advance my case, I researched and drafted a

detailed substantive letter setting forth various deficiencies and issues with Defendants' first privilege log withholding various responsive material and sent this letter to Filippatos on Tuesday, June 4, 2024. Filippatos sent this letter to Defendants' counsel on June 12, 2024. To my knowledge, Filippatos has not once followed up with Defendants regarding these well-documented privilege issues, thereby enabling Defendants to serve a modified second privilege log on October 28, 2024.

25. Filippatos has also treated me with disrespect and disdain at multiple points throughout its purported representation of me. Such unprofessional conduct is exemplified by Filippatos personally insulting me, including by insulting my intelligence as well screaming and cursing at me during calls and the only time we met in-person, which was on November 22, 2024. Filippatos' contemptuous and demoralizing treatment of me is further reflected in written correspondence between Filippatos and me, which includes two instances in which Filippatos apologized to me for unprofessional behavior. In January 2024, I sent an email to Mr. Rahman stating that I did not appreciate being demeaned and belittled during a phone call with him. Saliently, in response, Mr. Rahman admitted that his treatment of me was inappropriate and apologized, stating: "I apologize if I made you feel belittled or demeaned. I let my frustration get the best of me, and for that I am sorry." Filippatos's abusive treatment of me continued to rear its ugly head ███████████████████████ Besides Mr. Filippatos displaying his bullying tendencies, Filippatos's extreme hostility towards me ███████ underscored the ████████████████████████████████ Although Mr. Filippatos has tried to dilute his unconscionable conduct ███████ he still apologized to me for his aggressive behavior at mediation and affirmed this in recent email correspondence (in December 2024).

26. I requested my client file from Filippatos numerous times, including on January 24, 2025, as well as prior to terminating Filippatos for cause on January 23, 2025. However, Filippatos has failed to provide me with my client file. When I requested my client file from Filippatos on January 24, 2025, I provided the authority cited in the motion to which this declaration is attached to support my request. In Filippatos's January 28, 2025 response to this

DECLARATION OF ZOYA KOVALENKO IN SUPPORT OF PLAINTIFF'S MOTION TO NOTICE TERMINATION OF FILIPPATOS PLLC FOR CAUSE, NO. 4:22-CV-05990-HSG

13

1  January 24 request, Mr. Filippatos refused to provide me with my client file.

[redacted]

9  28. Following my termination of Filippatos, I sent an email on January 24, 2025, responding to Filippatos's email claiming I did not have cause to terminate Filippatos as counsel. In this January 24 response, I described other instances of Filippatos's unethical as well as contradictory statements and behavior and expressly invited Filippatos to "<u>provide me with a single example where you or anyone at your firm has researched, prepared, and first sent a remotely close to final substantive brief as opposed to merely providing back-end edits to briefs that I individually researched and drafted.</u>" As noted above, *see supra* ¶ 6, a true and correct copy of this email is attached hereto as **Attachment C** ("**Termination Email and Response**"). Despite sending a subsequent response on January 28, 2025, Filippatos did not even attempt to offer a single example of Filippatos researching, preparing, and first sending to me a remotely close to final substantive brief.

29. Filippatos's website states the firm "combines decades of legal experience with patience and compassion." A true and correct copy of a screenshot of Filippatos' website, https://www.filippatoslaw.com, taken on January 29, 2025, showing the quoted language is reproduced below:

> **FILIPPATOS PLLC**
> Employment Law, Litigation & ADR
>
> **Our team is committed to winning the most innovative and lucrative solution for you.**
>
> *Protect Yourself. Know Your Rights. Secure Your Interests.*
>
> Filippatos PLLC combines decades of legal experience with patience and compassion to provide representation uniquely tailored to your needs. Our team of accomplished New York attorneys is dedicated to treating you like family. Through strategic thinking, tactical expertise, and industry insight, our attorneys work tirelessly to achieve fairness and justice for you at work.
>
> We understand that each person is different and each situation is unique. Every case poses a diverse set of challenges. We will do our level best to give voice to your individuality and personal agency. Using our client-centric and result-driven approach, we will act as your fierce legal advocate and find a solution that is right for you.

30. Attached hereto as **Attachment E** ("**Reuters Article Regarding Order Granting Motion to Quash**") is a true and correct copy of the following article: David Thomas, *Kirkland loses bid to subpoena other law firms in bias lawsuit*, Reuters (Feb. 20, 2024), https://www.reuters.com/legal/litigation/kirkland-loses-bid-subpoena-other-law-firms-bias-lawsuit-2024-02-20/. In this article, Mr. Rahman promoted the Court's order, Dkt. No. 128, granting my motion to quash subpoenas and for protective order, Dkt. No. 113, as a significant win and consequential ruling not just for me as a plaintiff in the instant action but also for plaintiffs' firms more broadly. Specifically, the article states: "Tanvir Rahman, a lawyer representing Kovalenko, praised the decision, saying it could deter other employers from using 'inappropriate, heavy-handed discovery tactics meant only to harass and annoy and deter other

victims of discrimination from coming forward with their stories.'"  In my view, Mr. Rahman's implicit message was that Filippatos was positively shaping the landscape of legal precedent in employment cases.  However, in reality this fantastic outcome was obtained through the legal research and drafting completed by me in my individual capacity.

31. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Germantown, Maryland on January 29, 2025.

/s/ *Zoya Kovalenko*
Zoya Kovalenko (Cal. SBN 338624)
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
(678) 559-4682
zoyavk@outlook.com
Plaintiff Zoya Kovalenko