**Subject:**    Re: Notice of Immediate Termination for Cause
**Date:**    Friday, January 24, 2025 at 2:18:13AM Eastern Standard Time
**From:**    Zoya Kovalenko <zoyavk@outlook.com>
**To:**    pgf@filipatoslaw.com <pgf@filipatoslaw.com>
**CC:**    Tanvir Rahman <TRahman@filippatoslaw.com>
**BCC:**    zoyavk@outlook.com <zoyavk@outlook.com>
**Attachments:**    image001.png, image002.png, image003.png, image004.png, image005.png, image006.png, image007.png, image008.png, image009.png, image010.png, image011.png, image012.jpg, image013.png, image014.png, image015.png, image016.png, image017.png, image018.jpg, image019.png, image020.png, image021.png, image022.png, image023.png, image024.jpg, image025.png, image026.png, image027.png, image028.png, image029.png, image030.jpg, image031.png, image032.png, image033.png, image034.png, image035.png, image036.jpg, image037.png, image038.png, image039.png, image040.png, image041.png, image042.png, image043.png, image044.png, image045.png, image046.png, image047.png, image049.png, image050.png, image051.png, image052.png, image053.png, image054.png, image055.png, image056.png, image057.png, image058.png, image059.png, image060.jpg, image061.png, image062.png, image064.png, image065.png, image066.jpg, image067.png, image068.png, image069.png, image070.png, image071.png, image072.png, image073.png, image074.png, image076.png, image077.png, image078.png, image079.png, image080.png, image081.png, image082.png, image083.png, image084.png, image085.png, image087.png, image088.png, image089.png, image090.jpg, image091.png, image092.png, image093.png, image094.png, image095.png, image096.png, image097.png, image098.png, image099.png, image100.png, image101.png, image102.png, image103.png, image104.png, image105.png, image106.png, image107.png, image109.png, image110.png, image111.png, image112.png, image113.png, image114.jpg, image115.png, image116.png, image117.jpg, image118.png

Gerry:

I am not rescinding my explicit and unmistakably clear termination of Filippatos PLLC for cause per my email sent yesterday at 4:23 PM EST.  Accordingly, you have had no authority to communicate with anyone on my behalf since the time you were terminated yesterday.  I have communicated my for-cause termination to opposing counsel.  Please confirm that you have not reached out to and/or corresponded with opposing counsel or anyone else on my behalf since you were terminated.

I dispute every statement made in your below email but do not feel the need at this juncture to address every false statement.  Your paper-thin claim that I had no basis to fire you for cause belies the body of evidence concerning your representation of me (or lack thereof) and on-point case law demonstrating the multiple and independent bases that I had to terminate you for cause.  Your attempt to recast the conflict between us as having nothing to do with you repeatedly and directly undermining my settlement authority, including aggressively pressuring me to accept terms that I have explained are objectionable, is shallow and false.  Not only does your November 25, 2024 email plainly show that you threatened to immediately withdraw if I did not "change course" on my rejection of the mediator's proposal, your recent emails today further demonstrate your penchant for threatening to withdraw in direct response to me not accepting your settlement advice.  *See, e.g., Stinson v. City of New York*, No. 18CV0027LAKBCM, 2018 WL 11257424, at *6 (S.D.N.Y. Nov. 26, 2018) (quoting *Holcombe v. Matsiborchuk*, 747 Fed. App'x 875, 878 (2d Cir. 2018), *aff'g sub nom. Holcombe v. US Airways Grp., Inc.*, No. 08-CV-1593 (SLT) (JO), 2017 WL 10084142, at *14 (E.D.N.Y. Aug. 4, 2017), *adopting* 2017 WL 1184104, at *4, *7 (E.D.N.Y. Mar. 29, 2017)).

