**FILIPPATOS PLLC**
Employment Law, Litigation & ADR

Tanvir H. Rahman
Admitted in NY & NJ

199 Main Street, Suite 800
White Plains, NY 10601

Phone/Fax: 914-984-1111
Trahman@filippatoslaw.com

filippatoslaw.com ◆ bestworkplacelawyers.com

January 29, 2025

**VIA ECF**
The Honorable Haywood S. Gilliam, Jr.
Northern District of California
Oakland Courthouse, Courtroom 2 – 4th Floor
1301 Clay Street
Oakland, CA 94612

Dear Judge Gilliam,

We write briefly in relation to the motion filed today by Plaintiff Zoya Kovalenko at Dkt. No. 171 seeking various relief related to Filippatos PLLC's representation of her in this action (the "Motion"). With regard to Ms. Kovalenko's request that this firm be terminated as her counsel of record in this action, we have no objection to this request and are prepared to immediately stipulate (along with our local counsel Hennig Kramer LLP) to withdrawing as her counsel, rendering this request moot.

As to Ms. Kovalenko's request that this Court find that Ms. Kovalenko had "cause" to terminate our representation, the Court should decline to entertain such request for, *inter alia*, lack of jurisdiction, as Ms. Kovalenko and our firm have already agreed, pursuant to the terms of our Retainer Agreement (which Ms Kovalenko appended to her Motion), that the proper forum to adjudicate a *fee*-related dispute of this nature would be in arbitration. See Dkt. No. 171-3, at 4 (Retainer Agreement, specifying that, "All other types of fee or billing disputes that may arise between us that cannot be resolved informally shall be settled by final and binding arbitration in New York City before a single arbitrator in accordance with the Rules of JAMS ADR …"). Thus, to the extent our firm must substantively respond to Ms. Kovalenko's Motion, we will cross-move to compel this dispute to arbitration which is the proper and agreed upon forum to adjudicate this issue.

Lastly, with respect to Ms. Kovalenko's request that the Court order Filippatos PLLC to provide her with her client file, this too is a *billing* dispute that Ms. Kovalenko and our firm have already agreed would be resolved in arbitration pursuant to the terms of our Retainer Agreement, and thus this Court should decline to exercise jurisdiction over this issue. Indeed, as we have already notified Ms. Kovalenko, pursuant to New York law which governs the terms of the Retainer Agreement, due to her failure to pay her outstanding legal expenses, we have asserted a retaining lien on her client file. See Concrete Flotation Sys., Inc. v. Tadco Const. Corp., No. 07 Civ. 319

(ARR)(VVP), 2009 WL 1209141, at *1 (E.D.N.Y. May 2, 2009) ("Principles long recognized and clearly announced by the Second Circuit prohibit the court from requiring an attorney to produce papers subject to a retaining lien to a former client without a resolution of the fee dispute or the posting of an adequate bond,"). Accordingly, as soon as Ms. Kovalenko fully complies with her obligation to pay her outstanding legal expenses, the retaining lien will be satisfied and her client file promptly released.

Accordingly, for the foregoing reasons, Ms. Kovalenko's motion should be denied as moot and otherwise outside the jurisdiction of this Court.[1]

We thank Your Honor for the Court's consideration.

Respectfully submitted,

_/s/ Tanvir_

Tanvir H. Rahman (admitted *pro hoc vice*)

Cc:   All Counsel of Record (*via* ECF)
      Ms. Zoya Kovalenko (*via* ECF)

---

[1] We join in any request by Defendants to seal Ms. Kovalenko's Motion or any portion thereof.