Zoya Kovalenko (Cal. SBN 338624)
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
(678) 559-4682
zoyavk@outlook.com
*Plaintiff Zoya Kovalenko*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>        *Plaintiff,*<br><br>    v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY,<br><br>        *Defendants.* | Case No. 4:22-cv-05990-HSG<br><br>**ADMINISTRATIVE MOTION TO PARTIALLY SEAL PLAINTIFF'S MOTION TO NOTICE TERMINATION OF FILIPPATOS PLLC FOR CAUSE, TO REQUIRE FILIPPATOS PLLC TO PROVIDE CLIENT FILE TO PLAINTIFF, AND TO REQUIRE FURTHER BRIEFING *EX PARTE***<br><br>[Civil Local Rules 79-5(c) & 7-11]<br><br>Re: Dkt. Nos. 171, 171-1, 171-4. |

1    **ADMINISTRATIVE MOTION TO PARTIALLY SEAL PLAINTIFF'S MOTION TO**

2    **NOTICE TERMINATION OF FILIPPATOS PLLC FOR CAUSE, TO REQUIRE**

3    **FILIPPATOS PLLC TO PROVIDE CLIENT FILE TO PLAINTIFF, AND**

4    **TO REQUIRE FURTHER BRIEFING _EX PARTE_**

5        Plaintiff terminated her counsel, Filippatos PLLC ("Filippatos"), for cause on January 23,

6    2025, and respectfully moves the Court to seal portions of: (i) Plaintiff's Motion to Notice

7    Termination of Filippatos PLLC for Cause, to Require Filippatos PLLC to Provide Client File to

8    Plaintiff, and to Require Further Briefing _Ex Parte_, Dkt. No. 171 ("**Plaintiff's Motion to Notice**

9    **Termination of Filippatos**"); (ii) the Declaration of Zoya Kovalenko in Support of Plaintiff's

10   Motion to Notice Termination of Filippatos, Dkt. No. 171-1 (the "**Kovalenko Declaration ISO**

11   **Plaintiff's Motion to Notice Termination of Filippatos**"); and (iii) Attachment C to the

12   Kovalenko Declaration ISO Plaintiff's Motion to Notice Termination of Filippatos, Dkt. No. 171-

13   4.  Civil L.R. 79-5; Civil L.R. 7-11; Standing Order for Civil Cases Before District Judge

14   Haywood S. Gilliam, Jr. (July 9, 2024) ¶¶ 27–32.

15       Plaintiff further requests that the document filed as Attachment C to the Kovalenko

16   Declaration ISO Plaintiff's Motion to Notice Termination of Filippatos, Dkt. No. 171-4, be

17   removed and replaced with the redacted version attached hereto (Dkt. No. 176-6) as the original

18   attachment did not include redactions and has been temporarily blocked from public access.

19   Declaration of Zoya Kovalenko in Support of Administrative Motion to Partially Seal Plaintiff's

20   Motion to Notice Termination of Filippatos PLLC for Cause, to Require Filippatos PLLC to

21   Provide Client File to Plaintiff, and to Require Further Briefing _Ex Parte_ ("**Kovalenko**

22   **Declaration ISO Motion for Partial Sealing**"), attached hereto, ¶ 7.

23   **I.    ARGUMENT**

24       **A.    Applicable Legal Standard**

25       "Records attached to motions that are 'not related, or only tangentially related, to the

26   merits of a case' are not subject to the strong presumption of access." _Arebalo v. Apple, Inc._, No.

