Tanvir H. Rahman (admitted *pro hac vice*)
**FILIPPATOS PLLC**
199 Main Street, Suite 800
White Plains, NY 10601
Tel.: 914 984 1111
trahman@filippatoslaw.com

Samuel M. Brown (State Bar No. 308558)
**HENNIG KRAMER LLP**
3600 Wilshire Blvd, Suite 1908
Los Angeles, CA 90010
Tel.: 213 310 8301
Fax: 213 310 8302
sam@employmentattorneyla.com

*Attorneys for Plaintiff Zoya Kovalenko (pending withdrawal)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO, | Case No.: 22-cv-05990-HSG |
| *Plaintiff*, | |
| v. | **FILIPPATOS PLLC and HENNIG KRAMER LLP'S NOTICE OF CROSS-MOTIONS TO WITHDRAW AS COUNSEL AND TO COMPEL ARBITRATION, PRELIMINARY STATEMENT IN OPPOSITION, AND REQUEST FOR EVIDENTIARY HEARING EX PARTE** |
| KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY, | |
| *Defendants*. | |
| | Hearing noticed for Thursday, March 20, 2025, at 2:00 pm, before the Honorable Haywood S. Gilliam, Jr., United States District Judge, at 1301 Clay Street, Fourth Floor, Courtroom 2, Oakland, California 94612 |
| | <u>Accompanying Documents:</u><br>Declaration of Tanvir H. Rahman<br>[Proposed] Order |

1

TABLE OF CONTENTS

TABLE OF CONTENTS…………………………………………………….......................2

TABLE OF AUTHORITIES……………………………………………………….……..3

FILIPPATOS PLLC and HENNIG KRAMER LLP'S NOTICE OF CROSS-MOTIONS AND CROSS-MOTIONS TO WITHDRAW AS COUNSEL AND COMPEL ARBITRATION……4-5

MEMORANDUM OF POINTS AND AUTHORITIES…………………………………….6-16

INTRODUCTION/FACTUAL SUMMARY…………………………………………….....6-10

LEGAL ANALYSIS……………………………………………………………………….10-16

The Court Should Permit Filippatos PLLC and Hennig Kramer to Withdraw as Counsel for Ms. Kovalenko……………………………………………………………………….10-11

The Court Should Decline to Entertain the Disputes Raised in Ms. Kovalenko's Termination With Cause Motion For Lack of Jurisdiction, as Ms. Kovalenko Has Already Agreed to Adjudicate These Disputes in Arbitration……......................................................................12-15

To the Extent This Court Wishes to Exercise Jurisdiction Over and Adjudicate Ms. Kovalenko's Termination With Cause Motion, Briefing Should be Done Ex Parte Because the Court Will Need to be Told Truthful Information That May Prejudice or Otherwise Harm Ms. Kovalenko's Chances of Prevailing in This Action…………………………………………………………………..15-16

CONCLUSION…………………………………………………………………………..16

TABLE OF AUTHORITIES

Cases

*AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1745 (2011)……………………………………12

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)…………...13,14

*Circuit City Stores, Inc. v. Adams*, 279 F.3d 889 (9th Cir. 2002), cert. denied, 535 U.S. 1112 (2002)……………………………………………,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,……………..9, 12, 14

*Concrete Flotation Sys., Inc. v. Tadco Const. Corp.,* No. 07 Civ. 319 (ARR)(VVP), 2009 WL120914 (E.D.N.Y. May 2, 2009)…………………………………………………………….9,14

*Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008)……………………………13

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)……………………………………13

*Elan Transdermal Ltd. v. Cygnus Therapeutic Systems*, 809 F. Supp. 1383 (N.D.Cal. 1992)….10

*j2 Global Communs., Inc. v. Blue Jay, Inc.,* Case No. 08-4254 (PJH), 2009 U.S. Dist. LEXIS 19027, at *2 (N.D. Cal.Feb. 24, 2009)………………………………………………………………..10

*Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004)…………..13

*Luchini v. Carmax, Inc.*, Case No. 12-0417 (LJO)(DLB), 2012 U.S. Dist. LEXIS 102198, at *10-12 (E.D. Cal. July 23, 2012)………………………………………………………………………….13

*Molina v. Sandinavian Designs, Inc.*, Case No. 13-cv-04256 (NC), 2014 U.S. Dist. LEXIS 55863, at *5 (N.D.Cal. Apr. 21, 2014) (Judge Cousins)……………………………………………. ….13

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 4601 U.S. 1, 24 (1983)……..12-13

*Nehad v. Mukasey,* 535 F.3d 962, 970 (9th Cir. 2008)……………………………………………10

*Pomerantz v. Schandler*, 704 F.2d 681, 683 (2d. Cir. 1983)……………………………………..14

Statute and Other Authorities

9 U.S.C. § 2………………………………………………………………………………………….4,12

9 U.S.C. § 4. ……………………………………………………………………………………………..12

Cal. Rules Prof. Conduct, Rule 3-700(A)(1)……………………………………………………….10

Cal. Rules Prof. Conduct, Rule 3-700(C)(1)(d)……………………………………………………..4,11

L.R. 11-5(a)……………………………………………………………………………………………...10

Federal Rules of Civil Procedure (FRCP) 1……………………………………………………….7

TO THE COURT AND ALL PARTIES AND COUNSEL:

**PLEASE TAKE NOTICE** that on Thursday, March 20, 2025, at 2:00 PM, before the Honorable Haywood S. Gilliam, Jr., United States District Judge, at 1301 Clay Street, Fourth Floor, Courtroom 2, Oakland, California, 94612, Filippatos PLLC and Hennig Kramer LLP will and hereby do seek leave of this court to withdraw and be relieved as counsel for Plaintiff Zoya Kovalenko.

This motion is made pursuant to Civil Local Rule 11-5 and Rule 3-700(C) of the California Rules of Professional Conduct, for an order relieving Filippatos PLLC and Hennig Kramer LLP as counsel for Ms. Kovalenko on the grounds that the attorney-client relationship has detoriated beyond repair, including because Ms. Kovalenko has breached her contractual obligations with Filippatos PLLC and has otherwise made it unreasonably difficult for Filippatos PLLC to carry out its representation of her effectively.

In the alternative, Filippatos PLLC moves to compel the disputes raised in Ms. Kovalenko's Motion at Dkt. 171 seeking, *inter alia*, an order from this Court that she has "cause" to terminate Filippatos PLLC as her counsel to arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 2, and the express terms of the Retainer Agreement governing Ms. Kovalenko and Filippatos PLLC's attorney-client relationship.

In the alternative, Filippatos PLLC states preliminary opposition to Ms. Kovalenko's Motion at Dkt. 171, and seeks an evidentiary hearing before this Court *ex part*e of Defendants to adjudicate same.

The instant cross-motions, opposition and application are based upon this Notice of Cross-Motions and Cross-Motions, the supporting Memorandum of Points and Authorities, and the Declaration of Tanvir H. Rahman, Esq., as well as the records and files herein.

Dated: January 31, 2025                                   Respectfully submitted,

                                                               **FILIPPATOS PLLC**

                                                               By:_____
                                                               Tanvir H. Rahman

4

199 Main Street, Suite 800
White Plains, NY 10601
T. F: 914.984.1111
TRahman@filippatoslaw.com

Samuel M. Brown (State Bar No. 308558)
**HENNIG KRAMER LLP**
3600 Wilshire Blvd, Suite 1908
Los Angeles, CA 90010
Tel.: 213 310 8301
Fax: 213 310 8302
sam@employmentattorneyla.com

