Tanvir H. Rahman (admitted *pro hac vice*)
**FILIPPATOS PLLC**
199 Main Street, Suite 800
White Plains, NY 10601
Tel.: 914 984 1111
trahman@filippatoslaw.com

Samuel M. Brown (State Bar No. 308558)
**HENNIG KRAMER LLP**
3600 Wilshire Blvd, Suite 1908
Los Angeles, CA 90010
Tel.: 213 310 8301
Fax: 213 310 8302
sam@employmentattorneyla.com

*Attorneys for Plaintiff Zoya Kovalenko (pending withdrawal)*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO, | Case No.: 22-cv-05990-HSG |
| *Plaintiff*, | |
| v. | **DECLARATION OF TANVIR H. RAHMAN IN SUPPORT OF CROSS-MOTION TO WITHDRAW AS COUNSEL AND TO COMPEL ARBITRATION, PRELIMIMINARY, STATEMENT IN OPPOSITION, AND REQUEST FOR EVIDENTIARY HEARING EX PARTE** |
| KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY, | |
| *Defendants*. | |
| | Accompanying Documents: Notice of Cross-Motions and Cross-Motions to Withdraw and Compel Arbitration [Proposed] Order |

I, TANVIR H. RAHMAN, declare:

1. I am an attorney at law in good standing and licensed to practice law in the States of New York and New Jersey, admitted to practice in this Court *pro hac vice*, and a Partner at Filippatos PLLC. I have represented Plaintiff Zoya Kovalenko in this case, with the assistance of local counsel Hennig Kramer LLP. If called as a witness, I would and could competently testify to the following facts, all of which are within my own personal knowledge.

2. Ms. Kovalenko formally retained Filippatos PLLC in July 2023. On November 8, 2023, local counsel, Hennig Kramer LLP, appeared in this action and sponsored my application for *pro hac vice* admission into this Court, which was granted on November 9, 2023. *See* Dkt. Nos. 108 and 109.

3. Since then, Filippatos PLLC, with local counsel Hennig Kramer LLP as needed, has dutifully and zealously litigated this matter before this Court and steadfastly represented Ms. Kovalenko's interests against her former employer, Defendant Kirkland & Ellis, LLP. In retaining Filippatos PLLC for legal services, Ms. Kovalenko signed a Retainer Agreement granting Filippatos PLLC a 40% contingency interest in any settlement or award achieved in relation to Ms. Kovalenko's claims, and providing that Ms. Kovalenko would reasonably cooperate with Filippatos PLLC in its legal representation of her, as well as carefully consider the legal advice she received from Filippatos PLLC.

4. In October 2024, the instant action was referred to private Alternative Dispute Resolution. A mediation with JAMS mediator Dina Jansenson, Esq. was scheduled for and took place on November 22, 2024. It was during the course of subsequent resolution-related discussions pursuant to the mandatory ADR process that the attorney-client relationship between Filippatos PLLC and Zoya Kovalenko became irretrievably broken beyond repair due to Ms. Kovalenko's refusal to cooperate with Filippatos PLLC and carefully consider the legal advice it provided her.

5. On January 23, 2025, Ms. Kovalenko notified Filippatos PLLC that she was terminating the firm as her counsel. While Ms. Kovalenko has every right to engage counsel of her choice, but not to avoid paying Filippatos PLLC the legal fees to which it is entitled and has earned. Ms. Kovalenko seeks to fashion her termination of our firm's legal service as "for cause."

6. Before we were able to file the instant Motion for Withdrawal, on January 29, 2025, Ms. Kovalenko filed her Termination For Cause Motion at Dkt. 171, which she seeks an order from this Court finding that she had "cause" to terminate Filippatos PLLC as her counsel. With regard to Ms. Kovalenko's request that Filippatos PLLC be terminated as her counsel of record in this action, we have no objection to this request and, indeed, are cross-moving (along with local counsel Hennig Kramer LLP) to withdraw as her counsel.

7. In the alternative, if the Court declines to grant Filippatos PLLC's motion to withdraw as Ms. Kovalenko's counsel, the Court should decline to entertain or exercise jurisdiction over the disputes raised in Ms. Kovalenko's Termination For Cause Motion as these disputes should properly be before an arbitrator and not this Court pursuant to the express terms of the Retainer Agreement. Specifically, pursuant to the terms of the Retainer Agreement, the proper forum to adjudicate what is essentially a fee dispute is not in this Court but in arbitration. The Retainer Agreement at page states that, "All other types of fee or billing disputes that may arise between us that cannot be resolved informally shall be settled by final and binding arbitration in New York City before a single arbitrator in accordance with the Rules of JAMS ADR …"). Dkt. No. 171-3.

8. Likewise, with respect to Ms. Kovalenko's request raised in her Termination For Cause Motion that the Court order Filippatos PLLC to provide her with her "client file," this too is a billing dispute that must be resolved in arbitration pursuant to the terms of the Retainer Agreement, requiring this Court to decline to exercise jurisdiction thereof. Indeed, we have already notified Ms. Kovalenko in writing that, due to her failure to pay her outstanding legal

expenses, we have asserted a retaining lien on her "client file." As soon as Ms. Kovalenko fully complies with her obligation to pay her outstanding legal expenses, the retaining lien will be satisfied and her client file promptly released.

9. I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: January 31, 2025               Respectfully submitted,

**FILIPPATOS PLLC**

By: _____
Tanvir H. Rahman
199 Main Street, Suite 800
White Plains, NY 10601
T. F: 914.984.1111
TRahman@filippatoslaw.com

*Attorneys for Plaintiff Zoya Kovalenko*
*(pending withdrawal)*