Tanvir H. Rahman (admitted *pro hac vice*)
**FILIPPATOS PLLC**
199 Main Street, Suite 800
White Plains, NY 10601
Tel.: 914 984 1111
trahman@filippatoslaw.com

Samuel M. Brown (State Bar No. 308558)
**HENNING KRAMER LLP**
3600 Wilshire Blvd, Suite 1908
Los Angeles, CA 90010
Tel.: 213 310 8301
Fax: 213 310 8302
sam@employmentattorneyla.com

*Attorneys for Plaintiff Zoya Kovalenko (withdrawal pending)*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>*Plaintiff*,<br><br>v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY,<br><br>*Defendants*. | Case No.: 22-cv-05990-HSG (TSH)<br><br>**FILIPPATOS PLLC'S OPPOSITION TO PLAINTIFF ZOYA KOVALENKO'S MOTION TO TERMINATE FOR CAUSE**<br><br>Hearing noticed for Thursday, March 20, 2025, at 2:00 pm, before the Honorable Haywood S. Gilliam, Jr., United States District Judge, at 1301 Clay Street, Fourth Floor, Courtroom 2, Oakland, California 94612 |

**Statement of Issues to be Decided**

1. Whether Filippatos PLLC and Hennig Kramer LLP may be relieved as counsel of record for Plaintiff Zoya Kovalenko.

2. Whether this Court is the proper forum to adjudicate the disputes raised by Ms. Kovalenko in her Motion to Terminate Filippatos PLLC For Cause (Dkt. 171, the "Motion") against her Filippatos PLLC, her terminated counsel of record, and a non-party to this action.

3. Whether the disputes raised by Ms. Kovalenko in the Motion should be deemed moot once the Court grants leave to Filippatos PLLC and Hennig Kramer LLP to withdraw as Plaintiff's counsel of record.

4. If not otherwise deemed moot, whether the Court should compel the disputes raised in Ms. Kovalenko's Motion to arbitration pursuant to the terms of the retainer agreement entered into between Ms. Kovalenko and Filippatos PLLC.

5. If not compelled to arbitration, whether the Court should exercise and retain jurisdiction over the disputes raised in Ms. Kovalenko's Motion, and if so, whether the Court should set down a schedule whereby discovery related to the disputes therein can be exchanged, sworn testimony from relevant and necessary persons can be taken, a fulsome evidentiary record concerning the disputes at issue can be created, dispositive briefing can take place, and, to the extent any dispute raised in the Motion survives dispositive briefing, an evidentiary hearing and/or trial on the merits can be convened.

6. To the extent the Court exercises jurisdiction over and entertains the disputes raised in the Motion, whether Ms. Kovalenko had "cause" to terminate Filippatos PLLC, whether Filippatos PLLC should be ordered to provide Ms. Kovalenko with her "client file" in spite of the retaining lien Filippatos PLLC has asserted, and whether any further adjudication or briefing related to disputes raised in the Motion should be conducted *ex parte*.

**Statement of Relevant Facts and Arguments**

Out of an abundance of caution, Filippatos PLLC hereby respectfully submits its opposition to Plaintiff Zoya Kovalenko's Motion to Terminate Filippatos PLLC for Cause (Dkt. 171, the "Motion") for the reasons set forth below and those already articulated in Filippatos PLLC's cross-motions to withdraw as counsel of record and to compel arbitration. *See* Dkt. 177 (the "Cross-Motions").

Rather than permit Filippatos PLLC, whom Ms. Kovalenko has already terminated as her counsel, to simply withdraw as counsel of record so that she can resume self-representing herself in this case, Ms. Kovalenko filed her Motion in an inappropriate and procedurally and jurisdictionally infirm attempt to bring a parallel action against a non-party, Filippatos PLLC, before this Court. In essence, Ms. Kovalenko seeks a short-cut ruling from this Court that she had "cause" to terminate Filippatos PLLC — which ultimately boils down to a dispute concerning Filippatos PLLC's entitlement to legal fees — based merely on an affidavit outlining her self-serving, contradictory, and unsupported version of events and certain cherry-picked communications that are conspicuously incomplete and/or devoid of context. At the same time, by raising these disputes though a mere a motion to this Court, Ms. Kovalenko seeks to preclude Filippatos PLLC from exercising basic procedural and substantive safeguards necessary to defend itself from her spurious claims, such as the ability to develop a factual record through the exchange of discovery and sworn deposition testimony, and ultimately an evidentiary hearing and/or trial on the merits to adjudicate a *bona fide* legal dispute. As such, while Filippatos PLLC vehemently disputes and opposes the arguments set forth and relief sought in Ms. Kovalenko's Motion, we respectfully submit that a substantive opposition to the Motion at this juncture would be premature and inappropriate, particularly without the Court acknowledging that it will even entertain the issues raised therein or setting forth a schedule for appropriately resolving the disputes raised in the Motion.

