1  Zoya Kovalenko (Cal. SBN 338624)
   13221 Oakland Hills Blvd., Unit 206
2  Germantown, MD 20874
   (678) 559-4682
3  zoyavk@outlook.com
   *Plaintiff Zoya Kovalenko*
4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11   ZOYA KOVALENKO,                          Case No. 4:22-cv-05990-HSG

12              *Plaintiff,*                  **PLAINTIFF'S REPLY REGARDING
                                              PLAINTIFF'S MOTION TO NOTICE**
13        v.                                  **TERMINATION OF FILIPPATOS PLLC
                                              FOR CAUSE AND TO REQUIRE**
14   KIRKLAND & ELLIS LLP, MICHAEL            **FILIPPATOS PLLC TO PROVIDE**
     DE VRIES, MICHAEL W. DEVRIES,            **CLIENT FILE TO PLAINTIFF**
15   P.C., ADAM ALPER, ADAM R. ALPER,
     P.C., AKSHAY DEORAS, AKSHAY S.           Re: Dkt. Nos. 171, 180
16   DEORAS, P.C., AND MARK FAHEY,
                                              Hearing noticed for Thursday, March 20, 2025,
17              *Defendants.*                 at 2:00 pm, before the Honorable Haywood S.
                                              Gilliam, Jr., United States District Judge, at
18                                            1301 Clay Street, Fourth Floor, Courtroom 2,
                                              Oakland, California 94612
19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................ i

**TABLE OF AUTHORITIES** ........................................................................................ ii

**PLAINTIFF'S REPLY REGARDING PLAINTIFF'S MOTION TO NOTICE**

**TERMINATION OF FILIPPATOS PLLC FOR CAUSE AND TO REQUIRE**

**FILIPPATOS PLLC TO PROVIDE CLIENT FILE TO PLAINTIFF** ............................ 1

**MEMORANDUM OF POINTS AND AUTHORITIES** ................................................ 1

    I.    **INTRODUCTION** ................................................................................... 1

    II.   **STATEMENT OF ISSUES TO BE DECIDED** ...................................... 2

    III. **STATEMENT OF RELEVANT FACTS** ................................................ 2

    IV. **ARGUMENT** .......................................................................................... 2

        A.  **Plaintiff's Motion Was Procedurally and Substantively Proper, and the Court Has Clear Authority to Retain Jurisdiction over Plaintiff's Decision to Fire Filippatos for Misconduct and Plenty of Prudential Reasons for Doing So.** .............................................................................. 3

            1.   **Filippatos's Mootness Argument Is Meritless.** ....................... 5

        B.  **Filippatos Does Not Directly Refute Any of Plaintiff's Specific Assertions of Attorney Misconduct, Offering Only Vague, Unsupported Attorney Argument in Opposition, and Thus Has Failed to Mount Any Cognizable Rebuttal to Its For-Cause Termination.** .................................... 6

        C.  **Filippatos Cannot Evade Public Accountability by Seeking to Compel Arbitration of Plaintiff's Decision to Fire It for Cause Based on Filippatos's Erroneous and Expansive Reading of a Narrow Arbitration Clause Limited to Only Fee and Billing Disputes.** .................................................. 9

        D.  **Filippatos's Unsupported Demand for Extensive and Drawn-Out Proceedings, Including Discovery, More Briefing, and a Trial, Would**

**Waste Court Resources and Is Unnecessary Given Filippatos's Failure to**

**Provide Any Real Argument to Rebut Its For-Cause Termination.** ............... 12

**CONCLUSION** .............................................................................................. 13

1

**TABLE OF AUTHORITIES**

2

<u>**Cases**</u>                                                                                                                                 <u>**Page**</u>

3    *Alvarado v. FedEx Corp.*,

4        No. C 04-0098 SI, 2011 WL 4708133 (N.D. Cal. Sept. 30, 2011)....................................4 n.2

5    *Cape Flattery Ltd. v. Titan Maritime, LLC*,

6        647 F.3d 914 (9th Cir. 2011) .........................................................................................9

7    *Carrillo-Gonzalez v. Immigration & Naturalization Service*,

8        353 F.3d 1077 (9th Cir. 2003) .......................................................................................7

9    *Chiron Corp. v. Ortho Diagnostic System, Inc.*,

10        207 F.3d 1126 (9th Cir. 2000) .......................................................................................9

11    *Concrete Flotation Systems, Inc. v. Tadco Construction Corp.*,

12        No. CV-07-319 (ARR)(VVP), 2009 WL 1209141 (E.D.N.Y. May 2, 2009)...................... 11

13    *Curry v. Del Priore*,

14        941 F.2d 730 (9th Cir. 1991) ......................................................................................3, 4

15    *Doe v. City of Modesto*,

16        No. 1:12-cv-1255 LJO GSA, 2013 WL 4828706 (E.D. Cal. Sept. 6, 2013) ...................... 11

17    *Eatoni Ergonomics, Inc. v. Research in Motion Corp.*,

18        633 F. Supp. 2d 109 (S.D.N.Y. 2009) ........................................................................10 n.5

19    *Garcia v. Teitler*,

20        443 F.3d 202, 208 (2d Cir. 2006)..................................................................................3

21    *Gardner-Alfred v. Federal Reserve Bank of New York*,

22        No. 22-CV-01585 (LJL), 2022 WL 17961594 (S.D.N.Y. Dec. 27, 2022) .......................... 11

23    *hiQ Labs, Inc. v. LinkedIn Corp.*,

24        639 F. Supp. 3d 944 (N.D. Cal. 2022) .......................................................................8, 13

