Tanvir H. Rahman (admitted *pro hac vice*)
**FILIPPATOS PLLC**
199 Main Street, Suite 800
White Plains, NY 10601
Tel.: 914 984 1111
trahman@filippatoslaw.com

Samuel M. Brown (State Bar No. 308558)
**HENNIG KRAMER LLP**
3600 Wilshire Blvd, Suite 1908
Los Angeles, CA 90010
Tel.: 213 310 8301
Fax: 213 310 8302
sam@employmentattorneyla.com

*Attorneys for Plaintiff Zoya Kovalenko (pending withdrawal)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>*Plaintiff*,<br><br>v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY,<br><br>*Defendants*. | Case No.: 22-cv-05990-HSG<br><br>**FILIPPATOS PLLC and HENNIG KRAMER LLP'S REPLY IN FURTHER SUPPORT OF CROSS-MOTIONS TO WITHDRAW AS COUNSEL AND TO COMPEL ARBITRATION, PRELIMINARY STATEMENT IN OPPOSITION, AND REQUEST FOR EVIDENTIARY HEARING EX PARTE**<br><br>Hearing noticed for Thursday, March 20, 2025, at 2:00 pm, before the Honorable Haywood S. Gilliam, Jr., United States District Judge, at 1301 Clay Street, Fourth Floor, Courtroom 2, Oakland, California 94612<br><br><u>Accompanying Documents:</u><br>Declaration of Tanvir H. Rahman<br>Revised [Proposed] Order |

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... 2

TABLE OF AUTHORITIES ..................................................................................................... 3

FILIPPATOS PLLC and HENNIG KRAMER LLP'S REPLY IN SUPPORT OF CROSS-MOTIONS TO WITHDRAW AS COUNSEL AND TO COMPEL ARBITRATION, PRELIMINARY STATEMENT IN OPPOSITION, AND REQUEST FOR EVIDENTIARY HEARING EX PARTE ................................................................................................................ 4

Statement of Issues to be Decided ............................................................................................. 4

Statement of Relevant Facts and Arguments ............................................................................. 5

    I.    Ms. Kovalenko's Contention That She Had "Cause" To Terminate Filippatos PLLC *Is Plainly a Dispute Over Attorneys' Fees That Must be Compelled to Arbitration* ...................... 5

    II.    The Court Should Decline to Exercise Ancillary Jurisdiction Over The Disputes Raised in Ms. Kovalenko's Termination For Cause Motion ...................................................................... 6

    III.    If the Court Does Exercise Ancillary Jurisdiction Over the Fee Dispute Raised by Ms. Kovalenko, Then It Should Afford Filippatos PLLC Due Process, Including the Ability to Elicit Relevant Testimony at an Evidentiary Hearing or Trial .................................................... 9

    IV.    The Retaining Lien Asserted by Filippatos PLLC is Valid; Nevertheless, Filippatos PLLC Has Released Ms. Kovalenko's "Client File" To Her, While Reserving All Applicable Rights, Rendering Ms. Kovalenko's Request For Her Client File Moot ................................. 11

CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

**US SUPREME COURT CASES**

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
    514 U.S. 52 (1995).................................................................................................................. 9

**FEDERAL CASES**

*Holcombe v. Matsiborchuk*,
    747 Fed. App'x 875 (2d Cir. 2018) ......................................................................................... 9

*Welch v. Niagara Falls Gazette*, No. 98-CV-0685E(M),
    2000 WL 1737947 (W.D.N.Y. Nov. 17, 2000) ........................................................................ 9

*Marzocchi v. Tara Tiger, Inc.*, 12-cv-4433 JSC (N.D. Cal. Mar. 21, 2013)
    12-cv-4433 JSC (N.D. Cal. Mar. 21, 2013) ............................................................................ 9

*Cape Flattery Ltd. v. Titan Mar., LLC*,
    647 F.3d 914 (9th Cir. 2011) ................................................................................................... 9

**STATE CASES**

*Countryman v. Watertown Housing Authority*,
    820 N.Y.S.2d 757; 13 Misc. 3d 632 (N.Y. Sup. Ct. 2006) ..................................................... 9

**STATE RULES**

California Evidence Local Rule 7.................................................................................................. 5

New York Court Records Rules Rule 137.1(b)(2) ........................................................................ 6

California Evidence Rule 1.6(a) .................................................................................................... 7

