Tanvir H. Rahman (admitted *pro hac vice*)
**FILIPPATOS PLLC**
199 Main Street, Suite 800
White Plains, NY 10601
Tel.: 914 984 1111
trahman@filippatoslaw.com

Samuel M. Brown (State Bar No. 308558)
**HENNIG KRAMER LLP**
3600 Wilshire Blvd, Suite1908
Los Angeles, CA 90010
Tel.: 213 310 8301
Fax: 213 310 8302
sam@employmentattorneyla.com

*Attorneys for Plaintiff Zoya Kovalenko (pending withdrawal)*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>*Plaintiff*,<br><br>v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY,<br><br>*Defendants*. | Case No.: 22-cv-05990-HSG<br><br>**DECLARATION OF TANVIR H. RAHMAN IN SUPPORT OF REPLY IN FURTHER SUPPORT OF CROSS-MOTION TO WITHDRAW AS COUNSEL AND TO COMPEL ARBITRATION, PRELIMIMINARY, STATEMENT IN OPPOSITION, AND REQUEST FOR EVIDENTIARY HEARING EX PARTE**<br><br>Accompanying Documents:<br>Reply in Further Support Cross-Motions to Withdraw and Compel Arbitration<br>Revised [Proposed] Order |

I, TANVIR H. RAHMAN, declare:

1. I am an attorney at law in good standing and licensed to practice law in the States of New York and New Jersey, admitted to practice in this Court *pro hac vice*, and a Partner at Filippatos PLLC. I have represented Plaintiff Zoya Kovalenko in this case, with the assistance of local counsel Hennig Kramer LLP. If called as a witness, I would and could competently testify to the following facts, all of which are within my own personal knowledge.

2. At the time my firm was engaged by Ms. Kovalenko, Ms. Kovalenko actively negotiated various terms in the Retainer Agreement, a number of which were ultimately incorporated therein.

3. In order to effectively oppose Ms. Kovalenko's claims against my firm's performance and representation of her in this action, we will need to disclose information that we sincerely believe wil be severely detrimental to her claims in this case once put before this Court, and which, accordingly, we are ethically prohibited from undermining. Among other things, we would need to fully disclose and critically analyze Ms. Kovalenko's own conduct during our representation.

4. We would also need to reveal our honest assessment of the merits of her legal claims against Kirkland & Ellis and the other defendants in this action.

5. Filippatos PLLC is prepared to vigorously defend itself against Ms. Kovalenko's baseless allegations and prove to this Court, or any other appropriate judicial forum, how and why every action it took with respect to representing Ms. Kovalenko in this action was reasonable, appropriate, effective, and an exercise of our independent professional judgment with her best interests in mind.

6. It is completely not true that Filippatos PLLC "threatened to withdraw if Ms. Kovalenko refused to settle her claims."

7. It is completely not true that Filippatos PLLC was "extremely lax" (or lax at all) in prosecuting Ms. Kovalenko's claims.

8. It is completely not true that Filippatos PLLC impermissibly interfered with Ms. Kovalenko's settlement authority.

9. It is completely not true that Filippatos PLLC made a "false remark to the Court" about propounding interrogatories. Rather, Ms. Kovalenko knows full well what was discussed between her and counsel on this topic.

10. It is completely not true that Filippatos PLLC ever acted unprofessionally towards Ms. Kovalenko, nor do the communications which she has put before the Court prove otherwise.

11. Filippatos PLLC is prepared to debunk each of Ms. Kovalenko aspersions cast against the Firm and show that Ms. Kovalenko's conduct caused the attorney-client relationship to be irretrievably broken.

12. Should the Court entertain the claims brought against us by Ms. Kovalenko, we respectfully request due process to defend ourselves at an evidentiary hearing or trial. A finding by this Court that Ms. Kovalenko had "cause" to terminate us as her counsel will effectively deprive Filippatos PLLC of substantial legal fees to which it has earned and is contractually entitled without permitting Filippatos PLLC, at a minimum, to elicit testimony from witnesses with relevant information that would inform the Court about the reasonableness of any action taken or counsel provided by Filippatos PLLC.

13. Witnesses from whom relevant testimony needed to adjudicate Ms. Kovalenko's allegations must be elicited would include Ms. Kovalenko herself, defense counsel, the mediator and other mediation attendees, individuals at Kirkland & Ellis with knowledge and information about Ms. Kovalenko's performance, and others.

14. Filippatos PLLC turned down numerous clients with meritorious employment claims and substantial revenue-generating work when it agreed to take on Ms. Kovalenko's matter on full contingency and then expended significant resources and time towards the prosecution of Ms. Kovalenko's matter – including substantial direct involvement from its two most senior and experienced partners at all critical junctures and negotiations – myself and Parisis Filippatos.

15. We agreed to help Ms. Kovalenko after she was unable to find any other law firm willing to represent her and litigate against Kirkland & Ellis, one of the largest law firms in the world.

16. Our firm agreed to put its reputation on the line and zealously advocate on Ms. Kovalenko's behalf, directly achieving successful results on her behalf by any objective measure. Ms. Kovalenko seeks an order from this Court that would serve to deny my firm the legal fees to which she agreed to pay, based on spurious allegations that the firm somehow engaged in misconduct by giving her its frank and honest assessment of the strengths and weaknesses of her claims and likelihood of success at trial (based on decades of relevant experience litigating hundreds, if not thousands, of employment disputes).

17. Ms. Kovalenko's proposed order (see Dkt. 171) seemingly requests this Court find cause for her termination of Filippatos PLLC for the sole purpose of releasing her of the retaining lien we have asserted against her legal files. To simplify and minimize the issues before the Court, we have released to Ms. Kovalenko her "client file," consisting of, *inter alia*, all communications between Filippatos PLLC and counsel for Defendants, all drafts of relevant filings and correspondences, and all documents produced in discovery, while reserving all applicable rights.

18. I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: February 21, 2025

Respectfully submitted,

**FILIPPATOS PLLC**

By:_____
Tanvir H. Rahman
199 Main Street, Suite 800
White Plains, NY 10601
T. F: 914.984.1111
TRahman@filippatoslaw.com
*Attorneys for Plaintiff Zoya Kovalenko
(pending withdrawal)*