Zoya Kovalenko (Cal. SBN 338624)
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
Tel.: (678) 559-4682
zoyavk@outlook.com
*Plaintiff Zoya Kovalenko*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>*Plaintiff*,<br><br>v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY,<br><br>*Defendants*. | Case No. 4:22-cv-05990-HSG<br><br>**PLAINTIFF'S OBJECTION TO REPLY EVIDENCE REGARDING FILIPPATOS PLLC AND HENNIG KRAMER LLP'S REPLY IN FURTHER SUPPORT OF CROSS-MOTION TO WITHDRAW AS COUNSEL AND TO COMPEL ARBITRATION, PRELIMINARY STATEMENT IN OPPOSITION, AND REQUEST FOR EVIDENTIARY HEARING EX PARTE AND ACCOMPANYING DECLARATION OF TANVIR RAHMAN**<br><br>Re: Dkt. Nos. 185 & 185-1. |

**PLAINTIFF'S OBJECTION TO REPLY EVIDENCE**

Pursuant to Civil Local Rules 7-3(d)(1) and 7-5(b), Plaintiff respectfully submits this Objection to Reply Evidence regarding Filippatos PLLC ("**Filippatos**") and Hennig Kramer LLP's Reply in Support of Cross-Motion to Withdraw and Compel Arbitration, Preliminary Statement in Opposition, and Request for Evidentiary Hearing Ex Parte (Feb. 21, 2025), Dkt. No. 185 ("**Reply**"), and Declaration of Tanvir Rahman in support, Dkt. No. 185-1 ("**Declaration**").

"[D]eclarations may only contain admissible facts." *Doe v. Texaco, Inc.*, No. C06-02820 WHA, 2006 WL 2850035, at *2 (N.D. Cal. Oct. 5, 2006). "Any statement made must specify the information or belief the declarant bases his or her statement upon. If the declaration is not in compliance, the declaration may be stricken either in part or in whole. Civ. L.R. 7-5(b)." *Id.* Submitting new evidence with a reply is generally improper. *See Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171–72 (9th Cir. 2018) ("Plainly, the practice rules recognize the potential inequities that might flow from the injection of new matter at the last round of briefing."). Here, the Declaration is rife with improper argumentative statements, legal conclusions, irrelevant points, and other defects violating Civil Local Rule 7-5, standards under Federal Rule of Civil Procedure 56, and the Federal Rules of Evidence. Thus, the Court should disregard improper portions of the Declaration based on the below evidentiary objections and should consider striking the Declaration in full. *See, e.g.*, Civil L.R. 7-5(b).

The Declaration includes numerous legal conclusions and argument that are improper and must be struck or afforded zero weight by this Court. *See, e.g.*, *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1254 (N.D. Cal. 2019) (striking paragraphs in declaration containing improper legal arguments and conclusions). For example, paragraphs 3, 6, 7, 8 and 10 contain improper legal conclusions and/or argument, as opposed to facts allegedly supporting Filippatos's requested relief. Paragraph 3 asserts that Filippatos is "ethically prohibited" from disclosing information to rebut its for-cause termination. Such a statement is an improper legal conclusion and extension of legal arguments in the Reply in which Filippatos contends that it must wait to rebut Plaintiff's assertions until an evidentiary hearing because its ethical obligations prohibit it from doing so now. Reply at 6–9. Further, paragraphs 6, 7 and 8, in which Filippatos

