UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOYA KOVALENKO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KIRKLAND & ELLIS LLP, et al.,<br><br>Defendants. | Case No. 22-cv-05990-HSG<br><br>**ORDER ADVANCING HEARING AND GRANTING MOTION TO APPEAR BY ZOOM**<br><br>Re: Dkt. Nos. 171, 177, 192 |

Before the Court are Plaintiff's motion to enter termination of Filippatos PLLC for cause, Dkt. No. 171, and Filippatos PLLC ("Filippatos") and Hennig Kramer LLP's motion to withdraw, Dkt. No. 177. Both motions are currently set for hearing on March 20, 2025, at 2:00 p.m. On March 3, 2025, the parties filed a joint stipulation and proposed order seeking to continue discovery deadlines "so the Court can rule on the pending cross-motions." Dkt. No. 189 at 3.

Accordingly, the Court **ADVANCES** the hearing on the motion to terminate, Dkt. No. 171, and the motion to withdraw, Dkt. No. 177, to Thursday, March 6, 2025, at 2:00 p.m. The Court will address the parties' request to continue discovery deadlines after ruling on the pending motions.

In addition, the Court **GRANTS** Filippatos PLLC's request to hold the hearing remotely, Dkt. No. 192. The hearing will be held by the Court's private Zoom Webinar. The Courtroom Deputy will email the Zoom information to Plaintiff, Filippatos, and Defense counsel.

While the Court will grant the request to appear remotely at this hearing under the circumstances, its Standing Order makes clear that civil motions are generally heard in person at the United States Courthouse in Oakland, California. *See* Standing Order for Civil Cases Before District Judge Haywood S. Gilliam, Jr. ¶ 4. Filippatos's request for virtual appearance seems to

suggest that appearing in person is somehow an unfair and unnecessary imposition on counsel because they are based in New York.  *See* Dkt. No. 192 at 2 (complaining that it would be a hardship to travel to Oakland "merely to attend this hearing in person," and contending that doing so would cause "disruption" to "certain family and childcare obligations"), 3 (asserting that "traveling cross country to attend this hearing in person would . . . pose a 'financial hardship'").  The Court could not disagree more: if counsel does not want the "hardship" of traveling to Oakland for a substantive motions hearing, they should not have taken on representation in a lawsuit pending here.  In-person attendance at hearings is not a "mere" inconvenience: it is part of the inherent duties of an attorney who makes the choice to represent a client in a court far from home.  The Court advises counsel that any future representations of this type, in this case or others, will not be well-taken, and reminds counsel not to presume to tell the Court what is and is not important in the handling of its matters.  The Court stresses that there is no entitlement to routine remote appearances simply because counsel would rather not be bothered to travel to the venue where this lawsuit has been pending for years.

**IT IS SO ORDERED.**

Dated: 3/5/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

2