UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>Plaintiff,<br><br>v.<br><br>KIRKLAND & ELLIS LLP, et al.,<br><br>Defendants. | Case No. 22-cv-05990-HSG<br><br>**ORDER DENYING ADMINISTRATIVE MOTION**<br><br>Re: Dkt. No. 204 |

Before the Court is the parties' joint administrative motion objecting to provision of public access for the upcoming case management conference, Dkt. No. 204. The Court DENIES the motion.

The Court previously set a case management conference on April 8, 2025, at 2:00 p.m ("the CMC"). Dkt. No. 197. Per the Court's standard protocol for all case management conferences, the CMC will be held by Public Zoom Webinar. *See* Standing Order for Civil Cases Before District Judge Haywood S. Gilliam, Jr. ¶ 17.

On March 25, 2025, the parties filed a joint administrative motion objecting to the provision of public access for the CMC, citing Civil Local Rule 77-3(b). *See* Dkt. No. 204 at 2. The rule states that "[r]emote public access will not be permitted where doing so would risk interfering with the integrity of the proceedings. This includes, but is not limited to, situations where remote public access would risk infringing on privacy interests, creating safety concerns, or materially affecting witness testimony." Civ. L-R 77-3(b)(1). The parties argue that allowing remote public access to the CMC would interfere with their privacy rights because they anticipate that at the hearing "the Court and the parties will discuss private confidential discussions following the parties' mediation in November." Dkt. No. 204 at 2. They therefore ask the Court

1   to hold the CMC "on the Court's private Zoom account." *Id.* at 3.

2   As an initial matter, the Court finds that Rule 77-3(b) is not a proper basis for the parties'
3   request. This rule can be a basis for not providing *remote* public access to hearings in certain
4   circumstances, but it does not require that such proceedings be closed to be public entirely (i.e.
5   sealed). Consequently, even if the rule prohibits the public from accessing a hearing remotely,
6   members of the public still may access the hearing in person. Here, however, the parties do not
7   object to a remote proceeding. Instead, as the Court understands it, the parties request that the
8   Court conduct the CMC remotely on a "private" Zoom account such that the public may not
9   access the hearing at all. *See* Dkt. No. 204 at 3. In other words, the parties seek to seal the CMC.

10  But the parties have not provided sufficient justification for why the entire proceeding
11  should be sealed. "The public generally has presumptive access to judicial opinions, hearings, and
12  court filings[.]" *Forbes Media LLC v. United States*, 61 F.4th 1072, 1077 (9th Cir. 2023).
13  Normally, a party may overcome this strong presumption only by articulating "compelling
14  reasons" for denying public access. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172,
15  1178 (9th Cir. 2006). However, when records or proceedings are related to non-dispositive
16  motions or matters, "a particularized showing . . . under the good cause standard of Rule 26(c) will
17  suffice." *See id.* at 1180 (internal citations and quotations omitted).

18  The parties' request here does not satisfy the good cause standard. Moreover, the Court
19  notes that it is not necessary to prohibit the public from accessing the CMC for the Court to hold
20  *in camera* discussions with the parties. To the extent the Court determines that any targeted *in*
21  *camera* discussions are warranted, the Court may utilize Zoom's "breakout room" function to
22  conduct such discussions. But to be clear, the public will still be able to access any portion of the
23  Zoom hearing as to which there has not been a showing of particularized good cause to seal.

24  //
25  //
26  //
27  //
28

1    Accordingly, the Court **DENIES** the parties' motion, Dkt. No. 204.  If the parties believe
2    there is sufficient justification to seal the entire CMC from public access, they must file an
3    administrative motion making that request and showing particularized good cause under the
4    above-described authority by Monday, March 31, 2025.

5    **IT IS SO ORDERED.**

6    Dated:   3/26/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

3