LYNNE C. HERMLE (BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
Facsimile:   +1 650 614 7401

MARK THOMPSON (Admitted *pro hac vice*)
mthompson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street
New York, NY 10019
Telephone: +1 212 506 5000
Facsimile: +1 212 506 5151

*Attorneys for Defendants*

Zoya Kovalenko (BAR NO. 338624)
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
+1 678 559 4682
zoyavk@outlook.com

*Plaintiff Zoya Kovalenko*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>      Plaintiff,<br><br>      v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DE VRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY,<br><br>      Defendants. | Case No. 4:22-cv-05990-HSG-TSH<br><br>**JOINT ADMINISTRATIVE MOTION TO FILE HEARING TRANSCRIPT UNDER SEAL** |

1  Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Zoya Kovalenko and Defendants
2  Kirkland & Ellis LLP ("K&E"), Michael De Vries, Michael W. De Vries, P.C., Adam Alper, Adam
3  R. Alper, P.C., Akshay Deoras, Akshay S. Deoras, P.C., and Mark Fahey (collectively,
4  "Defendants") hereby respectfully request permission to file under seal Exhibit A to the
5  accompanying Declaration of Mark R. Thompson ("Thompson Decl."). Exhibit A is a copy of the
6  transcript of the March 6, 2025 hearing before the Court (the "Hearing Transcript") highlighting
7  the redactions the parties propose in their concurrently filed Joint Administrative Motion to Redact.
8  This motion is based on the points and authorities herein, and the accompanying Thompson
9  Declaration in support of this motion.

The parties seek to seal the following specific portions of the Hearing Transcript:

| DOCUMENT | PORTIONS TO BE SEALED | BRIEF DESCRIPTION OF CONTENT TO BE SEALED | DESIGNATING ENTITY |
|---|---|---|---|
| Hearing Transcript | Page 10 lines 20-25<br><br>Page 11, lines 1-16<br><br>Page 12, lines 1-7<br><br>Page 12, lines 10-25<br><br>Page 13, lines 1-4<br><br>Page 13, lines 12-25<br><br>Page 14, lines 1-25<br><br>Page 15, lines 7-23<br><br>Page 16, lines 7-18 | Refers to and describes private and confidential discussions between the parties. | All parties |

The parties are concurrently filing a redacted, public version of the transcript as Exhibit A to the Declaration of Mark Thompson in Support of the parties' Joint Administrative Motion to Redact.

1  JOINT ADMINISTRATIVE MOTION TO FILE
   HEARING TRANSCRIPT UNDER SEAL [4:22-CV-
   05990-HSG-TSH]

### A. Applicable Legal Standard

Local Civil Rule 79-5(c)(1) requires the party seeking to seal to provide a specific statement of the applicable legal standard and the reasons for sealing, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient.

In assessing whether documents may be filed under seal there is 'a strong presumption in favor of access.'" *Milliner v. Mut. Sec., Inc.*, No. 15-CV-03354-DMR, 2021 WL 2645794, at *4 (N.D. Cal. June 28, 2021) (citing *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record generally "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, "[r]ecords attached to nondispositive motions must meet the lower 'good cause' standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records 'are often unrelated, or only tangentially related, to the underlying cause of action.'" *Richards v. Centripetal Networks, Inc.*, No. 23-CV-00145-HSG, 2025 WL 306425, at *1 (N.D. Cal. Jan. 27, 2025) (citing *Kamakana*, 447 F.3d at 1179-80). "This requires a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed. *Id.* (citation omitted).

### B. The Parties Meet the Standard in Local Civil Rule 79-5(c)(1)(i)

Legitimate private and public interests warrant sealing the requested portions of the Hearing Transcript, which if public, would undermine potential resolution, causing injury to the parties. *Russell v. Walmart Inc.*, No. CV 19-5495-MWF (JCX), 2023 WL 5505918, at *1 (C.D. Cal. July 25, 2023) (citations omitted); *Milliner*, 2021 WL 2645794, at *5 (public policy supports).

Here, the parties seek to seal only the portion of the Hearing Transcript related to private confidential discussions following the parties' mediation in November and ongoing discussions. *See HotSpot Therapeutics, Inc. v. Nurix Therapeutics, Inc.*, No. 22-CV-04109-TSH, 2023 WL 3259471, at *3 (N.D. Cal. May 3, 2023); *In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2016 WL 4191612, at *26 (N.D. Cal. Aug. 9, 2016). Moreover, the portions of the Hearing Transcript the parties seek to seal do not concern the merits of this case, further supporting that

good cause exists to seal. *See Dew v. City of Seaside*, No. 19-CV-06009-HSG, 2020 WL 7016638, at *2 (N.D. Cal. Apr. 15, 2020) (granting motion to seal under good cause standard where "documents are only relevant to the motions for appointment of guardian ad litem, and are not relevant to the merits of the case.").

Less restrictive alternatives to sealing are not available, as the parties have tailored their request to seal only portions of the Hearing Transcript not implicating the public interest and harm to the parties discussed above. *See* Thompson Decl. ¶¶ 2–3. The parties have therefore met their burden. *See Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (recognizing "sealable information," finding "Defendant's proposed redactions [to be] 'narrowly tailored' to seal only sealable material, as required by Civil Local Rule 79-5," and granting motion to seal document).

### C. Conclusion

In light of the foregoing, the parties respectfully request that the Court order that the designated portions of Exhibit A to the Thompson Declaration be filed under seal.

Dated: March 27, 2025

MARK R. THOMPSON
Orrick, Herrington & Sutcliffe LLP

By: /s/ Mark R. Thompson
Mark R. Thompson
Attorneys for Defendants

Dated: March 27, 2025

ZOYA KOVALENKO

By: /s/ Zoya Kovalenko
Zoya Kovalenko
Plaintiff

**Attestation Re Electronic Signatures**

    I, Mark R. Thompson, attest pursuant to Northern District Local Rule 5-1(i)(3) that all other signatories to this document, on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 27, 2025                                          /s/ Mark R. Thompson
                                                                                     Mark R. Thompson