Tanvir H. Rahman
Parisis G. Filippatos
**FILIPPATOS PLLC**
199 Main Street, Suite 800
White Plains, NY 10601
Tel.: 914 984 1111
trahman@filippatoslaw.com

*Attorneys for non-party FILIPPATOS PLLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>*Plaintiff*,<br><br>v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY,<br><br>*Defendants*. | Case No.: 22-cv-05990-HSG (TSH)<br><br>**FILIPPATOS PLLC'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA OF FILIPPATOS PLLC'S BANK RECORDS AND FOR PROTECTIVE ORDER AND SANCTIONS**<br><br>Accompanying Documents:<br>Declaration of Tanvir H. Rahman<br>[Proposed] Order |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ....................................................................................................i

TABLE OF AUTHORITIES ...............................................................................ii-iii

NOTICE OF MOTION AND MOTION TO QUASH AND FOR PROTECTIVE ORDER..1-27

I. INTRODUCTION.........................................................................................................2-3

II.STATEMENT OF ISSUES TO BE DECIDED ..........................................................3

III.STATEMENT OF RELEVANT FACTS ...................................................................4-9

IV. ARGUMENT……………………………………………………………………......9-26

A. Filippatos PLLC has Standing to Quash the Subpoena Served on Ms. Hermle...........9-10
B. Legal Standard for Quashing a Subpoena and Issuing a Protective Order..........................................................................................................11-12

C. The Subpoena Violates the Law of the Case and Judge Gilliam's Prior Rulings……………………………….........................................................12-13

D. The Subpoena Seeks Discovery Outside the Permissible Scope …..........................13-16

E. [redacted] ……………………........17

F. Good Cause Exists for the Court to Issue a Protective Order……………………......17-19

G. Plaintiff's Subpoena is an Abuse of Legal Process Warranting Sanctions Under Rules 26(g) and 45(d) ……………………………………………………………..........19-22

V. CONCLUSION……………………………………………………………….....22

## TABLE OF AUTHORITIES

**Cases**

Arias-Zeballos v. Tan, No. 06 Civ. 1268 (GEL)(KN), 2007 U.S. Dist. LEXIS 5068, *1 (S.D.N.Y. Jan. 25, 2007)……………………………………………………………………………….10

*Askins v. U.S. Dep't of Homeland Sec*., 899 F.3d 1035, 1042 (9th Cir. 2018)…………………..12

*Auto. Inspection Servs., Inc. v. Flint Auto Auction, Inc.*, No. 06-15100, 2007 U.S. Dist. LEXIS 83287, 2007 WL 3333016, at *5 (E.D. Mich. Nov. 9, 2007)……………………………………16

*Baker v. Santa Clara Univ.*, No. 17-cv-04003-YGR (KAW), 2018 WL 3566868, at *1 (N.D. Cal. July 25, 2018)………………………………………………………………………11, 13, 15

*Black v. Wrigley*, No. 18-cv-2367 (GPC) (BGS), 2019 U.S. Dist. LEXIS 71125, at *21-22 (S.D. Cal. Apr. 26, 2019)……………………………………………………………………16, 19, 21

*Carroll v. Wells Fargo & Co.*, No. 3:15-cv-02321-EMC(KAW), 2017 WL 1316548, at *2 (N.D. Cal. Apr. 10, 2017)……………………………………………………………………1..1, 13

*Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)………………………………………………17

*Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-974 (C.D. Cal. 2010)…………...10

*Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980)…………...12, 14, 18

*Hausauer v. City of Mesa*, No. cv-15-02796(PHX)(ROS), 2017 U.S. Dist. LEXIS 217047, at *1-2 (D. Ariz. Apr. 5, 2017)……………………………………………………………………12, 14

*Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1217 (N.D. Cal. 2015)……………………………………………………………………………………..11

*Kenney, Becker LLP v. Kenney*, No. 06 CIV. 2975 (JSR), 2008 U.S. Dist. LEXIS 19795, 2008 WL 681452, at *3 (S.D.N.Y. Mar. 6, 2008), adhered to on denial of reconsideration, No. 06 CIV. 2975 (JSR), 2008 U.S. Dist. LEXIS 33948, 2008 WL 1849544 (S.D.N.Y. Apr. 22, 2008)…16, 21

*Mattel Inc. v. Walking Mountain Prods*., 353 F.3d 792, 813-14 (9th Cir. 2003)………………...12

*Musacchio v. United States*, 577 U.S. 237, 244–45 (2016)……………………………………...12

*Newman v. San Joaquin Delta Cmty. Coll. Dist.*, No. 2:09-cv-03441 WBS KJN, 2011 WL 1743686, at *4 (E.D. Cal. May 6, 2011)……………………………………………………12

