Tanvir H. Rahman
Parisis G. Filippatos
**FILIPPATOS PLLC**
199 Main Street, Suite 800
White Plains, NY 10601
Tel.: 914 984 1111
trahman@filippatoslaw.com

*Attorneys for non-party FILIPPATOS PLLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO, <br><br> *Plaintiff*, <br><br> v. <br><br> KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY, <br><br> *Defendants*. | Case No.: 22-cv-05990-HSG (TSH) <br><br> **DECLARATION OF TANVIR H. RAHMAN IN SUPPORT OF MOTION TO QUASH SUBPOENA OF FILIPPATOS PLLC'S BANK RECORDS AND FOR PROTECTIVE ORDER AND SANCTIONS** <br><br> <u>Accompanying Documents:</u> <br> Notice of Motion and Motion to Squash Subpoena of Filippatos PLLC's Bank Records and For Protective Order and Sanctions <br> [Proposed] Order |

I, TANVIR H. RAHMAN, declare, under penalty of perjury, the following:

1. I am a Partner at the law firm of Filippatos PLLC, and have personal knowledge of the below.

2. Plaintiff Zoya Kovalenko retained Filippatos PLLC in July 2023 to litigate this matter on her behalf. In retaining Filippatos PLLC, Plaintiff signed a retainer agreement granting Filippatos PLLC a 40% contingency interest in any recovery she attains and agreeing that she would reasonably cooperate with Filippatos PLLC in its legal representation of her, as well as carefully consider the legal advice she received from Filippatos PLLC.

TANVIR H. RAHMAN'S DECLARATION   1   No. 4:22-cv-05990- HSG (TSH)

3.  In October 2024, the instant action was referred to private Alternative Dispute Resolution. A mediation with JAMS mediator Dina Jansenson, Esq., took place on November 22, 2024. ███████████████████████████████████████

4.  Shortly thereafter, the attorney-client relationship between Filippatos PLLC and Plaintiff became irretrievably compromised when Plaintiff refused to cooperate with Filippatos PLLC and declined to carefully consider the legal advice provided to her.

5.  On January 29, 2025, Plaintiff filed a motion to terminate Filippatos PLLC "for cause." *See* Dkt. No. 171. Filippatos PLLC subsequently cross-moved on January 31, 2025, to withdraw as Plaintiff's counsel and to compel arbitration of their fee dispute pursuant to the terms of the Retainer Agreement, which specified that fee disputes would be settled by binding arbitration. *See* Dkt. No. 177. On that day, Filippatos PLLC also filed a "Notice of Charging Lien" with the Court "upon the proceeds on this action (including any counsel fee award), in whatever hands they may come, in an amount yet to be determined, but in no event less than 40% of any settlement proceeds, award, or judgment …" *See* Dkt. No. 178.

6.  On March 6, 2025, the Honorable Haywood S. Gilliam, Jr. declined to exercise ancillary jurisdiction over the disputes between Plaintiff and Filippatos PLLC raised in Plaintiff's motion regarding whether her termination of Filippatos PLLC was "for cause," specifically ruling that such matters would not be adjudicated in this action. Judge Gilliam granted Filippatos PLLC's motion to withdraw and be relieved as Plaintiff's counsel, with Plaintiff proceeding to self-represent herself. *See* Dkt. No. 197.

7.  On April 8, 2025, a Further Case Management Conference was held before Judge Gilliam during which "Counsel advise[s] the Court that a dismissal would be e-filed by next week no later than Friday April 18, 2025." *See* Dkt. No. 214.

8. One day after this conference, on April 9, 2025, Plaintiff issued a subpoena to Lynn Hermle in her capacity as counsel for Defendants, requesting confidential and protected business and financial information of Filippatos PLLC (the "Subpoena"). Specifically, the Subpoena sought:

> Name of bank, financial institution, and/or trust account, as applicable, in which attorneys' fees to Plaintiff Zoya Kovalenko's former counsel, Filippatos PLLC, including without limitation its affiliate(s), agent(s), attorney(s), employee(s), representative(s), principal(s) (collectively, "Filippatos"), was or is to be paid; bank account number or trust identifier; routing number; name(s) of known account holder(s), trustee(s), beneficiary(ies), and trustor(s), as applicable; address of bank, financial institution, and/or trust account in which payment to Filippatos was or is to be deposited; confirmation number for payment; amount paid; and date of payment. *See* Exhibit A

9. The Subpoena commanded a response by April 15, 2025, just three days before the stipulated dismissal date. *See* Exhibit A; ███████████████████████████

███████████████████████████████████████████████

10. Filippatos PLLC was never served with this Subpoena by Plaintiff and only learned of its existence when Ms. Hermle contacted us to inform us of it.

