| | | |
|---|---|---|
| 1 | LYNNE C. HERMLE (BAR NO. 99779)<br>lchermle@orrick.com | Zoya Kovalenko (BAR NO. 338624)<br>13221 Oakland Hills Blvd., Apt. 206 |
| 2 | JOSEPH C. LIBURT (BAR NO. 155507)<br>jliburt@orrick.com | Germantown, MD 20874<br>+1 678 559 4682 |
| 3 | ORRICK, HERRINGTON & SUTCLIFFE LLP | zoyavk@outlook.com |
| 4 | 1000 Marsh Road<br>Menlo Park, CA 94025-1015 | *Attorney for Plaintiff Zoya Kovalenko* |

LYNNE C. HERMLE (BAR NO. 99779)
lchermle@orrick.com
JOSEPH C. LIBURT (BAR NO. 155507)
jliburt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

MARK THOMPSON (Admitted *pro hac vice*)
mthompson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd Street
New York, NY 10019
Telephone: +1 212 506 5000
Facsimile: +1 212 506 5151

*Attorneys for Defendants*

Zoya Kovalenko (BAR NO. 338624)
13221 Oakland Hills Blvd., Apt. 206
Germantown, MD 20874
+1 678 559 4682
zoyavk@outlook.com

*Attorney for Plaintiff Zoya Kovalenko*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>Plaintiff,<br><br>v.<br><br>KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DE VRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY,<br><br>Defendants. | Case No. 4:22-cv-05990-HSG (TSH)<br><br>**JOINT ADMINISTRATIVE MOTION TO SEAL NON-PUBLIC AUDIO RECORDING AND TRANSCRIPT** |

1    Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Zoya Kovalenko and Defendants Kirkland & Ellis LLP ("K&E"), Michael De Vries, Michael W. De Vries, P.C., Adam Alper, Adam R. Alper, P.C., Akshay Deoras, Akshay S. Deoras, P.C., and Mark Fahey (collectively, "Defendants") hereby respectfully request the Court seal the non-public audio recording and any non-public portion of the transcript made of the April 18, 2025 discovery hearing before the Magistrate Judge Thomas S. Hixson. This motion is based on the points and authorities herein, and the accompanying Declaration of Joseph C. Liburt ("Liburt Dec.") in support of this motion.

## I. BACKGROUND

On April 15, 2025, the Court scheduled a Zoom hearing concerning a subpoena Plaintiff served on counsel for K&E seeking certain financial information (the "Discovery Hearing"). Dkt. No. 215. On April 17, 2025, the parties filed a joint administrative motion to permit non-public discussions during the Discovery Hearing. Dkt. No. 216. On the same day, the Court granted the parties' motion and ordered that "non-public *in-camera* discussions during the April 18, 2025 discovery hearing will be permitted as necessary." Dkt. No. 218.

On April 18, 2025, the Discovery Hearing was held and argument was heard. "[T]he parties started with a Zoom recurring video conference public hearing but then determined they had confidential information and requested to privately speak to the Court by Zoom Meeting the court's non-public hearing." Dkt. No. 219. The Parties now seek to seal the non-public audio recording and any transcript of the non-public portion of the Discovery Hearing to protect the confidential information discussed therein.

## II. ANALYSIS

### A. Applicable Legal Standard

Local Civil Rule 79-5(c)(1) requires the party seeking to seal to provide a specific statement of the applicable legal standard and the reasons for sealing, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient.

"In assessing whether documents may be filed under seal there is 'a strong presumption in favor of access.'" *Milliner v. Mut. Sec., Inc.*, No. 15-CV-03354-DMR, 2021 WL 2645794, at *4

1  (N.D. Cal. June 28, 2021) (citing *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir.
2  2003)). A party seeking to seal a judicial record generally "bears the burden of overcoming this
3  strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & County of*
4  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, "[r]ecords attached to nondispositive
5  motions must meet the lower 'good cause' standard of Rule 26(c) of the Federal Rules of Civil
6  Procedure, as such records 'are often unrelated, or only tangentially related, to the underlying cause
7  of action.'" *Richards v. Centripetal Networks, Inc.*, No. 23-cv-00145-HSG, 2025 WL 306425, at
8  *1 (N.D. Cal. Jan. 27, 2025) (citing *Kamakana*, 447 F.3d at 1179–80). "This requires a
9  'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed."
10 *Id.* (citation omitted).

11 The Discovery Hearing relates to a non-dispositive matter because it concerns a discovery
12 dispute over a subpoena that does not affect the merits of Plaintiff's claims against Defendants.
13 *Pegatron Tech. Serv. v. Am. Guar. & Liab. Ins. Co.*, 2019 U.S. Dist. LEXIS 80511, at *2–3 (N.D.
14 Cal. May 13, 2019) (applying good-cause standard to discovery dispute). Thus, the "good cause"
15 standard of Rule 26(c) applies.

### B. The Parties Meet the Standard in Local Civil Rule 79-5(c)(1)(i)

17 Good cause exists to seal the non-public portion of the audio recording and any transcript
18 of the non-public portion of the Discovery Hearing because discussions involving the subpoena
19 directly concern confidential discussions between Plaintiff and Defendants that occurred following
20 the parties' November 2024 mediation. *See HotSpot Therapeutics, Inc. v. Nurix Therapeutics, Inc.*,
21 No. 22-CV-04109-TSH, 2023 WL 3259471, at *3 (N.D. Cal. May 3, 2023); *In re Lidoderm*
22 *Antitrust Litig.*, No. 14-MD-02521-WHO, 2016 WL 4191612, at *26 (N.D. Cal. Aug. 9, 2016).
23 Liburt Dec. ¶ 2. Disclosure of this information would prejudice both Defendants' and Plaintiff's
24 interests in this action. *Id*. Moreover, the Discovery Hearing did not concern the merits of this case,
25 further supporting that good cause exists to seal. *See Dew v. City of Seaside*, No. 19-CV-06009-
26 HSG, 2020 WL 7016638, at *2 (N.D. Cal. Apr. 15, 2020) (granting motion to seal under good

1  cause standard where "documents are only relevant to the motions for appointment of guardian ad
2  litem, and are not relevant to the merits of the case.").

3     Less restrictive alternatives to sealing are not available because there are already both public
4  and non-public portions of the Discovery Hearing, the parties explained to the Court during the
5  non-public discussion why a non-public discussion was necessary, and such non-public discussion
6  directly or indirectly concerned confidential discussions between Plaintiff and Defendants that
7  occurred following the parties' November 2024 mediation. Liburt Dec. ¶ 3. The parties have
8  therefore met their burden.

## III. CONCLUSION

    In light of the foregoing, the parties respectfully request that the Court seal the non-public portions of the audio recording and any transcript of the non-public portions of the Discovery Hearing.

Dated: April 22, 2025      JOSEPH C. LIBURT
Orrick, Herrington & Sutcliffe LLP

By: /s/ *Joseph C. Liburt*
Joseph C. Liburt
Attorneys for Defendants

Dated: April 22, 2025      ZOYA KOVALENKO

By: /s/ *Zoya Kovalenko*
Zoya Kovalenko
Plaintiff

1 **Attestation Re Electronic Signatures**

2  I, Joseph C. Liburt, attest pursuant to Northern District Local Rule 5-1(i)(3) that all other

3 signatories to this document, on whose behalf this filing is submitted, concur in the filing's

4 content and have authorized this filing. I declare under penalty of perjury under the laws of the

5 United States of America that the foregoing is true and correct.

6

Dated: April 22, 2025                         /s/ *Joseph C. Liburt*

7                                                             Joseph C. Liburt

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28