UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOYA KOVALENKO,<br><br>Plaintiff,<br><br>v.<br><br>KIRKLAND & ELLIS LLP, et al.,<br><br>Defendants. | Case No. 22-cv-05990-HSG<br><br>**ORDER GRANTING MOTIONS TO REDACT AND FILE UNDER SEAL HEARING TRANSCRIPT**<br><br>Re: Dkt. Nos. 207, 208 |

Before the Court are the parties' joint administrative motion to redact a hearing transcript and accompanying joint administration motion to file under seal. Dkt. Nos. 207, 208. The Court **GRANTS** the motions.

I.  **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1 vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns*, Inc., 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents . . . ." Civil L.R. 79-5(a). The party must further explain the interests that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

//
//
//
//
//

## II. DISCUSSION

The motions here seek to redact and seal portions of the transcript of a hearing on March 6, 2025, filed at Dkt. No. 200. *See* Dkt. Nos. 207 at 2; 208 at 2. The parties state that the proposed redactions contain references to and descriptions of confidential discussions between the parties following their mediation. Dkt. Nos. 207 at 3; 208 at 3. They argue that allowing public access to this information "would undermine potential resolution, causing injuries to the parties." Dkt. No. 208 at 3.

The Court finds that the redactions contain information that satisfies the applicable sealing standard. The parties seek to seal information discussed at a hearing on two motions: 1) Plaintiff's motion to terminate her prior counsel, and 2) prior counsel's cross-motion to withdraw. *See* Dkt. No. 197. Given that both non-dispositive motions raised issues unrelated to the merits of the underlying case, the lower "good cause" standard under Rule 26(c) applies. *See Kamakana*, 447 F.3d at 1179. The Court agrees that confidential information related to settlement discussions satisfies the good cause standard, as numerous courts in this district have recognized. *See Milliner v. Mut. Sec., Inc.*, No. 15-CV-03354-DMR, 2021 WL 2645794, at *5 (N.D. Cal. June 28, 2021) (collecting cases). Further, the parties have tailored their requests to the seeking of sealable material instead of seeking to seal the entire hearing transcript. *See* Civil L.R. 79-5(b). Accordingly, the Court finds that there is good cause to seal the references and descriptions of confidential discussions contained in the proposed redactions.

## III. CONCLUSION

The Court **GRANTS** the administrative motion to redact the hearing transcript and accompanying administration motion to file under seal, Dkt. Nos. 207 and 208. The court reporter is **DIRECTED** to redact the following portions of the hearing transcript filed at Dkt. No. 200:

- Page 10, lines 20–25
- Page 11, lines 1–16
- Page 12, lines 1–7
- Page 12, lines 10–25
- Page 13, lines 1–4

3

- Page 13, lines 12–25
- Page 14, lines 1–25
- Page 15, lines 7–23
- Page 16, lines 7–18

The redacted portions of the transcript shall remain under seal.

**IT IS SO ORDERED.**

Dated: 4/28/2025

*/s/ Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge