# EXHIBIT A

TO DECLARATION OF ZOYA KOVALENKO
IN SUPPORT OF PLAINTIFF'S OPPOSITION TO FILIPPATOS PLLC'S MOTION TO QUASH

Docusign Envelope ID: C48E1EB1-D01A-4858-BCA3-36C1A18EC8DC

## RELEASE OF LIEN

**THIS RELEASE OF LIEN** (this "Release"), dated as of April ____, 2025, is made by Filippatos PLLC and Hennig Kramer LLP (collectively, "Filippatos").

**WHEREAS**, Filippatos represented Plaintiff Zoya Kovalenko ("Kovalenko") in a lawsuit against Kirkland & Ellis LLP ("K&E") and certain individually named defendants and Professional Corporations in the United States District Court, Northern District of California, Case No. 4:22-cv-05990-HSG (the "Action");

**WHEREAS**, in January 2025, Kovalenko terminated Filippatos's representation of her in the Action.

**WHEREAS**, thereafter, on January 28, 2025, Filippatos served on the parties a Notice of Lien ██████████ (the "████████████") ██████ filed a Notice of Charging Lien (collectively the "Filippatos Lien");

**WHEREAS** ███████████████████████████████████████████████ ███████████████████████████████████████████████████████ ") ███████████████████████████████ ;

**WHEREAS**, ███████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

████████████████████████████████████████████ Filippatos has agreed to waive, release, and discharge K&E (but NOT Kovalenko) from the Filippatos Lien as provided below.

**NOW, THEREFORE**, Filippatos agrees as follows:

1.    Release of Lien. ███████████████████████████████████ ████████████ Filippatos hereby forever waives, releases, and discharges K&E and (as applicable) its current and former subsidiaries, affiliates, successors, assigns, officers, directors, attorneys, employees (including but not limited to the individual defendants in the Action, Michael De Vries, Adam Alper, Leslie Schmidt, Akshay Deoras, each of their Professional Corporations, and Mark Fahey), agents, representatives, and insurers, but NOT Kovalenko or any of Kovalenko's successors, assigns, or heirs (the "Released Parties"), from, and agrees not to seek or assert against K&E or any of the Released Parties, any and all claims, actions, causes of action, or obligations,

1

Docusign Envelope ID: C48E1EB1-D01A-4858-BCA3-36C1A18EC8DC

including  by lien or otherwise, arising from or in connection with the Action ▮▮▮▮ and automatically terminates, extinguishes, cancels, releases, discharges and waives any and all right, title and interest, including as set forth in and pursuant to the Filippatos Lien, in and to ▮▮▮▮▮ the Released Parties or any other defendant in the Action (but NOT Kovalenko). K&E shall provide to ▮▮▮▮ promptly ▮▮▮▮

2.   Further Assurances.  Filippatos shall take all further actions, and provide to K&E and its successors, assigns or other legal representatives, such cooperation and assistance (including, without limitation, the execution and delivery of any documents or other instruments), reasonably requested by K&E, to prove the release, discharge, termination, cancellation, withdrawal, or satisfaction of the Filippatos Lien contemplated hereby.

3.   Acknowledgment.  Filippatos agrees to ▮▮▮▮▮▮ , which Filippatos acknowledges will be provided (▮▮▮▮▮ to Kovalenko. K&E agrees, however, that it will not disclose identifying information ▮▮▮▮▮ to Kovalenko, including the name or address ▮▮▮▮▮ name on the ▮▮▮▮ and will give prompt notice to Filippatos in the event it receives a subpoena or other lawful process requesting any such identifying information.

4.   Governing Law.  This Release shall be construed in accordance with and governed by the laws of the State of New York without regard to principles of conflicts of laws requiring application of the law of any other jurisdiction.

5.   Counterparts.  For the purpose of facilitating the execution of this Release of Lien and for other purposes, this Release of Lien may be executed simultaneously in any number of counterparts, each of which counterparts shall be deemed to be an original, and all of which counterparts shall constitute but one and the same instrument. The counterparts of this Agreement may be executed and delivered by facsimile, photo, email PDF, Docusign/Echosign or a similarly accredited secure signature service, or other electronic transmission or signature.  Delivery of a signed copy of this Release of Lien by email or other electronic transmission shall be fully binding on the parties to the same extent as the delivery of the signed originals and shall be admissible into evidence for all purposes.  The words "execution," "execute," "signed," "signature," and words of like import in this Release, or the keeping of records in electronic form, shall be of the same legal effect, validity or enforceability as the use of a paper-based recordkeeping system, to the extent and as provided for in any applicable law, including any New York laws based on the Uniform Electronic Transactions Act.

*[Signature page follows.]*

Docusign Envelope ID: C48E1EB1-D01A-4858-BCA3-36C1A18EC8DC

**IN WITNESS WHEREOF**, Filippatos has caused this Release of Lien to be executed and delivered as of the date first above written.

**FILIPPATOS PLLC**

By: _Parisis G. Filippatos_
Name: Parisis G. Filippatos

**KRAMER BROWN & HUI LLP**

By: _____
Name: Samuel Brown

Accepted and acknowledged by:

**KIRKLAND & ELLIS LLP**

By: _____
Name: Jeff Powell
Title:   General Counsel

3

Docusign Envelope ID: C48E1EB1-D01A-4858-BCA3-36C1A18EC8DC

# Kirkland - Release of Lien by Filippatos 4139-6879-1128 6

Final Audit Report                                                2025-04-08

| | |
|---|---|
| Created: | 2025-04-08 |
| By: | Tanvir Rahman (trahman@filippatoslaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA2ihrsoFvN0D1A82MWEhwJ3VabeesuPvS |

## "Kirkland - Release of Lien by Filippatos 4139-6879-1128 6" History

📄 Document created by Tanvir Rahman (trahman@filippatoslaw.com)
   2025-04-08 - 2:54:22 PM GMT

📧 Document emailed to Parisis G. Filippatos (pgf@filippatoslaw.com) for signature
   2025-04-08 - 2:54:26 PM GMT

📄 Email viewed by Parisis G. Filippatos (pgf@filippatoslaw.com)
   2025-04-08 - 3:08:30 PM GMT

🖊 Document e-signed by Parisis G. Filippatos (pgf@filippatoslaw.com)
   Signature Date: 2025-04-08 - 3:09:14 PM GMT - Time Source: server

✅ Agreement completed.
   2025-04-08 - 3:09:14 PM GMT


Adobe Acrobat Sign

Docusign Envelope ID: C48E1EB1-D01A-4858-BCA3-36C1A18EC8DC

# Kovalenko Release of Lien

**Final Audit Report** 2025-04-08

| | |
|---|---|
| Created: | 2025-04-08 |
| By: | Tanvir Rahman (trahman@filippatoslaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAyGrCTVBKC8feU4RSRNIQVp5YXq9IIrGA |

