Tanvir H. Rahman
Parisis G. Filippatos
**FILIPPATOS PLLC**
199 Main Street, Suite 800
White Plains, NY 10601
Tel.: 914 984 1111
trahman@filippatoslaw.com
pgf@filippatoslaw.com

*Attorneys for Non-Party FILIPPATOS PLLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ZOYA KOVALENKO, | Case No.: 22-cv-05990-HSG |
| *Plaintiff*, | |
| v. | **FILIPPATOS PLLC'S REPLY BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER AND SANCTIONS** |
| KIRKLAND & ELLIS LLP, MICHAEL DE VRIES, MICHAEL W. DEVRIES, P.C., ADAM ALPER, ADAM R. ALPER, P.C., AKSHAY DEORAS, AKSHAY S. DEORAS, P.C., AND MARK FAHEY, | |
| *Defendants*. | |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................................i

TABLE OF AUTHORITIES ................................................................................................,....ii-iii

REPLY TO PLAINTIFF'S OPPOSITION BRIEF IN SUPPORT OF MOTION TO QUASH.1-14.

I. INTRODUCTION………………………………………………………………….......1-2

II.   ARGUMENT………………………………………………………………………….. 3-14

   A.  Plaintiff's Case Law Is Materially Distinguishable and Provides No Support for Her Position...............................................................................................................3-5

   B.  Filippatos PLLC Has Standing to Challenge This Subpoena………………………..........................................................................5-7

   C.  Filippatos PLLC Has Already Addressed Plaintiff's Stated Purpose for the Subpoena…………………………………...................................................7-8

   D.  This Court Has Already Declined Jurisdiction Over the Fee Dispute……………...8-10

   E.  The Subpoena Constitutes an Improper Fishing Expedition………………….....10-12

   F.  A Protective Order is Necessary……………………………………………….........12

   G.  Ms. Kovalenko Should be Sanctioned for Her Wasteful, Improper and Abusive Discovery Tactics……………………………………………………………………..13-14

III. CONCLUSION……………………………………………………………………...14

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Keese*, No. CV 14-2721 MWF (FFMx), 2015 U.S. Dist. LEXIS 202396 (C.D. Cal. July 13, 2015)..................................................................................................................................4, 6

*Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035 (9th Cir. 2018).........................................8

*Bd. of Trs. of S. Nev. Joint Mgmt. & Culinary & Bartenders Training Fund v. Fava*, No. 2:18-cv-00036-JCM-DJA, 2019 U.S. Dist. LEXIS 234554 (D. Nev. Oct. 31, 2019)...............................13

*Clark v. Trans Union, LLC*, No. 2:24-cv-00783 WBS CKD, 2025 U.S. Dist. LEXIS 18006 (E.D. Cal. Jan. 31, 2025).........................................................................................................................7

*Coalview Centralia, LLC v. Transalta Centralia Mining LLC*, No. 3:18-cv-05639-RBL (W.D. Wash. Mar. 21, 2019)....................................................................................................................7

*Curry v. Del Priore*, 941 F.2d 730 (9th Cir. 1991).........................................................................9

*EVOX Prods., LLC v. Yahoo, Inc.*, No. 2:20-cv-02907-MEMF-SSC, 2023 U.S. Dist. LEXIS 172354 (C.D. Cal. Aug. 8, 2023).................................................................................................13

*Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037 (9th Cir. 2004).......................................9

*Handloser v. HCL America, Inc.*, No. 19-cv-01242-LHK (VKD), 2020 U.S. Dist. LEXIS 145960 (N.D. Cal. Aug. 13, 2020)..............................................................................................................6

*In re Cathode Ray Tube (CRT) Antitrust Litigation*, 281 F.R.D. 531 (N.D. Cal. 2012).................5

*In re Itel Securities Litigation*, 596 F. Supp. 226 (N.D. Cal. 1984), aff'd, 791 F.2d 672 (9th Cir. 1986)...............................................................................................................................................5

