United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZOYA KOVALENKO,

Plaintiff,

v.

KIRKLAND & ELLIS LLP, et al.,

Defendants.

Case No. 22-cv-05990-HSG

**ORDER GRANTING MOTIONS TO SEAL**

Re: Dkt. Nos. 176, 186, 190

Before the Court are three administrative motions to seal. Dkt. Nos. 176, 186, and 190. The Court **GRANTS** the motions.

**I.    LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (citations, internal quotation marks, and alterations omitted).

Records attached to motions that are only "tangentially related to the underlying cause of action" must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016);

*Kamakana*, 447 F.3d at 1179–80.  The "good cause" standard requires a "particularized" showing that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. Proc. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

Under the local rules, the party seeking to file a document or portions of it under seal also "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents."  Civil L.R. 79-5(a).  The party must further explain the interests that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive alternative to sealing is not sufficient.  *See* Civil L.R. 79-5(c).

## II.    DISCUSSION

Three motions are before the Court, all of which arise out of Plaintiff's Motion to Notice Termination of Filippatos PLLC for Cause, to Require Filippatos PLLC to Provide Client File to Plaintiff, and to Require Further Briefing *Ex Parte*, Dkt. No. 171.

First, Dkt. No. 176 seeks to redact portions of that motion, the supporting declaration, and one attachment that relate to "confidential settlement negotiations and mediation proceedings, which, if disclosed, would undermine public interest in encouraging parties to consider out-of-court resolutions."  Dkt. No. 176 at 2, 4–6.  Second, Dkt. No. 186 seeks to redact portions of Plaintiff's reply, as well as portions of Plaintiff's opposition to the resulting cross-motion to withdraw, a supporting declaration, and six attachments.  Dkt. No. 186 at 2, 6.  Once more, Plaintiff argues that "good cause exists to seal information related to settlement negotiations and mediation proceedings."  *Id.* at 3.  Finally, Dkt. No. 190 is a joint motion to seal portions of a stipulation and supporting declaration requesting extension of certain deadlines as a result of these pending motions.  Dkt. No. 190 at 2.  Again, the parties explain that the redacted portions refer to private and confidential settlement and mediation discussions.  *Id.* at 3.

The Court finds that the redactions are narrowly tailored and satisfy the applicable sealing

United States District Court
Northern District of California

2

United States District Court
Northern District of California

standard. The parties seek to seal information relating to (1) Plaintiff's motion to terminate her prior counsel; and (2) prior counsel's cross-motion to withdraw. Given that both non-dispositive motions raised issues unrelated to the merits of the underlying case, the lower "good cause" standard under Rule 26(c) applies. *See Ctr. for Auto Safety*, 809 F.3d at 1099. The Court agrees that confidential information related to mediation and settlement negotiations (including attorney-client communications discussing these efforts) satisfies the good cause standard, as numerous courts in this district have recognized. *See Milliner v. Mut. Sec., Inc.*, No. 15-CV-03354-DMR, 2021 WL 2645794, at *5 (N.D. Cal. June 28, 2021) (collecting cases). This Court has previously sealed portions of the hearing transcript for these motions for similar reasons. *See* Dkt. No. 227. Further, the parties have tailored their requests to redact only targeted portions of the various motions and exhibits. *See* Civil L.R. 79-5(b). Accordingly, the Court finds that there is good cause to seal these documents.

## III.    CONCLUSION

The Court **GRANTS** the motions to seal, Dkt. Nos. 176, 186, and 190. The Court also **DIRECTS** the Clerk to permanently remove Dkt. No. 171-4, which was erroneously filed without redactions, and which has been replaced with Dkt. No. 176-6.

**IT IS SO ORDERED.**

Dated:   3/26/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

3