It also false to claim that there has been no rush to make me accept terms in Defendants' proposed written settlement agreement.  This is evidenced by your numerous emails demanding that I provide edits/comments to draft terms as soon as possible, often threatening me with adverse outcomes if I did not meet your unreasonable demands for turning edits.  As an example, after you sent me Defendants' first proposed edits and comments on Sunday evening (1/12/25), you repeatedly pushed me to provide edits/comments in very quick fashion.  This pressure only increased after I informed you on 1/14 during our call that I was going on a brief vacation (from 1/16 to 1/21), and that it would be difficult for me to provide comments before this vacation but that I would do my best to do so.  Rather than act reasonably in response, you sent multiple emails during what you knew was my first day of vacation.  This included an email baselessly accusing me of "playing mind games" and attacking my character after I sent a polite email confirming that I was not "in a position to finish making edits or discuss until after I return from vacation."  You sent yet another email on 1/20, while I was still on vacation, asking to speak for two hours during the last day of my brief vacation while intimating that I was engaging in some sort of inexcusable neglect because I had not turned comments within roughly one week from the date on which I received Defendants' first edits and comments.  To juxtapose your distorted perception of time, <u>it took Defendants around 13 days to provide their first round of edits and comments</u>.  Conversely, <u>I provided detailed comments and edits to you for both Defendants' original (12/8) draft and Defendants' revised 1/12 draft and comments around one week after receiving each draft</u>.  The reason for the delay in sending opposing counsel initial edits to the original (12/8) draft was due to your refusal to convey my initial edits and concerns and demanding multiple lengthy calls in an attempt to browbeat me into accepting unfavorable terms.  As another example of your concerted efforts to undermine settlement authority, you stated yesterday that a second round of edits/comments would be the "final" draft and said that you would terminate the attorney-client relationship if we did not agree on a final draft to send to K&E yesterday.  **You've also contradicted yourself in your unprofessional and threatening emails yesterday by first stating "almost all of [my proposed edits] are either unacceptable, hopelessly muddled, or superfluous" and then following up with a proposed draft that Tanvir said "incorporated a fair number of [my] proposals."**  As a third example, you repeatedly used a purported need to file an update with the Court regarding settlement at least as far back as 12/17/24 as a tool to pressure me to accept Defendants' terms.  However, I have yet to see any such status update filed with the Court over a month later, making me wonder whether this was a bad-faith tactic to pressure me.

You also grossly overstate the explanations you've offered for why my proposed edits are allegedly unacceptable or not in my favor.  In many cases, your purported explanation for why my proposed edits are untenable has been based on the specious assertion that things are just done a certain way, regardless of logic.  You've also intimated or stated that many of my edits are non-starters for K&E, which includes edits that K&E did not flag as non-starters in its only comments that I received.  Based on the draft Tanvir circulated after I fired you yesterday, deductive reasoning shows that revisions you claim K&E views as non-starters include: (i) my revision replacing Defendants' false assertion that I want to settle to avoid being sued by Defendants (¶ 18); (ii) reasonable edits narrowing destruction of record obligations on me (¶ 5); and (iii) non-objectionable comments requesting K&E provide basic contact information to comply with various notice obligations under the draft.  Again, Defendants have not flagged any of these edits and changes as "non-starters" and I fail to see a colorable argument that you excluded all of these edits because they are somehow not in my best interest.  *See* 1/23/25 Email at 6:09 PM (EST) from Tanvir Rahman to Zoya Kovalenko and Gerry Filippatos ("You'll see how we incorporated a fair number of your proposals, **but not those that we are confident will be nonstarters or against your best interests**." (emphasis added)).

Moreover, it is patently false that you have "done an inordinate amount of work on [my] case" and "endured stubborn and useless diatribes" by me on numerous occasions.  First, the corpus of our written correspondence indisputably shows that I have been the individual researching and drafting substantive briefs and performing the overwhelming bulk of legal analysis and critical thinking since you've been retained.  <u>I would urge you to provide me with a single example where you or anyone at your firm has researched, prepared, and first sent a remotely close to final substantive brief as opposed to merely providing back-end edits to briefs that I individually researched and drafted.</u>  It is also interesting that you completely dodge my point that you have a strong aversion to conducting offensive discovery in your below email.  Perhaps this is because you know your firm has done nothing to advance offensive discovery since serving RFPs in April 2024 that I was heavily involved in preparing and tailoring to the facts of my case.

Your extreme laxity in litigating my case has also been borne out by your concerning ignorance of relevant facts of my case, court holdings in my case, and applicable law.  As one example, during mediation (on 11/22/24), you and your firm were attempting for the first time to understand what was said in a recording between me and Akshay Deoras/Akshay S. Deoras, P.C., despite you having been in possession of this recording since at least January 2024.  You also submitted an incorrect transcript of this recording for mediation and did not realize this was incorrect until mediation.

I wholeheartedly dispute your false contention that I have demanded you communicate "false, erroneous, or nonsensical" things to opposing counsel.  This has not

happened and is clearly a lie you are spewing in an attempt to assassinate my character and case because I have fired you for cause.  You do not provide any examples to support this false, defamatory statement.  Further, as your former client, I was not obligated to acquiesce to every one of your positions, and professional rules do not require a client to blindly follow every recommendation or piece of advice offered by their attorney.  *See, e.g., Stinson*, 2018 WL 11257424, at *5–6 (quoting *Marrero v. Christiano*, 575 F. Supp. 837, 840 (S.D.N.Y. 1983) & N.Y. Rule of Prof. Conduct 1.2(a)) (holding attorneys who withdrew due to client's refusal to settle "forfeited [their] right under New York law to a lien on any eventual recovery in this action" and explaining "a New York lawyer must abide by a client's 'decision whether to settle a matter' whether or not that decision is wise").  This is of course putting aside the fact that the vast majority of your purported legal advice to me was not actually legal advice but rather a recommendation to do nothing regardless of potential harm or prejudice to me.  It is also an arrogant distortion of reality to claim that the amount of the proposed settlement was accomplished through your "persistent and zealous representation" of me.  Defendants' proposed draft settlement agreement explicitly states that they wish to settle to avoid the costs of further litigation, and the reason the costs of litigation are high for Defendants is because I have been zealously litigating the case that I filed and have maintained and have refused to take your advice to not file certain motions or litigate various issues.