27   5:19-CV-03034-EJD, 2022 WL 580865, at *1 (N.D. Cal. Feb. 25, 2022) (quoting _Ctr. for Auto_

28   _Safety v. Chrysler Grp., LLC_, 809 F.3d 1092, 1099 (9th Cir. 2016)) (citing _Kamakana v. City &_

1    *Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he public has less of a need for

2    access to court records attached only to non-dispositive motions because those documents are

3    often unrelated, or only tangentially related, to the underlying cause of action.")). "Parties moving

4    to seal records attached to motions unrelated or only tangentially related to the merits of a case

5    must meet the lower 'good cause' standard of Rule 26(c) of the Federal Rules of Civil

6    Procedure. *Arebalo*, 2022 WL 580865, at *1 (citing *Ctr. for Auto Safety*, 809 F.3d at 1098–

7    99; *Kamakana*, 447 F.3d at 1179–80). "The 'good cause' standard requires a 'particularized

8    showing' that 'specific prejudice or harm will result" if the information is disclosed.'" *Arebalo*,

9    2022 WL 580865, at *1 (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d

10   1206, 1210–11 (9th Cir. 2002)) (citing Fed. R. Civ. P. 26(c)). "'Broad allegations of harm,

11   unsubstantiated by specific examples or articulated reasoning' will not suffice." *Arebalo*, 2022

12   WL 580865, at *1 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.

13   1992)).

14        **B.    Reasons for Sealing**

15        Courts routinely find good cause exists to seal information related to settlement

16   negotiations and mediation proceedings. *E.g.*, *Gillette Co. v. Pace Shave, Inc.*, Case No.17-mc-

17   80045-JSC, at *3 (N.D. Cal. Jul. 25, 2017), https://casetext.com/case/gillette-co-v-pace-shave-inc

18   ("After careful review of Movants' and Gillette's submitted documentation, this Court agrees that

19   the revised redacted material concerns sensitive business information regarding settlement

20   negotiations and agreements between the parties. As such, the Court finds good cause to seal this

21   sensitive information." (citing *San Jose Mercury News v. U.S. Dist. Court*, 187 F.3d 1096, 1103

22   (9th Cir. 1999)); *HotSpot Therapeutics, Inc. v. Nurix Therapeutics, Inc.*, No. 22-CV-04109-TSH,

23   2023 WL 3259471, at *3 (N.D. Cal. May 3, 2023) (finding good-cause standard met for

24   "information pertaining to confidential mediation communications" and granting motion to seal

25   same); *Chi-Fu Hsueh v. Bankers Life & Cas. Co.*, 421 F. Supp. 3d 937, 945–46 (S.D. Cal. 2019)

26   (granting motion to seal documents related to parties' mediation, including declaration).

27        Here, there are legitimate public and private interests in sealing information related to

28   mediation and settlement negotiations, as doing so encourages settlement. *U.S. E.E.O.C. v. ABM*

1    *Indus. Inc.*, No. 1:07-CV-01428 LJOJLT, 2010 WL 582049, at *2 (E.D. Cal. Feb. 12, 2010)

2    (acknowledging that "confidentiality of the mediation process encourages settlement" (quoting

3    *United States v. Glens Falls Newspapers, Inc.,* 160 F.3d 853, 858 (2nd Cir. 1998)).  Moreover,

4    there are legitimate public and private interests in preserving confidential communications

5    involving attorneys, such as those referenced in Plaintiff's Motion to Notice Termination of

6    Filippatos, Dkt. No. 171, and Kovalenko Declaration ISO Plaintiff's Motion to Notice

7    Termination of Filippatos, Dkt. No. 176-6, with respect to Plaintiff's discussions with her former

8    counsel.  *Sabre Int'l Security v. Torres Advanced Enter. Solutions, LLC*, 219 F. Supp. 3d 155,

9    158–59 (D.D.C. 2016) ("Numerous courts have reviewed ... affidavits under seal to ascertain the

10    basis of the motion to withdraw without upsetting the attorney-client privilege."); *Team Obsolete*

11    *Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165–66 (E.D.N.Y. 2006) ("A review of the relevant

12    case law demonstrates that documents in support of motions to withdraw as counsel are routinely

13    filed under seal where necessary to preserve the confidentiality of the attorney-client relationship

14    between a party and its counsel, and that this method is viewed favorably by the courts.").