*Attorneys for Plaintiff Zoya Kovalenko
(pending withdrawal)*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Filippatos PLLC hereby respectfully submits the following Memorandum of Points and Authorities in support of its instant Cross-Motion to Withdraw as Counsel for Plaintiff Zoya Kovalenko, which would render Ms. Kovalenko's motion to terminate Filippatos PLLC for cause (*See* Dkt. No. 171, the "Termination For Cause Motion") moot; in the alternative, in support of its Cross-Motion to Compel Arbitration as to the disputes raised in Ms. Kovalenko's Termination For Cause Motion pursuant to the express terms of the Retainer Agreement governing Ms. Kovalenko's engagement of Filippatos PLLC for legal services. Moreover, in the event the Court denies both of the instant Cross-Motion and intends to entertain the disputes raised in Ms. Kovalenko's Termination For Cause Motion, we would respectfully join in Ms. Kovalenko's request that the Court order that further briefing as to the issues raised in the Termination For Cause Motion be filed *ex parte* of Defendants, and also would request the Court issue a schedule for briefing, discovery, and evidentiary hearing accordingly.

**I.     INTRODUCTION/FACTUAL SUMMARY**

In what should have been a simple stipulated motion for Filippatos PLLC and Hennig Kramer LLP to withdraw as Ms. Kovalenko's counsel, Ms. Kovalenko has improperly and ill-advisedly brought what is essentially a whole new action against Filippatos PLLC over a dispute she has initiated over legal fees and billing before this Court without establishing that this Court even has jurisdiction to hear the issues raised therein – i.e., if she had "cause" to terminate Filippatos PLLC as her counsel or if Filippatos PLLC can enforce its charging lien against her for its fees due and owing under the operative Retainer Agreement.  At the very least -- were this Court to choose to retain ancillary jurisdiction over these new causes of action - discovery, briefing, and an evidentiary hearing on the merits, *ex parte* to Defendants,would need to be scheduled instead of adjudication solely on the papers as Ms. Kovalenko seems to contend.

6

Respectfully, based on the foregoing, this Court should grant Filippatos PLLC's and Hennig Kramer's instant Cross-Motion to withdraw as Ms. Kovalenko's counsel and leave any other disputes to be adjudicated by the proper, agreed upon forum, which would be in arbitration. Simply put, this Court does not have jurisdiction and should not devote any of its resources to entertaining Ms. Kovalenko's improperly filed Termination For Cause Motion because Ms. Kovalenko has agreed that the disputes raised therein must be adjudicated in arbitration pursuant to the clear and express terms of the Retainer Agreement she signed when she engaged Filippatos PLLC as her counsel. Any decision to the contrary would needlessly expend the Court's precious resources. *See* FRCP 1.

As background, Ms. Kovalenko formally retained Filippatos PLLC in July 2023 (*see* Retainer Agreement, at Dkt. No. 173-3) (Declaration of Tanvir Rahman ("Rahman Decl.") at ¶2). On November 8, 2023, local counsel, Hennig Kramer LLP, appeared in this action and sponsored Filippatos PLLC partner Tanvir H. Rahman's application for *pro hac vice* admission into this Court, which was granted on November 9, 2023. *See* Dkt. Nos. 108 and 109; Rahman Decl. at ¶2.

Since then, Filippatos PLLC, with local counsel Hennig Kramer LLP as needed, has dutifully and zealously litigated this matter before this Court and steadfastly represented Ms. Kovalenko's interests against her former employer, Defendant Kirkland & Ellis, LLP. *Id.* at ¶3. In retaining Filippatos PLLC, Ms. Kovalenko signed the aforementioned Retainer Agreement granting Filippatos PLLC a 40% contingency interest in any settlement or award achieved in relation to Ms. Kovalenko's claims, and providing that Ms. Kovalenko would reasonably cooperate with Filippatos PLLC in its legal representation of her, as well as carefully consider the legal advice she received from Filippatos PLLC. *Id.*

In October 2024, the instant action was referred to private Alternative Dispute Resolution. A mediation with JAMS mediator Dina Jansenson, Esq. was scheduled for and took place on

November 22, 2024. *Id.* at ¶4. It was during the course of subsequent resolution-related discussions pursuant to the mandatory ADR process that the attorney-client relationship between Filippatos PLLC and Zoya Kovalenko became irretrievably broken beyond repair due to Ms. Kovalenko's refusal to cooperate with Filippatos PLLC and carefully consider the legal advice it provided her. *Id.*