Respectfully, however, as requested in the Cross-Motions, the Court need not even take up any of the issues improperly put before this Court by Ms. Kovalenko in her Motion and should simply order the very relief that both Ms. Kovalenko and Filippatos PLLC want – which is to

1  allow Filippatos PLLC (and local counsel Hennig Kramer LLP) to withdraw as her counsel of
2  record – and deem any other issues arising therefrom or in the Motion moot.
3        If, for some reason, the Court is not inclined to allow Filippatos PLLC to withdraw as
4  Plaintiff's counsel and deem the Motion moot, the Court should nevertheless decline to expend
5  scare judicial resources towards and entertain the disputes raised in Ms. Kovalenko's Motion and
6  instead compel them to arbitration. Respectfully, this Court simply does not have jurisdiction --
7  nor any good reason to attempt to exercise jurisdiction -- nor is this Court the proper forum to
8  adjudicate a dispute involving legal fees between Ms. Kovalenko and her already-terminated
9  counsel as Ms. Kovalenko has indisputably agreed in a binding contract that such a fee dispute
10 would be adjudicated, if ever necessary, in arbitration. Unquestionably, a valid agreement to
11 arbitrate exists that governs the disputes raised by Ms. Kovalenko in her Motion, *i.e.*, her Retainer
12 Agreement with Filippatos PLLC, which explicitly requires that: "All other types of fee or billing
13 disputes that may arise between us that cannot be resolved informally shall be settled by final and
14 binding arbitration in New York City before a single arbitrator in accordance with the Rules of
15 JAMS ADR …" *See* Retainer Agreement at Dkt. No. 171-3, at 4.  Therefore, if not otherwise
16 deemed moot, any dispute raised in the Motion, including whether Ms. Kovalenko had "cause"
17 to terminate Filippatos PLLC as her counsel, should be compelled to arbitration as the above-
18 quoted language is broad and clearly encompasses the dispute over legal fees and expenses Ms.
19 Kovalenko has raised in her Motion. *See Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126,
20 1131 (9th Cir. 200) (clause providing that "any dispute, controversy or claim arising out of or
21 relating to the validity, construction, enforceability or performance of this Agreement shall be
22 settled by binding Alternate Dispute Resolution..." was "broad and far-reaching" and
23 encompassed all of plaintiff's claims); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir.
24 199) (noting that courts construing the phrase "arising in connection with" in an arbitration clause
25 have interpreted that language broadly).
26       Lastly, for the avoidance of any doubt, and as already articulated in Filippatos PLLC's
27 Cross-Motions, Ms. Kovalenko's request that the Court order Filippatos PLLC to provide her
28 with her "client file" should also be compelled to arbitration as this amounts to a billing dispute

OPPOSITION TO MOTION TO       4      No. 4:22-cv-05990- HSG (TSH)
TERMINATE FOR CAUSE

stemming from Ms. Kovalenko's failure to pay her legal expenses, which entitles Filippatos PLLC, under New York law which governs the Retainer Agreement, to assert a retaining lien on her "client file" until she fully meets her obligation to pay her legal expenses. *See Concrete Flotation Sys., Inc. v. Tadco Const. Corp.*, No. 07 Civ. 319 2 (ARR)(VVP), 2009 WL 1209141, at *1 (E.D.N.Y. May 2, 2009).[1]

      Accordingly, for all the reasons above, and those set forth in the Cross-Motions, the Court should deny Ms. Kovalenko's Motion to Terminate Filippatos PLLC For Cause.

Dated: February 12, 2025

Respectfully submitted,

**FILIPPATOS PLLC**

By: /s/ Tanvir H. Rahman
Tanvir H. Rahman
199 Main Street, Suite 800
White Plains, NY 10601
T. F: 914.984.1111
TRahman@filippatoslaw.com

Samuel M. Brown (State Bar No. 308558)
**HENNING KRAMER LLP**
3600 Wilshire Blvd, Suite 1908
Los Angeles, CA 90010
Tel.: 213 310 8301
Fax: 213 310 8302
sam@employmentattorneyla.com

*Attorneys for Plaintiff Zoya Kovalenko (withdrawal pending)*

---

[1] We are in agreement with Ms. Kovalenko's request that any further adjudication or briefing related to disputes raised in the Motion – to the extent there is any – should be conducted *ex parte*.