25    *Holcombe v. Matsiborchuk*,

26        747 Fed. App'x 875 (2d Cir. 2018).............................................................................5–6

27    *Holcombe v. U.S. Airways Group, Inc.*,

28        No. 08-CV-1593 (SLT) (JO), 2017 WL 10084142 (E.D.N.Y. Aug. 4, 2017)........................4

*Holcombe v. U.S. Airways Group, Inc.*,

    No. 08-CV-1593 (SLT) (JO), 2017 WL 1184104 (E.D.N.Y. Mar. 29, 2017) ........................ 5

*Iota Shipholding Ltd. v. Starr Indemnification & Liability Co.*,

    No. 16 Civ. 4881 (KPF), 2017 WL 2374359 (S.D.N.Y. May 31, 2017) .......................... 9–10

*Ji Dong Cheng v. HSBC Bank USA, N.A.*,

    467 F. Supp. 3d 46 (E.D.N.Y. 2020) .................................................. 10

*Lauro v. State*,

    No. CV 12-00637 DKW-BMK, 2015 WL 5031236 (D. Haw. Aug. 24, 2015) ..................... 4

*Lawrence v. Walzer & Gabrielson*,

    207 Cal. App. 3d 1501 (1989) ........................................................ 9

*Lofton v. Verizon Wireless (VAW) LLC*,

    308 F.R.D. 276 (N.D. Cal. 2015) ..................................................... 7

*Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*,

    252 F.3d 218 (2d Cir. 2001) ..................................................... 10 n.5

*Marrero v. Christiano*,

    575 F. Supp. 837 (S.D.N.Y. 1983) .................................................. 13

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,

    514 U.S. 52 (1995) ................................................................ 10

*McDonnell Douglas Financial Corp. v. Pennsylvania Power & Light Co.*,

    858 F.2d 825 (2d Cir. 1988) ....................................................... 10

*Misek-Falkoff v. International Business Machines Corp.*,

    829 F. Supp. 660 (S.D.N.Y. 1993) .................................................. 11

*Pacific Dawn LLC v. Pritzker*,

    831 F.3d 1166 (9th Cir. 2016) .................................................. 8, 13

*Pomerantz v. Schandler*,

    704 F.2d 681 (2d Cir. 1983) ....................................................... 11

*Resolution Trust Corp. v. Elman*,

    949 F.2d 624 (2d Cir.1991) ........................................................ 11

*Simula, Inc. v. Autoliv, Inc.*,

    75 F.3d 716 (9th Cir. 1999) ............................................................. 9

*School District No. 1J, Multnomah County, Oregon v. ACandS, Inc.*,

    5 F.3d 1255 (9th Cir. 1993) ............................................................. 7

*Stinson v. City of New York*,

    No. 18-CV-0027 (LAK) (BCM), 2018 WL 11257424 (S.D.N.Y. Nov. 26, 2018) .......... 4, 13

*United States v. Moss*,

    No. 2:03-cr-0550-WBS-EFB P (E.D. Cal. Jun. 28, 2018),

    https://casetext.com/case/united-states-v-moss-95 ..................................... 4–5 n.2

*Waymo LLC v. Uber Technologies, Inc.*,

    No. C 17-00939 WHA, 2017 WL 2694191 (N.D. Cal. June 21, 2017)..............................7–8

*Weeks v. Union Pacific Railroad Co.*,

    No. 1:13-CV-1641 AWI JLT,

    2018 U.S. Dist. LEXIS 42158 (E.D. Cal. Mar. 14, 2018) ................................ 4 n.2

*West v. Secretary of Department of Transportation*,

    206 F.3d 920 (9th Cir. 2000) ............................................................. 5

*Willamette Biomass Processors, Inc. v. Perdue Agribusiness LLC*,

    No. 3:19-CV-01677-AC, 2020 WL 2535047 (D. Or. Apr. 13, 2020) ........................... 10 n.5

*Wood v. Motorola, Inc.*,

    587 F. Supp. 531 (D. Haw. 1984) ......................................................... 4

**Statutes and Other Authorities**                                                    **Page**

42 U.S.C. § 2000e-5(k) .................................................................. 11

Civil Local Rule 7-5(a) ................................................................. 7

Civil Local Rule 7-5 ................................................................... 7

Title VII, 42 U.S.C. § 2000e *et seq.* ................................................. 11

1
2
3

**PLAINTIFF'S REPLY REGARDING PLAINTIFF'S MOTION TO**

**NOTICE TERMINATION OF FILIPPATOS PLLC FOR CAUSE AND TO**

**REQUIRE FILIPPATOS PLLC TO PROVIDE CLIENT FILE TO PLAINTIFF**

4
5
6
7
8
9
10

Plaintiff respectfully submits this reply in support of Plaintiff's Motion to Notice Termination of Filippatos PLLC ("**Filippatos**") for Cause and to Require Filippatos to Provide Client File to Plaintiff, Dkt. No. 171 ("**Motion**"). *Accord* Unredacted Mot., Dkt. No. 176-3 ("**Unredacted Motion**");[1] *see* Filippatos's Opp'n to Mot., Dkt. No. 180 ("**Filippatos's Opposition**"). Plaintiff respectfully requests the Court enter notice of termination of Filippatos for cause and order Filippatos to promptly provide Plaintiff with her client file. Unredacted Mot. at 1, 22; *accord* [Proposed] Order Granting Mot. at 1, Dkt. No. 171-8.