California Evidence Rule 1.6(b)(5) ........................................................................................... 7, 8

**FILIPPATOS PLLC and HENNIG KRAMER LLP'S REPLY IN SUPPORT OF CROSS-MOTIONS TO WITHDRAW AS COUNSEL AND TO COMPEL ARBITRATION, PRELIMINARY STATEMENT IN OPPOSITION, AND REQUEST FOR EVIDENTIARY HEARING EX PARTE**

Filippatos PLLC and Hennig Kramer LLP hereby submit this reply in further support of their cross-motions to withdraw as counsel for Plaintiff Zoya Kovalenko, compel arbitration, and request for an evidentiary hearing ex parte. *See* Dkt. No. 177.

**Statement of Issues to be Decided**

1. Whether Filippatos PLLC and Hennig Kramer LLP may be relieved as counsel of record for Plaintiff Zoya Kovalenko.

2. Whether the disputes raised by Ms. Kovalenko in the Motion should be deemed moot once the Court grants leave to Filippatos PLLC and Hennig Kramer LLP to withdraw as Plaintiff's counsel of record.

3. Whether this Court is the proper forum to adjudicate the disputes raised by Ms. Kovalenko in her Motion to Terminate Filippatos PLLC for Cause (Dkt. 171, the "Motion") in spite of Ms. Kovalenko's agreement to adjudicate issues related to legal fees and expenses in arbitration pursuant to the terms of her retainer agreement with Filippatos PLLC.

4. If not compelled to arbitration, whether the Court should exercise and retain jurisdiction over the disputes raised in Ms. Kovalenko's Motion, and if so, whether the Court should set down a schedule whereby discovery related to the disputes raised by the Motion can be exchanged, sworn testimony from relevant and necessary persons can be taken, a fulsome evidentiary record concerning the disputes can be created, dispositive briefing can be provided, and, to the extent any dispute raised in the Motion survives dispositive briefing, an evidentiary hearing and/or trial on the merits can be held.

5. To the extent the Court exercises jurisdiction over and entertains the disputes raised in the Motion, whether Ms. Kovalenko had "cause" to terminate Filippatos PLLC.

6. Whether Ms. Kovalenko's request that the Court order Filippatos PLLC to release her "client file" is now moot based on Ms. Kovalenko's receipt of her file.

**Statement of Relevant Facts and Arguments**

Pursuant to Local Rule 7-3(c), Filippatos PLLC hereby respectfully submits the following reply Statement of Relevant Facts and Arguments in further support of its Cross-Motion to Withdraw as Counsel for Plaintiff Zoya Kovalenko (which, if granted, would moot Ms. Kovalenko's Motion; or, in the alternative, in further support of its Cross-Motion to Compel Arbitration regarding the disputes raised in Ms. Kovalenko's Motion pursuant to the express terms of her Retainer Agreement with Filippatos PLLC; or, to the extent the Court denies both of the instant Cross Motions, and intends to entertain the disputes raised in Ms. Kovalenko's Motion, in further support of its request that the Court afford Filippatos PLLC due process and the opportunity to adequately defend itself against Ms. Kovalenko's baseless claims, and issue a schedule for briefing, discovery, and evidentiary hearing with respect to the issues and disputes raised in Ms. Kovalenko's Motion. Dkt. No. 177, the "Cross- Motions").

**I.   Ms. Kovalenko's Contention That She Had "Cause" To Terminate Filippatos PLLC *Is* Plainly a Dispute Over Attorneys' Fees That Must be Compelled to Arbitration**

In opposition to Filippatos PLLC's motion to compel arbitration of the disputes raised in Ms. Kovalenko's Termination For Cause Motion, Ms. Kovalenko does not claim that the arbitration provision set forth in the Retainer Agreement (*see* Dkt. No. 171-3) is invalid or unenforceable. Rather, she claims that her request for an order from this Court finding that she had "cause" to terminate Filippatos is not a fee dispute, and thus falls outside the scope of the arbitration provision. This contention is meritless and blatantly ignores the plain language of the Retainer Agreement which expressly states that, if Ms. Kovalenko "terminate[s] our legal services for cause, as determined by a court or other adjudicatory body of competent jurisdiction, we will only be entitled to payment for the reasonable value of our unbilled services and costs as determined on the basis of quantum meruit." Retainer Agreement, at 3. In other words, a