1  claims it was "not extremely lax," did not "impermissibly interfere[]" with Plaintiff's settlement
2  authority and did not threaten to withdraw if Plaintiff did not settle, all constitute improper legal
3  conclusions.  These statements are legal conclusions because a finding that Filippatos was
4  extremely lax, impermissibly interfered with Plaintiff's settlement authority, and/or threatened to
5  withdraw if Plaintiff did not settle would enable the Court to conclude as a matter of applicable
6  law that Filippatos was fired for cause. *Dytch v. Lazy Dog Rests., LLC*, No. 16-cv-03358-EDL,
7  2019 WL 3928752, at *8 (N.D. Cal. Aug. 16, 2019) (striking declaration "because it functions as
8  a legal opinion that improperly instructs the fact-finder as to how to decide certain issues"); *Romo
9  v. Shimmick Constr. Co., Inc.*, No. 15-cv-00673-JCS, 2015 WL 3661940, at *6 (N.D. Cal. June
10 12, 2015) (citing *Plush Lounge Las Vegas LLC v. Hotspur Resorts Nev. Inc.,* 371 Fed. App'x 719,
11 720 (9th Cir. 2010); *Wicker v. Or. ex. rel. Bureau of Labor,* 543 F.3d 1168, 1177 (9th Cir. 2008))
12 ("'[D]eclarations present[ing] legal conclusions without underlying factual support' are not
13 cognizable evidence."); Unredacted Pl.'s Opp'n Cross-Mots. at 1–3, 19–24, Dkt. No. 186-3; *see
14 also* Unredacted Pl.'s Mot. Notice Termination for Cause at 8–20, Dkt. No. 176-3.  Further, the
15 statements in paragraphs 6, 7 and 8 are wholly devoid of any factual support and should also be
16 disregarded and/or struck as improper and conclusory argument. *See, e.g.*, *Primus Grp.*, 395 F.
17 Supp. 3d at 1254; *Sullivan v. Finn*, No. 3:17-cv-05799-WHO, 2018 WL 1222672, at *2 (N.D.
18 Cal. Mar. 8, 2018) (stating declaration paragraphs "constitute improper conclusions and argument
19 in violation of Civil Local Rule 7-5(b)" and affording such paragraphs "no weight because they
20 are conclusory").  Paragraph 10 is improper for similar reasons as the conclusory assertion that
21 "[i]t is completely not true that Filippatos PLLC ever acted unprofessionally towards Ms.
22 Kovalenko, nor do the communications which she has put before the Court prove otherwise" is
23 not a supporting fact but, rather, a self-serving ultimate conclusion lacking any supporting facts
24 or evidence. *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A
25 conclusory, self-serving affidavit lacking detailed facts and any supporting evidence, is
26 insufficient to create a genuine issue of material fact." (citations omitted)).
27      Paragraph 11 contains improper argument—as opposed to facts—by stating that
28 Filippatos is able to "debunk each of Ms. Kovalenko's aspersions cast against the Firm and show

1  that Ms. Kovalenko's conduct caused the breakdown in the attorney-client relationship."
2  Paragraph 5 contains similarly inappropriate argument by stating that Filippatos "is prepared to
3  vigorously defend itself against Ms. Kovalenko's baseless allegations."  Both paragraphs 5 and
4  11 are conclusory as well.  Accordingly, the Court should strike and/or disregard these paragraphs.
5  *See Lopez v. HMS Host, Inc.*, No. C 09-04930 SI, 2010 WL 199716, at *2 (N.D. Cal. Jan. 13,
6  2010) (striking declaration for consisting mostly of "conclusory and argumentative" statements).

7  Plaintiff objects to paragraph 9 because the claim that Filippatos did not make a false
8  remark about propounding interrogatories is directly contradicted by unrefuted evidence that Mr.
9  Rahman previously told the Court that he would propound interrogatories in early 2024 but never
10 did so.  *See U.S. Sec. Holdings, Inc. v. Andrews*, No. CV 21-2263 DSF (MRWx), 2021 WL
11 6882436, at *7–8 (C.D. Cal. Dec. 24, 2021) (disregarding declaration statements directly
12 contradictory to prior testimony); *Publ'g Clearing House*, 104 F.3d at 1171 (conclusory, self-
13 serving affidavit insufficient to create dispute of fact); Kovalenko Decl. ISO Pl's Mot. Notice
14 Termination for Cause ¶ 23 & Attach. D (Tr. Feb. 15, 2024 Hr'g) at 6:5, Dkt. Nos. 176-5
15 (Unredacted Decl.) & 171-5 (Tr.); Filippatos's Opp'n Pl.'s Mot., Dkt. No. 180 (not disputing
16 failure to propound interrogatories).  Mr. Rahman's statement that "Ms. Kovalenko knows full
17 well what was discussed between her and counsel on this topic" is also conclusory and improper
18 argument, which lacks any foundation.  Decl. ¶ 9.  Thus, this entire paragraph should be struck.