Schmulovich v. 1161 Rt. 9 LLC, No. 07-597 (FLW), 2007 U.S. Dist. LEXIS 59705, *2 (D.N.J. Aug. 15, 2007)……………………………………………………………………………10

**Statutes and Other Authorities**

Fed. R. Civ. P. 26 advisory committee's note (2000 amend.)………………………….............18

Fed. R. Civ. P. 26(b)(1)…............................................................................................... 19

Fed. R. Civ. P. 26(c)(1)(A)………………………………………………………………11

Fed. R. Civ. P. 26(g)(1)(B)(ii),(iii)………………………………………………………...19-20

Fed. R. Civ. P. 45(d)(1)……………………………………………………………………..20

FILIPPATOS PLLC'S MOTION TO QUASH No. 4:22-cv-05990- HSG (TSH)

iii

**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA, FOR PROTECTIVE ORDER, AND SANCTIONS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT on May 26, 2025, at 10:00 a.m., or as soon thereafter as counsel may be heard at the San Francisco Courthouse, 450 Golden Gate Avenue, 15th Floor, Courtroom E, San Francisco, California 94102, before the Honorable Thomas S. Hixson, non-party Filippatos PLLC ("Movant") will and hereby does respectfully move the Court for an order quashing, with prejudice and in its entirety, the subpoena *duces tecum* served by Plaintiff Zoya Kovalenko ("Plaintiff") on Lynn Hermle, as counsel for Defendants Kirkland & Ellis, LLP, *et al*., on April 9, 2025 (attached hereto as Exhibit A, the "Subpoena"), for a protective order forbidding the discovery sought (*see* Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv) & 26(b)–(c)), and for sanctions. This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Tanvir H. Rahman, and any other papers filed in support; any other filings in this case; facts of which the Court may or must take judicial notice; and such other evidence or arguments presented by Movant at any hearing on this motion. Movant respectfully requests the Court determine this motion without oral argument pursuant to Civil L.R. 7-1(b).

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Civil L.R. 7.4, non-party Filippatos PLLC hereby respectfully submits the following Memorandum of Points and Authorities in support of its instant Motion to Quash Subpoena, for a Protective Order, and Sanctions.

## I. INTRODUCTION

Filippatos PLLC hereby moves to quash the Subpoena issued by Plaintiff Zoya Kovalenko to Lynn Hermle of Orrick, Herrington & Sutcliffe, as counsel for Defendants, on April 9, 2025, and for a protective order under Federal Rules of Civil Procedure 45(d)(3)(A)(iii)-(iv) and 26(b)-(c) and sanctions. First and foremost, because Plaintiff and Defendants filed a Stipulation of Dismissal With Prejudice Pursuant to FRCP 41(a)(1)(A)(ii) on April 18, 2025 (*see* Dkt. No. 220), there is no pending action, and thus there are no issues remaining to which the information sought in the Subpoena might be relevant, rendering the Subpoena moot. *See Niemeyer v. Ford Motor Co.*, 2:09-CV-2091 (JCM)(PAL), 2012 U.S. Dist. LEXIS 181058, at *2-3 (D. Nev. Dec. 20, 2012) (quashing subpoena issued to non-party after jury verdict and judgment, finding that, "This case is closed. The jury reached its verdict on November 7, 2012, and the court signed the final judgment on November 19, 2012. There is no pending action, Rule 45 does not apply, and there are no issues remaining to which the information sought in the subpoena might be relevant."). As such, the Court's inquiry should end there, and the Subpoena must be quashed on this basis alone.

Notwithstanding the above, the Subpoena must also be quashed because it improperly seeks confidential and sensitive financial information of Filippatos PLLC, a non-party to this litigation, including specific bank account details, routing numbers, trust account identifiers, and other highly confidential financial information which is irrelevant to the claims and defenses involved in this matter (which is no longer pending).

Indeed, the timing of this subpoena is particularly troubling and warrants sanctions. After Plaintiff and Defendants participated in a Further Case Management Conference held before the

Honorable Haywood S. Gilliam, Jr. on April 8, 2025, in which "Counsel advise[d] the Court that a dismissal will be e-filed by next week no later than Friday (April 18, 2025)" (*see* Dkt. No. 214), on the next day, April 9, 2025, Plaintiff issued the Subpoena to Ms. Hermle. That is, *after* Plaintiff represented to the Court that this case was about to be dismissed in a matter of days, Plaintiff issued a subpoena for non-party information that has absolutely no bearing on any of the claims, defenses, or other material issues in her case. On top of that, Plaintiff gave Ms. Hermle a response date of April 15, 2025 – not even a week after the date the Subpoena was issued, and just three days before the date on which Plaintiff represented to Judge Gilliam that she would be filing a stipulation of dismissal with prejudice, *i.e.*, April 18, 2025. These actions clearly indicate that the Subpoena was issued in bad faith and for an improper purpose. There is no valid reason for Plaintiff to require the information requested in the Subpoena, especially since the case was about to be (and now has been) dismissed with prejudice. This Subpoena was and is a blatant abuse of the legal process and an improper tactical move to acquire sensitive financial information about a non-party as the case is concluding. It is plainly intended to obtain information for use in separate disputes between Plaintiff and Filippatos PLLC, which Judge Gilliam made clear in his March 6, 2025, Order *are not and will not* be before this Court.