11. The Subpoena requests detailed information about a joint trust account that contains funds belonging to multiple clients of Filippatos PLLC, not just those that may be related to Plaintiff's matter.

12. ███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████

13. Also on April 11, 2025, Filippatos PLLC sent Plaintiff written objections to the Subpoena, offered to provide her with the amount and date on which ████████████
████████████████████, and requested that she withdraw the Subpoena promptly.

TANVIR H. RAHMAN'S DECLARATION     3                    No. 4:22-cv-05990- HSG (TSH)

Filippatos PLLC formally objected to the Subpoena on the basis that: (1) the Subpoena improperly sought confidential and sensitive financial information from a non-party that was irrelevant to the claims and defenses in the matter; (2) the timing of the Subpoena—with a response date just three days before the stipulation of dismissal would be filed—demonstrated bad faith and an improper purpose; (3) the Subpoena violated Judge Gilliam's clear order that issues concerning their attorney-client relationship and legal fees would not be adjudicated in this action; and (4) the Subpoena was deficient as it had not been properly served on Filippatos PLLC. Filippatos PLLC also notified Plaintiff that it would seek sanctions against Plaintiff if it were forced to move to quash the Subpoena.

14. On April 12, 2025, Plaintiff responded to Filippatos PLLC's written objections. Plaintiff claimed that the information sought in the subpoena was "necessary to enable me to protect and secure my interests in [REDACTED] given the pending dispute regarding Filippatos's pervasive professional misconduct and failure to provide services as required under the retainer agreement."

15. Plaintiff also made disparaging, defamatory, and false statements about Filippatos PLLC's founding partner, Parisis G. Filippatos, allegedly filing for bankruptcy to avoid paying child support and alimony and failing to pay fees owed to lawyers, which she characterized as a "publicly documented record of financial insolvency and efforts to evade and/or fail to pay debts owed to others."

16. She further alleged that the information requested in the Subpoena "directly related to the disposition of and is necessary to afford complete resolution of the underlying action against Kirkland."

17. Plaintiff offered to only withdraw the Subpoena if Filippatos PLLC provided her with virtually the same irrelevant and sensitive information she requested from Ms. Hermle:

TANVIR H. RAHMAN'S DECLARATION    4    No. 4:22-cv-05990- HSG (TSH)

- Name(s) and address(es) of the bank and/or financial institution where the proceeds were deposited and are currently and will be held, including the address of the specific branch of any such bank and/or financial institution;
- Legal name of the account holder(s);
- Date on which proceeds were received; and
- Last four digits of the account number(s) in which the proceeds were deposited and are currently and will be held.

18. Notwithstanding Plaintiff's proposal, Filippatos PLLC's objections remained, and on Monday, April 14, 2025, Filippatos PLLC met and conferred with Ms. Kovalenko telephonically in an attempt to resolve the dispute without court intervention. During this meet and confer, Ms. Kovalenko displayed the same pattern of non-cooperation that had characterized their interactions since November 2024. Despite Filippatos PLLC's reasonable explanations regarding the sensitivity of the financial information requested and its offer to provide alternative confirmation ████████, Ms. Kovalenko categorically refused to withdraw her Subpoena.

19. Following the failed meet and confer, on April 15, 2025, the Clerk issued a notice setting a discovery hearing for April 18, 2025. *See* Dkt. No. 215.

20. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

21. On April 18, 2025, a discovery hearing was held before Magistrate Judge Thomas S. Hixson, at which a briefing schedule for the instant motion to quash was set. *See* Dkt. No. 220.

TANVIR H. RAHMAN'S DECLARATION     5                    No. 4:22-cv-05990- HSG (TSH)

22. On the same day as the discovery hearing, April 18, 2025, Plaintiff filed a Notice of Voluntary Dismissal as to all Defendants.. *See* Dkt. No. 220.

23. As such, this case has now been formally dismissed, rendering the Subpoena moot, as there is no longer any pending litigation in which the requested information could possibly be relevant or used. The fact that Ms. Kovalenko issued this Subpoena with full knowledge that the case would be dismissed on April 18, 2025, as confirmed at the April 8, 2025, Case Management Conference, further evidences her improper purpose in seeking this information.

24. Even if there had been some legitimate purpose for the Subpoena when it was issued (which there was not), that purpose has now been extinguished by the termination of the litigation. Any continued pursuit of this sensitive financial information can only be for purposes entirely unrelated to the now-dismissed litigation.

25. I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: April 21, 2025                     Respectfully submitted,

**FILIPPATOS PLLC**

By: _____
Tanvir H. Rahman
Parisis G. Filippatos
**FILIPPATOS PLLC**
199 Main Street, Suite 800
White Plains, NY 10601
Tel.: 914 984 1111
trahman@filippatoslaw.com
pgf@filippatolaw.com

*Attorneys for non-party FILIPPATOS PLLC*