## "Kovalenko Release of Lien" History

📄 Document created by Tanvir Rahman (trahman@filippatoslaw.com)
2025-04-08 - 5:00:48 PM GMT

✉️ Document emailed to Sam Brown (sam@kbhllp.com) for signature
2025-04-08 - 5:00:53 PM GMT

📄 Email viewed by Sam Brown (sam@kbhllp.com)
2025-04-08 - 5:03:57 PM GMT

✍️ Document e-signed by Sam Brown (sam@kbhllp.com)
Signature Date: 2025-04-08 - 5:04:20 PM GMT - Time Source: server

✅ Agreement completed.
2025-04-08 - 5:04:20 PM GMT

 Adobe Acrobat Sign

| Subject: | ▮▮▮▮▮▮ |
|---|---|
| **Date:** | Monday, April 14, 2025 at 11:28:08 AM Eastern Daylight Time |
| **From:** | Thompson, Mark <mthompson@orrick.com> |
| **To:** | Zoya Kovalenko <zoyavk@outlook.com> |
| **CC:** | Hermle, Lynne C. <lchermle@orrick.com>, Liburt, Joseph C. <jliburt@orrick.com> |
| **Attachments:** | image001.jpg, image002.png, ▮▮▮▮▮▮▮▮▮▮▮▮ Kovalenko Release of Lien - signed by all parties.pdf |

Hi Zoya,

Attached is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and a copy of the fully executed Release of Lien.

Thanks,

Mark

**Mark R. Thompson**
Senior Associate

Orrick
New York  ⊙
T +1-212-506-5178
mthompson@orrick.com



---

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.



**Subject:** Re: Kirkland - Release of Lien by Filippatos 4139-6879-1128 v.6
**Date:** Wednesday, April 2, 2025 at 6:30:35 PM Eastern Daylight Time
**From:** Hermle, Lynne C. <lchermle@orrick.com>
**To:** Zoya Kovalenko <zoyavk@outlook.com>
**CC:** Thompson, Mark <mthompson@orrick.com>

I don't think they'll agree to that Zoya, and I need them to sign the release ██████████████.
Mark and I will put our heads together and try to come up with a solution.  thanks, Lynne
Sent from my remote device, please excuse typos

On Apr 2, 2025, at 2:48PM, Zoya Kovalenko <zoyavk@outlook.com> wrote:



[EXTERNAL]

Hi Lynne,

A simple acknowledgement from Filippatos is not a substitute ████████████████████ I need at least some information ████████████████████████████ have to immediately subpoena Kirkland for this information, which is in no one's interest and would be a complete waste of time and resources for everyone.

For example, I would be okay receiving a copy of the email ████████████████████████████ some basic ████████ information ██████ None of this information would allow me to █████████████████████. Being left completely in the dark ████████████████████████████████████████████████████████████

As stated before, I am okay signing a separate rider with Filippatos ████████████████ I ████████████████████████████████████████████

Best,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech

678 559 4682
zoyavk@outlook.com

**From:** Hermle, Lynne C. <lchermle@orrick.com>
**Date:** Wednesday, April 2, 2025 at 4:12 PM
**To:** Zoya Kovalenko <zoyavk@outlook.com>
**Cc:** Thompson, Mark <mthompson@orrick.com>
**Subject:** Kirkland - Release of Lien by Filippatos 4139-6879-1128 v.6

Hi Zoya, here is the release of lien; I'm not sure if you've reviewed it before, but the only changes from early on have been to para 3.  I added their ask not to disclose ███████████████████████████████████████ .

I'm happy to discuss, let me know if you'd like a call.  Best, Lynne

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at

**Subject:** Re: Kirkland - Release of Lien by Filippatos 4139-6879-1128 v.6
**Date:** Friday, April 4, 2025 at 2:52:30 PM Eastern Daylight Time
**From:** Zoya Kovalenko <zoyavk@outlook.com>
**To:** Lynne C. Hermle <lchermle@orrick.com>
**CC:** Thompson, Mark <mthompson@orrick.com>
**BCC:** zoyavk@outlook.com <zoyavk@outlook.com>

Hi Lynne,

Thanks for the update.  The below proposal is better than nothing but still insufficient to address all my concerns.  Could you please provide the below information (including the declaration from Kirkland) and please ask Kirkland if you can accept service of a subpoena via email?

I do not trust Gerry based on my experience with him, ██████████████████████████
███████████████████████████████████████████████████ So I unfortunately will have
to subpoena Kirkland t██████████████████████████████████████████████████ I
have no interest in dragging Kirkland into things unnecessarily, so I hope it will allow you to accept
service of a subpoena ███████████████████████████████ Thanks again.

Best,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech
678 559 4682
zoyavk@outlook.com

---

**From:** Hermle, Lynne C. <lchermle@orrick.com>
**Date:** Thursday, April 3, 2025 at 5:42 PM
**To:** Zoya Kovalenko <zoyavk@outlook.com>
**Cc:** Thompson, Mark <mthompson@orrick.com>
**Subject:** RE: Kirkland - Release of Lien by Filippatos 4139-6879-1128 v.6

Hi Zoya, here is the final decision on what information ████████████████████████
█████████████████████████

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

If that is not sufficient for you, I will ask the firm for permission for me to accept service
of a subpoena. Thank you Zoya, best, Lynne

**From:** Zoya Kovalenko <zoyavk@outlook.com>
**Sent:** Wednesday, April 2, 2025 2:48 PM
**To:** Hermle, Lynne C. <lchermle@orrick.com>
**Cc:** Thompson, Mark <mthompson@orrick.com>
**Subject:** Re: Kirkland - Release of Lien by Filippatos 4139-6879-1128 v.6

**[EXTERNAL]**

Hi Lynne,

A simple acknowledgement from Filippatos is not a substitute ███████████████ t. I need at least some information about ███████████ Otherwise, I will have to immediately subpoena Kirkland for this information, which is in no one's interest and would be a complete waste of time and resources for everyone.

For example, I would be okay receiving a copy of the email Kirkland should receive ██████████ ████████████████████ some basic ███████ information ██ None of this information would allow me to ███████████████████████ Being left completely in the dark ████████████████████████████ ████████████████████████████

As stated before, I am okay signing a separate rider with Filippatos ████████████████████ ████████████████

████████████████████████████████████████████

Best,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech
678 559 4682
zoyavk@outlook.com

**From:** Hermle, Lynne C. <lchermle@orrick.com>
**Date:** Wednesday, April 2, 2025 at 4:12 PM
**To:** Zoya Kovalenko <zoyavk@outlook.com>
**Cc:** Thompson, Mark <mthompson@orrick.com>
**Subject:** Kirkland - Release of Lien by Filippatos 4139-6879-1128 v.6

Hi Zoya, here is the release of lien; I'm not sure if you've reviewed it before, but the only changes from early on have been to para 3.  I added their ask not to disclose █

█

I'm happy to discuss, let me know if you'd like a call.  Best, Lynne

---

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**Subject:** RE: Checking In
**Date:** Wednesday, April 9, 2025 at 2:35:17 PM Eastern Daylight Time
**From:** Hermle, Lynne C. <lchermle@orrick.com>
**To:** Zoya Kovalenko <zoyavk@outlook.com>, Thompson, Mark <mthompson@orrick.com>

Hi Zoya, sorry for the delay, I'm traveling.
Yes, Filippatos signed the release. And I have authority from Kirkland to accept a subpoena for the firm from you. I might have iffy wifi for the rest of the week, I'm at our annual partners' meeting. Thanks Zoya, Lynne

---

**From:** Zoya Kovalenko <zoyavk@outlook.com>
**Sent:** Wednesday, April 9, 2025 11:13 AM
**To:** Hermle, Lynne C. <lchermle@orrick.com>; Thompson, Mark <mthompson@orrick.com>
**Subject:** Re: Checking In

**[EXTERNAL]**

Hi Lynne and Mark,

Did Filippatos sign the release of lien?