*In re Rule 45 Subpoena Issued to JP Morgan Chase Bank, N.A.*, 319 F.R.D. 132 (S.D.N.Y. 2016)............................................................................................................................................3, 4

*In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*, 337 F.R.D. 639 (N.D. Cal. 2020).......................................................................................................11

*Kenneally v. Bosa Cal. LLC*, No. 09-CV-2039 WQH JMA, 2011 U.S. Dist. LEXIS 57903 (S.D. Cal. Mar. 22, 2011)..................................................................................................................10

*Mirana v. Battery Tai-Shing Corp.*, No. C08-80142 Misc. JF (RS), 2009 U.S. Dist. LEXIS 51325 (N.D. Cal. June 8, 2009)...............................................................................................11-12

*Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443 (9th Cir. 1992)............................................9

*Musacchio v. United States*, 577 U.S. 237 (2016).........................................................................8

*Richmark Corp. v. Timber Falling Consultants, Inc.*, 767 F. Supp. 213 (D. Or. 1991)...............4-5

*SEC v. Richman*, No. 21-cv-01911-CRB(LB), 2021 U.S. Dist. LEXIS 212823 (N.D. Cal. Oct. 25, 2021).......................................................................................................................................10

*Wells Fargo & Co. v. ABD Ins.*, No. C 12-03856 PJH (DMR), 2012 U.S. Dist. LEXIS 173365 (N.D. Cal. Dec. 10, 2012)................................................................................................................7

I.  **INTRODUCTION**

Non-party Filippatos PLLC (the "Firm") submits this reply to Plaintiff Zoya Kovalenko's Opposition to Filippatos PLLC's Motion to Quash Subpoena and for Protective Order and Sanctions. Plaintiff's opposition fails to address the fundamental flaws in her Subpoena and relies on inapposite case law that bears no resemblance to the present circumstances.  What her opposition does make clear, however, is that she is blatantly abusing this Court's subpoena power to obtain the Firm's private banking information for the sole, improper reason of encumbering Filippatos PLLC's use of and access to its trust account presently housing the ▮▮▮▮▮ the Firm has earned for its legal services which resulted in the ▮▮▮▮ resolving her claims against Defendants in order to exert pressure on the Firm in relation to a separate fee dispute action.  In other words, the subpoena Ms. Kovalenko has issued has nothing to do with *this* resolved and dismissed action. Tellingly, Ms. Kovalenko fails to explain what she intends to do with the Firm's private banking information.  Both Filippatos PLLC and Defendant Kirkland & Ellis, LLP have already offered to provide her with confirmation that the ▮▮▮▮▮ have been deposited into an account maintained by the Firm.  What will the Firm's private banking information provide to Ms. Kovalenko that such representations will not? The fact that Plaintiff rejected these reasonable offers strongly suggests that her true purpose is not to confirm ▮▮▮▮▮ to harass Filippatos PLLC.

Despite helping Plaintiff achieve favorable results in her underlying lawsuit, she has been attempting to undermine and disparage her former counsel in order to reduce the contractual contingency fees owed. Plaintiff is trying to create collateral issues without any basis for her claims; this appears to be an effort to harass and annoy the Firm, adding unnecessary pressure

FILIPPATOS PLLC'S REPLY TO MOTION   1
QUASH SUBPOENA, PROTECTIVE ORDER,
& SANCTIONS

No. 4:22-cv-05990- HSG

regarding her grievances. There is no basis or reason for this Court to enforce the Subpoena under these circumstances, particularly after having already expressly declined to exercise jurisdiction over the fee dispute between Plaintiff and Filippatos PLLC.