Importantly, you are required to promptly transfer to me my entire case file now that you have been terminated (for cause) and the case is ongoing.  *See, e.g., Lat Long Infrastructure, LLC v. Gold Crest Cap., LLC*, No. 23-CV-955 (NRM)(MMH), 2024 WL 5118606, at *1 (E.D.N.Y. Jan. 25, 2024) (discussing court directive requiring former counsel to provide case file to plaintiffs); *see also Doe v. City of Modesto*, No. 1:12CV1255 LJO GSA, 2013 WL 4828706, at *3 (E.D. Cal. Sept. 6, 2013) (directing plaintiff's former attorney "to provide Plaintiff with a copy of her complete case file" within a week of order).

Finally, I dispute your clearly retaliatory assertion that you can nullify my decision to take reduced fees and costs (around $675K) as complete payment for the purported provision of legal services in your case.  Moreover, it is my position as demonstrated by applicable law that you are not entitled to enforce any charging lien as a result of your for-cause termination.  *See, e.g., Holcombe*, 747 F. App'x at 878 (2d Cir. 2018), *aff'g Holcombe*, 2017 WL 10084142, at *14 (E.D.N.Y. Aug. 4, 2017), *adopting* 2017 WL 1184104, at *4, *7 (E.D.N.Y. Mar. 29, 2017) (denying former attorney's motion for compensation and granting former client's motion to extinguish charging lien).  However, in the interest of avoiding wasteful public filings and to spare you a ruling that you were terminated for cause, I am open to an out-of-court resolution so we can go our separate ways without further conflict.

Regards,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech
678 559 4682
zoyavk@outlook.com

---

**From:** Gerry Filippatos <pgf@filippatoslaw.com>
**Date:** Thursday, January 23, 2025 at 5:48 PM
**To:** Zoya Kovalenko <zoyavk@outlook.com>, Tanvir Rahman <TRahman@filippatoslaw.com>
**Subject:** RE: Notice of Immediate Termination for Cause

Zoya,

You have no basis to terminate our firm for cause – you do, however, have the right to fire us as your attorneys at any time.  Indeed, if -- as you attempted to do again today, and have done consistently over the past few weeks -- you continue to insist on ignoring our advice and inserting (and reinserting) provisions in proposed settlement agreement that either we have explained to you ad nauseam – or opposing counsel has made clear -- are unacceptable or nonstarters, then there really is no reason for us to continue representing you.

Accordingly, we will assert all appropriate liens against you and so notify opposing counsel and the court. As a courtesy, we will send you our last revision of the document you presented to us today (though promised yesterday and delayed a week because of your hastily proclaimed vacation). If you wish to reconsider after you have read our comments, you can contact us this evening to further discuss what we should submit to K&E's counsel.

It could not be farther from the truth that the conflict between us stems from us rushing you to accept settlement terms that are unfavorable to you so that we can get paid. First, there has been no "rush" as we have been working on this settlement agreement with you since early December following a mid-November mediation and endless subsequent conversations with you to assuage your ambivalence and vacillations regarding the settlement. Second, we have explained to you why certain terms that you were insisting upon in the settlement agreement were NOT in your favor, while others would be unacceptable to this or any other former employer. Third, not only have we done an inordinate amount of work on your case and endured stubborn and useless diatribes by you on all too many occasions, you have never grasped the fundamental truth that while you may be a licensed attorney in other jurisdictions, in this case, you are a client and cannot dictate to us (as your attorneys) how we do our job and meet our professional responsibilities. Several times, you have demanded that we communicate to opposing counsel things that are false, erroneous, or nonsensical, which is something we will not do because it would not serve your best interests. Finally, the result in this case – which, frankly, is outsized in light of what we have come to learn about the operative facts -- is the product of our persistent and zealous representation of you against your former employer and your own self-destructive tendencies.

In summary, in case you change your mind, we will await until tomorrow before notifying counsel and the Court of our departure from your matter and the assertion of our liens against your claims and files. Within those confines, we will of course cooperate with any successor counsel you may retain. Finally, please be advised that as you have falsely and baselessly fired us for alleged cause, we see no reason to be bound by any arrangements with you as regards our fees other than the original retainer you signed. Therefore, our charging lien against your claims (and the settlement proceeds therefrom) will be in the full amount of approx. $805K, as opposed to the reduced amount of approx. $675K we discussed with you during the mediation.