15        Less restrictive alternatives to sealing are not available as Plaintiff has already limited the

16    sealing request to tailored portions of the documents for which sealing is sought hereunder.

17    Kovalenko Declaration ISO Motion for Partial Sealing ¶ 5.  A table regarding additional support

18    for the redactions follows.

| Docket No. Public/(Sealed) | Document | Portions Sought to Be Sealed | Evidence Offered in Support of Sealing |
|---|---|---|---|
| Dkt. No. 171/(176-3) | Plaintiff's Motion to Notice Termination of Filippatos | p. 2 n.2 (ll. 27–28). p. 3, ll. 16–20, 23–25. p. 4, ll. 1, 3–4, 5, 9–11. p. 11, ll. 15, 18–28. p. 12, ll. 1–9, 11, 14, 24. p. 13, ll. 1, 7–8, 14–15, 16 & nn.9–10 (ll. 23–24, 25, 26–28). p. 14, ll. 15, 17. | Kovalenko Decl. ISO Motion for Partial Sealing ¶¶ 3–5. Good cause exists to seal this information because it relates to and involves confidential |

| | | p. 15, l. 11 & n.11 (ll. 24–26). p. 20, ll. 16–19. | settlement negotiations and mediation proceedings, which, if disclosed, would undermine public interest in encouraging parties to consider out-of-court resolutions. |
|---|---|---|---|
| Dkt. No. 171-1/(176-4) | Kovalenko Declaration ISO Plaintiff's Motion to Notice Termination of Filippatos | p. 3, ll. 17–28. p. 4, ll. 1–28. p. 5, ll. 1–28. p. 6, ll. 1–25, 27–28. p. 7, ll. 1–3, 6–12, 17–18. p. 8, ll. 9, 24–28. p. 9, ll. 1–28. p. 10, ll. 1–19. p. 13, ll. 18–22. p. 14, ll. 2–8. | Kovalenko Decl. ISO Motion for Partial Sealing ¶¶ 3–5. Good cause exists to seal this information because it relates to and involves confidential settlement negotiations and mediation proceedings, which, if disclosed, would undermine public interest in encouraging parties to consider out-of-court resolutions. |

| Dkt. No. 171-4* / (176-5)  *176-6 is the redacted version of 176-5 and should replace the document filed at 171-4. | Attachment C (Termination Email and Response) to Kovalenko Declaration ISO Plaintiff's Motion to Notice Termination of Filippatos | p. 1–3. | Kovalenko Decl. ISO Motion for Partial Sealing ¶¶ 3–5, 8. Good cause exists to seal this information because it relates to and involves confidential settlement negotiations and mediation proceedings, which, if disclosed, would undermine public interest in encouraging parties to consider out-of-court resolutions. |

### CONCLUSION

Plaintiff respectfully requests the Court permit Plaintiff's Motion to Notice Termination of Filippatos, Dkt. No. 171, and the Kovalenko Declaration ISO Plaintiff's Motion to Notice Termination of Filippatos, Dkt. No. 171-1, to remain partially sealed as filed with redactions at Dkt. Nos. 171 and 171-1, respectively. Plaintiff further requests that the document filed as Attachment C to the Kovalenko Declaration ISO Plaintiff's Motion to Notice Termination of Filippatos, Dkt. No. 171-4, be removed and replaced with the redacted version attached as Dkt. No. 176-6 to the attached Kovalenko Declaration in Support of Partial Sealing as the original attachment did not include redactions and has been temporarily blocked from public access.

1   Respectfully submitted this 30th day of January 2025.

2                                        By:   /s/ *Zoya Kovalenko*

3                                               Zoya Kovalenko (Cal. SBN 338624)
                                               13221 Oakland Hills Blvd., Apt. 206
4                                              Germantown, MD 20874
                                               Tel.: 678 559 4682
5                                              zoyavk@outlook.com
                                               *Plaintiff Zoya Kovalenko*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28