On January 23, 2025, Ms. Kovalenko notified Filippatos PLLC that she was terminating the firm as her counsel. Rahman Decl. at ¶5. While Ms. Kovalenko has every right to engage counsel of her choice, but not to avoid paying Filippatos PLLC the legal fees to which it is entitled and has earned, Ms. Kovalenko seeks to fashion her termination of our firm's legal service as "for cause." *Id.*

Before Filippatos PLLC was able to file the instant Motion for Withdrawal, on January 29, 2025, Ms. Kovalenko filed her Termination For Cause Motion, in which she seeks an order from *this Court* finding that she had "cause" to terminate Filippatos PLLC as her counsel. *See* Dkt. No. 171; Rahman Decl. at ¶7. With regard to Ms. Kovalenko's request that Filippatos PLLC be terminated as her counsel of record in this action, we have no objection to this request and, indeed, are cross-filing this motion (along with local counsel Hennig Kramer LLP) to withdraw as her counsel. *Id.* The Court should therefore permit Filippatos PLLC and Hennig Kramer LLP to withdraw as counsel for Ms. Kovalenko, which will render Ms. Kovalenko's Termination For Cause Motion moot.

In the alternative, if the Court declines to grant Filippatos PLLC's motion to withdraw as Ms. Kovalenko's counsel, the Court should decline to entertain or exercise jurisdiction over the disputes raised in Ms. Kovalenko's Termination For Cause Motion as these disputes should properly be before an arbitrator and not this Court pursuant to the express terms of the Retainer Agreement. *Id.* at ¶8. Specifically, pursuant to the terms of the Retainer Agreement, the proper

forum to adjudicate what is essentially a *fee* dispute is not in this Court but in arbitration. *See* Retainer Agreement, at p. 4 (specifying that, "All other types of fee or billing disputes that may arise between us that cannot be resolved informally shall be settled by final and binding arbitration in New York City before a single arbitrator in accordance with the Rules of JAMS ADR …").

Likewise, with respect to Ms. Kovalenko's request raised in her Termination For Cause Motion that the Court order Filippatos PLLC to provide her with her "client file," this too is a *billing* dispute that must be resolved in arbitration pursuant to the terms of the Retainer Agreement, requiring this Court to decline to exercise jurisdiction thereof. Indeed, as we have already notified Ms. Kovalenko in writing that, due to her failure to pay her outstanding legal expenses, we have asserted a retaining lien on her "client file," which is well within Filippatos PLLC's rights to do pursuant to New York law which governs the terms of the Retainer Agreement (*see* Retainer Agreement, at p. 3). Rahman Decl. at ¶9; *see Concrete Flotation Sys., Inc. v. Tadco Const. Corp.*, No. 07 Civ. 319 (ARR)(VVP), 2009 WL 1209141, at *1 (E.D.N.Y. May 2, 2009) ("Principles long recognized and clearly announced by the Second Circuit prohibit the court from requiring an attorney to produce papers subject to a retaining lien to a former client without a resolution of the fee dispute or the posting of an adequate bond."). Accordingly, as soon as Ms. Kovalenko fully complies with her obligation to pay her outstanding legal expenses, the retaining lien will be satisfied and her "client file" promptly released – but in any event, this is not an issue that should be adjudicated by this Court but by an arbitrator.

Lastly, if the Court declines both of the instant Cross Motions, we would respectfully join in Ms. Kovalenko's request that briefing in relation to her Termination For Cause Motion be done *ex parte* of Defendants as there is a strong likelihood that any opposition to her Termination For Cause Motion will necessitate the disclosure of information that would include counsel's honest assessment of Ms. Kovalenko's claims and other information that will likely impede Ms.

Kovalenko's ability to prevail in this suit. The Court should set both a briefing schedule and a schedule for the exchange of discovery followed by an evidentiary hearing with respect to the disputes raised in Ms. Kovalenko's Termination For Cause Motion which implicate complicated and nuanced issues that require a full adjudication on the merits to resolve, and not merely through motion practice.