11

**MEMORANDUM OF POINTS AND AUTHORITIES**

12

**I.    INTRODUCTION**

13
14
15
16
17
18
19
20
21
22
23
24
25
26

Despite multiple opportunities to refute Plaintiff's assertions of professional misconduct, Filippatos has responded with only generic statements in opposition and a single conclusory declaration as support. *See* Filippatos's Opp'n at 3–5; *see generally* Filippatos and Hennig Kramer LLP's Cross-Mots. Withdraw and Compel Arbitration and Prelim. Statement in Opp'n, Dkt. No. 177 ("**Filippatos's Cross-Motion**" or "**Cross-Motion**"); Rahman Decl. ISO Cross-Mot. ¶¶ 1–9, Dkt. No. 177-1 ("**Rahman Declaration**"). Filippatos appears to have taken the position that it does not have to address Plaintiff's legal arguments justifying her prior for-cause termination of Filippatos and corroborating evidentiary support simply because Filippatos chooses not to do so. However, Filippatos provides zero authority indicating it can evade opposing Plaintiff's Motion because it subsequently filed its Cross-Motion to compel arbitration and withdraw as counsel, raising other issues wholly irrelevant to the merits of Plaintiff's decision to fire Filippatos for cause. Filippatos's failure to mount any cognizable legal or factual opposition to direct assertions of misconduct demonstrates the propriety of Plaintiff's claims and consequently enables the Court to reach a swift resolution.

27
28

---

[1] Plaintiff filed the Unredacted Motion under seal as an attachment (Dkt. No. 176-3) to the Declaration of Zoya Kovalenko in Support of Administrative Motion for Partial Sealing, Dkt. No. 176-1.

**II.    STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court should notice termination of Filippatos for cause because Filippatos interfered with Plaintiff's settlement authority, failed to provide legal services consistent with its professional obligations and acted with an extreme laxity in litigating this case on behalf of Plaintiff, and/or acted abusively toward Plaintiff.

Whether the Court should require Filippatos to promptly provide Plaintiff with her client file.

Whether the Court should conclude that Filippatos engaged in professional misconduct justifying Plaintiff's for-cause termination of Filippatos without an evidentiary hearing because Filippatos has failed to create any meaningful dispute of fact or law regarding its professional misconduct.

**III.    STATEMENT OF RELEVANT FACTS**

On January 23, 2025, Plaintiff fired Filippatos for cause via email, to which Filippatos responded the same day.  Mot. at 2 (citing Kovalenko Decl. ISO Mot. ¶ 6 & Attach. C).  On January 29, 2025, Plaintiff filed the Motion.  On January 30, 2025, Plaintiff served Filippatos (via email to Mr. Filippatos and Mr. Rahman) the Unredacted Motion, the unredacted declaration of Zoya Kovalenko in support of the Motion, Dkt. No. 176-4 ("**Kovalenko Declaration ISO Motion**"), and the unredacted Attachment C to Kovalenko Declaration ISO Motion, Dkt. No. 176-5.  Certificate of Service at 1, Dkt. No. 182.  On January 31, 2025, Filippatos filed the Cross-Motion as a separate brief.  On February 12, 2025, Filippatos filed its opposition to the Motion.  Dkt. No. 180.  On February 14, 2025, Plaintiff timely opposed Filippatos's Cross-Motion.  Pl's Opp'n to Filippatos's Cross-Mot., Dkt. No. 181.  This reply is timely filed.  *See* Mot., Dkt. No. 171; Filippatos's Opp'n, Dkt. No. 180; Civil L.R. 7-3(c).

**IV.    ARGUMENT**

This Court should grant Plaintiff's Motion for the following reasons.  ***First***, Plaintiff's Motion was procedurally and substantively proper, and the Court has clear authority to retain jurisdiction over Plaintiff's decision to fire Filippatos for its professional misconduct.  ***Second***, Filippatos does not directly refute Plaintiff's specific assertions of attorney misconduct, offering

only vague, unsupported attorney argument in opposition, and thus has failed to mount a legally cognizable rebuttal to its for-cause termination. **Third**, Filippatos cannot evade public accountability by seeking to compel arbitration of Plaintiff's decision to fire it for cause based on an erroneous and expansive reading of a narrow arbitration clause limited to only fee and billing disputes. **Fourth**, Filippatos's demand for extensive and drawn-out proceedings, including discovery, more briefing, and a trial, would waste Court resources and is unnecessary given Filippatos's failure to provide any real argument to rebut its for-cause termination.

A.   **Plaintiff's Motion Was Procedurally and Substantively Proper, and the Court Has Clear Authority to Retain Jurisdiction over Plaintiff's Decision to Fire Filippatos for Misconduct and Plenty of Prudential Reasons for Doing So.**