REPLY IN SUPPORT OF CROSS MOTIONS                              No. 4:22-cv-05590-HSG

5

determination that Ms. Kovalenko had "cause" to terminate Filippatos as her counsel *is* a determination that Filippatos PLLC is not entitled to the agreed upon contingency fee. As such, Ms. Kovalenko has directly raised a dispute over legal fees with this Court that is plainly subject to arbitration per the express terms of the Retainer Agreement. *See* Retainer Agreement at 3-4 (stating that "in the event such a [fee] dispute does arise between us that cannot be resolved informally, it shall be settled by final and binding arbitration" either through New York's "Attorney Fee Dispute Resolution Program, so long as the fee dispute is within the jurisdictional limit" (*i.e.*, between $1,000 and $50,000 (see 22 N.Y.C.R.R. § 137.1(b)(2)), which is substantially less than the fee amount in dispute here and thus inapplicable), or, as to "[a]ll other types of fee or billing disputes ... settled by final and binding arbitration in New York City before a single arbitrator in accordance with the Rules of JAMS ADR.").[1]

### II. The Court Should Decline to Exercise Ancillary Jurisdiction Over The Disputes Raised in Ms. Kovalenko's Termination For Cause Motion

Notwithstanding Ms. Kovalenko's agreement to arbitrate fee disputes, and if the Court declines to simply allow Filippatos PLLC to withdraw as Ms. Kovalenko's counsel of record as both Filippatos PLLC and Ms. Kovalenko desire, we respectfully submit that this Court is inherently the wrong and improper forum for Filippatos PLLC to defend our performance as attorneys in this matter, which must take place in a different forum in which we are permitted to

---

[1]    Nowhere in the Cross Motions does Filippatos PLLC claim that "any dispute" under the Retainer Agreement is subject to arbitration as Ms. Kovalenko misrepresents. See Dkt. 181, "Opposition", at 12. The Court does not need to "broadly" interpret or construe the arbitration provision in the Retainer Agreement as it is plainly applicable to fee and billing disputes such as the one Ms. Kovalenko improperly asks this Court to adjudicate.

Further, Ms. Kovalenko's contention that any purported ambiguity in the arbitration provision should be construed against Filippatos PLLC as the drafter of the provision (Opposition at 13-14) is baseless and misleading, as Ms. Kovalenko knows full well that she actively negotiated various terms in the Retainer Agreement, a number of which were ultimately incorporated therein. Rahman Decl. at ¶ 2.

disclose confidential and privileged information pertinent to our representation of Ms. Kovalenko in defense to her allegations. See ABA Rule 1.6(a) ("A lawyer may not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation" or the disclosure is subject to any of the seven enumerated exceptions to the rule). Disclosure of information relating to the representation of a client is permitted "to establish a claim or defense on behalf of the lawyer in controversy between the lawer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client." ABA Rule 1.6(b)(5).

This is not a case in which Filippatos PLLC's performance serves as the basis of any legal cause of action put before the Court; rather, this case is about Ms. Kovalenko's conduct and performance during her employment at Kirkland & Ellis. Any information we necessarily must disclose to oppose Ms. Kovalenko's baseless claims against our performance and representation of her in this case would be severely detrimental to the claims against her former employer that she has put before this Court and which, accordingly, we are ethically prohibited from undermining. Moreover, while this Court ultimately may or may not be the trier of fact in this case, the information that Filippatos PLLC would need to disclose to properly defend against Ms. Kovalenko's attacks on our performance as her attorneys would be highly prejudicial to her. Among other things, we would need to fully disclose and critically analyze Ms. Kovalenko's own conduct during our representation. Rahman Decl. at ¶ 3. We would also need to reveal our honest assessment of the merits of her legal claims against Kirkland & Ellis and the other defendants. Rahman Decl. at ¶ 4.

If Ms. Kovalenko wants to hold Filippatos PLLC "public[ally] accountable" (Opposition at 14) for malpractice such that she had "cause" to fire the Firm, then her recourse is to bring forth

malpractice claims in a separate action in the appropriate forum so Filippatos PLLC can disclose necessary and pertinent information about our representation of Ms. Kovalenko that we believe would gravely prejudice her and her claims in this case. See ABA Rule 1.6(b)(5). Likewise, if Ms. Kovalenko believes that Filippatos PLLC engaged in some type of "misconduct" such that she had "cause" to terminate the Firm, then her recourse would be to file a grievance with the appropriate attorney disciplinary committee so that, again, Filippatos is able to disclose information needed to defend itself, but which will also be highly prejudicial to Ms. Kovalenko in this action. And, if Ms. Kovalenko believes that she had cause to terminate Filippatos such that she no longer must honor the fee arrangement to which she agreed in the Retainer Agreement, then she must commence an arbitration before JAMS as per its clear and express terms so that Filippatos PLLC can appropriately defend itself without prejudicing Ms. Kovalenko's rights and interests in this action.