19 Paragraph 12 consists of improper legal argument, repeating arguments Filippatos makes
20 in its Reply.  *Compare* Reply at 9 (arguing Filippatos is entitled to "due process to defend against
21 Ms. Kovalenko's allegations at an evidentiary hearing or trial"), *with* Decl. ¶ 12 ("Should the
22 Court entertain the claims brought against us by Ms. Kovalenko, we respectfully request due
23 process to defend ourselves at an evidentiary hearing or trial.").  Filippatos also makes an
24 improper legal conclusion that it is "contractually entitled" to substantial legal fees, which is also
25 irrelevant as this is not an issue before the Court.  Decl. ¶ 12; *Louis Vuitton MALLETIER, S.A. v.*
26 *Glamora by SADIA*, No. 14-cv-05421-BLF, 2015 WL 7351465, at *3 (N.D. Cal. Nov. 20, 2015)
27 (sustaining objection to reply evidence because counsel's conclusion regarding scope of
28 contractual provision "is a legal conclusion").  Paragraph 12 is impermissible argument without

foundation that fails to identify any factual support in asserting that Filippatos needs to "elicit testimony from witnesses with relevant information that would inform the Court about the reasonableness of any action taken or counsel provided by Filippatos." Decl. ¶ 12.[1]  Paragraph 13 is irrelevant as the reasonableness of Filippatos's actions does not matter.  Paragraph 13 also constitutes improper, conclusory argument and legal conclusion, rather than facts supporting the Reply, because it concludes that testimony from third parties not involved in Plaintiff's decision to fire Filippatos is "relevant" and "needed to adjudicate Ms. Kovalenko's allegations."[2]  Plaintiff further objects to such assertions in paragraph 13 as constituting irrelevant, inadmissible evidence based on speculation without any established factual foundation.[3]

Plaintiff objects to paragraphs 14 and 16 as wholly irrelevant to the issues before the Court, which center on whether Filippatos was terminated for cause.  Despite this being the focus of the dispute, Filippatos injects factually irrelevant statements that it allegedly turned down substantial revenue-generating work to take on Plaintiff's case and somehow put its reputation on the line by taking on the case.  Decl. ¶¶ 14, 16.  None of these statements impact whether Filippatos engaged in misconduct warranting for-cause termination or whether it has a basis to withdraw after being fired.  *Collins v. Golden Gate Bell, LLC*, No. 18-cv-06297-NC, 2019 WL 2523571, at *4 (N.D. Cal. June 19, 2019) (agreeing with plaintiffs' irrelevance objection and concluding declaration was unpersuasive as "it is largely irrelevant under Federal Rule of Evidence 402" and "the contents of the declaration are only loosely connected to the facts" at issue); *see also* Fed. R. Evid. 401.  Additionally, the statement in paragraph 16 that Plaintiff has made "spurious allegations that firm somehow engaged in misconduct by giving her its frank and

---

[1] Plaintiff objects to the extent Filippatos characterizes Plaintiff's requested relief as "claims" brought against Filippatos as an improper legal conclusion and argument. Decl. ¶¶ 3, 12.

[2] Whether there is a need for testimony is a legal issue in dispute and specific legal relief that Filippatos requests and consequently constitutes improper argument and legal conclusion that must be struck. Decl. ¶¶ 12–13; Reply at 4, 9–10.