## II.    STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should quash Plaintiff's Subpoena and/or enter a protective order prohibiting the requested discovery to protect Filippatos PLLC from annoyance, embarrassment, oppression, undue burden or expense (*see* Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv) & 26(b)–(c)), and impose sanctions on Plaintiff.

## III. STATEMENT OF RELEVANT FACTS

Plaintiff Zoya Kovalenko retained Filippatos PLLC in July 2023 to litigate this matter on her behalf. In retaining Filippatos PLLC, Plaintiff signed a retainer agreement granting Filippatos PLLC a 40% contingency interest in any recovery she attains and agreeing that she would reasonably cooperate with Filippatos PLLC in its legal representation of her, as well as carefully consider the legal advice she received from Filippatos PLLC. Declaration of Tanvir H. Rahman, ("T. Rahman Decl") ¶ 2.

In October 2024, the instant action was referred to private Alternative Dispute Resolution. A mediation with JAMS mediator Dina Jansenson, Esq., took place on November 22, 2024. [REDACTED] T. Rahman Decl ¶ 3.

Shortly thereafter, the attorney-client relationship between Filippatos PLLC and Plaintiff became irretrievably compromised when Plaintiff refused to cooperate with Filippatos PLLC and declined to carefully consider the legal advice provided to her. T. Rahman Decl ¶ 4. On January 29, 2025, Plaintiff filed a motion to terminate Filippatos PLLC "for cause." Dkt. No. 171. Filippatos PLLC subsequently cross-moved on January 31, 2025, to withdraw as Plaintiff's counsel and to compel arbitration of their fee dispute pursuant to the terms of the Retainer Agreement, which specified that fee disputes would be settled by binding arbitration. Dkt. No. 177. T. Rahman Decl ¶ 5. On that day, Filippatos PLLC also filed a "Notice of Charging Lien" with the Court "upon the proceeds on this action (including any counsel fee award), in whatever hands they may come, in an amount yet to be determined, but in no event less than 40% of any settlement proceeds, award, or judgment …" *Id.; see* Dkt. No. 178.

On March 6, 2025, Judge Gilliam declined to exercise ancillary jurisdiction over the disputes between Plaintiff and Filippatos PLLC raised in Plaintiff's motion regarding whether her termination of Filippatos PLLC was "for cause," specifically ruling that such matters would not be adjudicated in this action. T. Rahman Decl. ¶ 6. Judge Gilliam granted Filippatos PLLC's motion to withdraw and be relieved as Plaintiff's counsel, with Plaintiff proceeding to self-represent herself. *Id*; Dkt. 197.

On April 8, 2025, a Further Case Management Conference was held before Judge Gilliam during which "Counsel advise[d] the Court that a dismissal would be e-filed by next week no later than Friday April 18, 2025." T. Rahman Decl ¶ 7; Dkt. No. 214. Notwithstanding this imminent dismissal and just one day after this conference, on April 9, 2025, Plaintiff issued a subpoena to Ms. Hermle in her capacity as counsel for Defendants, requesting confidential and protected business and financial information of Filippatos PLLC. T. Rahman Decl ¶ 8. Specifically, the subpoena sought:

> Name of bank, financial institution, and/or trust account, as applicable, in which attorneys' fees to Plaintiff Zoya Kovalenko's former counsel, Filippatos PLLC, including without limitation its affiliate(s), agent(s), attorney(s), employee(s), representative(s), principal(s) (collectively, "Filippatos"), was or is to be paid; bank account number or trust identifier; routing number; name(s) of known account holder(s), trustee(s), beneficiary(ies), and trustor(s), as applicable; address of bank, financial institution, and/or trust account in which payment to Filippatos was or is to be deposited; confirmation number for payment; amount paid; and date of payment.

*Id; See* Exhibit A. The Subpoena commanded a response by April 15, 2025, just three days before the stipulated dismissal date. T. Rahman Decl ¶ 9; [redacted]

The Subpoena seeks sensitive financial information, including, but not limited to, bank account details, routing numbers, confirmation numbers for payments, and other confidential financial information related to Filippatos PLLC, a non-party to this litigation. ████████ ████████████████. The Subpoena is particularly concerning as it requests detailed information about a joint trust account that contains funds belonging to multiple clients of Filippatos PLLC, not just those that may be related to Plaintiff's matter. T. Rahman Decl ¶ 11.