Lynne, do you have any update re whether you can accept servic█████████████████
███████████████████ on behalf of Kirkland? Thanks.

Best,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech
678 559 4682
zoyavk@outlook.com

**From:** Zoya Kovalenko <zoyavk@outlook.com>
**Date:** Wednesday, April 9, 2025 at 12:10 PM
**To:** Thompson, Mark <mthompson@orrick.com>, Hermle, Lynne C. <lchermle@orrick.com>
**Subject:** Re: Checking In

Thanks, Mark. I will call you at 3:30 pm EST to ███████████████████████████
████████████████████████████████████████████

Get Outlook for iOS

---

**From:** Thompson, Mark <mthompson@orrick.com>

| | |
|---|---|
| **Subject:** | Service of Subpoena on Kirkland & Ellis LLP re███████████████████████ |
| **Date:** | Wednesday, April 9, 2025 at 11:48:41 PM Eastern Daylight Time |
| **From:** | Zoya Kovalenko <zoyavk@outlook.com> |
| **To:** | Lynne C. Hermle <lchermle@orrick.com> |
| **CC:** | Thompson, Mark <mthompson@orrick.com> |
| **BCC:** | zoyavk@outlook.com <zoyavk@outlook.com> |
| **Attachments:** | Subpoena to K&E LLP ███████████████ |

Hi Lynne,

Apologies for the late-night email, but please find attached for service on defendants in *Kovalenko v. Kirkland & Ellis LLP*, No. 4:22-cv-05990-HSG (TSH) (N.D. Cal.), a subpoena ████████████ ████████████████████████████████████████████████████████ You will also receive a courtesy paper copy at your office address.  Please let me know if you would like to discuss.  Thanks.

Best,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech
678 559 4682
zoyavk@outlook.com

---

**From:** Zoya Kovalenko <zoyavk@outlook.com>
**Date:** Wednesday, April 9, 2025 at 4:49 PM
**To:** Hermle, Lynne C. <lchermle@orrick.com>, Thompson, Mark <mthompson@orrick.com>
**Subject:** Re: Checking In

Hi Lynne and Mark,

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Best,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech
678 559 4682
zoyavk@outlook.com

| | |
|---|---|
| **Subject:** | Re: Objection to Subpoena to Lynn Hermle |
| **Date:** | Saturday, April 12, 2025 at 7:54:14 PM Eastern Daylight Time |
| **From:** | Zoya Kovalenko <zoyavk@outlook.com> |
| **To:** | Tanvir Rahman <TRahman@filippatoslaw.com> |
| **CC:** | pgf@filippatoslaw.com <pgf@filippatoslaw.com>, Loris Baechi <lbaechi@filippatoslaw.com> |
| **BCC:** | zoyavk@outlook.com <zoyavk@outlook.com> |
| **Attachments:** | Failure to Pay $136k in Atty. Fees - Goldman & Greenbaum, P.C. v. Filippatos, 861 N.Y.S.2d 312.pdf, Dkt. Bankr. Case - In re Parisis G. Filippatos, No. 08-14691-alg (SDNY).pdf, Filippatos v. Filippatos, No. 09-01031-alg (SDNY) - [1] Ms. Filippatos's Compl. (Objecting to Dischargeability of Debt).pdf, (AO_088B).pdf, image001.png, image002.png, image003.png, image004.png, image005.png, image006.jpg |

Tanvir,

You fundamentally misunderstand the purpose of the extremely narrow, necessary, and proper subpoena. The subpoena was served to obtain basic information

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ dispute regarding Filippatos's pervasive professional misconduct and failure to provide services as required under the retainer agreement. The requested information is directly relevant ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and you have no cognizable basis to contend this extremely narrow subpoena was issued for an improper purpose.

Your arguments that the subpoena is improper because it is not relevant to my claims against Kirkland entirely miss the mark and in no way impugn the validity of the subpoena. By extension, your unsupported claim that the subpoena was made in bad faith because it was served shortly before anticipated dismissal of my claims against Kirkland, *not my assertions of misconduct and claims against Filippatos*, is irrelevant to the enforceability of the subpoena. Here, the limited information requested is directly relevant ▮▮▮▮▮▮▮▮▮▮▮▮

subpoena. *See, e.g., In re Feit & Drexler, Inc.*, 760 F.2d 406, 416 (2d Cir. 1985) (upholding preliminary injunction based on evidence that individual had engaged in "efforts to hide and secrete assets" as injunctive relief was necessary to prevent such individual from "making uncollectible any judgment [that] may eventually [be] obtain[ed] against" them); *Eitzen Bulk A/S v. Bank of India*, 827 F. Supp. 2d 234, 238 (S.D.N.Y. 2011) (explaining pre-judgment attachment "reaches only property within the court's territorial jurisdiction" which excludes individual bank accounts/branches located outside such territory); *Raji v. Bank Sepah-Iran*, 139 Misc. 2d 1026 (N.Y. Cty. Sup. Ct. 1988) (denying request to quash subpoenas served "to discover the whereabouts of assets" and holding that bank must comply with such subpoenas); *see also Fed. Deposit Ins. Corp. v. Lewis*, No. 2:10-CV-439-JCM-VCF, 2014 WL 7330931, at *1, 4–5 (D. Nev. Dec. 18, 2014) (granting motion to compel discovery seeking, inter alia, location of assets held by shell corporations and bank account information deposits or withdrawals from bank accounts relevant to securing judgment); *Bishop v. Baldwin*, No. 20-CV-61254-SINGHAL/VALLE, 2020 WL 7320932, at *4 (S.D. Fla. Dec. 10, 2020) (denying motions for protective orders regarding subpoenas issued to banks for account statements and other financial information pre-judgment).