The timing of this subpoena is particularly revealing. Plaintiff issued it on April 9, 2025, just one day after she represented to Judge Gilliam that a dismissal would be filed by April 18, 2025. Rahman Decl. ¶¶ 7-8. She then commanded a response by April 15, 2025—just three days before the stipulated dismissal date. Rahman Decl. ¶ 9. This timing demonstrates an improper purpose unrelated to legitimate discovery needs in this now-dismissed case. Plaintiff's fanciful claim that this Court has agreed to retain jurisdiction[1] over her dispute with Filippatos PLLC and the related Subpoena she has improperly issued based on a sentence she included in a status report and her "clever" wording in the Stipulation of Dismissal claiming that it applies only "as to all Defendants" is baseless and not based on or supported by law or endorsement from this Court. Plaintiff's previous attempt to improperly shoehorn her fee dispute with the Firm into this lawsuit has already been unequivocally rejected by the Court. The Court should not countenance Ms. Kovalenko's attempts to waste this Court's and the parties' time and scarce resources merely because she wishes to disregard her contractual obligations pursuant to the Retainer Agreement she voluntarily executed when she sought out and retained Filippatos PLLC and adjudicate her fee dispute in the agreed upon arbitral forum. Ms. Kovalenko's conducts warrants sanctioning to rebuke and hold her accountable for and deter others from following in her abusive and wasteful tactics. Enforcing the Subpoena after this case has been closed and dismissed would set a precedent

---

[1] The parties to this case have not even submitted their ███████████ to this Court for it to retain jurisdiction over its terms or any issues related to it.

FILIPPATOS PLLC'S REPLY TO MOTION   2               No. 4:22-cv-05990- HSG
QUASH SUBPOENA, PROTECTIVE ORDER,
& SANCTIONS

allowing for any party to a dismissed case to reopen it at their whim if they wish to obtain third party discovery on ancillary/collateral issues.

II. **ARGUMENT**

    A. **Plaintiff's Case Law Is Materially Distinguishable and Provides No Support for Her Position**

Plaintiff relies on a series of cases that bear no resemblance to the present circumstances. Each of these cases is readily distinguishable on multiple grounds.

*In re Rule 45 Subpoena Issued to JP Morgan Chase Bank, N.A.*, 319 F.R.D. 132, 134-135 (S.D.N.Y. 2016) is fundamentally distinguishable for several critical reasons. First, *In re Rule 45 Subpoena* involved allegations that directly implicated financial records. The court specifically found that the records were "manifestly relevant to Plaintiffs' claims" because "they bear on Plaintiffs' allegations that Defendants mishandled the settlement funds, converted portions thereof, and engaged in other fiscal wrongdoing." *Id.* Here, there are no allegations of or evidentiary basis to even speculate that there has been any financial mishandling, conversion, or other fiscal wrongdoing by non-party Filippatos PLLC that would make its banking information and records relevant to Plaintiff's (now-dismissed) claims.

Second, in *In re Rule 45 Subpoena*, the court was balancing competing interests in an active case. The court weighed "the intrusion into Defendants' private financial affairs" against "the legitimate competing interest of 'facilitating the ascertainment of truth in connection with legal proceedings.'" *Id.* By stark contrast, there are no ongoing legal proceedings here—Plaintiff has voluntarily dismissed her claims with prejudice, and this Court has already declined to adjudicate the fee dispute.

FILIPPATOS PLLC'S REPLY TO MOTION   3   No. 4:22-cv-05990- HSG
QUASH SUBPOENA, PROTECTIVE ORDER,
& SANCTIONS

Third, unlike the present case, there was no offer in *In re Rule 45 Subpoena* to provide confirmation of ▇▇▇ at issue. Filippatos PLLC has offered to provide Plaintiff with exactly what she claims to need—▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Fourth*, In re Rule 45 Subpoena* involved a subpoena issued during the normal course of litigation—not, as here, where the Subpoena was issued shortly before dismissal in what appears to be an attempt to circumvent an impending loss of the Court's subpoena power.