Best,





**F I L I P P A T O S   P L L C**
Employment Law, Litigation & ADR

**Parisis G. Filippatos**
*Founding Partner*
Pronouns: he, him, his

 (212) 202-0234, ext. 401
 pgf@filippatoslaw.com
www.filippatoslaw.com

   

Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for deliver and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

**From:** Zoya Kovalenko <zoyavk@outlook.com>
**Sent:** Thursday, January 23, 2025 4:23 PM
**To:** Gerry Filippatos <pgf@filippatoslaw.com>; Tanvir Rahman <TRahman@filippatoslaw.com>
**Subject:** Notice of Immediate Termination for Cause
**Importance:** High

Gerry:

I am terminating my attorney-client relationship with You (defined below) for cause, effective immediately.  "You" means Filippatos PLLC, including, individually and/or collectively, each and every employee, agent and partner thereof, including without limitation yourself (Parisis G. Filippatos) and Tanvir Rahman. "Your" means the possessive form of "You."  In the interest of clarity, I am terminating for cause Your purported representation of me in connection with *Kovalenko v. Kirkland & Ellis LLP*, No. 4:22-cv-05990 (N.D. Cal.) (the "Case").

The numerous bases warranting Your termination for cause include, among others: (1) improperly threatening to withdraw on numerous occasions and directly interfering with my right to settle, including threatening to immediately withdraw on November 25, 2024 in direct response to my declination of the mediator's proposal; (2) failing to provide litigation services bargained for under my retainer agreement with You and acting with an extreme laxity in litigating the Case on my behalf, including without limitation not drafting substantive briefs in the Case since being retained and exhibiting a strong aversion to conducting offensive discovery; and (3) acting abusively and unprofessionally on numerous occasions, both in writing and verbally, which includes abusive conduct for which You (through Tanvir) apologized on January 11, 2024 and Your unprofessional and abusive behavior that occurred during mediation on November 22, 2024.  *E.g.*, *Stinson v. City of New York*, No. 18-CV-0027 (LAK) (BCM), 2018 WL 11257424, at *4 (S.D.N.Y. Nov. 26, 2018 ("[A]ttorney misconduct, which includes . . . improper threats to withdraw" and "interference with the client's right to settle" are sufficient to warrant discharge for cause and forfeiture of counsel's fee.); *Garcia v. Teitler*, No. 04 CV 832 (JG), 2004 WL 1636982, at *5 (E.D.N.Y. July 22, 2004) (Under New York law, the weight of precedent demonstrates that discharging an attorney for "cause" means that "the attorney has engaged in some kind of misconduct, has been unreasonably lax in pursuing the client's case, or has otherwise improperly handled the case.") (collecting cases), *aff'd*, 443 F.3d 202 (2d Cir. 2006).

Despite all of the above being more than sufficient to terminate You for cause prior to today, I had hoped that You would roll up Your sleeves and actually negotiate settlement terms favorable to me.  But it is clear You have no interest in doing that and instead have effectively served as a mouthpiece for the defendants in the Case ("Defendants"), claiming that unfavorable and open-ended terms proposed by Defendants are indisputably acceptable and something You refuse to negotiate.  Pushing back one time on major provisions and then rolling over because Defendants did not immediately agree to requested edits hardly qualifies as negotiation, if qualifying at all.  Punctuating this is the fact that You have made the outlandish claim that the original, stock, extremely pro-defendant draft agreement sent by Defendants was a fair and acceptable agreement without any changes.

To boot, Your recent unprofessional, unhinged, and petulant emails further demonstrate that You are in no way fit and seemingly have never have been fit to serve as my attorneys and represent my interests in the Case.  Your avalanche of inappropriate and hostile emails, including in recent correspondence, reflects poorly on You given I have maintained a diplomatic tone in our communications and further reinforces my right to terminate You for cause.

Now that Your path to prompt payment for services You never performed has been disrupted because of my reasonable desire to negotiate a bit more, You have reverted back to threatening to withdraw because I will not agree to settle on terms that are unfavorable to me and were not in the mediator's proposal and that You demand I accept.  Such conduct is unlawful and is a dereliction of Your professional responsibilities and duties to me as a client.  As I have explained numerous times, many of Defendants' proposed terms would expose me to potentially significant legal liability and obligations that would not otherwise exist but for agreeing to terms that You refuse to push back on in any real sense.

**To be unequivocal, You are fired for cause effectively immediately and consequently no longer have any authority to communicate to opposing counsel or anyone else on my behalf.  Further, given the Case is ongoing, please begin the orderly and timely transfer of my entire case file to me, which You are required to do.**

Regards,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech
678 559 4682
zoyavk@outlook.com