## II.  LEGAL ANALYSIS

### A. The Court Should Permit Filippatos PLLC and Hennig Kramer to Withdraw as Counsel for Ms. Kovalenko

Ms. Kovalenko has already terminated Filippatos PLLC (and by extension, local counsel Hennig Kramer) as her counsel in this matter, and has made it clear that she wishes to revert to her former status as a self-represented party in this action. Filippatos PLLC has similarly terminated Ms. Kovalenko as its client (Rahman Decl. at ¶ 5) and, along with Hennig Kramer, likewise wish to withdraw as Ms. Kovalenko's counsel. As all sides appear to be in agreement, the Court should grant Filippatos PLLC's and Hennig Kramer's motion to withdraw as Ms. Kovalenko's counsel and deem any remaining disputes in Ms. Kovalenko's Termination With Cause Motion moot.

Withdrawal from representation in this action is governed by the California Rules of Professional Conduct (the "California Rules"). *See Nehad v. Mukasey,* 535 F.3d 962, 970 (9th Cir. 2008); *j2 Global Communs., Inc. v. Blue Jay, Inc.,* Case No. 08-4254 (PJH), 2009 U.S. Dist. LEXIS 19027, at *2 (N.D. Cal. Feb. 24, 2009), citing *Elan Transdermal Limited v. Cygnus Therapeutic Systems*, 809 F. Supp. 1383, 1387 (N.D. Cal. 1992); *see also* L.R. 11-5(a). The California Rules state that "if permission for termination of employment is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission." Cal. Rules Prof. Conduct, Rule 3-700(A)(1). Since the Northern District of California requires permission for withdrawal (L.R. 11-5), leave of this Court is required.

Rule 3-700(C) of the California Rules lists several grounds for permissive withdrawal, including if the client: "by other conduct renders it unreasonably difficult for the member to carry out the employment effectively." Rule 3-700(C)(1)(d).

The majority of communications between Ms. Kovalenko and Filippatos PLLC have been via telephone and email. Unfortunately, Ms. Kovalenko has repeatedly refused to cooperate with Filippatos PLLC and carefully consider the legal advice it has provided her, which has resulted in the irretrievable breakdown in the attorney-client relationship between Filippatos PLLC and Ms. Kovalenko. It was during the course of resolution-related communications pursuant to the mandatory ADR process that the attorney-client relationship between Ms. Kovalenko and our firm became irretrievably compromised. This has made it, and continues to make it, unreasonably difficult for Filippatos PLLC and local counsel Hennig Kramer LLP to effectively represent Ms. Kovalenko.

Further, Ms. Kovalenko will suffer no prejudice if Filippatos PLLC and Hennig Kramer withdraw as counsel. Ms. Kovalenko is herself an attorney and litigated this action on her behalf before Filippatos PLLC agreed to represent her. Ms. Kovalenko chose to terminate Filippatos PLLC as her counsel and has given no indication that she is in search of replacement counsel, or that the matter should be delayed while she retains new counsel. Simply, Ms. Kovalenko wants to represent herself in this action again. As such, the Court should permit Filippatos PLLC and Hennig Kramer to immediately withdraw as Ms. Kovalenko's counsel, which is what Ms. Kovalenko has indicated she desires, and deem Ms. Kovalenko's Termination With Cause Motion moot.

**B.   The Court Should Decline to Entertain the Disputes Raised in Ms. Kovalenko's Termination For Cause Motion For Lack of Jurisdiction, as Ms. Kovalenko Has Already Agreed to Adjudicate These Disputes in Arbitration**

Ms. Kovalenko's Termination For Cause Motion is essentially an attempt to bring an action before this Court against Filippatos PLLC over a dispute over legal fees without establishing that this Court even has jurisdiction to adjudicate the disputes raised therein. Respectfully, this Court does not have jurisdiction and should not devote any of its resources to entertaining Ms. Kovalenko's Termination For Cause Motion because Ms. Kovalenko has agreed that the disputes raised therein must be adjudicated in arbitration pursuant to the clear and express terms of the Retainer Agreement she signed when she engaged Filippatos PLLC as her counsel. Indeed, Ms. Kovalenko tacitly acknowledges that this Court is not the proper forum to adjudicate a fee dispute between her and her former counsel based on her request that further briefing be conducted *ex parte*.