Filippatos's Opposition begins by grandly proclaiming that Plaintiff had absolutely no right to file her Motion while offering no support for this claim. Filippatos's Opp'n at 3 (characterizing Plaintiff's Motion as "an inappropriate and procedurally and jurisdictionally infirm . . . action" and citing nothing in support). This unsupported claim is nothing more than a manifestation of Filippatos's anger that Plaintiff filed a proper public motion to notice and adjudicate her prior termination of Filippatos before it could cobble together a passable motion to withdraw. *See* Filippatos's Cross-Mot. at 8 (bemoaning that Plaintiff filed her Motion "[b]efore Filippatos PLLC was able to file the instant Motion for Withdrawal"); Filippatos's Opp'n at 3 (continuing to complain about Plaintiff filing permissible motion to notice for-cause termination of counsel "[r]ather than permit[ting] Filippatos PLLC . . . to simply withdraw as counsel of record"). Contrary to Filippatos's contention, there is nothing improper as a procedural or jurisdictional matter with Plaintiff's Motion. The Court has clear authority to exercise jurisdiction and plenty of good reasons to retain jurisdiction. *See, e.g.*, *Curry v. Del Priore*, 941 F.2d 730, 731 (9th Cir. 1991) (stating "court may decide collateral matters necessary to render complete justice" and "[a]ncillary jurisdiction encompasses motions to withdraw" (citations omitted)); *Garcia v. Teitler*, 443 F.3d 202, 208 (2d Cir. 2006) ("At its heart, ancillary jurisdiction is aimed at enabling a court to administer 'justice within the scope of its jurisdiction.'" (citations omitted)). The Court's numerous good reasons to retain jurisdiction include, without limitation, its

responsibility to supervise attorneys appearing before the Court, its familiarity with the amount and quality of the work performed by Plaintiff in this action, and principles of fairness. *Wood v. Motorola, Inc.*, 587 F. Supp. 531, 532–33 (D. Haw. 1984) (concluding court had ancillary jurisdiction over attorney-client dispute based on "extensive knowledge of the history of this action" and equitable considerations, including avoiding "delay and expense" from duplicative proceedings); *see* Unredacted Mot. at 2–6, 17–21; Unredacted Kovalenko Decl. ISO Mot. ¶¶ 14–16, 18, 20–26.

Further, courts commonly retain jurisdiction over and adjudicate client decisions to fire their counsel and/or related withdrawal motions, and Filippatos provides nary an authority to even suggest this is improper. Filippatos Opp'n at 3–5; *cf. Holcombe v. US Airways Grp., Inc.*, No. 08-CV-1593 (SLT) (JO), 2017 WL 10084142, at *9 (E.D.N.Y. Aug. 4, 2017) (stating "[f]ederal courts have independent authority to regulate attorney admission and withdrawal" and other ancillary matters relating to attorney-client disputes (internal quotation marks omitted) (citations omitted)); *Stinson v. City of N.Y.*, No. 18-CV-0027 (LAK) (BCM), 2018 WL 11257424, at *3 (S.D.N.Y. Nov. 26, 2018) (finding exercise of jurisdiction appropriate over attorney withdrawal and plaintiff's request to terminate attorney for cause and noting that efficiency favored adjudicating dispute rather than leaving it for another tribunal "which would be unfamiliar with the underlying litigation"); *see Lauro v. State*, No. CV 12-00637 DKW-BMK, 2015 WL 5031236, at *3–5 (D. Haw. Aug. 24, 2015) (adjudicating attorney's request to withdraw for cause based on alleged strain in relationship with client); *see also Curry*, 941 F.2d at 731–32 (stating ancillary jurisdiction encompasses motions to withdraw and concluding "district court's inherent authority to regulate" attorneys "reinforces the propriety of its exercise of ancillary jurisdiction"). It is also appropriate for courts to enter a notice on the docket to effectuate a client's decision to terminate counsel.[2] Accordingly, it is incorrect and frivolous for Filippatos to assert that Plaintiff's Motion

---

[2] *E.g.*, *Alvarado v. FedEx Corp.*, No. C 04-0098 SI, 2011 WL 4708133, at *2 (N.D. Cal. Sept. 30, 2011) (noting Court entered orders on docket to reflect plaintiffs' terminations of counsel); *Weeks v. Union Pac. R.R. Co.*, 2018 U.S. Dist. LEXIS 42158, at *4–5 & 5 n.1 (E.D. Cal. Mar. 14, 2018) (overruling objections to the notice of termination and ordering clerk to terminate counsel as attorney of record, while noting that terminated counsel "has cited no authority in support of her objections to termination or her request for a hearing"); *United States v. Moss*, No. 2:03-cr-0550-

1    was improper and that "this Court simply does not have jurisdiction -- nor any good reason to

2    attempt to exercise jurisdiction." Filippatos's Opp'n at 3–4.

### 1. Filippatos's Mootness Argument Is Meritless.

4         As supposed support for denying Plaintiff's Motion, Filippatos doubles down on its

5    frivolous mootness argument, once again providing no case law in support. Filippatos's Opp'n

6    at 2–4; Filippatos's Cross-Mot. at 6, 8, 10–11, 15. Filippatos's mootness argument is of no

7    moment. *See, e.g.*, *West v. Sec'y of Dep't of Transp.*, 206 F.3d 920, 924 (9th Cir. 2000) ("The

8    burden of demonstrating mootness is a heavy one."). Filippatos falsely claims that the relief it

9    seeks—mere withdrawal and no scrutiny of its misconduct—is the same relief Plaintiff seeks.