To be clear, Filippatos PLLC is prepared to vigorously defend itself against Ms. Kovalenko's baseless allegations and prove to this Court, or any other appropriate juridical forum how and why every action it took with respect to representing Ms. Kovalenko in this action was reasonable, appropriate, effective, and an exercise of our independent professional judgment with her best interests in mind. Rahman Decl. at ¶ 5. Moreover, it is not true that Filippatos PLLC "threatened to withdraw if Ms. Kovalenko refused to settle her claims." Decl. at ¶ 6. It is not true that Filippatos PLLC was "extremely lax" (or lax at all) in prosecuting Ms. Kovalenko's claims (and if we were, this begs the question why Ms. Kovalenko waited so long and only *after* engaging in the ADR process to fire Filippatos PLLC purportedly for "cause"). Rahman Decl. at ¶ 7. It is not true that Filippatos PLLC impermissibly interfered with Ms. Kovalenko's settlement authority. Rahman Decl. at ¶ 8. It is not true that Filippatos PLLC made a "false remark to the Court" about propounding interrogatories (and Ms. Kovalenko knows full well what was discussed between her

and counsel on this topic). Rahman Decl. at ¶ 9. It is not true that Filippatos PLLC ever acted unprofessionally towards Ms. Kovalenko (which the communications she has put before the Court do not prove otherwise). Rahman Decl at ¶ 10. Filippatos PLLC is prepared to debunk each of Ms. Kovalenko baseless aspersions cast against the Firm and show why it was Ms. Kovalenko's conduct that caused the attorney-client relationship to be irretrievably broken (Rahman Decl. at ¶ 11), but in the appropriate forum and not in a manner that would cause Filippatos PLLC to violate its ethical obligations to not disclose prejudicial information about Ms. Kovalenko to this Court.[2]

### III. If the Court Does Exercise Ancillary Jurisdiction Over the Fee Dispute Raised by Ms. Kovalenko, Then It Should Afford Filippatos PLLC Due Process, Including the Ability to Elicit Relevant Testimony at an Evidentiary Hearing or Trial

Should the Court disagree with the argument posited above, then we respectfully request due process to defend against Ms. Kovalenko's allegations at an evidentiary hearing or trial. This Court should decline to make a finding that would effectively deprive Filippatos PLLC of substantial legal fees to which it has earned and is contractually entitled without permitting Filippatos PLLC, at a minimum, to elicit testimony from witnesses with relevant information that would inform the Court about the reasonableness of any action taken or counsel provided by Filippatos PLLC. Rahman Decl. at ¶ 12. This would include Ms. Kovalenko herself, defense

---

[2] Ms. Kovalenko's Opposition fails to cite to a single, on point case, in which a court has agreed to exercise ancillary jurisdiction regarding issues related to an attorney's withdrawal when there is an agreement between an attorney and client to arbitrate the very dispute put before the court, as is the case here.

At other points, the Opposition is littered with citations to inapposite cases dealing with the propriety of liens asserted by attorneys –not at issue before this court –, and in other instances, Ms. Kovalenko cites to cases where a court made findings only after an *evidentiary hearing*, which Ms. Kovalenko tellingly opposes here. See Holcombe v. Matsiborchuk, 747 Fed. App'x 875, 876 (2d Cir. 2018), Countryman v. Watertown Housing Authority, 820 N.Y.S.2d 757, 13 Misc. 3d 632, 633 (N.Y. Sup. Ct. 2006), Welch v. Niagara Falls Gazette, No. 98-CV-0685E(M), 2000 WL 1737947, at *2 (W.D.N.Y. Nov. 17, 2000), Marzocchi v. Tara Tiger, Inc., No. 12-CV-4433 JSC, 2013 WL 1191232, at *5 (N.D. Cal. Mar. 21, 2013), *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 924 (9th Cir. 2011), *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62 (1995)

counsel, the mediator and other mediation attendees, individuals at Kirkland & Ellis with knowledge and information about Ms. Kovalenko's performance, and others. Rahman Decl. at ¶ 13. The Court should not issue a ruling that Ms. Kovalenko had "cause" to terminate Filippatos PLLC based solely on Ms. Kovalenko's self-serving statements of opinion and cherry-picked communications devoid of context, particularly in a context where we are ethically bound not to reveal prejudicial information about Ms. Kovalenko.