[3] Plaintiff also objects to paragraphs 12 and 13 as inadmissible hearsay to the extent Filippatos asserts, even implicitly, that testimony or statements from third parties would demonstrate the veracity of Filippatos's contention that it acted reasonably and/or that Plaintiff acted unreasonably or performed poorly at Kirkland. *Kunkel v. Dill*, No. 1:09-cv-00686-LJO, 2012 WL 1898900, at *5 (E.D. Cal. May 23, 2012) (sustaining objection to declaration as improper hearsay because third-party statements submitted for truth of matter asserted) (citing Fed. R. Evid. 801(c)), *report and recommendation adopted,* 2012 WL 3759150 (E.D. Cal. Aug. 29, 2012).

PLAINTIFF'S OBJECTION TO REPLY EVIDENCE, NO. 4:22-CV-05990-HSG    4

honest assessment of the strengths and weaknesses of her claims and likelihood of success at trial" is an improper legal argument. Paragraph 16 makes an improper legal conclusion by stating that Plaintiff "agreed to pay" legal fees, and this is irrelevant because the Court is not being asked to determine what amount Plaintiff is obligated, if any, to pay Filippatos.[4]

Paragraph 17 makes an improper argumentative statement by claiming, albeit falsely, that Plaintiff "seemingly requests this Court find cause for her termination of Filippatos PLLC for the sole purpose of releasing her of the retaining lien we have asserted against her legal files." This argumentative statement is not a fact and should be struck or disregarded. Further, paragraph 17 contains improper new evidence by asserting and assuming that a decision by Filippatos to drop its retaining lien, which occurred after Plaintiff filed her opposition, Dkt. No. 181, is evidence that precludes or obviates Plaintiff's requested relief. *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 309 n.5 (N.D. Cal. 2005) ("Defendants' attempt to introduce new evidence in connection with their reply papers is improper. Exercising my discretion, I grant the motion to strike, in part. To the extent that the declaration introduces new evidence not presented in either the motion or opposition, I did not consider the declaration in making this ruling."). Further, because Plaintiff has not been afforded the opportunity to contest this factual and evidentiary assertion, the Court should strike or disregard this as improper new evidence raised for the first time in a reply. *See Dutta*, 895 F.3d at 1171–72.

The declaration must also be struck in its entirety as it is not signed and thus does not comply with 28 U.S.C. § 1746. Decl. at 5; *Davenport v. Bd. of Trs. of State Ctr. Cmty. Coll. Dist.*, 654 F. Supp. 2d 1073, 1083–84 (E.D. Cal. 2009) (citing 28 U.S.C. § 1746 & Fed. R. Civ. P. 56(e)) (concluding declaration not valid evidence for purposes of deciding motion "[a]s there is no signature on Reznik's declaration"); *Brae Asset Funding, L.P. v. Applied Fin., LLC*, No. C 05-02490 WHA, 2006 WL 2355474, at *5 (N.D. Cal. Aug. 14, 2006) (striking unsigned declaration pursuant to Civil L.R. 7-5(b)); *see Coverdell v. Dep't of Soc. & Health Servs., State of Wash.*, 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence to support motion).

---

[4] Filippatos's statement that it has "decades of relevant experience litigating hundreds, if not thousands, of employment disputes" is also not relevant to whether Filippatos engaged in misconduct, because Plaintiff controlled settlement decisions, reasonable or not. Decl. ¶ 16.

PLAINTIFF'S OBJECTION TO REPLY EVIDENCE, NO. 4:22-CV-05990-HSG                    5

Respectfully submitted this 28th day of February 2025.

By: /s/ *Zoya Kovalenko*
Zoya Kovalenko (Cal. SBN 338624)
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
Tel.: (678) 559-4682
zoyavk@outlook.com
*Plaintiff Zoya Kovalenko*