Filippatos PLLC was never served with this Subpoena or given adequate notice of its contents. T. Rahman Decl ¶ 11. The firm only learned of the Subpoena when Ms. Hermle contacted Filippatos PLLC to inform them of it. *Id*.

T. Rahman Decl ¶¶ 12.

Also on April 11, 2025, Filippatos PLLC sent Plaintiff written objections to the Subpoena, offered to provide her with ████████████████████████ ████████████ and requested that she withdraw the Subpoena promptly. T. Rahman Decl ¶¶ 13. Filippatos PLLC formally objected to the Subpoena on the basis that: (1) the Subpoena improperly sought confidential and sensitive financial information from a non-party that was irrelevant to the claims and defenses in the matter; (2) the timing of the Subpoena—with a response date just three days before the stipulation of dismissal would be filed—demonstrated bad faith and

an improper purpose; (3) the Subpoena violated Judge Gilliam's clear order that issues concerning their attorney-client relationship and legal fees would not be adjudicated in this action; and (4) the Subpoena was deficient as it had not been properly served on Filippatos PLLC, which constituted a violation that courts have previously found to demonstrate bad faith. Filippatos PLLC also made clear that it would seek sanctions against Plaintiff if it were forced to move to quash the Subpoena. *Id.*

On April 12, 2025, Plaintiff responded to Filippatos PLLC's written objections. Plaintiff claimed that the information sought in the subpoena was "necessary to enable me to protect and secure my interests in the [REDACTED] given the pending dispute regarding Filippatos's pervasive professional misconduct and failure to provide services as required under the retainer agreement." T. Rahman Decl ¶¶ 14. Plaintiff also made disparaging, defamatory, and false statements about Filippatos PLLC's founding partner, Parisis G. Filippatos, accusing him of allegedly filing for bankruptcy to avoid paying child support and alimony and failing to pay fees owed to lawyers, which she characterized as a "publicly documented record of financial insolvency and efforts to evade and/or fail to pay debts owed to others." T. Rahman Decl ¶¶ 15. She further alleged that the information requested in the Subpoena "directly related to the disposition of and is necessary to afford complete resolution of the underlying action against Kirkland." T. Rahman Decl ¶¶ 16. Plaintiff offered to only withdraw the Subpoena if Filippatos PLLC provided her with virtually the same irrelevant and sensitive information she requested from Ms. Hermle:

- Name(s) and address(es) of the bank and/or financial institution where the proceeds were deposited and are currently and will be held, including the address of the specific branch of any such bank and/or financial institution;

- Legal name of the account holder(s);
- Date on which proceeds were received; and
- Last four digits of the account number(s) in which the proceeds were deposited and are currently and will be held.

T. Rahman Decl ¶¶ 18.

Notwithstanding Plaintiff's proposal, Filippatos PLLC's objections remained, and on Monday, April 14, 2025, Filippatos PLLC met and conferred with Ms. Kovalenko telephonically in an attempt to resolve the dispute without court intervention. During this meet and confer, Ms. Kovalenko displayed the same pattern of non-cooperation that had characterized their interactions since November 2024. Despite Filippatos PLLC's reasonable explanations regarding the sensitivity of the financial information requested and its offer to provide alternative confirmation [REDACTED], Ms. Kovalenko categorically refused to withdraw her Subpoena. T. Rahman Decl ¶ 18.

Following the failed meet and confer, on April 15, 2025, the Clerk issued a notice setting a discovery hearing for April 18, 2025. T. Rahman Decl ¶ 19; Dkt. No. 215. [REDACTED] T. Rahman Decl ¶¶ 20.

On April 18, 2025, a discovery hearing was held before Magistrate Judge Thomas S. Hixson, at which a briefing schedule for the instant motion was set. T. Rahman Decl ¶¶ 21. On the same day as the discovery hearing, April 18, 2025, Ms. Kovalenko filed a Notice of Voluntary Dismissal as to all Defendants. T. Rahman Decl ¶ 22; Dkt. No. 220.

As such, this case has now been formally dismissed, rendering the Subpoena moot, as there is no longer any pending litigation in which the requested information could possibly be relevant or used. The fact that Ms. Kovalenko issued this Subpoena with full knowledge that the case would be dismissed on April 18, 2025, as confirmed at the April 8, 2025, Case Management Conference, further evidences her improper purpose in seeking this information. T. Rahman Decl ¶23. [REDACTED] the production date is six (6) days after the issuance date, which is less than the typical 14 days given to respond," further demonstrating the rushed and improper nature of the subpoena. [REDACTED]

Even if there had been some legitimate purpose for the Subpoena when it was issued (which there was not), that purpose has now been extinguished by the termination of the litigation. Any continued pursuit of this sensitive financial information can only be for purposes entirely unrelated to the now-dismissed litigation. T. Rahman Decl ¶¶ 24.