The subpoena was appropriately issued after learning of Filippatos's vigorous and highly suspect efforts to hide the location of and related information ▮▮▮▮▮▮

constitutes bad-faith conduct by me but rather is prudent given: (1) Filippatos's clear efforts to hide to basic information necessary for me to protect my active and established interest ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ from my labor and personal harm; and (2) the fact that I have recently become aware of Gerry's publicly documented record of financial insolvency and efforts to evade and/or fail to pay debts owed to others. With respect to the second point, this includes Gerry filing for bankruptcy in an ostensible effort to avoid paying up to approximately $600,000 in child support and alimony as shown in public records and at least once instance of Gerry seemingly admitting to not paying around $136,000 in fees owed to lawyers. I have attached relevant documents evidencing this troubling pattern of financial insolvency and delinquency.

My right to obtain the subpoenaed information is amply supported by the need to take appropriate and swift action ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮'s

breach of duties to me as a client. *See, e.g., In re Feit & Drexler, Inc.*, 760 F.2d at 416 (upholding preliminary injunction to protect interest in potential judgment based on evidence that individual had engaged in "efforts to hide and secrete assets"); *Mishkin v. Kenney & Branisel, Inc.*, 609 F. Supp. 1254, 1256 (S.D.N.Y. 1985) (noting "past fraudulent conduct and . . . current actions indicate an intent to defeat and . . . impede" efforts to "enforce any judgment [individual] might obtain" supported preliminary injunctive relief).

Additionally, the subpoena is proper and requests relevant information because it directly relates to the disposition of and is necessary to afford complete resolution of the underlying action against Kirkland. *See In re Suzuki*, No. CIV. 14-00516 JMS, 2014 WL 6908384, at *4 (D. Haw. Dec. 5, 2014) (declining to quash subpoenas seeking bank records of individual because information "is relevant to the claims, remedies, and resolution of the underlying action").

Prior to serving the subpoena, I had asked Lynne (counsel for Kirkland) to provide basic information ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Lynne conveyed to me that Filippatos had conditioned signing the release of lien on Kirkland not providing any such information to me and the most recent version of the draft release of lien that I received included repeated explicit statements preventing Kirkland from sharing any such information with me.

Your claim that the subpoena is "deficient" for service reasons is meritless. As you should know, Federal Rule of Civil Procedure 45(a)(4) requires service on a "party." You state Filippatos is a non-party, so based on your own statement, service of the subpoena was not required on Filippatos. Lynne had also consented in writing to receive a subpoena on behalf of Kirkland, defeating any contention that service was improper. Moreover, the most recent version of the release of lien that I received and understand Filippatos signed also states the below:

> K&E agrees, however, that it will not disclose identifying information ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, including the name or address of the ▮▮▮▮▮▮▮▮
> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and will give prompt notice to Filippatos in the event it receives
> a subpoena or other lawful process requesting any such identifying information.

As a result, it was my understanding and expectation that you would be promptly notified of any subpoena served on Kirkland. In any event, consistent with the release of lien and your email, it appears you have reattached the subpoena, which I have reattached here for convenience.

You also grossly misrepresent Judge Gilliam's terse and limited ruling, which simply declined to exercise jurisdiction over whether Filippatos was terminated for cause. Dkt. No. 197 (minute order); Dkt. No. 201 (3/6/25 Hr'g Tr.). Contrary to your misrepresentation, at no point did Judge Gilliam state that "any issue concerning our attorney client relationship . . . cannot and will not be adjudicated in this action." Dkt. Nos. 197, 201.

Your conclusory assertion that the requested information is "confidential and protected business and financial information of Filippatos PLLC" in no way supports quashing the subpoena. To that end, courts are well within their authority to permit discovery of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

protect and enforce ▓▓▓▓▓▓▓▓▓▓▓▓ *See, e.g., In re Eagan Avenatti, LLP*, No. 818CV01644VAPKESX, 2019 WL 3017683, at *2–3 (C.D. Cal. Apr. 18, 2019) (denying motion to quash and declining to issue protective order over subpoena seeking bank records to "assist in locating . . . assets"); *Valdez*, 2013 WL 3989583, at *8 (N.D. Cal. Aug. 2, 2013) (concluding subpoenas to obtain financial information from non-party trusts were appropriate in part because such information would help identify assets tied to costs of the underlying action). Filippatos also would not have standing to bring a motion to quash or for protective order based on grounds of relevance, overbreadth, or undue burden because it is not a party subject to the subpoena. *See, e.g., Clark v. Trans Union, LLC*, No. 2:24-CV-00783 WBS CKD, 2025 WL 359314, at *3, 7 (E.D. Cal. Jan. 31, 2025) (holding entity did not have standing to move to quash subpoena seeking information about bank accounts).

It is incorrect to suggest that subpoenas seeking information relevant to the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in order to aid in satisfying a potential judgment somehow constitutes a bad-faith abuse of the judicial process. *See, e.g., Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin*, No. 21 CIV. 9221 (KPF), 2024 WL 262741, at *2 (S.D.N.Y. Jan. 24, 2024) (explaining and citing authorities supporting propriety of subpoenaing such information); *Bishop*, 2020 WL 7320932, at *4 (denying motions for protective orders regarding subpoenas issued to banks for account statements and other financial information pre-judgment).

Further, the subpoena's narrow and tailored focus ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ t defeats any argument that such subpoena is overbroad and supports the obvious propriety of the subpoena under Federal Rule of Civil Procedure 45. *E.g., Nike, Inc. v. Wu*, 349 F. Supp. 3d 310, 336 (2018) (finding specificity of subpoena weighed in favor of denying motion to quash production of requested discovered where subpoena was "only about" debtor bank accounts and where there was "evidence that such accounts exist and that the Banks have facilitated the transfer of funds into those accounts"); *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin*, No. 21 CIV. 9221 (KPF), 2024 WL 262741, at *2, 5 (S.D.N.Y. Jan. 24, 2024) (compelling production of documents in response to significantly broader subpoena "directed at uncovering information surrounding the existence, transfer, location, or source of Mr. Qin's assets. Ms. Liu's banking records, for instance, could reveal as-yet-undisclosed transfers of money from her to Mr. Qin and vice versa.").

The cases you cite regarding alleged bad faith are clearly inapposite and all involve a variety of aggravating factors supporting a finding of bad faith, none of which are present here. For example, in *Kenney, Becker LLP v. Kenney*, the party subject to sanctions had been ordered to arbitrate their dispute and then filed a second action in court to litigate the same dispute, the court had previously stayed the entire case pending arbitration, and the subpoena was served without prior notice to any person. Here, no order has compelled arbitration of my dispute against Kirkland or my collateral dispute against Filippatos (Judge Gilliam denied your motion to compel arbitration, Dkt. No. 197), I have not filed any duplicative proceeding, and I provided prior notice to Lynne of my intent to issue the subpoena and received her consent to accept the subpoena on Kirkland's behalf.  This case is further distinguishable because the arbitrator in the dispute subject to court-ordered arbitration had previously ruled that some of the subpoenaed documents "were not discoverable." Additionally, *Automobile Inspection Services, Inc. v. Flint Auto Auction, Inc.* is similarly and easily distinguishable because the individual subject to sanctions had admitted to violating Rule 45, had not provided prior notice of the subpoena to any person, and his conduct showed a bad-faith intent to access confidential information without affording an opportunity to object. *Black v. Wrigley* is also plainly distinguishable because, among other things, the subpoena was served on the closing date of fact discovery, and the party serving the subpoena neither responded to numerous emails requesting the authority for serving the subpoena on the close of fact discovery nor attempted to explain his behavior.  None of these aggravating circumstances are even partially present here.