*Allen v. Keese*, No. 14-civ-2721 (MWF) (FFMx), 2015 U.S. Dist. LEXIS 202396, *26-27 (C.D. Cal. July 13, 2015) is similarly inapposite for multiple reasons. First, *Allen* involved allegations of "conversion and commingling over a three-year period" that were "central to Plaintiffs' suit." *Id.* Second, the court in *Allen* emphasized the limited scope of the intrusion, noting that "only Defendants' bank accounts are targeted. The Subpoena does not seek records from the bank accounts of Defendants' clients or employees. Nor does it seek the nonparties' pay stubs, personnel records, client files, retention agreements, etc." *Id.* Third, *Allen* involved an ongoing case with active claims directly related to the financial information sought. Fourth, unlike in the present case, there was no offer in *Allen* to provide the information in a less intrusive manner. Filippatos PLLC has already offered to provide Plaintiff with the confirmation she claims to seek, but Plaintiff has rejected this reasonable offer, suggesting an ulterior motive.

*Richmark Corp. v. Timber Falling Consultants, Inc.*, 767 F. Supp. 213, 214 (D. Or. 1991) is entirely inapplicable to the present circumstances. First, *Richmark* involved a judgment creditor seeking information about a judgment debtor's assets to aid in execution of a judgment. Filippatos PLLC is not a judgment debtor, and Plaintiff is not seeking to execute any judgment. The

FILIPPATOS PLLC'S REPLY TO MOTION     4          No. 4:22-cv-05990- HSG
QUASH SUBPOENA, PROTECTIVE ORDER,
& SANCTIONS

procedural posture is completely different. Second, the subpoena in *Richmark* sought information about legal services agreements and payments from a client (and solely one client). This extensive discovery was justified by the need to locate assets to satisfy a judgment —a consideration entirely absent here.

Plaintiff cites *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 281 F.R.D. 531 (N.D. Cal. 2012) and *In re Itel Securities Litigation*, 596 F. Supp. 226 (N.D. Cal. 1984), aff'd, 791 F.2d 672 (9th Cir. 1986) to argue that financial information is generally discoverable and that courts routinely permit discovery into attorneys' financial matters. However, these cases highlight why the Subpoena at issue should be quashed. *In re Cathode* is readily distinguishable because the court there specifically found that discovery was necessary for "protecting the integrity of the Court's judgments in general, and specifically to protect the Court's final judgment." 281 F.R.D. at 533-34. Unlike here, the court there had not previously declined to exercise jurisdiction over the fee dispute. Moreover, the discovery in that case was directly tied to alleged misconduct that threatened the settlement itself—a circumstance entirely absent here. Similarly, *In re Itel Securities Litigation* is inapposite because there, the attorney was accused of undermining a class action settlement in a securities matter. The court found that it had authority to regulate attorneys' conduct where the activity questioned seriously threatens a specific pending proceeding. Nothing close to this is at issue here.

### B.   Filippatos PLLC Has Standing to Challenge The Subpoena

Despite Plaintiff's feeble claims to the contrary, Filippatos PLLC clearly has standing to challenge this subpoena. The subpoena directly implicates Filippatos PLLC's personal financial information and privacy interests, which are privileged and protected. The cases cited by Plaintiff

FILIPPATOS PLLC'S REPLY TO MOTION   5         No. 4:22-cv-05990- HSG
QUASH SUBPOENA, PROTECTIVE ORDER,
& SANCTIONS

actually support Filippatos PLLC's standing to challenge the subpoena. For example, in *In re Rule 45 Subpoena*, the court recognized the significant privacy interests at stake in financial records, noting that "the intrusion into Defendants' private financial affairs" must be weighed against other legitimate interests. 319 F.R.D. at 134-35. Similarly, in *Allen v. Keese*, the court acknowledged that "[t]he documents sought may reveal GK's operating expenses, client base, profits and losses, etc. over a period of several years." *Allen,* 2015 U.S. Dist. LEXIS 202396, *26-27. This is precisely the sort of private financial information at stake here.

Filippatos PLLC's concern about protecting client confidences is not merely speculative. The Subpoena explicitly seeks information about a joint trust account that contains funds belonging to multiple clients. Rahman Decl. ¶ 11. The Subpoena's intrusive request for details about the account that holds client funds implicates not only Filippatos PLLC's privacy interests but also potentially those of other clients.