The Federal Arbitration Act ("FAA") provides that written agreements to resolve controversies by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1745 (2011) (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 4601 U.S. 1, 24 (1983) (additional citations omitted)). "The [FAA] not only placed arbitration agreements on equal footing with other contracts, but established a federal policy in favor of arbitration, and a federal common law of arbitrability which preempts state law disfavoring arbitration." *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002) (citations omitted), cert. denied, 535 U.S. 1112 (2002). A party seeking arbitration of a suit in federal court may move to compel arbitration. 9 U.S.C. § 4.

12

Under the FAA, arbitration clauses will be enforced unless there are grounds to revoke the agreement. *Concepcion*, 131 S.Ct. at 1746-46. When determining whether to compel arbitration, the court does not review the merits of the dispute; rather, the court determines: (1) whether there is an enforceable agreement to arbitrate; and (2) whether the agreement encompasses the disputed issue. *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)); *Lifescan, Inc. v. Premier Diabetic Servs., Inc.,* 363 F.3d 1010, 1012 (9th Cir. 2004); see also *Luchini v. Carmax, Inc.*, Case No. 12-0417 (LJO)(DLB), 2012 U.S. Dist. LEXIS 102198, at *10-12 (E.D. Cal. July 23, 2012) (citations omitted) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."). If the court concludes that the answer to both questions is yes, it must compel arbitration. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

"[D]oubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Molina v. Sandinavian Designs, Inc.*, Case No. 13-cv-04256 (NC), 2014 U.S. Dist. LEXIS 55863, at *5 (N.D.Cal. Apr. 21, 2014) (Judge Cousins) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983)).

Here, a valid agreement to arbitrate clearly exists that governs the disputes raised by Ms. Kovalenko in her Termination With Cause Motion. The Retainer Agreement she executed includes a provision requiring that: "All other types of fee or billing disputes that may arise between us that cannot be resolved informally shall be settled by final and binding arbitration in New York City before a single arbitrator in accordance with the Rules of JAMS ADR …" *See* Dkt. No. 171-3, at 4.

The above-quoted language is broad and clearly encompasses the disputes Ms. Kovalenko has raised in her Termination For Cause Motion. In the Ninth Circuit, arbitration clauses that apply to "any dispute" or that "relate to" an agreement are to be interpreted broadly and are meant to cover a wide range of claims. *See Chiron Corp.*, 207 F.3d at 1131 (clause providing that "any dispute, controversy or claim arising out of or relating to the validity, construction, enforceability or performance of this Agreement shall be settled by binding Alternate Dispute Resolution..." was "broad and far-reaching" and encompassed all of the plaintiff's claims); *Simula*, 175 F.3d at 721 (noting that every court that has construed the phrase "arising in connection with" in an arbitration clause has interpreted that language broadly). Where, as here, the arbitration clause encompasses all "types of [fee or billing] disputes," the scope of the arbitration provision "reaches every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract." *Simula*, 175 F.3d at 721. Where an arbitration clause is broad, a party's "factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability." *Id*.

Since the issue of whether or not Ms. Kovalenko had "cause" to terminate Filippatos PLLC directly impacts Filippatos PLLC's entitlement to a fee for its substantial legal work in this matter, the Court should compel this dispute to arbitration per the terms of the operative Retainer Agreement, which is the proper, agreed upon forum to adjudicate this dispute.