10   Filippatos's Opp'n at 3–4 (contending that the Court "should simply order the very relief that

11   both Ms. Kovalenko and Filippatos PLLC want – which is to allow Filippatos . . . to withdraw as

12   her counsel of record"); *cf., e.g.*, [Proposed] Order Granting Pl.'s Mot. at 1, Dkt. No. 171-8

13   (requesting Court "ENTER[] notice of Plaintiff's termination of Filippatos PLLC for cause and

14   ORDER[] Filippatos PLLC to provide Plaintiff with her entire client file within 14 days").

15   Filippatos then asserts this falsehood as a basis for the Court to "deem any other issues arising

16   [from withdrawal] or in the Motion moot." Filippatos's Opp'n at 3–4. Misrepresenting Plaintiff's

17   requested relief is not a substitute for proffering case law or other support for Filippatos's

18   assertion of mootness. If anything is moot, it is Filippatos's request to withdraw, which Filippatos

19   has conceded occurred after it was fired and after Plaintiff moved to notice its for-cause

20   termination. Filippatos's Cross-Mot. at 8; Rahman Decl. ¶¶ 5–6; Filippatos's Opp'n at 3; *see*

21   *Holcombe v. US Airways Grp., Inc.*, No. 08-CV-1593 (SLT) (JO), 2017 WL 1184104, at *7 n.10

22   (E.D.N.Y. Mar. 29, 2017) (stating that because client discharged attorney before he moved to

23   withdraw, the resolution of competing "motions thus ***turns not on whether [client] gave***

24   ***[attorney] sufficient reason to withdraw—that question is wholly moot under the***

25   ***circumstances***—but rather whether [attorney] acted in such a way as to give [client] cause to fire

26   him" (emphasis added)), *aff'd sub nom. Holcombe v. Matsiborchuk*, 747 Fed. App'x 875 (2d Cir.

27

28   WBS-EFB P, at 2 (E.D. Cal. Jun. 28, 2018), https://casetext.com/case/united-states-v-moss-95
     (directing clerk to terminate attorney of record based on notice of termination filed by client).

2018).

**B.**   **Filippatos Does Not Directly Refute Plaintiff's Specific Assertions of Attorney Misconduct, Offering Only Vague, Unsupported Attorney Argument in Opposition, and Thus Has Failed to Mount Any Cognizable Rebuttal to Its For-Cause Termination.**

Rather than rebut Plaintiff's assertions of misconduct, Filippatos merely reasserts its request to compel arbitration, which Filippatos already argued in its separate Cross-Motion. Filippatos's Opp'n at 4–5; Filippatos's Cross-Mot. at 12–15. However, merely reasserting its demand for arbitration is in no way an opposition—legally or factually—to Plaintiff's detailed assertion that she terminated Filippatos for cause, as demonstrated through case law and evidentiary support set forth in Plaintiff's Motion. Unredacted Mot. at 9–21; Kovalenko Decl. ISO Mot. ¶¶ 6, 8–19, 21–28. Confusingly, in its now-filed, *actual opposition* to Plaintiff's Motion, Filippatos does not even attempt to expound upon the generic and conclusory statements made in its Cross-Motion in its sheepish response to Plaintiff's allegations of misconduct. *Compare* Filippatos's Cross-Mot. at 7, 8, 11 & Rahman Decl. ¶ 3 (making conclusory claims that (i) Filippatos has "dutifully and zealously" litigated this matter and "steadfastly" represented Plaintiff's interests and (ii) "attorney-client relationship between Filippatos PLLC and Zoya Kovalenko became irretrievably broken beyond repair due to Ms. Kovalenko's" purported refusal to cooperate by not following Filippatos's legal advice provided during "resolution-related discussions"), *with* Filippatos's Opp'n at 3–5 (providing no legal or factual support to challenge the fact that Filippatos was terminated for cause due to various acts of professional misconduct). Instead, the only attempt Filippatos makes to actually oppose Plaintiff's assertions of repeated misconduct is attorney argument characterizing Plaintiff's declaration in support of the Motion as "self-serving, contradictory, and unsupported version of events and certain cherry-picked communications that are conspicuously incomplete and/or devoid of context." Filippatos's Opp'n at 3.[3] Filippatos does not support this statement with any declaration, affidavit, or other evidence.

---

[3] Filippatos does not try to explain how the email communications are allegedly "incomplete and/or devoid of context." Filippatos's Opp'n at 3.

PLAINTIFF'S REPLY RE: MOTION TO NOTICE TERMINATION OF FILIPPATOS PLLC FOR CAUSE   6
CASE NO. 4:22-CV-05990-HSG

Filippatos's Opp'n at 3.  Filippatos's naked and conclusory rambling in opposition constitutes nothing more than attorney argument to which the Court may afford no weight.  *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1261–62 (9th Cir. 1993) (stating in the absence of documentation, affidavits were "nothing more than an attorney's argument lacking evidentiary support"); *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 286 (N.D. Cal. 2015) ("[I]t is well established in this District that attorney argument is not evidence on which the court can rely." (citing *Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) & Civil L.R. 7–5(a)).

Here, Plaintiff has provided contemporaneous email evidence demonstrating that Filippatos committed fireable misconduct by threatening to immediately withdraw as counsel in direct response to Plaintiff declining ███████████████.  Kovalenko Decl. ISO Mot. ¶¶ 14–15; Mot. at 11, 13–16.  Filippatos has neither refuted the fact that it threatened to immediately withdraw in direct response to Plaintiff exercising her right to ██████████████ nor has it cited any case law indicating counsel can interfere with a client's settlement authority.  Filippatos's Opp'n at 3 (arguing evidence was "devoid of context" but not pushing back on the fact that Filippatos threatened to immediately withdraw); *see generally* Filippatos's Cross-Mot. (failing to dispute evidence it threatened to immediately withdraw after Plaintiff ████████ ████████████ and citing no case law regarding assertions of attorney misconduct).  Mere attorney argument vaguely casting Plaintiff's declaration and contemporaneous evidence as "unsupported version of events" carries no weight as a matter of law and procedure.  Filippatos Opp'n at 3; *Sch. Dist. No. 1J, Multnomah Cnty., Or.*, 5 F.3d at 1261–62; *Lofton*, 308 F.R.D. at 286; Civil L.R. 7–5.  Accordingly, because Filippatos has not provided any legal or factual support rebutting Plaintiff's argument that she terminated Filippatos for cause because it interfered with her settlement authority, the Court should conclude without hesitation that Filippatos was terminated for cause.  *Lofton*, 308 F.R.D. at 286 (refusing to credit factual contentions made by attorney in opposition that were unsupported by affidavit or declaration and concluding sanctions were proper because "there is no evidence in the record" to rebut assertion of improper intent); *see also Waymo LLC v. Uber Techs., Inc.*, No. C 17-00939 WHA, 2017 WL 2694191, at *7 (N.D.