Filippatos PLLC turned down numerous clients with meritorious employment claims and substantial revenue-generating work when it agreed to take on Ms. Kovalenko's matter on full contingency and then expended significant resources and time towards the prosecution of Ms. Kovalenko's matter – including substantial direct involvement from its two most senior and experienced partners at all critical junctures and negotiations. Rahman Decl. at ¶ 14. For agreeing to help Ms. Kovalenko when no other law firm was willing to represent her and litigate against one of the largest law firms in the world (Rahman Decl. at ¶ 15), and agreeing to put its reputation on the line and zealously advocate on her behalf, directly achieving successful results on her behalf by any objective measure, Ms. Kovalenko seeks to reward Filippatos PLLC for its work and dedication to her case not only by denying the Firm the legal fees to which she agreed, but by having this Court find that she had "cause" to fire us because the Firm somehow engaged in misconduct by giving her its frank and honest assessment of the strengths and weaknesses of her claims and likelihood of success at trial (based on decades of relevant experience litigating hundreds, if not thousands, of employment disputes). Rahman Decl. at ¶ 16. Indeed, the crux of Ms. Kovalenko's complaint against Filippatos PLLC is that it put its foot down at her attempts to obfuscate and needlessly delay the conclusion of this matter, including by taking unreasonable positions that were often against her best interests. Such actions, from a fellow officer of the court no less, is troubling enough and should not be entertained by this Court.

**IV.  The Retaining Lien Asserted by Filippatos PLLC is Valid; Nevertheless, Filippatos PLLC Has Released Ms. Kovalenko's "Client File" To Her, While Reserving All Applicable Rights, Rendering Ms. Kovalenko's Request For Her <u>Client File Moot</u>**

Ms. Kovalenko's proposed order (<u>see</u> Dkt. 171) seemingly requests this Court find cause for her termination of Filippatos PLLC for the sole purpose of releasing her of the retaining lien we have asserted against her legal files. Thus, while we have already explained and provided support for why the retaining lien asserted by Filippatos PLLC is valid given Ms. Kovalenko's undisputed failure to pay her legal expenses, to simplify and minimize the issues before the Court, we have released to Ms. Kovalenko her "client file," consisting of, *inter alia*, all communications between Filippatos PLLC and counsel for Defendants, all drafts of relevant filings and correspondences, and all documents produced in discovery, while reserving all applicable rights. Rahman Decl. at ¶ 17.[3] If Ms. Kovalenko believes there are any other documents in our possession to which she believes she is entitled, she is welcome to promptly let us know.

## <u>CONCLUSION</u>

For the reasons stated above and in the Cross-Motions, Filippatos PLLC and Hennig Kramer LLP respectfully request that the Court grant the immediate cross motions and permit them to withdraw as counsel for Plaintiff, or. in the alternative, compel the disputes raised in Ms. Kovalenko's Termination For Cause Motion to arbitration where they can be properly adjudicated (to the extent not already mooted).

---

[3] We have submitted a Revised [Proposed] Order Granting the Cross Motions herewith which accounts for the mootness of Ms. Kovalenko's request for her "client file."

REPLY IN SUPPORT OF CROSS MOTIONS                                    No. 4:22-cv-05590-HSG

11

Dated: February 21, 2025

Respectfully submitted,

**FILIPPATOS PLLC**

By: _____
Tanvir H. Rahman (admitted *pro hac vice*)
199 Main Street, Suite 800
White Plains, NY 10601
T. F: 914.984.1111
TRahman@filippatoslaw.com

Samuel M. Brown (State Bar No. 308558)
**HENNIG KRAMER LLP**
3600 Wilshire Blvd, Suite 1908
Los Angeles, CA 90010
Tel.: 213 310 8301
Fax: 213 310 8302
sam@employmentattorneyla.com
 *Attorneys for Plaintiff Zoya Kovalenko (pending withdrawal)*