## IV. ARGUMENT

### A. Filippatos PLLC Has Standing to Quash the Subpoena Served on Ms. Hermle

"[A] party moving to quash a non-party subpoena has standing when the party has a personal right or privilege in the information sought to be disclosed." *Knoll, Inc. v. Moderno, Inc.*, No. 12-mc-80193-SI, 2012 WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012); s*ee also*, *e.g.*, *Glass*

*Egg Digital Media v. Gameloft, Inc.*, No. 17-cv-04165-MMC (RMI), 2019 WL 2499710, at *5 (N.D. Cal. June 17, 2019) (collecting cases). Here, Filippatos PLLC clearly has a personal right in the sensitive and confidential banking and financial-related information requested in the Subpoena. *See Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-974 (C.D. Cal. 2010) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."); *see* Schmulovich v. 1161 Rt. 9 LLC, No. 07-597 (FLW), 2007 U.S. Dist. LEXIS 59705, *2 (D.N.J. Aug. 15, 2007) ("Personal rights claimed with respect to bank account records give a party sufficient standing to challenge a third party subpoena served upon financial institutions holding such information"); *see* Arias-Zeballos v. Tan, No. 06 Civ. 1268 (GEL)(KN), 2007 U.S. Dist. LEXIS 5068, *1 (S.D.N.Y. Jan. 25, 2007) ("[I]ndividuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution"). *See also* Dkt. No. 128, Order Quashing Third Pary Subpoenas, at 10 ("As to [Plaintiff's compensation and benefits documents at her former employers], K&E is seeking extremely sensitive personal information, so Plaintiff's privacy interests are at their peak."); *Villarreal v. Cty. Of Monterey*, No. 16-cv-06672-LHK (SVK), 2017 WL 6271602, at *2–3 (N.D. Cal. Oct. 12, 2017) (granting motion to quash third-party subpoenas and "find[ing] it unnecessary to reach Plaintiffs' argument about whether the subpoena also violate[d] . . . privacy rights" where defendant had failed to demonstrate relevance); *Appel v. Wolf*, Nos. 21-cv-1466-L-BGS, 21-cv-1536-L-BGS, 21-cv-1557-L-BGS, 2021 WL 5234424 (S.D. Cal. Nov. 9, 2021) (granting motion to quash based on relevance and proportionality and declining to reach arguments regarding privacy rights).

**B. <u>Legal Standard for Quashing a Subpoena and Issuing a Protective Order</u>**

Federal Rule of Civil Procedure 45(d)(3)(A) mandates that a court "must quash or modify a subpoena" that: "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). "The scope of discovery that can be requested under Rule 45 is the same as the scope under Rule 26(b)." *See Baker v. Santa Clara Univ.*, No. 17-cv-04003-YGR (KAW), 2018 WL 3566868, at *1 (N.D. Cal. July 25, 2018) (quashing subpoenas where requesting party failed to show relevance to discrimination claims and characterizing requests as "overbroad, unduly burdensome, and harassing"); *Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1217 (N.D. Cal. 2015) (quashing third-party subpoena and holding that "Rule 45 subpoenas are subject to the same relevancy and proportionality limitations" as standard discovery).

Rule 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

A court may issue a protective order under Rule 26(c) "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party issuing the subpoena bears the burden of establishing relevance and proportionality. *See Baker*, 2018 WL 3566868, at *1; *Carroll v. Wells Fargo & Co.*, No. 3:15-cv-02321-EMC(KAW), 2017 WL 1316548, at *2 (N.D. Cal. Apr. 10, 2017) ("The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.").

Courts consistently afford heightened protection to non-parties against burdensome discovery. *See Dart Indus. Co. v. Westwood Chem. Co*., 649 F.2d 646, 649 (9th Cir. 1980). The financial information of a firm and its partners is particularly sensitive and requires specific showing of relevance before discovery is permitted. *See Hausauer v. City of Mesa*, No. cv-15-02796(PHX)(ROS), 2017 U.S. Dist. LEXIS 217047, at *1-2 (D. Ariz. Apr. 5, 2017) (quashing subpoenas aimed at obtaining financial information from non-parties).