To avoid needless use of court resources, **I am open to compromising and withdrawing the subpoena if Filippatos provides the following basic information:**

- Name(s) and address(es) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ including the address of the ▓
- Legal name ▓▓▓▓▓;
- ▓▓▓▓▓▓▓▓▓▓▓▓▓ d; and
- Last four digits of ▓▓▓▓▓▓▓▓▓.

Finally, I note that per Federal Rule of Civil Procedure 5.2(a)(4), the last four digits of ▓▓▓▓▓▓▓▓▓▓▓▓ s are not afforded privacy protection, and you have not provided authority demonstrating the sensitivity or confidential nature of the ▓

I am available to meet and confer after 1 pm EST on Monday.  I hope we can reach a resolution on the subpoena given this dispute was entirely avoidable but for your recalcitrance in providing basic, unprotected information.

Best,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech
678 559 4682
zoyavk@outlook.com

---

**From:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Date:** Friday, April 11, 2025 at 9:36 PM
**To:** Zoya Kovalenko (Home) <zoyavk@outlook.com>
**Cc:** Gerry Filippatos <pgf@filippatoslaw.com>, Loris Baechi <lbaechi@filippatoslaw.com>
**Subject:** Objection to Subpoena to Lynn Hermle

Zoya –

On behalf of my firm, I am writing to formally object to the subpoena you issued to Lynn Hermle at Orrick, as counsel for Kirkland & Ellis, on April 9, 2025, requesting confidential and protected business and financial information of Filippatos PLLC, and have instructed Ms. Hermle to not produce to you any of the information requested until this issue is resolved by the Court. This subpoena improperly seeks confidential and sensitive financial information from a non-party, which is irrelevant to the claims and defenses involved in this matter.

I must emphasize that the timing of this subpoena—specifically, that the response date (April 15) is set just three days before the date on which you represented to Judge Gilliam earlier this week that you will be filing a stipulation of dismissal with prejudice of this matter (April 18)—clearly demonstrates that it was served in bad faith and for an improper purpose. There is no legitimate reason why you would need the information requested in the subpoena in furtherance of this action given that the action will be dismissed with prejudice in a matter of days.  In other words, this subpoena is a blatant abuse of the legal process and an improper tactical maneuver to obtain sensitive financial information about a non-party as the case is concluding.

Additionally, the subpoena seeks information that has absolutely no bearing or relevance whatsoever to the underlying action, any claims or defenses asserted, or any material issue therein. As the party issuing the subpoena, you bear the burden of establishing relevance and proportionality. *See Baker v. Santa Clara Univ.*, No. 17-cv-04003-YGR (KAW), 2018 WL 3566868, at *1 (N.D. Cal. July 25, 2018) (quashing subpoenas where requesting party failed to show relevance to discrimination claims and characterizing requests as "overbroad, unduly burdensome, and harassing"); *Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1217 (N.D. Cal. 2015) (quashing third-party subpoena and holding that "Rule 45 subpoenas are subject to the same relevancy and proportionality limitations" as standard discovery). Rule 26(b) limits discovery to relevant, proportional matters, considering "whether the burden or expense of the proposed discovery outweighs its likely benefit."

Filippatos PLLC is a non-party, and courts consistently afford heightened protection to non-parties against burdensome discovery. *See Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980). The financial information of the firm and its partners is particularly sensitive and not relevant to the underlying claims.

In the case of *Hausauer v. City of Mesa*, No. cv-15-02796(PHX)(ROS), 2017 U.S. Dist. LEXIS 217047, at *1-2 (D. Ariz. Apr. 5, 2017), the court explicitly quashed subpoenas aimed at obtaining financial information from non-parties involved in an employment dispute. The court concluded that "this discovery is not proportional to the needs of this case... and its burden substantially outweighs any likely benefit." Additionally, the court dismissed speculative arguments regarding financial incentives as a basis for discovery, stating that the requesting party "has not established any factual basis for this belief." Likewise, you have not provided any factual basis that links Filippatos PLLC's ▇▇▇▇▇▇ o any relevant issue in this case.

Your subpoena is also a blatant end run around Judge Gilliam's clear order that any issue concerning our attorney client relationship ▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇ cannot and will not be adjudicated in this action. Your violation of the Court's explicit order is troubling.

Furthermore, the subpoena is deficient as it has not been properly served (or served at all) on us. Courts have found bad faith in situations similar to this one. *See Kenney, Becker LLP v. Kenney*, No. 06 CIV. 2975 (JSR), 2008 U.S. Dist. LEXIS 19795, 2008 WL 681452, at *3 (S.D.N.Y. Mar. 6, 2008), adhered to on denial of reconsideration, No. 06 CIV. 2975 (JSR), 2008 U.S. Dist. LEXIS 33948, 2008 WL 1849544 (S.D.N.Y. Apr. 22, 2008) (finding bad faith where non-party subpoena was served without prior notice); *Auto. Inspection Servs., Inc. v. Flint Auto Auction, Inc.*, No. 06-15100, 2007 U.S. Dist. LEXIS 83287, 2007 WL 3333016, at *5 (E.D. Mich. Nov. 9, 2007) (finding bad faith where third-party subpoena was issued "in an attempt to gain access to potentially confidential information") *Black v. Wrigley*, No. 18-cv-2367 (GPC) (BGS), 2019 U.S. Dist. LEXIS 71125, at *21-22 (S.D. Cal. Apr. 26, 2019) (ordering that plaintiff show cause why order imposing sanctions should not be entered for service of improper subpoena upon non-party and failure to withdraw same).

This subpoena also implicates Rule 26(g) as it appears to have been imposed for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and is "unreasonable and unduly burdensome." Fed. R. Civ. P. 26(g)(1)(B)(ii),(iii). As noted in *Black*, 2019 U.S. Dist. LEXIS 71125, at *21-22, such violations may warrant "an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3).

It is abundantly clear that this subpoena was not issued to gather relevant evidence for this litigation, but rather as an improper, last-minute effort to burden and harass a non-party. Such tactics exemplify the improper use of discovery tools that the Federal Rules aim to prevent.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Please confirm in writing by **5pm, Sunday April 13**, that you have notified Ms. Hermle that you are immediately withdrawing your subpoena. If you refuse, then please let us know by then what times on Monday you are available for a telephonic meet and confer, which we are required to do pursuant to Judge Hixson's standing order before raising discovery disputes with the Court. Please be advised that, to the extent the subpoena is not immediately withdrawn, we will not hesitate to move to quash the subpoena, for a protective order, and for sanctions against you for issuing this blatantly bad faith subpoena, including reimbursement for all attorney time spent responding to it. Please be guided accordingly. All rights reserved.