Plaintiff relies on *Handloser v. HCL America, Inc.*, No. 19-cv-01242-LHK (VKD), 2020 U.S. Dist. LEXIS 145960, at *11 (N.C.D. Aug 13, 2020) (Opp. at 5) to argue Filippatos lacks standing. However, she selectively quotes the case, omitting the critical qualifier: "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Id*. at *11-12 (emphasis added). This exception fits our situation—Filippatos PLLC asserts privacy interests in its financial information. [2]

---

[2] Similarly, *FemtoMetrix Inc. v. Huang*, No. 23-mc-80332-TSH, 2024 U.S. Dist. LEXIS 18127 (N.D. Cal. Feb. 1, 2024) (N.C.D. 2024) supports standing where a party asserts "claims of privilege relating to the documents being sought." *Id.* at *12. Plaintiff also cites *Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. Feb. 14, 2014) for the proposition that standing

FILIPPATOS PLLC'S REPLY TO MOTION    6           No. 4:22-cv-05990- HSG
QUASH SUBPOENA, PROTECTIVE ORDER,
& SANCTIONS

Further, *Clark v. Trans Union, LLC*, No. 2:24-cv-00783 WBS CKD, 2025 U.S. Dist. Lexis 18006, at *18 (E.D. Cal. Jan. 31, 2025) explained that "to establish standing to move to quash a subpoena issued to a non-party, a party must have a personal right or privilege in the information sought." Here, Filippatos PLLC has specifically identified privacy interests in financial information related to its attorney trust account. In *Coalview Centralia, LLC v. Transalta Centralia Mining LLC*, No. 3:18-CV-05639-RBL, No. 3:18-cv-05639-RBL, at *10-11 (W.D. Wash. Mar. 21, 2019), the court declined to quash a subpoena because the movant merely claimed "disclosure of confidential information" without explaining how it "impedes on any protected right or privilege." Unlike that case, Filippatos PLLC has specifically identified the privacy interests at stake—confidential banking information that implicates not only its own privacy but potentially that of other clients. *Wells Fargo & Co. v. ABD Ins.*, No. C 12-03856 PJH (DMR), 2012 U.S. Dist. Lexis 173365, at *7 (N.D. Cal. Dec. 10, 2012) is also distinguishable because there, the court found the movant lacked standing because they failed to show "their confidential proprietary information is at risk." Here, Filippatos PLLC has clearly identified that its financial information, including trust account details that may implicate other clients' information, is at risk.

### C. Filippatos PLLC Has Already Addressed Plaintiff's Stated Purpose for the Subpoena

Filippatos PLLC has already offered to provide Plaintiff with exactly what she claims to need. Plaintiff purportedly just wants assurance that the ███████████████████ ███████████████████████ has been deposited, and, the Firm has already offered her to

---

exists only for "claims of privilege relating to the documents being sought," which is precisely what Filippatos PLLC asserts—privacy privileges in its financial information.

FILIPPATOS PLLC'S REPLY TO MOTION   7                        No. 4:22-cv-05990- HSG
QUASH SUBPOENA, PROTECTIVE ORDER,
& SANCTIONS

provide her confirmation to that effect. This offer directly addresses Plaintiff's purported need to verify the ████████. The additional banking details Plaintiff seeks — including branch locations, account holders, and account numbers — exceed what would be necessary to confirm a payment transaction and instead suggest an ulterior motive. Given that Filippatos PLLC has already offered to provide confirmation ████████, Plaintiff's continued pursuit of detailed banking information strongly suggests that her true purpose is not to confirm ████████ but to harass Filippatos PLLC and gain leverage in their fee dispute, which the Court expressly declined to entertain.