Likewise, Ms. Kovalenko's request that the Court order Filippatos PLLC to provide her with her "client file" is a *billing* dispute that must be resolved in arbitration pursuant to the terms of the operative Retainer Agreement. Simply, this is a dispute stemming from Ms. Kovalenko's failure to pay her legal expenses, which entitles Filippatos PLLC, under New York law, to assert a retaining lien on her "client file" until Ms. Kovalenko fully meets her obligation to pay her legal expenses. *See Concrete Flotation Sys., Inc.*, 2009 WL 1209141, at *1; *Pomerantz v. Schandler*,

704 F.2d 681, 683 (2d. Cir. 1983) ("It is settled that an attorney may claim a lien for outstanding unpaid fees and disbursements on a client's papers which came into the lawyer's possession as the result of his professional representation of his client. Upon substitution of counsel in litigation pending before it the court, absent evidence of misconduct on the part of former counsel, will normally, as ancillary to its conduct of the litigation, require a lawyer claiming a lien to turn over papers subject to the lien upon the client's payment of h[er] outstanding charges or posting of adequate security for payment."). As such, once Ms. Kovalenko fully complies with her obligation pursuant to the terms of the operative Retainer Agreement to pay Filippatos PLLC for the substantial legal expenses it has incurred on her behalf (see Dkt. No. 171-3 at 3) (particularly now that she has terminated Filippatos PLLC as her counsel), the valid retaining lien asserted will be satisfied and her "client file" promptly released – but regardless, this is not a dispute that this Court need entertain as it should properly be compelled to arbitration.

**III.    To the Extent This Court Wishes to Exercise Jurisdiction Over and Adjudicate Ms. Kovalenko's Termination For Cause Motion, Briefing Should be Done *Ex Parte* Because the Court Will Need to be Told Truthful Information That May Prejudice or Otherwise Harm Ms. Kovalenko's Chances of Prevailing in This Action**

For the reasons set forth above, this Court should decline to entertain Ms. Kovalenko's Termination For Cause Motion by granting Filippatos PLLC and Hennig Kramer's Cross Motion to Withdraw which would render Ms. Kovalenko's motion moot, or in the alternative, by compelling the disputes raised therein to arbitration as they amount to fee and billing disputes that Ms. Kovalenko has already agreed would be adjudicated only in arbitration. That said, in the event the Court declines to grant either of Filippatos PLLC's instant Cross Motions, we respectfully join in Ms. Kovalenko's request that briefing as to her Termination For Cause Motion be done *ex parte* as, in our opposition to said motion, we will need to divulge information concerning, *inter alia*, counsel's knowledge about and honest assessment of Ms. Kovalenko's claims to the Court, which would undoubtedly be prejudicial to Ms. Kovalenko. We also respectfully request that the Court

order a briefing, discovery, and evidentiary hearing schedule as to the disputes raised in said motion, which simply cannot be fully and fairly adjudicated just through motion practice, but will require, *inter alia*, the exchange of discovery and live testimony before a fact finder, as contemplated in and agreed to by Ms. Kovalenko in the Retainer Agreement. To be abundantly clear, Filippatos PLLC strenuously disputes the factual contentions and legal arguments set forth in Ms. Kovalenko's Termination For Cause Motion, opposes any relief sought therein, and intends to formally oppose said motion once we receive clarity from the Court once it sets a briefing schedule and otherwise notifies the parties how it wishes to adjudicate the disputes set forth therein.

## CONCLUSION

For the reasons stated above, Filippatos PLLC and Hennig Kramer LLP request that the Court grant the immediate cross motions and permit them to withdraw as counsel for Plaintiff, or in the alternativecompel the disputes raised in Ms. Kovalenko's Termination For Cause Motion to arbitration where they can properly adjudicated.

Dated: January 31, 2025                                    Respectfully submitted,

**FILIPPATOS PLLC**

By: _____
Tanvir H. Rahman (admitted *pro hac vice*)
199 Main Street, Suite 800
White Plains, NY 10601
T. F: 914.984.1111
TRahman@filippatoslaw.com

Samuel M. Brown (State Bar No. 308558)
**HENNIG KRAMER LLP**
3600 Wilshire Blvd, Suite 1908
Los Angeles, CA 90010
Tel.: 213 310 8301
Fax: 213 310 8302
sam@employmentattorneyla.com
 *Attorneys for Plaintiff Zoya Kovalenko*
*(pending withdrawal)*