Cal. June 21, 2017) (upholding decision to afford little weight to attorney declarations over objective contemporaneous evidence, as no contemporaneous evidence was included or addressed in attorney declarations).

Filippatos has also failed to refute or even address in its opposition the following specific assertions of professional misconduct:

- "Plaintiff has researched and analyzed all pertinent case law and drafted every material brief," "been responsible for drafting lesser filings," including joint discovery letters, and "completed the lions' share of legal work to prepare responses and objections to Kirkland's interrogatories and requests for production";

- "Filippatos has put forth extremely minimal effort to conduct and advance offensive discovery," including "fail[ing] to prepare interrogatories, . . . fail[ing] to conduct any meaningful follow-up with Defendants regarding relevant discovery they withheld," and "refus[ing] to reach out to potential fact witnesses"; and

- "Filippatos personally insult[ed] Plaintiff, including by insulting her intelligence as well screaming and cursing at Plaintiff during calls and the only time they met in-person" and "apologized to Plaintiff [twice] for unprofessional behavior."

Unredacted Mot. at 17–20 (citing Kovalenko Decl. ISO Mot. ¶¶ 21–25); Filippatos's Opp'n at 2–5. Filippatos has not provided any discernable reason for not addressing these examples of professional misconduct in some fashion, and there was nothing stopping Filippatos from directly refuting such facts, even if Filippatos believes it does not have to get into details to mount an opposition. Filippatos's Opp'n at 2–5. Ergo, the marked absence of any rebuttal to Plaintiff's various and specific assertions of misconduct lends strong credence to the validity of Plaintiff's statements and also constitutes waiver by Filippatos. *hiQ Labs, Inc. v. LinkedIn Corp.*, 639 F. Supp. 3d 944, 964–65 (N.D. Cal. 2022) (ruling party waived argument because it did not oppose the same in its brief) (citing *Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016)).

1

**C.** **Filippatos Cannot Evade Public Accountability by Seeking to Compel**
2     **Arbitration of Plaintiff's Decision to Fire It for Cause Based on Filippatos's**
3     **Erroneous and Expansive Reading of a Narrow Arbitration Clause Limited**
4     **to Only Fee and Billing Disputes.**

5          The only arguments for which Filippatos provides case law support concern its flailing

6     and baseless request to compel arbitration and its ability to assert a retaining lien under state law

7     in certain circumstances. *See* Filippatos's Opp'n at 4–5 (citing three cases).  None of these cases

8     serve to rebut the legal precedent undergirding Plaintiff's for-cause termination of Filippatos.

9     Further, all three cases were previously cited by Filippatos in its Cross-Motion and were

10    thoroughly addressed and distinguished by Plaintiff in her Opposition to the Cross-Motion.

11    Filippatos's Cross-Mot. at 9, 13, 14; Pl.'s Opp'n to Cross-Mot. at 9–12, 16–17, Dkt. No. 181.

12         In sum, *Chiron* and *Simula* are inapplicable because the arbitration provision at issue in

13    each case was not limited to specific subject matter, instead applying to "[a]ny dispute,

14    controversy or claim" and "[a]ll disputes arising in connection with this Agreement," respectively.

15    *Chiron Corp. v. Ortho Diagnostic System, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *Simula, Inc.*

16    *v. Autoliv, Inc.*, 175 F.3d 716, 720 (9th Cir. 1999).  Further, the arbitration provision in each case

17    included specific triggering language—"arising out of or relating to" in *Chiron* and "arising in

18    connection with" in *Simula*—which permitted broad interpretation of the arbitration clauses.

19    *Chiron*, 207 F.3d at 1130; *Simula*, 175 F.3d at 720; *see Cape Flattery Ltd. v. Titan Mar., LLC*,

20    647 F.3d 914, 922 (9th Cir. 2011) ("agree[ing] with the Second Circuit that when parties intend

21    to include a broad arbitration provision, they provide for arbitration 'arising out of or relating to'

22    the agreement").  Conversely, here the arbitration provision is expressly limited to a specific

23    subject matter (fee or billing disputes) "arising between" Plaintiff and Filippatos and does not

24    include any of the language that could trigger broad interpretation, such as "*arising out of or*

25    *relating to*" the agreement or "arising *in connection with*" the agreement.  *See, e.g., Iota*

26    *Shipholding Ltd. v. Starr Indem. & Liab. Co.*, No. 16 Civ. 4881 (KPF), 2017 WL 2374359, at *8

27    (S.D.N.Y. May 31, 2017) (finding arbitration clause covering "any dispute[s]" that "***arise***

28    ***between***" contracting parties "is restrictive in scope and clearly establishes that the . . . arbitration

1  clause is narrow" (emphasis added)); Kovalenko Decl. ISO Mot., Attach. B at 4, Dkt. No. 171-3

2  ("**Retainer Agreement**") (limiting arbitration to "fee or billing disputes that may arise between

3  us").[4]

4          Consequently, the arbitration provision must be construed narrowly and cannot be

5  broadly applied to mandate arbitration of Plaintiff's assertions of attorney misconduct.  *E.g.*, *Cape*

6  *Flattery*, 647 F.3d at 921 (concluding case not arbitrable where agreement "provides for

7  arbitration of '[a]ny dispute arising under this Agreement'" because clause should be interpreted

8  narrowly); *McDonnell Douglas Fin. Corp. v. Pa. Power & Light Co.*, 858 F.2d 825, 832 (2d Cir.