The Subpoena here exemplifies what the *Newman* court described as an “unfocused fishing expedition.” *Newman v. San Joaquin Delta Cmty. Coll. Dist*., No. 2:09-cv-03441 (WBS) (KJN), 2011 WL 1743686, at *4 (E.D. Cal. May 6, 2011) (granting protective order because subpoenaing parties “simply wish to rummage around” in movant's employment records). The Ninth Circuit in *Mattel Inc. v. Walking Mountain Prods*., 353 F.3d 792, 813-14 (9th Cir. 2003), affirmed an order quashing a subpoena where “[n]o attempt had been made to try to tailor the information request to the immediate needs of the case.” The court further concluded that the subpoena was “served for the purpose of annoying and harassment and not really for the purpose of getting information.” *Id.* at 814. This is precisely the situation here, where Plaintiff has made no attempt to tailor her requests and has refused all reasonable alternatives offered

**C. <u>The Subpoena Violates the Law of the Case and Judge Gilliam’s Prior Rulings</u>**

The "law of the case" doctrine precludes this Subpoena. Under the law of the case doctrine, ordinarily, “when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.” *Askins v. U.S. Dep’t of Homeland Sec*., 899 F.3d 1035, 1042 (9th Cir. 2018) (quoting *Musacchio v. United States*, 577 U.S. 237, 244–45 (2016)). Judge Gilliam has already explicitly ruled that this Court will not entertain ancillary

disputes between Plaintiff and Filippatos PLLC. This ruling established the law of the case regarding the Court's jurisdiction over matters between these parties. The Subpoena is a transparent attempt to circumvent this ruling by using discovery processes in this action to gather information for a separate dispute that Judge Gilliam has determined should not be adjudicated here.

When a court decides upon a rule of law, that decision continues to govern the same issues in subsequent stages in the same case. This principle is especially important in maintaining the integrity of judicial proceedings and preventing parties from relitigating issues that have been decided. Here, Plaintiff's Subpoena directly undermines the Court's prior determination by improperly trying to inject disputes with her former counsel into this litigation.

**D.  The Subpoena Seeks Discovery Outside the Permissible Scope**

Plaintiff's Subpoena commands third-party discovery that is neither relevant to any asserted claims or defenses nor proportional to the needs of the case and therefore is outside the scope of Rule 26(b)(1). The subpoena specifically seeks information about bank accounts, financial institutions, trust account identifiers, routing numbers, account holder names, confirmation numbers, payment amounts, and payment dates - none of which have any relevance to the discrimination, harassment, retaliation, defamation, or emotional distress claims asserted by Plaintiff against Kirkland & Ellis, LLP and the individual defendants in this action (which are now fully resolved).

As the party issuing the Subpoena, Plaintiff bears the burden of showing relevance and proportionality to the needs of the case of all material requested in the sweeping Subpoena. *See Baker*, 2018 WL 3566868, at *1; *Carroll*, 2017 WL 1316548, at *2 ("The party issuing the

subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.”).

Plaintiff has not and cannot make the requisite specific showing of relevance because the requested financial information has no bearing whatsoever on whether Kirkland & Ellis discriminated against Plaintiff, defamed her, or engaged in any of the other alleged misconduct that forms the basis of her now-resolved claims against Defendants in this case. Rule 26(b) limits discovery to relevant, proportional matters, considering "whether the burden or expense of the proposed discovery outweighs its likely benefit." Here, there is zero benefit to the furtherance of this litigation from the requested discovery, especially, as the case has already been dismissed with prejudice.

The Subpoena is also unduly burdensome because it is a paradigmatic fishing expedition. Rules 45(d)(3)(A)(iv) & 26(b)(1). Plaintiff has not offered any non-speculative basis specific to Plaintiff’s case as to why she thinks the sweeping Subpoena is proportional to the needs of the case and seeks discovery relevant to the claims and defenses.

Filippatos PLLC is a non-party, and courts consistently afford heightened protection to non-parties against burdensome discovery. *See Dart Indus. Co.*, 649 F.2d at 649. The firm's financial information and that of its partners are particularly sensitive and not relevant to the underlying claims. The disclosure of bank account numbers, routing information, trust accounts, and related financial data would expose Filippatos PLLC to potential security risks without serving any legitimate purpose in this litigation.

In the case of *Hausauer,* 2017 U.S. Dist. LEXIS 217047, at *1-2, the court explicitly quashed subpoenas aimed at obtaining financial information from non-parties involved in an

employment dispute. The court concluded that "this discovery is not proportional to the needs of this case... and its burden substantially outweighs any likely benefit." Additionally, the court dismissed speculative arguments regarding financial incentives as a basis for discovery, stating that the requesting party "has not established any factual basis for this belief." Likewise, Plaintiff has not provided any factual basis that links Filippatos PLLC's banking details to any relevant issue in this case.

The timing and circumstances surrounding this Subpoena demonstrate clear bad faith. Plaintiff issued this Subpoena mere days before the stipulated dismissal of this action, seeking information that has no relevance to her claims against Kirkland & Ellis. This timing alone strongly suggests an improper purpose.