Warmly,



FILIPPATOS PLLC
Employment Law, Litigation & ADR

**Tanvir Rahman**
*Managing Partner*
Pronouns: He/Him

(914) 984-1111, ext. 505
TRahman@filippatoslaw.com
www.filippatoslaw.com

Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for deliver and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

delegates to the NYBOT the right to designate who is a "member" in its certificate of incorporation or bylaws (*see* N-PCL 102 [a] [9]; 601). The NYBOT's By-Laws clearly provide that only equity members are to be deemed "members" for purposes of the N-PCL, and that permit holders "shall not have any of the rights or privileges of 'members' under the N[-]PCL." Because plaintiffs are not "members" within the meaning of the N-PCL, the merger did not proceed in violation of their rights under this statute (*see Harris v Lyke*, 217 AD2d 982 [1995], *lv denied* 87 NY2d 801 [1995]; *see also Kemp's Bus Serv. v Livingston-Wyoming Ch. of NYSARC*, 267 AD2d 1085, 1086 [1999]; *Pellegrini v Rockland Community Action Council*, 190 AD2d 881, 882-883 [1993]). For the same reason, the NYBOT's Board of Governors owe no fiduciary duty to plaintiffs under the N-PCL.

Plaintiffs' fraud cause of action (thirteenth) is duplicative of their breach of contract claims (*see Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 305 [2003]).

Furthermore, the motion court appropriately rejected plaintiffs' request to amend the complaint inasmuch as it is apparent that any proposed amendment would be futile in light of the evidence (*see Norte & Co. v New York & Harlem R.R. Co.*, 222 AD2d 357, 358 [1995], *lv denied* 88 NY2d 811 [1996]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Lippman, P.J., Tom, Gonzalez, Buckley and Catterson, JJ. [*See* 2007 NY Slip Op 30576(U).]

■ GOLDMAN & GREENBAUM, P.C., Respondent, v PARISIS G. FILIPPATOS, Appellant. [861 NYS2d 312]—Orders, Supreme Court, New York County (Debra A. James, J.), entered April 25, 2007, which denied defendant's motion to dismiss the complaint and granted plaintiff's motion for partial summary judgment, referring the matter of damages and costs to a Special Referee to hear and report, unanimously affirmed, with costs.

The Fee Dispute Resolution Program has no applicability where the amount in dispute exceeds $50,000 (*see* 22 NYCRR 137.1 [b] [2]); both parties agree that the amount in dispute substantially exceeds that amount. Plaintiff contends that since it rescinded the tentative credit of $50,000, the amount owed by defendant client is approximately $140,000. Defendant admits he paid only $114,000 of the approximately $250,000 billed in attorney's fees. The amount in dispute clearly exceeds the $50,000 cap.

Plaintiff law firm did not consent to arbitration (22 NYCRR 137.2). Accordingly, it is unnecessary to consider whether defen-

**SchedF, PENAP, LossMit, Convert, CLOSED**

# U.S. Bankruptcy Court
## Southern District of New York (Manhattan)
### Bankruptcy Petition #: 08-14691-alg

|  |  |
|---|---|
| *Date filed:* | 11/24/2008 |
| *Date converted:* | 11/19/2009 |
| *Date reopened:* | 12/20/2012 |
| *Date terminated:* | 03/07/2013 |
| *Debtor discharged:* | 01/19/2011 |
| *341 meeting:* | 11/19/2010 |
| *Deadline for objecting to discharge:* | 11/30/2010 |
| *Deadline for financial mgmt. course:* | 03/08/2010 |

*Assigned to:* Judge Allan L. Gropper
Chapter 7
Previous chapter 11
Voluntary
Asset

*Debtor disposition:* Standard Discharge

**Debtor**
**Parisis G. Filippatos**
3800 Blackstone Avenue
Apt. 6
Bronx, NY 10463
BRONX-NY
SSN / ITIN: xxx-xx-1593
*aka* **Gerry Filippatos**

represented by **Douglas J. Pick**
Pick & Zabicki LLP
369 Lexington Avenue, 12th Floor
New York, NY 10017
(212) 695-6000
Fax : (212) 695-6007
Email: dpick@picklaw.net

**Trustee**
**David R. Kittay**
Kittay & Gershfeld, P.C.
100 White Plains Road
2nd Floor
Tarrytown, NY 10591
(914) 332-8000

represented by **Melissa Steinberg**
Kittay & Gershfeld, P.C.
100 White Plains Road
2nd Floor
Tarrytown, NY 10591
914-332-8000
Fax : 914-332-8001
Email: msteinberg@kittaylaw.com

**U.S. Trustee**
**United States Trustee**
Office of the United States Trustee - NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
(212) 510-0500

represented by **Marylou Martin**
Office of United States Trustee
SDNY
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0531
Fax : (212) 668-2255
Email: marylou.martin@usdoj.gov

| 08/14/2012 | 117<br>(2 pgs; 2 docs) | ☐ | Request for Order of Final Decree (Lopez, Mary). (Entered: 08/14/2012) |
| 07/24/2012 | 116<br>(2 pgs) | ☐ | Notice of Appearance filed by Karen Sheehan on behalf of Wells Fargo Bank, N.A., as Trustee Care of Homeward Residential. (Sheehan, Karen) (Entered: 07/24/2012) |
| 08/12/2011 | | | Adversary Case 1:09-ap-1031 Closed. This Adversary Proceeding is Closed Subject to the Filing of a Notice of Appeal Within Fourteen (14) Days of the Entry of the Order Terminating this Adversary Proceeding. (Greene, Chantel) (Entered: 08/12/2011) |
| 07/18/2011 | | | Adversary Case 1:09-ap-1064 Closed. This Adversary Proceeding is Closed Subject to the Filing of a Notice of Appeal Within Fourteen (14) Days of the Entry of the Order Terminating this Adversary Proceeding. (Lopez, Mary) (Entered: 07/18/2011) |
| 01/28/2011 | 115<br>(2 pgs) | ☐ | Supplemental Order Signed on 1/28/2011 Concerning Reclassification of Claim of HSBC Mortgage Corporation (Claim No. 15)(related document(s)107) (Porter, Marguerite) (Entered: 01/28/2011) |
| 01/22/2011 | 114<br>(5 pgs) | ☐ | Order of Discharge with Certificate of Mailing. (related document(s) (Related Doc # 113)) . Service Date 01/21/2011. (Admin.) (Entered: 01/22/2011) |
| | | | Chapter 7 Trustee's Report of No Distribution: I, David R. Kittay,having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 14 months. Assets Abandoned (without deducting any secured claims): $ 665740.00, Assets Exempt: Not Available, Claims Scheduled: $ 1944687.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 1944687.00. filed by David R. Kittay on behalf |