### D.   This Court Has Already Declined Jurisdiction Over the Fee Dispute

This Court has already expressly declined to exercise jurisdiction over Plaintiff's fee dispute with Filippatos PLLC. On March 6, 2025, Judge Gilliam specifically ruled that issues concerning the attorney-client relationship and legal fees between Plaintiff and Filippatos PLLC would not be adjudicated in this action. Rahman Decl. ¶ 6; *see* Dkt. No. 197. Allowing discovery related to that dispute through this subpoena would effectively circumvent the Court's prior ruling. *See Musacchio v. United States*, 577 U.S. 237, 244-45 (2016) (explaining that under the "law of the case" doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"); *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) (same).

Plaintiff cannot reasonably contend that banking information is necessary for any legitimate purpose in this litigation after she has voluntarily dismissed her claims with prejudice. The timing of the subpoena—issued shortly before dismissal—strongly suggests that Plaintiff was

FILIPPATOS PLLC'S REPLY TO MOTION    8
QUASH SUBPOENA, PROTECTIVE ORDER,
& SANCTIONS

No. 4:22-cv-05990- HSG

attempting to use the Court's subpoena power while she still had access to it, knowing that the impending dismissal would soon deprive her of that power.

Plaintiff's argument that this Court has ancillary jurisdiction over the subpoena dispute fails because the Court has already expressly declined to exercise jurisdiction over the fee dispute. Plaintiff cites *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443 (9th Cir. 1992) to argue that federal courts may consider collateral issues after an action is no longer pending. She specifically relies on the statement in *Moore* that "a federal court may consider collateral issues after an action is no longer pending." 981 F.2d at 445. However, these cases do not override the Court's express decision not to exercise jurisdiction over the fee dispute.

In *Moore*, the court held that "a federal court may consider collateral issues after an action is no longer pending," 981 F.2d at 445, but this general principle cannot override the Court's specific decision here to decline jurisdiction over the fee dispute. Ms. Kovalenko conveniently ignores that the "collateral issue" in *Moore* was a sanctions motion that the court had expressly retained jurisdiction to decide, unlike here, where the Court has expressly declined jurisdiction over the fee dispute.

Similarly, Plaintiff's reliance on *Curry v. Del Priore*, 941 F.2d 730 (9th Cir. 1991) and *Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037 (9th Cir. 2004) is misplaced. Plaintiff points to the court's statement in *Curry* that "district courts have jurisdiction to determine the reasonableness of an attorney's fee after the attorney withdraws or is discharged." 941 F.2d at 731. However, she fails to acknowledge that the court also noted that "a court ***may*** decide collateral matters necessary to render complete justice," *id.* (emphasis added), indicating that such jurisdiction is discretionary, not mandatory.

FILIPPATOS PLLC'S REPLY TO MOTION    9                    No. 4:22-cv-05990- HSG
QUASH SUBPOENA, PROTECTIVE ORDER,
& SANCTIONS

*Kenneally v. Bosa Cal. LLC*, No. 09-CV-2039 WQH JMA, 2011 U.S. Dist. Lexis 57903 (S.D. Cal. Mar. 22, 2011) is clearly distinguishable from the present case. In *Kenneally*, the court exercised its discretion to retain jurisdiction over the attorney-client fee dispute. Unlike *Kenneally*, where the court chose to exercise jurisdiction over the fee dispute, here, Judge Gilliam has already expressly declined to exercise jurisdiction over the fee dispute between Plaintiff and Filippatos PLLC.

Whether Plaintiff has filed an appeal of the Court's discretionary ruling is of no import. If and until there is a favorable ruling from the Ninth Circuit finding that this Court abused its discretion in declining to entertain the ancillary fee dispute, issues related to the fee dispute, including the information requested in the Subpoena, simply are not before this Court or relevant to this (now-dismissed) action.

### E. The Subpoena Constitutes an Improper Fishing Expedition

The purpose of Plaintiff's subpoena is transparent. If Plaintiff's true concern was confirming the [REDACTED], she would have accepted Filippatos PLLC's offer to provide confirmation of [REDACTED]. Instead, she has insisted on seeking detailed banking information that serves no legitimate purpose in this litigation. This clearly constitutes a fishing expedition designed to harass Filippatos PLLC rather than to obtain relevant information.