9  1988) (holding arbitration clause narrow because limited to a specific type of dispute and

10  concluding dispute was not subject to mandatory arbitration); *Ji Dong Cheng v. HSBC Bank USA,*

11  *N.A.*, 467 F. Supp. 3d 46, 51–52 (E.D.N.Y. 2020) (concluding arbitration clause beginning with

12  broad "any dispute or disagreement" was narrow because it was limited to specific type of

13  dispute); *Lawrence v. Walzer & Gabrielson*, 207 Cal. App. 3d 1501, 1504, 1506 (1989) (holding

14  fairly broad arbitration provision applying to "***fees, costs or any other aspect of our attorney-***

15  ***client relationship***" does not apply to claims of attorney misconduct or neglect because parties

16  only intended to arbitrate fee or cost disputes (emphasis added)).[5]  Additionally, it would be

17  impermissible for the Court to broadly construe the narrow arbitration provision in Filippatos's

18  favor because Filippatos drafted the arbitration provision.  *Mastrobuono v. Shearson Lehman*

19  *Hutton, Inc.*, 514 U.S. 52, 62 (1995) (contractual principle that ambiguity construed against

---

[4] Kovalenko Decl. ISO Mot. ¶ 4 (authenticating Retainer Agreement).

[5] Filippatos, through its filings, has conceded that its termination for cause due to its professional misconduct is not an actual fee dispute.  Filippatos's Cross-Mot. at 8–9, 12 (arguing Plaintiff's Motion to Notice Termination is "***essentially***" a fee dispute) (emphasis added); Filippatos's Opp'n at 3 (arguing Plaintiff's Motion to Notice Termination "ultimately boils down to a dispute concerning Filippatos PLLC's entitlement to legal fees").  Thus, based on Filippatos's own statements, Plaintiff's decision to fire Filippatos for cause is at most incident to any purported fee dispute and cannot be compelled to arbitration under the narrow arbitration language here.  *Eatoni Ergonomics, Inc. v. Rsch. in Motion Corp.*, 633 F. Supp. 2d 109, 116 (S.D.N.Y. 2009) (explaining that under narrow arbitration clause, a dispute will only be subject to arbitration if "the dispute is an issue that 'is on its face within the purview of the clause.'" (quoting *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.,* 252 F.3d 218, 225 (2d Cir. 2001))); *Louis Dreyfus*, 252 F.3d at 225 ("Where the arbitration clause is narrow, a collateral matter will generally be ruled beyond its purview."); *Willamette Biomass Processors, Inc. v. Perdue Agribusiness LLC*, No. 3:19-CV-01677-AC, 2020 WL 2535047, at *6 (D. Or. Apr. 13, 2020) (stating "courts have held that '[w]here the arbitration clause is narrow, a collateral matter will generally be ruled beyond its purview'" (citations omitted)).

PLAINTIFF'S REPLY RE: MOTION TO NOTICE TERMINATION OF FILIPPATOS PLLC FOR CAUSE    10
CASE NO. 4:22-CV-05990-HSG

drafter applies to interpretation of arbitration clause); Declaration of Zoya Kovalenko in Support of Reply, attached hereto ("**Kovalenko Declaration ISO Reply**"), ¶ 5 ("The arbitration language in the retainer agreement between me and Filippatos . . . was drafted by Filippatos.").

Filippatos's retaining lien is invalidated because a fired attorney loses any purported ability to withhold their former client's client file based on a retaining lien if there is evidence of misconduct on the part of former counsel. *Pomerantz v. Schandler*, 704 F.2d 681, 683 (2d Cir. 1983); *Gardner-Alfred v. Fed. Reserve Bank of N.Y.*, No. 22-CV-01585 (LJL), 2022 WL 17961594, at *2 (S.D.N.Y. Dec. 27, 2022).[6] The retaining lien is also defeated by overriding public policy concerns and case law greatly diminishing a counsel's right to withhold a former client's files under state law in federal actions. *See, e.g.*, *Misek-Falkoff v. Int'l Bus. Machines Corp.*, 829 F. Supp. 660, 664 (S.D.N.Y. 1993) ("[I]n federal question cases [providing for fee-shifting under federal statute], retention of files should rarely if ever be permitted" by a former attorney asserting a retaining lien under state law.); 42 U.S.C. § 2000e-5(k) (fee-shifting under Title VII);[7] *see also Resolution Trust Corp. v. Elman*, 949 F.2d 624, 627 (2d Cir.1991) (discussing how the public interest in cases arising under federal law outweighs purely private interest of law firm withholding files); *Doe v. City of Modesto*, No. 1:12-cv-1255 LJO GSA, 2013 WL 4828706, at *3 (E.D. Cal. Sept. 6, 2013) (directing plaintiff's former attorney "to provide Plaintiff with a copy of her complete case file" within a week of order). The only case cited by Filippatos in opposition to support withholding Plaintiff's client file, *Concrete Flotation Systems, Inc. v. Tadco Construction Corp.*, No. CV-07-319 (ARR)(VVP), 2009 WL 1209141 (E.D.N.Y. May 2, 2009), is further distinguishable as the retaining lien asserted in that case was based on a "claim for outstanding fees having been reduced to a judgment in state court," which has not happened here. *Concrete Flotation*, 2009 WL 1209141, at *1; Filippatos's Opp'n at 5. Thus, the Court should require Filippatos to promptly provide Plaintiff with her client file.