As recognized in *Baker*, a subpoena seeking information with “no bearing or relevance whatsoever to the underlying action” must be quashed. *Baker*, 2018 WL 3566868, at *1. This principle applies with even greater force now that the underlying action has been dismissed. The filing of the Notice of Voluntary Dismissal on April 18, 2025 (*see* Dkt. No. 220) extinguished any possible legitimate need for further discovery in this action. T. Rahman Decl., ¶ 22**.** Indeed, Plaintiff knew this dismissal was imminent, having previously representing to Judge Gilliam during the April 8, 2025, Case Management Conference (*see* Dkt. No. 214) that the dismissal would be filed by April 18, 2025. T. Rahman Decl., ¶ 23.

Moreover, Plaintiff does not actually need the detailed banking information she seeks for any legitimate purpose in this litigation. Kirkland & Ellis has already provided Plaintiff with electronic confirmation [REDACTED] [REDACTED]. T. Rahman

Decl., ¶ 20. This information should be sufficient to address any legitimate interest Plaintiff may have in confirming [REDACTED]. [REDACTED] The only reasonable inference is that Plaintiff is attempting to misuse this Court's subpoena power to gather sensitive banking information to use for separate claims or disputes with Filippatos PLLC and/or to harass or annoy Filippatos PLLC by seeking information that could help her encumber or threaten to encumber Filippatos PLLC’s use of the trust account to which [REDACTED] may be housed as a tactical and strategic move in relation to her fee dispute.

Courts have found bad faith in situations similar to this one. *See Kenney, Becker LLP v. Kenney*, No. 06 CIV. 2975 (JSR), 2008 U.S. Dist. LEXIS 19795, at *3 (S.D.N.Y. Mar. 6, 2008), adhered to on denial of reconsideration, No. 06 CIV. 2975 (JSR), 2008 U.S. Dist. LEXIS 33948 (S.D.N.Y. Apr. 22, 2008) (finding bad faith where non-party subpoena was served without prior notice in a matter that was stayed pending arbitration and placed on the suspense calendar, making any action under the court's authority inappropriate while arbitration was pending, and where the subpoena sought documents that the arbitrator had already ruled were not discoverable); *Auto. Inspection Servs., Inc. v. Flint Auto Auction, Inc.*, No. 06-15100, 2007 U.S. Dist. LEXIS 83287, 2007 WL 3333016, at *5 (E.D. Mich. Nov. 9, 2007) (finding bad faith where third-party subpoena was issued "in an attempt to gain access to potentially confidential information"); *Black v. Wrigley*, No. 18-cv-2367 (GPC) (BGS), 2019 U.S. Dist. LEXIS 71125, at *21-22 (S.D. Cal. Apr. 26, 2019) (ordering that plaintiff show cause why order imposing sanctions should not be entered for service of improper subpoena upon non-party and failure to withdraw same).

**E.** [REDACTED]

[REDACTED]

**F. Good Cause Exists for the Court to Issue a Protective Order**

Filippatos PLLC respectfully requests that the Court issue a protective order forbidding the discovery sought in Plaintiff's Subpoena. *See* Fed. R. Civ. P. 26(c)(1)(A). Good cause exists for the Court to issue such a protective order, which is necessary to protect Filippatos PLLC from annoyance, oppression, and undue burden. *See* Rule 26(b)(1), (2)(C)(iii); *Crawford-El v. Britton*,

523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly"); Rule 26 advisory committee's note (2015 amend.) (noting "need for active judicial use of subdivision (b)(2) to control excessive discovery"); *Bickley v. Schneider Nat., Inc.*, No. C 08-5806 JSW (JL), 2011 WL 1344195, at *3 (N.D. Cal. Apr. 8, 2011).

Rule 26(c) grants the Court broad discretion to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." When a non-party is involved, courts are particularly vigilant in protecting against unnecessary and intrusive discovery. *See Dart Indus. Co.*, 649 F.2d at 649.

A protective order is warranted in this case due to multiple compelling factors that collectively demonstrate good cause under Rule 26(c). The requested financial information is highly sensitive and entirely irrelevant to the claims and defenses in this action, while the timing of the subpoena—issued just days before the stipulated dismissal—strongly suggests an improper purpose.

Furthermore, Judge Gilliam has already explicitly ruled that disputes between Plaintiff and Filippatos PLLC are not properly before this Court, making this Subpoena an apparent attempt end run around that jurisdictional determination. Disclosure of the requested banking information would subject Filippatos PLLC to significant security risks and potentially compromise the confidentiality of other clients, as the Subpoena seeks detailed information about a joint trust account containing funds belonging to multiple clients who have no connection to this litigation. [redacted], making the intrusive financial discovery unnecessary, and her motives for insisting on it

suspect. When all these factors are considered together—particularly in light of the case's conclusion—it is clear that the burden on Filippatos PLLC substantially outweighs any conceivable benefit to the litigation, thereby justifying a protective order under Rule 26(c). The Court should therefore issue a protective order prohibiting the discovery sought by the Subpoena in its entirety.