Edward E. Neiger, Esq.
NEIGER LLP
111 John Street, Suite 800
New York, NY 10038
(212) 267-7342

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:                                            |
                                                  |   Chapter 11
**PARISIS FILIPPATOS,**                           |   Case No.08-14691 (ALG)
                                                  |
                                                  |
                                 Debtor.          |
------------------------------------------------------------------
                                                  |
**ELIZABETH FILIPPATOS,**                         |
                                                  |
                                 Plaintiff        |
                                                  |
v.                                                |   Adv. Proc. No._____
                                                  |
**PARISIS FILIPPATOS,**                           |
                                                  |
                                 Defendant.       |
------------------------------------------------------------------X

### COMPLAINT OF ELIZABETH FILIPPATOS, CREDITOR OF PARISIS FILIPPATOS, OBJECTING TO DISCHARGEABILITY OF DEBT

Now comes Elizabeth Filippatos ("Creditor or "Plaintiff"), Creditor of

Parisis Filippatos ("Debtor" or "Defendant"), in an action objecting to the dischargeability of the

Debt (as defined below) owed by Defendant to Creditor. In support of the action, Creditor

hereby alleges as follows:

## NATURE OF THE ACTION

1.    This is an action to deny dischargeability of the Debt owed by

Defendant to Plaintiff under 11 U.S.C. § 523(a)(5) and (a)(15). This adversary proceeding arose

in and related to the above-captioned bankruptcy case.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this adversary

proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

3.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, as this

adversary proceeding arises under title 11 of United States Code (the "Bankruptcy Code") and

was commenced in the district in which the defendant's chapter 11 case is pending.

4.    This adversary proceeding is a core proceeding pursuant to 28 U.S.C.

§ 157.

## PARTIES

5.    Parisis Filippatos is the Debtor in the above-captioned bankruptcy

case, having filed a voluntary Chapter 11 petition on November 24, 2008 (the "Petition Date").

6.    Elizabeth Filippatos is the ex-wife of the Debtor.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

7.    Plaintiff and Defendant entered into that certain stipulation of

settlement (the "Settlement") dated February 3, 2006 in connection with their divorce

proceeding, which was approved and ordered by the Supreme Court of the State of New York

(the "Supreme Court") on March 6, 2006. Pursuant to the Settlement, the Debtor agreed to pay

the Plaintiff, and the Supreme Court ordered the Debtor to pay the Plaintiff (i) $487,500 in

equitable distribution, see Settlement p. 6, (ii) $80,000 in child support, see Settlement p. 8, (iii)

Plaintiff's health insurance, see Settlement p. 18, and (iv) $49,352 consisting of Plaintiff's portion of their joint retirement account, see Settlement p. 40.  A true and correct copy of the Settlement is annexed hereto as Exhibit A.

8.    To date, the Debtor has failed to make many of the required payments to Plaintiff and now seeks to discharge this debt arising from the Settlement (the "Debt").

9.    Since the Debt is in the nature of support of the Debtor's spouse, it is not dischargeable under Bankruptcy Code sections 523(a)(5) and (a)(15), which provides that "a discharge under section … 1141… of this title does not discharge an individual debtor from any debt…for a domestic support obligation…to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11  U.S.C. § 523(a)(5), (a)(15).

12   The relief requested in this complaint is consistent with *In re Maddigan*, 312 F.3d 589 (2d Cir. 2002), in which the United States Court of Appeals for the Second Circuit held that the debtor's obligation for expenses to he's ex-spouse, especially for the mother of the debtor's child, was non-dischargeable.  In reaching its decision, the court noted that for the debt to be non-dischargeable under § 523, three statutory requirements must be met: (1) the debt must be "to a spouse, former spouse, or child of the debtor,"; (2) the debt must be actually in the nature of alimony, maintenance, or support; and (3) the debt must have been incurred "in connection with a separation agreement, divorce decree or other order of a court of

record." *In re Maddigan,* at 593. All three elements are met in the present matter. First, the

Debtor's Debt to Plaintiff is a debt to the Debtor's spouse and mother of the Debtor's children.

Second, the Debt is in the nature of alimony, maintenance and support. Third, the Debt was

incurred in connection with a separation agreement, divorce decree or other order of a court of

record.

WHEREFORE, the Creditor respectfully requests that this Court enter an

Order denying the discharge of the Debt, together with such other and further relief as this Court

deems just and proper.

Dated: January 30, 2009
      New York, New York

Edward E. Neiger, Esq.
NEIGER LLP
111 John Street, Suite 800
New York, NY 10038
(212) 267-7342

*Attorney for Plaintiff*

**Subject:** Re: Objection to Subpoena to Lynn Hermle
**Date:** Monday, April 14, 2025 at 4:24:46 PM Eastern Daylight Time
**From:** Zoya Kovalenko <zoyavk@outlook.com>
**To:** pgf@filippatoslaw.com <pgf@filippatoslaw.com>, Tanvir Rahman <TRahman@filippatoslaw.com>
**BCC:** zoyavk@outlook.com <zoyavk@outlook.com>
**Attachments:** image001.png, image002.png, image003.png, image004.png, image005.png, image006.jpg, image007.png, image008.png, image009.png, image010.jpg, image011.png, image012.png

Gerry and Tanvir,

The below is a recap of our brief discussion today, which was supposed to be a meet and confer about the narrow subpoena I served on Kirkland.

- The discussion of the subpoena was incredibly short. You made clear that you would not accept my proposed compromise for the following unprotected, nonsensitive information:
  - Name(s) and address(es ███████████████████████████████████████████████████████ , including the address ██████████████████████████████████████ on;
  - Legal name ███████████████████████████████████████
  - ████
  - Last four digits ███████████████████████████████████████████████████
- The only purported basis you provided for refusing to provide this information was a general claim that this information is not relevant. However, you did not discuss any of the case law and accompanying argument I provided to you via email on 4/12.
- Additionally, you accused me of being a liar and indicated without explication that providing this narrow, unprotected information I am seeking could be abused by me. When I asked how the requested information could be abused, you made clear that you had no interest in explaining this to me and proceeded to hurl ad hominens at me.
- You also indicated that Judge Hixson would be willing to have an advisory conference over the subpoena dispute but did not further light on whether you had spoken to Judge Hixson about this or how we would go about doing so.
- The call devolved when Gerry threatened to bring a clearly baseless defamation lawsuit against me unless I withdraw the subpoena and apparently any dispute ████████████ including my pending appeal before the Ninth Circuit.
  - The only basis you provided for this extortion-esque threat was: (1) a vague allusion to a statement I allegedly made to Kirkland's counsel seemingly made in context of ████████████████████████████ without identifying the statement or explaining how any such statement was defamatory; and (2) a statement and information I provided about Gerry's prior financial insolvency and delinquency made in direct response to Tanvir's email regarding an active dispute over a subpoena in an active legal proceeding. Regarding (2), you did not refute the authenticity of the public documents I attached in my 4/12 email or explain how my response to Tanvir is defamatory.
  - I made clear that your vague claims of somehow being defamed were patently frivolous. Even though you decided to threaten me with a baseless defamation lawsuit on a call that was supposed to discuss our dispute over the narrow subpoena, you refused to discuss the support for your bad-faith threat to sue in additional detail.
  - Rather, you told me that I had 24 hours to withdraw my subpoena and drop any claims I ██████████████████████████████████████ l. You also said that you intended to sue me ██████████████████████████ saying you were doing this because I am stupid and you wanted to teach me a lesson.