The cases on which Plaintiff relies to support her position actually highlight why her Subpoena constitutes an improper fishing expedition. In *SEC v. Richman*, No. 21-cv-01911-CRB(LB), F2021 U.S. Dist. LEXIS 212823 (N.D. Cal. Oct. 25, 2021), the subpoena was issued as part of the SEC's investigation into securities fraud—a clearly proper purpose tied to the underlying litigation. The court emphasized that the "information sought – records of the

FILIPPATOS PLLC'S REPLY TO MOTION   10            No. 4:22-cv-05990- HSG
QUASH SUBPOENA, PROTECTIVE ORDER,
& SANCTIONS

defendants' transfer of assets overseas – is directly relevant to the SEC's claims" *Id.* at *3. Here, by contrast, Plaintiff's Subpoena seeks banking information unrelated to her now-dismissed claims against Defendants and relates solely to her fee dispute with Filippatos PLLC, over which this Court has declined jurisdiction.

*Mirana v. Battery Tai-Shing Corp.*, No. C08-80142 Misc. JF (RS), 2009 U.S. Dist. LEXIS 51325 (N.D. Cal. June 8, 2009) heavily supports that the subpoena should be quashed. In that case, the court specifically addressed the issue of obtaining financial information for potential use in collateral proceedings. The court recognized that whether courts permit discovery from one case to be used in other litigation hinges on "the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003)). Critically, the *Mirana* court rejected the requesting party's attempt to obtain financial information for potential use in hypothetical future proceedings elsewhere, expressly declining "to give [the requesting party] carte blanche to use respondents' information based on the hypothetical possibility that other such actions might be filed." *Id*. at *10. The court emphasized that it would not permit discovery for such speculative purposes "without a proper showing." *Id*. The parallels to the present case are striking. Like the requesting party in *Mirana*, Ms. Kovalenko is seeking financial information not for use in this now-dismissed action, but for potential leverage in a separate fee dispute with Filippatos PLLC. Just as the *Mirana* court rejected the attempt to obtain financial information for hypothetical future proceedings, this Court should reject Ms. Kovalenko's attempt to obtain sensitive banking information for use in her separate fee dispute. The Court has already expressly declined to exercise jurisdiction over that fee dispute, making the requested discovery even more

FILIPPATOS PLLC'S REPLY TO MOTION QUASH SUBPOENA, PROTECTIVE ORDER, & SANCTIONS    11    No. 4:22-cv-05990- HSG

inappropriate than in *Mirana*. Similarly, in *HCA-Healthone LLC v. Susan Lou Sparks Trust*, No. 06-cv-01198-MSK-MEH, 2007 U.S. Dist. LEXIS 22058 (D. Colo. Mar. 13, 2007), the subpoena sought information directly relevant to the claims at issue in the case. Plaintiff cites this case to suggest that courts allow discovery of accounting of trust assets, but again, the circumstances are drastically different. The court found the information sought was relevant to the underlying claims and reasonably calculated to lead to the discovery of admissible evidence. *Id.* The court specifically noted that the documents sought were "directly relevant to plaintiff's claims and damages." *Id.* Here, Plaintiff's claims have been dismissed with prejudice, and the Subpoena seeks information related solely to a collateral fee dispute over which this Court has already declined jurisdiction.

### F.    A Protective Order Is Necessary

Even if the Court were to deny Filippatos PLLC's motion to quash (which it should not), it should issue a protective order limiting disclosure of the requested information. The banking information sought implicates significant privacy and security concerns. Banking records contain sensitive personal and financial information that, if disclosed, could expose Filippatos PLLC to security risks and potential harm. The intrusion into Filippatos PLLC's private financial affairs would be extensive, potentially revealing operating expenses, client base, profits and losses, etc., over a period of several years.

Any privacy interest Plaintiff may claim is fully addressed by Filippatos PLLC's offer to provide confirmation of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Given Plaintiff's demonstrated animus toward Filippatos PLLC and her persistent attempts to undermine and disparage her former counsel, there is a real risk that this information could be misused if disclosed.