Plaintiff also strongly disagrees with the claim that terminating Filippatos for cause "boils down" to a fee dispute. Filippatos's Opp'n at 3. Plaintiff's decision to fire Filippatos for cause

---

[6] Plaintiff has provided clear evidence of misconduct by Filippatos. *E.g.*, Kovalenko Decl. ISO Mot. ¶¶ 6, 8–19, 21–28.
[7] Am. Compl. ¶¶ 258–68, 271–83, 288–94, Dkt. No. 94 (Title VII COAs).

and place herself in a public dispute with her former counsel was done for reasons transcending Plaintiff's financial interests. Plaintiff fired Filippatos because she had been humiliated and betrayed by someone in whom she placed her trust and did so to protect her lawsuit, dignity, and rights as a client. Kovalenko Decl. ISO Reply ¶ 4. Filippatos's sophomoric attempt to cast this as nothing more than a mere fee dispute underscores its ambivalence towards its professional obligations and the important role that lawyers should play in advancing societal progress.[8]

**D.** **Filippatos's Unsupported Demand for Extensive and Drawn-Out Proceedings, Including Discovery, More Briefing, and a Trial, Would Be a Waste of Court Resources and Is Unnecessary Given Filippatos's Failure to Provide Any Real Argument to Rebut Its For-Cause Termination.**

In an apparent attempt to scare the Court from ruling on Filippatos's misconduct, Filippatos continues to decree that it has a right to a full-scale legal proceeding, all bells and whistles included. Filippatos's Opp'n at 2:13–19, 3:15–25. Filippatos's demands include: (i) undefined demands for discovery, including depositions;[9] (ii) additional briefing, despite having already filed multiple briefs avoiding substantive arguments regarding its misconduct, Dkt. Nos. 177, 180; (iii) a "schedule for appropriately resolving the disputes raised in the Motion"; and (iv) finally, an "evidentiary hearing and/or trial on the merits." Filippatos's Opp'n at 3:15–25.[10] Filippatos offers not even a scintilla of precedent or explanation supporting these kingly demands and wishes. Filippatos's Opp'n at 3–5. Contrary to Filippatos's assertion, Plaintiff has neither brought a new case nor asserted a cause of action against Filippatos and is not requesting the Court impose any liability on Filippatos. Further, as demonstrated herein, courts regularly retain jurisdiction over and rule on client decisions to fire counsel as an ancillary matter without

---

[8] Plaintiff's decision to terminate Filippatos and file the Motion for reasons unrelated to purported fees is further evidenced by the fact that Plaintiff did not request the Court reach any determination regarding fees owed to Filippatos. *E.g.*, [Proposed] Order Granting Pl.'s Mot. at 1, Dkt. No. 171-8.

[9] Filippatos has not identified a single piece of discovery it needs to oppose Plaintiff's requested relief. Filippatos's Opp'n at 2–5. Any discovery Filippatos would need is already in its possession, e.g., emails between Plaintiff and Filippatos and any declaration Filippatos could have prepared and submitted to the Court under penalty of perjury.

[10] The only thing left for Filippatos to possibly demand is that Plaintiff file a complaint, so Filippatos would have the opportunity to file a motion to dismiss before proceeding any further with this dispute.

warranting anything close to a full-scale legal proceeding.  In fact, and saliently so, courts have concluded that a lawyer impermissibly interfered with a client's settlement authority based on *only* filed papers (even if not extensive) and some evidence.  *Marrero v. Christiano*, 575 F. Supp. 837, 838–40 (S.D.N.Y. 1983) (finding, based solely on briefing and affidavits, that counsel engaged in professional misconduct by seeking to withdraw because client refused to accept settlement offer); *Stinson*, 2018 WL 11257424, at *1–2, 6 (concluding, based solely on filings, including declarations and some emails between plaintiff and her attorneys, that breakdown of attorney-client relationship was caused by counsel's improper threat to withdraw unless client accepted proposed settlement).

Because Filippatos has no real retorts and likely needs more time to figure out what to do, Filippatos proclaims without support that a substantive opposition is "premature and inappropriate" because the Court has not blessed Plaintiff's Motion in the middle of briefing for the same.  Filippatos's Opp'n at 3.  Putting aside the absurdity of this position, allowing Filippatos to unilaterally declare briefing as premature would unfairly afford Filippatos extra time to concoct baseless rebuttals to arguments it has had every opportunity to address and oppose in due course. *See hiQ Labs*, 639 F. Supp. 3d at 964–65 (concluding party waived arguments for defenses that it failed to oppose in its response brief (citing *Pac. Dawn LLC*, 831 F.3d at 1178 n.7)).

## CONCLUSION

In conclusion, Plaintiff respectfully requests the Court enter notice of termination of Filippatos for cause, order Filippatos to promptly provide Plaintiff with her client file, and grant any other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of February 2025.

By:  /s/ *Zoya Kovalenko*

Zoya Kovalenko (Cal. SBN 338624)
13221 Oakland Hills Blvd., Unit 206
Germantown, MD 20874
Tel.: 678 559 4682
zoyavk@outlook.com
Plaintiff Zoya Kovalenko