**G. Plaintiff's Subpoena is an Abuse of Legal Process Warranting Sanctions Under Rules 26(g) and 45(d)**

In addition to quashing the subpoena, this Court should impose sanctions against Plaintiff, an attorney admitted to practice before this court, for her improper use of the discovery process, as Plaintiff's Subpoena is a clear abuse of the legal process. This Subpoena implicates Rule 26(g) as it appears to have been imposed for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and is "unreasonable and unduly burdensome." Fed. R. Civ. P. 26(g)(1)(B)(ii),(iii). The timing of the Subpoena—issued just days before a stipulated dismissal with prejudice was filed—strongly suggests an improper purpose unrelated to legitimate discovery needs in this case.

The Subpoena appears designed to harass Filippatos PLLC and to gather sensitive financial information for use in separate disputes between Plaintiff and her former counsel, rather than for any legitimate purpose in this litigation. Such tactics constitute a misuse of the discovery process and the Court's resources, particularly given the dismissal of the case.

As noted in *Black*, 2019 U.S. Dist. LEXIS 71125, at *21-22, such violations may warrant "an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed.

R. Civ. P. 26(g)(3). Given the circumstances, Filippatos PLLC seeks its costs and fees incurred in responding to this improper subpoena.

It is abundantly clear that this Subpoena was not issued to gather relevant evidence for this litigation, but rather as an improper, last-minute effort to burden and harass a non-party. Such tactics exemplify the improper use of discovery tools that the Federal Rules aim to prevent.

Federal Rule of Civil Procedure 26(g)(3) provides that “if a certification violates the rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3). Similarly, Rule 45(d)(1) requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The rule further provides that "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1).

The circumstances surrounding this Subpoena warrant sanctions under Rules 26(g) and 45(d) for several compelling reasons that collectively demonstrate Plaintiff's bad faith and abuse of the discovery process. The Subpoena was issued in direct contravention of Judge Gilliam's clear ruling declining to exercise jurisdiction over disputes between Plaintiff and Filippatos PLLC, representing a deliberate attempt to circumvent the Court's jurisdictional determination. This improper purpose is further evidenced by the Subpoena's timing—issued just days before the stipulated dismissal of the action—which strongly suggests an intent to misuse this Court's processes to obtain discovery that would otherwise be unavailable after dismissal. The information

sought has no relevance whatsoever to the claims or defenses in this action, [redacted] [redacted]. Most tellingly, Plaintiff has explicitly acknowledged that the purpose of the Subpoena is to gather information for a potential future action against Filippatos PLLC, not for use in this litigation—a direct admission that the Subpoena constitutes precisely the type of fishing expedition for use in separate proceedings that the Federal Rules prohibit. These factors, taken together, demonstrate that Plaintiff failed to take reasonable steps to avoid imposing an undue burden on Filippatos PLLC as required by Rule 45(d)(1), including by refusing to withdraw the Subpoena after these objections were raised with her in writing, justifying the imposition of sanctions including reasonable attorneys' fees incurred in responding to this improper subpoena.

Courts have imposed sanctions in similar circumstances where a party has used subpoenas for improper purposes. See *Black*, 2019 U.S. Dist. LEXIS 71125, at *21-22 (ordering that plaintiff show cause why order imposing sanctions should not be entered for service of improper subpoena upon non-party); *Kenney, Becker LLP*, 2008 U.S. Dist. LEXIS 19795, at *3 (awarding sanctions under Rule 45(c)(1) and court's inherent powers because: (1) the subpoena was clearly improper—issued while case was stayed pending arbitration and on suspense calendar; (2) sought documents arbitrator had already ruled not discoverable; (3) imposed an unwarranted burden on third party; and (4) plaintiffs had documented history of vexatious conduct).

Accordingly, Filippatos PLLC respectfully requests that this Court impose appropriate sanctions, including reasonable attorneys' fees incurred in responding to this improper subpoena, against Plaintiff – who is herself an attorney who should know better.

## V. CONCLUSION

For all of the foregoing reasons, Filippatos PLLC respectfully requests that the Court quash, with prejudice, the Subpoena in its entirety, issue a protective order forbidding the sought discovery, impose appropriate sanctions, and grant such other and further relief as the Court deems just and proper.

Dated: April 21, 2025

Respectfully submitted,

**FILIPPATOS PLLC**

By:____________________

Tanvir H. Rahman
Parisis G. Filippatos
199 Main Street, Suite 800
White Plains, NY 10601
T. F: 914.984.1111
TRahman@filippatoslaw.com

*Attorneys for non-party Filippatos PLLC*