It is unfortunate you were unable to maintain a professional discussion for more than a few minutes during what was supposed to be a meet and confer over the subpoena. It is my view that you did not engage in a good-faith effort to attempt to resolve our dispute over the subpoena pursuant to our call today.

<mark>I am open to having a preliminary conference with Judge Hixson assuming this is something we are able to do. Given you floated this possibility, have you looked into this and are you setting something up with Judge Hixson? Please let me know as soon as possible. Thanks.</mark>

Best,
Zoya

Zoya Kovalenko
JD, Emory Law School
BS, Applied Mathematics, Georgia Tech
678 559 4682
zoyavk@outlook.com

---

**From:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Date:** Sunday, April 13, 2025 at 4:41 PM
**To:** Zoya Kovalenko <zoyavk@outlook.com>
**Cc:** Gerry Filippatos <pgf@filippatoslaw.com>, Loris Baechi <lbaechi@filippatoslaw.com>
**Subject:** Re: Objection to Subpoena to Lynn Hermle

Zoya - we will call you at 1pm tomorrow.

Warmly,



**Tanvir Rahman**
*Managing Partner*
Pronouns: He/Him

(914) 984-1111, ext. 505



✉ TRahman@filippatoslaw.com
🌐 www.filippatoslaw.com

   

Please consider the environment before printing this e-mail.
This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person), please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail, facsimile or phone. Thank you.

---

**From:** Zoya Kovalenko <zoyavk@outlook.com>
**Sent:** Saturday, April 12, 2025 7:54:13 PM
**To:** Tanvir Rahman <TRahman@filippatoslaw.com>
**Cc:** Gerry Filippatos <pgf@filippatoslaw.com>; Loris Baechi <lbaechi@filippatoslaw.com>
**Subject:** Re: Objection to Subpoena to Lynn Hermle

Tanvir,

You fundamentally misunderstand the purpose of the extremely narrow, necessary, and proper subpoena. The subpoena was served to obtain basic information ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓e regarding Filippatos's pervasive professional misconduct and failure to provide services as required under the retainer agreement. The requested information is directly relevant and necessary to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and you have no cognizable basis to contend this extremely narrow subpoena was issued for an improper purpose.

Your arguments that the subpoena is improper because it is not relevant to my claims against Kirkland entirely miss the mark and in no way impugn the validity of the subpoena. By extension, your unsupported claim that the subpoena was made in bad faith because it was served shortly before anticipated dismissal of my claims against Kirkland, *not my assertions of misconduct and claims against Filippatos*, is irrelevant to the enforceability of the subpoena. Here, the limited information ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

subpoena. *See, e.g.*, *In re Feit & Drexler, Inc.*, 760 F.2d 406, 416 (2d Cir. 1985) (upholding preliminary injunction based on evidence that individual had engaged in "efforts to hide and secrete assets" as injunctive relief was necessary to prevent such individual from "making uncollectible any judgment [that] may eventually [be] obtain[ed] against" them); *Eitzen Bulk A/S v. Bank of India*, 827 F. Supp. 2d 234, 238 (S.D.N.Y. 2011) (explaining pre-judgment attachment "reaches only property within the court's territorial jurisdiction" which excludes individual bank accounts/branches located outside such territory); *Raji v. Bank Sepah-Iran*, 139 Misc. 2d 1026 (N.Y. Cty. Sup. Ct. 1988) (denying request to quash subpoena served "to discover the whereabouts of assets" and holding that bank must comply with such subpoenas); *see also Fed. Deposit Ins. Corp. v. Lewis*, No. 2:10-CV-439-JCM-VCF, 2014 WL 7330931, at *1, 4–5 (D. Nev. Dec. 18, 2014) (granting motion to compel discovery seeking, inter alia, location of assets held by shell corporations and bank account information deposits or withdrawals from bank accounts relevant to securing judgment); *Bishop v. Baldwin*, No. 20-CV-61254-SINGHAL/VALLE, 2020 WL 7320932, at *4 (S.D. Fla. Dec. 10, 2020) (denying motions for protective orders regarding subpoenas issued to banks for account statements and other financial information pre-judgment).

The subpoena was appropriately issued after learning of Filippatos's vigorous and highly suspect efforts to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The necessity of swiftly seeking the requested information in no way constitutes bad-faith conduct by me but rather is prudent given: (1) Filippatos's clear efforts to hide to basic information necessary ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ from my labor and personal harm; and (2) the fact that I have recently become aware of Gerry's publicly documented record of financial insolvency and efforts to evade and/or fail to pay debts owed to others. With respect to the second point, this includes Gerry filing for bankruptcy in an ostensible effort to avoid paying up to approximately $600,000 in child support and alimony as shown in public records and at least once instance of Gerry seemingly admitting to not paying around $136,000 in fees owed to lawyers. I have attached relevant documents evidencing this troubling pattern of financial insolvency and delinquency.

My right to obtain the subpoenaed information is amply supported by the need to take appropriate and swift action ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓d breach of duties to me as a client. *See, e.g.*, *In re Feit & Drexler, Inc.*, 760 F.2d at 416 (upholding preliminary injunction to protect interest in potential judgment based on evidence that individual had engaged in "efforts to hide and secrete assets"); *Mishkin v. Kenney & Branisel, Inc.*, 609 F. Supp. 1254, 1256 (S.D.N.Y. 1985) (noting "past fraudulent conduct and . . . current actions indicate an intent to defeat and . . . impede" efforts to "enforce any judgment [individual] might obtain" supported preliminary injunctive relief).

Additionally, the subpoena is proper and requests relevant information because it directly relates to the disposition of and is necessary to afford complete resolution of the underlying action against Kirkland. *See In re Suzuki*, No. CIV. 14-00516 JMS, 2014 WL 6908384, at *4 (D. Haw. Dec. 5, 2014) (declining to quash subpoenas seeking bank records of individual because information "is relevant to the claims, remedies, and resolution of the underlying action").

Prior to serving the subpoena, I had asked Lynne (counsel for Kirkland) to provide basic information ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓e ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Lynne conveyed to me that Filippatos had conditioned signing the release of lien on Kirkland not providing any such information to me and the most recent version of the draft release of lien that I received included repeated explicit statements preventing Kirkland from sharing any such information with me.