FILIPPATOS PLLC'S REPLY TO MOTION     12                  No. 4:22-cv-05990- HSG
QUASH SUBPOENA, PROTECTIVE ORDER,
& SANCTIONS

### G. Ms. Kovalenko Should be Sanctioned for Her Wasteful, Improper and Abusive Discovery Tactics

Ms. Kovalenko's failure to explain how the information she seeks in her Subpoena has any bearing on any issues attendant to her claims in this (now-dismissed) case which has caused non-party Filippatos PLLC to expend significant time and resources in moving to quash the Subpoena is plainly sanctionable conduct that this Court should make clear is unacceptable.

Plaintiff cites *EVOX Prods., LLC v. Yahoo, Inc.*, No. 2:20-cv-02907-MEMF-SSC, 2023 U.S. Dist. LEXIS 172354 (C.D. Cal. Aug. 8, 2023) to oppose sanctions, but that case is distinguishable because there, the court found the plaintiff "did not act carelessly or in bad faith in issuing the subpoena" and "narrowly tailored its subpoena request after conferring with Defendant." *Id.* at *10. The court specifically noted that the plaintiff's actions showed good faith, as "Plaintiff narrowly tailored its subpoena request after conferring with Defendant." *Id.* Here, by contrast, Plaintiff issued her Subpoena immediately before the stipulated dismissal of her claims, plus the clearly disparaging and harassing treatment towards her previous counsel, suggesting an improper purpose. Similarly, *In re Rule 45 Subpoenas Issued to Google LLC & LinkedIn Corp. Dated July 23, 2020*, 337 F.R.D. 639 (N.D. Cal. 2020) is distinguishable because there, the court found no evidence that the party "acted unreasonably or in bad faith in pursuing the subpoenas." *Id.* at 652. On the other hand, here, the timing, circumstances, and Ms. Kovalenko's harassing attitudes towards her former counsel strongly suggest an improper purpose that is unreasonable and in bad faith. *Bd. of Trs. of S. Nev. Joint Mgmt. & Culinary & Bartenders Training Fund v. Fava*, No. 2:18-cv-00036-JCM-DJA, 2019 U.S. Dist. LEXIS 234554 (D. Nev. Oct. 31, 2019) is also distinguishable. The court in *Fava* declined to award sanctions as there was no indication that

the party was acting with an improper purpose, but rather, simply attempted a misguided fishing expedition. Here, by contrast, Plaintiff has provided no explanation for how the banking information is relevant to any claim properly before the Court, particularly after the dismissal of her claims with prejudice, and it is evidently, not only a fishing expedition, but made to burden a non-party.

### III.   CONCLUSION

For the foregoing reasons, this Court should grant Filippatos PLLC's Motion to Quash the Subpoena, and/or issue a protective order prohibiting the requested discovery. The controlling case law, the specific factual circumstances, and basic principles of fairness all support quashing this Subpoena, which serves no legitimate purpose in this now-dismissed litigation. Plaintiff's reliance on distinguishable cases, combined with her rejection of Filippatos PLLC's reasonable offer to provide confirmation of ███████████████████████████, clearly reveals the improper purpose behind this Subpoena. Lastly, Ms. Kovalenko should be sanctioned for her wasteful conduct.

Dated: May 12, 2025                    Respectfully submitted,

**FILIPPATOS PLLC**

By:_____
Tanvir H. Rahman
Parisis G. Filippatos PLLC
199 Main Street, Suite 800
White Plains, NY 10601
T. F: 914.984.1111
trahman@filippatospllclaw.com
pgf@filippatospllclaw.com

*Attorney for Non-Party FILIPPATOS PLLC*

FILIPPATOS PLLC'S REPLY TO MOTION     14               No. 4:22-cv-05990- HSG
QUASH SUBPOENA, PROTECTIVE ORDER,
& SANCTIONS